# EXHIBIT B

FILED
CIVIL BUSINESS OFFICE 12
CENTRAL DIVISION

2012 MAR -5 ' A 11: 05

SUPERIOR COURT
SAN DIEGO COUNTY, CA

ORIGINAL

1   NEWPORT TRIAL GROUP
    A Professional Corporation
2   Scott J. Ferrell, Bar No. 202091
    sferrell@trialnewport.com
3   James B. Hardin, Bar No. 205071
    jhardin@trialnewport.com
4   Victoria C. Knowles, Bar No. 277231
    vknowles@trialnewport.com
5   895 Dove Street, Suite 425
    Newport Beach, CA 92660
6   Tel: (949) 706-6464
    Fax: (949) 706-6469
7
    Attorneys for Plaintiff and the Class
8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SAN DIEGO

11   ANDREW NILON, individually, and on behalf of | Case No.: **37-2012-00093325-CU-MT-CTL**
     all others similarly situated,
12                                                |
              Plaintiff,                          | **CLASS ACTION COMPLAINT**
13                                                |
              vs.                                 | **JURY TRIAL DEMANDED**
14                                                |
     NATURAL-IMMUNOGENICS CORP. and               |
15   DOES 1-25, Inclusive,                        |
16            Defendants.

17       Plaintiff ANDREW NILON ("Plaintiff"), individually and on behalf of all others similarly

18   situated, alleges the following on information and belief:

19                          I.    **INTRODUCTION**

20       1.    Natural-Immunogenics, Corp. ("Defendant") manufactures, markets, and sells the

21   "Sovereign Silver" line of products ("the Products") as a colloidal silver hydrosol dietary supplement

22   with the ability to provide "immune support." Defendant claims its Products have the ability to

23   support consumers' immune systems based on "silver's well-established biological catalytic activity

24   which may excite higher life forms into maximal states of immune function when the silver is in an

25   oligodynamic state."

26       2.    In reality, not only has Sovereign Silver's alleged ability to provide immune support

27   never been scientifically substantiated. Therefore, Defendant's statements about the Products'

28   efficacy are false and misleading.

---
- 1 -

CLASS ACTION COMPLAINT

1    3.    Defendant's misrepresentations regarding the efficacy of Sovereign Silver were

2  designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe

3  that these Products were effective at providing immune support.  Plaintiff and members of the Class

4  relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Product

5  but for Defendant's misrepresentations.

6    4.    Plaintiff brings this class action lawsuit to enjoin the ongoing deception of thousands of

7  California consumers by Defendant, and to recover the money taken by this unlawful practice.

8               II.    **THE PARTIES**

9  A.    <u>Plaintiff.</u>

10    5.    Plaintiff is a resident of San Diego County, California and purchased Sovereign Silver

11  in this County.  Plaintiff relied on Defendant's representations regarding the efficacy of the Product,

12  as detailed herein, and but for those representations, Plaintiff would not have purchased or paid as

13  much for the Product.

14  B.    <u>Defendant.</u>

15    6.    Upon such information and belief, Defendant Natural-Immunogenics, Corp. is a

16  Florida corporation with its principal place of business in Pompano Beach, Florida.   Natural-

17  Immunogenics, Corp. develops and markets Sovereign Silver and does business in California.

18    7.    The true names and capacities, whether individual, corporate, associate, representative,

19  alter ego or otherwise, of defendants and/or their alter egos named herein as DOES 1 through 25

20  inclusive are presently unknown to Plaintiff at this time, and are therefore sued by such fictitious

21  names pursuant to California Code of Civil Procedure § 474.  Plaintiff will amend this Complaint to

22  allege the true names and capacities of DOES 1 through 25 when the same have been ascertained.

23  Plaintiff is further informed and believe and based thereon allege that DOES 1 through 25 were and/or

24  are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and

25  damages hereinafter set forth below.

26              III.    **JURISDICTION AND VENUE**

27    8.    This Court has jurisdiction over all causes of action asserted herein.

28

- 1 -

CLASS ACTION COMPLAINT

9.      Venue is proper in this Court because Defendant does business in this County and Defendant has received substantial compensation from sales in this County. Specifically, Defendant knowingly engages in activities directed at consumers in this County, and Defendant obtains substantial benefits from their scheme perpetrated in this County. Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code Section 1780(d) and is attached hereto as Exhibit One.

10.      Defendant and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## IV.      FACTS

11.      Defendant manufactures, markets, and sells the Sovereign Silver product line as a colloidal silver hydrosol dietary supplement with the ability to provide "immune support." Defendant claims its Products have the ability to support consumers' immune systems based on "silver's well-established biological catalytic activity which may excite higher life forms into maximal states of immune function when the silver is in an oligodynamic state." Defendant further claims that colloidal silver's "physical characteristics [] establishes that it possesses the greatest electrical and thermal conductivity of all metals while possessing the lowest contact resistance" and thus supports immune function. *See* Exhibit Two.

12.      Defendant draws parallels to the wide variety of colloidal silver's uses in an attempt to substantiate its Products' efficacy claims. For example, Defendant states that since silver has such diverse and important uses in such fields as "medicine and dentistry," "sanitation, hygiene and water purification," "electrical engineering," and "weather management," silver likewise must have powers to provide immune support. Defendant's logic is attenuated at best and at worst, completely false and misleading. *See* Exhibit Two.

13.      In reality, Sovereign Silver's alleged ability to provide immune support has never been scientifically substantiated.[1] In fact, "[colloidal silver] products are purported to alleviate all sorts of

---

[1] *See* Fung MC, Bowen DL (1996). "Silver products for medical indications: risk-benefit assessment". Journal of Toxicology 34 (1): 119–26 *stating* "We emphasize the lack of established effectiveness and potential toxicity of these products."

-2-

CLASS ACTION COMPLAINT

1   medical conditions and diseases *but there's no substantiation for that.*"[2] Colloidal silver "[is] not a

2   legitimate dietary ingredient[]. [It] plays no role in the diet... [and is] not essential in the diet."[3]

3        14.    Defendant's blatant misrepresentations regarding the efficacy of its Products were

4   designed to, and did, lead Plaintiff and others similarly situated (collectively the "Class") to believe

5   that the Products were effective at providing immune support.

6        15.    Plaintiff and members of the Class relied on Defendant's misrepresentations and would

7   not have paid as much, if at all, for the Products but for Defendant's misrepresentations.

8        16.    Defendant charges between $13.99 and $329.99 based on the preceding false

9   advertising claims. As a result, Defendant has wrongfully taken hundreds of thousands of dollars from

10   California consumers.

11        17.    Accordingly, Plaintiff brings this lawsuit to enjoin the ongoing deception of thousands

12   of California consumers by Defendant, and to recover the funds taken by this unlawful practice.

13                V.    **CLASS ACTION ALLEGATIONS**

14        18.    Plaintiff brings this class action for damages and other monetary relief on behalf of the

15   following class:

16             All persons located within California who purchased any Sovereign

17             Silver Products either from a retail location or over the internet at any

18             time during the four years preceding the filing of this complaint through

19             the date of trial in this action (the "Class").

20        19.    Excluded from the Class are governmental entities, Defendant, any entity in which

21   Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal

22   representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals

23   bound by any prior settlement involving Sovereign Silver. Also excluded from the Class is any judge,

24   justice, or judicial officer presiding over this matter and the members of their immediate families and

25   judicial staff.

26

27   [2] *Comment by* Andrew Shao, PhD, vice president of scientific and regulatory affairs at the Council for Responsible Nutrition, a trade group for the dietary supplements industry *available at* http://www.webmd.com/news/20080905/colloidal-silver-faq.

28   [3] *Id.*

CLASS ACTION COMPLAINT

Exhibit B
Page 79

20.     The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across California.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

21.     There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

      a.     Whether Defendant's efficacy claims are accurate;

      b.     Whether Defendant's efficacy claims are properly substantiated;

      c.     Whether Defendant has falsely represented that Sovereign Silver products have uses and benefits which they do not have;

      d.     Whether Defendant knew that its efficacy claims were false;

      e.     Whether Defendant's conduct constitutes a violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*);

      f.     Whether Defendant's conduct constitutes a violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500, et seq.);

      g.     Whether Defendant's conduct constitutes an unfair, unlawful, and/or fraudulent business practice in violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200, et seq.);

      h.     Whether Plaintiff and Class members are entitled to compensatory damages, and if so, the nature of such damages;

      i.     Whether Plaintiff and Class members are entitled to restitutionary relief; and

      j.     Whether Plaintiff and Class members are entitled to injunctive relief.

- 4 -

CLASS ACTION COMPLAINT

22.    Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since they all relied on Defendant's representations concerning the Products and purchased them based on those representations.

23.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Plaintiff has retained a law firm who is widely recognized as one of the most successful and effective class action litigators in California, and whose victories have been publicized on CNN, Fox News, MSNBC, and nearly every major California newspaper. The firm has also been certified as lead class counsel in similar class actions.

24.    Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

25.    Adjudication of individual class members' claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

///

///

Exhibit B
Page 81

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT

#### (CAL. CIV. CODE §§ 1750, ET SEQ.)

**(By Plaintiff and on Behalf of the Class Against Defendant)**

26.     Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

27.     Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, Plaintiff purchased the Products in reliance on Defendant's marketing claims with respect to efficacy.  Plaintiff used the Products as directed, but it did not work as advertised and was not of the quality and standard advertised by Defendant.

28.     Defendant has engaged in and continues to engage in business practices in violation of California Civil Code §§ 1750, et seq. (the "Consumers Legal Remedies Act") by making false and unsubstantiated representations concerning the efficacy of the Products.  These business practices are misleading and/or likely to mislead consumers and should be enjoined.

29.     Defendant has engaged in deceptive acts or practices intended to result in the sale of Sovereign Silver in violation of Civil Code § 1770.  Defendant knew and/or should have known that its representations of fact concerning the efficacy of the Products were material and likely to mislead the public.  Defendant affirmatively misrepresented that the Products were of a certain standard and quality with certain benefits which they did not have.

30.     Defendant's conduct alleged herein violates the Consumers Legal Remedies Act, including but not limited to, the following provisions:   (1) using deceptive representations in connection with goods or services in violation of Civil Code § 1770(a)(4); (2) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have in violation of Civil Code § 1770(a)(5); and/or (3) advertising goods or services with intent not to sell them as advertised in violation of Civil Code § 1770(a)(9).  As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or

- 6 -

CLASS ACTION COMPLAINT

1  profits, including but not limited to, money.  Therefore, Defendant has been unjustly enriched.

2      31.    There is no other adequate remedy at law, and Plaintiff and Class members will suffer

3  irreparable harm unless Defendant's conduct is enjoined.

4      32.    Plaintiff's counsel mailed to Defendant, by certified mail, return receipt requested, the

5  written notice required by Civil Code Section 1782(a) on December 27, 2011.  A copy of this letter is

6  attached hereto as Exhibit Three.

7      33.    The declaration of venue required by Civil Code § 1780(d) is attached hereto as Exhibit

8  One.

9      34.    Defendant's wrongful business practices constituted, and constitute, a continuing

10  course of conduct in violation of the Consumer Legal Remedies Act since Defendant is still

11  representing that their Products have characteristics, uses, benefits, and abilities which are false and

12  misleading, and have injured Plaintiff and the Class.

13      35.    Plaintiff and the Class seek:

14          (a)    an order of this court enjoining Defendant from continuing to engage in

15  unlawful, unfair, or deceptive business practices and any other act prohibited by law, including

16  those set forth in the complaint, pursuant to California Civil Code Section 1780(a)(2);

17          (b)    actual damages pursuant to Civil Code Section 1780(a)(1);

18          (c)    punitive damages pursuant to California Civil Code Section 1780(a)(4) due to

19  the fraudulent, malicious, and willful nature of Defendant's conduct;

20          (d)    statutory damages of no less than $1,000 per class member pursuant to

21  California Civil Code Section 1780(a)(1);

22          (e)    restitution pursuant to Civil Code Section 1780(a)(3); and

23          (f)    any other equitable or legal relief that the Court deems proper pursuant to

24  California Civil Code Section 1780(a)(5).

25  ///

26  ///

27  ///

28  ///

- 7 -
CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**

**(CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*)**

(By Plaintiff and on Behalf of the Class Against Defendant)

36.    Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

37.    Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, Plaintiff purchased Sovereign Silver in reliance on Defendant's marketing claims.  Plaintiff used the Products as directed, but it did not work as advertised and did not provide any of the promised benefits.

38.    Defendant has engaged in false advertising as they have disseminated false and/or misleading representations about the Products.

39.    Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.  During the Class Period, Defendant engaged in false advertising in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*, by misrepresenting in its advertising and marketing of the Products to Plaintiff, Class members, and the consuming public that its Products are effective.

40.    Each of the aforementioned representations alleged in this Complaint was false and misleading because the Products are not of the standard, quality or grade advertised, and are in reality, ineffective.

41.    By disseminating and publishing these statements in connection with the sale of the Products, Defendant has engaged in and continues to engage in false advertising in violation of Bus. & Prof. Code §§ 17500, *et seq.*

42.    As a direct and proximate result of Defendant's conduct, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to, money.  Therefore, Defendant has been unjustly enriched.  Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests restitution and restitutionary disgorgement for all sums obtained in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

- 8 -

CLASS ACTION COMPLAINT

43.    Plaintiff seeks injunctive relief, restitution, and restitutionary disgorgement of Defendant's ill-gotten gains as specifically provided in Cal. Bus. & Prof. Code § 17535.

44.    Plaintiff and Class members seek to enjoin Defendant from engaging in these wrongful practices, as alleged herein, in the future.  There is no other adequate remedy at law and if an injunction is not ordered, Plaintiff and the Class will suffer irreparable harm and/or injury.

**THIRD CAUSE OF ACTION**

**UNLAWFUL, FRAUDULENT & UNFAIR BUSINESS PRACTICES**

**(CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*)**

(By Plaintiff and on Behalf of the Class Against Defendant)

45.    Plaintiff incorporates by this reference the allegations contained in the paragraphs above as if fully set forth herein.

46.    Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury in fact and has lost money as a result of Defendant's actions as set forth herein.  Specifically, Plaintiff purchased Sovereign Silver in reliance on Defendant's marketing claims.  Plaintiff used the Products as directed, but it did not work as advertised and were not of the standard, quality and grade advertised.

47.    Defendant's actions as alleged in this Complaint constitute an unfair or deceptive business practice within the meaning of California Business and Professions Code §§ 17200, *et seq.*, in that Defendant's actions are unfair, unlawful, and fraudulent, and because Defendant has made unfair, deceptive, untrue, or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code §§ 17200, *et seq.*

48.    Defendant knew or should have known by exercising reasonable care that its representations were false and/or misleading.  During the Class Period, Defendant engaged in unfair, unlawful, and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by misrepresenting in its advertising and marketing of the Products to Plaintiff, Class members, and the consuming public that, the Products were effective.

49.    Each of the aforementioned representations alleged in this Complaint was false and misleading because the Products are not of the standard, quality or grade advertised.

- 9 -

CLASS ACTION COMPLAINT

50.     Defendant's business practices, as alleged herein, are unfair because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are misled by the claims made with respect to the Products as set forth herein.

51.     Defendant's business practices, as alleged herein, are unlawful because they violate the Consumer Legal Remedies Act and False Advertising Law.

52.     Defendant's business practices, as alleged herein, are fraudulent because they are likely to, and did, deceive customers—including Plaintiff and members of the Class—into believing that the Products have characteristics and benefits they do not have.

53.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct of unfair competition since Defendant is marketing and selling its Products in a manner likely to deceive the public.

54.     As a direct and proximate result of Defendant's wrongful business practices in violation of Business and Professions Code §§ 17200, *et seq.*, Plaintiff and members of the Class have suffered economic injury by losing money as a result of purchasing the Products.  Plaintiff and members of the Class would not have purchased or would have paid less for the Products had they known that they were not as represented.

55.     Pursuant to Business and Professions Code § 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those set forth in the Complaint. Plaintiff and the Class also seek an order requiring Defendant to make full restitution of all moneys they wrongfully obtained from Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class request that the Court enter an order or judgment against Defendant, and each of them as named in the future, as follows:

1.     For an order certifying the Class, appointing Plaintiff and his counsel to represent the Class, and notice to the Class to be paid by Defendant;

2.     For damages suffered by Plaintiff and Class members;

- 10 -
CLASS ACTION COMPLAINT

3.      For restitution to Plaintiff and Class members of all monies wrongfully obtained by Defendant;

4.      For an injunction ordering Defendant to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.      For both pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded;

6.      For Plaintiff's costs of the proceedings herein;

7.      For reasonable attorneys' fees as allowed by statute; and

8.      For any and all such other and further relief that this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.


Dated: March 5, 2012              NEWPORT TRIAL GROUP
                                  A Professional Corporation
                                  Scott J. Ferrell


                                  By:
                                      Scott J. Ferrell
                                      Attorney for Plaintiff and the Class

- 11 -
CLASS ACTION COMPLAINT

Exhibit B
Page 87

EXHIBIT 1

1     I, Andrew Nilon, declare as follows:

2     1.   I am a Plaintiff in this action, and am a citizen of the State of California.  I have

3 personal knowledge of the facts herein and, if called as a witness, I could and would testify

4 competently thereto.

5

6     2.   The Complaint in this action, filed concurrently with this Declaration, is filed in the

7 proper place for trial under Civil Code Section 1780(d) in that San Diego County is a county in which

8 Defendants are doing business.

9

10     I declare under penalty of perjury under the laws of the State of California that the foregoing is

11 true and correct.

12

13

14     Andrew Nilon

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -
DECLARATION RE VENUE

Exhibit B
Page 89

# EXHIBIT 2









NEWPORT
TRIAL GROUP
*A Professional Corporation*

895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone(949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

December 27, 2011

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Natural-Immunogenics Corp.
3265 W. McNab Rd.
Pompano Beach, FL 33069
Attn: Legal Department

 Re: *Violations of California Consumer Protection Laws and Breach of Warranties*

Dear Sir or Madam:

 I am writing on behalf of an individual California consumer, as well as a putative class of similarly situated consumers, to advise you that we believe you are violating the California Consumer Legal Remedies Act.

 Specifically, you market "Sovereign Silver" as a colloidal silver hydrosol dietary supplement that has the ability to provide "immune support." You claim that silver has the ability to support consumers' immune systems based on "silver's well-established biological catalytic activity which may excite higher life forms into maximal states of immune function when the silver is in an oligodynamic state" and because "its physical characteristics [] establishes that it possesses the greatest electrical and thermal conductivity of all metals while possessing the lowest contact resistance." You further claim that since silver has such diverse and important uses in such fields as "medicine and dentistry," "sanitation, hygiene and water purification," "electrical engineering," and "weather management," silver likewise must have powers to provide immune support. Your logic is attenuated at best and at worst, completely false and misleading. Our client relied on your assertions and did not experience any of the promised benefits. In fact, your product was completely worthless to her.

 The preceding claims made by you on your product labeling and website are false and misleading, and are not supported by competent and reliable scientific evidence. In reality, Sovereign Silver's alleged ability to provide immune support has never been scientifically substantiated. Further, colloidal silver is not bio-available so human ingestion cannot provide the benefits promised. Therefore, your product does not provide benefits though digestion or by

December 27, 2011
Page 2

its mere presence in the human system. What is more, colloidal silver may in fact be *dangerous and undesirable for human consumption*: "Chronic ingestion or inhalation of silver preparations (especially colloidal silver) can lead to deposition of silver metal/silver sulphide particles in the skin (argyria), eye (argyrosis) and other organs." A.B. Lansdown, "Silver in health care: antimicrobial effects and safety in use," Curr. Probl. Dermatol. (2006). In sum, the manner and presentation of your marketing leaves consumers with a misleading overall net impression regarding Sovereign Silver.

As such, we believe that you are advertising Sovereign Silver as having characteristics, uses and benefits that it does not have in violation of the Consumer Legal Remedies Act. We further believe that the aforementioned representations regarding the purported benefits, qualities and characteristics of Sovereign Silver constitutes: (1) breach of express warranty; (2) breach of the implied warranty of fitness for a particular purpose; (3) negligent misrepresentation; (4) a violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*); and (5) a violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

We respectfully request that you agree to irrevocably stop all false and misleading advertising and labeling of this and similar products marketed and that you provide all consumers who have purchased the product with a full refund. If you conform your activities to comply with California law, we will take no further action in this matter. We invite you to contact us to further discuss and resolve this matter.

Very truly yours,

NEWPORT TRIAL GROUP
A Professional Corporation

Scott J. Ferrell

SJF:cl

Case 3:12-cv-00930-LAB-BGS   Document 1-1   Filed 04/16/12   Page 21 of 22

*For Court Use Only*

Attorney or Party without Attorney:
SCOTT J. FERRELL, ESQ., Bar #202091
NEWPORT TRIAL GROUP, APC
895 DOVE STREET
SUITE 425
NEWPORT BEACH, CA  92626
Telephone No: 949-706-6464          FAX No:

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
SAN DIEGO COUNTY SUPERIOR COURT, CENTRAL DISTRICT

Plaintiff: ANDREW NILON
Defendant: NATURAL-IMMUNOGENICS CORP

| **PROOF OF SERVICE**<br>**By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>37-2012-00093325-CU-MT-CTL |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (BLANK).

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

   a. Date of Mailing:          Wed., Mar. 07, 2012
   b. Place of Mailing:         SANTA ANA, CA  92701
   c. Addressed as follows:     NATURAL-IMMUNOGENICS CORP
                                John Blakesberg, Agent
                                951 SW 4th Avenue
                                BOCA RATON, FL  33432

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Wed., Mar. 07, 2012 in the ordinary course of business.

5. *Person Serving:*                                   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. RON  KUYER                          d. *The Fee for Service was:*   $243.75
   b. FIRST LEGAL SUPPORT SERVICES        e. I am: (3) registered California process server
      301 CIVIC CENTER DRIVE WEST              *(i)*  Independent Contractor
      SANTA ANA, CA  92701                     *(ii) Registration No.:*   2529
   c. 714-541-1110                             *(iii) County:*            Orange
                                               *(iv) Expiration Date:*    Sat, Dec. 08, 2012

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Fri, Mar. 09, 2012*

Judicial Council Form POS-010                    PROOF OF SERVICE                    (RON  KUYER)
Rule 2.150.(a)&(b) Rev January 1, 2007                By Mail                        9438923 kc.scate 433702

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| SCOTT J. FERRELL, ESQ., Bar #202091<br>NEWPORT TRIAL GROUP, APC<br>895 DOVE STREET<br>SUITE 425<br>NEWPORT BEACH, CA 92626<br>*Telephone No:* 949-706-6464 | | | | 2012 MAR 15  AM 10: 07 |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | SAN DIEGO |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SAN DIEGO COUNTY SUPERIOR COURT, CENTRAL DISTRICT |

*Plaintiff:* ANDREW NILON

*Defendant:* NATURAL-IMMUNOGENICS CORP

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>37-2012-00093325-CU-MT-CTL |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

*2.* I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (BLANK).

*3. a. Party served:*    NATURAL-IMMUNOGENICS CORP
   *b. Person served:*   John Blakesberg, Agent for Service of process

*4. Address where the party was served:*   John Blakesberg, Agent
                                            951 SW 4th Avenue
                                            BOCA RATON, FL 33432

*5. I served the party:*
   b. by substituted service. On: Tue., Mar. 06, 2012 at: 1:05PM by leaving the copies with or in the presence of:
                                 John Ryccek, Authorized to accept service of process
   (1) **(Business)** Authorized to Accept. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.

The "Notice to the Person Served" (on the Summons) was completed as follows:
on behalf of:  NATURAL-IMMUNOGENICS CORP
Under CCP 416.10 (corporation)

*Person Who Served Papers:*                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. RAMON ALMONTE                          d.  The Fee for Service was:    $243.75

                                            e.  I am: Not a Registered California Process Server

**First Legal**
301 Civic Center Drive West
Santa Ana, CA 92701
Telephone   (714) 541-1110
Fax         (714) 541-8182
www.firstlegalnetwork.com

*8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Fri, Mar. 09, 2012

*Ramon Almonte*

Judicial Council Form POS-010          PROOF OF SERVICE          (RAMON ALMONTE)
Rule 2.150.(a)&(b) Rev January 1, 2007   SUMMONS & COMPLAINT