AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Natural-Immunogenics Corp., a Florida Corporation <br> *Plaintiff(s)* <br> v. <br> Newport Trial Group, a California Corporation; et al. <br> (see attached face page of Complaint) <br> *Defendant(s)* | Civil Action No. 8:15-cv-2034-JVS (JCG) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Peter A. Arhangelsky, Esq.
Emord & Associates, P.C.
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
(602) 388-8899

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 8:15-cv-2034-JVS (JCG)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# ADDENDUM

Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Emord & Associates, P.C.
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>NEWPORT TRIAL GROUP, a California Corporation; SCOTT J. FERRELL, a California resident; RYAN M. FERRELL, an Arizona resident; JAMES B. HARDIN, a California resident; VICTORIA C. KNOWLES, a California resident; ANDREW LEE BASLOW, a California resident; ANDREW NILON, a California resident; SAM PFLEG, a California resident; MATTHEW DRONKERS, a California resident; TAYLOR DEMULDER, a Nevada resident; SAM SCHOONOVER, a California resident; GIOVANNI SANDOVAL, an Arizona resident; ISABELLA JANOVICK, a California resident; DAVID URZUA, a California resident; KALEB PATTERSON, a California resident; and DOES 1- | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. Malicious Prosecution;<br>2. Violation of the RICO Act (18 U.S.C. §§ 1961, 1962(c), 1964(c)) by:<br>   a. Wire Fraud (18 U.S.C. §§ 1343, 1349);<br>   b. Mail Fraud (18 U.S.C. §§ 1341, 1349);<br>   c. Extortion (18 U.S.C. § 1951);<br>3. Violation of the RICO Act (18 U.S.C. §§ 1961, 1962(a), 1964(c));<br>4. Violation of the RICO Act (18 U.S.C. §§ 1961, 1962(d), 1964(c)); and,<br>5. Unfair Competition (Cal. B&P Code §§ 17200, *et seq.*; Cal. B&P Code §§ 7520, *et seq.*).<br><br><u>JURY TRIAL DEMANDED</u> |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
- 1 -

10, inclusive,

Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff Natural Immunogenics, Corp. ("NIC" or "Plaintiff"), by and through undersigned counsel, files this Complaint for Damages and Injunctive Relief against the above-named Defendants. This is an action for fraud, unfair competition, malicious prosecution, extortion, and other claims brought, in part, under the federal Racketeer Influenced Corrupt Organizations Act (RICO). For at least the past five years, the Defendants have acted in concert and conspired to file state and federal lawsuits against corporate defendants across the country on false pretenses, seeking to extort large payouts in the form of legal fees, damage awards, legal costs, and/or settlements from those defendants. The Defendant Newport Trial Group (NTG) and its above-named attorneys and agents worked in concert to operate an unlawful enterprise by paying individuals to assume the role of plaintiffs, who in fact had no bona fide basis for suit, and to initiate and maintain fabricated class action suits in order to extort money from those defendants. NTG and its agents paid plaintiffs to sign false affidavits, pleadings, and legal filings in support of those actions. NTG and its attorneys suborned perjury. NTG and its attorneys relied on their employees or agents to recruit putative plaintiffs for hire, most often young individuals or recent college graduates in need of money and willing to participate in NTG's fraudulent scheme. NTG and its attorneys filed demonstrably false statements in support of those fabricated cases, and collectively obtained tens of millions of dollars in settlement payments from those threatened with suits and defendants.

2. Plaintiff Natural Immunogenics Corp. (NIC) suffered injury resulting from an NTG lawsuit purportedly sponsored by Andrew Nilon in March 2012. That lawsuit was fraudulent. NTG paid Andrew Nilon approximately $900 to