Thomas L. Vincent, Bar No. 149729
tlv@paynefears.com
David A. Grant, Bar No. 288760
dag@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant JAMES HARDIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

NATURAL IMMUNOGENICS CORP., a Florida corporation,

Plaintiff,

v.

NEWPORT TRIAL GROUP, a California Corporation; SCOTT J. FERRELL, a California resident; RYAN M. FERRELL, an Arizona resident; JAMES B. HARDIN, a California resident; VICTORIA C. KNOWLES, a California resident; ANDREW LEE BASLOW, a California resident; ANDREW NILON, a California resident; SAM PFLEG, a California resident; MATTHEW DRONKERS, a California resident; TAYLOR DEMULDER, a Nevada resident; SAM SCHOONOVER, a California resident; GIOVANNI SANDOVAL, an Arizona resident; ISABELLA JANOVICK, a California resident; DAVID URZUA, a California resident; KALEB PATTERSON, a California resident; and DOES 1-10, inclusive,

Defendants.

Case No. 8:15-cv-02034-JSV (JCG).

**NOTICE OF MOTION AND MOTION OF DEFENDANT JAMES HARDIN TO STRIKE FIRST AND FOURTH CAUSES OF ACTION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 AND FOR AN AWARD OF ATTORNEY FEES**

*Filed concurrently with the Declarations of James B. Hardin, Scott J. Ferrell, Thomas L. Vincent, and David A. Grant*

| | |
|---|---|
| Date: | April 4, 2016 |
| Time: | 1:30 p.m. |
| Judge: | Hon. James V. Selna |
| Courtroom: | 10C |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 4, 2016, at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable James V. Selna, Courtroom 10C, located in the United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701, defendant, James Hardin ("Hardin"), will and hereby does move this Court to strike plaintiff, Natural Immunogenics Corp.'s ("NIC"), First Cause of Action for Malicious Prosecution and Fourth Cause of Action for Unfair Competition and for an award of attorney fees in the amount of $35,700.00.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 10, 2016.

This Motion is made pursuant to California Code of Civil Procedure section 425.16 and is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of James B. Hardin, Scott J. Ferrell, Thomas L. Vincent, and David A. Grant filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DATED: February 22, 2016

PAYNE & FEARS LLP

By: /s/ *Thomas L. Vincent*
THOMAS L. VINCENT
DAVID A. GRANT

Attorneys for Defendant JAMES HARDIN

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 3

A. NIC's Causes of Action for Malicious Prosecution and Unfair Competition .......... 3

B. Hardin Was Not Involved in *Nilon/Sandoval* and Has Engaged in No Unfair Business Practices .......... 4

III. THE STANDARD ON AN ANTI-SLAPP MOTION .......... 6

IV. NIC'S CLAIMS ATTACK PROTECTED LITIGATION ACTIVITIES .......... 8

V. NIC CANNOT ESTABLISH A PROBABILITY OF SUCCESS ON THE MERITS OF ITS CLAIMS FOR MALICIOUS PROSECUTION AND UNFAIR COMPETITION AGAINST HARDIN .......... 9

A. NIC's Malicious Prosecution Cause of Action Fails as to Hardin .......... 10

1. The Standard on a Malicious Prosecution Claim .......... 10

2. Hardin Did Not Commence or Participate in *Nilon/Sandoval* .......... 11

3. *Nilon/Sandoval* Did Not Terminate in NIC's Favor Within the Meaning of a Malicious Prosecution Claim .......... 13

4. NIC Has the Burden of Demonstrating that *Nilon/Sandoval* Lacked Probable Cause .......... 16

5. NIC Cannot Demonstrate that Hardin Acted With Malice .......... 16

B. NIC's Unfair Competition Law Claim Fails in Its Entirety .......... 17

1. The Standard on a UCL Claim .......... 18

2. The Litigation Privilege .......... 19

3. The Litigation Privilege Bars NIC's Claim .......... 20

VI. HARDIN SHOULD BE AWARDED HIS ATTORNEY FEES IN MAKING THIS MOTION .......... 22

VII. CONCLUSION .......... 23

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Awabdy v. City of Adelanto*,
368 F.3d 1062 (9th Cir. 2004) .......... 13

*Batzel v. Smith*,
333 F.3d 1018 (9th Cir. 2003) .......... 6

*Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*,
445 U.S. 326, 100 S. Ct. 1166 (1980) .......... 14

*Downen v. Simi Valley Police Dep't*,
2010 WL 93858 (C.D. Cal. Jan. 5, 2010) .......... 14

*Estate of Tucker ex rel. Tucker v. Interscope Records*
515 F.3d 1019 (9th Cir. 2008) .......... 11

*Fish v. Watkins*,
298 F. App'x 594 (9th Cir. 2008) .......... 14

*Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*,
63 F. Supp. 2d 1127 (N.D. Cal. 1999) .......... 6

*Hilton v. Hallmark Cards*,
599 F.3d 894 (9th Cir. 2010) .......... 8, 9

*Mindys Cosmetics, Inc. v. Dakar*,
611 F.3d 590 (9th Cir. 2010) .......... 7, 8

*Rogers v. Home Shopping Network, Inc.*,
57 F. Supp. 2d 973 (C.D. Cal. 1999) .......... 7

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999) .......... 6, 23

*Willis v. Mullins*,
809 F. Supp. 2d 1227 (E.D. Cal. 2011) .......... 13

*Xcentric Ventures, LLC v. Borodkin*,
798 F.3d 1201 (9th Cir. 2015) .......... 16

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## TABLE OF AUTHORITIES
(continued)

**Page**

**STATE CASES**

*Albertson v. Raboff*,
46 Cal. 2d 375, 295 P.2d 405 (Cal. 1956) .... 17

*Blanchard v. DIRECTV, Inc.*,
123 Cal. App. 4th 903, 20 Cal. Rptr. 3d 385 (Cal. Ct. App. 2004) .... 8, 20, 21, 22

*Casa Herrera, Inc. v. Beydoun*,
32 Cal. 4th 336, 83 P.3d 497 (Cal. 2004) .... 14

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163, 973 P.2d 527 (Cal. 1999) .... 18, 19

*Centers v. Dollar Markets*,
99 Cal. App. 2d 534, 222 P.2d 136 (Cal. Ct. App. 1950) .... 12

*Crowley v. Katleman*,
8 Cal. 4th 666, 881 P.2d 1083 (Cal. 1994) .... 10

*Jacques Interiors v. Petrak*,
188 Cal. App. 3d 1363, 234 Cal. Rptr. 44 (Cal. Ct. App. 1987) .... 11, 16

*Jarrow Formulas, Inc. v. LaMarche*,
31 Cal. 4th 728, 74 P.3d 737 (Cal. 2003) .... 7, 8, 16

*Ketchum v. Moses*,
24 Cal. 4th 1122, 17 P.3d 735 (Cal. 2001) .... 22, 23

*Lackner v. LaCroix*,
25 Cal. 3d 747, 602 P.2d 393 (Cal. 1979) .... 13

*Lotts v. Whitworth*,
76 Cal. App. 2d 601, 173 P.2d 823 (Cal. Ct. App. 1946) .... 16

*Neville v. Chudacoff*,
160 Cal. App. 4th 1255, 73 Cal. Rptr. 3d 383 (Cal. Ct. App. 2008) .... 8

*Nunez v. Pennisi*,
241 Cal. App. 4th 861, 193 Cal. Rptr. 3d 912 (Cal. Ct. App. 2015) .... 12

## TABLE OF AUTHORITIES
**(continued)**

**Page**

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
50 Cal. 3d 1118, 791 P.2d 587 (Cal. 1990) ........ 11

*People ex rel. Gallegos v. Pac. Lumber Co.*,
158 Cal. App. 4th 950, 70 Cal. Rptr. 3d 501 (Cal. Ct. App. 2008) ........ 22

*Puentes v. Wells Fargo Home Mortgage, Inc.*,
160 Cal. App. 4th 638, 72 Cal. Rptr. 3d 903 (Cal. Ct. App. 2008) ........ 18

*Rubin v. Green*,
4 Cal. 4th 1187, 847 P.2d 1044 (Cal. 1993) ........ 8, 19, 21

*Sheldon Appel, Co. v. Albert & Oliker*,
47 Cal. 3d 863, 765 P.2d 498 (Cal. 1989) ........ 10, 20

*Siebel v. Mittlesteadt*,
41 Cal. 4th 735, 161 P.3d 527 (Cal. 2007) ........ 11

*Silberg v. Anderson*,
50 Cal. 3d 205, 266 Cal. Rptr. 638 (Cal. 1990) ........ 19, 20

*Zamos v. Stroud*,
32 Cal. 4th 958, 87 P.3d 802 (Cal. 2004) ........ 11

**STATE STATUTES**

CAL. CIV. CODE § 47(b) ........ 19, 20, 21

CAL. CIV. PROC. CODE § 425.16 ........ passim

CAL. BUS. & PROF. CODE § 17200 ........ 4

**FEDERAL RULES**

FED. R. CIV. P. 12(b)(6) ........ 4, 10

FED. R. CIV. P. 23 ........ 14, 15

**OTHER AUTHORITIES**

Witkin Summary of California Law ........ 17

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## I. INTRODUCTION

This case is an unabashed frontal assault on fundamentally-protected litigation activities. Plaintiff, Natural Immunogenics Corp. ("NIC"), attacks and seeks to enjoin defendants from filing lawsuits, sending pre-suit demand letters, and engaging in other litigation activities. NIC also seeks damages for litigation activities already done. Where such fundamental rights to public participation are implicated, California Code of Civil Procedure section 425.16 (the "Anti-SLAPP" statute) provides an early test to the plaintiff's claims. To avoid dismissal, the plaintiff must present sufficient competent, admissible evidence to "establish[] that there is a probability that [it] will prevail on its claims." CAL. CIV. PROC CODE § 425.16. If not, the plaintiff's claims are dismissed and the moving defendant is awarded its attorney fees. NIC cannot meet its burden here as to defendant, James Hardin ("Hardin").

According to the Complaint, defendant, Newport Trial Group ("NTG"), has developed a niche litigation practice of bringing consumer class action lawsuits against supplement manufactures for the false labeling of their products and against other entities for their telephone call recording practices. NIC was the defendant in one such lawsuit, *Nilon v. Natural-Immunogenics Corp.*, No. 3:12-cv-930-LAB (S.D. Cal. Apr. 16, 2012) ("*Nilon/Sandoval*"), related to NIC's false labeling of its product, Sovereign Silver. NIC alleges that this case was premised on falsehoods concerning the named plaintiffs' purchase and use of its product. After more than three years of hard-fought litigation, *Nilon/Sandoval* was dismissed – not because NIC was declared innocent of the conduct alleged – but without prejudice for a lack of an adequate class representative. The instant lawsuit is a direct retaliation against NTG, its attorneys, and its clients for prosecuting *Nilon/Sandoval*. It was filed only a few weeks after the court in *Nilon/Sandoval* denied NIC's motion for sanctions

involving the same conduct alleged in NIC's complaint. Having failed in the underlying case to punish NTG, NIC brings this collateral attack on NTG's litigation activities in the form of claims for malicious prosecution, RICO violations, and unfair business practices.

It cannot be denied that NIC's Complaint attacks protected, litigation-related activity. As such, to proceed with its state-law claims for malicious prosecution and unfair business practices, NIC is required to establish by competent admissible evidence that there is a probability that it will prevail on these claims. It cannot do so as to Hardin. Putting aside whether NIC can prove ***any*** of its spurious allegations of wrongdoing in *Nilon/Sandoval*, there are ***no*** allegations of any specific misconduct by Hardin. This is because Hardin was not involved in any way in *Nilon/Sandoval*. As Hardin was not involved, NIC cannot demonstrate a probability of succeeding on its claim against him for malicious prosecution. Moreover, because NIC's complaint attacks litigation-related activities, the litigation privilege bars its unfair competition claim. The litigation privilege immunizes litigation-related activities from tort liability. The ***only*** tort excepted is malicious prosecution. Therefore, to the extent NIC can pursue its unfair competition claim at all in the face of the privilege, it is limited to NIC's alleged acts of malicious prosecution, which fail as to Hardin.

Hardin respectfully submits that these claims should be dismissed with prejudice and he should be awarded his attorney fees in bringing this motion.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## II. BACKGROUND

### A. NIC's Causes of Action for Malicious Prosecution and Unfair Competition

NIC alleges that NTG, its attorneys, and its clients committed a massive fraud on businesses and the courts. (First Amended Complaint ("FAC") ¶¶ 1, 7-23.)[1] NIC alleges that NTG and its attorneys recruited and paid individuals to act as named plaintiffs in class action lawsuits when, in fact, the individual did not have legitimate claims. (*Id.*) NIC claims that NTG used the threat of fraudulent litigation and alleged misrepresentations to maliciously prosecute cases, commit fraud upon supplement manufactures, and violate the Racketeer Influenced Corrupt Organizations Act ("RICO"). (*Id.*) NIC claims it was the target of such a fraudulent lawsuit, in which several false representations were allegedly made, i.e. that the plaintiff had purchased its product in reliance on NIC's false advertising. (*See* FAC ¶¶ 32, 45-100.) NIC accuses NTG, and defendants generally, of following a similar model to sue other businesses. (*Id.* ¶¶ 15-22, 53-55,101-187, 220-263.) NIC also makes a host of irrelevant allegations about NTG's other, unrelated litigation activities. (*Id.* ¶¶ 33-44, 212-219.)

Based on these allegations, NIC brings claims for, among others, malicious prosecution and unfair competition against NTG and its attorneys. In support of its malicious prosecution claims, NIC alleges that NTG and its attorneys sued it fraudulently in March of 2012 (FAC ¶ 266) and made several false statements during the course of that litigation (*id.* ¶¶ 270-274, 283-285). NIC alleges that,

---

[1] A true and correct copy of NIC's FAC is attached hereto as Exhibit "A."

because *Nilon/Sandoval* was a supposedly fraudulent lawsuit based on supposedly false statements, the initiation and prosecution of the case constituted malicious prosecution on the part of NTG, its attorneys, and the named plaintiffs. (*Id.* ¶¶ 264-288.) NIC alleges that the litigation-related conduct described in its Complaint also amounts to unfair competition under California Business & Professions Code section 17200. (*Id.* ¶¶ 489-495.)

### B. Hardin Was Not Involved in *Nilon/Sandoval* and Has Engaged in No Unfair Business Practices

NIC's allegations in its Complaint are expansive, totaling 38,329 words, 495 paragraphs, and 112 pages. In stark contrast, Hardin's name appears only 17 times in the entire body of NIC's Complaint. The few times it does, wrongdoing is alleged by Hardin in only the most general and conclusory terms, and often lumped together with his attorney co-defendants.[2] Despite this lack of factual allegations in support, NIC accuses Hardin of very serious wrongdoing. NIC's counsel in the *Nilon/Sandoval* action are the same counsel representing NIC in this action and notwithstanding their intimate knowledge of what took place in the underlying proceedings, they are unable to allege any specific wrongful act by Hardin in the *Nilon/Sandoval* case. Hardin submits that the lack of allegations directed at him is because NIC does not have any evidence of wrongdoing on his part because he was not involved in *Nilon/Sandoval* or the other litigation described as part of the alleged fraudulent scheme.

---

[2] For a detailed description of the deficiencies in NIC's pleading of any wrongdoing on the part of Hardin, please see Hardin's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

True, Hardin was an attorney at NTG from 2010 until he resigned his employment in July 2015 to start his own firm. (*See* Declaration of James B. Hardin in Support of Motion to Strike First and Fourth Causes of Action Pursuant to California Code of Civil Procedure Section 425.16 ("Hardin Decl.") ¶ 2.) However, his "involvement" with *Nilon/Sandoval* and the alleged fraudulent lawsuits ends there, i.e. not at all. Hardin was never an owner of NTG. (*Id.*; *see also* Declaration of Scott J. Ferrell in Support of Motion to Strike First and Fourth Causes of Action Pursuant to California Code of Civil Procedure Section 425.16 ("Ferrell Decl.") ¶ 3.) While at NTG, Hardin focused his practice on business and employment litigation. (Hardin Decl. ¶ 3.)

Hardin was not involved in any way in *Nilon/Sandoval*. (Hardin Decl. ¶ 4; Ferrell Decl. ¶ 4.) His name appears as one of several NTG attorneys listed in the pleading captions, but his name was included without his knowledge, consent, or approval. (Hardin Decl. ¶ 5; Ferrell Decl. ¶ 4.) He had no involvement in NTG's research, analysis, or pre-filing pursuit of the case. (Hardin Decl. ¶ 5.) Hardin never requested that he be indicated as an attorney of record on the case, nor did he ever discuss being put on the case. (Hardin Decl. ¶ 5.) No one ever discussed with Hardin the prospect of him participating in the case in any respect. (*Id.*) He was not even aware his name was included with the other NTG attorneys listed in the pleading captions in *Nilon/Sandoval* until this lawsuit was filed. (*Id.*)

Nor did Hardin ever participate in or assist with *Nilon/Sandoval* in any respect. Hardin never appeared via ECF. (Hardin Decl. ¶ 6.) He never filed any document via ECF. (*Id.*) He never received any ECF notices. (*Id.*) He never interviewed or interacted with any parties, counsel, or witnesses in the case. (*Id.*) He never sent any letter or other communication regarding the case. (*Id.*) He never read, drafted, or signed any documents related to *Nilon/Sandoval*. (*Id.*) He never

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

performed any research for the case. (*Id.*) He was never asked to perform, nor did he ever perform, any work in the case. (*Id.*) His awareness that *Nilon/Sandoval* even existed was limited to possible casual conversations with his colleagues, but at no time was his participation discussed, his help requested, or his consultation provided. (*Id.*) Simply put, Hardin never participated in *Nilon/Sandoval* in any respect.

## III. THE STANDARD ON AN ANTI-SLAPP MOTION

California's Anti-SLAPP statute, Civil Code section 425.16, is applied in federal courts where state-law claims implicate the statute. *See, e.g.*, *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003) (applied where court has diversity jurisdiction); *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 63 F. Supp. 2d 1127, 1129-30 (N.D. Cal. 1999) (applied to pendent state law claims joined to federal question case). Section 425.16 provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

CAL. CIV. PROC. CODE § 425.16(b)(1). California enacted the anti-SLAPP statute "in response to the legislature's concern about civil actions aimed at private citizens to deter or punish them for exercising their political or legal rights." *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970 (9th Cir. 1999).



PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

"The statute was designed to allow courts to promptly expose and dismiss meritless and harassing claims seeking to chill protected expression." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) (internal quotation omitted).

Resolution of an Anti-SLAPP motion requires the court to engage in a two-step process. *See, e.g.*, *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733, 74 P.3d 737 (Cal. 2003). First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. *Id.* If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the merits of its claims. *Id.*

The moving defendant's burden is merely to demonstrate that the act or acts of which the plaintiff complains were taken in furtherance of the defendant's right of petition or free speech. *Jarrow Formulas*, 31 Cal. 4th at 733. This is not an onerous burden as the scope of the Anti-SLAPP statute is to be construed broadly. *See* CAL. CIV. PROC. CODE § 425.16(a) ("[T]his section shall be construed broadly."); *see also Mindys Cosmetics*, 611 F.3d at 596 ("[W]e follow the California Legislature's direction that the anti-SLAPP statute be 'construed broadly' . . . .").

Where the defendant meets its burden, the court then determines whether the plaintiff has demonstrated a probability of prevailing on the claim. *Jarrow Formulas*, 31 Cal. 4th at 741. To do this, the "plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (quotation omitted). And plaintiff may only make this showing based on competent, admissible evidence. *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 976-77 (C.D. Cal. 1999) ("[T]he evidence upon

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

which the plaintiff bases his or her response must be admissible at trial.”).

## IV. NIC’S CLAIMS ATTACK PROTECTED LITIGATION ACTIVITIES

As used in California’s Anti-SLAPP statute, an “act in furtherance of a person’s right of petition or free speech . . . includes (1) any written or oral statement or writing made before a . . . judicial proceeding . . . .” CAL. CIV. PROC. CODE § 425.16(e). This is “construed broadly,” *Mindys Cosmetics*, 611 F.3d at 595, such that all litigation-related activities implicate the statute. *See, e.g.*, *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1266, 73 Cal. Rptr. 3d 383 (Cal. Ct. App. 2008) (conduct reasonably relevant to pending or contemplated litigation is protected); *Rubin v. Green*, 4 Cal. 4th 1187, 1193, 847 P.2d 1044 (Cal. 1993) (attorney’s solicitation of plaintiffs to file suit is protected litigation activity); *Blanchard v. DIRECTV, Inc.*, 123 Cal. App. 4th 903, 919, 20 Cal. Rptr. 3d 385, 396 (Cal. Ct. App. 2004) (communications that bear “some relation” to an anticipated lawsuit implicate Anti-SLAPP, which has been “broadly applied to demand letters and other prelitigation communications by attorneys.”); *Jarrow Formulas*, 31 Cal. 4th at 734-35 (Anti-SLAPP “potentially may apply to every malicious prosecution action, because every such action arises from an underlying lawsuit, or petition to the judicial branch.”); *Hilton v. Hallmark Cards*, 599 F.3d 894, 905 (9th Cir. 2010) (“[T]he anti-SLAPP statute’s definitional focus is not the form of the plaintiff’s cause of action but, rather, the defendant’s activity that gives rise to his or her asserted liability.”).

Here, NIC’s Complaint attacks the defendants’ alleged litigation-related activities. The foundation of all of NIC’s claims is that NTG and its attorneys allegedly pursued a fraudulent litigation strategy in which the law firm would manufacture and initiate class-action litigation without the benefit of proper class

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

representatives as clients. (*See* FAC ¶¶ 1, 7-23.) That is, NIC alleges that defendants "conspired to file state and federal lawsuits against corporations across the country on false pretenses, seeking to extort large payouts in the form of legal fees, damage awards, legal costs, and/or settlements from those entities." (*Id.* ¶ 1.) It describes the conduct alleged in its complaint as "one of the largest frauds perpetrated by lawyers on the courts in American history." (*Id.* ¶ 3.) NIC claims it was the target of such a fraudulent lawsuit, in which several false representations were allegedly made, i.e. that the plaintiff had purchased its product in reliance on NIC's false advertising. (*See* FAC ¶¶ 32, 45-100.) NIC accuses NTG, and defendants generally, of following a similar model to sue other businesses. (*Id.* ¶¶ 15-22, 53-55,101-187, 220-263.) NIC also makes a host of irrelevant allegations about NTG's other, unrelated litigation activities. (*Id.* ¶¶ 33-44, 212-219.) Based on these allegations, NIC brings claims for malicious prosecution, RICO violations, and unfair competition against NTG and its attorneys. (*Id.* ¶¶ 264-495.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

As set forth above, litigation-related activities are all protected petitioning activities within the meaning of the Anti-SLAPP statute. It should, therefore, be beyond dispute that California's Anti-SLAPP statute applies in this case. The burden thus shifts to NIC to demonstrate a probability of success on the merits of its claims.

## V. **NIC CANNOT ESTABLISH A PROBABILITY OF SUCCESS ON THE MERITS OF ITS CLAIMS FOR MALICIOUS PROSECUTION AND UNFAIR COMPETITION AGAINST HARDIN**

As its complaint attacks protected litigation-related activities, it is NIC's burden to demonstrate a likelihood of prevailing on its claims as to Hardin. It may only do so with viable legal claims and with competent, admissible evidence. NIC

cannot make this showing here. Even assuming that NIC pleads a sufficient malicious prosecution claim as to Hardin, which Hardin does not concede,[3] as he was not involved in *Nilon/Sandoval* in any respect, NIC will not be able to meet its evidentiary burden to survive an Anti-SLAPP motion. Moreover, NIC's unfair competition claim fails as a matter of law as the litigation privilege immunizes litigation-related activities from tort liability. The only exception to that immunity is a claim for malicious prosecution. NIC's unfair competition claim thus fails entirely. Alternatively, at the very least, only the supposed malicious prosecution of *Nilon/Sandoval* can lead to unfair competition liability, which, again, fails as to Hardin on the facts.

### A. NIC's Malicious Prosecution Cause of Action Fails as to Hardin

NIC's malicious prosecution cause of action fails as to Hardin as he was not involved in *Nilon Sandoval*.

#### 1. The Standard on a Malicious Prosecution Claim

In order to establish a claim for malicious prosecution as to Hardin, NIC must prove that *Nilon/Sandoval*: "(1) was commenced by or at the direction of [Hardin] and was pursued to a legal termination in [NIC's] favor . . . ; (2) was brought without probable cause . . . ; and (3) was initiated with malice . . . ." *Crowley v. Katleman*, 8 Cal. 4th 666, 676, 881 P.2d 1083 (Cal. 1994), *as modified* (Nov. 30, 1994). Due to a malicious prosecution claim's interference with a defendant's right

---

[3] For a detailed description of the deficiencies in NIC's pleading of any wrongdoing on the part of Hardin, please see Hardin's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).



PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

to engage in litigation, it is a "disfavored" cause of action. *Sheldon Appel, Co. v. Albert & Oliker*, 47 Cal. 3d 863, 872, 765 P.2d 498 (Cal. 1989) ("[C]ourts have long recognized that the tort has the potential to impose an undue 'chilling effect' on the ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court, and, as a consequence, the tort has traditionally been regarded as a disfavored cause of action."); *Siebel v. Mittlesteadt*, 41 Cal. 4th 735, 740, 161 P.3d 527, 530 (Cal. 2007) ("Malicious prosecution actions have traditionally been disfavored as potentially chilling the right to pursue legal redress and report crime."); *Estate of Tucker ex rel. Tucker v. Interscope Records*, Inc., 515 F.3d 1019, 1030 (9th Cir. 2008) ("Under California law, a malicious prosecution claim is disfavored . . . .").

### 2. <u>Hardin Did Not Commence or Participate in *Nilon/Sandoval*</u>

For liability to attach, the malicious prosecution defendant must have "*commenc[ed], b[rought], or initiat[ed]*" the action in the first place. *See, e.g., Zamos v. Stroud*, 32 Cal. 4th 958, 965, 87 P.3d 802 (Cal. 2004), *as modified* (June 9, 2004) (emphasis in original). Moreover, a person who continues a civil proceeding that was properly begun, or takes an active part in continuing it, for an improper purpose after learning that there is no probable cause for the proceeding is also liable. *Id.* at 967 ("Malicious prosecution . . . includes continuing to prosecute a lawsuit discovered to lack probable cause.") *Id.* at 973. One who does not personally sign the complaint initiating the action, and does not sign documents continuing the action, is only liable if he "instigates or procures" the action. *See, e.g., Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1131 n. 11, 791 P.2d 587 (Cal. 1990) ("A person who is injured by groundless litigation may seek compensation from any person who ***procures or is actively instrumental*** in putting the litigation in motion or participates after the institution of the action." (emphasis

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

added)); *Jacques Interiors v. Petrak*, 188 Cal. App. 3d 1363, 1371-72, 234 Cal. Rptr. 44 (Cal. Ct. App. 1987) ("One may be civilly liable for malicious prosecution without personally signing the complaint initiating the . . . proceeding. If a person, without probable cause and with malice, ***instigates or procures*** the [action], he is liable." (alterations in original; emphasis added; citation omitted)); *Centers v. Dollar Markets*, 99 Cal. App. 2d 534, 544-45, 222 P.2d 136, 144 (Cal. Ct. App. 1950) ("[T]he test of liability in an action for malicious prosecution is whether the defendant ***was actively instrumental or was the proximate and efficient cause*** of maliciously putting the [proceeding] in motion." (emphasis added)); *Nunez v. Pennisi*, 241 Cal. App. 4th 861, 873, 193 Cal. Rptr. 3d 912 (Cal. Ct. App. 2015) ("A person who did not file a complaint may be liable for malicious prosecution if he or she 'instigated' the suit or 'participated in it at a later time.'").

Here, Hardin is not a signatory to the Complaint in *Nilon/Sandoval*. (*See* FAC. Ex. B). He is not a signatory on any other document filed in or related to that case. (Hardin Decl. ¶ 6.) He was never involved in *Nilon/Sandoval* in any respect. He had no involvement in NTG's research, analysis, or pursuit of the case. (*Id.*) He never filed any document via ECF. (*Id.*) He never received any ECF notices. (*Id.*) He never interviewed or interacted with any parties, counsel, or witnesses in the case. (*Id.*) He never sent any letter or other communication regarding the case. (*Id.*) He never read, drafted, or signed any documents related to *Nilon/Sandoval*. (*Id.*) He never performed any research for the case. (*Id.*) He was never asked to perform, nor did he ever perform, any work in the case. (*Id.*) Simply, there is no sense in which Hardin in any way instigated or procured the filing of *Nilon/Sandoval* or performed any work in the case after it was filed. He cannot be liable for malicious prosecution under these circumstances.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### 3. *Nilon/Sandoval* Did Not Terminate in NIC's Favor Within the Meaning of a Malicious Prosecution Claim

*Nilon/Sandoval* was dismissed on May 22, 2015, for want of an adequate class representative. The bare fact that the underlying case terminated in the underlying defendant's favor is not enough for malicious prosecution liability to attach. Rather, the termination must reflect on the merits of the action and, specifically, the underlying defendant's innocence of the alleged wrongdoing. As the California Supreme Court has stated:

> "[F]avorable" termination does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such termination must further reflect on his innocence of the alleged wrongful conduct. If the termination does not relate to the merits – reflecting on neither innocence of nor responsibility for the alleged misconduct – the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.

*Lackner v. LaCroix*, 25 Cal. 3d 747, 751, 602 P.2d 393 (Cal. 1979). Federal courts agree. *See, e.g.*, *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence."); *Willis v. Mullins*, 809 F. Supp. 2d 1227, 1241 (E.D. Cal. 2011) ("It is not enough . . . merely to show that the proceeding was dismissed. The theory underlying the requirement of favorable termination is that it tends to indicate the

innocence of the accused . . . ."). A termination on technical or procedural grounds is not favorable for purposes of a malicious prosecution claim. *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 342, 83 P.3d 497, 501 (Cal. 2004) ("[A] technical or procedural termination as distinguished from a substantive termination is not favorable for purposes of a malicious prosecution claim." (quotation omitted)); *Fish v. Watkins*, 298 F. App'x 594, 597 (9th Cir. 2008) ("A 'judgment on the merits' is a favorable termination, while 'a procedural or technical dismissal' is not."); *Downen v. Simi Valley Police Dep't*, No. CV 09-02568-R VBK, 2010 WL 93858, at *5 (C.D. Cal. Jan. 5, 2010) ("If . . . the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with [defendant's] guilt, it does not constitute a favorable termination." (quoting *Jaffe v. Stone*, 18 Cal. 2d 146, 150, 114 P.2d 335 (Cal. 1941))).

Here, *Nilon/Sandoval* was terminated on procedural grounds for want of an adequate class representative as required by Rule 23 of the Federal Rules of Civil Procedure. This is not a termination on the merits. *Cf. Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 336, 100 S. Ct. 1166 (1980) ("We view the denial of class certification as an example of a procedural ruling, collateral to the merits of a litigation . . . ."). The first named plaintiff, Andrew Nilon ("Nilon") was relieved of his duties as class representative due to his unwillingness to continue acting in that capacity. (*See* Compl. ¶¶ 79-83.) There was never any adjudication that Nilon's claims lacked merit or that NIC was innocent of the alleged mislabeling. (*Id.* ¶ 82.) Rather, a request to substitute Giovanni Sandoval ("Sandoval") as the class representative was granted, and NTG withdrew as Nilon's counsel. (*See* Declaration of David A. Grant in Support of Motion to Strike First and Fourth Causes of Action Pursuant to California Code of Civil Procedure Section 425.16 ("Grant Decl.") ¶ 3; Ex. B at 7-8.) Presumably Nilon fell back into the class as an unnamed member. Sandoval was later deemed not to be a member of the



PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

class, and NTG was chastised for "repeatedly fail[ing] to nominate a proper class representative, despite plenty of opportunity." (Grant Decl. ¶ 4; Ex. C at 4.) Sandoval was dismissed with prejudice because he was not a class member, and class certification was vacated for want of an adequate representative. (Grant Decl. ¶¶ 4, 5; Ex. C at 4-6; Ex. D at 1.) Although NIC had requested case dispositive sanctions, the court denied the request because it recognized that there was potential merit to the absent class members' claims. It stated:

> Based on counsels' demonstrated shortcomings, it would be reasonable for the Court to dismiss this case with prejudice. But, while warranted, such a sanction would harm the members of the class, who were doubtless unaware of their counsels' unprofessional behavior. . . . Dismissal without prejudice means that putative members of the class will be free to pursue individual actions with counsel of their choice.

(Grant Decl. ¶ 4; Ex. C at 5-6.) Moreover, NIC had requested that NTG be declared inadequate class counsel – in hopes of preventing NTG from finding a new plaintiff and restarting the class action – the court declined that request. (Grant Decl. ¶ 5; Ex. D.)

The termination of *Nilon/Sandoval* was on procedural grounds for failure to comply with Federal Rule of Civil Procedure 23. It does not in any way reflect NIC's innocence of the underlying mislabeling. In fact, the court intentionally left the door open to further proceedings against NIC so that absent aggrieved class members could pursue their meritorious claims. NIC's malicious prosecution claim fails for this additional reason.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

#### 4. <u>NIC Has the Burden of Demonstrating that *Nilon/Sandoval* Lacked Probable Cause</u>

It is NIC's burden to prove a lack of probable cause as to Hardin. *Lotts v. Whitworth*, 76 Cal. App. 2d 601, 605, 173 P.2d 823 (Cal. Ct. App. 1946) ("In an action for malicious prosecution the burden is upon the plaintiff to establish both malice and lack of probable cause.") It is not enough that the case terminated in NIC's favor to establish a lack of probable cause. *See, e.g.*, *Jarrow Formulas*, 31 Cal. 4th at 743 ("[S]uccessfully defending a lawsuit does not establish that the suit was brought without probable cause."). Rather, NIC must prove that, with the facts known to the defendant, no reasonable attorney would have thought the claims in *Nilon/Sandoval* tenable. *See, e.g.*, *Xcentric Ventures, LLC v. Borodkin*, 798 F.3d 1201, 1203 (9th Cir. 2015) ("Legal probable cause exists if 'any reasonable attorney would have thought the claim tenable' on the facts known to him." (quoting *Jarrow Formulas*, 31 Cal. 4th 728)); *see also Jacques Interiors*, 188 Cal. App. 3d at 1370 ("Probable cause does not depend on the actual state of the case but rather on whether the one instigating the proceeding has knowledge, information, or facts sufficient to cause a reasonable person to believe honestly that the charge is true."). "Legal probable cause exists even if the claims are 'extremely unlikely' to win." *Xentric Ventures*, 798 F.3d at 1203.

Hardin submits that this is a showing NIC cannot make – at the very least as to him.

#### 5. <u>NIC Cannot Demonstrate that Hardin Acted With Malice</u>

Malice on the part of the defendant is an essential element of a malicious prosecution claim. *Jarrow Formulas*, 31 Cal. 4th at 743 ("Merely because the prior

action lacked legal tenability, as measured objectively . . . *without more*, would not logically or reasonably permit the inference that such lack of probable cause was accompanied by the actor's subjective malicious state of mind." (alteration and emphasis in original; quotation omitted)). "The malice required in an action for malicious prosecution is not limited to actual hostility or ill will toward plaintiff but exists when the proceedings are instituted primarily for an improper purpose." *Albertson v. Raboff* , 46 Cal. 2d 375, 383, 295 P.2d 405 (Cal. 1956). However, "[i]t is not improper to bring a civil suit for personal ends, and consequently it is necessary to plead and prove either actual ill will or some ulterior purpose distinct from that of enforcement of the alleged cause of action." 5 Witkin, Summary of California Law (Torts) § 511(10th ed. 2005) at p. 760.

In this action, Hardin was not even aware his name was included among the NTG attorneys listed in the *Nilon/Sandoval* captions until he received a copy of this lawsuit. (Hardin Decl. ¶¶ 5, 6.) As a result, NIC cannot establish that Hardin acted with "malice" or an "improper purpose."

### B. <u>NIC's Unfair Competition Law Claim Fails in Its Entirety</u>

California's Unfair Competition Law ("UCL") prohibits a broad swath of conduct, virtually any conduct that is "unlawful, unfair, or fraudulent." These terms are likewise broadly interpreted. The UCL's reach is expansive, but one area it unequivocally cannot reach is where the conduct alleged consists of, or is related to, litigation activities. In such a case, California's litigation privilege immunizes the defendant from tort liability. The ***only*** exception to that immunization is for malicious prosecution claims. Courts have specifically held that a UCL claim based on litigation-related activities cannot stand in the face of the privilege.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**1. The Standard on a UCL Claim**

"The UCL does not proscribe specific activities, but broadly prohibits 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.'" *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal. App. 4th 638, 643-44, 72 Cal. Rptr. 3d 903, 908 (Cal. Ct. App. 2008) (quoting CAL. BUS. & PROF. CODE § 17200). By this sweeping language the legislature intended "to permit tribunals to enjoin on-going wrongful business conduct in whatever context such activity might occur." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180-181, 973 P.2d 527 (Cal. 1999). The California Supreme Court has explained:

> Its coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law. . . . It governs anti-competitive business practices as well as injuries to consumers, and has as a major purpose the preservation of fair business competition. . . . By proscribing "any unlawful" business practice, section 17200 "borrows" violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable. . . . However, the law does more than just borrow. The statutory language referring to "any unlawful, unfair *or* fraudulent" practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law.

*Cel-Tech Commc'ns*, 20 Cal. 4th at 180 (emphasis in original). It is consistently

interpreted broadly. That said, "[a]lthough the unfair competition law's scope is sweeping, it is not unlimited." *Id.* at 182 (describing exception to UCL application to litigation activities).

**2. The Litigation Privilege**

California's litigation privilege protects from civil liability any "publication or broadcast . . . [i]n any . . . judicial proceeding . . . ." CAL. CIV. CODE, § 47(b)(2). "Undergirding the immunity conferred by section 47(b) is the broadly applicable policy of assuring litigants 'the utmost freedom of access to the courts to secure and defend their rights.'" *Rubin*, 4 Cal. 4th at 1194; *see also Silberg v. Anderson*, 50 Cal. 3d 205, 213, 266 Cal. Rptr. 638 (Cal. 1990) (The privilege ensures "utmost freedom of communication between citizens and public authorities[, which is] a fundamental adjunct to the right of access to judicial and quasi-judicial proceedings.").

"In furtherance of the public policy purposes it is designed to serve, the privilege prescribed by section 47(2) [is] given broad application." *Silberg*, 50 Cal. at 211-212. The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) to have some connection or logical relation to the action." *Id.* The privilege extends "to all torts except malicious prosecution." *Id.* The reason malicious prosecution survives is because the requirements of having to prove favorable termination, lack of probable cause, and malice safeguard a defendant's right of "free access to the courts." *Rubin*, 4 Cal. 4th at 1194; *Silberg*, 50 Cal. 3d 215-16 ("Malicious prosecution actions are permitted because the policy of encouraging free access to the courts . . . is outweighed by the policy of affording redress for individual wrongs when the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

requirements of favorable termination, lack of probable cause, and malice are satisfied." (quotation omitted)); *see also Sheldon Appel*, 47 Cal. 3d at 872 ("[T]he elements of [malicious prosecution] have historically been carefully circumscribed so that litigants with potentially valid claims will not be deterred from bringing their claims to court by the prospect of a subsequent malicious prosecution claim.").

Moreover, where the privilege is implicated the resulting immunity is absolute. *Silberg*, 50 Cal. 3d at 215 ("To effectuate its vital purposes, the litigation privilege is held to be absolute in nature. "). And it is applied to all communications "in furtherance of the objects of litigation[,]" meaning all communications that "have some logical relation to" an action. *Id.* at 219-20. To carry its burden on an Anti-SLAPP motion where the privilege is implicated, plaintiff must make a prima facie showing that it can overcome the privilege. *Blanchard*, 123 Cal. App. 4th at 919.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**3. <u>The Litigation Privilege Bars NIC's Claim</u>**

NIC alleges that the defendants violated California's UCL by reason of their litigation-related activities, i.e. the securing of clients, the sending of pre-suit demand letters, and the filing and prosecution of lawsuits. (*See* FAC. ¶ 491 (incorporating the acts described in Counts One, Two, and Three).) But the litigation privilege extends to all these activities. The filing and prosecution of lawsuits is expressly within Section 47's immunity. *See* CAL. CIV. CODE § 47(b). Furthermore, as indicated above, the immunity extends to all communications that have "some logical relation" to an action. It is unquestionable that the solicitation of clients and sending of pre-suit communications have "some logical relation" to an action. Moreover, the fit of each of these activities within the purview of the privilege have been litigated; each time the conduct was declared immune.

In *Rubin v. Green*, the California Supreme Court declared that an attorney's solicitation of potential clients is absolutely privileged. The plaintiff, a mobile-home park, accused the defendant, an attorney, of interfering with its contractual relations by soliciting individual residents to sue the park. *Rubin*, 4 Cal. 4th at 1191. That is, the plaintiff complained that the defendant attorney had "engaged in a pattern of soliciting residents of several mobilehome parks for the purpose of commencing litigation against park owners." *Id.* at 1192. The California Supreme Court explicitly ruled that the defendant attorney's solicitation of potential clients is "communicative within the meaning of section 47(b). They were thus within the scope of the privilege and immune from tort liability." *Id.* at 1193. The court went on to explicitly reject the mobile-home park's argument that a claim under California's UCL somehow survives the litigation privilege. *Id.* at 1200-04.

Similarly, in *Blanchard v. DIRECTV, Inc.*, the California Court of Appeal held that demand letters and other pre-litigation communications by attorneys are squarely within the litigation privilege such that a UCL claim based on this conduct was barred as a matter of law. *Blanchard*, 123 Cal. App. 4th at 919. In *Blanchard*, the defendant, a satellite television provider, sent thousands of pre-litigation demand letters to persons who purchased satellite-pirating equipment. *Id.* at 909. Recipients of those demand letters sued the satellite provider under California's UCL alleging that the demand letters contained false representations and were extortionate. *Id.* 909-11. In response, the defendant brought an Anti-SLAPP motion to strike the UCL claim based on the application of the litigation privilege. *Id.* at 911-12. The trial court found that the privilege applied and barred the UCL claim. *Id.* at 912. The Court of Appeal agreed. "A prelitigation statement is protected by the litigation privilege of section 47, subdivision (b) when the statement is made in connection with a proposed litigation that is 'contemplated in good faith and under serious consideration.'" *Id* at 919 (citation omitted). The plaintiffs argued that the litigation



PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

privilege did not apply because the pre-suit demand letters were not sent in good faith and in serious consideration of litigation as: the letters contained misrepresentations; not all recipients who did not comply were not eventually sued; and the letters were intended for their coercive effect. *Id.* at 919-921. The court rejected that argument stating: "'communications made in connection with litigation do not necessarily fall outside the privilege merely because they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal' assuming they are logically related to litigation." *Id.* at 921; *see also People ex rel. Gallegos v. Pac. Lumber Co.*, 158 Cal. App. 4th 950, 958-59, 70 Cal. Rptr. 3d 501 (Cal. Ct. App. 2008), *as modified* (Feb. 1, 2008) (In UCL claim alleging defendants submission of false data to government body "[defendant's] communications, whether fraudulent or not, fall squarely within the scope of the litigation privilege.").

Here, all of the alleged unfair, unlawful, or fraudulent business practices were litigation and litigation-related activities. The litigation privilege is clearly implicated. NIC cannot make a prima facie showing that the litigation privilege does not apply. NIC's UCL claim should be dismissed in its entirety. Alternatively, NIC may only pursue its UCL claim based on the alleged malicious prosecution of *Nilon/Sandoval* (the only tort excepted from litigation-privilege immunity), which, as set forth above, fails as to Hardin. Either way, NIC's UCL claim is legally and factually insufficient; it should be dismissed as to Hardin.

## VI. HARDIN SHOULD BE AWARDED HIS ATTORNEY FEES IN MAKING THIS MOTION

A "prevailing defendant" on an Anti-SLAPP motion "shall be entitled to recover his or her attorney fees and costs." CAL. CIV. PROC. CODE § 425.16(c)(1). Such a fee award is mandatory. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131, 17 P.3d

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

735, 741 (Cal. 2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."). And "an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." *Id* at 1153. (awarding $140,212 in attorney fees and $70,106 in costs for the Anti-SLAPP motion and an additional $112,160 for defending the original fee award) (emphasis in original). This mandatory fee shifting applies to federal courts applying the Anti-SLAPP statute to state-law claims. *See, e.g., U.S. ex rel. Newsham*, 190 F.3d at 973 ("[T]he district court erred in finding that subsections (b) and (c) of California's Anti-SLAPP statute could not be applied to [defendant's] counterclaims.").

By the time this motion is heard, Harding will have incurred attorney fees in bringing this motion in an amount of at least $ $35,700.00. (*See* Grant Decl. ¶ 6; Declaration of Thomas L. Vincent in Support of Motion to Strike First and Fourth Causes of Action Pursuant to California Code of Civil Procedure Section 425.16 ("Vincent Decl.") ¶ 2.) Hardin should never have been a party to this action. Hardin should be awarded all of his attorney fees incurred in connection with this motion.

## VII. <u>CONCLUSION</u>

NIC should have never included Hardin as a defendant in this action. Neither NIC nor its counsel interacted with Hardin in the underlying *Nilon/Sandoval* action because Hardin had no involvement in that case. Contrary to the allegations of the complaint, it is Hardin, not NIC, who is the subject of unfounded allegations of fraud and wrongful conduct. NIC cannot demonstrate a probability to prevailing against Hardin on its malicious prosecution or its UCL claims. Hardin respectfully requests that the Court issue an order striking NIC's First and Fourth Causes of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Action and awarding Hardin his attorney fees incurred in making this motion.

DATED: February 22, 2016

PAYNE & FEARS LLP

By: /s/ *Thomas L. Vincent*
THOMAS L. VINCENT
DAVID A. GRANT

Attorneys for Defendant JAMES HARDIN

4838-0908-4972.4

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100