# EXHIBIT A

```
 1  NEWPORT TRIAL GROUP
    A Professional Corporation
 2  Scott J. Ferrell, Bar No. 202091
    sferrell@trialnewport.com
 3  Richard H. Hikida, Bar No. 196149
    rhikida@trialnewport.com
 4  David W. Reid, Bar No. 267382
    dreid@trialnewport.com
 5  Victoria C. Knowles, Bar No. 277231
    vknowles@trialnewport.com
 6  4100 Newport Place, Ste. 800
    Newport Beach, CA  92660
 7  Tel: (949) 706-6464
    Fax: (949) 706-6469
 8
    Attorneys for Plaintiff and the Class
 9
```

VENTURA
SUPERIOR COURT
FILED
MAY 2 2 2013
MICHAEL D. PLANET
Executive Officer and Clerk
BY: _____, Deputy
LYDIA GONZALEZ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF VENTURA

| | |
|---|---|
| ANDREW NILON, individually, and on behalf of all others similarly situated, | Case No.: 56-2013-00436790-CU-MT-VTA |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| CHROMADEX, INC., a California corporation; and DOES 1-10, Inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff ANDREW NILON, on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to his own acts, which he alleges upon personal knowledge.

### I.   PARTIES

1. Plaintiff Andrew Nilon is a California resident who contacted Defendant Chromadex, Inc. Upon information and belief, the call was routed through a telecom network located at least partially in this County.

2. Defendant Chromadex, Inc. is a California corporation that does business in California. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

- 1 -
CLASS ACTION COMPLAINT First Amended Complaint for Damages and Injunctive Relief

1 | Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

3. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Chromadex, Inc. and Doe Defendants will hereafter collectively be referred to as "Defendant").

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over all causes of action asserted herein.

5. Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and conducted wrongful conduct alleged herein against residents of this County.

6. Defendant and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

## III. FACTS

7. In February, 2013 while located in California, Plaintiff called Defendant at (855) 777-0660 from a wireless telephone. Plaintiff spoke to an employee of Defendant to inquire about a "BluScience" product he had recently purchased and about the possibility of receiving a discount on future purchases.

8. Plaintiff was not aware that the call was being recorded. Defendant did not, at any point during the telephone conversation with Defendant's customer service representative, advise Plaintiff that the call was being recorded. Plaintiff did not give either express or implied consent to the recording.

9. After completing his call, Plaintiff learned that Defendant records *all* incoming telephone calls, including the call from Plaintiff, but that Defendant does not disclose this to all callers.

///

- 3 -

10.  Plaintiff expected that his telephone call would be private (i.e., neither recorded nor monitored) due to Defendant's failure to disclose any recording or monitoring.

## IV. CLASS ACTION ALLEGATIONS

12.  Plaintiff brings this class action for damages and other monetary relief on behalf of the following class:

> ***"All persons located in California whose wireless telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action."*** (the "Class").

13.  Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

14.  The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across California. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

15.  There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

    (a)    Whether Defendant intentionally records telephone calls;

    (b)    Whether Defendant discloses its intentional recording of telephone

communications; and

(c) Whether Defendant's conduct constitutes a violation of California Penal Code section 632.7.

16. Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

17. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

18. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

## V. CAUSE OF ACTION
### Penal Code § 632.7
**(By Class Against All Defendants)**

19. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

20. Section 632.7 prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone. No expectation of confidentiality or privacy is required, nor is any other wrongful or surreptitious intent required – only that the defendant intended to record the communication.

21. Plaintiff is informed and believes, and thereon alleges that Defendant knowingly violated Cal. Pen Code § 632.7 by intentionally recording calls with persons using cordless or cellular telephones, including Plaintiff.

22. Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code. Plaintiff does not allege common law violation of privacy nor does Plaintiff seek actual damages other that statutory damages.

23. Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in this illegal practice;

2. For certification of the putative class and an award of statutory damages thereto;

3. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5 and the common law private attorney general doctrine;

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

Dated: May 22, 2013

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell

By: _____
Scott J. Ferrell
Attorney for Plaintiff and the Class

- 5 -
CLASS ACTION COMPLAINT
Second Amended Complaint for Damages and Injunctive Relief
Exhibit A
Page 102