Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | Case No. 8:15-cv-02034-JVS (JCG) <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO QUASH QUESTIONS 13-16 OF THE CLARK BAKER SUBPOENA** <br><br> Hearing Date: June 2, 2016 <br> Hearing Time: 10:00 a.m. <br><br> Judge:  Hon. James V. Selna <br><br> Magistrate Judge Jay C. Gandhi <br><br> Fact Discovery Cut-off:   Aug. 21, 2017 <br> Expert Discovery Cut-off: Aug. 14, 2017 <br> Pretrial Conf. Date:  November 20, 2017 <br> Trial Date:          December 5, 2017 |

Plaintiff NIC and non-party Clark Baker ("Baker") (collectively "Movants") hereby supplement the record in support of Movant's position in the Joint Stipulation RE: Motion to Quash Requests 13-16 of the Clark Baker Subpoena (Dkt. 94).  Requests 13-16 (the "Requests") in the Rule 45 Subpoena issued to Clark Baker should be quashed, or in the alternative, modified.

**The Requests Are a Fishing Expedition**

The Supreme Court has defined discovery without reasonable limits to focus on adduction of relevant evidence as a "fishing expedition."  *United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (a subpoena may be quashed if it constitutes a fishing expedition and lacks the requisite "specificity").  That definition is apt in describing NTG's overbroad Requests 13 and 15, which seek *every communication* by Clark Baker with any individual that mentions or refers to James Murtagh.  Similarly, Requests 14 and 16 seek *every communication* by Clark Baker that relates or refers to Todd DeShong.  Those requests are not narrowly tailored to adduce evidence relevant to this proceeding.  They have no time frame limits.  Courts have routinely quashed subpoenas that seek "all documents" or "all communications" related to a person or subject.  *See e.g.*, *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (collecting cases); *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir.2008) (upholding district court's determination that "requests for all communications ... were overbroad"); *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 2008 WL 597711, *5-6 (E.D. Pa. Mar.4, 2008) (same); *Heckler & Koch, Inc. v. German Sport Guns GmbH*, 2013 WL 5915196, at *2 (S.D. Ind. Nov. 1, 2013) (same).  The same outcome is appropriate here.

The Requests are not limited to communications not subject to privilege made with identified individuals and entities who are reasonably believed to possess relevant evidence.  Defendants broadly seek evidence that might in some

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO QUASH

1

way suggest that Baker acted unlawfully against DeShong[1] and Murtagh without tying the requests to specific allegations at issue in this proceeding. *See* Dkt. 94-1 at 6-9. Defendants make no effort at all to tailor their requests. Defendants have instead prepared unbridled subpoena requests, thus meeting the Supreme Court's definition of a "fishing expedition."

Defendants already concede that they should have "limited" leeway in discovery, but their Requests remain unlimited.[2] Dkt. 94-2 at ¶ 9. Defendants have enough information to craft appropriate requests limited in time and scope to ensure relevance but choose not to do so.

### The Requests Seek Mostly Privileged Communications

The Requests seek communications that are primarily privileged without an applicable exception. Requests 13 and 14 seek communications between Baker "and *any person or entity* mentioning or referring to" Murtagh or DeShong, thus embracing attorney-client correspondence. Mr. Baker has been involved in four lawsuits against those two individuals with considerable interaction with counsel representing him. The Defendants are aware of that fact. Yet, they did not exclude privileged communications from their Requests. NTG's subpoena therefore compels production of every single communication between Baker and his attorneys, and, in fact, those privileged communications would make up the majority of responsive material. NTG's intentional effort to target large volumes

---

[1] No court has held that Baker litigated in bad faith and, actually, the district court expressly found otherwise. The Defendants misrepresent a recent decision by the 5th Circuit reversing and remanding in *Baker v. DeShong*. Dkt. 94-1 at 24, n. 11. In that case, the district court found that DeShong failed to prove that Baker had brought the lawsuit in bad faith. *Baker v. DeShong*, 2016 WL 2342963, at *1 (5th Cir. May 3, 2016). The Fifth Circuit did not reverse that finding; it remanded for the application of a new standard enumerated by the Supreme Court. *Id*. at *4.

[2] *Schweickert v. Hunts Point Ventures, Inc.*, 2014 WL 6886630, at *12 (W.D. Wash. Dec. 4, 2014) (Quashing Rule 45 subpoenas where party admitted that the subpoenas sought production that extends beyond the permissible scope).

of privileged documents that would never be admissible is another basis to quash the Subpoena.

Under Rule 45(d)(3)(A)(iii) district courts quash or modify subpoenas that requires the disclosure of privileged or protected matter if no waiver or exception exists. *See* Fed. R. Civ. P. 45; *see also Ebert v. C.R. Bard, Inc.*, 2014 WL 1365889, at *3 (M.D. Pa. Apr. 7, 2014). The burden of proving waiver or an exception rests with the person seeking the otherwise privileged communications. Courts have quashed or "severely modif[ied]" third party subpoenas that seek production of information protected by the attorney-client privilege and work product doctrine. *Schweickert v. Hunts Point Ventures, Inc.*, 2014 WL 6886630, at *12 (W.D. Wash. Dec. 4, 2014); *see also Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, 2014 WL 4279073, at *3 (M.D. Fla. Aug. 28, 2014) (quashing subpoena which sought information that was possibly privileged). The *Schweikert* decision also quashed the subpoena because it imposed an undue burden, like the Requests here. *Id*.

The Defendants argue that Baker failed to establish the existence of any privileged communications. However, Defendants seek information expressly (and exclusively) related to litigation wherein Baker was represented by counsel, thus of necessity embracing attorney-client communication. Defendants admit as much and attach pleadings and litigation documents from those targeted cases. They nonetheless refuse to constrain their requests to non-privileged content, requesting communications with *any person or entity* related to the subjects of that litigation. Thus, under Rule 45's mandate, the Court should quash or severely modify the Subpoena.

**The Requests Impose an Undue Burden and Violate Rule 26's Proportionality Limitations**

The recent 2015 amendment to Rule 26 reestablished the "proportionality factors." *See* Advisory Committee Notes on Fed. R. Civ. P. 26. "[T]he amended

Rule is intended to 'encourage judges to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp., Inc.*, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016) (quoting *State Farm Mut. Auto. Ins. Co. v. Fayda,* 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015)). As explained in detail in Movants' opening Motion, the information sought by the Requests is not hinged to relevance and, so, application of the "undue burden" factors supports quashing or modifying the subpoena. The proportionality analysis militates against the use of broad, sweeping discovery requests to third-parties through a fishing expedition likely to produce little to no admissible evidence.

A decision permitting these broad request would set a standard of countenancing NTG's overbroad discovery tactics and all but guaranteeing the need for judicial intervention in response to similar requests in the future. A decision against sends an unmistakable message that will help chasten NTG to respect relevance limits.

Allegations of criminal conduct against a witness in public pleadings require an evidentiary foundation. To investigate its conspiracy theories, NTG must produce an evidence based factual predicate beyond sheer speculation but instead proceeds on nothing more than bald assertions of wrongdoing. Similarly, NTG must meet a burden to tailor discovery and vet sources rather than depend on overbroad subpoena requests under Rule 45 that heavily burden the responding party.

For the foregoing reasons, Movants request that the Court quash the Requests. If the Court is disinclined to quash the Requests, we ask that they be modified pursuant to Rule 45(d) to limit them to relevant evidence.

DATED: May 19, 2016

          Respectfully submitted,

          NATURAL-IMMUNOGENICS CORP.

By:   */s/ Peter A. Arhangelsky*
      Peter A. Arhangelsky, Esq. (SBN 291325)
      Emord & Associates, P.C.
      3210 S. Gilbert Road, Suite 4
      Chandler, AZ 85286
      Phone: (602) 388-8899
      Fax: (602) 393-4361
      E-mail: parhangelsky@emord.com
      *Attorney for Plaintiff Natural Immunogenics Corp.*