**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esulolik@callahan-law.com
Michael S. LeBoff (SBN 204612)
Mleboff@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for NEWPORT TRIAL GROUP; SCOTT J.
FERRELL; RYAN M. FERRELL; VICTORIA C.
KNOWLES; DAVID REID and ANDREW LEE
BASLOW

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

NATURAL IMMUNOGENICS
CORP., a Florida corporation ,

      Plaintiff,

   v.

NEWPORT TRIAL GROUP, et al.,

      Defendants.

Judge:    Hon. James V. Selna
**CASE NO.  8:15-cv-02034-JVS-JCG**

**NOTICE OF MOTION AND
MOTION TO STRIKE COUNT
FOUR OF THE SECOND
AMENDED COMPLAINT UNDER
CAL. CIV. PROC. CODE § 425.16;
MEMORANDUM OF POINTS AND
AUTHORITIES**

Hearing:
Date:     July 11, 2016
Time:     1:30 p.m.
Courtroom:  10C

Complaint Filed:  December 7, 2015
Trial Date:      December 5, 2017

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 11, 2016 at 1:30 p.m. in Courtroom 10C of the above-captioned district court located at 411 West Fourth Street, Santa Ana, California 92701, Defendants Newport Trial Group, Scott Ferrell, Ryan Ferrell, Victoria Knowles, David Reid and Ryan Baslow will and hereby do move for an order striking the fourth claim for relief sought to be stated in the Second Amended Complaint pursuant to California Civil Procedure Code § 425.16.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 24, 2016.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and such other pleadings and papers as the Court may consider in its discretion.


Dated:  May 31, 2016                    **CALLAHAN & BLAINE, APLC**


By: */s/ Michael S. LeBoff*
Edward Susolik
Michael S. LeBoff
Attorneys for NEWPORT TRIAL
GROUP; SCOTT J. FERRELL; RYAN
M. FERRELL; VICTORIA C.
KNOWLES; DAVID REID and
ANDREW LEE BASLOW

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 1 -

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................. 1

II.     STANDARDS FOR AN ANTI-SLAPP MOTION TO STRIKE ................... 1

III.    THE UCL CLAIM ARISES OUT OF PROTECTED ACTIVITY ............... 2

IV.     NIC CANNOT SHOW A LIKELIHOOD OF PREVAILING ON ITS
        SECTION 17200 CLAIM ...................................................................... 3

        A.    NIC Failed To Plead A RICO Claim ..................................... 3

        B.    The UCL Claim Should Be Stricken For Violating the Statutory
              Safe Harbor Provided By The Litigation Privilege ................. 3

              1.    The UCL Claim Is Based Entirely On Statements Relating
                    To Judicial Proceedings ................................................ 3

              2.    NIC Cannot Plead Around The Litigation Privilege ........ 6

        C.    The Allegations Purporting To Represent The Interests Of Others
              Should Be Stricken ............................................................. 9

        D.    The UCL Claim Should Be Stricken For Seeking Injunctive
              Relief Because There Is No Real And Immediate Threat Of
              Repeated Injury In The Future .......................................... 10

        E.    The UCL Claim Should Be Dismissed Because NIC Is Not
              Entitled To The Particular Injunctive Relief Sought In The SAC ...... 11

V.      CONCLUSION .................................................................................. 12

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

Chapman v. Pier 1 Imports (U.S.), Inc.,
  631 F.3d 939 (9th Cir. 2011) ............................................................................... 11

City of Los Angeles v. Lyons,
  461 U.S. 95 (1983) .............................................................................................. 11

Clapper v. Amnesty Int'l USA,
  133 S. Ct. 1138 (2013) ........................................................................................ 11

Cuviello v. City of Oakland,
  2009 U.S. Dist. LEXIS 26067 (N.D. Cal. Mar. 19, 2009) .................................. 12

EEOC v. AutoZone, Inc.,
  707 F.3d 824 (7th Cir. 2013) .............................................................................. 12

Guerra v. Carrington Mortg. Servs. LLC,
  2010 U.S. Dist. LEXIS 70520 (C.D. Cal. June 29, 2010) .................................... 9

Hilton v. Hallmark Cards,
  599 F.3d 894 (9th Cir. 2010) ................................................................................ 2

Hiramanek v. Loftus,
  2015 U.S. Dist. LEXIS 54185 (N.D. Cal. Apr. 24, 2015) ................................... 12

Idaho v. Coeur D'Alene Tribe,
  794 F.3d 1039 (9th Cir. 2015) ............................................................................ 11

Keller v. Elec. Arts Inc. (In re NCAA Student-Athlete Name &
  Likeness Licensing Litig.),
  724 F.3d 1268 (9th Cir. 2013) .............................................................................. 2

Kokkonen v. Guardian Life Ins. Co. of Am.,
  511 U.S. 375 (1994) ............................................................................................ 13

Montoya v. Mortgageit, Inc.,
  2010 U.S. Dist. LEXIS 20783 (N.D. Cal. Feb. 10, 2010) ..................................... 9

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION TO STRIKE COUNT FOUR OF THE SECOND AMENDED COMPLAINT

O'Shea v. Littleton,
    414 U.S. 488 (974) ...................................................................................... 11

Poland v. Liberty Mut. Fire Ins. Co.,
    2014 U.S. Dist. LEXIS 11102 (E.D. Cal. Jan. 28, 2014) ..................................... 10

Religious Technology Center v. Wollersheim,
    796 F.2d 1076 (9th Cir. 1986) ..................................................................... 9

Sampson v. Murray,
    415 U.S. 61 (1974) ....................................................................................... 11

United States v. Oakland Cannabis Buyers' Coop.,
    532 U.S. 483 (2001) .................................................................................... 13

**CALIFORNIA CASES**

Action Apartment Ass'n, Inc. v. City of Santa Monica,
    41 Cal.4th 1232 (2007) ............................................................................ 4, 5

Arias v. Superior Court,
    46 Cal.4th 969 (2009) ................................................................................. 10

Asia Inv. Co. v. Borowski,
    133 Cal.App.3d 832 (1982) ........................................................................... 4

Briggs v. Eden Council for Hope & Opportunity,
    19 Cal.4th 1106 (1999) ................................................................................. 1

Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,
    20 Cal.4th 163 (1999) ............................................................................... 8, 9

Finton Construction, Inc. v. Bidna & Keys, APLC,
    238 Cal.App.4th 200 (2015) .......................................................................... 2

Flatley v. Mauro,
    39 Cal.4th 299 (2006) ............................................................................... 4, 5

Hagberg v. California Fed. Bank FSB,
    32 Cal.4th 350 (2004) ............................................................................... 4, 5

Home Ins. Co. v. Zurich Ins. Co.,
    96 Cal.App.4th 17 (2002) ............................................................................. 5

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION TO STRIKE COUNT FOUR OF THE SECOND AMENDED COMPLAINT

Kashian v. Harriman,
  98 Cal.App.4th 892 (2002) ............................................................................ 5

Lerette v. Dean Witter Organization, Inc.,
  60 Cal.App.3d 573 (1976) ............................................................................ 4

Loeffler v. Target Corp.,
  58 Cal.4th 1081 (2014) ................................................................................. 8

Nunez v. Pennisi,
  241 Cal.App.4th 861 (2015) ......................................................................... 3

O'Keefe v. Kompa,
  84 Cal.App.4th 130 (2000) ........................................................................... 5

Oasis West Realty, LLC v. Goldman,
  51 Cal.4th 811 (2011) ................................................................................... 2

Oviedo v. Windsor Twelve Properties, LLC,
  212 Cal.App.4th 97 (2012) ........................................................................... 2

Pacific Gas & Electric Co. v. Bear Stearns & Co.,
  50 Cal.3d 1118 (1990) .................................................................................. 3

Rubin v. Green,
  4 Cal.4th 1187 (1993) ........................................................................... passim

Rusheen v. Cohen,
  37 Cal.4th 1048 (2006) ......................................................................... passim

Silberg v. Anderson,
  50 Cal.3d 205 (1990) ......................................................................... 3, 4, 5, 6

Zhang v. Superior Court,
  57 Cal.4th 364 (2013) .............................................................................. 8, 10

**FEDERAL STATUTES**

Fed. R. Civ. Proc. 23 ......................................................................................... 10

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code
  § 17200 ..................................................................................... 1, 3, 8, 9 10

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION TO STRIKE COUNT FOUR OF THE SECOND AMENDED COMPLAINT

Cal. Bus. & Prof. Code
  § 17203 ............................................................................................ 10

Cal. Bus. & Prof. Code
  § 17204 ............................................................................................ 10

Cal. Civ. Code
  § 47 ...................................................................................................... 4

Cal. Civ. Proc. Code
  § 425.16 ................................................................................... 1, 2, 13

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION TO STRIKE COUNT FOUR OF THE SECOND AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On April 19, 2016, this Court granted the NTG Defendants' anti-SLAPP motion to strike NIC's claim asserting violations of the Unfair Competition Law at Business and Professions Code § 17200 (the "UCL").  (Dckt # 88-1 at 27)  NIC was granted leave to amend, and filed its Second Amended Complaint ("SAC") on May 10, 2016.  The SAC again fails to allege a viable claim under the UCL; and consequently, the NTG Defendants again move for an order striking the claim, this time, without leave to amend.  NIC cannot prevail on its UCL claim for at least the following reasons:

- NIC again failed to allege a RICO violation; and therefore, the UCL claim should be stricken to the extent premised on RICO violations.
- A state law claim under the UCL is barred by the California Litigation Privilege, Cal. Civ. Code § 47(b).
- NIC failed to properly plead this case as a class action; and therefore, lacks standing to represent the general public.
- NIC lacks standing to assert a claim for injunctive relief because it failed to plead facts showing a threat of future action.
- NIC is not entitled to the injunctive relief sought; and therefore, has no available remedy under the UCL.

For each of these reasons, NIC cannot prevail on its UCL claim and the claim should be stricken without leave to amend.

## II.    STANDARDS FOR AN ANTI-SLAPP MOTION TO STRIKE

A SLAPP suit—a strategic lawsuit against public participation—seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances.  See Briggs v. Eden Council for Hope & Opportunity, 19 Cal.4th 1106, 1109, n.1 (1999). The California Legislature enacted Code of Civil Procedure section 425.16—known as the anti-SLAPP statute—to

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  provide a procedural remedy to quickly dispose of lawsuits brought to chill the valid

2  exercise of constitutional rights.  See Rusheen v. Cohen, 37 Cal.4th 1048, 1055-

3  1056 (2006).  The Ninth Circuit observed that "California's anti-SLAPP statute is

4  designed to discourage suits that masquerade as ordinary lawsuits but are brought to

5  deter common citizens from exercising their political or legal rights or to punish

6  them for doing so."  Keller v. Elec. Arts Inc. (In re NCAA Student-Athlete Name &

7  Likeness Licensing Litig.), 724 F.3d 1268, 1272 (9th Cir. 2013) (citation omitted).

8       The analysis on an anti-SLAPP motion involves two steps. First, the court

9  decides whether the defendant has made a threshold showing that the challenged

10 cause of action is one arising from protected activity.  See Oasis West Realty, LLC

11 v. Goldman, 51 Cal.4th 811, 819-820 (2011).  If the court finds such a showing has

12 been made, it then must consider whether plaintiff demonstrated a probability of

13 prevailing on the claim.  The probability of prevailing standard is satisfied when the

14 party opposing an anti-SLAPP motion presents *admissible evidence* demonstrating

15 the existence of a prima facie case.  See Oviedo v. Windsor Twelve Properties,

16 LLC, 212 Cal.App.4th 97, 112 (2012).  "Put another way, the plaintiff must

17 demonstrate that the complaint is both legally sufficient and supported by a

18 sufficient prima facie showing of facts to sustain a favorable judgment if the

19 evidence submitted by the plaintiff is credited."  Hilton v. Hallmark Cards, 599 F.3d

20 894, 903 (9th Cir. 2010) (citation omitted).   "Once the court reaches the second

21 prong of the analysis, it must rely on admissible evidence, not merely allegations in

22 the complaint or conclusory statements by counsel."  Finton Construction, Inc. v.

23 Bidna & Keys, APLC, 238 Cal.App.4th 200, 213 (2015).

24 **III.   THE UCL CLAIM ARISES OUT OF PROTECTED ACTIVITY**

25      NIC's UCL claim against NTG Defendants is premised on actions taken and

26 statements made in prior lawsuits.  "A cause of action 'arising from' defendant's

27 litigation activity may appropriately be the subject of a section 425.16 motion to

28 strike."  Rusheen, 37 Cal.4th at 1056; Nunez v. Pennisi, 241 Cal.App.4th 861, 872

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   (2015) ("The filing of lawsuits is an aspect of the First Amendment right to

2   petition."); Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal.3d 1118, 1133

3   (1990)  ("The right to petition for redress of grievances is a basic right guaranteed

4   by the state and federal Constitutions.").  Accordingly, the first prong of the anti-

5   SLAPP analysis is clearly met, thus shifting the burden to NIC to show a probability

6   of prevailing on the merits.

7   **IV.    NIC CANNOT SHOW A LIKELIHOOD OF PREVAILING ON ITS**

8   **SECTION 17200 CLAIM**

9       **A.    NIC Failed To Plead A RICO Claim**

10        For the reasons set forth in the concurrently filed Motion to Dismiss, NIC has

11   failed to plead a viable RICO claim against any of the NTG Defendants.  "NIC

12   cannot borrow RICO to satisfy the 'unlawful' prong of the UCL claim when the

13   RICO claims are insufficiently plead."  (Dckt. # 88-1 at 27)  Therefore, to the extent

14   the UCL claim is premised on RICO violations, the claim should be stricken.

15       **B.    The UCL Claim Should Be Stricken For Violating the Statutory**

16   **Safe Harbor Provided By The Litigation Privilege**

17           **1.    The UCL Claim Is Based Entirely On Statements Relating To**

18   **Judicial Proceedings**

19        The UCL claim should be stricken for violating the statutory safe harbor

20   provided by California's litigation privilege found in California Civil Code § 47(b).

21   The privilege "applies to any communication (1) made in judicial or quasi-judicial

22   proceedings; (2) by litigants or other participants authorized by law; (3) to achieve

23   the objects of the litigation; and (4) that have some connection or logical relation to

24   the action."  Silberg v. Anderson, 50 Cal.3d 205, 212 (1990).  Pleadings and process

25   in a case are generally viewed as privileged communications.  Rusheen, 37 Cal.4th

26   at 1058. "The privilege 'is not limited to statements made during a trial or other

27   proceedings, but may extend to steps taken prior thereto, or afterwards.'"  Action

28   Apartment Ass'n, Inc. v. City of Santa Monica, 41 Cal.4th 1232, 1241 (2007).  The

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   litigation privilege extends to statements made prior to the filing of a lawsuit,

2   <u>Hagberg v. California Fed. Bank FSB</u>, 32 Cal.4th 350, 361 (2004), including

3   prelitigation communications, <u>Rubin v. Green</u>, 4 Cal.4th 1187, 1194 (1993), such as

4   pre-filing demand letters, <u>Lerette v. Dean Witter Organization, Inc.</u>, 60 Cal.App.3d

5   573, 577 (1976), and settlement proposals considered to contain a "threat," <u>Asia Inv.</u>

6   <u>Co. v. Borowski</u>, 133 Cal.App.3d 832, 843 (1982); <u>Flatley v. Mauro</u>, 39 Cal.4th

7   299, 325 (2006) (noting that "Civil Code section 47 . . . limit[s] the liability of a

8   party that sends to an opposing party a letter proposing settlement of proposed

9   litigation").  In addition, "attorney prelitigation solicitations of potential clients and

10  subsequent filing of pleadings in the litigation" are "acts [that] have been deemed

11  communicative and thus protected by the litigation privilege."  <u>Rusheen</u>, 37 Cal.4th

12  at 1058 (citing <u>Rubin</u>, 4 Cal.4th at 1195-96).

13          "The principal purpose of section [47(b)] is to afford litigants and witnesses

14  the utmost freedom of access to the courts without fear of being harassed

15  subsequently by derivative tort actions."  <u>Silberg</u>, 50 Cal.3d at 213 (internal citation

16  omitted).  The litigation privilege "further promotes the effectiveness of judicial

17  proceedings by encouraging attorneys to zealously protect their clients' interests."

18  <u>Id.</u> at 214.  "[I]n immunizing participants from liability for torts arising from

19  communications made during judicial proceedings, the law places upon litigants the

20  burden of exposing during trial the bias of witnesses and the falsity of evidence,

21  thereby enhancing the finality of judgments and ***avoiding an unending roundelay***

22  ***of litigation, an evil far worse than an occasional unfair result***."  <u>Id.</u> (emphasis

23  added).  "To allow a litigant to attack the integrity of evidence after the proceedings

24  have concluded . . . would impermissibly burden, if not inundate, our justice

25  system."  <u>Id.</u> "[I]t is not surprising that section [47(b)], the litigation privilege, has

26  been referred to as the 'backbone to an effective and smoothly operating judicial

27  system.'"  <u>Id.</u> at 214-15.

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 4 -

"To effectuate its vital purposes, the litigation privilege is held to be absolute in nature." Silberg, 50 Cal.3d at 215; Action Apartment Ass'n, 41 Cal.4th at 1241 ("In order to achieve this purpose of curtailing derivative lawsuits, we have given the litigation privilege a broad interpretation."). "Any doubt as to whether the privilege applies is resolved in favor of applying it." Home Ins. Co. v. Zurich Ins. Co., 96 Cal.App.4th 17, 23 (2002) (citation omitted). "The only exception to application of section [47(b)] to tort suits has been for malicious prosecution actions." Silberg, 50 Cal.3d at 216; Hagberg, 32 Cal.4th at 375 ("Section 47(b) operates to bar civil liability for any tort claim based upon a privileged communication, with the exception of malicious prosecution[.]").

The privilege applies even if the statements were made with actual malice or with intent to do harm. O'Keefe v. Kompa, 84 Cal.App.4th 130, 135 (2000); Silberg, 50 Cal.3d. at 216 (stating that the Legislature intended the litigation privilege to apply to all publications "irrespective of their maliciousness"). Put differently, application of the privilege does not depend on the publisher's "motives, morals, ethics or intent." Silberg, 50 Cal.3d at 220. "The litigation privilege has been applied in 'numerous cases' involving 'fraudulent communication or perjured testimony.'" Flatley, 39 Cal.4th 299, 322 (2006) (quoting Silberg, 50 Cal.3d at 218) (citing cases); Rusheen, 37 Cal.4th at 1058 (stating that the "[litigation] privilege has been applied specifically in the context of abuse of process claims alleging the filing of false or perjurious testimony or declarations"); Kashian v. Harriman, 98 Cal.App.4th 892, 920 (2002) ("We conclude . . . that communications made in connection with litigation do not necessarily fall outside the privilege simply because they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal.").

The gravamen of the SAC is that "[o]n NTG's behalf, and under supervision of NTG attorneys, Baslow solicited, recruited, paid or promised to pay individuals to serve as plaintiffs in fabricated and fraudulent NTG lawsuits. Baslow has

instructed and advised individuals to sign documents containing statements known to be false in support of those fabricated and fraudulent NTG lawsuits."  (SAC ¶ 7)  The SAC also alleges that "NTG and its associates used the threat of significant class action liability and costs to create fear in defendant corporations of crippling financial losses, and many corporations invariably decided—based on that fear—to pay NTG and its 'plaintiff' settlement monies in exchange for the non-filing of threatened suits or the dismissal of suits NTG filed."  (SAC ¶ 27)  The SAC identifies various purported predicate acts of economic extortion by referencing specific federal district court and California state court lawsuits.  (SAC ¶¶ 369-375)

There is no question the activity alleged in the SAC is predicated upon communicative conduct by or on behalf of litigants in judicial proceedings.  The statements made in lawsuits identified in the SAC clearly have "some reasonable relevancy to the subject matter of the action[s]."  Silberg, 50 Cal.3d at 220.  All of the purported false statements were made to accomplish the objectives of such actions, which was to obtain liability against the respective defendants.  Thus, the litigation privilege in California Civil Code § 47(b) applies.

### 2.    NIC Cannot Plead Around The Litigation Privilege

The California Supreme Court held that a plaintiff cannot avoid the litigation privilege by pleading a claim as one for injunctive relief under the UCL.  Rubin, 4 Cal.4th at 1200-04.  In Rubin, the operative complaint alleged that the defendants wrongfully "solicited" a collateral litigation against the plaintiff and engaged in attorney solicitation.  Id. at 1190-92, 1196.  The California Supreme Court held that these acts were "communicative in their essential nature and therefore within the privilege of section 47(b)" and "thus absolutely immune from civil tort liability."  Id. at 1196.  The California Supreme Court then held: "To permit the same communicative acts to be the subject of an injunctive relief proceeding brought by this same plaintiff under the unfair competition statute undermines that immunity."  Id. at 1202-03.  The California Supreme Court further explained:

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1      "Apart from spawning yet another layer of litigation,

2      placing in the hands of a litigation adversary a weapon

3      with the tactical potential of a statutory unfair competition

4      claim for injunctive relief would promote all of the evils

5      we have described above as accompanying retaliatory suits

6      based on litigation-related communications."

7   Id. at 1203.  The California Supreme Court identified such evils as:

8      "The impairment of colorable claims by disrupting access

9      to counsel, the intimidating effect on attorneys of facing

10     an almost certain retaliatory proceeding, the distractions

11     inherent in requiring counsel to deal with defending a

12     personal countersuit as well as the predicate action and, in

13     general, the dampening effect on the unobstructed

14     presentation of claims which we have identified as the

15     central value supporting limitations on other derivative tort

16     actions, apply with equal force to this suit."

17  Id. at 1197-98.  The California Supreme Court concluded:

18     "Given the importance of the policy favoring judicial

19     access, and of the role played by the litigation privilege as

20     a means of effectuating that policy, we conclude that

21     plaintiff may not avoid the bar of section 47(b) by casting

22     his claim as one for injunctive relief under the unfair

23     competition statute."

24  Id. at 1204.

25          Following Rubin, the California Supreme Court has consistently enforced

26  statutory safe harbors to the UCL including the litigation privilege.  Loeffler v.

27  Target Corp., 58 Cal.4th 1081, 1125 (2014); Zhang v. Superior Court, 57 Cal.4th

28  364, 368 (2013) ("We have made it clear that . . . a plaintiff may not use the UCL to

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    'plead around' an ***absolute*** bar to relief"); <u>Cel-Tech Communications, Inc. v. Los</u>

2    <u>Angeles Cellular Tel. Co.</u>, 20 Cal.4th 163, 182 (1999).  For example, in <u>Cel-Tech</u>,

3    the California Supreme Court held:

4                    "Although the unfair competition law's scope is sweeping,

5                    it is not unlimited. Courts may not simply impose their

6                    own notions of the day as to what is fair or unfair. Specific

7                    legislation may limit the judiciary's power to declare

8                    conduct unfair. If the Legislature has permitted certain

9                    conduct or considered a situation and concluded no action

10                   should lie, courts may not override that determination.

11                   When specific legislation provides a 'safe harbor,'

12                   plaintiffs may not use the general unfair competition law

13                   to assault that harbor."

14   <u>Cel-Tech</u>, 20 Cal.4th at 182.  The California Supreme Court then cited to its

15   decision in <u>Rubin</u> in support of the foregoing principle of law, and noted that it had

16   "rejected the claim that a plaintiff may, in effect, 'plead around' absolute barriers to

17   relief by relabeling the nature of the action as one brought under the unfair

18   competition statute."  <u>Cel-Tech</u>, 20 Cal.4th at 182 (quoting <u>Rubin</u>, 4 Cal.4th at

19   1201).  "A bar against an action 'may not be circumvented by recasting the action as

20   one under Business and Professions Code section 17200.'"  <u>Cel-Tech</u>, 20 Cal. 4th at

21   182 (quoting <u>Rubin</u>, 4 Cal. 4th at 1202).

22           As a result, NIC cannot "plead around" the litigation privilege by recasting its

23   malicious prosecution claim as one for unfair competition under the UCL.  <u>Rubin</u>, 4

24   Cal.4th at 1202-03.  Nor can NIC plead around the litigation privilege by basing the

25   state law UCL claim on an alleged violation of the federal RICO statutes.  A UCL

26   claim is, at its core, a California statutory cause of action.  Therefore, it is governed

27   by California law.  The fact a UCL claim is premised on a violation of federal law

28   does not convert the UCL claim into a federal cause of action.  See <u>Montoya v.</u>

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   Mortgageit, Inc., 2010 U.S. Dist. LEXIS 20783 at *7 (N.D. Cal. Feb. 10, 2010)

2   ("The complaint's references to federal law do not convert the UCL claim into a

3   federal cause of action."); Guerra v. Carrington Mortg. Servs. LLC, 2010 U.S. Dist.

4   LEXIS 70520, at * 4-6 (C.D. Cal. June 29, 2010) ("California district courts have

5   held that mere references to federal law in UCL claims do not convert the claim into

6   a federal cause of action.") (and cases cited therein).)

7         In addition, there is no private right to an injunction in a civil RICO case.

8   Thirty years ago, the Ninth Circuit held:

9             "For civil RICO, there are strong indicia of congressional

10            intent *against* any implied injunctive relief remedy.

11            Similarly, there is no indication in the language of section

12            1964 that civil RICO was not intended, as its plain

13            wording states, to limit private plaintiffs only to damages,

14            costs, and fees. Taken together, the legislative history and

15            statutory language suggest overwhelmingly that no private

16            equitable action should be implied under civil RICO."

17   Religious Technology Center v. Wollersheim, 796 F.2d 1076, 1088 (9th Cir. 1986).

18   NIC cannot use a California statute to get around Congress' clear intent to bar

19   injunctions in private civil RICO action.  Thus, the UCL claim is barred by

20   California's litigation privilege and should be stricken.

21        **C.**     **The Allegations Purporting To Represent The Interests Of Others**

22              **Should Be Stricken**

23         NIC purports to bring its UCL claim "on behalf of themselves and ***on behalf***

24   ***of the public*** pursuant to Business & Professional [sic] Code § 17204."  (SAC ¶

25   406) (emphasis added).  In seeking injunctive relief, NIC alleges that "NIC ***and the***

26   ***public*** will be irreparably harmed if such an order is not granted."  (SAC ¶ 410)

27   (emphasis added).  NIC also alleges that "[i]njunctive relief is necessary to prevent

28   continuing or future harm to NIC ***and the public generally***."  (SAC ¶ 407)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

(emphasis added).  The prayer for relief seeks an award of attorneys' fees under Cal. Civ. Proc. § 1021.5, (SAC at 95:16), which provides in part that "a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the ***general public or a large class of persons*** . . . ."  (emphasis added).

"[A] private plaintiff must file a class action in order to represent the interests of others."  Zhang, 57 Cal.4th 372; see also Arias v. Superior Court, 46 Cal.4th 969, 980 (2009) (holding that under Bus. & Prof. Code section 17203, a plaintiff that seeks to represent the interests of others "must meet the requirements for a class action."); Poland v. Liberty Mut. Fire Ins. Co., 2014 U.S. Dist. LEXIS 11102, at *7 (E.D. Cal. Jan. 28, 2014) (holding plaintiff could not pursue a Section 17200 claim "on behalf of the general public without certifying a class.")  Here, NIC makes no attempt to plead a viable class action or to comply with the pleading requirements of Fed. R. Civ. Proc. 23 or Local Rule 23-2.  Consequently, NIC cannot seek injunctive relief "on behalf of the public."  Thus, the UCL claim should be dismissed to the extent it seeks to represent the interests of others.

**D.    The UCL Claim Should Be Stricken For Seeking Injunctive Relief Because There Is No Real And Immediate Threat Of Repeated Injury In The Future**

To have standing to obtain injunctive relief, a plaintiff must allege that a "real or immediate threat" exists that he will be wronged again.  City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983); see also Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 946 (9th Cir. 2011) ("[T]o establish standing to pursue injunctive relief, . . . . [plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future.").  The "'threatened injury must be ***certainly impending*** to constitute injury in fact,' and '[a]llegations of ***possible*** future injury' are not

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  sufficient." <u>Clapper v. Amnesty Int'l USA</u>, 133 S. Ct. 1138, 1147 (2013) (citation

2  omitted; emphasis added).  The alleged threat cannot be "conjectural" or

3  "hypothetical." <u>Lyons</u>, 461 U.S. at 101–02. "Past exposure to illegal conduct does

4  not in itself show a present case or controversy regarding injunctive relief ... if

5  unaccompanied by any continuing, present adverse effects." <u>O'Shea v. Littleton</u>,

6  414 U.S. 488, 495–96 (974).  The SAC is devoid of any plausible allegations of a

7  "real or immediate threat" that NIC will be wronged again in the future.

8        In addition, an injunction is not appropriate where the alleged harm is merely

9  economic and can be compensated through a money judgment.  "Mere injuries,

10  however substantial, in terms of money, time and energy necessarily expended in

11  the absence of a stay, are not enough. The possibility that adequate compensatory or

12  other corrective relief will be available at a later date, in the ordinary course of

13  litigation, weighs heavily against a claim of irreparable harm." <u>Sampson v. Murray</u>,

14  415 U.S. 61, 90 (1974); <u>see also</u> <u>Idaho v. Coeur D'Alene Tribe</u>, 794 F.3d 1039, 1046

15  (9th Cir. 2015) ("Purely economic harms are generally not irreparable, as money

16  lost may be recovered later, in the ordinary course of litigation.").  The SAC is

17  devoid of any factual allegations showing a real and immediate threat of harm, let

18  alone a threat of harm that could not be adequately remedied by a money judgment;

19  and therefore NIC lacks standing to seek injunctive relief.

20        **E.**     **<u>The UCL Claim Should Be Dismissed Because NIC Is Not Entitled</u>**

21              **<u>To The Particular Injunctive Relief Sought In The SAC</u>**

22        Standing issues aside, NIC cannot get the injunctive relief sought in the SAC.

23  NIC improperly seeks an injunction generally preventing the NTG Defendants from

24  committing further acts of malicious prosecution or violations of RICO.  (SAC at ¶

25  408)  Courts should not issue injunctions that merely require the party enjoined to

26  comply with existing law.  <u>See</u> <u>EEOC v. AutoZone, Inc.</u>, 707 F.3d 824, 841 (7th

27  Cir. 2013) ("An obey-the-law injunction departs from the traditional equitable

28  principle that injunctions should prohibit no more than the violation established in

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

the litigation or similar conduct reasonably related to the violation."); <u>Hiramanek v. Loftus</u>, 2015 U.S. Dist. LEXIS 54185 at *2 (N.D. Cal. Apr. 24, 2015) ("[T]he proposed injunction is problematic because it is, in effect, an obey-the-law injunction. Such injunctions are generally disfavored."); <u>Cuviello v. City of Oakland</u>, 2009 U.S. Dist. LEXIS 26067, at *9 (N.D. Cal. Mar. 19, 2009) ("Notably, courts have held that not only vague injunctions but also injunctions that simply require a defendant to "obey the law" fail to comply with Rule 65(d).").

NIC further seeks an order requiring the NTG Defendants to plead all future lawsuits with Rule 9(b) specificity.  (SAC at ¶ 409)  Such an injunction would clearly be unlawful.  This Court does not have the authority to modify the Rules of Civil Procedure to extend Rule 9(b) to all claims brought by any client who retains NTG, nor does the Court have the authority to adopt separate pleadings rules applicable only to the clients of one law firm.  In addition, the Court cannot impose any rules applicable to cases or parties in which this Court lacks jurisdiction, and therefore cannot dictate the pleading rules for cases pending in state court, other districts or other judges within this District.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute … which is not to be expanded by judicial decree."); <u>United States v. Oakland Cannabis Buyers' Coop.</u>, 532 U.S. 483, 497 (2001) ("A district court cannot, for example, override Congress' policy choice, articulated in a statute, as to what behavior should be prohibited.").  Nor should the Court should usurp the power of the California State Bar in regulating the conduct of lawyers admitted to practice in this State.

Accordingly, NIC is not entitled to the injunctive relief it is seeking; and therefore, has no available remedies under its UCL claim.

## V.   <u>CONCLUSION</u>

For each of the separate and independent reasons, NIC cannot show a likelihood of success on the merits of its UCL claim, and therefore, the claim should

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  be stricken under Cal. Civ. Proc. Code § 425.16 and the moving defendants should

2  be awarded the attorney's fees incurred in bringing this motion in an amount to be

3  determined on a subsequent motion.

4

5  Dated:  May 31, 2016                    **CALLAHAN & BLAINE, APLC**

6

7                                          By:  */s/ Michael S. LeBoff*
                                                Edward Susolik
8                                               Michael S. LeBoff
                                                Attorneys for NEWPORT TRIAL
9                                               GROUP; SCOTT J. FERRELL; RYAN
                                                M. FERRELL; VICTORIA C.
10                                              KNOWLES; DAVID REID and
                                                ANDREW LEE BASLOW

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION TO STRIKE COUNT FOUR OF THE SECOND AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**

**NATURAL IMMUNOGENICS CORP., V. NEWPORT TRIAL GROUP, ET AL.**

**U.S.D.C. CASE NO. 8:15-CV-02034-JVS-JCG**

I am employed in the County of Orange, state of California.  I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707**.

On May 31, 2016, I served the following document(s) described as **NOTICE OF MOTION AND MOTION TO STRIKE COUNT FOUR OF THE SECOND AMENDED COMPLAINT UNDER CAL. CIV. PROC. CODE § 425.16; MEMORANDUM OF POINTS AND AUTHORITIES**

☒ **BY ELECTRONIC MAIL:** I electronically filed such document with the Clerk of the Court  using the CM/ECF system, which sent electronic notification of such filing  to all other parties appearing on the docket sheet as listed below:

Peter A. Arhangelsky; Eric J. Awerbuch; and Joshua S. Furman:
parhangelsky@emord.com
eawerbuch@emord.com
jfurman@emord.com

Leah M Kaufman: leah@leahmkaufman.com

Gillian L. Wade; Marc Castaneda;  Mayo L. Makarczyk; and Sara D. Avila:
gwade@majfw.com
mcastaneda@milsteinadelman.com
savila@majfw.com
mmakarczyk@milsteindelman.com

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 31, 2016, at Santa Ana, California.

   */s/ Maria Martinez*
   Maria Martinez

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM