UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-02034 JVS (JCGx)    Date  June 16, 2016

Title  Natural -Immunogenics Corp. v. Newport Trial Group, et al.

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers)   Order GRANTING IN PART and DENYING IN PART Plaintiff's Motion for Sanctions

    In January 2016, Plaintiff Natural-Immunogenics Corporation ("Natural-Immunogenics"), a dietary supplement company, sued Defendants Newport Trial Group, Scott Ferell, Ryan Ferell, Victoria Knowles, and Andrew Baslow (collectively, the "Newport Trial Group Defendants") for malicious prosecution. Docket No. 30 ¶ 265. The first amended complaint alleged that the Newport Trial Group Defendants paid two individuals to serve as fraudulent plaintiffs in Nilon v. Natural-Immunogenics Corp., No. 12-cv-930-LAB-BGS (S.D. Cal.) ("Nilon"), a consumer class action filed by Newport Trial Group against Natural-Immunogenics alleging false advertisement and unfair competition. Id. ¶¶ 266-276.

    The Newport Trial Group Defendants, along with Defendant David Reid ("Reid"), later moved to strike the complaint under California's Anti-SLAPP Law, Cal. Civ. Proc. Code § 425.16. Docket No. 39. In support of their anti-SLAPP Motion, Reid, the managing partner for Newport Trial Group, submitted an affidavit (the "Anti-SLAPP Affidavit") stating that "[he] had no involvement in the Nilon action." Docket No. 41 at 9 ¶ 2.

    Natural-Immunogenics now moves for sanctions against Reid on the grounds that the Anti-SLAPP Affidavit misrepresented Reid's involvement in Nilon. Docket No. 101. For the reasons stated below, the Court **grants in part** and **denies in part** Natural-Immunogenics's motion for sanctions.

**Analysis**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS (JCGx)                    Date    June 16, 2016

Title    Natural -Immunogenics Corp. v. Newport Trial Group, et al.

1. The Court exercises its inherent powers to determine whether Reid engaged in sanctionable misconduct.

Natural-Immunogenics seeks sanctions against Reid for filing a false affidavit in conjunction with the Newport Trial Group Defendants' anti-SLAPP motion. In determining whether Reid engaged in sanctionable misconduct, the Court must first determine the source of its authority to sanction Reid. See Primus Automotive Financial Services, Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (analyzing district court's sanctions order to determine source of district court's authority to impose sanctions). Natural-Immunogenics argues that the Court may impose sanctions against Reid on five independent bases: Federal Rules of Civil Procedure 11 and 56(h), Local Rules 83-7 and 11-9, and the Court's inherent powers. Docket No. 101 at 1. As explained below, none of the four federal or local rules allow the Court to sanction Reid here. Instead, the Court will use its inherent powers to determine whether Reid engaged in sanctionable misconduct.

    1.1.    Federal Rule of Civil Procedure 11

First, Natural-Immunogenics seeks sanctions under Rule 11. Rule 11 allows courts to impose sanctions against parties for papers that are frivolous, unreasonable, baseless, or that are otherwise filed for an improper purpose. Fed. R. Civ. P. 11(c)(1). This includes filing false affidavits. Havensight Capital LLC v. Nike, Inc., 2015 WL 993344, at *1 (C.D. Cal. Feb. 18, 2015) ("Plaintiff violated Rule 11 by presenting a false affidavit to the Court."). Natural-Immunogenics's request for Rule 11 sanctions is untimely, however. "Motions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing. This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy." Islamic Shura Council of So. Cal. v. FBI, 757 F.3d 870, 873 (9th Cir. 2014). Here, Natural-Immunogenics seeks Rule 11 sanctions against Reid for filing a false affidavit in connection with the Newport Trial Group Defendants' anti-SLAPP motion. But Natural-Immunogenics did not file this motion until May 16, 2016, nearly one month after the Court ruled on the anti-SLAPP motion on April 19, 2016. Compare Docket No. 100 with Docket No. 88. Because the Court has already ruled on the anti-SLAPP motion, imposing Rule 11 sanctions now would not serve Rule 11's purpose of judicial economy. Islamic Shura, 757 F.3d at 873. The Court therefore cannot exercise its authority under Rule 11 here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS (JCGx) | Date | June 16, 2016 |
| Title | Natural -Immunogenics Corp. v. Newport Trial Group, et al. | | |

      1.2.      Federal Rule of Civil Procedure 56(h)

      Second, Natural-Immunogenics seeks sanctions under Rule 56(h). Rule 56(h) allows courts to impose sanctions against parties for filing false affidavits in conjunction with a Rule 56 summary judgment motion. Fed. R. Civ. P. 56(h) ("If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court -- after notice and a reasonable time to respond -- may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result."). On its face, Rule 56(h) applies only to summary judgment motions, and not anti-SLAPP motions. Id. Natural-Immunogenics argues that the Court should extend Rule 56(h) to anti-SLAPP motions because anti-SLAPP motions and summary judgment motions are both dispositive motions that challenge the plaintiff's alleged lack of evidence. Docket No. 101-1 at 5 n.1. The Court disagrees. The Ninth Circuit has extended Rule 56 to anti-SLAPP motions only in certain exceptional cases. Sarver v. Chartier, 813 F.3d 891, 900-902 (9th Cir. 2016); Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 845 (9th Cir. 2001). Those cases involved Erie doctrine issues arising from conflicts between the California anti-SLAPP statute's procedural provisions and federal procedural rules. Sarver, 813 F.3d at 900-902 (holding that the California anti-SLAPP statute's timing provisions do not apply in federal court); Metabolife, 264 F.3d at 845 (holding that the California anti-SLAPP statute's discovery-limiting provisions do not apply in federal court for anti-SLAPP motions that challenge the factual basis of the plaintiff's allegations); Z.F. v. Ripon Unified Sch. Dist., 482 F. App'x 239, 240 (9th Cir. 2012) (unpublished) ("These actual and potential conflicts between California's anti-SLAPP procedural provisions and the federal rules result in a threshold inquiry: whether to consider the instant anti-SLAPP motion under a summary judgment standard or a motion to dismiss standard. If a defendant makes an anti-SLAPP motion to strike founded on . . . a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted." (internal citations omitted)). Unlike those cases, there are no Erie issues here: California's anti-SLAPP statute does not prohibit courts from imposing sanctions for false affidavits filed in conjunction with anti-SLAPP motions. Indeed, as discussed below, federal courts have the inherent power to sanction parties for filing false affidavits in connection with any filing, regardless of Rule 56(h). See Section 1.5 supra (discussing Court's inherent power to sanction the filing of false affidavits). Accordingly, the Court declines to extend Rule 56(h) to anti-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS (JCGx) | Date | June 16, 2016 |
| Title | Natural -Immunogenics Corp. v. Newport Trial Group, et al. | | |

SLAPP motions. The Court therefore declines to consider whether sanctions are appropriate under Rule 56(h).

        1.3.        Local Rule 83-7

Third, Natural-Immunogenics seeks sanctions under Local Rule 83-7. Local Rule 83-7 allows courts to impose sanctions for any violation of the Local Rules. L.R. 83-7. Here, Reid's alleged misconduct is filing a false affidavit. Natural-Immunogenics has failed to identify any local rule expressly prohibiting parties from filing false affidavits. The Court therefore declines to exercise its authority under Local Rule 83-7.

        1.4.        Local Rule 11-9

Fourth, Natural-Immunogenics seeks sanctions under Local Rule 11-9. Local Rule 11-9 allows courts to impose sanctions for filing frivolous motions or oppositions to motions, or for otherwise failing to comply with the Local Rules governing the format of court filings. L.R. 11-9. Local Rule 11-9 is not appropriate here, for two reasons. First, the Anti-SLAPP Affidavit did not by itself render the Newport Trial Group Defendants' anti-SLAPP motion frivolous. Second, and again, Reid's alleged misconduct is filing a false affidavit, and not failure to comply with the Local Rules governing motion practice. The Court therefore declines to exercise its authority under Local Rule 11-9.

        1.5.        Inherent powers

Fifth, and finally, Natural-Immunogenics seeks sanctions under the Court's inherent powers. Independent of the Federal Rules of Civil Procedure and Local Rules, federal courts have the inherent power to "levy sanctions in response to abusive litigation practices." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 765 (1980) (citing Link v. Wabash R. Co., 370 U.S. 626, 632 (1962)); In re Yagman, 803 F.2d 1085 (9th Cir. 1986). The court's inherent power to impose sanctions for abusive litigation practices extends to a "broad range of willful improper conduct." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001). This includes filing false affidavits. Mercury Serv., Inc. v. Allied Bank of Texas, 117 F.R.D. 147, 158 (C.D. Cal. 1987), aff'd, 907 F.2d 154 (9th Cir. 1990) ("Sanctioning a party or its counsel for the filing of false or seriously misleading affidavits is appropriate under these inherent powers . . . ."). The Court therefore will exercise its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS (JCGx) | Date | June 16, 2016 |
| Title | Natural -Immunogenics Corp. v. Newport Trial Group, et al. | | |

authority under its inherent powers to determine whether sanctions are appropriate for Reid's allegedly false affidavit.

    2.    Reid engaged in misconduct sanctionable under the Court's inherent powers.

To impose sanctions under the court's inherent powers, the court must find "bad faith or conduct tantamount to bad faith." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001); United States v. Brown, 62 F. App'x 165, 166 (9th Cir. 2003) (unpublished) ("[W]e have consistently held that bad faith is required whenever courts invoke inherent powers to sanction, regardless of the form of the sanction or whether the conduct in question was advocacy-related."). Under the bad faith standard, "mere recklessness, without more, does not justify sanctions under a court's inherent power." Fink, 239 F.3d at 993-94. However, "[s]anctions are available for a variety of types of willful actions, *including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose*." Id. at 994 (emphasis added). Accordingly, "an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, . . . are sanctionable under a court's inherent power." Id. As explained below, the Court finds that Reid engaged in sanctionable misconduct by recklessly filing a false affidavit in connection with the Newport Trial Group Defendants' anti-SLAPP motion for the improper purpose of avoiding potential individual liability on Natural-Immunogenics's malicious prosecution and civil conspiracy claims.

    2.1.    The Anti-SLAPP Affidavit was a reckless misstatement of fact.

Under the bad faith standard, the Court must first find recklessness. Id. As explained below, the Court finds that the Anti-SLAPP Affidavit was a reckless misstatement of fact.

In the Anti-SLAPP Affidavit, Reid stated that "[he] had no involvement in the Nilon action." Docket No. 41 at 9 ¶ 2. This testimony is directly contradicted by a January 5, 2015 affidavit that Reid filed in Nilon. In that affidavit, Reid stated that, "[on] December 4, 2014, [he] met and conferred with Defendant's counsel [in Nilon]" and that, "[at] the time of the December 4, 2014[] meeting, [he] was fully versed in the case." Docket No. 101-3 at 3 ¶¶ 2, 4. The affidavit further stated that Reid "had and continue[s] to have full authority over the case." Id. at 3 ¶ 4. The contradictory testimony is further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS (JCGx) | Date | June 16, 2016 |
| Title | Natural -Immunogenics Corp. v. Newport Trial Group, et al. | | |

corroborated by extrinsic evidence establishing that, in addition to exercising full supervisory authority over Nilon and participating in a discovery conference, Reid also participated in a settlement conference and served as a witness in Nilon. Docket No. 112-5 ¶¶ 4-13.

In his defense, Reid argues that the Anti-SLAPP Affidavit was truthful because he did not meaningfully participate in Nilon. Docket No. 112 at 8; Docket No. 112-5 ¶ 3 ("When I stated that I had no 'involvement' in the Nilon Action, I meant that I had no meaningful participation in or effect on the outcome of that case. I believe that the word 'involvement' requires meaningful participation in an event."). The Court rejects this explanation. If Reid's involvement in Nilon was limited to (1) attending the December 4, 2014 discovery conference with opposing counsel solely to comply with the presiding magistrate judge's standing rules and (2) communicating with opposing counsel regarding settlement discussions after the relations between the parties deteriorated, the Anti-SLAPP Affidavit should have said so. For example, in the affidavit that Reid submitted in support of his opposition to Natural-Immunogenics's present motion for sanctions, Reid exhaustively describes the extent of his involvement in Nilon. Id. ¶¶ 4-13. Regarding his involvement in the December 4, 2014 discovery conference, Reid explains: "Ryan Ferrell was one of the [Newport Trial Group] counsel responsible for handling the Nilon Action. Ryan Ferrell asked me to participate in the December 4, 2014 meet-and-confer session because, as he explained, Magistrate Judge Bernard G. Skomal's rules require in-person meet-and-confer sessions when parties' counsel have offices in the same county . . . . That is why Ryan Ferrell copied me on earlier correspondence with [Natural-Immunogenics's] counsel Mr. Negrete explaining when I would be available to meet and confer." Id. ¶ 7. Further, regarding his involvement in settlement discussions with Natural-Immunogenics, Reid explains: "In a good-faith effort to resolve the Nilon case, therefore, I placed the one phone call to Mr. Arhangelsky, and followed that call up with the one email attached to [Natural-Immunogenics's] motion. . . . [Natural-Immunogenics's counsel apparently did not take my phone call and email seriously, and they perfunctorily rejected [Newport Trial Group's] efforts to settle the case. Once these settlement discussions fell apart, I had no further participation in the Nilon Action." Id. ¶ 13. The Anti-SLAPP Affidavit mentions none of this. Instead, the Anti-SLAPP Affidavit stated unequivocally, under penalty of perjury, that Reid had "no involvement in the Nilon action." Docket No. 41 at 9 ¶ 2. That was false, and submitting that statement to the Court was a reckless misstatement of fact. Arguably tangential or minor involvement is not "no involvement."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS (JCGx)                                      Date   June 16, 2016

Title   Natural -Immunogenics Corp. v. Newport Trial Group, et al.

    Two other factors further establish Reid's recklessness in filing the Anti-SLAPP Affidavit. First, Reid is the managing partner for Newport Trial Group, and Natural-Immunogenics alleges that Newport Trial Group is engaged in a conspiracy to extort money from corporate defendants through fraudulent litigation tactics like making intentional false misrepresentations to the court. See, e.g., Docket No. 30 ¶¶ 270-274. Given Natural-Immunogenics's allegations, Reid should make every effort to be forthcoming with the Court here. Second, and more concerning, Reid altogether failed to revisit in his own mind the extent of his involvement in Nilon before representing to the Court that he had no involvement in Nilon. Docket No. 112-5 ¶ 6 ("My participation in the December 4, 2014 meet-and-confer session was so nominal that I did not remember it at the time I submitted my declaration in this case."). Indeed, Reid did not investigate the extent of his involvement in Nilon until only after Natural-Immunogenics alleged that the Anti-SLAPP Affidavit contained misstatements of fact regarding Reid's involvement in Nilon. Id. ("After [Natural-Immunogenics] raised the issue in a letter threatening to bring a motion for sanctions, however, I refreshed my recollection about this meeting, and I believe that my attendance at that one meeting did not raise to the level of 'involvement' in the Nilon Action."). Reid's failure to investigate the extent of his involvement in Nilon before submitting an affidavit stating unequivocally, under penalty of perjury, that he had no involvement in Nilon is only further evidence of his recklessness.

    2.2.        The Anti-SLAPP Affidavit was submitted for an improper purpose.

    Under the bad faith standard, in addition to recklessness, the Court must also find improper purpose. Fink, 239 F.3d at 994. As explained below, the Court finds that Reid submitted the Anti-SLAPP Affidavit for the improper purpose of avoiding potential individual liability on Natural-Immunogenics's claims for malicious prosecution and civil conspiracy.

    Here, Reid submitted the Anti-SLAPP Affidavit in support of the Newport Trial Group Defendants' anti-SLAPP motion to strike the claims for malicious prosecution in Natural Immunogenics's first amended complaint. Docket No. 112-5 ¶ 2 ("I submitted a declaration in connection with the [Newport Trial Group] Defendants' Motion to Strike the First and Fourth Causes of Action in the First Amended Complaint Under Cal. Civ. Proc. Code § 425.16."). Specifically, Reid submitted the Anti-SLAPP Affidavit to support the following assertion in the anti-SLAPP motion: although "[Natural-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS (JCGx) | Date | June 16, 2016 |
| Title | Natural -Immunogenics Corp. v. Newport Trial Group, et al. | | |

Immunogenics] has asserted a malicious prosecution claim against Newport Trial Group, Scott Ferrell, Ryan Ferrell, Victoria Knowles, Andrew Baslow, James Hardin, Andrew Nilon and Giovanni Sandoval," Docket No. 40 at 10, "Defendant David Reid, the managing partner of Newport Trial Group, had no involvement in the Nilon Action. He is not alleged to be liable for malicious prosecution," id. at 10 n.1 (internal citations omitted). The Newport Trial Group Defendants nowhere else refer to the Anti-SLAPP Affidavit in their anti-SLAPP motion. In other words, Reid submitted the Anti-SLAPP Affidavit in connection with the anti-SLAPP motion solely to disclaim liability on Natural-Immunogenics's claims for malicious prosecution. Given both the content of the Anti-SLAPP Affidavit (i.e., an unequivocal denial of any involvement in Nilon) and the context in which it was submitted (i.e., in an anti-SLAPP motion to strike Natural-Immunogenics's claims for malicious prosecution with prejudice), it thus appears that Reid submitted the Anti-SLAPP Affidavit solely for the improper purpose of disclaiming any potential downstream liability on Natural-Immunogenics's claims for malicious prosecution, and, to the extent that Natural-Immunogenics's civil conspiracy claim against Reid was predicated on Reid's involvement in Nilon, Natural-Immunogenics's conspiracy claim against Reid. Indeed, Reid has had numerous opportunities to provide the Court with specific, alternative reasons explaining why he filed the Anti-SLAPP Affidavit, including, for example, in the Anti-SLAPP Affidavit, in the anti-SLAPP motion, in his opposition to Natural-Immunogenics's motion for sanctions, and at the hearing on Natural-Immunogenics's motion for sanctions. Reid has provided none. Instead, Reid has stated only that "[he] did not submit the declaration for any improper purpose" and that "[he] submitted that declaration in support of the [Newport Trial Group] Defendants' Anti-SLAPP motion, which was brought in good faith, and which [he] believed (and continued to believe) was a meritorious motion." Docket No. 112-5 ¶ 2. Submitting the Anti-SLAPP Affidavit in an attempt to avoid potential individual liability on Natural-Immunogenics's claims for malicious prosecution and civil conspiracy was improper and, combined with Reid's recklessness, subjects Reid to sanctions for bad faith misconduct under the Court's inherent powers.

At the hearing on Natural-Immunogenics's motion for sanctions, Reid argued that, because Natural-Immunogenics's first amended complaint did not allege malicious prosecution against Reid individually,[1] the Anti-SLAPP Affidavit could not have

---

[1] The Newport Trial Group Defendants' anti-SLAPP motion moved to strike Natural-Immunogenics's first amended complaint. Docket No. 39. Natural-Immunogenics's first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS (JCGx) | Date | June 16, 2016 |
| Title | Natural -Immunogenics Corp. v. Newport Trial Group, et al. | | |

improperly sought to negate an essential element of Natural-Immunogenics's malicious prosecution claim. While correct, this argument misunderstands the basis for the Court's sanctions. The Court is not sanctioning Reid for attempting to negate an essential element of Natural-Immunogenics's malicious prosecution claim against the Newport Trial Group Defendants. Rather, the Court is sanctioning Reid for attempting to avoid *any* potential individual liability on either the malicious prosecution claim or the civil conspiracy claim. Reid's attempt to avoid potential individual liability by recklessly filing a false affidavit unequivocally denying any involvement in Nilon remains sanctionable misconduct, regardless of whether Natural-Immunogenics's operative complaint at the time alleged malicious prosecution against Reid individually.

   2.3.   The Court formally reprimands Reid for his misconduct.

As explained above, Reid engaged in bad faith misconduct by (1) recklessly filing the Anti-SLAPP Affidavit in connection with the Newport Trial Group Defendants' anti-SLAPP motion (2) for the improper purpose to avoid any potential individual liability on Natural-Immunogenics's claims for malicious prosecution and civil conspiracy. Fink, 239 F.3d at 994. Recklessly filing a false affidavit in connection with a dispositive motion for the purpose of avoiding potential individual liability is serious misconduct that warrants formal reprimand. Accordingly, the Court formally reprimands Reid for this misconduct.

   3.   The Court declines to impose additional sanctions against Reid.

Natural-Immunogenics requests that the Court impose additional sanctions against Reid. This includes: (1) striking the Anti-SLAPP Affidavit and any filings relying on the affidavit under the sham affidavit rule; (2) imposing issue preclusion sanctions expressly finding that Reid was involved in Nilon for purposes of Natural-Immunogenics's malicious prosecution claim; and (3) awarding Natural-Immunogenics the attorney's fees

---

amended complaint did not allege malicious prosecution against Reid individually. Docket No. 30 ¶ 265. Rather, Natural-Immunogenics's first amended complaint alleged malicious prosecution only against the Newport Trial Group Defendants and the two individuals that Newport Trial Group allegedly hired to act as fraudulent plaintiffs. Id. Natural-Immunogenics has since filed an second amended complaint alleging malicious prosecution against Reid individually. Docket No. 92 ¶ 334.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS (JCGx) | Date | June 16, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

that they incurred in filing this motion. Docket No. 101 at 2. The Court declines to impose these sanctions.

> 3.1.    The Court declines to strike the Anti-SLAPP Affidavit as a "sham affidavit."

First, Natural-Immunogenics requests that the Court strike the Anti-SLAPP Affidavit and all filings relying on the Anti-SLAPP Affidavit under the sham affidavit rule. Put generally, the sham affidavit rule allows the Court to strike a witness's affidavit contradicting that witness's earlier testimony when the party submits the affidavit solely to raise an issue of fact. Van Asdale v. Int'l Game Tech, 577 F.3d 989, 998-99 (9th Cir. 2009) (citing Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991)). "A court should apply the sham affidavit rule with caution and only in situations where the inconsistency between a party's deposition testimony and subsequent affidavit [is] clear and unambiguous." In re ConAgra Foods, Inc., 90 F. Supp. 3d 919, 961 (C.D. Cal. 2015) (internal citations and quotations omitted). The Court declines to apply the sham affidavit rule here. Instead, the Court will permit Natural-Immunogenics to use the Anti-SLAPP Affidavit, this order, and any other documents regarding Reid's involvement in Nilon as impeachment evidence against Reid as otherwise permitted under the Federal Rules of Evidence.

> 3.2.    The Court declines to impose issue preclusion sanctions.

To show malicious prosecution, the plaintiff must show, among other things, that the prior underlying action was "commenced by or at the direction of the defendant." HMS Capital, Inc. v. Lawyers Title Co., 118 Cal. App. 4th 204, 213 (Cal. Ct. App. 2004) (citing Crowley v. Katleman, 8 Cal. 4th 666, 676 (Cal. 1994)). Natural-Immunogenics requests that the Court impose issue preclusion sanctions expressly finding that Reid "commenced" Nilon for purposes of Natural-Immunogenics's malicious prosecution claim. Id. "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). This includes issue preclusion sanctions, which direct the court and parties to take certain facts "as established for the purposes of the action." Fed. R. Civ. P. 37(b)(2)(A)(i). Courts rarely impose issue preclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 15-02034 JVS (JCGx)      Date June 16, 2016

Title    Natural -Immunogenics Corp. v. Newport Trial Group, et al.

sanctions: courts typically impose issue preclusion sanctions only for "discovery abuse that is so extreme and prejudicial that no lesser remedy will cure the harm." Brighton Collectibles, Inc. v. RK Texas Leather Mfg., 2013 WL 4716210, at *1 (S.D. Cal. Sept. 3, 2013) (citing Synapsis, LLC v. Evergreen Data Sys., Inc., 2006 WL 2884413, at *1 (N.D. Cal. 2006)).

     Issue preclusion sanctions are not appropriate here, for three independent reasons. First, and most importantly, there are alternative evidentiary remedies for filing a false affidavit: namely, using the false affidavit as impeachment evidence. Brighton, 2013 WL 4716210, at *1. Second, despite Reid's false affidavit, the extent of Reid's involvement in Nilon remains a contested issue of fact that is inappropriate for resolution through issue preclusion sanctions: as Natural Immunogenics itself stated in an unrelated sanctions motion in Nilon, "[Reid], who is not trial counsel [for Nilon], never appeared in the case and had little or no knowledge eof the case or the issues. At [the discovery conference], conference, it was clear that Mr. Reid did not have a basic understanding of the case at hand, and did not have the authority to establish any time frame for the class period." Docket No. 112-3 at 5:18-23. Third, Natural-Immunogenics has failed to identify any authorities allowing the Court to impose issue preclusion sanctions under its inherent powers (and not Rule 37) for misconduct that is unrelated to discovery abuse. The Court therefore declines to impose issue preclusion sanctions here.

        3.3.       The Court declines to award attorney's fees.

     Third, and finally, Natural-Immunogenics requests the attorney's fees that they incurred in filing this motion. In certain circumstances, "sanctions under the court's inherent powers may take the form of attorney's fees." Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997). Attorney's fees awards have different policy goals, depending on the context. For example, certain federal anti-discrimination statutes allow for attorney's fees awards in order to incentivize zealous enforcement of federal anti-discrimination law. See Norris v. Sysco Corp., 191 F.3d 1043 (9th Cir. 1999) (analyzing proprietary attorney's fees award for actions brought under Title VII of the federal Civil Rights Act of 1964, 42 U.S.C. § 2000e). By contrast, the "overriding purpose" of attorney's fees award in the context of Rule 11 sanctions is deterrence. In re Yagman, 796 F.2d 1165, 1183 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS (JCGx) | Date | June 16, 2016 |
| Title | Natural -Immunogenics Corp. v. Newport Trial Group, et al. | | |

      Here, Natural-Immunogenics argues that attorney's fees are appropriate to both (1) deter Reid from future misconduct and (2) compensate Natural-Immunogenics for the unnecessary fees that they incurred in bringing the present motion after Reid refused to amend or withdraw the false affidavit. Docket No. 119 at 14-15. The Court declines to award attorney's fees under either rationale. First, the Court's formal reprimand is sufficient to deter Reid from filing false affidavits in the future. Second, Natural-Immunogenics, and not Reid, is largely responsible for incurring fees in bringing the present motion: as discussed in Section 1.1 supra, Natural-Immunogenics waited to seek sanctions until after the Court ruled on Newport Trial Group Defendants' anti-SLAPP motion, and much of the fees incurred in bringing this motion could have been avoided if Natural-Immunogenics instead brought this motion *before* the Court ruled on the anti-SLAPP motion. The same rationale for not granting relief under Rule 11 applies here.

**Conclusion**

      For the reasons stated above, the Court **grants in part** and **denies in part** Natural-Immunogenics's motion for sanctions.

      Exercising its inherent powers, the Court formally reprimands Reid for filing a false affidavit in connection with the Newport Trial Group Defendants' anti-SLAPP motion. The Court **orders** Reid to file a corrected affidavit within ten days.

      The Court declines to impose additional sanctions.

      **IT IS SO ORDERED.**

|  |  |  |  |
|---|---|---|---|
|  |  | 0 : 00 |  |
|  | Initials of Preparer | kjt |  |