Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
EMORD & ASSOCIATES, P.C.
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., <br><br> Plaintiff, <br> v. <br><br> NEWPORT TRIAL GROUP, *et al.*, <br><br> Defendants. | Case No. 8:15-cv-02034-JVS (JCG) <br><br> **DECLARATION OF JOSHUA S. FURMAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO NTG DEFENDANTS' MOTION TO STRIKE COUNT FOUR OF THE SECOND AMENDED COMPLAINT UNDER CAL. CIV. PROC. CODE § 425.16** <br><br> Hearing Date: July 11, 2016 <br> Time:  1:30 p.m. <br> Judge:  Hon. James V. Selna |

## <u>DECLARATION OF JOSHUA S. FURMAN</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1.    I, Joshua S. Furman, am over the age of 18 and competent to testify to the information below.

2.      I am an attorney with the law firm of Emord & Associates, P.C.  I am counsel of record in the above-captioned case.  I make this declaration based on my own personal knowledge.

3.      Plaintiff Natural-Immunogenics Corp. served subpoenas on Cellco Partnership dba Verizon Wireless and AT&T Wireless.

4.      The Verizon subpoena sought the telephone call logs for Andrew Nilon's mobile phone, XXX-XXX-0902, from October 1, 2011, to September 1, 2014.

5.      **Exhibit A** is a true and correct copy of the records produced by Verizon in response to NIC's subpoena.  Those records are voluminous and have been excerpted for their use in this briefing.  I have redacted personal identifying information and the first six digits of each phone number to maintain the privacy of non-parties and parties.

6.      The AT&T subpoena sought the telephone call logs for, *inter alia*, Andrew Baslow's mobile phone, XXX-XXX-0164, from January 1, 2010, to present.

7.      **Exhibit B** is a true and correct copy of the records produced by AT&T in response to NIC's subpoena of Baslow's records.  Those records are voluminous and have been excerpted for their use in this briefing.  I have redacted personal identifying information and the first six digits of each phone number to maintain the privacy of non-parties and parties.  The redacted telephone numbers on the left represent the originating telephone and the redacted telephone numbers on the right represent the terminating (receiving) telephone numbers.

8.      In Andrew Nilon's Chromadex Complaint, he alleged that "[i]n February, 2013… [he] called [Chromadex] at 855-777-0660 from a wireless telephone." *See* Chromadex Complaint (Dkt. 92-1).

9.      A search of Nilon's phone records reveals that from October 2011 until April 2015, there is no record of Nilon making a phone call to that number.  *See* Exhibit A (no call to any number ending in "0660" in the month of February 2013).

Declaration of Joshua S. Furman

10.    Andrew Nilon's phone records contain only five calls between Nilon and any attorney at NTG, despite his status as the Class Plaintiff for nearly two and a half years.  Those five calls only occurred between February 21, 2013 and May 21, 2013.  *See* Exhibit A at15–19.  The records indicate that Nilon instead communicated almost exclusively with Andrew Baslow.

11.    After August 21, 2013, there is no record of any telephone contact between any NTG employee, agent, or attorney and Andrew Nilon (XXX-XXX-0902) except one missed call from Andrew Baslow to Andrew Nilon on May 6, 2014.

12.    Lead counsel, Ryan Ferrell (XXX-XXX-9059), in Nilon v. NIC had his last phone conversation with Andrew Nilon on May 21, 2013.  Exh. A at 19.

13.    On May 12, 2016, NIC subpoenaed Chromadex, Inc.  Chromadex served its responses and objections on June 9, 2016.

14.    Attached as **Exhibit C** is a true and correct copy of Chromadex's responses and objections.

15.    NIC's first request to Chromadex sought "[a]ny recording, document, or transcript that represents, concerns, memorializes, or relates to a phone call allegedly made by Andrew Nilon to Chromadex in 2013…"  *See* Exhibit C at 55.  In response, Chromadex stated that it "does not now and has never had in its custody, possession or control any recording or transcript of any telephone call between Andrew Nilon and Chromadex."  *Id.* at 56.

16.    NIC's fifth request to Chromadex sought "[a]ny internal records or account information concerning whether 'Andrew Nilon' ever purchased a Chromadex product or service…"  *Id.* at 58.  In response, Chromadex stated that "no responsive (sic) documents responsive to the request are in its custody, possession or control."  *Id.*

17.    Although the records show that Nilon never called Chromadex, Andrew Baslow did call Chromadex once on January 28, 2013 and again on February 27, 2013.  *See* Exhibit B at 21 & 23.

Declaration of Joshua S. Furman

18. Baslow's phone records show a phone call to Giovanni Sandoval (XXX-XXX-9832) on October 17, 2013. *See* Exhibit B at 25.

19. Baslow's phone records show a phone call to Carter-Reed (1-800-506-1577) on August 1, 2012. *See* Exhibit B at 27.

20. On August 17, 2012, Andrew Baslow sent a text message to Taylor Demulder (XXX-XXX-8857). *See* Exhibit B at 35. Taylor Demulder called Baslow back four minutes later. *Id.* at 29. Baslow and Demulder exchanged over thirty text messages on August 17, 2012. *Id.* at 35–36.

21. Baslow and Demulder communicated again on August 22, 2012. *Id.* at 38–39. Baslow texted Demulder again on September 4, 2012, two days before Demulder made his call to Carter-Reed. *Id.* at 41.

22. Shortly after Demulder made his call to Carter-Reed on September 6, 2012, Demulder sent a text to Baslow and the two exchanged more than ten messages. *Id.* at 43. They spoke again on September 10, 2012, three days before Demulder's lawsuit against Carter-Reed was filed by Kirtland & Packard LLP. *Id.* at 33.

23. Sam Schoonover (XXX-XXX-4303) allegedly made his call to Himalaya Drug Co. in the "Summer of 2012." SAC ¶ 254. However, he and Baslow had phone conversations as early as March 15, 2012. *See* Exhibit B at 45.

24. Baslow and Schoonover communicated through text messages on July 5, 2012. *See* Exhibit B at 51.

25. Andrew Baslow called Himalaya Drug Co. (1-800-869-4640) on July 16, 2012. Schoonover and Baslow spoke on the telephone that same day. *Id.* at 47–49.

26. NTG filed a Complaint on behalf of Sam Schoonover three days later. *See Sam Schoonover v. Himalaya Drug Company*, No. 3:12-cv-1782-JLS-RBB (S.D. Cal. Filed July 19, 2012).

27. Baslow called Isabella Janovick (XXX-XXX-3468) on July 30, 2013, just one day before she donated $100 to the charity she ultimately sued, and one day after

David Urzua donated exactly $100 to the charity that he ultimately sued.  *See* Exhibit B at 53; *see also* Dkt. 30 at ¶ 200.

28.     On June 20, 2016, I caused a subpoena to be served on Scott Vick, Esq., counsel of record for DeviantART, Inc., the defendant in the case *Hanberg v. DeviantArt*, Los Angeles Superior Court (CCW), No. BC 65184.  In response, Mr. Vick produced, *inter alia*, a Declaration of Scott Vick attached hereto as Exhibit D.  **Exhibit D** is a true and correct copy of the Declaration provided by Mr. Vick.

29.     **Exhibit E** is a true and correct copy of the email message that I received from Scott Ferrell on December 7, 2015.

Executed on this 20th day of June, 2016.

 */s/ Joshua S. Furman*
Joshua S. Furman
*Attorney for Plaintiff NIC*

Declaration of Joshua S. Furman
5