# EXHIBIT D

Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
EMORD & ASSOCIATES, P.C.
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, *et al.*,<br><br>Defendants. | Case No. 8:15-cv-02034-JVS (JCG)<br><br>**DECLARATION OF SCOTT VICK**<br><br>Complaint Files: December 7, 2015<br>Trial Date:  December 5, 2017<br>Judge:  Hon. James V. Selna |

## <u>DECLARATION OF SCOTT VICK</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1.    I, Scott Vick, am over the age of 18 and competent to testify to the information below.  I am the principal attorney of Vick Law Group, P.C.  I am counsel of record for defendant DeviantArt, Inc. in the matter of *Kristyne Hanberg v. DeviantArt, Inc.*, Los Angeles Superior Court, Case No. BC 615184, filed on March 28, 2016 ("*Hanberg v. DeviantArt*").

2.    DeviantArt is the world's largest online social network for artists and art enthusiasts, and a platform for emerging and established artists to exhibit, promote, and share their works with an enthusiastic, art-centric community.  DeviantArt has over 38 million registered members and attracts over 65 million unique visitors per month. Although membership and use of the site is completely free, members can support the site by becoming a "Core" member, which would entitle them, among other things, to use the site without viewing advertisements, receive discounts on prints, change their user name, and have an orange star displayed next to their username.

3.    In the *Hanberg v. DeviantArt* case (discussed more below), Plaintiff Kristyne Hanberg alleges that she ordered a DeviantArt "Core" membership for $15.00 and that DeviantArt failed to make the required clear and conspicuous online disclosures before her credit card was automatically rebilled three months later.

4.    **Exhibit 1** is a true and correct copy of DeviantArt's Order Details screenshot associated with Ms. Hanberg's purchase of a DeviantArt Core Membership. The "Order Details" screen shows that on Thursday, **October 15, 2015** at 9:31 a.m., "Kristyne Hanberg" (username kristynehanberg) placed on on-line order at DeviantArt.com to purchase a DeviantArt "Core" membership for $15.00, paying that amount with a Mastercard credit card ending in 9311.  The screenshot shows that the purchase was made from the IP ("internet protocol") address **74.212.229.98**.

5.    Upon investigation, I learned that the IP Address from which "Ms. Handberg's" purchase was made was one of a group of IP Addresses assigned to Newport Trial Group (74.212.229.**_96_** through 74.212.229.**_103_**).  **Exhibit 2** are true and correct copies of three third-party IP Address search engines that returned "Newport Trial Group PC" as the entity associated with the **74.212.229.98** IP address.  I also reviewed several e-mails that I had received from Scott Ferrell, one of the principals of Newport Trial Group.  The emails were from sferrell@trialnewport.com and originated from the IP Address 74.212.229.99 (which was within the range of Newport Trial Group assigned IP Addresses).

6.    People typically become a DeviantArt member (which is free) to look at art, post art, tag art, communicate with artists through the website, make comments, or order prints.  DeviantArt's business records, true and correct copies of which are attached hereto as **Exhibit 3**, show that Ms. Hanberg never visited or used DeviantArt's website at any time, for any purpose.  Ms. Hanberg had no user activity.  She did not post any art, tag any art, make comments of any kind, or make any print purchases.  Ms. Hanberg paid for a membership (which is otherwise free unless the user wants, inter alia, to avoid viewing advertising) but never went back to the site again to view art free of advertising.

7.    On **October 27, 2015**, twelve days after Ms. Handberg's online order was placed (and more than two months before she was rebilled), a demand letter was sent by Scott Ferrell of Newport Trial Group to DeviantArt's "Legal Department."  A true and correct copy of this letter is attached hereto as **Exhibit 4**.  The letter stated that Newport Trial Group "has been retained to prosecute a class action lawsuit against" DeviantArt for purported violation of California's automatic renewal statute.  The letter further states that "**prior to purchasing a subscription, _our client_** visited [DeviantArt's] website."  The client was not specifically identified.

8.    DeviantArt later received a letter dated March 28, 2016 from Gillian Wade, Sara Avila and Marc Castaneda of Milstein Adelman LLP (now Milstein Adelman

Declaration of Scott Vick

2

Jackson Fairchild & Wade, LLP) on behalf of Plaintiff Hanberg. **Exhibit 5** is a true and correct copy of the March 28, 2016 letter sent by Milstein Adelman LLP.

9. Also on March 28, 2016, a putative class action complaint entitled *Hanberg v. DeviantArt* was filed in the Los Angeles County Superior Court. In that lawsuit, Ms. Hanberg asserted claims against Deviant Art for alleged violation of California's auto-renewal statute (Cal. Bus. & Prof. Code §§ 17602-17604), the Consumer Legal Remedies Act (Cal. Civ. Code § 1750 *et. seq.*), and the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200-17204). A true and correct copy of the complaint is attached hereto as **Exhibit 6**.

10. In the course of performing a litigation search, I found 4 other lawsuits in which Kristyne Hanberg is identified as a putative class action plaintiff, all filed between November 2015 and April 2016. In each of these actions, Ms. Hanberg is represented by either the Newport Trial Group or the Milstein firm or both as reflected in the chart below:

| No. | Date | Plaintiff | Defendant | Court | Counsel of Record |
|---|---|---|---|---|---|
| 1. | 11/06/2015 | Kristyne Hanberg On behalf of herself and others similarly situated | Egnyte, Inc. By "Jane Doe" | CDCA / Southern Division | **Newport Trial Group** David W. Reid Richard H. Hikida Victoria C. Knowles Scott J. Ferrell |
| 2. | 03/18/2016 | Kristyne Hanberg On behalf of herself and others similarly situated | Drugstore.com | CDCA / Southern Division | **Milstein Adelman LLP** Gillian L. Wade **Newport Trial Group** David W. Reid Richard H. Hikida Victoria C. Knowles Scott J. Ferrell |
| 3. | 03/28/2016 | Kristyne Hanberg On behalf of herself and others similarly situated | DeviantArt | LASC – CCW | **Milstein Adelman LLP** Gillian L. Wade |

Declaration of Scott Vick

3

| No. | Date | Plaintiff | Defendant | Court | Counsel of Record |
|---|---|---|---|---|---|
| 4. | 04/01/2016 | | Tresta, Inc. | CDCA / Southern Division | **Newport Trial Group** David W. Reid Richard H. Hikida Victoria C. Knowles Scott J. Ferrell |
| 5. | 04/22/2016 | Kristyne Hanberg On behalf of herself and others similarly situated | 800Razor.com | CDCA / Southern Division | **Milstein Adelman LLP** Gillian L. Wade  **Newport Trial Group** David W. Reid Richard H. Hikida Victoria C. Knowles Scott J. Ferrell |

11.     **Exhibits 7, 8 and 9**, respectively, are true and correct copies of the Court Docket, Complaint and Voluntary Dismissal filed by the Newport Trial Group in the matter of ***Jane Doe (Hanberg) v. Egnyte, Inc.*** filed in the Central District of California, Case No. 8:15-cv-01828-JLS-DFM on November 6, 2015.  Kristyne Hanberg is later identified on the docket sheet as the "Jane Doe" Plaintiff.

12.     **Exhibits 10, 11 and 12**, respectively, are true and correct copies of the Court Docket, Complaint and Voluntary Dismissal filed jointly by the Newport Trial Group and the Milstein firm in the matter of ***Hanberg v. Drugstore.com, Inc.*** filed in the Central District of California, Case No. 8:16-cv-00523-DMG-JEM on March 18, 2016.

13.     **Exhibits 13, 14, and 15**, respectively, are true and correct copies of the Court Docket, Complaint and Voluntary Dismissal filed by the Newport Trial Group in the matter of ***Hanberg v. Tresta, Inc.*** filed in the Central District of California, Case No. 8:16-cv-00613-DOC-DFM on April 1, 2016.

14.     **Exhibits 16 and 17**, respectively, are true and correct copies of the Court Docket and Complaint filed jointly by the Newport Trial Group and the Milstein firm in

Declaration of Scott Vick

4

the matter of *Hanberg v. 800Razor.com, LLC* in the Central District of California, Case No. 8:16-cv-00761-MWF-RAO on April 22, 2016.

15.    On June 10, 2016, I conducted the deposition of plaintiff Kristyne Hanberg, which was unilaterally terminated by plaintiff's counsel Sara Avila.  **Exhibit 18** is a true and correct copy of the transcript of Ms. Hanberg's deposition conducted on June 10, 2016.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.  Executed on this 16th day of June, 2016 in Los Angeles, California.

_____

Scott Vick, Esq.
*Attorney for Non-Party DeviantArt*

Declaration of Scott Vick

5

# EXHIBIT 1



# EXHIBIT 2

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 72

## WHOIS-RWS

You searched for: **74.212.229.98**

| Network | |
|---|---|
| Net Range | 74.212.229.96 - 74.212.229.103 |
| CIDR | 74.212.229.96/29 |
| Name | NEWPORT-TRIAL-GROUP-PC |
| Handle | NET-74-212-229-96-1 |
| Parent | TELEPACIFIC-LA-BLK-5 (NET-74-212-192-0-1) |
| Net Type | Reassigned |
| Origin AS | |
| Customer | Newport Trial Group PC (C03169464) |
| Registration Date | 2012-09-28 |
| Last Updated | 2012-09-28 |
| Comments | |
| RESTful Link | https://whois.arin.net/rest/net/NET-74-212-229-96-1 |
| See Also | Upstream network's resource POC records. |
| See Also | Upstream organization's POC records. |
| See Also | Related delegations. |

| Customer | |
|---|---|
| Name | Newport Trial Group PC |
| Handle | C03169464 |
| Street | 895 DOVE ST<br>STE 425 |
| City | NEWPORT BEACH |
| State/Province | CA |
| Postal Code | 92660 |
| Country | US |
| Registration Date | 2012-09-28 |
| Last Updated | 2012-09-28 |
| Comments | |
| RESTful Link | https://whois.arin.net/rest/customer/C03169464 |
| See Also | Upstream network's resource POC records. |
| See Also | Upstream organization's POC records. |

| Point of Contact | |
|---|---|

Plaintiff's Opp. to NTG Defendants' Mot. to Strike<br>Exh. D<br>Page 73

| | |
|---|---|
| Name | IP Engineer |
| Handle | IPENG24-ARIN |
| Company | TelePacific Communications |
| Street | 515 South Flower St<br>47th Floor |
| City | Los Angeles |
| State/Province | CA |
| Postal Code | 90071 |
| Country | US |
| Registration Date | 2011-05-02 |
| Last Updated | 2015-11-13 |
| Comments | |
| Phone | +1-213-213-3000 (Office) |
| Email | ipengineer@telepacific.com |
| RESTful Link | https://whois.arin.net/rest/poc/IPENG24-ARIN |

| Point of Contact | |
|---|---|
| Name | Abuse Team Role |
| Handle | ATR4-ARIN |
| Company | TelePacific Communications |
| Street | South Flower St. 47th Floor |
| City | LOS ANGELES |
| State/Province | CA |
| Postal Code | 90071 |
| Country | US |
| Registration Date | 2003-04-18 |
| Last Updated | 2016-03-28 |
| Comments | |
| Phone | +1-877-487-8349 (Office) |
| Email | abuse@telepacific.net<br>abuse@telepacific.com |
| RESTful Link | https://whois.arin.net/rest/poc/ATR4-ARIN |

| Point of Contact | |
|---|---|
| Name | Telepacific Communication |
| Handle | ZT119-ARIN |
| Company | Telepacific Communications |
| Street | 515 S. Flower St. 47th Floor |
| City | Los Angeles |
| State/Province | CA |

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 74

2/3

| | |
|---|---|
| Postal Code | 90071 |
| Country | US |
| Registration Date | 2002-05-22 |
| Last Updated | 2016-04-22 |
| Comments | |
| Phone | +1-213-213-3000 (Office) |
| Email | ipadmin@telepacific.com |
| RESTful Link | https://whois.arin.net/rest/poc/ZT119-ARIN |

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 75

3/3

# iCIMS Applicant Tracking

Schedule Orientation, I-9, W-4 Form Completions & More.

○ ○

## IP address 74.212.229.98

| | |
|---|---|
| **Address type** | IPv4 ❷ (http://en.wikipedia.org/wiki/IPv4) |
| **Hostname** | 74-212-229-98.static-ip.telepacific.net |
| **ISP** | Telepacific Communications |
| **Organization** | Newport Trial Group PC |
| **Timezone** | America/Los_Angeles (UTC-7) |
| **Local time** | 09:36:18 |
| **Country** | United States 🇺🇸 |
| **State / Region** | California |
| **District / County** | Orange County |
| **City** | Newport Beach |
| **Zip / Postal code** | 92660 |
| **Coordinates** | 33.658, -117.865 |

Is the above data incorrect ? Please help us improve our database accuracy.

Report wrong data (/report/?addr=74.212.229.98&loc=US+/+Newport+Beach&isp=Telepacific+Communications)



View Larger Map (http://www.openstreetmap.org/?lat=33.658&lon=-117.865&zoom=4&layers=M&mlat=33.658&mlon=-117.865)

Copyright © 2016 db-ip.com, all rights reserved.

terms of service (/tos.php) | contact (/contact/)

search (/all)

Plaintiff's Opp. to NTG Defendants' Mot. to Strike

Exh. D

Page 76

1/1



# IP LOCATION



ANGRY BIRDS NOW ON ZIPLOC BRAND BAGS.

LEARN MORE >

The Angry Birds Movie, only in theaters.

**HOME**     **WHAT IS MY IP**     **HIDE IP**     **CHANGE IP**     **VPN COMPARISON**

**FORUMS**

# Where is Geolocation of an IP Address?





rocket matter

MAKE MO' MONEY!

Download The
Lawyer's Guide
to Getting Paid

GET MY FREE COPY NOW !

Geolocation for IP **74.212.229.98**.

**Hide IP with VPN**

## IP Location Finder

| IPv4, IPv6 or Domain Name | IP Lookup |
|---|---|

Here are the results from a few Geolocation providers. Accuracy of geolocation data may vary from a provider to provider. Test drive yourself, and decide on the provider that you like.

Do you have a problem with IP location lookup? Report a problem.

 AdChoices    ► Trace IP Address    ► IP Location    ► Location Tracking    ► Location Map

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 77

## Geolocation data from IP2Location (Product: DB6, updated on 2016-6-1)

| IP Address | Country | Region | City |
|---|---|---|---|
| 74.212.229.98 | United States | California | Newport Beach |
| **ISP** | **Organization** | **Latitude** | **Longitude** |
| Newport Trial Group PC | Not Available | 33.632209777832 | -117.87158966064 |

## Geolocation data from ipinfo.io (Product: API, real-time)

| IP Address | Country | Region | City |
|---|---|---|---|
| 74.212.229.98 | United States | California | San Bernardino |
| **ISP** | **Organization** | **Latitude** | **Longitude** |
| Telepacific Communications | Newport Trial Group PC | 34.1795 | -117.2479 |

## Geolocation data from EurekAPI (Product: API, real-time)

| IP Address | Country | Region | City |
|---|---|---|---|
| 74.212.229.98 | United States | California | Santa Ana |
| **ISP** | **Organization** | **Latitude** | **Longitude** |
| Telepacific Communications | Telepacific Communications | 33.7693 | -117.8797 |

## Geolocation data from DB-IP (Product: Full, 2016-6-1)

| IP Address | Country | Region | City |
|---|---|---|---|
| 74.212.229.98 | United States | California | Newport Beach |
| **ISP** | **Organization** | **Latitude** | **Longitude** |
| Telepacific Communications | Newport Trial Group PC | 33.658 | -117.865 |

## Geolocation data from MaxMind (Product: GeoLiteCity, updated on 2016-5-3)

| IP Address | Country | Region | City |
|---|---|---|---|
| 74.212.229.98 | United States | CA | San Bernardino |
| **ISP** | **Organization** | **Latitude** | **Longitude** |

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 78

| Not Available | Not Available | 34.1795 | -117.2479 |

▷ AdChoices          ► Location Map          ► IP Lookup          ► Find IP          ► Location Finder

# Why do you need geolocation?

Pairing of IP address to a geographical location is called **geolocation**. There are times when you need to identify where your web visitors are coming from. You might have an **ecommerce** website, and would like to know where your potential customers are, pre-populate country code on forms, display different language and reduce credit card fraud based on geographic location. Or, you might want to fight against illegal spammers and hackers, and would like to locate source of a problem.

Although it would be nice to be able to find precise location of a visitor, it is almost impossible to find exact location of a host given its IP address. However, there are tools available to help identify approximate location of the host. ARIN Whois database provides a mechanism for finding contact and registration information for IP resources registered with ARIN.

You may also use 3rd party websites such as Geobytes or Dnsstuff to lookup the IP address. The whois lookup will reveal name of the ISP who owns that IP address, and the country where it is originated from. If you're lucky, you might also find the city of orgin. You may also use products developed by 3rd party companies like Ip2location. Our sister website, findmyip.org also provides a geographic information of your IP address.

You may also use **reverse DNS** to find out the hostname of the IP address, which might give you some clues. Many ISPs, Corporations and Academic institutions use location as a qualified hostname, although this is not always true. A couple of things to note here: (1) Reverse DNS translation does not always work. It depends on the correct configuration of the ISP's DNS server. (2) The US domain names such as .com, .net and .org does not always imply that the host is located in the United States.

You may use 'traceroute' command to find clues to the location of the IP address. The names of the routers through which packets flow from your host to the destination host might hint at the geographical path of the final location.

# IP-based Geolocation FAQ

## 1. What is IP-based Geolocation?

IP-based Geolocation is mapping of an IP address or MAC address to the real-world geographic location of an Internet connected to a computing device or mobile device. Geolocation involves in mapping IP address to the country, region (city), latitude/longitude, ISP and domain name among other useful things.

## 2. Where can I get a IP-based Geolocation database?

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 79

3/7

Case 8:15-cv-02034-JVS-JCG    Document 151-5    Filed 06/20/16    Page 18 of 233 Page ID #:4423

There are a number of commercially available geolocation databases, and their pricing and accuracy may vary. Ip2location, MaxMind, Tamo Soft and IPligence offer a fee based databases that can be easily integrated into an web application. Most geolocation database vendors offers APIs and example codes (in ASP, PHP, .NET and Java programming languages) that can be used to retrieve geolocation data from the database. We use Ip2Location database to offer a free geolocation data on our website.

There are also freely available geolocation databases. Vendors offering commercial geolocation database also offer a Lite or Community edition that provides IP-to-Country mappings. Ip2Country.net and Webhosting.info (Directi) offer free IP-to-Country database that can be also integrated into your web application. There are companies also offering free web services that can be used to show geolocation of an IP address on your website.

## 3. How accurate is IP-based Geolocation?

Accuracy of geolocation database varies depending on which database you use. For IP-to-country database, some vendors claim to offer 98% to 99% accuracy although typical Ip2Country database accuracy is more like 95%. For IP-to-Region (or City), accracy range anywhere from 50% to 75% if neighboring cities are treated as correct. Considering that there is no official source of IP-to-Region information, 50+% accuracy is pretty good.

## 4. How does IP-based geolocation work?

ARIN Whois database provides a mechanism for finding contact and registration information for IP resources registered with ARIN. The IP whois information is available for free, and determining the country from this database is relatively easy. When an organization requires a block of IP addresses, a request is submitted and allocated IP addresses are assigned to a requested ISP.

## SEARCH OUR WEBSITE

Search

## IP TOOLS

TOOL    Trace Email Source
TOOL    Verify Email Address
TOOL    Proxy Check
TOOL    Subnet Calculator

## DOMAIN TOOLS

TOOL    Who is Hosting a Website
TOOL    Reverse DNS Lookup
TOOL    HTTP Server Header Check

## ADVERTISEMENT

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 80

4/7



## IP ARTICLES

WIKI   What is an IP Address?

WIKI   What is an IPv6 Address?

WIKI   What is a Subnet Mask?

WIKI   What is a MAC address?

WIKI   What is an Ethernet?

WIKI   What is a TCP/IP?

WIKI   What is a DHCP?

WIKI   What is Ipconfig utility?

WIKI   What is IP Spoofing?

ARTICLE   What is public and private IP addresses?

ARTICLE   What is static and dynamic IP addresses?

ARTICLE   My IP address is hacked. What do I do?

## ADVERTISEMENT



## VPN ARTICLES

WIKI  **What is a VPN?**

WIKI  **What is a Proxy Server?**

WIKI  **What is Tor?**

ARTICLE  **What is a Personal VPN?**

ARTICLE  **What is difference between Proxy & VPN?**

ARTICLE  **How to detect and prevent DNS Leak?**

## RELATED ARTICLES

WIKI  **What is denial of service (DoS) attack?**

ARTICLE  **Find IP address of a network printer?**

ARTICLE  **Find IP addresses of a private network**

ARTICLE  **How to protect from DDoS attack?**

ARTICLE  **How to shape bandwidth?**

ARTICLE  **DDoS Protection via Bandwidth Shaping**

ARTICLE  **How to wire a RJ-45 cable?**

ARTICLE  **Email delivery problems explained**

## SMARTPHONE ARTICLES

ARTICLE  **Track lost smartphone w/ IP Address**

ARTICLE  **Locate your lost Android smartphone?**

## ABOUT US

Welcome to IP Location, the home of IP Geolocation and IP Resources. This website was built to offer tips, tutorials and articles on IPv4 and IPv6 addresses, and how it relates to TCP/IP and Internet.

## TOP RATED VPN PROVIDERS

**HIDE MY ASS!**

$4.99/mo     Company Review                                                    1
Visit Site

**vyprvpn**

$5.00/mo     Company Review                                                    2
Visit Site

**ExpressVPN**

$8.32/mo     Company Review                                                    3
Visit Site

BLOGROLL

> Web Hosting Resources

> Webmaster Resources

> Free File Hosting

> Prepaid Wireless Plans

> How to setup a Website?

> Find a Tennis Partner

COMPANY INFO

> Terms of Service

> Privacy Policy

> Advertise With Us

> Contact Us

© 2006 - 2016, Brand Media, Inc. All rights reserved.

# EXHIBIT 3



Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 85



Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 87





Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 88



Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 89



Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 90



Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 91





Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 93



Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 94



Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 95

# EXHIBIT 4

# NEWPORT TRIAL GROUP

## *A National Litigation Firm*

October 27, 2015

**Via Federal Express**

DeviantArt, Inc.
7095 Hollywood Blvd, #788
Los Angeles, CA 90028
Attention: Legal Department

Re:     *Class Action For Violation of California B&P Code Section 17600 et seq.*

Ladies and Gentlemen:

**Please give this letter your immediate attention.**

This law firm has been retained to prosecute a class action lawsuit against you for violation of California Business & Professions Code Section 17600 (The "Auto-Renewal Statute"), which strictly regulates "automatic renewal" provisions in contracts with California consumers.

Prior to purchasing a subscription, our client visited your website at www.deviantart.com. As relevant here, the order screen does not contain *any* information disclosing that the program automatically renews or how to cancel; instead, a customer would have to visit a separate document regarding "Frequently Asked Questions" that is not in visual proximity to the order screen to obtain such information.

Based upon the preceding facts, you have violated Section 17602(a)(1) of the Auto-Renewal statute by "failing to present the automatic renewal offer terms or continuous service offer" in a way that the cancellation policy is clear to customers prior to purchase of the product and services. See Section 17601(b).

Second, our client did not receive *any* of the post-transaction disclosures required by the Auto-Renewal Statute. As such, you have also violated:

(1) Section 17602(a)(3) by failing to "provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.";

4100 NEWPORT PLACE, SUITE 800, NEWPORT BEACH, CA 92660
PHONE (949) 706-6464  •  FAX (949) 706-6469  •  WWW.TRIALNEWPORT.COM

DeviantArt, Inc.
October 27, 2015
**Page 2**

NEWPORT TRIAL GROUP

(2) Section 17602(a)(3) by failing to disclose how the consumer can "cancel before the consumer pays for the goods or services."; and

(3) Section 17602(b) by failing to provide "a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation" that is "*described in the acknowledgment.*"

The California legislature intended that the consumer's remedy for violation of the Auto-Renewal Statute be **severe**: any goods or services provided without the mandatory disclosures or acknowledgment are "for all purposes deemed an unconditional gift to the consumer…" (Cal. Bus. & Prof. Code § 17603.) This means that, in every offending transaction, you would be required – at a minimum – to refund to California consumers all monies paid by consumers or received by you. Because you are based in California, this remedy could extend to **all** purchasers of your product.

Please be advised that we intend to file a class action lawsuit within seven days of today's date. If you believe that any of the assertions in this letter are inaccurate or would like to discuss a confidential pre-filing resolution of this case, I urge you to retain counsel to contact me.

Sincerely,

Scott J. Ferrell, Esq.

SJF/mkj

# EXHIBIT 5



**MILSTEIN**
**ADELMAN** LLP

10250 CONSTELLATION BOULEVARD
SUITE 1400
LOS ANGELES, CALIFORNIA 90067
Tel 310.396.9600  Fax310.396.9635

www.milsteinadelman.com

*Please Reply To:*
*Gillian L. Wade*
*gwade@milsteinadelman.com*

March 28, 2016

**VIA CERTIFIED MAIL**
Angelo Sotira, CEO
DeviantArt, Inc.
7095 Hollywood Blvd., Suite 788
Hollywood, CA 90028

Re:  **Violation of the California Consumer Legal Remedies Act**
*California Civil Code* **section 1750 *et seq.***

Dear Mr. Sotira:

You are hereby notified that Defendant DeviantArt, Inc. ("Defendant") has violated and continues to violate the provisions of California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, 17604) with respect to its automatic renewal and continuous service offers. Moreover, your conduct violates the California Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.* (the "CLRA") and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* Defendant's untrue and misleading representations with respect to its automatic renewal and continuous service offers have adversely affected Kristyne Hanberg ("Hanberg") and thousands of California Consumers (the "Plaintiff Class").

Hanberg and the Plaintiff Class continue to enter into transactions with Defendant without their explicit consent for ongoing delivery of services. Defendant made automatic renewal or continuous service offers to consumers in and throughout California through its website, www.deviantart.com. At the time of making these offers, Defendant failed to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled, in violation of Cal. Bus. & Prof. Code § 17602(a)(1). Defendant also charged Hanberg and the Plaintiff Class without first obtaining their affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms, in violation of Cal. Bus. & Prof. Code§ 17602(a)(2). Furthermore, Defendant failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b). As a result, the services provided to Hanberg and the Plaintiff Class under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

Defendant, in connection with the conduct described above, has violated the CLRA by representing it had the right to charge Hanberg and the Plaintiff Class without first obtaining their affirmative consent of the agreement containing the automatic renewal offer terms or continuous service offer terms. Defendant's representations and omissions violate the CLRA in at least the following

March 28, 2016
Page 2 of 3

respects:

a. In violation of Civil Code § 1770(a)(5). Defendant represented that its subscription plans have characteristics, uses, and benefits which they do not have;

b. In violation of Civil Code § 1770(a)(9). Defendant advertised its subscription plans with an intent not to sell them as advertised; and

c. In violation of Civil Code § 1770(a)(14). Defendant represented that the purchase of its subscription plans confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

**Demand for Relief**

Demand is hereby made that Defendant agrees, within 30 days of receipt of this Notice, to do and complete the following:

1.    Changes to Defendant's Automatic Renewal or Continuous Service Offer Terms

We, on behalf of Hanberg and the Plaintiff Class, demand that Defendant a) amend its automatic renewal offer terms, or continuous service offer terms, to be presented in a clear and conspicuous manner and in visual proximity to the request for consent to the offer; b) obtain affirmative consent to the automatic renewal offer terms or continuous service terms before charging Hanberg and the Plaintiff Class; c) provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members.

2.    Permanent Injunction

On behalf of Hanberg and the proposed Class, we request that Defendant agree and enter into a stipulated permanent injunction providing that Defendant will refrain from recommencing the wrongful practices identified herein.

3.    Restitution to the Plaintiff Class

Finally, we ask that Defendant offer the Plaintiff Class full restitution. Specifically, provide a consumer fund in an amount sufficient to provide each and every class member with a full refund of the amounts wrongfully obtained in connection with Defendant's wrongful practices.

Of course, this would be subject to our review, as class counsel, of appropriate financial information detailing all sales made to California consumers during the Class Period. We also request that Defendant provide for all costs, reasonable attorneys' fees and claims administration costs.

Pursuant to California Civil Code section 1782(a)(2), this notice has been sent to you by certified mail, return receipt requested, to Defendant's principal place of business in California.

This letter also serves as a demand that you preserve and maintain all of the following records, including all electronic records and data, pending resolution of this matter, in accordance with state and federal law:

March 28, 2016
Page 3 of 3

(a)    All internal manuals, written policies, directives, memoranda, correspondence, emails and other records of communications concerning Defendant's automatic renewal and continuous service offers;

(b)    All documents disseminated in California discussing or concerning Defendant's automatic renewal and continuous service offers;

(c)    Any communications with consumers that discuss or concern Defendant's automatic renewal and continuous service offers;

(d)    Any complaints from any source concerning Defendant's automatic renewal and continuous service offers.

If you wish to discuss the above, please do not hesitate to contact me at 310-396-9600, ext. 162. If we do not hear from you prior to the close of business Friday, April 27, 2016, we will assume that Defendant has no interest in attempting to amicably resolve this matter and we will proceed accordingly.

Sincerely,

Gillian L. Wade, Esq.
Sara D. Avila, Esq.
Marc A. Castaneda, Esq.
MILSTEIN ADELMAN, LLP

# EXHIBIT 6

**MILSTEIN ADELMAN LLP**
Gillian L. Wade, State Bar No. 229124
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@milsteinadelman.com
10250 Constellation Blvd., 14th Floor
Los Angeles, CA 90067
Telephone:    (310) 396-9600
Facsimile:    (310) 396-9635

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 2 8 2016

Sherri H. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KRISTYNE HANBERG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DEVIANTART, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>    Defendants. | Case No.    **BC 615184**<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CALIFORNIA'S. AUTOMATIC RENEWAL LAW, BUSINESS AND PROFESSIONS CODE § 17602(a)(1);<br>2. VIOLATIONS OF CALIFORNIA'S. AUTOMATIC RENEWAL LAW, BUSINESS AND PROFESSIONS CODE §§ 17602(a)(2) and 17603;<br>3. VIOLATIONS OF CALIFORNIA'S. AUTOMATIC RENEWAL LAW, BUSINESS AND PROFESSIONS CODE §§ §§ 17602(a)(3), 17602(b);<br>4. VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT (CIVIL CODE § 1750 *et. seq.*); AND<br>5. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200– 17204).<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

Plaintiff Kristyne Hanberg ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1.     Plaintiff brings this class action on behalf of herself and a class of others similarly situated consisting of all persons who, within the applicable statute of limitations period, purchased subscriptions for services (viewing art and photography as part of an online community) from DeviantArt, Inc. ("DeviantArt" or "Defendant"). The class of others similarly situated to Plaintiff is referred to herein as "Class Members." The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, 17604) and 17200, *et. seq.*, the Consumer Legal Remedies Act (Civ. Code § 1750 *et. seq.*) ("CLRA"), and California Code of Civil Procedure § 1021.5. Plaintiff and Class Members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600-17606 and Cal. Civ. Code § 1761(d).

2.     During the Class Period, Defendant made automatic renewal or continuous service offers to consumers in and throughout California and (a) at the time of making the automatic renewal or continuous service offers, failed to present the automatic renewal offer terms or continuous service offer terms, in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(1); (b) charged Plaintiff's and Class Members' credit or debit cards, or third-party account (hereinafter "Payment Method") without first obtaining Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2); and (c) failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b). As a result, all goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

- 1 -

3.    As a result of the above, Plaintiff, on behalf of herself and Class Members, seeks damages, restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to Cal. Bus. & Prof. Code, §§ 17603, 17203, and 17204, the CLRA, and Code of Civil Procedure § 1021.5.

### JURISDICTION AND VENUE

4.    This Court has jurisdiction over Defendant since its principal place of business is located in California and many of the acts and omissions complained of herein emanated from California. Further, at all relevant times Defendant has regularly and systematically transacted business within the State of California. Defendant derives substantial revenue from California residents.

5.    This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, § 10, because this case is a cause not given by statute to other trial courts. Plaintiff has standing to bring this action pursuant to Cal. Bus. & Prof. Code § 17200, et seq.

6.    Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and conducted wrongful conduct alleged herein against residents of this County. Additionally, Defendant's principal place of business is located in the County of Los Angeles. *See* Declaration of Gillian L. Wade re: Venue Pursuant to Cal. Civ. Code § 1780(d), filed concurrently herewith.

7.    Defendant and other out-of-state participants can be brought before this Court pursuant to California's "long-arm" jurisdictional statute.

### PARTIES

8.    Plaintiff purchased a deviantART Core Membership from Defendant and paid $15.00 to Defendant in California during the Class Period. Plaintiff's credit card was charged at least once for an automatic renewal. Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d) and Cal. Civ. Code § 1761(d).

9.    Defendant DeviantArt, Inc. is a Delaware corporation with its principal place of business located at 7095 Hollywood Blvd., #788, Los Angeles, California 90028.  Defendant operates in California and has done business throughout California at all times during the Class Period.  Also

- 2 -

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 106

during the Class Period, Defendant made, and continues to make, automatic renewal or continuous service offers to consumers across California. Defendant operates a website which markets subscriptions for viewing art and photography as part of an online community.

10. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (DeviantArt, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL BACKGROUND

### California Business Professions Code §§ 17600-17606

12. On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect. The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers' Payment Methods without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600.

13. Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

(2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

- 3 -

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 107

(3)    Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

14.    Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

15.    Cal. Bus. & Prof. Code § 17601(b) defines the term "Automatic renewal offer terms" as "the following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement will continue until the consumer cancels. (2) The description of the cancelation policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (4) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (5) The minimum purchase obligation, if any."

16.    Pursuant to Cal. Bus. & Prof. Code § 17601(c), "clear and conspicuous" or "clearly and conspicuously" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

17.    Section 17602(b) provides: "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

18.    Section 17603 of Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any

- 4 -

manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including. but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

**Defendant's Business**

19.    Defendant offers at its website, found at www.deviantart.com, semi-monthly and yearly subscriptions for an online community for the arts, including the viewing and purchasing of art and photography.   Defendant's subscription plan constitutes an automatic renewal and/or continuous service plan or arrangement for the purposes of Cal. Bus. & Prof. Code § 17601.

**Defendant Failed to Present the Automatic Renewal Offer Terms or Continuous Service Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement was Fulfilled and in Visual Proximity to the Request for Consent to the Offer in Violation of Cal. Bus. & Prof. Code § 17602(a)(1).**

20.    During the Class Period, Defendant made, and continues to make, an automatic renewal offer for its subscriptions plans to Consumers in the United States, including Plaintiff and Class Members.   The series of pages on its website where the potential subscriber is invited to purchase the subscription plan did not, and does not, contain automatic renewal offer terms or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601(b).  One of the pages has an inconspicuous link to Defendant's separate "Help & FAQ," but the pages themselves do not contain the necessary information in visual proximity to the point where the subscriber makes her ultimate purchase.

//

//

//

//

//

//

//

//

//

- 5 -

CLASS ACTION COMPLAINT



CLASS ACTION COMPLAINT    Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 110

Core Members enjoy the same privileges as the former Premium Members

V/E VALUE YOUR SUPPORT

**Give the Gift of Core Privileges**

DeviantArt Core Privileges are also the perfect gift for any of your favorite deviants.

GIVE NOW

| | |
|---|---|
| Stored Address | -- Enter New Address -- |
| Country | United States |
| First Name | |
| Last Name | |
| Address | |
| City | |
| Zip Code | |
| State | --- |
| Phone Number | |
| Card Type | VISA® |
| State | --- |
| Phone Number | |
| Card Type | VISA® |
| Card Number | |
| Expiration Date | 01 - Jan    2015 |
| CVV Code | What is this? |

☑ Remember This Card

☑ Sign me up to receive exclusive discounts, deals, and special promotions on all things DeviantArt!

BECOME A CORE MEMBER

©2015 DeviantArt. All rights reserved    About  Contact  Developers  Careers  Site Tour  Help & FAQ  Advertise  Core Members  Etiquette  Privacy Policy  Terms of Service  Copyright Policy

21.   As a result, prior to charging Plaintiff and Class Members, Defendant failed and continues to fail to obtain Plaintiff's and Class Members' affirmative consent to the automatic renewal offer terms or continuous service offer terms as required by Cal. Bus. & Prof. Code § 17602(a)(1), (2).

22.   Because of Defendant's failure to gather affirmative consent to the automatic renewal terms, all goods, wares, merchandise, or products, sent to Plaintiff and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to

- 7 -

CLASS ACTION COMPLAINT

Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class Members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise or products.

**Defendant Failed to Provide an Acknowledgment as Required by Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b)**

23. Furthermore, and in addition to the above, after Plaintiff and Class Members subscribed to one of Defendant's subscription plans, Defendant sent to Plaintiff and Class Members a document entitled "Thank you for your order!" but has failed, and continues to fail, to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members in violation of Cal. Bus. & Prof. Code § 17602(a)(3). Moreover, Defendant failed to provide Plaintiff and Class Members with an acknowledgement regarding how to cancel the subscription and allow Plaintiff and Class Members to cancel before payment.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

- 8 -

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 112

# DEVIANT ART

# Thank you for your order!

**Order Receipt**

**Order Number:** ▮▮▮▮

**Billing Address:**

▮▮▮▮

| Items | | Quantity | Price |
|---|---|---|---|
| CORE | deviantART Core Membership<br>3 Month Commitment<br>Shipping Method: Electronic (Email) | 1 | $15.00 |

Please be sure to keep this email containing your order number in case you run into any problems. In the event that you have any questions, please check out our FAQ or contact the Help Desk

| | |
|---|---|
| Subtotal | $15.00 |
| Shipping Total | Free |
| Payment Method | Mastercard ending in ▮▮▮▮ |
| **Order Total** | **$15.00** |

Browse Art    Daily Deviations    Contact Us

Prints shop merchandise usually ships within 3 business days, but may take up to 6 business days to approve the image resolution, print, dry and assemble. All orders are shipped from the United States. Orders are processed in USD. International banks may charge a conversion or transaction fee. Please contact your bank for more information. Recipients of orders shipping to a non-US address are responsible for payment of any applicable taxes, tariffs and fees when the order is received by the respective nation's customs department.

DeviantArt Inc. 7095 Hollywood Blvd. #788, Hollywood, CA 90028, USA

//

//

//

- 9 -

## CLASS ACTION ALLEGATIONS

24.    Plaintiff brings this class action for damages and other monetary and injunctive relief on behalf of the following class:

**"All persons within California who, since March 28, 2012, purchased a subscription for services from Defendant and were charged at least once for an "Automatic Renewal" as defined by Cal. Bus. & Prof. Code § 17601(a) by Defendant."**

25.    Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter, and any callers who did receive a warning that their calls were recorded.

26.    The proposed Class is so numerous that individual joinder of all its members is impracticable. Due to the nature of the trade and commerce involved, however, Plaintiff believes that the total number of Class members is at least in the tens of thousands and members of the Class are numerous and geographically dispersed across the United States. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

27.    There is a well-defined community of interest in the questions of law and fact involved affecting the plaintiff class and these common questions predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to, the following:

i. Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(l);

- 10 -

CLASS ACTION COMPLAINT Plaintiff's Opp. to NTG Defendants' Mot. to Strike

ii.  Whether Defendant charged Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining the Plaintiff's and Class Members' affirmative consent to the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2);

iii.  Whether Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

iv.  Whether Defendant failed to provide an acknowledgment that describes a cost-effective, timely, and easy-to-use mechanism for cancellation in violation of Cal. Bus. & Prof. Code § 17602(b);

v.  Whether Plaintiff and the Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code§ 17603;

vi.  Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

vii.  Whether Plaintiff and Class Members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17203 and the CLRA;

viii.  Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and

ix.  The proper formula(s) for calculating the restitution owed to Class Members.

28.  Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been subjected to Defendant's common course of unlawful conduct as complained of herein and are entitled to the same statutory damages based on Defendant's wrongful conduct as alleged herein.

- 11 -

29.   Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

30.   A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the class is impracticable. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.

31.   The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members. Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

## FIRST CAUSE OF ACTION

**FAILURE TO PRESENT AUTOMATIC RENEWAL OFFER OR CONTINUOUS SERVICE OFFER TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL, PROXIMITY TO THE REQUEST FOR CONSENT OFFER (CAL. BUS. & PROF. CODE§ 17602(a)(l))**

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

32.   The foregoing paragraphs are alleged herein and are incorporated herein by reference.

33.   Cal. Bus. Prof. Code§ 17602(a)(1) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(l) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

34.   Plaintiff and Class Members purchased Defendant's services for personal, family or household purposes.  Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and in visual proximity the request for consent to the offer before the subscription or purchasing agreement was fulfilled.

35.    As a result of Defendant's violations of Cal. Bus. & Prof. Code § §17602(a)(l), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a violation of Article 9, of Chapter l, of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

36.    Plaintiff, on behalf of herself and Class Members, requests relief as described below.

**SECOND CAUSE OF ACTION**

**FAILURE TO OBTAIN CONSUMER'S AFFIRMATIVE CONSENT**

**BEFORE THE SUBSCRIPTION IS FULFILLED**

**(CAL BUS. & PROF. CODE §§ 17602(a)(2) and 17603)**

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

37.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

38.    Cal. Bus. & Prof. Code § 17602(a)(2) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> > (2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer, s affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

39.    Plaintiff and Class Members purchased Defendant's services for personal, family or household purposes. Defendant charged Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining Plaintiff's and Class Members affirmative consent to the Terms of Service containing the automatic renewal offer terms or continuous service offer terms.

40.    As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is liable to provide restitution to Plaintiff and Class Members under Cal. Bus. & Prof. Code § 17603.

41.    Plaintiff, on behalf of herself and Class Members, requests relief as described below.

//

//

//

//

- 13 -

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 117

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ACKNOWLEDGMENT WITH AUTOMATIC RENEWAL

## TERMS AND INFORMATION REGARDING CANCELLATION POLICY

## (CAL. BUS. & PROF. CODE §§ 17602(a)(3), 17602(b))

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

42.　The foregoing paragraphs are alleged herein and are incorporated herein by reference.

43.　Cal. Bus. & Prof. Code§ 17602(a)(3) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

44.　Cal. Bus. & Prof. Code§ 17602(b) provides:

"A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

45.　Plaintiff and Class Members purchased Defendant's services for personal, family or household purposes. Defendant failed to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members.

46.　As a result of Defendant's violations of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b), Defendant is subject to all civil remedies under Cal. Bus. & Prof. Code § 17604 that apply to a violation of Article 9, of Chapter 1 of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

47.　Plaintiff, on behalf of herself and Class Members, requests relief as described below.

//

//

//

- 14 -

## FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

### (CAL. CIV. CODE § 1750 *et. seq.*)

48.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

49.    Plaintiff and similarly-situated Class Members bring this cause of action on behalf of themselves seeking injunctive relief pursuant to the Consumer Legal Remedies Act, California Civil Code §§ 1750 *et. seq.* ("CLRA").

50.    Defendant has violated the CLRA by representing it had the right to charge Plaintiff's and Class Members' Payment Methods without first obtaining Plaintiff's and Class Members' affirmative consent of the agreement containing the automatic renewal offer terms or continuous service offer terms, and through other conduct described above. Defendant's representations and omissions violate the CLRA in at least the following respects:

    a.  In violation of Civil Code § 1770(a)(5), Defendant represented that its subscription plans have characteristics, ingredients, uses, and benefits which they do not have;

    b.  In violation of Civil Code § 1770(a)(9), Defendant advertised its subscription plans with an intent not to sell them as advertised; and

    c.  In violation of Civil Code § 1770(a)(14), Defendant represented that the purchase of its subscription plans confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

51.    Defendant knew or should have known that these representations and omissions were false and not supported by the practices of its corporation, and that its failure to properly disclose its automatic renewal policies was likely to deceive a reasonable consumer.

52.    Plaintiff and the Class Members reasonably relied upon those material misrepresentations and omissions.

53.    Plaintiff and the Class have each been directly and proximately injured by the conduct of Defendant, and such injury includes economic injury for the loss of sums which constituted payment for Defendant's services.

54. Pursuant to California Civil Code § 1782, Plaintiff notified Defendant in writing on or about March 28, 2016 via certified mail, of the particular violations of Section 1770 of the CLRA ("the Notice") and demanded, among other things, that Defendant cease falsely and misleadingly advertising its services. Accordingly, Plaintiff will subsequently amend this Complaint within 30 days, without leave of Court, to include a request for damages.

55. Pursuant to California Civil Code §§ 1780 and 1781, Plaintiff and Class Members hereby request certification of the Plaintiffs Class, injunctive relief, and attorneys' fees, costs and expenses.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW

### (CAL. BUS. & PROF. CODE§ 17200 *et. seq.*)

### (By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)

56. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

57. Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") prohibits unfair competition in the form of any unlawful or unfair business act or practice. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

58. Since March 28, 2012, and continuing to the present, Defendant has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating Cal. Bus. & Prof. Code §§ 17602(a)(1), (2), and (3), and California Civil Code §§ 1750 *et. seq.* The public policy which is a predicate to a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision. *See* Cal. Bus. & Prof. Code §§ 17600, 17602; Cal. Civ. Code §§ 1750 *et seq.*

59. Plaintiff has standing to pursue this claim because she suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein. Plaintiff purchased Defendant's services for personal, family, or household purposes.

60. As a direct and proximate result of Defendant's unlawful and/or unfair business acts or practices described herein, Defendant has received, and continues to hold, unlawfully obtained

property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful and/or unfair business acts or practices in the amount of those business expenses and interest accrued thereon.

61.    Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from March 28, 2012, to the date of such restitution at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

62.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

63.    Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself and other similarly-situated Class Members. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure§ 1021.5.

64.    Plaintiff, on behalf of herself and Class Members, request relief as described below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A.    That the Court determine that this action may be maintained as a class action, and define the Class as requested herein;

B.    That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(1) by failing to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and the visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled;

- 17 -

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 121

C.    That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(2) by charging Plaintiff's and Class Members' Payment Method without first obtaining their affirmative consent to the automatic renewal offer terms or continuous service terms;

D.    That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members;

E.    That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(b) by failing to provide an acknowledgment that describes a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation;

F.    That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 17602;

G.    That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;

H.    That the Court find that Plaintiff and Class Members are entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203 and the CLRA.

I.    That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

J.    That the Court award such other and further relief as this Court may deem appropriate.

Dated: March 28, 2016                    MILSTEIN ADELMAN, LLP

                                         By: _____
                                         Gillian L. Wade
                                         Sara D. Avila
                                         Marc A. Castaneda
                                         Attorneys for Plaintiff

- 18 -

**MILSTEIN ADELMAN LLP**
Gillian L. Wade, State Bar No. 229124
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
Marc A. Castaneda, State Bar No. 299001
mcastaneda@milsteinadelman.com
10250 Constellation Blvd., 14th Floor
Los Angeles, CA 90067
Telephone:    (310) 396-9600
Facsimile:    (310) 396-9635

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 2 8 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| KRISTYNE HANBERG, individually and on behalf of all others similarly situated, | Case No.    BC 6 15 184 |
| Plaintiff, | **DECLARATION OF GILLIAN L. WADE RE: VENUE PURSUANT TO CAL. CIV. CODE § 1780(d)** |
| v. | |
| DEVIANTART, INC., a Delaware corporation; and DOES 1 – 10, inclusive, | |
| Defendants. | |

//
//
//
//
//
//
//
//
//

- 1 -
DECLARATION OF GILLIAN L. WADE RE: VENUE TO CAL. CIV. CODE § 1780(d)

I, Gillian L. Wade, do hereby declare as follows:

1.    I am a partner at Milstein Adelman, LLP, counsel of record for Plaintiff Kristyne Hanberg.  I am licensed to practice law in the State of California.  I have personal knowledge of the facts stated herein, and if called to testify as a witness I could and would competently testify to them.

2.    Venue is proper in this Court because Defendant knowingly engages in activities directed at consumers in this County and conducted wrongful conduct alleged herein against residents of this County.  Venue is also proper in this Court as Defendant's principal place of business is in Los Angeles County.

I declare and state under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed this 28th day of March, 2016 in Los Angeles, California.

_____
Gillian L. Wade, Esq., Declarant

- 2 -
DECLARATION OF GILLIAN L. WADE RE: VENUE TO CAL. CIV. CODE § 1780(d)

# EXHIBIT 7

ACCO,(DFMX),CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:15-cv-01828-JLS-DFM

| | |
|---|---|
| Jane Doe v. Egnyte, Inc. et al | Date Filed: 11/06/2015 |
| Assigned to: Judge Josephine L. Staton | Date Terminated: 01/27/2016 |
| Referred to: Magistrate Judge Douglas F. McCormick | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-(Citizenship) | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Jane Doe**
*individually and on behalf of all others
similarly situated,*
*TERMINATED: 12/23/2015*

represented by **David W Reid**
Newport Trial Group APC
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: dreid@trialnewport.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard H Hikida**
Newport Trial Group APC
4100 Newport Place Drive Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: rhikida@trialnewport.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria C Knowles**
Newport Trial Group
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: vknowles@trialnewport.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott J Ferrell**
Newport Trial Group APC
4100 Newport Place Suite 800
Newport Beach, CA 92660

949-706-6464
Fax: 949-706-6469
Email: sferrell@trialnewport.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kristyne Hanberg**
*individually and on behalf of all others*
*similarly situated,*

represented by **David W Reid**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard H Hikida**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Victoria C Knowles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott J Ferrell**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Egnyte, Inc.**
*a Delaware corporation*

represented by **Darcie Allison Tilly**
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
858-550-6000
Fax: 858-550-6420
Email: dtilly@cooley.com
*ATTORNEY TO BE NOTICED*

**Neal R Gibeault**
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
858-550-6000
Fax: 858-550-6420
Email: ngibeault@cooley.com
*ATTORNEY TO BE NOTICED*

**Michelle C Doolin**
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121

858-550-6000
Fax: 858-550-6420
Email: mdoolin@cooley.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOES**
*1-10, Inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2015 | 1 | COMPLAINT Receipt No: 0973-16750172 - Fee: $400, filed by Plaintiff JANE DOE. (Attorney Scott J Ferrell added to party JANE DOE(pty:pla))(Ferrell, Scott) (Entered: 11/06/2015) |
| 11/06/2015 | 2 | CIVIL COVER SHEET filed by Plaintiff JANE DOE. (Ferrell, Scott) (Entered: 11/06/2015) |
| 11/06/2015 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff JANE DOE. (Ferrell, Scott) (Entered: 11/06/2015) |
| 11/06/2015 | 4 | NOTICE of Interested Parties filed by Plaintiff JANE DOE, (Ferrell, Scott) (Entered: 11/06/2015) |
| 11/09/2015 | 5 | NOTICE OF ASSIGNMENT to District Judge Josephine L. Staton and Magistrate Judge Douglas F. McCormick. (twdb) (Entered: 11/09/2015) |
| 11/09/2015 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (twdb) (Entered: 11/09/2015) |
| 11/09/2015 | 7 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to defendant Egnyte, Inc. (twdb) (Entered: 11/09/2015) |
| 11/10/2015 | 8 | INITIAL STANDING ORDER FOR CASES ASSIGNED TO JUDGE JOSEPHINE L. STATON. (tg) (Entered: 11/10/2015) |
| 11/30/2015 | 9 | STIPULATION Extending Time to Answer the complaint as to Egnyte, Inc. answer now due 1/4/2016, re Complaint (Attorney Civil Case Opening) 1 filed by Defendant Egnyte, Inc..(Attorney Michelle C Doolin added to party Egnyte, Inc.(pty:dft))(Doolin, Michelle) (Entered: 11/30/2015) |
| 12/09/2015 | 10 | STIPULATION for Relief from The Local Rule 23-3 filed by Defendant Egnyte, Inc.. (Attachments: # 1 Proposed Order)(Doolin, Michelle) (Entered: 12/09/2015) |
| 12/10/2015 | 11 | ORDER by Judge Josephine L. Staton Granting Stipulation for Relief from the Local Rule's Deadline for Class Certification 10 . The parties are directed to address the issue of an appropriate deadline for a class certification motion in their Joint Rule 26(f) Report. (nbo) (Entered: 12/10/2015) |
| 12/10/2015 | 12 | NOTICE of Appearance filed by attorney Darcie Allison Tilly on behalf of Defendant Egnyte, Inc. (Attorney Darcie Allison Tilly added to party Egnyte, Inc.(pty:dft))(Tilly, Darcie) (Entered: 12/10/2015) |
| 12/10/2015 | 13 | NOTICE of Appearance filed by attorney Neal R Gibeault on behalf of Defendant |

| | | |
|---|---|---|
| | | Egnyte, Inc. (Attorney Neal R Gibeault added to party Egnyte, Inc.(pty:dft))(Gibeault, Neal) (Entered: 12/10/2015) |
| 12/23/2015 | 14 | STIPULATION for Extension of Time to File Response filed by Defendant Egnyte, Inc.. (Attachments: # 1 Proposed Order)(Doolin, Michelle) (Entered: 12/23/2015) |
| 12/23/2015 | 15 | First AMENDED COMPLAINT against Plaintiff Jane Doe amending Complaint (Attorney Civil Case Opening) 1 JURY DEMAND, filed by Plaintiff Jane Doe(Ferrell, Scott) (Entered: 12/23/2015) |
| 01/04/2016 | 16 | ORDER by Judge Josephine L. Staton, Granting Stipulation for Extension of Time to File Response/Reply 14 . See Order for more information. (twdb) (Entered: 01/04/2016) |
| 01/27/2016 | 17 | NOTICE of Voluntary Dismissal filed by Plaintiff Kristyne Hanberg. Dismissal is with prejudice. (Ferrell, Scott) (Entered: 01/27/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/08/2016 13:18:25 | | | |
| **PACER Login:** | svick2065:3548516:0 | **Client Code:** | DeviantArt |
| **Description:** | Docket Report | **Search Criteria:** | 8:15-cv-01828-JLS-DFM End date: 6/8/2016 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT 8

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EGNYTE, INC. a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 8:15-cv-01828<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CALIFORNIA'S. AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS CODE §§ 17600-17604);<br>2. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200-17204); and<br>3. INJUNCTIVE RELIEF (BUSINESS AND PROFESSIONS CODE § 17535)<br><br>DEMAND FOR JURY TRIAL |
|---|---|

Plaintiff Jane Doe[1] ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1.      Plaintiff brings this class action on behalf of herself and a class of others similarly situated consisting of all persons in California who, within the applicable statute of limitations period, purchased subscriptions for file sharing system products from Egnyte, Inc. ("Egnyte" or ''Defendant"). The class of others similarly situated to Plaintiff is referred to herein as "Class Members." The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, 17604, 17535) and 17200, et seq., and California Code of Civil Procedure § 1021.5. Plaintiff and Class Members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600-17606.

2.      During the Class Period, Defendant made automatic renewal or continuous service offers to consumers in and throughout California and failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code § 17602(a)(3). As a result, all goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

3.      As a result of the above, Plaintiff, on behalf of herself and Class Members, seeks damages, restitution, declaratory relief, injunctive relief and reasonable attorneys'

---

[1] *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1072-73 (9th Cir. 2000) (noting that class is more likely to be resolved on the merits if where Plaintiff is permitted to file publicly available documents anonymously). Moreover, until the Supreme Court clarifies the enforceability of pre-certification "Rule 68" offers, as it is expected to do in the pending case of *Campbell-Ewald Co. v. Gomez*, allowing Plaintiff to proceed anonymously will prevent Defendant from impermissibly attempting to thwart class-wide relief.

- 1 -

fees and costs pursuant to Cal. Bus. & Prof. Code, §§ 17603, 17203, 17204, and 17535, and Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

4.     This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

5.     This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

7.     Plaintiff purchased a subscription plan from Defendant in California during the Class Period.  Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

8.     Defendant Egnyte, Inc. is a Delaware corporation with its principal place of business located at 1350 W. Middlefield Road, Mountain View, California 94043. Defendant operates in California and has done business throughout California at all times during the Class Period.  Also during the Class Period, Defendant made, and continues to make, automatic renewal or continuous service offers to consumers in California.  Defendant operates a website offering secure file sharing and related services on the cloud and on the premises of its subscribers.

9.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sue such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of

- 2 -

Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Egnyte, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL BACKGROUND

### California Business Professions Code §§ 17600-17606

11. On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect. The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers' Payment Methods without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600.

12. Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to, among other things, do the following:

> Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

13. Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

///

- 3 -

14.    Cal. Bus. & Prof. Code § 17601(b) defines the term "Automatic renewal offer terms" as "the following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement will continue until the consumer cancels. (2) The description of the cancelation policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (4) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (5) The minimum purchase obligation, if any."

**Defendant's Business**

15.    Defendant provides, on a monthly basis, subscriptions for secure file sharing and related services at several different levels: 1. The "Office" level for 5-24 employees for $8.00 per employee, per month; 2. The "Business" level for 25-100 employees for $15.00 per employee, per month; and 3. The "Enterprise" level for unlimited employees with monthly pricing to be discussed.  Defendant's product and service plans constitute automatic renewal and/or continuous service plans or arrangements for the purposes of Cal. Bus. & Prof. Code § 17601.

**Defendant Failed to Provide an Acknowledgment as Required by Cal. Bus. & Prof. Code §17602(a)(3)**

16.    After Plaintiff and Class Members subscribed to one of Defendant's subscription plans, Defendant sent to Plaintiff and Class Members documents entitled "Invoice" and "Welcome to Egnyte," but has failed, and continues to fail, to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members in violation of Cal. Bus. & Prof. Code § 17602(a)(3).  Moreover, Defendant failed to provide Plaintiff and Class Members

- 4 -

with an acknowledgement regarding how to cancel the subscription and allow Plaintiff and Class Members to cancel before payment.

**EGNYTE**                                                                 Invoice

Egnyte, Inc.                                          Date:
1350 West Middlefield Road,                          Invoice: #
Mountain View, CA: 94043                             Payment Method: Credit Card
                                                     Payment Term: Due Upon Receipt
                                                     Payment Due Date:

Hello
Thank you for using Egnyte. Your card has been charged by Egnyte, Inc. Below is your receipt of payment.

**Bill to**

| Description | Amount |
| --- | --- |
| Egnyte 1 Month Subscription | |
| Office | 45.00 |
| 5 Power Users | |
| 5 Standard Users | |
| 5.0 TB Total Storage | |
| | |
| Subtotal | 45.00 |
| Tax | 0 |
| Total | 45.00 |

Need to update your credit card? Go to your account.
Please contact us at billing@egnyte.com if you have any questions or concerns regarding the charges to your account. Thank you for using Egnyte, your Cloud File Server.
Copyright Egnyte, Inc. | www.egnyte.com

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 5 -

## Welcome to Egnyte

Hi ████,

Thank you for choosing Egnyte to enable simple, intelligent and secure collaboration. This email provides you all the important information you need to get started with your new Egnyte solution. Please save it for future reference.

**Website**

████████.egnyte.com

**Your Account Information**

**Username**

████

**Forgot Your Password?**

You can reset it here.

**Domain**

///
///
///
///
///
///
///
///
///
///
///

- 6 -



### Your Plan Information

**Plan**

Number of Power User Licenses: 5
Number of Standard User Licenses: 5

**Plan Details**

Please refer to the **Plan Details page** for
specific features included in your contract

**Type of Support**

standard



### Set Up Instructions for Admins

Here are some **quick start materials** to help you configure and roll out Egnyte
for your company.

**Admin Video**
See how to get started
with your account.
**Learn More**

**Live Demo**
Sign up for a live
product overview.
**Learn More**

**Egnyte Helpdesk**
Get answers to your
questions.
**Learn More**

If you run into questions or need something, don't hesitate to contact me. I am
here to help!



Sincerely,
Steve Blaz
Vice President, Customer Service

/ / /

/ / /

/ / /

/ / /

- 7 -

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The proposed Class (the "Class") that Plaintiff seeks to represent is composed of and defined as:

> "**All persons within the United States that, within the applicable statute of limitations period, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by § 17601(a) from Egnyte, Inc., its predecessors, or its affiliates**."

18.    This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).    This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

19.    [Fed. R. Civ. P. 23(a)(1)]   The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes hundreds of thousands of members.   Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

20.    [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.   These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

> i. Whether Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner

- 8 -

that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

ii.  Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

iii.  Whether Plaintiff and Class Members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17535;

iv.  Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and

v.  The proper formula(s) for calculating the restitution owed to Class Members.

21.    [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein.  The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

22.    [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

23.    [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the

resources of the parties and of the court system, and protects the rights of each Class member.

24.     [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

25.     [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26.     [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE ACKNOWLEDGMENT WITH AUTOMATIC RENEWAL TERMS AND INFORMATION REGARDING CANCELLATION POLICY

### (CAL. BUS. & PROF. CODE§ 17602(a)(3))

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

27.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

28.     Cal. Bus. & Prof. Code§ 17602(a)(3) provides:

> (a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:
>
> > (3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in

- 10 -

a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

29. Defendant failed to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members.

30. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(3), Defendant is subject to all civil remedies under Cal. Bus. & Prof. Code § 17604 that apply to a violation of Article 9, of Chapter 1 of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

31. Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW

### (CAL. BUS. & PROF. CODE§ 17200 *et. seq.*)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

32. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

33. Cal. Bus. & Prof. Code § 17200, *et seq*. (the "UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Cal. Bus. & Prof. Code§ 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

34. Since December 1, 2010, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating Cal. Bus. & Prof. Code § 17602(a)(3).

- 11 -

35.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

36.    Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17208 for all monies paid by Class Members under the subscription agreements from December 1, 2010, to the date of such restitution at rates specified by law.  Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

37.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202.

38.    Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself and other similarly-situated Class Members.  Plaintiff's success in this action will enforce important rights affecting the public interest.  Plaintiff will incur a financial burden in pursuing this action in the public interest.  An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure§ 1021.5.

39.    Plaintiff, on behalf of herself and Class Members, request relief as described below.

## THIRD CAUSE OF ACTION

### INJUNCTIVE RELIEF AND RESTITUTION

### (CAL. BUS. & PROF. CODE § 17535)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

40.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

- 12 -

41.    Cal. Bus. & Prof Code § 17535 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

42.    Since December 1, 2010, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by the UCL, by violating Cal. Bus. & Prof. Code § 17602(a)(3).

43.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts and practices described herein, Defendant has received and continues to hold unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for a paid subscription to Defendant's protection plans by Plaintiff and Class Members.  Defendant has profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

44.    Plaintiff and similarly situated Class Members are entitled to injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code § 17535 for all monies paid by Class Members under the subscription agreements from December 1, 2010 to the date of such restitution, at rates specified by law.  Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

45.    Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202.

46.    Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself and other similarly situated Class Members. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to

Plaintiff is appropriate pursuant to California Code of Civil Procedure § 1021.5.

47.     Plaintiff, on behalf of herself and similarly situated Class Members, request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     That the Court determine that this action may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, and define the Class as requested herein;

B.     That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members;

C.     That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 17602(a)(3);

D.     That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;

E.     That the Court find that Plaintiff and Class Members are entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17535;

F.     That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

/ / /

/ / /

/ / /

/ / /

- 14 -

G.    That the Court award such other and further relief as this Court may deem appropriate.


Dated:  November 6, 2015                    NEWPORT TRIAL GROUP, APC


By: _/s/ Scott J. Ferrell_____
Scott. J. Ferrell
Attorney for Plaintiff

- 15 -

# EXHIBIT 9

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTYNE HANBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EGNYTE, INC. a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 8:15-cv-01828-JLS-DFM<br><br>**NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)**<br><br>Complaint  Filed: November 6, 2015<br>Trial date: None |

NOTICE IS HEREBY GIVEN that pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff Kristyne Hanberg voluntarily dismisses the above-captioned action with prejudice.  Each party shall bear its own fees and costs.

Dated:  January 27, 2016                    NEWPORT TRIAL GROUP, APC


                                            By: _/s/ Scott J. Ferrell_____
                                            Scott. J. Ferrell
                                            Attorney for Plaintiff

- 1 -

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2016, I electronically filed the foregoing **NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Scott J. Ferrell
Scott J. Ferrell

- 1 -
CERTIFICATE OF SERVICE

# EXHIBIT 10

ACCO,(JEMx),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:16-cv-00523-DMG-JEM

Hanberg v. Drugstore.com, Inc. et al

Assigned to: Judge Dolly M. Gee

Referred to: Magistrate Judge John E. McDermott

Cause: 28:1332 Diversity-Other Contract

Date Filed: 03/18/2016

Jury Demand: None

Nature of Suit: 190 Contract: Other

Jurisdiction: Diversity

## Plaintiff

**Kristyne Hanberg**
*individually and on behalf of all others similarly situated*

represented by **David W Reid**
Newport Trial Group APC
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: dreid@trialnewport.com
*ATTORNEY TO BE NOTICED*

**Gillian L Wade**
Milstein Adelman LLP
10250 Constellation Boulevard Suite 1400
Los Angeles, CA 90067
310-396-9600
Fax: 310-396-9635
Email: gwade@milsteinadelman.com
*ATTORNEY TO BE NOTICED*

**Richard H Hikida**
Newport Trial Group APC
4100 Newport Place Drive Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: rhikida@trialnewport.com
*ATTORNEY TO BE NOTICED*

**Victoria C Knowles**
Law Offices of Victoria Knowles
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: vknowles@trialnewport.com
*ATTORNEY TO BE NOTICED*

**Scott J Ferrell**
Newport Trial Group APC
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: sferrell@trialnewport.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Drugstore.com, Inc.**
*a Delaware corporation*

**Defendant**

**Does**
*1-10, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/18/2016 | 1 | COMPLAINT Receipt No: 0973-17493303 - Fee: $400, filed by Plaintiff Kristyne Hanberg. (Attorney Scott J Ferrell added to party Kristyne Hanberg(pty:pla))(Ferrell, Scott) (Entered: 03/18/2016) |
| 03/18/2016 | 2 | CIVIL COVER SHEET filed by Plaintiff Kristyne Hanberg. (Ferrell, Scott) (Entered: 03/18/2016) |
| 03/18/2016 | 3 | NOTICE of Interested Parties filed by Plaintiff Kristyne Hanberg, (Ferrell, Scott) (Entered: 03/18/2016) |
| 03/18/2016 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Kristyne Hanberg. (Ferrell, Scott) (Entered: 03/18/2016) |
| 03/21/2016 | 5 | NOTICE OF ASSIGNMENT to District Judge Dolly M. Gee and Magistrate Judge John E. McDermott. (et) (Entered: 03/21/2016) |
| 03/21/2016 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: 03/21/2016) |
| 03/21/2016 | 7 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Drugstore.com, Inc. (et) (Entered: 03/21/2016) |
| 03/21/2016 | 8 | INITIAL STANDING ORDER upon filing of the complaint by Judge Dolly M. Gee. (iv) (Entered: 03/21/2016) |

**PACER Service Center**

**Transaction Receipt**

04/04/2016 14:52:08

| PACER Login: | svick2065:3548516:0 | Client Code: | deviant art |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 8:16-cv-00523-DMG-JEM End date: 4/4/2016 |
| Billable Pages: | 2 | Cost: | 0.20 |

| PACER Login: | svick2065:3548516:0 | Client Code: | deviant art |

# EXHIBIT 11

MILSTEIN, ADELMAN, JACKSON, FAIRCHILD & WADE, LLP
Gillian L. Wade, Bar No. 229124
gwade@milsteinadelman.com
10250 Constellation Blvd.
Los Angeles, CA 90067
Tel: (310) 396-9600

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTYNE HANBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DRUGSTORE.COM, INC., a Delaware corporation; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 8:16-cv-523<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CALIFORNIA'S. AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS CODE §§ 17600-17604); and<br>2. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200-17204).<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

Plaintiff Kristyne Hanberg ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1.      Plaintiff brings this class action on behalf of herself and a class of others similarly situated consisting of all persons in California who, within the applicable statute of limitations period, purchased subscriptions for any products (such as vitamin supplements and other drugstore products) from Drugstore.com, Inc. ("Drugstore.com" or "Defendant").  The class of others similarly situated to Plaintiff is referred to herein as "Class Members."   The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, and 17604) and 17200, *et seq*., and California Code of Civil Procedure § 1021.5. Plaintiff and Class Members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600-17606.

2.      During the Class Period, Defendant made automatic renewal or continuous service offers to consumers in and throughout California and (a) at the time of making the automatic renewal or continuous service offers, failed to present the automatic renewal offer terms or continuous service offer terms, in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(l); and (b) charged Plaintiff's and Class Members' credit or debit cards, or third-party account (hereinafter "Payment Method") without first obtaining Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2).  As a result, all goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

- 1 -
CLASS ACTION COMPLAINT

3.     As a result of the above, Plaintiff, on behalf of herself and Class Members, seeks damages, restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to Cal. Bus. & Prof. Code, §§ 17603, 17203, and 17204, and Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

4.     This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

5.     This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

7.     Plaintiff purchased a subscription plan from Defendant in California during the Class Period.  Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

8.     Defendant Drugstore.com, Inc. is a Delaware corporation with its principal place of business located at 411 108th Avenue NE, Suite 1600, Bellevue, Washington 98004.  Defendant operates in California and has done business throughout California at all times during the Class Period.  Also during the Class Period, Defendant made, and continues to make, automatic renewal or continuous service offers to consumers in California.  Defendant operates a website which markets subscriptions for vitamin supplements and related drugstore products.

9.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such

- 2 -
CLASS ACTION COMPLAINT

Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Drugstore.com, Inc. and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL BACKGROUND

**California Business Professions Code §§ 17600-17606**

11. On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect. The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers' Payment Methods without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600.

12. Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

> i) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

> ii) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's

- 3 -
CLASS ACTION COMPLAINT

affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

13.     Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

14.     Cal. Bus. & Prof. Code § 17601(b) defines the term "Automatic renewal offer terms" as "the following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement will continue until the consumer cancels. (2) The description of the cancelation policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (4) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (5) The minimum purchase obligation, if any."

15.     Pursuant to Cal. Bus. & Prof. Code § 17601(c), "clear and conspicuous" or "clearly and conspicuously'' means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbol ls or other marks, in a manner that clearly calls attention to the language."

16.     Section 17603 of Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including.

- 4 -
CLASS ACTION COMPLAINT

but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

**Defendant's Business**

17.    Defendant provides an "Auto-Reorder & Save" subscription program whereby a prospective subscriber may select specific products for automatic delivery every 30, 60, or 90 days or more.  Defendant's product and services plan constitutes an automatic renewal and/or continuous service plan or arrangement for the purposes of Cal. Bus. & Prof. Code § 17601.

**Defendant's Terms & Conditions**

18.    During the Class Period, Defendant's webpage, found at www.drugstore.com contain a section entitled "terms of use" (hereinafter "Terms of Use").  **This is a lengthy document that does not set forth any information concerning the recurring nature of Defendant's subscription programs or the manner in which the subscriptions may be canceled**.

**Defendant's Terms of Use Fail to Provide Clear and Conspicuous Disclosures As Required by Law.**

19.    Within the Terms of Use, Defendant failed to state in clear and conspicuous language (*i.e.*, in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols of other marks, in a manner that clearly calls attention to the language) that:

    i)    The subscription or purchasing agreement will continue until the consumer cancels;

    ii)    Describes the cancellation policy that applies to the offer;

    iii)    Recurring charges that will be charged to the consumer's Payment Method account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change,

if that is the case, and the amount to which the charge will change, if known; and

iv)   The length of the automatic renewal term or that the service is continuous unless the length of tile term is chosen by the consumer.

**Defendant Failed to Present the Automatic Renewal Offer Terms or Continuous Service Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement was Fulfilled and in Visual Proximity to the Request for Consent to the Offer in Violation of Cal. Bus. & Prof. Code § 17602(a)(1).**

20.   During the Class Period, Defendant made, and continues to make, an automatic renewal offer for its subscriptions plans to Consumers in California, including Plaintiff and Class Members.   On the pages on the website where a prospective subscriber is invited to complete a purchase, the pages did not, and do not, contain automatic renewal offer terms or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601(b).

- 6 -
CLASS ACTION COMPLAINT



- 7 -
CLASS ACTION COMPLAINT

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 163

CLASS ACTION COMPLAINT



21.    As a result, prior to charging Plaintiff and Class Members, Defendant failed, and continues to fail, to obtain Plaintiff's and Class Members' affirmative

consent to language containing the automatic renewal offer terms or continuous service offer terms.

22.    Because of Defendant's failure to gather affirmative consent to the automatic renewal terms, all goods, wares, merchandise, or products, sent to Plaintiff and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class Members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise or products.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The proposed Class (the "Class") that Plaintiff seeks to represent is composed of and defined as:

> "**All persons within California that, within the applicable statute of limitations period, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by § 17601(a) from Drugstore.com, Inc., its predecessors, or its affiliates**."

24.    This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

25.    [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes

- 10 -
CLASS ACTION COMPLAINT

hundreds of thousands of members. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

26.    [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

i)    (a) Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(l);

ii)    Whether Defendant charged Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining the Plaintiff's and Class Members' affirmative consent to the Terms and Conditions containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2);

iii)    Whether Defendant's Terms of Use contained the automatic renewal offer terms and/or continuous service offer terms as defined by Cal. Bus. & Prof. Code § l760l;

iv)    Whether Plaintiff and the Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code§ 17603;

v)    Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

- 11 -

CLASS ACTION COMPLAINT

vi)    Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and

vii)    The proper formula(s) for calculating the restitution owed to Class Members.

27.    [Fed. R. Civ. P. 23(a)(3)] Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein. The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

28.    [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

29.    [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

30.    [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

- 12 -

CLASS ACTION COMPLAINT

31.    [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

32.    [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**FAILURE TO PRESENT AUTOMATIC RENEWAL OFFER TERMS OR CONTINUOUS SERVICE OFFER TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL, PROXIMITY TO THE REQUEST FOR CONSENT OFFER (CAL. BUS. & PROF. CODE§ 17602(a)(l))**

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

33.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

34.    Cal. Bus. Prof. Code§ 17602(a)(1) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(l) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

35.    Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and in visual proximity the request for consent to the offer before the subscription or purchasing agreement was fulfilled.

- 13 -
CLASS ACTION COMPLAINT

36.     As a result of Defendant's violations of Cal. Bus. & Prof. Code § §17602(a)(l), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a violation of Article 9, of Chapter l, of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

37.     Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## SECOND CAUSE OF ACTION

## FAILURE TO OBTAIN CONSUMER'S AFFIRMATIVE CONSENT

## BEFORE THE SUBSCRIPTION IS FULFILLED

## (CAL BUS. & PROF. CODE §§ 17602(a)(2) and 17603)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

38.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

39.     Cal. Bus. & Prof. Code § 17602(a)(2) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer, s affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

40.     Defendant charged, and continues to charge Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining Plaintiff's and Class Members affirmative consent to language containing the automatic renewal offer terms or continuous service offer terms.

41.     As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is liable to provide restitution to Plaintiff and Class Members under Cal. Bus. & Prof. Code § 17603.

- 14 -
CLASS ACTION COMPLAINT

42.    Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE UNFAIR COMPETITION LAW

## (CAL. BUS. & PROF. CODE§ 17200 *et. seq.*)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

43.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

44.    Cal. Bus. & Prof. Code § 17200, *et seq*. (the "UCL") prohibits unfair competition in the form of any unlawful or unfair business act or practice. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

45.    Since December l, 2010, and continuing to the present, Defendant has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating Cal. Bus. & Prof. Code § 17602(a)(3).  The public policy which is a predicate to a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision. *See* Cal. Bus. & Prof. Code §§ 17600, 17602.

46.    As a direct and proximate result of Defendant's unlawful, and/or unfair acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful and/or unfair acts and practices in the amount of those business expenses and interest accrued thereon.

47.    Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from December 1, 2010, to the date of such

- 15 -
CLASS ACTION COMPLAINT

restitution at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

48.  Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

49.  Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself and other similarly-situated Class Members. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure§ 1021.5.

50.  Plaintiff, on behalf of herself and Class Members, request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.   That the Court determine that this action may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, and define the Class as requested herein;

B.   That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(1) by failing to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and the visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled;

C.   That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(2) by charging Plaintiff's and Class Members' Payment Method without first obtaining their affirmative consent to language containing automatic renewal offer· terms or continuous service terms;

- 16 -
CLASS ACTION COMPLAINT

D.    That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 17602.

E.    That the Court award to Plaintiff and Class Members damages and full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. & Prof. Code§ 17603, in an amount to be proved at trial;

F.    That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;

G.    That the Court find that Plaintiff and Class Members are entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203;

H.    That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

I.    That the Court award such other and further relief as this Court may deem appropriate.

Dated: March 18, 2016                    NEWPORT TRIAL GROUP, APC


                                         By: /s/Scott J. Ferrell
                                         Scott. J. Ferrell
                                         Attorney for Plaintiff

- 17 -
CLASS ACTION COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2016, I electronically filed the foregoing **CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ *Scott J. Ferrell*
Scott. J. Ferrell

- 1 -
CERTIFICATE OF SERVICE

# EXHIBIT 12

Gillian L. Wade (SBN 229124)
gwade@milsteinadelman.com
MILSTEIN, ADELMAN, JACKSON,
FAIRCHILD & WADE, LLP
10250 Constellation Blvd.
Los Angeles, CA 90067
Telephone: (310) 396-9600

Scott J. Ferrell (SBN 202091)
sferrell@trialnewport.com
NEWPORT TRIAL GROUP
4100 Newport Place, Suite 800
Newport Beach, CA 92660-
Telephone: (949) 706-6464
Facsimile:   (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTYNE HANBERG**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**DRUGSTORE.COM, INC.**, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 8:16-cv-00523-DMG-JEM<br><br>**NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41 (a) WITH PREJUDICE**<br><br>Complaint Served: March 24, 2016<br><br>Honorable Dolly M. Gee |

NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 176

*(left margin, vertical)* REED SMITH LLP — A limited liability partnership formed in the State of Delaware

TO THE COURT, ALL COUNSEL AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE THAT:

1.    This action is dismissed by Plaintiff Kristyne Hanberg in its entirety with prejudice pursuant to Federal Rules of Civil Procedure, Rule 41(a).

2.    All parties shall bear their own attorneys' fees and costs.

NEWPORT TRIAL GROUP, APC

By: _____

Scott J. Ferrell
Attorneys for Plaintiff
Kristyne Hanberg

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT 13

ACCO,(DFMx),CLOSED,DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:16-cv-00613-DOC-DFM

Kristyne Hanberg et al v. Tresta, Inc.
Assigned to: Judge David O. Carter
Referred to: Magistrate Judge Douglas F. McCormick
Cause: 28:1332 Diversity-Other Contract

Date Filed: 04/01/2016
Date Terminated: 04/19/2016
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

## Plaintiff

**Kristyne Hanberg**
*individually and on behalf of all others
similarly situated*

represented by **David W Reid**
Newport Trial Group APC
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: dreid@trialnewport.com
*ATTORNEY TO BE NOTICED*

**Richard H Hikida**
Newport Trial Group APC
4100 Newport Place Drive Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: rhikida@trialnewport.com
*ATTORNEY TO BE NOTICED*

**Victoria C Knowles**
Law Offices of Victoria Knowles
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: vknowles@trialnewport.com
*ATTORNEY TO BE NOTICED*

**Scott J Ferrell**
Newport Trial Group APC
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: sferrell@trialnewport.com

V.

**Defendant**

**Tresta, Inc.**
*a Florida corporation
doing business as*
Patlive.com

**Defendant**

**Does**
*1-10, inclusive*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/01/2016 | 1 | COMPLAINT Receipt No: 0973-17576726 - Fee: $400, filed by Plaintiff Kristyne Hanberg. (Attorney Scott J Ferrell added to party Kristyne Hanberg(pty:pla))(Ferrell, Scott) (Entered: 04/01/2016) |
| 04/01/2016 | 2 | NOTICE of Interested Parties filed by Plaintiff Kristyne Hanberg, (Ferrell, Scott) (Entered: 04/01/2016) |
| 04/01/2016 | 3 | CIVIL COVER SHEET filed by Plaintiff Kristyne Hanberg. (Ferrell, Scott) (Entered: 04/01/2016) |
| 04/01/2016 | 4 | Summons Returned Unexecuted filed by Plaintiff Kristyne Hanberg. as to Tresta, Inc.., Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Kristyne Hanberg. (Ferrell, Scott) (Entered: 04/01/2016) |
| 04/04/2016 | 5 | NOTICE OF ASSIGNMENT to District Judge David O. Carter and Magistrate Judge Douglas F. McCormick. (et) (Entered: 04/04/2016) |
| 04/04/2016 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (et) (Entered: 04/04/2016) |
| 04/04/2016 | 7 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant Tresta, Inc. (et) (Entered: 04/04/2016) |
| 04/05/2016 | 8 | INITIAL STANDING ORDER FOLLOWING ASSIGNMENT OF CIVIL CASE TO JUDGE CARTER. (Entered: 04/05/2016) |
| 04/19/2016 | 9 | NOTICE of Voluntary Dismissal filed by Plaintiff Kristyne Hanberg. Dismissal is Without Prejudice. (Ferrell, Scott) (Entered: 04/19/2016) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/08/2016 13:11:26 | | |
| **PACER Login:** | svick2065:3548516:0 | **Client Code:** DeviantArt |

| Description: | Docket Report | Search Criteria: | 8:16-cv-00613-DOC-DFM End date: 6/8/2016 |
|---|---|---|---|
| Billable Pages: | 2 | Cost: | 0.20 |

# EXHIBIT 14

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTYNE HANBERG, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRESTA, INC., doing business as PATLIVE.COM, a Florida corporation; and DOES 1 – 10, inclusive, <br><br> Defendants. | Case No. _8:16-cv-00613 <br><br> CLASS ACTION COMPLAINT FOR: <br><br> 1. VIOLATIONS OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS CODE §§ 17600-17604); and <br> 2. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200-17204). |

CLASS ACTION COMPLAINT

Plaintiff Kristyne Hanberg ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1.      Plaintiff brings this class action on behalf of herself and a class of others similarly situated consisting of all persons in the United States who, within the applicable statute of limitations period, purchased subscriptions for any products and/or services (such as the 24/7 Live Answer Service Plans) from Tresta, Inc., doing business as PATLive.com ("Tresta" or ''Defendant").  The class of others similarly situated to Plaintiff is referred to herein as "Class Members."  The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, and 17604) and 17200, *et seq*., and California Code of Civil Procedure § 1021.5.  Plaintiff and Class Members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600-17606.

2.      During the Class Period, Defendant made automatic renewal or continuous service offers to consumers in and throughout the United States and (a) at the time of making the automatic renewal or continuous service offers, failed to present the automatic renewal offer terms or continuous service offer terms, in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(l); (b) charged Plaintiff's and Class Members' credit or debit cards, or third-party account (hereinafter "Payment Method") without first obtaining Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2); and (c) failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code § 17602(a)(3).  As a result, all

- 1 -
CLASS ACTION COMPLAINT

goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

3.    As a result of the above, Plaintiff, on behalf of herself and Class Members, seeks damages, restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to Cal. Bus. & Prof. Code, §§ 17603, 17203, and 17204, and Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

4.    This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

5.    This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

7.    Plaintiff purchased a subscription plan from Defendant in California during the Class Period.  Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

8.    Defendant Tresta, Inc., doing business as PATLive.com, is a Florida corporation with its principal place of business located at 2639 N. Monroe Street, Cedars Building B, Suite 200, Tallahassee, FL 32303.  Defendant operates throughout the United States and has done business throughout the United States at all times during the Class Period.  Also during the Class Period, Defendant made, and continues to make, automatic renewal or continuous service offers to consumers in the United

States.  Defendant operates a website which markets subscriptions for products and/or services, including live answering services.

9.    The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.    At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Tresta, Inc., doing business as PATLive.com, and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL BACKGROUND

### California Business Professions Code §§ 17600-17606

11.    On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect.  The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers' Payment Methods without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600.

12.    Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

    i)    Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer

- 3 -
CLASS ACTION COMPLAINT

conveyed by voice, in temporal proximity, to the request for consent to the offer.

ii)   Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

iii)  Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

13.   Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

14.   Cal. Bus. & Prof. Code § 17601(b) defines the term "Automatic renewal offer terms" as "the following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement will continue until the consumer cancels. (2) The description of the cancelation policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (4) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (5) The minimum purchase obligation, if any."

15.   Pursuant to Cal. Bus. & Prof. Code § 17601(c), "clear and conspicuous" or "clearly and conspicuously" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbol ls or other marks, in a manner that clearly calls attention to the language."

- 4 -

CLASS ACTION COMPLAINT

16.    Section 17602(b) provides: "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

17.    Section 17603 of Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including. but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

**Defendant's Business**

18.    Defendant provides telephone answering services of varying prices depending on the customer's amount of minutes needed per month.    Defendant's product and services plan constitutes an automatic renewal and/or continuous service plan or arrangement for the purposes of Cal. Bus. & Prof. Code § 17601.

**Defendant's Terms of Use**

19.    During    the    Class    Period,    Defendant's    webpage,    found    at www.PATLive.com, contained a document entitled "Terms & Conditions."  This is a lengthy document that sets forth information concerning the recurring nature of Defendant's subscription programs and the manner in which the subscriptions may be modified or cancelled; however, these terms are not set forth where a prospective subscriber finalizes a purchase.  Indeed, that page does not note that the subscription will be renewed automatically until canceled.

/ / /

- 5 -
CLASS ACTION COMPLAINT

**Defendant's Terms of Use Fail to Provide Clear and Conspicuous Disclosures As Required by Law.**

20. Within the Terms & Conditions, Defendant failed to state in clear and conspicuous language (*i.e.*, in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols of other marks, in a manner that clearly calls attention to the language) that:

    i)     The subscription or purchasing agreement will continue until the consumer cancels;

    ii)    Describes the cancellation policy that applies to the offer;

    iii)   Recurring charges that will be charged to the consumer's Payment Method account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known; and

    iv)    The length of the automatic renewal term or that the service is continuous unless the length of tile term is chosen by the consumer.

**Defendant Failed to Present the Automatic Renewal Offer Terms or Continuous Service Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement was Fulfilled and in Visual Proximity to the Request for Consent to the Offer in Violation of Cal. Bus. & Prof. Code § l7602(a)(l).**

21. During the Class Period, Defendant made, and continues to make, an automatic renewal offer for its subscriptions plans to Consumers throughout the United States, including Plaintiff and Class Members. On the page of Defendant's website where the potential subscriber ultimately is invited to "Create an Account", the automatic renewal offer terms or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601(b) are not included.

- 6 -
CLASS ACTION COMPLAINT

22.    As a result, prior to charging Plaintiff and Class Members, Defendant failed, and continues to fail, to obtain Plaintiff's and Class Members' affirmative consent to any language containing any automatic renewal offer terms or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601(b).

23.    Because of Defendant's failure to gather affirmative consent to the automatic renewal terms, all services provided to Plaintiff and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class Members may use or dispose of the same in any manner they see fit without any

- 7 -
CLASS ACTION COMPLAINT

obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, Defendant's services and products.

**Defendant Failed to Provide an Acknowledgment as Required by Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b)**

24. Furthermore, and in addition to the above, after Plaintiff and Class Members subscribed to one of Defendant's subscription plans, Defendant sent to Plaintiff and Class Members documents entitled "PATLive Service Receipt", but has failed, and continues to fail, to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members in violation of Cal. Bus. & Prof. Code § 17602(a)(3). Moreover, Defendant failed to provide Plaintiff and Class Members with an acknowledgement regarding how to cancel the subscription and allow Plaintiff and Class Members to cancel before payment, as required by Cal. Bus. & Prof. Code § 17602(b).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 8 -
CLASS ACTION COMPLAINT

© PATLive.com, all rights reserved

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The proposed Class (the "Class") that Plaintiff seeks to represent is composed of and defined as:

> "**All persons within the United States that, within the applicable statute of limitations period, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by § 17601(a) from Tresta, Inc., doing business as PATLive.com, Inc., its predecessors, or its affiliates**."

26.     This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3). This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

27.     [Fed. R. Civ. P. 23(a)(1)] The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of

- 9 -
CLASS ACTION COMPLAINT

Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes hundreds of thousands of members. Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

28.    [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

  i)     (a) Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(l);

  ii)    Whether Defendant failed to provide an acknowledgment that describes a cost-effective, timely, and easy-to-use mechanism for cancellation in violation of Cal. Bus. & Prof. Code § 17602(b);

  iii)   Whether Defendant charged Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining the Plaintiff's and Class Members' affirmative consent to the Terms of Use containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2);

  iv)    Whether Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner

- 10 -
CLASS ACTION COMPLAINT

that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

v)      Whether Defendant's Terms of Use contained the automatic renewal offer terms and/or continuous service offer terms as defined by Cal. Bus. & Prof. Code § l760l;

vi)     Whether Plaintiff and the Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code § 17603;

vii)    Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

viii)   Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and

ix)     The proper formula(s) for calculating the restitution owed to Class Members.

29.    [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein.  The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

30.    [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

31.    [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.

Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

32.    [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

33.    [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

34.    [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### FAILURE TO PRESENT AUTOMATIC RENEWAL OFFER TERMS OR CONTINUOUS SERVICE OFFER TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL, PROXIMITY TO THE REQUEST FOR CONSENT OFFER (CAL. BUS. & PROF. CODE§ 17602(a)(l))

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

35.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

36.    Cal. Bus. Prof. Code§ 17602(a)(1) provides:

- 12 -
CLASS ACTION COMPLAINT

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(l) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

37. Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and in visual proximity the request for consent to the offer before the subscription or purchasing agreement was fulfilled.

38. As a result of Defendant's violations of Cal. Bus. & Prof. Code § §17602(a)(l), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a violation of Article 9, of Chapter l, of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

39. Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## SECOND CAUSE OF ACTION

### FAILURE TO OBTAIN CONSUMER'S AFFIRMATIVE CONSENT

### BEFORE THE SUBSCRIPTION IS FULFILLED

### (CAL BUS. & PROF. CODE §§ 17602(a)(2) and 17603)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

40. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

41. Cal. Bus. & Prof. Code § 17602(a)(2) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

- 13 -
CLASS ACTION COMPLAINT

(2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

42. Defendant charged, and continues to charge Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining Plaintiff's and Class Members affirmative consent to the Terms of Use purportedly containing the automatic renewal offer terms or continuous service offer terms.

43. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is liable to provide restitution to Plaintiff and Class Members under Cal. Bus. & Prof. Code § 17603.

44. Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACKNOWLEDGMENT

### WITH AUTOMATIC RENEWAL TERMS AND

### INFORMATION REGARDING CANCELLATION POLICY

### (CAL. BUS. & PROF. CODE §§ 17602(a)(3), 17602(b))

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

45. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

46. Cal. Bus. & Prof. Code§ 17602(a)(3) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If

- 14 -
CLASS ACTION COMPLAINT

the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

Cal. Bus. & Prof. Code § 17602(b) provides:

"A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

47.   Defendant failed to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members.

48.   As a result of Defendant's violations of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b), Defendant is subject to all civil remedies under Cal. Bus. & Prof. Code § 17604 that apply to a violation of Article 9, of Chapter 1 of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

49.   Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW

### (CAL. BUS. & PROF. CODE§ 17200 *et. seq.*)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

50.   The foregoing paragraphs are alleged herein and are incorporated herein by reference.

51.   Cal. Bus. & Prof. Code § 17200, *et seq*. (the "UCL") prohibits unfair competition in the form of any unlawful or unfair business act or practice. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may

- 15 -
CLASS ACTION COMPLAINT

bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

52. Since December 1, 2010, and continuing to the present, Defendant has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating Cal. Bus. & Prof. Code §§ 17602(a)(1), 17602(a)(2), 17602(a)(3), and 17602(b). The public policy which is a predicate to a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision. *See* Cal. Bus. & Prof. Code §§ 17600, 17602.

53. As a direct and proximate result of Defendant's unlawful, and/or unfair acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful and/or unfair acts and practices in the amount of those business expenses and interest accrued thereon.

54. Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from December 1, 2010, to the date of such restitution at rates specified by law. Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

55. Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

56. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself and other similarly-situated Class Members. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this

action in the public interest. An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure§ 1021.5.

57. Plaintiff, on behalf of herself and Class Members, request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. That the Court determine that this action may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, and define the Class as requested herein;

B. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(1) by failing to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and the visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled;

C. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(b) by failing to provide an acknowledgment that describes a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation.

D. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(2) by charging Plaintiff's and Class Members' Payment Method without first obtaining their affirmative consent to the Terms and Conditions containing the automatic renewal offer·terms or continuous service terms;

E. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members;

- 17 -
CLASS ACTION COMPLAINT

F.    That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 17602.

G.    That the Court award to Plaintiff and Class Members damages and full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. & Prof. Code§ 17603, in an amount to be proved at trial;

H.    That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;

I.    That the Court find that Plaintiff and Class Members are entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203;

J.    That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

K.    That the Court award such other and further relief as this Court may deem appropriate.

Dated: April 1, 2016                    NEWPORT TRIAL GROUP


                                        By: /s/Scott J. Ferrell
                                        Scott J. Ferrell
                                        Attorney for Plaintiff

- 18 -
CLASS ACTION COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2016, I electronically filed the foregoing **CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ *Scott J. Ferrell*
Scott J. Ferrell

- 1 -
CERTIFICATE OF SERVICE

# EXHIBIT 15

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTYNE HANBERG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>TRESTA, INC., doing business as PATLIVE.COM, a Florida corporation; and DOES 1 – 10, inclusive,<br><br>                    Defendants. | Case No. 8:16-cv-00613-DOC-DFM<br><br>**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** |

PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff Kristyne Hanberg voluntarily dismisses without prejudice this action against Defendant Tresta, Inc., doing business as Patlive.com.  Defendant has not yet filed or served a response to Plaintiff's Complaint.


Dated:  April 19, 2016                    NEWPORT TRIAL GROUP


                                          By: _/s/Scott J. Ferrell_____
                                          Scott J. Ferrell
                                          Attorney for Plaintiff

- 1 -
PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL

# CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2016, I electronically filed the foregoing **PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ *Scott J. Ferrell*
Scott J. Ferrell

- 1 -
CERTIFICATE OF SERVICE

# EXHIBIT 16

ACCO,(RAOx),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:16-cv-00761-MWF-RAO

Kristyne Hanberg v. 800Razor.com, LLC et al
Assigned to: Judge Michael W. Fitzgerald
Referred to: Magistrate Judge Rozella A. Oliver
Cause: 28:1332 Diversity-Other Contract

Date Filed: 04/22/2016
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

## Plaintiff

**Kristyne Hanberg**
*individually and on behalf of all others
similarly situated*

represented by **David W Reid**
Newport Trial Group APC
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: dreid@trialnewport.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard H Hikida**
Newport Trial Group APC
4100 Newport Place Drive Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: rhikida@trialnewport.com
*ATTORNEY TO BE NOTICED*

**Scott J Ferrell**
Newport Trial Group APC
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: sferrell@trialnewport.com
*ATTORNEY TO BE NOTICED*

**Victoria C Knowles**
Law Offices of Victoria Knowles
4100 Newport Place Suite 800
Newport Beach, CA 92660
949-706-6464
Fax: 949-706-6469
Email: vknowles@trialnewport.com

ATTORNEY TO BE NOTICED

**Gillian L Wade**
Milstein Adelman Jackson Fairchild and
Wade LLP
10250 Constellation Boulevard Suite 1400
Los Angeles, CA 90067
310-396-9600
Fax: 310-396-9635
Email: gwade@majfw.com
*ATTORNEY TO BE NOTICED*


V.

**Defendant**

**800Razor.com, LLC**                    represented by   **Raija J Horstman**
*a Delaware limited liability company*                     Orrick Herrington and Sutcliffe LLP
                                                           777 South Figueroa Street Suite 3200
                                                           Los Angeles, CA 90017
                                                           213-629-2020
                                                           Fax: 213-612-2499
                                                           Email: rhorstman@orrick.com
                                                           *ATTORNEY TO BE NOTICED*


**Defendant**

**Does**
*1-10, inclusive*


| Date Filed | # | Docket Text |
|---|---|---|
| 04/22/2016 | 1 | COMPLAINT Receipt No: 0973-17690643 - Fee: $400, filed by Plaintiff Kristyne Hanberg. (Attorney Gillian L Wade added to party Kristyne Hanberg(pty:pla))(Wade, Gillian) (Entered: 04/22/2016) |
| 04/22/2016 | 2 | CIVIL COVER SHEET filed by Plaintiff Kristyne Hanberg. (Wade, Gillian) (Entered: 04/22/2016) |
| 04/22/2016 | 3 | NOTICE of Interested Parties filed by Plaintiff Kristyne Hanberg, (Wade, Gillian) (Entered: 04/22/2016) |
| 04/22/2016 | 4 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Kristyne Hanberg. (Wade, Gillian) (Entered: 04/22/2016) |
| 04/25/2016 | 5 | NOTICE OF ASSIGNMENT to District Judge Michael W. Fitzgerald and Magistrate Judge Rozella A. Oliver. (jtil) (Entered: 04/25/2016) |
| 04/25/2016 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (jtil) (Entered: 04/25/2016) |
| 04/25/2016 | 7 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendant 800Razor.com, LLC. (jtil) (Entered: 04/25/2016) |

| 05/05/2016 | 8 | PROOF OF SERVICE Executed by Plaintiff Kristyne Hanberg, upon Defendant 800Razor.com, LLC served on 4/27/2016, answer due 5/18/2016. Service of the Summons and Complaint were executed upon Lynanne Gares, An authorized person at the Corporation Company, Registered Agent for Service in compliance with statute not specified by personal service.Original Summons NOT returned. (Ferrell, Scott) (Entered: 05/05/2016) |
| 05/17/2016 | 9 | STIPULATION Extending Time to Answer the complaint as to 800Razor.com, LLC answer now due 6/17/2016, re Complaint (Attorney Civil Case Opening) 1 filed by Defendant 800Razor.com, LLC.(Attorney Raija J Horstman added to party 800Razor.com, LLC(pty:dft))(Horstman, Raija) (Entered: 05/17/2016) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/08/2016 13:16:25 | | |
| **PACER Login:** | svick2065:3548516:0 | **Client Code:** DeviantArt |
| **Description:** Docket Report | | **Search Criteria:** 8:16-cv-00761-MWF-RAO End date: 6/8/2016 |
| **Billable Pages:** 3 | | **Cost:** 0.30 |

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 210

# EXHIBIT 17

MILSTEIN, ADELMAN, JACKSON,
FAIRCHILD & WADE, LLP
Gillian L. Wade, Bar No. 229124
gwade@milsteinadelman.com
10250 Constellation Blvd.
Los Angeles, CA 90067
Tel: (310) 396-9600

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@trialnewport.com
Richard H. Hikida, Bar No. 196149
rhikida@trialnewport.com
David W. Reid, Bar No. 267382
dreid@trialnewport.com
Victoria C. Knowles, Bar No. 277231
vknowles@trialnewport.com
4100 Newport Place, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTYNE HANBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>800RAZORS.COM, LLC, a Delaware limited liability company; and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 8:16-cv-00761_____<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CALIFORNIA'S AUTOMATIC RENEWAL LAW (BUSINESS AND PROFESSIONS CODE §§ 17600-17604); and<br>2. VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (BUSINESS AND PROFESSIONS CODE §§ 17200-17204). |

CLASS ACTION COMPLAINT

Plaintiff Kristyne Hanberg ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1.      Plaintiff brings this class action on behalf of herself and a class of others similarly situated consisting of all persons in California who, within the applicable statute of limitations period, purchased subscriptions for any products from 800Razors.com, LLC ("800Razors" or "Defendant"). The class of others similarly situated to Plaintiff is referred to herein as "Class Members." The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, and 17604) and 17200, *et seq.*, and California Code of Civil Procedure § 1021.5. Plaintiff and Class Members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600-17606.

2.      During the Class Period, Defendant made automatic renewal or continuous service offers to consumers in and throughout California and (a) at the time of making the automatic renewal or continuous service offers, failed to present the automatic renewal offer terms or continuous service offer terms, in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled in violation of Cal. Bus. & Prof. Code § 17602(a)(l); (b) charged Plaintiff's and Class Members' credit or debit cards, or third-party account (hereinafter "Payment Method") without first obtaining Plaintiff's and Class Members' affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2); and (c) failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code § 17602(a)(3). As a result, all goods, wares, merchandise, and/or products sent to Plaintiff and Class Members under

the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

3.      As a result of the above, Plaintiff, on behalf of herself and Class Members, seeks damages, restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to Cal. Bus. & Prof. Code, §§ 17603, 17203, and 17204, and Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

5.      This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

7.      Plaintiff purchased a subscription plan from Defendant in California during the Class Period.  Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

8.      Defendant 800Razors.com, LLC is a Delaware limited liability company. Defendant operates throughout California and the United States and has done business throughout California at all times during the Class Period.  Also during the Class Period, Defendant made, and continues to make, automatic renewal or continuous service offers to consumers in California.  Defendant operates a website that markets and sells subscriptions for razors.

- 2 -
CLASS ACTION COMPLAINT

9.   The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.   At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (800Razors.com, LLC and DOE Defendants will hereafter collectively be referred to as "Defendant").

## FACTUAL BACKGROUND

**California Business Professions Code §§ 17600-17606**

11.   On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect.  The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers' Payment Methods without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600.

12.   Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

> i)   Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

- 3 -
CLASS ACTION COMPLAINT

ii)   Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

iii)   Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

13.   Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

14.   Cal. Bus. & Prof. Code § 17601(b) defines the term "Automatic renewal offer terms" as "the following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement will continue until the consumer cancels. (2) The description of the cancelation policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (4) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (5) The minimum purchase obligation, if any."

15.   Pursuant to Cal. Bus. & Prof. Code § 17601(c), "clear and conspicuous" or "clearly and conspicuously'' means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbol ls or other marks, in a manner that clearly calls attention to the language."

- 4 -
CLASS ACTION COMPLAINT

16.    Section 17602(b) provides: "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

17.    Section 17603 of Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including. but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

**Defendant's Business**

18.    Defendant offers subscriptions for deliveries of razors.  Some of Defendant's razor delivery plans constitute automatic renewal and/or continuous service plans or arrangement for the purposes of Cal. Bus. & Prof. Code § 17601.

**Defendant's Terms and Conditions**

19.    During the Class Period, Defendant's webpage, found at www.800razors.com, contained a document entitled "Terms and Conditions."  This is a lengthy document that fails to set forth information concerning the recurring nature of Defendant's subscription programs and the manner in which the subscriptions may be modified or cancelled.  Additionally, and more importantly, the terms are not set forth where a prospective subscriber finalizes a purchase.  Indeed, that page does not note that the subscription will be renewed automatically until canceled.

**Defendant's Terms and Conditions Fail to Provide Clear and Conspicuous Disclosures As Required by Law.**

- 5 -
CLASS ACTION COMPLAINT

20.    Within the Terms and Conditions Defendant failed to state in clear and conspicuous language (*i.e.*, in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols of other marks, in a manner that clearly calls attention to the language) that:

    i)    The subscription or purchasing agreement will continue until the consumer cancels;

    ii)    Describes the cancellation policy that applies to the offer;

    iii)    Recurring charges that will be charged to the consumer's Payment Method account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known; and

    iv)    The length of the automatic renewal term or that the service is continuous unless the length of tile term is chosen by the consumer.

**Defendant Failed to Present the Automatic Renewal Offer Terms or Continuous Service Offer Terms in a Clear and Conspicuous Manner Before the Subscription or Purchasing Agreement was Fulfilled and in Visual Proximity to the Request for Consent to the Offer in Violation of Cal. Bus. & Prof. Code § l7602(a)(l).**

21.    During the Class Period, Defendant made, and continues to make, an automatic renewal offer for its subscriptions plans to consumers throughout California, including Plaintiff and Class Members.  On the pages of Defendant's website where the potential subscriber ultimately is invited to "add to cart" and "place my order", the automatic renewal offer terms or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601(b) are not included.

- 6 -

CLASS ACTION COMPLAINT



- 7 -
CLASS ACTION COMPLAINT



- 8 -
CLASS ACTION COMPLAINT

**FREE SHIPPING ON ALL ORDERS!**

800razors.com (/)

🛒 Cart 1

# Checkout

## Returning Customer

If you already have an 800Razors.com account, you can sign in below with your username and password

**Username**

**Password**

Log in

## Customer information

CLASS ACTION COMPLAINT

Enter a valid email address for this order. If you are a returning customer, use the login form above to login.

**E-mail address \***

## Cart contents

| Qty (Quantity) | Products | Price |
|---|---|---|
| 1 × | **3-Blade Men's Razor Cartridges (/3-blade-mens-razor)**<br>Select Cartridges: 15 Cartridges for $ 25.95<br>Purchase Frequency: Every 4 months | $25.95 |
| | Subtotal: $25.95 | |

## Delivery information

Enter your delivery address and information here.

**\* First name**

- 10 -
CLASS ACTION COMPLAINT

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 222

* Last name

Company

* Street address

* City

* State/Province

* Country

* Postal code

- 11 -
CLASS ACTION COMPLAINT

**Phone number**

**Calculate shipping cost**

Shipping quotes are generated automatically when you enter your address and may be updated manually with the button below.
We Ship Free with the United States Postal Service

Click to calculate shipping

FREE with USPS: $0.00

**Coupon discount**

Enter a coupon code for this order.
**Coupon Code**

Enter a coupon code and click "Apply to order" below.

Apply to order

**Payment method**

- 12 -
CLASS ACTION COMPLAINT

Credit card: VISA [MasterCard] [DISCOVER] [AMEX]

Subtotal:        $25.95
FREE with USPS:  $0.00
Order total:     $25.95

Your billing information must match the billing address for the credit card entered below or we will be unable to process your payment.

**Card number**

**Expiration date**

CVV        (i) What's the CVV?

(/cart/checkout/credit/cvv_info)

## Billing information

Enter your billing address and information here.
☑   My billing information is the same as my delivery information.

## Order comments

Use this area for special instructions or questions regarding your order.
**Order comments**

- 13 -
CLASS ACTION COMPLAINT

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 225

Cancel   Review order

Refer A Friend

Enter **Your Email** below to Give $5 get 5%:

Email

Submit

Share the Ultimate Shave
With your friends and family.

22.   As a result, prior to charging Plaintiff and Class Members, Defendant failed, and continues to fail, to obtain Plaintiff's and Class Members' affirmative consent to any language containing any automatic renewal offer terms or continuous service offer terms as defined by Cal. Bus. & Prof. Code § 17601(b).

23.   Because of Defendant's failure to gather affirmative consent to the automatic renewal terms, all services provided to Plaintiff and Class Members under the automatic renewal or continuous service agreement are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603, and Plaintiff and Class Members may use or dispose of the same in any manner they see fit without any obligation whatsoever on their part to Defendant, including, but not limited to, bearing the cost of, or responsibility for, Defendant's services and products.

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 226

**Defendant Failed to Provide an Acknowledgment as Required by Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b)**

24.    Furthermore, and in addition to the above, after Plaintiff and Class Members subscribed to one of Defendant's subscription plans, Defendant sent to Plaintiff and Class Members a document entitled "Order Confirmation", but has failed, and continues to fail, to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members in violation of Cal. Bus. & Prof. Code § 17602(a)(3).  Moreover, Defendant failed to provide Plaintiff and Class Members with an acknowledgement regarding how to cancel the subscription and allow Plaintiff and Class Members to cancel before payment, as required by Cal. Bus. & Prof. Code § 17602(b).

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 227

On Wednesday, ███████████████ 800razors.com <contact@800razors.com> wrote:

**Premium American Made Razors Delivered Free for Less**

## CONGRATULATIONS!
## Thank you for your order and welcome to the Ultimate Shave.
## An account has been created for you with the following details:
## Username: ████████

### Purchasing Information:

**E-mail Address:** ████████

**Billing Address:** ████████     **Shipping Address:** ████████

**Billing Phone:** ████████     **Shipping Phone:** ████████

**Order Grand Total: $25.95**

**Payment Method:** Credit card

### Order Summary:

### Shipping Details:

**Order #:** ████████

**Order Date:** ████████

- 16 -

CLASS ACTION COMPLAINT

**Shipping Method:**    FREE with USPS
Products Subtotal:    $25.95
FREE with USPS:    $0.00
------
**Total for this Order: $25.95**

**Products on order:**
**1 x 5-Blade Women's Razor Cartridges - $25.95**
    SKU: womens-5-blade-razor-12-cat-e4m

  - Select Cartridges: 12 Cartridges for $ 25.95
  - Purchase Frequency: Every 4 months

---

**At 800razors.com, our promise is to provide you with the Ultimate Shave.Guaranteed. And we back up that promise with our Burn-Free Guarantee.**

When your package ships you will receive a shipping confirmation.
**800razors.com**
**Premium American Made Razors Delivered Free for Less**

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The proposed Class (the "Class") that Plaintiff seeks to represent is composed of and defined as:

> "**All persons within California that, within the applicable statute of limitations period, purchased any product in response to an offer constituting an "Automatic Renewal" as defined by § 17601(a) from 800Razors.com, LLC its predecessors, or its affiliates**."

26.    This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-

- 17 -
CLASS ACTION COMPLAINT

(3).    This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

27.    [Fed. R. Civ. P. 23(a)(1)]  The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes hundreds of thousands of members.  Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

28.    [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    i)    (a) Whether Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner before the subscription or purchasing agreement was fulfilled and in visual proximity to the request for consent to the offer in violation of Cal. Bus. & Prof. Code § 17602(a)(l);

    ii)    Whether Defendant failed to provide an acknowledgment that describes a cost-effective, timely, and easy-to-use mechanism for cancellation in violation of Cal. Bus. & Prof. Code § 17602(b);

    iii)    Whether Defendant charged Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining the Plaintiff's and Class Members' affirmative consent to the automatic renewal offer terms or continuous service offer terms in violation of Cal. Bus. & Prof. Code§ 17602(a)(2);

- 18 -
CLASS ACTION COMPLAINT

iv)   Whether Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

v)   Whether Plaintiff and the Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code§ 17603;

vi)   Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

vii)   Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and

viii)   The proper formula(s) for calculating the restitution owed to Class Members.

29.   [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein.  The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

30.   [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

31.   [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.

- 19 -

Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

32.    [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

33.    [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

34.    [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### FAILURE TO PRESENT AUTOMATIC RENEWAL OFFER TERMS OR CONTINUOUS SERVICE OFFER TERMS CLEARLY AND CONSPICUOUSLY AND IN VISUAL, PROXIMITY TO THE REQUEST FOR CONSENT OFFER (CAL. BUS. & PROF. CODE§ 17602(a)(l))

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

35.    The foregoing paragraphs are alleged herein and are incorporated herein by reference.

36.    Cal. Bus. Prof. Code§ 17602(a)(1) provides:

- 20 -
CLASS ACTION COMPLAINT

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(l) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer.

37.   Defendant failed to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and in visual proximity the request for consent to the offer before the subscription or purchasing agreement was fulfilled.

38.   As a result of Defendant's violations of Cal. Bus. & Prof. Code § §17602(a)(l), Defendant is subject under Cal. Bus. & Prof. Code § 17604 to all civil remedies that apply to a violation of Article 9, of Chapter l, of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

39.   Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## SECOND CAUSE OF ACTION

### FAILURE TO OBTAIN CONSUMER'S AFFIRMATIVE CONSENT

### BEFORE THE SUBSCRIPTION IS FULFILLED

### (CAL BUS. & PROF. CODE §§ 17602(a)(2) and 17603)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

40.   The foregoing paragraphs are alleged herein and are incorporated herein by reference.

41.   Cal. Bus. & Prof. Code § 17602(a)(2) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

- 21 -
CLASS ACTION COMPLAINT

(2) Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms.

42. Defendant charged, and continues to charge Plaintiff's and Class Members' Payment Method for an automatic renewal or continuous service without first obtaining Plaintiff's and Class Members affirmative consent to the automatic renewal offer terms or continuous service offer terms.

43. As a result of Defendant's violations of Cal. Bus. & Prof. Code § 17602(a)(2), Defendant is liable to provide restitution to Plaintiff and Class Members under Cal. Bus. & Prof. Code § 17603.

44. Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACKNOWLEDGMENT

### WITH AUTOMATIC RENEWAL TERMS AND

### INFORMATION REGARDING CANCELLATION POLICY

### (CAL. BUS. & PROF. CODE §§ 17602(a)(3), 17602(b))

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

45. The foregoing paragraphs are alleged herein and are incorporated herein by reference.

46. Cal. Bus. & Prof. Code§ 17602(a)(3) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

(3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in

- 22 -
CLASS ACTION COMPLAINT

the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

Cal. Bus. & Prof. Code § 17602(b) provides:

"A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

47.   Defendant failed to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members.

48.   As a result of Defendant's violations of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b), Defendant is subject to all civil remedies under Cal. Bus. & Prof. Code § 17604 that apply to a violation of Article 9, of Chapter 1 of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

49.   Plaintiff, on behalf of herself and Class Members, requests relief as described below.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW

### (CAL. BUS. & PROF. CODE§ 17200 *et. seq.*)

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

50.   The foregoing paragraphs are alleged herein and are incorporated herein by reference.

51.   Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") prohibits unfair competition in the form of any unlawful or unfair business act or practice. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may

- 23 -

CLASS ACTION COMPLAINT

bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

52.     Since December 1, 2010, and continuing to the present, Defendant has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating Cal. Bus. & Prof. Code §§ 17602(a)(1), 17602(a)(2), 17602(a)(3), and 17602(b).  The public policy which is a predicate to a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision.  *See* Cal. Bus. & Prof. Code §§ 17600, 17602.

53.     As a direct and proximate result of Defendant's unlawful, and/or unfair acts and practices described herein, Defendant has received, and continues to hold, unlawfully obtained property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful and/or unfair acts and practices in the amount of those business expenses and interest accrued thereon.

54.     Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from December 1, 2010, to the date of such restitution at rates specified by law.  Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

55.     Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

56.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself and other similarly-situated Class Members.  Plaintiff's success in this action will enforce important rights affecting the public interest.  Plaintiff will incur a financial burden in pursuing this

- 24 -
CLASS ACTION COMPLAINT

action in the public interest. An award of reasonable attorneys' fees to Plaintiff is thus appropriate pursuant to California Code of Civil Procedure§ 1021.5.

57. Plaintiff, on behalf of herself and Class Members, request relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. That the Court determine that this action may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, and define the Class as requested herein;

B. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(1) by failing to present the automatic renewal offer terms, or continuous service offer terms, in a clear and conspicuous manner and the visual proximity to the request for consent to the offer before the subscription or purchasing agreement was fulfilled;

C. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(b) by failing to provide an acknowledgment that describes a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation.

D. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(2) by charging Plaintiff's and Class Members' Payment Method without first obtaining their affirmative consent to the automatic renewal offer terms or continuous service terms;

E. That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members;

- 25 -
CLASS ACTION COMPLAINT

F.     That the Court find and declare that Defendant has violated the UCL and committed unfair and unlawful business practices by violating Cal. Bus. & Prof. Code § 17602.

G.     That the Court award to Plaintiff and Class Members damages and full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. & Prof. Code§ 17603, in an amount to be proved at trial;

H.     That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;

I.     That the Court find that Plaintiff and Class Members are entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203;

J.     That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

K.     That the Court award such other and further relief as this Court may deem appropriate.

Dated:  April 22, 2016                           MILSTEIN, ADELMAN, JACKSON,
                                                 FAIRCHILD & WADE, LLP


                                                 By: _/s/ Gillian M. Wade_____
                                                 Gillian M. Wade

- 26 -
CLASS ACTION COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2016, I electronically filed the foregoing **CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

/s/ Gillian M. Wade
Gillian M. Wade

- 1 -
CERTIFICATE OF SERVICE

# EXHIBIT 18

Atkinson-Baker Court Reporters
www.depo.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DIVISION

- - -

KRISTYNE HANBERG, individually )
and on behalf of all others    )
similarly situated,            )
                               )
            Plaintiff,         )
                               )
vs                             ) CASE NO: BC 615184
                               )
DEVIANTART, INC., a Delaware   )
corporation; and DOES 1 - 10,  )
inclusive,                     )
                               )
            Defendants.        )
                               )

DEPOSITION OF

KRISTYNE HANBERG

LOS ANGELES, CALIFORNIA

JUNE 10, 2016

ATKINSON-BAKER, INC.
COURT REPORTERS
(800) 288-3376
www.depo.com

REPORTED BY:   ANNA MARIE SPINELLI, CSR NO. 11805

FILE NO:  AA062D7

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 241

Atkinson-Baker Court Reporters
www.depo.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DIVISION

- - -

KRISTYNE HANBERG, individually )
and on behalf of all others    )
similarly situated,            )
                               )
                Plaintiff,     )
                               )
vs                             ) CASE NO: BC 615184
                               )
DEVIANTART, INC., a Delaware   )
corporation; and DOES 1 - 10,  )
inclusive,                     )
                               )
                Defendants.    )
                               )

        Deposition of KRISTYNE HANBERG, taken on behalf of

Defendant, at 800 West 6th Street, Suite 1220, Los

Angeles, California, commencing at 10:01 a.m., Friday,

June 10, 2016, before Anna Marie Spinelli, CSR No.

11805.

2

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

A  P  P  E  A  R  A  N  C  E  S:


FOR PLAINTIFF:

MILSTEIN ADELMAN, LLP
BY:  SARA AVILA, ESQ.
     MARC A. CASTANEDA, ESQ.
2800 Donald Douglas Loop North
Santa Monica, California 90405
(310) 396-9600




FOR DEFENDANT:

VICK LAW GROUP
BY:  SCOTT VICK, ESQ.
     CATHERINE KIM, ESQ.
800 West 6th Street
Suite 1220
Los Angeles, California 90017
(213) 784-6227




ALSO PRESENT:

Joshua S. Wattles, DeviantArt

3

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

I N D E X


WITNESS:  KRISTYNE HANBERG

EXAMINATION                                              PAGE

   By Mr. Vick                                            5




EXHIBITS:

                         DEFENDANT'S
NUMBER                   DESCRIPTION                      PAGE

1  -  25-page document                                    29




QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:

                         Page      Line

                          11        20
                          13        12
                          20        23
                          31        10
                          32         9
                          33        17
                          35         6
                          37        14
                          37        20
                          44        15
                          51         7


INFORMATION TO BE SUPPLIED:

                          (None)

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 244

Atkinson-Baker Court Reporters
www.depo.com

KRISTYNE HANBERG,

having been first duly sworn, was

examined and testified as follows:

EXAMINATION

BY MR. VICK:

    Q.   Good morning?

    A.   Good morning.

    Q.   Could you state and spell your name for the record?

    A.   Kristyne Hanberg, K-r-i-s-t-y-n-e.

    Q.   Uh-huh.

    A.   Hanberg, H-a-n-b-e-r-g.

    Q.   Do you have a middle name?

    A.   Yes, Jo.  J-o.

    Q.   J-o?

    A.   Yes.

    Q.   Okay.  Have you had your deposition taken before?

    A.   No.

    Q.   This is the first?

    A.   This is the first.

Kristyne Hanberg
June 10, 2016

Q.   Oh, great.

So, do you know have you been explained how this process works?

MS. AVILA:  Objection.  To the extent it calls for you to disclose any attorney client privilege.  You can say yes or no.

THE WITNESS:  Oh, yes.

Q.   BY MR. VICK:  Okay.  So the court reporter here she is going to be transcribing what you say and what I say and it will be in question/answer format.

She'll prepare a little book when this is done and because she can only type what one person says at a time it is important that you let me finish the question before you answer the question.  Okay?

A.   Okay.

Q.   You understand that your testimony today is under oath?

A.   Yes.

Q.   And it is the same force and effect as if you were in court?

A.   Yes.

Q.   You are under the penalty of perjury?

A.   Yes.

Q.   Okay.  So, if you answer a question I'm going to assume that you understand the question, but if you

Atkinson-Baker Court Reporters
www.depo.com

don't understand the question will you tell me?

A.   Yes.

Q.   Okay.  One of the things that lawyers do during depositions is they may object to a question.  So your lawyer may object to a particular question and state the reason for the objection.

Unless she instructs you not to answer you still have to answer the question; do you understand that?

A.   Yes.

Q.   Okay.  Another thing to keep in mind is in routine conversation we may use "uh-huh" or "huh-uh" to respond to questions, but when you look at that in a typewritten transcript it can be confusing because we don't know well does that mean yes or does that mean no.

So, when you answer a question if you can answer yes or no that would be very helpful?

A.   Okay.

Q.   We'll take a lunch break, obviously, but if you need to take a restroom break or something before then feel free to do so.

Also, if you want water or coffee or tea or snacks we have some over there you can feel free to do that.

A.   Thank you.

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 247

Atkinson-Baker Court Reporters
www.depo.com

Q.   Did you prepare for today's deposition?

A.   Yes.

Q.   Did you meet with your lawyers?

A.   Yes.

Q.   How long did you meet?

A.   Like an hour.

Q.   Okay.  Did you meet today?

A.   No.

Q.   Yesterday?

A.   No.

Q.   This week?

A.   Yes.

Q.   Okay.  And were you shown any documents?

MS. AVILA:  Objection.  You can answer the question to extent it doesn't disclose attorney client communications.

Q.   BY MR. VICK:  Okay.  Did any of those document refresh your recollection?

MS. AVILA:  Objection.  Attorney client privilege.

THE WITNESS:  No.

Q.   BY MR. VICK:  Okay.  What documents did you look at?

MS. AVILA:  Objection.  Attorney client privilege.  Don't answer that question.

8

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

Q.    BY MR. VICK:   Who was at your preparation?

A.    I'm not sure what you mean.

Q.    Was Mr. Wade at your preparation, deposition preparation?

A.    No.

Q.    Was Mr. Castaneda at your preparation?

A.    Yes.

Q.    And who else was there?

A.    Sara.

Q.    Okay.   Anyone else?

A.    No.

Q.    Okay.   Do you have any documents at home or anywhere else concerning Deviant Art?

MS. AVILA:   Objection.   Vague and ambiguous.

THE WITNESS:   No.

Q.    BY MR. VICK:   You don't?

A.    No.

Q.    In the complaint there was some screen shots printouts of the Deviant Art website, did you print those out?

A.    No.

MS. AVILA:   Objection.   The document speaks for itself.   Vague and ambiguous as to the complaint screen shots that are not before the witness right now.

Q.    BY MR. VICK:   Okay.   Did you ever receive any

9

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

e-mail confirmation from Deviant Art?

MS. AVILA:  Objection.  Vague and ambiguous as to "confirmation."  Do you understand the question?

THE WITNESS:  No.

Q.  BY MR. VICK:  Did you ever receive any e-mails from Deviant Art?

A.  Yes.

Q.  Okay.  What e-mails did you receive?

A.  I received an e-mail once I cancelled --

Q.  Okay.

A.  -- then, yes.

Q.  Okay.  When you signed up did you get a confirmation in the mail?

A.  I do not remember.

Q.  Okay.  Do you have any files at home related to Deviant Art?

MS. AVILA:  Objection.

MR. VICK:  Okay.  Can you let her finish the question.

MS. AVILA:  Your questions are a little bit confusion.  Files to a normal person is different than what, you know, we say for files so it might be easier to break it down.

Q.  BY MR. VICK:  Okay.  Do you have any files related to Deviant Art?

10

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 250

Atkinson-Baker Court Reporters
www.depo.com

A.   No.

Q.   Okay.  Do you have a Drop Box account?

A.   Yes.

Q.   Okay.  Do you have any documents in your Drop Box account related to Deviant Art?

A.   No.

Q.   What e-mail -- do you use Outlook for your e-mail?

A.   My work e-mail, yes.

Q.   Okay.  What about your personal e-mail?

A.   No.

Q.   Do you have any folders in your e-mails, you know, little folders that you keep in your e-mails?

MS. AVILA:  Objection.  Not relevant.  You can answer the question.

THE WITNESS:  Yes.

Q.   BY MR. VICK:  Okay.  Are any of those folders for Deviant Art?

A.   No.

Q.   Are any of those folders for litigation that you are involved in?

MS. AVILA:  Objection.  Don't answer that question.  It is not relevant.

MR. VICK:  Okay.  So, just for the record, you understand that you can instruct the witness in two and

11

Atkinson-Baker Court Reporters
www.depo.com

only two circumstance under California Law:  One is privilege and another is if you are prepared to end the deposition because you think it is harassment at which point you are obligated to go to the Court and seek a protective order.

Under California Law you can't instruct the witness not to answer in terms of relevance it is sanctionable conduct.

MS. AVILA:  Thank you.

MR. VICK:  Okay.  Can I have the question read back, please.

MS. AVILA:  I do want to just caution you that you're getting into irrelevant territory that is a little bit vague and ambiguous so I'm just trying to get you to slow it down a little.

MR. VICK:  Okay.

(Question read.)

THE WITNESS:  No.

Q.   BY MR. VICK:  Okay.  Have you ever been known by any other name?

A.   No.

Q.   Okay.  Are you married?

A.   No.

Q.   When were you born?

A.   ██████████████████ .

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 252

Atkinson-Baker Court Reporters
www.depo.com

Q.   Okay.   Do you have any children?

A.   No.

Q.   Okay.   And you live at ████████████████████
████████████████ ?

A.   No longer.

Q.   Okay.   Where is your current address?

A.   ████████████ .

Q.   Can you spell that for the court reporter?

A.   ██████████████████████████ .

Q.   Okay.   Do you live there alone?

A.   Yes.

Q.   Can you tell me what telephone numbers you've used over the last three years?

MS. AVILA:  Objection.  What's the relevance of that?  You can contact her through counsel.

MR. VICK:  Oh, it's not to contact her it's to check for telephone records and who is calling who.

MS. AVILA:  Don't answer that.

MR. VICK:  You.

MS. AVILA:  You can ask the Court to compel me to...

Q.   BY MR. VICK:  Is one of your telephone numbers ██████████████ ?

A.   Yes.

Q.   Do you have any other telephone numbers?

13

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

A.   No.

Q.   Is that your cell phone number?

A.   Yes.

Q.   What e-mail addresses do you use?

A.   My personal one is ███████████████.

Q.   Okay.  Do you have a work e-mail as well?

A.   I do.

Q.   Okay.  Do you have any other e-mails other than those two e-mails?

A.   No.

Q.   What is your work e-mail?

A.   Well, I'm not sure it is in use anymore.

Q.   Okay.

A.   Each year they switch it.

Q.   They do?

A.   Well, depending.

Q.   So for last semester what was your work e-mail?

A.   ██████████████.

Q.   Okay.  And is Yahoo your internet provider?  Wait, strike that.

Who is your internet provider?

A.   AT&T.

Q.   Okay.  How long have you had the Yahoo e-mail address?

MS. AVILA:  Objection.  Irrelevant.

14

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

THE WITNESS:  I believe between six and eight years, somewhere around there.

Q.   BY MR. VICK:  Okay.  Do you belong to any social networking websites?

MS. AVILA:  Vague and ambiguous.

THE WITNESS:  I'm not understanding.

Q.   BY MR. VICK:  Do you know what a social networking site is?

A.   I believe so.

Q.   Okay.  Do you belong to any?

A.   Can you give me an example?

Q.   LinkedIn?

A.   Oh, no.

Q.   Facebook?

A.   Yes.

Q.   Okay.  Any others?

A.   Yes.

Q.   What others?

A.   Instagram.

Q.   Instagram?

A.   (Nod of head)

Q.   Anything else?  SnapChat?

A.   Oh, yes.

Q.   SnapChat e-mails?

A.   Twitter.

15

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 255

Atkinson-Baker Court Reporters
www.depo.com

Q.   Twitter?

A.   Yes.

Q.   Anything else?

A.   No.

Q.   What is your username on Instagram?

MS. AVILA:  Objection.  How is that relevant?

MR. VICK:  It is relevant to adequacy of plaintiff in this case.

MS. AVILA:  I don't --

MR. VICK:  Counsel, you can't lawfully instruct the witness not to answer under relevance grounds.

MS. AVILA:  I'm not instructing her not to answer, I'm trying to understand how --

MR. VICK:  Well, you can state your objection and let's move on.  I'm hoping we can finish this deposition quickly, but if the more objections you have then it will last much longer.

So, I would like to get you, particularly, since the witness lives in Orange County, I'd like to get her out before rush hour traffic.

I mean if you're in Santa Monica you probably would appreciate the same thing.

MS. AVILA:  I would appreciate sticking to relevant issues.

Q.   BY MR. VICK:  Okay.  So, what's the username in

16

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

your Instagram account?

MS. AVILA:  You can answer.

THE WITNESS:  KristyneJH.

Q.  BY MR. VICK:  Okay.  Have you ever had any other username on SnapChat?

A.  No.

Q.  What about SnapChat same username?

A.  I don't remember.  It is either KristyneJH or KristyneJo.

Q.  And Twitter?

A.  I don't use Twitter.  I'm sorry, I have an account but I don't use it.

Q.  Don't actively use it?

A.  I believe it is KristyneJH.

Q.  Okay.  Do you actively use Instagram and SnapChat?

A.  Correct.

Q.  Okay.  And Facebook?

A.  Correct.

Q.  Do you use any internet message boards?

A.  I'm not sure what that is.

Q.  The answer is probably no.

You have a degree from CS Fullerton?

A.  Yes.

Q.  When did you graduate?

17

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 257

Atkinson-Baker Court Reporters
www.depo.com

A.    2010.

Q.    When did you start attending the school?

A.    2005.

Q.    Graduated from high school in 2005?

A.    Correct.

Q.    Okay.  And that was Mission Viejo High School?

A.    Correct.

Q.    And you grew up in Orange County?

A.    Correct.

Q.    And what were your degrees at Fullerton?

A.    Kinesiology.

Q.    Okay.  Anything else?

A.    No.

Q.    And you have a BS degree?

A.    Correct.

Q.    Okay.  Did you attend any other colleges?

A.    The University of Redlands.

Q.    Redlands.  What years?

A.    I believe it was 2011 or 2012 sorry.

Q.    One of those two years?

A.    Yes.

Q.    And what did you study?

A.    Teaching credential.

Q.    Okay.  Did you earn a teaching credential?

A.    Yes.

18

Kristyne Hanberg
June 10, 2016

Q.   What year?

A.   2012, I believe.

Q.   Okay.  Any other post high school education other than CS Fullerton and the University of Redlands?

A.   No.

Q.   Do you have any licenses or certifications?

A.   No.

Q.   Other than a driver's license?

A.   No.

Q.   Okay.  Do you belong to any professional or business clubs?

A.   I'm not sure I understand.

Q.   You've heard of Rotary or things like that, any teachers clubs?  Professional clubs?  Business clubs?

A.   No.

Q.   Are you a member of any social clubs or charities or non profit organizations?

A.   I'm not sure what you mean by "member."

Q.   What is it you don't -- do you know what a social club is?

A.   No.

Q.   So, I take it, you're into athletics?

A.   Correct.

Q.   And you were in track at Fullerton; correct?

A.   Correct.

19

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 259

Atkinson-Baker Court Reporters
www.depo.com

Q.   Do you belong to any clubs related to track?

A.   No.

Q.   Okay.  Do you belong to any charities?

A.   No.

Q.   Do you participate in any charities?

        MS. AVILA:  Objection.

        THE WITNESS:  I have.

Q.   BY MR. VICK:  Okay.  In the past three years?

A.   Yes.

Q.   Okay.  What would those be?

A.   Helped out at OC Marathon.

Q.   Okay.  And is that to benefit -- what is that?

A.   It was charity -- actually, you know, I'm not quite sure what it was for it was three years ago.

Q.   Okay.  OC refers to Orange County Marathon?

A.   Correct.

Q.   Is that where you met Mr. Ferrell?

        MS. AVILA:  Objection.  Lacks foundation. Vague and ambiguous.  Attorney many client privilege. Can you restate that question?

        MR. VICK:  You can answer the question.

        THE WITNESS:  No.

Q.   BY MR. VICK:  When did you meet Mr. Ferrell?

        MS. AVILA:  Objection.  Lacks foundation. Attorney client privilege.  Do not answer that question.

20

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

THE WITNESS:  Uh-huh.

MR. VICK:  Excuse me?  How is when she met Mr. Ferrell privileged?

MS. AVILA:  He is her attorney.

MR. VICK:  It is not -- confidential communication is the only thing that is privileged.

Do you need to make a phone call?

MS. AVILA:  Do you need to make a phone call?

MR. VICK:  No.  I'm quite certain it's not privileged.

MS. AVILA:  Okay.  Fine.

Q.   BY MR. VICK:  So, when did you first meet Mr. Ferrell?

MS. AVILA:  Assumes facts not in evidence. Lacks foundation.

THE WITNESS:  Mr. Ferrell is Scott; correct?

MR. VICK:  Yes.

MS. AVILA:  Yes.

THE WITNESS:  This year.

Q.   BY MR. VICK:  You met him this year?

A.   Yes.  What were the circumstances in which you met him?

MS. AVILA:  Objection.  Lacks foundation.

Q.   BY MR. VICK:  So by "this year" you mean 2016?

A.   Yes.

21

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 261

Q.   Okay.  Were you aware that he was your counsel in 2015?

A.   No.

MS. AVILA:  Objection.  Lacks foundation. Assumes facts not in evidence.  Vague and ambiguous. Speculative.

MR. VICK:  Okay.  So, Counsel, you know that those aren't objections for depositions.  I assume --

MS. AVILA:  Well, I'm --

MR. VICK:   -- you know that.

MS. AVILA:   -- objecting to the form of your question because you are assuming -- you're stating facts that are not in evidence.

MR. VICK:  Okay.  So, we'll get back to Mr. Ferrell in just a minute.

Q.   Any other charities or non profit organizations that you participated in?

A.   Yes.

Q.   What else?

A.   It's called Sara Demille Run.

Q.   S-a-r-a-h?

A.   No "h."

Q.   S-a-r-a?

A.   Yes.

Q.   D-e-m-i-l-l-e?

22

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 262

A.    Yes.

Q.    Okay.  Is that also in Orange County?

A.    Yes.

Q.    Okay.  And what year were you involved in that?

A.    2015.

Q.    Okay.  Anything else?

A.    No.

Q.    Okay.  So, since graduating from Fullerton have you had any employment?

A.    Yes.

Q.    With who?

A.    I worked at Beach Fire Bar and Grill.

Q.    Okay.

A.    The Ranch Sports Bar.

Q.    Okay.

A.    And then, Santa Margarita Catholic High School.

Q.    And is that -- where is that, is that in Mission Viejo?

A.    Rancho Santa Margarita.

Q.    Okay.  Any place else?

A.    Irvine High School.

Q.    Okay.  Any place else?

A.    No.

Q.    Okay.  What years did you work for Beach Fire Bar and Grill?

23

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

A.   2010, I believe, to 2014, I believe.

Q.   Okay.  And what did you do?

A.   I was a waitress.

Q.   Okay.  What about Ranch Sports Bar?

A.   Year -- I'm sorry, On The Beach Fire?

Q.   Yeah.

A.   That was 2010 to 2012.

Q.   '12, okay.

A.   And then, The Ranch 2012 --

Q.   Yeah.

A.   -- to 2000 -- beginning of 2014.

Q.   Okay.  Were you a food server as well?

A.   Correct.

Q.   Okay.  And then, did you go to Irvine High School after that?

A.   No.  I worked at Irvine High School while I was working At The Ranch.

Q.   So, what years?

A.   2012 to currently.

Q.   Okay.  And what is your position -- well, what is your position there?

A.   Soccer coach.

Q.   Any other positions?

A.   No.

Q.   Okay.  Men's or women's?

24

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

A.    Women's.

Q.    Is that where you met Mr. Reid?

MS. AVILA:  Objection.

THE WITNESS:  No.

Q.    BY MR. VICK:  Okay.  When did you begin working at Santa Margarita High School?

A.    2000 -- the end of 2012.

Q.    Okay.  To the present?

A.    Correct.

Q.    Okay.  What is your position?

A.    Biology teacher.

Q.    Anything else?

A.    Anatomy and Physiology teacher.

Q.    Anything else?

A.    Track coach.

Q.    Men's or women's?

A.    Both.

Q.    Anything else?

A.    No.

Q.    Boys and girls cross country is that the same thing?

A.    Oh, yes.

Q.    Okay.

A.    Sorry, yes.  That was in the fall.

Q.    Okay.  And that is a full-time position?

25

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 265

Atkinson-Baker Court Reporters
www.depo.com

A.    What is?

Q.    Your teaching/coaching position?

A.    Yes.

Q.    And you are doing that also while you were working with Irvine High School?

A.    Correct.

Q.    Okay.  Have you ever been a defendant in any lawsuit?

A.    No.

Q.    What about a respondent?

A.    I'm not sure I understand.

Q.    Okay.  Have you ever given testimony before?

Listen, we're in a deposition today but testimony could be where you've testified in court or testified at an Administration Agency or something of that nature.

Have you ever given testimony before?

A.    No.

Q.    This is your first time?

A.    Correct.

Q.    Have you ever been a plaintiff in any case?

A.    I'm not sure.

Q.    So, are you currently suing Deviant Art?

A.    Yes.

Q.    Okay.  And in your capacity as suing Deviant

26

Atkinson-Baker Court Reporters
www.depo.com

Art, do you have an understanding whether you are the plaintiff or the defendant?

A.   Yes.

Q.   Okay.  Then what is your understanding?

A.   I'm defendant -- I'm sorry, plaintiff.

Q.   Okay.  So, you are the plaintiff and you are suing Deviant Art?

A.   Correct.

Q.   Okay.  Are you a plaintiff in any other case?

A.   No.

Q.   Have you ever been a plaintiff in any other case?

A.   No.

Q.   And by case I mean lawsuit?

A.   Oh, yes.

Q.   What other lawsuits have you been a plaintiff in?

A.   800 Raisers.

Q.   Anything else?

A.   No.

Q.   Pretty sure?

A.   I was in a car accident a couple of years ago but and I got my medical bills paid for.  I don't know if that is.

Q.   You don't know if a lawsuit was filed?

27

Atkinson-Baker Court Reporters
www.depo.com

A.    No.   With the insurance company I know they paid for it.

Q.    Okay.   Did you ever sue drugstore.com?

A.    Drugstore.com.   Yes, I have.

Q.    Okay.   Remember when I asked you if you'd been a plaintiff and you said 800 Raisers?

A.    Yes.

Q.    And then, I said anything else and you said no?

A.    Yes.

Q.    Okay.   But then you just remembered drugstore.com?

A.    Yes.

Q.    Okay.   Do you remember any other cases where you've been a plaintiff?

MS. AVILA:   Vague and ambiguous.

THE WITNESS:   No.

Q.    BY MR. VICK:   Have you ever been involved in any other lawsuits?

A.    No.

Q.    Are you familiar with a company called Egnyte?

A.    Sounds familiar.

Q.    Okay.   Did you ever sue Egnyte?

MS. AVILA:   Vague and ambiguous.

THE WITNESS:   I'm not sure.

Q.    BY MR. VICK:   Do you know what Egnyte is?

28

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

A.    I'm not sure.  No.

(Exhibit No. 1 is marked.)

Q.    I'm going to hand the court reporter a document to mark as Deposition Exhibit No. 1.

This is an exhibit that has three parts to it the first part is four pages it is the so-called Docket?

A.    Okay.

Q.    Okay.  Then, there is a purple sheet that separates the second document which is a Complaint, purported Class Action Complaint.

That is, approximately, 15 pages long and then there is a purple sheet and there is a third document called Notice of Voluntary Dismissal it is three pages long.

Now, I would like to direct your attention to page two of the second page here page two of the docket report.

In the upper left-hand corner there is the word plaintiff and it says "Kristyne Hanberg," do you see that?  The second page, right, top left?

A.    Uh-huh.

Q.    Okay.  Do you see the name Kristyne Hanberg there?

A.    Yes.

Q.    Is that your name?

29

Atkinson-Baker Court Reporters
www.depo.com

A.    Yes.

Q.    And were you ever involved in any litigation involving Egnyte?

MS. AVILA:  Objection.  The document speaks for itself.

Q.    BY MR. VICK:  I'm sorry, you can answer the question?

A.    Yes.

Q.    Okay.  So you were a plaintiff in the Egnyte litigation?

A.    Yes.

Q.    Okay.  So, remember when I asked you if you were involved in any litigation and then you mentioned 800 Raisers and I said were you involved in any other litigation and you said no and then you remembered drugstores?

A.    Yes.

Q.    And then, I said were you involved in any other litigation and you said no and now I've showed you Egnyte.

Do you see that?

A.    Yes.

Q.    Okay.  Have you been in any other litigation other than Egnyte?

MS. AVILA:  Asked and answered.

30

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

THE WITNESS:  I don't recall.

Q.  BY MR. VICK:  Okay.  If you wanted to find out if you were involved in any other litigation, what would you do?

A.  I guess, it's online.

Q.  Okay.  Do you have lawyers that you might ask?

A.  Oh, I guess.

Q.  Who might you ask?

A.  I can ask Sara.

Q.  Okay.  Can you help me understand why if you were involved in other litigation why you wouldn't know if you were involved in any other litigation?

MS. AVILA:  Objection.  Argumentative.  Harassing.  Don't answer that.

MR. VICK:  That is not argumentative.

MS. AVILA:  It is.  She is not a lawyer.

Q.  BY MR. VICK:  Are you a plaintiff in any other lawsuit?

MS. AVILA:  Asked and answered.

MR. VICK:  Okay.  You can answer.

THE WITNESS:  Other than?

Q.  BY MR. VICK:  Other than the ones that we've talked about drugstore.com, Deviant Art and Egnyte any other lawsuits you are involved in?

MS. AVILA:  Asked and answered.

31

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

THE WITNESS:  I'm not sure.

Q.   BY MR. VICK:  Okay.  How did you become a plaintiff in this lawsuit, and I'm referring to Exhibit One?

MS. AVILA:  Objection.  Vague and ambiguous. You can answer that if you can answer it without disclosing any attorney client communications.

THE WITNESS:  Can you repeat the question?

Q.   BY MR. VICK:  How was it you became the plaintiff in this lawsuit Egnyte Exhibit One?

MS. AVILA:  Objection.  That case is irrelevant to this case.  Attorney client privilege.  Don't answer that.

THE WITNESS:  (Nod of head)

MR. VICK:  How she became a plaintiff is not attorney client privilege.  It is not so --

MS. AVILA:  I think it is.

MR. VICK:  We can go to court and call the judge if you'd like at a break.  Maybe we'll do that.

MS. AVILA:  Good luck getting the court on the phone.

MR. VICK:  Yeah, I think so.  I think that would be helpful or maybe you could make a phone call to a more senior lawyer.

MS. AVILA:  But that case is not relevant to

32

Kristyne Hanberg
June 10, 2016

this case we're here for Deviant Art not some other case.

MR. VICK:  It bears directly on the adequacy of the plaintiff.  This is a punitive class action lawsuit of course it is relevant.

MS. AVILA:  How is that relevant?

MR. VICK:  It goes to adequacy of plaintiff.

MS. AVILA:  That does not.  How does that go to adequacy of plaintiff?

MR. VICK:  I'm not here to give you an education I'm here to take a deposition.

MS. AVILA:  Counsel, I would instruct you to --

MR. VICK:  Yes.

MS. AVILA:  -- be more courtesy and processional.

MR. VICK:  I just don't know what to say.

Q.   Ms. Hanberg, how is it you became a plaintiff in the Egnyte lawsuit?

MS. AVILA:  Don't answer that question.  You've asked and answered.  You've asked that question.  I've instructed the witness not to answer, please move on.

Q.   BY MR. VICK:  Why did you sue Egnyte?

MS. AVILA:  Vague and ambiguous.  Calls for a legal conclusion.

THE WITNESS:  I'm not understanding.

33

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

Q. BY MR. VICK: Why did you sue a Egnyte?

A. I believe I was auto-renewed.

Q. Okay. And when did you make a decision to sue Egnyte?

A. I don't remember.

MS. AVILA: Vague.

Q. BY MR. VICK: Okay. So, do you recall -- do you know what the disposition of the case was?

MS. AVILA: Objection. Calls for a legal conclusion.

THE WITNESS: I'm not sure I understand.

Q. BY MR. VICK: Is the case still on-going?

MS. AVILA: Same objection.

THE WITNESS: I don't believe so.

Q. BY MR. VICK: Okay. What happened to it?

MS. AVILA: Calls for a legal conclusion. If you know, you can answer.

THE WITNESS: I don't really know.

Q. BY MR. VICK: Do you know if the case settled or not?

A. I believe it did.

Q. Why do you believe that?

A. Because I haven't heard anything about it.

Q. Okay. Did you get your money back?

A. I did.

34

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

Q.    Did you get anything else?

MS. AVILA:  Objection.  To the extent there is any confidential settlement agreement you can't disclose that.

MR. VICK:  Oh, it absolutely bears on this.

Q.    Did you get any incentive compensation in connection with that settlement?

MS. AVILA:  Objection.  Confidential settlement.  Don't answer that.

THE WITNESS:  (Nod of head)

MS. AVILA:  To the extent there is a confidential settlement --

MR. VICK:  Okay.

MS. AVILA:  Excuse me.

MR. VICK:  I was talking with my colleague.

Q.    Can you please turn to the second portion of this document and go to page four of the Complaint?

Okay.  Do you see paragraph 15 there it says "Defendant's business"?

A.    Yes.

Q.    Okay.  What was your understanding of what Egnyte's business is?

MS. AVILA:  Objection.  Calls for a legal conclusion.  This is entirely irrelevant.  This is not the subject of this case.  This is an entirely different

35

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

lawsuit.

Q.    BY MR. VICK:    What is your -- sitting here today, do you have an understanding of what Egnyte even does, without looking at the Complaint?

A.    I don't remember.

Q.    Okay.    Did you ever use Egnyte's services?

A.    No longer.

Q.    Did you ever use it?

A.    Yes.

Q.    What did you use it for?

A.    I don't remember.

Q.    Other than signing up, did you ever use it?

MS. AVILA:    Objection.    Argumentative.

THE WITNESS:    I don't remember.

Q.    BY MR. VICK:    Do you share files online with people?

A.    I'm not sure I understand.

Q.    Do you ever send documents via e-mail to people, documents or pictures or anything of the sort?

A.    For work, yes.

Q.    Okay.    What about personally?

A.    No.

Q.    Do you know what a secure file transfer is?

A.    No.

Q.    Have you ever used a secure file transfer?

36

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 276

Atkinson-Baker Court Reporters
www.depo.com

MS. AVILA:  Objection.  Misstates characterizes testimony.

THE WITNESS:  I don't know what that is.

MS. AVILA:  Yeah.

Q.  BY MR. VICK:  Do you know what secure file sharing is?

A.  I may.  I'm not sure.

Q.  Okay.  Have you ever used secured file sharing?

A.  I don't know.

Q.  Okay.  Can you turn to page five of this complaint.

Do you see this?

A.  Yes.

Q.  Did you personally sign up for services from Egnyte or did someone sign up for you?

MS. AVILA:  Objection.  Lacks foundation.  Completely irrelevant.  Harassing.  Counsel, I request that you stop this line questioning.  Don't answer that question.

Q.  BY MR. VICK:  Did you sign up or did you have someone else sign up for you?

MS. AVILA:  Objection.  Harassing.  Move on or we're ending this deposition.  Don't answer.

THE WITNESS:  (Nod of head)

MS. AVILA:  Do you have another question?

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 277

Atkinson-Baker Court Reporters
www.depo.com

Q.    BY MR. VICK:  Did you print this invoice out?

A.    No.

Q.    Do you have any understanding of how this invoice got printed out?

A.    No.

MS. AVILA:  Objection.  Vague and ambiguous. Counsel, I'm requesting once again to stop this line of questioning.

This Egnyte lawsuit is completely irrelevant to the instant lawsuit.  Ms. Hanberg is not a lawyer.

MR. VICK:  So, I have a treatise on class actions in my office and during the lunch break I'm happy to share it with you so that you can review the law in class action depositions.

Because this is totally appropriate and relevant to whether she is an adequate plaintiff and, frankly, it is also relevant to whether your law firm is an appropriate adequate counsel and, also, potentially, conflict of interest.  So, of course, it is relevant.

MS. AVILA:  Counsel, your demeanor and your --

MR. VICK:  My demeanor.

MS. AVILA:  You have repeatedly stated throughout the last month that you believe this to be a manufactured shakedown.  We cautioned you against harassing our client.

38

Kristyne Hanberg
June 10, 2016

You are you insulting our client.  You are insulting our client's integrity, her ethics, counsel's ethics and integrity and unless you plan on changing your line of questioning we're going to end this deposition.

Q.    BY MR. VICK:  Okay.  So, did you ever sue a company called Tresta?

A.    Can you repeat that?

Q.    Did you ever sue a company called Tresta?

A.    I'm not sure.

Q.    Do you know what Tresta is?

A.    No.

Q.    Okay.  Do you have any -- have you ever signed up for telephone answering services?

A.    Yes.

Q.    Okay.  With whom did you sign up?

A.    It was a while ago, I don't remember the company.

Q.    Was it Paclife?

A.    Yes.

Q.    Okay.  Why did you sign up for telephone answering services?

A.    For training purposes athletes.

Q.    Treating for, can you explain?

A.    Can you repeat your question?

39

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 279

Atkinson-Baker Court Reporters
www.depo.com

Q.   Yeah.   Why did you sign up for telephone answering services?

A.   Yes, so I could have a line separate from my home line or my cell phone line to work with training athletes and others.

Q.   Did anyone tell you to sign up for the program?

MS. AVILA:  Objection.  Vague and ambiguous.

THE WITNESS:  No.

Q.   BY MR. VICK:  Did you know it had an automatic renewal, at the time you signed up?

A.   No.  I don't recall.

Q.   Okay.  What happened to the Tresta lawsuit that you were involved in?

MS. AVILA:  Objection.  Lacks foundation.  Calls for a legal conclusion.

THE WITNESS:  I don't remember.  I don't know.

Q.   BY MR. VICK:  Okay.  Did you get any -- did you get a refund of your money?

A.   I don't remember.

Q.   Did you get any other payments?

A.   From Tresta?

Q.   Yeah.

A.   I don't remember.

Q.   Did you sign an engagement agreement -- do you no what an engagement agreement is with a law firm?

40

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 280

Atkinson-Baker Court Reporters
www.depo.com

A.   No.

Q.   Retainer Agreement?

A.   Yes.

Q.   Did you sign a Retainer Agreement with any law firm in connection with any of the litigation we've discussed?

MS. AVILA:  Objection.  Overbroad.  Vague and ambiguous.

THE WITNESS:  I believe just for --

MS. AVILA:  Oh, did you -- just answer his question yes or no.

THE WITNESS:  Can you repeat the question?

Q.   BY MR. VICK:  Did you sign an engagement agreement with any law firm in connection with representing you?

A.   Yes.

Q.   How many?

A.   One.

Q.   Okay.  With whom?

MS. AVILA:  Objection.  Attorney client privilege.  You can answer the question but only if you can do so without revealing any communications you've had with your lawyers.

THE WITNESS:  Yes, with Sara's law firm.

Q.   BY MR. VICK:  Okay.  Did you ever sign an

41

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

engagement agreement with the Newport Trial Group?

A.   No.

Q.   Do you know who they are?

A.   Yes.

Q.   Okay.  Who are they?

A.   A law firm.

MS. AVILA:  Vague and ambiguous.

Q.   BY MR. VICK:  Okay.  And when did you first --
did you meet Newport Trial Group through Milstein
Adelman?

A.   No.

Q.   Who was the first lawyer you knew at Milstein
Adelman?

MS. AVILA:  Objection.

THE WITNESS:  I'm not sure I understand your
question.  "Knew," as in?

Q.   BY MR. VICK:  So, you are represented in this
case by Milstein Adelman; right?

A.   Yes.

Q.   Okay.  And you introduced two of the lawyers
here with you today --

A.   Uh-huh.

Q.   -- at the beginning of the deposition:  Do you
recall that?

A.   Yes.

42

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 282

Q.    Okay.  Who is the first lawyer at Milstein Adelman that you knew?

A.    I was in contact first with Sara.

Q.    Okay.  Sara was the first lawyer you met at Milstein Adelman?

MS. AVILA:  Objection.  Attorney client privilege.  You can answer but only if you don't disclose -- don't reveal any communications you've had with us.

THE WITNESS:  Yes.

Q.    BY MR. VICK:  Okay.  When did you meet Sara?

A.    On Wednesday this week.

Q.    So, this week so that would be June 8th, 2016?

A.    Yes.

Q.    That's the first time you met Sara?

MS. AVILA:  Vague and ambiguous. Mischaracterizes testimony.

THE WITNESS:  Yes.

Q.    BY MR. VICK:  Okay.  Had you met Gillian before?

A.    Yes.

Q.    Okay.  So, Gillian is a lawyer at Milstein Adelman; right?

A.    Yes.

Q.    Okay.  When did you first meet Gillian?

43

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

A.    Wednesday, June 8th.

Q.    Okay.  All right.  Is that the first Milstein Adelman lawyer you'd ever met?

A.    Yes.

MS. AVILA:  Objection.  Vague and ambiguous.

Q.    BY MR. VICK:  Okay.  Have you met any lawyers at the Newport Trial Group?

A.    Yes.

Q.    Who have you met?

MS. AVILA:  Attorney client privilege.  You can tell him who you met as long as you don't disclose any communications with them.

THE WITNESS:  I'm not sure I have the last names correct.  Andrew Baslow and Dave Reid.

Q.    BY MR. VICK:  Okay.  When did you first meet David Reid.

MS. AVILA:  Objection.  Attorney client privilege.  Don't answer that.

THE WITNESS:  (Nod of head)

MR. VICK:  So, Counsel, I can get you a book if you'd like.  Attorney client privilege is a confidential communication between an attorney and a client.

Confidential communication is not when a lawyer first met a client that is not confidential so I'm going to ask the question again.

44

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

Q.    When did you first meet Mr. Reid?

MS. AVILA:  Same objection.  You can answer if you want.

THE WITNESS:  I met Mr. Reid, I believe, around two weeks ago.

Q.    BY MR. VICK:  So, also, in June of 2016?

A.    Yes.

Q.    So have you met Scott Ferrell?

A.    I don't believe so.

Q.    Have you met Victoria Knowles?

A.    No.

Q.    Have you met Richard Hikida?

A.    No.

Q.    Have you met Andrew Baslow?

A.    Yes.

Q.    When did you first meet Andrew Baslow?

A.    About two weeks ago.

Q.    So Exhibit One is the Egnyte lawsuit, do you see that?

A.    Yes.

Q.    Okay.  It indicates the records here indicate that the lawsuit was filed in November of 2015.

Does that sound right?

A.    Sounds about right.

Q.    Okay.  So, did you know any of the lawyers

45

Atkinson-Baker Court Reporters
www.depo.com

representing you in that case at the time?

MS. AVILA: Objection. Argumentative. The document speaks for itself.

THE WITNESS: Yes.

Q. BY MR. VICK: Okay. So, in November of 2015, what lawyer did you know at the time who was representing you?

MS. AVILA: Objection. That is completely irrelevant to this case.

THE WITNESS: I knew of Scott and Dave.

Q. BY MR. VICK: Did you actually know any of the lawyers who were representing you?

A. No.

MS. AVILA: Vague and ambiguous.

Q. BY MR. VICK: Did you know any of the lawyers at the Newport Trial Group or Milstein Adelman at the time --

MS. AVILA: Objection.

THE WITNESS: I kind of knew that.

MR. VICK: -- as of November 2015?

MS. AVILA: Objection. It's harassing. Argumentative. Mischaracterizes her testimony.

THE WITNESS: I'm not sure I understand.

Q. BY MR. VICK: So, in November 2015 --

A. Uh-huh.

46

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

Q.    -- you brought this lawsuit against Egnyte; right?

A.    Correct.

Q.    For having to do with automatic renewal; right?

A.    Correct.

Q.    Okay.  And in connection with that case you had lawyers representing you; right?

A.    Yes.

Q.    Okay.  Did you know any of those lawyers at the time you brought suit?

MS. AVILA:  Asked and answered.  Vague and ambiguous.

THE WITNESS:  Yes.

Q.    BY MR. VICK:  Who?

A.    I believe it was Scott.

Q.    Scott?

A.    Or Dave, I don't recall which one first.

Q.    So, now, a second ago you said you knew of Scott?

A.    I've never met Scott.

Q.    You've never met Scott?

MS. AVILA:  Argumentative.  Only answer questions when he's asking.  You're mischaracterizing her testimony.

Q.    BY MR. VICK:  Have you ever spoken to Scott,

47

Atkinson-Baker Court Reporters
www.depo.com

Mr. Ferrell, on the phone?

        MS. AVILA:  Objection.  You can answer the question only if you can do so without revealing any communications between you or your attorneys.

        THE WITNESS:  Yes.

    Q.   BY MR. VICK:  Okay.  How many times did you speak with him on the phone?

        MS. AVILA:  Objection.  Irrelevant.  Vague and ambiguous.

        THE WITNESS:  I don't remember.

    Q.   BY MR. VICK:  Did he call you or did you call him?

        MS. AVILA:  Objection.  Lacks foundation. Argumentative.  Harassing.

        THE WITNESS:  I don't remember.

    Q.   BY MR. VICK:  Okay.  Have you ever met David Reid?

    A.   Yes.

    Q.   What were the circumstances in which you met David Reid?

        MS. AVILA:  Objection.

    Q.   BY MR. VICK:  Did you meet him at a church event?  Did you meet him at his business office?

        Where did you first meet him?

        MS. AVILA:  Objection.  Vague and ambiguous.

48

Irrelevant.  Attorney client privilege.  Harassing.
Lacks foundation.

THE WITNESS:  Met him at his law firm.

Q.  BY MR. VICK:  Okay.  Is that the first time you met him there in his law firm?

A.  Yes.

Q.  Did you know him before then?

A.  No.

Q.  When did you first meet him?

MS. AVILA:  Objection.  Asked and answered.
Attorney client privilege.

THE WITNESS:  About two weeks ago.

Q.  BY MR. VICK:  So, two weeks ago is, again, June 2016.

MS. AVILA:  Counsel, asked and answered.
Harassing.  Mischaracterizing her testimony.

THE WITNESS:  Yes, today is June...

Q.  BY MR. VICK:  Okay.  So, this is an important question:  In November of 2015 --

A.  Yes.

Q.  -- you brought a lawsuit and the lawsuit is Exhibit One right in front of you?

A.  Yes.

Q.  And the lawsuit if you look at the front page of the lawsuit lists a law firm that represented you

49

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 289

Newport Trial Group and a number of lawyers including Scott Ferrell, Richard Hikida, David Reid and Victoria Knowles.

Do you see that?

A.   Yes.

MS. AVILA:   Objection.   The document speaks for itself.   She is not a lawyer.

Q.   BY MR. VICK:   At the time this lawsuit was brought in November of 2015, did you know any of those lawyers?

MS. AVILA:   Objection.   Vague and ambiguous. Calls for attorney client communications.

THE WITNESS:   Before --

MS. AVILA:   This is irrelevant.   I'm not sure the client understands.

Q.   BY MR. VICK:   When this lawsuit was filed on --

A.   Yes.

Q.   -- November 6th, 2015?

A.   Correct.

Q.   Had you spoken to any of these lawyers?

A.   Yes.

Q.   Okay.   So a few minutes ago you said the first time you spoke with Mr. Reid was at his law firm two weeks ago?

A.   Correct.

50

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 290

Atkinson-Baker Court Reporters
www.depo.com

Q.    Okay.

MS. AVILA:    Mischaracterizes testimony.

MR. VICK:    Okay.

MS. AVILA:    Misstates her testimony.

Q.    BY MR. VICK:    Is that correct?

A.    Yes.

Q.    Okay.  So, this lawsuit Egnyte that was filed in November of 2015, had you met any of the lawyers representing you on this case at the time this case was filed in November of 2015?

MS. AVILA:    Asked and answered. Mischaracterizes testimony.  Attorney client privilege.

THE WITNESS:    So --

MS. AVILA:    Don't answer that.

THE WITNESS:    Okay.

Q.    BY MR. VICK:    Had you met any of the lawyers as of the time you filed this lawsuit?

MS. AVILA:    Asked and answered.  Counsel, if you're going to continue asking the same question again we're going to terminate this deposition so we can seek a protective order.

MR. VICK:    You can answer the question.

THE WITNESS:    No.

MS. AVILA:    No.  You can't answer the question.

MR. VICK:    She said no.

51

Atkinson-Baker Court Reporters
www.depo.com

THE WITNESS:  I'm not sure I understand your question.

MR. VICK:  Okay.

MS. AVILA:  We're ending the deposition at this time so that we can seek a protective order from your harassing behavior.

You are misconstruing Ms. Hanberg's testimony and I believe you will realize it once you read the transcript.  Until then, we are going to have to terminate the deposition and seek a protective order from your harassing behavior.

MR. VICK:  Okay.

MS. AVILA:  Based on your e-mails from this last week we anticipated that this would be an issue. In fact, your e-mail from the beginning of this case so, unfortunately, we're going to have to terminate the deposition.

MR. VICK:  Okay.  Just a couple other things, then.  So, we'll also go in and seek a Motion to Compel. We're going to be filing a demure to your compliant.

MS. AVILA:  Right.

MR. VICK:  The demure will be --

MS. AVILA:  Yeah, we're off the record.

MR. VICK:  Yes, off the record.

52

Kristyne Hanberg
June 10, 2016

Atkinson-Baker Court Reporters
www.depo.com

(The deposition proceedings

adjourned at 10:52 a.m.)

53

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 293

Atkinson-Baker Court Reporters
www.depo.com

PENALTY OF PERJURY CERTIFICATE

I, the undersigned, declare under penalty of perjury that I have read the foregoing transcript, and I have made any corrections, additions or deletions that I was desirous of making; that the foregoing is a true and correct transcript of my testimony contained therein.

EXECUTED this                    day of            , 20 , at                                   ,
_____.

_____
KRISTYNE HANBERG

54

Kristyne Hanberg
June 10, 2016

Plaintiff's Opp. to NTG Defendants' Mot. to Strike
Exh. D
Page 294

Atkinson-Baker Court Reporters
www.depo.com

REPORTER'S CERTIFICATE

I, ANNA MARIE SPINELLI, CSR No. 11805, a Certified Shorthand Reporter, certify;

That the foregoing proceedings were taken before me at the time and place therein set forth, at which time the witness was put under oath by me;

That the testimony of the witness, the questions propounded, and all objections and statements made at the time of the foregoing proceedings were recorded stenographically by me and were thereafter transcribed;

That the foregoing is a true and correct transcript of my shorthand notes so taken.

I further certify that I am not a relative or employee of any attorney of the parties, nor financially interested in the action.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Dated this 10th day of June, 2016.


_____                    __
ANNA MARIE SPINELLI, CSR NO. 11805

55

Kristyne Hanberg
June 10, 2016