**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
Michael S. LeBoff (SBN 204612)
Mleboff@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for NEWPORT TRIAL GROUP; SCOTT J.
FERRELL; RYAN M. FERRELL; VICTORIA C.
KNOWLES; DAVID REID and ANDREW LEE
BASLOW

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

NATURAL IMMUNOGENICS
CORP., a Florida corporation ,

Plaintiff,

v.

NEWPORT TRIAL GROUP, et al.,

Defendants.

CASE NO.  8:15-cv-02034-JVS-JCG

**NEWPORT TRIAL GROUP
DEFENDANTS' DECLARATION
OF MICHAEL S. LEBOFF IN
SUPPORT OF ITS MOTION FOR
AN ORDER: (1) FINDING DRAFT
COMPLAINT FILED AT DOCKET
103-7 PRIVILEGED; AND (2)
SEALING DOCKET 103-7**

Judge:      Hon. James Selna

Hearing:
Date:          July 25, 2016
Time:          1:30 p.m.
Courtroom:   10C

Complaint Filed:  December 7, 2015
Trial Date:        December 5, 2017

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

1

## DECLARATION OF MICHAEL S. LEBOFF

2      I, MICHAEL S. LEBOFF, declare:

3      1.      I am an attorney licensed to practice in the State of California and in

4  the Central District of California.  I am an attorney at Callahan & Blaine, attorneys

5  of record for defendants Newport Trial Group, Scott Ferrell, Ryan Ferrell, Victoria

6  Knowles, David Reid and Andrew Baslow in this action.  The following facts are

7  based upon my personal knowledge and if called as a witness, I would and could

8  competently testify as follows.

9      2.      On June 1, 2016, at 8:54 a.m., I sent an email to Natural

10 Immunogenics' counsel Peter Arhangelsky, Joshua Furman, and Eric Awerbuch to

11 meet and confer in the hope of avoiding any further law and motion practice relating

12 to the draft complaint.  In the email, I stated:  "We demand that that your firm (i)

13 destroy all copies of the draft complaint; (ii) refrain from referring to or using the

14 draft complaint in any way in this or any other litigation; (iii) disclose the identity

15 and contact information of all individuals to whom you have disseminated a copy of

16 the draft complaint as well as the date and time of such dissemination; and (iv) make

17 a demand in writing on those individuals to return or destroy their copies of the draft

18 complaint.  Please let us know if you will agree to these demands.  If not, we will

19 file a motion with the district court seeking the relief requested above."  A true and

20 correct copy of this email is included in the email chain attached as Exhibit 1.

21     3.      On June 1, 2016, at 11:13 a.m., I received an email from Peter

22 Arhangelsky responding to my email.  Mr. Arhangelsky stated:  "We can certify that

23 the document is under quarantine and that NIC counsel will not disseminate that file

24 to third parties not subject to the protective order."  Otherwise, Mr. Arhangelsky did

25 not agree to any of the relief requested in my email.  Mr. Arhangelsky also stated

26 that "NIC disagrees that the document was ever privileged, or that disclosure to NIC

27 counsel was inadvertent."  Mr. Arhangelsky further stated that he believed "the

28 court rejected your claim for privilege, and rejected your demand to seal the related

DECLARATION OF MICHAEL S. LEBOFF

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    documents." A true and correct copy of Mr. Arhangelsky's email is included in the

2    email chain attached as Exhibit 1.

3        4.    At 4:11 p.m. on June 1, 2016, I responded to Mr. Arhangelsky's email,

4    and stated: "While I disagree with your analysis below, I would like to talk with

5    you via telephone to see if we can find any common ground." A true and correct

6    copy of this email is included in the email chain attached as Exhibit 1.

7        5.    Mr. Arhangelsky and I thereafter agreed to speak by telephone to see if

8    we could resolve our differences concerning Natural Immunogenics' handling of the

9    draft complaint. On June 6, 2016, I, along with James M. Golden, another attorney

10    in our office, met and conferred on these issues with Mr. Arhangelsky by telephone.

11    I acknowledged that Natural Immunogenics disagreed that the draft complaint was

12    privileged, but asked if it would be possible for Natural Immunogenics to agree that

13    the draft complaint should be sealed. Mr. Arhangelsky agreed that the draft

14    complaint should be sealed, but we both acknowledged that the draft complaint

15    could not be sealed absent a motion asking for that relief. Even though we

16    disagreed about whether the draft complaint was privileged, we agreed that I would

17    circulate a stipulation, in which Natural Immunogenics would agree to sequester the

18    draft complain, and agree that the draft complaint should be sealed, pending a ruling

19    by the Court as to whether the draft complaint is privileged.

20        6.    During our June 6, 2016 conversation, Mr. Arhangelsky indicated that

21    Natural Immunogenics did not have any present intention of amending the

22    complaint to include allegations based on the draft complaint (relief Natural

23    Immunogenics had requested in its ex parte application for a TRO) but stated that

24    Natural Immunogenics might seek to use the draft complaint during the course of

25    this lawsuit.

26        7.    On June 9, 2016, I sent Natural Immunogenics' counsel a draft

27    stipulation. In the email, I stated: "As we understand the local rules, we need to file

28    a motion to seal the document. In that motion, we are going to argue that the

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

DECLARATION OF MICHAEL S. LEBOFF

1  document is privileged, or in the alternative, should at least be treated as privileged

2  until shown otherwise. It is our understanding that while you disagree the document

3  is privileged, you do not oppose the relief we are seeking, which is to sequester the

4  document and seal the filing, subject to being revisiting [sic] the issue once the

5  parties have obtained information from Google and completed their respective

6  investigations with regard to the sender of the 'Richard Martin' email.  If our

7  understanding is incorrect, please let me know."  A true and correct copy of this

8  email and the draft stipulation attached to it is attached as Exhibit 2.

9       8.    The draft stipulation provided that, unless and until the Court

10  determined that the draft complaint is not privileged or protected by the attorney-

11  work product doctrine, Natural Immunogenics and its counsel would: (1) sequester

12  the draft complaint; (2) not use the drat complaint in any way in connection with

13  any proceedings in this or any other action; (3) not disclose any information in the

14  draft complaint to any person or entity; and (4) take reasonable steps to retrieve the

15  draft complaint from any persons or entities to which it was disclosed.  The draft

16  stipulation further provided that the "Draft Complaint filed at docket 103-7 should

17  be sealed."

18       9.    After hearing nothing in response to my June 9, 2016 email, I sent

19  Natural Immunogenics' counsel a follow up email on June 15, 2016.  Later that day,

20  Natural Immunogenics' counsel Joshua Furman responded to my email and the draft

21  stipulation.  Mr. Furman did not agree to all of the provisions in the draft stipulation.

22  In particular, Mr. Furman stated:  "NIC will join with you in seeking to keep the

23  Draft Complaint confidentiality [sic] so as to avoid any dissemination of it pending

24  briefing. Without submitting the draft complaint as an exhibit, NIC reserves the

25  right to reference the draft complaint and prior TRO proceedings in pleadings to the

26  extent relevant to argument or briefing. We agree that NIC will not disclose the

27  document to any person or entity outside of these proceedings."  Mr. Furman further

28  stated:  "NIC does not believe the draft complaint subject to privilege for the reasons

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 4 -
DECLARATION OF MICHAEL S. LEBOFF

1   we have articulated in argument. Information from Google concerning the sender
2   account may add to our assessment. We do not oppose any effort to keep the
3   document sealed, as indeed we tried to do ourselves."  A true and correct copy of
4   Mr. Furman's email is attached as Exhibit 3.

5

6          I declare under penalty of perjury under the laws of the United States of
7   America that the foregoing is true and correct.  Executed this 23rd day of June 2016
8   at Santa Ana, California.

9                                                _/s/ Michael S. LeBoff_

10                                                 Michael LeBoff

11

CALLAHAN & BLAINE
A PROFESSIONAL CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF MICHAEL S. LEBOFF

# EXHIBIT 1

| From: | Michael LeBoff |
|---|---|
| To: | Peter Arhangelsky |
| Cc: | Gillian Wade; Sara Avila; Marc Castaneda; EDWARD SUSOLIK; James M. Golden; Joshua Furman; Eric Awerbuch |
| Subject: | RE: Activity in Case 8:15-cv-02034-JVS-JCG Natural-Immunogenics Corp. v. Newport Trial Group, et al Order |
| Date: | Thursday, June 02, 2016 4:11:15 PM |

Peter,

While I disagree with your analysis below, I would like to talk with you via telephone to see if we can find any common ground. Are you available tomorrow? I am in the office all day. Let me know if there is a good time to call.

Thank you.

**Michael S. LeBoff**
**CALLAHAN & BLAINE**
**3 Hutton Centre Drive, Ninth Floor**
**Santa Ana, CA 92707**
**Tel. (714) 241-4444, ext. 408**
**Fax (714) 241-4445**
**mleboff@callahan-law.com**
**www.callahan-law.com**

*Privacy Notice*: This message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State law. If the reader of this message is not the intended recipient, or the employee or agent responsible for the delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or return email and delete the original email and any copies thereof. Thank you.

 Please consider the environment before printing this e-mail

**From:** Peter Arhangelsky [mailto:parhangelsky@emord.com]
**Sent:** Wednesday, June 01, 2016 11:13 AM
**To:** Michael LeBoff
**Cc:** Gillian Wade; Sara Avila; Marc Castaneda; EDWARD SUSOLIK; James M. Golden; Joshua Furman; Eric Awerbuch
**Subject:** RE: Activity in Case 8:15-cv-02034-JVS-JCG Natural-Immunogenics Corp. v. Newport Trial Group, et al Order

Counsel:

NIC disagrees that the document was ever privileged, or that disclosure to NIC counsel was inadvertent. You have apparently performed no work to determine or prove inadvertent disclosure —which was your burden under well-established case law. You have provided no proof or evidence sufficient to establish a privilege log or chain of custody that would indicate privilege. You have supplied no applicable case law establishing that the requested relief in your email below would be appropriate. All of that information is within the domain, custody, or control of defendant NTG. NIC maintains that the document was intentionally sent to NIC counsel for the purposes of establishing a

sham disqualification motion or for other improper purposes. The parties have a clear disagreement concerning the privilege issue, and you have failed to support your claim for privilege. You have no legal basis to seek disqualification under these circumstances.

The Court denied the TRO in summary fashion. The Court provided no basis for that decision, but also appears to have rejected your counter-demand for sanctions. Similarly, the court rejected your claim for privilege, and rejected your demand to seal the related documents—which were overt demands in your pleadings and briefed before the court now twice.

Any motion for relief here is also grossly premature given that the parties have yet to receive information from Google concerning the sender's identity. Particularly because your client refuses to disclose the specifics concerning the document chain of custody, that information is essential before the court may rule on these issues. Accordingly, to properly meet and confer under the Local Rules, please immediately provide us a sufficient privilege log related to the document in question that identifies: the type of asserted privilege(s); the identity and capacity of all individuals who authored, sent, and received each allegedly privileged document or communication; the date of creation and, if different, the date sent and received for allegedly privileged documents or communications; a brief description of each document; and a brief description of its contents or subject matter sufficient to determine whether the privilege applies.

In particular, please identify each individual who received a copy of the document from Mr. Ferrell or NTG generally between May 10-12. Please identify each individual (and provide email addresses) who received a copy of the document between 10am-4pm on May 11, 2016. Absent that information, we cannot evaluate the threatened motion. Moreover, a refusal to provide that information to us (or to the court previously) strongly suggests that the threatened motion is not in good faith. We also demand that your client disclose the extent to which he received or reviewed confidential information sourced from the State Bar's files concerning NIC counsel. Finally, you have not identified the basis for your request, or the form of request you intend to file with the court. A proper meet and confer requires those disclosures.

To reiterate, demonstrating an inadvertent disclosure is your burden to bear, and must be established through more than Mr. Ferrell's conclusory and deficient affidavit. We can certify that the document is under quarantine and that NIC counsel will not disseminate that file to third parties not subject to the protective order. But we understand that the court rejected your claim for privilege, rejected your request to seal the document, and left the document a part of the record.

Sincerely,

**Peter A. Arhangelsky, Esq.** | Emord & Associates, P.C. | 3210 S. Gilbert Rd., Ste 4 | Chandler, AZ 85286
Firm: (602) 388-8899 | Direct: (602) 334-4416 | Facsimile: (602) 393-4361 | www.emord.com

NOTICE: This is a confidential communication intended for the recipient listed above. The content of this communication is protected from disclosure by the attorney-client privilege and the work product doctrine. If

you are not the intended recipient, you should treat this communication as strictly confidential and provide it to
the person intended. Duplication or distribution of this communication is prohibited by the sender. If this
communication has been sent to you in error, please notify the sender and then immediately destroy the
document.

---

**From:** Michael LeBoff [mailto:MLeBoff@callahan-law.com]
**Sent:** Wednesday, June 01, 2016 8:54 AM
**To:** Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>; Eric
Awerbuch <eawerbuch@emord.com>
**Cc:** Gillian Wade <GWade@majfw.com>; Sara Avila <SAvila@majfw.com>; Marc Castaneda
<MCastaneda@majfw.com>; EDWARD SUSOLIK <ES@callahan-law.com>; James M. Golden
<Jgolden@callahan-law.com>
**Subject:** FW: Activity in Case 8:15-cv-02034-JVS-JCG Natural-Immunogenics Corp. v. Newport Trial
Group, et al Order

In light of the Court denying both of your requests for a TRO and/or preliminary injunction in
connection with the draft Janovick complaint, we are writing to meet and confer in hopes of
avoiding any further law and motion practice relating to the privileged document. We demand
that that your firm (i) destroy all copies of the draft complaint; (ii) refrain from referring to or
using the draft complaint in any way in this or any other litigation; (iii) disclose the identity
and contact information of all individuals to whom you have disseminated a copy of the draft
complaint as well as the date and time of such dissemination; and (iv) make a demand in
writing on those individuals to return or destroy their copies of the draft complaint. Please let
us know if you will agree to these demands. If not, we will file a motion with the district court
seeking the relief requested above. We further reserve our right to seek any other appropriate
sanctions, including but not limited to disqualification of Emord & Associates.

I am available this afternoon and tomorrow after the hearing with Judge Gandhi if you would
like to discuss this matter further.

Thank you.

**Michael S. LeBoff**
**CALLAHAN & BLAINE**
**3 Hutton Centre Drive, Ninth Floor**
**Santa Ana, CA 92707**
**Tel. (714) 241-4444, ext. 408**
**Fax (714) 241-4445**
mleboff@callahan-law.com
www.callahan-law.com

*Privacy Notice*: This message is intended only for the use of the individual to which it is addressed and
may contain information that is privileged, confidential or exempt from disclosure under applicable
Federal or State law. If the reader of this message is not the intended recipient, or the employee or agent
responsible for the delivery of the message to the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this communication is strictly prohibited. If you have received this
email in error, please notify us immediately by telephone or return email and delete the original email and
any copies thereof. Thank you.

 Please consider the environment before printing this e-mail

---

**From:** cacd_ecfmail@cacd.uscourts.gov [mailto:cacd_ecfmail@cacd.uscourts.gov]
**Sent:** Tuesday, May 24, 2016 4:31 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 8:15-cv-02034-JVS-JCG Natural-Immunogenics Corp. v. Newport Trial Group, et al Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

#### Notice of Electronic Filing

The following transaction was entered on 5/24/2016 at 4:30 PM PDT and filed on 5/24/2016
**Case Name:**    Natural-Immunogenics Corp. v. Newport Trial Group, et al
**Case Number:**    8:15-cv-02034-JVS-JCG
**Filer:**
**Document Number:** 116

**Docket Text:**
**ORDER by Judge James V. Selna: DENIED BY ORDER OF THE COURT re [103] EX PARTE APPLICATION. (mba)**

**8:15-cv-02034-JVS-JCG Notice has been electronically mailed to:**

Daniel J Callahan    daniel@callahan-law.com

Leah M Kaufman    leah@leahmkaufman.com

Gillian L Wade    gwade@majfw.com, dmarin@majfw.com

Michael S LeBoff    mmartinez@callahan-law.com, mleboff@callahan-law.com

Thomas L Vincent    szimmerman@paynefears.com, tlv@paynefears.com, ir.courtnotices@paynefears.com

Sara D Avila    dmarin@milsteinadelman.com, savila@majfw.com

Marc Castaneda    mcastaneda@milsteinadelman.com

Peter A Arhangelsky    eawerbuch@emord.com, parhangelsky@emord.com,

jemord@emord.com, jfurman@emord.com

Joshua S Furman    jfurman@emord.com

Edward Susolik    esusolik@callahan-law.com

Mayo L Makarczyk    mmakarczyk@milsteinadelman.com

David Alexander Grant    dag@paynefears.com, gsquitieri@paynefears.com

Eric J Awerbuch    eawerbuch@emord.com

**8:15-cv-02034-JVS-JCG Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

# EXHIBIT 2

| | |
|---|---|
| **From:** | Michael LeBoff |
| **To:** | Peter Arhangelsky; Joshua Furman; Eric Awerbuch |
| **Cc:** | James M. Golden; EDWARD SUSOLIK |
| **Subject:** | NIC v. NTG |
| **Date:** | Thursday, June 09, 2016 5:05:14 PM |
| **Attachments:** | Stip re Draft Complaint (103-7)-44555.docx |

Peter/Joshua/Eric,

Attached is a draft stipulation regarding the draft Janovick complaint along the lines we discussed earlier in the week. Feel free to propose whatever changes you would like. As we understand the local rules, we need to file a motion to seal the document. In that motion, we are going to argue that the document is privileged, or in the alternative, should at least be treated as privileged until shown otherwise. It is our understanding that while you disagree the document is privileged, you do not oppose the relief we are seeking, which is to sequester the document and seal the filing, subject to being revisiting the issue once the parties have obtained information from Google and completed their respective investigations with regard to the sender of the "Richard Martin" email. If our understanding is incorrect, please let me know.

In addition, to confirm our discussion Monday regarding privilege logs, we agreed that your firm does not need to log its communications with NIC which occurred *after* the filing of the complaint, and Callahan & Blaine does not need to log its communications with its clients after the same date. All pre-December 5, 2015 communications need to be logged. If that differs from your understanding of our agreement, please let me know.

**Michael S. LeBoff**
**CALLAHAN & BLAINE**
**3 Hutton Centre Drive, Ninth Floor**
**Santa Ana, CA 92707**
**Tel. (714) 241-4444, ext. 408**
**Fax (714) 241-4445**
**mleboff@callahan-law.com**
**www.callahan-law.com**

*Privacy Notice*:  This message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for the delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or return email and delete the original email and any copies thereof.  Thank you.

 Please consider the environment before printing this e-mail

1  **CALLAHAN & BLAINE, APLC**
   Edward Susolik (SBN 151081)
2  Esusolik@callahan-law.com
   Michael S. LeBoff (SBN 204612)
3  Mleboff@callahan-law.com
   3 Hutton Centre Drive, Ninth Floor
4  Santa Ana, California 92707
   Telephone: (714) 241-4444
5  Facsimile: (714) 241-4445

6  Attorneys for NEWPORT TRIAL GROUP; SCOTT J.
   FERRELL; RYAN M. FERRELL; VICTORIA C.
7  KNOWLES; DAVID REID and ANDREW LEE
   BASLOW
8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11                        **SOUTHERN DIVISION**

12  NATURAL IMMUNOGENICS           **CASE NO.  8:15-cv-02034-JVS-JCG**
    CORP., a Florida corporation ,
13                                 **STIPULATION CONCERNING
                                   DRAFT COMPLAINT FILED AT
14            Plaintiff,           DOCKET 103-7**

15     v.                         Judge:    Hon. James Selna

16  NEWPORT TRIAL GROUP, et al.,  Complaint Filed:  December 7, 2015
                                  Trial Date:       December 6, 2017
17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff, Natural Immunogenics Corp. ("NIC") and Defendants, Newport

2    Trial Group ("NTG"), Scott Ferrell, Ryan Ferrell, Victoria Knowles, David Reid

3    and Ryan Baslow ("NTG Defendants") and Defendants, Andrew Nilon, Giovanni

4    Sandoval, Sam Schoonover, Matthew Dronkers, Taylor Demulder and Sam Pfleg

5    (the "Non-NTG Defendants"), hereby stipulate as follows:

6        WHEREAS, on May 12, 2016, in connection with its ex parte application for

7    a Temporary Restraining Order ("TRO") and Order to Show Cause ("OSC"), NIC

8    filed under seal a copy of a Draft Complaint (see docket ("dkt.") 96 and 97);

9        WHEREAS, on May 13, 2016, the NTG Defendants opposed NIC's ex parte

10   application on a number of grounds, including that the Draft Complaint is protected

11   by the attorney-client privilege and work-product doctrine (dkt. 97);

12       WHEREAS, on May 16, 2016, the Court denied NIC's ex parte application

13   without addressing whether the Draft Complaint was protected by the attorney-client

14   privilege or work-product doctrine (dkt. 98 and 99);

15       WHEREAS, on May 17, 2016, NIC publicly filed a copy of the Draft

16   Complaint in connection with its ex parte application for a TRO and OSC (dkt. 103-

17   7);

18       WHEREAS, on May 18, 2016, the NTG Defendants opposed NIC's ex parte

19   application on a number of grounds, including on the basis that the Draft Complaint

20   is protected by the attorney-client privilege and attorney work-product doctrine (dkt.

21   106);

22       WHEREAS, on May 24, 2016, the Court denied NIC's ex parte application

23   without making any findings or rulings concerning whether the Draft Complaint is

24   privileged or protected by the work-product doctrine (see dkts. 115 and 116); and

25       WHEREAS, NIC and the NTG Defendants dispute whether the Draft

26   Complaint is protected by the attorney-client privilege or the attorney work-product

27   doctrine;

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    NOW, THEREFORE, the Parties, through their undersigned counsel of

2  record, stipulate as follows:

3    1.    Unless and until the Court determines that the Draft Complaint is not

4  privileged or protected by the attorney work-product doctrine, NIC and NIC's

5  counsel shall sequester the Draft Complaint, shall not use the Draft Complaint in

6  any way in connection with any proceedings in this or any other action, and shall not

7  disclose any information in the Draft Complaint to any person or entity;

8    2.    Unless and until the Court determines that the Draft Complaint is not

9  privileged or protected by the attorney work-product doctrine., NIC and NIC's

10  counsel shall take reasonable steps to retrieve the Draft Complaint from any persons

11  or entities to which it was disclosed; and

12    3.    The Draft Complaint filed at docket 103-7 should be sealed.

13

14  FOR PLAINTIFF NATURAL                    FOR NTG DEFENDANTS
    IMMUNOGENICS

15

16  Peter A. Arhangelsky                     Michael S. LeBoff
    parhangelsky@emord.com                   MLeBoff@callahan-law.com
17  EMORD & ASSOCIATES, P.C.                 CALLAHAN & BLAINE
    3210 S. Gilbert Road, Suite 4            3 Hutton Centre Drive, Ninth Floor
18  Chandler, AZ 85286                       Santa Ana, CA 92707
    Ph:  (602) 388-8899                      Ph: (714) 241-4444, ext. 408
19  Fx:  (602) 393-4361                      Fx: (714) 241-4445

20  *Attorney for Plaintiff Natural-*        *Attorneys for Defendants Newport*
    *Immunogenics*                           *Trial Group PC, Scott Ferrell, Ryan*
21                                           *Ferrell, Victoria Knowles, David Reid*
                                             *and Andrew Baslow*

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  FOR NON-NTG DEFENDANTS

2

3  Gillian L. Wade, Esq.
   gwade@majfw.com
   10250 Constellation Blvd., 14th Floor
4  Los Angeles, CA 90067
   Telephone: (310) 396-9600
5  Facsimile: (310) 396-9635
   *Attorney for Defendants Andrew Nilon,*
6  *Sam Pfleg, Matthew Dronkers, Taylor*
   *Demulder, Sam Schoonover and*
7  *Giovanni Sandoval*

8
       Attestation pursuant to L.R. 5-4.3.4(a)(2)(i) regarding signatures:  I, Michael
9
   S. LeBoff, attest that all other signatories listed, and on whose behalf this filing is
10
   submitted, concur in the filing's content and have authorized the filing.
11
                                          */s/ Michael S. LeBoff*
12                                         _____
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# EXHIBIT 3

| From: | Joshua Furman |
|---|---|
| To: | Michael LeBoff |
| Cc: | James M. Golden; EDWARD SUSOLIK; Jonathan Emord; Peter Arhangelsky; Eric Awerbuch |
| Subject: | RE: NIC v. NTG |
| Date: | Wednesday, June 15, 2016 4:42:31 PM |

Hi Michael,

Peter had intended to respond yesterday, but the email was apparently stuck in his outbox. We have several comments in response to your email below.

NIC will join with you in seeking to keep the Draft Complaint confidentiality so as to avoid any dissemination of it pending briefing. Without submitting the draft complaint as an exhibit, NIC reserves the right to reference the draft complaint and prior TRO proceedings in pleadings to the extent relevant to argument or briefing. We agree that NIC will not disclose the document to any person or entity outside of these proceedings. Please let us know if you understand our position on this. None of the foregoing restrictions will apply if the draft complaint is filed or further circulated to members of the bar. We note that your argument to the Court yesterday made overt reference to the "draft complaint."

In addition, NIC does not believe the draft complaint subject to privilege for the reasons we have articulated in argument. Information from Google concerning the sender account may add to our assessment. We do not oppose any effort to keep the document sealed, as indeed we tried to do ourselves. We have yet to receive a privilege log related to the document, including a description of the specific individuals who received that file between May 10-12. Please send us that log. We understand that Google intends to supply responsive information this week. Any motion concerning the draft complaint is presently premature.

Finally, we agree with your statement concerning privilege logs. We intend to log our correspondence up through December 5, 2015. Earlier I wrote about Mr. Negrete's files. We presently lack access to Mr. Negrete's email and related files. While we believe our production is comprehensive, Mr. Negrete likely possesses additional privileged content. We are working to collect that information (if possible). Our position is that such information is no longer within NIC's custody, possession, or control unless we can establish contact with Negrete. We are unable to log that information at this time, and we will reserve all privileges related to same. To the extent we can connect with Mr. Negrete and collect information, we will promptly produce that content with appropriate logs.

Please let us know if you have any questions.

Sincerely,

**Joshua S. Furman, Esq.** | EMORD & ASSOCIATES, P.C. | 3210 S. Gilbert Rd., Ste. 4 | Chandler, AZ 85286
Firm: (602) 388-8899 | Direct: (602) 388-8901 | Facsimile: (602) 393-4361 | www.emord.com

NOTICE: This is a confidential communication intended for the recipient listed above. The

content of this communication is protected from disclosure by the attorney-client privilege and the work product doctrine. If you are not the intended recipient, you should treat this communication as strictly confidential and provide it to the person intended. Duplication or distribution of this communication is prohibited by the sender. If this communication has been sent to you in error, please notify the sender and then immediately destroy the document.

**From:** Michael LeBoff [mailto:MLeBoff@callahan-law.com]
**Sent:** Wednesday, June 15, 2016 4:38 PM
**To:** Peter Arhangelsky; Joshua Furman; Eric Awerbuch
**Cc:** James M. Golden; EDWARD SUSOLIK
**Subject:** RE: NIC v. NTG

Peter/Joshua/Eric,

I am following up on the draft stipulation I sent last Thursday. Please let me know if you have any comments/revisions.

**Michael S. LeBoff**
**CALLAHAN & BLAINE**
**3 Hutton Centre Drive, Ninth Floor**
**Santa Ana, CA 92707**
**Tel. (714) 241-4444, ext. 408**
**Fax (714) 241-4445**
**mleboff@callahan-law.com**
**www.callahan-law.com**
*Privacy Notice:* This message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State law. If the reader of this message is not the intended recipient, or the employee or agent responsible for the delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or return email and delete the original email and any copies thereof. Thank you.

 Please consider the environment before printing this e-mail

**From:** Michael LeBoff
**Sent:** Thursday, June 09, 2016 5:05 PM
**To:** Peter Arhangelsky; 'Joshua Furman'; Eric Awerbuch
**Cc:** James M. Golden; EDWARD SUSOLIK
**Subject:** NIC v. NTG

Peter/Joshua/Eric,

Attached is a draft stipulation regarding the draft Janovick complaint along the lines we discussed earlier in the week. Feel free to propose whatever changes you would like. As we understand the local rules, we need to file a motion to seal the document. In that motion, we are going to argue that the document is privileged, or in the alternative, should at least be treated as privileged until shown otherwise. It is our understanding that while you disagree the document is privileged, you do

not oppose the relief we are seeking, which is to sequester the document and seal the filing, subject to being revisiting the issue once the parties have obtained information from Google and completed their respective investigations with regard to the sender of the "Richard Martin" email. If our understanding is incorrect, please let me know.

In addition, to confirm our discussion Monday regarding privilege logs, we agreed that your firm does not need to log its communications with NIC which occurred *after* the filing of the complaint, and Callahan & Blaine does not need to log its communications with its clients after the same date. All pre-December 5, 2015 communications need to be logged. If that differs from your understanding of our agreement, please let me know.

**Michael S. LeBoff**
**CALLAHAN & BLAINE**
**3 Hutton Centre Drive, Ninth Floor**
**Santa Ana, CA 92707**
**Tel. (714) 241-4444, ext. 408**
**Fax (714) 241-4445**
**mleboff@callahan-law.com**
**www.callahan-law.com**

*Privacy Notice*: This message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State law. If the reader of this message is not the intended recipient, or the employee or agent responsible for the delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or return email and delete the original email and any copies thereof. Thank you.

 Please consider the environment before printing this e-mail