**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
Michael S. LeBoff (SBN 204612)
Mleboff@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for NEWPORT TRIAL GROUP; SCOTT J. FERRELL; RYAN M. FERRELL; VICTORIA C. KNOWLES; DAVID REID and ANDREW LEE BASLOW

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation, <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | **CASE NO. 8:15-cv-02034-JVS-JCG** <br><br> **NEWPORT TRIAL GROUP DEFENDANTS' DECLARATION OF SCOTT J. FERRELL IN SUPPORT OF ITS MOTION FOR AN ORDER: (1) FINDING DRAFT COMPLAINT FILED AT DOCKET 103-7 PRIVILEGED; AND (2) SEALING DOCKET 103-7** <br><br> Judge: Hon. James Selna <br><br> Hearing: <br> Date: July 25, 2016 <br> Time: 1:30 p.m. <br> Courtroom: 10C <br><br> Complaint Filed: December 7, 2015 <br> Trial Date: December 5, 2017 |

DECLARATION OF SCOTT J. FERRELL

# DECLARATION OF SCOTT J. FERRELL

I, Scott J. Ferrell, declare:

1. I am a defendant in this lawsuit. I am an attorney licensed to practice law in the State of California and before the Central District of California. I am also the founding partner of Newport Trial Group. The following facts are based upon my personal knowledge and if called as a witness, I would and could competently testify as follows.

2. After Isabella Janovick was no longer a defendant in this action, Ms. Janovick and I engaged in confidential communications, in which Ms. Janovick sought legal advice. We discussed Ms. Janovick's legal options and potential claims she might have against Natural Immunogenics and its counsel based upon the fact that Natural Immunogenics had earlier named her as a defendant in this case. Following those confidential communications, and with the assistance of another attorney in my office, I prepared the draft complaint that Natural Immunogenics attached to its ex parte application for a temporary restraining order, which is currently publicly available at Docket 103-7 in this case.

3. I drafted the complaint based upon the confidential communications between Ms. Janovick and me, which Ms. Janovick made for the purpose of obtaining legal advice. The draft complaint also contains my preliminary advice, thoughts, and strategy in response to the confidential communications between me and Ms. Janovick.

4. I prepared the draft complaint in anticipation of potential litigation—the filing of a lawsuit by Ms. Janovick against Natural Immunogenics and its counsel. The draft complaint contains and reflects my mental impressions, legal strategy, opinions, factual and legal research, and conclusions relating to potential claims my client Ms. Janovick may have against Natural Immunogenics and others. The draft complaint also provides a "road map" of my thoughts and strategy about how to maximize the value of Ms. Janovick's potential claims against Natural

Immunogenics and its counsel. That is why I marked every page of the draft complaint as "DRAFT – Attorney Work Product."

5. Because I would be a potential witness in the contemplated action, Ms. Janovick needed to obtain co-counsel and a different trial attorney in the event she elected to pursue her potential legal claims against Natural Immunogenics. Therefore, between May 10, 2016, and May 12, 2016, I engaged in confidential communications with potential prospective counsel in which I shared the Draft Complaint. I inquired about their interest in potentially representing Ms. Janovick as counsel of record in the potential action against Natural Immunogenics. On Ms. Janovick's behalf, I also sought their legal advice concerning the merits of the draft complaint, its potential for success, and strategies for pursuing Ms. Janovick's potential claims if she decided to pursue those claims.

6. I understand that the "Richard Martin" email states that I was "shopping this complaint and two others to lawyers all over California." Docket 103-1 at 5:12. I also understand that Natural Immunogenics' counsel "surmised, based on the representations in the email, that the [draft complaint] had been disseminated widely to third-parties all over California." Docket 103-1 at 5:18-20. These statements, assumptions, and conclusions are incorrect.

7. I did not share the draft complaint "widely" to "lawyers all over California." Rather, I engaged in confidential communications concerning the draft complaint with specific counsel with whom I had a pre-existing relationship. After conducting searches of my records and emails, I have verified that I sent the draft complaint to the following counsel:

- Don Beshada — Beshada Farnese LLP
- Aashish Desai — Desai Law Firm, P.C.
- Tim Fisher — Bursor & Fisher, P.A.
- Drew Hansen — Theodora Oringher PC
- Mike Kelly — Kirtland & Packard LLP

- 1 -
DECLARATION OF SCOTT J. FERRELL

- Mark Mazda — Law Office of Mark Mazda
- Leo Norton — Cooley LLP
- Matt Orr — Call & Jensen
- Mark Potter — Potter Handy, LLP
- Dan Warshaw — Pearson, Simon & Warshaw, LLP
- Michael Taitelman — Freedman + Taitelman. LLP
- Jonathan Hafen — Parr Brown Gee & Loveless
- Jennifer Mathis — Troutman Sanders LLP

8. In addition to these 13 counsel, I also shared the draft complaint with my counsel of record in this case, Edward Susolik and Michael LeBoff of Callahan & Blaine, APLC, along with Ms. Janovick's counsel in this case, Gillian Wade of Milstein Adelman LLP. I did so for the purpose of seeking their legal advice in connection with this action and Ms. Janovick's potential action against Natural Immunogenics.

9. To the best of my knowledge and recollection, and after conducting searches of my records and emails, I did not share the draft complaint with any individuals outside of Newport Trial Group other than the 16 specific attorneys listed above. I certainly did not "shop" or "disseminate" the draft complaint "all over California." Instead, I shared the Complaint with specific individuals for the purpose of seeking their legal advice in connection with Ms. Janovick's potential action against Natural Immunogenics.

10. I intended for both the existence and the content of the draft complaint to remain absolutely confidential between myself, my client, and the lawyers I consulted. I did not share or discuss the draft complaint with any non-lawyers.

11. I did not authorize any of the counsel who received the draft complaint to disclose it to Natural Immunogenics or its counsel. In fact, I did not authorize any of the counsel to disclose the draft complaint to anybody. I certainly had no intention that any of the counsel with whom I shared the draft complaint would

- 2 -
DECLARATION OF SCOTT J. FERRELL

provide it to any opposing party, including Natural Immunogenics and its counsel, in any litigation handled by Newport Trial Group. Nor did I believe that there was any reasonable probability that any opposing party, including Natural Immunogenics and its counsel, would—or even could—receive a copy of the draft complaint, given the confidential nature of all of my communications with prospective counsel, and their obligation not to disclose confidential communications or attorney work-product.

12. According to the papers Natural Immunogenics submitted in connection with its ex parte application for a temporary restraining order, someone named "Richard Martin" sent a copy of the draft complaint to Natural Immunogenics on May 11, 2016. Docket 103-1 at 5:6-8. I do not know who this "Richard Martin" is. I do not know who sent the "Richard Martin" email. I did not send the draft complaint to any attorneys or non-attorneys named "Richard Martin." I did not send the draft complaint to "rzmlegal@gmail.com."

13. I have no knowledge of who created, drafted, or sent the "Richard Martin" email. I did not create, draft, or send the "Richard Martin" email. I did not authorize or instruct anyone at Newport Trial Group or elsewhere to create, draft, or send the "Richard Martin" email.

14. I do not have, and have never had, any email account with the email address of "rzmlegal@gmail.com." No one in my firm has, or has ever had, any email account with the email address of "rzmlegal@gmail.com."

15. After we learned that Natural Immunogenics had obtained a copy of the draft complaint from the "Richard Martin" email, Newport Trial Group immediately commenced an investigation into the source of the "Richard Martin" email, along with the security and integrity of Newport Trial Group's computers, servers, and other information services systems. That investigation is continuing today. We have not yet been able to determine who "Richard Martin" is or how he was able to send the draft complaint to Natural Immunogenics' counsel. To this day, we do not

1  know how Natural Immunogenics was able to get a copy of the draft complaint
2  without our knowledge or authorization.
3      I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct. Executed this 21st day of June 2016
5  at Newport Beach, California.

                                                                      _____
                                                                            Scott J. Ferrell

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 4 -
DECLARATION OF SCOTT J. FERRELL