**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
David J. Darnell (SBN 210166)
Ddarnell@callahan-law.com
James M. Golden (SBN 281791)
Jgolden@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for NEWPORT TRIAL GROUP; SCOTT J.
FERRELL; RYAN M. FERRELL; VICTORIA C.
KNOWLES; DAVID REID and ANDREW LEE
BASLOW

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation , <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | **CASE NO.  8:15-cv-02034-JVS-JCG** <br><br> **NEWPORT TRIAL GROUP DEFENDANTS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16(c)** <br><br> Judge:     Hon. James Selna <br><br> Hearing: <br> Date:          October 17, 2016 <br> Time:          1:30 p.m. <br> Courtroom:  10C <br><br> Complaint Filed:  December 7, 2015 <br> Trial Date:          December 5, 2017 |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 17, 2016 at 1:30 p.m. in Courtroom 10C of the above-captioned district court located at 411 West Fourth Street, Santa Ana, California 92701, pursuant to California Code of Civil Procedure Section 425.16(c), Defendants Newport Trial Group, Scott J. Ferrell, Ryan M. Ferrell, Victoria C Knowles, David Reid and Andrew Lee Baslow (the "NTG Defendants") will and hereby do move for: (1) an award of attorneys' fees in the amount of $26,426.76.90 for prevailing, in part, on their motions to strike under California Code of Civil Procedure Section 425.16; and (2) an award of attorneys' fees in the amount of $22,335.00 to compensate them for needing to bring this motion for attorneys' fees.

On February 22, 2016, the NTG Defendants brought a motion to strike the First (malicious prosecution) and Fourth (violation of California Business & Professions Code Section 17200 (the "UCL")) Causes of Action in Plaintiff's First Amended Complaint. See Docket ("Dkt.") 39. On April 19, 2016, the Court entered an order granting this motion, in part, with respect to Plaintiff's UCL claim, "subject to repleading the RICO claims." 4/19/2016 Order, Dkt. 88, at 27.

On May 31, 2016, the NTG Defendants brought a motion to Strike the UCL claim in the Second Amended Complaint. See Dkt. 122. On August 1, 2016, the Court entered an order granting "the NTG Defendants' anti-SLAPP motion to strike all allegations purporting to bring UCL claims on behalf of the general public." 8/1/2016 Order at 33.

Under California Code of Civil Procedure Section 425.16(c)(1), "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs." Any "SLAPP defendant who brings a successful motion to strike is entitled to *mandatory* attorneys' fees." Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001) (emphasis added). Because the NTG Defendants prevailed, in part, on their successive motions to strike, they are entitled to a mandatory award of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   attorneys' fees for their work in connection with these motions.

2       The NTG Defendants incurred $43,845.80 in legal fees in connection with

3   their First Motion to Strike, and $22,519.30 in connection with their Second Motion

4   to Strike, for a total of $66,365.10.  Attached to this motion is a declaration from the

5   NTG Defendants' attorney, James M. Golden, explaining how these amounts have

6   been calculated and attaching tables including all billing entries that include the

7   amounts for which the NTG Defendants seek an award of fees.

8       Because the NTG Defendants prevailed in part on these two motions, the

9   NTG Defendants do not seek recovery of the full $66,365.10 amount, but rather an

10   award of: (1) 50% of the fees they incurred in connection with their First Motion to

11   Strike, or $21,922.90; and (2) 20% of the fees they incurred in connection with their

12   Second Motion to Strike, or $4,503.86.  The 50% amount for the First Motion to

13   Strike is based on the Court's decision to grant the motion as to one of the two

14   claims at issue in that motion.  The 20% amount for the Second Motion to Strike is

15   based on the NTG Defendants' prevailing on one of the five arguments they brought

16   in support of that motion.  In addition, the NTG Defendants are entitled to fees

17   incurred in connection with these motions because the Court's rulings significantly

18   impacted the nature of the UCL claim along with the relief NIC might be able to

19   obtain if it ultimately prevails on its UCL claim.

20       In addition, the NTG Defendants request that the Court enter an order

21   awarding them their reasonable costs and fees incurred as a result of needing to

22   bring this motion for fees.  A party who prevails on an anti-SLAPP motion is

23   entitled to recover fees "not only with respect to the underlying claim, but also the

24   fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure

25   section 425.16." Ketchum, 24 Cal. 4th at 1141.  Accordingly, the NTG Defendants

26   respectfully request that the Court order Plaintiff to pay the NTG Defendants

27   $22,335.00 for the reasonable fees and costs they incurred as a result of needing to

28   bring this motion.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    Pursuant to Local Rule 7-3, the NTG Defendants' counsel met and conferred

2    with Plaintiff's counsel by letters on August 3, 2016 and September 1, 2016, and by

3    telephone conference on August 9, 2016, but the parties were not able to reach an

4    agreement on either: (1) the NTG Defendants' entitlement to recover attorneys' fees

5    for their success on their anti-SLAPP motions; or (2) the amount of fees to which

6    the NTG Defendants are entitled to recover. <u>See</u> Declaration of James M. Golden

7    ("Golden Decl.") ¶¶ 20-23 and Exs. 4-6. Consequently, the NTG Defendants have

8    no choice but to bring this motion for an award of attorneys' fees.

9        This motion is based on this Notice of Motion and Motion, the Memorandum

10   of Points and Authorities, the concurrently filed declaration of James M. Golden,

11   any argument presented to the Court at any hearing on this motion, and such other

12   pleadings and papers as the Court may consider in its discretion.

13   Dated:  September 15, 2016          **CALLAHAN & BLAINE, APLC**

14

15   By:    */s/ James M. Golden*
             James M. Golden
16           Attorneys for NEWPORT TRIAL
             GROUP; SCOTT J. FERRELL; RYAN
17           M. FERRELL; VICTORIA C.
             KNOWLES; DAVID REID and
18           ANDREW LEE BASLOW

19

20

21

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE CIV. P. § 425.16(c)

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND .............................................................................................. 3

    A.    The Court Grants, In Part, The NTG Defendants' First Motion to Strike. ......................................................................................................... 3

    B.    The Court Grants, In Part, The NTG Defendants' Motion To Strike. ......................................................................................................... 4

III.  ARGUMENT .................................................................................................... 7

    A.    The NTG Defendants Are Entitled To A Mandatory Award Of Attorneys' Fees For Prevailing, In Part, On Their Two Motions To Strike. ............................................................................................... 7

    B.    The Court Should Award $26,426.76 in Attorneys' Fees For The NTG Defendants' Partial Success On Their Two Motions To Strike. ....................................................................................................... 14

    C.    The Court Should Award The NTG Defendants $22,335.00 For Amounts They Have Incurred And Will Incur As A Result Of Needing To Bring This Motion. ........................................................ 18

IV.   CONCLUSION .............................................................................................. 19

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# TABLE OF AUTHORITIES

**Pages**

**Cases**

Arias v. Sup. Ct.,
(2009) 46 Cal. 4th 969 ........................................................................ 12

Aureflam Corp. v. Pho Hoa Phat I, Inc.,
375 F. Supp. 2d 950 (N.D. Cal. 2005) ................................................. 11

Baral v. Schnitt
(2016) 1 Cal. 5th 376 ........................................................................... 9

Blum v. Stenson,
465 U.S. 886 (1984) ............................................................................ 16

Buzayan v. City of Davis,
2008 U.S. Dist. LEXIS 120608 (E.D. Cal. May 1, 2008) .................... 17

Californians for Disability Rights v. Mervyn's, LLC
(2006) 39 Cal. 4th 223 .................................................................. 10, 11

Christian Research Institute v. Alnor,
(2008) 165 Cal. App. 4th 1315 ............................................................ 15

Circle Click Media LLC v. Regus Mgmt. Grp. LLC,
No. 12-cv-04000, 2016 U.S. Dist. LEXIS 93232 (N.D. Cal. July 18,
2016) ..................................................................................................... 12

City of Colton v. Singletary,
(2012) 206 Cal. App. 4th 751 .............................................................. 13

City of Industry v. City of Fillmore,
(2011) 198 Cal. App. 4th 191 ................................................................ 8

ComputerXpress, Inc. v. Jackson
(2001) 93 Cal. App. 4th 993 .................................................................. 8

Jackson v. Yarbray
(2009) 179 Cal. App. 4th 75 ........................................................... 8, 14

Kearney v. Foley & Lardner,
553 F. Supp. 2d 1178 (S.D. Cal. 2008) ......................................... 8, 16, 18

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## TABLE OF AUTHORITIES
### (CONTINUED)

**Pages**

Ketchum v. Moses,
  (2001) 24 Cal. 4th 1122 ..............................................................1, 3, 7, 8, 18

Kwikset Corp. v. Superior Court
  (2011) 51 Cal. 4th 310 ............................................................................10

L.A. v. Lyons,
  461 U.S. 95 (1983).............................................................................2, 10

M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.,
  (2012) 202 Cal. App. 4th 1509 ...............................................................13

Mann v. Quality Old Time Serv., Inc.,
  (2006) 139 Cal. App. 4th 328 ...............................................8, 9, 13, 15, 17

Manufactured Home Communities, Inc. v. County of San Diego,
  655 F.3d 1171 (9th Cir. 2011) ...........................................................1, 8, 9

Mayfield v. United States,
  599 F.3d 964 (9th Cir. 2010) ...................................................................10

Morning Star Packing Co. v. SK Foods, L.P.,
  754 F. Supp. 2d 1230 (E.D. Cal. 2010) .....................................................11

Robertson v. Rodriguez,
  (1995) 36 Cal. App. 4th 347 ....................................................................16

Rosenaur v. Scherer,
  (2001) 88 Cal. App. 4th 280 .....................................................................8

**Statutes**

Bus. & Prof. Code § 17200...................................................................3, 10

Bus. & Prof. Code § 17203..........................................................6, 10, 11, 12

Bus. & Prof. Code § 17204..............................................................3, 5, 6

Code Civ. P. § 382.............................................................................11, 12

Code Civ. P. § 425.16(a)...........................................................................8

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE CIV. P. § 425.16(c)

# TABLE OF AUTHORITIES
## (CONTINUED)

**Pages**

Code Civ. P. § 425.16(c).............................................................................1, 3, 7, 8, 18

Code Civ. P. § 425.16(c)(1)..................................................................................... 1

Code Civ. P. §1021.5 .....................................................................................2, 7, 11

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NTG DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE CIV. P. § 425.16(c)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Under California's Anti-SLAPP statute, a prevailing defendant on an Anti-SLAPP motion is entitled to a mandatory award of attorneys' fees.  Cal. Code Civ. P. § 425.16(c)(1); Ketchum v. Moses, 24 Cal. 4th 1122, 1131 (2001).  On April 19, 2016, the Court entered an order granting, in part, Defendants Newport Trial Group, Scott J. Ferrell, Ryan M. Ferrell, Victoria C Knowles, David Reid and Andrew Lee Baslow's (the "NTG Defendants") Motion to Strike First and Fourth Causes of Action in the First Amended Complaint Under Cal. Civ. Proc. Code § 425.16 (docket ("dkt.") 39) ("First Motion to Strike").  See Dkt. 88-1 at 16-17.  On August 1, 2016, the Court entered an order granting, in part, the NTG Defendants' Motion to Strike Count Four of the Second Amended Complaint Under Cal. Civ. Proc. Code § 425.16 (Dkt. 122) ("Second Motion to Strike").  See Dkt. 157 at 25.  Accordingly, the NTG Defendants are entitled to a mandatory award of attorneys' fees under Section 425.16(c), and they respectfully request that the Court enter an order awarding them a reasonable amount of fees for their work on these motions.

*First*, the NTG Defendants request that the Court award them ***$21,922.90*** for amounts they incurred in connection with the First Motion to Strike.  The NTG Defendants are entitled to recover amounts incurred in connection with the First Motion to Strike because it laid the groundwork for, and was integral to the success of, their Second Motion to Strike.  See Manufactured Home Communities, Inc. v. County of San Diego, 655 F.3d 1171, 1181 (9th Cir. 2011).  The requested $21,922.90 amount is one-half of the $43,845.80 total amount of attorneys' fees the NTG Defendants incurred in connection with the First Motion to Strike (see Declaration of James M. Golden ("Golden Decl.") ¶ 2 and Ex. 1), and is based on the fact that the Court struck one of the two claims for relief at issue in the motion.

*Second*, the NTG Defendants request that the Court award them ***$4,503.86*** in connection with their Second Motion to Strike.  The requested $4,503.86 amount is

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 1 -

20% of the total $22,519.30 amount they incurred in connection with their Second Motion to Strike (see Golden Decl. ¶ 2 and Ex. 2), and is based on the fact that the Court granted the Second Motion to Strike with respect to one of the five arguments the NTG Defendants presented in connection with this motion.  The NTG Defendants are entitled to *at least 20%* of the amounts they incurred in connection with this motion because the Court's ruling striking "all allegations purporting to bring UCL claims on behalf of the general public" substantially changed the nature of Plaintiff Natural Immunogenics Corp.'s ("NIC's") UCL claim, along with the relief NIC might be able to obtain if it prevails on the claim, in at least the following ways:

- NIC now will have to prove that it (as opposed to the general public) suffered a monetary loss as a result of an unfair, unlawful, or deceptive business practice targeted at NIC;

- NIC will only be able to obtain injunctive relief if it can prove that it (as opposed to the general public) will "again be wronged in a similar way" (see L.A. v. Lyons, 461 U.S. 95, 111 (1983));

- NIC will no longer be able to obtain attorneys' fees under California Code of Civil Procedure Section 1021.5;

- NIC will no longer be able to obtain injunctive relief "on behalf of the public;"

- NIC will no longer be able to obtain restitution on behalf of the general public; and

- Because the NTG Defendants did not earn any profit as a result of the underlying action against NIC, NIC will no longer be able to obtain any restitution at all.

Thus, the NTG Defendants achieved meaningful, significant, and practical results by prevailing, in part, on the Second Motion to Strike, and they are entitled to a mandatory award of attorneys' fees for their work on that motion.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

*Third*, the NTG Defendants request that the Court award them ***$22,335.00*** for their reasonable fees and costs they have incurred, and will incur, as a result of needing to bring this motion.  A fee award under Section 425.16(c) includes not only those fees incurred in bringing a successful anti-SLAPP motion, but also fees and costs incurred in bringing a motion for attorneys' fees under Section 425.16(c)(l).  See Ketchum, 24 Cal. 4th at 1141.  Because NIC refused to agree that the NTG Defendants are entitled to any fees at all for their success on the two motions to strike, much less agree to pay the NTG Defendants any specific amount for their work on those motions, the NTG Defendants have no choice but to bring this motion for an award of attorneys' fees, and they are entitled to the fees they incurred (and will incur) as a result of bringing this motion.

Accordingly, the NTG Defendants respectfully request that the Court award them: (1) $21,922.90 for their work on the First Motion to Strike; (2) $4,503.86 for the Second Motion to Strike; and (3) $20,830.20 for fees incurred as a result of needing to bring this motion for attorneys' fees.

## II.   BACKGROUND

### A.   The Court Grants, In Part, The NTG Defendants' First Motion to Strike.

NIC initiated this litigation by filing a complaint on December 7, 2015.  Dkt. 1.  On January 25, 2016, NIC filed a First Amended Complaint ("FAC").  Dkt. 28.  The FAC brought four claims for relief:  (1) Malicious Prosecution; (2) Violation of the RICO Act; (3) Violation of the RICO Act; and (4) unfair competition under California Business & Professions Code Section 17200 ("the UCL").  NIC bought its UCL claim "on behalf of themselves [sic] and on behalf of the public as private attorneys general pursuant to Business & Professional Code § 17204," and alleged that "[i]njunctive relief is necessary to prevent continuing or future harm to NIC and the public generally."  Dkt. 28 at ¶¶ 492 and 494.

NTG DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE CIV. P. § 425.16(c)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    On February 22, 2016, the NTG Defendants filed a motion to dismiss the

2    RICO claims along with their First Motion to Strike the malicious prosecution and

3    UCL claims.  Dkts. 39 and 42.  In their First Motion to Strike, the NTG Defendants

4    argued that: (1) NIC's malicious prosecution and UCL claims arose "out of

5    protected activity, *i.e.*, filing a lawsuit for violations of consumer protection and

6    false advertising laws;" and (2) "because the allegations are completely untrue, NIC

7    will not be able to produce any admissible evidence showing the likelihood of

8    prevailing on either state law claim." Dkt. 40 at 8:17-21. [1]  The NTG Defendants

9    also argued that NIC could not bring the claim on behalf of the public or "seek

10   injunctive relief 'on behalf of the public'" because it made "no attempt to plead a

11   viable class action." Id. at 22:3-17.

12   On April 19, 2016, the Court entered an order granting, in part, the NTG

13   Defendants' motions to dismiss and strike.  Dkt. 88-1.  The Court granted the

14   motion to dismiss the RICO claims with 21 days leave to amend because "NIC has

15   failed to adequately plead any predicate acts to support its RICO claims." Id. at 16-

16   17.  The Court granted "Defendants' motions to strike the UCL claim," subject "to

17   repleading the RICO claims" because "NIC cannot borrow RICO to satisfy the

18   'unlawful' prong of the UCL claim when the RICO claims are insufficiently plead.

19   As NIC presents no other argument why the UCL claims should not be struck under

20   California's anti-SLAPP law, the Court is inclined to strike the UCL claims at this

21   time." Id. at 27.

22       **B.    The Court Grants, In Part, The NTG Defendants' Motion To**

23              **Strike.**

24   On May 10, 2016, NIC filed its Second Amended Complaint ("SAC"), again

25   bringing four claims for relief:  (1) malicious prosecution; (2) violation of the RICO

26   Act; (3) violation of the RICO Act; and (4) unfair competition under the UCL.  As

27   _____

28   [1] All page numbers refer to the file-stamped paged number at the top of each court-
     filed document, rather than the page numbers listed on the bottom of the page.

NTG DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE CIV. P. § 425.16(c)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    with the FAC, NIC continued to attempt to bring the UCL claim on behalf of the

2    "general public."  For example, NIC alleged:

3        •    Plaintiff NIC brings this Cause of Action on behalf of themselves [sic]

4             ***and on behalf of the public*** pursuant to Business & Professional Code

5             § 17204."  SAC ¶ 406 (emphasis added).

6        •    "NIC ***and the public*** will be irreparably harmed if such an order

7             [imposing pre-filing requirements on the NTG Defendants] is not

8             granted."  SAC ¶ 410 (emphasis added).

9        •    "The defendants' conduct presents a matter of substantial public

10            concern and interest necessitating injunctive relief that will limit the

11            potential for abusive, shakedown lawsuits prospectively."  SAC ¶ 412.

12   NIC sought to obtain "injunctive relief on behalf of the 'public' (not a defined

13   class.").  Golden Decl. Ex. 6 at 1.  In addition, although NIC had previously agreed

14   not to seek restitution as part of its UCL claim in connection with the FAC (Golden

15   Decl. ¶ 24 and Ex.7), in the SAC NIC requested "an accounting of all Defendants'

16   profits, revenues, accounts, and proceeds received or obtained, directly or indirectly,

17   or arising out of Defendants history of malicious prosecution, unfair competition,

18   RICO violations, and all other allegations presented hereinabove, including a full

19   accounting of all gross revenues derives [sic] from NTG's alleged 'legal services'

20   after January 1, 2009."  Dkt. 92 at p. 95, Prayer for Relief ¶ H (emphasis added).

21        On May 31, 2016, the NTG Defendants filed a motion to dismiss the RICO

22   claims, along with the Second Motion to Strike.  Dkts. 120 and 122.  In the Second

23   Motion to Strike, the NTG Defendants argued that the UCL claim arose out of

24   protected activity (DKT. 122 at 9:24-10:6), and that NIC could not show a

25   likelihood of prevailing on the UCL claim because: (1) NIC failed to adequately

26   plead a RICO claim, as argued in the motion to dismiss (Id. at 10:7-14); (2) the UCL

27   claim violated the statutory safe harbor provided by the litigation privilege (Id. at

28   10:15-16:20); (3) NIC could not bring the claim on behalf of themselves and the

general public (Id. at 16:21-17:18); (4) NIC was not entitled to injunctive relief because there was no real and immediate threat of repeated injury in the future (Id. at 17:19-18:19); and (5) NIC was not entitled to the particular injunctive relief sought in the Second Amended Complaint (Id. at 18:20-19:25).  With respect to the NTG's Defendants' third argument—that NIC could not bring its UCL claim on behalf of the general public—the NTG Defendants explained that, under California Business & Professions Code Section 17203, a "private plaintiff must file a class action in order to represent the interests of others," and that "NIC makes no attempt to plead a viable class action or to comply with the pleading requirements of Fed. R. Civ. Proc. 23 or Local Rule 23-2.  Consequently, NIC cannot seek injunctive relief 'on behalf of the public."  Dkt. 122 at 17:8-17.

On June 20, 2016, NIC filed an opposition to the Second Motion to Strike. Although California Business & Professions Code Section 17203 sets forth the remedies available to *all* UCL plaintiffs, including the provision authorizing injunctive relief, NIC argued that Section 17203 did not apply because it was purportedly bringing its claim under California Business & Professions Code Section 17204, not Section 17203.  Dkt. 131 at 21:22-22:11.  Even so, NIC acknowledged that "the requested relief does, in fact, inure to the benefit of the public generally."  Dkt. 131 at 5-10.  To support its claim for injunctive relief on behalf of the public, NIC also included a lengthy—but false—list of accusations against NTG to support its argument that the "Risk of Harm to the Public is Ongoing."  Dkt. 131 at 21:13-28:12.  NIC argued:

> The evidence already gathered strongly suggests that NTG has operated as a litigation mill, manufacturing sham lawsuits, alleging false injuries, and paying plaintiffs to lie in order to extort money from defendants. . . .
>
> When evaluating the prospect of injunctive relief (and when assessing NIC's various claims here in this litigation), this Court should consider NTG's brazen continuation of these unlawful practices despite serving as defendants in the present action.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE CIV. P. § 425.16(c)

1  Dkt. 131 at 28:3-12.  NIC further contended that "the relief issued by this Court also

2  qualifies under Cal. Civ. Code [actually California Code of Civil Procedure]

3  § 1021.5" (id. at 13-14), but NIC did not argue that it would be entitled to recover

4  attorneys' fees under Section 1021.5 even if the Court struck the allegations relating

5  to the general public.

6          On August 1, 2016, the Court entered an order granting the Second Motion to

7  Strike to the extent NIC sought to bring the UCL claim on behalf of the public:

8          Section 17203 of the UCL allows plaintiffs to pursue
           representative UCL claims on behalf of the general public
9          so long as the plaintiff both meets the UCL's standing
           requirements and satisfies California's class action
10         requirements under Civil Procedure Code section 382. Cal.
           Bus. & Prof. Code § 17203; Arias v. Sup. Ct., 46 Cal. 4th
11         969, 980 (2009) ("[T]he statement in section 17203 . . .
           that a private party may pursue a representative action
12         under the [UCL] only if the party 'complies with Section
           382 of the Code of Civil Procedure' . . . mean[s] that such
13         an action must meet the requirements for a class action.").
           Here, however, Natural- Immunogenics has provided no
14         basis for the Court to find that class certification under
           California law is appropriate here. Accordingly, the Court
15         strikes the allegations in Natural-Immunogenics's second
           amended complaint that purport to bring claims on behalf
16         of the general public.

17  Dkt. 157 at 25.

18  **III.  ARGUMENT**

19      **A.  The NTG Defendants Are Entitled To A Mandatory Award Of**

20          **Attorneys' Fees For Prevailing, In Part, On Their Two Motions To**

21          **Strike.**

22          Under California Code of Civil Procedure Section 425.16, a prevailing

23  defendant on an anti-SLAPP motion "***shall*** be entitled to recover his or her

24  attorney's fees and costs." Code Civ. P. § 425.16(c).  Therefore, as the California

25  Supreme Court has explained, "any SLAPP defendant who brings a successful

26  motion to strike is entitled to ***mandatory*** attorney fees." Ketchum, 24 Cal. 4th at

27  1131 (emphasis added).  The purpose of the fee-shifting provision is to "discourage

28  such strategic lawsuits against public participation by imposing the litigation costs

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   on the party seeking to 'chill the valid exercise of the constitutional rights of

2   freedom of speech and petition for the redress of grievances.'"  Id.  As with the rest

3   of California's Anti-SLAPP statute, the fees provision must be "*construed broadly*"

4   in order to further the statute's remedial purpose.  Code Civ. P. § 425.16(a)

5   (emphasis added); Rosenaur v. Scherer, 88 Cal. App. 4th 280, 286 (2001) (finding

6   that the statute's direction that it be "construed broadly" was "conclusive" on the

7   question of the issue as to the defendant in that case's liability for fees under Section

8   425.16(c)).  Section 425.16(c) is applied in federal court.  Kearney v. Foley &

9   Lardner, 553 F. Supp. 2d 1178, 1182 (S.D. Cal. 2008).

10          When a defendant is required to bring successive Anti-SLAPP motions to

11   strike, the defendant is entitled to recover fees incurred in connection with both

12   motions so long as the work on the first motion "laid the groundwork" for, or was

13   "integral" to the eventual success on, the second motion to strike.  Manufactured

14   Home Communities, 655 F.3d at 1181.  Further, "even if the motion to strike is

15   granted only as to some claims, the partially successful defendant is entitled to

16   attorney fees.  The lack of success on other claims is relevant to the amount of, but

17   not the right to, fees.'"  Jackson v. Yarbray 179 Cal. App. 4th 75, 92 (2009); see

18   also ComputerXpress, Inc. v. Jackson 93 Cal. App. 4th 993, 1020 (2001)  (finding

19   "defendants in this case should be considered prevailing parties, and therefore

20   should recover attorney fees and costs, notwithstanding their partial success on their

21   SLAPP motion.").  "A defendant need not succeed in striking every challenged

22   claim to be considered a prevailing defendant entitled to recover attorney fees and

23   costs under the statute." City of Industry v. City of Fillmore,198 Cal. App. 4th 191,

24   218 (2011).  Rather, a court has discretion to deny a fee award *only* if "the results of

25   the motion were *so insignificant* that the party did not achieve *any* practical benefit

26   from bringing the motion."  Mann v. Quality Old Time Serv., Inc., 139 Cal. App.

27   4th 328, 340 (2006).

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 8 -

Contrary to NIC's contention that the NTG Defendants "secured (at most) merely a technical victory, the results of which were minimal and insignificant" (Golden Decl. Ex. 6 at 2), the NTG Defendants achieved meaningful success in "achieving [their] objective" by prevailing, in part, on their motions, and the Court's rulings on the motions "changed the nature and character of the lawsuit in a practical way." Mann, 139 Cal. App. 4th at 345. As the Court already found by granting the Motions to Strike, NIC's "general public" allegations were not "merely incidental" or "collateral" to its UCL claim, but rather provided a basis for an entirely separate claim for relief—one on behalf of the "general public"—that changed both the nature of the claim and the potentially-available remedies. See Baral v. Schnitt (2016) 1 Cal. 5th 376, 394 ("Assertions that are 'merely incidental' or 'collateral' are not subject to section 425.16. Allegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute."). NIC has not explained why, if its allegations relating to the general public were "minimal and insignificant," it nonetheless chose to include them in both the FAC and SAC, even after being on notice (from the NTG Defendants' First Motion to Strike) that the NTG Defendants would seek to strike this portion of NIC's UCL claim.

The NTG Defendants are entitled to recover fees for their work on their First Motion to Strike because it laid the groundwork for their Second Motion to Strike, and was "'integral to Defendants' eventual success' on their Second Motion to Strike." Manufactured Home Communities, 655 F.3d at 1181. The Court granted the First Motion to Strike the entirety of NIC's Fourth Cause of Action—a significant result that, if NIC had not been able to amend its RICO claims, would have disposed of an entire claim for relief. In addition, the First Motion to Strike asserted the same argument as the one on which the NTG Defendants ultimately prevailed on their Second Motion to Strike—that NIC could not assert its UCL claim on behalf of the general public. But for their success on the First Motion to

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    Strike, the NTG Defendants would not have been able to bring their Second Motion

2    to Strike, on which they ultimately prevailed in part.  Accordingly, the NTG

3    Defendants' First Motion to strike both laid the groundwork for and was integral to

4    the success of the NTG Defendants' Second Motion to Strike, and the NTG

5    Defendants are entitled to recover attorneys' fees in connection with their work on

6    that motion.

7         The NTG Defendants are entitled to recover their fees in connection with

8    their Second Motion to Strike because the Court struck all of NIC's UCL allegations

9    purporting to bring claims on behalf of the general public.  In order to prevail on the

10   liability portion of its UCL claim, NIC now will have to prove that: (1) the NTG

11   Defendants committed an unlawful, unfair, or fraudulent business practice; and (2)

12   NIC suffered an economic loss caused by that practice.  Cal Bus. & Prof. Code

13   §§ 17200 and 17203; see also Kwikset Corp. v. Superior Court (2011) 51 Cal. 4th

14   310, 322.  If the Court had not struck NIC's allegations purporting to bring the claim

15   on behalf of the general public, NIC could have attempted to establish these

16   elements based solely on the NTG Defendants' alleged conduct involving

17   individuals or entities other than NIC.  Now, however, NIC will now have to prove

18   that it (as opposed to the general public) suffered a monetary injury as a result of the

19   allegedly unlawful conduct, and that it (as opposed to the general public) was a

20   victim of supposedly "fraudulent litigation."  See Californians for Disability Rights

21   v. Mervyn's, LLC (2006) 39 Cal. 4th 223, 232 ("[S]ection 17203, as amended,

22   withdraws the standing of persons who have not been harmed to represent those

23   who have.").

24        Further, to obtain an injunction, NIC will have to prove that it (as opposed to

25   the general public) will suffer "irreparable injury" absent an injunction—a

26   requirement that will require NIC to prove that it (and not the general public) will

27   "again be wronged in a similar way."  Lyons, 461 U.S. at 111; see also Mayfield v.

28   United States, 599 F.3d 964, 970 (9th Cir. 2010) ("Once a plaintiff has been

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 10 -

1   wronged, he is entitled to injunctive relief only if he can show that he faces a 'real or

2   immediate threat . . . that he will again be wronged in a similar way.'"); <u>Morning</u>

3   <u>Star Packing Co. v. SK Foods, L.P.</u>, 754 F. Supp. 2d 1230, 1238-39 (E.D. Cal.

4   2010) (dismissing UCL claim where plaintiffs failed to allege that "they face a

5   future harm similar to that which they have already allegedly suffered.").  It will not

6   be enough, as NIC attempted to do in its opposition to the Second Motion to Strike,

7   for NIC to make (false) allegations that "NTG's unlawful scheme continues to pose

8   a serious threat to the public and the judicial system." Dkt. 131 at 15-18.

9        The remedies NIC may be able to obtain if it prevails on its UCL claim also

10   have been drastically curtailed as a result of the Court's ruling on the Second

11   Motion to Strike.  First, NIC will no longer be able to recover attorneys' fees under

12   California Code of Civil Procedure Section 1021.5.  NIC self-servingly contends,

13   after the fact, that it "included reference to the 'general public' in its Second

14   Amended Complaint (SAC) only to give notice that NIC will seek its fees under

15   Cal. Civ. Pro Code § 1021.5."  Golden Decl. Ex. 6 at 1.  Code of Civil Procedure

16   Section 1021.5 allows a prevailing plaintiff to recover attorneys' fees, however, only

17   if, among other things, "a significant benefit, whether pecuniary or nonpecuniary,

18   has been conferred on the general public or a large class of persons."  Code Civ. P.

19   § 1021.5.  Without any allegations permitting it to bring a UCL claim "on behalf of

20   the public," NIC will not be able to obtain a "significant benefit" on the "general

21   public or a large class of persons" even if it prevails on its now-individual UCL

22   claim, and NIC will not be entitled to recover attorneys' fees under Section 1021.5.

23   <u>See</u> <u>Californians for Disability Rights</u>, 39 Cal. 4th at 233 (Section 17203 may, as

24   applied to cases in which uninjured persons have volunteered to act as private

25   attorneys general, defeat such persons' hope of recovering attorneys' fees under

26   Code of Civil Procedure section 1021.5."); <u>Aureflam Corp. v. Pho Hoa Phat I, Inc.</u>,

27   375 F. Supp. 2d 950, 955 (N.D. Cal. 2005) ("PHP has not met the requirements of

28   Cal. Code Civ. Proc. § 382 in pleading its claim as a representative action.  As a

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 11 -

1  result of that failure, it cannot obtain attorneys' fees under Cal. Code Civ. Proc. §

2  1021.5.").

3       Second, NIC will no longer be able to obtain any injunctive relief on behalf of

4  any person or entity other than itself.  NIC's contention that it is entitled to obtain

5  "injunctive relief on behalf of the 'public') (not a defined class)" (Golden Decl. Ex.

6  5 at 2) is foreclosed by California Business Professions Code Section 17203, which

7  provides:

8       **17203.  Injunctive Relief--Court Orders**

9       Any person who engages, has engaged, or proposes to
10      engage in unfair competition may be enjoined in any court
        of competent jurisdiction. . . . Any person may pursue
        representative claims or relief on behalf of others **only** if
11      the claimant meets the standing requirements of Section
        17204 and complies with Section 382 of the Code of Civil
12      Procedure [governing class actions], but these limitations
        do not apply to claims brought under this chapter by the
13      Attorney General, or any district attorney, county counsel,
        city attorney, or city prosecutor in this state.
14

15  Cal. Bus. & Prof. Code § 17203 (emphasis added).  As the California Supreme

16  Court has explained, this language means that "a private party may pursue a

17  representative action under the unfair competition law only if" the action "meets the

18  requirements for a class action."  Arias v. Superior Court, 46 Cal. 4th 969, 977-980

19  (2009).  Thus, as this Court observed in granting the Second Motion to Strike:

20  "Section 17203 of the UCL allows plaintiffs to pursue representative UCL claims on

21  behalf of the general public so long as the plaintiff both meets the UCL's standing

22  requirements and satisfies California's class action requirements under Civil

23  Procedure Code section 382."  Dkt. 157 at 25.  Because NIC has conceded that it

24  has not brought a class action and does not seek to comply with the requirements of

25  a class action, it cannot obtain an injunction "on behalf of the public."  See Circle

26  Click Media LLC v. Regus Mgmt. Grp. LLC, No. 12-cv-04000, 2016 U.S. Dist.

27  LEXIS 93232, *17 (N.D. Cal. July 18, 2016) ("[T]he Court cannot issue injunctive

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE CIV. P. § 425.16(c)

1  relief on behalf of others as a matter of state law under the UCL without class

2  certification.").

3       Third, the SAC sought an "accounting"—or restitution—of "all Defendants'

4  profits, revenues, accounts, and proceeds received" as a result of, among other

5  things, the alleged "unfair competition" and "all other allegations presented

6  hereinabove."  The Court's order striking NIC's "general public" allegations

7  eliminates any possibility that NIC could seek to recover restitution of any amounts

8  on behalf of the public.  See M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc., 202

9  Cal. App. 4th 1509, 1525 (2012) (Section 17203, as amended in 2004, prevents

10  "uninjured private persons from suing for restitution on behalf of others" absent

11  class certification).[2]  Further, because NIC has failed to allege (and will be unable to

12  prove) that the NTG Defendants made any profits on the underlying lawsuit against

13  NIC, NIC will no longer be able to obtain *any* restitution even if it prevails on its

14  UCL claim.

15       Contrary to NIC's unfounded assertions that the "possible recovery against

16  defendants has not changed" and the "work involved in trying the case has not

17  changed," (Golden Decl. Ex. 6 at 2), therefore, the NTG Defendants' success on the

18  Second Motion to Strike substantially changed the nature of NIC's UCL claim, the

19  facts and evidence NIC will need to present to prevail on its claim at trial, and the

20  relief NIC may be able to obtain in the event that it prevails on this claim.  Because

21  the NTG Defendants' success on their motion resulted in substantial, practical

22  benefits, the Court does not have discretion to deny an award of attorneys' fees for

23  that success.  See Mann, 139 Cal. App. 4th at 340; see also City of Colton v.

24  Singletary, 206 Cal. App. 4th 751, 784 (2012) (trial court properly found defendant

25

26  [2] NIC contends that it previously advised "all defendants that it was not seeking restitution under a class action theory.  We confirmed that position in writing on

27  February 10, 2016."  Golden Decl. Ex. 6 at 1.  The February 10, 2016 communication concerned NIC's FAC, however, and not its SAC.  See Golden

28  Decl. Ex. 7.  Regardless, the Court's order eliminates any ambiguity as to whether NIC may seek restitution on behalf of the public.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  "prevailing party" on anti-SLAPP motion where it obtained a "practical benefit from

2  bringing the motion"—the elimination of "the City's requests for an order of

3  specific performance and a cease and desist order."). Accordingly, the NTG

4  Defendants are entitled to recover mandatory attorneys' fees they incurred in

5  connection with their successive motions to strike.

6   **B.    The Court Should Award $26,426.76 in Attorneys' Fees For The**

7   **NTG Defendants' Partial Success On Their Two Motions To**

8   **Strike.**

9       The NTG Defendants incurred a total of approximately $66,356.10 in legal

10  fees in connection with their two motions to strike—$43,845.80 for their first

11  motion, and $22,519.30 for the second motion. Golden Decl. ¶ 2 and Exs. 1 and 2.

12  The methodology underlying these calculations is set forth in detail in the

13  accompanying declaration of James M. Golden. Golden Decl. ¶¶ 2-9. In order to

14  facilitate the Court's review of the amounts claimed, and to avoid concerns

15  regarding the attorney-client privilege and work-product doctrine for time entries for

16  amounts not claimed in this motion, the NTG Defendants have attached tables

17  setting forth each billing entry for which the NTG Defendants seek recovery in

18  Exhibits 1 and 2 to Mr. Golden's declaration, rather than all of the underlying

19  invoices containing these billing entries. The information in these tables (with the

20  exception of the adjustments to the hours and amounts sought in this motion) is

21  identical to the information on the invoices. The NTG Defendants will provide all

22  of the underlying invoices for *in camera* review on request.

23       Because the NTG Defendants did not prevail on the entirety of their motions

24  to strike, and because "lack of success on other claims is relevant to the amount of,

25  but not the right to, fees," Jackson, 179 Cal. App. 4th at 92, the NTG Defendants are

26  not asking the Court to award the full $66,014.56 in legal fees plus costs incurred on

27  the two motions to strike. Instead, the NTG Defendants are asking the Court to

28  award $26,426.76, which constitutes: (1) 50% of the attorneys' fees the NTG

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 14 -

Defendants incurred in connection with the First Motion to Strike ($21,922.90); and (2) 20% of the fees they incurred in connection with their Second Motion to Strike ($4,503.86).  In calculating these amounts, the NTG Defendants endeavored to be conservative, and likely excluded some entries that included work on the motions to strike.  Golden Decl. ¶ 4.

In determining the amount of fees to award, courts may apply the "lodestar method," under which "a court assess attorney fees by first determining the time spent and the reasonable compensation of each attorney."  Mann, 139 Cal. App. 4th at 342.  "The court tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work."  Christian Research Institute v. Alnor, 165 Cal. App. 4th 1315, 1321 (2008).  "In determining the lodestar amount, a prevailing party generally may not recover for work on causes of action on which the party was unsuccessful."  Mann, 139 Cal. App. 4th at 342.  If a defendant is partially successful on an anti-SLAPP motion, but the "work on the successful and unsuccessful causes of action was overlapping" and cannot be distinguished on the billing entries, the court should "consider the defendant's relative success on the motion in achieving his or her objective and reduce the amount if appropriate."  Mann, 139 Cal. App. 4th at 345.

The Court should award $21,922.90, or 50% of the amounts billed in connection with the First Motion to Strike, because the Court granted the motion to strike as to one of the two claims for relief at issue in the motion, and it is not possible to specifically determine which billing entries pertained to the malicious prosecution claim, and which pertained to the UCL claim.  Golden Decl. ¶ 9.  The $21,866.64 amount represents 90.8 hours billed at a combined average rate of $448.32.  Golden Decl. ¶ 17.  Excluding 7.0 hours of time billed by Callahan & Blaine's paralegal, the average hourly rate was $470.86.  Id.  These amounts are more than reasonable given the complex nature of the First Amended Complaint and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 15 -

1   the allegations at issue, and the skill and experience of the Callahan & Blaine

2   attorneys handling this matter.  See Mann, 139 Cal. App. 4th at 345 ("The court

3   should also consider any other applicable relevant factors, such as the experience

4   and abilities of the attorney and difficulty of the issues, to adjust the lodestar amount

5   as appropriate."); Blum v. Stenson, 465 U.S. 886 (1984) (holding that a reasonable,

6   prevailing market rate is one that other attorneys of comparable skill, experience,

7   and reputation in the relevant legal community would charge to perform similar

8   work.).  Further, these amounts are comparable to, and less than, amounts charged

9   by attorneys at law firms in Southern California comparable to Callahan & Blaine.

10  See Golden Decl. Ex. 3 at ¶¶ 87-89 (the average fees for partners in top-tier law

11  firms comparable to Callahan & Blaine in San Diego and Orange County is $500-

12  $800 per hour, and $300-$500 per hour for associates).  Accordingly, the total

13  number of hours and the average hourly rates are appropriate "lodestar" amounts to

14  calculate the amount of attorneys' fees the NTG Defendants are entitled to recover

15  on their motion to strike.

16       Because the Court granted the First Motion to Strike based on the NTG

17  Defendants' prevailing on their concurrent motion to dismiss the RICO claims for

18  failure to state a cause of action, the NTG Defendants have a viable basis to seek

19  recovery of the fees they incurred on the first motion to dismiss as well as the first

20  motion to strike.  See Kearney, 553 F. Supp. 2d at 1183-84 (defendants were entitled

21  to fees incurred in connection with both motion to dismiss and motion to strike

22  where "the factual and some legal bases for the claims are inextricably

23  intertwined.").  Nevertheless, the NTG Defendants have chosen not to seek recovery

24  of the fees incurred in connection with the first motion to dismiss.  The 50% claimed

25  amount is reasonable, and compensates the NTG Defendants for needing to file a

26  motion to strike the baseless UCL claim alleged in the FAC.  See Robertson v.

27  Rodriguez, 36 Cal. App. 4th 347, 362 (1995) ("The right of prevailing defendants to

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 16 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  recover their reasonable attorney fees under section 425.16 adequately compensates

2  them for the expense of responding to a baseless lawsuit.").

3      The Court should award 20% of amount of the amounts billed in connection

4  with the Second Motion to Strike, or $4,503.86. This amount represents an average

5  hourly rate of $490, and includes only amounts for work performed by attorneys.

6  Golden Decl. ¶ 18. Although Callahan & Blaine attorneys spent a total of 45.955

7  hours in connection with the Second Motion to Strike, the NTG Defendants are

8  seeking compensation only or approximately 9.2 hours in this motion. The 9.2

9  hours charged at an average rate of $490 per hour is an appropriate "lodestar"

10  amount for the Second Motion to Strike in light of the skill and experience of the

11  attorneys working on the matter, and the complex nature of this case and the

12  allegations at issue.

13      The 20% amount—or an ***80% reduction*** of the total amounts billed—is based

14  on the Court's decision to grant the motion as to one of the five arguments presented

15  in support of the motion. As explained above, the Court's ruling dramatically

16  changed the nature of NIC's UCL claim along with the relief NIC may be able to

17  obtain if it prevails on its claim at trial. The 20% amount requested is more than

18  reasonable in light of the "practical" effects of the Court's ruling on the litigation,

19  and compensates the NTG Defendants for needing to bring the motions to strike

20  without unduly punishing NIC or granting the NTG Defendants a windfall. See

21  Mann, 139 Cal. App. 4th at 345 ("The fees awarded to a defendant who was only

22  partially successful on an anti-SLAPP motion should be commensurate with the

23  extent to which the motion changed the nature and character of the lawsuit in a

24  practical way."); Buzayan v. City of Davis, 2008 U.S. Dist. LEXIS 120608, * 5-6

25  (E.D. Cal. May 1, 2008) (awarding 20% of fees incurred where defendants' Anti-

26  SLAPP motions eliminated one of nineteen causes of action).

27      Accordingly, the Court should award a total of $26,426.76 for the NTG

28  Defendants' partial success on their motions to strike.

**C.    The Court Should Award The NTG Defendants $22,335.00 For Amounts They Have Incurred And Will Incur As A Result Of Needing To Bring This Motion.**

Finally, the NTG Defendants request that the Court award them *$22,335.00* for their work spent in connection with this motion for attorneys' fees.  It is well-settled that a fee award under Section 425.16(c) includes not only those fees incurred in bringing a successful anti-SLAPP motion, but also fees and costs incurred in bringing a motion for attorneys' fees under Section 425.16(c)(l).  As the California Supreme Court has explained:

> Ketchum further asserts that the fee award improperly included "fees on fees," i.e., fees incurred in litigating the award of attorney fees. The Court of Appeal correctly rejected the argument: an award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16.

Ketchum, 24 Cal. 4th at 1141; see also Kearney, 553 F. Supp. 2d at 1181-82 (S.D. Cal. 2008) ("Absent circumstances rendering an award unjust, the fee should ordinarily include compensation for all hours reasonably spent, including those relating solely to obtaining the fee award") (quoting Serrano v. Unruh, 32 Cal. 3d 621, 624 (1982)).

The NTG Defendants attempted to avoid the need for this motion—and an accompanying award of attorneys' fees incurred in connection with this motion—by meeting and conferring with NIC's counsel about their right to recover fees, along with the amount of fees for which the NTG Defendants seek recovery, but NIC refused to agree that the NTG Defendants were entitled to any attorneys' fees at all for their success on their successive motions to strike, much less agree to pay any specific amounts, that would have obviated the need for some or all of this motion. See Golden Decl. Ex. 6.  Accordingly, the NTG Defendants had no choice but to

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   bring this motion for fees, and they are entitled to recover the fees they incurred as a

2   result of needing to bring this motion for fees.

3        As of the date of this motion, the NTG Defendants estimate that they have

4   incurred in excess of $16,795.00 in connection with this motion.  Golden Decl. ¶ 25.

5   This amount does not include any work performed after September 14, 2016,

6   including time spent finalizing the drafting of the motion.  Id.  The $16,795.00

7   amount includes time spent researching the availability of an attorneys' fee award,

8   meeting and conferring with NIC's counsel, conducting a detailed review of

9   Callahan & Blaine's invoices to determine the amounts billed as a result of the two

10  motions to strike, and drafting the motion and supporting papers.  Id.  The NTG

11  Defendants further estimate that they will incur at least $3,160 in connection with

12  their reply in support of this motion, and at least $2,380 attending the hearing on the

13  motion.  Golden Decl. ¶ 26.  Therefore, the NTG Defendants estimate that they will

14  incur a total of at least $22,335.00 in connection with this motion (Golden Decl.

15  ¶ 27), and they respectfully request that the Court order NIC to pay them this

16  amount for fees they incurred as a result of being required to bring this motion.

17       Because a substantial amount of work remains to be done, the above amounts

18  are necessarily estimates.  As an alternative to awarding $22,335.00 in fees now, the

19  NTG Defendants are willing to submit a detailed declaration after the Court rules on

20  this motion that will set forth the total amount of fees that were actually incurred in

21  connection with the motion.

22  **IV.   <u>CONCLUSION</u>**

23       For the foregoing reasons, the NTG Defendants request that the Court enter

24  an order awarding them (1) $21,922.90, or 50% of the fees they incurred in

25  connection with their First Motion to Strike; (2) $4,503.86, or 20% of the fees they

26  incurred in connection with their Second Motion to Strike; and (3) $22,335.00 for

27  the fees they incurred and will incur as a result of needing to bring this motion for

28  attorneys' fees.

NTG DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE CIV. P. § 425.16(c)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  Dated:  September 15, 2016             **CALLAHAN & BLAINE, APLC**

2

3                                        By:   */s/ James M. Golden*
                                              James M. Golden
4                                             Attorneys for NEWPORT TRIAL
                                              GROUP; SCOTT J. FERRELL; RYAN
5                                             M. FERRELL; VICTORIA C.
                                              KNOWLES; DAVID REID and
6                                             ANDREW LEE BASLOW

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CODE CIV. P. § 425.16(c)