UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-02034 JVS(JCGx)  Date  October 25, 2016

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al.

Present: The Honorable   James V. Selna

| Karla J. TUnis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers)   **Order Granting in Parte and Denying in Part Plaintiff's Motion for Leave to File an Amended Complaint and Order Granting Defendant's Motion for Attorneys' Fees**

Before the Court are two motions.

First, Plaintiff Natural-Immunogenics Corp. ("Natural-Immunogenics") filed a motion for leave to take further discovery and for leave to file a third amended complaint ("motion for leave"). Docket No. 165. Defendants Newport Trial Group, Andrew Baslow ("Baslow"), Ryan Ferrell, Scott Ferrell, Victoria Knowles ("Knowles"), and David Reid ("Reid") (collectively, the "NTG Defendants") opposed. Docket No. 179. Defendants Taylor Demulder ("Demulder"), Matthew Dronkers ("Dronkers"), Andrew Nilon ("Nilon"), Sam Pfleg ("Pfleg"), Giovanni Sandoval ("Sandoval") and Sam Schoonover ("Schoonover") (collectively, the "Non-NTG Defendants") joined in opposition. Docket No. 180. Natural-Immunogenics replied. Docket No. 183. The Court denied the motion for leave to file a third amended complaint via a minute order. Docket No. 195.

Second, the NTG Defendants filed a motion for an award of attorneys' fees under Cal. Code Civ. Proc. § 425.1, California's anti-SLAPP law. Docket No. 172. Natural-Immunogenics opposed. Docket No. 178. The NTG Defendants replied. Docket No. 184.

For the following reasons, the Court **denies in part** and **grants in part** the motion for leave and **grants** the motion for attorneys' fees.

**BACKGROUND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                                     Date   October 25, 2016

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al.

    This case's factual background is well known to the parties and detailed in the Court's earlier order. Docket No. 157. The Court lays out this case's procedural history in some detail because it is relevant to these motions.

    On May 9, 2016, the Court entered its scheduling order. Docket No. 91. At that time the Court limited discovery to the cases specified in the complaint. On July 20, 2016, the Court issued an order clarifying the discovery plan. Docket No. 155. This order specified that Natural-Immunogenics should apply to the Court for leave to take any discovery beyond the cases specified in its complaint.

    On May 10, 2016, Natural-Immunogenics filed its second amended complaint ("SAC") in this action.[1] Docket No. 92. The second amended complaint alleged: (1) malicious prosecution against the NTG Defendants, Nilon, and Sandoval; (2) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., against all defendants; (3) conspiracy to violate RICO against all defendants; and (4) unfair competition in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., against all defendants. Id.

    On May 31, 2006, the NTG Defendants filed their Rule 12(b)(6) motion to dismiss the SAC's RICO claims, Docket No. 120, as well as their anti-SLAPP motion. Docket No. 122. On June 6, 2016, the Non-NTG Defendants joined and filed their own motion. Docket No. 124–126.

    On July 25, 2016, the Court held a hearing on the motions. Docket No. 156. On August 1, 2016, the Court granted the NTG Defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the 18 U.S.C. § 1961 claims against Knowles. Docket No. 157. The Court also granted the NTG Defendants' anti-SLAPP motion to strike all allegations purporting to bring UCL claims on behalf of the general public. Id. Finally, the Court granted the non-NTG Defendants' Rule 12(b)(6) motion to dismiss the 18 U.S.C. § 1962(c) and corresponding UCL claims against Pfleg, Dronkers, Demulder,

---

[1] Natural-Immunogenics filed its first complaint in December 2015. Docket No. 1. Natural-Immunogenics filed its first amended complaint in January 2016. Docket Nos. 29, 30. After motion and oral argument, the Court dismissed Natural-Immunogenics' first amended complaint without prejudice. Docket No. 88.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-02034 JVS(JCGx)                              Date  October 25, 2016

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al.

and Schoonover. Id. The Court denied the motions to dismiss with respect to all other claims. Id.

## ANALYSIS

**I. The Court denies Natural-Immunogenics' motion for leave to take discovery of the Hanberg litigation, but grants it with respect to Continuity Research.**

The Rules permit discovery of any relevant, nonprivileged matter that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(2). The Rules specify several factors to evaluate proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

> **A. The Court denies Natural-Immunogenics' motion with respect to the Hanberg Litigation because the existing allegations do not justify increasing the case's complexity.**

Natural-Immunogenics requests leave to take further discovery in two areas. First, Natural-Immunogenics seeks discovery regarding litigation between Kristyne Hanberg ("Hanberg"), a Los Angeles teacher, and DeviantArt, Inc. Decl. Peter Arhangelsky ¶ 7 ("PA Decl."). The case came to Natural-Immunogenics' attention because its counsel received an unsolicited email from an attorney named Scott Vick ("Vick"). Id. ¶ 6. Vick, DeviantArt's attorney in the matter, explained the case and provided information on Hanberg's lawsuit after Natural-Immunogenics served a subpoena. Id. ¶ 7. Vick stated that Hanberg's alleged purchase, for which DeviantArt was subsequently sued, was actually made at an IP address belonging to the Newport Trial Group. Vick Decl., Docket No. 131, Ex. 5, ¶ 5-6. He discovered that Hanberg had been a putative class action plaintiff in four other lawsuits between November 2015 and April 2016, including some filed by the Newport Trial Group. Id.¶ 10. Vick later received a demand letter from Scott Ferrell at the Newport Trial Group. Id. ¶ 7. Vick received a second demand letter from the law firm Milstein Adelman Jackson Fairchild & Wade LLP ("Milstein"). Id. ¶ 8. Milstein subsequently filed a putative class action on Hanberg's behalf. Id. ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | October 25, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

Natural-Immunogenics obtained a copy of Hanberg's deposition in the DeviantArt case. Her testimony suggested that she was unaware of her other cases and could not remember the products she purchased that led to the lawsuits. Docket No. 165, Ex. H at 28–56. Based on this testimony and Vick's statements, Natural-Immunogenics now seeks to serve Hanberg with written discovery and depose her. Docket No. 165 at 13. It also seeks to serve her employer and the Newport Trial Group with relevant discovery.

Natural-Immunogenics has failed to show that the Hanberg allegations are sufficient to take additional discovery. While Hanberg's deposition shows that she may have been a Newport Trial Group plaintiff, any evidence relating to her is unlikely to enhance the existing allegations. The Newport Trial Group did not file her case and the fact that she had been a serial plaintiff for Newport Trial Group does not establish a pattern of racketeering activity. Finally, Natural-Immunogenics already has specified eight cases for discovery. Because of this existing limitation, the risk of sprawling discovery, and the unlikehood of any benefit, the Court finds that discovery related to the Hanberg litigation is not warranted and would merely increase the case's cost and complexity.

### B. The Court grants Natural-Immunogenics' motion with respect to Continuity Research because the allegations suggest a pattern of racketeering activity.

Natural-Immunogenics also seeks discovery of correspondence allegedly in Continuity Research, LLC's ("Continuity") possession. That correspondence allegedly contained NTG's instructions from David Reid and Scott Ferrell to create corporate entities solely to pursue legal claims. Docket No. 175, Ex. A. Natural-Immunogenics developed this belief after communication between its counsel and Allison Borts ("Borts"), an in-house attorney at Continuity. Natural-Immunogenics' counsel filed a declaration explaining the conversations. Docket No. 165, Ex. B. The NTG Defendants' counsel's declaration disputed this account; it included statements from Borts that Natural-Immunogenics' counsel disputed her account. Docket No. 179, Ex. A. In response, Natural-Immunogenics filed a notice of errata and a corrected declaration that omitted reference to her statements. Docket No. 175, Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | October 25, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

The Court finds that discovery is appropriate with respect to Continuity. The alleged correspondence contains conversations between Newport Trial Group attorneys about a plan to form sham corporate entities solely to pursue legal claims. Although the dueling declarations disputed the correspondence's exact content, such allegations are at the heart of this case. If true, this evidence would support Natural-Immunogenics' claim of a pattern of RICO activity. Therefore, the Court finds that the importance of this discovery outweighs the burden on the parties and is proportional to the case's needs.

**II. The Court grants the NTG Defendants' motion for attorneys' fees because their anti-SLAPP motion limited the scope of available injunctive relief.**

**A. Natural-Immunogenics may no longer obtain a public injunction.**

"In any action subject to subdivision (b) [of California's Anti-SLAPP statute], a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1) ("CCP"). The award is mandatory for any prevailing defendant. Mann v. Quality Old Time Serv., Inc., 139 Cal. App. 4th 328, 340 (2006). A party who partially prevails may recover attorneys' fees unless the motion's results "were so insignificant that the party did not achieve any practical benefit from bringing the motion." Id. See also Brown v. Elec. Arts, Inc., 722 F. Supp. 2d 1148, 1155 (C.D. Cal. 2010).

A court examines the motion's results to determine whether a partially prevailing party may recover attorneys' fees. See Mann, 139 Cal. App. 4th at 340. A court must determine whether the motion altered the case's substance, or if it was merely a technical victory. See Brown, 722 F. Supp. 2d at 1155. In particular, a court considers whether the motion changed the plaintiff's possible recovery or factual allegations. See Moran v. Endres, 135 Cal. App. 4th 952, 955 (2006). A court also analyzes whether either party's burden or workload shifted. Id.

For instance, Moran refused to award attorneys' fees when the anti-SLAPP motion only struck the plaintiffs' conspiracy claim — which engendered no tort liability on its own. Id. at 954-55. In contrast, another court granted attorneys' fees when it struck the plaintiff's state law claims for fraud, misappropriation, and violation of the UCL. Shepard v. Miler, No. CIV. 2:10-1863 WBS, 2011 WL 1740603, at *2 (E.D. Cal. May 5,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034 JVS(JCGx) | Date | October 25, 2016 |
|---|---|---|---|
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

2011). Eliminating the state law claims narrowed the case's scope, limited discovery, reduced potential damages, and altered the case's settlement posture. Id. Therefore, the defendant could recover attorneys' fees on the motion. Id.

The NTG Defendants argue that they may recover attorneys' fees because the Court's order limited three of Natural-Immunogenics' remedies. They argue that these changes make the NTG Defendants the prevailing party for three reasons. First, Natural-Immunogenics may no longer recover attorneys' fees under CCP section 1021.5 because, under the UCL, plaintiffs may only recover attorneys' fees for representative actions. Docket No. 132 at 19. Second, Natural-Immunogenics may no longer obtain any injunctive relief, except on it own behalf. Docket No. 132 at 20. Third, Natural-Immunogenics may no longer seek restitution on the public's behalf. Id. at 21.

The UCL does not permit plaintiffs to recover damages or attorneys' fees. Yanting Zhang 57 Cal. 4th at 371. But, individual UCL plaintiffs may still seek attorneys' fees as private attorney generals under CCP section 1021.5. See, e.g., Id. at 371, n. 4.; Bui v. Nguyen, 230 Cal. App. 4th 1357, 1362 (2014) (considering awarding attorneys' fees to an individual UCL plaintiff). Therefore, Natural-Immunogenics may still recover attorneys' fees under section 1021.5.

The UCL limits prevailing plaintiffs to injunctive relief and restitution. Yanting Zhang v. Superior Court, 57 Cal. 4th 364, 371 (2013). It further limits injunctive relief to class actions. Cal. Bus. & Prof. Code § 17203 ("Any person may pursue representative claims or relief on behalf of others only if the claimant meets the standing requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure"); see also Circle Click Media LLC v. Regus Mgmt. Grp. LLC, No. 12-CV-04000-EMC, 2016 WL 3879028, at *6, (N.D. Cal. July 18, 2016) ("[T]he Court cannot issue injunctive relief on behalf of others as a matter of state law under the UCL without class certification."). This means that — absent class certification — injunctive relief is available to prevent a business from engaging in unfair competition with respect to the plaintiff — but not with respect to every individual. Id. at *5. A court may still issue broad injunctive relief to prevent the harm to the plaintiff, but only "if such breadth is necessary to give prevailing parties the relief to which they are entitled." Id. at *5, n.6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | October 25, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

Therefore, Natural-Immunogenics may not obtain public injunctive relief under the UCL, nor can it receive restitution for the public. Natural-Immunogenics agreed to strike its request for restitution before the NTG Defendants filed their motion. Docket No. 172, Ex. 7. Hence the NTG Defendants did not change the case when they struck this remedy. But, the NTG Defendants did change the case's substance by succeeding on their second motion to strike Natural-Immunogenics' claims on behalf of the general public.

Before the second motion, Natural-Immunogenics could have received a broad "obey the law" injunction that required the NTG Defendants to abstain from any unlawful competitive practices: now Natural-Immunogenics may only receive targeted injunctive relief that prevents the NTG Defendants from harming Natural-Immunogenics in the future. Because this is more than a technical victory the NTG Defendants may recover attorney fees. See Brown, 722 F. Supp. 2d at 1155.

**B. The NTG Defendants may recover $4,508.36 in attorneys' fees from their second motion, but may not recover fees for the first motion because the first motion did not change the case's substance.**

A court uses the lodestar method to determine the appropriate amount of attorneys' fees for a prevailing defendant on an anti-SLAPP motion. Mann, 139 Cal. App. 4th at 342. First, a court assesses the time spent and reasonably hourly compensation for each attorney. Id. Then a court decides whether to adjust that lodestar figured based on other factors, such as the plaintiff's limited success. Id. This means that a prevailing party may not recover fees for work on unsuccessful causes of action. Id. Other relevant factors includes "the extent to which the defendant's litigation posture was advanced by the motion, whether the same factual allegations remain to be litigated, whether discovery and motion practice have been narrowed, and the extent to which future litigation expenses and strategy were impacted by the motion." Id. at 345. A court may identify specific hours that should be eliminated, or it "may simply reduce the award to account for the limited success." Id. at 343 (internal quotations omitted).

Here, the NTG Defendants have requested attorneys' fees from three motions. First, 50 percent of the $43,745.80 for their first motion to strike, or $23,022.90. Docket No. 172 at 14-15. Second, 20 percent of the $22,519.30 from their second motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | October 25, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

strike, or $4,503.86. Id. at 17. Third, $22,335 for their motion for attorneys' fees. Id. at 19.

The Court finds that the hourly rates billed by counsel were reasonable and commensurate with their experience and skill. Golden Dec. ¶ 11-16. This is particularly so in light of the 20 percent discount from the attorneys' usual hourly rates. Id. The number of hours and distribution of work among lawyers of various levels of experience are reasonable.

The NTG Defendants may recover fees on their second motion, but not on their first motion. Although the Court granted the NTG Defendants' first motion to strike, this victory did not change the case's substance. Instead, Natural-Immunogenics had an opportunity to replead and cure the defect. The NTG Defendants rely on Kearney v. Foley & Lardner, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008), for the rule that a defendant may recover fees for two motions when the legal theories are "inextricably intertwined." That rule does not apply here. Although the motions advanced similar theories, only the second motion changed Natural-Immunogenics' potential relief.

Therefore, the Court grants the NTG Defendants' request for fees with respect to the second motion, but denies it with respect to the first motion. The Court finds that an award of $4,503.86 is reasonable for the second motion. See Buzayan v. City of Davis, No. 206CV01576MCEDAD, 2008 WL 1994945, at *2 (E.D. Cal. May 2, 2008) (20 percent of fees appropriate when the defendants' anti-SLAPP motion eliminated one out of 19 causes of action).

**C. The Court finds that an award of $3,662.94 is appropriate for the fees incurred to bring this motion because the NTG Defendants' motion for fees was only partially successfully.**

Like the standard lodestar calculations, a district court has discretion to reduce the fees requested for bringing the motion. See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163, n. 10 (1990) ("[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation."). A court may base this reduction on the same rationale it used to reduce the requested fees. See Hirsch v. Compton Unified Sch. Dist., No. CV 12-01269 RSWL MRW, 2013 WL 1898553, at *6 (C.D. Cal. May 3, 2013)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | October 25, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

(quoting <u>Schwarz v. Sec'y of Health & Human Servs.</u>, 73 F.3d 895, 909 (9th Cir. 1995)) ("[A] district court does not abuse its discretion by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award.").

Here the NTG Defendants recovered approximately 16.4 percent of their requested fees.[2] Therefore, the Court finds it appropriate to award 16.4 percent of their requested fees, or $3,662.94.[3] <u>See, e.g.,</u> <u>Hirsch</u>, 2013 WL 1898553, at *6 (awarding the same share of the fees on fees as the requesting party received on its merits fees); <u>United States ex rel McLean v. Cty. of Santa Clara</u>, No. 5:05-CV-01962 HRL, 2013 WL 5544148, at *5 (N.D. Cal. Sept. 30, 2013) (same).

In sum, the Court awards the NTG Defendants $4,503.86 in attorneys' fees for their motion to strike and $3,662.94 in fees incurred to bring the motion.

### CONCLUSION

For the foregoing reasons, the Court **grants** leave to conduct discovery on Continuity. The Court **denies** leave to conduct discovery related to the Hanberg litigation. Finally the Court **grants** the NTG Defendants' motion for attorneys' fees. The Court awards the NTG Defendants $8,166.8 in fees.

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |

---

[2] $4,503.86/$27,526.76=16.36 percent.

[3] 0.164 * $22,335= $3662.94