UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | November 3, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

Present: The Honorable    James V. Selna

| Karla J. TUnis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers)   **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Natural-Immunogenics Corp. ("Natural-Immunogenics") moved to strike affirmative defenses in Defendants' amended answers, Docket Nos. 173 ("Non-NTG Defendants' Answer"), 174 ("NTG Defendants' Answer"). Docket No. 181 ("Mot."). Defendants Taylor Demulder ("Demulder"), Matthew Dronkers ("Dronkers"), Andrew Nilon ("Nilon"), Sam Pfleg ("Pfleg"), Giovanni Sandoval ("Sandoval") and Sam Schoonover ("Schoonover") (collectively, the "Non-NTG Defendants") opposed. Docket No. 191. Defendants Newport Trial Group, Andrew Baslow ("Baslow"), Ryan Ferrell, Scott Ferrell, Victoria Knowles ("Knowles"), and David Reid ("Reid") (collectively, the "NTG Defendants") also opposed. Docket No. 193. Natural-Immunogenics replied. Docket No. 196.

## BACKGROUND

This case's factual background is well known to the parties and detailed in the Court's earlier order. Docket No. 157. This particular order concerns the Defendants' answers. Both the NTG Defendants and Non-NTG Defendants filed amended answers. Docket Nos. 173, 174. Each answer asserts fourteen affirmative defenses:

a. Laches

a. Unclean hands

a. Waiver

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  SACV 15-02034 JVS(JCGx)                    Date  November 3, 2016

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al.

   a. Estoppel

   a. Statute of limitations

   a. Failure to mitigate

   a. Justification

   a. Privilege

   a. Reasonableness and good faith

   a. <u>Noerr-Pennington</u> doctrine

   a. Free speech and right to petition

   a. Res judicata/collateral estoppel

   a. Duress

   a. Undue influence

<u>Id.</u> Both answers use identical or similar language to assert the defenses. <u>Id.</u>

## LEGAL STANDARD

   Under Rule 12(f), a party may move to strike any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A motion to strike is appropriate when a defense is insufficient as a matter of law. <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1057 (5th Cir. 1982). The grounds for a motion to strike must appear on the pleading's face, or from matters of which the Court may take judicial notice. <u>SEC v. Sands</u>, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

   The essential function of a Rule 12(f) motion is to "avoid the expenditure of time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | November 3, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). "As a general proposition, motions to strike are regarded with disfavor because [they] are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Sands, 902 F. Supp. at 1165-66 (alteration in original) (internal quotation marks omitted). Therefore, courts frequently "require the moving party to show prejudice before granting the requested relief, and ultimately whether to grant a motion to strike falls on the sound discretion of the district court." Schwarz v. Meinberg, No. CV1300356BROPLAX, 2016 WL 4011716, at *3 (C.D. Cal. July 15, 2016).

## ANALYSIS

**I. Pleading Standard**

The first issue for this Court to resolve is the proper pleading standard. Natural-Immunogenics argues that the Court should apply the pleading standard from Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Mot. at 4. Defendants argue that the Court should apply the Ninth Circuit's pre-Twombly/Iqbal "fair notice" standard from Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979). Docket No. 191, Non-NTG Def. Opp'n at 3-5; Docket No. 193, NTG Def. Opp'n at 3-5.

FRCP 8(a)(2) requires that a complaint contain a "short and plain statement of the claim"; under Twombly and Iqbal this requires showing "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. Pro. 8(a)(2); Twombly, 550 U.S. at 570. When pleading affirmative defenses, FRCP 8(c) only requires that a defendant "affirmatively state any . . . affirmative defense." Fed. R. Civ. Pro. 8(c). The U.S. Supreme Court discussion of the plausibility standard only concerned FRCP 8(a) and complaints; and no Circuit Courts of Appeals has extended this plausibility pleading standard to affirmative defenses. Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 566 (S.D. Cal. 2012). Therefore, in the Ninth Circuit, it is unclear whether the Twombly/Iqbal standard applies to affirmative defenses. Spann v. J.C. Penney Corp., No. SACV120215FMORNBX, 2015 WL 11072165, at *2 (C.D. Cal. July 16, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | November 3, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

District courts nationwide differ on this issue: some courts have extended the Twombly/Iqbal standard to affirmative defenses, while others have rejected this approach and applied Wyshak's fair notice standard. Kohler, 280 F.R.D. at 565-66 (noting the split of opinion). Courts that have applied the Twombly/Iqbal standard argue that Wyshak applied the Supreme Court's older pleading standard from Conley v. Gibson, 355 U.S. 41, 47-48 (1957). See, e.g., Spann, 2015 WL 11072165, at *2. They also note the rules' similar language. Compare Fed. R. Civ. P. 8(a) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"), with Fed. R. Civ. P. 8(b) (requiring a defendant to state in "short and plain terms its defenses to each claim asserted against it"). Therefore, these courts argue that the newer Twombly/Iqbal standard for pleading claims should also apply to the pleading of affirmative defenses because Rule 8 governs both standards. Spann, 2015 WL 11072165, at *3.

But good reasons exist to use a distinct standard for pleading affirmative defenses. First, different subsections govern claims for relief and affirmative defenses; Rule 8(a) governs the former while Rule 8(c) applies to the latter. Fed. R. Civ. Pro. 8; Kohler, 280 F.R.D. at 566. Twombly and Iqbal specifically focused on Rule 8(a): the Court never suggested that this standard should also govern affirmative defenses. Rule 8(a) requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Kohler, 280 F.R.D. at 566 (quoting F.R.C.P. 8(a)(2)). In contrast, Rule 8(c) only requires that a defendant "'affirmatively state' its affirmative defenses." Id. (quoting Fed. R. Civ. Pro. 8(c)). Therefore, factual plausibility is necessary to state a claim because the pleader must "show" entitlement to relief. Id. In contrast, a party pleading an affirmative defense only needs to "state" — not show entitlement to — its defense. Id. Therefore, courts should follow the Supreme Court's warning that "legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." Id. (quoting Twombly, 550 U.S. at 569 n.14).

Furthermore, strong policy reasons exist for a different standard. A plaintiff has unlimited time to compose a complaint, but a defendant only has 21 days to respond and assert affirmative defenses. Id. (citing Holdbrook v. SAIA Motor Freight Line, LLC, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010)). Finally, although the Ninth Circuit has not explicitly ruled on this issue, it has applied the Wyshak standard to determine the sufficiency of pleadings post-Twombly/Iqbal. Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | November 3, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

    For these reasons and in the absence of further direction from the U.S. Supreme Court or the Ninth Circuit Court of Appeals, this Court will not apply the Twombly/Iqbal plausibility standard to affirmative defenses. See, e.g., Schwarz, 2016 WL 4011716, at *4 (listing cases and concluding that "[w]ithin this district, the majority of courts to address the issue have applied the fair notice standard."). Rather, the Court will evaluate each affirmative defense under the "fair notice" pleading standard that is clearly established and has been recently applied by the Ninth Circuit Court of Appeals. Wyshak, 607 F.2d at 827 ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."); Simmons, 609 F.3d at 1023.

## II. Defendants' Affirmative Defenses

    Fair notice is a "lenient" standard that only requires the defendant to "state the nature and grounds for the affirmative defense." Vogel v. AutoZone Parts, Inc., No. CV 13-0300-CAS AJWX, 2013 WL 2395905, at *1 (C.D. Cal. May 31, 2013). For fair notice, conclusory defenses are sufficient if they are "potentially viable affirmative defenses, the nature of the defenses is well known, and Plaintiff can seek discovery regarding the purported factual basis for these defenses." Schwarz, 2016 WL 4011716, at *4. For instance, in Wyshak, it was sufficient that the defendant merely alleged a statute of limitations defense and then stated the specific statute in its attached Memorandum of Points and Authorities. Wyshak, 607 F.2d at 827. But, an affirmative defense is still legally insufficient if there are not factual questions, legal issues are undisputed, and there is no situation in which the defense could succeed. Schwarz, 2016 WL 4011716, at *4. The Court evaluates each defense under this standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | November 3, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

*A. Laches and Statute of Limitations*

Defendants pleaded laches on the basis that Natural-Immunogenics should have earlier raised claims that Newport Trial Group did not purchase the product and did not make the phone calls at issue. Docket Nos. 173 ¶ 414; 174 ¶ 413. Defendants likewise state that Natural-Immunogenics claims may be invalid under the UCL or RICO statutes of limitations. Id. The NTG Defendants further state that the statute of limitations might apply "because Plaintiff's Second Amended Complaint refers to and relies on lawsuits that Defendants resolved as far back as 2010, and requests an accounting of NTG's revenues since 2009." Docket No. 174 ¶ 413.

In both cases, the defenses are legally insufficient. The parties do not dispute that the Newport Trial Group first served Natural-Immunogenics with a demand letter on December 27, 2011. Docket No. 92, Second Amended Complaint ("SAC") ¶ 52; NTG Defendants' Answer ¶ 52. RICO has a four-year statute of limitations. Pincay v. Andrews, 238 F.3d 1106, 1108 (9th Cir. 2001). Natural-Immunogenics filed suit on December 7, 2015. Docket No. 1. Hence, even at the earliest possible accrual, Natural-Immunogenics filed suit within the statute of limitations. And laches cannot preclude a claim brought within the statute of limitations period. See Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1967 (2014) (laches could not bar a claim for copyright infringement brought within the appropriate statute of limitations). No further factual allegations could cure these legal deficiencies. Therefore, the Court strikes these defenses without leave to amend.

*B. Unclean hands, Duress, and Undue Influence*

Defendants state that unclean hands bars Natural-Immunogenics claims because Natural-Immunogenics "created and published a defamatory website" to extort misstatements. Non-NTG Defendants' Answer ¶ 419; NTG Defendants' Answer ¶ 414. Furthermore, they claim that Natural-Immunogenics' investigator lied and "misrepresented his identity" to extort misstatements from Defendants. Id. They base their duress and undue influence defenses on identical allegations. NTG Defendants' Answer ¶¶ 425-26; Non-NTG Defendants' Answer ¶¶ 425-26.

Defendants' statements give Natural-Immunogenics fair notice of these defenses. Defendants have articulated two specific facts — the alleged website and investigator.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | November 3, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

Although Defendants do not detail these allegations, a brief factual basis is sufficient at this stage. Defendants give Natural-Immunogenics enough notice to conduct discovery. Furthermore, although Natural-Immunogenics argues that Defendants' stated facts do not prove these defenses, such an argument is better resolved at the summary judgment stage. Natural-Immunogenics has not shown that there is no possible situation in which these defenses could succeed.

Finally, the notice standard is low for well-established defenses. Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y., No. SACV 13-749-JST JPRX, 2013 WL 3776337, at *3 (C.D. Cal. July 17, 2013) (quoting Devermont v. City of San Diego, No. 12-CV-01823 BEN (KSC), 2012 WL 2898342, at *2 (S.D. Cal. June 14, 2013)) ("[F]or well-established defenses, merely naming them may be sufficient."); see also Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc., No. SA CV 11-1161 DOC, 2012 WL 177576, at *3 (C.D. Cal. Jan. 20, 2012) ("While each affirmative defense is a standard defense set forth in the plainest of terms, the Court finds this sufficient[.]").

Therefore, the Court denies Natural-Immunogenics' motion to strike the defenses of unclean hands, duress, and undue influence.

*C. Waiver, Estoppel, and Failure to Mitigate*

Defendants state that Natural-Immunogenics could have taken Giovanni Sandoval's ("Sandoval") deposition earlier and thus presented its claims in the underlying litigation. NTG Defendants' Answer ¶ 415; Non-NTG Defendants' Answer ¶ 421. For estoppel, Defendants likewise state that Natural-Immunogenics should have taken Sandoval's deposition earlier. NTG Defendants' Answer ¶ 416; Non-NTG Defendants' Answer ¶ 421.

Again, Defendants' factual recitations — although limited — provide fair notice of the claims. Defendants have informed Natural-Immunogenics that their focus is Sandoval's deposition. This can inform Natural-Immunogenics' discovery. Like the defenses discussed above, these are well-established defenses for which the fair notice standard is even more lenient. See Pac. Dental, 2013 WL 3776337, at *3. Therefore, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | November 3, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

Court denies Natural-Immunogenics' motion to strike these defenses.[1]

*D. Justification, Reasonableness, and Good faith*

Defendants also assert the affirmative defenses of justification, reasonableness, and good faith.[2] They state that the "conduct complained of . . . was justified because Defendants were relying on information they had available to them." NTG Defendants' Answer ¶¶ 419, 421, 422; Non-NTG Defendants' Answer ¶¶ 415, 424. Furthermore, Defendants reserve any applicable privileges or protections. Id. Again, Defendants' brief statements notify Natural-Immunogenics of the proposed defenses because they identify the defenses and identify some limited facts. This is sufficient at this stage of the case.

Natural-Immunogenics argues that these are negative — not affirmative — defenses. Mot. at 10-11. But, even if these are more accurately characterized as negative defenses, that is not enough to strike them. See Pac. Denal, 2013 WL 3776337, at *6 ("[I]n light of the fact that these defenses are sufficient under Rule 8(b), the Court declines to strike these defenses merely because Defendant mislabeled them in its pleading."); Enough, 2012 WL 177576, at *3 (citations omitted) ("[N]o limitation as to affirmative or negative defenses is expressed in the text of the rule. The technicality raised by Plaintiff does not affect whether it has been put on fair notice of Defendant's defenses.").

Natural-Immunogenics further argues that these defenses have never been applied to RICO or malicious prosecution claims. But, although the defenses may not be commonly applied to such claims, Natural-Immunogenics has not cited case law that shows the defenses cannot apply.

Finally, Natural-Immunogenics argues that these defenses potentially waive Defendants' attorney client privilege. A motion to strike is not the proper vehicle to

---

[1] With regard to estoppel, see the further discussion in section II. H, supra.

[2] At the hearing the NTG-Defendants' counsel represented that the defenses of reasonableness, justification, and good faith were limited to Natural-Immunogenics' UCL claims, particularly the scope of injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-02034 JVS(JCGx)                                Date  November 3, 2016

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al.

adjudicate this; hence, if relevant, this Court will address it later in the case.

Therefore, the Court denies Natural-Immunogenics' motion to strike with respect to these defenses.

### E. Privilege

Defendants argue that their conduct was privileged litigation activity. NTG Defendants' Answer ¶ 420; Non-NTG Defendants' Answer ¶ 416. This Court has already held that the litigation privilege does not apply to any of Natural-Immunogenics' claims. Docket No. 157 at 25-26. Therefore, the defense is legally insufficient because the defense cannot apply to the claims at issue. The Court grants Natural-Immunogenics' motion without leave to amend because no further factual allegations will change the privilege's inapplicability.

### F. Noer-Pennington doctrine

Defendants argue that their conduct may be litigation activity protected under the Noerr-Pennington doctrine. NTG Defendants' Answer ¶ 422; Non-NTG Defendants' Answer ¶ 417. Natural-Immunogenics argues that this is legally insufficient because the Noerr-Pennington doctrine is a negative defense. Mot. at 12. But again, such mislabeling does not require the Court to strike the defense. See Pac. Denal, 2013 WL 3776337, at *6; Enough, 2012 WL 177576, at *3. Therefore, the Court denies Natural-Immunogenics' motion to strike the Noerr-Pennington defense.

### G. Free speech and right to petition

Defendants likewise assert that the California and United States constitutions may bar Natural-Immunogenics' claims. NTG Defendants' Answer ¶ 423; Non-NTG Defendants' Answer ¶ 418. Natural-Immunogenics argues that this is a redundant pleading because the Noerr-Pennington doctrine derives from the First Amendment. But the First Amendment protects conduct outside the scope of the Noerr-Pennington doctrine. Therefore, the defense is not redundant to the extent that it reserves Defendants' ability to assert other rights under the First Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | November 3, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

Furthermore, while the California constitution will not protect Defendants from RICO liability, Defendants may be able to assert other rights under the California constitution. Moreover, Natural-Immunogenics has not shown any prejudice from the defense. Schwarz, 2016 WL 4011716, at *3. Therefore, the Court denies Natural-Immunogenics' motion to strike these defenses.

*H. Res judicata/collateral estoppel*

Defendants argue that Natural-Immunogenics' claims may be barred because it previously raised them in the underlying litigation. NTG Defendants' Answer ¶ 424; Non-NTG Defendants' Answer ¶ 423. This is sufficient to notify Natural-Immunogenics of the defense; Natural-Immunogenics is aware of the previous litigation and aware of how the Defendants may construct a collateral estoppel argument. See Non-NTG Defendants' Opp'n at 6. Although Natural-Immunogenics argues that the prior decisions do not have preclusive effect, at this time the Court is not convinced that prior judgments could never have preclusive effect. Furthermore, Natural-Immunogenics has not demonstrated how it will be prejudiced if this defense remains in Defendants' answers.

Finally, contrary to Plaintiffs arguments, the affirmative defense of estoppel does not require a heightened pleading standard. Some district courts have required that the plaintiff allege each individual element of an estoppel defense. See, e.g., Mattox v. Watson, No. CV 07-5006-RGK RZX, 2007 WL 4200213, at *5, (C.D. Cal. Nov. 15, 2007) (citing Allen v. A.H. Robbins Co., Inc., 752 F.2d 1365, 1371 n. 3 (9th Cir.1985)). These courts relied on a footnote in Allen for the proposition that "[t]he Ninth Circuit has found the affirmative defense of estoppel to be adequately pled only where the defendant had 'allege[d] all the elements.'" Id. (quoting Allen, 752 F.2d at 1371 n. 3) (alterations in original). But Allen concerned whether *plaintiffs* could use equitable estoppel to prevent the *defendant* from raising a statute of limitations defense. 752 F.3d at 1371-72. Therefore, Allen is concerned with the *allegations in a complaint* — not the *affirmative defenses in an answer*. Id. at 171, n.3. Furthermore, the Allen court did not even state that a plaintiff must plead every element of equitable estoppel. Id. Instead it merely held that pleading the elements was sufficient even when the plaintiff had not used the specific term "equitable estoppel." Id. Therefore, the Court follows the majority of district courts that have not applied a heightened pleading standard when a defendant pleads estoppel as an affirmative defense. See, e.g., Schwarz, 2016 WL 4011716 at *7; Vogel v. Linden

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | November 3, 2016 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

Optometry APC, No. CV 13-00295 GAF SHX, 2013 WL 1831686, at *5, (C.D. Cal. Apr. 30, 2013); Pac. Dental Servs., 2013 WL 3776337, at *3.

In sum, the Court denies Natural-Immunogenics' motion to strike the res judicata/collateral estoppel defense.

## CONCLUSION

For the foregoing reasons, the Court **grants** Natural-Immunogenics' motion to strike without leave to amend with respect to the following defenses: statute of limitations, laches, and privilege. The Court **denies** Natural-Immunogenics' motion with respect to all other defenses.

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |