**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
David J. Darnell (SBN 210166)
Ddarnell@callahan-law.com
Stephanie A. Sperber (SBN 230006)
SSperber@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for NEWPORT TRIAL GROUP, SCOTT J. FERRELL, RYAN M. FERRELL, VICTORIA C. KNOWLES, DAVID REID and ANDREW LEE BASLOW

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | CASE NO.  8:15-cv-02034-JVS-JCG<br><br>**DEFENDANTS NEWPORT TRIAL GROUP, SCOTT J. FERRELL, RYAN M. FERRELL, VICTORIA C. KNOWLES, DAVID REID AND ANDREW LEE BASLOW'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT ON THE MALICIOUS PROSECUTION CLAIM**<br><br>Hearing Date:  April 3, 2017<br>Hearing Time:  1:30 p.m.<br>Judge:  Hon. James V. Selna<br><br>Concurrently-Filed Documents:<br>• Statement of Uncontroverted Facts and Conclusions of Law<br>• Request for Judicial Notice<br>• Declaration of Stephanie A. Sperber<br>• [Proposed] Order |

PLEASE TAKE NOTICE that on April 3, 2017, at 1:30 p.m., Defendants Newport Trial Group, Scott Ferrell, Ryan Ferrell, Victoria Knowles, David Reid and Andrew Baslow (the "NTG Defendants") will and hereby do move this Court for summary judgment on the grounds that the malicious prosecution claim that Plaintiff Natural-Immunogenics Corp. ("NIC") asserts has no merit and may be resolved in favor of the NTG Defendants as a matter of law pursuant to Federal Rule of Civil Procedure 56(c).

The NTG Defendants make this motion on the ground that NIC did not receive a "favorable termination" in the underlying litigation and thus cannot prove an essential element of its malicious prosecution claim.

The NTG Defendants base this motion on this Notice of Motion, the attached Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law, the Request for Judicial Notice (with attached exhibits), the accompanying Declaration of Stephanie A. Sperber, the pleadings, papers, and other matters on file in this action, such oral argument as the Court may permit, and any other matters properly before the Court.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on January 23, 2017.

Dated:  March 2, 2017

**CALLAHAN & BLAINE, APLC**

By:  */s/ Stephanie A. Sperber*
Edward Susolik
David J. Darnell
Stephanie A. Sperber
Attorneys for NEWPORT TRIAL GROUP, SCOTT J. FERRELL, RYAN M. FERRELL, VICTORIA C. KNOWLES, DAVID REID and ANDREW LEE BASLOW

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II.  FACTUAL BACKGROUND. .................................................................................. 3

    A.  The Suit Against NIC Was Based On Its False And Misleading Statements That Sovereign Silver Provides Immune Support. ............. 3

    B.  For Two Years, NIC's Counsel, Carlos Negrete, Failed To Pursue Discovery. .................................................................................... 4

    C.  After Two Years Of Litigation, Nilon Sought To Be Relieved From His Duties As Class Representative. ........................................... 5

    D.  After Sandoval Was Appointed Class Representative, NIC's Counsel, Carlos Negrete, Again Failed to Pursue Discovery. .............. 6

    E.  NIC Sought New Counsel Because Of Mr. Negrete's Failure To Prepare NIC's Defense. ................................................................... 7

    F.  NIC's Motion For Summary Judgment Does Not Argue Innocence Or Lack Of Liability. .......................................................... 8

III.  ARGUMENT. ......................................................................................................... 10

    A.  The Court's Prior Denial Of The Anti-SLAPP Motion Is Neither Determinative Nor Admissible When Judging The Merits Of This Motion For Summary Judgment. ................................................ 10

    B.  In Order For The Malicious Prosecution Claim To Survive, This Court Must Find That The Termination Reflected On NIC's Innocence. ..................................................................................... 12

    C.  If This Court Is Left With A "Residue Of Doubt" Regarding The Nature Of The Termination, NIC's Malicious Prosecution Claim Fails. ................................................................................................. 13

    D.  The Fact That Nilon Was Substituted Out As Class Representative Is Irrelevant To The Favorable Termination Analysis. ............................................................................................ 16

    E.  The Court's Dismissal Of The Underlying Lawsuit Was Based On Sandoval's Residency, Which Does Not Reflect On NIC's Innocence Or Lack Of Responsibility. ........................................... 17

IV.  CONCLUSION. ..................................................................................................... 20

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ...................................................................................... 10

*Baddour v. Hart*,
2016 U.S. Dist. LEXIS 11060 (N.D. Cal. Jan. 28, 2016) ................................... 11

*Bailey v. Patterson*,
369 U.S. 31 (1962) ....................................................................................... 16

*Borden v. Gautier*,
2010 U.S. Dist. LEXIS 117738 (E.D. Cal. Oct. 22, 2010) ........................... 12, 13

*Cellotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........................................................................................ 9

*Dibartolomeo v. Jiminez*,
2016 U.S. Dist. LEXIS 87634 (E.D. Cal. July 6, 2016)......................... 11, 12, 13

*Fish v. Watkins*,
298 Fed. Appx. 594 (9th Cir. 2008) ................................................................ 17

*Hayes v. Wal-Mart Stores, Inc.*,
725 F.3d 349 (3rd Cir. 2013).......................................................................... 16

*Johnson v. Mitchell*,
2013 U.S. Dist. LEXIS 68610 (E.D. Cal. May 14, 2013)....................... 11, 12, 14

*Le v. Sunlan Corp.*,
2013 U.S. Dist. LEXIS 150352 (N.D. Cal. Oct. 18, 2013) ................................ 13

*Marsh v. San Diego County*,
432 F. Supp. 2d 1035 (S.D. Cal. 2006) ............................................................ 11

*McCarney v. Ford Motor Co.*,
657 F.2d 230 (8th Cir. 1981) .......................................................................... 17

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page**

*Womack v. County of Amador*,
   551 F. Supp. 2d 1017 (E.D. Cal. 2008) ............................................................. 12, 13

**California Cases**

*Chauncey v. Niems*,
   182 Cal. App. 3d 967 (1986) .............................................................................. 17

*Dalany v. American Pacific Holding Corp.*,
   42 Cal. App. 4th 822 (1996) ........................................................................... 14, 15

*Eells v. Rosenblum*,
   36 Cal. App. 4th 1848 (1995) ............................................................................. 11

*HMS Capital, Inc. v. Lawyers Title Co.*,
   118 Cal. App. 4th 204 (2004) ............................................................................. 11

*Lackner v. LaCroix*,
   25 Cal. 3d 747 (1979) ..................................................................................... 11, 12

*Minasian v. Sapse*,
   80 Cal. App. 3d 823 (1978) ................................................................................ 17

*Robbins v. Blecher*,
   52 Cal. App. 4th 886 (1997) ............................................................................... 13

*Sheldon Appel Co. v. Albert & Oliker*,
   7 Cal. 3d 863, 872 (1989) .................................................................................. 13

*Sierra Club Foundation v. Graham*,
   72 Cal. App. 4th 1135 (1999) ............................................................................. 12

*StaffPro, Inc. v. Elite Show Services, Inc.*,
   136 Cal. App. 4th 1392 (2006) ................................................................... 11, 12, 13

*Villa v. Cole*,
   4 Cal. App. 4th 1327 (1992) ............................................................................... 13

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page**

*Warren v. Wasserman, Comden & Casselman*,

    220 Cal. App. 3d 1297 (1990) ..................................................................... 18


**Other State Cases**

*Bearden v. BellSouth Telcoms, Inc.*,

    29 So. 3d 761 (Miss. 2010) ........................................................................ 17

*Della-Donna v. Nova University, Inc.*,

    512 So. 2d 1051 (Fla. 1987) ...................................................................... 18

*Rowen v. Holiday Pines Prop. Owners' Ass'n*,

    759 So. 2d 13, 16 (Fla. App. 2000) ........................................................... 20


**California Statutes**

Business & Professions Code

    § 17200 ......................................................................................................... 2

California Code of Civil Procedure

    § 425.16(b)(3) ............................................................................................. 10


**Other Authorities**

Federal Rule of Civil Procedure 56(a) ............................................................. 9

Federal Rule of Civil Procedure 56 .................................................................. 9

Federal Rule of Civil Procedure 56(c) .............................................................. 1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

To succeed on its malicious prosecution claim, NIC must prove the underlying class action lawsuit resulted in a favorable termination that (1) reflects on the merits; and (2) demonstrates NIC's innocence or lack of responsibility for the conduct alleged.  The "favorable termination" element is a legal issue for this Court to resolve.  If "there is *a residue of doubt*" as to whether the termination reflected on NIC's innocence, the malicious prosecution claim fails and summary judgment must be granted.

Here, the indisputable facts make plain that Judge Burns' dismissal of the underlying action did not reflect on the merits, going so far as to explicitly rule that class members and NTG could re-assert the claims at a future date.  Specifically, the following facts are indisputable:

- The Court dismissed the underlying litigation because it did not believe Sandoval was a California resident.

- Because the Court did not believe Sandoval was a California resident when he purchased Sovereign Silver, the Court concluded Sandoval was not a member of the class and could not serve as a class representative.

- The Court's decision to dismiss never addressed the causes of action against NIC, much less whether the causes of action had merit.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- The Court did not address the adequacy of Sandoval's evidence regarding (1) his purchase of Sovereign Silver; (2) his reliance on NIC's immune support claim; or (3) his damages.

- The Court did not rule on the procedural argument that was the basis for NIC's Motion for Summary Judgment (*i.e.*, whether Plaintiff should be precluded from presenting evidence).

- The Court made clear that it was not making a determination on the merits and issued its ruling in such a way that would allow class members to file suit against NIC, re-asserting that the immune support claim for Sovereign Silver was false and misleading.

- The Court made clear that the same class action lawsuit could be brought against NIC at a later date.

As a result of the above indisputable facts, NIC admitted the dismissal was not "on the merits," "deprived [it] of a meaningful judgment" and "leaves NIC vulnerable to suit on the same claims at issue in this action." In short, NIC cannot satisfy the favorable termination element because (much more than) "a residue of doubt" exists as to whether the termination (1) reflected on the merits of the underlying action; or (2) demonstrated NIC's innocence or lack of responsibility for the conduct alleged. Accordingly, the Court should grant summary judgment as to NIC's malicious prosecution claim.

2

## II.   FACTUAL BACKGROUND.

### A.   The Suit Against NIC Was Based On Its False And Misleading Statements That Sovereign Silver Provides Immune Support.

On March 5, 2012, Andrew Nilon (represented by NTG) filed a Class Action Complaint against NIC.   (Statement of Undisputed Facts in Support of NTG Defendants' Motion for Summary Judgment ("SOF") ¶ 1.)   The Class Action Complaint asserted claims for Violation of the Consumer Legal Remedies Act, California's False Advertising Law, and Business & Professions Code §§ 17200 *et seq*.   (SOF ¶ 2.)   The factual basis for the Class Action Complaint was that NIC manufactured and sold "Sovereign Silver," a colloidal silver dietary supplement claimed to provide "immune support," but the claim of "immune support" was false and misleading.   (SOF ¶ 3.)

On February 26, 2013, Plaintiff filed a Motion for Class Certification.   (*See* SOF ¶ 4.)   On September 30, 2013, the Court denied the Motion for Class Certification without prejudice, explaining the Complaint needed to fix the "lack of substantiation" allegations.[1]   (SOF ¶ 5.)   Although the Complaint needed to be amended, the Court was not requesting further briefing on the class certification motion and stated it "was inclined to certify."   (SOF ¶ 7.)   The Court understood Plaintiff's claim was "that colloidal silver is snake oil and [NIC] is advertising otherwise."   (SOF ¶ 8.)

On October 15, 2013, Plaintiff filed a First Amended Class Action Complaint. (SOF ¶ 9.)   Because NIC then filed a Motion to Dismiss, the Court delayed ruling on the previously-filed Motion for Class Certification.   (SOF ¶ 10.)   However, on April 15, 2014 (two years after the lawsuit was filed), the Court denied NIC's

---

[1] To the extent the Complaint implied NIC was required to affirmatively prove that Sovereign Silver provides "immune support," the Court ruled that private litigants cannot make this claim.   (SOF ¶ 6.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Motion to Dismiss and granted the Motion for Class Certification with the following class definition:

> All persons located within California who purchased any Sovereign Silver Products either from a retail location or over the internet at any time during the four years preceding the filing of this complaint through the date of trial in this action.

(SOF ¶ 11.)

### B. For Two Years, NIC's Counsel, Carlos Negrete, Failed To Pursue Discovery.

During the first year the lawsuit was pending, NIC's counsel, Carlos Negrete, failed to propound a single discovery request.[2] (SOF ¶ 12.) After the Motion for Class Certification had been filed, Mr. Negrete noticed the depositions of Plaintiff and Plaintiff's expert, Dr. Willis.[3] (SOF ¶¶ 12, 13.)

On May 2, 2013, NIC took Dr. Willis's deposition. (SOF ¶ 15.) Plaintiff's deposition was scheduled for May 22nd. (SOF ¶ 16.) Unfortunately, NTG was forced to cancel Nilon's deposition on the morning of May 22. (SOF ¶ 17.) As appropriate, NTG affirmatively offered to pay the court reporter fee. (*Id.*)

Seemingly in retaliation for Nilon's failure to appear for deposition, Mr. Negrete served deposition notices for NTG attorneys Scott Ferrell and Ryan Ferrell. (SOF ¶ 18.) Obviously, NTG objected to these depositions as invasions of attorney-client privilege and attorney work product. NIC did not move to compel on the NTG depositions nor on the deposition of Andrew Nilon. Mr. Negrete did not

---

[2] In contrast, Plaintiff had propounded 42 requests for production, 25 special interrogatories, and 24 requests for admission.

[3] Dr. Willis had submitted a 10-page declaration with the Motion for Class Certification that discussed Sovereign Silver's inability to provide immune support and potential for causing argyria (skin discoloration). (SOF ¶ 14.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

attempt any further discovery until he noticed Nilon's deposition for May 16, 2014.[4]

## C. After Two Years Of Litigation, Nilon Sought To Be Relieved From His Duties As Class Representative.

When the Class Action Complaint was filed in March 2012, Nilon was "committed to vigorously prosecuting th[e] action on behalf of the Class." (SOF ¶ 19.) In February 2013, Nilon reaffirmed his commitment, explaining that his "main goal is to stop the Defendant from misleading consumers . . . and I want nothing for myself in excess of anything paid to other class members." (SOF ¶ 20.) However, it was another year before the class was certified. (SOF ¶ 11.) By then, Nilon was no longer committed to the litigation and asked to be relieved of his duties as class representative. (SOF ¶ 21.)

Nilon's decision to stop participating in the lawsuit led to the following motions:

- NTG's Motion to Substitute Class Representative;
- NTG's Motion to Withdraw as Counsel for Nilon;
- NIC's Motion to Compel Discovery as to Nilon; and
- NIC's Motion for Sanctions.

NTG informed NIC's counsel that Nilon no longer wanted to serve as the class representative and NTG would seek to substitute a new class representative. (SOF ¶ 22.) NIC objected to Nilon's substitution and filed a Motion to Compel Nilon to appear at deposition, produce the documents requested in the deposition notice, respond to Special Interrogatories, and deem admitted Requests for Admission. (SOF ¶ 23.) NIC's motion was denied as to the written discovery, but

---

[4] On April 29, 2014, Mr. Negrete served a "Second Amended Notice of Deposition." (*See* Exh. 6 to the RJN.) He also claimed he had served a "Second Amended Notice of Deposition" on January 3, 2014. (*See id*.) However, this claim is suspect because there are no communications regarding this deposition (*e.g.*, an cancelling the deposition or complaining about a failure to appear). (*See id*.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

5

granted as to the deposition. (SOF ¶ 24.) Following the Court's Order, NTG attempted to contact Nilon numerous times to ensure he appeared for his deposition. (*See* Exh. 9 the RJN.) NTG's attempts were unsuccessful and led to NTG filing the Motion to Withdraw as Counsel for Nilon. (SOF ¶ 25.) Both the Motion to Withdraw and the Motion to Substitute Class Representative were granted. (SOF ¶ 26.)

### D.   After Sandoval Was Appointed Class Representative, NIC's Counsel, Carlos Negrete, Again Failed to Pursue Discovery.

On August 22, 2014, when the Court granted the Motion to Substitute Class Representative, it stated "the parties are to schedule a deposition of Sandoval forthwith, and Sandoval must also reply promptly and meaningfully to any written discovery." (SOF ¶ 27.) On September 11, 2014, *at Mr. Negrete's request*, the Court modified the Scheduling Order to make clear:

> **Defendant may depose and propound written discovery <u>as to lead plaintiff Sandoval</u> as ordered by Judge Burns**. Accordingly, fact discovery ***<u>as to Sandoval only</u>*** is extended and shall be completed on or before **<u>November 3, 2014.</u>**[5]

(SOF ¶ 28 (emphasis in original).) Yet NIC's counsel, Mr. Negrete, followed the same pattern of sitting on his hands and doing nothing. Specifically, he failed to propound a single written discovery request on Sandoval. (SOF ¶ 30.) Although he noticed Sandoval's deposition for October 24, he canceled that deposition on October 20. (SOF ¶ 31.) Fact discovery closed on November 3, 2014. (SOF ¶ 32.)

---

[5] NTG had offered to have Sandoval respond to the previously-served interrogatories and requests for admission directed at Nilon, but Mr. Negrete rejected that offer. (SOF ¶ 29.)

NTG DEFENDANTS' MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

### E. NIC Sought New Counsel Because Of Mr. Negrete's Failure To Prepare NIC's Defense.

Three years into the lawsuit, NIC sought to replace Mr. Negrete with Emord & Associates. (SOF ¶ 33.) At this stage of the litigation, NTG had conducted written discovery, obtained an Order granting its Motion to Compel Documents, designated 3 medical experts and 1 damages expert, and had a Motion for Terminating Sanctions pending based on NIC's failure to comply with the Order requiring it to produce documents. Moreover, fact discovery was closed and NIC's counsel had failed to conduct any fact discovery.

In support of its motions to substitute counsel and modify the Scheduling Order, NIC admitted Mr. Negrete had failed to conduct discovery:

- NIC's counsel "did not obtain essential discovery";

- "Significant discovery events have not occurred";

- NIC's "prior counsel either failed to perform discovery or deliberately avoided discovery essential to [NIC's] defense";

- "[H]eading toward the trial phase, [NIC] has in its possession almost no testimonial evidence, no fact evidence from the plaintiff, and few substantive discovery responses from the plaintiff"; and

- "[W]ith respect to Plaintiff's deposition-which was required by this Court-the failure to take that deposition, or raise the issue with this Court, was wholly deficient discovery practice."

(SOF ¶¶ 34.) NTG opposed the Motion to Substitute because the case was to be

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

7

ready for trial by June 15, 2015 and NTG wanted to move forward with that trial date. (SOF ¶ 35.)

## F. NIC's Motion For Summary Judgment Does Not Argue Innocence Or Lack Of Liability.

On April 2, 2015, NIC filed a Motion for Summary Judgment. (SOF ¶ 36.) NIC's motion did not argue that the undisputed facts dictated a judgment in NIC's favor. Rather, NIC made a procedural argument, asserting Plaintiff should not be allowed to present evidence because he had failed to respond to written discovery or identify himself as a witness through an amended Rule 26(a) Disclosure. (SOF ¶ 37.) However, as NIC had already admitted, no written discovery was propounded on Sandoval. (SOF ¶ 30.) To the extent NIC argued that Sandoval could not submit testimony because he had not identified himself as a witness through an amended Rule 26(a) Disclosure, the cases simply did not support NIC's argument. NTG opposed the motion, explaining why NIC's procedural arguments lacked merit. (SOF ¶ 38.)

## G. The Court Issued A Tentative Order To Dismiss Because Sandoval Was Not A California Resident.

While NIC's Motion for Summary Judgment was pending, the Court granted NIC's motion to reopen fact discovery to take the deposition of Sandoval. (SOF ¶ 39.) That deposition occurred on April 20, 2015. (SOF ¶ 40.) In response to the second question Mr. Sandoval was asked (prior to admonitions), Mr. Sandoval testified he was a resident of Arizona. (SOF ¶ 41.) NTG did not object to the question or attempt to hide this fact. (SOF ¶ 42.) Sandoval testified that he had moved to Arizona approximately a year earlier (*i.e.*, April 2014), and that his move was after he had signed the NTG retainer agreement. (SOF ¶ 43.)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT

With regard to the allegations against NIC, Sandoval testified that he purchased Sovereign Silver at Sprouts, that he did not keep the receipt[6], that he followed the instructions on the bottle and expected the product to provide "immune support," and that the product was ineffective because he got sick while he was taking the product. (SOF ¶ 44.)

Following the deposition, NIC obtained Sandoval's criminal records and discovered he had been arrested on at least 14 occasions, had been arrested in Arizona in 2012, 2013 and 2014, and that he was on probation and was prohibited from leaving the State of Arizona. (SOF ¶ 45.)

On May 4, 2015, NIC filed its Reply in Support of its Motion for Summary Judgment where it pointed out that Sandoval was not a California resident and had lied about his criminal record. (SOF ¶ 46.) On May 12, 2015, the Court issued a tentative order vacating class certification *without* prejudice and dismissing Sandoval. (SOF ¶ 47.) But the Court's decision was not a determination that NIC was innocent or could not be held liable for the conduct alleged. Rather, the Court was focused on "when, if ever, Sandoval was a California resident." (SOF ¶ 48 (explaining that "Sandoval's deposition testimony raises serious concerns regarding his suitability to serve as class representative").)

A review of the Court's tentative order demonstrates that the merits of the causes of action were not addressed, nor did the Court address any evidence that would be relevant to the causes of action. In fact, the Court refused to "harm the members of the class" because their right "to pursue individual actions with counsel of their choice" needed to be protected. (SOF ¶ 49.) In other words, the Court's decision did not reflect on NIC's innocence or lack of responsibility for the conduct alleged. Clearly, NIC agreed based on the fact that it asked the Court to modify its

---

[6] NIC has repeatedly highlighted that neither Nilon nor Sandoval kept the receipt for their purchase of Sovereign Silver. However, keeping a grocery store receipt would be uncommon behavior.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NTG DEFENDANTS' MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT

order because it "deprived [NIC] of a meaningful judgment," "deprive[d] [NIC] of a judgment on the merits" and left "NIC vulnerable to suit on the same claims at issue." (SOF ¶ 50.)

In light of Sandoval's criminal background and credibility issues, NTG submitted on the Court's tentative order. (SOF ¶ 51.) NTG did not voluntarily dismiss the lawsuit; rather, the Court adopted its tentative ruling and dismissed the case. (SOF ¶ 52.)

## III. ARGUMENT.

Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment [in whole or in part] . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Cellotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judment is appropriate if "there is no genuine dispute as to any material fact." FED. R. CIV. PRO. 56(a). To preclude the entry of summary judgment, NIC must bring forth material facts, *i.e.*, "facts that might affect the outcome of the suit under the governing law. Factual disputes that are irrelevant or unnecessary will not be counted." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of judgment.").

### A. The Court's Prior Denial Of The Anti-SLAPP Motion Is Neither Determinative Nor Admissible When Judging The Merits Of This Motion For Summary Judgment.

In an attempt to prevent summary judgment, NIC may argue that this Court's prior ruling on the NTG Defendants' anti-SLAPP motion is dispositive on whether NIC has sufficient evidence to satisfy the favorable termination requirement. However, the anti-SLAPP statute makes clear that a prior ruling denying a special motion to strike is not evidence and should not be considered in future proceedings.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

10

Specifically, California Code of Civil Procedure § 425.16(b)(3) states:

> If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, **neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case**, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding. (Emphasis added.)

In *Hutton v. Hafif*, the appellate court analyzed the legislative intent behind this provision, finding "[t]he clear and indisputable intent of (b)(3) is to not penalize the SLAPP victim for filing a special motion to end the case early, before any real discovery had been done." 150 Cal. App. 4th 527, 549 (2007).

Excluding from consideration the denial of the NTG Defendants' Special Motion to Strike makes sense because that motion was filed at the outset of this litigation in response to a 112-page First Amended Complaint addressing 8 different lawsuits. Moreover, the NTG Defendants' prior briefing on the "favorable termination" element was only 1 ½ pages. (*See* Dkt 40 at 12:10-13:23.) All of this shows that the Legislature's decision to demand exclusion of anti-SLAPP rulings at later stages of a lawsuit is sound policy.

In contrast to the NTG Defendants' anti-SLAPP briefing, this Motion for Summary Judgment sets forth new issues, specifically pointing out that:

- Favorable termination is a legal question for this Court;

- This Court must make a finding that the termination reflected on NIC's innocence or lack of responsibility for the claim that telling consumers that Sovereign Silver provides "immune support" is false

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

11

and misleading;

- The burden of proof for the favorable termination element is that this Court cannot have a "residue of doubt"; and

- The favorable termination analysis requires this Court to focus on the reason(s) for Judge Burns' dismissal order.

## B. In Order For The Malicious Prosecution Claim To Survive, This Court Must Find That The Termination Reflected On NIC's Innocence.

To succeed on its malicious prosecution claim against the NTG Defendants, NIC must prove the underlying action resulted in a favorable termination. *HMS Capital, Inc. v. Lawyers Title Co.*, 118 Cal. App. 4th 204, 213 (2004). "[I]t is not enough to show that the underlying proceeding was dismissed." *Marsh v. San Diego County*, 432 F. Supp. 2d 1035, 1052 (S.D. Cal. 2006); *Eells v. Rosenblum*, 36 Cal. App. 4th 1848, 1854-55 (1995). "The reasons for the dismissal of the action must be examined to determine whether the termination reflected on the merits." *Eells*, 36 Cal. App. 4th at 1854-55. "If the termination does not relate to the merits . . . the termination is not favorable in the sense that it would support a subsequent action for malicious prosecution." *Lackner v. LaCroix*, 25 Cal. 3d 747, 751 (1979).

"Determination of whether a prior proceeding was terminated on the merits in favor of plaintiff in the malicious prosecution action is *not* a factual matter, but is one for interpretation of law by the court." *Johnson v. Mitchell*, 2013 U.S. Dist. LEXIS 68610, at \*21 (E.D. Cal. May 14, 2013) (emphasis in original); *see also Dibartolomeo v. Jiminez*, 2016 U.S. Dist. LEXIS 87634, at \*7 (E.D. Cal. July 6, 2016) ("The element of favorable termination in a malicious prosecution action is a legal question for the court to decide."); *Baddour v. Hart*, 2016 U.S. Dist. LEXIS

12

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

11060, at *19 (N.D. Cal. Jan. 28, 2016) ("Whether there was a favorable termination is a legal issue for the court to decide."); *StaffPro, Inc. v. Elite Show Services, Inc.*, 136 Cal. App. 4th 1392, 1399 (2006) ("the element of favorable termination . . . is [] a legal question for the court to decide").

In *Johnson*, the court explained the favorable termination element is a "question[] of law for the court regardless of potential, subsidiary factual controversies." 2013 U.S. Dist. LEXIS 68610, at *9-10. As a result, "it will not matter if the parties dispute a number of subsidiary facts, *e.g.*, who engaged in [conduct] in good faith, if this fact is not material to the historical, undisputed, or indisputable, facts relied upon by the court." *Id*.

Importantly, the California Supreme Court has "unanimously held that termination of the underlying action **must reflect on the defendant's innocence**." *Lackner*, 25 Cal. 3d at 750 (emphasis added). In other words, the termination "must reflect the merits of the action **and the plaintiff's innocence** of the misconduct alleged in the lawsuit." *StaffPro, Inc.*, 136 Cal. App. 4th at 1399 (emphasis in original); *Borden v. Gautier*, 2010 U.S. Dist. LEXIS 117738, at *5 (E.D. Cal. Oct. 22, 2010) ("the termination must relate to the merits of the action by reflecting either on the innocence of or lack of responsibility for the misconduct alleged"); *Womack v. County of Amador*, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2008) ("the element of favorable termination . . . 'requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct.'" (quoting *Pattiz v. Minye*, 61 Cal. App. 4th 822, 826 (1998))).

**C.** **If This Court Is Left With A "Residue Of Doubt" Regarding The Nature Of The Termination, NIC's Malicious Prosecution Claim Fails.**

"If resolution of the underlying action **leaves a residue of doubt** about the plaintiff's innocence or liability, it is not a favorable termination sufficient to support a cause of action." *Sierra Club Foundation v. Graham*, 72 Cal. App. 4th

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

13

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1135, 1149 (1999) (citing *Pattiz*, 61 Cal. App. 4th at 827); *see Dibartolomeo*, 2016 U.S. Dist. LEXIS 87634, at *6 ("If the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution."); *Johnson*, 2013 U.S. Dist. LEXIS 68610, at *32 ("if there is a **residue of a doubt** about whether the underlying lawsuit was resolved on its merits, no malicious prosecution claim can be stated") (emphasis in original); *Borden*, 2010 U.S. Dist. LEXIS 117738, at *5 (same); *Womack*, 551 F. Supp. 2d at 1033 (granting summary adjudication "because the termination of the underlying prosecution **leaves some doubt** concerning [plaintiff's] innocence or liability") (emphasis added); *Le v. Sunlan Corp.*, 2013 U.S. Dist. LEXIS 150352, at *16 (N.D. Cal. Oct. 18, 2013) (barring malicious prosecution claim "[b]ecause the circumstances of the voluntary dismissal 'leaves some doubt' as to Plaintiff's innocence or liability"); *StaffPro, Inc.*, 136 Cal. App. 4th at 1399-1400 ("If the resolution of the underlying litigation 'leaves some doubt as to the defendant's innocence or liability, it is *not* a favorable termination"); *Robbins v. Blecher*, 52 Cal. App. 4th 886, 893 (1997) (same); *Villa v. Cole*, 4 Cal. App. 4th 1327, 1335 (1992) (same).

The heightened standard of proof (*i.e.*, no residue of doubt) is consistent with California's policy that malicious prosecution is a disfavored tort. *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 872 (1989). The heightened standard for favorable termination ensures the requirement is strictly enforced. *StaffPro, Inc.*, 136 Cal. App. 4th at 1400 ("favorable termination . . . is strictly enforced"); *see also Dibartolomeo*, 2016 U.S. Dist. LEXIS 87634, at *7 ("Favorable termination 'is an essential element of the tort of malicious prosecution, and it is strictly construed.'").

In *Le v. Sunlan Corp.*, the district court addressed whether plaintiff could satisfy the favorable termination element. 2013 U.S. Dist. LEXIS 150352, at *13-14. The case involved a debt collection where the debt collector voluntarily dismissed plaintiff after the entry of default was vacated and before plaintiff

14

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

answered. *Id*. at \*2-3. Plaintiff argued the voluntary dismissal constituted a favorable termination, but the court opined the voluntary dismissal "could simply indicate [defendant's] view the path to judgment would require more effort than anticipated, and that the judgment was not worth the effort." *Id*. at \*15-16 (finding significant that plaintiff did "not deny responsibility for the debt"). Applying the heightened standard of proof, the district court held no favorable termination "[b]ecause the circumstances of the voluntary dismissal '**leaves some doubt**' as to Plaintiff's innocence or liability," 2013 U.S. Dist. LEXIS 150352, at \*16 (emphasis added).

In *Johnson v. Mitchell*, the district court held that plaintiff could not prove favorable termination because "[t]here is much residue of doubt that the criminal proceedings were *ultimately and finally* terminated *on the merits in favor of plaintiff*." 2013 U.S. Dist. LEXIS 68610, at \*22 (emphasis in original). In that case, defendants caused criminal proceedings to be initiated against plaintiff in Panama because they believed their investment in a real estate project had been embezzled. The district court, after a thorough review of the criminal court's provisional dismissal, could not conclusively determine whether the dismissal reflected on the merits of the action. *Id*, at \*24-32. The court therefore granted summary judgment, applying the rule that "if there is a *residue of a doubt* about whether the underlying action was resolved on the merits, no malicious prosecution claim can be stated." *Id*., at \*32 (emphasis in original); *see also Boren*, 551 F. Supp. 2d at (granting summary judgment "because the termination of the underlying prosecution **leaves some doubt** concerning [plaintiff's] innocence or liability") (emphasis added).

In order for NIC to satisfy the favorable termination element, this Court cannot be left with "a residue of doubt" as to whether the underlying lawsuit was terminated on the merits and reflected on NIC's innocence or lack of responsibility for the conduct alleged.

15

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**D.** **The Fact That Nilon Was Substituted Out As Class Representative Is Irrelevant To The Favorable Termination Analysis.**

To decide whether NIC can satisfy the favorable termination element, the Court must look to the judgment as a whole. *StaffPro, Inc.*, 136 Cal. App. 4th at 1405 (holding that a ruling allowing "partial favorable termination" is inconsistent with the rule that requires a favorable termination in the prior action "as a whole"). This means the interim ruling where Sandoval replaced Nilon as the class representative is irrelevant to the favorable termination analysis. The issue of whether interim rulings could be the basis of a "favorable termination" was addressed in *Dalany v. American Pacific Holding Corp.*, 42 Cal. App. 4th 822 (1996).

In *Dalany*, plaintiff was an owner and former officer of defendant corporation. 42 Cal. App. 4th at 825. Plaintiff filed suit to recover money he had loaned to defendant. *Id.* Defendant cross-complained asserting various breaches of fiduciary duty. *Id.* Plaintiff obtained summary adjudication on some of the claims asserted in Defendant's cross-complaint. *Id.* The parties then agreed to a stipulated judgment whereby plaintiff would receive money on his complaint and defendant would take nothing on its cross-complaint. *Id.* at 826.

Following the stipulated judgment, Plaintiff filed a malicious prosecution action against Defendant, asserting favorable termination had been obtained on the cross-complaint because (1) summary adjudication had been entered on some of the claims; and (2) the case was resolved with a stipulated judgment whereby defendant took nothing on its cross-complaint. *Id.* at 826, 829. The Court held that plaintiff could not prove favorable termination, specifically rejecting plaintiff's argument "that his success in achieving summary adjudication as to some of the causes of action in the cross-complaint prior to the entry of the stipulated judgment gave rise to a favorable termination." *Id.* at 829. The Court explained that interim rulings

16

would only be relevant "for purposes of determining probable cause." *Id.* However, there can be no partial favorable termination. (*Id.* (explaining that "separate consideration of prior theories of claims is not appropriate with respect to the element of favorable termination"). Consideration of separate claims is only relevant to the probable cause analysis.

Likewise, this Court must look to the final resolution of the underlying litigation (*i.e.*, the Court's order dismissing the lawsuit against NIC) to determine whether NIC can satisfy the favorable termination requirement.

### E. The Court's Dismissal Of The Underlying Lawsuit Was Based On Sandoval's Residency, Which Does Not Reflect On NIC's Innocence Or Lack Of Responsibility.

On May 12, 2015, Judge Burns issued an "Order Tentatively Vacating Class Certification and Dismissing Case Without Prejudice." (SOF ¶ 47.) That Order makes no mention of NIC's Motion for Summary Judgment. That Order makes no mention of NIC's argument that Plaintiff should be precluded from presenting evidence. That Order makes no mention of the causes of action asserted against NIC. That Order makes no mention of NIC's innocence or lack of responsibility for the conduct alleged except to say "members of the class will be free to pursue individual actions" against NIC. (SOF ¶ 48.) In other words, Judge Burns' Order terminating the underlying litigation did not (1) reflect on the merits; or (2) demonstrate NIC's innocence or lack of responsibility for the conduct alleged.

A careful review of Judge Burns' tentative order makes clear that it is a *sua sponte* ruling that Sandoval lacked standing. Specifically, the Court determined that "Sandoval wasn't 'located within California' and therefore wasn't a member of the class he purported to represent." The Court explained that "[a] class representative 'cannot represent a class of whom they are not a part.'" In the Order, Judge Burns cited *Bailey v. Patterson*, 369 U.S. 31 (1962) and *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349 (3rd Cir. 2013), to support the proposition that Sandoval "can't serve

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

17

as lead plaintiff." Judge Burns concluded that as a result of Sandoval's inability to serve as lead plaintiff and NTG's inability "to find a qualified class representative," "the Court believes that it is in the best interest of class members to vacate certification and dismiss this case without prejudice."

The ultimate proof that Judge Burns' dismissal did not reflect on the merits is found in NIC's response to the tentative order. Specifically, NIC made the following complaints:

- "[N]othing prevents Plaintiff's counsel from simply refiling this action on behalf of another so-called class representative";

- "NIC has been deprived of a meaningful judgment";

- "The Tentative Ruling deprives [NIC] of a judgment on the merits, and leaves open the possibility of redundant litigation"; and

- "NIC must prepare to defend against the same claims in the future under the Tentative Order."

Judge Burns acknowledged NIC's complaints, but refused to issue a different order that would have qualified as a favorable termination for purposes of a later malicious prosecution case.

When a class representative is not a member of the class, he lacks standing. *Hayes*, 725 F.3d at 354. Courts have held that this lack of standing is a jurisdictional defect. *Id.* at 361 n.12 (noting that if the class representative "does not have standing, then the court lacks jurisdiction over the case and it must be dismissed"); *see also McCarney v. Ford Motor Co.*, 657 F.2d 230 (8th Cir. 1981) (analyzing cases throughout the country that made clear "a dismissal for lack of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

18

standing is a dismissal for lack of jurisdiction").

California law is clear that "dismissal for lack of jurisdiction [does] not reflect any conclusion about the merits" and cannot qualify as a favorable termination for purposes of a malicious prosecution action. *Chauncey v. Niems*, 182 Cal. App. 3d 967, 977 (1986) (citing *Ferraris v. Levy*, 223 Cal. App. 2d 408, 411 (1963)); *see Fish v. Watkins*, 298 Fed. Appx. 594, 597 (9th Cir. 2008) (holding summary judgment proper because "the underlying dispute was dismissed on a purely technical matter" where "court's opinion is more logically read as dismissing claims . . . for a lack of jurisdiction"); *Minasian v. Sapse*, 80 Cal. App. 3d 823, 827 (1978) (explaining that a dismissal for lack of jurisdiction "not only is not on the merits, it is unreflective of the merits; neither the judgment of the court nor that of the prosecuting party . . . is implicated in the dismissal"). *See also Bearden v. BellSouth Telcoms, Inc.*, 29 So. 3d 761, 766 (Miss. 2010) (concluding no favorable termination where underlying case dismissed for lack of jurisdiction and finding other state court's holdings in accord).

Malicious prosecution claims arising out of class action dismissals (like the instant case) have also found no favorable termination. For example, in *Della-Donna v. Nova University, Inc.*, the Florida Court of Appeal was confronted with a malicious prosecution action premised on an underlying class action lawsuit that was dismissed because the class representative lacked standing. 512 So. 2d 1051 (Fla. 1987). The court held that "[a]lthough [the] class action was dismissed with prejudice because [the class representative] lacked standing to bring the suit, such a dismissal . . . is clearly '*not* inconsistent with the guilt' of [defendant] and accordingly 'does not constitute a favorable termination.'" 512 So. 2d at 1057. In *Rowen v. Holiday Pines Prop. Owners' Ass'n*, the Florida appellate court re-affirmed the decision in *Della-Donna*, explaining that "[d]ismissal of a class action suit for lack of standing does not qualify as a 'bona fide termination' . . . because the lawsuit might later be brought by a plaintiff who better qualifies as a class

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

19

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

representative." 759 So. 2d 13, 16 (Fla. App. 2000).

Here, it is indisputable that Judge Burns dismissed the underlying action due to Sandoval's lack of residency, which does not reflect on the merits of the action nor demonstrate NIC's innocence or lack of responsibility for the conduct alleged. Accordingly, NIC cannot prove "favorable termination" as required for purposes of a malicious prosecution claim.

## IV. CONCLUSION.

NIC's claim for malicious prosecution fails because NIC cannot demonstrate (without a residue of doubt) that the underlying action resulted in a favorable termination that (1) reflected on the merits; and (2) demonstrated NIC's innocence or lack of responsibility for the conduct alleged. The Court should therefore find that NIC cannot satisfy the favorable termination element required to prove a malicious prosecution claim and enter summary judgment in favor of the NTG Defendants.

Dated: March 2, 2017

**CALLAHAN & BLAINE, APLC**

By: _/s/ Stephanie A. Sperber_
Edward Susolik
David J. Darnell
Stephanie A. Sperber
Attorneys for NEWPORT TRIAL GROUP, SCOTT J. FERRELL, RYAN M. FERRELL, VICTORIA C. KNOWLES, DAVID REID and ANDREW LEE BASLOW

C:\Users\jnichols\Desktop\FINAL Motion for Summary Adjudication (Malicious Prosecution Claim)-53723.docxSHEL

20