Brendan M. Ford (SBN 224333)
bford@FordDiulio.com
Kristopher P. Diulio (SBN 229399)
kdiulio@FordDiulio.com
Tyler E. Sanchez (SBN 299131)
tsanchez@FordDiulio.com
FORD & DIULIO PC
695 Town Center Drive, Suite 700
Costa Mesa, California 92626
Telephone: (714) 384-5540
Facsimile: (844) 437-7201

Attorneys for Non-Party HEIDI FRANCO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGEPLAINTIFFS CORP.,<br><br>Plaintiff,<br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | Case No. 8:15-cv-02034-JVS (JCG)<br><br>**NON-PARTY HEIDI FRANCO'S OBJECTION TO SPECIAL MASTER'S ORDER GRANTING ATTORNEY'S FEES**<br><br>Judge: Hon. James V. Selna<br>Magistrate: Hon. Jay C. Ghandi<br>Special Master: Hon. Rosalyn Chapman<br><br>Fact Discovery Cut-off: Aug. 21, 2017<br>Expert Discovery Cut-off: Aug. 14, 2017<br>Pretrial Conf. Date: November 20, 2017<br>Trial Date: December 5, 2017 |

PLEASE TAKE NOTICE that Non-Party Heidi Franco ("Franco") objects to Special Master Hon. Rosalyn Chapman's March 6, 2017 Order Granting Attorney's Fees against Franco. Dkt. 235. Exhibit A.

For all of the reasons stated in Non-NTG's Opposition below Franco respectfully requests that this Court overrule the Special Master's Order granting attorney's fees.

## I. INTRODUCTION

Heidi Franco, a non-party, resides in California. This case is filed in the Central District of California regarding litigation conduct in California by a California based trial group and California plaintiffs. Plaintiff served a Subpoena, issued from the Central District of California, to obtain Franco's phone records from Tracfone Wireless, Inc. ("Tracfone"), a wireless provider located in Florida. The requests were overly broad and invasive to Franco's privacy because the Subpoena requested "all documents sufficient to show the date, time, originating and receiving telephone number, and duration (e.g., telephone call logs or call histories) for all incoming and outgoing calls associated with the telephone number (619) 952-9832 for the period covering September 1, 2013 through June 30, 2014."

Heidi Franco is the actual real person in interest regarding Plaintiff's attempt to obtain her phone records. Tracfone is simply the custodian of such records and has no interest affected by production of such records. Tracfone made such disinterest in this dispute clear to Franco's counsel, Brendan Ford. Tracfone stated to Mr. Ford that it would not oppose a Motion to Quash being brought in the Central District of California. Thus, in the interest of a "just, speedy, and inexpensive determination" of a discovery dispute, Franco brought her discovery motion to the discovery Special Master assigned specifically to efficiently and effectively decide discovery disputes in this case.

Special Master Chapman disagreed with Franco's position that the Subpoena was overbroad and violative of this Court July 20, 2016, Order Clarifying

Discovery. Dkt. 155. Master Chapman also disagreed with Franco bringing the Motion to Quash in this District because of the 2013 Amendments to Rule 45. Franco asserted a well-intentioned interpretation of Rule 45 and the spirit of the 2013 Amendments' purpose to protect local non-parties from having to protect their interests in far away venues. Despite no case law supporting the imposition of attorney's fees for such conduct, Master Chapman imposed attorney's fees on Brendan Ford for bringing the Motion to Quash in the Central District of California. This is patently unfair and unsupported at law.

Franco respectfully requests that the Court overrule Special Master Chapman's Order Granting Attorney's Fees. If the Court finds that attorney's fees are warranted, Franco requests that the Court significantly reduce Plaintiff's requested fees.

## II. **LEGAL STANDARD**

Under Rule 53(f), the Court, "must decide de novo all objections to findings of fact…" Fed.R.Civ.P. 53(f)(3). Similarly, the Court "must decide de novo all objections to conclusions of law made or recommended by a master Fed.R.Civ.P. 53(f)(4). Further, the Court's January 23, 2017, Order Appointing Special Master states that "the Court shall conduct a de novo review of the findings of fact and/or law of the Special Master's order, report or recommendation upon the timely objection by any Party." Dkt. 223 at ¶ 14. The Court "may set aside a master's ruling on a procedural matter only for an abuse of discretion."

As the objections presented here are regarding findings of law and fact, the Court reviews the Special Master's findings de novo.

## III. **ARGUMENT**

### a. **Franco Was Substantially Justified In Bringing Her Motion To Quash In This Court**

Rule 45(d)(3) provides that a motion to quash should be brought in the district where compliance is required. Fed.R.Civ.P. 45(d)(3)(A)(iii) The 2013

Amendments, changing the venue from the court where the issue was pending to the court where compliance is required, were made to protect local nonparties. The Advisory Committee Notes on the 2013 Amendments notes that, "the prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed.R.Civ.P.45 advisory committee's note 2013 amend.

At least one court in the 9th Circuit has determined that, although motions to quash should be brought in compliance with Rule 45, they can be heard by the issuing court under Rule 26. In *Angioscore, Inc. v. TriReme Med., Inc.,* 2014 WL 6706873 (N.D. Cal. Nov. 15, 2014), the subpoenas were issued in the Northern District of California to a non-party located in Colorado. All parties consented to the issue being adjudicated in the Northern District of California. The court found that, "Plaintiff and its parent could have easily avoided this situation by moving to quash the subpoena in the proper district in the first instance, or re-filing their motion to quash in the proper district…the court will not require them to do so now." *Angioscore* at *7. The court, while counseling the parties for bringing the motion where the action was pending instead of the court where compliance was required, found that the court where the action was pending still had jurisdiction to decide the matter because it has "the right and responsibility to control the broad outline of discovery." *Id.* at *8 (internal citation and quotation marks omitted).

Similar to *Angioscore*, the subpoenaed party here, Tracfone, consented to have the motion to quash adjudicated in the Central District of California, where the case was pending, instead of in the Southern District of Florida, where compliance was required. Also, in this case, the Court has seen fit to appoint a special master to deal with discovery issues. Thus, it is with substantial justification that Franco, a local non-party affected by the Subpoena, sought to have a *discovery issue* adjudicated in the district where the action was pending in front of the appointed discovery Special Master. The Special Master, therefore, had jurisdiction to decide the dispute to control the "broad outline of discovery."

Further, the issue before the Court is one of first impression. Despite extensive research, Franco was unable to find any cases matching the issue presented here. The 2013 Amendments to Rule 45 were made to protect non-parties from having to protect their rights and interests in faraway venues. The cases dealing with amendments all involve the actual entity being subpoenaed.

Here, however, the subpoenaed party is merely a custodian of records for the true non-party affected by the Subpoena. Tracfone's interests or rights are not affected by the Subpoena. Further, Tracfone has no reason to object to the subpoena on Ms. Franco's behalf. Thus, the real party in interest, whose rights and interests are affected by the Subpoena, is Ms. Franco, who is a California resident. It would be unfair and violative of the spirit of Rule 45 to require Ms. Franco to fly out to Florida, find local counsel, and obtain *pro hac vice* to open a miscellaneous action to have the Motion transferred back to the Central District of California under Rule 45(f).

Further, having the Motion to Quash heard with similar motions in the same district with the same judge ensures a "just, speedy, and inexpensive determination" of discovery disputes. Filing the Motion in the Central District reduces costs and the chance of inconsistent rulings compared to filing in the Southern District of Florida. As this is a case of first impression and was compliant with the purpose of Rule 45, Franco had substantial justification to file her Motion to Quash in the Central District of California.

    b. **Attorney's Fees Against Counsel For Heidi Franco Are Unjustified**

Federal Rules of Civil Procedure Rule 37(a)(5) allows for the recovery of reasonable expenses, including attorney fees, when a discovery motion is denied, stating:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(B). The purpose of such rule is to deter *abuses* of discovery.

Here, no such abuse has occurred to support a finding of an award of attorney's fees. As stated above, Franco had substantial justification for bringing her motion in the Central District of California. First, Franco's issue is one of first impression and she brought the Motion in the Central District in a good faith attempt to have a "just, speedy, and inexpensive" resolution of the matter. Second, she is the actual real party in interest affected by the Subpoena and her filing the Motion in the Central District of California is compliant with the purpose of Rule 45. Third, there is no case law to support a finding of attorney's fees for filing a motion to quash in an improper venue under the 2013 Rule 45 Amendments.

The cases that have dealt with the 2013 Amendments to Rule 45 regarding proper venue for a motion to quash have not imposed attorney's fees to the prevailing party. Rather, the *Angioscore* court determined that, despite the improper filing, the court still had the ability to hear the motion. Further, in the case of *Agincourt Gaming, LLC v. Zynga, Inc.*, 2014 U.S. Dist. LEXIS 114348, at *12-14 (D. Nev. Aug. 15, 2014), the court utilized 28 U.S.C. § 1631 to transfer a motion to quash from the court where the action was pending to the court where compliance was required. The court in *Agincourt* stated that the "court finds that it is proper to transfer that aspect of the pending motions to the Northern District of California pursuant to Section 1631 rather than dismissing them. The Court may rely

Case 8:15-cv-02034-JVS-JCG Document 243 Filed 03/14/17 Page 7 of 9 Page ID #:9307

on Section 1631 to transfer a matter when doing so is in the interest of justice. Moreover, the Ninth Circuit has indicated that it is generally in the interest of justice to transfer an action rather than dismissing it." *Agincourt* at *13. Neither court addressed attorney's fees in their decision.

Here, the Special Master could have simply heard the Motion under the authority established in *Angioscore* or transferred the Motion to the Southern District of Florida, where compliance is required, under the precedent of *Agincourt*. As there are multiple viable alternatives to dismissing Franco's Motion and ordering attorney's fees, the Court should overturn the Special Master's Order Granting Attorney's Fees.

    c. **If The Court Finds Attorney's Fees Are Justified Here, It Should Reduce Plaintiff's Fanciful Request For Nearly $7,000 In Attorney's Fees**

Should the Court find that the imposition of attorney's fees are justified here, the Court should significantly reduce Plaintiff's requested attorney's fees. At oral argument, Special Master Chapman stated that the award of attorney's fees should only be for the portion that Plaintiff prepared in opposition to Franco's Motion to Quash in regards to the Rule 45 material only. *See* Transcript of Proceedings Before Special Master Hon. Rosalyn Chapman, dated March 6, 2017, attached as Exhibit B, at pg. 59:4-12. Plaintiff has requested $6,413.75 related to briefing and $250.00 related to preparation for oral argument. In total, Plaintiff seeks $6,663.75 in attorney's fees. A true and correct copy of an email from Joshua Furman to Brendan Ford, dated March 9, 2017, is attached as Exhibit C.

To justify such expenses, Plaintiff would have had to work nearly 17 hours at $400.00 per hour; 19 hours at $350.00 per hour; or 22 hours at $300.00 per hour. Plaintiff's argument regarding the Rule 45 jurisdiction issue totaled less than 3 pages in a Joint Stipulation. Dkt. 207. A true and correct copy of the Joint Stipulation is attached as Exhibit D. Much of the argument regarding Rule 45

NON-PARTY FRANCO'S OBJECTION TO SPECIAL MASTER'S ORDER

jurisdiction is substantially similar to Plaintiff's portion of the Joint Stipulation in the NTG Defendants Motion for Protective Order Enforcing July 20, 2016 Order Limiting Discovery or, in the Alternative, Motion to Quash Subpoena to Tracfone Wireless, Inc. Dkt. 206. A true and correct copy of the Joint Stipulation is attached as Exhibit E. Thus, the requested attorney's fees are unjustified and the Court should significantly reduce the amount.

## IV. CONCLUSION

Based on the foregoing, Non-Party Heidi Franco respectfully requests that the Court overrule Special Master Chapman's Order Granting Attorney's Fees.

DATED: March 14, 2017

FORD & DIULIO PC

By:  /s/ Brendan M. Ford
Brendan M. Ford
Kristopher P. Diulio
Tyler E. Sanchez
Attorneys for Non-Party Heidi Franco

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2017, I electronically filed the foregoing **NON-PARTY HEIDI FRANCO'S OBJECTION TO SPECIAL MASTER'S ORDER GRANTING ATTORNEY'S FEES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

　　　　　　　　　　　　　　　　*/s/ Brendan M. Ford*
　　　　　　　　　　　　　　　　Brendan M. Ford