Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
EMORD & ASSOCIATES, P.C.
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | Case No. 8:15-cv-02034-JVS (JCG) <br><br> **DECLARATION OF BENJAMIN QUINTO IN SUPPORT OF PLAINTIFF'S OPPOSITION TO PARTIAL MOTION FOR SUMMARY JUDGMENT** <br><br><br> Judge: Hon. James V. Selna |

## DECLARATION OF BENJAMIN QUINTO

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1.     I, Benjamin Quinto, am over the age of 18 and competent to testify to the information below.  All matters contained herein are of my own personal knowledge unless stated as based upon information and belief.

2.     I am the General Manager of Natural Immunogenics Corp. ("NIC"), the plaintiff in this case.  I have personal knowledge of NIC's manufacturing and shipping policies and practices.

3.      NIC was the defendant in *Andrew Nilon v. Natural-Immunogenics Corp.*, Case No. 3:12-cv-00930-LAB-BGS (S.D. Cal.) ("*Nilon v. NIC*").  In that case, Giovanni Sandoval was named as Class Representative in the Second Amended Complaint filed by the Newport Trial Group.  *See Nilon v. NIC*, Dkt. No. 63.  In that case, Giovanni Sandoval never produced documentary evidence that he purchased the Sovereign Silver product, nor did he produce the Sovereign Silver bottle he purportedly purchased.

4.      NIC maintains manufacturing and shipping records in the ordinary course of business.  Manufacturing records are also required to be maintained under federal laws governing Good Manufacturing Practices (GMPs) enforced by the Federal Food and Drug Administration (FDA).

5.      I reviewed Defendant Giovanni Sandoval's response to Interrogatory No. 11 served in this case, which NIC served on July 25, 2016.  By and through Interrogatory No. 11, NIC asked Sandoval to "[i]dentify all purchases that [he] made of the Natural Immunogenics' Sovereign Silver product…"

6.      In response to Interrogatory No. 11, Giovanni Sandoval identified one purchase of the NIC Sovereign Silver product:

> Sovereign Silver, Bio-Active Silver Hydrosol, 2 fl. oz. size bottle, UPC number 684088232364, Lot code CC091S, expiration date 02/2017.  [Sandoval] purchased this product in or around November of 2013 at Sprouts in El Cajon, California, at Second Street and East Main Street.  [Sandoval] paid with cash, approximately $10-$15.

Defendant Sandoval also referenced similar statements made under oath at his deposition on January 28, 2016, wherein he also testified to having purchased the NIC product just once in November 2013.  Attached hereto as **Exhibit 1** is a true and correct copy of Sandoval's July 25, 2016 Interrogatory Responses.

7.      I have reviewed the images of Mr. Sandoval's bottle that were produced by Sandoval in discovery, which are stamped SANDOVAL00001-

00004.  Attached hereto as **Exhibit 2** is a true and correct copy of the images of Mr. Sandoval's bottle produced in discovery.

8.      All of NIC's bottles (including Sandoval's) include a UPC bar code, a "Lot" number, and an expiration date imprinting on the labeling itself.

9.      The "Lot" number allows NIC to track the bottle to a specific batch of product produced at NIC's manufacturing facility.  The Lot number is an identification number assigned by NIC to a given batch or group of product manufactured during a single run.  NIC maintains a system of Lot tracking that permits the company to identify the precise date upon which a given Lot was shipped to distributors or retail stores.

10.      The "expiration date" indicates the manufacturing date of NIC's product.  NIC's expiration date system tracks three years from the date of manufacture, and the expiration date is imprinted automatically on each label during the manufacturing process.  Products are given a three-year date tracking forward from the date of manufacture.

11.      Sandoval's bottle was imprinted with an expiration date of 02/2017, meaning that his bottle was manufactured in February of 2014—already four months after Sandoval claims to have purchased his bottle.

12.      Sandoval's bottle was imprinted with a Lot Code of "CC091S."  NIC correlated that Lot Code with shipping records pertaining to the Sprouts Farmers Market Store 202 located in El Cajon, California (the location Sandoval purportedly purchased his product).  NIC's shipping records concerning that Lot Number indicate that Sandoval's bottle was first shipped to California from NIC's Florida facility on April 16, 2014.

13.      With shipping and transit times, and Sprouts' inventory and shelving policies concerning the NIC product, Sandoval could not have purchased his bottle before the end of April 2014.  Because Sprouts requires older product to first sell through before shelving new product, and based on Sprouts No. 202 ordering

history with NIC, Sandoval very likely could not have acquired his bottle of the Lot CC091S Sovereign Silver product until at least May 2014.

14.    Giovanni Sandoval's response to Interrogatory No. 11, wherein he claims to have purchased the product "in or around November of 2013" is demonstrably false.  Based on records produced by NIC in discovery, and the documents produced by Sandoval himself, Sandoval could not have purchased his bottle of the NIC Sovereign Silver product until May 2014 at the earliest.  Sandoval could not have possibly purchased his bottle in November 2013 because the bottle was not actually manufactured until February 2014, and NIC first shipped that bottle to California in the middle of April 2014.

15.    **EXHIBIT 3** is a true and correct copy of NIC's Lot Tracking Reports for the lot No. that Sandoval purchased.  Those reports include all bottles of that lot sent to customers.  Unresponsive report entries for NIC's other customers are redacted.

16.    **EXHIBIT 4** is a true and correct copy of NIC's Order Confirmation which demonstrates the date NIC entered the Sprouts order.

17.    **EXHIBIT 5** is a true and correct copy of the Invoice for the order, which NIC created when the order ships.

18.    **EXHIBIT 6** is a true and correct copy of the Packaging Slip that accompanied the shipment to Sprouts.  In this case, the packing slip was dated April 16, 2014, which indicates that Sandoval's bottle was among a shipment sent from NIC's Florida facility to the El Cajon, California Sprouts Store No. 202 on April 16, 2014.  NIC shipped 9 bottles of the CC091S product to Sprouts No. 202 on that date.  No other Lot CC091S products were available for purchase in Sprouts No. 202 before late April 2014.

DECLARATION OF BENJAMIN QUINTO
4

Executed on this 14th day of March, 2017.

_____
Benjamin Quinto