# EXHIBIT 11

NIC Exhs.
Page 68

Gillian L. Wade, Esq. (SBN 229124)
gwade@majfw.com
Mayo Makarczyk (SBN 203035)
mmakarczyk@majfw.com
Sara D. Avila, Esq. (SBN 263213)
savila@majfw.com
Marc Castaneda (SBN 299001)
mcastaneda@majfw.com
MILSTEIN ADELMAN JACKSON
FAIRCHILD & WADE, LLP
10250 Constellation Blvd., Suite 1400
Los Angeles, CA 90067
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

*Attorneys for Defendants Andrew Nilon,
Sam Pfleg, Matthew Dronkers,
Taylor Demulder, Sam Schoonover, and
Giovanni Sandoval*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants | Case No. 8:15-cv-02034-JVS-JCG<br><br>**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION** |

PROPOUNDING PARTY:     PLAINTIFF NATURAL IMMUNOGENICS CORP.

RESPONDING PARTY:     DEFENDANT ANDREW NILON

SET NUMBER:     ONE (1)

1

NIC Exhs.
Page 69

NIC Opp. to MSJ
Exh. 11

Respondent DEFENDANT ANDREW NILON ("Defendant/ Nilon"), by and through his counsel of record, respectfully submits these responses and objections to NATURAL-IMMUNOGENICS CORP.'s ("Plaintiff/ NIC") document requests, dated June 7, 2016 ("Requests"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), as follows:

## GENERAL OBJECTIONS

1. Defendant has responded to these Requests to the best of his present ability. However, discovery, investigation, and trial preparation in this matter have not been completed, and will continue as long as permitted by statute or stipulation. Although Defendant has conducted a diligent search and reasonable inquiry to comply with the Requests, as more expressly detailed below, Defendant anticipates that, in the course of further investigation and discovery, additional information may be obtained and/ or discovered that might affect the responses provided herein. Even so, the following responses to NIC's Requests are without prejudice to, and with the express reservation of, Defendant's right to introduce documents or information discovered or deemed responsive up to and through the date of trial. Defendant undertakes no duty to supplement these responses, except as expressly set forth below or as required by the Federal Rules of Civil Procedure.

2. Defendant objects to each request, definition, and instruction contained in the Requests to the extent that any request, definition, or instruction contains inaccurate, incomplete, or misleading descriptions of facts, persons, or events underlying this action.

3. Defendant objects to the Requests to the extent they call for the disclosure of privileged information or communications, or information or communications otherwise protected from disclosure, including, without limitation, information that was prepared, generated, or received in anticipation of litigation, information that constitutes attorney work-product, or information that is protected by the attorney-client privilege, or any other applicable privilege, rule of

2

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable.

4.    Defendant objects to the Requests to the extent they purport to impose obligations that are greater than or inconsistent with those set forth in the Federal Rules of Civil Procedure.

5.    Defendant objects to the Requests to the extent they purport to require Defendant to produce documents that are in the possession, custody, or control of any person or entity other than Defendant. In responding to the Requests, Defendant will search for documents only in those locations and from those individuals that may reasonably be expected to have responsive documents in their possession.

6.    Defendant objects to any question calling for the creation, compilation, authorship, drafting, or preparation of documents that are not already in existence. "For document production requests, responding parties must produce documents which are in their possession, custody or control." *Harris v. Advance Am. Cash Advance Ctrs., Inc.*, 288 F.R.D. 170, 170 (S.D. Ohio 2012). "Rule 34 requires a party to produce documents that already exist a party does not have to create a docments in response to a request for production." *Id.* (collecting cases). "It is well-settled that a responding party's obligations under Rule 34 do not extend to non-existent materials." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-1644, 2010 WL 502721, at *4 (D. Colo Feb. 8, 2010); *Alexander v. Fed. Bureau of Investigation*, 194 F.R.D. 439, 485 (S.D. Cal. 2012) (same).

7.    Defendant objects to the Interrogatories to the extent they seek information that is publicly available or has already been furnished to Natural-Immunogenics Corp. in the present case[1] and/or in the lawsuit *Nilon v. Natural-*

---

[1] The terms "the present case" and "the instant case" as used herein and throughout Defendant's responses shall refer to the above-captioned case, *Natural-*

3

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

*Immunogenics Corp.*, No. 3:12-cv-0930-LAB-BGS (S.D. Cal.) (defined in the Interrogatories as "your lawsuit"). For ease of reference, Defendant will refer to that lawsuit as the "Nilon v. NIC lawsuit" or "Defendant's underlying lawsuit" in the Interrogatories below.

8.   Defendant objects to the Requests to the extent they purport to require Defendant to produce documents that are neither relevant to the subject matter of this action, nor proportional to the needs of the case.

9.   Defendant objects to the Requests to the extent they are: vague; ambiguous; unduly burdensome; overly broad; oppressive; not susceptible to a reasoned interpretation; misleading; and/or cumulative or duplicative.

10.   Defendant objects to the Definitions contained in the Requests— including without limitation the Requests' stated Definitions for "concerning," "pertaining to," "communication," and "document"—to the extent they are overly broad and unduly burdensome.

11.   Defendant objects to the instructions contained in the Requests on grounds they attempt to impose greater obligations than those imposed by the Federal Rules of Civil Procedure, including Rule 26 and Rule 34. Defendant will provide responses consistent with the Rules when the Instructions and Definitions deviate from the Rules.

12.   Defendant objects to the extent the Requests call for documents outside the scope of permissible discovery, which is limited to specific prior suits alleged in the Second Amended Complaint. See ECF No. 151-1 at 7:10–8:4 (transcript for May 9, 2016 Scheduling Conference) and ECF No. 155 (Court's Order Clarifying Discovery Plan).

---

*Immunogenics Corp. v. Newport Trial Group, PC, et al.*, Case No. 8:15-cv-02034 (C.D. Cal.).

4

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

NIC Exhs.
Page 73

13.    Nothing contained in any response herein shall be deemed to be an admission, concession, or waiver by Defendant.

14.    Any inadvertent production of any privileged information shall not be deemed or construed as a waiver of any privilege or right of Defendant, and Defendant reserves his right to demand that Plaintiff return any such privileged information.

15.    An undertaking to produce responsive documents should not be construed as a confirmation that said documents exist. Rather, such a representation means Defendant will search for, and, if they exist, produce responsive documents, subject to the objections set forth herein.

16.    All objections as to the relevance, authenticity, or admissibility of any document or documents produced are expressly reserved by Defendant. Defendant does not, by its response to any Request, admit to the admissibility, accuracy, or validity of any document (other than authenticity as stipulated by the parties).

17.    Defendant objects to the Requests on the grounds discovery is ongoing and Defendant reserves the right to assert additional objections, as appropriate, and to amend or supplement these objections and responses as appropriate.

18.    Defendant's objections and responses are based on his understanding or interpretation of NIC's Requests and the language used therein. To the extent NIC challenges those interpretations, or to the extent Defendant derives a different understanding or interpretation of the language used, Defendant reserves the right to supplement any of these objections or responses accordingly.

19.    Defendant's attempted answers to vague or ambiguous Requests, notwithstanding the objectionable nature of those questions, is offered as an accommodation and in an effort to avoid unnecessary disputes. Defendant's willingness to provide information despite the objectionable nature of such inquiries should not be construed as a waiver of Defendant's objections or an

5

NIC Opp. to MSJ
Exh. 11

admission that such requests are properly stated.

20.   The foregoing General Objections shall be considered as made, to the extent applicable, in response to each of the Requests, as if the objections were fully set forth in each such response.

## REQUESTS FOR PRODUCTION AND RESPONSES THERETO

### REQUEST FOR PRODUCTION NO. 1:

Produce all documents evidencing that you communicated with NTG before March 5, 2012.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is overbroad as to time and scope. Defendant further objects on grounds this Request is vague and ambiguous as to the terms "evidencing" and "communicated" because the information sought is not necessarily the type that can be evidenced in a document. Defendant further objects to the extent that the information Plaintiff seeks is not necessarily available as a document. Defendant further objects on grounds this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as not seeking such documents. Defendant further objects on grounds this Request seeks information not relevant to any party's claim or defense, nor "proportional to the needs of the case, considering the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Defendant further objects to the extent

6

NIC Opp. to MSJ
Exh. 11

this Request calls for documents outside the scope of permissible discovery, which is limited to specific prior suits alleged in the Second Amended Complaint. See ECF No. 151-1 at 7:10–8:4 (transcript for May 9, 2016 Scheduling Conference) and ECF No. 155 (Court's Order Clarifying Discovery Plan). Additionally, as drafted, this Request is duplicative of Request Nos. 2, 5, 6, 7, 8, 11 and 12.

Subject to and without waiving these objections, and without waiving Defendant's right to amend or supplement his response, Defendant responds as follows:

Defendant will not produce any documents responsive to this Request on the basis such documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Defendant will identify and describe the documents withheld in the privilege log attached as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all communications between you and NTG.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds the definition of "communications" is overly broad and poses an undue burden on Defendant. Defendant further objects on to the extent that the information Plaintiff seeks is not necessarily available as a document. Defendant further objects on grounds this Request is overbroad as to time and scope, and as such is unduly burdensome and harassing. For example, this Request calls for documents outside the scope of permissible discovery, which is limited to specific prior suits alleged in the Second Amended Complaint. *See* ECF No. 151-1 at 7:10–8:4 (transcript for May 9, 2016 Scheduling Conference) and ECF No. 155 (Court's Order Clarifying Discovery). Defendant further objects to the extent this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is

7

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as <u>not</u> seeking such documents. Defendant further objects to the extent this Request seeks information regarding tax returns. *See Sav-on Drugs, Inc. v. Super. Ct.*, 123 Cal. Rptr. 283, 287 (Cal. 1975). Defendant further objects on grounds this Request seeks information not relevant to any party's claim or defense, nor "proportional to the needs of the case, considering the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving these objections, and without waiving Defendant's right to amend or supplement his response, Defendant responds as follows: Defendant will not produce any documents responsive to this Request on the basis such documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Defendant will identify and describe the documents withheld in the privilege log attached as Attachment A hereto.

## REQUEST FOR PRODUCTION NO. 3:

Produce all communications between you and any individual or entity concerning or relating to NTG or your lawsuit against Natural Immunogenics Corporation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is overbroad as to time and scope, and as such is unduly burdensome and harassing. Defendant objects to the extent this Request seeks communications outside the scope of permissible discovery, which is limited to specific prior suits alleged in the Second Amended

8

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

Complaint. *See* ECF No. 151-1 at 7:10–8:4 (transcript for May 9, 2016 Scheduling Conference) and ECF No. 155 (Court's Order Clarifying Discovery). This Request is overly broad, vague and ambiguous as to the terms "concerning or relating" and "communications." As defined, these terms are so overbroad they could reasonably be interpreted to include a variety of far-reaching and irrelevant documents that have no bearing on any claim or defense in this action. Thus, this Request seeks information not relevant to any party's claim or defense, nor "proportional to the needs of the case, considering the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The confusing nature of this Request is exacerbated by the fact that this Request is duplicative of Request Nos. 1 and 2. Defendant further objects to the extent this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as not seeking such documents. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as not seeking such documents.

As currently drafted, Defendant is unable to provide a response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all documents that evidence that you purchased any Natural-Immunogenics Corp. products, including Sovereign Silver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

9

NIC Exhs.
Page 77

NIC Opp. to MSJ
Exh. 11

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is overbroad as to time and scope. Defendant further objects on grounds this Request is vague and ambiguous as to the undefined term "that evidence," and Defendant reasonably interprets this term to mean "that shows or indicates." Defendant further objects to the extent this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as not seeking such documents. Defendant further objects to the extent this Request seeks cumulative or duplicative information that is obtainable from another source that is more convenient and/or publicly available (i.e., through the CM/ECF Docket), to the extent it seeks information previously disclosed in the *Nilon v. Natural-Immunogenics Corp.*, No. 3:12-cv-930-BGS (S.D. Cal.) matter.

Subject to and without waiving these objections, and without waiving Plaintiff's right to amend or supplement his answers, Defendant responds as follows: Following a reasonable and diligent search, Defendant is not aware of any relevant, non-privileged, non-confidential documents responsive to Plaintiff's request that exist other than Defendant's February 21, 2013 Declaration of Andrew Nilon in Support of Motion for Class Certification, filed in the underlying lawsuit at ECF No. 21-2. Defendant will not produce any documents responsive to this Request on the basis such documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine, but Defendant will identify and describe the documents withheld in the privilege log attached as Attachment A hereto.

//

//

10

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

**REQUEST FOR PRODUCTION NO. 5:**

Produce all documents that you provided to NTG before June of 2014 that relate to or concern your purchase or experience with Sovereign Silver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is duplicative of Requests Nos. 1, 2, 3 and 4. Defendant further objects on grounds the definition of "communications" is overly broad. Defendant further objects that the undefined term "experience" is vague and ambiguous, and Defendant will thus interpret "experience with Sovereign Silver" to refer to Defendant's process of using the Sovereign Silver product. Defendant further objects to the extent this Request seeks cumulative or duplicative information that is obtainable from another source that is more convenient and/or publicly available (i.e., through the CM/ECF Docket), to the extent it seeks information previously disclosed in Defendant's underlying lawsuit against Plaintiff (e.g., Defendant's April 20, 2015 deposition in that matter, which was filed in the instant action on January 28, 2016 at ECF 30-5). Defendant further objects to the extent this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as <u>not</u> seeking such documents. Defendant further objects on grounds this Request seeks documents not relevant to any party's claim or defense, nor "proportional to the needs of the case, considering the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Indeed, Plaintiff has stated that NTG Defendants' discovery into the "efficacy and safety" of Sovereign Silver is "irrelevant" to the merits of the instant case. *See* Pl.'s Resp.

11

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

to NTG's Req. for Prod. No. 6;  Joint Rule 26(f) Report, May 2, 2016, ECF No. 90 at 23.

Subject to and without waiving these objections, and without waiving Defendant's right to amend or supplement his response, Defendant responds as follows:

Defendant will not produce any documents responsive to this Request on the basis such documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine, but Defendant will identify and describe the documents withheld in the privilege log attached as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all communications between you and NTG that concern or relate to depositions in which you were noticed in the case of *Nilon v. Natural Immunogenics Corporation* that were scheduled for the following dates:

- May 3, 2013
- May 22, 2013
- January 3, 2014
- May 16, 2014

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is duplicative of Requests Nos. 1, 2, 3, 4, 5, 7 and 8. Defendant further objects on grounds this Request lacks foundation, as Plaintiff has not attached to its Request any documents supporting the contentions in the Request, which is significant here because Plaintiff has not established that such depositions were actually "scheduled" with Defendant and/or Defendant's counsel. Defendant further objects on grounds this Request is vague and ambiguous as to the phrases "concern or relate to" and "noticed." Defendant further objects on grounds this Request seeks

12

privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as not seeking such documents.

Subject to and without waiving these objections, and without waiving Defendant's right to amend or supplement his response, Defendant responds as follows: Defendant will not produce any documents responsive to this Request on the basis such documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine, but Defendant will identify and describe the documents withheld in the privilege log attached as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all communications and documents that evidence the existence of a communication between you and Ryan M. Ferrell in June 2014, including any letters sent to you by Ryan M. Ferrell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is wholly duplicative of Request No. 1. Defendant further objects on grounds this Request is overbroad as to time and scope. Defendant further objects on grounds this Request is vague and ambiguous as to the terms "communications" and "evidence." The Request is also nonsensical to the extent it is seeking "communications evidencing the existence of" other "communications." Moreover, as drafted, the Request could reasonably be interpreted to include communications with Defendant's current counsel for the instant lawsuit. Accordingly, Defendant interprets this Request to mean it is not seeking any communications regarding the instant lawsuit and/or communications

13

DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

NIC Opp. to MSJ
Exh. 11

with Defendant's counsel at Milstein, Adelman, Jackson, Fairchild and Wade, LLP. Defendant further objects to the extent this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as not seeking such documents.

Subject to and without waiving these objections, and without waiving Plaintiff's right to amend or supplement his answers, Defendant responds as follows: Defendant will not produce any documents responsive to this Request on the basis such documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine, but Defendant will identify and describe the documents withheld in the privilege log attached as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents that evidence that Ryan M. Ferrell made any phone calls to you between May 2014 and June 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is vague and ambiguous as to the term "evidence." Defendant further objects on grounds this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as not seeking such documents. Defendant further objects on grounds this Request seeks cumulative or duplicative

14

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

information that is obtainable from another source that is more convenient. Defendant further objects on grounds it is unclear what documents would evidence phone calls other than Defendant's Verizon Wireless telephone records, which were produced in this action in response to a subpoena served by Plaintiff.

Subject to and without waiving these objections, and without waiving Defendant's right to amend or supplement his response, Defendant responds as follows:  Defendant does not recall whether there were any phone calls between Defendant and Ryan M. Ferrell between May 2014 and June 2014. To the extent there were, Defendant reasonably believes the date, time and duration of such calls would appear in Defendant's phone records, which were previously produced in this action in response to a subpoena by Plaintiff to Verizon Wireless.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents that support your contention that you moved to Northern California to care for your grandmother.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is vague and highly overbroad because it fails to describe the categories of documents Plaintiff seeks with particularity. As currently drafted, the Request would include every document Defendant accumulated during an unspecified time period. Defendant further objects on grounds this Request is vague and ambiguous as to the phrases "care for," "moved to," and "contention" because the Request does not identify with specificity the purported "contention" the Request refers to. To the extent the Request intended to refer to the Declaration of Andrew Nilon filed on July 9, 2014 in the Nilon v. NIC lawsuit at ECF No. 51-2, the Request the Declaration does not specifically state Nilon "moved to Northern California to care for [his] grandmother." Defendant further objects on grounds this Request seeks privileged

15

DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

NIC Opp. to MSJ
Exh. 11

attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as <u>not</u> seeking such documents. Defendant further objects on grounds this Request seeks information not relevant to any party's claim or defense, nor "proportional to the needs of the case, considering the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Defendant further objects to the extent this Interrogatory seeks the personally-identifiable information, impinges on the right to privacy of third parties, and/or seeks confidential, medical records of third parties which are protected from disclosure by the Health Insurance Portability and Accountability Act (HIPAA). Moreover, Defendant's telephone records, which were produced by Verizon Wireless in this action in response to a subpoena served by Plaintiff, contain a field titled "Destination" which demonstrate Plaintiff made the majority of phone calls on his mobile phone from locations in Northern California.

Because the Request is overbroad, vague and does not request any specific categories of documents, Defendant is unable respond to this Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents that support your allegations in the case *Nilon v. Natural-Immunogenics Corp.*, No. 3:12-cv-930-BGS (S.D. Cal.) that you relied on representations made by NIC when you allegedly purchased the Sovereign Silver product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

16

NIC Exhs.
Page 84

DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

NIC Opp. to MSJ
Exh. 11

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is overbroad as to time and scope, and as such is overly burdensome and harassing. Defendant further objects on grounds this Request is vague and ambiguous as to the term "support." Defendant further objects to the extent this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as <u>not</u> seeking such documents. Defendant further objects to the extent this Request seeks this Request seeks cumulative or duplicative information that is obtainable from another source that is already in Plaintiff's possession, custody or control and/or more convenient and/or publicly available (i.e., through the CM/ECF Docket for *Nilon v. Natural-Immunogenics Corp.*, No. 3:12-cv-930-BGS (S.D. Cal.)). Indeed, Sovereign Silver packaging and labels are in Plaintiff's possession, custody or control and it is unclear what other documents—other than Defendant's own testimony and/or possibly privileged attorney-client communications—would "support" allegations Defendant "relied on the representations made by NIC" in purchasing Sovereign Silver. Defendant further objects on grounds this Request seeks documents not relevant to any party's claim or defense, nor "proportional to the needs of the case, considering the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Indeed, Plaintiff has stated that NTG Defendants' discovery into the "efficacy and safety" of Sovereign Silver is "irrelevant" to the merits of the instant case. *See* Pl.'s Resp. to NTG's Req. for Prod. No. 6; Joint Rule 26(f) Report, May 2, 2016, ECF No. 90 at 23.

17

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

Subject to and without waiving these objections, and without waiving Plaintiff's right to amend or supplement his answers, Defendant responds as follows: Defendant is not aware of any relevant, non-privileged, non-confidential documents responsive to Plaintiff's request that exist other than Defendant's February 21, 2013 Declaration of Andrew Nilon in Support of Motion for Class Certification, filed in the underlying lawsuit at ECF No. 21-2.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents that evidence any payment or money transfer made to You by NTG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is overbroad as to time and scope. Defendant further objects on grounds this Request is vague and ambiguous as to the terms "evidence" and "money transfer," and Defendant reasonably interprets the Request as seeking documents that show or indicate NTG paid Defendant or gave money to Defendant. Defendant further objects to the extent this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as not seeking such documents. Defendant further objects on grounds this Request calls for documents outside the scope of permissible discovery, which is limited to specific prior suits alleged in the Second Amended Complaint. See ECF No. 151-1 at 7:10–8:4 (transcript for May 9, 2016 Scheduling Conference) and ECF No. 155 (Court's Order Clarifying Discovery Plan).

18

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

Subject to and without waiving these objections, and without waiving Defendant's right to amend or supplement his answers, Defendant responds as follows: No such documents exist because the only time Defendant received money from Newport Trial Group was after it settled a dispute with Chromadex, Inc. The Chromadex dispute is completely unrelated to Defendant's dispute with NIC. Defendant's portions of the settlement proceeds from the Chromadex dispute, $1,000, was paid by to Defendant by check. Information regarding the Chromadex dispute, and settlement thereof, has previously been made available to Plaintiff in this action. Defendant no longer has the check. Defendant will not produce any responsive documents protected from disclosure by the attorney-client privilege and attorney work product and will identify and describe such documents withheld in the privilege log attached as Attachment A hereto.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents that you believe support your responses to any Interrogatory propounded upon you by NIC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Request is overbroad as to time and scope because it does not sufficiently describe the categories of documents Plaintiff seeks. This Request is therefore unduly burdensome and harassing. Defendant further objects on grounds this Request is vague and ambiguous as to the phrase "you believe support your responses." Defendant further objects to the extent this Request seeks privileged attorney-client communications and documents protected by the attorney work product doctrine. Furthermore, it is unclear whether this Request seeks communications between Defendant and his current and/or former counsel other than Newport Trial Group (e.g. Defendant's counsel in the instant action), but Defendant reasonably interprets this Request as

19

DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

NIC Opp. to MSJ
Exh. 11

NIC Exhs.
Page 88

not seeking such documents. Accordingly, as currently drafted, Defendant is unable to respond.

Dated:  July 25, 2016                    **MILSTEIN ADELMAN JACKSON FAIRCHILD & WADE, LLP**


By: _/s/Gillian L. Wade_
    Gillian L. Wade
    Mayo Makarczyk
    Sara D. Avila
    Marc Castaneda

    *Attorneys for Defendants Andrew Nilon, Sam Pfleg,Matthew Dronkers, Taylor Demulder, Sam Schoonover, and Giovanni Sandoval*

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

NIC Opp. to MSJ
Exh. 11

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **ATTACHMENT A** | | | | | | | | | |
| **ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - PRIVILEGE LOG** | | | | | | | | | |
| **Natural Immunogenics Corp. v. Newport Trial Group, No. 8:15-cv-02034-JVS-JCG** | | | | | | | | | |

| DOCID | PARENT DOCID | DATE | ATT. | FROM | TO | CC | Subject Matter | BASIS |
|---|---|---|---|---|---|---|---|---|
| NILON00001 | NILON00001 | 3/2/2012 | | Andrew Baslow <andrewbaslow@yahoo.com> | Andrew Nilon <anilon7@gmail.com> | | Initial documents re Sovereign Silver | Attorney-Client Privilege and Work Product Doctrine |
| NILON00003 | NILON00001 | | 1 | | | | Letter from Scott Ferrell to Andrew Nilon re representation | Attorney-Client Privilege and Work Product Doctrine |
| NILON00008 | NILON00001 | | 2 | | | | Information re duties of class representative | Attorney-Client Privilege and Work Product Doctrine |
| NILON00009 | NILON00001 | | 3 | | | | Draft exhibit | Attorney-Client Privilege and Work Product Doctrine |
| NILON00010 | NILON00010 | 2/21/2013 | | Ryan Ferrell <rferrell@trialnewport.com><br>Andrew Nilon <anilon7@gmail.com><br>Ryan Ferrell <rferrell@trialnewport.com> | Andrew Nilon <anilon7@gmail.com><br>Ryan Ferrell <rferrell@trialnewport.com><br>Andrew Nilon <anilon7@gmail.com> | | Communication regarding Nilon v. NIC lawsuit | Attorney-Client Privilege and Work Product Doctrine |
| NILON00012 | NILON00010 | | 1 | | | | Draft declaration | Attorney-Client Privilege and Work Product Doctrine |
| NILON00015 | NILON00010 | | 2 | | | | Declaration signature page | Attorney-Client Privilege and Work Product Doctrine |
| NILON00016 | NILON00016 | 2/27/2013 | | Andrew Nilon <anilon7@gmail.com><br>Andrew Nilon <anilon7@gmail.com> | Andrew Baslow <andrew@trialnewport.com><br>Andrew Baslow <andrew@trialnewport.com> | | Communication seeking legal advice re Blu Science | Attorney-Client Privilege and Work Product Doctrine |
| NILON00017 | NILON00017 | 3/5/2013 | | Carla Wise, Legal Assistant at NTG <carla@trialnewport.com> | Andrew Nilon <anilon7@gmail.com> | Andrew Baslow <andrew@trialnewport.com> | Communication regarding Blu Science prospective litigation | Attorney-Client Privilege and Work Product Doctrine |
| NILON00019 | NILON00017 | | 1 | | | | Information re duties of class representative | Attorney-Client Privilege and Work Product Doctrine |

NIC Exhs.
Page 89

NIC Opp. to MSJ
Exh. 11

**ATTACHMENT A**

**ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - PRIVILEGE LOG**

Natural Immunogenics Corp. v. Newport Trial Group, No. 8:15-cv-02034-JVS-JCG

| DOCID | PARENT DOCID | DATE | ATT. | FROM | TO | CC | Subject Matter | BASIS |
|---|---|---|---|---|---|---|---|---|
| NILON00020 | NILON00017 | | 2 | | | | Letter from Scott Ferrell to Andrew Nilon re representation | Attorney-Client Privilege and Work Product Doctrine |
| NILON00025 | NILON00025 | 5/7/2013 | | Andrew Baslow <andrew@trialnewport.com> | Andrew Nilon <anilon7@gmail.com> | | Deposition | Attorney-Client Privilege and Work Product Doctrine |
| NILON00030 | NILON00030 | 8/20/2013 | | Andrew Baslow <andrew@trialnewport.com> | Andrew Nilon <anilon7@gmail.com> | | Blu Science Settlement | Attorney-Client Privilege; Work Product Doctrine; Confidential settlement agreement |
| NILON00031 | NILON00030 | | 1 | | | | Confidential settlement agreement | Attorney-Client Privilege; Work Product Doctrine; Confidential Settlement Agreement |
| NILON00041 | NILON00041 | 8/20/2013 | | Andrew Baslow <andrew@trialnewport.com><br>Andrew Nilon <anilon7@gmail.com><br>Andrew Nilon <anilon7@gmail.com> | Andrew Nilon <anilon7@gmail.com><br>Andrew Baslow <andrew@trialnewport.com><br>Andrew Baslow <andrew@trialnewport.com> | | Blu Science Settlement | Attorney-Client Privilege; Work Product Doctrine; Confidential Settlement Agreement |
| NILON00043 | NILON00041 | | 1 | | | | Tax document | Attorney-Client Privilege and Work Product Doctrine; Confidential tax information |
| NILON00047 | NILON00041 | | 2 | | | | Tax document | Attorney-Client Privilege and Work Product Doctrine; Confidential tax information |
| NILON00048 | NILON00041 | | 3 | | | | Tax document | Attorney-Client Privilege and Work Product Doctrine; Confidential tax information |

NIC Exhs.
Page 90

NIC Opp. to MSJ
Exh. 11

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | ATTACHMENT A | | | | |

**ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - PRIVILEGE LOG**

Natural Immunogenics Corp. v. Newport Trial Group, No. 8:15-cv-02034-JVS-JCG

| DOCID | PARENT DOCID | DATE | ATT. | FROM | TO | CC | Subject Matter | BASIS |
|---|---|---|---|---|---|---|---|---|
| NILON00049 | NILON00041 | | 4 | | | | Confidential settlement agreement - signature page | Attorney-Client Privilege; Work Product Doctrine; Confidential Settlement Agreement |
| NILON00050 | NILON00041 | | 5 | | | | Confidential settlement agreement - signature page | Attorney-Client Privilege; Work Product Doctrine; Confidential Settlement Agreement |
| NILON00051 | NILON00051 | 5/7/2014 | | Andrew Baslow <andrew@trialnewport.com><br>Andrew Nilon <anilon7@gmail.com><br>Andrew Baslow <andrew@trialnewport.com> | Andrew Nilon <anilon7@gmail.com><br>Andrew Baslow <andrew@trialnewport.com><br>Andrew Nilon <anilon7@gmail.com> | | Nilon v. NIC case status | Attorney-Client Privilege and Work Product Doctrine |
| NILON00052 | NILON00052 | 6/3/2014 | | Ryan Ferrell <rferrell@trialnewport.com> | Andrew Nilon <anilon7@gmail.com> | | Legal advice re Nilon v. NIC lawsuit | Attorney-Client Privilege and Work Product Doctrine |
| | | 6/4/2014 | | Andrew Nilon <anilon7@gmail.com> | Ryan Ferrell <rferrell@trialnewport.com> | | | |
| | | 6/10/2014 | | Ryan Ferrell <rferrell@trialnewport.com> | Andrew Nilon <anilon7@gmail.com> | | | |
| | | 6/17/2014 | | Ryan Ferrell <rferrell@trialnewport.com> | Andrew Nilon <anilon7@gmail.com> | | | |
| | | 6/18/2014 | | Andrew Nilon <anilon7@gmail.com> | Ryan Ferrell <rferrell@trialnewport.com> | | | |
| | | 6/18/2014 | | Ryan Ferrell <rferrell@trialnewport.com> | Andrew Nilon <anilon7@gmail.com> | | | |
| | | 6/20/2014 | | Ryan Ferrell <rferrell@trialnewport.com> | Andrew Nilon <anilon7@gmail.com> | | | |
| | | 6/23/2014 | | Andrew Nilon <anilon7@gmail.com> | Ryan Ferrell <rferrell@trialnewport.com> | | | |
| | | 6/23/2014 | | Ryan Ferrell <rferrell@trialnewport.com> | Andrew Nilon <anilon7@gmail.com> | | | |
| NILON00060 | NILON00052 | | 1 | | | | Declaration (Word format) | Attorney-Client Privilege and Work Product Doctrine |

NIC Exhs.
Page 91

NIC Opp. to MSJ
Exh. 11

**ATTACHMENT A**

**ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION - PRIVILEGE LOG**

Natural Immunogenics Corp. v. Newport Trial Group, No. 8:15-cv-02034-JVS-JCG

| DOCID | PARENT DOCID | DATE | ATT. | FROM | TO | CC | Subject Matter | BASIS |
|---|---|---|---|---|---|---|---|---|
| NILON00063 | NILON00052 | | 2 | | | | Declaration (PDF) | Attorney-Client Privilege and Work Product Doctrine |
| NILON00066 | NILON00052 | | 3 | | | | Declaration signature page | Attorney-Client Privilege and Work Product Doctrine |

NIC Exhs.
Page 92

NIC Opp. to MSJ
Exh. 11

## VERIFICATION

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

I have read the foregoing **DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** and know its contents.

**CHECK APPLICABLE PARAGRAPH**

[ x ]   I am a party to this action. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am [ ] an Officer [ ] a partner, [ ] a _____ of _____a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing document and know its contents. I am informed and believe that the matters stated herein are true.

[ ]   I am one of the attorneys for _____, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I have read the foregoing document and know its contents. I am informed and believe and on that ground allege that the matters stated in it are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on ___July 21st, 2016_____, at ___Los Angeles_____, California.

*Andrew Nilon*
ANDREW NILON

### ACKNOWLEDGEMENT OF RECEIPT OF DOCUMENT

I received copy of document described as **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ANDREW NILON**

*Andrew Nilon*
ANDREW NILON

PROOF OF SERVICE

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

I am employed in the County of LOS ANGELES, State of CALIFORNIA.  I am over the age of 18 and not a party to within action; my business address is **10250 Constellation Blvd., 14th Floor, Los Angeles, CA 90067.**

On July 25, 2016, I served the foregoing documents described as:

**DEFENDANT ANDREW NILON'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

On interested parties in this action by sending a true copy of the document to the following parties as follows:

| | |
|---|---|
| Peter A Arhangelsky<br>Eric J Awerbuch<br>Joshua S Furman<br>**Emord and Associates PC**<br>3210 South Gilbert Road Suite 4<br>Chandler, AZ 85286<br>602-388-8899<br>Fax: 602-393-4361<br>Email: parhangelsky@emord.com<br>Email: eawerbuch@emord.com<br>Email: jfurman@emord.com<br><br>*Attorneys for Plaintiff*<br>*Natural-Immunogenics Corp.* | Leah M Kaufman<br>**LMK Strategies and Research**<br>1001 North Ross Street<br>Santa Ana, CA 92701<br>949-939-1351<br>Email: leah@leahmkaufman.com<br><br>*Attorneys for Plaintiff*<br>*Natural-Immunogenics Corp.* |
| Daniel J Callahan<br>Edward Susolik<br>Michael S LeBoff<br>Callahan and Blaine APLC<br>3 Hutton Centre Drive 9th Floor<br>Santa Ana, CA 92707<br>714-241-4444<br>Fax: 714-241-4445<br>Email: daniel@callahan-law.com<br>Email: esusolik@callahan-law.com<br>Email: mleboff@callahan-law.com<br><br>Attorneys for Defendants Newport Trial Group, Scott J. Ferrell, Ryan M. Ferrell, Victoria C. Knowles; David Reid and Andrew Lee Baslow | |

1

NIC Opp. to MSJ
Exh. 11

------    (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail to the offices of the addressees.

------    (BY ELECTRONIC SERVICE) I caused the document(s) to be sent to the offices of the addressees via File & Serve Express.

------    (BY FACSIMILE) I transmitted pursuant Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the attached listed fax number(s). The transmission originated from facsimile phone number (310) 396-9635 and was reported as complete and without error.

xxxx    (BY OVER NIGHT DELIVERY) I caused such envelope(s) thereon fully prepaid to be placed in the GSO box at Los Angeles, California.

------    (BY PERSONAL SERVICE) I caused such envelope(s) to be hand delivered to the offices of the addressees.

------    (BY US MAIL) I caused such envelope(s) with postage thereon fully prepaid, with return receipt requested, to be placed in the United States mail at Los Angeles, California, pursuant to California Code of Civil Procedure § 415.40. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

Executed on July 25, 2016, at Los Angeles, California

------    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

xxxx    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

David Marin

2

NIC Exhs.
Page 95

NIC Opp. to MSJ
Exh. 11