# EXHIBIT 13

NIC Exhs.
Page 128

NIC Opp. to MSJ
Exh. 13

**CALLAHAN & BLAINE, APLC**
Edward Susolik, Esq. (SBN 151081)
ES@callahan-law.com
Michael S. LeBoff, Esq. (SBN 204612)
Mleboff@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for NEWPORT TRIAL GROUP; SCOTT J. FERRELL; RYAN M. FERRELL; VICTORIA C. KNOWLES; DAVID REID and ANDREW LEE BASLOW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | **CASE NO.  8:15-cv-02034-JVS-JCG** <br><br> **DEFENDANT NEWPORT TRIAL GROUP'S RESPONSES TO PLAINTIFF NATURAL IMMUNOGENIC CORP.'S INTERROGATORIES [SET ONE]** <br><br> Judge:   Hon. James Selna <br> Dept.:   10C <br><br> Complaint Filed: December 7, 2015 <br> Trial Date: December 5, 2017 |

PROPOUNDING PARTY:    PLAINTIFF, NATURAL IMMUNOGENICS CORP

RESPONDING PARTY:     DEFENDANT, NEWPORT TRIAL GROUP

SET NUMBER:          One (1)

Defendant NEWPORT TRIAL GROUP ("Defendant" or "Responding Party"), hereby responds as follows to the First Set of Interrogatories propounded by Plaintiff NATURAL IMMUNOGENICS CORP. ("Plaintiff" or "Propounding Party"):

NIC Exhs.
Page 129

NIC Opp. to MSJ
Exh. 13

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## PRELIMINARY STATEMENT

It should be noted that Defendant has not yet fully completed its investigation of the facts relating to this lawsuit. Therefore, the statements made herein are based upon such information and documents as are presently available, and specifically known to Defendant and disclose only those facts and documents, which presently are available to Defendant. It is anticipated that future independent investigation and legal research and analysis will make known the existence of additional facts and documents and will add further significance to the known facts and documents, all of which may lead to substantial additions to, and changes and variations of, the facts and documents set forth herein.

The following responses are given without prejudice to the right to produce evidence of any fact, which may later be recalled or discovered. Defendant accordingly reserves its right to change any responses as additional facts are ascertained, documents are discovered, analyses are made, legal research is completed and the issues are framed. The statements set forth below and documents produced are made in a good faith effort to supply as much relevant factual information and identify documents as possible, but in no way are prejudicial to Defendant's rights and interests, particularly in relation to future investigation, research, and analysis.

Based on the foregoing, the information set forth below is provided without representation, express or implied, as to the existence or nonexistence of other possibly responsive information.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify every individual who served as a Tester plaintiff for you in a case involving claims under California Penal Code sections 632.7, and/or 637.2, and/or 632, and for each individual identified, what payments were made to them (i.e., from whom, date of payment, amount of payment), if any, and what form of

NIC Exhs.
Page 130

NTG's Resp to NIC's ROGS Set I

NIC Opp. to MSJ
Exh. 13

payment was made to each. If no monetary payment was made but a thing of value given, please identify the thing of value, the date it was conveyed, and from whom it was conveyed.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request is not proportional to the needs of the case. Defendant further objects on the ground that the request goes beyond the permissible scope of discovery established at the Scheduling Conference, particularly, the following:

THE COURT: Okay. One thing I'm concerned about is the potential number of other lawsuits that you are going to want to inquire into.

MR. ARHANGELSKY: Let me address that. Our Amended Complaint is due tomorrow, and we intend to substantially narrow the scope of our RICO allegations. I believe in its current format our Amended Complaint will inquire into about seven to eight specific cases. We are reducing the number of RICO defendants.

The discovery taken with respect to those cases within those cases is also narrow. We are not relitigating these cases. We are looking only at recruitment, acquisition, those types of aspects of the relationship early before the cases are often even filed. So with that, we think our Amended Complaint will be far more circumscribed certainly imposing no greater burdens than many other civil cases.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NIC Exhs.
Page 131

NIC Opp. to MSJ
NTG's Resp to NIC's ROGS Set Exh. 13

THE COURT: Well, that sounds like a reasonable limitation, seven or eight cases to explore at least initially. (May 9, 2016 Transcript at 7:10-8:4). Defendant further objects on the ground that the request infringes on third-parties constitutional right to privacy, seeks disclosures of confidential settlement agreements, terms and related communications.

**INTERROGATORY NO. 2:**

Identify every individual who served as a Tester plaintiff for you in a case involving California Business and Professions Code sections 17500 (FAL), and/or 17200 (UCL), and/or California Civil Code section 1750 (CLRA) claims, and for each individual identified, what payment(s) were made to them (i.e., from whom, date of payment, amount of payment), if any, and what form of payment was made to each. If no monetary payment was made but a thing of value given, please identify the thing of value, the date it was conveyed, and from whom it was conveyed.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request is not proportional to the needs of the case. Defendant further objects on the ground that the request goes beyond the permissible scope of discovery established at the Scheduling Conference, particularly, the following:

THE COURT: Okay. One thing I'm concerned about is the potential number of other lawsuits that you are going to want to inquire into.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

MR. ARHANGELSKY: Let me address that. Our Amended Complaint is due tomorrow, and we intend to substantially narrow the scope of our RICO allegations. I believe in its current format our Amended Complaint will inquire into about seven to eight specific cases. We are reducing the number of RICO defendants.

The discovery taken with respect to those cases within those cases is also narrow. We are not relitigating these cases. We are looking only at recruitment, acquisition, those types of aspects of the relationship early before the cases are often even filed. So with that, we think our Amended Complaint will be far more circumscribed certainly imposing no greater burdens than many other civil cases.

THE COURT: Well, that sounds like a reasonable limitation, seven or eight cases to explore at least initially. (May 9, 2016 Transcript at 7:10-8:4). Defendant further objects on the ground that the request infringes on third-parties constitutional right to privacy, seeks disclosures of confidential settlement agreements, terms and related communications.

**INTERROGATORY NO. 3:**

Identify every phone number used by NTG (including facsimile lines, direct lines to attorneys, paralegals, administrators, investigators, or any other employee or agent, or cellular lines) to communicate with NTG clients, potential clients, or opposing parties (including their attorney(s)), since January 1, 2010.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NIC Exhs.
Page 133

NIC Opp. to MSJ
NTG's Resp to NIC's ROGS Set 1
Exh. 13

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request is not proportional to the needs of the case. Furthermore, to the extent the request seeks information that relates to cases or clients not at issued in the Second Amended Complaint, the request goes beyond the permissible scope of discovery established at the Scheduling Conference, particularly, the following:

THE COURT: Okay. One thing I'm concerned about is the potential number of other lawsuits that you are going to want to inquire into.

MR. ARHANGELSKY: Let me address that. Our Amended Complaint is due tomorrow, and we intend to substantially narrow the scope of our RICO allegations. I believe in its current format our Amended Complaint will inquire into about seven to eight specific cases. We are reducing the number of RICO defendants.

The discovery taken with respect to those cases within those cases is also narrow. We are not relitigating these cases. We are looking only at recruitment, acquisition, those types of aspects of the relationship early before the cases are often even filed. So with that, we think our Amended Complaint will be far more circumscribed certainly imposing no greater burdens than many other civil cases.

THE COURT: Well, that sounds like a reasonable limitation, seven or eight cases to explore at least initially.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NIC Exhs.
Page 134

NIC Opp. to MSJ

NTG's Resp to NIC's ROGS Set 1

Exh. 13

(May 9, 2016 Transcript at 7:10-8:4). Defendant further objects on the ground that the request infringes on third-parties constitutional right to privacy.

## INTERROGATORY NO. 4:

Identify every email address and the account information for same (i.e., account holder, service provider, dates of service) associated with NTG, its attorneys, paralegals, administrators, investigators, or any other employee or agent, that has been used since January 1, 2010.

## RESPONSE TO INTERROGATORY NO. 4:

Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request is not proportional to the needs of the case. Furthermore, to the extent the request seeks information that relates to cases or clients not at issued in the Second Amended Complaint, the request goes beyond the permissible scope of discovery established at the Scheduling Conference, particularly, the following:

> THE COURT: Okay. One thing I'm concerned about is the potential number of other lawsuits that you are going to want to inquire into.
>
> MR. ARHANGELSKY: Let me address that. Our Amended Complaint is due tomorrow, and we intend to substantially narrow the scope of our RICO allegations. I believe in its current format our Amended Complaint will inquire into about seven to eight specific cases. We are reducing the number of RICO defendants.
>
> The discovery taken with respect to those cases within those cases is also narrow. We are not relitigating these

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

cases. We are looking only at recruitment, acquisition, those types of aspects of the relationship early before the cases are often even filed. So with that, we think our Amended Complaint will be far more circumscribed certainly imposing no greater burdens than many other civil cases.

THE COURT: Well, that sounds like a reasonable limitation, seven or eight cases to explore at least initially.

(May 9, 2016 Transcript at 7:10-8:4). Defendant further objects on the ground that the request infringes on third-parties constitutional right to privacy.

**INTERROGATORY NO. 5:**

Identify each instance of an NTG attorney communicating with Andrew Nilon prior to the filing of the original state court complaint in the Nilon v. Natural-Immunogenics action, and identify the date, time and medium (e.g., telephone, email, text message) of each communication responsive to this Interrogatory.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant responds as follows: Defendant does not believe that any NTG attorney communicated directly with Mr. Nilon prior to filing the original state court complaint in the Nilon v. Natural-Immunogenics act. Defendant believes Andrew Baslow, who is not an attorney, communicated on behalf of Defendant with Mr. Nilon prior to the filing the state court lawsuit in the underlying matter.

**INTERROGATORY NO. 6:**

Identify all cases in which any lawyer employed by NTG or associated as co-counsel to NTG has been reprimanded, admonished, sanctioned, held in contempt, or convicted of a crime by any bar, any court, or any administrative agency and describe the circumstances of any such instances.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## RESPONSE TO INTERROGATORY NO. 6:

Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request is not proportional to the needs of the case. Furthermore, to the extent the request seeks information that relates to cases or clients not at issue in the Second Amended Complaint, the request goes beyond the permissible scope of discovery established at the Scheduling Conference, particularly, the following:

THE COURT: Okay. One thing I'm concerned about is the potential number of other lawsuits that you are going to want to inquire into.

MR. ARHANGELSKY: Let me address that. Our Amended Complaint is due tomorrow, and we intend to substantially narrow the scope of our RICO allegations. I believe in its current format our Amended Complaint will inquire into about seven to eight specific cases. We are reducing the number of RICO defendants.

The discovery taken with respect to those cases within those cases is also narrow. We are not relitigating these cases. We are looking only at recruitment, acquisition, those types of aspects of the relationship early before the cases are often even filed. So with that, we think our Amended Complaint will be far more circumscribed certainly imposing no greater burdens than many other civil cases.

THE COURT: Well, that sounds like a reasonable limitation, seven or eight cases to explore at least initially.

NIC Exhs.
Page 137

- 9 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

(May 9, 2016 Transcript at 7:10-8:4). Defendant further objects to the extent the interrogatory could be interpreted to apply to any sanctions, reprimands, admonishments, contempt findings or conviction by any NTG attorney prior to or after their employment with NTG, or any NTG co-counsel in any matter in which they were not co-counsel to NTG. Defendant further objects to the extent the request requires Defendant obtain information from individuals no longer affiliated with NTG. Defendant further objects on the ground that the term "admonished" is vague and ambiguous, and therefore, will exclude admonishments from any response. Defendant further objects on the ground that the term "reprimanded" is vague and ambiguous, and therefore, will limit its response only to formal reprimands. Defendant further objects to the extent it requires the responding party to review every docket of every case NTG has been involved with over the past 7.5 years, and NTG declines to undertake that unreasonable burden. Subject to and without waiving the above, Defendant responds as follows: Except as noted below, NTG does not believe that any attorney was sanctioned, reprimanded, held in contempt, or convicted of a crime in any of the eight matters identified in the Second Amended Complaint; however, to the extent any order could be construed as a sanction or reprimand, the order would be available from the Court and is equally available to Plaintiff.. Defendant David Reid was formally reprimanded in the present matter. Plaintiff is aware of the circumstances of such reprimand so there is no need to restate the circumstances in this response. On or about August 11, 2014, Defendants Ryan Ferrell and Scott Ferrell were sanctioned $5,053.90 in the underlying case because Mr. Nilon failed to attend a deposition in May 2014. To the best of Defendant's present recollection, no NTG lawyer has been held in contempt in any matter during the relevant time period. To the best of Defendant's present recollection, no NTG lawyer has been disciplined by any state bar or other administrative agency during the relevant time period. To the best of Defendant's

NIC Exhs.
Page 138

present recollection, no NTG lawyer has been convicted of a crime relating to the practice of law during the relevant time period.

**INTERROGATORY NO. 7:**

Identify the date, time, location and participants for all in-person communications between You and the following individuals:

- Andrew Nilon;
- Giovanni Sandoval;
- Sam Schoonover;
- Taylor Demulder;
- Sam Pfleg;
- Matthew Dronkers;
- Raquel Torres; and
- Dan Bobba.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request is not proportional to the needs of the case. Furthermore, because this interrogatory contains eight distinct subparts, Defendant will consider this interrogatory to be eight separate interrogatories to count against the total number of interrogatories Plaintiff is permitted to propound in this case. See Fed.R.Civ.Proc. 33 1993 Advisory Committee Notes ("Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."); Kendall v. GES Exposition Servs., 174 F.R.D. 684, 685-686 (D. Nev. 1997) ("[D]iscrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

may be related."). Defendant further objects to the extent the request requires Defendant to identify every possible in person meeting over a seven year period, and Defendants do not maintain records that would record the existence of each in person meeting. Defendant's response is limited to information in its present recollection as well as its review of readily available information. Defendant further objects on the ground the term "in person" meeting is vague and ambiguous. Defendant understands that term to refer only to live, face-to-face meetings, and is excluding from its response, any written or telephonic communications. Subject to and without waiving the above, Defendant responds as follows:

**Andrew Nilon:**  Andrew Baslow met with Mr. Nilon in person at a Starbucks in Newport Beach on or about March 2, 2012. Responding party cannot recall any additional "in-person" meetings with Mr. Nilon; however, discovery and investigation are ongoing.

**Giovanni Sandoval:**  Ryan Ferrell recalls several in person meetings with Mr. Sandoval, but cannot recall the specific dates and times of those meetings. Defendant recalls meeting with Mr. Sandoval in January 2014. Defendant also met with Mr. Sandoval in April/May 2014. Defendant recalls meeting with Mr. Sandoval in the Fall of 2014. Defendant recalls meeting with Mr. Sandoval in the Winter of 2015. Defendant cannot recall the exact location of each of the above-described meetings, but believes that each took place at a mall in or near El Cajon, California. Finally, Defendant recalls meeting with Mr. Sandoval on April 19, 2015. That meeting took place at a hotel in Irvine, California. Defendant also attended the deposition of Mr. Sandoval on April 20, 2015. In total, Defendant believes that he had six to eight meetings with Mr. Sandoval in connection with the prior lawsuit, although it is possible that there were additional meetings that Defendant cannot presently recall. Defendants also recalls meeting with Mr. Sandoval two or three times in and around December 2015. Those meetings took

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

place in or around Phoenix, Arizona. Defendant also recalls meeting with Mr. Sandoval on or about February 17, 2016 in Yuma, Arizona.

**Sam Schoonover:** Andrew Baslow met Mr. Schoonover at a party on March 17, 2012 in Yorba Linda. The two did not discuss Newport Trial Group or anything related to any cases or disputes. Responding party cannot recall any additional "in-person" meetings with Mr. Schoonover; however, discovery and investigation are ongoing.

**Taylor Demulder:** Andrew Baslow met with Mr. Demulder in Las Vegas. Defendant believes that meeting was on or about January 10, 2014. David Reid met Taylor Demulder on May 25, 2016 in connection with Mr. Demulder's deposition in the lawsuit that Carter-Reed filed against Mr. Demulder. The deposition lasted approximately 2½ hours and Mr. Reid met with Mr. Demulder privately for approximately thirty minutes after the conclusion of the deposition. Responding party cannot recall any additional "in-person" meetings with Mr. Demulder; however, discovery and investigation are ongoing.

**Sam Pfleg:** Defendant does not recall any "in-person" meetings with Mr. Pfleg; however, discovery and investigation are ongoing.

**Matthew Dronkers:** Defendant does not recall any "in-person" meetings with Mr. Dronkers; however, discovery and investigation are ongoing.

**Raquel Torres:** Scott Ferrell had a brief in-person meeting with Ms. Torres prior to her deposition on February 20, 2013. James Hardin, who is no longer affiliated with NTG, attended the deposition of Ms. Torres on February 22, 2013 and would have met with Ms. Torres prior to the deposition. Defendant does not recall any other "in-person" meetings with Ms. Torres; however, discovery and investigation are ongoing.

**Dan Bobba:** Ryan Ferrell met with Mr. Bobba on or about September 5, 2010 in San Jose, California. Wynn Ferrell was also present at that meeting on

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NIC Exhs.
Page 141

NIC Opp. to MSJ
NTG's Resp to NIC's ROGS Set Exh. 13

behalf of Newport Trial Group. Defendant does not recall any other "in-person" meetings with Mr. Bobba; however, discovery and investigation are ongoing.

**INTERROGATORY NO. 8:**

For each case listed, identify every attorney who performed work on the case or entered a time entry in the case:

- Nilon v. Natural-Immunogenics Corp., No. 3:12-cv-930-LAB;
- Nilon v. Chromadex, No. 56-2013-00436790-CU-MT-VTA (Sup. Ct. Ventura Cnty. 2013);
- Schoonover v. Himalaya Drug Co., No. 12-cv-1782 (S.D. Cal. July 19, 2012);
- Dronkers v. Kiss My Face, LLC, No. 3:12-01151-JAH (S.D. Cal. May 11, 2012);
- Sam Pfleg v. Nature's Way Products, Inc., No. 37-2012-0051979-CU-MT-NC (Sup. Ct. San Diego Cnty. 2012);
- Torres v. Nutrisystem Inc., et al., No. 12-cv-1854 (C.D. Cal. 2013); and,
- Morales, et al. v. Magna, Inc., et al., No. 3:10-cv-1601-EDL (N.D. Cal. filed Apr. 14, 2010).

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request is not proportional to the needs of the case. Furthermore, because this interrogatory contains seven distinct subparts, Defendant will consider this interrogatory to be seven separate interrogatories to count against the total number of interrogatories Plaintiff is permitted to propound in this case. See Fed.R.Civ.Proc. 33 1993

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Advisory Committee Notes ("Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."); Kendall v. GES Exposition Servs., 174 F.R.D. 684, 685-686 (D. Nev. 1997) ("[D]iscrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related."). Defendant did not track time for the seven matters identified above, and objects to the extent it requires Defendant to do an exhaustive review of the entire case file to determine all attorneys who performed work on the case. Defendant's response is based on its present recollection as well as its review of files readily ascertainable. Defendant further objects to the term "performed work on the case," as vague and ambiguous. Defendant further objects to the extent the request requires Defendant to identify attorneys at other law firms who may have also performed work on each of the cases referenced below, and therefore, limits its response to NTG Defendants. Subject to and without waiving the above, Defendant responds as follows:

**Nilon v. Natural-Immunogenics Corp., No. 3:12-cv-930-LAB:** Scott Ferrell, Ryan Ferrell, Victoria Knowles, Steven Telles, David Reid and Richard Hikida.

**Nilon v. Chromadex, No. 56-2013-00436790-CU-MT-VTA (Sup. Ct. Ventura Cnty. 2013):** Scott Ferrell, David Reid and Victoria Knowles.

**Schoonover v. Himalaya Drug Co., No. 12-cv-1782 (S.D. Cal. July 19, 2012):** Scott Ferrell, Victoria Knowles, David Reid

**Dronkers v. Kiss My Face, LLC, No. 3:12-01151-JAH (S.D. Cal. May 11, 2012):** Scott Ferrell and Victoria Knowles.

**Sam Pfleg v. Nature's Way Products, Inc., No. 37-2012-0051979-CU-MT-NC (Sup. Ct. San Diego Cnty. 2012):** Scott Ferrell, Ryan Ferrell, Victoria Knowles and Steven Telles.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Torres v. Nutrisystem Inc., et al., No. 12-cv-1854 (C.D. Cal. 2013):  Scott Ferrell, Ryan Ferrell, Victoria Knowles, Steven Telles, David Reid, Richard Hikida, and James Hardin.

Morales, et al. v. Magna, Inc., et al., No. 3:10-cv-1601-EDL (N.D. Cal. filed Apr. 14, 2010):  Scott Ferrell, Roger Borg, Michael Velarde and Ryan Ferrell.

**INTERROGATORY NO. 9:**

For each case listed, identify the amount of revenue that you received (if any) in connection with any settlement or judgment obtained, and the amount paid (if any) to any plaintiff associated with the listed case(s):

- Nilon v. Natural-Immunogenics Corp., No. 3:12-cv-930-LAB;
- Nilon v. Chromadex, No. 56-2013-00436790-CU-MT-VTA (Sup. Ct. Ventura Cnty. 2013);
- Schoonover v. Himalaya Drug Co., No. 12-cv-1782 (S.D. Cal. July 19, 2012);
- Dronkers v. Kiss My Face, LLC, No. 3:12-01151-JAH (S.D. Cal. May 11, 2012);
- Sam Pfleg v. Nature's Way Products, Inc., No. 37-2012-0051979-CU-MT-NC (Sup. Ct. San Diego Cnty. 2012);
- Torres v. Nutrisystem Inc., et al., No. 12-cv-1854 (C.D. Cal. 2013); and,
- Morales, et al. v. Magna, Inc., et al., No. 3:10-cv-1601-EDL (N.D. Cal. filed Apr. 14, 2010).

**RESPONSE TO INTERROGATORY NO. 9**

Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, because this interrogatory contains seven

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

distinct subparts, Defendant will consider this interrogatory to be eight separate interrogatories to count against the total number of interrogatories Plaintiff is permitted to propound in this case. See Fed.R.Civ.Proc. 33 1993 Advisory Committee Notes ("Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."); Kendall v. GES Exposition Servs., 174 F.R.D. 684, 685-686 (D. Nev. 1997) ("[D]iscrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related."). Defendant further objects to the extent requested information is subject to a confidentiality provision. Subject to and without waiving the above, Defendant responds as follows:

**Nilon v. Natural-Immunogenics Corp., No. 3:12-cv-930-LAB:** Defendant did not receive any revenue in connection with this matter. Defendant's clients, Andrew Nilon and Giovanni Sandoval, were not paid any money in connection with this matter.

**RESPONSE CONTINUED ON NEXT PAGE**

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER



CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NIC Exhs.
Page 146

NIC Opp. to MSJ
NTG's Resp to NIC's ROGS Set 1
Exh. 13

Dated: July 7, 2016

**CALLAHAN & BLAINE, APLC**

By:   */s/ Michael LeBoff*
      Edward Susolik
      Michael S. LeBoff
      Attorneys for NEWPORT TRIAL
      GROUP; SCOTT J. FERRELL; RYAN
      M. FERRELL; VICTORIA C.
      KNOWLES; DAVID REID and
      ANDREW LEE BASLOW

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NIC Exhs.
Page 147

NIC Opp. to MSJ
NTG's Resp to NIC's ROGS Set Exh. 13

**VERIFICATION**

I, Scott Ferrell, am a partner at Newport Trial Group, and am authorized to sign this declaration on its behalf. I have reviewed the foregoing responses to Defendant Newport Trial Group's Responses To Plaintiff Natural Immunogenic Corp.'s Interrogatories [Set One]. I declare under penalty of perjury of the laws of the United States of America, that, while I do not have personal knowledge of all facts stated in response to these interrogatories, to the best of my knowledge, the responses to the interrogatories are accurate. Executed this __ day of July 2016 at Newport Beach, California.

Scott Ferrell

- 19 -

NTG's Resp to NIC's ROGS Set 1

NIC Exhs.
Page 148

NIC Opp. to MSJ
Exh. 13

PROOF OF SERVICE
(CODE CIV. PROC. § 1013A(3))
STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707**.

On July 7, 2016, I served the following document(s) described as **DEFENDANT NEWPORT TRIAL GROUP'S RESPONSES TO PLAINTIFF NATURAL IMMUNOGENIC CORP.'S INTERROGATORIES [SET ONE]**

on the interested parties in this action by placing: ☐ the original ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

Please see attached "Service List".

☒ **BY MAIL:** I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered by Nationwide Legal to the addressees below.

☐ **BY FEDERAL EXPRESS:** I deposited such envelopes at Santa Ana, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

☐ **BY FAX TRANSMISSION:** I transmitted the foregoing document by facsimile to the party(s) identified above by using the facsimile number(s) indicated. Said transmission(s) were verified as complete and without error.

☐ **BY EMAIL:** I transmitted the foregoing documents by electronic mail to the party(s) identified on the attached service list by using the electronic mail as indicated. Said electronic mail was verified as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 7, 2016, at Santa Ana, California.

MARIA MARTINEZ

- 21 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

SERVICE LIST

Natural Immunogenics  v.  Newport Trial Group
Case No.: 8:15-cv-02034-JVS (JCG)

Peter A. Arhangelsky                                    *Attorneys for Plaintiff*
Eric J. Awerbuch
Joshua S. Furman
**EMORD & ASSOCIATES, P.C.**
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
parhangelsky@emord.com
eawerbuch@emord.com
jfurman@emord.com

Leah M Kaufman                                          *Attorneys for Plaintiff*
**LMK STRATEGIES AND
RESEARCH**
1001 North Ross Street
Santa Ana, CA 92701
949-939-1351
leah@leahmkaufman.com

Gillian L. Wade                                         ***Attorneys for Defendants***
Marc Cataneda                                           *Andrew Nilon, Giovanni Sandoval, Sam*
Mayo L. Makarczyk                                       *Schoonover, Matthew Dronkers, Taylor*
Sara D. Avila                                           *Demulder, Sam Pfleg,*
**MILSTEIN ADELMAN JACKSON
FAIRCHILD AND WADE LLP**
10250 Constellation Boulevard
Suite 1400
Los Angeles, CA 90067
Tel: (310) 396-9600
Fax: (310) 396-9635
gwade@majfw.com
mcastaneda@majfw.com
savila@majfw.com
mmakarczyk@majfw.com

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NIC Opp. to MSJ
NTG's Resp to NIC's ROGS Set Exh. 13