Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
EMORD & ASSOCIATES, P.C.
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, *et al*.,<br><br>Defendants. | Case No. 8:15-cv-02034-JVS (JCG)<br>JAMS No. 1220053347<br><br>**DECLARATION OF JOSHUA S. FURMAN IN SUPPORT OF PLAINTIFF'S REQUEST FOR FEES AND EXPENSES RE: MASTER CHAPMAN'S MARCH 10, 2017 ORDER**<br><br>Master: Hon. Rosalyn Chapman<br>Judge:  Hon. James V. Selna |

## DECLARATION OF JOSHUA S. FURMAN

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1.    I, Joshua S. Furman, am over the age of 18 and competent to testify to the information below.

2.    I am an attorney with the law firm Emord & Associates, P.C.  I am counsel of record representing Natural-Immunogenics Corp. ("NIC") in the above captioned matter.

3.    I have reviewed in detail all of Emord & Associates, PC's invoices for this matter (Emord & Associates file no. 50964-002) from October 2016 until March 2017. Based on that review, I have determined that NIC incurred a total of $13,525.00 in attorney's fees for work performed in connection with NIC's Motion to Compel Production of Documents (the "Motion") that was filed with Special Discovery Master Chapman on February 8, 2017 and for which Master Chapman issued her order on March 10, 2017 (Dkt. No. 241).  Emord & Associates' attorneys billed 53.375 hours in researching and preparing the meet and confer letter required by LR 37, meeting and conferring with NTG counsel in an attempt to resolve the discovery dispute, researching and drafting the Motion, preparing declarations and exhibits in support of the Motion, researching and drafting the supplemental memorandum in support of the Motion, drafting the declaration in support of the supplemental memorandum, reviewing the Special Master's tentative order, and preparing and arguing at the March 9, 2017 hearing.  The average billable rate for work performed by attorneys in connection with the Motion was $253.40 per hour.

4.    In calculating the total fees and average rates in the preceding paragraph, I undertook a detailed review of Emord & Associates' invoices from October 2016 through March 2017.  Exhibit 1 hereto summarizes the results of my review in a table. Exhibit 1 sets forth all of the attorneys' fees incurred by NIC in connection with the Motion.  The table contains the following information related to each attorney time entry for which NIC seeks recovery: (1) date; (2) total hours listed; (3) the number of hours apportioned for work performed in connection with the Motion; (4) the attorney, clerk, or paralegal performing the work; (5) that person's hourly rate; (6) the total amount of money billed to NIC; (7) the amount of money apportioned to the motion; and (8) a description of the work performed.  All of the information contained in the table, except the information in columns 3 and 7, is taken verbatim from the invoices that I reviewed.

5. Time entries that exclusively related to the Motion were included in Exhibit 1 without modification, reduction, or apportionment.

6. Time entries that contained work performed in connection with the Motion as well as work performed on other tasks were reduced by 50% if, after thorough review, the majority of work performed related to the Motion. However, where the majority of work performed did not relate to the motion, I discarded the time entry for purposes of this fee request.

7. The following attorneys performed work in connection with the Motion: Eric J. Awerbuch, Joshua S. Furman, Charles E. Markle, Peter A. Arhangelsky, and Jonathan W. Emord. Detailed information about these individuals follows.

8. Jonathan W. Emord is the principal and founding partner of Emord & Associates, P.C. Mr. Emord has practiced law for 32 years and has been awarded the AV Preeminent rating by Martindale-Hubbell Peer Review. Mr. Emord is admitted to practice in Illinois, the District of Columbia, and Virginia, and various federal courts, including the Supreme Court of the United States. Mr. Emord is an experienced federal litigator. He has drafted briefs and participated as lead counsel in over a dozen cases before the United States Courts of Appeal and the United States District Courts. He is admitted to the bar of the Supreme Court of the United States and has participated in the drafting of briefs in cases before the Supreme Court. He is an experienced trial attorney and oral advocate with nationwide recognition in the areas of constitutional law, administrative law, and deceptive advertising law under the Federal Trade Commission and Lanham Acts. He is the author of critically acclaimed books and several law review articles on the First Amendment and government regulation. Mr. Emord's billable rate on this matter is $500 per hour. He billed 1.25 hours to perform final reviews and edits to the NIC pleadings at issue, for a total of $625.00 in connection with the Motion.

9. Peter Arhangelsky is a partner at Emord & Associates, P.C. Mr. Arhangelsky has been practicing law for 10 years. Mr. Arhangelsky is admitted to

Declaration of Joshua S. Furman

practice in both California and Arizona, and various federal courts. Mr. Arhangelsky has extensive experience in federal litigation, having practiced before federal courts in California, Utah, the District of Columbia, Arizona, Ohio, New Jersey, Virginia, and others. Mr. Arhangelsky's litigation practice focuses on complex civil litigation in Lanham Act false advertising matters (and deceptive advertising matters generally), and includes administrative litigation before the federal administrative agencies like the Federal Trade Commission and the Food and Drug Administration. He has been published on issues concerning constitutional and administrative law. Mr. Arhangelsky is the lead attorney on this matter and was lead counsel in the underlying *Nilon v. Natural-Immunogenics Corp.* matter. He was involved in reviewing, revising, and approving the Motion. His billable rate on this matter is $400 per hour. He billed 7.75 hours for a total of $3,100.00 in connection with the Motion.

10.    I, Joshua Furman, am an associate attorney at Emord & Associates, P.C. I have practiced exclusively in federal court since my admission in 2014. I have participated extensively in this matter and was attorney of record in the underlying case of *Nilon v. Natural-Immunogenics Corp.* I argued the Motion before Special Master Chapman on March 9, 2017. My billable rate in this matter was $175 per hour until December 30, 2016 when my rate increased to $225 per hour. I billed a total of 24.5 hours in connection to the Motion for a total of $5,225 in fees. My average billable rate in connection with the motion was $213.27 per hour.

11.    Eric J. Awerbuch is an associate attorney at Emord & Associates, P.C. Mr. Awerbuch has had extensive experience in federal litigation since his admission in 2013. Mr. Awerbuch is counsel of record in the above-captioned matter and participated in the underlying *Nilon v. NIC* litigation. Mr. Awerbuch's billable rate in this matter is $250 per hour. Mr. Awerbuch billed a total of 12 hours in connection to the Motion for a total of $3,000 in fees.

Declaration of Joshua S. Furman

4

12.     Charles E. Markle is a junior associate. Mr. Markle performed work related to the Motion at a billable rate of $200 per hour. Mr. Markle billed a total of 7.875 hours in connection with the Motion for a total of $1,575.

13.     Earlier in this action, Judge Selna awarded the NTG Defendants a partial fee award in connection with their partial success on two anti-SLAPP motions. *See* Dkt. 198. Judge Selna found Callahan & Blaine's fees and rates reasonable. Dkt. 198 at 8. Callahan & Blaine's blended hourly rate was $470.86 per hour for the First Motion to Strike and $490 per hour for the Second Motion to Strike. *See* Dkt. 172 at 23-25.

14.     Emord & Associates' attorneys possess comparable experience and credentials to those of the attorneys at Callahan & Blaine who performed work on NTG's Anti-SLAPP motions.

15.     Mr. Emord's 32 years of experience is commensurate with Mr. Susolik's 27 years and Mr. Callahan's 37 years. Mr. Emord bills at $500 per hour, considerably less than Mr. Susolik's $636.00 and Mr. Callahan's $784.00.

16.     Mr. Arhangelsky's 10 years of experience is comparable to Mr. Golden's 11 years of experience and Mr. Darnell's 16 years of experience. Moreover, Mr. Arhangelsky is a managing partner at Emord & Associates. His rate of $400 per hour is substantially similar to the $396 per hour charged by Mr. Golden and the $476.00 per hour charged by Mr. Darnell.

17.     According to Callahan & Blaine's attorney's fee expert report that was attached to NTG's fee request (Dkt. 172-4), NIC's associate and partner rates are less expensive than the prevailing averages in the Southern California market. Mr. Moscaret, Esq.'s report explains that, as of 2009, "litigation partners at top-tier law firms in San Diego had undiscounted, prevailing market rates for large, non-contingent, complex litigation ranging from roughly $500 – $800 per hour, and associates had undiscounted, prevailing market rates of $300 - $500 per hour." *See* Dkt. 172-4 at ¶ 87. Emord's partner rates of $400 and $500 per hour are on the low end of that range. Emord's

Declaration of Joshua S. Furman
5

associate rates of $175, $200, $225, and $250 are well below the low end of $300. Moreover, according to the Laffey index, rates have increased annually since 2009, meaning that Callahan & Blaine's expert report likely reflects rates that are lower than rates in 2017.[1]  While Callahan & Blaine's expert report refers to rates in San Diego, it still establishes that Emord's rates are reasonable for two reasons.  First, Callahan & Blaine used it to validate their rates in the instant case, thus they have conceded that it is applicable to this Orange County litigation.  Second, even were Orange County to have lower rates than San Diego, Emord's rates are less than or equal to the lowest rates identified in the expert report and would therefore still be reasonable when compared to rates in a jurisdiction with lower billable rates.

18.    The Laffey Index, which averages annual rates, also establishes that Emord's rates are reasonable.  The prevailing market average rate for an attorney with Mr. Emord's experience is $826 per hour compared to Mr. Emord's rate of $500 per hour.  The prevailing market average rate for an attorney with Mr. Arhangelsky's experience is $608 per hour compared to Mr. Arhangelsky's rate of $400 per hour.  The prevailing market average rate of associates with Mr. Awerbuch's 4-7 years of experience is $421 per hour compared to Mr. Awerbuch's rate of $250 per hour.  The prevailing market average rate for associates with 1-3 years of experience (Mr. Markle and Mr. Furman) is $343 per hour compared to their rates of $175-$225 per hour.   Thus, Emord's rates are well below the nationwide average and should be found reasonable by the Court.

19.    A review of Exhibit 1 will show that Emord & Associates effectively delegated workflow to less-expensive timekeepers.  The three associates mentioned in the preceding paragraph performed 83% of the work (44.375 hours of 53.375) related to the Motion.  Thus, partner time accounted for less than 20% of the work performed.

---

[1] http://www.laffeymatrix.com/see.html

20.    I have also reviewed in detail the JAMS invoices for this matter from February 2017 through March 2017.  Based on that review, I have determined that NIC incurred $2,900.00 in costs associated with the Special Master's work in connection with the Motion.  JAMS has not yet invoiced NIC for the Special Master's time at the March 9, 2017 hearing concerning the Motion, thus, those costs are not yet included in the total.  Exhibit 2 hereto summarizes the Special Master's costs in table format.  The table in Exhibit 2 contains the following information related to Master Chapman's time entries for which NIC seeks recovery: (1) invoice number on which the entry appears; (2) date of entry; (3) total hours listed; (4) Master Chapman's hourly rate; (5) total billed to the Parties; (6) total billed to NIC (one third of column 5); and (7) Master Chapman's description of work performed.  All of the information contained in the Exhibit 2 table is taken verbatim from the JAMS invoices that I reviewed.

21.    Based on my review of Emord's time sheets and the JAMS invoices, and as explained in Exhibits 1 and 2, I have determined that NIC reasonably incurred $16,425.00 in fees and expenses in connection with the Motion.  I spent 7.5 hours reviewing invoices, preparing Exhibits 1 & 2, and preparing this declaration.  Thus, NIC incurred an additional $1,687.50 in fees related to the preparation of this request.  NIC's total fees and costs therefore total $18,112.50.  The Master's Order requires NTG to pay 50% of NIC's reasonable fees and expenses, **which amount is $9,056.25**.

Executed on this __20th__ day of March, 2017.

_____
Joshua S. Furman
*Attorney for Plaintiff*

Declaration of Joshua S. Furman

7