**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
esusolik@callahan-law.com
David J. Darnell (SBN 210166)
ddarnell@callahan-law.com
Stephanie A. Sperber (SBN 230006)
ssperber@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants NEWPORT TRIAL GROUP, SCOTT J. FERRELL, RYAN M. FERRELL, VICTORIA C. KNOWLES, DAVID REID and ANDREW LEE BASLOW

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation, <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | CASE NO. 8:15-cv-02034-JVS-JCG <br><br> **OBJECTION OF NTG DEFENDANTS TO EVIDENCE IN CONNECTION WITH PLAINTIFF NIC'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE MALICIOUS PROSECUTION CLAIM** <br><br> Hearing Date: April 10, 2017 <br> Hearing Time: 1:30 p.m. <br> Judge: Hon. James V. Selna |

Defendants Newport Trial Group, Scott Ferrell, Ryan Ferrell, Victoria Knowles, David Reid and Andrew Baslow (the "NTG Defendants") hereby object to the evidence submitted by Plaintiff Natural-Immunogenics Corp. ("NIC") in connection with its opposition to the NTG Defendants' Motion for Partial Summary Judgment on NIC's Malicious Prosecution claim.

I. **INTRODUCTION**

It is fundamental that a court may only rely on admissible evidence in ruling on a motion for partial summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002). Further, courts do not need to consider evidence that is not material or relevant to the issues raised by the motion. S*ee Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of judgment.").

The NTG Defendants' Motion for Partial Summary Judgment raises a narrow legal question: Did NIC receive a "favorable termination" in the underlying action that: (1) reflected on the merits; and (2) demonstrated NIC's innocence or lack of responsibility for the conduct alleged? If not, then NIC cannot prove one of the mandatory elements of its claim for malicious prosecution and the NTG Defendants are entitled to judgment as a matter of law on that claim.

Notwithstanding the narrow scope of the NTG Defendants' motion, NIC has submitted vast amounts of irrelevant and inadmissible evidence in an attempt to litigate the entirety of its malicious prosecution claim on the merits. For example, NIC repeatedly references Andrew Nilon's alleged communications with Andrew Baslow, the timing of communications between Nilon or Sandoval and Newport Trial Group, and even other cases not involving Newport Trial Group that have nothing to do with the NTG Defendants' motion. None of these facts are relevant or admissible, and they it should not be considered in connection with the NTG

Defendants' Motion for Partial Summary Judgment.

Accordingly, the NTG Defendants object and move to strike the following evidence NIC submitted with its Opposition.

## II. SPECIFIC OBJECTIONS

### A. The Order Denying Defendants' Anti-SLAPP Motion.

The NTG Defendants object to and move to strike all of NIC's references to the Court's April 19, 2016 Order denying the NTG Defendants' anti-SLAPP Motion to Strike NIC's Malicious Prosecution claim (Dkt. 88-1), discussed in NIC's Opposition to Motion for Partial Summary Judgment at pages 1:23-2:2, 2:10-13, 13:22-16:5, 18:14-19, 19:23-28, 23:10-18 and 24:6-10.

California Code of Civil Procedure § 425.16(b)(3) explicitly precludes the admissibility or use of a prior Order denying an anti-SLAPP motion. Specifically, Section 425.16(b)(3) states:

> If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, **neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case**, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

(Emphasis added.)

Under the plain language of Section 425.16(b)(3), a court's ruling or determination on an anti-SLAPP motion is not admissible in evidence at any later stage in the proceeding. *See Hutton v. Hafif*, 150 Cal. App. 4th 527, 549 (2007) (analyzing the 2005 amendment to the anti-SLAPP statute and finding the Legislature wanted to ensure that parties would not be penalized "for filing a special motion to end the case early"); *Greater L.A. Agency on Deafness, Inc. v. CNN, Inc.*, 742 F.3d 414, 427-28 (holding that denial of Anti-SLAPP motion did not change

requirement that plaintiff had to "prove its claims with competent evidence in the district court"). Nor is that ruling admissible in determining whether NIC received a "favorable determination" in the underlying action. *See Garcia v. Allstate Ins.*, 2015 U.S. Dist. LEXIS 45488, at *9-11 (ruling that previous order denying Anti-SLAPP motion did not eliminate requirement that a malicious prosecution plaintiff prove that there was a favorable termination).

Accordingly, the Court's April 19, 2016 Order is inadmissible and should be stricken along with all references to the Order.

### B. Evidence Relating to When Sandoval Purchased Sovereign Silver.

The NTG Defendants object to and move to strike the Declaration of Benjamin Quinto, Exhibits 1-6 attached to the Quinto Declaration and Exhibit 24 to the Declaration of Joshua Furman, which is discussed in NIC's Opposition to Motion for Partial Summary Judgment at pages 6:10-16, 9:5-6, 20:23-21:26, and in Plaintiff's Counter-Statement of Material Facts Nos. 78, 79, and 81.

Quinto's Declaration and Exhibits 1-6 and 24 concern Quinto's purported analysis of the bottle of Sovereign Silver that Sandoval produced in this case, along with Quinto's contention (for which he lacks personal knowledge) that Sandoval's "claim[] to have purchased the product in or around November of 2013 is demonstrably false." Quinto Decl. ¶ 14. This testimony has nothing to do with whether NIC has received a favorable termination on the merits. Accordingly, Quinto's Declaration and Exhibits 1-6 and 24 are not relevant or material to the NTG Defendants' motion, and they should be stricken in their entirety.

Further, Exhibit 24 to the Furman Declaration should be stricken for the additional reason that it is hearsay, and NIC has not provided any information that would allow the Court to determine whether an exception could apply. Fed. R. Evid. 801 and 802. Further, NIC has not shown that Mr. Furman has personal knowledge about the document or the requisite foundation to testify about its

contents. *See* Furman Decl. ¶ 19; Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4). Exhibit 24 is also admittedly incomplete, and therefore does not identify "all instances of cash purchases" of Sovereign Silver at Sprouts Store No. 202.

### C. Evidence Regarding How Nilon and Sandoval Became Involved with NTG and Nilon's Request to No Longer Act as a Class Representative.

The NTG Defendants object to and move to strike the Declaration of Clark Baker and Exhibits 7-8 attached to that declaration, along with Exhibit 23 to the Declaration of Joshua Furman, which are discussed in NIC's Opposition to Motion for Partial Summary Judgment at page 6 fn. 3, page 8:8, and in the Statement of Genuine Disputes at No. 21 on page 6, and in the Counter-Statement of Material Facts at nos. 5-7, 49, and 98.

The Clark Baker declaration and Exhibits 7, 8, and 23 are not relevant or material to the favorable termination analysis. *See Dalany v. American Pacific Holding Corp.*, 42 Cal. App. 4th 822, 829 (1996); *StaffPro, Inc. v. Elite Show Services, Inc.*, 136 Cal. App. 4th 1392, 1399 (2006). Baker's declaration discusses his communications and investigation into Nilon, his investigation into Sandoval, and his communications with third-parties not relevant to NIC's malicious prosecution claim. Baker does not offer any testimony or other evidence concerning whether NIC received a favorable termination in the underlying action. Similarly, evidence concerning Nilon's request to no longer act as a class representative is not relevant, and Sandoval's retention letter does not bear on the issues raised by NTG's Motion for Partial Summary Judgment. Therefore, all of this evidence should be stricken as irrelevant. Fed. R. Evid. 401 and 402; *Anderson*, 477 U.S. at 248.

### D. NTG Defendants' and Nilon's Privilege Logs.

The NTG Defendants object to and move to strike Exhibits 9 and 10 attached to the Declaration of Joshua S. Furman, which are discussed in NIC's Opposition to

Motion for Partial Summary Judgment at pages 4:24-25, 5:3-5 and 25:2-14.

The privilege logs and the information in them have no bearing on the favorable termination analysis, and should be excluded as irrelevant under Federal Rules of Evidence 401 and 402. *See Dalany*, 42 Cal. App. 4th at 829; *StaffPro*, 136 Cal. App. 4th at 1399.

Further, NIC may not draw any adverse inferences based upon the assertion of the privilege. *See Nabisco, Inc. v. PF Brands, Inc.*, 191 F.3d 208, 225-26 (2d Cir. 1999), abrogated on other grounds in *Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418 (2003); *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810, 811-12 (E.D. Cal. 2006).

### E. Nilon's Discovery Responses.

The NTG Defendants object to and move to strike Exhibits 11 and 12 attached to the Declaration of Joshua S. Furman, which are discussed in NIC's Opposition to Motion for Partial Summary Judgment and in the Counter-Statement of Material Facts at Nos. 5-7, 9, 12-15, 18, 20, 22, and 32-33.

NIC is relying on Nilon's discovery responses for issues that have nothing to do with the favorable termination analysis, such as the times Nilon met with NTG and what they discussed. Those issues are not material to the NTG Defendants' motion, and NIC's evidence should be excluded as irrelevant under Federal Rules of Evidence 401 and 402. *See Dalany*, 42 Cal. App. 4th at 829; *StaffPro*, 136 Cal. App. 4th at 1399.

### F. The NTG Defendant's Discovery Responses.

The NTG Defendants object to and move to strike Exhibits 13, 14, 15, 16 and 17, and 18 attached to the Declaration of Joshua S. Furman, which are discussed throughout NIC's Opposition to Motion for Partial Summary Judgment and its Counter-Statement of Material Facts.

As with Nilon's discovery responses, NIC is relying on the NTG Defendants' discovery responses for issues that have nothing to do with the favorable termination analysis. Those issues are not material to the NTG Defendants' motion, and NIC's evidence should be excluded as irrelevant under Federal Rules of Evidence 401 and 402. *See Dalany*, 42 Cal. App. 4th at 829; *StaffPro*, 136 Cal. App. 4th at 1399.

In addition, Exhibit 18 is a letter from NIC's own counsel concerning discovery in this case. Exhibit 18 is not only irrelevant to the favorable termination analysis, but also constitutes inadmissible hearsay not within any exception. Fed. R. Evid. 801 and 802. Accordingly, Exhibit 18 should be stricken.

### G. Evidence Regarding the Representation of Former NTG Client, Trycia Carlberg.

The NTG Defendants object to and move to strike Exhibit 19 attached to the Declaration of Joshua S. Furman, which is discussed in NIC's Opposition to Motion for Partial Summary Judgment at page 4:3-4 and the Counter-Statement of Material Facts No. 24.

NTG's representation of Trycia Carlberg has nothing to do with any of the issues in the underlying action, much less the favorable termination analysis, and any evidence concerning it should be excluded as irrelevant. Fed. R. Evid. 401 and 402; *Dalany*, 42 Cal. App. 4th at 829; *StaffPro*, 136 Cal. App. 4th at 1399. This evidence should be excluded as irrelevant.

In addition, Exhibit 19 is a printout from a website and constitutes hearsay not within any exception. Fed. R. Evid. 801 and 802. Mr. Furman also lacks personal knowledge and foundation to testify as to any of the matters shown on Exhibit 19 or the relationship between Trycia Carlberg and Erin Ferrell. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4); *See* Furman Decl. ¶ 14. Exhibit 19 should be stricken for these additional reasons.

### H. Evidence Relating to the December 27, 2011 Demand Letter

The NTG Defendants object to and move to strike Exhibit 20 attached to the Declaration of Joshua S. Furman, which is discussed in NIC's Opposition to Motion for Partial Summary Judgment, and the Counter Statement of Material Facts No. 1 (p.13) and No. 21 (page 16).

Exhibit 20 is a demand letter dated December 27, 2011, before Nilon even filed the underlying action. There is no evidence that NTG sent the demand letter on behalf of Nilon. The demand letter is simply irrelevant to the favorable termination analysis, and it should be excluded as irrelevant and immaterial to the NTG Defendant's motion for partial summary judgment. Fed. R. Evid. 401 and 402; *Dalany*, 42 Cal. App. 4th at 829; *StaffPro*, 136 Cal. App. 4th at 1399.

Exhibit 20 should also be excluded as inadmissible hearsay not within any exception. Fed. R. Evid. 801 and 802.

### I. Evidence regarding phone calls between various AT&T and Verizon telephone numbers.

The NTG Defendants object to and move to strike Exhibits 21, 22, 26, 28, 29 and 30 attached to the Declaration of Joshua S. Furman, which are discussed throughout NIC's Opposition to Motion for Partial Summary Judgment and its Counter-Statement of Material Facts.

The dates and times that phone calls were made by Nilon and Baslow do not bear on the favorable termination analysis, and should be excluded as irrelevant. Fed. R. Evid. 401 and 402; *Dalany*, 42 Cal. App. 4th at 829; *StaffPro*, 136 Cal. App. 4th at 1399.

### J. Evidence Relating to Sandoval's Criminal History.

The NTG Defendants object to and move to strike Exhibit 25 attached to the Declaration of Joshua S. Furman, which is discussed in NIC's Opposition to Motion

for Partial Summary Judgment at page 9:18-19, and the Counter Statement of Material Facts No. 65 (page 22).

Exhibit 25, which purports to set forth Sandoval's criminal background, does not bear on the favorable termination analysis, and it should be excluded as irrelevant. Fed. R. Evid. 401 and 402; *Dalany*, 42 Cal. App. 4th at 829; *StaffPro*, 136 Cal. App. 4th at 1399.

In addition, Exhibit 25 states that it is for "licensed investigator purposes only." NIC relies on its attorney Joshua Furman to introduce this evidence, but Mr. Furman did not state in his declaration that he is a licensed investigator. Further, NIC has not shown that Mr. Furman has personal knowledge about the document or the requisite foundation to testify about its contents. See Furman Decl. ¶ 20; Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4).

### K. Evidence Relating To Sandoval's Settlement Communications With NIC.

The NTG Defendants object to and move to strike Exhibit 27 attached to the Declaration of Joshua S. Furman, which is discussed in NIC's Opposition to Motion for Partial Summary Judgment at page 11:15-24 and the Counter Statement of Material Facts Nos. 127-128 (page 31).

Exhibit 27 is an email from David Reid to NIC's counsel Peter Arhangelsky. The first line of the email states: "**Confidential Settlement Communication Pursuant to Rule 408 of the Fedral Rules of Evidence.**" The email goes on to propose a settlement that would have resolved the underlying action. Therefore, Exhibit 27 is an inadmissible settlement communication, and NIC may not rely on it in order to prove any of the elements of its claims in this case, including whether there was a favorable termination on the merits. Fed. R. Evid. 408(a); *Hudspeth v. Commissioner*, 914 F.2d 1207, 1213-14 (9th Cir. 1990); *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 297 (5th Cir. 2010); *Ciolli v. Iravani*, 625 F. Supp. 2d 276, 287-288 (E.D. Pa. 2009) ("We further believe that Ciolli's wrongful

initiation of civil proceedings and abuse of process claims are sufficiently related to the Connecticut Litigation as to require the inadmissibility of settlement evidence from that suit.").

Dated: March 23, 2017     **CALLAHAN & BLAINE, APLC**

By:  */s/* Stephanie A. Sperber
Edward Susolik
David J. Darnell
Stephanie A. Sperber

Attorneys for Defendants NEWPORT TRIAL GROUP, SCOTT J. FERRELL, RYAN M. FERRELL, VICTORIA C. KNOWLES, DAVID REID and ANDREW LEE BASLOW