Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
EMORD & ASSOCIATES, P.C.
2730 S. Val Vista Dr., Bldg. 6, Suite 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NATURAL-IMMUNOGENICS CORP., | Case No. 8:15-cv-02034-JVS (JCG) |
| Plaintiff, | **DECLARATION OF PETER A. ARHANGELSKY IN SUPPORT OF PLAINTIFF'S RESPONSE TO OBJECTIONS TO THE SPECIAL MASTER'S ORDER DENYING MOTION TO QUASH SUBPOENA TO CONTINUITY PRODUCTS LLC (DKT. 234)** |
| v. | |
| NEWPORT TRIAL GROUP, *et al*., | |
| Defendants. | Judge:  Hon. James V. Selna |

## DECLARATION OF PETER A. ARHANGELSKY

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1.    I, Peter A. Arhangelsky, am over the age of 18 and competent to testify to the information below.

2.    I am an attorney with the law firm of Emord & Associates, P.C.  I am counsel of record in the above-captioned case.  I make this declaration based on my own personal knowledge unless where stated otherwise.

3.     Plaintiff NIC was unaware of the entity "Strataluz" prior to briefing the underlying Motion to Quash.  Plaintiff NIC has not had an opportunity to take discovery from non-parties or defendants concerning the Strataluz, LLC entity, or products purportedly sold by Strataluz, LLC.  NIC first learned that the relevant correspondence related to this motion concerned "Strataluz, LLC" through Defendants' briefing in the Joint Stipulation, wherein Defendants' portion of the motion stated as follows (pg. 7): "Defendants Scott Ferrell, Dave Reid and non-party Josh Weiss were formerly part-owners of a now-defunct Nevada corporation named Strataluz, LLC."  *See* Joint Stip. (Dkt. 244-1, Exh. 3 at 7).

4.     Without the benefit of discovery, NIC counsel has investigated the Strataluz entity and its products, specifically the Strataluz "ProMAXAL" product, through publicly available channels and sources.

5.     NIC counsel has been unable to find any evidence that Strataluz operated a legitimate business or sold legitimate products.  In particular, there appears to be no public record evidence of any kind indicating that Strataluz's purported "ProMAXAL" product was a legitimate product.

6.     NIC has performed searches of internet web materials and sites concerning "Strataluz, LLC" and "ProMAXAL," and no relevant information appears in response to those and similar search terms.

7.     The ProMAXAL website that existed under the URL "www.promaxal.com" included an illustrated graphic of a product bottle for "ProMAXAL" that was self-evidently not a genuine product for sale to United States consumers.  Attached as **Exhibit 1** is a true and accurate copy of the ProMAXAL bottle graphic that appeared on the front page of "www.promaxal.com," which was available for download through cached copies of the former (and now deactivated) website.  *See also* **Exhibit 2** (which is a copy of the ProMAXAL webpage once available at www.promaxal.com).

Declaration of Peter A. Arhangelsky

2

8.     The ProMAXAL bottle depicts a graphic illustration of a bottle, but not an actual image of the product itself.  *See* Exh. A.  NIC counsel was unable to locate through public sources any image of an actual ProMAXAL bottle or product for sale.

9.     The June 10, 2015 cached copy of the ProMAXAL website (www.promaxal.com) displays an automatically generated shopping cart error when visitors click the "Try it now!" button on the right hand side of the website.  *See* Exhibit C.  **Exhibit 3** is a true and accurate copy of the ProMAXAL website after the "Try it now!" button was selected.

10.     The ProMAXAL bottle depicted in Exhibit A lacks basic information that would be required for any dietary supplement sold to United States consumers.  The bottle lacks a "statement of identity" (21 U.S.C. §§ 321(ff)(2)(C), 343(s)(2)(B); 21 C.F.R. § 101.3 (g); Cal. Health & Safety Code §§ 110710, 110720); it lacks a "net quantity of contents" statements (21 U.S.C. § 343(e); 21 C.F.R. § 101.105; Cal. Health & Safety Code § 110675(b)); and it fails to include required footnoting or asterisks linking to FDA-required structure/function disclaimers (21 U.S.C. § 343(r)(6)(C); 21 C.F.R. § 101.93(c)).

11.     NIC was unable to locate any information about Strataluz LLC or ProMAXAL through the FDA's databases concerning Structure/Function notifications filed for ProMAXAL as required by 21 U.S.C. § 343(r)(6)(C) and 21 C.F.R. § 101.93(a).

12.     Within thirty (30) days of first use in commerce, a company selling any dietary supplement product with "structure/function" claims under 21 U.S.C. § 343(r)(A) and 21 C.F.R. § 101.93(f) must provide written notification to the FDA of those structure/function claims.  21 U.S.C. § 343(r)(6)(C);  21 C.F.R. § 101.93(a).  The ProMAXAL bottle depicted online includes "structure/function" claims under the FDCA (21 U.S.C. § 343(r)(6)(A)), including, e.g., the claims:  (1) increase size; (2) increase strength; and (3) increase endurance.

Declaration of Peter A. Arhangelsky

13. NIC could locate no information through online FDA databases indicating that Strataluz, LLC, or any of its parent holding companies, completing those requisite filings.

14. **Exhibit 4** contains true and correct copies of online searches of FDA's website and databases for information concerning Strataluz, LLC or its product ProMAXAL.

15. **Exhibit 5** contains true and correct copies of online searches of Regulations.gov for information regarding Strataluz, LLC or its product ProMAXAL.

16. **Exhibit 6** contains true and correct copies of basic search engine queries for information concerning Strataluz's ProMAXAL product—which queries revealed no public information concerning the ProMAXAL product.

17. **Exhibit 7** contains a true and correct copy of a search query for the ProMAXAL product using the popular merchant website Amazon.com—the query revealed no public information concerning the ProMAXAL product.

18. **Exhibit 8** contains a true and correct copy of a national search query through the Better Business Bureau's online website for information concerning Strataluz, LLC.  The query revealed no responsive or relevant information.

19. **Exhibit 9** contains a true and correct copy of the "About" webpage displayed for the National Institutes of Health's Dietary Supplement Label Database ("DSLD"), which is available at https://dsld.nlm.nih.gov/dsld/about.jsp (last visited March 22, 2017).

20. **Exhibit 10** is a true and accurate copy of the "TruDerma – Viaxus Male Enhancement" dietary supplement product page on file with the NIH's Dietary Supplement Label Database.

21. **Exhibit 11** is a true and accurate copy of the "Natural Product Solutions, LLC – VirMAX (TM)" dietary supplement product page on file with the NIH's Dietary Supplement Label Database.

Declaration of Peter A. Arhangelsky

22.    **Exhibit 12** is a true and accurate copy of a search query within the NIH's Dietary Supplement Label Database for any product, label, or brand containing the word "Strataluz" in any relevant field.  The query yielded no results.

23.    **Exhibit 13** is a true and accurate copy of a search query within the NIH's Dietary Supplement Label Database for any product, label, or brand containing the word "promaxal" in any relevant field.  The query yielded no results.

24.    Strataluz's legal pleadings represent that its formula is "patented," Strataluz's promotional video indicates that the ProMAXAL product contains "a revolutionary patented delivery system," and Strataluz's demand letters represented that the purported product had "a proven, patent-protected, proprietary male enhancement formula."  *See, e.g., Strataluz v. Truderma*, 3:15-cv-01248-JM-RBB (S.D. Cal. June 3, 2015), Dkt. 1 at ¶ 13; *id.* at Dkt. 6-2 at 1; Exhibit 14.

25.    **Exhibit 14** is a true and accurate copy of an NTG demand letter served on Natural Product Solutions, LLC on June 2, 2015, and filed to the public CM/ECF docket in *Strataluz, LLC v. Natural Product Solutions, LLC*, No. 1:15-cv-01675-ELH (D. Md. June 2, 2015), Dkt. 1.

26.    The patent referenced by Strataluz is U.S. Patent No. 5,817,364.  *See, e.g., Strataluz v. Truderma*, 3:15-cv-01248-JM-RBB (S.D. Cal. June 3, 2015), Dkt. 1 at ¶ 13. A true and accurate copy of the '364 patent is attached as **Exhibit 15**, as obtained from the United States Patent and Trademark Office's online database.  That '384 patent does not relate to male enhancement, sexual performance, or any of the claimed benefits cited by Strataluz in any of its promotional materials.  The patent describes a method to manufacture a beverage, and not a method to manufacture or product capsules or pills for male enhancement.  *Id.*  That patent is not owned by Strataluz.  *Id.*

27.    There is no publicly available information indicating that Strataluz, LLC is a patent assignee for the '384 patent, that Strataluz incurred any expenses or costs

Declaration of Peter A. Arhangelsky

5

associated with that patent, or that Strataluz incurred any expenses or costs associated with research related to that patent.

28.     There is no record retrievable through the United States Patent and Trademark Office's online databases indicating that any company has obtained a trademark for a "LIFTGATE" technology related to male enhancement or dietary supplements generally.  *See* Exhibit 16.

29.     **Exhibit 16** is a true and accurate copy of an online records query (all fields combined) for the word "LIFTGATE" within the United States Patent and Trademark Office's Trademark Electronic Search System (TESS).  The query yielded seven (7) records, none of which relate to dietary supplements, male enhancement, or Strataluz's product.

30.     **Exhibit 17** is a true and accurate copy of a Local Rule 7.1-1 Certification and Notice of Interested Parties filed by Scott J. Ferrell on behalf of Strataluz, LLC in *Strataluz, LLC v. Nip + Fab Limited*, No. 8:15-cv-00749-JVS-DFM (C.D. Cal. May 12, 2015), Dkt. 5.

31.     **Exhibit 18** is a true and accurate copy of a Fed. R. Civ. P. 7.1 Corporate Disclosure Statement filed by Scott J. Ferrell on behalf of Strataluz, LLC in *Strataluz, LLC v. Nip + Fab Limited*, No. 8:15-cv-749-JVS-DFM (C.D. Cal. May 12, 2015), Dkt. 6.

32.     **Exhibit 19** is a true and accurate copy of the Transcript of Proceedings before Special Master Hon. Rosalyn Chapman on Monday, March 6, 2017.

33.     **Exhibit 20** is a true and accurate screen-capture of a domain history check run for the www.promaxal.com website on March 22, 2017, which reflects an abandonment of all nameservers and domains related to promaxal.com as of July 3, 2016.

34.     The online database known as "PubMed" is a service of the U.S. National Library of Medicine that provides access to indexed citations and abstracts published in

the medical, nursing, dental, veterinary, health care, and preclinical sciences.  *See* "FAQ: PubMed®", *available at*, https://www.nlm.nih.gov/services/pubmed.html (last accessed March 23, 2017).  Medical and legal professionals who practice in FDA-regulated areas rely on PubMed to perform medical and scientific research.  In March 2017, I executed inquiries into the PubMed database using Boolean search terms related to Strataluz and its ProMAXAL product.  There were no relevant entries in the PubMed database.  Attached as **Exhibit 21** are true and accurate screen-captures of representative search inquiries and the results of same.

Executed on this 27 day of March, 2017.

> /s/ Peter A. Arhangelsky
> Peter A. Arhangelsky
> *Attorney for Plaintiff NIC*

Declaration of Peter A. Arhangelsky

7