# EXHIBIT 19

**NATURAL IMMUNOGENICS CORP.: HEARING**

Page 1

U.S. DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

NATURAL IMMUNOGENICS CORP., a )
Florida corporation, )
                               )
           Plaintiff(s),       )
                               ) NO. 8:15-CV-02034-JVS-JCG
   VS.                         ) (JAMS No. 120055347)
                               )
NEWPORT TRIAL GROUP, et al.,   )
                               )
           Defendant(s).       )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS BEFORE

SPECIAL MASTER HON. ROSALYN CHAPMAN

Monday, March 6, 2017

APPEARANCES:

FOR PLAINTIFF(S):        EMORD & ASSOCIATES
                          BY:  PETER A. ARHANGELSKY
                               JOSHUA S. FURMAN
                               Attorneys At Law
                          2730 South Val Vista Drive
                          Building 6, Suite 133
                          Gilbert, Arizona 85295
                          parhangelsky@emord.com
                          jfurman@emord.com
                          602.388.8899


                          (Appearances continued on
                          following page.)


CERTIFIED TRANSCRIPT

REPORTED BY:             RHONDA NORBERG,
                         CSR NO. 9265, CCRR NO. 185

**hglitigation.com**

NIC Resp. to Obj. re Continuity
Exh. 19

**NATURAL IMMUNOGENICS CORP.: HEARING**

Page 2

Appearances (continued):

FOR DEFENDANT(S):          CALLAHAN & BLAINE
                            BY:   EDWARD SUSOLIK
                                  DAVID J. DARNELL
                                  Attorneys At Law
                           3 Hutton Centre Drive
                           Ninth Floor
                           Santa Ana, California 92707
                           esusolik@callahan-law.com
                           ddarnell@callahan-law.com
                           714.241.4444

                           FORD & DIULIO PC
                           BY:   BRENDAN M. FORD
                                 Attorney At Law
                           695 Town Center Drive
                           Suite 700
                           Costa Mesa, California 92626
                           bford@forddiulio.com
                           714.384.5540

hglitigation.com



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

Page 3

COSTA MESA, CALIFORNIA; MONDAY, MARCH 6, 2017

9:51 A.M.


(Discussion held off the record.)

THE SPECIAL MASTER:  Let's go on the record, please, in the matter of Natural Immunogenics Corp. versus Newport Trial Group, et al.  This is Case Number 15-CV-2034.  I'm Judge Rosalyn Chapman.  I've been appointed special master in this case.

We're doing oral argument this morning on a motion to quash a subpoena issued to Continuity.  I'd like the parties to make their appearances, starting with the plaintiff, please.

MR. ARHANGELSKY:  Thank you, Your Honor.  Peter Arhangelsky and Joshua Furman on behalf of Plaintiff Natural Immunogenics.

MR. SUSOLIK:  And good morning, Your Honor.  Edward Susolik of Callahan & Blaine on behalf of the N.T.G. defendants.

MR. DARNELL:  Also present, David Darnell on behalf of the N.T.G. defendants.

MR. FORD:  Good morning, Your Honor.  Brendan Ford on behalf of the non-N.T.G. defendants as well as nonparties Joshua Weiss and Heidi Franco.

THE SPECIAL MASTER:  All right.  A couple of

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 4

weeks ago I issued a tentative ruling on this motion, and today is the first opportunity we've had to have oral argument on the tentative.  But all counsel have had an opportunity to see the tentative, which denied the motion to quash.

Therefore, rather than having the moving party start -- I'm sorry.  Therefore, we're going to have the party I ruled against start oral argument.  Please proceed.

MR. SUSOLIK:  Yes.  And we are the moving party, as well.

THE SPECIAL MASTER:  I'm sorry.

MR. SUSOLIK:  That's okay.

Thank you very much.  But just very briefly, so -- since this is a first appearance in front of you, I just want to say a couple of things kind of by way of big picture.

Number 1, this lawsuit against Newport Trial Group and Defendant Scott Ferrell -- Mr. Ferrell is a very highly respected attorney in the community, Your Honor; has been practicing for many years.  He's an excellent trial attorney and he does a substantial amount of defense work as well as plaintiff work.

In fact, he's in trial right now on a defense case on behalf of a corporate defendant franchise.

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 5

Mr. Ferrell and N.T.G. have filed a significant number of plaintiff cases over the years; but from our perspective, they're all fully meritorious; and I will say that plaintiff counsel and plaintiff have been very, very diligent in scouring through Pacer apparently looking for cases that they filed.

And what they found is eight cases, only eight cases, where they allege some kind of wrongdoing.  So I would just point that out to the court; that a significant number besides the eight, there is no allegations.

Mr. Ferrell is a highly respected attorney, both plaintiff and defense.  Second and very briefly, we do believe the allegations are completely meritless and that we will prevail at trial.

And we've already obtained some significant rulings from Judge Selna to deal with those issues; an anti-SLAPP motion to strike was granted in part, which limited the 17200 relief that the plaintiff was seeking; and so there's no right to injunctive relief for the public, and Judge Selna granted attorneys' fees on that.

Also, as a result of our discovery, the plaintiff stipulated that their monetary damages were limited to $247,000, which is a significant admission, I believe, at the time of trial.  But just -- just as

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 6

Mr. Arhangelsky and plaintiff believe they're going to prevail, I believe strongly we will prevail at trial.

So -- but, of course, we're not here to adjudicate the trial, we're here on discovery issues. As far as the -- the motion itself -- and I've read your tentative in detail, Your Honor, and thank you very much for reading everything in such detail.  It's greatly appreciated by both sides.

I believe that there are both procedural and substantive reasons why Your Honor's findings on the crime fraud exception should be reversed and the motion should be -- should not be -- I'm sorry -- the court's -- the court's ruling should not be the crime fraud exception applies.

THE SPECIAL MASTER:  Before we get into that, while we're on the record now, it's my understanding that you wanted to file some objections to a declaration --

MR. SUSOLIK:  Well, what we did --

THE SPECIAL MASTER:  -- filed previously in the case.

MR. SUSOLIK:  Yes.  So we did file that yesterday.  In our supplemental -- you know, we were served on the motion.  We did not know what evidence was going to be put on.  The declaration was filed at that

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 7

time.

In our supplemental reply to that declaration, we asserted all of the grounds of why the evidence that was submitted was not admissible, and we explained that at length in the supplemental reply.  We then, yesterday, filed formal evidentiary objections to the declaration of Peter Arhangelsky, and we went through several pages explaining the hearsay authenticity.

And that's the Paragraph 7 in Exhibit E; Paragraph 8 in Exhibit F; Paragraph 9, Exhibit G; Paragraph 11, Exhibit I; Paragraph 12 in Exhibit J; 13, Exhibit K; 14, Exhibit L; 15, Exhibit M; 16, Exhibit N; 17, Exhibit O; 18, Exhibit P; 20, Exhibit R; 24, Exhibit U; and 25, Exhibit V.

THE SPECIAL MASTER:  May I see --

MR. ARHANGELSKY:  May we have a copy of the objection?

MR. SUSOLIK:  Of course.

We reassert all of those objections at this time on the record, Your Honor; and without question we believe the Ninth Circuit authority -- and I'll give you the citation.  It's Sheehy versus Southern Pacific, 631 F.2d 649 -- that under F.R.E. 103(a)(1), an objection is timely if it's made at or before the hearing and at or before a final ruling is made.

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 8

And therefore, especially in something this critical and this important, we believe that the court should consider all objections that are made. Also I will note that at the -- in the court's tentative ruling on the other motion, at Page 14, the -- the other motion being the Tracfone, the court clearly set forth a statement -- I have it right here -- that Mr. Ford's declaration was hearsay.

And I'm quoting Your Honor on Page 18.

THE SPECIAL MASTER: Just so you know, I know what hearsay is.

MR. SUSOLIK: Yes, apart from Mr. Ford's statement being hearsay. So in addition, as I'm going to explain in a moment, the plaintiff does have the burden of proof to produce competent evidence, admissible evidence, prior to the final ruling; and they have failed to do so.

THE SPECIAL MASTER: All right. So your position is that this is timely, these objections, because we haven't yet had oral argument on this case? Is that what you're saying?

MR. SUSOLIK: Yes; and you hadn't issued a final ruling yet and we hadn't had oral argument, yes, Your Honor.

THE SPECIAL MASTER: Because I've only issued a

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 9

tentative.

MR. SUSOLIK:  Yes, Your Honor.  And also because the -- under the case law, the Napster case, the burden is on the moving party to produce admissible evidence, and the evidence is not admissible, and also that the -- the issues here are so critical that the court has to look at the evidence that's submitted very carefully and make a ruling by itself as to the admissibility.

But we have timely objected, Your Honor; and we are objecting again today on the record.

THE SPECIAL MASTER:  All right.  Then I will allow the other side to oppose it.  My tentative ruling is this is not timely because your motion was filed in November and the supplemental was filed December 29th of 2016.  It's at that time that you should have filed objection, if you had it, to any declarations that came in on the papers.

That's what people traditionally do, not file objections two and a half months later.  But I'll consider your argument and deal with it when I issue the final.

And go ahead, then, with your argument, please.

MR. SUSOLIK:  I will, Your Honor.

And just -- you pointed out the supplemental.

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 10

We did make all of these arguments in the supplemental. For example, at Page 3, these are not facts but merely allegations, et cetera. So the reply is replete with those. But I am going to make all those objections again today for the record.

THE SPECIAL MASTER: Okay.

MR. SUSOLIK: And -- all right. So procedurally, Your Honor, as the controlling -- and as far as the court's ruling on the other privilege issues which were argued by the plaintiff, we agree with those, that the document is privileged and that there has been no waiver because Mr. Weiss had the e-mails sent to his -- to his work.

So I'm going to focus on the attorney/client privilege. And as the controlling Ninth Circuit opinion on this by Judge Fletcher in the Napster decision points out, the attorney/client privilege is the oldest and, arguably, most fundamental common law of the common law privileges recognized under Federal Rule of Evidence 501.

The attorney/client privilege protects fundamental interests by allowing individuals to seek the legal advice they need to guide them through the thickets of complex laws. In this particular case, the plaintiff is alleging that specifically the one e-mail

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 11

that your court -- Your Honor looked at in the -- in camera, and this e-mail chain that is the subject of this motion, is evidence of some type of crime fraud and therefore, the -- this fundamental attorney/client privilege should be abrogated.

And I believe that the Napster decision is very informative on this because in reversing, the District Court found a waiver of attorney/client privilege in what is arguably perhaps a billion-dollar litigation in the Napster case, fairly high profile.

The court pointed out that the burden of proof on this is extremely significant, is significant. It is a preponderance-of-the-evidence standard; and the moving party in this case, N.I.C., has the burden of proof by preponderance of the evidence that a crime of fraud has occurred.

And critically, as in all burdens of proof under the Federal Rules of Evidence, this burden must be satisfied by admissible evidence, evidence that can be considered by the court and is admissible. And it cannot be reasonably disputed that the only evidence that was supplied by the plaintiff here is the declaration of Mr. Arhangelsky.

And it likewise cannot be reasonably disputed that Mr. Arhangelsky has no personal knowledge of

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 12

virtually everything in his declaration.  Moreover, when you look at what's actually argued in the motion, the quote, unquote, contentions of fact and the -- the alleged fraud that's occurring here, everything that's argued factually in the motion is taken from documents that are attached to Mr. Arhangelsky's declaration that are -- no request for judicial notice was made; and even if it was made, you still can take request for judicial notice of the fact that the document was filed, not the content itself.

But the -- the facts that are set forth which purportedly satisfy this burden of proof, a preponderance of the evidence, are merely allegations in two complaints.  There is a complaint and there is a counterclaim.

And it cannot reasonably be disputed that all of these, quote, unquote, allegations are hearsay.  In many cases, double hearsay.  They -- the documents themselves are not authenticated; and, of course, they're seriously disputed.  I mean, allegations in a complaint are seriously deficient of any evidentiary value.

And I went through Mr. Arhangelsky's declaration yesterday at some length and I went through all those exhibits.  One contention that struck me was

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 13

the claim that, Strataluz -- Strataluz does not have a legitimate business practice, which is untrue as to the facts, Your Honor.

Strataluz has many products that it sold.  It has many products that it marketed.  It has intellectual property.  But there's a claim in Mr. Arhangelsky's declaration, at Paragraph 25, that little information exists about Strataluz online.

And what's attached as Exhibit V is a screenshot of -- I don't know when -- when this was taken, how this was done, one page from the Better Business Bureau website, and that's it.

So there's the evidentiary support for a declaration by Mr. Arhangelsky that little information is available about Strataluz online; as opposed to, I guess, what he could have tried to do was to hire an expert who would say, "I conducted 12 hours of Internet research about Strataluz --" or I don't know what -- what you could possibly say to support this; but this is not evidence, this is not admissible evidence, this is not a fact, and it certainly doesn't justify the waiver of the attorney/client privilege, which the Ninth Circuit has said is so fundamental to our jurisprudence.

Also in this case, as I believe your -- this is your first hearing, Your Honor; and we'll do our very

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 14

best to be as efficient as possible in all these hearings.  But certainly from our perspective on the defense, there is a significant tendency of exaggeration, hyperbole, and so forth.

And so to try to bootstrap a finding of crime fraud where there's no evidence but it's only based on arguments and allegations by plaintiff counsel is, in my opinion, dangerous.  And we've already seen one example where Judge Selna has dealt with this issue exactly on this specific subpoena to Continuity, albeit it was in a different context.

Show me that, David, the last page of that blowup.

So this is an e-mail, Your Honor, on September 13, 2016, from Allison Borts, who is the general counsel of Continuity.  And this is -- I believe it's Document 190-A, if I'm not mistaken.

But it's an e-mail from Ms. Borts to Mr. Arhangelsky, and he submitted -- he had submitted a declaration purporting to memorialize what had happened in a conversation with her.  And she says (reading):

I was shocked that you filed this declaration without any permission or advance notice from me.  I would have advised you that

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 15

it was not an accurate representation of communications that we shared.

Your declared recollection of our communications is exaggerated, inaccurate and self-serving.

And while that's certainly one way to litigate a case -- it's not my way, but it's certainly one way. But previously it was just limited to pleadings and arguments of that nature. Here this kind of exaggerated, self-serving rhetoric is being used to try to pierce the attorney/client privilege; and it is completely without foundation, Your Honor.

So first and foremost on the procedural issue, I will just summarize and move on. We would ask that -- that the court disregard the entirety of the, quote, unquote, evidence and facts in the declaration of Mr. Arhangelsky, who claims to make the declaration based on his own personal knowledge.

But, in any event, there are no facts set forth herein; there are just copies of unauthenticated hearsay documents or double hearsay documents. And I will note as well that while in other cases plaintiff and their counsel have conducted other discovery and other research, in this case, for whatever reason, they've

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 16

chosen not to and instead are -- are simply bringing a -- a claim for attorney -- a waiver of the attorney/client privilege based on crime fraud with no evidence that they've been able to obtain from other sources.

So certainly one way that you could deal with this issue is to grant the motion and deny the relief as to the crime fraud exception without prejudice, Your Honor.  And if plaintiff counsel does proceed to bring in evidence -- which we don't believe they can and will, but bring in evidence that Strataluz was, in fact, not operating as they claim, then the court can revisit that issue.

But they've had -- they've had the time to produce and find evidence; or in this case, when Judge Selna granted them the right to conduct discovery into Strataluz, they could have taken a different approach to try to get these allegations that they're making to actually have some evidence and facts that support.

So on that ground, I believe under the controlling Ninth Circuit case law, plaintiff has, on procedural grounds, utterly failed to meet the very high burden of proof of preponderance of the evidence based on -- based on not having any admissible evidence.  One other procedural ground, Your Honor, I'd like to point

hglitigation.com



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

Page 17

out.

And this could perhaps just be a matter of interpretation as to the court's tentative ruling.  But the court referenced Judge Selna's ruling at Page -- I'm sorry -- Page 18, Your Honor, of your tentative ruling.

And I'd like to just show you up here, again -- so there's no question that Judge Selna granted the plaintiff's motion to conduct discovery into the Continuity allegations; and, you know, we certainly don't dispute that was the Court's finding.

But the issue that Judge Selna was dealing with was whether the allegations that they were making as to Continuity were relevant, as it were, to the other eight cases or their RICO allegations because he had already issued two orders previously limiting the discovery.

And as I think the Court -- Your Honor, you correctly point out, the -- the issue of what's related to the eight cases and what judge -- what Judge Selna's order ultimately means for discovery is a fluid one. It's a matter of interpretation.

But what I'm -- the point I'm making is that Judge Selna, in making that ruling permitting discovery, took no position on whether or not the allegations were true, not true, or what have you.  There was no substantive ruling by Judge Selna as to these

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 18

allegations as to Continuity.

All he was saying was -- and I highlighted Judge Selna's ruling here, Page 4, that the -- that the plaintiff seeks discovery of correspondence allegedly in Continuity Research's possession.  That correspondence allegedly contains N.G.T.'s instructions from David Reid and Scott Ferrell.

We filed a declaration explaining it.  Then he references the -- the declaration from Ms. Borts, the general counsel, and then her -- the notice of errata in her e-mail.  And then finally we get to the heart of it, which is (reading):

The court finds that discovery is appropriate with respect to Continuity.  The alleged correspondence contains conversations which -- between N.T.G. about a plan to form sham corporate entities solely to pursue legal claims.

Although the dueling declarations is disputed, the correspondence's exact contents, such allegations are at the heart of this case.  If true -- if true,

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 19

this evidence would support Natural Immunogenics' claim of a pattern of RICO activity.

Therefore, the court finds the importance of this discovery outweighs the burden on the parties and is proportional to the case's needs.

And that's the entirety of the Court's ruling, Your Honor, Judge Selna's ruling, Your Honor.  There is no law of the case, there is no opinion, there is no substantive holding whatsoever.

As far as Judge Selna is concerned, we could be 100 percent correct and they're completely wrong, or they could be right and we're completely wrong.  So I just wanted to point that out, Your Honor, procedurally.

I wasn't sure what your interpretation was of Judge Selna's ruling on Page 18 when you reference his opinion because -- and to clarify, he -- Judge Selna is not saying that the document contains directions from Defendant Scott Ferrell to counsel about a plan to form sham corporate entities solely to pursue legal claims. That's the allegation that they're --

THE SPECIAL MASTER:  Of course not.  He never saw that document.  I saw the document in camera.

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 20

MR. SUSOLIK:  Yes.  Exactly, Your Honor.  Thank you.

THE SPECIAL MASTER:  So give me the cite again to the case you're saying makes your objections timely even though they're two months late.

MR. SUSOLIK:  Yes, Your Honor.  It's a Ninth Circuit case, Sheehy versus Southern Pacific Transport, 631 F.2d 649.

THE SPECIAL MASTER:  Thank you.

Anything else?

MR. SUSOLIK:  Yes, Your Honor.

I'd like to move on to the substantive merits of the issues, as well, even assuming that there had been admissible evidence of crime fraud or anything else.

And I would ask the court if -- if the court is not inclined to reverse the tentative, if you could identify the evidence that you're relying on as far as the crime fraud -- that a fraud is being committed, that -- the evidence that the plaintiffs have submitted.

Okay.  On the merits, the -- so under the Ninth Circuit controlling authority, a party invoking the crime fraud exception must meet a two-part test.  It's a two-prong test.  And first the party must show that the client was engaged in or planning a criminal or

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 21

fraudulent scheme when it sought the advice of counsel to further the scheme.

They have not done that, there is no evidence that they were planning a fraudulent scheme. And then second, the burden is on the moving party by a preponderance of the evidence that the attorney/client communications for which production are sought are sufficiently related to and were made in furtherance of the intended or present continuing illegality.

And the e-mail that the court looked at is a very straightforward, simple e-mail from Mr. Ferrell, as explained by Mr. Ferrell in his declaration, to his corporate attorneys, who I understand are the top or one of the top corporate law firms in Nevada. And it's discussing setting up a corporation.

And there's a reference there to a tax law term regarding how corporate entities are set up for purposes of tax planning, and these are the concept of what are called blocker corporations, are an approved tax-planning tool by the I.R.S. and recommended by every large law firm with a tax department.

And what it's doing is it's ensuring that passive income is taxed at a capital gains rate and not at the higher personal income rate. And that is all that is happening in this document, is that Mr. Ferrell,

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 22

along with his partners, is setting up a series of companies that will be selling and marketing various products.

And apart from the benign nature of what's being discussed here, there is certainly no reference whatsoever to the second prong; so even if you were -- even if you were to conclude, which I think is difficult, if not impossible to conclude from a simple process of setting up a parent corporation, that it's a fraudulent scheme because it's not a fraudulent scheme to set up a parent corporation even if you have multiple successive levels.

Certainly there is no discussion in the document whatsoever that this setting up of the corporation was somehow related to or in furtherance of the intended illegality.

And the -- the allegations by the plaintiff, which we, again, strenuously deny here, are that N.T.G. allegedly filed lawsuits that were without merit or otherwise improper; and there is nothing in this e-mail -- it's a short e-mail that talks about setting up some corporations; and, for tax-planning purposes, again, blocker corporations are used -- it's -- a simple Google search will demonstrate that, and Wikipedia or otherwise.

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 23

And there is nothing whatsoever in this document that -- that anyone can read that says, "Well, okay.  Now that we've set up this parent subsidiary corporation, now we're going to file improper lawsuits."  And that is their burden, and that is the second prong of the test.

This -- this privileged document, 100 percent privileged, the court correctly found that it was privileged and the privilege was not waived by the inadvertent sending to a corporate e-mail address.  There's nothing in this document, Your Honor, that says anything about lawsuits, improper lawsuits; and so I don't believe that on the substantive merits, there's been any showing whatsoever that the crime fraud exception applies.

And I would say finally -- this is in closing -- the Napster decision does talk about these various burdens of proof and the preponderance-of-the-evidence standard.  It does talk about the fact that these are fairly rare motions.

There -- there isn't a lot of guideposts out there for the District Court; so when the Napster court reversed the District Court, it did so without any criticism.  But the reason that there's not a lot of case law out there is because this -- this burden is so

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 24

high on the moving party and it is without question that every single one of these allegations that they're making, which, again, we believe are meritless and we do believe we're going to prevail at trial in an orderly fashion before a jury, a unanimous jury -- they have many, many other ways of proving these allegations that they're making.

We haven't had Mr. Ferrell's deposition taken yet, for example.  We -- they haven't conducted discovery of Continuity, depositions for Mr. Weiss or all these other players.  And so the -- the attempt to pierce the -- the attorney/client privilege at this point on no record -- not even an incomplete record, no record -- is grossly premature.

But then even -- even if the court were inclined to allow this, there's still, in the Napster decision itself, a further step on the -- on the second prong which talks about having an evidentiary hearing, if necessary.

And I don't believe that it is necessary because I don't believe they've met the first prong or even on the merits that the -- that the document itself is, in my opinion, innocuously setting up tax planning corporations, blocker corporations, which -- which companies do every day.

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 25

I mean every day hundreds of parent and subsidiary corporations, some of the largest companies in the world, have incredibly complex tax planning systems, they spend millions and millions of dollars. Even our own president I guess is accused of doing that in his businesses.

It's a -- under the Tax Code, under the tax laws, under the -- under the current laws in -- this is in Nevada -- this is 100 percent permissible. But even if the court were inclined to go to that level, there's still -- the Napster decision talks about first conducting an evidentiary hearing to -- and so -- but I don't think we even need to get there. But if the court were so inclined, then that would be an additional step that it could take.

But I think ultimately the court's decision is correct on the issue of finding the privilege to apply, not having been waived; and as far as the waiver based on crime fraud, the elements have not been met, the burden of proof has not been met, and I think the court can correctly deny without prejudice and they can later -- if they have actual admissible evidence, they can later bring that to the court's attention and that issue can be relitigated.

It wouldn't, probably, be very time-consuming

**hglitigation.com**



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

Page 26

to relitigate the issues.

So that's all I have to say, Your Honor.  Thank you very much for your patience.

THE SPECIAL MASTER:  Thank you.

MR. ARHANGELSKY:  Thank you, Your Honor.

I'd like to start with the objections that were served on us last night after 8:30 p.m. Arizona time, 7:30 p.m. California.  This is a motion, as Her Honor identified, that was fully briefed and filed I believe in November.

The defendants had all of the information that we supplied at the time when they filed their supplemental memoranda shortly thereafter.  There was no basis procedurally for them to delay filing what they believe are evidentiary objections until the eve of the hearing, which would effectively be calculated to give us no time whatsoever to file any type of opposition or response.

Now, had we have been entitled to file a response under due process concerns, I think we would have identified a number of glaring flaws in the strategy here today by defendants.  We heard counsel say that we need to provide admissible evidence.  The words "admissible evidence" were -- were cited repeatedly, and -- and unfortunately, that's a misstatement of law.

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 27

If -- and I would think -- you know, if you look at the objections that they have served here, almost every objection -- frankly, every objection is predicated on the Federal Rules of Evidence 602, 801, 802, 803, and what have you.

I would direct Your Honor's attention to Federal Rule of Evidence 104(a), which is dispositive, frankly.  104(a) specifically says that the court must make decisions on preliminary questions about whether privilege exists; and in doing so, the words of the rule are clear.

It actually says that the court is not bound by evidence rules.  In other words -- which is -- let me finish the thought.  In other words, the court is not bound by any of these objections in interpreting whether or not these issues of privilege apply, which makes perfect sense.

This is a discovery motion.  It's not an M.S.J., this is not a trial proceeding.  The court does not need the benefit of the Rules of Evidence to interpret documentation that's submitted; and as a consequence, the case law is robust in the Ninth Circuit stating that for these types of discovery motions.

Rule 104(a) would state that there's no obligation to produce admissible evidence under the

hglitigation.com



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

Page 28

circumstances; and frankly, although they had multiple opportunities, of course, in their briefings, counsel has not provided a case that actually says we're obligated to produce admissible evidence in this discovery proceeding on crime fraud.

Napster certainly doesn't stand for that. Moving on, there was quite a bit of attack on the facts that we've submitted. But, again, no evidence whatsoever from defendants. No countervailing evidence of any kind establishing that this company, Strataluz, in particular was operating as a legitimate business.

And I think it's important to stress that because while it is our burden, it would have been incredibly easy for the defendants to have provided any evidence whatsoever that this business was legitimate in any of their submissions to date to the court.

What we have provided by contrast I think paints a fairly clear picture about what was happening here. You have a circumstance where all of these so-called blocker corporations are incorporated on the exact same day. These competing corporations -- I put that in quotes -- they were -- there was no presence online.

And, of course, counsel holds an exhibit claiming that that's an investigation of the presence of

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 29

this company online.  The point is there's no presence of this company online, and that doesn't take any significant investigation to see.  The -- the website for the Strataluz company -- I think this is important on timing.

The website was created in May, I believe, 2015.  They began sending demand letters --

MR. SUSOLIK:  I apologize.  One thing.  Do I need to object, Your Honor, to testimony from counsel, or are you --

THE SPECIAL MASTER:  Let's just do argument, if we could.

MR. ARHANGELSKY:  Yes, Your Honor.

The website that was -- that was created for this product that we have identified in our briefs, demand letters began issuing less than one week after that website was created.  The website itself has a number of glaring deficiencies that we've identified in our briefs.

That information is available from the public record evidence.  And yes, we've cited complaints from Truderma, for example; but the Truderma court -- the complaint was backed by evidence that was readily available online.  It was backed by facts I think that we could corroborate.

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 30

Just in point of fact, the underlying code of the website demonstrated that the product -- it didn't accept any product purchases; the fact that Truderma, who was allegedly a competing company, had no knowledge of this Strataluz-based product at any point in time.

It -- the -- the website used claims like "as seen on T.V." and from what we can discern, that's not even true.  The website itself claims that it was the only -- and the text of the website itself said that it was the only place where these products could be purchased; but, of course, there was no functional e-commerce on this website and the website was very basic.  I think --

THE SPECIAL MASTER:  Why don't you try and address some of the arguments --

MR. ARHANGELSKY:  Certainly, Your Honor.

Well, I think in some ways I'm trying to address it because the argument was that we haven't produced any evidence that demonstrates that these -- this corporation was operating in a way we claim it was.

We've -- we've cited Exhibit F in our pleading, which is a demand letter that was sent by the Newport Trial Group on behalf of Strataluz.  It makes a number of threatening demands that we believe are unsupported based on the fact this company was apparently

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 31

nonparticipating.

Now, to prove a fraudulent enterprise under the Ninth Circuit law -- and I think the relevant case that would help here is Lustiger, L-u-s-t-i-g-e-r, 386 F.2d 132, at 138.  That's the Ninth Circuit.

It explains that a fraudulent enterprise can be demonstrated through omissions, through half-truths, through misdirection, any enterprise that is designed on its -- in context to be a fraudulent operation.

And to the extent that these -- these corporations were established, ostensibly, for the reason of shaking down other corporations through litigation would fit within that model, certainly.  Now, you know, there was visual aids showing statements by counsel Allison Borts.

It's important that I think the court understands that we've had conversations with Ms. Borts since.  Continuity, for their part, has supplied evidence and declarations in support of our motion.

It says at the bottom of Ms. Borts' e-mail her primary concern with our declaration originally we had was that we hadn't fairly characterized Obesity Research's allegations against Mr. Weiss which were present in the State complaint, which we didn't have at the time.

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 32

She referenced us to that State court complaint and we were able to then fully understand the scope of what they were arguing. And on that score, Exhibit E to our joint stipulation is the complaint that was filed against Joshua Weiss by Obesity Research Institute, of which Allison Borts is counsel, in which they make allegations that Mr. Weiss did exactly what we were alleging and did so through the help of Newport Trial Group.

I -- Paragraphs 29 and 30 of that complaint itself specifically says that Mr. Weiss was engaged in a scheme whereby Strataluz, represented by N.T.G., threatened to sue other companies for alleged Lanham Act violations to extort monetary settlements from them.

In other words, Weiss and N.T.G. created, quote, a corporation client with the goal of filing and threatening to file cookie-cutter lawsuits against competitors by misappropriating and misusing Continuity's intellectual property and proprietary information.

Now, yes, that's a complaint, and it is just an allegation; but I think it's directly relevant to characterizations of our statements with Ms. Borts and her response thereto. Continuity had already filed those allegations in court, in State court, alleging

hglitigation.com



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

Page 33

exactly what we basically allege in our stipulation.

Now, as far as the Napster factors are concerned, the actual standard is that the e-mail correspondence itself need be in furtherance of the fraud. And while it doesn't -- that e-mail itself doesn't have to be the sole evidence of the fraud, and it can be interpreted in context with the information we've provided about this other information, it -- you know, this is something, as we've identified, that is not unique to the Strataluz situation.

We've identified other corporations that were formed and operated by N.T.G. attorneys that they then used to file some 90 cases within 13 months in pursuit of these different types of endeavors. We believe Strataluz is a cut in the same mold.

And as relevant to this, perhaps, as well, this -- we provided an indication of two companies that have accused them of the identical conduct, us being the third now, N.I.C. being the third. But more broadly, ten other companies have filed public pleadings and allegations identifying that the Newport Trial Group uses sham plaintiffs and fabricated claims in their different -- in their various litigation.

We have cited that different at Hotspex (phonetic). We were aware of this information through

**hglitigation.com**



Page 34

our conversations with Continuity's counsel, which is what led us to seek leave of court from Judge Selna. We were, of course, not aware of Strataluz L.L.C. when we filed that motion before Judge Selna because the contents of Strataluz, the name Strataluz was first identified to us in this motions practice.

I would say had we been aware of the name Strataluz, we certainly would have performed the discovery and found exactly what we presented and I'm sure plenty more.

And so we were limited in our request to Judge Selna originally; but as it turns out in this case, as has been the case all along, where there's smoke there has been fire in almost every single instance we've looked.

So on the elements themselves, based on what we've provided, the absolute absence of any countervailing proof offered by defendants to rebut any of the statements we've made, which I believe are supported by information that can be credibly -- that can be checked just through reference to public documents and online sources, we've certainly made a case to show that this enterprise, Strataluz, which was formed under impossibly suspicious and fraudulent circumstances, operated by N.T.G. attorneys until the

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 35

end, dissolved, and essentially in the night after we filed our RICO allegations.

These are -- I think we've definitely established a -- a prima facie case for application of the crime fraud exception; and I haven't heard anything from counsel that would cut against that, at least not from a factual or evidentiary standpoint of which they certainly could have provided had these companies been legitimate.

I did hear a statement regarding evidentiary hearing. Of course the standard is that is entirely discretionary and, frankly, a little odd to start hearing these requests that we conduct additional discovery when we've been faced with such vigorous opposition on almost every type of discovery we've taken.

And, again, very challenging to understand and comprehend this request we take additional discovery when this was the first bit of information that we've received about this company.

You've seen through the exhibits we filed that Continuity, for their part, certainly believes that this is not privileged; that they had taken a position that this is not privileged; that they've supported our motion with declarations indicating that they don't

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 36

believe this is privileged; and, as I mentioned, they filed a companion lawsuit against Mr. Weiss and Doe defendants seeking to assert allegations that Mr. Weiss and N.T.G. attorneys operated a business that was unlawful.

And to the extent -- I should add that even, you know, to the extent they're arguing that this somehow was an entity that did offer any sales whatsoever, we have no evidence of that. There's no evidence after all.

But it also would be an incredibly odd set of circumstances that N.T.G. -- Continuity is a client of N.T.G. at the time; that they then collaborate with Continuity's counsel for the express purpose of forming a business that on its face directly competed with their client's interests.

There was quite a bit that -- about that relationship that I think Continuity raised in their pleadings that I think would shock anybody, but certainly lend support to any crime fraud theory and -- and explaining surreptitious conduct that we've seen.

And my understanding is that that matter was resolved with Mr. Weiss in the Southern District, but I think the allegations there speak for themselves. In the course of that proceeding, of course, Mr. Weiss



NATURAL IMMUNOGENICS CORP.: HEARING

Page 37

filed a declaration indicating these companies had no -- no sales.

I believe he used the term of art describing minimal sales, or something to that effect. But it didn't appear that these companies operated any commercial retail component, which, for a business that operated for over a year -- I mean, you're talking about a consumer retail enterprise that purportedly reached out to consumers and sold product for over a calendar year has no footprint online and has no evidence of legitimate sales of any kind?

I think in light of what we've presented, that is sufficient for this -- you know, for this court to determine that the crime fraud exception applies. And, of course, we sit here at a disadvantage in that we have not had an opportunity --

THE SPECIAL MASTER: You're talking about Exhibit G to your declaration, right? The declaration of Mr. Weiss?

MR. ARHANGELSKY: Yes, that's correct.

THE SPECIAL MASTER: Okay.

MR. ARHANGELSKY: Now, we, of course -- we sit here at a disadvantage, having not actually seen the e-mail that was submitted in camera. And I think had we seen the e-mail, of course we could also color -- we

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 38

could have investigated certain statements made therein and determined what those e-mails represented.

This is the first instance we've heard counsel's -- what appears to be a post hoc rationalization for the use of certain terminology in that e-mail; but, again --

THE SPECIAL MASTER: And I'll ask you the same question. Why can't I take judicial notice sua sponte, then, of Exhibit G of his declaration even if he hasn't asked me to take judicial notice? It's a document -- I mean, there's no question -- it's been stamped by Pacer.

There's just no doubt that it was filed in the Federal Court in San Diego when the case was removed from the Federal Court --

MR. SUSOLIK: Yes, you can take judicial notice, Your Honor, of course; but I don't think, under the authorities, you can take judicial notice of what was said.

THE SPECIAL MASTER: No. I can take judicial -- why? I can take judicial notice that this affidavit was filed --

MR. SUSOLIK: Yes.

THE SPECIAL MASTER: -- and that in the affidavit, Mr. Weiss said, "blah, blah, blah." Yeah, of course I can take judicial notice of that. That doesn't

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 39

mean -- it means he said it and he said it under oath so I'm supposed to assume it's true, right?

MR. SUSOLIK:  Well, it is true.  But -- in any event, I don't dispute that you --

THE SPECIAL MASTER:  Of course not.  And he's not your client.  I understand that.  I'm just saying that -- he's Mr. Ford's client, obviously.  But I'm just saying there's no reason I can't take judicial notice of this myself sua sponte even if they didn't ask me to take judicial notice of it, and there's no reason I shouldn't assume that the declarant is stating the truth because he's doing it under oath.

And -- and I guess I sort of disagree about preponderance of the evidence being a really high standard.  It's not clear and convincing evidence, which is higher.  It's not beyond a reasonable doubt, which is yet higher.

You know what I'm saying.

MR. SUSOLIK:  I agree, Your Honor.

THE SPECIAL MASTER:  All right.  But go ahead. Are you finished, Mr. --

MR. ARHANGELSKY:  Yes, Your Honor.

THE SPECIAL MASTER:  Great.  So I am back to you.

MR. FORD:  May I say a couple of words since

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 40

Mr. Weiss is my client?

THE SPECIAL MASTER:  Yes.  You're here and you -- and I certainly will allow you, as a party to this proceeding -- but it's up to Mr. Susolik as to whether or not you can speak, really, because he's involved in this.

MR. SUSOLIK:  Well, Mr. Ford I think has a couple of points.

Go ahead, Mr. Ford.

MR. FORD:  Thank you.

THE SPECIAL MASTER:  Sure.

MR. FORD:  So we have no objection to Your Honor taking judicial notice of Josh Weiss's declaration.  And I think before we get too far into the weeds, I think it would be good to just kind of take a step back and talk about the company and sort of how this happened.

Josh Weiss was the general counsel of a company called Continuity, slash, O.R.I.  And during the course of his tenure as the general counsel of O.R.I., he had opportunity to hire Newport Trial Group to defend O.R.I. in a number of different lawsuits.

O.R.I. makes one and only one product, and that's a product called Lipozene.  It's a glucomannan, g-l-u-c-o-m-a-n-n-a-n, product which is designed to make

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 41

you feel full and thereby lose weight.  They have commercials all the time.  They --

THE SPECIAL MASTER:  Apparently that's one product I've missed over the years.

MR. FORD:  Yes.  It's called Lipozene.

MR. SUSOLIK:  Me too.

MR. FORD:  In any event, during the course of this time, Josh Weiss met with Scott and he met with Dave Reid and they did an excellent job for him.  And they also met another individual named Jared Bentley.

THE SPECIAL MASTER:  Well, you're not testifying either, Mr. Ford.

MR. FORD:  I'm not.  I'm giving background.

THE SPECIAL MASTER:  All right.

MR. FORD:  And they met another individual named Jared Bentley, and they decided to form Strataluz. And Strataluz is a company that creates products that do not compete with O.R.I.'s Lipozene.  They made Two-Minute Booty, which is a squat, which is referenced in Mr. Weiss's declaration.

They made a dietary supplement product to reduce the discomfort of gluten-sensitive people.  They made a cream to reduce the skin-dimpling appearance of cellulite; and they sold a male enhancement product pill; and they sold a dog supplement, a supplement for

**hglitigation.com**



## NATURAL IMMUNOGENICS CORP.: HEARING

Page 42

dogs.  Those were the products that they did.

Now, they get tempted to bring the legal aspect and acumen of Scott and Dave plus Josh's familiarity with the industry plus Jared's familiarity with the industry in order to come together to create Strataluz. The fact that they are bad businessmen does not create a crime fraud exception.

They created products, they did poorly. They -- they thought that they could create this company and do direct-to-consumer stuff.  They weren't good at it.  If the only hang-up for the court in terms of this -- and the primary focus of counsel's arguments is that we didn't produce documents showing Strataluz is a -- is a legitimate company, then I would urge the court to provide us with an opportunity to provide that information because there is such information.

It's never been requested, and we'd be happy to provide that information.  So to vitiate the attorney/client privilege, which, as we all know, and as the court mentions, is sacrosanct in American jurisprudence, based on allegations that are set forth with no supporting -- when we have evidence to show that Strataluz is, in fact, a legitimate company doesn't seem particularly fair and it seems as though the punishment for not producing that evidence earlier would strike me

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 43

as Draconian given the circumstances presented here.

That's all I have to say.  I'll pass it back to Mr. Susolik.

THE SPECIAL MASTER:  Anything else, Mr. Susolik?  Last chance.

MR. SUSOLIK:  Yes.

So I did not object to all of the factual statements; but the Court instructed counsel to limit himself to argument.  We object to everything that was purported as facts.  I think 104(a) was mentioned, and I -- I don't know if -- I guess the record will speak for itself.

I don't know if the whole entirety of 104(a) was not read.  But 104(a) says (reading):

The court must decide any preliminary question about whether a witness is qualified, a privilege exists or evidence is admissible. In so deciding, comma, the court is not bound by evidence rules, comma, except those on privilege.

So I guess -- I thought we were talking about privilege today, so the -- the Rules of Evidence do apply.  And I think that brings us full circle to the Napster case, where, at Page 18, the court finds --

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 44

states it would be very odd if, in an ordinary civil case, a court could find such an important privilege vitiated where an exception to the privilege has not been established by a preponderance of the evidence.

And then the court goes on -- Judge Fletcher goes on at length and he actually discusses Evidence Code Section 104(a). And he says, quoting, Federal Rule of Evidence 104(a) now provides that preliminary questions concerning the existence of a privilege shall be determined by the court. In making its determination, it is not bound by the Rules of Evidence except those with respect to privileges.

THE SPECIAL MASTER: I found privilege. You've acknowledged I found attorney/client privilege. Let's not keep going around on privilege.

MR. SUSOLIK: I understand.

THE SPECIAL MASTER: I ruled in your favor on privilege. We're going -- it's a step beyond privilege, as to whether or not this was an abuse of the privilege, essentially, which is what crime fraud is set up to detect.

MR. SUSOLIK: Right. I understand. But the point is that counsel argues 104(a) to claim that they don't have -- that the Rules of Evidence are somehow suspended in this proceeding and that

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 45

double, triple hearsay documents or arguments of counsel can masquerade as facts.

And I will say -- I mean, our reply, just to get back to the issue of the problems with the evidence -- our reply is full of criticisms and exceptions and objections to the fact that there was no evidence provided.

THE SPECIAL MASTER:  But what if Josh Weiss's declaration, in my view, is sufficient evidence?  Just think about that.  You don't have to respond.

MR. SUSOLIK:  Okay.  Well, we do -- and I will state that counsel is incorrect.  They say there is no evidence that it's a legitimate corporation.

We've submitted the declaration of Mr. Ferrell right here, and he specifically explains the Strataluz L.L.C. company marketed and sold a number of personal health products, including the following:  Two-Minute Booty, Glutia, Eversilk, Permaxol (phonetic).

That's the only evidence that the court has. Nothing from their unauthenticated double hearsay documents meets that standard.  I will also -- I think counsel's argument actually proves our exact point, Your Honor, because this was his opportunity to present to the court the rebuttal to our point.

They've had our supplemental reply now for two

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 46

months, and we repeatedly tell them there's no evidence, no facts, and all we have are more arguments and citations to pleadings.  And Mr. Arhangelsky states, quote, the allegations speak for themselves.  Well, that's not how it works.

The allegations in a complaint do not speak for themselves.  That's why we actually have facts and -- and evidence and testimony and Rules of Evidence.  So in summary, Your Honor, I would request, as I've already stated, that the court deny any crime fraud claim and that the court affirm its tentative as to the privilege being -- the attorney/client privilege being affirmed.

THE SPECIAL MASTER:  All right.  I think that's enough on this.

MR. SUSOLIK:  Thank you, Your Honor.

THE SPECIAL MASTER:  It's my goal to issue the final and to file it with the District Court by the end of the week.

MR. SUSOLIK:  Very good, Your Honor.

THE SPECIAL MASTER:  All right.  So clearly I will make some changes to the tentative.  If I were on the bench, my clerk would grab the tentatives back from you and destroy them; but they're circulating out there and you'll see that there are differences, I'm sure --

MR. SUSOLIK:  Very good, Your Honor.

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 47

THE SPECIAL MASTER:  -- between the tentative. But the tentative is meaningless, you understand, everybody, once the final is issued.

MR. SUSOLIK:  Yes, superceded, yes.

THE SPECIAL MASTER:  That's a good word.  I've had trouble typing "Immunogenics."  It's not a word that rolls off the tongue or is even understandable to me.

So let's move on to Number 2.

MR. FURMAN:  Pardon me, Your Honor.  Can we take a short break?

THE SPECIAL MASTER:  Yes.  All right.  We'll take a short restroom break.  Five minutes, please.

(Six-minute recess taken.)

THE SPECIAL MASTER:  Let's go back on the record, please.

We're now back on the record in the second motion for this morning, which is the defendants' motion for protective order or alternatively motion to quash subpoena to Tracfone and Defendant Sandoval's motion, the same, and the motion of nonparty Heidi Franco to quash subpoena, and then plaintiff's request for reasonable attorneys' fees.

Let's have the parties make their appearances once again, please.

MR. ARHANGELSKY:  Thank you, Your Honor.



NATURAL IMMUNOGENICS CORP.: HEARING

Page 48

Peter Arhangelsky and Joshua Furman for the plaintiff, Natural Immunogenics.

MR. SUSOLIK: Good morning, Your Honor. Edward Susolik of Callahan & Blaine on behalf of the N.T.G. defendants.

MR. DARNELL: Good morning. David Darnell, also of Callahan & Blaine, on behalf of the N.T.G. defendants.

MR. FORD: Good morning. Brendan Ford on behalf of the non-N.T.G. defendants as well as nonparty Heidi Franco.

THE SPECIAL MASTER: And Defendant Sandoval.

MR. FORD: Yes. He is included in there, yes, that's correct.

THE SPECIAL MASTER: Okay. Great.

All right. Now, I issued my tentative a couple of weeks ago. We had time to look at it. Let's start with N.T.G.

Does N.T.G. have any argument this morning on this matter?

MR. SUSOLIK: As to the parts that relate to our -- N.T.G., we do not, Your Honor. We'll submit on your tentative.

THE SPECIAL MASTER: All right. And how about you, Mr. Ford?

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 49

MR. FORD:  On behalf of my clients, Mr. Sandoval and Ms. Franco, we submit on the court's tentative with respect to the merits.  We do object to the awarding of attorneys' fees and would like to be heard on that narrow motion.

MR. SUSOLIK:  Please proceed.

MR. FORD:  Your Honor, my first job out of law school was as a law clerk to a Federal District judge; and I know how important the rules are, and adherence to the rules are.  But this motion presented a number of factors that were not dealt with in the case law that was cited by either our side or N.I.C.'s side or, indeed, even the court's tentative.  We had a case now where a nonparty was not the recipient of a subpoena but indeed the subject of it.  So for lack of a better phrase, I refer to her as a real party in interest. She -- her phone records were requested; and in reviewing the 2013 amendments to the Rule 45, in addition to the advisory committee notes to Rule 45, it states -- and, indeed, Your Honor quoted this in your tentative; that the prime concern should be avoiding burden on nonparties.  Avoiding burden on nonparties.

THE SPECIAL MASTER:  But they mean a third party that the subpoena is served on.  There's no burden on Mrs. Franco.

**hglitigation.com**

NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

Page 50

MR. FORD:  Well, to avoid -- here's the challenge, though.  In order to quash the subpoena, she would have to -- I would have to go to Florida, open a miscellaneous matter, hire local counsel, get pro haced in and then have all the other parties be forced to do so only to then go ahead and turn around and agree to transfer and come all the way back.

The case law -- I didn't want to burden my client with additional fees and costs; nor, quite frankly, did I want to burden any of the parties in this with additional fees and costs; so I tried to seek guidance from the case law.

And I'll tell Your Honor I spent a fair amount of time on this and I wasn't able at the time to find a single case that addressed my fact pattern.  We have a citizen of California in a case in California involving her records from a subpoena in California, and the case law all says that basically Tracfone in this instance can file a motion in Florida should that company choose to do so.

That's not a -- a controversial position, whether Tracfone can do that.  And, indeed, the Eastern District of Texas case that was cited by N.I.C. and that Your Honor adopted with respect to consent had a very straightforward fact pattern.

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 51

It was the recipient of the subpoena was a Florida corporation, coincidentally; and they filed it at the place it had been issued as opposed to where the place of compliance is.

What we have here, indeed, further complicating matters, is that we had two protective orders by two parties that were going to be filed in this district, so it also created a potential for conflicting versions or conflicting judicial outcomes having one in Florida because the right to return is discretionary, it's not mandatory, and having two on the exact same subpoena involving the same issues in this one.

So given 45's emphasis on minimizing burdens to nonparties and Federal Rule of Civil Procedure Rule 1, which says the just, speedy and inexpensive resolution of disputes, and also given the fact that there was no case law that told me what to do in this instance, I believe that I acted in good faith.

I, indeed, went a step further and sought consent from Tracfone. I understand your court's -- the court's thoughts on that, but I will tell you both as an officer in the court and someone who signed a declaration under penalty of perjury, I spoke to the subpoena compliance department and they confirmed with legal that they had no objection to me filing this in

hglitigation.com



**NATURAL IMMUNOGENICS CORP.: HEARING**

Page 52

here.

And furthermore, just a couple of other points. Rule 37(a)(5), if you look at the advisory committee notes to Rule 37(a)(5), was enacted to curb discovery abuses; and there were no discovery abuse here. Indeed, if anything, I reduced the burden on all the parties in here by filing it in this district as opposed to force everyone to go to the Southern District.

THE SPECIAL MASTER: That's a discovery abuse on the Central District, that's exactly my point, when you should have gone to Florida. So yes, that is an abuse.

Go ahead.

MR. FORD: Well, I also tried not to waste judicial resources by having -- imagine the size of the attorneys' fees award that would occur had everyone gone to Florida, then we file a consent and come back here.

So in connection with the protective order, I understand the court's position; but I would ask that the court consider one case that I found after the deadline for our reply.

THE SPECIAL MASTER: Okay.

MR. FORD: And that case is AngioScore, A-n-g-i-o-S-c-o-r-e, versus TriRene Med, T-r-i-R-e-n-e Med, comma, Inc. And the cite is 2014 Westlaw 6706873

**hglitigation.com**



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

Page 53

at 1.  And it's a Northern District of California opinion from November 25th, 2014.

THE SPECIAL MASTER:  I think I found it.  I think I read it before I did the -- but go ahead.

MR. FORD:  Well, Your Honor, it says here -- as part of the reason that you awarded attorneys' fees, you said that I hadn't provided law.  So I believe that that case actually supports at least the -- my good faith efforts.

THE SPECIAL MASTER:  Actually, that case is cited on Page 18 of my -- I could be wrong on my page number because I sort or reworked this; but I string cite it and I quote from it, actually.  Why don't you take a look at it.

MR. FORD:  Right.

The quote that I would like to at least --

THE SPECIAL MASTER:  Am I wrong, Page 18?  I'm sorry.  My page numbers might be off.

MR. SUSOLIK:  Yes, on Page 18.

THE SPECIAL MASTER:  I knew I'd read it.  Okay.

MR. FORD:  Right.

Well, the -- the paragraph after the place where the court cited in your tentative says (reading):

Thus although plaintiff and its

parent could have easily avoided

hglitigation.com



**NATURAL IMMUNOGENICS CORP.: HEARING**

Page 54

the situation by moving to quash the subpoena in the proper district in the first instance, the court will not require them to do so now.

The amendments to the rule were designed to protect the subpoenaed party, and the District Court in which an action is pending has the right and responsibility to control the broad outline of discovery.

The court thus exercises its inherent authority under Federal Rule of Civil Procedure 26(c), which provides that the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense and considers whether discovery here poses an undue burden on the nonparty.

However, the parties are now on notice as to the requirements of amended Rule 45 and are expected to comply with those procedures in the

**hglitigation.com**



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

Page 55

future.

The court in this case found and accepted the motion to quash and then ruled on the merits based specifically on the fact that all parties to the litigation had agreed and consented to have the case heard at the place where it was issued rather than that, and then said don't do it again.

I'm asking, given the unique fact pattern that existed here, given my -- expensive efforts to research case law and to contact Tracfone, given this case, I would respectfully urge the court to reconsider its awarding of attorneys' fees.

I attempted very hard to -- to practice law at the highest level possible and I -- I operated in good faith at all times. I was not trying to burden anyone; I was trying to minimize the costs to all of the parties; and so for me to be punished for doing so, I think would be inappropriate.

I would respectfully ask the court to reread that portion of it. I think that case shows that -- oh, one other fact. I did do a lot of research this weekend on cases involving Rule 45 cases that were cited and that were improperly filed in the wrong district.

I would note that I could not find a single one that awarded sanctions or attorneys' fees under

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 56

Rule 37(a)(5) relating to any of those; and I don't think, given my conduct in this case to date, I should be the first one.  So with that I would ask the court to please reconsider its position on awarding attorneys' fees.

THE SPECIAL MASTER:  Response?

MR. ARHANGELSKY:  Well, Your Honor, I think it's -- Exhibit 17 to our motion in the Tracfone matter involving Ms. Franco's motion at Page 129 of our combined consolidated exhibits, we did identify the specific issue and attempted to meet and confer on this issue.

And in that e-mail we provided counsel we essentially briefed it and we provided what we believe was the law on this issue and identified the fact there was a jurisdictional problem and that it would not be possible to bring these two motions together.

So counsel was clearly aware of the issue and the law in advance.  We did not receive any meaningful legal citations in response to that e-mail that we had sent him on November 23rd before the motions were filed. And then in the actual joint stipulation itself, there's a terse paragraph that presents absolutely no law on the issue either.

Of course, because it appeared in their moving



NATURAL IMMUNOGENICS CORP.: HEARING

Page 57

papers, counsel is, obviously, aware of it because they felt the need to address it in advance; and they still provided no law on that point specifically.

And with respect to the AngioScore case that was just cited, it's worth noting that in that case, that court did do a full analysis of this specific issue and actually admonished the parties and provided instruction moving forward and said that that wouldn't -- that wouldn't be tolerated even though the outcome in that case was perhaps different.

I'll just note that we faced these same issues. We were forced to go down to the Northern District of Texas earlier in this case to litigate phone record issues with AT&T where the place of compliance for that subpoena was due; and it was substantial cost for us, but that's what we understood the rules would require.

And in having to oppose two substantial motions here that you could say they could have been perhaps consolidated, what have you, but we -- our clients incurred a significant expense in having to go through the process of litigating on these issues that were presented by Ms. Franco.

MR. FORD:  Your Honor, may I just address --
I'm sorry.  Were you done?
MR. ARHANGELSKY:  Yes, I'm finished.

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 58

MR. FORD:  Okay.  The point -- with respect to the merits in terms of the privacy interests and so forth, those were briefed both in their opposition to N.T.G.'s motion and in opposition to Mr. Sandoval's motion, both of which Your Honor held were not worthy of -- of Rule 37 sanctions.  The court concluded correctly.

THE SPECIAL MASTER:  I could have gone either way on that, frankly.

Go ahead.

MR. FORD:  I understand, Your Honor.

But we thought -- so really the only additional issue that was presented by Ms. Franco's was the Rule 45 issue.

THE SPECIAL MASTER:  And that was the issue -- that's why you got attorneys' fees, because I thought your discussion -- I'm going to try and find it -- was particularly disingenuous because you knew perfectly well you were supposed to go to Florida and you intentionally chose not to.

And you chose not to for the reason you explained today, to try and save money; but that's not how the Federal Rules work.

MR. FORD:  Well, then I would ask --

THE SPECIAL MASTER:  Then you shouldn't have

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Page 59

filed it, that's all.  You should have just rested with piggybacking onto N.T.G.'s motion.  That's why you got the attorney's fees against you.

I don't think they're going to be huge because I've made a point of making clear that they should be apportioned only for the portion dealing with the -- with your separate motion, not the joint protective order, slash, alternative quash, which took me a while to, frankly, figure out what the alternative quash was because first I thought maybe it was a 45 and then I realized you were trying to deal with the fact that there was an existing protective order out there.

But, in any event, that's exactly why you got the attorneys' fees against you, because you knew perfectly well and you chose to do it here because it was cheaper, and that's exactly why.  All right?  If you hadn't known and you had just done it out of ignorance, I might have felt differently about it, Mr. Ford; but it was intentional, you knew.  Okay?

All right.  Anything else?

MR. ARHANGELSKY:  No, Your Honor, not on this motion.

THE SPECIAL MASTER:  Anything else, Mr. Ford?

MR. FORD:  No, Your Honor.

THE SPECIAL MASTER:  All right.  That's it.

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Page 60

Then my goal is the same, to get the final out by the end of this week.  The final, of course, does not address the issue of attorneys' fees.  That will be dealt with subsequently on the papers in a separate order.  Thank you very much.  Let's go off the record, please.

(Discussion held off the record.)

(At 11:15 a.m., the proceedings were adjourned.)

hglitigation.com



**NATURAL IMMUNOGENICS CORP.: HEARING**

Page 61

U.S. DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

NATURAL IMMUNOGENICS CORP., a    )
Florida corporation,             )
                                 )
            Plaintiff(s),         )
                                 )
    vs.                          ) No. 8:15-CV-02034
                                 ) (JAMS No. 120055347)
NEWPORT TRIAL GROUP, et al.,     )
                                 ) REPORTER'S
            Defendant(s).         ) CERTIFICATE
_____  )

        I, RHONDA NORBERG, Official Reporter of the

Superior Court of the State of California, for the

County of Los Angeles, do hereby certify that I did

correctly report the proceedings contained herein and

that the foregoing Pages 1 through 60, inclusive,

comprise a full, true, and correct transcript of the

proceedings and testimony taken in the matter of the

above-entitled cause on Monday, March 6, 2017.

            Dated this  12th  day of March, 2017.



        RHONDA NORBERG, CSR NO. 9265
        CCRR NO. 185

Dallas:

**hglitigation.com**

**hg**

NATURAL IMMUNOGENICS CORP.: HEARING

Index: $247,000..activity

**$**

**$247,000** 5:24

**1**

**1** 4:18 51:14 53:1 61:15
**100** 19:14 23:7 25:9
**103(a)(1)** 7:23
**104(a)** 27:7,8,24 43:10,13,14 44:7, 8,23
**11** 7:11
**11:15** 60:8
**12** 7:11 13:17
**120055347** 61:8
**129** 56:9
**12th** 61:19
**13** 7:11 14:15 33:13
**132** 31:5
**138** 31:5
**14** 7:12 8:5
**15** 7:12
**15-CV-2034** 3:8
**16** 7:12
**17** 7:13 56:8
**17200** 5:19
**18** 7:13 8:9 17:5 19:18 43:25 53:11, 17,19
**185** 61:25
**190-A** 14:17

**2**

**2** 47:8
**20** 7:13
**2013** 49:18
**2014** 52:25 53:2
**2015** 29:7

**2016** 9:16 14:15
**2017** 3:1 61:18,19
**23rd** 56:21
**24** 7:13
**25** 7:14 13:7
**25th** 53:2
**26(c)** 54:13
**29** 32:10
**29th** 9:15

**3**

**3** 10:2
**30** 32:10
**37** 58:6
**37(a)(5)** 52:3,4 56:1
**386** 31:4

**4**

**4** 18:3
**45** 49:18,19 54:24 55:22 58:13 59:10
**45's** 51:13

**5**

**501** 10:20

**6**

**6** 3:1 61:18
**60** 61:15
**602** 27:4
**631** 7:23 20:8
**649** 7:23 20:8
**6706873** 52:25

**7**

**7** 7:9

**7:30** 26:8

**8**

**8** 7:10
**801** 27:4
**802** 27:5
**803** 27:5
**8:15-CV-02034** 61:7
**8:30** 26:7

**9**

**9** 7:10
**90** 33:13
**9265** 61:24
**9:51** 3:2

**A**

**A-n-g-i-o-s-c-o-r-e** 52:24
**a.m.** 3:2 60:8
**above-entitled** 61:18
**abrogated** 11:5
**absence** 34:17
**absolute** 34:17
**absolutely** 56:23
**abuse** 44:19 52:5,9,12
**abuses** 52:5
**accept** 30:3
**accepted** 55:2
**accurate** 15:1
**accused** 25:5 33:18
**acknowledged** 44:14
**Act** 32:13
**acted** 51:18
**action** 54:8
**activity** 19:3



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

actual 25:22 33:3 56:22

acumen 42:3

add 36:6

addition 8:13 49:19

additional 25:14 35:13,18 50:9,11 58:12

address 23:10 30:15,18 57:2,23 60:3

addressed 50:15

adherence 49:9

adjourned 60:9

adjudicate 6:4

admissibility 9:9

admissible 7:4 8:16 9:4,5 11:19, 20 13:20 16:24 20:14 25:22 26:23, 24 27:25 28:4 43:18

admission 5:24

admonished 57:7

adopted 50:24

advance 14:24 56:19 57:2

advice 10:23 21:1

advised 14:25

advisory 49:19 52:3

affidavit 38:21,24

affirm 46:11

affirmed 46:12

agree 10:10 39:19 50:6

agreed 55:5

ahead 9:23 39:20 40:9 50:6 52:13 53:4 58:10

aids 31:14

albeit 14:10

allegation 19:23 32:22

allegations 5:11,14 10:3 12:13, 17,20 14:7 16:18 17:9,12,14,23 18:1,24 22:17 24:2,6 31:23 32:7,25 33:21 35:2 36:3,24 42:21 46:4,6

allege 5:8 33:1

alleged 12:4 18:15 32:13

allegedly 18:4,6 22:19 30:4

alleging 10:25 32:8,25

Allison 14:15 31:15 32:6

allowing 10:22

alternative 59:8,9

alternatively 47:18

amended 54:24

amendments 49:18 54:5

American 42:20

amount 4:23 50:13

analysis 57:6

Angeles 61:13

Angioscore 52:23 57:4

annoyance 54:17

anti-slapp 5:18

apologize 29:8

apparently 5:5 30:25 41:3

appearance 4:15 41:23

appearances 3:12 47:23

appeared 56:25

appears 38:4

application 35:4

applies 6:14 23:15 37:14

apply 25:17 27:16 43:24

appointed 3:9

apportioned 59:6

appreciated 6:8

approach 16:17

approved 21:19

arguably 10:18 11:9

argued 10:10 12:2,5

argues 44:23

arguing 32:3 36:7

argument 3:10 4:3,8 8:20,23 9:21, 23 29:11 30:18 43:9 45:22 48:19

arguments 10:1 14:7 15:10 30:15 42:12 45:1 46:2

Arhangelsky 3:14,15 6:1 7:7,16 11:23,25 13:14 14:19 15:18 26:5 29:13 30:16 37:20,22 39:22 46:3 47:25 48:1 56:7 57:25 59:21

Arhangelsky's 12:6,23 13:6

Arizona 26:7

art 37:3

aspect 42:2

assert 36:3

asserted 7:3

assume 39:2,11

assuming 20:13

AT&T 57:14

attached 12:6 13:9

attack 28:7

attempt 24:11

attempted 55:13 56:11

attention 25:23 27:6

attorney 4:20,22 5:12 16:2

attorney's 59:3

attorney/client 10:14,17,21 11:4, 8 13:22 15:12 16:3 21:6 24:12 42:19 44:14 46:12

attorneys 21:13 33:12 34:25 36:4

attorneys' 5:21 47:22 49:4 52:16 53:6 55:12,25 56:4 58:16 59:14 60:3

authenticated 12:19

authenticity 7:8

authorities 38:17

authority 7:21 20:22 54:12

avoid 50:1

avoided 53:25

avoiding 49:21,22

award 52:16

awarded 53:6 55:25



NATURAL IMMUNOGENICS CORP.: HEARING

awarding  49:4 55:12 56:4

aware  33:25 34:3,7 56:18 57:1

_____

**B**

_____

back  39:23 40:16 43:2 45:4 46:22 47:14,16 50:7 52:17

backed  29:23,24

background  41:13

bad  42:6

based  14:6 15:19 16:3,23,24 25:18 30:25 34:16 42:21 55:3

basic  30:13

basically  33:1 50:18

basis  26:14

began  29:7,16

behalf  3:15,18,21,23 4:25 30:23 48:4,7,10 49:1

believes  35:22

bench  46:22

benefit  27:20

benign  22:4

Bentley  41:10,16

big  4:17

billion-dollar  11:9

bit  28:7 35:19 36:17

blah  38:24

Blaine  3:18 48:4,7

blocker  21:19 22:23 24:24 28:20

blowup  14:13

bootstrap  14:5

Booty  41:19 45:18

Borts  14:15,18 18:9 31:15,17 32:6, 23

Borts'  31:20

bottom  31:20

bound  27:12,15 43:20 44:11

break  47:10,12

Brendan  3:23 48:9

briefed  26:9 56:14 58:3

briefings  28:2

briefly  4:14 5:13

briefs  29:15,19

bring  16:9,11 25:23 42:2 56:17

bringing  16:1

brings  43:24

broad  54:10

broadly  33:19

burden  8:15 9:4 11:11,14,18 12:12 16:23 19:6 21:5 23:5,25 25:20 28:13 49:22,24 50:8,10 52:6 54:18, 21 55:15

burdens  11:17 23:18 51:13

Bureau  13:12

business  13:2,12 28:11,15 36:4, 15 37:6

businesses  25:6

businessmen  42:6

_____

**C**

_____

calculated  26:16

calendar  37:9

California  3:1 26:8 50:16,17 53:1 61:2,12

Callahan  3:18 48:4,7

called  21:19 40:19,24 41:5

camera  11:2 19:25 37:24

capital  21:23

carefully  9:8

case  3:7,9 4:25 6:21 8:20 9:3 10:24 11:10,14 13:24 15:8,25 16:15,21 18:25 19:11 20:4,7 23:25 27:22 28:3 31:3 34:12,13,23 35:4 38:13 43:25 44:2 49:11,13 50:8,12, 15,16,17,23 51:17 52:20,23 53:8, 10 55:2,5,10,20 56:2 57:4,5,10,13

case's  19:7

cases  5:2,6,7,8 12:18 15:23 17:14, 18 33:13 55:22

CCRR  61:25

cellulite  41:24

Central  52:10 61:2

CERTIFICATE  61:9

certify  61:13

cetera  10:3

chain  11:2

challenge  50:2

challenging  35:17

chance  43:5

Chapman  3:8

characterizations  32:23

characterized  31:22

cheaper  59:16

checked  34:21

choose  50:19

chose  58:20,21 59:15

chosen  16:1

circle  43:24

Circuit  7:21 10:15 13:23 16:21 20:7,22 27:22 31:3,5

circulating  46:23

circumstance  28:19

circumstances  28:1 34:25 36:12 43:1

citation  7:22

citations  46:3 56:20

cite  20:3 52:25 53:13

cited  26:24 29:21 30:21 33:24 49:12 50:23 53:11,23 55:22 57:5

citizen  50:16

civil  44:1 51:14 54:13

claim  13:1,6 16:2,12 19:2 30:20 44:24 46:10

claiming  28:25

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

claims 15:18 18:20 19:22 30:6,8 33:22

clarify 19:19

clear 27:11 28:18 39:15 59:5

clerk 46:22 49:8

client 20:25 32:16 36:12 39:6,7 40:1 50:9

client's 36:16

clients 49:1 57:19

closing 23:17

code 25:7 30:1 44:7

coincidentally 51:2

collaborate 36:13

color 37:25

combined 56:10

comma 43:19,20 52:25

commercial 37:6

commercials 41:2

committed 20:19

committee 49:19 52:3

common 10:18

communications 15:2,5 21:7

community 4:20

companies 22:2 24:25 25:2 32:13 33:17,20 35:8 37:1,5

companion 36:2

company 28:10 29:1,2,4 30:4,25 35:20 40:16,18 41:17 42:9,14,23 45:16 50:19

compete 41:18

competed 36:15

competent 8:15

competing 28:21 30:4

competitors 32:18

complaint 12:14,21 29:23 31:24 32:1,4,10,21 46:6

complaints 12:14 29:21

completely 5:14 15:13 19:14,15

complex 10:24 25:3

compliance 51:4,24 57:14

complicating 51:5

comply 54:25

component 37:6

comprehend 35:18

comprise 61:16

concept 21:18

concern 31:21 49:21

concerned 19:13 33:3

concerns 26:20

conclude 22:7,8

concluded 58:6

conduct 16:16 17:8 33:18 35:13 36:21 56:2

conducted 13:17 15:24 24:9

conducting 25:12

confer 56:11

confirmed 51:24

conflicting 51:8,9

connection 52:18

consent 50:24 51:20 52:17

consented 55:5

consequence 27:22

considered 11:20

considers 54:19

consolidated 56:10 57:19

consumer 37:8

consumers 37:9

contact 55:10

contained 61:14

content 12:10

contention 12:25

contentions 12:3

contents 18:23 34:5

context 14:11 31:9 33:7

continuing 21:9

Continuity 3:11 14:10,16 17:9,13 18:1,5,15 24:10 31:18 32:24 35:22 36:12,18 40:19

Continuity's 32:19 34:1 36:14

contrast 28:17

control 54:9

controlling 10:8,15 16:21 20:22

controversial 50:21

conversation 14:21

conversations 18:17 31:17 34:1

convincing 39:15

cookie-cutter 32:17

copies 15:21

copy 7:16

Corp 3:6 61:5

corporate 4:25 18:19 19:22 21:13, 14,17 23:10

corporation 21:15 22:9,11,15 23:4 30:20 32:16 45:13 51:2 61:5

corporations 21:19 22:22,23 24:24 25:2 28:20,21 31:11,12 33:11

correct 19:14 25:17 37:20 48:14 61:16

correctly 17:17 23:8 25:21 58:7 61:14

correspondence 18:4,5,16 33:4

correspondence's 18:23

corroborate 29:25

cost 57:15

COSTA 3:1

costs 50:9,11 55:16

counsel 4:3 5:4 14:7,16 15:24 16:9 18:10 19:21 21:1 26:22 28:2, 24 29:9 31:15 32:6 34:1 35:6 36:14 40:18,20 43:8 44:23 45:1,12 50:4 56:13,18 57:1

counsel's 38:4 42:12 45:22

counterclaim 12:15

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

countervailing 28:9 34:18

County 61:13

couple 3:25 4:16 39:25 40:8 48:16 52:2

court 5:9 8:2,6 9:7 11:1,8,11,20 15:16 16:12 17:4,16 18:13 19:4 20:16 21:10 23:8,22,23 24:15 25:10,13,20 27:8,12,14,19 28:16 29:22 31:16 32:1,25 34:2 37:13 38:13,14 42:11,15,20 43:8,15,19, 25 44:2,5,10 45:19,24 46:10,11,17 51:22 52:20 53:23 54:3,7,11,14 55:2,11,19 56:3 57:6 58:6 61:1,12

court's 6:13 8:4 10:9 17:3,10 19:9 25:16,23 49:2,13 51:20,21 52:19

cream 41:23

create 42:5,6,9

created 29:6,14,17 32:15 42:8 51:8

creates 41:17

credibly 34:20

crime 6:11,13 11:3,15 14:5 16:3,8 20:14,19,23 23:14 25:19 28:5 35:5 36:20 37:14 42:7 44:20 46:10

criminal 20:25

critical 8:2 9:6

critically 11:17

criticism 23:24

criticisms 45:5

CSR 61:24

curb 52:4

current 25:8

cut 33:15 35:6

---

**D**

---

damages 5:23

dangerous 14:8

Darnell 3:20 48:6

date 28:16 56:2

Dated 61:19

Dave 41:9 42:3

David 3:20 14:12 18:6 48:6

day 24:25 25:1 28:21 61:19

deadline 52:21

deal 5:17 9:21 16:6 59:11

dealing 17:11 59:6

dealt 14:9 49:11 60:4

December 9:15

decide 43:15

decided 41:16

deciding 43:19

decision 10:16 11:6 23:17 24:17 25:11,16

decisions 27:9

declarant 39:11

declaration 6:18,25 7:2,7 8:8 11:23 12:1,6,24 13:7,14 14:20,23 15:17,18 18:8,9 21:12 31:21 37:1, 18 38:9 40:14 41:20 45:9,14 51:23

declarations 9:17 18:22 31:19 35:25

declared 15:4

defend 40:21

defendant 4:19,25 19:21 47:19 48:12

Defendant(s) 61:9

defendants 3:19,21,23 26:11,22 28:9,14 34:18 36:3 48:5,8,10

defendants' 47:17

defense 4:23,24 5:13 14:3

deficiencies 29:18

deficient 12:21

delay 26:14

demand 29:7,16 30:22

demands 30:24

demonstrate 22:24

demonstrated 30:2 31:7

demonstrates 30:19

denied 4:4

deny 16:7 22:18 25:21 46:10

department 21:21 51:24

deposition 24:8

depositions 24:10

describing 37:3

designed 31:8 40:25 54:6

destroy 46:23

detail 6:6,7

detect 44:21

determination 44:11

determine 37:14

determined 38:2 44:10

Diego 38:13

dietary 41:21

differences 46:24

differently 59:18

difficult 22:8

diligent 5:5

direct 27:6

direct-to-consumer 42:10

directions 19:20

directly 32:22 36:15

disadvantage 37:15,23

disagree 39:13

discern 30:7

discomfort 41:22

discovery 5:22 6:4 15:24 16:16 17:8,15,19,22 18:4,13 19:5 24:10 27:18,23 28:5 34:9 35:14,15,18 52:4,5,9 54:10,20

discretionary 35:12 51:10

discussed 22:5

discusses 44:6

discussing 21:15

discussion 3:4 22:13 58:17 60:7

disingenuous 58:18

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

dispositive 27:7

dispute 17:10 39:4

disputed 11:21,24 12:16,20 18:22

disputes 51:16

disregard 15:16

dissolved 35:1

district 11:7 23:22,23 36:23 46:17 49:8 50:23 51:7 52:7,8,10 53:1 54:2,7 55:23 57:12 61:1,2

DIVISION 61:3

document 10:11 12:9 14:17 19:20,25 21:25 22:14 23:2,7,11 24:22 38:10

documentation 27:21

documents 12:5,18 15:22 34:22 42:13 45:1,21

Doe 36:2

dog 41:25

dogs 42:1

dollars 25:4

double 12:18 15:22 45:1,20

doubt 38:12 39:16

Draconian 43:1

due 26:20 57:15

dueling 18:21

---

**E**

e-commerce 30:12

e-mail 10:25 11:2 14:14,18 18:11 21:10,11 22:21 23:10 31:20 33:3,5 37:24,25 38:6 56:13,20

e-mails 10:12 38:2

earlier 42:25 57:13

easily 53:25

Eastern 50:22

easy 28:14

Edward 3:18 48:4

effect 37:4

effectively 26:16

efficient 14:1

efforts 53:9 55:9

elements 25:19 34:16

embarrassment 54:17

emphasis 51:13

enacted 52:4

end 35:1 46:17 60:2

endeavors 33:14

engaged 20:25 32:11

enhancement 41:24

ensuring 21:22

enterprise 31:2,6,8 34:23 37:8

entirety 15:16 19:9 43:13

entities 18:19 19:22 21:17

entitled 26:19

entity 36:8

errata 18:10

essentially 35:1 44:20 56:14

established 31:11 35:4 44:4

establishing 28:10

et al 3:7 61:8

eve 26:15

event 15:20 39:4 41:7 59:13

Eversilk 45:18

evidence 6:24 7:3 8:15,16 9:5,7 10:19 11:3,15,18,19,21 12:13 13:20 14:6 15:17 16:4,10,11,15,19, 23,24 19:1 20:14,18,20 21:3,6 25:22 26:23,24 27:4,7,13,20,25 28:4,8,9,15 29:21,23 30:19 31:19 33:6 36:9,10 37:10 39:14,15 42:22, 25 43:18,20,23 44:4,6,8,11,24 45:5,7,9,13,19 46:1,8

evidentiary 7:6 12:21 13:13 24:18 25:12 26:15 35:7,10

exact 18:23 28:21 45:22 51:11

exaggerated 15:5,11

exaggeration 14:4

excellent 4:22 41:9

exception 6:11,14 16:8 20:23 23:15 35:5 37:14 42:7 44:3

exceptions 45:6

exercises 54:11

exhibit 7:9,10,11,12,13,14 13:9 28:24 30:21 32:3 37:18 38:9 56:8

exhibits 12:25 35:21 56:10

existed 55:9

existence 44:9

existing 59:12

exists 13:8 27:10 43:18

expected 54:24

expense 54:19 57:20

expensive 55:9

expert 13:17

explain 8:14

explained 7:4 21:12 58:22

explaining 7:8 18:8 36:21

explains 31:6 45:15

express 36:14

extent 31:10 36:6,7

extort 32:14

extremely 11:12

---

**F**

F.2d 7:23 20:8 31:4

F.R.E. 7:23

fabricated 33:22

face 36:15

faced 35:14 57:11

facie 35:4

fact 4:24 12:3,9 13:21 16:11 23:20 30:1,3,25 42:6,23 45:6 50:15,25 51:16 55:4,8,21 56:15 59:11

factors 33:2 49:11

facts 10:2 12:11 13:3 15:17,20

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

16:19 28:7 29:24 43:10 45:2 46:2,7

**factual** 35:7 43:7

**factually** 12:5

**failed** 8:17 16:22

**fair** 42:24 50:13

**fairly** 11:10 23:20 28:18 31:22

**faith** 51:18 53:8 55:15

**familiarity** 42:3,4

**fashion** 24:5

**favor** 44:17

**Federal** 10:19 11:18 27:4,7 38:13, 14 44:7 49:8 51:14 54:12 58:23

**feel** 41:1

**fees** 5:21 47:22 49:4 50:9,11 52:16 53:6 55:12,25 56:5 58:16 59:3,14 60:3

**felt** 57:2 59:18

**Ferrell** 4:19 5:1,12 18:7 19:21 21:11,12,25 45:14

**Ferrell's** 24:8

**figure** 59:9

**file** 6:17,22 9:19 23:4 26:17,19 32:17 33:13 46:17 50:19 52:17

**filed** 5:1,6 6:20,25 7:6 9:14,15,16 12:9 14:22 18:8 22:19 26:9,12 32:4,24 33:20 34:4 35:2,21 36:2 37:1 38:12,21 51:2,7 55:23 56:21 59:1

**filing** 26:14 32:16 51:25 52:7

**final** 7:25 8:16,23 9:22 46:17 47:3 60:1,2

**finally** 18:11 23:16

**find** 16:15 44:2 50:14 55:24 58:17

**finding** 14:5 17:10 25:17

**findings** 6:10

**finds** 18:13 19:4 43:25

**finish** 27:14

**finished** 39:21 57:25

**fire** 34:14

**firm** 21:21

**firms** 21:14

**fit** 31:13

**flaws** 26:21

**Fletcher** 10:16 44:5

**Florida** 50:3,19 51:2,9 52:11,17 58:19 61:5

**fluid** 17:19

**focus** 10:14 42:12

**footprint** 37:10

**force** 52:7

**forced** 50:5 57:12

**Ford** 3:22,23 39:25 40:7,9,10,12 41:5,7,12,13,15 48:9,13,25 49:1,7 50:1 52:14,23 53:5,15,21 57:23 58:1,11,24 59:18,23,24

**Ford's** 8:7,12 39:7

**foregoing** 61:15

**foremost** 15:14

**form** 18:18 19:21 41:16

**formal** 7:6

**formed** 33:12 34:24

**forming** 36:14

**forward** 57:8

**found** 5:7 11:8 23:8 34:9 44:13,14 52:20 53:3 55:2

**foundation** 15:13

**franchise** 4:25

**Franco** 3:24 47:20 48:11 49:2,25 57:22

**Franco's** 56:9 58:13

**frankly** 27:3,8 28:1 35:12 50:10 58:9 59:9

**fraud** 6:11,14 11:3,15 12:4 14:6 16:3,8 20:14,19,23 23:14 25:19 28:5 33:5,6 35:5 36:20 37:14 42:7 44:20 46:10

**fraudulent** 21:1,4 22:10 31:2,6,9 34:24

**front** 4:15

**full** 41:1 43:24 45:5 57:6 61:16

**fully** 5:3 26:9 32:2

**functional** 30:11

**fundamental** 10:18,22 11:4 13:23

**Furman** 3:15 47:9 48:1

**furtherance** 21:8 22:15 33:4

**future** 55:1

---

**G**

**g-l-u-c-o-m-a-n-n-a-n** 40:25

**gains** 21:23

**general** 14:16 18:10 40:18,20

**give** 7:21 20:3 26:16

**giving** 41:13

**glaring** 26:21 29:18

**glucomannan** 40:24

**gluten-sensitive** 41:22

**Glutia** 45:18

**goal** 32:16 46:16 60:1

**good** 3:17,22 40:15 42:10 46:19, 25 47:5 48:3,6,9 51:18 53:8 54:15 55:14

**Google** 22:24

**grab** 46:22

**grant** 16:7

**granted** 5:18,21 16:16 17:7

**Great** 39:23 48:15

**greatly** 6:7

**grossly** 24:14

**ground** 16:20,25

**grounds** 7:3 16:22

**Group** 3:7 4:19 30:23 32:9 33:21 40:21 61:8

**guess** 13:16 25:5 39:13 43:11,22

**guidance** 50:12

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

guide 10:23

guideposts 23:21

**H**

haced 50:4

half 9:20

half-truths 31:7

hang-up 42:11

happened 14:20 40:17

happening 21:25 28:18

happy 42:17

hard 55:13

health 45:17

hear 35:10

heard 26:22 35:5 38:3 49:5 55:6

hearing 7:25 13:25 24:18 25:12 26:16 35:11,13

hearings 14:2

hearsay 7:8 8:8,11,13 12:17,18 15:21,22 45:1,20

heart 18:11,24

Heidi 3:24 47:20 48:11

held 3:4 58:5 60:7

high 11:10 16:22 24:1 39:14

higher 21:24 39:16,17

highest 55:14

highlighted 18:2

highly 4:20 5:12

hire 13:16 40:21 50:4

hoc 38:4

holding 19:12

holds 28:24

Honor 3:14,17,22 4:21 6:6 7:20 8:9,24 9:2,10,24 10:8 11:1 13:3,25 14:14 15:13 16:9,25 17:5,16 19:10, 16 20:1,6,11 23:11 26:2,5,8 29:9, 13 30:16 38:16 39:19,22 40:13 45:23 46:9,15,19,25 47:9,25 48:3,

22 49:7,20 50:13,24 53:5 56:7 57:23 58:5,11 59:21,24

Honor's 6:10 27:6

Hotspex 33:24

hours 13:17

huge 59:4

hundreds 25:1

hyperbole 14:4

**I**

I.R.S. 21:20

identical 33:18

identified 26:9,21 29:15,18 33:9, 11 34:6 56:15

identify 20:18 56:10

identifying 33:21

ignorance 59:17

illegality 21:9 22:16

imagine 52:15

Immunogenics 3:6,16 47:6 48:2 61:5

Immunogenics' 19:2

importance 19:5

important 8:2 28:12 29:4 31:16 44:2 49:9

impossible 22:8

impossibly 34:24

improper 22:20 23:4,12

improperly 55:23

inaccurate 15:6

inadvertent 23:10

inappropriate 55:18

inclined 20:17 24:16 25:10,14

included 48:13

including 45:17

inclusive 61:15

income 21:23,24

incomplete 24:13

incorporated 28:20

incorrect 45:12

incredibly 25:3 28:14 36:11

incurred 57:20

indicating 35:25 37:1

indication 33:17

individual 41:10,15

individuals 10:22

industry 42:4,5

inexpensive 51:15

information 13:7,14 26:11 29:20 32:20 33:7,8,25 34:20 35:19 42:16, 18

informative 11:7

inherent 54:12

injunctive 5:20

innocuously 24:23

instance 34:14 38:3 50:18 51:17 54:3

Institute 32:5

instructed 43:8

instruction 57:8

instructions 18:6

intellectual 13:5 32:19

intended 21:9 22:16

intentional 59:19

intentionally 58:20

interest 49:16

interests 10:22 36:16 58:2

Internet 13:17

interpret 27:21

interpretation 17:3,20 19:17

interpreted 33:7

interpreting 27:15

investigated 38:1

investigation 28:25 29:3

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

invoking 20:22

involved 40:6

involving 50:16 51:12 55:22 56:9

issue 9:21 14:9 15:14 16:7,13 17:11,17 25:17,24 45:4 46:16 54:15 56:11,12,15,18,24 57:6 58:13,14,15 60:3

issued 3:11 4:1 8:22,25 17:15 47:3 48:16 51:3 55:6

issues 5:17 6:4 9:6 10:9 20:13 26:1 27:16 51:12 57:11,14,21

issuing 29:16

**J**

JAMS 61:8

Jared 41:10,16

Jared's 42:4

job 41:9 49:7

joint 32:4 56:22 59:7

Josh 40:13,18 41:8 45:8

Josh's 42:3

Joshua 3:15,24 32:5 48:1

judge 3:8 5:17,21 10:16 14:9 16:15 17:4,7,11,18,22,25 18:3 19:10,13, 18,19 34:2,4,11 44:5 49:8

judicial 12:7,8 38:8,10,15,17,20, 25 39:8,10 40:13 51:9 52:15

jurisdictional 56:16

jurisprudence 13:23 42:21

jury 24:5

justify 13:21

**K**

kind 4:16 5:8 15:10 28:10 37:11 40:15

knew 53:20 58:18 59:14,19

knowledge 11:25 15:19 30:4

**L**

L-u-s-t-i-g-e-r 31:4

L.L.C. 34:3 45:16

lack 49:15

Lanham 32:13

large 21:21

largest 25:2

late 20:5

law 9:3 10:18 16:21 19:11 21:14, 16,21 23:25 26:25 27:22 31:3 49:7, 8,11 50:8,12,18 51:17 53:7 55:10, 13 56:15,19,23 57:3

laws 10:24 25:8

lawsuit 4:18 36:2

lawsuits 22:19 23:4,12 32:17 40:22

leave 34:2

led 34:2

legal 10:23 18:20 19:22 42:2 51:25 56:20

legitimate 13:2 28:11,15 35:9 37:11 42:14,23 45:13

lend 36:20

length 7:5 12:24 44:6

letter 30:22

letters 29:7,16

level 25:10 55:14

levels 22:12

light 37:12

likewise 11:24

limit 43:8

limited 5:19,24 15:9 34:11

limiting 17:15

Lipozene 40:24 41:5,18

litigate 15:7 57:13

litigating 57:21

litigation 11:9 31:13 33:23 55:5

local 50:4

looked 11:1 21:10 34:15

Los 61:13

lose 41:1

lot 23:21,24 55:21

Lustiger 31:4

**M**

M.S.J. 27:19

made 7:24,25 8:3 12:7,8 21:8 34:19,22 38:1 41:18,21,23 59:5

make 3:12 9:8 10:1,4 15:18 27:9 32:6 40:25 46:21 47:23

makes 20:4 27:16 30:23 40:23

making 16:18 17:12,21,22 24:3,7 44:10 59:5

male 41:24

mandatory 51:11

March 3:1 61:18,19

marketed 13:5 45:16

marketing 22:2

masquerade 45:2

master 3:5,9,25 4:12 6:15,20 7:15 8:10,18,25 9:12 10:6 19:24 20:3,9 26:4 29:11 30:14 37:17,21 38:7,19, 23 39:5,20,23 40:2,11 41:3,11,14 43:4 44:13,17 45:8 46:13,16,20 47:1,5,11,14 48:12,15,24 49:23 52:9,22 53:3,10,17,20 56:6 58:8, 15,25 59:23,25

matter 3:6 17:2,20 36:22 48:20 50:4 56:8 61:17

matters 51:6

meaningful 56:19

meaningless 47:2

means 17:19 39:1

Med 52:24,25

meet 16:22 20:23 56:11



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

Index: meets..operated

meets  45:21

memoranda  26:13

memorialize  14:20

mentioned  36:1 43:10

mentions  42:20

merit  22:19

meritless  5:14 24:3

meritorious  5:3

merits  20:12,21 23:13 24:22 49:3 55:3 58:2

MESA  3:1

met  24:21 25:19,20 41:8,10,15

millions  25:4

minimal  37:4

minimize  55:16

minimizing  51:13

minutes  47:12

misappropriating  32:18

miscellaneous  50:4

misdirection  31:8

missed  41:4

misstatement  26:25

mistaken  14:17

misusing  32:18

model  31:13

mold  33:15

moment  8:14

Monday  3:1 61:18

monetary  5:23 32:14

money  58:22

months  9:20 20:5 33:13 46:1

morning  3:10,17,22 47:17 48:3,6, 9,19

motion  3:11 4:1,5 5:18 6:5,11,24 8:5 9:14 11:3 12:2,5 16:7 17:8 26:8 27:18 31:19 34:4 35:25 47:17,18, 19,20 49:5,10 50:19 55:3 56:8,9 58:4,5 59:2,7,22

motions  23:20 27:23 34:6 56:17, 21 57:17

move  15:15 20:12 47:8

moving  4:6,10 9:4 11:13 21:5 24:1 28:7 54:1 56:25 57:8

multiple  22:11 28:1

**N**

N.g.t.'s  18:6

N.I.C.  11:14 33:19 50:23

N.i.c.'s  49:12

N.T.G.  3:19,21 5:1 18:18 22:18 32:12,15 33:12 34:25 36:4,12,13 48:5,7,18,19,22

N.t.g.'s  58:4 59:2

named  41:10,16

Napster  9:3 10:16 11:6,10 23:17, 22 24:16 25:11 28:6 33:2 43:25

narrow  49:5

Natural  3:6,16 19:1 48:2 61:5

nature  15:10 22:4

Nevada  21:14 25:9

Newport  3:7 4:18 30:22 32:8 33:21 40:21 61:8

night  26:7 35:1

Ninth  7:21 10:15 13:22 16:21 20:6, 21 27:22 31:3,5

non-n.t.g.  3:23 48:10

nonparticipating  31:1

nonparties  3:24 49:22 51:14

nonparty  47:20 48:10 49:14 54:21

NORBERG  61:11,24

Northern  53:1 57:12

note  8:4 15:22 55:24 57:11

notes  49:19 52:4

notice  12:7,9 14:24 18:10 38:8,10, 16,17,20,25 39:8,10 40:13 54:23

noting  57:5

November  9:15 26:10 53:2 56:21

number  3:8 4:18 5:1,10 26:21 29:18 30:23 40:22 45:16 47:8 49:10 53:12

numbers  53:18

**O**

O.R.I.  40:19,20,21,23

O.r.i.'s  41:18

oath  39:1,12

Obesity  31:22 32:5

object  29:9 43:7,9 49:3

objected  9:10

objecting  9:11

objection  7:17,24 9:17 27:3 40:12 51:25

objections  6:17 7:6,19 8:3,19 9:20 10:4 20:4 26:6,15 27:2,15 45:6

obligated  28:4

obligation  27:25

obtain  16:4

obtained  5:16

occur  52:16

occurred  11:16

occurring  12:4

odd  35:12 36:11 44:1

offer  36:8

offered  34:18

officer  51:22

Official  61:11

oldest  10:17

omissions  31:7

online  13:8,15 28:23 29:1,2,24 34:22 37:10

open  50:3

operated  33:12 34:25 36:4 37:5,7 55:14

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

operating  16:12 28:11 30:20

operation  31:9

opinion  10:15 14:8 19:11,19 24:23 53:2

opportunities  28:2

opportunity  4:2,4 37:16 40:21 42:15 45:23

oppose  9:13 57:17

opposed  13:15 51:3 52:7

opposition  26:17 35:15 58:3,4

oppression  54:18

oral  3:10 4:3,8 8:20,23

order  17:19 42:5 47:18 50:2 52:18 54:15 59:8,12 60:5

orderly  24:4

orders  17:15 51:6

ordinary  44:1

originally  31:21 34:12

ostensibly  31:11

outcome  57:10

outcomes  51:9

outline  54:10

outweighs  19:6

---

**P**

---

p.m.  26:7,8

Pacer  5:5 38:11

Pacific  7:22 20:7

pages  7:8 61:15

paints  28:18

papers  9:18 57:1 60:4

paragraph  7:9,10,11 13:7 53:22 56:23

Paragraphs  32:10

Pardon  47:9

parent  22:9,11 23:3 25:1 53:25

part  5:18 31:18 35:22 53:6

parties  3:12 19:6 47:23 50:5,10 51:7 52:6 54:22 55:4,17 57:7

partners  22:1

parts  48:21

party  4:6,8,11 9:4 11:14 20:22,24 21:5 24:1 40:3 49:16,24 54:7,16

pass  43:2

passive  21:23

patience  26:3

pattern  19:2 50:15,25 55:8

penalty  51:23

pending  54:8

people  9:19 41:22

percent  19:14 23:7 25:9

perfect  27:17

perfectly  58:18 59:15

performed  34:8

perjury  51:23

Permaxol  45:18

permissible  25:9

permission  14:24

permitting  17:22

person  54:16

personal  11:25 15:19 21:24 45:16

perspective  5:3 14:2

Peter  3:15 7:7 48:1

phone  49:17 57:13

phonetic  33:25 45:18

phrase  49:16

picture  4:17 28:18

pierce  15:12 24:12

piggybacking  59:2

pill  41:25

place  30:10 51:3,4 53:22 55:6 57:14

plaintiff  3:13,16 4:23 5:2,4,13,19, 23 6:1 8:14 10:10,25 11:22 14:7 15:23 16:9,21 18:4 22:17 48:1

53:24

plaintiff's  17:8 47:21

Plaintiff(s)  61:6

plaintiffs  20:20 33:22

plan  18:18 19:21

planning  20:25 21:4,18 24:23 25:3

players  24:11

pleading  30:21

pleadings  15:9 33:20 36:19 46:3

plenty  34:10

point  5:9 16:25 17:17,21 19:16 24:13 29:1 30:1,5 44:23 45:22,24 52:10 57:3 58:1 59:5

pointed  9:25 11:11

points  10:16 40:8 52:2

poorly  42:8

portion  55:20 59:6

poses  54:20

position  8:19 17:23 35:23 50:21 52:19 56:4

possession  18:5

possibly  13:19

post  38:4

potential  51:8

practice  13:2 34:6 55:13

practicing  4:21

predicated  27:4

prejudice  16:8 25:21

preliminary  27:9 43:16 44:8

premature  24:14

preponderance  11:15 12:13 16:23 21:6 39:14 44:4

preponderance-of-the-evidence  11:13 23:19

presence  28:22,25 29:1

present  3:20 21:9 31:24 45:23

presented  34:9 37:12 43:1 49:10 57:22 58:13

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

presents 56:23

president 25:5

prevail 5:15 6:2 24:4

previously 6:20 15:9 17:15

prima 35:4

primary 31:21 42:12

prime 49:21

prior 8:16

privacy 58:2

privilege 10:9,15,17,21 11:5,8 13:22 15:12 16:3 23:9 24:12 25:17 27:10,16 42:19 43:17,21,23 44:2,3, 9,13,14,15,18,19 46:11,12

privileged 10:11 23:7,8,9 35:23, 24 36:1

privileges 10:19 44:12

pro 50:4

problem 56:16

problems 45:4

procedural 6:9 15:14 16:22,25

procedurally 10:8 19:16 26:14

Procedure 51:14 54:13

procedures 54:25

proceed 4:9 16:9 49:6

proceeding 27:19 28:5 36:25 40:4 44:25

proceedings 60:8 61:14,17

process 22:9 26:20 57:21

produce 8:15 9:4 16:15 27:25 28:4 42:13

produced 30:19

producing 42:25

product 29:15 30:2,3,5 37:9 40:23,24,25 41:4,21,24

production 21:7

products 13:4,5 22:3 30:10 41:17 42:1,8 45:17

profile 11:10

prong 22:6 23:5 24:18,21

proof 8:15 11:11,14,17 12:12 16:23 23:18 25:20 34:18

proper 54:2

property 13:6 32:19

proportional 19:7

proprietary 32:19

protect 54:6,16

protective 47:18 51:6 52:18 59:7, 12

protects 10:21

prove 31:2

proves 45:22

provide 26:23 42:15,18

provided 28:3,14,17 33:8,17 34:17 35:8 45:7 53:7 56:13,14 57:3,7

proving 24:6

public 5:21 29:20 33:20 34:21

punished 55:17

punishment 42:24

purchased 30:11

purchases 30:3

purported 43:10

purportedly 12:12 37:8

purporting 14:20

purpose 36:14

purposes 21:17 22:22

pursue 18:19 19:22

pursuit 33:13

put 6:25 28:21

**Q**

qualified 43:17

quash 3:11 4:5 47:18,21 50:2 54:1 55:3 59:8,9

question 7:20 17:7 24:1 38:8,11 43:16

questions 27:9 44:9

quote 12:3,17 15:16 32:16 46:4 53:13,16

quoted 49:20

quotes 28:22

quoting 8:9 44:7

**R**

raised 36:18

rare 23:20

rate 21:23,24

rationalization 38:5

reached 37:8

read 6:5 23:2 43:14 53:4,20

readily 29:23

reading 6:7 14:21 18:12 43:14 53:23

real 49:16

realized 59:11

reason 15:25 23:24 31:12 39:8,10 53:6 58:21

reasonable 39:16 47:22

reasons 6:10

reassert 7:19

rebut 34:18

rebuttal 45:24

receive 56:19

received 35:20

recess 47:13

recipient 49:14 51:1

recognized 10:19

recollection 15:4

recommended 21:20

reconsider 55:11 56:4

record 3:4,5 6:16 7:20 9:11 10:5 24:13,14 29:21 43:11 47:15,16 57:13 60:5,7



NIC Resp. to Obj. re Continuity
Exh. 19

NATURAL IMMUNOGENICS CORP.: HEARING

records  49:17 50:17

reduce  41:22,23

reduced  52:6

refer  49:16

reference  19:18 21:16 22:5 34:21

referenced  17:4 32:1 41:19

references  18:9

Reid  18:6 41:9

relate  48:21

related  17:17 21:8 22:15

relating  56:1

relationship  36:18

relevant  17:13 31:3 32:22 33:16

relief  5:19,20 16:7

relitigate  26:1

relitigated  25:24

relying  20:18

removed  38:13

repeatedly  26:24 46:1

replete  10:3

reply  7:2,5 10:3 45:3,5,25 52:21

report  61:14

Reporter  61:11

REPORTER'S  61:9

representation  15:2

represented  32:12 38:2

request  12:7,8 34:11 35:18 46:9
47:21

requested  42:17 49:17

requests  35:13

require  54:4 57:16

requirements  54:23

reread  55:19

research  13:18 15:25 32:5 55:9,21

Research's  18:5 31:23

resolution  51:15

resolved  36:23

resources  52:15

respect  18:14 44:12 49:3 50:24
57:4 58:1

respected  4:20 5:12

respectfully  55:11,19

respond  45:10

response  26:18,20 32:24 56:6,20

responsibility  54:9

rested  59:1

restroom  47:12

result  5:22

retail  37:6,8

return  51:10

reverse  20:17

reversed  6:11 23:23

reversing  11:7

reviewing  49:18

revisit  16:12

reworked  53:12

rhetoric  15:11

RHONDA  61:11,24

RICO  17:14 19:3 35:2

robust  27:22

rolls  47:7

Rosalyn  3:8

rule  10:19 27:7,10,24 44:7 49:18,
19 51:14 52:3,4 54:5,13,24 55:22
56:1 58:6,13

ruled  4:8 44:17 55:3

rules  11:18 27:4,13,20 43:20,23
44:11,24 46:8 49:9,10 57:16 58:23

ruling  4:1 6:13 7:25 8:4,16,23 9:8,
13 10:9 17:3,4,5,22,25 18:3 19:9,
10,18

rulings  5:17

**S**

sacrosanct  42:20

sales  36:8 37:2,4,11

San  38:13

sanctions  55:25 58:6

Sandoval  48:12 49:2

Sandoval's  47:19 58:4

satisfied  11:19

satisfy  12:12

save  58:22

scheme  21:1,2,4 22:10 32:12

school  49:8

scope  32:2

score  32:3

Scott  4:19 18:7 19:21 41:8 42:3

scouring  5:5

screenshot  13:10

search  22:24

Section  44:7

seek  10:22 34:2 50:11

seeking  5:19 36:3

seeks  18:4

self-serving  15:6,11

selling  22:2

Selna  5:17,21 14:9 16:16 17:7,11,
22,25 19:13,19 34:2,4,12

Selna's  17:4,18 18:3 19:10,18

sending  23:10 29:7

sense  27:17

separate  59:7 60:4

September  14:15

series  22:1

served  6:24 26:7 27:2 49:24

set  8:6 12:11 15:20 21:17 22:11
23:3 36:11 42:21 44:20

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Index: setting..supplemental

setting  21:15 22:1,9,14,21 24:23

settlements  32:14

shaking  31:12

sham  18:18 19:22 33:22

shared  15:3

Sheehy  7:22 20:7

shock  36:19

shocked  14:22

short  22:21 47:10,12

shortly  26:13

show  14:12 17:6 20:24 34:23 42:22

showing  23:14 31:14 42:13

shows  55:20

side  9:13 49:12

sides  6:8

signed  51:22

significant  5:1,10,16,24 11:12 14:3 29:3 57:20

simple  21:11 22:8,23

simply  16:1

single  24:2 34:14 50:15 55:24

sit  37:15,22

situation  33:10 54:1

six-minute  47:13

size  52:15

skin-dimpling  41:23

slash  40:19 59:8

smoke  34:13

so-called  28:20

sold  13:4 37:9 41:24,25 45:16

sole  33:6

solely  18:19 19:22

sort  39:13 40:16 53:12

sought  21:1,7 51:19

sources  16:5 34:22

Southern  7:22 20:7 36:23 52:8 61:3

speak  36:24 40:5 43:11 46:4,6

special  3:5,9,25 4:12 6:15,20 7:15 8:10,18,25 9:12 10:6 19:24 20:3,9 26:4 29:11 30:14 37:17,21 38:7,19, 23 39:5,20,23 40:2,11 41:3,11,14 43:4 44:13,17 45:8 46:13,16,20 47:1,5,11,14 48:12,15,24 49:23 52:9,22 53:3,10,17,20 56:6 58:8, 15,25 59:23,25

specific  14:10 56:11 57:6

specifically  10:25 27:8 32:11 45:15 55:4 57:3

speedy  51:15

spend  25:4

spent  50:13

spoke  51:23

sponte  38:8 39:9

squat  41:19

stamped  38:11

stand  28:6

standard  11:13 23:19 33:3 35:11 39:15 45:21

standpoint  35:7

start  4:7,8 26:6 35:12 48:17

starting  3:12

state  27:24 31:24 32:1,25 45:12 61:12

stated  46:10

statement  8:7,13 35:10

statements  31:14 32:23 34:19 38:1 43:8

states  44:1 46:3 49:20

stating  27:23 39:11

step  24:17 25:14 40:16 44:18 51:19

stipulated  5:23

stipulation  32:4 33:1 56:22

straightforward  21:11 50:25

Strataluz  13:1,4,8,15,18 16:11,17 28:10 29:4 30:23 32:12 33:10,15 34:3,5,8,23 41:16,17 42:5,13,23 45:15

Strataluz-based  30:5

strategy  26:22

strenuously  22:18

stress  28:12

strike  5:18 42:25

string  53:12

strongly  6:2

struck  12:25

stuff  42:10

sua  38:8 39:9

subject  11:2 49:15

submissions  28:16

submit  48:22 49:2

submitted  7:4 9:7 14:19 20:20 27:21 28:8 37:24 45:14

subpoena  3:11 14:10 47:19,21 49:14,24 50:2,17 51:1,11,24 54:2 57:15

subpoenaed  54:6

subsequently  60:4

subsidiary  23:3 25:2

substantial  4:22 57:15,17

substantive  6:10 17:25 19:12 20:12 23:13

successive  22:12

sue  32:13

sufficient  37:13 45:9

sufficiently  21:8

summarize  15:15

summary  46:9

superceded  47:4

Superior  61:12

supplement  41:21,25

supplemental  6:23 7:2,5 9:15,25 10:1 26:13 45:25

hglitigation.com



NATURAL IMMUNOGENICS CORP.: HEARING

Index: supplied..urge

**supplied** 11:22 26:12 31:18

**support** 13:13,19 16:19 19:1 31:19 36:20

**supported** 34:20 35:24

**supporting** 42:22

**supports** 53:8

**supposed** 39:2 58:19

**surreptitious** 36:21

**Susolik** 3:17,18 4:10,13 6:19,22 7:18 8:12,22 9:2,24 10:7 20:1,6,11 29:8 38:15,22 39:3,19 40:4,7 41:6 43:3,5,6 44:16,22 45:11 46:15,19, 25 47:4 48:3,4,21 49:6 53:19

**suspended** 44:25

**suspicious** 34:24

**systems** 25:4

---

**T**

**T-r-i-r-e-n-e** 52:24

**T.V.** 30:7

**taking** 40:13

**talk** 23:17,19 40:16

**talking** 37:7,17 43:22

**talks** 22:21 24:18 25:11

**tax** 21:16,18,21 24:23 25:3,7

**tax-planning** 21:20 22:22

**taxed** 21:23

**tempted** 42:2

**ten** 33:20

**tendency** 14:3

**tentative** 4:1,3,4 6:6 8:4 9:1,13 17:3,5 20:17 46:11,21 47:1,2 48:16,23 49:3,13,21 53:23

**tentatives** 46:22

**tenure** 40:20

**term** 21:16 37:3

**terminology** 38:5

**terms** 42:11 58:2

**terse** 56:23

**test** 20:23,24 23:6

**testifying** 41:12

**testimony** 29:9 46:8 61:17

**Texas** 50:23 57:13

**text** 30:9

**theory** 36:20

**thereto** 32:24

**thickets** 10:24

**thing** 29:8

**things** 4:16

**thought** 27:14 42:9 43:22 58:12, 16 59:10

**thoughts** 51:21

**threatened** 32:13

**threatening** 30:24 32:17

**time** 5:25 7:1,20 9:16 16:14 26:7, 12,17 30:5 31:25 36:13 41:2,8 48:17 50:14

**time-consuming** 25:25

**timely** 7:24 8:19 9:10,14 20:4

**times** 55:15

**timing** 29:5

**today** 4:2 9:11 10:5 26:22 43:23 58:22

**told** 51:17

**tolerated** 57:9

**tongue** 47:7

**tool** 21:20

**top** 21:13,14

**Tracfone** 8:6 47:19 50:18,22 51:20 55:10 56:8

**traditionally** 9:19

**transcript** 61:16

**transfer** 50:7

**Transport** 20:7

**trial** 3:7 4:18,22,24 5:15,25 6:2,4 24:4 27:19 30:23 32:8 33:21 40:21

61:8

**triple** 45:1

**Trirene** 52:24

**trouble** 47:6

**Truderma** 29:22 30:3

**true** 17:24 18:25 30:8 39:2,3 61:16

**truth** 39:11

**turn** 50:6

**turns** 34:12

**Two-minute** 41:19 45:17

**two-part** 20:23

**two-prong** 20:24

**type** 11:3 26:17 35:15

**types** 27:23 33:14

**typing** 47:6

---

**U**

**U.S.** 61:1

**ultimately** 17:19 25:16

**unanimous** 24:5

**unauthenticated** 15:21 45:20

**underlying** 30:1

**understand** 21:13 32:2 35:17 39:6 44:16,22 47:2 51:20 52:19 58:11

**understandable** 47:7

**understanding** 6:16 36:22

**understands** 31:17

**understood** 57:16

**undue** 54:18,20

**unique** 33:10 55:8

**unlawful** 36:5

**unquote** 12:3,17 15:17

**unsupported** 30:24

**untrue** 13:2

**urge** 42:14 55:11

**hglitigation.com**



NATURAL IMMUNOGENICS CORP.: HEARING

Index: utterly..yesterday

**utterly** 16:22

---
**V**
---

**versions** 51:8

**versus** 3:7 7:22 20:7 52:24

**view** 45:9

**vigorous** 35:14

**violations** 32:14

**virtually** 12:1

**visual** 31:14

**vitiate** 42:18

**vitiated** 44:3

---
**W**
---

**waived** 23:9 25:18

**waiver** 10:12 11:8 13:21 16:2 25:18

**wanted** 6:17 19:16

**waste** 52:14

**ways** 24:6 30:17

**website** 13:12 29:3,6,14,17 30:2,6, 8,9,12

**weeds** 40:15

**week** 29:16 46:18 60:2

**weekend** 55:21

**weeks** 4:1 48:17

**weight** 41:1

**Weiss** 3:24 10:12 24:10 31:23 32:5,7,11,15 36:2,3,23,25 37:19 38:24 40:1,18 41:8

**Weiss's** 40:13 41:20 45:8

**Westlaw** 52:25

**whatsoever** 19:12 22:6,14 23:1, 14 26:17 28:9,15 36:9

**Wikipedia** 22:24

**word** 47:5,6

**words** 26:23 27:10,13,14 32:15 39:25

**work** 4:23 10:13 58:23

**works** 46:5

**world** 25:3

**worth** 57:5

**worthy** 58:5

**wrong** 19:14,15 53:11,17 55:23

**wrongdoing** 5:8

---
**Y**
---

**year** 37:7,10

**years** 4:21 5:2 41:4

**yesterday** 6:23 7:6 12:24

**hglitigation.com**

NIC Resp. to Obj. re Continuity
Exh. 19