Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
EMORD & ASSOCIATES, P.C.
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, *et al.*, <br><br> Defendants. | Case No. 8:15-cv-02034-JVS (JCG) <br> JAMS No. 1220055347 <br><br> **DECLARATION OF JOSHUA S. FURMAN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FINANCIAL DOCUMENTS** <br><br> Judge:  Hon. James V. Selna <br> Master: Hon. Rosalyn Chapman |

## DECLARATION OF JOSHUA S. FURMAN

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1.      I, Joshua S. Furman, am over the age of 18 and competent to testify to the information below.

2. I am an attorney with the law firm Emord & Associates, P.C. I am counsel of record representing Natural-Immunogenics Corp. ("NIC") against Newport Trial Group ("NTG") in the above captioned matter.

3. I make this declaration in support of Joint Stipulation Regarding Plaintiff's Motion to Compel Production of Financial Documents.

4. The parties held a telephonic meet and confer on January 23, 2017, regarding NIC's First Set of Requests for Production to All NTG Defendants which sought financial documents. NIC had previously offered to limit the temporal scope of the Requests to three years. *See* Exhibit I (January 18 letter). NTG's counsel did not agree to produce three years of responsive financial documents and instead maintained that NTG would agree to produce client affidavits concerning financial condition without providing documentary support. The parties were unable to reach an agreement that would avoid motions practice.

5. **Exhibit I** is a true and correct copy of NIC's January 18, 2017 meet and confer letter to NTG.

6. During the call, the parties discussed NTG's request for a more stringent protective order. I explained that NIC would consider a more stringent protective order if NTG would identify with more specificity the categories of documents to receive heightened protections. I stated that an "Attorney's Eyes Only" designation did not appear warranted here, but, again, invited NTG to specifically identify the documents NTG believed should receive the AEO designation and why. Following that call, the Defendants did not communicate further on the subject.

7. Also during that January 23 call, counsel discussed NTG's threatened motion for summary judgment related to NIC's malicious prosecution claim. NTG's counsel expressed intent to file the motion by January 30. As of the date of execution of this declaration, NTG has not filed the threatened motion.

Declaration of Joshua S. Furman

2

8.      **Exhibit A** is a true and correct copy of NIC's January 3, 2017 meet and confer letter served on NTG regarding NIC's requests for financial documents.

9.      **Exhibit B** is a true and correct copy of NTG's January 12, 2017 meet and confer letter of response to NIC.

10.      **Exhibit C** is a true and correct copy of NTG's Responses and Objections to NIC's request for financial documents.

11.      **Exhibit D** is a true and correct copy of Defendant Scott Ferrell's uncertified "Personal Balance Sheet" that was provided to NIC by counsel for NTG, Edward Susolik on February 22, 2017.

12.      **Exhibit E** is a true and correct copy of a Warranty Deed that was recorded with the State of Hawaii Bureau of Conveyances on January 8, 2016.  The Grantee is identified as "Scott J. Ferrell."

13.      **Exhibit F** is a true and correct copy of the Mortgage document recorded with the State of Hawaii Bureau of Conveyances on January 8, 2016.  The Borrower is identified as "Scott J. Ferrell."

14.      **Exhibit G** is a true and correct copy of a Warranty Deed that was recorded with the State of Hawaii Bureau of Conveyances on December 27, 2016.  The Grantor is identified as "Scott J. Ferrell."  The Grantee is identified as "Richard Kamm, Trustee, or his successor in interest, of the Aurasher Trust, dated July 22, 2016."

15.      **Exhibit H** is a true and correct copy of the publically available "Owner and Parcel Information" page maintained by the County of Hawai'i for the property at issue in Exhibits E, F, and G.

16.      **Exhibit J** is a true and correct copy of the email that I received from Scott Ferrell on December 7, 2015.

Declaration of Joshua S. Furman

3

Executed on this 1st day of March, 2017.

_____

Joshua Furman
*Attorney for Plaintiff*