# EXHIBIT 105

**FILED WITH REDACTIONS**
**PURSUANT TO COURT ORDER**
**DATED APRIL 10, 2017**



895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

March 23, 2012

Matt Dronkers



*Re:*    *Kiss My Face*

Dear Mr. Dronkers:

The following shall set forth the terms pursuant to which Newport Trial Group, individually, will represent you as a putative class representative in an anticipated class action lawsuit against the manufacturer of Kiss My Face products, and other potentially responsible parties. Please do not hesitate to contact me if you have any questions regarding the terms of this Attorney-Client Contingent Fee Agreement (this "Agreement").

## ATTORNEY-CLIENT CONTINGENT FEE AGREEMENT

This Agreement is the written fee contract that California law requires lawyers to have with their clients. It is between Newport Trial Group ("NTG"), and you, Matt Dronkers ("Client").

## CONDITIONS

This Agreement will not take effect, and NTG will have no obligation to provide legal services, until Client returns a signed copy of this Agreement to NTG.

## SCOPE AND DUTIES

Client is hiring NTG to represent Client in the matter of class-action claims arising from alleged false advertising and unfair business practices stemming from false advertising and sale of the above referenced product. Client acknowledges being informed of various positive aspects and negative aspects of the case and in particular, related to Client's acting in the capacity of class representative and the potential downside.

L I T I G A T I O N

PRIVILEGED                                                    NTG000189

March 23, 2012
Page 2

## CLIENT'S DUTIES

Client agrees to be truthful with NTG; to cooperate; to keep NTG informed of developments pertaining to the matter; to abide by this Agreement; and to keep NTG informed of Client's addresses, telephone numbers, and whereabouts.

## LEGAL FEES, COSTS, AND BILLING PRACTICES

NTG will be compensated for legal services rendered to Client, costs, disbursements and expenses if, and only if, a recovery is obtained for Client and/or the putative class or approved by an appropriate Court. Any and all compensation for legal services rendered to Client, costs, disbursements and expenses shall be obtained out of such recovery. If no recovery is obtained, Client shall not be obligated to pay for legal services rendered to Client, costs, disbursements or expenses. In the event of a recovery, Client may also be entitled, as class representative, to an "enhancement fee" award to be determined by the Court. NTG has made no representation or warranty as to Client's entitlement to any fee award and has specifically instructed Client as to the possibility that he/she may not recover any fee award whatsoever.

## NEGOTIABILITY OF FEES

Although this Agreement is relatively standard for contingency matters, the fee arrangement is not set by law, but is negotiable between NTG and Client and Client acknowledges that this Agreement is the subject of a negotiated transaction.

## COSTS AND EXPENSES

As stated in part above, all costs, disbursements, and litigation expenses shall be paid out of any recovery on behalf of Client and/or the putative class. NTG will advance such costs and expenses. Client will reimburse NTG promptly upon recovery through settlement, arbitration award, or judgment. If no recovery is achieved through settlement, arbitration award, or judgment, then Client shall have no obligation to reimburse NTG for such advanced costs and expenses. These costs and expenses can and will include, but are not limited to, court fees; service of process charges; long distance telephone charges; charges for photocopies made within the firm (at \$.20 per page); parking expense and automobile mileage (at current IRS permitted deductible rate); airfare; postage and courier costs; fees for computer-assisted legal research; the cost of court and deposition reporters and transcripts; hotel and rental car charges; outside photocopying charges; jury fees; and the fees of witnesses, investigators, experts, and/or consultants. Client authorizes NTG to incur any costs reasonably necessary in NTG's judgment.

## RELATED BUT UNKNOWN MATTERS

Client represents he/she does not know of any related legal matters that would require legal services to be provided under this Agreement. If such matters arise later, Client agrees that this Agreement does not apply to such related legal matters, and a separate agreement for provision of services and payment for those services will be required if Client desires NTG to perform that additional legal work.

PRIVILEGED

NTG000190

March 23, 2012
Page 3

<u>**CONFLICTS WAIVER**</u>

We have been asked to represent, and in fact, likely will represent, other putative class representatives in this matter. At the present time, based upon the facts known to us, we do not perceive any conflict of interest between Client and any other class representative. However, conflicts could arise in the future if, for example: (1) one of you wishes to settle the matter and the others do not; (2) your views differ concerning litigation strategy; or (3) a dispute develops between you such that positions are taken by you that are adverse to the interests of the others. We therefore ask and recommend that you consult with separate counsel regarding these risks, and regarding this engagement, before you sign this engagement letter – and we will assume that you have done so. It is understood and agreed that if, at any time, you desire to pursue any factual or legal point, or strategy, which is inconsistent with a factual or legal point, or strategy, which any others class representative wishes to pursue, that circumstance will be promptly raised, discussed, and resolved by mutual agreement of the parties -- or by appropriate changes in counsel, if necessary. You have agreed to waive any such conflicts, and to reserve any dispute that may arise regarding such issues for a later time, with separate representation.

All communications with you on the case will be treated as privileged and confidential as to third parties; however, your communications with NTG will not be confidential among the other putative class representatives during the joint representation. We cannot properly represent you without being able to disclose communications with you to the other class representative(s). There is a risk, however, that some parties may be less forthcoming in discussions with their attorneys in a joint representation situation. Moreover, you should know that communications that occur during the course of the joint representation lose their privileged character and could later be offered against you if there were a civil proceeding between you and co-class representatives.

<u>**DISCHARGE AND WITHDRAWAL**</u>

Client may discharge NTG at any time on written notice and NTG will immediately cease to render additional services after receiving such notice.

NTG may withdraw from representation of Client under the following circumstances: (a) with consent of the Client; or (b) on court approval; or (c) if no court action has been filed, on reasonable notice to Client.

Should the Court deem Client for any reason to be an inadequate class representative, NTG shall be entitled to proceed with the class action lawsuit with substituted class representative(s) and Client shall not be entitled to any part of any recovery obtained in the matter.

PRIVILEGED                                    NTG000191

Exhs. in Support of Jt. Stip. Re: Plaintiff's Motion to Compel Documents
Page 1089

March 23, 2012
Page 4

**LIEN**

Client hereby grants NTG a lien on any and all claims or causes of action that are the subject of NTG's representation under this Agreement. NTG's lien will be for any sums owing to it for any unpaid costs and attorneys' fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

**CONCLUSION OF SERVICES AND ARBITRABILITY**

When NTG's services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable. After NTG's services conclude, NTG will, upon request, deliver Client's files to Client, along with any of Client's funds or property in NTG's possession. Any dispute regarding the interpretation of this Agreement or the services rendered under it will be resolved pursuant to binding arbitration before a single arbitrator at JAMS-Orange County in accordance with JAMS' expedited arbitration services, with the prevailing party recovering its attorneys' fees and costs incurred therein from the non-prevailing party.

**DISCLAIMER OF GUARANTEE**

Nothing in this Agreement and nothing in any of NTG's communications to Client, regardless of when made, is or will be construed as a promise or guarantee about the outcome of this matter. NTG does not and will not make any such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Indeed, Client has been informed that an outcome adverse to Client reasonably possible. Comments made by any attorney about the outcome of this matter are expressions of opinion only.

Generally each party is responsible for their own attorneys' fees, but in unusual circumstances one party may be required to pay the other party's fees. Therefore, it is possible that an award against Client may be made for the attorneys' fees and costs of the opposing parties. That has never happened to a client in one of our cases. If that did happen in this case in relation to how NTG handled the case, we would pay that cost to the extent that is consistent with applicable law and ethical obligations.

**CO-COUNSEL AND REFERRAL FEES**

Client understands that, as is common in class action litigation, NTG will engage one or more co-counsel to handle the prosecution of this matter, and that said co-counsel will pay NTG a referral fee for his services. The amounts payable to Client will not be reduced as a result of the co-counsel agreement or the referral fees paid by co-counsel.

PRIVILEGED

NTG000192

March 23, 2012
Page 5

## EFFECTIVE DATE

This Agreement will take effect when Client has returned a signed copy of this Agreement and will govern the provision of services by NTG dating back to the first date when services were provided as to this contingency matter.

"ATTORNEY"

By: _____
Scott J. Ferrell

I have read and understood the foregoing terms and agree to them, as of the date set forth below. By signing this Agreement, I acknowledge receipt of a fully executed duplicate of this Agreement.

"CLIENT"

Dated: 3/21/2012

Matt Dronkers / 

Address

Address

Phone Number

E-mail Address

PRIVILEGED                                                    NTG000193

June 28, 2010

Daniel Robert Bobba



*Re:      Magna-RX*

Dear Mr. Bobba:

The following shall set forth the terms pursuant to which Newport Trial Group, individually, will represent you as a putative class representative in an anticipated class action lawsuit against Magna-RX, and other potentially responsible parties.  Please do not hesitate to contact me if you have any questions regarding the terms of this Attorney-Client Contingent Fee Agreement (this "Agreement").

## ATTORNEY-CLIENT CONTINGENT FEE AGREEMENT

This Agreement is the written fee contract that California law requires lawyers to have with their clients.  It is between Newport Trial Group ("NTG"), and you, Daniel Robert Bobba ("Client").

## CONDITIONS

This Agreement will not take effect, and NTG will have no obligation to provide legal services, until Client returns a signed copy of this Agreement to NTG.

## SCOPE AND DUTIES

Client is hiring NTG to represent Client in the matter of class-action claims arising from false advertising and unfair business practices stemming from false advertising and sale of the above referenced product.  Client acknowledges being informed of various positive aspects and negative aspects of the case and in particular, related to Client's acting in the capacity of class representative and the potential downside.

L I T I G A T I O N

PRIVILEGED

NTG000194

June 28, 2010
Page 2

## CLIENT'S DUTIES

Client agrees to be truthful with NTG; to cooperate; to keep NTG informed of developments pertaining to the matter; to abide by this Agreement; and to keep NTG informed of Client's addresses, telephone numbers, and whereabouts.

## LEGAL FEES, COSTS, AND BILLING PRACTICES

NTG will be compensated for legal services rendered to Client, costs, disbursements and expenses if, and only if, a recovery is obtained for Client and/or the putative class or approved by an appropriate Court. Any and all compensation for legal services rendered to Client, costs, disbursements and expenses shall be obtained out of such recovery. If no recovery is obtained, Client shall not be obligated to pay for legal services rendered to Client, costs, disbursements or expenses. In the event of a recovery, Client may also be entitled, as class representative, to an "enhancement fee" award to be determined by the Court. NTG has made no representation or warranty as to Client's entitlement to any fee award and has specifically instructed Client as to the possibility that she may not recover any fee award whatsoever.

## NEGOTIABILITY OF FEES

Although this Agreement is relatively standard for contingency matters, the fee arrangement is not set by law, but is negotiable between NTG and Client and Client acknowledges that this Agreement is the subject of a negotiated transaction.

## COSTS AND EXPENSES

As stated in part above, all costs, disbursements, and litigation expenses shall be paid out of any recovery on behalf of Client and/or the putative class. NTG will advance such costs and expenses. Client will reimburse NTG promptly upon recovery through settlement, arbitration award, or judgment. If no recovery is achieved through settlement, arbitration award, or judgment, then Client shall have no obligation to reimburse NTG for such advanced costs and expenses. These costs and expenses can and will include, but are not limited to, court fees; service of process charges; long distance telephone charges; charges for photocopies made within the firm (at $.20 per page); parking expense and automobile mileage (at current IRS permitted deductible rate); airfare; postage and courier costs; fees for computer-assisted legal research; the cost of court and deposition reporters and transcripts; hotel and rental car charges; outside photocopying charges; jury fees; and the fees of witnesses, investigators, experts, and/or consultants. Client authorizes NTG to incur any costs reasonably necessary in NTG's judgment.

## RELATED BUT UNKNOWN MATTERS

Client represents she does not know of any related legal matters that would require legal services to be provided under this Agreement. If such matters arise later, Client agrees that this Agreement does not apply to such related legal matters, and a separate agreement for provision

PRIVILEGED                                                                    NTG000195

June 28, 2010
Page 3

of services and payment for those services will be required if Client desires NTG to perform that additional legal work.

## CONFLICTS WAIVER

We have been asked to represent, and in fact, likely will represent, other putative class representatives in this matter. At the present time, based upon the facts known to us, we do not perceive any conflict of interest between Client and any other class representative. However, conflicts could arise in the future if, for example: (1) one of you wishes to settle the matter and the others do not; (2) your views differ concerning litigation strategy; or (3) a dispute develops between you such that positions are taken by you that are adverse to the interests of the others. We therefore ask and recommend that you consult with separate counsel regarding these risks, and regarding this engagement, before you sign this engagement letter – and we will assume that you have done so. It is understood and agreed that if, at any time, you desire to pursue any factual or legal point, or strategy, which is inconsistent with a factual or legal point, or strategy, which any others class representative wishes to pursue, that circumstance will be promptly raised, discussed, and resolved by mutual agreement of the parties -- or by appropriate changes in counsel, if necessary. You have agreed to waive any such conflicts, and to reserve any dispute that may arise regarding such issues for a later time, with separate representation.

All communications with you on the case will be treated as privileged and confidential as to third parties; however, your communications with NTG will not be confidential among the other putative class representatives during the joint representation. We cannot properly represent you without being able to disclose communications with you to the other class representative(s). There is a risk, however, that some parties may be less forthcoming in discussions with their attorneys in a joint representation situation. Moreover, you should know that communications that occur during the course of the joint representation lose their privileged character and could later be offered against you if there were a civil proceeding between you and co-class representatives.

## DISCHARGE AND WITHDRAWAL

Client may discharge NTG at any time on written notice and NTG will immediately cease to render additional services after receiving such notice. Such a discharge does not, however, relieve Client of the obligation to pay any costs incurred prior to such termination, and NTG has the right to recover from Client the reasonable value of its legal services rendered from the effective date of this Agreement to the date of discharge.

NTG may withdraw from representation of Client under the following circumstances: (a) with consent of the Client; or (b) on court approval; or (c) if no court action has been filed, on reasonable notice to Client.

Should the Court deem Client for any reason to be an inadequate class representative, NTG shall be entitled to proceed with the class action lawsuit with substituted class

June 28, 2010
Page 4

representative(s) and Client shall not be entitled to any part of any recovery obtained in the matter.

## LIEN

Client hereby grants NTG a lien on any and all claims or causes of action that are the subject of NTG's representation under this Agreement. NTG's lien will be for any sums owing to it for any unpaid costs and attorneys' fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

## CONCLUSION OF SERVICES AND ARBITRABILITY

When NTG's services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable. After NTG's services conclude, NTG will, upon request, deliver Client's files to Client, along with any of Client's funds or property in NTG's possession. Any dispute regarding the interpretation of this Agreement or the services rendered under it will be resolved pursuant to binding arbitration before a single arbitrator at JAMS-Orange County in accordance with JAMS' expedited arbitration services, with the prevailing party recovering its attorneys' fees and costs incurred therein from the non-prevailing party.

## DISCLAIMER OF GUARANTEE

Nothing in this Agreement and nothing in any of NTG's communications to Client, regardless of when made, is or will be construed as a promise or guarantee about the outcome of this matter. NTG does not and will not make any such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Indeed, Client has been informed that not only is an outcome adverse to Client reasonably possible but it is also possible that an award against Client may be made for the attorneys' fees and costs of the opposing parties. Comments made by any attorney about the outcome of this matter are expressions of opinion only.

## CO-COUNSEL AND REFERRAL FEES

Client understands that, as is common in class action litigation, NTG will engage one or more co-counsel to handle the prosecution of this matter, and that said co-counsel will pay NTG a referral fee for his services. The amounts payable to Client will not be reduced as a result of the co-counsel agreement or the referral fees paid by co-counsel.

PRIVILEGED                                   NTG000197

June 28, 2010
Page 5

## EFFECTIVE DATE

This Agreement will take effect when Client has returned a signed copy of this Agreement and will govern the provision of services by NTG dating back to the first date when services were provided as to this contingency matter.

### "ATTORNEY"

By:_____
      Scott J. Ferrell

I have read and understood the foregoing terms and agree to them, as of the date set forth below.  By signing this Agreement, I acknowledge receipt of a fully executed duplicate of this Agreement.

### "CLIENT"

Dated: _____

_____
Daniel Robert Bobba

_____
Address

_____
Address

_____
Phone Number

_____
E-mail Address

PRIVILEGED

NTG000198



4100 Newport Place, Suite 800
Newport Beach, CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

March 5, 2013

Drew Nilon



Re:    Class Action: Blu Science  - wiretapping

Dear Mr. Nilon:

The following shall set forth the terms pursuant to which Newport Trial Group, individually, will represent you as a putative class representative in an anticipated class action lawsuit against Blu Science, and other potentially responsible parties.  Please do not hesitate to contact me if you have any questions regarding the terms of this Attorney-Client Contingent Fee Agreement (this "Agreement").

## ATTORNEY-CLIENT CONTINGENT FEE AGREEMENT

This Agreement is the written fee contract that California law requires lawyers to have with their clients.  It is between Newport Trial Group ("NTG"), and you, Drew Nilon ("Client").

## CONDITIONS

This Agreement will not take effect, and NTG will have no obligation to provide legal services, until Client returns a signed copy of this Agreement to NTG.

## SCOPE AND DUTIES

Client is hiring NTG to represent Client to pursue a class action lawsuit.  Client acknowledges being informed of various positive aspects and negative aspects of the case and in particular, related to Client's acting in the capacity of class representative and the potential downside.

L I T I G A T I O N

PRIVILEGED                                                    NTG000199

March 5, 2013
Page 2

### -CLIENT'S DUTIES

Client agrees to be truthful with NTG; to cooperate; to keep NTG informed of developments pertaining to the matter; to abide by this Agreement; and to keep NTG informed of Client's addresses, telephone numbers, and whereabouts.

### LEGAL FEES, COSTS, AND BILLING PRACTICES

NTG will be compensated for legal services rendered to Client, costs, disbursements and expenses if, and only if, a recovery is obtained for Client and/or the putative class or approved by an appropriate Court. Any and all compensation for legal services rendered to Client, costs, disbursements and expenses shall be obtained out of such recovery. If no recovery is obtained, Client shall not be obligated to pay for legal services rendered to Client, costs, disbursements or expenses. In the event of a recovery, Client may also be entitled, as class representative, to an "enhancement fee" award to be determined by the Court. NTG has made no representation or warranty as to Client's entitlement to any fee award and has specifically instructed Client as to the possibility that he/she may not recover any fee award whatsoever.

**It is important for you to understand that, in class action lawsuits, the amount recoverable as attorneys' fees almost always dramatically exceeds the amount of any award to an individual plaintiff.**

**If your case is settled as part of a "class settlement," the Court will determine the amount of any award that you receive; those amounts typically range from $500-$2,000 (but could be more or less, depending upon the level of your involvement in the litigation).**

**If the case is settled on an individual basis but not as part of a class settlement, you will receive the first $2,000.00 (two thousand dollars) of any recovery and the remainder of any recovery will go to NTG as attorneys' fees, unless directed otherwise by a Court.**

### NEGOTIABILITY OF FEES

Although this Agreement is relatively standard for contingency matters, the fee arrangement is not set by law, but is negotiable between NTG and Client and Client acknowledges that this Agreement is the subject of a negotiated transaction.

### COSTS AND EXPENSES

As stated in part above, all costs, disbursements, and litigation expenses shall be paid out of any recovery on behalf of Client and/or the putative class. NTG will advance such costs and expenses. Client will reimburse NTG promptly upon recovery through settlement, arbitration

PRIVILEGED                                                    NTG000200

March 5, 2013
Page 3

award, or judgment.  If no recovery is achieved through settlement, arbitration award, or judgment, then Client shall have no obligation to reimburse NTG for such advanced costs and expenses.  These costs and expenses can and will include, but are not limited to, court fees; service of process charges; long distance telephone charges; charges for photocopies made within the firm (at $.20 per page); parking expense and automobile mileage (at current IRS permitted deductible rate); airfare; postage and courier costs; fees for computer-assisted legal research; the cost of court and deposition reporters and transcripts; hotel and rental car charges; outside photocopying charges; jury fees; and the fees of witnesses, investigators, experts, and/or consultants.  Client authorizes NTG to incur any costs reasonably necessary in NTG's judgment.

## RELATED BUT UNKNOWN MATTERS

Client represents he/she does not know of any related legal matters that would require legal services to be provided under this Agreement.  If such matters arise later, Client agrees that this Agreement does not apply to such related legal matters, and a separate agreement for provision of services and payment for those services will be required if Client desires NTG to perform that additional legal work.

## CONFLICTS WAIVER

We have been asked to represent, and in fact, likely will represent, other putative class representatives in this matter.  At the present time, based upon the facts known to us, we do not perceive any conflict of interest between Client and any other class representative.  However, conflicts could arise in the future if, for example:  (1) one of you wishes to settle the matter and the others do not; (2) your views differ concerning litigation strategy; or (3) a dispute develops between you such that positions are taken by you that are adverse to the interests of the others.  We therefore ask and recommend that you consult with separate counsel regarding these risks, and regarding this engagement, before you sign this engagement letter – and we will assume that you have done so.  It is understood and agreed that if, at any time, you desire to pursue any factual or legal point, or strategy, which is inconsistent with a factual or legal point, or strategy, which any others class representative wishes to pursue, that circumstance will be promptly raised, discussed, and resolved by mutual agreement of the parties -- or by appropriate changes in counsel, if necessary.  You have agreed to waive any such conflicts, and to reserve any dispute that may arise regarding such issues for a later time, with separate representation.

All communications with you on the case will be treated as privileged and confidential as to third parties; however, your communications with NTG will not be confidential among the other putative class representatives during the joint representation.  We cannot properly represent you without being able to disclose communications with you to the other class representative(s).  There is a risk, however, that some parties may be less forthcoming in discussions with their attorneys in a joint representation situation.  Moreover, you should know that communications that occur during the course of the joint representation lose their privileged character and could later be offered against you if there were a civil proceeding between you and co-class representatives.

PRIVILEGED                                                                 NTG000201

March 5, 2013
Page 4

**DISCHARGE AND WITHDRAWAL**

Client may discharge NTG at any time on written notice and NTG will immediately cease to render additional services after receiving such notice.

NTG may withdraw from representation of Client under the following circumstances: (a) with consent of the Client; or (b) on court approval; or (c) if no court action has been filed, on reasonable notice to Client.

Should the Court deem Client for any reason to be an inadequate class representative, NTG shall be entitled to proceed with the class action lawsuit with substituted class representative(s) and Client shall not be entitled to any part of any recovery obtained in the matter.

**LIEN**

Client hereby grants NTG a lien on any and all claims or causes of action that are the subject of NTG's representation under this Agreement. NTG's lien will be for any sums owing to it for any unpaid costs and attorneys' fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

**ARBITRABILITY**

**Any dispute regarding the interpretation of this Agreement, the services rendered under it, or the relationship between Client and NTG (including any NTG employees and any co-counsel) will be resolved pursuant to binding arbitration before a single arbitrator at JAMS-Orange County. NTG will pay the first $10,000 (ten thousand dollars) of arbitration fees and costs. PLEASE READ THIS SECTION CAREFULLY AND MAKE SURE YOU UNDERSTAND IT: BY SIGNING, YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL.**

**DISCLAIMER OF GUARANTEE**

Nothing in this Agreement and nothing in any of NTG's communications to Client, regardless of when made, is or will be construed as a promise or guarantee about the outcome of this matter. NTG does not and will not make any such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Indeed, Client has been informed that an outcome adverse to Client reasonably possible. Comments made by any attorney about the outcome of this matter are expressions of opinion only.

Generally each party is responsible for their own attorneys' fees, but in unusual circumstances one party may be required to pay the other party's fees. Therefore, it is possible that an award against Client may be made for the attorneys' fees and costs of the opposing

March 5, 2013
Page 5

parties. That has never happened to a client in one of our cases. If that did happen in this case in relation to how NTG handled the case, we would pay that cost to the extent that is consistent with applicable law and ethical obligations.

### CO-COUNSEL AND REFERRAL FEES

Client understands that, as is common in class action litigation, NTG will likely engage one or more co-counsel to handle the prosecution of this matter, and that said co-counsel will pay NTG a referral fee for his services. The amounts payable to Client will not be reduced as a result of the co-counsel agreement or the referral fees paid by co-counsel.

### EFFECTIVE DATE

This Agreement will take effect when Client has returned a signed copy of this Agreement and will govern the provision of services by NTG dating back to the first date when services were provided as to this contingency matter.

"ATTORNEY"

By: _____
Scott J. Ferrell

I have read and understood the foregoing terms and agree to them, as of the date set forth below. By signing this Agreement, I acknowledge receipt of a fully executed duplicate of this Agreement.

"CLIENT" ▮

Dated: _3-6-13_

Drew Nilon

Address

City, State, Zip

Phone Number

E-mail Address



895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

March 2, 2012

Andrew Nilon

*Re:*     *Sovereign Silver*

Dear Mr. Nilon:

The following shall set forth the terms pursuant to which Newport Trial Group, individually, will represent you as a putative class representative in an anticipated class action lawsuit against the manufacturer of Sovereign Silver, and other potentially responsible parties. Please do not hesitate to contact me if you have any questions regarding the terms of this Attorney-Client Contingent Fee Agreement (this "Agreement").

### ATTORNEY-CLIENT CONTINGENT FEE AGREEMENT

This Agreement is the written fee contract that California law requires lawyers to have with their clients.  It is between Newport Trial Group ("NTG"), and you, Andrew Nilon ("Client").

### CONDITIONS

This Agreement will not take effect, and NTG will have no obligation to provide legal services, until Client returns a signed copy of this Agreement to NTG.

### SCOPE AND DUTIES

Client is hiring NTG to represent Client in the matter of class-action claims arising from alleged false advertising and unfair business practices stemming from false advertising and sale of the above referenced product.  Client acknowledges being informed of various positive aspects and negative aspects of the case and in particular, related to Client's acting in the capacity of class representative and the potential downside.

L I T I G A T I O N

PRIVILEGED

NTG000204

March 2, 2012
Page 2

## CLIENT'S DUTIES

Client agrees to be truthful with NTG; to cooperate; to keep NTG informed of developments pertaining to the matter; to abide by this Agreement; and to keep NTG informed of Client's addresses, telephone numbers, and whereabouts.

## LEGAL FEES, COSTS, AND BILLING PRACTICES

NTG will be compensated for legal services rendered to Client, costs, disbursements and expenses if, and only if, a recovery is obtained for Client and/or the putative class or approved by an appropriate Court. Any and all compensation for legal services rendered to Client, costs, disbursements and expenses shall be obtained out of such recovery. If no recovery is obtained, Client shall not be obligated to pay for legal services rendered to Client, costs, disbursements or expenses. In the event of a recovery, Client may also be entitled, as class representative, to an "enhancement fee" award to be determined by the Court. NTG has made no representation or warranty as to Client's entitlement to any fee award and has specifically instructed Client as to the possibility that he/she may not recover any fee award whatsoever.

## NEGOTIABILITY OF FEES

Although this Agreement is relatively standard for contingency matters, the fee arrangement is not set by law, but is negotiable between NTG and Client and Client acknowledges that this Agreement is the subject of a negotiated transaction.

## COSTS AND EXPENSES

As stated in part above, all costs, disbursements, and litigation expenses shall be paid out of any recovery on behalf of Client and/or the putative class. NTG will advance such costs and expenses. Client will reimburse NTG promptly upon recovery through settlement, arbitration award, or judgment. If no recovery is achieved through settlement, arbitration award, or judgment, then Client shall have no obligation to reimburse NTG for such advanced costs and expenses. These costs and expenses can and will include, but are not limited to, court fees; service of process charges; long distance telephone charges; charges for photocopies made within the firm (at $.20 per page); parking expense and automobile mileage (at current IRS permitted deductible rate); airfare; postage and courier costs; fees for computer-assisted legal research; the cost of court and deposition reporters and transcripts; hotel and rental car charges; outside photocopying charges; jury fees; and the fees of witnesses, investigators, experts, and/or consultants. Client authorizes NTG to incur any costs reasonably necessary in NTG's judgment.

## RELATED BUT UNKNOWN MATTERS

Client represents he/she does not know of any related legal matters that would require legal services to be provided under this Agreement. If such matters arise later, Client agrees that this Agreement does not apply to such related legal matters, and a separate agreement for provision of services and payment for those services will be required if Client desires NTG to perform that additional legal work.

PRIVILEGED                                    NTG000205

March 2, 2012
Page 3

## CONFLICTS WAIVER

We have been asked to represent, and in fact, likely will represent, other putative class representatives in this matter. At the present time, based upon the facts known to us, we do not perceive any conflict of interest between Client and any other class representative. However, conflicts could arise in the future if, for example: (1) one of you wishes to settle the matter and the others do not; (2) your views differ concerning litigation strategy; or (3) a dispute develops between you such that positions are taken by you that are adverse to the interests of the others. We therefore ask and recommend that you consult with separate counsel regarding these risks, and regarding this engagement, before you sign this engagement letter – and we will assume that you have done so. It is understood and agreed that if, at any time, you desire to pursue any factual or legal point, or strategy, which is inconsistent with a factual or legal point, or strategy, which any others class representative wishes to pursue, that circumstance will be promptly raised, discussed, and resolved by mutual agreement of the parties -- or by appropriate changes in counsel, if necessary. You have agreed to waive any such conflicts, and to reserve any dispute that may arise regarding such issues for a later time, with separate representation.

All communications with you on the case will be treated as privileged and confidential as to third parties; however, your communications with NTG will not be confidential among the other putative class representatives during the joint representation. We cannot properly represent you without being able to disclose communications with you to the other class representative(s). There is a risk, however, that some parties may be less forthcoming in discussions with their attorneys in a joint representation situation. Moreover, you should know that communications that occur during the course of the joint representation lose their privileged character and could later be offered against you if there were a civil proceeding between you and co-class representatives.

## DISCHARGE AND WITHDRAWAL

Client may discharge NTG at any time on written notice and NTG will immediately cease to render additional services after receiving such notice.

NTG may withdraw from representation of Client under the following circumstances: (a) with consent of the Client; or (b) on court approval; or (c) if no court action has been filed, on reasonable notice to Client.

Should the Court deem Client for any reason to be an inadequate class representative, NTG shall be entitled to proceed with the class action lawsuit with substituted class representative(s) and Client shall not be entitled to any part of any recovery obtained in the matter.

PRIVILEGED                                                                          NTG000206

March 2, 2012
Page 4

<u>**LIEN**</u>

Client hereby grants NTG a lien on any and all claims or causes of action that are the subject of NTG's representation under this Agreement. NTG's lien will be for any sums owing to it for any unpaid costs and attorneys' fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

<u>**CONCLUSION OF SERVICES AND ARBITRABILITY**</u>

When NTG's services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable. After NTG's services conclude, NTG will, upon request, deliver Client's files to Client, along with any of Client's funds or property in NTG's possession. Any dispute regarding the interpretation of this Agreement or the services rendered under it will be resolved pursuant to binding arbitration before a single arbitrator at JAMS-Orange County in accordance with JAMS' expedited arbitration services, with the prevailing party recovering its attorneys' fees and costs incurred therein from the non-prevailing party.

<u>**DISCLAIMER OF GUARANTEE**</u>

Nothing in this Agreement and nothing in any of NTG's communications to Client, regardless of when made, is or will be construed as a promise or guarantee about the outcome of this matter. NTG does not and will not make any such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Indeed, Client has been informed that an outcome adverse to Client reasonably possible. Comments made by any attorney about the outcome of this matter are expressions of opinion only.

Generally each party is responsible for their own attorneys' fees, but in unusual circumstances one party may be required to pay the other party's fees. Therefore, it is possible that an award against Client may be made for the attorneys' fees and costs of the opposing parties. That has never happened to a client in one of our cases. If that did happen in this case in relation to how NTG handled the case, we would pay that cost to the extent that is consistent with applicable law and ethical obligations.

<u>**CO-COUNSEL AND REFERRAL FEES**</u>

Client understands that, as is common in class action litigation, NTG will engage one or more co-counsel to handle the prosecution of this matter, and that said co-counsel will pay NTG a referral fee for his services. The amounts payable to Client will not be reduced as a result of the co-counsel agreement or the referral fees paid by co-counsel.

March 2, 2012
Page 5

## EFFECTIVE DATE

This Agreement will take effect when Client has returned a signed copy of this Agreement and will govern the provision of services by NTG dating back to the first date when services were provided as to this contingency matter.

"ATTORNEY"

By:_____
        Scott J. Ferrell

I have read and understood the foregoing terms and agree to them, as of the date set forth below. By signing this Agreement, I acknowledge receipt of a fully executed duplicate of this Agreement.

Dated: 3-2-2012

"CLIENT"



Andrew Nilon

Address

Address

Phone Number

PRIVILEGED Email Address                    NTG000208



895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

March 15, 2012

Sam Pfleg


Re:    *Boericke & Tafel Arnica Montana*

Dear Mr. Pfleg:

The following shall set forth the terms pursuant to which Newport Trial Group, individually, will represent you as a putative class representative in an anticipated class action lawsuit against the manufacturer of Boericke & Tafel Arnica Montana, and other potentially responsible parties. Please do not hesitate to contact me if you have any questions regarding the terms of this Attorney-Client Contingent Fee Agreement (this "Agreement").

## ATTORNEY-CLIENT CONTINGENT FEE AGREEMENT

This Agreement is the written fee contract that California law requires lawyers to have with their clients. It is between Newport Trial Group ("NTG"), and you, Sam Pfleg ("Client").

## CONDITIONS

This Agreement will not take effect, and NTG will have no obligation to provide legal services, until Client returns a signed copy of this Agreement to NTG.

## SCOPE AND DUTIES

Client is hiring NTG to represent Client in the matter of class-action claims arising from alleged false advertising and unfair business practices stemming from false advertising and sale of the above referenced product. Client acknowledges being informed of various positive aspects and negative aspects of the case and in particular, related to Client's acting in the capacity of class representative and the potential downside.

L I T I G A T I O N

PRIVILEGED                                                                 NTG000209

March 15, 2012
Page 2

## CLIENT'S DUTIES

Client agrees to be truthful with NTG; to cooperate; to keep NTG informed of developments pertaining to the matter; to abide by this Agreement; and to keep NTG informed of Client's addresses, telephone numbers, and whereabouts.

## LEGAL FEES, COSTS, AND BILLING PRACTICES

NTG will be compensated for legal services rendered to Client, costs, disbursements and expenses if, and only if, a recovery is obtained for Client and/or the putative class or approved by an appropriate Court. Any and all compensation for legal services rendered to Client, costs, disbursements and expenses shall be obtained out of such recovery. If no recovery is obtained, Client shall not be obligated to pay for legal services rendered to Client, costs, disbursements or expenses. In the event of a recovery, Client may also be entitled, as class representative, to an "enhancement fee" award to be determined by the Court. NTG has made no representation or warranty as to Client's entitlement to any fee award and has specifically instructed Client as to the possibility that he/she may not recover any fee award whatsoever.

## NEGOTIABILITY OF FEES

Although this Agreement is relatively standard for contingency matters, the fee arrangement is not set by law, but is negotiable between NTG and Client and Client acknowledges that this Agreement is the subject of a negotiated transaction.

## COSTS AND EXPENSES

As stated in part above, all costs, disbursements, and litigation expenses shall be paid out of any recovery on behalf of Client and/or the putative class. NTG will advance such costs and expenses. Client will reimburse NTG promptly upon recovery through settlement, arbitration award, or judgment. If no recovery is achieved through settlement, arbitration award, or judgment, then Client shall have no obligation to reimburse NTG for such advanced costs and expenses. These costs and expenses can and will include, but are not limited to, court fees; service of process charges; long distance telephone charges; charges for photocopies made within the firm (at \$.20 per page); parking expense and automobile mileage (at current IRS permitted deductible rate); airfare; postage and courier costs; fees for computer-assisted legal research; the cost of court and deposition reporters and transcripts; hotel and rental car charges; outside photocopying charges; jury fees; and the fees of witnesses, investigators, experts, and/or consultants. Client authorizes NTG to incur any costs reasonably necessary in NTG's judgment.

## RELATED BUT UNKNOWN MATTERS

Client represents he/she does not know of any related legal matters that would require legal services to be provided under this Agreement. If such matters arise later, Client agrees that this Agreement does not apply to such related legal matters, and a separate agreement for provision of services and payment for those services will be required if Client desires NTG to perform that additional legal work.

PRIVILEGED                                         NTG000210

March 15, 2012
Page 3

## CONFLICTS WAIVER

We have been asked to represent, and in fact, likely will represent, other putative class representatives in this matter.  At the present time, based upon the facts known to us, we do not perceive any conflict of interest between Client and any other class representative.  However, conflicts could arise in the future if, for example:  (1) one of you wishes to settle the matter and the others do not; (2) your views differ concerning litigation strategy; or (3) a dispute develops between you such that positions are taken by you that are adverse to the interests of the others. We therefore ask and recommend that you consult with separate counsel regarding these risks, and regarding this engagement, before you sign this engagement letter – and we will assume that you have done so.  It is understood and agreed that if, at any time, you desire to pursue any factual or legal point, or strategy, which is inconsistent with a factual or legal point, or strategy, which any others class representative wishes to pursue, that circumstance will be promptly raised, discussed, and resolved by mutual agreement of the parties -- or by appropriate changes in counsel, if necessary.  You have agreed to waive any such conflicts, and to reserve any dispute that may arise regarding such issues for a later time, with separate representation.

All communications with you on the case will be treated as privileged and confidential as to third parties; however, your communications with NTG will not be confidential among the other putative class representatives during the joint representation.  We cannot properly represent you without being able to disclose communications with you to the other class representative(s). There is a risk, however, that some parties may be less forthcoming in discussions with their attorneys in a joint representation situation.  Moreover, you should know that communications that occur during the course of the joint representation lose their privileged character and could later be offered against you if there were a civil proceeding between you and co-class representatives.

## DISCHARGE AND WITHDRAWAL

Client may discharge NTG at any time on written notice and NTG will immediately cease to render additional services after receiving such notice.

NTG may withdraw from representation of Client under the following circumstances: (a) with consent of the Client; or (b) on court approval; or (c) if no court action has been filed, on reasonable notice to Client.

Should the Court deem Client for any reason to be an inadequate class representative, NTG shall be entitled to proceed with the class action lawsuit with substituted class representative(s) and Client shall not be entitled to any part of any recovery obtained in the matter.

Exhs. in Support of Jt. Stip. Re: Plaintiff's Motion to Compel Documents
Page 1109

March 15, 2012
Page 4

## LIEN

Client hereby grants NTG a lien on any and all claims or causes of action that are the subject of NTG's representation under this Agreement. NTG's lien will be for any sums owing to it for any unpaid costs and attorneys' fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

## CONCLUSION OF SERVICES AND ARBITRABILITY

When NTG's services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable. After NTG's services conclude, NTG will, upon request, deliver Client's files to Client, along with any of Client's funds or property in NTG's possession. Any dispute regarding the interpretation of this Agreement or the services rendered under it will be resolved pursuant to binding arbitration before a single arbitrator at JAMS-Orange County in accordance with JAMS' expedited arbitration services, with the prevailing party recovering its attorneys' fees and costs incurred therein from the non-prevailing party.

## DISCLAIMER OF GUARANTEE

Nothing in this Agreement and nothing in any of NTG's communications to Client, regardless of when made, is or will be construed as a promise or guarantee about the outcome of this matter. NTG does not and will not make any such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Indeed, Client has been informed that an outcome adverse to Client reasonably possible. Comments made by any attorney about the outcome of this matter are expressions of opinion only.

Generally each party is responsible for their own attorneys' fees, but in unusual circumstances one party may be required to pay the other party's fees. Therefore, it is possible that an award against Client may be made for the attorneys' fees and costs of the opposing parties. That has never happened to a client in one of our cases. If that did happen in this case in relation to how NTG handled the case, we would pay that cost to the extent that is consistent with applicable law and ethical obligations.

## CO-COUNSEL AND REFERRAL FEES

Client understands that, as is common in class action litigation, NTG will engage one or more co-counsel to handle the prosecution of this matter, and that said co-counsel will pay NTG a referral fee for his services. The amounts payable to Client will not be reduced as a result of the co-counsel agreement or the referral fees paid by co-counsel.

March 15, 2012
Page 5

## EFFECTIVE DATE

This Agreement will take effect when Client has returned a signed copy of this Agreement and will govern the provision of services by NTG dating back to the first date when services were provided as to this contingency matter.

"ATTORNEY"



By:_____
         Scott J. Ferrell

I have read and understood the foregoing terms and agree to them, as of the date set forth below. By signing this Agreement, I acknowledge receipt of a fully executed duplicate of this Agreement.

"CLIENT" ██████████████████

██████████████████

Dated: 3-15-12                      Sam Pfleg

██████████████████

Address

██████████████████

Address

██████████████

Phone Number

██████████████

E-mail Address

PRIVILEGED                                    NTG000213



895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

July 17, 2012

Sam Schoonover



*Re:*     *Himilayan Drug Group*

Dear Mr. Schoonover:

The following shall set forth the terms pursuant to which Newport Trial Group, individually, will represent you as a putative class representative in an anticipated class action lawsuit against the Himilayan Drug Group and other potentially responsible parties.  Please do not hesitate to contact me if you have any questions regarding the terms of this Attorney-Client Contingent Fee Agreement (this "Agreement").

## ATTORNEY-CLIENT CONTINGENT FEE AGREEMENT

This Agreement is the written fee contract that California law requires lawyers to have with their clients.  It is between Newport Trial Group ("NTG"), and you, Samuel Schoonover ("Client").

## CONDITIONS

This Agreement will not take effect, and NTG will have no obligation to provide legal services, until Client returns a signed copy of this Agreement to NTG.

## SCOPE AND DUTIES

Client is hiring NTG to represent Client in the matter of class-action claims arising from alleged unfair business practices stemming from alleged wiretapping by the above referenced company.  Client acknowledges being informed of various positive aspects and negative aspects of the case and in particular, related to Client's acting in the capacity of class representative and the potential downside.

L I T I G A T I O N

PRIVILEGED                                          NTG000214

Exhs. in Support of Jt. Stip. Re: Plaintiff's Motion to Compel Documents
Page 1112

July 17, 2012
Page 2

## CLIENT'S DUTIES

Client agrees to be truthful with NTG; to cooperate; to keep NTG informed of developments pertaining to the matter; to abide by this Agreement; and to keep NTG informed of Client's addresses, telephone numbers, and whereabouts.

## LEGAL FEES, COSTS, AND BILLING PRACTICES

NTG will be compensated for legal services rendered to Client, costs, disbursements and expenses if, and only if, a recovery is obtained for Client and/or the putative class or approved by an appropriate Court. Any and all compensation for legal services rendered to Client, costs, disbursements and expenses shall be obtained out of such recovery. If no recovery is obtained, Client shall not be obligated to pay for legal services rendered to Client, costs, disbursements or expenses. In the event of a recovery, Client may also be entitled, as class representative, to an "enhancement fee" award to be determined by the Court. NTG has made no representation or warranty as to Client's entitlement to any fee award and has specifically instructed Client as to the possibility that he/she may not recover any fee award whatsoever.

## NEGOTIABILITY OF FEES

Although this Agreement is relatively standard for contingency matters, the fee arrangement is not set by law, but is negotiable between NTG and Client and Client acknowledges that this Agreement is the subject of a negotiated transaction.

## COSTS AND EXPENSES

As stated in part above, all costs, disbursements, and litigation expenses shall be paid out of any recovery on behalf of Client and/or the putative class. NTG will advance such costs and expenses. Client will reimburse NTG promptly upon recovery through settlement, arbitration award, or judgment. If no recovery is achieved through settlement, arbitration award, or judgment, then Client shall have no obligation to reimburse NTG for such advanced costs and expenses. These costs and expenses can and will include, but are not limited to, court fees; service of process charges; long distance telephone charges; charges for photocopies made within the firm (at $.20 per page); parking expense and automobile mileage (at current IRS permitted deductible rate); airfare; postage and courier costs; fees for computer-assisted legal research; the cost of court and deposition reporters and transcripts; hotel and rental car charges; outside photocopying charges; jury fees; and the fees of witnesses, investigators, experts, and/or consultants. Client authorizes NTG to incur any costs reasonably necessary in NTG's judgment.

## RELATED BUT UNKNOWN MATTERS

Client represents he/she does not know of any related legal matters that would require legal services to be provided under this Agreement. If such matters arise later, Client agrees that this Agreement does not apply to such related legal matters, and a separate agreement for provision of services and payment for those services will be required if Client desires NTG to perform that additional legal work.

PRIVILEGED

NTG000215

July 17, 2012
Page 3

## CONFLICTS WAIVER

We have been asked to represent, and in fact, likely will represent, other putative class representatives in this matter.  At the present time, based upon the facts known to us, we do not perceive any conflict of interest between Client and any other class representative.  However, conflicts could arise in the future if, for example:  (1) one of you wishes to settle the matter and the others do not; (2) your views differ concerning litigation strategy; or (3) a dispute develops between you such that positions are taken by you that are adverse to the interests of the others. We therefore ask and recommend that you consult with separate counsel regarding these risks, and regarding this engagement, before you sign this engagement letter – and we will assume that you have done so.  It is understood and agreed that if, at any time, you desire to pursue any factual or legal point, or strategy, which is inconsistent with a factual or legal point, or strategy, which any others class representative wishes to pursue, that circumstance will be promptly raised, discussed, and resolved by mutual agreement of the parties -- or by appropriate changes in counsel, if necessary.  You have agreed to waive any such conflicts, and to reserve any dispute that may arise regarding such issues for a later time, with separate representation.

All communications with you on the case will be treated as privileged and confidential as to third parties; however, your communications with NTG will not be confidential among the other putative class representatives during the joint representation.  We cannot properly represent you without being able to disclose communications with you to the other class representative(s). There is a risk, however, that some parties may be less forthcoming in discussions with their attorneys in a joint representation situation.  Moreover, you should know that communications that occur during the course of the joint representation lose their privileged character and could later be offered against you if there were a civil proceeding between you and co-class representatives.

## DISCHARGE AND WITHDRAWAL

Client may discharge NTG at any time on written notice and NTG will immediately cease to render additional services after receiving such notice.

NTG may withdraw from representation of Client under the following circumstances: (a) with consent of the Client; or (b) on court approval; or (c) if no court action has been filed, on reasonable notice to Client.

Should the Court deem Client for any reason to be an inadequate class representative, NTG shall be entitled to proceed with the class action lawsuit with substituted class representative(s) and Client shall not be entitled to any part of any recovery obtained in the matter.

PRIVILEGED                                   NTG000216

July 17, 2012
Page 4

## LIEN

Client hereby grants NTG a lien on any and all claims or causes of action that are the subject of NTG's representation under this Agreement. NTG's lien will be for any sums owing to it for any unpaid costs and attorneys' fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

## CONCLUSION OF SERVICES AND ARBITRABILITY

When NTG's services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable. After NTG's services conclude, NTG will, upon request, deliver Client's files to Client, along with any of Client's funds or property in NTG's possession. Any dispute regarding the interpretation of this Agreement or the services rendered under it will be resolved pursuant to binding arbitration before a single arbitrator at JAMS-Orange County in accordance with JAMS' expedited arbitration services, with the prevailing party recovering its attorneys' fees and costs incurred therein from the non-prevailing party.

## DISCLAIMER OF GUARANTEE

Nothing in this Agreement and nothing in any of NTG's communications to Client, regardless of when made, is or will be construed as a promise or guarantee about the outcome of this matter. NTG does not and will not make any such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Indeed, Client has been informed that an outcome adverse to Client reasonably possible. Comments made by any attorney about the outcome of this matter are expressions of opinion only.

Generally each party is responsible for their own attorneys' fees, but in unusual circumstances one party may be required to pay the other party's fees. Therefore, it is possible that an award against Client may be made for the attorneys' fees and costs of the opposing parties. That has never happened to a client in one of our cases. If that did happen in this case in relation to how NTG handled the case, we would pay that cost to the extent that is consistent with applicable law and ethical obligations.

## CO-COUNSEL AND REFERRAL FEES

Client understands that, as is common in class action litigation, NTG will engage one or more co-counsel to handle the prosecution of this matter, and that said co-counsel will pay NTG a referral fee for his services. The amounts payable to Client will not be reduced as a result of the co-counsel agreement or the referral fees paid by co-counsel.

PRIVILEGED                                                 NTG000217

July 17, 2012
Page 5

## EFFECTIVE DATE

This Agreement will take effect when Client has returned a signed copy of this Agreement and will govern the provision of services by NTG dating back to the first date when services were provided as to this contingency matter.

"ATTORNEY"

By: _____
Scott J. Ferrell

I have read and understood the foregoing terms and agree to them, as of the date set forth below. By signing this Agreement, I acknowledge receipt of a fully executed duplicate of this Agreement.

"CLIENT"

Dated: 7/18/12          ███████████████████

Samuel Schoonover

███████████████
Address

████████ _____
Address

██████████ _____
Phone Number

████████████████
E-mail Address

PRIVILEGED                                        NTG000218



NEWPORT
TRIAL GROUP
*A Professional Corporation*

895 Dove Street. Suite 425
Newport Beach. CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

August 28, 2012

Raquel Torres



*Re:*     *Nutrisystem - wiretapping*

Dear Ms. Torres:

The following shall set forth the terms pursuant to which Newport Trial Group, individually, will represent you as a putative class representative in an anticipated class action lawsuit against Nutrisystem, and other potentially responsible parties. Please do not hesitate to contact me if you have any questions regarding the terms of this Attorney-Client Contingent Fee Agreement (this "Agreement").

## ATTORNEY-CLIENT CONTINGENT FEE AGREEMENT

This Agreement is the written fee contract that California law requires lawyers to have with their clients. It is between Newport Trial Group ("NTG"), and you, Raquel Torres ("Client").

## CONDITIONS

This Agreement will not take effect, and NTG will have no obligation to provide legal services, until Client returns a signed copy of this Agreement to NTG.

## SCOPE AND DUTIES

Client is hiring NTG to represent Client in the matter of class-action claims arising from alleged unfair business practices stemming from alleged wiretapping by the above referenced company. Client acknowledges being informed of various positive aspects and negative aspects of the case and in particular, related to Client's acting in the capacity of class representative and the potential downside.

L I T I G A T I O N

PRIVILEGED

NTG000219

August 28, 2012
Page 2

## CLIENT'S DUTIES

Client agrees to be truthful with NTG; to cooperate; to keep NTG informed of developments pertaining to the matter; to abide by this Agreement; and to keep NTG informed of Client's addresses, telephone numbers, and whereabouts.

## LEGAL FEES, COSTS, AND BILLING PRACTICES

NTG will be compensated for legal services rendered to Client, costs, disbursements and expenses if, and only if, a recovery is obtained for Client and/or the putative class or approved by an appropriate Court. Any and all compensation for legal services rendered to Client, costs, disbursements and expenses shall be obtained out of such recovery. If no recovery is obtained, Client shall not be obligated to pay for legal services rendered to Client, costs, disbursements or expenses. In the event of a recovery, Client may also be entitled, as class representative, to an "enhancement fee" award to be determined by the Court. NTG has made no representation or warranty as to Client's entitlement to any fee award and has specifically instructed Client as to the possibility that he/she may not recover any fee award whatsoever.

## NEGOTIABILITY OF FEES

Although this Agreement is relatively standard for contingency matters, the fee arrangement is not set by law, but is negotiable between NTG and Client and Client acknowledges that this Agreement is the subject of a negotiated transaction.

## COSTS AND EXPENSES

As stated in part above, all costs, disbursements, and litigation expenses shall be paid out of any recovery on behalf of Client and/or the putative class. NTG will advance such costs and expenses. Client will reimburse NTG promptly upon recovery through settlement, arbitration award, or judgment. If no recovery is achieved through settlement, arbitration award, or judgment, then Client shall have no obligation to reimburse NTG for such advanced costs and expenses. These costs and expenses can and will include, but are not limited to, court fees; service of process charges; long distance telephone charges; charges for photocopies made within the firm (at $.20 per page); parking expense and automobile mileage (at current IRS permitted deductible rate); airfare; postage and courier costs; fees for computer-assisted legal research; the cost of court and deposition reporters and transcripts; hotel and rental car charges; outside photocopying charges; jury fees; and the fees of witnesses, investigators, experts, and/or consultants. Client authorizes NTG to incur any costs reasonably necessary in NTG's judgment.

## RELATED BUT UNKNOWN MATTERS

Client represents he/she does not know of any related legal matters that would require legal services to be provided under this Agreement. If such matters arise later, Client agrees that this Agreement does not apply to such related legal matters, and a separate agreement for provision of services and payment for those services will be required if Client desires NTG to perform that additional legal work.

PRIVILEGED

NTG000220

August 28, 2012
Page 3

## CONFLICTS WAIVER

We have been asked to represent, and in fact, likely will represent, other putative class representatives in this matter. At the present time, based upon the facts known to us, we do not perceive any conflict of interest between Client and any other class representative. However, conflicts could arise in the future if, for example: (1) one of you wishes to settle the matter and the others do not; (2) your views differ concerning litigation strategy; or (3) a dispute develops between you such that positions are taken by you that are adverse to the interests of the others. We therefore ask and recommend that you consult with separate counsel regarding these risks, and regarding this engagement, before you sign this engagement letter – and we will assume that you have done so. It is understood and agreed that if, at any time, you desire to pursue any factual or legal point, or strategy, which is inconsistent with a factual or legal point, or strategy, which any others class representative wishes to pursue, that circumstance will be promptly raised, discussed, and resolved by mutual agreement of the parties -- or by appropriate changes in counsel, if necessary. You have agreed to waive any such conflicts, and to reserve any dispute that may arise regarding such issues for a later time, with separate representation.

All communications with you on the case will be treated as privileged and confidential as to third parties; however, your communications with NTG will not be confidential among the other putative class representatives during the joint representation. We cannot properly represent you without being able to disclose communications with you to the other class representative(s). There is a risk, however, that some parties may be less forthcoming in discussions with their attorneys in a joint representation situation. Moreover, you should know that communications that occur during the course of the joint representation lose their privileged character and could later be offered against you if there were a civil proceeding between you and co-class representatives.

## DISCHARGE AND WITHDRAWAL

Client may discharge NTG at any time on written notice and NTG will immediately cease to render additional services after receiving such notice.

NTG may withdraw from representation of Client under the following circumstances: (a) with consent of the Client; or (b) on court approval; or (c) if no court action has been filed, on reasonable notice to Client.

Should the Court deem Client for any reason to be an inadequate class representative, NTG shall be entitled to proceed with the class action lawsuit with substituted class representative(s) and Client shall not be entitled to any part of any recovery obtained in the matter.

PRIVILEGED

NTG000221

August 28, 2012
Page 4

## LIEN

Client hereby grants NTG a lien on any and all claims or causes of action that are the subject of NTG's representation under this Agreement. NTG's lien will be for any sums owing to it for any unpaid costs and attorneys' fees under this Agreement. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise.

## CONCLUSION OF SERVICES AND ARBITRABILITY

When NTG's services conclude, other than by discharge or withdrawal, all unpaid charges will immediately become due and payable. After NTG's services conclude, NTG will, upon request, deliver Client's files to Client, along with any of Client's funds or property in NTG's possession. Any dispute regarding the interpretation of this Agreement or the services rendered under it will be resolved pursuant to binding arbitration before a single arbitrator at JAMS-Orange County in accordance with JAMS' expedited arbitration services, with the prevailing party recovering its attorneys' fees and costs incurred therein from the non-prevailing party.

## DISCLAIMER OF GUARANTEE

Nothing in this Agreement and nothing in any of NTG's communications to Client, regardless of when made, is or will be construed as a promise or guarantee about the outcome of this matter. NTG does not and will not make any such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter. Indeed, Client has been informed that an outcome adverse to Client reasonably possible. Comments made by any attorney about the outcome of this matter are expressions of opinion only.

Generally each party is responsible for their own attorneys' fees, but in unusual circumstances one party may be required to pay the other party's fees. Therefore, it is possible that an award against Client may be made for the attorneys' fees and costs of the opposing parties. That has never happened to a client in one of our cases. If that did happen in this case in relation to how NTG handled the case, we would pay that cost to the extent that is consistent with applicable law and ethical obligations.

## CO-COUNSEL AND REFERRAL FEES

Client understands that, as is common in class action litigation, NTG will engage one or more co-counsel to handle the prosecution of this matter, and that said co-counsel will pay NTG a referral fee for his services. The amounts payable to Client will not be reduced as a result of the co-counsel agreement or the referral fees paid by co-counsel.

PRIVILEGED                                   NTG000222

August 28, 2012
Page 5

## EFFECTIVE DATE

This Agreement will take effect when Client has returned a signed copy of this Agreement and will govern the provision of services by NTG dating back to the first date when services were provided as to this contingency matter.

"ATTORNEY"



By: _____
       Scott J. Ferrell

I have read and understood the foregoing terms and agree to them, as of the date set forth below. By signing this Agreement, I acknowledge receipt of a fully executed duplicate of this Agreement.

Dated: 8/28/12

"CLIENT"

██████████████████████
Raquel Torres

██████████████████████
Address

██████████████████████
City, State, Zip

██████████████████████
Phone Number

██████████████████████
E-mail Address

October 7, 2013
Page 5

parties. That has never happened to a client in one of our cases. If that did happen in this case in relation to how NTG handled the case, we would pay that cost to the extent that is consistent with applicable law and ethical obligations.

## CO-COUNSEL AND REFERRAL FEES

Client understands that, as is common in class action litigation, NTG will likely engage one or more co-counsel to handle the prosecution of this matter, and that said co-counsel will pay NTG a referral fee for his services. The amounts payable to Client will not be reduced as a result of the co-counsel agreement or the referral fees paid by co-counsel.

## EFFECTIVE DATE

This Agreement will take effect when Client has returned a signed copy of this Agreement and will govern the provision of services by NTG dating back to the first date when services were provided as to this contingency matter.

### "ATTORNEY"

By:_____
Scott J. Ferrell

I have read and understood the foregoing terms and agree to them, as of the date set forth below. By signing this Agreement, I acknowledge receipt of a fully executed duplicate of this Agreement.



Dated: 5/22/14

"CLIENT"

Giovanni Sandoval

Address

City, State, Zip

Phone Number

_____
E-mail Address

PRIVILEGED                                                                 NTG000224