UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

Present: The Honorable     James V. Selna

          Ivette Gomez                                Not Present
          Deputy Clerk                                Court Reporter

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

          Not Present                                 Not Present

**Proceedings:    (In Chambers)    Order Denying Defendants' Motion for Partial
                  Summary Judgment as to First Cause of Action
                  for Malicious Prosecution (Fld 3-2-17)**

    Defendants Newport Trial Group, Andrew Baslow ("Baslow"), Ryan Ferrell, Scott
Ferrell, Victoria Knowles ("Knowles"), and David Reid ("Reid") (collectively, the "NTG
Defendants") moved for partial summary judgment as to Plaintiff Natural-Immunogenics,
Corp.'s ("NIC") first cause of action for malicious prosecution. Docket No. 231. NIC
opposed. Docket No. 247. The NTG Defendants replied. Docket No. 255. Defendants
Taylor Demulder ("Demulder"), Matthew Dronkers ("Dronkers"), Andrew Nilon
("Nilon"), Sam Pfleg ("Pfleg"), Giovanni Sandoval ("Sandoval") and Sam Schoonover
("Schoonover") (collectively, the "Non-NTG Defendants") joined the motion. Docket
No. 282.

    For the following reasons the Court **denies** the motion.

**BACKGROUND**

**I.      Judicial Notice**

    Judicial notice is appropriate for court proceedings if those proceedings directly
relate to the matter at issue. See Rosal v. First Fed. Bank of Cal., 671 F. Supp. 2d 1111,
1121 (N.D. Cal. 2009). Both parties requested judicial notice of a variety of documents
from the docket in the underlying litigation, Nilon v. Natural-Immunogenics Corp., No.
3:12-cv-0930-LAB (S.D. Cal. 2012) (the "Nilon Litigation"). Docket No. 233, 249. The
Court **grants** the requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

## II.     Factual Background

This case concerns litigation between NIC and the Newport Trial Group, its attorneys, and its clients.[1] In brief, NIC alleges that the Newport Trial Group routinely fabricated class action litigation to extort money from defendants nationwide. Second Amended Complaint ("SAC"), Docket No. 92, ¶ 2. The present motion focuses on NIC's claim of malicious prosecution for one of these lawsuits.

### A.     The Newport Trial Group files a class action complaint against NIC on behalf of Andrew Nilon.

On March 5, 2012, Nilon, represented by the Newport Trial Group, filed a class action complaint against NIC. ("Nilon Complaint") NTG Defs.' RJN Ex.1; NIC's RJN Ex. 3. The complaint alleged violations of the Consumer Legal Remedies Act, California's False Advertising Law, and Business & Professions Code §§ 17200 et seq. Id. at 6, 8, 9. The complaint contended that NIC manufactured and sold "Sovereign Silver," a dietary supplement that provided "immune support." Id. ¶ 1. It further stated that these claims were false and misleading. Id. ¶ 2.

On April 15, 2014, the Honorable Larry Burns certified the following class:

> All persons located within California who purchased any
> Sovereign Silver Products either from a retail location or
> over the internet at any time during the four years
> preceding the filing of this complaint through the date of
> trial in this action.

NTG Defs.' RJN Ex. 5 at 5.

Between April 2013 and May 2014, NIC noticed Nilon for four depositions. ("Tentative Order Vacating Class Cert.") NTG Defs.' RJN Ex. 21 at 2; NIC's RJN Ex. 14

---

[1] The NTG Defendants objected to several pieces of NIC's evidence. Docket No. 257. With the exception of their objection to the anti-SLAPP order (discussed below), none of the evidence affects the Court's ruling. Therefore, the Court does not rule on the remaining objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                  Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

at 2. On June 30, 2014, NIC moved to compel his deposition. NIC's RJN Ex. 5. The magistrate judge sanctioned the Newport Trial Group for its failure to produce Nilon, stating that he had a "pattern of avoiding his duly-noticed depositions." Tentative Order Vacating Class Cert. at 2.

On July 9, 2014, the Newport Trial Group moved to substitute Nilon as class representative. ("Mot. to Sub.") NTG Defs.' RJN Ex. 7; NIC's RJN Ex. 6. Nilon's attached declaration stated that he could no longer serve as class representative because he needed to care for his grandmother. Id., Nilon Decl. ¶¶ 4–6. On August 20, 2014, the Newport Trial Group moved to withdraw as Nilon's counsel. ("Mot. to Withdraw") NTG Defs.' RJN Ex. 9; NIC Ex. 10. Judge Burns granted the motion and urged the parties to immediately depose the new class representative, Sandoval. NTG Defs.' RJN Ex. 10 at 7–8. Judge Burns further stated that there was "no excuse for the repeated failure on the part of the Newport Trial Group to produce its lead plaintiff for a deposition." Id. at 8.

### B.     The Newport Trial Group files a second amended complaint with Sandoval as lead plaintiff.

On August 25, 2014, the Newport Trial Group filed a second amended complaint with Sandoval as lead plaintiff. The complaint described Sandoval as "a resident of San Diego County, California" who "purchased Sovereign Silver in this County in 2013." NIC's RJN Ex. 11 ¶ 5. The complaint further alleged that Sandoval "relied on Defendant's representations regarding the efficacy of the Product, . . . and but for those representations, Plaintiff would not have purchased or paid as much for the Product." Id.

On April 2, 2015, NIC moved for summary judgment. NTG Defs.' RJN Ex. 17. NIC's motion focused on Sandoval's failure to participate in discovery. Id. at 1–2. Sandoval, represented by the Newport Trial Group, opposed the motion on procedural grounds. NTG Defs.' RJN Ex. 18. While the motion was pending, Judge Burns granted NIC's ex parte request to modify the scheduling order and depose Sandoval. NTG Defs.' RJN Ex. 19.

On April 20, 2015, NIC deposed Sandoval. Docket No. 30-5 ("Sandoval Depo."). Sandoval explicitly contradicted the complaint's allegations that he lived in California — instead, he testified that he had lived in Yuma, Arizona for the past year. Id. 7:1–8. He

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)                    Date    April 19, 2017

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al.

stated that he was "just kind of going back and forth from my job from San Diego to Arizona, but I officially moved all of my stuff over there about a year ago." Id. 7:14–17. He could not remember his California address. Id. 7:18–21. He also stated that he left all of his possessions, including his wallet and driver's licenses, in his motel room. Id. 62:24–63:17. In fact, his criminal history showed that he had actually lived at his Yuma address since at least 2008. Tentative Order Vacating Class Cert. at 3. And, while he testified that he had a California driver's license, his California driver's license was actually suspended in 2006. Id. Sandoval Depo. 62: 21–23.

Sandoval's deposition testimony also suggested that he might not have purchased Sovereign Silver in the first place. For instance, Sandoval incorrectly identified the product as "Sulvant Silver," did not know whether he was the defendant or plaintiff, and was unsure of NIC's role in the case. Id. 27–32. He also claimed to have never purchased, aside from protein shakes and vitamins, other dietary supplements. Id. 34:18–35:13. Yet he purchased Sovereign Silver without doing any research or knowing anyone else who used the product. Id. 46:8–14.

On May 4, 2015, following Sandoval's deposition, NIC replied to the Sandoval's opposition to its pending summary judgment motion. NTG Defs.' RJN Ex. 20. NIC argued that Sandoval could not present competent evidence to support his claims and had repeatedly perjured himself in his deposition and written discovery responses. Id.

**C.    Judge Burns vacates class certification, dismisses the class claims without prejudice, and dismisses Sandoval's claims with prejudice.**

On May 11, 2015, Judge Burns issued a tentative order vacating class certification and dismissing the case without prejudice. Tentative Order Vacating Class Cert. at 6. Judge Burns found that Sandoval's deposition testimony showed an inability to serve as class representative. Id. at 4–5. The court criticized the Newport Trial Group's failure to properly vet a class representative, but did not issue case-dispositive sanctions:

> [T]his isn't an isolated occurrence—Plaintiff's counsel
> has displayed a cavalier attitude towards discovery
> obligations practically from the get-go. Based on
> counsels' demonstrated shortcomings, it would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                     Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

> reasonable for the Court to dismiss this case with
> prejudice. But, while warranted, such a sanction would
> harm the members of the class, who were doubtless
> unaware of their counsels' unprofessional behavior. With
> the interest of class members in mind, the Court declines
> to issue case dispositive sanctions at this time.

Id. at 5. The court tentatively determined that it was in the best interests of the class
members to vacate certification and dismiss the case without prejudice, leaving putative
class members "free to pursue individual actions with counsel of their choice." Id. at 6.

Both parties responded to the Court's tentative order. The Newport Trial Group's
response stated that the Newport Trial Group was unaware of Sandoval's move when it
filed the second amended complaint. NIC's RJN Ex. 15 at 2. Yet the Newport Trial
Group agreed with Judge Burns' decision to decertify the class and dismiss the class
claims without prejudice. Id. It also proposed that Judge Burns dismiss Sandoval's claims
with prejudice. Id. NIC's response asked the court to sanction the Newport Trial Group,
particularly Ferrell, and find the Newport Trial Group inadequate counsel to represent
class interests. NTG Defs.' RJN Ex. 22.

On May 20, 2015, Judge Burns vacated class certification, dismissed the class
claims without prejudice, and dismissed Sandoval's claims with prejudice. NIC's RJN
Ex. 16 at 1. Although the court found NIC's arguments in reply "troubling," it declined to
comment further on the Newport Trial Group's adequacy to represent the class. Id. at 2.

## III.   Procedural Background

The NTG Defendants previously moved to strike NIC's claim of malicious
prosecution from its first amended complaint ("FAC"). Docket No. 40. The Court denied
the motion with respect to malicious prosecution. Docket No. 88 at 26. As with the NTG
Defendants' current motion, the parties focused on whether NIC had shown that the
Nilon Litigation favorably terminated in NIC's favor. Id. at 21–26. The Court found that
Nilon's withdrawal from the litigation could be construed as a favorable termination in
NIC's favor:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   April 19, 2017

Title        Natural-Immunogenics Corp. v. Newport Trial Group, et al.

> The record of the Nilon v. NIC Litigation would amply support, through inferences, a finding that the substitution of Nilon was a termination in NIC's favor as to Nilon. The distinction between substituting out of a lawsuit and a dismissal seems to be a distinction without a difference. In both cases, the trier of fact could find by reasonable inference that a party wanted to get out of the suit to avoid having his deposition taken and avoid having to answer facts related to the merits of his claim.

Id. at 22–23. It rejected the NTG Defendants' argument that Nilon's dismissal was predicated on standing and thus did not reflect the case's merits. Id. at 21 ("When a party ceases to pursue a case and the case results in a voluntary dismissal, courts look beyond the mere dismissal to determine the ultimate cause of the dismissal.") (internal citations omitted). The Court also found that NIC received a favorable termination on Sandoval's claims because Judge Burns dismissed them with prejudice. Id. at 23.

## LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the non-movant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim[.]") (internal quotation marks omitted).

Material facts are those necessary to a claim's proof or defense; they are determined by the substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

477 U.S. at 255.[2]

The moving party bears the initial burden to establish the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)][3] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the non-movant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

## ANALYSIS

**I.      The Court declines to continue the motion under Rule 56(d) because further discovery would not aid the Court's decision.**

Federal Rule of Civil Procedure 56(d) provides that if the nonmovant specifies reasons for why "it cannot present facts essential to justify its opposition," then the court may:

> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

---

[2] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[3] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)                    Date    April 19, 2017

Title       Natural-Immunogenics Corp. v. Newport Trial Group, et al.

A district court should generally rule on a party's Rule 56(d) request before ruling on the merits of a summary judgment motion. See Garrett v. City & Cty. of S.F., 818 F.2d 1515, 1518–19 (9th Cir. 1987).[4] Id. at 1518. A court may deny the request if further discovery would not impact the summary judgment ruling. Bank of Am., NT & SA v. PENGWIN, 175 F.3d 1109, 1118 (9th Cir. 1999). The opposing party must have diligently pursued discovery opportunities and "must make clear what information is sought and how it would preclude summary judgment." Garrett, 818 F.2d at 1518.

Here, NIC argues that it has not yet acquired internal emails, files, and related deposition testimony that would illuminate the NTG Defendants' mental state regarding the Nilon and Sandoval dismissals. Opp'n at 24–25. It blames the NTG Defendants for this delay. Id. It also submits a declaration identifying particular documents and depositions it claims are necessary to properly oppose this motion. See generally Arhangelsky Decl. The NTG Defendants argue that this evidence has no bearing on the summary judgment motion. Reply at 10.

The Court finds that the evidence identified by NIC would not impact the Court's decision. Further evidence of the NTG Defendants' mental state would not illuminate the nature of the Nilon Litigation's termination. Therefore, the Court proceeds to consider the motion's merits.

**II.    The Court's prior anti-SLAPP order precludes summary judgment under the law of the case doctrine.**

A claim for malicious prosecution has three elements. A plaintiff must establish that the prosecution "(1) was commenced by or at the direction of the defendant, or the defendant continued to prosecute it after discovering it lacked probable cause, and it was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice." HMS Capital, Inc. v. Lawyers Title Co., 118 Cal. App. 4th 204, 213 (2004).

---

[4] Garrett refers to Rule 56(f), which has been subsequently renumbered 56(d). Fed. R. Civ. P. 56, Advisory Committee Notes, 2010 Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

NIC argues that the law of the case doctrine precludes summary judgment here because the Court previously denied the NTG Defendants' anti-SLAPP motion. Opp'n at 14. The NTG Defendants argue that the Court's prior anti-SLAPP order is not only non-binding, but inadmissible. Mot. at 10–11; Reply at 1–3. As a result, they argue that summary judgment is appropriate because NIC did not receive a "favorable termination" in the underlying litigation.

> **A.      The law of the case applies because the Court's prior finding that NIC stated a prima facie case necessarily precludes summary judgment.**

The law of the case "precludes a court 'from reconsidering an issue previously decided by the same court, or a higher court in the identical case.'" Manufactured Home Communities, Inc. v. Cty. of San Diego, 655 F.3d 1171, 1181 (9th Cir. 2011) (quoting United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000)). It is a judicially-created concept that promotes efficiency and consistency. Id. Although it applies to pretrial motions, the doctrine is "not an inexorable command." Id. at 949 (quoting Hanna Boys Ctr. v. Miller, 853 F.2d 682, 686 (9th Cir. 1988)).

The doctrine applies to issues "decided explicitly or by necessary implication" in the previous decision. United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (quoting Liberty Mutual Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir. 1982)). Therefore, to determine whether it applies here, the Court must determine whether its prior decision on the anti-SLAPP motion decided the issues now raised in the NTG Defendants' motion for summary judgment.

A plaintiff faces similar burdens to defeat an anti-SLAPP motion and a summary judgment motion. "[A] plaintiff resisting an anti-SLAPP motion 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.'" Phoenix Trading, Inc. v. Loops LLC, 732 F.3d 936, 941 (9th Cir. 2013) (quoting Wilson v. Parker, Covert & Chidester, 28 Cal. 4th 811, 123 (2002)(internal quotation marks omitted), abrogated on other grounds as stated in Hutton v. Hafif, 150 Cal. App. 4th 527, 547 (2007)). Similarly, a plaintiff may rebut a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   April 19, 2017

Title        Natural-Immunogenics Corp. v. Newport Trial Group, et al.

defendant's summary judgment motion by establishing a "genuine dispute of material fact" as to the challenged element of the plaintiff's case. See Fed. R. Civ. Pro. 56(a). Therefore, a plaintiff's burden to defeat an anti-SLAPP motion "is similar to the standard used in determining motions for . . . summary judgment." Phoenix Trading, 732 F.3d at 941–42 (9th Cir. 2013) (quoting Gilbert v. Sykes, 147 Cal. App. 4th 13, 53 (2007)).

Because the motions use similar standards, courts have found that a denial of an anti-SLAPP motion precludes summary judgment against the plaintiff. In Bergman v. Drum, the California Court of Appeal addressed this issue. 129 Cal. App. 4th 11 (2005). In Bergman, the plaintiff brought a malicious prosecution action against an attorney who had formerly sued her. Id. at 16–17. The trial court denied the defendant attorney's anti-SLAPP motion, and the appellate court affirmed. Id. On remand, the attorney moved for summary judgment on the same bases, which the trial court granted. Id. The appellate court reversed because its previous conclusion that the plaintiff presented a prima facie case of malicious prosecution necessarily established a triable issue of material fact. Id. at 18. Therefore, the court's determination on the anti-SLAPP motion precluded summary judgment "unless the defendant submits to the trial court . . . additional or different evidence that would, as a matter of law, conclusively negate plaintiff's prima facie case." Id.

Here, the law-of-the-case doctrine forecloses summary judgment because the NTG Defendants have not presented new evidence. This Court already evaluated Judge Burns' opinion and held that enough evidence existed for a jury to find that the Nilon Litigation did not terminate because of "mere technicalities . . . ." Order at 21. As a result, the Court found that "[t]he substitution of Nilon, the vacating of class certification, and the dismissal with prejudice of Sandoval are terminations in favor of NIC and, collectively, indicate that the 'entire action' was terminated in favor of NIC." Id. at 25.

The overlap between the motions is especially evident because the NTG Defendants raise the same arguments that the Court previously rejected. The Court specifically rejected the NTG Defendants' arguments that "that a dismissal based on a lack of standing . . . does not reflect that NIC has prevailed on the merits of the case." Id. at 21–23. It also rejected the NTG Defendants' argument that "because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 15-02034 JVS(JCGx)                    Date    April 19, 2017

Title        Natural-Immunogenics Corp. v. Newport Trial Group, et al.

termination of the underlying case did not reflect on NIC's innocence, NIC's malicious prosecution claim is barred as a matter of law." Id. at 23. (quoting NTG Defs.' Reply Supp. Mot. Strike at 10–11). Both of these arguments now resurrect themselves in the NTG Defendants' summary judgment motion. Mot. at 12–13, 16–20. To the extent that the NTG Defendants ask the Court to reconsider its ruling, the Court rejects the arguments again for the same reasons. See Order at 21–25.

> **B.     The Court's prior order constitutes the law of the case under both California and federal law.**

The NTG Defendants argue that, in the Ninth Circuit, the denial of an anti-SLAPP motion can never be the law of the case. Reply at 3. They rely on Peralta v. Dillard, 744 F.3d 1076, 1088 (9th Cir. 2014), which held that "the denial of a summary judgment motion is never law of the case because factual development of the case is still ongoing." Id. Thus, the NTG Defendants argue that a district court's denial of anti-SLAPP motion should "likewise never be the law of the case." Id. At the hearing, the NTG Defendants further argued that Peralta controls because whether the doctrine applies is a procedural issue governed by federal law.

This argument fails because (1) Peralta does not apply here and, (2) even if it did, Peralta's holding does not apply to the denial of an anti-SLAPP motion.

First, the law of the case is a substantive doctrine. Although the Court cannot find any case law addressing whether the law-of-the-case doctrine is substantive or procedural, the doctrine is similar to res judicata and based on similar policy considerations of finality and judicial efficiency. See United States v. U. S. Smelting Ref. & Min. Co., 339 U.S. 186, 199 (1950) (the rules are "kindred"); Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988) (The law of the case "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues."); Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1160 (9th Cir. 2002) (Res judicata "promote[s] judicial efficiency and the finality of judgments . . ."). For res judicata, courts apply state law to determine a prior judgment's preclusive effect. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001). Therefore, given the similarities between res judicata and law of the case, the Court determines that state law should govern whether the law of the case applies to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                          Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

state law claim. Here, because NIC's malicious prosecution claim arises under California law, the Court applies California law to determine whether the denial of an anti-SLAPP motion is the law of the case. Therefore, <u>Bergman</u> controls and the Court's prior order denying the NTG Defendants' anti-SLAPP motion constitutes the law of the case.

Second, even if the Ninth Circuit's <u>Peralta</u> decision applies, there is no conflict between it and <u>Bergman</u> because the denial of an anti-SLAPP motion is distinct from the denial of summary judgment. The two motions have distinct standards — the law of the case applies to the denial of an anti-SLAPP motion because, unlike the denial of summary judgment, it requires the plaintiff to make an affirmative showing. The denial of an anti-SLAPP motion reflects the district court's finding that the plaintiff has met its burden to show prima facie legal and factual sufficiency. <u>See</u> <u>Phoenix Trading</u>, 732 F.3d at 941. In contrast, the denial of summary judgment indicates that the moving party has not met its burden to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Therefore, the denial of an anti-SLAPP motion necessarily finds that the plaintiff has presented some evidence; in contrast, the denial of summary judgment may simply reflect "a factual dispute at the time." <u>Peralta</u>, 744 F.3d at 1088. Unlike a motion for summary judgment, there is no second step analysis in considering an anti-SLAPP motion. <u>See</u> <u>Celotex</u> <u>Corp.</u>,477 U.S. at 322. Because "[t]hat [factual dispute] may disappear as the record develops[]" it would be premature to give the denial of summary judgment binding effect under the law of the case doctrine. <u>See id.</u> In contrast, the denial of an anti-SLAPP motion means that the plaintiff has put forward a prima facie case; this necessarily precludes summary judgment "unless the defendant submits to the trial court . . . additional or different evidence that would, as a matter of law, conclusively negate plaintiff's prima facie case." <u>Bergman</u>, 129 Cal. App. 4th at 18.

**C.      The prior order is admissible because California law only bars the use of anti-SLAPP orders to enter a dispositive verdict for the plaintiff.**

The NTG Defendants argue that the Court's prior order is inadmissible and that their motion raises new issues. Mot. at 10–12; Reply at 2. First, the NTG Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   April 19, 2017

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al.

argue that a Court's denial of an anti-SLAPP motion is inadmissible and cannot be considered in future proceeding. Mot. at 10–11; NTG Defendants' Objections, Docket No. 257 at 2–3. They rely on California Code of Civil Procedure section 425.16(b)(3):

> If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, *neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the case*, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be affected by that determination in any later stage of the case or in any subsequent proceeding.

(emphasis added). But Bergman specifically rejected this argument — it limited section 425.16(b)(3) to barring a plaintiff from using its victory on a motion to strike "as proof that a verdict *in the plaintiff's favor* should be rendered in a later dispositive or potentially dispositive portion of the case[.]" 129 Cal. App. 4th at 20 (emphasis in original).[5] And Hutton, on which the NTG Defendants rely, does not apply; instead, that case focuses on whether the denial of a defendant's summary judgment motion in a prior action shows that probable cause existed to file the lawsuit. 150 Cal. App. 4th at 546. Therefore, the Court **overrules** the NTG Defendants' objection and **denies** their request to strike the Order.

> **D.    The motion does not raise new factual issues and merely restates previously rejected arguments regarding the applicable standard.**

The NTG Defendants' motion also fails to raise new factual issues. See Bergman, 150 Cal. App. 4th at 18 (new evidence necessary to defeat summary judgment after prior denial of anti-SLAPP motion). Of the NTG Defendants' proposed

---

[5] The Court notes that Bergman concerned an earlier version of section 425.16(b)(3). As discussed in Hutton, in 2005 the California legislature amended (b)(3) to include the language "or in any subsequent action" and "in any later stage of the case or in any subsequent proceeding." 150 Cal. App. 4th at 545; 2005 Cal. Legis. Serv. Ch. 535 (A.B. 1158) (West). Because the earlier section applied to "later stage[s] of the case," this change does not impact Bergman's applicability. See Bergman, 129 Cal. App. 4th at 20 (quoting Cal. Civ. Proc. Code § 425.16(b)(3) (1999) (current version at Cal. Civ. Proc. Code § 425.16(b)(3)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

"new issues and facts" only one is factual — NIC's statements in response to Judge Burns' tentative order that the Nilon Litigation's termination did not constitute a "judgment on the merits," "deprived [NIC] of a meaningful judgment," and left "NIC vulnerable to suit on the same claims at issue." Reply at 2. But the NTG Defendants present no authority that NIC's arguments bind NIC in this litigation. And NIC's subjective opinion does not determine whether Judge Burns' later decision constituted a favorable termination.

The NTG Defendants also argue that the Court should grant summary judgment if it has even a "residue of doubt" as to whether the Nilon Litigation's termination reflected on NIC's innocence. Mot. at 13–15. The NTG Defendants argue that this is a new argument; hence the law of the case doctrine does not apply. Reply at 2. But this argument really restates the NTG Defendants' earlier argument that the underlying lawsuit's termination must reflect on the plaintiff's innocence. See Order at 23–25 (discussing argument). Furthermore, to apply such a test here would flip Rule 56's standard on its head: it would require the non-moving party — NIC — to show an absence of disputed facts. And, as discussed in III., supra, the Court finds that NIC also establishes favorable termination under this standard.

**III.    The underlying action's circumstances show that the entire action terminated favorably to NIC.**

Even without the Court's prior order, the Court would deny summary judgment on the merits. The substitution of Nilon, the vacating of class certification, and the dismissal with prejudice of Sandoval are terminations in favor of NIC; collectively, they indicate that the "entire action" was terminated in favor of NIC. Crowley v. Katleman, 8 Cal. 4th 666, 686 (1994).

**A.    The NTG Defendants have not met their burden to establish the absence of favorable termination as a matter of law.**

In a malicious prosecution action, the court determines as a matter of law whether the plaintiff has shown favorable termination, but "[i]f a conflict arises as to the circumstances explaining a failure to prosecute an action further, the determination of the reasons underlying the dismissal is a question of fact." Fuentes v. Berry, 38 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                          Date   April 19, 2017

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al.

App. 4th 1800, 1808 (1995); <u>see also</u> <u>Sierra</u> <u>Club</u> <u>Found.</u> <u>v.</u> <u>Graham</u>, 72 Cal. App. 4th 1135, 1149 (1999) ("The element of favorable termination is for the court to decide . . . ."). In that case, a jury determines any disputed facts. <u>See</u> Judicial Council of California Civil Jury Instructions (2017), No. 1501 ("If a proceeding is terminated other than on the merits, there may be disputed facts that the jury must find in order to determine whether there has been a favorable termination.") The court then determines whether the plaintiff has established the element "based on the resolution of the disputed facts." <u>Id.</u>

     Here, the Court finds that the NTG Defendants have not met their burden to establish the lack of a factual dispute on the issue of a favorable determination. While there would appear to be no factual dispute as to the facts which underlie a finding of a termination given Judge Burn's tentative order in the context of the litigation, the Court stops short of finding as a matter of law that there was a favorable determination.

> **B.      The NTG Defendants' proposed "residue of doubt" standard improperly heightens the bar for favorable termination.**

     The NTG Defendants argue that the Court should grant summary judgment if it has even a "residue of doubt" regarding whether the underlying litigation's termination showed NIC's innocence. Mot. at 12–15. NIC argues that the "the question of innocence in this case concerns whether NIC falsely advertised to Sandoval and Nilon—not to some hypothetical class of consumers that may have purchased NIC's product under substantially different circumstances." Opp'n at 23.

     To determine whether the plaintiff received a favorable termination, courts consider the prior judgment "as a whole . . . ." <u>Siebel</u> <u>v.</u> <u>Mittlesteadt</u>, 41 Cal. 4th 735, 741 (2007) (quoting <u>Casa</u> <u>Herrera,</u> <u>Inc.</u> <u>v.</u> <u>Beydoun</u>, 32 Cal. 4th 336, 341 (2004)). "If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution." <u>Casa</u> <u>Herrera,</u> 32 Cal. 4th at 342 (2004) (quoting <u>Lackner</u> <u>v.</u> <u>LaCroix</u>, 25 Cal. 3d 747, 751 (1979)). Therefore, substantive terminations establish favorable terminations while procedural or technical ones do not. <u>Id.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

      The NTG Defendants identify several cases that articulate this standard as a requirement that no residue of doubt exists regarding the plaintiff's innocence. Mot. at 12–15. But Casa Herrera, the most recent California Supreme Court case to discuss the favorable termination prong, analyzed whether an ambiguous termination was substantive or procedural — not whether a residue of doubt existed. 32 Cal. 4th at 343–44. Therefore, the California Supreme Court has not established a heightened "residue of doubt" standard.

      The NTG Defendants also argue that "[t]he heightened standard of proof (i.e., no residue of doubt) is consistent with California's policy that malicious prosecution is a disfavored tort." Mot. at 14. But such policy concerns cannot "defeat the established rights of the plaintiff by indirection; for example, by inventing new limitations on the substantive right, which are without support in principle or authority, or by adopting stricter requirements of pleading that are warranted by the general rules of pleading." Casa Herrera, 32 Cal. 4th at 349 (quoting Jaffe v. Stone, 18 Cal. 2d 146, 159 (1941)). Therefore, the Court will not impose a standard that would practically nullify the tort and defeat its underlying policy of protecting plaintiffs from meritless lawsuits. See id.

      Finally , a review of the NTG Defendants' cited cases shows that courts apply this language in ambiguous situations, such as settlement agreements or procedural terminations, that do not favor one party or reflect on the case's merits. See, e.g., Sierra Club, 72 Cal. App. 4th at 1149 ("When the proceeding terminates *other than on the merits*, the court must examine the reasons for termination . . . .") (emphasis added); StaffPro, Inc. v. Elite Show Servs., Inc., 136 Cal. App. 4th 1392, 1400 (2006) (favorable termination element not met when underlying action terminated in defendant's favor but termination was less favorable than an earlier settlement proposal); Womack v. Cty. of Amador, 551 F. Supp. 2d 1017, 1032 (E.D. Cal. 2008) (prosecutor's dismissal of criminal charges "in the interests of justice" did not establish favorable termination element); Johnson v. Mitchell, No. 2:10-cv-1968 GEB GGH PS, 2013 U.S. Dist. LEXIS 68610, at *33 (E.D. Cal. May 14, 2013) (summary judgment for defendant granted because "the underlying Panamanian criminal prosecutions were not finally determined favorably to plaintiff *on their merits* . . . .") (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)                      Date    April 19, 2017

Title       Natural-Immunogenics Corp. v. Newport Trial Group, et al.

Here, unlike in the NTG Defendants' cited cases, the Nilon Litigation terminated in a favorable merits judgment for NIC that suggests it was innocent of the misconduct alleged — false advertising with respect to Nilon and Sandoval. As discussed below in III.A and III.B, <u>supra</u>, Judge Burn's dismissal shows that Nilon's and Sanvodal's claims lacked merit. The NTG Defendants argue that NIC must show that the termination reflects its innocence for *any* false advertising claims with respect to *any* consumers. Mot. at 11. But they present no authority to support this argument. <u>Id.</u> Such a standard would also be gravely inequitable given that Judge Burns dismissed the litigation because of the NTG Defendants' misconduct. He only dismissed the class claims without prejudice so that class members might "be free to pursue individual actions with [non-NTG] counsel of their choice." Tentative Order Vacating Class Cert at 6.

> **C.      Nilon's substitution remains relevant to the favorable termination analysis because the circumstances of Nilon's termination reflect on whether the entire action terminated in NIC's favor.**

The Court previously found that the Nilon Litigation's record supported "through inferences, a finding that the substitution of Nilon was a termination in NIC's favor as to Nilon." Order at 22 (citing <u>Ross</u> v. <u>Kish</u>, 145 Cal. App. 4th 188 (2006) (reasonable to conclude that refusal to submit to a deposition is a concession that claims lack merit); <u>Minasian</u> v. <u>Sapse</u>, 80 Cal. App. 3d 823, 827–28 (1978) (a dismissal for failure to prosecute reflects on the merits of the action, and that reflection is favorable to the defendant)). The Court relied primarily on Nilon's repeated failure to appear for his depositions. <u>Id.</u>

The NTG Defendants incorrectly rely on <u>Dalany</u> v. <u>Am.</u> <u>Pac.</u> <u>Holding</u> <u>Corp.</u>, 42 Cal. App. 4th 822 (1996), to argue that the Court may not consider Nilon's substitution as class representative. Mot. at 16–17. In <u>Dalany</u>, a plaintiff sued for malicious prosecution after the parties negotiated a stipulated judgment in the plaintiff's favor. 42 Cal. Ap. 4th at 825–26. The court held that this did not constitute a favorable termination on the merits. <u>Id.</u> at 828–29. The court also rejected the plaintiff's argument "that his success in achieving summary adjudication as to some of the causes of action in the cross-complaint prior to entry of the stipulated judgment gave rise to a favorable termination, at least as to those claims." <u>Id.</u> at 829. Instead, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                     Date   April 19, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

court required favorable termination with respect to the "entire action." Id. (quoting Crowley, 8 Cal. 4th at 686).

The NTG Defendants argue that, under Dalany, Judge Burns' ruling substituting out Nilon as class representative is irrelevant to the favorable termination analysis. But Dalany merely says that a favorable ruling on some claims does not automatically create a favorable termination; Dalany does not hold that prior rulings are irrelevant to determining whether the entire action — viewed as a whole — terminated favorably. See id. 829–30; Siebel, 41 Cal. 4th at 743 (settlement while appeal was pending still constituted favorable termination when it followed prior judgment on the merits).

> **D.      Sandoval's dismissal with prejudice is evidence of a favorable termination on the merits because it occurred after the NTG Defendants' numerous discovery failures.**

The NTG Defendants repeat their prior argument argue that Judge Burns' dismissal of Sandoval's claims was a jurisdictional dismissal that cannot constitute a favorable termination on the merits. Compare Mot. at 17–20 with Memo. P. & A. Supp. NTG Defs.' Mot. Strike ("NTG MTS") at 5. NIC argues that Judge Burns concluded that Sandoval's claim lacked merit and Sandoval's termination was equivalent to a voluntary dismissal. Opp'n at 20–23. Therefore, his dismissal constituted a favorable termination on the merits. Id.

The Court rejected the NTG Defendants' argument in its prior order and the NTG Defendants' motion does not change its decision now. See Order at 23–25. Judge Burns dismissed Sandoval's claims with prejudice, at his own request, and dismissed the class claims without prejudice. NIC RJN 16. The NTG Defendants' argue that this was a sua sponte decision on standing, but they ignore the context of this order. They cite numerous cases stating that a dismissal on standing grounds does not constitute a favorable termination. Mot. at 18–20. But here Judge Burns' dismissed the case after the NTG Defendants' repeatedly failed to properly vet class representatives and comply with discovery obligations. That factual background distinguishes this case from a purely technical dismissal. Judge Burns blamed the Newport Trial Group for Sandoval's lack of standing:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)                    Date    April 19, 2017

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al.

> If counsel had exercised even the slightest amount of diligence, it would have known that Sandoval wasn't "located within California" and therefore wasn't a member of the class he purported to represent. . . .
>
> . . . .
>
> [T]his isn't an isolated occurrence—Plaintiff's counsel has displayed a cavalier attitude towards discovery obligations practically from the get-go. Based on counsels' demonstrated shortcomings, it would be reasonable for the Court to dismiss this case with prejudice. But, while warranted, such a sanction would harm the members of the class, who were doubtless unaware of their counsels' unprofessional behavior. With the interest of class members in mind, the Court declines to issue case dispositive sanctions at this time.

Tentative Order Vacating Class Cert at 4–5. Therefore, a holistic evaluation of Judge Burns' decision — particularly his statement that a dismissal of the class claims with prejudice was "warranted" — shows that it was a favorable termination on the merits.

**IV.    This dispute is not appropriate for interlocutory appeal because there are not substantial differences of opinion in the case law and an appeal would hinder the case's resolution.**

Under 28 U.S.C. § 1292(b), the party seeking certification must establish that: (1) there is a controlling question of law, (2) as to which there are substantial grounds for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Only if all three factors are met may the Court certify an order for appeal. Id.; see also Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met."). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                     Date   April 19, 2017

Title       Natural-Immunogenics Corp. v. Newport Trial Group, et al.

must be construed narrowly." James v. Price Stern Sloan, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Such a departure is "to be applied sparingly and only in exceptional cases." United States v. Woodbury, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Thus, the party seeking certification must show "that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'" Fukuda v. Cnty. of L.A., 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

The NTG Defendants ask the Court to certify three issues for interlocutory appeal:

- Is plaintiff required to prove, beyond a residue of doubt, that the termination of the underlying action (1) reflected on the merits; and (2) demonstrated plaintiff's innocence or lack of responsibility for the conduct alleged?

- Does a party's decision to submit on a Court's tentative ruling dismissing a case convert the termination into a voluntary dismissal?

- Does a Motion to Substitute Class Representative that is granted constitute a voluntary dismissal as to that former class representative?

Reply at 13.

The Court **denies** the NTG Defendants' request to certify the issues for interlocutory appeal. First, the Court finds that there are not substantial grounds for differences of opinion here. There are no circuit splits, complicated questions under foreign law, or novel questions of first impression. See Couch, 611 F.3d at 633 (listing these as reasons a substantial ground for difference of opinion might exist). Instead, a large body of settled law exists and the parties merely disagree on its application. See id. ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference. That settled law might be applied differently does not establish a substantial ground for difference of opinion. . . . Nor does the fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)          Date   April 19, 2017

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al.

that no California court has addressed the precise questions at issue satisfy the requirement of a substantial ground for disagreement . . . .") (internal quotations omitted). Second, an immediate appeal from the order would not advance the termination of the litigation because an appeal would not affect NIC's remaining claims. Therefore, the case will progress more efficiently if the parties delay any appeals until the final judgment.

## CONCLUSION

For the foregoing reasons, the Court **denies** the NTG Defendants' motion for summary judgment under the law of the case doctrine.

:          00

Initials of Preparer          kjt