1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
David J. Darnell (SBN 210166)
Ddarnell@callahan-law.com
Stephanie A. Sperber (SBN 230006)
Ssperber@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants NEWPORT TRIAL GROUP,
SCOTT J. FERRELL, RYAN M. FERRELL, VICTORIA
C. KNOWLES, DAVID REID and ANDREW LEE
BASLOW

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP.,<br><br>              Plaintiff,<br><br>       v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>              Defendants. | CASE NO.  8:15-cv-02034-JVS-JCG<br><br>**DISCOVERY MATTER**<br><br>**SUPPLEMENTAL MEMORANDUM TO THE JOINT STIPULATION REGARDING NEWPORT TRIAL GROUP'S MOTION TO COMPEL PLAINTIFF NATURAL IMMUNOGENICS CORP.'S RESPONSES TO REQUESTS FOR ADMISSION, REQUESTS FOR PRODUCTION AND SPECIAL INTERROGATORIES; AND REQUEST FOR SANCTIONS (DOCKET NO. 337)**<br><br>Special Master:    Hon. Rosalyn Chapman<br>Judge:               Hon. James V. Selna<br><br>Complaint Filed:      Dec. 7, 2015<br>Fact Discovery Cut-off:  Aug. 20, 2017<br>Expert Disc. Cut-off:    Aug. 14, 2017<br>Pretrial Conf. Date:    Nov. 20, 2017<br>Trial Date:           Dec. 5, 2017 |

Newport Trial Group hereby submits its Supplemental Memorandum in support of its Motion to Compel regarding Requests for Admission Nos. 7 and 9-11, Requests for Production Nos. 29-62, 65-68, 77, 79, 88 and 99-101, and Special Interrogatory Nos. 1-6.

## A.    NIC's Response To RFA No. 7 Is Incomplete And Evasive.

NIC's response to RFA No. 7 "must specify the part admitted" (FED. R. CIV. PRO. 36(a)(4)), yet NIC's response only indicates the information it denies. Specifically, NIC responded that it "denies that EMORD knew Baker had communicated with Andrew Nilon using an alias until after August 25, 2015." Contrary to NIC's argument, this is neither a "complete answer" nor an appropriate way to "qualify" an admission.  Moreover, NIC then added several sentences of gratuitous information regarding the fact that Emord did not instruct Baker to use an alias and that use of an alias would be proper.  NIC also improperly asserted objections for attorney-client privilege and work product.

NIC's response does not comply with the law.  NIC should be ordered to provide a proper response (including elimination of the gratuitous information and improper objections) or RFA No. 7 should be deemed admitted.

## B.    NIC's Objections To RFA Nos. 9-11 And RFP Nos. 99-101 Are Improper.

Requests for Admission Nos. 9-11 would allow NTG to understand the scope of NIC's malicious prosecution claim.  "Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues." *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1987)).  In support of its relevance objection, NIC demonstrates a deep misunderstanding of the law when it states "NTG should not be permitted to relitigate its underlying false advertising claim." (Joint Stip. at 17:13-15.)  As explained in *Kendall-Jackson Winery, Ltd. v Superior Court*, "a malicious prosecution lawsuit . . . is a relitigation of the prior action."  76 Cal. App. 4th 970, 986 (1999).

CALLAHAN & BLAINE

A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Likewise, NIC frivolously objected that phrases, such as "immune support," "probable cause," "the allegation" and "your contention," are vague and ambiguous. Even if valid, NIC was required to specify the meaning(s) it believed were applicable and respond accordingly. *See, e.g., S.A. Healy Co./Lodigiani USA v. U.S.*, 37 Fed. Cl. 204, 205-06 (1997). NIC's reliance on *Friedman v. Godiva Chocolatier, Inc.*, 2010 U.S. Dist. LEXIS 108862 (S.D. Cal. Oct. 13, 2010), is inapposite because it re-affirms the rule that "a request for admission may request an application of law to fact."

Because NIC refused to provide unqualified admissions to RFA Nos. 9-11, NIC cannot credibly assert that the issue of whether Sovereign Silver provides immune support is "simply irrelevant" to this litigation. (Joint Stip. at 19:23-20:3.) NIC should be compelled to respond to RFA Nos. 9-11 and RFP Nos. 99-101, and remove its improper objections.

## C.   NIC's Responses To RFP Nos. 29-58 Are Deficient.

NTG was forced to bring its motion because NIC refused to clarify what it meant by "the relevant time period," which it used to qualify its responses to RFP Nos. 29-58. NIC now states the "relevant time period" is "through May 2016," but does not provide a start date. (*See* Joint Stip. at 52:20-21.) As a result, NIC's responses remain deficient. Regardless, because NIC admits that Baker was not performing "investigatory work for NIC or its attorneys after May 2016," (*id*. at 53:13-14, 54:3-4), there is no basis for limiting NIC's responses to May 2016. If NIC or Emord communicated with Baker in his role as a non-privileged witness, those communications are discoverable. Accordingly, the May 2016 date is not justified.

Also problematic is that NIC agreed to provide privilege logs or produce documents responsive to RFP Nos. 29-58, but NTG noted that it did not receive any documents or privilege log entries reflecting communications regarding Sam Pfleg (RFP Nos. 30, 38, 45, 53), Matthew Dronkers (RFP Nos. 31, 39, 46, 54), Taylor

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1    Demulder (RFP Nos. 32, 40, 47, 55), Sam Schoonover (RFP Nos. 33, 41, 48, 56),

2    Dan Bobba (RFP Nos. 34, 42, 49, 57), Raquel Torres (RFP Nos. 35, 43, 50, 58) or

3    Nilon v. Chromadex (RFP No. 52).  (Joint Stip. at 52:1-5.)  If no such documents

4    exist, NIC's misleading responses were improper.  *See, e.g., Louen v. Twedt*, 236

5    F.R.D. 502, 504-05 (E.D. Cal. 2006) (holding that party is entitled to response

6    making clear whether no responsive documents exist).  Otherwise, NIC should be

7    able to refute NTG's point by providing examples of responsive documents it

8    produced or responsive privilege log entries.

9        In addition, NIC should be required to remove its improper objections

10    (specifically, relevance, vague and ambiguous, overbroad, and privileged).

11    **D.    NIC's Objections To RFP Nos. 59-62 And 67-68 Are Improper.**

12        NIC incorrectly claims that NTG seeks "**every** communication between NIC

13    and Emord."  (Joint Stip. at 59:17-18 (emphasis in original).)  In fact, RFP Nos. 59-

14    62 and 67-68 do not seek any attorney-client communications, but rather seek

15    communications with potential witnesses (RFP Nos. 59-60), people or entities who

16    have received subpoenaes (RFP Nos. 61-62), and witnesses NIC identified in its

17    Rule 26(a) Disclosures (RFP Nos. 67-68).  NTG has already agreed to limit the

18    RFPs to May 22, 2015 to present.  Accordingly, NIC's argument that the requests

19    have no temporal limitation can be discarded.

20        Likewise, NIC's relevance objection can be discarded.  RFP Nos. 59-60

21    specifically request communications regarding "claims and allegations at issue in

22    this case."  RFP Nos. 61-62 and 67-68 do not require a subject matter limitation

23    because communications unrelated to the action would be relevant to the extent they

24    might show NIC has a pre-existing or separate relationship with the witnesses,

25    which would reflect on potential bias and credibility of the witnesses.

26        Finally, attorney work product is not implicated by RFP Nos. 59, 61 or 67,

27    which asks for NIC's communications with third parties.  For RFP Nos. 60, 62 and

28    68, Emord's work product is not implicated because the request seeks Emord's

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  communications with third parties.  In other words, if Emord's communications
2  with the third parties reflects attorney work product, then Emord has waived any
3  such privilege by disclosing that information to a third party.  *See Hickman v.*
4  *Taylor*, 329 U.S. 495 (1947) (attorney work product protects "mental impressions,
5  conclusions, opinions, or legal theories of attorneys" and is waived by disclosure).

6  **E.    NIC's Objections To RRP Nos. 65-66 Are Improper.**

7         NTG requested NIC's and Emord's communications with Scott Vick since
8  October 2015, which post-dated Vick's last document production from September
9  29, 2015.  NIC identified Vick as a witness in this action *after* the Court issued its
10 Order precluding discovery related to litigation filed by Hanberg.  If NIC will not
11 withdraw Vick as a potential witness, it must produce its communications with him,
12 which apparently include payment of legal bills on behalf of Clark Baker.  Those
13 communications, documents and payments will be relevant to Vick's bias and
14 credibility in the event NIC calls him as a witness at trial.

15 **F.    NIC's Objections To RFP Nos. 77, 79 And 88 Are Improper.**

16        NIC's opposition makes two blatantly false factual statements.  First, NIC
17 inaccurately stated that it produced "over 900 pages of documents related to NIC's
18 shipping policies, procedures, invoices, shipping receipts, Good Manufacturing
19 Practices, and labeling." (Joint Stip. at 76:14-16.)  Second, in an attempt to justify
20 its objection for overbreadth, NIC falsely stated that "manufacturing of the
21 Sovereign Silver product is NIC's **sole business**." (*Id.* at 76:27-28 (emphasis
22 added).)  The Court should consider issuing Rule 11 sanctions for these blatant
23 misrepresentations.

24        First, NIC's website demonstrates that it manufactures at least one other
25 product, Argentyn.  Second, while NIC's April 17, 2017 production included 987
26 pages, only 21 pages related to NIC's procedures for manufacturing Sovereign
27 Silver and most of those pages were stamped "obsolete," thus highlighting why
28 documents responsive to RFP Nos. 77, 79 and 88 are relevant and should be

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 4 -

produced.  (*See* NIC_0002866-2887.)  In addition, NIC cannot refuse to produce documents regarding how it generates invoices when it has produced invoices that it intends to use as proof that Sandoval purchased Sovereign Silver after he became a class representative.

**G.    The Court Should Adopt NTG's Proposal For Interrogatory Nos. 1-6.**

NIC does not refute the reasonableness of NTG's offer for responding to Special Interrogatory Nos. 1-6.  NTG's offer is supported by *E.E.O.C. v. Jewel Food Stores, Inc.*, 231 F.R.D. 343, 346-50 (N.D. Ill. 2005), and properly protects against potential disclosure of attorney work product.  The Court should adopt NTG's proposal for compelling NIC's responses.

**H.    NTG Should Recover Its Attorneys Fees And Costs.**

In addition to the Rule 11 violations (addressed in Section F) and FRCP 36(a) and 37(a)(5) providing an appropriate basis for sanctions, the Court should further award NTG its attorney's fees and costs because NIC's responses and opposition to the motion to compel demonstrate a level of gamesmanship that should not be condoned.  In addition to asserting frivolous objections (*e.g.*, "immune support" and "probable cause" are vague and ambiguous), NIC intentionally misrepresented to this Court that "NTG's contentions relate to 54 of the 495 total requests it propounded on NIC."  (Joint Stip. at 1:27-28.)  However, NIC well knows that NTG's motion (which began with a May 1, 2017 meet-and-confer letter) related to only 93 discovery requests.[1]  (*See* Exh. 1 to the Darnell Decl.)  It appears NIC is including discovery responses it served on May 23, 2017 and early June 2017 even though this motion stemmed from a May 1, 2017 meet-and-confer letter.  NIC's attempt to persuade this Court with misrepresentations of fact is improper.  Sanctions are warranted.

---

[1] Specifically, the motion addresses NTG's RFAs (Set One), which included RFAs 1-11, NTG's RFPs (Sets Two and Three), which included RFPs 26-101, and NTG's Interrogatories (Set One), which included Interrogatories 1-6.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Dated:  June 20, 2017          **CALLAHAN & BLAINE, APLC**


By:   */s/ Stephanie A. Sperber*
     Edward Susolik
     David J. Darnell
     Stephanie A. Sperber
     Attorneys for Defendants NEWPORT TRIAL GROUP, SCOTT J. FERRELL, RYAN M. FERRELL, VICTORIA C. KNOWLES, DAVID REID and ANDREW LEE BASLOW

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM