# EXHIBIT 23



A Professional Corporation

WASHINGTON, D.C. | VIRGINIA | PHOENIX

11808 WOLF RUN LANE
CLIFTON, VA  20124

3210 S. GILBERT ROAD
SUITE 4
CHANDLER, AZ  85286
(602) 388-8899 | FAX (602) 393-4361

September 2, 2016

1050 SEVENTEENTH STREET, N.W.
SUITE 600
WASHINGTON, D.C.  20036
(202) 466-6937 | FAX (202) 466-6938

**VIA UPS DELIVERY:**
David J. Darnell, Esq.
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
P: (714) 241-4444

Peter A. Arhangelsky, Esq.
(602) 388-8899
parhangelsky@emord.com

> **Re:  *Natural-Immunogenics Corp. v. Newport Trial Group, P.C., et al.*, No. 8:15-cv-02034**

Counsel:

We write to meet and confer concerning Defendants NTG, Ryan Ferrell, and Scott Ferrell's deficient Interrogatory Responses and the NTG Defendants' deficient Rule 26(a)(1) disclosures.

On June 7 and June 8, 2016, NIC served its First Sets of Interrogatories on Defendants Newport Trial Group and Scott Ferrell.  On July 7, Defendants NTG and Scott Ferrell served NIC with Objections and Responses to NIC First Sets of Interrogatories.  NIC also served Scott Ferrell with a Second Set of Interrogatories on July 5.  Scott Ferrell served his Responses and Objections to the Second Set of Interrogatories on August 15, 2016.  Each of those three Responses and Objections are deficient for the reasons stated below.

On April 18, 2016, the NTG Defendants served their Rule 26(a)(1) Initial Disclosures. Discovery has revealed that NTG withheld information that must be disclosed under the Federal Rules.  NTG has not supplemented those deficient disclosures.  NTG's failure to disclose basic information required by Rule 26 caused NIC to issue interrogatories for that information.  NTG has yet to disclose the proper information.  Defendants must promptly supplement their Rule 26(a)(1) disclosures with the requisite information within ten days of service of this letter.  Absent supplemental productions, NIC will seek an order compelling same.  In that event, "the burden is on the non-moving party to justify his or her objections or failure to provide complete responses." *Beckner v. El Cajon Police Dep't*, No. 07CV509-W (BLM), 2008 WL 2033708, at *3 (S.D. Cal. May 9, 2008).

We present our specific concerns below.

NIC v. NTG | Meet and Confer RE: Interrogatory Response Deficiencies
September 2, 2016
Page 2 of 7

## I.  <u>**Newport Trial Group Responses and Objections:**</u>

NTG categorically refused to respond to Interrogatories 1-4.  None of NTG's stated objections are valid, nor do they establish a reasonable basis for a complete refusal to respond, as NIC discusses hereinbelow.

### A. **NTG's Boilerplate Objections Are Legally Inoperable**

NTG has asserted the same boilerplate objections in response to Interrogatories 1-4 and 6-9, to wit:

> Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request is not proportional to the needs of the case.

*See* Responses to Interrogatories 1-4, 6-9.  Those objections are incompetent under Fed. R. Civ. P. 33.  *See Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) ("Any grounds of an objection to an interrogatory must be stated 'with specificity'.") (quoting Fed. R. Civ. P. 33(b)(4)).  Courts routinely reject the validity of objections that do not explain **how** an interrogatory is "overbroad," "unduly burdensome," or otherwise objectionable.  *Id.* (citing *Mitchell v. AMTRAK*, 208 F.R.D. 455, 458 n. 4 (D.D.C. 2002) (objections must explain how an interrogatory is overbroad or unduly burdensome); *see also Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000) (objection that interrogatories were "burdensome" overruled for failure to "particularize" the basis for objection).  NTG clearly copied those two sentences into every response.  The boilerplate objections fail to explain how each specific interrogatory is objectionable.  The objections do not constitute a sufficient basis to withhold any information or refuse to tender a response.  Yet, NTG has totally refused to provide any response to Interrogatories 1, 2, 3, and 4.

NTG has also asserted the following boilerplate objection in response to Interrogatories 1, 2, 3, and 4:

> Defendant further objects on the ground that the request infringes on third-parties constitutional right to privacy.

*See* Responses to Interrogatories 1-4.  That boilerplate objection does not explain **how** the requests "infringe" a constitutional right to privacy.  The objection does not identify the privacy right that is allegedly implicated, or the source of that constitutional protection.  The objection does not identify whether Defendants are invoking the protections of a state constitution or the US Constitution.  Thus the objection lacks the specificity required by Fed. R. Civ. P. 33.  Defendants cannot rely on this objection as a basis to withhold responsive information.

### B. **Objections Regarding the "Permissible Scope of Discovery"**

NTG repeatedly asserts an objection that the request(s) "go[] beyond the permissible scope of discovery established at the Scheduling Conference."  That objection is asserted in response to Interrogatories 1, 2, 3, 4, and 6.  NIC does not dispute that the Court ordered that discovery be

---

NIC v. NTG | Meet and Confer RE: Interrogatory Response Deficiencies
September 2, 2016
Page 3 of 7

limited, at least initially and without leave, to the eight cases identified in the SAC.  NIC issued its Interrogatories before the Court's July 20, 2016 Order.  Thus, to the extent that any Interrogatory can be read to seek information outside of the established scope, NIC agrees that the response should be limited to the scope defined by his Honor in the July 20, 2016 Order.  However, NTG's objection embraces responses germane to the eight cases identified in the SAC, which responses are *relevant and discoverable*.  Thus, this objection cannot form the basis for a refusal to respond *in toto*.  NTG is obligated to provide responses to the extent the interrogatories seek information within the permissible scope, to wit, information related to the cases or plaintiffs identified in the SAC.  NIC must provide responses to the interrogatories with information related to the SAC cases.

### C.  Interrogatories 1 and 2

NIC requested that NTG identify every individual who served as a Tester plaintiff in NTG cases involving Cal. Penal Code 632, et. seq. claims (ROG No. 1) or CLRA, UCL, and FAL claims (ROG No. 2), and, for each individual identified, what payments were made to them and in what form.  NTG refused to respond to the two interrogatories.

NTG claims that the interrogatory seeks disclosure of confidential settlement agreements, terms, and related communications.  That position is baseless.  NTG has waived that objection because it has separately revealed the settlement figures and amounts paid to each plaintiff identified in the SAC.  Furthermore, NTG has agreed to produce the settlement agreements related to each of the eight cases identified in the SAC that settled.  Finally, the precedent clearly establishes that confidentiality and privacy objections are resolved by the issuance of a protective order.  CITATION.  NIC and the Defendants have already stipulated to a protective order in this case.  Thus, there is absolutely no basis for this objection.

As explained above, NTG invoked a boilerplate privilege objection in response to Interrogatories 1 and 2.  That objection, as applied specifically to Interrogatories 1 and 2, is frivolous and evasive.  The term "tester" was first used in this case by Defendants to justify their ostensibly unlawful conduct in litigation, to wit, the manufacturing of legal claims by hired clients.  Defendants have placed tester status at issue.  Defendants have unequivocally admitted that "Newport Trial Group used testers to ferret out and enforce violations of California wiretapping laws."  Dkt. 64 at 7.  NTG has referenced its use of testers in seven (7) separate pleadings in this case.  *See, e.g.,* Dkt. Nos. 64, 65, 90, 120, 138, 139, 161.  Attorney Michael LeBoff stated in a May 31, 2016 email that "[Defendants] have been very upfront about the fact that NTG has used testers in wiretapping cases."  In fact, Mr. LeBoff stated by email that whether certain NTG "plaintiffs" were testers "is information [NIC] can easily obtain through ordinary discovery, such as an interrogatory or request for admissions."  Therefore, NTG has placed the tester status of its plaintiffs in issue, argued that testers were relevant to the case, and advised NIC to obtain that information through the very interrogatories that NTG now refuses to answer.  NTG must promptly identify which of its clients named in the SAC were "testers."

NTG defined testers as "individuals who initiate transactions for the purpose of bringing a lawsuit."  *See* Dkt. 64 at 1.  NIC's allegations in the SAC expressly accuse NTG and its "plaintiffs" of fabricating lawsuits by initiating transactions and phone calls solely to bring lawsuits.  Thus, whether NTG "plaintiffs" were "testers" is *directly relevant* to NIC's claims.  The argument that identifying testers used in the eight cases identified in the SAC would reveal privileged information is directly prohibited by Ninth Circuit precedent.  *Bittaker v. Woodford*,

NIC v. NTG | Meet and Confer RE: Interrogatory Response Deficiencies
September 2, 2016
Page 4 of 7

331 F.3d 715, 719 (9th Cir. 2003) ("parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials."); *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241-43 (N.D. Cal. 2015), *motion for relief from judgment denied*, No. 11-CV-01846-LHK, 2015 WL 3863249 (N.D. Cal. June 19, 2015) ("[o]nce a litigant decides to affirmatively rely on privileged information thereby placing said information into issue ... any privilege that may attach is impliedly waived."); *Shared Med. Res., LLC V. Histologics, LLC*, No. SACV 12-0612 DOC, 2012 WL 5570213, at *2 (C.D. Cal. Nov. 14, 2012) ("a litigant cannot at one and the same time place privileged matters into issue and also assert that what has been placed into issue nonetheless remains privileged and not subject to full discovery and exploration."); *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (a party cannot place into issue an aspect of the attorney-client relationship and simultaneously prohibit access to information that would allow the opposing party to examine that relationship).

Because none of NTG's objections to Interrogatories 1 and 2 properly form the basis for a categorical refusal to respond, NTG must provide responses within ten days of this letter or NIC will necessarily seek Court intervention.

### D.  NTG's Response to Interrogatory 3

NTG has refused to respond to Interrogatory 3.  NIC is confused by NTG's objections to Interrogatory 3, which response indicates a misunderstanding of the question posed.  To clarify, Interrogatory 3 does not seek any client information whatsoever.  That interrogatory seeks a list of the telephone numbers associated with each attorney, employee, or agent of the Newport Trial Group.  That information is required under Rule 26(a)(1).  NTG's Initial Disclosures were deficient, requiring NIC to seek that information by interrogatory.  Basic contact information related to a Defendant in the present action is not privilege or protected.  NIC's request does not seek telephone numbers of any individual or entity unless that individual or entity is employed by the Newport Trial Group.  Thus, this information is relevant, not confidential, and not privileged.

There is no basis for NTG's refusal to respond.  NTG must provide a valid response to this Interrogatory, or NIC will move to compel same.

### E.  Response to Interrogatory 4

Interrogatory 4 seeks a list of every email address and the account information associated with same, for each NTG attorney, paralegal, administrator, investigator, or any other employee or agent that has been used for NTG business since January 2010.  NTG has categorically refused to produce a single email address.  Interrogatory 4 seeks basic information associated with a Defendant in this action, the Newport Trial Group.  Actions taken by NTG employees are done on behalf of the corporation.  Thus, the email addresses used to perform these tasks are email addresses used by the Defendant.  That information is relevant and easily obtained.  There is no legitimate basis to withhold the information.  Complete refusal to respond is evidence of an evasive response or bad faith intent to increase the costs of discovery and litigation for NIC.  If NTG does not provide a response to Interrogatory 4 within ten days of service of this letter, NIC will seek Court intervention.

NIC v. NTG | Meet and Confer RE: Interrogatory Response Deficiencies
September 2, 2016
Page 5 of 7

## II.    Scott Ferrell Responses and Objections (both sets):

Scott Ferrell's responses to Interrogatories 4, 6, and 7 are deficient and require supplementation within ten days of receipt of this letter or NIC will seek Court intervention.

### A.  Interrogatory 4

Interrogatory 4 sought identification of every communication between Scott Ferrell and any attorney, agent, employee, or principal at Kirtland & Packard LLP related to or concerning Taylor Demulder.  In response, Scott Ferrell vaguely identified "one [verbal] conversation with Michael Kelly at Kirtland and Packard referring the Demulder case to Mr. Kelly's firm."  The response further stated that "[t]o the extent email or written communications are responsive to this request, such communications will be identified in a privilege log when Defendants responds to the concurrently-served Request for Production of Documents."  Yet, the deficient privilege log produced by the NTG Defendants identifies no such communications.  Thus, if such communications exist, Scott Ferrell must supplement his responses or privilege log within ten days of this letter.

### B.  Interrogatories 6 and 7

Interrogatory 6 and 7 asked Scott Ferrell to identify "Richard Richardson" and provide details of Mr. Richardson's alleged purchase and call to Nutrisystem, Inc. as described in the Declaration of Richard Richardson filed by Scott Ferrell in the case of *Torres v. Nutrisystem Inc*., No. 8:12-cv-1854-CJC-JPR (C.D. Cal.).  In response to both interrogatories, Scott Ferrell stated that he "does not know or have the information requested by this interrogatory."  That position is untenable.  Scott Ferrell filed the Declaration of Richard Richardson.  Scott Ferrell described Richard Richardson as a "potential client" and the individual on whose behalf Andrew Baslow investigated Nutrisystem, Inc. prior to Raquel Torres' call.  Scott Ferrell explained that Richard Richardson's existence defeated Nutrisystem's argument that the litigation was "attorney driven" and that the lawsuit was a setup.  Those allegations are substantially similar to NIC's allegations in the present action.  NIC is entitled to contact Mr. Richardson and, if NIC chooses, depose him to determine the validity of Scott Ferrell's contentions with respect to the investigation of Nutrisystem.  If Scott Ferrell truly contends that he obtained a declaration from Mr. Richardson and sought to represent him in a class action, but has absolutely no knowledge of Mr. Richardson' contact information, experience with Nutrisystem, or the circumstances that ostensibly underpinned Mr. Richardson's purported claims, then NIC requires confirmation of those deficiencies.  Otherwise, Scott Ferrell must supplement his responses to Interrogatories 6 and 7 within ten days of receipt of this letter.

## III.    NTG Defendants' Rule 26 Disclosures

The NTG Defendants' Rule 26 Initial Disclosures are seriously deficient and NIC requires their supplementation within ten days of NTG's receipt of this letter.

NIC v. NTG | Meet and Confer RE: Interrogatory Response Deficiencies
September 2, 2016
Page 6 of 7

First, NTG's "Witness" section of the Rule 26 Initial Disclosure is per se deficient.  Under Rule 26(a)(1)(A)(i), the propounding party *must* disclose, if known, the (1) name, (2) address and (3) telephone number of each individual likely to have discoverable information.  NTG has listed, among others, Scott Ferrell, Ryan Ferrell, Victoria Knowles, David Reid, Andrew Baslow, Andrew Nilon, and Giovanni Sandoval.  NTG knows the telephone numbers and addresses of those individuals.  Instead of providing the requisite information, NTG has instead stated that those individuals may "be contacted through [their] attorneys of record in this matter."  Rule 26(a)(1)(A)(i) does not provide an exception for Defendants or represented parties.  NTG must provide the addresses and telephone numbers.  NIC does not intend to contact represented parties, but NIC is entitled to have the required information to assist in its investigation of any individual that Defendants may use to support their claims.  The law is clear that any individual for whom the required information is not provided may not provide testimony at trial or by declaration at summary judgment in support of Defendants' defenses.  NIC requires the immediate provision of this information or it will move the Court to compel that information along with sanctions under Rule 37.

Second, NTG has not disclosed individuals and categories of documents that must be disclosed under Rule 26(a)(1)(A).  NTG has asserted defenses in this action that would require testimony from individuals, or documents related to individuals, that were not disclosed in NTG's Initial Disclosures.  The following individuals, or documents related to same, have not been disclosed:

1. Brooks Barding – Mr. Barding apparently has information related to Andrew Nilon's call to ChromaDex, Inc.; on February 26, 2013.  NTG is accused of filing a fraudulent action and extorting a settlement from ChromaDex, Inc. predicated on a staged or non-existent call by Andrew Nilon, NTG's client.  If NTG intends to defend its conduct by calling Brooks Barding to assert that Nilon did, in-fact, call ChromaDex, he and his contact information would need to be disclosed.

2. Richard Richardson – Mr. Richardson submitted a declaration to support NTG's defense against similar allegations in the Nutrisystem matter.  If NTG intends to assert a similar defense in this case, it must disclose Richard Richardson and his contact information or be precluded from calling him as a witness in defense.

3. Trycia Carlberg – NTG is accused of attempted extortion related to the December 2011 demand letter that NTG sent to NIC.  Mr. Ferrell has now asserted (for the first time) that the demand letter was sent on behalf of another "client," Trycia Carlberg.  If NTG intends to assert that defense at trial, NTG must disclose the existence of documents related to Ms. Carlberg's purported representation.

4. Carla Wise – Carla Wise has personal knowledge of certain communications between NTG and its "plaintiffs."  She is the sender of various emails disclosed in NTG's privilege log.  If NTG may call Ms. Wise in its defense, even to sponsor a document, NTG must disclose her contact information to NIC.

5. Sariah Para – Sariah has personal knowledge of certain communications between NTG and its "plaintiffs."  She is the sender of various emails disclosed in NTG's privilege log.  If NTG may call Ms. Para in its defense, even to sponsor a document, NTG must disclose her contact information to NIC.

NIC v. NTG | Meet and Confer RE: Interrogatory Response Deficiencies
September 2, 2016
Page 7 of 7

6. Cynthia Sandoval – NTG has argued that it contacted Cynthia Sandoval, not Giovanni Sandoval, in October of 2013.  If NTG intends to call Ms. Sandoval as a witness to support that defense, she must be disclosed under Rule 26.

Because NTG's Answer makes clear that it intends to assert defenses involving at least some of the individuals identified above, its refusal to disclose those individuals in the Rule 26 Initial Disclosure or provide a supplemental disclosure is unacceptable.  NIC cannot know if NTG has withheld information related to more individuals than those listed above, but the failure to disclose any more individuals will result in motions by NIC to preclude those individuals from testifying in NTG's defense.

NIC serves this deficiency letter pursuant to Local Rule 37-1.  Defendants have ten days from service of this letter to supplement their deficient responses and objections or provide their discovery positions sufficient for NIC to draft a joint stipulation under Local Rule 37.

Please let us know when you are able to discuss the issues above.

Sincerely,

 /s/ *Peter A. Arhangelsky*
Peter A. Arhangelsky
Joshua Furman
Eric Awerbuch
*Counsel to Plaintiff Natural-Immunogenics Corp.*

CC:  Gillian L. Wade