# EXHIBIT 63



**NEWPORT**
TRIAL GROUP
*A Professional Corporation*

895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

January 2, 2012

**BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Nature's Way Products, Inc.
825 Challenger Drive
Green Bay, Wisconsin 54311

Attn:  Chief Executive Officer

Re:    *Violations of California Consumer Protection Laws and Breach of Warranty*

Dear Madame or Sir:

I am writing on behalf of an individual Californian, as well as a class of similarly situated persons, to advise you that we believe you are violating the California Consumer Legal Remedies Act.

You market and sell a product known as "Arnica Montana." You market it as a remedy for "bumps, bruises, sports injuries, over-exercising" and "[f]or the temporary relief of minor muscle or joint aches and pain; strains, sprains, bruises, backache or over-exertion".

In reality, Arnica Montana has no medical effect in the dilution that you offer. Further, Arnica Montana is poisonous and would be dangerous to your consumers if it were present in an appreciable level.

We believe that your marketing, advertising, and distribution of Arnica Montana violates the California Consumer Legal Remedies Act by falsely representing that the product has characteristics, uses and benefits which it does not have. We further believe that the aforementioned representations regarding the purported

LITIGATION

NATURE'SWAY_000238

January 2, 2012
Page 2

benefits, qualities and characteristics of Arnica Montana constitutes: (1) breach of express warranty; (2) breach of implied warranty of fitness for a particular purpose; (3) negligent misrepresentation; (4) violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.);* and (5) violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

We respectfully request that you agree to irrevocably stop all false and misleading advertising and labeling of Arnica Montana and provide all consumers who have purchased the product with a full refund.

Given that our primary goal is to enjoin the false advertising claims, we will agree to take no further action in this matter if you will agree to conform your conduct to the requirements and prohibitions of the California Consumer Legal Remedies Act.

Very truly yours,

NEWPORT TRIAL GROUP
A Professional Corporation

Ryan M. Ferrell

LITIGATION

NATURE'SWAY_000239



SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
(213) 896 6000
(213) 896 6600 FAX

alally@sidley.com
(213) 896 6642

| | |
|---|---|
| BEIJING | NEW YORK |
| BRUSSELS | PALO ALTO |
| CHICAGO | SAN FRANCISCO |
| DALLAS | SHANGHAI |
| FRANKFURT | SINGAPORE |
| GENEVA | SYDNEY |
| HONG KONG | TOKYO |
| LONDON | WASHINGTON, D.C. |
| LOS ANGELES | |

FOUNDED 1866

February 1, 2012

**BY FAX AND U.S. MAIL**

Ryan M. Ferrell
Newport Trial Group
895 Dove Street, Suite 425
Newport Beach, CA 92660

Dear Mr. Ferrell:

This letter is written in response to yours of January 2, 2012 to Nature's Way Products, Inc. (the "Company") regarding "Arnica Montana".

Your letter alleges that the Company's marketing of Arnica Montana for "bumps, bruises, sports injuries, over-exercising" and "[f]or the temporary relief of minor muscle or joint aches and pain, strains, sprains, bruises, backache or over-exertion" is proscribed by Civil Code § 1770 *et seq.* and other laws. Your letter also claims that the Company has falsely represented the characteristics of Arnica Montana because "[i]n reality" the Company's Arnica Montana products are a "dilution" that has "no medical effect" and Arnica Monica is "poisonous" and "dangerous … if present in an appreciable level." As set forth herein, your client cannot maintain an action under Civil Code § 1781 or any other cause of action because the Company has accurately represented the characteristics, uses and benefits of its products and your client's claims are not typical and are fact specific.

**Arnica Montana is a remedy for "bumps, bruises, sports injuries, over-exercising" and "[f]or the temporary relief of minor muscle or joint aches and pain; strains, sprains, bruises, backache or over-exertion".**

None of the laws upon which your letter is based require scientific evidence or prescribe any specific scientific testing regime for representations like those at issue. Nonetheless, we note that Arnica Montana has been used for years to manage various minor injuries including those noted above, and numerous scientific articles have documented the benefits of Arnica Montana including: C.A. Newall, et al. Herbal Medicines: A Guide for Health Care Professionals (London: The Pharmaceutical Press, 1996) 34-35; I.H. Hall, et al. "Anti-inflammatory Agents;

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships

NATURE'SWAY_000234



Ryan M. Ferrell
February 1, 2012
Page 2

IV. Structure Activity Relationships of Sesquiterpene Lactone Esters Derived from Helenalin," Planta Med 53(2) (Apr 1987): 153-156; I.H. Hall, et al., "Mode of Action of Sesquiterpene Lactones as Anti-inflammatory Agents," J. Pharma Sci 69(5) (May 1980): 537-543; H.Schroder, et al., "Helenalin and 11 Alpha, 13-dihydrohelenalin, Two Constituents From Arnica montana L., Inhibit Human Platelet Function Via Thiol-dependent Pathways," Thromb Res 57(6) (Mar 1980):839-845; and G. Lyss, et al., "Helenalin, An Anti-inflammatory Sesquiterpene Lactone From Arnica. Selectively Inhibits Transcription Factor NF-KappaB," Biol Chem 378(9) (Sept 1997):951-961.

The Company's representations regarding the benefits of Arnica Montana are an accurate reflection of the findings of those authors and others.

Arnica Montana is an official homeopathic drug that has been monographed and included in the Homeopathic Pharmacopeia of the United States (HPUS). To be eligible for inclusion in the HPUS there must be scientific, clinical and/or medical evidence supporting the "therapeutic use" of the drug. The Homeopathic Pharmacopoeia Convention of the United States (HPCUS) must also determine that the drug is "safe and effective." The Company is not obligated to reinvent the wheel. The Company reasonably relied upon the findings of the HPCUS that there is scientific evidence of therapeutic use for Arnica Montana and that Arnica Montana is safe and effective when used at the dilutions noted in the monograph.

**Arnica Montana is truthfully marketed as a homeopathic medicine.**

Your letter states that Arnica Montana is present in the Company's products as a "dilution" and that Arnica Montana would be "dangerous to consumers" if present at an appreciable level. The Company concurs in your statement that this is the "reality" but disputes any implication in your letter that the Company has falsely represented that reality.

Each of the Company's Arnica Montana products is labeled a "homeopathic" medicine. The dictionary definition of homeopathy is "the method of treating disease by drugs, given in minute doses, that would produce in a healthy person symptoms similar to those of the disease." Thus, a homeopathic medicine is, by definition, a dilution of a substance that would be harmful to humans in larger undiluted doses. The Company's clear and reasonable labeling of its product as a "homeopathic" is an accurate statement of the reality that the Arnica Montana contained in its products is a dilution and that Anica Montana would be harmful to consumers if present in an appreciable amount.

Your client's allegation that the Company's Arnica Montana products have "no medical effect" because the Arnica Montana is diluted in the products and Arnica Montana would, in undiluted form, be dangerous to consumers challenges the fundamental tenants of homeopathy.



Ryan M. Ferrell
February 1, 2012
Page 3

As set forth in the Introduction to the HPUS, "Homeopathy is the art and the science of healing the sick by using substances capable of causing the same symptoms, syndromes and conditions when administered to healthy people." Every homeopathic drug is a dilution of a substance that would be harmful to humans in undiluted form. To claim that those factors mean a product has no medical benefit is to claim that homeopathy has no medical benefit. There is a mountain of evidence to the contrary.

**Your client's claims are not amenable to a class action.**

There are a number of fact specific inquires that may render your client's claims unsuitable for class action. Did your client actually purchase a product? Did he or she purchase the product before your letter was sent? Did he or she purchase the product for personal use, or to attempt to generate standing for a suit similar to the one brought against Boiron, Inc.? Did he or she actually use the product, and, if so, when? What were his or her symptoms before taking the product and to what degree? What were his or her symptoms after taking the product and to what degree? The answer to each of these questions is fact specific and individualized.

I trust this resolves the issues in your letter. Please do not hesitate to contact me if you have any questions.

Very truly yours,

Amy P. Lally

APL:lr

NATURE'SWAY_000236





895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone(949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

March 15, 2012

**BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Nature's Way Products, Inc.
1375 Mountain Springs Parkway South
Springville, UT 84663

  Re: *Violations of California Consumer Protection Laws*

Dear Sir or Madam:

  I am writing on behalf of an individual California consumer, as well as a class of similarly situated persons, to advise you that we believe your conduct in connection with the marketing, sale and advertisement of "Boericke & Tafel Arnica Montana 30C" and similar products violates the California Consumer Legal Remedies Act ("CLRA").

  You market and sell Arnica Montana 30C as an internal analgesic that "relieves pain from bumps, bruises, sports injuries, [and] over-exercising." You also claim the indications for use of this product include "pain, stiffness or swelling may be associated with acute injuries or trauma."

  The preceding claims are false and misleading, and are not supported by competent and reliable scientific evidence. There is no reliable evidence that can support those claims made about Arnica Montana 30C, a homeopathic "treatment." In reality, your products have no ability to treat any of the symptoms you claim. Arnica Montana is simply a homeopathic "treatment" which contains a mere micro-dosage of the arnica montana ingredient. Diluted to a dosage of 30C HPUS, the product contains no active ingredients and is of no medicinal value whatsoever.

  In sum, the manner and presentation of your marketing leaves consumers with a misleading overall net impression regarding the efficacy of Arnica Montana 30C. Your misleading marketing and advertising of this, and similar products, caused our client to purchase this product but she did not experience any of the promised benefits. In fact, the product was completely useless to her.

  As such, we believe that you are advertising Arnica Montana 30C as having characteristics, uses and benefits which it does not have in violation of the Consumer Legal Remedies Act. We further believe that the aforementioned representations regarding the purported benefits, qualities and characteristics of this product constitute: (1) a violation of

NATURE'SWAY_000232

March 15, 2012
Page 2

California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*); and (2) a violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

We respectfully request that you agree to irrevocably stop all false and misleading advertising and labeling of these and similar products marketed and that you provide all consumers who have purchased the product with a full refund. If you conform your activities to comply with California law, we will take no further action in this matter. We invite you to contact us to further discuss and resolve this matter.

Very truly yours,

NEWPORT TRIAL GROUP

Scott J. Ferrell

SJF:

NATURE'SWAY_000233

**Ruiz, Lillian**

| | |
|---|---|
| From: | Chad Wiegand [CWiegand@ENZY.com] |
| Sent: | Monday, March 19, 2012 9:11 PM |
| To: | Lally, Amy P. |
| Subject: | RE: Letter from Newport Trial Group - re: B&T Arnica Montana |

Thanks Amy.

-----Original Message-----
From: Lally, Amy P. [mailto:alally@sidley.com]
Sent: Monday, March 19, 2012 11:08 PM
To: Chad Wiegand
Subject: RE: Letter from Newport Trial Group - re: B&T Arnica Montana

Chad,

I spoke too soon. I saw tonight that the lawsuit on the first notice letter was filed on Friday. I suspect it will be served on Nature's Way's registered agent in Utah. The second notice letter may be an oversight or may be designed to expand the lawsuit. I should have a copy of the complaint tomorrow and will send it to you when I receive it. I'm running a conflicts check on the named plaintiff but don't expect any conflicts. We can add this to our agenda for Friday's call. There is anything that has to be done this week.

APL

-----Original Message-----
From: Chad Wiegand [mailto:CWiegand@ENZY.com]
Sent: Monday, March 19, 2012 4:12 PM
To: Lally, Amy P.
Subject: RE: Letter from Newport Trial Group - re: B&T Arnica Montana

Bizarre. Would you be so kind to draft/send the letter you mention below ...to a member of the Ferrell family, whomever the rightful recipient may be.

C

-----Original Message-----
From: Lally, Amy P. [mailto:alally@sidley.com]
Sent: Monday, March 19, 2012 6:09 PM
To: Chad Wiegand
Subject: RE: Letter from Newport Trial Group - re: B&T Arnica Montana

This is going to sound very incestuous.

This letter is from Scott Ferrell. The prior letter was from his brother Ryan Ferrell. Ryan's letter was about "Arnica Montana"
generally. Scott's is about a specific arnica montana product.

1

NATURE'SWAY_000228

I'm not sure it behooves us to point that out. Newport Trial Group is a CLRA "shop". They have a matrix for determining what products to issue notice letters on and what products to pursue in litigation. However that matrix works, our last letter (to Ryan) was sufficient to take the product off the litigation track. I suggest sending an identical letter to Scott. It should accomplish the same result.

I don't see the second letter as intending to "up the ante" from the first letter. The first letter isn't even mentioned. I don't think Newport Trial group even realizes the duplication.

APL

Amy P. Lally
Sidley Austin LLP
555 W. 5th Street, Suite 4000
Los Angeles, California 90013
Tel: 213-896-6642
Fax: 213-896-6600

-----Original Message-----
From: Chad Wiegand [mailto:CWiegand@ENZY.com]
Sent: Monday, March 19, 2012 3:48 PM
To: Lally, Amy P.
Subject: FW: Letter from Newport Trial Group - re: B&T Arnica Montana

Odd? I am not in the office (in SLC for 4 days), but this seems to be a duplicate of what he sent before (from memory).

-----Original Message-----
From: Melanie Yetter
Sent: Monday, March 19, 2012 12:47 PM
To: Chad Wiegand; Mike Devereux
Cc: Travis Borchardt; Stewart Brennan; Scott Woodruff
Subject: Letter from Newport Trial Group - re: B&T Arnica Montana

I received the attached letter by certified mail today at the Utah Center.

Melanie Yetter

Schwabe North America, Inc. - This electronic mail transmission, along with any attachments, is confidential. If you are not the intended recipient, please immediately advise the sender by reply transmission and delete this e-mail from your system without copying or disclosing it. Thank you for your cooperation.

--------------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if

2

NATURE'SWAY_000229

## Lally, Amy P.

| | |
|---|---|
| **From:** | Scott Ferrell [sferrell@trialnewport.com] |
| **Sent:** | Monday, June 25, 2012 5:20 PM |
| **To:** | Lally, Amy P. |
| **Subject:** | RE: Boericke & Tafel CLRA Letter |

Thanks, Amy.

We will send it directly to the company and send a courtesy copy to you by e-mail.

# Scott J. Ferrell, Esq.

## NEWPORT TRIAL GROUP
E: sferrell@trialnewport.com
W  www.trialnewport.com
T:  949.706.6464

**From:** Lally, Amy P. [alally@sidley.com]
**Sent:** Monday, June 25, 2012 1:03 PM
**To:** Scott Ferrell
**Subject:** RE: Boericke & Tafel CLRA Letter

Scott,

Thank you for reaching out. You may send the letter directly to the Company. After the Company has an opportunity to review it we should set aside some time for discussions.

Regarding the pending case, I will be responding to your settlement offrer in the next day or two. Several key people have been on (partially but not completely overlapping) vacation which has caused some delay. While I do not have all of the details, I believe the parties are in the same ballpark.

I will reach out to you again soon with my client's response to your settlement offer.

Amy

Amy P. Lally
Sidley Austin LLP
555 W. 5th Street, Suite 4000
Los Angeles, California 90013
Tel: 213-896-6642
Fax: 213-896-6600

APL

**From:** Scott Ferrell [mailto:sferrell@trialnewport.com]
**Sent:** Monday, June 25, 2012 8:23 AM
**To:** Lally, Amy P.
**Subject:** Boericke & Tafel CLRA Letter

Amy,

1

We are going to be sending a CLRA letter to Boericke and Tafel later this week on behalf of a new client involving several products; however, I am mindful of California Rule of Professional Conduct 2-100, which limits communication with a party represented by counsel (and arguably applies here).

Do I have your permission to send the letter directly to your client? In the alternative, will your client authorize you to accept service of the letter?

Thank you.

## Scott J. Ferrell, Esq.

**NEWPORT TRIAL GROUP**
E:  sferrell@trialnewport.com
W   www.trialnewport.com
T:   949.706.6464

-------------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
*********************************************************************************************
**********

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.
*********************************************************************************************
**********

NATURE'SWAY_000111



**NEWPORT**
TRIAL GROUP
*A Professional Corporation*

895 Dove Street, Suite 425
Newport Beach, CA 92660
Phone (949) 706-6464
Fax (949) 706-6469
www.trialnewport.com

June 25th, 2012

**By E-mail and Certified Mail Return Receipt**

Nature's Way Products, Inc.
1375 Mountain Springs Parkway South
Springville, UT 84663
C/O: Amy Lally, Esq.

Re:    *Violations of California Consumer Protection Laws*

Dear Ms. Lally:

I am writing on behalf of two individual California consumers, as well as a class of similarly situated persons, to advise you that we believe your client's conduct in connection with the marketing, sale and advertisement of the below products violates the California Consumer Legal Remedies Act ("CLRA"):

*First*, your client markets and sells "Florasone Cardiospermum" as "a safe and natural alternative to cortisone and suggested to relieve itching, eczema, inflammation, dry skin, rashes and allergies."

*Second*, your client markets and sells "Psoriaflora Dry Skin Relief" as a product that "temporarily relieves symptoms of psoriasis such as: dry skin, rashes, itching, scaling, flaking, redness, or irritation of the skin.

*Third*, your client markets and sells "Califlora Calendula" as a product that "provides cool soothing relief and healing for sunburn, windburn and irritated skin."

*Fourth*, your client markets and sells "Oral Ivy" as a product that "temporarily relieves itching, red or burning skin rashes, blisters with oozing or crusting, and skin irritation or swelling."

*Fifth and finally*, your product markets and sells "SssstingStop" as a product that "provides natural relief for the itch, pain and redness of the non-poisonous insect bites and stings."

The preceding claims are false and misleading, are disputed by the weight and authority of the scientific community, and are not supported by competent and reliable scientific evidence; in reality, these products have no ability to treat any of the symptoms claimed. They are simply

NATURE'SWAY_000108

Amy Lally
Nature's Way Products, Inc.
June 25, 2012
Page 2

homeopathic remedies that contain micro-dosages of harmful ingredients and are of no medicinal value whatsoever.

In sum, the manner and presentation of your client's advertising and labeling caused our clients to purchase these products but they did not experience any of the promised benefits. In fact, the products were of no value to our clients.

We believe that you are advertising these products as having characteristics, uses and benefits which they lack, in violation of the Consumer Legal Remedies Act. We further believe that the aforementioned claims regarding the purported benefits, qualities and characteristics of these products constitute: (1) a violation of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*); and (2) a violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).

We respectfully request that you agree to irrevocably stop all false and misleading advertising and labeling of these products (or, in the alternative, provide meaningful labeling disclaimers) and provide all consumers who have purchased the products with complete refunds.

Very truly yours,

NEWPORT TRIAL GROUP

Scott J. Ferrell

SJF:jdf

NATURE'SWAY_000109

**Ruiz, Lillian**

| | |
|---|---|
| **From:** | Scott Ferrell [sferrell@trialnewport.com] |
| **Sent:** | Thursday, June 28, 2012 3:10 PM |
| **To:** | Lally, Amy P. |
| **Cc:** | Ruiz, Lillian |
| **Subject:** | Nature's Way Settlement Discussions |

Amy,

I have spoken to my clients and have been authorized to provide the following demand:

1. Dismissal of the pending Pfleg case on an individual basis (with prejudice to all claims by Ms. Pfleg and without prejudice to all putative class claims) pursuant to Rule 41;

2. Agreement to the disclaimer language referenced in your e-mail of June 28;

3. Settlement of all claims on behalf of all individuals identified in the June 25 CLRA Letter;

4. Execution of a declaration by plaintiff's counsel that we have not been retained by any other clients and have no intention of pursuing any other litigation against Nature's Way;

5. Execution of a mutually-agreeable settlement agreement drafted by defense counsel; and

6. Total monetary payment of $62,500 via wire transfer no later than Monday, July 9.

# Scott J. Ferrell, Esq.

**NEWPORT TRIAL GROUP**
E:  sferrell@trialnewport.com
W  www.trialnewport.com
T:  949.706.6464

NATURE'SWAY_000104

## Ruiz, Lillian

| | |
|---|---|
| **From:** | Scott Ferrell [sferrell@trialnewport.com] |
| **Sent:** | Monday, July 09, 2012 3:39 PM |
| **To:** | Lally, Amy P. |
| **Subject:** | Re: Pfleg v. Nature's Way |

Amy:

That is bizarre -- this letter must have been sent in error. Please consider it withdrawn.

Our agreement encompasses all claims and we do now have any other clients. I am boarding a flight right now but will investigate and report back in more detail when I land.

Scott

----- Original Message -----
From: Lally, Amy P. <alally@sidley.com>
To: Scott Ferrell
Sent: Mon Jul 09 15:35:13 2012
Subject: Pfleg v. Nature's Way

Scott,

Today my client received the attached CLRA notice letter from your office. It appears to be the same as the letter sent on June 25 (and referenced in the Settlement Agreement) but it is dated July 5. If the letter was sent in error, I ask that it be withdrawn via a second letter. If the letter was not sent in error then please call me to discuss. This letter reminds me that it was written on behalf of two individuals. The settlement agreement isn't crystal clear on this point. Were the claims of both individuals assigned to Mr. Pfleg? Is there a side letter that addresses that?

The client is prepared to wire funds promptly assuming I am correct that the July 5 letter was in error and that Mr. Pfleg owns all of the claims set forth in the June 25 letter.

APL

-----------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be

1

NATURE'SWAY_000025

## Ruiz, Lillian

| | |
|---|---|
| From: | Lally, Amy P. |
| Sent: | Monday, July 09, 2012 4:52 PM |
| To: | 'sferrell@trialnewport.com' |
| Subject: | Re: Pfleg v. Nature's Way |

Scott,

Thank you for checking. I think the client is comfortable with this explanation. The wire will be sent tomorrow as will the signature pages.

Amy

----- Original Message -----
From: Scott Ferrell [mailto:sferrell@trialnewport.com]
Sent: Monday, July 09, 2012 05:57 PM
To: Lally, Amy P.
Subject: Re: Pfleg v. Nature's Way

Amy:

I have confirmed that this letter was sent in error -- apparently, one copy of the letter that was sent on June 25th was returned to my office as "undeliverable", and so the july 5th letter was sent out on auto-pilot. Per my previous e-mail, please consider it withdrawn.

Also, my trial settled this morning during jury selection. I will therefore be available if you need to chat further.

Scott

----- Original Message -----
From: Lally, Amy P. <alally@sidley.com>
To: Scott Ferrell
Sent: Mon Jul 09 15:35:13 2012
Subject: Pfleg v. Nature's Way

Scott,

Today my client received the attached CLRA notice letter from your office. It appears to be the same as the letter sent on June 25 (and referenced in the Settlement Agreement) but it is dated July 5. If the letter was sent in error, I ask that it be withdrawn via a second letter. If the letter was not sent in error then please call me to discuss. This letter reminds me that it was written on behalf of two individuals. The settlement agreement isn't crystal clear on this point. Were the claims of both individuals assigned to Mr. Pfleg? Is there a side letter that addresses that?

1

The client is prepared to wire funds promptly assuming I am correct that the July 5 letter was in error and that Mr. Pfleg owns all of the claims set forth in the June 25 letter.

APL

-------------------------------------------------------------------------------------------

IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
********************************************************************************************
***********

This e-mail is sent by a law firm and may contain information that is privileged or confidential. If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

********************************************************************************************
***********

2

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "Agreement") is entered into effective this 3rd day of July, 2012 by and between Sam Pfleg ("Pfleg" or "Plaintiff") and Nature's Way Products LLC f/k/a Nature's Way Products, Inc. ("Nature's Way" or "Defendant") with respect to the action *Pfleg v. Nature's Way Products, Inc., et al.* filed in the California Superior Court for the County of San Diego, Case No. 37-2012-00051979-CU-MT-NC on March 16, 2012 and removed to the United States District Court for the Southern District of California ("the Court"), Case No. 12CV1018 LAB BLM on April 25, 2012, as well as the additional claims addressed in a demand letter sent by Newport Trial Group on June 25, 2012 (collectively, the "Action"). (Plaintiff and Defendant are collectively referred to hereinafter as the "Parties.")

## Recitals

A.      This Action alleges claims against Nature's Way for violations of the Consumers Legal Remedies Act and the California Business and Professions Code in connection with Nature's Way's line of homeopathic products (the "Products"); and

B.      Nature's Way disputes the claims and maintains that the Products at all times were and are in compliance with all applicable laws, statutes, and regulations, and also with all policies adopted by applicable regulatory agencies; and

C.      The Parties wish to avoid further expense and risk of litigation, to resolve all disputes that have arisen between them, and to settle any and all claims that do or may exist in the past, present or future; and

D.      The Parties believe this settlement is a fair, adequate and reasonable settlement of the Action, taking into account all relevant factors, present and potential; and

E.      In entering into this Agreement, no party is relying upon any statement, representation or promise of any other party or any officer, director, agent, partner, employee, consultant, representative or attorney of or for any party in executing this Agreement or in making this Agreement, except as expressly stated in this Agreement.

NOW, THEREFORE, for and in consideration of the promises, covenants, and undertakings described below, and for other good and sufficient consideration, the Parties agree as follows:

## Terms of Agreement

I.      Recitals

The aforementioned Recitals are incorporated into this Agreement as if set forth fully herein.

LA Doc # 305224



**ORIGINAL**

7/3/12

NATURE'SWAY_000001

2.    Obligations of Nature's Way

In consideration for the fulfillment of the covenants and promises set forth herein, including but not limited to the release provision contained in Sections 5 and 8 below, Nature's Way agrees:

(a)    Within ten (10) days of the effective date of this Agreement, Nature's Way will wire a total of $62,500.00 to counsel for Pfleg. The parties agree that settlement funds will be wired as follows:

[Will Be Provided Under Separate Cover]

(b)    Nature's Way further agrees to make meaningful, substantial, and material changes to its advertising and Product labeling so that consumers are not misled regarding its claims about the Products' characteristics and abilities. To that end, the following express disclaimer will be added within thirty (30) days to Nature's Way's website wherever the Products at issue appear – "The claims on these products have not been reviewed by the FDA and are based on traditional homeopathic use." The same disclaimer shall likewise be added to the labels of the Products at issue on the next label run.

3.    Dismissal of Action

Within seven (7) days of the transfer of funds pursuant to Section 2.a. above, the Parties shall file a joint stipulation of voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

4.    No Admissions

The Parties hereto understand and agree that the releases granted herein are absolute and are made to assure the full and complete release and discharge of any liability any party may have to any other party, and to prevent the imputation of any liability for any reason whatsoever, and that this Agreement does not state, constitute or imply any admission of liability of any sort; it being further understood that this Agreement is made as a compromise to avoid further litigation and for the specific purpose of terminating all controversies and claims for damages of whatever nature, between or among the Parties, including but not limited to those arising out of or in any way related to any of the facts, allegations or claims. Each of the Parties continues to deny any obligation or liability with regard to any claim or demand of any sort whatsoever made against them.

5.    Release of Claims

-2-

NATURE'SWAY_000002

Pfleg, on behalf of himself, as well as on behalf of his agents, spouses, children, beneficiaries, successors, attorneys, heirs and assigns, if any, hereby fully, irrevocably and unconditionally releases, acquits, and discharges Nature's Way, as well as each of its past and present officers, directors, agents, employees, members, shareholders, predecessors, parents, subsidiaries, affiliates, successors, attorneys, heir and assigns, if any, from any and all claims, actions, complaints, causes of action, rights, demands, defenses, liabilities, or latent deficiencies of any kind whatsoever, whether in law or in equity, whether contractual, common law, statutory, federal, state, or otherwise, which Pfleg has or could have, whether now or in the future known, against Nature's Way or other such released parties arising out of the Action and/or the Products.

6.    Covenant Not to Sue

Pfleg further represents, covenants and agrees not to bring any claim, action, suit, or proceeding against Nature's Way or other such released parties other regarding the matters settled and released by this Agreement, including, but not limited to, any claim, action, suit, or proceeding raised or that could have been raised up to the effective date of this Agreement relating to the Products to the extent permitted by California law and the California Rules of Professional Conduct.

7.    Investigation

Each of the Parties has made such investigation of the facts pertaining to this Agreement, as it deems necessary. The Parties hereto understand that if any fact with respect to any matter covered by this Agreement is found hereafter to be other than, or different from, the facts now believed by the parties to be true, each party hereto expressly accepts and assumes the risk of such possible difference in facts and agrees that this Agreement shall become and remain effective notwithstanding such different facts.

8.    Release of Unknown or Unsuspected Claims

For the purpose of implementing a full and complete release and discharge, the Parties hereto expressly acknowledge that the releases provided in this Agreement are intended to include in their effect, without limitation, any and all claims, complaints, charges or suits, including those claims, complaints, charges or suits which they do not know or suspect to exist in their favor at the time of execution hereof, which if known or suspected, could materially affect either party's decision to execute this Agreement. This Agreement contemplates the extinguishment of any such claims, complaints, charges or suits and therefore all rights under Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 of the Civil Code provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."**

-3-

LA Doc # 305224

NATURE'SWAY_000003

The Parties each represent that each has read and understood the provisions of California Civil Code Section 1542. Further, each acknowledges that it is represented by counsel and has been specifically advised by its counsel of the consequences of the above waiver, as well as with respect to this Agreement generally.

9.    Integration Clause

This Agreement contains the entire agreement of the Parties and supersedes any and all prior, written or oral, agreements among them concerning the subject matter of this Agreement. There are no representations, agreements, arrangements or understandings, oral or written, among the Parties, relating to the subject matter of this Agreement that is not fully expressed herein.

10.    Other and Further Documents

The Parties shall take such actions and shall execute, deliver and file or record any such document as may be reasonable or necessary to effectuate the purposes and contents of this Agreement, including but not limited to the documents described in Sections 2 and 3, above.

11.    Consultation With Counsel

The Parties represent and warrant that they have presented their counsel with this Agreement, that their counsel has had the opportunity to review this Agreement and that they are executing this Agreement of their own free will after having received advice from counsel regarding execution of this Agreement.

12.    Choice of Law, Jurisdiction and Venue

This Agreement shall be governed by and construed in accordance with California law. If any party attempts to institute a legal proceeding to enforce or interpret the terms of this Agreement, or otherwise, such proceeding must be instituted and maintained exclusively in the Superior Court of the State of California in and for the County of Orange, and each party hereto expressly consents to the jurisdiction and venue of such court and waives any objections to such jurisdiction and venue in any action arising out of this Agreement.

13.    Severability

If any one or more of the provisions of this Agreement should be ruled wholly or partly invalid or unenforceable by a court or other government body of competent jurisdiction, then; (i) the validity and enforceability of all provisions of this Agreement not ruled to be invalid or unenforceable shall be unaffected; (ii) the effect of the ruling shall be limited to the jurisdiction of the court or other government body making the ruling; (iii) the provision(s) held wholly or partly invalid or unenforceable shall be deemed amended, and the court or other government body is authorized to reform the provision(s), to the minimum extent necessary to render them valid and enforceable in conformity with the Parties' intent as manifested herein; and (iv) if the

-4-

NATURE'SWAY_000004

ruling and/or the controlling principle of law or equity leading to the ruling is subsequently overruled, modified, or amended by legislature, judicial, or administrative action, then the provision(s) in question as originally set forth in this Agreement shall be deemed valid and enforceable to the maximum extent permitted by the new controlling principle of law or equity.

14.     No Waiver

The failure of any party to insist upon compliance with any of the provisions of this Agreement or the waiver thereof, in any instance, shall not be construed as a general waiver or relinquishment by such party of any other provision of this Agreement.

15.     Amendment

This Agreement may not be amended except by an instrument in writing, executed by the Parties, and each of them.

16.     Agreement Obligates, Extends and Inures

The provisions of this Agreement shall be binding upon each of the Parties and each of the Parties' directors, officers, members, shareholders, trustees, partners, successors, agents, assigns, attorneys and employees, if any, and upon those who may assume any or all of the above-described capacities subsequent to the execution and effective date of this Agreement. The provisions of this Agreement shall inure to the benefit of each of the Parties and each of the Parties' directors, officers, members, shareholders, trustees, partners, successors, agents, assigns, attorneys and employees, if any.

17.     No Reliance

Each of the Parties represents and warrants that, except for the representations and warranties specifically set forth in this Agreement, in executing this Agreement, it does not rely, and has not relied, on any representation or statement made by any other party to this Agreement, on any representation or statement made anyone acting on behalf of any party to this Agreement, or any representation or statement made by any other person. Notwithstanding the foregoing, Pfleg, on behalf of himself, his spouses, beneficiaries, heirs, assigns, agents, representatives, and attorneys, specifically represent and warrant that none of them are not aware of any other pending or threatened lawsuits against Nature's Way relating to the Products or any other product manufactured, distributed or sold by Nature's Way, whether in California or elsewhere.

18.     No Assignment or Transfer of Action

Each of the undersigned Parties represents and warrants that it owns the claims released hereby; that no other person or entity has any interest in such claims; that it has not sold, assigned, conveyed or otherwise transferred any such claim, or any other claim or demand against any person released hereby; and, that it has the sole right to settle and release such

-5-

LA Doc # 305224

NATURE'SWAY_000005

claims. The undersigned represent and warrant that to the best of their information and belief, they have no knowledge of any claims held by one against the other that are not released hereby.

19.  Each Party to Bear Its Own Attorneys' Fees and Costs

Except as provided for herein, each of the Parties shall bear its own attorneys' fees and costs in connection with this Agreement and Action.

20.  Multiple Counterparts

This Agreement may be executed in multiple counterparts that shall become effective to the same extent as the original only when every party has signed and delivered a signed counterpart. For purposes of the execution of this Agreement, signature pages transmitted by facsimile or email/.pdf shall be given the same weight and effect as, and treated as, original signatures.

21.  Authority

The undersigned natural persons executing this Agreement warrant and represent that they are duly authorized to do so and to bind the person or entity for which they sign.

-6-

LA Doc # 305224

NATURE'SWAY_000006

22.    Construction

Each party hereto has cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any party on the ground that said party drafted this Agreement. This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of California, in effect as of the date hereof.

23.    Confidentiality

Except to the extent disclosure is necessary to her legal representatives, to obtain tax counsel, or as may be necessary to comply with a subpoena or court order, neither Pfleg nor any of his spouses, beneficiaries, heirs, assigns, agents, representatives, and attorneys, shall be entitled to discuss or voluntarily disclose to any person or legal entity information concerning this suit, the proceedings of this suit, or the resolution thereof.

24.    Declaration of Counsel

Counsel for Plaintiff hereby warrants, to the fullest extent permitted under the California Rules of Professional Conduct, that: (1) Newport Trial Group has not been retained by any individuals to pursue claims against Defendant, except as stated herein; (2) Newport Trial Group is not aware of any other individuals with claims against Defendant; and (3) Newport Trial Group has no intention of initiating any additional litigation against Defendant.

IN WITNESS WHEREOF the parties hereto have executed this Agreement on the dates written below.

**READ CAREFULLY BEFORE SIGNING.**

Dated: July 6, 2012               SAM PFLEG


By: Sam Pfleg

Dated: July __, 2012              NATURE'S WAY PRODUCTS, INC.


For: Nature's Way Products, Inc.
By:     _____
Its:    _____

-7-

LA Doc # 305224

NATURE'SWAY_000007

22.   Construction

Each party hereto has cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any party on the ground that said party drafted this Agreement. This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of California, in effect as of the date hereof.

23.   Confidentiality

Except to the extent disclosure is necessary to her legal representatives, to obtain tax counsel, or as may be necessary to comply with a subpoena or court order, neither Pfleg nor any of his spouses, beneficiaries, heirs, assigns, agents, representatives, and attorneys, shall be entitled to discuss or voluntarily disclose to any person or legal entity information concerning this suit, the proceedings of this suit, or the resolution thereof.

24.   Declaration of Counsel

Counsel for Plaintiff hereby warrants, to the fullest extent permitted under the California Rules of Professional Conduct, that: (1) Newport Trial Group has not been retained by any individuals to pursue claims against Defendant, except as stated herein; (2) Newport Trial Group is not aware of any other individuals with claims against Defendant; and (3) Newport Trial Group has no intention of initiating any additional litigation against Defendant.

IN WITNESS WHEREOF the parties hereto have executed this Agreement on the dates written below.

**READ CAREFULLY BEFORE SIGNING.**

Dated: July ___, 2012                                   SAM PFLEG


                                                        _____
                                                        By:  Sam Pfleg

Dated: July _10_, 2012                                  NATURE'S WAY PRODUCTS, INC.


                                                        _____
                                                        For: Nature's Way Products, Inc.
                                                        By:  _Chad Wiegand_
                                                        Its:  _Senior Vice President + General Counsel_

-7-

LA Doc # 305224

NATURE'SWAY_000008

APPROVED TO AS TO FORM AND CONTENT:

Dated: July 6, 2012

SCOTT FERRELL, ESQ.
NEWPORT TRIAL GROUP

Scott Ferrell, Esq.
Attorney for Sam Pfleg

Dated: July 9, 2012

AMY P. LALLY, ESQ.
SIDLEY AUSTIN, LLP

Amy P. Lally, Esq.
Attorney for Nature's Way Products LLC f/k/a/
Nature's Way Products, Inc.

-8-

LA Doc # 305224

NATURE'SWAY_000009