UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | July 31, 2017 |

| | |
|---|---|
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. |

Present: The Honorable    James V. Selna

| Evelyn Synagogue | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:    (IN CHAMBERS)    ORDER REGARDING MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY**

Plaintiff Natural-Immunogenics Corp. ("NIC") moved for leave to take additional discovery. Mot., Docket No. 367-1. Defendants Newport Trial Group, Scott Ferrell, Ryan Ferrell, Victoria Knowles, David Reid, and Andrew Baslow (the "NTG Defendants") opposed. Opp'n, Docket No. 376. NIC replied. Reply, Docket No. 392.

For the following reasons, the Court grants the motion in part and denies it in part.

BACKGROUND

This case concerns litigation between NIC and the Newport Trial Group, its attorneys, and its clients. In brief, NIC alleges that the Newport Trial Group routinely fabricated class-action litigation to extort money from defendants nationwide. Second Amended Complaint ("SAC"), Docket No. 92, ¶ 2. In addition to the NTG Defendants, NIC has sued the "Non-NTG Defendants," who allegedly served as plaintiffs in these cases.[1] The Court details the relevant procedural background below.

---

[1] The Non-NTG Defendants are Taylor Demulder ("Demulder"), Matthew Dronkers ("Dronkers"), Andrew Nilon ("Nilon"), Sam Pfleg ("Pfleg"), Giovanni Sandoval ("Sandoval") and Sam Schoonover ("Schoonover").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)                    Date    July 31, 2017

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al.

On May 9, 2016, the Court entered its scheduling order. Docket No. 91. At that time, the Court limited discovery to the eight cases specified in SAC. On July 13, 2016, the parties requested clarification of the Court's discovery plan. Docket No. 151. On July 20, 2016, the Court clarified the discovery plan. Docket No. 155. The Court specified that Natural-Immunogenics should apply to the Court for leave to take any discovery beyond the cases specified in its complaint. Id.

On October 25, 2016, the Court denied NIC's motion to take discovery regarding litigation between Kristyne Hanberg ("Hanberg"), a Los Angeles teacher, and DeviantArt, Inc., (the "Hanberg Litigation"). Docket No. 198 at 4. The Court found that NIC did not show that the Hanberg allegations provided a sufficient basis for additional discovery:

> While Hanberg's deposition shows that she may have been a Newport Trial Group plaintiff, any evidence relating to her is unlikely to enhance the existing allegations. The Newport Trial Group did not file her case and the fact that she had been a serial plaintiff for Newport Trial Group does not establish a pattern of racketeering activity.

Id. As a result, given "the risk of sprawling discovery, and the unlikehood of any benefit," the Court found discovery into the Hanberg litigation unwarranted. Id.

Yet, in its October 25 order, the Court found that NIC could take discovery of "correspondence allegedly in Continuity Research, LLC's ('Continuity') possession. That correspondence allegedly contained NTG's instructions from David Reid and Scott Ferrell to create corporate entities solely to pursue legal claims." Id.[2] The Court held that the "alleged correspondence contains conversations between Newport Trial Group attorneys about a plan to form sham corporate entities solely to pursue legal claims. . . . [S]uch allegations are at the heart of this case. If true, this evidence would support [NIC's] claim of a pattern of RICO activity." Id. at 5.

---

[2] All references to "Ferrell" indicate Scott Ferrell unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)                    Date    July 31, 2017

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al.

As part of its discovery into Continuity, NIC sought production of certain emails between Reid, Ferrell, and non-party Joshua Weiss ("Weiss"). Docket No. 348 at 1–2 (summarizing the dispute). The emails relate to the formation of Strataluz, LLC ("Strataluz"). Id. Reid, Ferrell, and Weiss objected, citing attorney-client privilege. Id. The Court ultimately found that the emails were subject to the privilege's crime-fraud exception. Docket No. 299. At the same time, the Court denied, without prejudice, NIC's request to take further discovery into Strataluz. Id. at 21.

Reid, Ferrell, and Weiss appealed the Court's crime-fraud order. Docket Nos. 302, 306. They also asked the Court to stay its order pending appeal. Docket Nos. 308, 309. The Court denied the motion to stay, but gave them 20 days to seek emergency relief. Docket No. 348. The Ninth Circuit denied emergency relief. Docket No. 374.

On June 19, 2017, the Court denied NIC's request to modify the pre-trial schedule. Docket No. 350. Currently, the discovery cut-off is scheduled for August 21, 2017, and the expert discovery cut-off is scheduled for August 28, 2017. Docket Nos. 91, 350, 363.

NIC now brings this motion seeking leave to take additional discovery.

LEGAL STANDARD

The Federal Rules of Civil Procedure permit discovery of any relevant, nonprivileged matter that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(2). The Rules specify several factors to evaluate proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

ANALYSIS

NIC seeks additional discovery into two areas. The Court grants NIC's request to seek discovery into Strataluz, but denies its request to seek discovery into five additional cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | July 31, 2017 |

| | |
|---|---|
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. |

I.    The Court grants NIC's request to seek discovery into Strataluz.

First, NIC requests additional discovery into Strataluz. Mot. at 4. NIC seeks to serve interrogatories and requests for production on Scott Ferrell. See Arhangelsky Decl. ¶¶ 13–14, Exs. 10, 11 (attached discovery requests). It also wants to depose non-parties Weiss and Jarrod Bentley (Strataluz's corporate agent and former Continuity advertisement writer) and inquire into Strataluz if it deposes any defendants. Mot. at 16–17. NIC argues that Strataluz is relevant to the Newport Trial Group's scheme to form dummy companies for use as plaintiffs. Id. at 15. NIC believes that Strataluz echoes the Newport Trial Group's pattern of using the same hired plaintiffs across cases. Id. at 16. Thus, according to NIC, this evidence would show the Newport Trial Group's fraudulent state of mind and allow NIC to defeat the NTG Defendants' affirmative defenses. Id. at 17–18; Reply at 12.

The NTG Defendants argue that NIC has known all of the information supporting its discovery request since at least July 2016. Opp'n at 12. Specifically, they point to the parties' Joint Request for Order Clarifying discovery. Opp'n at 4 (citing Docket No. 151, Joint Request at 8). There, NIC argued that the NTG Defendants' "sham lawsuits" supported further discovery:

> NIC has recently discovered that NTG's principals formed corporations solely to pursue sham "competitor" lawsuits against other corporations. NTG arranged phony websites to make their corporate plaintiffs appear legitimate before filing claims on behalf of the so-called "competing" companies. NIC is entitled to explore that RICO evidence through reasonable discovery, determining the full nature and scope of the NTG enterprise. NIC requires non-party discovery under Rule 45 to target that information.

Id. at 9. In addition, the NTG Defendants further argue that any additional discovery would unduly burden the defendants near the close of discovery. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | July 31, 2017 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. | | |

In response, NIC argues that it has not delayed seeking discovery into Strataluz because it previously requested discovery as part of its briefing on the crime-fraud motion on March 27, 2017. Reply at 10 (citing Docket No. 262, Response to Obj. at 23). Any further delay resulted from the lengthy litigation over the Strataluz emails. Opp'n at 10. Furthermore, NIC argues that Strataluz's probative value became clearer as litigation progressed. Id. at 11.

The Court agrees that further discovery into Strataluz is relevant and proportional to the needs of the case. Although NIC initially raised the issue of dummy corporations in the July 2016 Joint Request for Clarification, it specifically moved in September 2016 for leave to take further discovery of Continuity. Docket No. 165. The Court granted that request. Docket No. 198 at 4. NIC promptly served Continuity with a Rule 45 subpoena duces tecum. Docket No. 202-1, Ex. C. Reid, Ferrell, and Weiss objected to that subpoena, leading to several rounds of motion practice and a unsuccessful Ninth Circuit appeal. As a result, until late June 2017, NIC was actively litigating the subpoena it served in October 2016. Given this extended litigation, it was reasonable for NIC to delay further discovery motions until the Court resolved the crime-fraud issue. Once the Court refused to stay its order vitiating the privilege NIC promptly moved for further discovery into Strataluz. Therefore, NIC did not delay seeking discovery into Strataluz.

Furthermore, discovery into Strataluz is not unduly burdensome. The written discovery requests only concern a single corporate entity, which Strataluz's owners admit "did not make any profit on its minimal sales of its products . . . ." Docket No. 202-1, Ex. G (Weiss Decl.) ¶ 13. And, as the company's owners, Reid and Ferrell likely possess Strataluz's corporate records.

Finally, discovery appears likely to lead to the discovery of relevant evidence. The Court has already noted evidence that Strataluz may have been designed primarily as a fraudulent litigation vehicle. See Docket No. 299 at 16–18. Thus, written discovery into Strataluz may yield evidence that supports NIC's RICO allegations. Similarly, depositions will likely produce relevant evidence. Weiss helped form Strataluz. Weiss Decl. ¶ 8–9. And Bentley handled all of Strataluz's management, sales, and marketing duties. Id. ¶ 9. Therefore, both individuals likely possess relevant information regarding Strataluz's formation and inner workings. As a result, their depositions will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)                    Date    July 31, 2017

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al.

probably produce relevant evidence.

In sum, the Court grants NIC's request to seek discovery into Strataluz.

II.    The Court denies NIC's request to seek discovery into five additional cases.

In addition, NIC seeks additional discovery into NTG-sponsored cases involving the Non-NTG Defendants. Mot. at 4. NIC seeks discovery into five additional legal matters identified by Non-NTG Defendants Schoonover and Pfleg: (1) Schoonover's claim against Vogue International Inc.; (2) Pfleg's claim against Boericke & Tafel Arnica Montana; (3) Pfleg's claim against Hugo Boss; (4) Pfleg's claim against Humira; and, (5) Pfleg's claim against Moneygram. Mot. at 20.

NIC argues that discovery is necessary here because these lawsuits show the Non-NTG Defendants' cooperation in the Newport Trial Group's RICO enterprise. Id. at 20–21. Furthermore, NIC could not have sought discovery earlier because it did not know of these matters until late-May 2017. Id. at 18–22. According to NIC, the Non-NTG Defendants only disclosed that Schoonover and Pfleg had multiple cases with the Newport Trial Group when they supplemented their discovery responses in late April through early May 2017. Id. at 12. For instance, NIC argues that the Pfleg's participation in five "separate legal matters with NTG, all in close succession, and at times that overlap the NTG litigation activities on behalf of Pfleg's closest friends and roommates, is strong circumstantial evidence favoring NIC's RICO allegations." Id. at 19.

The NTG Defendants argue that (1) NIC unduly delayed seeking discovery and (2) NIC's requested discovery is irrelevant to the RICO allegations identified in NIC's SAC. Opp'n at 9, 15–16. First, the NTG Defendants argue that NIC has known of these other lawsuits since 2015. Id. at 9. They cite the declarations of NIC's investigator, Clark Baker. Id. Schoonover told Baker in August 2015, that he was involved with lawsuits for "shampoo and other products . . . About six months after filing the claims we got money – some of us got paid twice." Docket No. 291-6 ¶ 18(d). Schooner also told Baker that "Baslow and his boss wanted Schoonover to complete a phone call while preventing the corporate representative from disclosing that the calls were recorded." Id. ¶ 18(g). Second, the NTG Defendants argue that further discovery is not relevant "because this case is limited to the eight predicate matters in NIC's SAC. . . . [T]here is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   July 31, 2017

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

no relationship between the additional cases and those pled in the SAC." Opp'n at 15, 16.
Thus, according to the NTG Defendants, expanded discovery would negate the Court's
prior order because "all other additional matters that NIC believes were shams (i.e.,
everything) would be fair game for discovery." Id. at 16.

   The Court finds that further discovery is not proportional to the needs of the
case. First, NIC has not sufficiently connected these new matters to its existing RICO
allegations. With respect to Pfleg, NIC has not shown that discovery into four additional
lawsuits will yield evidence of RICO activity. Mere participation in multiple lawsuits —
without more — is insufficient to show a pattern of racketeering activity. And, with
respect to Schoonover, NIC knew from his statements to Baker that he had been involved
in multiple cases. See Docket No. 291-6 ¶¶ 18(d), (g). Therefore, NIC has unduly delayed
seeking discovery into his case against Vogue International. Second, with only one month
of discovery remaining, NIC seeks to expand discovery significantly. Yet, only a month
ago, NIC itself argued that the existing schedule is unworkable because "substantial
discovery remains outstanding and cannot be completed before the August cutoff."
Docket No. 310-1, Mot. to Modify Pre-Trial Sched. at 11. NIC has not shown that the
Court should expand discovery even further in the face of an impending deadline.

   In sum, the Court denies NIC's request to expand discovery into five
additional cases.

CONCLUSION

   For the foregoing reasons, the Court grants NIC's request to seek discovery
into Strataluz, but denies its request to seek discovery into five additional cases.

                  :

       Initials of Preparer     es