## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034 JVS(JCGx) | Date | August 3, 2017 |

Title     Natural-Immunogenics Corp. v. Newport Trial Group, et al.

Present: The Honorable     James V. Selna

| Evelyn Synagogue | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**    **(IN CHAMBERS)**      **ORDER GRANTING PLAINTIFF'S RULE 56(D) MOTION**

Plaintiff Natural-Immunogenics Corp. ("NIC") moved for an order denying or deferring pending summary judgment motions per Federal Rule of Civil Procedure 56(d). Mot., Docket No. 402. Defendants Newport Trial Group ("NTG"), Scott Ferrell, Ryan Ferrell, Victoria Knowles, David Reid, and Andrew Baslow (the "NTG Defendants") opposed. NTG Opp'n, Docket No. 416. Defendants Taylor Demulder ("Demulder"), Matthew Dronkers ("Dronkers"), Andrew Nilon ("Nilon"), Sam Pfleg ("Pfleg"), Giovanni Sandoval ("Sandoval") and Sam Schoonover ("Schoonover") (collectively, the "Non-NTG Defendants") also opposed. Non-NTG Opp'n, Docket No. 417. NIC replied. Docket No. 422.

For the following reasons, the Court **grants** the motion and orders the pending summary judgment motions off calendar.

## BACKGROUND

This case concerns litigation between NIC and NTG, its attorneys, and its clients. In brief, NIC alleges that NTG routinely fabricated class-action litigation to extort money from defendants nationwide. Second Amended Complaint ("SAC"), Docket No. 92, ¶ 2. In addition to the NTG Defendants, NIC has sued the Non-NTG Defendants, who allegedly served as plaintiffs in these cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034 JVS(JCGx) | Date | August 3, 2017 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. |
|---|---|

The Court has previously noted that NIC's SAC alleges that the NTG Defendants perpetrated two litigation schemes: (1) the false-advertising scheme and (2) the wiretapping scheme. Docket No. 157 at 2.

In the false advertising scheme, NTG and its investigator Baslow would identify individuals to serve as lead plaintiffs in consumer fraud class actions against companies selling products in California. NTG would then bribe these individuals to make intentional false representations that (1) they purchased the defendant's product in reliance on the representations made in defendant's product advertisements; (2) the product did not work as advertised; and (3) they were injured as a result of their reliance on the advertisements. SAC ¶ 29. Using these false allegations, NTG would threaten companies with statewide class actions under various California consumer protection statutes,[1] and, before the companies could discover that the allegations were false, extort out-of-court settlements from these companies. Id. ¶ 27.

The wiretapping scheme functioned similarly. Under the wiretapping scheme, NTG and Baslow would identify individuals to serve as potential lead plaintiffs in consumer privacy class actions. NTG would then bribe these individuals to stage private phone calls to various companies, and then later make intentionally false representations that (1) they were not aware that the call was being recorded; (2) they did not consent to the recording; and (3) they later learned that the company recorded all incoming calls only after completing the call. Id. ¶ 34. Using these false allegations, NTG would threaten companies with statewide class actions under the California Invasion of Privacy Act, Cal.

---

[1] NIC's second amended complaint identifies four lawsuits filed in connection with the false advertising scheme: (1) Nilon v. Natural-Immunogenics Corp., Case No. 3:12-cv-00930-LAB-BGS (C.D. Cal. 2012) ("Nilon"); (2) Pfleg v. Nature's Way Products, Inc., Case No. 37-2012-0051979-CU-MT-NC (San Diego Cty. Sup. Ct. 2012) ("Nature's Way"); (3) Dronkers v. Kiss My Face, LLC, Case No. 3:12-01151-JAH (S.D. Cal. 2012) ("Kiss My Face"); and (4) Morales v. Magna, Inc., Case No. 3:10-cv-01601-EDL (N.D. Cal. 2010) ("Bobba"). Id. ¶¶ 49-147, 175-221, 265-281. Nilon, Pfleg, and Dronkers served as the lead plaintiffs in Nilon, Nature's Way, and Kiss My Face, respectively. Id. Sandoval later substituted in as lead plaintiff and class representative in Nilon. Docket No. 92 ¶¶ 105-113.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034 JVS(JCGx) | Date | August 3, 2017 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. |
|---|---|

Pen. Code § 632 <u>et</u> <u>seq.</u>, ("CIPA")[2] and, before the companies could discover that the allegations were false, extort out-of-court settlements from these companies. <u>Id.</u>

On July 10, 2017, the NTG Defendants moved for partial summary judgment as to the alleged wiretapping scheme. Docket No. 375. Demulder, who served as the lead plaintiff in <u>Carter-Reed</u>, also moved for summary judgment. Docket No. 387. NIC opposed both motions. Docket Nos. 403, 408. It simultaneously filed this request for relief under Rule 56(d).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(d) provides that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

A district court should generally rule on a party's Rule 56(d) request before ruling on the merits of a summary judgment motion. <u>See</u> <u>Garrett</u> <u>v.</u> <u>City</u> <u>&</u> <u>Cty.</u> of <u>S.F.</u>, 818 F.2d 1515, 1518–19 (9th Cir. 1987).[3] A court may deny the request if further discovery would not impact the summary judgment ruling. <u>Bank</u> of <u>Am.</u>, <u>NT</u> <u>&</u> <u>SA</u> <u>v.</u> <u>PENGWIN</u>, 175 F.3d 1109, 1118 (9th Cir. 1999). The opposing party must have diligently pursued discovery opportunities and "must make clear what information is sought and how it would preclude summary judgment." <u>Garrett</u>, 818 F.2d at 1518.

---

[2] NIC's second amended complaint identifies four lawsuits filed in connection with the wiretapping scheme: (1) <u>Nilon v. Chromadex, Inc.</u>, Case No. 56-2013-00436790-CU-MT-VTA (Ventura Cty. Sup. Ct. 2013) ("<u>Chromadex</u>"); (2) <u>Demulder v. Carter-Reed Co., LLC</u>, Case No. 3:12-cv-0333-BTM (S.D. Cal. 2012) ("<u>Carter-Reed</u>"); (3) <u>Schoonover v. Himalaya Drug Co.</u>, Case No. 12-cv-1782 (S.D. Cal. 2012) ("<u>Himalaya Drug</u>"); and (4) <u>Torres v. Nutrisystem</u>, Case No. 8:12-cv-01854-CJC-JPR (C.D. Cal. 2012) ("<u>Nutrisystem</u>"). <u>Id.</u> ¶¶ 148-174, 222-264, 282-317. Nilon, Demulder, and Schoonover served as the lead plaintiffs in <u>Chromadex</u>, <u>Carter-Reed</u>, and <u>Himalaya Drug</u>, respectively. <u>Id.</u>

[3] <u>Garrett</u> refers to Rule 56(f), which at the time governed requests for continuances on summary judgment. Fed. R. Civ. P. 56, Advisory Committee Notes, 2010 Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)              Date    August 3, 2017

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al.

## ANALYSIS

NIC initially served its motion to compel documents under the crime-fraud exception to the attorney-client and work-product privileges in December 2016. Docket No. 211 at 16 (January 9, 2017 Joint Status Report); Arhangelsky Decl. ¶ 10. After the Court appointed a Special Master,[4] NIC served a revised version of the motion in February 2016. Arhangelsky Decl. ¶ 12. NIC received the Defendants' responsive portion in March 2017. Id. NIC filed the motion as a Local Rule 37-1 joint stipulation before the Special Master in April 2017. Docket No. 291.

NIC's pending motion seeks to compel production of 1696 documents logged among the eight underlying cases because (1) Defendants failed to satisfy their burden to establish that privilege or work-product doctrine applies; (2) the crime-fraud exception applies to all documents; and (3) Defendants have advanced defenses that necessarily waive the asserted privileges. Docket No. 291 at 2 (L.R. 37-1 joint stipulation). Alternatively, NIC requested an in camera review of 1074 documents. Id. at 3.

The Special Master has not yet ruled on the motion. NIC argues that, because of the motion's size and the likelihood of an objection to this Court, NIC will not have a definitive ruling on the sought documents until after the pending summary judgment dates. Mot. at 7–8. NIC argues that it needs that documentary evidence to justify its opposition. Id. at 20–25. In particular, NIC argues that it needs documentary evidence to oppose Defendants' declarations, which form the basis for their summary judgment motions. Id. NIC also argues that it has been unable to proceed with depositions of the NTG Defendants because of these outstanding privilege issues. In response, the NTG Defendants argue that NIC has not identified essential facts that its pending motion might uncover. NTG Opp'n at 6–12.

The Court finds that NIC meets Rule 56(d)'s requirements to defer summary judgment. Together, NIC's motion and the attached Arhangelsky declaration explain that pending document discovery is essential for NIC to oppose the pending summary judgments. For instance, Demulder's summary judgment motion asserts that he does not

---

[4] The Court has assigned this case to a Special Master, the Honorable Rosalyn Chapman (Ret.), for discovery purposes. Docket No. 223.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)                    Date    August 3, 2017

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al.

know about any of NTG's activities on behalf of its clients and never agreed to
participate in any RICO enterprise. Docket No. 387 at 8, 24. He relies solely on his own
declaration and argues that "there is no admissible evidence" against him. Id. at 24. NIC
cannot rebut this evidence without an opportunity to examine communications between
Demulder and NTG — all of which are the subject of the pending crime-fraud motion.
Similarly, Demulder argues that he had probable cause for his claim in Carter-Reed
because he reasonably expected that his call would not be recorded. Id. at 14. To support
this point, Demulder relies solely on his declaration to establish that nobody from NTG
told Demulder that the call would be recorded. Id. To rebut this, NIC will need evidence
of Demulder's communication with NTG.

In addition, NIC requires further evidence to rebut the NTG Defendants' motion
for summary judgment. For example, the NTG Defendants assert that "Demulder,
Schoonover and Torres all believed that their calls would not be recorded, and . . . none
of them knew that their calls would be recorded." Docket No. 375 at 14 (internal citations
omitted). Based on this lack of knowledge, the NTG Defendants argue that the Non-NTG
Defendants brought objectively meritorious claims. Id. at 14–16. Yet, to support this key
fact, the NTG Defendants rely only on the Non-NTG Defendants' declarations. Id. Any
other evidence that might allow NIC to dispute these materials facts is within the NTG
Defendants' control and subject to privilege. But if NIC's crime-fraud motion is granted,
it may be able to rebut the NTG Defendants' showing and overcome summary judgment.
Therefore, it is appropriate to defer summary judgment until the parties have received a
final ruling on the crime-fraud motion.

The NTG Defendants argue that NIC has not shown that its sought-after facts are
essential to its opposition. NTG Opp'n at 8. Yet the NTG Defendants' own motion
repeatedly relies on the Non-NTG Defendants' declarations to show the absence of a
genuine dispute. See, e.g., Docket No. 375 at 14 (citing Demulder, Schoonover, and
Torres declarations to show they believed their calls would not be recorded),17 (citing
Demulder's declaration to show his residency), 24 (citing the Non-NTG Defendants'
declarations to show that the NTG Defendants did not bribe the Non-NTG Defendants).
The NTG Defendants' reliance on these declarations undermines their own argument.

Finally, NIC has presented sufficient basis for the Court to conclude that this Rule
56(d) request is not merely a fishing expedition. The appendixes to NIC's motion detail

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034 JVS(JCGx) | Date | August 3, 2017 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al. |
|---|---|

the requested discovery. <u>See</u> Docket Nos. 402-3, 402-4. Furthermore, this case focuses on the relationship between NTG and its clients; hence, communications between those groups likely contain important evidence that would support NIC's allegations.

In sum, both pending summary judgment motions rely on Defendants' own declarations, which NIC may only be able to negate through a successful crime-fraud motion. Therefore, the Court holds that deferring summary judgment is necessary until the Special Master resolves the outstanding motion, as well as any other important discovery disputes.

**CONCLUSION**

For the foregoing reasons, the Court **grants** the motion and orders the pending summary judgment motions (docket nos. 375 and 387) off calendar. The Court further finds that oral argument would not be helpful on this matter and vacates the August 14, 2017, and August 24, 2017, hearings. <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.

|  | : |
|---|---|
| Initials of Preparer | es |