UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS (JCGx)                     Date   August 14, 2017

Title   Natural -Immunogenics Corp. v. Newport Trial Group, et al.

---

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                     Attorneys Present for Defendants:

Not Present                                           Not Present

**Proceedings:**   **(In Chambers)**   **Order Overruling Natural-Immunogenics' Objections to the Special Master's Order in Docket No. 360**

Plaintiff Natural-Immunogenics Corp. ("NIC") objects to the Special Master's order, Docket No. 360, granting in part and denying in part Defendant Newport Trial Group's ("NTG") motion to compel requests for admissions, production of documents, and answers to special interrogatories.[1]  (Obj., Docket No. 369.)  NTG responded. (Resp., Docket No. 393.)  NIC replied.  (Reply, Docket No. 400.)

For the following reasons, the Court **overrules** NIC's objections.

## I. BACKGROUND

The Special Master issued an order that (1) compelled NIC to respond to NTG's requests for admission and requests for production of documents regarding whether NIC's Sovereign Silver Product provides immune support, (2) compelled NIC to respond to NTG's requests for production of documents regarding communications between NIC and any party that has been issued a subpoena in this case or that subpoenaed party's counsel, and (3) compelled NIC to respond to NTG's requests for production of documents regarding any communication between NIC or Emord & Associates, P.C. ("Emord") and attorney Scott Vick ("Vick").  (Order, Docket No. 360 at 9–10, 11–12, 15,

---

[1]  The Court has assigned this case to a Special Master, the Honorable Rosalyn Chapman (Ret.), for discovery purposes.  (Order, Docket No. 223.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS (JCGx)                    Date    August 14, 2017

Title   Natural -Immunogenics Corp. v. Newport Trial Group, et al.

16.) NIC now objects to the Special Master's determinations.

## II. LEGAL STANDARD

The Court reviews all objections to the Special Master's findings of fact or conclusions of law de novo. (Order, Docket No. 223 at 5 (citing Fed. R. Civ. Pro. 53(f)).)

## III. DISCUSSION

**A.     NTG's Requests for Admissions and Requests for Production of Documents Regarding NIC's "Immune Support" Advertising Claims**

NTG contests the following requests for admissions:

1. Request for Admission No. 10: Admit that there was probable cause to allege in NILON v. NIC that NIC's Sovereign Silver Product does not provide immune support. (Arhangelsky Decl. Ex. D, Docket No. 369-2 at 10.)

2. Request for Admission No. 11: Admit that the allegation in NILON V. NIC that NIC's Sovereign Silver Product does not provide immune support was truthful. (Id. at 11.)

NTG contests the following requests for production:

1. Request for Production No. 100: All DOCUMENTS supporting YOUR contention that there was no probable cause to allege in NILON v. NIC that NIC's Sovereign Silver Product does not provide immune support. (Arhangelsky Decl. Ex. B, Docket No. 369-2 at 27.)

2. Request for Production No. 101: All DOCUMENTS supporting YOUR contention that the allegation in NILON v. NIC that NIC's Sovereign Silver Product does not provide immune support was false. (Id. at 28.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS (JCGx)                    Date   August 14, 2017

Title      Natural -Immunogenics Corp. v. Newport Trial Group, et al.

NIC objects to the Special Master's order compelling NIC to respond to these requests because they are (1) not relevant and (2) not proportional to NIC's burden.  (Obj., Docket No. 369 at 9–12.)  However, the Court disagrees.

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).[2]  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  However, relevant information "need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

Nevertheless, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit."  Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770-SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013).  In addition, "[r]elevancy alone

---

[2]  The 2015 amendments to Rule 26 restore the proportionality factors in defining the scope of discovery.  See Advisory Committee Notes to Rule 26(b)(1) 2015 Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS (JCGx)                Date   August 14, 2017

Title      Natural -Immunogenics Corp. v. Newport Trial Group, et al.

is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

### 1.    Relevance

NIC argues that NTG's requests regarding the immune support advertising claims are not relevant. (Obj., Docket No. 369 at 9–10.) According to NIC, its malicious prosecution action alleges (1) that NTG used for-hire plaintiffs to fabricate legal claims and (2) that the for-hire plaintiffs would have purchased the NIC product regardless of the advertising claims. (Id.) "NIC does not allege that [the for-profit plaintiffs'] underlying claims lacked probable cause because NIC's product was efficacious or provided immune support. To the contrary, NIC alleges that the claims lacked probable cause because the alleged 'false advertising' injury was staged at NTG's instruction." (Id. at 11.) Thus, NIC claims that whether NIC's "immune support" advertising claim was truthful is irrelevant to NIC's claims in this case.

A claim for malicious prosecution has three elements that a plaintiff must establish: "(1) was commenced by or at the direction of the defendant, or the defendant continued to prosecute it after discovering it lacked probable cause, and it was pursued to a legal termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice." HMS Capital, Inc. v. Lawyers Title Co., 118 Cal. App. 4th 204, 213 (2004).

Here, the Court finds that NTG's requests regarding the immune support advertising claim are relevant. All four requests are regarding whether the for-profit plaintiffs had probable cause to bring their suits. Because these requests are directed at an element of malicious prosecution, the requests are relevant. While NIC's litigation theory may be that the for-profit plaintiffs brought the litigation at the direction of NTG, evidence beyond NIC's litigation theory is still discoverable as long as it "is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Evidence that NIC cannot meet the probable-cause element is relevant to NTG's defense. Said another way, the efficacy of NIC's product is relevant in assessing whether there was a basis for Nilon's claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS (JCGx)                Date   August 14, 2017

Title   Natural -Immunogenics Corp. v. Newport Trial Group, et al.

### 2.    Proportionality

NIC also argues that Requests for Production Nos. 100 and 101 are far-reaching requests, which is a burden that outweighs any benefit.  (Obj., Docket No. 369 at 12.)  According to NIC, it produced over 4,000 pages of scientific evidence to NTG in the underlying litigation.  (Id.)  Producing and reviewing this material would require a minimum of 40 hours of professional time, a considerable expense. (Id.)

However, the Court finds that NTG's discovery requests are proportional to the needs of the case.  Because they relate to a key element for malicious prosecution, the discovery responses contain important information.  In light of the importance of this information, 4,000 pages of documents and 40 hours of time are not severe burdens.  Both parties have already spent significant resources in this action, and these requests are not outlandish or out of line with the importance of the matter.  On the other end of the balancing scale, NIC's burden is somewhat limited because it has already produced the scientific evidence on a prior occasion, which makes the discovery requests proportional to any burden.  (Id.)

In conclusion, the Court **overrules** NIC's objection.

### B.    NTG's Requests for Production of Documents Regarding All Correspondence with Subpoenaed Parties

NIC objects to the following two requests for production:

1.    Request for Production No. 61: All Documents evidencing any COMMUNICATIONS between NIC and any party that has been issued a subpoena in this case or that subpoenaed party's counsel. (See Arhangelsky Decl. Ex. B, Docket No. 369-2 at 40.)

2.    Request for Production No. 62: All DOCUMENTS evidencing any COMMUNICATIONS between EMORD and any party that has been issued a subpoena in this case or that subpoenaed party's counsel.  (Id. at 41.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS (JCGx)                Date   August 14, 2017

Title      Natural -Immunogenics Corp. v. Newport Trial Group, et al.

NIC argues that the communications between NIC and any subpoenaed party is privileged information.  (Obj., Docket No. 369 at 15.)  These requests "seek information related to NIC counsel's litigation activity in this *instant* case, to wit, contacts with potential witnesses, discussions related to subpoenas, scheduling issues concerning depositions, conversations concerning the scope of potential testimony, discussions concerning draft affidavits, etc."  (Id. at 15–16.)  NTG's requests "seek privileged information exchanged between NIC's attorneys and counsel for non-party subpoena recipients that is protected under the common interest doctrine."[3]  (Id. at 19.)  However, the Court disagrees.

In Burlington Northern & Sante Fe Railway Co. v. U.S. District Court for the District of Montana, 408 F.3d 1142, 1142 (9th Cir. 2005), the Ninth Circuit examined whether a party waived privilege objections by failing to provide a privilege log.  The court examined Federal Rule of Civil Procedure 26(b)(5), which requires a responding party to expressly make a claim of privilege and describe the documents covered by the privilege, with Federal Rule of Civil Procedure 34, which requires the service of written responses to discovery requests within thirty days of service of the requests.  Id. at 1147–49.  After reviewing these two rules, the court opted for a "holistic reasonableness test" to determine whether a party has waived privilege.  Id. at 1149.  Failing to provide a privilege log within thirty days of responding to a discovery request does not result in a per se waiver of privilege because a court needs to make a case-by-case assessment.  Id. at 1149.  To do so, a court examines several factors:

> [1] the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); [2] the timeliness of the objection and accompanying information about the withheld documents (where

---

[3] NIC also argues that the requests are not relevant and are over broad.  (See Obj., Docket No. 369 at 15, 18.)  However, because these arguments are cursory and relate to the issue of privilege, the Court will focus on whether NIC has waived its privilege objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034 JVS (JCGx) | Date | August 14, 2017 |
|---|---|---|---|

| Title | Natural -Immunogenics Corp. v. Newport Trial Group, et al. |
|---|---|

service within 30 days, as a default guideline, is sufficient); [3] the magnitude of the document production; and [4] other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard.

Id. at 1149 (holding that filing a log five months after the deadline was enough of a reason to find waiver). Courts apply these factors subject to "applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders." Id.

Here, neither party has discussed these factors, but, by applying them, the Court finds that NIC has waived its privilege objections. (See Resp., Docket No. 393 at 7–12; Reply, Docket No. 400 at 8.) First, NIC has only made boiler plate objections, which is acknowledges by stating that "NIC asserted General Objections of attorney-client privilege, work product doctrine, and 'any other applicable privilege.'" (See Arhangelsky Decl. Ex. B, Docket No. 369-2 at 2–5, 40–41; Reply, Docket No. 400 at 8.) Second, to this date, NIC has not provided the Court or NTG with enough information for the Court to evaluate whether the responses are privileged, and roughly four months have passed since NIC filed its initial responses. (Joint Mot., Docket No. 337 at 57; Arhangelsky Decl. Ex. B, Docket No. 369-2 at 57.) Third, the production is not overly broad because the parties limited the time period from May 22, 2015, to the present. (Darnell Decl. Ex. 1, Docket No. 337-2 at 7.) Lastly, NIC has not argued that production will be unusually hard. Therefore, the Court finds that NIC has waived its privilege arguments.[4]

---

[4] NIC argues that "earlier in this litigation, the Special Master held that NTG's failure to provide privilege logs for a period longer than six months did not affect a privilege waiver." (Reply, Docket No. 400 at 8.) However, the Special Master used the factors in Burlington, and she found that there were mitigating circumstances. (Order, Docket No. 241 at 18.) First, NIC sought "'all internal communications' regarding seven of the eight class action cases identified in the SAC," so the Special Master found that the requests were exhaustive. (Id. at 19.) Second, NIC propounded simultaneous discovery requests. (Id.) Third, the parties were engaged in ongoing conferences about the scope of the requests. (Id. at 20.) Fourth, NTG had to review about a million pages of material. (Id.) Those circumstances make NTG's failure to provide a privilege log different from NIC's failure to provide a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 15-02034 JVS (JCGx) | | Date | August 14, 2017 |
| Title | Natural -Immunogenics Corp. v. Newport Trial Group, et al. | | | |

At the hearing, the parties clarified the scope of the discovery request. Therefore, based on the parties' statements, the following restrictions apply to the discovery requests: (1) the response is limited to communications that occurred between May 22, 2015, and the present, (2) the response is limited to communications regarding *this* case, SACV 15-2034, and (3) for any communication occurring after May 22, 2015, that NIC does not produce, NIC needs to provide a privilege log.

In conclusion, the Court **overrules** NIC's objection.

**C.    NTG's Requests for Production of Documents Regarding NIC and Emord's Communications with Vick**

NIC objects to the following two requests for production:

1.    Request for Production No. 65: All DOCUMENTS evidencing any COMMUNICATIONS between NIC and Scott Vick from October 1, 2015 through the present.  (See Arhangelsky Decl. Ex. B, Docket No. 369-2 at 45.)

2.    Request for Production No. 66: All DOCUMENTS evidencing any COMMUNICATIONS between EMORD and Scott Vick from October 1, 2015 through the present. (Id. at 45–46.)

NIC argues that the Special Master has waived privilege on behalf of Emord's and Vick's clients.  (Obj., Docket No. 369 at 14.)  "That position is fundamentally unsupported under the law and facts, and would create a substantial injustice, virtually guaranteeing that Emord must move into contempt to protect its other client's confidential litigation files and, likely, the confidential and privileged information exchanged with Vick in this case as co-counsel to Baker."  (Id.) "Underscoring NIC's objections here, the communications with Vick are not relevant to any claim or defense pending in this case.  NTG has failed to explain how those counsel-to-counsel communications have any bearing on this case other

privilege log.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS (JCGx)                    Date   August 14, 2017

Title   Natural -Immunogenics Corp. v. Newport Trial Group, et al.

than to reveal internal strategy and privileged communications among two attorneys of record." (Id.)  However, the Court disagrees with NIC.

First, NIC overlooks the fact that it identified Vick in its Rule 26(a)(1) disclosures as an individual who may have knowledge about the case.  (Darnell Decl. Ex. 5, Docket No. 332-6 at 81.)  NIC also continues to use Vick's testimony in its motions.  (See, e.g., Mot., Docket No. 29-1 at 72:20–23.)  Therefore, NIC has made Vick's testimony relevant.

Second, the Special Master's determination would not require Emord and Vick to disclose all of their clients' confidential information.  In her order, the Special Master stated the following: "having reviewed the document requests and considered the parties' arguments, sustains, in part, NIC's objections of relevancy and overbreadth as to documents regarding *other litigation*, such as the Deviant.Art.com matter (Dkt. 198); NTG's motion to compel responses to RPD Nos. 65-66 is granted, as limited." (Order, Docket No. 360 at 16 (emphasis supplied).)  Based on this language, the Special Master did not compel NIC to produce documents regarding other litigation.  These documents regarding any litigation beyond SACV 15-2034, the present action, are not discoverable.  Therefore, the Special Master's order already addresses NIC's concerns.

Third, in regard to Baker, the Special Master has granted Baker a protective order, which limits questions about the substances of his communications with Emord and its attorneys.  (Order, Docket No. 364 at 31.)  Because Emord arranged for Vick to represent Baker during his deposition, the Court finds that the protective order naturally would extend to any communication between Emord and Vick regarding Baker in the present action.  (Id. at 31–32.)  To any extent that there may be confusion, this Court explicitly finds that the Special Master's protective order applies to the requests for production regarding communication between Emord and Vick regarding Baker in the present action.

In conclusion, the Court **overrules** NIC's objection.  The Court also orders NIC to provide NTG with a privilege log for any communication that NIC does not produce.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS (JCGx)                    Date   August 14, 2017

Title   Natural -Immunogenics Corp. v. Newport Trial Group, et al.

## IV. CONCLUSION

The Court **overrules** NIC's objections.

**IT IS SO ORDERED.**

|   |   |   |
|---|---|---|
| 0 | : | 00 |

Initials of Preparer        kjt