UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034 JVS(JCGx)                    Date    May 16, 2018

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al.

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:    **(IN CHAMBERS) Order OVERRULING Defendants' Objections to Special Master's Preliminary Order at Docket No. 603**

Defendants Scott Ferrell ("Ferrell") and David Reid ("Reid") object to the Special Master's Preliminary Order in Docket No. 603. Docket No. 612. Plaintiff Natural-Immunogenics Corp. ("NIC") filed an opposition. Docket No. 627. Ferrell and Reid replied. Docket No. 635.

For the following reasons, the Court **overrules** Ferrell and Reid's objection.

## I. BACKGROUND

This case concerns litigation between NIC and the Newport Trial Group, its attorneys, and its clients. In brief, NIC alleges that the Newport Trial Group routinely fabricated class-action litigation to extort money from defendants nationwide. Second Amended Complaint ("SAC"), Docket No. 92, ¶ 2. In addition to the Newport Trial Group and its attorneys (collectively, the "NTG Defendants"), NIC has sued the "Non-NTG Defendants," who allegedly served as plaintiffs in these cases. The Court details the relevant procedural background below.

On May 9, 2016, the Court entered its scheduling order. Docket No. 91. At that time, the Court limited discovery to the eight cases specified in SAC. On July 13, 2016, the parties requested clarification of the Court's discovery plan. Docket No. 151. On July 20, 2016, the Court clarified the discovery plan and specified that NIC should apply to the Court for leave to take any discovery beyond the cases specified in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                     Date   May 16, 2018

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

complaint.  Docket No. 155.

On October 25, 2016, the Court found that NIC could take discovery of
"correspondence allegedly in Continuity Research, LLC's ('Continuity') possession. That
correspondence allegedly contained NTG's instructions from David Reid and Scott
Ferrell to create corporate entities solely to pursue legal claims."  Docket No. 198 at 4.
The Court held that the "alleged correspondence contains conversations between
Newport Trial Group attorneys about a plan to form sham corporate entities solely to
pursue legal claims. . . . [S]uch allegations are at the heart of this case. If true, this
evidence would support [NIC's] claim of a pattern of RICO activity."  Id. at 5.

As part of its discovery into Continuity, NIC sought production of certain
emails between Reid, Ferrell, and non-party Joshua Weiss ("Weiss").  Docket No. 348 at
1–2 (summarizing the dispute).  The emails relate to the formation of Strataluz, LLC
("Strataluz").  Id. at 1.  According to Reid, Weiss, and Ferrell, Strataluz marketed and
sold personal health products.  Id.  It also pursued Lanham Act claims against companies
that sold dietary supplements or health products, particularly with regard to its product
ProMAXAL.  Id. at 1–2.  Reid, Ferrell, and Weiss objected, citing attorney-client
privilege.  Id.  The Court ultimately found that the emails were subject to the privilege's
crime-fraud exception.  Docket No. 299.  At the same time, the Court denied, without
prejudice, NIC's request to take further discovery into Strataluz.  Id. at 21.  Reid, Ferrell,
and Weiss appealed the Court's crime-fraud order.  Docket Nos. 302, 306.  They also
asked the Court to stay its order pending appeal.  Docket Nos. 308, 309.  The Court
denied the motion to stay, but gave them 20 days to seek emergency relief.  Docket No.
348.  The Ninth Circuit denied emergency relief.  Docket No. 379.

Thereafter, NIC requested leave to take additional discovery into Strataluz,
which the Court granted on July 31, 2017.  Docket No. 414 at 4–6.  In doing so, the Court
found that "further discovery into Strataluz is relevant and proportional to the needs of
the case" and "is not unduly burdensome."  Id. at 5.  Further, the Court noted that the
"discovery appears likely to lead to the discovery of relevant evidence."  Id.

Ferrell and Reid served a privilege log for the Strataluz documents on
September 22, 2017.  Docket No. 564-3.  NIC subsequently filed an ex parte application
requesting leave to file a motion to compel the Strataluz documents, which the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   May 16, 2018

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

granted on January 24, 2018.  Docket No. 566.

On February 20, 2018, the parties filed a joint stipulation before the Special Master regarding NIC's motion to compel the Strataluz documents.  Docket No. 588. NIC contended that the documents should be produced on several grounds.  Id. at 7–8. At issue in the instant order is NIC's request to compel the production of 364 Strataluz documents under the crime-fraud exception to the attorney-client privilege and request that the Special Master conduct an in camera review of these documents.  Id. at 8; Docket No. 602-3.  On March 15, 2018, the Special Master issued a Preliminary Order directing Ferrell and Reid to provide 51 documents for in camera review pursuant to the crime-fraud exception.  Docket No. 603.

Ferrell and Reid now object to the Special Master's Preliminary Order in Docket No. 603.  Docket No. 612.

## II. LEGAL STANDARD

The Court reviews all objections to the Special Master's findings of fact or conclusions of law de novo.  Docket No. 223 at 5 (citing Fed. R. Civ. Pro. 53(f)).

## III. DISCUSSION

Ferrell and Reid object to the Preliminary Order on two grounds.  Docket No. 612 at 1.  First, they argue that the Special Master erred in ordering in camera review without first requiring NIC to show by a preponderance of the evidence that the sham litigation exception to Noerr-Pennington immunity applies.  Id. at 1, 13–20.  Second, they argue that the Preliminary Order is erroneous because discovery of documents related to Strataluz's ProMAXAL litigation is not proportional to the needs of this case.  Id. at 1, 20–25.  The Court will address each argument in turn.

A.    **Whether NIC must establish that the sham litigation exception to Noerr-Pennington immunity applies before the Special Master takes in camera review of the Strataluz documents.**

First, Ferrell and Reid argue that the Special Master erred in ordering in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 15-02034 JVS(JCGx)                     Date     May 16, 2018

Title        Natural-Immunogenics Corp. v. Newport Trial Group, et al.

camera review of the Strataluz documents related to the ProMAXAL litigation without first requiring NIC to show by a preponderance of the evidence that the sham litigation exception to Noerr-Pennington immunity applies.  Docket No. 612 at 1, 13.

The Noerr-Pennington doctrine provides absolute immunity for statutory liability for conduct when petitioning the government for redress.  Sosa v. DIRECTV, Inc., 437 F.3d 923, 929 (9th Cir. 2006).  Immunity under the Noerr-Pennington doctrine includes communications made to the court during the course of a lawsuit.  Such communications include "[a] complaint, an answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs or defendants make representations and present arguments to support their request that the court do or not do something."  Id. at 933 (citation omitted).  "Conduct incidental to a lawsuit, including a pre-suit demand letter, [also] falls within the protection of the Noerr-Pennington doctrine."  Theme Promotions, Inc. v. News Am. Mktg. FSI, 546 F.3d 991, 1007 (9th Cir. 2008).

The Ninth Circuit has recognized an exception to the Noerr-Pennington doctrine, however.  Noerr-Pennington immunity does not apply to conduct that, although "ostensibly directed toward influencing governmental action, is a mere sham to cover what is actually nothing more than an attempt to interfere" with the defendant's business practices.  Sosa, 437 F.3d at 938 (citation omitted).  As a result, "'[s]ham' petitions don't fall within the protection of the doctrine."  Freeman v. Lasky, Haas & Cohler, 410 F.3d 1180, 1183–84 (9th Cir. 2005).  The Ninth Circuit has identified three circumstances when the so-called sham litigation exception applies:

> first, where the lawsuit is objectively baseless and the defendant's motive in bringing it was unlawful; second, where the conduct involves a series of lawsuits brought pursuant to a policy of starting legal proceedings without regard to the merits and for an unlawful purpose; and third, if the allegedly unlawful conduct consists of making intentional misrepresentations to the court, litigation can be deemed a sham if a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                     Date   May 16, 2018

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

Sosa, 437 F.3d at 938 (internal quotation marks and citations omitted).

The Court disagrees that the Special Master erred in not requiring NIC to show that the sham litigation exception applies before ordering in camera review for purposes of evaluating whether the crime-fraud exception applies. Ferrell and Reid misconceive the nature of the Noerr-Pennington doctrine. Noerr-Pennington insulates parties from liability for their petitioning conduct, it is not an independent evidentiary privilege. The Supreme Court made this clear in United Mine Workers of America v. Pennington, stating:

> It would of course still be within the province of the trial judge to admit this evidence, if he deemed it probative and not unduly prejudicial, under the established judicial rule of evidence that testimony of prior or subsequent transactions, which for some reason are barred from forming the basis for a suit, may nevertheless be introduced if it tends reasonably to show the purpose and character of the particular transactions under scrutiny.

381 U.S. 657, 670 n.3 (1965) (internal quotation marks and citations omitted). Moreover, a number of federal courts have since confirmed that the Noerr-Pennington doctrine is not a rule of evidence that operates as a complete bar to admissibility. See, e.g., In re Brand Name Prescription Drugs Antitrust Litig., 186 F.3d 781, 789 (7th Cir. 1999) (finding that the district court erred in treating the Noerr-Pennington doctrine "as a rule of evidence that forbids the introduction of evidence"); Feminist Women's Health Ctr., Inc. v. Mohammad, 586 F.2d 530, 543 n.7 (5th Cir. 1978) ("Evidence of activity that is protected by the Noerr doctrine may be admitted to show the purpose and character of other activity if doing so is not overly prejudicial to the defendants."); In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prods. Liab. Litig., —F. Supp. 3d—, 2018 WL 1335901, at *29 n.7 (N.D. Cal. Mar. 15, 2018) (finding that use of the defendants' petitioning activity to prove knowledge and intent to participate in a RICO enterprise was not barred by Noerr-Pennington); In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig., No. 2672 CRB (JSC), 2017 WL 4890594, at *15 n.4 (N.D. Cal. Oct. 30, 2017) (finding that use of petition activity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                      Date   May 16, 2018

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

to prove knowledge of and intent to participate in an emissions fraud scheme was not barred by Noerr-Pennington); In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig., 181 F. Supp. 3d 278, 305–06 (E.D. Penn. 2016) (finding that the Noerr-Pennington doctrine was not applicable where the plaintiff was not seeking liability for the defendants' petitioning conduct, but instead sought to show defendants' knowledge, state of mind, or intent).

Given that Noerr-Pennington is not an evidentiary privilege and only a limitation upon liability, the Court does not find it necessary to require NIC to show that the sham litigation exception applies before the motion to compel is adjudicated.  Whether the Strataluz documents are discoverable under the crime-fraud exception is separate and apart from the issue of whether Ferrell and Reid can be held liable for their conduct in the ProMAXAL cases.  Thus, the Court does not find that the Special Master erred in declining to require such a showing before ordering in camera review.

Moreover, the Court notes that the Special Master has yet to determine whether the documents are even discoverable under the crime-fraud exception.  It seems premature to require NIC to show that the sham litigation exception applies before it is even clear whether they will have access to the ProMAXAL litigation documents at all.  Further, if the Special Master does compel production of certain documents pursuant to the crime-fraud exception, it is also still unclear for what purpose NIC intends to use such evidence.  While the evidence may ultimately be inadmissible under the Noerr-Pennington doctrine as a basis for liability, it may be admissible for some other purpose such as to show intent to participate in a RICO enterprise, in which case Noerr-Pennington would not be a bar to admissibility.  See In re Chrysler-Dodge-Jeep, 2018 WL 1335901, at *29 n.7; In re Volkswagen, 2017 WL 4890594, at *15 n.4.

Ferrell and Reid do not present any binding authority to support their position that NIC must establish the sham litigation exception by a preponderance of the evidence before the Special Master can conduct in camera review.  Instead, they rely only on extra-circuit cases to support their argument, In re Richard Roe, Inc., 168 F.3d 69 (2nd Cir. 1999), and In re Burlington N., Inc., 822 F.2d 518 (5th Cir. 1987).  Docket No. 612 at 15–16.  In Roe, the court stated that "[w]here the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   May 16, 2018

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al.

very act of litigating is alleged as being in furtherance of a fraud, the party seeking disclosure under the crime-fraud exception must show probable cause that the litigation or an aspect thereof had little or no legal or factual basis and was carried on substantially for the purpose of furthering the crime or fraud." 168 F.3d at 71. In Burlington, the court found that "Noerr-Pennington requires a prima facie finding that the particular litigation was a sham to warrant discovery of documents initially protected by the attorney/client privilege or work product immunity." 822 F.2d at 533–34. Neither of these cases go so far as to require a showing of sham by a preponderance of the evidence before permitting discovery. The courts require only minimal showings of a prima facie finding of sham or probable cause before permitting discovery. Thus, even the cases Ferrell and Reid argue that the Court should follow do not support their position. Moreover, the discussion in Roe does not even reference Noerr-Pennington immunity or its sham litigation exception. Given that the Ninth Circuit has not addressed the applicability of Noerr-Pennington immunity in the context of a discovery dispute, the Court declines to impose an additional burden on NIC at the discovery stage to establish by some arbitrary standard of proof that the sham litigation exception applies. Even if the Court were to require a minimal showing, such as the prima facie standard set forth in Burlington, NIC would likely meet this standard given that it has offered plausible bases for advancing the sham exception and the Special Master has already found that there was sufficient evidence to warrant in camera review pursuant to the crime-fraud exception. Docket No. 627 12–19; Docket No. 603 at 3. Thus, the Court declines to find that the Special Master erred in not requiring NIC to establish that the sham litigation exception applied before ordering in camera review of the Strataluz documents.

This is not to say that the issue of Noerr-Pennington immunity cannot be resolved before trial. Resolution of this issue may be possible upon a motion for summary judgment, where proof of the sham litigation exception would be open to NIC. The Court simply finds that Ferrell and Reid have not put forth an adequate basis for the Court to require that NIC show that the sham litigation exception applies at this stage of the proceeding prior to the resolution of the motion to compel.

Therefore, the Court **overrules** Ferrell and Reid's objection to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   May 16, 2018

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

Special Master's Order for failure to require NIC to establish that the sham litigation exception applies before conducting <u>in camera</u> review.

> **B.      Whether discovery of documents related to Strataluz's ProMAXAL litigation is proportional to the needs of this case.**

Second, Ferrell and Reid argue that the Special Maser's Preliminary Order for <u>in camera</u> review is erroneous because discovery into Strataluz's ProMAXAL litigation is not proportional to the needs of this case. Docket No. 612 at 20–25. In response, NIC argues that the law of the case doctrine precludes Ferrell and Reid's objection on proportionality grounds. Docket No. 627 at 20–21. The Court agrees.

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional* to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

The law of the case doctrine "precludes a court 'from reconsidering an issue previously decided by the same court, or a higher court in the identical case.'" <u>Manufactured</u> <u>Home</u> <u>Communities, Inc.</u> <u>v.</u> <u>Cty.</u> <u>of</u> <u>San</u> <u>Diego</u>, 655 F.3d 1171, 1181 (9th Cir. 2011) (quoting <u>United</u> <u>States</u> <u>v.</u> <u>Lummi</u> <u>Indian</u> <u>Tribe</u>, 235 F.3d 443, 452 (9th Cir. 2000)). It is a judicially-created concept that promotes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   May 16, 2018

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

efficiency and consistency.  Lummi, 235 F.3d at 452.  The doctrine applies to issues "decided explicitly or by necessary implication" in the previous decision. Id. (citation omitted).

The Court's order on July 31, 2017 granting NIC's request to take additional discovery into Strataluz constitutes law of the case.  The Court previously found that "further discovery into Strataluz is relevant and proportional to the needs of the case" and "is not unduly burdensome."  Docket No. 414 at 5. Therefore, the Court necessarily found that discovery into Strataluz was proportional and non-frivolous.

Ferrell and Reid do not respond to NIC's law of the case argument. Instead, they argue that the ProMAXAL litigation is not alleged as a predicate act in NIC's SAC and that discovery into the ProMAXAL litigation is an expensive and irrelevant distraction.  Docket No. 635 at 15–16.  However, these arguments lack merit.  First, the Court has already concluded that the Strataluz discovery is relevant and proportional to the needs of the case despite the fact that no Strataluz litigation is alleged as a predicate act in the SAC.  Second, allowing the crime-fraud motion to proceed is not unduly burdensome given that the relevant discovery has already occurred and all that remains is for the Special Master to determine whether the crime-fraud exception applies.  It defies logic for the Court to disallow the motion to compel the Strataluz documents now for lack of proportionality, after the Special Master has already concluded that NIC has met the threshold showing for in camera review.

Additionally, at the hearing on the motion, Ferrell and Reid argued that the standard for obtaining in camera review, under United States v. Zolin, 491 U.S. 554 (1989), requires that NIC establish proportionality.  To obtain an in camera review, the party seeking to vitiate the privilege must show "a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies."  Zolin, 491 U.S. at 572.  Once the party makes this threshold showing, the district court balances three factors: "[1] the volume of materials the district court has been asked to review, [2] the relative importance to the case of the alleged privileged information, and [3] the likelihood that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                              Date   May 16, 2018

Title      Natural-Immunogenics Corp. v. Newport Trial Group, et al.

evidence produced through in camera review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply." Id.  Ferrell and Reid contend that the second factor, the privileged information's relative importance to the case, is essentially a proportionality requirement.  Further, Ferrell and Reid contend that NIC cannot obtain in camera review of the documents under Zolin unless they establish that the discovery is relevant and proportional to the needs of the case.  They take issue with the fact that the purpose for which NIC intends to use the Strataluz evidence is still not entirely clear and argue that without this information it is not clear that the discovery is relevant or proportional.  In response, NIC contended that the evidence from the ProMAXAL cases is relevant and proportional to the theory underlying its RICO claim because the ProMAXAL cases and the eight underlying cases identified in the SAC are all attorney-driven lawsuits involving shill plaintiffs.  NIC argued that without having seen any of the privileged Strataluz documents it cannot provide a detailed explanation regarding how the evidence may support its theory of the case; however, NIC contended that the Strataluz evidence is proportional and relevant because it is evidence of other bad acts that may be admissible under Federal Rule of Evidence 404(b)(2).[1]

In accordance with the law of the case, the Court again finds that the discovery of documents related to Strataluz's ProMAXAL litigation is relevant and proportional to the needs of the case.  While it is not yet clear whether the evidence will ultimately be admissible under Rule 404(b)(2), the Court will not require NIC to establish admissibility at this time.  As is expressly stated in Federal Rule of Civil Procedure 26(b), evidence does not need to be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1).  It is sufficient that NIC contends that the Strataluz discovery is important to show evidence of other bad acts because the ProMAXAL cases may support NIC's RICO theory that NTG attorneys initiated fraudulent lawsuits on behalf of shill plaintiffs and even went so far as to create their own plaintiff.  Thus, NIC has established the evidence's relevant importance to the case for purposes of Zolin, as well as Federal Rule of Civil Procedure 26(b)(1)'s proportionality requirement.

---

[1] Federal Rule of Evidence 404(b)(2) permits the admission of other bad acts to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   May 16, 2018

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al.

Therefore, the Court **overrules** Ferrell and Reid's objection on proportionality grounds.

## IV. CONCLUSION

For the aforementioned reasons, the Court **overrules** the objection to the Special Master's Preliminary Order in Docket No. 603.

**IT IS SO ORDERED.**

|                          |   | : | 00 |
|--------------------------|---|---|----|
| Initials of Preparer     |   | kjt |  |