Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Drive, Bldg 6, Ste 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS, a Florida corporation,<br><br>Plaintiff,<br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | Case No.: 8:15-cv-02034-JVS (JCG)<br><br>**JOINT STATEMENT RE PRIORITY OF PENDING OBJECTIONS AND MOTIONS**<br><br>Courtroom: 10C<br>Judge:  James V. Selna<br><br>Fact Discovery Cut-off:    Dec. 31, 2017<br>Expert Discovery Cut-off: Dec. 31, 2017<br>Pretrial Conf. Date:        TBD<br>Trial Date:                      TBD |

Plaintiff Natural Immunogenics Corp. ("NIC") and all Defendants, pursuant to this Court's Order at the January 28, 2019 Status Hearing, hereby submit this joint statement regarding the priority of outstanding motions and objections. On January 30, 2019, the Parties met and conferred concerning the priority of outstanding motions and objections pending before the Court. The Parties did not agree on the priority of various motions and objections. This joint statement therefore contains the Parties' respective positions concerning the manner and order in which the Court should resolve outstanding motions and objections.

## I.  Description of Outstanding Motions and Objections

### A. Motions or Objections that Have Been Argued and Submitted

The following motions and objections have been fully briefed, received Tentative Orders, were argued at hearing, and now await a final order from the Court:

1. The NTG Defendants' Objections to Special Master's Order re Work Product Documents Following Remand (Dkt. 708). *See* Dkt. 716 (Objections); Dkt. 732-1 (NIC's Response); Dkt. 739 (the NTG Defendants' Reply); Dkt. 754 (Minute Order re Oral Argument).

2. NIC's Motion for Summary Judgment as to Defense of Unclean Hands. *See* Dkt. 671 (Motion); Dkt. 682 (Opposition); Dkt. 703 (Reply); Dkt. 722 (Minute Order re Oral Argument); Dkt. 735 (Defendants' Supp. Brief); Dkt. 744 (NIC Supp. Brief).

3. NIC's Motion to Exclude NTG Expert Queen. Dkt. 674 (Motion); Dkt. 683 (Opposition); Dkt. 704 (Reply); Dkt. 754 (Minute Order re Oral Argument).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B. Objections that Have Been Fully Briefed**

The Parties have filed a series of Objections seeking this Court's review of the Special Master's Orders.  The following Objections have been fully briefed but have not been set for hearing:

1.  Objections to Special Master's Second Order Following Remand (Dkt. 681).  *See* Dkt. 698 (NIC's Limited Objections); Dkt. 700 (Defendants' Objections); Dkt. 728 & 730-1 (Oppositions); Dkt. 737-1 & 738 (Replies).

2.  Objections to Special Master's Orders re Motion to Compel Strataluz Files (Dkt. Nos. 634 & 712).  Dkt. 641 (NIC's Objections to Order at Docket No. 634); Dkt. 718 (NTG's, Scott Ferrell's and David Reid's Objections to Order at Docket No. 712); Dkt. 657 & 749 (Oppositions); Dkt. 751 & 752 (Replies).

**C. Objections that are Not Fully Briefed and Await Briefing Schedules**

The following objections have been filed, but a briefing schedule has not been issued:

1.  Defendants' Limited Objections to the Special Master's Corrected Order re Implied Waiver (Dkt. 753).  *See* Dkt. 771 (Defendants' Limited Objections);

2.  NIC's Limited Objections to the Special Master's Corrected Order re Implied Waiver (Dkt. 753).  *See* Dkt. 772 (NIC's Limited Objections).

II.  **Plaintiff's Proposal**

NIC respectfully proposes the following schedule:

- **Hearing 1**:  Hearing on Objections filed as Dkt. Nos. 698, 700, 771, and 772.

- **Hearing 2**:  Hearing on Objections filed as Dkt. Nos. 641 and 718.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- **Hearing 3**:  Status and Scheduling Conference following resolution of key discovery issues.

NIC's proposed schedule best prioritizes the outstanding matters in a way that facilitates orderly resolution of discovery.  Given the nature of this case, the resolution of privilege issues is necessary and prelimininary to complete discovery before dispositive motions.  At the very beginning of this lawsuit, NIC flagged the disputes over privilege as gatekeeper or threshold discovery issues in NIC's Rule 26(f) Statement.  Dkt. 90 at 8-9.  This Court has held that documents sought through NIC's "Omnibus" Motion to Compel are essential to NIC's case on summary judgment and at trial.  *See* Dkt. 423 at 4-5.  Those privilege issues are a funnel point that, once resolved, allow the parties to develop a complete record for trial.  NIC diligently filed its motion in April 2017 (nearly two years ago).  NIC contemplated that resolution of these privilege issues would occur before the close of discovery.  Through a series of remands, piecemeal objections, appeals to the Ninth Circuit, and motions for reconsideration, a final resolution of that motion has yet to occur.

Given the importance of the evidence sought, NIC proposes that this Court focus its resources on resolving all objections flowing from the "Omnibus" Motion to Compel before addressing any other issues.  Those objections include:

- The NTG Defendants' Objections to Special Master's Order re Work Product Documents Following Remand (Dkt. 708).  *See* Dkt. 716 (Objections);

- All Parties' Objections to Special Master's Second Order Following Remand (Dkt. 681).  *See* Dkt. 698 (NIC's Limited Objections); Dkt. 700 (Defendants' Objections); and,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- All Parties' Objections to Special Master's Corrected Order re Implied
  Waiver (Dkt. 753). *See* Dkt. 771 (Defendants' Limited Objections);
  Dkt. 772 (NIC's Limited Objections).

Those Objections concern evidence sought through the "Omnibus" Motion to
Compel. All documents at issue relate to SAC cases (the central focus of NIC's
case). Until those objections are resolved, NIC cannot evaluate what additional
discovery may remain. Evidence received through the "Omnibus" Motion may
obviate the need for certain discovery events or reveal a need for discovery
presently unknown. In short, NIC requests that this Court prioritize resolution of
those three sets of objections because they involve issues that are central to NIC's
case and necessary to complete remaining discovery.

In addition, because briefing is incomplete on Objections concerning the
Tester Waiver Order (Dkt. 753), and because this Court has not heard argument
on Objections to Docket No. 681, NIC also requests a joint hearing on both
orders, along with a briefing schedule for Objections to Dkt. 753 that would allow
resolution on the same date. Once final orders on those three categories of
objections have issued, the primary roadblock in discovery is lifted, and this case
can progress.

Aside from objections concerning the "Omnibus" Motion, the Strataluz
objections are the only other discovery matters pending before this Court.
Following a final resolution of the "Omnibus" Motion to Compel, NIC proposes
that this Court then resolve pending objections to the Special Master's orders
regarding the Motion to Compel Strataluz-related documents. Dkt. 641 (NIC's
Objections to Order at Docket No. 634); Dkt. 718 (NTG's, Scott Ferrell's, and
David Reid's Objections to Order at Docket No. 712). Those issues are fully
briefed and involve a discrete set of documents related to Strataluz LLC.

Finally, NIC's Motions to Exclude Queen (Dkt. 674) and for Summary
Judgment on Unclean Hands (Dkt. 671) can be resolved after the above-

mentioned discovery matters.  Issues raised by those motions primarily implicate matters for trial—not discovery issues—and should therefore be given less priority at this stage.

The parties were unable to agree on this list of priorities, in part, because the Defendants argue instead that this Court should refuse to act on NIC's pending motions.  Defendants have stated their intention to file a motion for reconsideration of those discovery matters yet decided.  NIC will oppose any such motion, and it objects to further delays on outstanding issues that have long been delayed.

## III.    **Defendants' Position**

On January 30, 2019, counsel met and conferred regarding the NTG Defendants' intent to file a Motion for Reconsideration of (i) Docket No. 659 (where this Court ordered the Special Master to review the remaining 1,600 privileged documents related to the SAC cases for purposes of making crime-fraud determinations); and (ii) Docket No. 652 (where this Court rejected Defendants' proportionality argument that conducting a crime-fraud analysis of privileged documents regarding ProMaxal litigation was not justified pursuant to *United States v. Zolin*, 491 U.S. 554 (1989)).

When this Court issued those orders in Docket Nos. 659 and 652, it did not envision the vast amount of resources that would be consumed by these issues nor that the Court's valuable time and resources would become significantly limited as a result of external factors.  The NTG Defendants will be filing their Motion for Reconsideration on or before February 11, 2019.   If the Motion for Reconsideration is granted, it would moot this Court's need to review the 1,600 privileged documents related to the SAC cases for crime-fraud determinations.  It also would moot this Court's need to review the 364 privileged documents related to Strataluz and ProMaxal litigation.  Specifically, pursuant to Federal Rule of

Civil Procedure 26(b)(1) and *Zolin*, 491 U.S. 554, this Court is authorized to conduct a proportionality analysis at any time and determine that proportionality no longer justifies the discovery at issue.

The NTG Defendants would propose that their Motion for Reconsideration be addressed prior to the following:

1. Objections to the Special Master's Second Order Following Remand (*i.e.*, Docket Nos. 698, 730-1 and 737-1 (NIC's Objections to Docket No. 681);

2. Objections to the Special Master's Second Order Following Remand (*i.e.*, Docket Nos. 700, 728 and 738 (Defendants' Objections to Docket No. 681);

3. Objections to the Special Master's Order re Stataluz-Related Documents on all Grounds other than Crime-Fraud Exception (*i.e.*, Docket Nos. 641, 657 and 751 (NIC's Objection to Docket No. 634); and

4. Objections to the Speical Master's Order re Strataluz Documents under the Crime-Fraud Exception (*i.e.*, Docket Nos. 718, 749 and 752 (NTG's, Scott Ferrell's and David Reid's Objection to Docket No. 712).

If the Motion for Reconsideration is granted, the four (4) above-listed objections would be moot.  If the Motion for Reconsideration is denied, Defendants do not have any preference regarding the priority of the objections although Defendants believe it would be judicially efficient to handle simultaneously both sides' objections to Docket No. 681.  Likewise, Defendants believe it would be judicially efficient for the Court to handle simultaneously both sides objections to the Strataluz-related orders (*i.e.*, Docket Nos. 634 and 712).

The NTG Defendants' Motion for Reconsideration would not affect the pending objections to the Special Master's Correct Order Re Implied Waiver

(Docket No. 753).  Accordingly, Defendants do not offer any preference for when those objections (which are not yet fully briefed) should be handled, but they would note that it may make sense to give preference to those objections because they would be unaffected by the Motion for Reconsideration.

DATED:  February 1, 2019

FOR PLAINTIFF NATURAL IMMUNOGENICS

/s/ Peter A. Arhangelsky
Peter A. Arhangelsky (CA 291325)
parhangelsky@emord.com
EMORD & ASSOCIATES, P.C.
2730 S. Val Vista Dr.
Bldg 6, Ste. 133
Gilbert, AZ 85295
Ph:  (602) 388-8899
Fx:  (602) 393-4361

Attorneys for Plaintiff Natural-Immunogenics

FOR THE NON-NTG DEFENDANTS

/s/ Brendan M. Ford
Brendan M. Ford (CA 224333)
bford@forddiulio.com
FORD & DIULIO PC
650 Town Center Drive, Suite 760
Costa Mesa, CA 92626
Ph:  (714) 384-5540
Fx:  (844) 437-7201

Attorney for Defendants Andrew Nilon, Sam Schoonover, Sam Pfleg, Giovanni Sandoval, Taylor

FOR NTG DEFENDANTS

/s/ David J. Darnell
David J. Darnell
ddarnell@callahan-law.com
CALLAHAN & BLAINE
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Ph: (714) 241-4444
Fx: (714) 241-4445

Attorneys for Defendants Newport Trial Group PC, Scott Ferrell, Ryan Ferrell, Victoria Knowles, David Reid and Andrew Baslow

*Demulder, and Matthew Dronkers*

      Attestation pursuant to L.R. 5-4.3.4(a)(2)(i) regarding signatures: I, Peter A. Arhangelsky, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  February 1, 2019

                              By:    */s/ Peter A. Arhangelsky*
                                          Peter A. Arhangelsky, Esq. (SBN 291325)
                                          Joshua S. Furman (pro hac vice)
                                          *Attorneys for Plaintiff Natural Immunogenics Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019 the foregoing, **JOINT STATEMENT RE PRIORITY OF PENDING OBJECTIONS AND MOTIONS** was electronically filed using the Court's CM/ECF system and was sent by that system to the following:

Brendan M. Ford, Esq.
bford@FordDiulio, PC
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
*Attorney for Andrew Nilon, Giovanni Sandoval,*
*Sam Schoonover, Matthew Dronkers, Taylor Demulder, Sam Pfleg,*

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
*Attorney for Newport Trial Group, Andrew Baslow,*
*Scott Ferrell, Ryan Ferrell, David Reid, and Victoria Knowles*

　　　　　　　　　　　　　　　 */s/ Peter A. Arhangelsky*
　　　　　　　　　　　　　　　Peter A. Arhangelsky, Esq.