**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., a Florida corporation,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>SCOTT J. FERRELL, a California resident; DAVID REID,<br><br>        Defendants-Appellants. | No.   17-55661<br><br>D.C. No.<br>8:15-cv-02034-JVS-JCG<br><br><br>MEMORANDUM[*] |
| NATURAL-IMMUNOGENICS CORP., a Florida corporation,<br><br>        Plaintiff-Appellee,<br><br> v.<br><br>NEWPORT TRIAL GROUP, a California corporation,<br><br>        Defendant,<br><br> v.<br><br>JOSHUA A. WEISS,<br><br>        Movant-Appellant. | No.   17-55699<br><br>D.C. No.<br>8:15-cv-02034-JVS-JCG |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

| | |
|---|---|
| In re: NEWPORT TRIAL GROUP; SCOTT J. FERRELL; RYAN M. FERRELL; VICTORIA C. KNOWLES; DAVID REID; ANDREW LEE BASLOW; ANDREW NILON; SAM PFLEG; MATTHEW DRONKERS; TAYLOR DEMULDER; SAM SCHOONOVER; GIOVANNI SANDOVAL, _____ NEWPORT TRIAL GROUP, a California Corporation; SCOTT J. FERRELL, a California resident; RYAN M. FERRELL, an Arizona resident; VICTORIA C. KNOWLES, a California resident; DAVID REID; ANDREW LEE BASLOW, a California resident; ANDREW NILON, a California resident; SAM PFLEG, a California resident; SAM SCHOONOVER, a California resident; GIOVANNI SANDOVAL, an Arizona resident; MATTHEW DRONKERS, a California resident; TAYLOR DEMULDER, a Nevada resident,<br><br>   Petitioners,<br><br> v.<br><br>UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA,<br><br>   Respondent, | No.   18-72122<br><br>D.C. No.<br>8:15-cv-02034-JVS-JCG |

| |
|---|
| NATURAL-IMMUNOGENICS CORP., a Florida corporation,<br><br>        Real Party in Interest. |

Petition for Writ of Mandamus

Argued and Submitted February 8, 2019
Pasadena, California

Before: GOULD and NGUYEN, Circuit Judges, and MARBLEY,[**] District Judge.

    We address two appeals and one petition for writ of mandamus from the same district court case.  In that case, Plaintiff-Appellee Natural-Immunogenics Corp. ("NIC") sued Defendant Newport Trial Group ("NTG") and several of its attorneys (together, the "NTG Defendants"), including Defendants-Appellees Scott Ferrell and David Reid.  NIC alleges that NTG created sham business entities and improperly induced plaintiffs to threaten and file sham lawsuits against NIC and other companies.

    The appeals and petition for writ of mandamus concern the district court's orders compelling disclosure of certain privileged communications on the basis of the crime-fraud exception.

---

    [**]    The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

1.  In appeal no. 17-55661, Ferrell and Reid appeal the district court's order compelling a third party, Continuity Products LLC ("Continuity"), to disclose emails discovered on its servers that relate to the formation of one of NTG's allegedly-sham entities. Continuity disclosed those emails to the court, and NIC has seen them.

Generally, courts of appeal have jurisdiction to review only "final decisions of the district courts of the United States." 28 U.S.C. § 1291; *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). The collateral order exception and the *Perlman* exception are two exceptions to that rule. *See United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010); *Perlman v. United States*, 247 U.S. 7 (1918). Neither applies here. The Supreme Court made clear in *Mohawk* that the collateral order exception is not available to challenge an order compelling attorney-client-privileged disclosures. 558 U.S. at 108–14. And after *Mohawk*, the *Perlman* exception confers jurisdiction only where neither the privilege holder nor the communications' custodian is a party to the litigation. *Krane*, 625 F.3d at 572–73. Here, Ferrell and Reid are parties to the litigation, so we lack jurisdiction to hear their interlocutory appeal. Their request to intervene is improper. *See* Fed. R. App. P. 15(d).

Appeal no. 17-55661 is **DISMISSED** for lack of jurisdiction. Ferrell and Reid's motion to take judicial notice (Docket No. 31) and motion to strike portion

of the supplemental excerpts of record (Docket No. 52), and NIC's motion to supplement the record (Docket No. 57) are **DENIED** as moot.

2. In appeal no. 17-55699, a nonparty, Movant-Appellant Joshua Weiss, appeals that same order underpinning appeal no. 17-55661. Weiss worked with Ferrell and Reid to establish the allegedly-sham entity. He received the emails in question when he worked for Continuity. In *Krane*, we interpreted *Mohawk* to permit review where, as here, neither the privilege holder nor the custodian of the communications was a party to the litigation. *Krane*, 625 F.3d at 572–73.

However, *Krane* further clarifies that where the communications have been disclosed, either in compliance with a court order or inadvertently, an appeal from the order is rendered moot. *Id.* at 573–74 (citing *Fed. Ins. Co. v. Maine Yankee Atomic Power Co.*, 311 F.3d 79, 81 (1st Cir. 2002)); *see also Wilson v. O'Brien*, 621 F.3d 641, 643 (7th Cir. 2010). Here, the communications have already been disclosed to NIC and the court. Weiss has not shown what further harm he faces or what further relief we could provide. *See Krane*, 625 F.3d at 573 ("If [the third-party] had produced the documents, [the nonparty] would have been deprived of the opportunity to challenge the subpoena.").

Appeal no. 17-55699 is **DISMISSED** as moot. Weiss's motion to take judicial notice (Docket No. 20) and motion to strike (Docket No. 36), and NIC's motion to supplement the record (Docket No. 39) are **DENIED** as moot.

3.     In the petition for writ of mandamus, no. 18-72122, the NTG Defendants appeal a different order from the district court compelling disclosure of privileged communications under the crime-fraud exception. Though the documents have been disclosed, the appeal is not moot because our decision could still provide relief. *See United States v. Jicarilla Apache Nation*, 564 U.S. 162, 169 n.2 (2011); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1156–57 (9th Cir. 2010).

Absence of clear error as a matter of law "will always defeat a petition for mandamus." *Calderon v. U.S. Dist. Court*, 163 F.3d 530, 534 (9th Cir. 1998) (en banc), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003); *see also Bauman v. U. S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977). There is no clear error here. The NTG Defendants argue that they were entitled to an *ex parte* hearing before the district court compelled production. But our precedent does not require an *ex parte* hearing, and in fact gives district courts discretion in how they evaluate claims of attorney-client privilege. *See In re Napster, Inc. Copyright Litig.*, 479 F.3d 1078, 1093 (9th Cir. 2007), *abrogated on other grounds by Mohawk*, 558 U.S. 100. Under that same precedent, the district court had adequate support for its conclusion that the relevant communications between the attorneys and clients were subject to the crime-fraud exception. *See id.*

The petition for writ of mandamus, no. 18-72122, is **DENIED**.

6