# EXHIBIT B

## Joshua Furman

| | |
|---|---|
| **From:** | Joshua Furman |
| **Sent:** | Monday, September 30, 2019 9:31 AM |
| **To:** | 'James M. Sabovich' |
| **Cc:** | 'bford@forddiulio.com'; 'kdiulio@forddiulio.com'; 'Kyle A. Riddles'; 'nwhyte@bremerandwhyte.com'; Peter Arhangelsky; 'David Darnell' |
| **Subject:** | RE: NIC v. NTG, Case No. 8:15-cv-02034 |

James,

We are available for a meet and confer call today, after 2pm, or tomorrow, all day. NIC intends to withdraw its motion for sanctions and supporting declarations and exhibits. The whereabouts of Ms. Carlberg at times in December 2011 are now in dispute, and the circumstances of that dispute were unknown to NIC at the time it filed the motion. The evidence will demonstrate that Trycia Carlberg was never an NTG client, but that issue is appropriate for resolution by a factfinder, and not the Court on a motion for sanctions given the new evidence submitted in your opposition. You failed to meet and confer in good faith on that motion. To the extent you had properly met your obligations under the local rules, NIC would likely have withheld the motion in the first instance. The motion was prepared on the record known to NIC at the time. Though NIC's position in the motion for sanctions is meritorious, we have no intention of litigating the merits of this case through a sanctions motion. In the future, we ask that you have the professional courtesy to actually raise countervailing concerns during the meet and confer process, which is expressly intended to eliminate disputes. That was particularly true here, where you had never produced any of the files you ultimately used in opposition. Defendants provided no substantive response or interaction, and instead appear to have used this process to sandbag and baselessly attack opposing counsel. Although we have serious concerns with those tactics, we write regarding a more serious and pressing matter.

We have become aware that your client, Scott Ferrell, engaged in criminal witness tampering over the past 72 hours. Mr. Ferrell instructed two private investigators to confront Charlotte Carlberg at her residence to demand that she provide specific testimony (or withdraw testimony) under threat and intimidation. The individuals identified that they were sent on Mr. Ferrell's instructions. They told Ms. Carlberg that unless she signed a statement prepared by Scott Ferrell (without her input) or withdrew her existing testimony in this case, Scott Ferrell would "come after her," take her house, take her retirement money, and that he would continue to pursue her in retaliation. They also threatened criminal punishment if she did not cooperate. Those same individuals explicitly threatened MaryAnne Buc with similar threats **in writing**. We possess copies of the text message communications from those individuals who identified themselves as agents of Scott Ferrell. They also threatened a legally frivolous lawsuit against the Bucs if they failed to file a "new, truthful declaration" or withdraw the pending declarations. 18 U.S.C.A. § 1512(b) prohibits that conduct and criminalizes same. Scott Ferrell directed his agents to knowingly use intimidation and threats in an attempt to "influence . . . or prevent the testimony of a [person] in an official proceeding." Although the investigators claim that they merely wanted the Bucs to provide "truthful" testimony, the law does not exempt that conduct. The test is simply whether there was an attempt to **influence** or prevent (i.e., withdraw) testimony. Here, the evidence clearly shows that Scott Ferrell used threats and intimidation to influence or prevent testimony of three witnesses in a federal case.

NIC takes this issue very seriously, as should the courts. Witness tampering subverts the judicial system and taints the truth-seeking function of the Court. NIC intends to move the Court for an order to show cause why Scott Ferrell should not be sanctioned for witness tampering, that he be directed to have no further contact with these witnesses (directly or indirectly), and other appropriate remedial sanctions.

On another issue, Scott Ferrell's opposition levies unsupported and false accusations of witness tampering and subornation of perjury against Emord.  Dkt. 846 at 23-29.  Those accusations are false and were made without any supporting evidence.  The so-called evidence referenced in your motion amounts to speculation, not fact.  *Id.* at 23-24.  We possess documentation proving that our firm's conduct was above reproach.  Emord interviewed witnesses, who provided their testimony willingly.  The testimony was supported by extrinsic evidence, and corroborated by and amongst the three individuals.  In light of NIC's intent to withdraw the Motion for Sanctions under L.R. 7-16, your opposition and its false allegations are also effectively withdrawn.  However, if you later press these issues further, Emord will demonstrate that its conduct was ethical and appropriate through the submission of documentary evidence.  We will also bring to the Court's attention your bad faith refusal to properly meet and confer under the Local Rules on NIC's Motion for Sanctions against Scott Ferrell.  That failure is independently sanctionable under the Local Rules.  *See* C.D. Cal. L.R. 83-7.

Please let us know your availability to discuss these issues further.

Thank you,

**Joshua S. Furman, Esq.** | **EMORD & ASSOCIATES, P.C.** | 2730 S. Val Vista Dr., Bld. 6, Ste 133 | Gilbert, AZ 85295 | Firm: (602) 388-8899 | Direct: (602) 388-8901 | Facsimile: (602) 393-4361 | www.emord.com



NOTICE:  This is a confidential communication intended for the recipient listed above.  The content of this communication is protected from disclosure by the attorney-client privilege and the work product doctrine.  If you are not the intended recipient, you should treat this communication as strictly confidential and provide it to the person intended.  Duplication or distribution of this communication is prohibited by the sender.  If this communication has been sent to you in error, please notify the sender and then immediately destroy the document.

---

**From:** James M. Sabovich <jsabovich@callahan-law.com>
**Sent:** Friday, September 27, 2019 12:27 PM
**To:** Peter Arhangelsky <PArhangelsky@emord.com>; Joshua Furman <jfurman@emord.com>
**Cc:** bford@forddiulio.com; kdiulio@forddiulio.com; Kyle A. Riddles <kriddles@bremerwhyte.com>; nwhyte@bremerandwhyte.com
**Subject:** NIC v. NTG, Case No. 8:15-cv-02034

Counsel:

Attached please find correspondence in the above matter.

Sincerely

James Sabovich

James M. Sabovich
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA  92707
TEL:  (714) 241-4444, ext. 312
CELL (949) 861-0262
jsabovich@callahan-law.com

**From:** Jennifer Fernandes <jfernandes@emord.com>
**Date:** August 26, 2019 at 12:38:37 PM PDT
**To:** David Darnell <ddarnell@callahan-law.com>, "Stephanie A. Sperber" <ssperber@callahan-law.com>
**Cc:** "Brendan M. Ford" <bford@forddiulio.com>, "nwhyte@bremerwhyte.com" <nwhyte@bremerwhyte.com>, "bprice@bremerwhyte.com" <bprice@bremerwhyte.com>, "kriddles@bremerwhyte.com" <kriddles@bremerwhyte.com>, Peter Arhangelsky <PArhangelsky@emord.com>, Joshua Furman <jfurman@emord.com>
**Subject: NIC v. NTG**

Dear Counsel:

Please find attached correspondence from Mr. Arhangelsky on behalf of Natural Immunogenics Corp. and Plaintiff's Sixth Supplemental Disclosure Pursuant to Rules 26(a)(1) & (e)(1).

If you have any questions, please do not hesitate to contact Mr. Arhangelsky or Mr. Furman.

Sincerely,
--

**Jennifer Fernandes | Paralegal | Emord & Associates, P.C.** | 2730 S Val Vista Dr, Bldg 6, Ste 133 | Gilbert, AZ 85295

Firm: (602) 388-8899 | Direct: (480) 500-5821 | Facsimile: (602) 393-4361 | www.emord.com



NOTICE:  This is a confidential communication intended for the recipient listed above.  The content of this communication is protected from disclosure by  the attorney-client privilege and the work product doctrine.  If you are not the intended recipient, you should treat this communication as strictly confidential and provide it to the person intended.  Duplication or distribution of this communication is prohibited by the sender.  If this communication has been sent to you in error, please notify the sender and then immediately destroy the document.

Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.