Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr., Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | Case No. 8:15-cv-02034-JVS (JCG) <br><br> **JOINT STATUS REPORT RE DECEMBER 16, 2019 TRIAL-SETTING CONFERENCE** <br><br> Judge:      Hon. James V. Selna <br> Date:        December 16, 2019 <br> Time:       1:00 PM <br> Courtroom: 10C |

All parties, by and through counsel and pursuant to Dkt. 839, hereby submit the following status report in advance of the scheduled Status Conference set for December 16, 2019 at 1:30pm. *See* Dkt. 839 (Order setting conference); Dkt. 875 (Order continuing trial-setting conference).

### I. PLAINTIFF NIC's STATEMENT

On August 26, 2019, this Court set a "trial-setting conference" with the intention of setting a date for trial. Plaintiff NIC hereby submits the following report relevant to this Court's assessment of the remaining calendar. NIC identifies outstanding discovery issues, and requests that the Court set a trial schedule consistent with NIC's recommendation hereinbelow. In short, NIC requests a post-privilege discovery period ending on June 1, 2020. NIC requests a pretrial conference date in mid-September 2020.

For the reasons set forth below, the proposed schedule is reasonable in accommodating the remaining discovery needs of NIC while bringing this case to a resolution within the calendar year.

#### A. Procedural Background

This case was filed on December 7, 2015. Dkt. 1. NIC identified at the outset that privilege issues would be significant and central to resolution of the case. Throughout discovery, NIC was barred from obtaining substantial volumes of documents and categories of testimony central to its case based on the Defendants' broad assertions of privilege. This Court has recognized that this case involved numerous and uniquely complex privilege issues that have increased the costs to the Parties and Court. While the docket in this case is large, the vast majority of all substantive docket entries relate to resolution of complex privilege disputes that have only recently been resolved,[1] and may still require judicial intervention.

---

[1] The Court has not yet issued a final order regarding which Strataluz

Privilege disputes have been the primary driver of docket activity in this case. Of the 879 current docket entries in this case, 426 relate to privilege disputes (nearly 50%). In addition, of all 879 docket entries, 287 are procedural or administrative that imposed little burden on the Court or parties. Therefore, outside of procedural filings, 54% (321 entries) of the 592 substantive filings in this case have related to privilege disputes. That data shows that the docket has been doubled simply because NIC was victimized by lawyers operating a RICO scheme where privilege concerns prevented discovery. Had the RICO defendants been lay persons, litigation over privileges would have been minimal, and this case would likely be less than 450 docket entries (271 substantive) at this point. NIC should not be precluded from a full and fair opportunity to try this case on a complete record simply because NIC fell prey to a racketeering scheme run by attorneys. Repeated reference to the size of this case as a basis to force NIC into trial on an incomplete record is improper. That approach would deny NIC due process by virtue of the fact that nearly all of the most relevant communications in this case have been subject to privilege disputes.

While the Defendants have vigorously litigated every privilege issue, they have been on the losing end of nearly every substantive privilege decision to date. The Court has issued four orders applying the crime-fraud exception to hundreds of documents. *See* Dkt. 299; Dkt. 659; Dkt. 820 (resolving objections to two crime-fraud orders). The Court has ruled that at least three of the Defenses advanced by the Defendants impliedly waived privilege. *See* Dkt. 568 at 8-11; *see also* Dkt. 659 at 18-20; Dkt. 878. The Court has ruled that volumes of documents withheld by the Defendants are not subject to any claim of privilege or work

---

documents are subject to production following the Court's finding that the attorney-client privilege does not apply and the work product doctrine only has limited application to Strataluz files. Hundreds of additional documents are likely implicated by that forthcoming order. *See, e.g.,* Pending Submissions at Dkts. 830, 831, 832, 835, 836, 837, 838, 842.

product protection at all.  *See* Dkt. 820.  The Defendants filed appeals to the Ninth Circuit in contests that lasted nearly two years, unsuccessfully challenging this Court's adverse privilege orders.  The Ninth Circuit deemed one such appeal frivolous under FRAP 38, and NIC was consequently awarded its attorney fees and double costs.  *See* Dkt. 853.

Evidence properly available to NIC under the Court's privilege orders has been produced, but only in part.[2]  NIC awaits a final production order regarding hundreds of documents implicated by the Court's Order at Docket No. 820 (related to Strataluz documents).  *See* Dkt. Nos. 823, 830, 835, 836, 837, 838.  Although the record remains incomplete, NIC has attempted to advance this litigation expeditiously by petitioning the Special Master for leave to take discovery that flows from the Court's various privilege orders.  *See* Dkt. 854 (NIC's Motion for Leave to Take Post-Privilege Discovery).

Discovery disputes remain and NIC cannot confidently determine the scope of proceedings between now and trial.  On November 26, 2019, the Special Master issued an order effectively denying NIC post-privilege discovery.  Dkt. 876.  The Special Master's order is overly restrictive and contrary to law.  NIC's objections to that order are due on December 11, 2019.  *See* Dkt. 879.  The Defendants have independently filed objections to a separate Order denying their motion to compel a recalled deposition of Carlos Negrete.  *Natural-Immunogenics Corp. v. Newport Trial Group, et al.*, No. 2:19-mc-00011-JVS (C.D. Cal.) ("Negrete Matter"), Dkt. 72.  Defendants have also filed a motion for leave to take written discovery from NIC and non-party witnesses related to Carlberg.  Dkt. 586.  Until the Court resolves those objections and Defendants' motions, the Parties cannot accurately determine the scope of remaining discovery.  Therefore, for the purposes of NIC's

---

[2] NIC just received the production of 88 critical documents related to the tester defense on Friday, December 6, 2019, after 2.5 years of litigation on that issue.

JOINT REPORT RE TRIAL-SETTING CONFERENCE
3

proposed trial schedule below, NIC assumes that the Court would grant all forthcoming discovery objections and motions, and that NIC will be entitled to take discovery that flows from the Court's privilege orders. NIC also assumes that Defendants may be permitted to take discovery that they requested, although the Court should nonetheless deny Defendants' requests for reasons stated in NIC's applicable briefs. Any other approach creates a likelihood that the resulting schedule is unworkable. This Court should either adopt NIC's proposed schedule, or adopt no schedule at all until the Court resolves questions concerning outstanding discovery.

### B. Outstanding Discovery Events

#### 1. NIC's Discovery

This Court earlier acknowledged that NIC is permitted to take the depositions of each named Defendant in this matter. NIC has not yet deposed the following Defendants, awaiting orders on discovery for which NTG made broad assertions of privilege: (1) Newport Trial Group's Rule 30(b)(6) designee, (2) Scott Ferrell, (3) David Reid, (4) Victoria Knowles, and (5) Ryan Ferrell. The Court acknowledged that NIC was reasonable to wait until resolution of the privilege issues before taking those depositions, which are likely to focus on allegedly "privileged" topics. NIC will schedule those depositions once it receives all outstanding productions under the privilege orders.

Defendants have argued that NIC is not entitled to depose a Rule 30(b)(6) designee from Defendant Newport Trial Group. The Parties may ultimately be required to litigate that issue, which will further delay NIC's ability to take a necessary deposition in this case. NIC requests that the Court inform the Defendants that NIC is entitled to take the deposition of Defendant Newport Trial Group to eliminate at least one potential dispute.

NIC must also recall the depositions of Defendants Andrew Nilon, Sam Schoonover, Taylor Demulder, Sam Pfleg, and Andrew Baslow.[3] Those individuals were deposed prior to resolution of the privilege issues because they possessed non-privileged information germane to arguments raised in NIC's privilege motions. However, new documents that NIC has received and will receive under the privilege orders, as well as new areas of inquiry unlocked by the Court's privilege rulings, require that those depositions be reopened before trial and summary judgment briefing proceeds.

NIC has also requested leave to depose Daniel Bobba, Kirtland & Packard (a Rule 30(b)(6) designee), and Wynn Ferrell in light of new evidence and information that has come to light following the Court's privilege rulings. These non-parties possess vital information attainable only now that the Court has issued privilege rulings implicating their potential testimony. NIC was precluded from meaningful discovery from those individuals until now.

Finally, NIC has sought leave to file a supplemental crime-fraud motion under Step Two of the crime-fraud exception. NIC's motion would be narrowly tailored to documents spanning less than 20 pages of content. That limited motion proceeds under Step Two because the Court has already found the existence of a crime or fraud under Step One. *See* Dkt. 659 and 820. That motion is also subject to NIC's objections that will be filed on December 11.

### 2. Defendants' Requested Discovery

The Defendants have also requested additional discovery. While their requests should be denied, NIC outlines that proposed discovery here so the Court can appreciate the timeframe required to accommodate those requests if granted:

---

[3] NIC's request for those recalled depositions will be supported by NIC's forthcoming objections to the Special Master's Order at Docket No. 876.

1. Deposition of Carlos F. Negrete (with Special Master in attendance) in Asheville, North Carolina;

2. Document Subpoena to Charlotte Carlberg;

3. Document Subpoena to MaryAnn Buc;

4. Document Subpoena to Jim Buc; and

5. Rule 34 Requests for Production to NIC regarding communications between NIC's counsel and the Carlberg witnesses.

The Defendants have also indicated that they may seek leave to depose the Carlberg witnesses after first processing written discovery.

Defendants' proposed discovery would be time-consuming and costly. Negrete's deposition would require significant planning due to the location of the witness and his availability. That deposition would require coordination with the Special Master, Mr. Negrete, and all counsel at times when travel to the East coast is possible for all parties. Defendants' proposed written discovery from the Carlberg witnesses and NIC would require a minimum of four months, but likely longer. The witnesses and NIC's counsel are likely to invoke privilege over certain categories of documents based on the provision of legal advice and privileged discussions of possible representation. NTG has already indicated an intent to challenge such privilege designations. Litigation over objections to NTG's document subpoenas would likely require months to resolve. Thus, if the Court is intent on granting NTG's motion (Dkt. 856), the Court must factor significant time and resources into the proposed schedule related to Defendants' requested discovery.

C. **Parties Efforts Toward Settlement**

Plaintiff NIC remains open to settlement negotiations, but the parties have thus far failed in that respect. The parties have participated in two mediations before Philips ADR in Orange County, both of which were unsuccessful. The

parties are apart on key issues relevant to settlement.  Trial therefore appears likely in this case.  During a status conference on October 14, 2019, the Special Discovery Master instructed certain parties to discuss settlement options.  The Special Master instructed NIC and non-NTG defendants to discuss resolution as a way to reduce issues for trial.  NIC thereafter sent communications regarding possible settlement to non-NTG counsel on October 24th, November 14th, and December 2nd.  Counsel for the non-NTG defendants has not responded to any of those NIC communications by phone or email.  That conduct indicates non-NTG defendants are uninterested in resolving this case short of trial.  Nonetheless, NIC remains open to alternative avenues toward settlement, and is willing to discuss those options with defendants or this Court.

   D.   **NIC's Proposed Trial Schedule**

Based on the events outlined in NIC's Section B *supra*, NIC proposes a trial schedule assuming that Parties would complete fourteen (14) depositions, resolve objections or disputes regarding four written document requests, and resolve a limited Step Two crime-fraud motion before the Parties proceed to Summary Judgment motions and then trial.  Moreover, NIC cannot take the depositions of the NTG Defendants until it has received the outstanding Strataluz-related files that are awaiting a final production order.  Finally, the Special Master has acknowledged that depositions of the defendant attorneys are likely to result in disputes over the boundaries of privilege.  *See* Dkt. 876 at 31 ("[I]t is apparent that the upcoming depositions of Defendant NTG's four principals and Defendant Baslow may lead to new discovery disputes that require juridical attention and may affect the date by which this action can be brought to trial").  If the Court does not intend to later adjust the trial date in this case, it should provide a buffer for the parties to resolve potential motions or disputes that develop at deposition.

Finally, in structuring a pre-trial schedule, the Court should provide ample time for the parties to prepare and litigate dispositive motions, which are likely to

be complex in this case.  This lawsuit involves twelve defendants, and at least fifty-three (53) predicate acts under the RICO statute.  *See* Dkt. 92.  The record in this case is substantial, as this Court is aware from its review of the crime-fraud proceedings.  Dispositive motions may resolve certain issues pretrial, and thus expedite these proceedings longer-term.  But given the scope of this lawsuit, additional time is required to assist the parties in preparing those pretrial motions.

NIC therefore proposes the following schedule:

| NOTES | DESCRIPTION | DATE |
|---|---|---|
| | Post-Privilege Discovery Cut-Off | 06/01/2020 |
| | Last Day to File & Serve Discovery-Related Motions Germane to Post-Privilege Discovery | 06/01/2020 |
| | Last Day to File & Serve Motions for Summary Judgment | 07/15/2020 |
| | Motion for Summary Judgment Hearing (subject to change based on briefing schedules) | 08/15/2020 at 1:30 p.m. |
| 4 weeks prior to Pretrial Conf | Last Day to File & Serve Motions in Limine | 08/15/2020 |
| 3 weeks prior to Pretrial Conf | Last Day to File & Serve Responses to Motions in Limine | 08/22/2020 |
| 2 weeks prior to Pretrial Conf | Last Day to File & Serve Replies to Motions in Limine | 08/29/2020 |

| | | |
|---|---|---|
| 40 days before Pretrial Conf | Meet and Confer re subject matter jurisdiction, stipulation of facts, disclosure of exhibits, disclosure of witnesses, expert witnesses, evidentiary matters, depositions to present, contentions of law & fact, settlement | 08/03/2020 |
| 21 days before Pretrial Conf | Memorandum of Contentions of Law & Fact | 08/22/2020 |
| 21 days before Pretrial Conf | Joint list of exhibits | 08/22/2020 |
| 11 days before Pretrial Conf | Final Pretrial Conference Order | 09/02/2020 |
| | File Pre-Trial Documents | 09/10/2020 |
| | Final Pre-Trial Conference (Tentative) | 09/14/2020 at 1:30 p.m. |
| | Trial Date | To Be Determined Based on the Court's and Counsel's availability shortly after Pre-Trial Conference |

### E. NIC's Conclusion

For the foregoing reasons, NIC respectfully requests that this Court either (1) refrain from setting a trial date and pretrial schedule until after the Court determines which post-privilege discovery events will proceed; or (2) set a trial date and pretrial schedule consistent with NIC's request in Section C *supra*.

### II. DEFENDANTS' STATEMENT

Defendants respectfully submit that this Court should set this matter for trial in September 2020, as this Court's schedule permits.

Natural Immunogenics Corp. ("NIC") commenced this action on December 7, 2015 (Dkt. 1), and the history of this case demonstrates that a firm trial date is

essential. The lack of a firm trial date has allowed NIC to disproportionately drain judicial and party resources with endless motion practice and discovery litigation. As this Court explained at the October 11, 2018 hearing, it is not possible "in good conscience continue to give the level of attention to this case that parties have thrust upon the Court. The burden I think is disproportionate to the significance and value of the controversy, so I'm going to regulate the manner in which the Court disposes of pending motions." Oct. 11, 2018 Hearing Tr. at 37:2-7. Thus, on March 19, 2019, this Court issued its Order on NTG's motion for reconsideration of certain discovery orders based on proportionality, which sharply curtailed discovery sought by NIC based on proportionality. (Dkt. 788.)

  A September 2020 trial date is feasible. There is only one currently pending objection to a Special Master Order – NTG's objection to the Special Master's Order regarding the recalled deposition of Carlos Negrete. Defendants seek to compel a recalled deposition of third-party witness Carlos Negrete, which is the subject of Defendant Newport Trial Group's objections to the Special Master's Order (Dkt. 72) denying NTG's motion to compel and granting expenses for opposing the motion to compel. (*See* Dkt. 76.) Defendants hope to schedule Mr. Negrete's deposition to be completed within 30 days of the Court's ruling on NTG's objections. NIC recently sought leave before the Special Master to propound broad supplemental discovery and to recall numerous deponents. (Dkt. 876.) However, on November 26, 2019, the Special Master largely denied the request (*id.*), and the parties have extended the date for objections to that Order to December 11, 2019. (Dkt. 879.)

  NTG has sought leave to take limited, focused discovery into false declarations filed by NIC in support of its motion for "death penalty" sanctions. (Dkt. 856-1.) That request, along with NTG's associated request for an Order to Show Cause, are set to be heard on December 16, 2019. That discovery should not

delay trial. In fact, NTG anticipates that such discovery can be completed within 45 days of the Order granting leave.

NTG respectfully requests that the Court set a trial date in this matter for September 2020, or shortly thereafter. Since this is more than nine months from the present date, this would allow the parties and their counsel more than enough time to complete the remaining discovery and prepare for trial. A trial date in September 2020 would also mean that Defendants have waited more than four years and nine months to finally get to trial.

RESPECTFULLY SUBMITTED:

| FOR PLAINTIFF NATURAL IMMUNOGENICS | FOR NTG AND SCOTT FERRELL |
|---|---|
| */s/ Peter A. Arhangelsky* | */s/ David J. Darnell* |
| Peter A. Arhangelsky (CA 291325) | David J. Darnell |
| parhangelsky@emord.com | ddarnell@callahan-law.com |
| EMORD & ASSOCIATES, P.C. | CALLAHAN & BLAINE |
| 2730 S. Val Vista Dr. | 3 Hutton Centre Drive, Ninth Floor |
| Bldg 6, Ste. 133 | Santa Ana, CA 92707 |
| Gilbert, AZ 85295 | Ph: (714) 241-4444 |
| Ph: (602) 388-8899 | Fx: (714) 241-4445 |
| Fx: (602) 393-4361 | |
| *Attorneys for Plaintiff Natural-Immunogenics Corp.* | *Attorneys for Defendants Newport Trial Group PC and Scott Ferrell* |

/ / /

/ / /

/ / /

FOR THE NON-NTG DEFENDANTS                                FOR NTG DEFENDANTS

/s/ Brendan M. Ford
Brendan M. Ford (CA 224333)
bford@forddiulio.com
FORD & DIULIO PC
650 Town Center Drive, Suite 760
Costa Mesa, CA 92626
Ph: (714) 384-5540
Fx: (844) 437-7201

*Attorneys for Defendants Andrew Nilon, Sam Schoonover, Sam Pfleg, Giovanni Sandoval, Taylor Demulder, and Matthew Dronkers*

/s/ Kyle Riddles
Kyle Riddles (CA 309854)
kriddles@bremerwhyte.com
BREMER WHYTE BROWN & O'MERA, LLP
20320 S.W. Birch Street, Second Floor
Newport Beach, CA 92660
Ph: (949) 221-1000
Fx: (949) 221-1001

*Attorneys for Defendants Ryan Ferrell, Victoria Knowles, David Reid, and Andrew Baslow*

Attestation pursuant to L.R. 5-4.3.4(a)(2)(i) regarding signatures: I, Peter A. Arhangelsky, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: December 9, 2019

        EMORD & ASSOCIATES, PC

     By: /s/ Peter A. Arhangelsky
       Peter A. Arhangelsky, Esq. (SBN 291325)
       Joshua S. Furman (pro hac vice)
       *Attorneys for Plaintiff Natural Immunogenics Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2019 the foregoing, **JOINT STATUS REPORT RE TRIAL-SETTING CONFERENCE** was electronically filed using the Court's CM/ECF system and was sent by that system to the following:

Brendan M. Ford, Esq.
bford@FordDiulio, PC
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
*Attorney for Andrew Nilon, Giovanni Sandoval,*
*Sam Schoonover, Matthew Dronkers,*
*Taylor Demulder, and Sam Pfleg,*

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
*Attorney for Newport Trial Group and Scott Ferrell*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Nicole Whyte
nwhyte@bremerwhyte.com
Benjamin Price
bprice@bremerwhyte.com
Kyle A. Riddles
kriddles@bremerwhyte.com
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
*Attorneys for Ryan Ferrell, Andrew Baslow, David Reid, and Victoria Knowles*

          <u>/s/ Peter A. Arhangelsky</u>
          Peter A. Arhangelsky, Esq.