Nicole Whyte, State Bar No. 156503
Certified Family Law Specialist
The State Bar of California Board of Legal Specialization
nwhyte@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerwhyte.com
Kyle A. Riddles, State Bar No. 309854
kriddles@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone:  (949) 221-1000
Facsimile:  (949) 221-1001

Attorneys for Defendants,
Ryan Ferrell; Victoria C. Knowles; David Reid; and
Andrew Lee Baslow

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., a Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | Case No. 8:15-cv-02034-JVS-JCG<br><br>Judge:  Hon. James v. Selna<br><br>**DEFENDANTS RYAN FERRELL VICTORIA C. KNOWLES DAVID REID AND ANDREW LEE BASLOW'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT**<br><br>Date: March 16, 2020<br>Time: 1:30 p.m.<br>Ctrm: 10C<br><br>Complaint Filed:  December 7, 2015<br>Trial Date:      None Set |

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

# TABLE OF CONTENTS

1.    INTRODUCTION.................................................................. 4

2.    PROCEDURAL AND FACTURAL BACKGROUND........................................ 4

3.    LEGAL ARGUMENT................................................................6

3.1 This Court has Broad Discretion to Deny Plaintiff's Request to File an Amended Pleading................................................................... 6

3.2 The Proposed Amendment is Highly Prejudicial to Defendants and was not Made in Good Faith...................................................................7

3.3 NIC's Amended Complaint was Brought with Undue Delay............................10

4.    CONCLUSION...................................................................11

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116  4831-6217-1061.2

1

<u>Table of Authorities</u>

2

**Cases**

3

*Duchon v. Cajon Co.,*

4

791 F.2d 43 (6th Cir. 1986) .......................................................................................... 6

*Dupree v. Apple, Inc.,*

5

No. 16-CV-00289-LHK, 2017 U.S. Dist. LEXIS 7765 (N.D. Cal. Jan. 18, 2017) ...................... 9

6

*Foman v. Davis,*

7

371 U.S. 178 (1962) .................................................................................................... 5

8

*Jackson v. Bank of Haw.,*

902 F.2d 1385 (9th Cir. 1990) ................................................................................. 6, 9

9

*Jordan v. County of L.A.,*

10

669 F.2d 1311 (9th Cir. 1982) ..................................................................................... 9

11

*Pollux Marine Agencies, Inc. v. Louis Dreyfus Corp.,*

455 F.Supp 211 (S.D.N.Y. 1978) ................................................................................ 6

12

*Priddy v. Edelman,*

13

883 F.2d 438 (6th Cir. 1989) .................................................................................. 6-7, 7

14

*Resolution Trust Corp. v. Gold.,*

30 F.2d 251 ................................................................................................................ 6

15

16

*Swanson v. U.S. Forest Serv,*

87 F.3d 339 (9th Cir. 1996) ......................................................................................... 5

17

*Texaco, Inc. v. Ponsoldt,*

18

939 F.2d 794 (9th Cir. 1991) ....................................................................................... 9

19

**Rules**

20

Rule 15 ....................................................................................................................... 6

Rule 15(a)(1)(A) ......................................................................................................... 5

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3

OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116  4831-6217-1061.2

1   TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF

2   RECORD:

3   Defendants RYAN FERRELL; VICTORIA C. KNOWLES; DAVID REID, and ANDREW

4   LEE BASLOW hereby submit the following Opposition to plaintiff NATURAL

5   IMMUNOGENICS CORP.'S ("Plaintiff" or "NIC") Motion for Leave to file a Third Amended

6   Complaint.

7   **1.  INTRODUCTION**

8   Plaintiff Natural Immunogenic Corporation's ("NIC") request to file a Third Amended

9   Complaint ("TAC") should be denied.  NIC continues to prolong this litigation through any means

10  possible.  This case has been going on for the better part of a decade and now NIC moves to add

11  new allegations to its Complaint which will necessarily lead to additional discovery and unduly

12  prejudice clients.  The proposed TAC is filled with superfluous information and allegations

13  involving an entirely separate and distinct set of schemes involving predicate lawsuits that has no

14  relation to the eight existing predicate cases alleged in the operative Complaint.  These new

15  predicate acts alleged in the TAC will necessarily lead to further discovery and will be highly

16  prejudicial to defendants.  This case has been going on for the better part of a decade, there have

17  been almost 900 docket entries, and the costs associated with litigating is disproportionate to the

18  amount in controversy.  The Court has broad discretion to deny NIC's Motion and doing so will

19  move this case forward to trial in November.

20  **2.  PROCEDURAL AND FACTURAL BACKGROUND**

21  NIC filed its initial Complaint on December 7, 2015 and the First Amended Complaint on

22  January 25, 2016.  Plaintiff's operative Complaint is the Second Amended Complaint ("SAC") was

23  filed on May 26, 2016.  The SAC includes over 400 paragraphs of allegations relating to four

24  counts that have been asserted against the various defendants. (*See* Dkt. 92.)  Count One of the

25  SAC is for Malicious Prosecution and is asserted against the NTG Defendants, as well as Non-

26  NTG Defendants Andrew Nilon and Giovanni Sandoval, based on the underlying case of *Andrew*

27  *Nilon v. Natural Immunogenics Corp.*, San Diego Superior Court Case No.: 37-2012-00093325

28  (filed March 5, 2012), removed to S.D. Cal. Case No. 12-cv-930. *Id.*, ¶¶ 318-334.  Count Two is

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

4

OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116 4831-6217-1061.2

for Violation of RICO Section 1962(c) based on alleged predicate acts of mail fraud (18 U.S.C. §§ 1341, 1349 (2018)), wire fraud (18 U.S.C. §§1343, 1349), extortion (18 U.S.C. §1951), obstruction of justice (18 U.S.C. §§ 1503,1512(c)), bribery of a witness (18 U.S.C. § 201), and witness tampering (18 U.S.C.§ 1512(b)). *See Id.*, ¶¶ 335-391. NIC alleged these predicate acts occurred in connection with eight lawsuits, four of which were based on violations of the California Consumer Legal Remedies Act and the other four were based on violations of the California Invasion of Privacy Act or CIPA. NIC's RICO claim based on Section 1962(d) initially asserted against all defendants, but on August 1, 2016, the Court entered an order granting the NTG Defendants' motion to dismiss the second and third counts against Victoria Knowles, in addition to granting the Non-NTG Defendants' motion to dismiss the second count against Sam Pfleg, Matthew Dronkers, Taylor Demulder and Sam Schoonover. *See* Dkt. 157. As a result, the second count is now only asserted against all NTG Defendants except Victoria Knowles, Andrew Nilon, and Giovanni Sandoval.

Count Three is for Conspiracy to Violate RICO Section 1962(d) and is based on the same alleged predicate acts and the eight lawsuits previously filed that are identified in the second count of Plaintiff's SAC. (Dkt. 92, ¶¶ 392-400.) The Court previously dismissed third count against Victoria Knowles. (Dkt.157.) Accordingly, the third count is now asserted against all defendants associated with NTG, except Victoria Knowles.

Count Four of the SAC is Unfair Competition, in which Plaintiff's claim the conduct alleged in Counts One, Two and Three constitute unfair, unlawful, and/or fraudulent business practices in accordance with the Business & Professions Code section 17200. (Dkt. 92, ¶¶ 401-412.) The fourth count was initially brought against all defendants and also sought to assert claims on behalf of the general public.

On August 1, 2016, the Court granted the NTG Defendants' anti-SLAPP motion to strike all allegations purporting to bring the UCL claim on behalf of the general public and also granted the Non-NTG Defendants' motion to dismiss the fourth count against Sam Pfleg, Matthew Dronkers, Taylor Demulder and Sam Schoonover. (Dkt.157.) The fourth count is now only a direct claim by

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

5

OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116 4831-6217-1061.2

1  the Plaintiff and asserted against NTG, Scott Ferrell, Ryan Ferrell, Andrew Baslow, David Reid,

2  Victoria Knows, Andrew Nilon, and Giovanni Sandoval.

3        On August 26, 2016, Defendants filed Answers to the SAC. *See* Dkts. 161and 162. On

4  September 16, 2016, as permitted by Rule 15(a)(1)(A), Defendants filed Amended Answers to the

5  SAC. (*See* Dkts. 173 and 174.)  Fact discovery was cut off on November 6, 2017 (Dkt. No. 447.)

6  Trial has been delayed time and time again in this case.  A Trial Setting Conference was finally

7  held on December 16, 2019, and a trial date was set.  Trial is currently scheduled for November 3,

8  2020.

9        NIC now moves to once again amend its Complaint after over four years of discovery and

10  only months before Trial.  This amendment expands the theories of liability in this case by adding

11  new and distinct predicate cases.  The allegations regarding Strataluz and the ProMaxal litigation

12  are not based upon the "sham plaintiff" theory as the current eight predicate case do.  Instead NIC

13  brings an entirely new scheme in which the only defendants involved are Scott Ferrell and David

14  Reid.  No other defendants are implicated in these new allegations.  (Dkt. 892-4 ¶¶ 359-377.)

15  Instead, the new allegations pertain to Strataluz, a business operated by Scott Ferrell and David

16  Reid.  These two defendants allegedly filed lawsuits against competitors based on false allegations.

17  *Id*.  This scheme is entirely different and unrelated to the alleged plaintiff-for-hire schemes alleged

18  in the SAC.  These new predicate acts add an additional seven predicate cases for a total of thirteen

19  predicate cases.

20     **3. LEGAL ARGUMENT**

21        **3.1 <u>This Court has Broad Discretion to Deny Plaintiff's Request to File an</u>**

22            **<u>Amended Pleading</u>**

23        A trial court has broad discretion in deciding to grant or deny leave to amend a complaint

24  and its decision will be reversed only for abuse of discretion. *See Swanson v. U.S. Forest Serv*, 87

25  F.3d 339, 343 (9th Cir. 1996).  Leave to amend is not absolute.  Courts routinely deny motions to

26  amend when, as here, the moving party acts in bad faith, causes undue delay, where there would be

27  prejudice to the opposing party, or where the amendment would be futile. *Foman v. Davis*, 371

28  U.S. 178, 182 (1962).  Undue prejudice to the opposing party is the factor which carries the

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6

OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116  4831-6217-1061.2

1    greatest weight in the Court's determination. *See Eminence Capital*, 316 F.2d at 1052.

2    Furthermore, Rule 15 allows the Court to impose conditions when allowing a party leave to amend,

3    the most common condition being costs. S*ee Pollux Marine Agencies, Inc. v. Louis Dreyfus Corp.*,

4    455 F.Supp 211, 216 (S.D.N.Y. 1978). If a party seeks leave to amend until after discovery has

5    closed then the amendment must not only be theoretically viable, but also solidly grounded on the

6    record. *See Resolution Trust Corp. v. Gold., 30 F.2d 251, 253* (1st Cir. 1994.)

7         It is in the interests of justice to move this case forward to trial. The proposed amendments

8    NIC's Complaint is not innocuous facts, it also contains allegations of additional predicate acts

9    which bring forth new theories of liability. The proposed TAC, if adopted will necessarily lead to

10   further discovery and will be highly prejudicial to defendants.

11        This case has been heavily litigated for over five years. NIC has had ample opportunity to

12   conduct discovery. The amount in controversy does is not proportional to NIC's need to amend its

13   complaint once more. Moreover, the additional predicate acts in the TAC complaint is highly

14   prejudicial to all defendants and especially prejudicial to those defendants who have no

15   involvement with Strataluz.

16        **3.2   The Proposed Amendment is Highly Prejudicial to Defendants and was not**

17             **Made in Good Faith**

18        Undue prejudice is a dispositive factor in determining whether a motion for leave to amend

19   should be denied. See e.g., *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). A trial

20   court does not need to make an explicit finding of undue prejudice from the proposed amendment

21   itself where it is apparent from the record a defendant would be prejudice. *See Duchon v. Cajon*

22   *Co.*, 791 F.2d 43, 48 (6th Cir. 1986). "Putting the defendants 'through the time and expense of

23   continued litigation on a new theory, with the possibility of additional discovery, would be

24   manifestly unfair and unduly prejudicial.'" *Priddy v. Edelman, 883 F.2d 438, 447 (6th Cir. 1989)*

25   *(quoting Troxel Mfg. Co. v. Schwinn Bicycle Co., 489 F.2d 968, 971 (6th Cir. 1973), cert. denied,*

26   *416 U.S. 939, 94 S. Ct. 1942, 40 L. Ed. 2d 290 (1974)).*

27   ///

28   ///

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

7

OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116  4831-6217-1061.2

1    Not only will Defendants be prejudice by the delay, Defendants will also face extreme

2 prejudice because of the predicate acts to be added to the Complaint. The new allegations in the

3 proposed TAC include the predicate acts which involve an entirely separate scheme. NIC's TAC

4 attempts to expand the RICO allegations of a scheme involving Strataluz, an unrelated business

5 venture, involving only two defendants. Specifically, Strataluz was created to operate as a product

6 wholesaler, not a law firm, and was a distinct entity from NTG. Importantly, the RICO allegations

7 contained in the operative Complaint allege a criminal enterprise involving several defendants in in

8 addition to Scott Ferrell and David Reid.

9    The allegations regarding Strataluz and the ProMaxal litigation are not based upon the

10 "sham plaintiff" theory of the eight predicate acts alleged in the SAC. These additional seven

11 predicate cases involve an entirely different scheme in which the only defendants involved are

12 Scott Ferrell and David Reid. No other defendants are implicated in these new allegations. (Dkt.

13 892-4 ¶¶ 359-377). Instead, the new allegations pertain to Strataluz, a side business operated by

14 Scott Ferrell and David Reid. It is alleged that Scott Ferrell and David Reid used their Strataluz

15 side business to file lawsuits against competitors based on false allegations. *Id.* This scheme is

16 unrelated to the alleged plaintiff-for-hire schemes and do not implicate any of the other defendants.

17    The new allegations involving the Strataluz and ProMaxal litigation involves an entirely

18 deferent basis for liability. These new predicate acts create a new theory of liability based upon a

19 scheme which is unrelated to the eight predicate cases alleged in the SAC which the other

20 defendants were alleged to be involved. The proposed allegations related to Stratuluz involve only

21 two defendants, David Reid and Scott Ferrell. The eight predicate acts already plead the operative

22 Complaint involved false advertising and wiretap cases. While only two of the defendants are

23 implicated in these new predicate acts, the allegations in the proposed TAC will be highly

24 prejudicial in that all defendants will be implicated by association. The TAC does not implicate

25 that defendants Victoria Knowles, Andrew Baslow, and Ryan Ferrell had involvement with

26 Strataluz. Yet, the Strataluz allegations in the TAC will only serve to further put all defendants in a

27 bad light when they are not implicated in the new predicate acts alleged in the TAC.

28 / / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

8

OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116 4831-6217-1061.2

1    The new claims in the TAC will also require more discovery, including both lay and expert

2    discovery.  NIC is not simply making minor changes in the proposed TAC.  Rather, NIC seeks to

3    60 new paragraphs of allegations, many of which involve predicate acts unrelated to prior

4    allegations in the Complaint.  Defendants will necessarily need to conduct discovery on these new

5    allegations.  At the very least defendants, Scott Ferrell and David Reid will need to conduct

6    discovery to prepare defenses based upon the seven additional predicate acts which they are alleged

7    to be involved in.  This discovery will inevitably lead to a delay in trial which is scheduled to begin

8    in November 2020.  While many defendants are not implicated in these claims, they will have to sit

9    idly by while discovery is re-opened in order for other defendants to appropriately defend

10    themselves against the new claims.

11    Assuming, *arguendo,* the new predicate acts were unknown to NIC, the proposed

12    amendment does not serve to advance any interest but to further delay trial and further the costs of

13    litigation.  Plaintiff admits in its Motion that the new allegations will not change the amount of

14    liability in this case.  The extent of litigation in this case is already disproportionate to the amount

15    in controversy and granting leave to amend the complaint will only serve to further cause the scope

16    of the case to expand and delay trial.  There is no doubt Defendants will endure more expense in

17    litigating and preparing further defenses in this matter if Plaintiff is allowed leave to amend.

18    Either defendants will be prejudice if they are not allowed further discovery to prepare a defense

19    based upon the new allegations or they will be prejudice because further litigation will inevitably

20    lead to a trial continuance.

21    It is evident that the proposed Motion was not brought in good faith.  Not only is it designed

22    to surprise defendants with new theories of liability, the TAC also contains extremely prejudicial

23    information that does not support any of the substantive issues in the Complaint.  In addition to

24    new theories of liability regarding Strataluz and the ProMaxal litigation, the proposed TAC

25    contains new allegations unrelated to anything obtained from recent discovery.  For example, NIC

26    proposes to add in language in Paragraph 4 of the claim stating that "[Ryan Ferrell] was licensed in

27    the state of Arizona and the Ninth Circuit Court of Appeals but was disbarred in both jurisdictions

28    in 2019." (See Dkt 892-4). This proposed amendment to the Complaint does not help establish

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

9
OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116  4831-6217-1061.2

predicate act, nor is this information from the fruits of new discovery which Plaintiffs did not have access to.  Instead, it only serves to further paint Ryan Ferrell in a bad light.  Allegations like these that are solely based upon recent developments only serve a prejudice against the defendants, they do nothing to bolster Plaintiff's case or show a pattern of activity in support of their RICO claims.  The TAC.   Therefore, NIC's Motion should be denied because it is highly prejudicial and was not brought in good faith.

### 3.3 NIC's Amended Complaint was Brought with Undue Delay

NIC's Motion for Leave to Amend should be denied because of its undue delay.  Undue delay can be found when the moving party knew or should have known the facts or issues presented in the proposed amendment, but excluded them from the prior pleading. *Jackson*, 902 F.2d at 1399.  "Courts have found that a party unduly delayed when the party sought to amend a pleading with previously-known facts, particularly when the delay is accompanied by the requisite showing of other Foman factors such as prejudice. *Dupree v. Apple, Inc.*, No. 16-CV-00289-LHK, 2017 U.S. Dist. LEXIS 7765, at *12-14 (N.D. Cal. Jan. 18, 2017); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (affirming denial of motion for leave to amend because of undue delay where, inter alia, moving party sought amendment "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint," and "after discovery was over, just four and a half months before the trial date").  Courts will also find undue delay where the amended complaint would lead to extensive additional discovery. See *e.g., Jordan v. County of L.A.*., 669 F.2d 1311, 1324 (9th Cir. 1982) (affirming denial of motion for leave to amend because of undue delay where the proposed amendment would have prejudiced the defendant by requiring "extensive, costly discovery in order to respond to the amended complaint"),

NIC initiated this lawsuit on December 7, 2015, the operative Complaint was filed on May 10, 2016.  Fact discovery was cut off on November 6, 2017.  (Dkt. No. 447).  Only limited discovery has been permitted since then.   NIC waited over five years after the filing of their initial complaint to file the TAC.  Crime fraud allegations are not new to this case.  The SAC contains a whole host of crime fraud allegations.  NIC now seeks to further complicate a case with 12

OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1601.116  4831-6217-1061.2

1  defendants and RICO claims with over 50 predicate acts by adding new allegations predicate acts

2  in the TAC.  The eight predicate cases in the operative Complaint are lawsuits related to false

3  advertising and wiretapping.  NIC alleges in the operative Complaint that these cases involved an

4  attorney-led scheme whereby lawsuits were filed by manufactured and false injuries alleged by

5  plaintiff's who were paid off by NTG.  The NTG defendants including the individual employees of

6  NTG, were all alleged to be part of the scheme in these predicate cases.

7         NIC unduly delayed in amending its complaint with respect to the allocations related to

8  Ryan Ferrell's filing a false declaration in the NIC matter.  NIC admits it has known of this

9  allegation for over three years now.  (see Dkt 892-1 at 21-22.)  In Crime Fraud Motions dating back

10  to April 2017, NIC alleged Ryan Ferrell submitted face declarations in the NIC matter.  (See Dkt

11  292-1 at 28-29).  The instant Motion provides no reasonable basis for why they delayed almost four

12  years in amending its Complaint to include this allegation.  There is no excuse for the delay other

13  than to gain unfair advantage over defendants.

14         NIC was also well aware of Strataluz but only now seeks leave to amend its Complaint to

15  add these new allegations related to Strataluz.  There have been several discovery motions related

16  to the Strataluz entity throughout the course of this litigation. Since early 2016, NIC has sought

17  information related to Strataluz. (See Dkt. 262; 298; 299.)   Now, four years later, NIC seeks leave

18  amend the Complaint by adding allegations of seven new predicate acts involving Strataluz.   At no

19  point prior this Motion did NIC inform defendants of its intent to amend the complaint by adding

20  the allegations involving Strataluz.  Since early 2016, NIC has sought information related to

21  Strataluz. (See Dkt. 262; 298; 299).   Now, four years later, NIC seeks leave amend the Complaint

22  by adding allegations of 7 new predicate acts involving an entirely different scheme then what was

23  plead in the Second Amended Complaint.  Not only has there been undue delay in bringing these

24  allegations in an amended complaint, but trial will be further delayed by the need for defendants to

25  conduct further discovery regarding these new allegations.  Consequently, NIC's motion for leave

26  should be denied for undue delay.

27  / / /

28  / / /

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

11
OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116  4831-6217-1061.2

### 4.  CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's motion for leave to amend.

Dated:  February 24, 2020

BREMER WHYTE BROWN & O'MEARA LLP

By: _____
Nicole Whyte
Benjamin Price
Kyle Riddles
Attorneys for Defendants
Ryan Ferrell; Victoria Knowles; Dave
Reid; and Andrew Lee Baslow

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

12

OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

1601.116  4831-6217-1061.2

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660.

On February 24, 2020, I served the within document(s) described as:

**DEFENDANTS RYAN FERRELL VICTORIA C. KNOWLES DAVID REID AND ANDREW LEE BASLOW'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT**

on the interested parties in this action as stated on the attached mailing list.

[X]   (BY CM/ECF) I hereby certify that I have caused the foregoing to be served upon counsel of record and all interested parties through the Court's electronic service system.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 24, 2020, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Laurinda L. Palacio | /s/ Laurinda L. Palacio |
|---|---|
| (Type or print name) | (Signature) |

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1

1601.116  4828-1753-6181.1

<u>**Natural-Immunogenics Corp. v. Newport Trial Group, et al**</u>

**Case No. 8:15-cv-02034-JVS-JCG**

**BWB&O CLIENT:      Ryan Ferrell; Victoria Knowles; Dave Reid; and Andrew Lee Baslow**

**BWB&O FILE NO.:      1601.116**

<u>**SERVICE LIST**</u>

**Peter A Arhangelsky**
parhangelsky@emord.com,eawerbuch@emord.com,jemord@emord.com,jfurman@emord.com,jfernandes@emord.com

**Eric J Awerbuch**
eawerbuch@emord.com

**Daniel J Callahan**
daniel@callahan-law.com

**Rosalyn Chapman (Ret.)**
rchapman@jamsadr.com

**Rosalyn Chapman (Ret.)**
rchapman@jamsadr.com

**David J Darnell**
ddarnell@callahan-law.com,mkingsbury@callahan-law.com,dhalbert@callahan-law.com

**Kristopher Price Diulio**
kdiulio@forddiulio.com,jedwards@forddiulio.com

**Jonathan W Emord**
jemord@emord.com

**Saleem K Erakat**
serakat@callahan-law.com,mmartinez@callahan-law.com

**Brendan M Ford**
bford@forddiulio.com,kakiona@forddiulio.com

**Joshua S Furman**
jfurman@emord.com

**Leah M Kaufman**
leah@leahmkaufman.com

**James M Sabovich**
jsabovich@callahan-law.com,srobinson@callahan-law.com,dconrad@callahan-law.com

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

1601.116 4828-1753-6181.1

1  **Tyler E Sanchez**
tsanchez@forddiulio.com
2  **Stephanie A Sperber**
ssperber@callahan-law.com,dconrad@callahan-law.com
3
**Edward Susolik**
4  es@callahan-law.com
5  **T Scott Vick**
scott@vicklawgroup.com,catherine@vicklawgroup.com,april@vicklawgroup.com
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3

1601.116  4828-1753-6181.1