Hon. Rosalyn M. Chapman (Ret.)
JAMS
555 West 5th Street, 32nd Floor
Los Angeles, CA 90013
213-253-9776
SPECIAL MASTER

FILED
CLERK, U.S. DISTRICT COURT
4/16/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: LB DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., a Florida corporation, <br><br> Plaintiff, <br> v. <br><br> NEWPORT TRIAL GROUP, a California corporation; SCOTT J. FERRELL, a California resident; RYAN M. FERRELL, an Arizona resident; VICTORIA C. KNOWLES, a California resident; DAVID REID, a California resident; ANDREW LEE BASLOW, a California resident; ANDREW NILON, a California resident; SAM PFLEG, a California resident; MATTHEW DRONKERS, a California resident; TAYLOR DEMULDER, a Nevada resident; SAM SCHOONOVER, a California resident; GIOVANNI SANDOVAL, an Arizona resident; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No: 15 CV-02034-JVS (JCGx) <br><br> (JAMS Ref. No: 1220055347) |

1

## ORDER DENYING APPLICATION TO REDACT RULE 37-1 JOINT STIPULATION AND TO FILE DOCUMENTS UNDER SEAL (DKT. NOS. 915-916)

On April 7, 2020, Plaintiff Natural-Immunogenics, Corp. ("NIC"), acting on behalf of Defendants Newport Trial Group ("NTG") and Sam Schoonover ("Schoonover") (collectively, "Defendants"), filed an application to redact portions of a Rule 37-1 Joint Stipulation and to file Exhibits 8, 12 and 14 to the Joint Stipulation under seal pursuant to Local Rule 79-5.2.2(b), Dkt. No. 915, and the sealed declaration of Joshua Furman with exhibits. Dkt. No. 916. On April 14, 2020, the parties filed a supplemental joint brief and the declarations of Brendan Ford and David Darnell. Dkt. No. 935. Pursuant to Local Rule 7-15, oral argument is deemed waived.

**I. The Parties' Dispute.**

On March 5, 2020, the Court granted NIC's motion to file a supplemental Step Two crime-fraud motion against Defendants, seeking the production of certain texts, emails and a related document. (Dkt. No. 902). The Joint Stipulation supporting the Step Two crime-fraud motion underlies the pending application, which seeks to redact portions of the Joint Stipulation and to seal Exhibits 8, 12 and 14 attached to the Joint Stipulation. (Dkt. Nos. 915-916).

Defendants assert that because the Court found good cause to enter a Protective Order (Dkt. No. 87), and Exhibits 8, 12 and 14 are designated "Confidential" under the Protective Order, the documents remain "Confidential." In fact, NIC has never challenged the Protective Order's application to the documents, as it could have under the Protective Order, and throughout this litigation, the Court has repeatedly continued to seal "Confidential" documents, which is the law of the case. As such, until the Court of Appeals determines whether the documents are covered by the attorney-client privilege or work product doctrine, which were the bases for the "Confidential" designations under the Protective Order, the documents remain protected. Thus, it

is of no consequence that, for discovery purposes, the Court found the documents must be produced to NIC under the crime-fraud exception to attorney-client privilege.

Moreover, Defendants contend, in considering whether to seal documents in the context of a non-dispositive motion, such as here, the Court must apply the "good cause" standard under Rule 26(c). In such non-dispositive motions, the public's right to access documents is rebutted. And NIC has not met its burden to show compelling reasons to disclose Defendants' "Confidential" documents. Further, Defendants seek reasonable expenses for opposing NIC's challenges to Defendants' request to redact portions of the Joint Stipulation and to seal Exhibits 8, 12, and 14.

NIC opposes Defendants' application for redaction and sealing, arguing the Court should apply the "compelling need" standard. And applying that standard, NIC asserts, the Court will conclude that Exhibits 8, 12 and 14, as well as the portions of the Joint Stipulation, are more than "tangentially" related to the merits of the case and, thus, should be available to the public. In fact, NIC argues, these documents clearly demonstrate the nature of NIC's scheme to defraud and that NTG was manufacturing litigation, as alleged in the Third Amended Complaint. Here, the documents were themselves instrumentalities for fraud.

NIC further contends that Defendants cannot show a compelling need to seal the documents because the documents are not subject to any claim of privilege, having been found by the Court to come within the crime-fraud exception to attorney-client privilege and work-product doctrine. In other words, the Court's determination that the documents come within the crime-fraud exception destroys any privilege Defendants may have claimed for the documents. The Court's recent sealing of two lines of transcript (Dkt. No. 926) does not change this analysis. In that circumstance, the request for sealing was unopposed by NIC and the transcript related to a Rule 16 motion for leave to take additional discovery, focusing on NIC's diligence and proportionality, rather than a motion intertwined with the merits of the case, like here.

## II. Discussion.

Generally, "we start with a strong presumption in favor of access to court records. The presumption of access is based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotation marks and citations omitted); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City & Cnty. of Honolulu* ("*Kamakana*"), 447 F.3d 1172, 1178 (9th Cir. 2006) ("Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." (internal quotation marks and citations omitted)).

"Two standards generally govern motions to seal documents like the one at issue here. First, a 'compelling reasons' standard applies to *most* judicial records. This standard derives from the common law right to inspect and copy public records and documents, including judicial records and documents. To limit this common law right of access, a party seeking to seal judicial records must show that compelling reasons supporting by specific factual findings … outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-678 (9th Cir. 2010, *as amended*) (footnote, internal quotation marks and citations omitted; emphasis added). "What constitutes a 'compelling reason' is best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citation omitted). Second, the Ninth Circuit has "carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case," based on the "good cause" language of Rule 26(c)(1), which governs the issuance of protective orders. *Id.* (citations omitted); *Pintos*, 605 F.3d. at 678.

"When deciding what test to apply to a motion to unseal a particular court filing – the presumptive 'compelling reasons' standard or the 'good cause' exception [to that standard] – [the

4

courts] have sometimes deployed the terms 'dispositive' and non-dispositive.'" *Ctr. for Auto Safety*, 809 F.3d at 1097. "Most litigation in a case is not literally 'dispositive,' but nevertheless involves important issues and information to which our case law demands the public should have access. To only apply the compelling reasons test to the narrow category of 'dispositive motions' goes against the long held interest in ensuring the public's understanding of the judicial process and of significant public events. Such a reading also contradicts our precedent, which presumes that the 'compelling reasons' standard applies to *most* judicial records." *Id.* at 1098-1099 (some internal quotation marks omitted; citations omitted; emphasis in original). "The focus in all of our cases is on whether the motion at issue is more than tangentially related to the underlying cause of action…. [P]lenty of technically nondispositive motions … are strongly correlative to the merits of a case." *Id.* at 1099 (citations omitted; footnote omitted).

It is undisputed that Exhibit 8 (Schoonover00082-Schoonover00092), Exhibit 12 (NTG005126-NTG005127) and Exhibit 14 (NTG005129-NTG005130) (collectively, the "Exhibits") are documents that the Court specifically found come within the crime-fraud exception to the attorney-client privilege and work product doctrine, after conducting *in camera* review. (Dkt. No. 659). This means the Exhibits are **not** privileged – and should never have been designated "Confidential" under the Protective Order. Apart from being non-privileged documents, it is undisputed that the Exhibits are not of the sort of documents traditionally kept secret, such as trade secrets. For these reasons alone, Defendants' application for redaction and to seal the Exhibits is denied.[1]

Additionally, Defendants have not shown any compelling reasons -- or even good cause— to seal the Exhibits and to keep them from the public. Rather, Defendants rely solely on the fact

---

[1] Defendants appear to argue that it is NIC's burden to show the Exhibits should not be sealed. The Special Master does not agree. As the parties moving to seal the documents (and to redact the Joint Stipulation), it is Defendants' burden to meet legal standards for redaction and sealing.

that the Exhibits were designated "Confidential" under the Protective Order and the Court has consistently continued to seal documents under the Protective Order, arguing that is "the law of the case." Not so. As the Ninth Circuit held in a similar situation, "a trial judge has broad discretion to reconsider [his] own interlocutory, pre-trial evidentiary rulings, particularly when no jury trial is involved"; thus, "no law of the case is at issue…." *Kamakana*, 447 F.3d at 1186.

Finally, although the Step Two motion is a discovery motion, the motion clearly relates to the merits of NIC's causes of action. *Ctr. for Auto Safety*, 809 F.3d at 1099. The Step Two motion is central to the issues in the pending case, as were the previous crime-fraud motions. Thus, under Ninth Circuit case law, the public should be able to access the Exhibits, which pertain to a matter of public interest. This is an additional reason to deny Defendants' application for redaction and to seal the Exhibits.

Because Defendants have not prevailed, Defendants' request for reasonable expenses is denied.

**ORDER**

1. Defendants' application to redact portions of the Joint Stipulation and to seal Exhibits 8, 12 and 14 attached to the Joint Stipulation is denied.

2. Defendants' request for reasonable expenses is denied.

Dated: April 16, 2020                By: _____
1220053347.71                             Hon. Rosalyn Chapman (Ret.)
                                          Special Master

6