Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Jonathan W. Emord, Esq. (pro hac vice)
jemord@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Drive, Bldg 6, Ste 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff Natural Immunogenics Corp.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS, a Florida corporation,<br><br>   Plaintiff,<br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>   Defendants. | Case No.: 8:15-cv-02034-JVS-JCG<br><br>**REPLY IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT'S *EX PARTE* APPLICATION TO EXTEND NIC'S DEADLINE TO FILE A RESPONSE TO COUNTERCLAIM (DKT. 918)**<br><br>Judge: Hon. James V. Selna |

1  Plaintiff/Counter-Defendant Natural Immunogenics Corp. ("NIC") hereby replies in support of NIC's *ex parte* application for an extension of NIC's deadline to file a response to Defendant Newport Trial Group's and Scott Ferrell's Counterclaim. *See* Dkt. 937 (the "Application"); *see also* Dkt. 947 (the "Opposition"). NIC sought a reasonable request grounded in fact and precedent. *See* Dkt. 937. In response, counsel for the Defendants' wrote a venomous and frivolous attack-piece against NIC's counsel rather than addressing the applicable standard. *See* Dkt. 947; *see also* Dkt. 947-1 (Declaration of David Darnell). NIC submits this short Reply to correct material misstatements of law and fact.

A new party added to a case via counterclaim must be personally served with the counterclaim and a summons consistent with Rule 4. *Kapu Gems v. Diamond Imports, Inc.*, No. 15-CV-03531, 2016 WL 4259119, at *6 (N.D. Cal. Aug. 12, 2016) (discussing application of Rule 4 to counterclaim that adds new parties). The burden of perfecting service is on NTG. If the counterclaimant would like to avoid the costs of personal service and achieve service by "first-class mail or other reliable means" they can "request that defendant waive personal service of summons." *Davilla v. Thinline Collections, LLC*, 230 F.R.D. 601, 602 (N.D. Cal. 2005). Waiver of personal service is governed by Rule 4(d). *Id.*; *see also AIRFX.com v. AirFX LLC*, No. CV 11-01064, 2011 WL 5007919, at *5 (D. Ariz. Oct. 20, 2011) ("Rule 4(d), Fed.R.Civ.P. governs waiver of service."). "A plaintiff may request that an eligible defendant waive service by following the requirements set forth in Rule 4(d)." *AIRFX.com*, 2011 WL 5007919, at *5. Rule 4(d)(3) provides for an automatic 60-day extension of time to file a responsive pleading for a defendant that waives personal service. Fed. R. Civ. P. 4(d)(3).

Here, NTG filed a counterclaim and was therefore obligated to effect service under the Federal Rules of Civil Procedure. NTG's counsel, Mr. Darnell, concedes that he asked if the newly added counter-defendants would agree to accept service via CM/ECF (i.e., other reliable means). Mr. Darnell essentially requested a

REPLY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO EXTEND NIC'S DEADLINE TO FILE A RESPONSIVE PLEADING OR MOTION TO COUNTERCLAIM (DKT. 918)

1

1  waiver of his client's requirement to personally serve the new parties. The record
2  also shows that those new parties did, in fact, agree to waive service. Rule 4(d)
3  governs the effect of that request and waiver. That is basic Federal Procedure.
4  NIC never stated that NTG had "asked for service or a waiver of service under
5  Fed. R. Civ. P. 4(d)." *See* Dkt. 947 at 2, 8-10 (NTG's opposition advancing that
6  incorrect allegation). NIC attached the relevant communications and directed the
7  Court to that record. NIC simply explained that—whether he realized it—Mr.
8  Darnell's request for a waiver of NTG's obligation to personally serve new parties
9  would, in fact, result in a 60-day timeline for those parties to file a responsive
10 pleading under the Rules. That is because NTG cannot obtain a waiver of its
11 obligation to personally serve new parties without proceeding through the
12 procedure in Rule 4(d). *AIRFX.com*, 2011 WL 5007919, at *5.

13       This Court should nonetheless address another pressing concern. NTG's
14 opposition brief is replete with venomous and unprofessional rhetoric against
15 opposing counsel, and fails to provide authority for the proposition that a plaintiff
16 can avoid its obligation to effect personal service through any means other than
17 Rule 4(d). *See generally* Dkt. 947. Moreover, the same unprofessional rhetoric
18 was submitted under penalty of perjury by NTG's Counsel David Darnell. *See*
19 Dkt. 947-1. Mr. Darnell labels opposing counsel liars in his submission, and states
20 that NIC counsel lied to this Court. This District's Civility and Professionalism
21 Guidelines are designed to protect counsel and this venerable forum from
22 misbehavior of this nature. *See* Guidelines at Section 8. NIC has consistently
23 asked this Court to enforce those guidelines, and we do so again here.

24       The dispute here is one of basic procedure and NTG's opposition on that
25 point was unsupported. NIC requests that this Court issue the reasonable extension
26 requested in its *ex parte* application.

27
28

REPLY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO EXTEND NIC'S DEADLINE TO FILE A RESPONSIVE PLEADING OR MOTION TO COUNTERCLAIM (DKT. 918)

2

DATED:  April 16, 2020.

                    Respectfully submitted,

                    NATURAL IMMUNOGENICS CORP.

                    By:  /s/ Peter A. Arhangelsky
                    Peter A. Arhangelsky
                    *Counsel for NIC*

REPLY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO EXTEND NIC'S DEADLINE TO FILE A RESPONSIVE PLEADING OR MOTION TO COUNTERCLAIM (DKT. 918)

3

# CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2020 the foregoing, **REPLY IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT'S EX PARTE APPLICATION TO EXTEND NIC'S DEADLINE TO FILE A RESPONSE TO COUNTERCLAIM (DKT. 918)** was electronically filed using the Court's CM/ECF system and was sent by that system to the following:

Brendan M. Ford, Esq.
bford@FordDiulio, P.C.
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
*Attorney for Andrew Nilon, Giovanni Sandoval,*
*Sam Schoonover, Matthew Dronkers, Taylor Demulder, Sam Pfleg,*

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
*Attorney for Newport Trial Group and Scott Ferrell*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  Nicole Whyte
   nwhyte@bremerwhyte.com
2  Benjamin Price
3  bprice@bremerwhyte.com
   Kyle A. Riddles
4  kriddles@bremerwhyte.com
5  Bremer Whyte Brown & O'Meara, LLP
   20320 S.W. Birch Street
6  Second Floor
7  Newport Beach, CA 92660
   Tel: (949) 211-1000
8  *Attorneys for Ryan Ferrell. Andre Baslow, David Reid, and Victoria*
9  *Knowles*

        /s/ *Peter A. Arhangelsky*
        Peter A. Arhangelsky, Esq.

---

REPLY IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO EXTEND NIC'S DEADLINE TO FILE A RESPONSIVE PLEADING OR MOTION TO COUNTERCLAIM (DKT. 918)

5