Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr., Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | Case No. 8:15-cv-02034-JVS (JCG) <br> JAMS No. 1220055347 <br><br> **PLAINTIFF'S L.R. 37-2.3 SUPPLEMENTAL BRIEF RE:** <br><br> **PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL DOCUMENTS UNDER THE CRIME-FRAUD EXCEPTION** <br><br> Master:  Hon. Rosalyn Chapman <br> Judge:   Hon. James V. Selna |

Plaintiff NIC files this L.R. 37-2.3 Supplemental Memorandum supporting NIC's Supplemental Step-Two Crime-Fraud Motion filed at Docket Nos. 915 (public version) and 916 (sealed and redacted version) (the "Joint Stipulation").

The Defendants' portion of the Joint Stipulation failed to address the crime-fraud standard. Dkt. 916 at 20-28. Defendants make no argument that Schoonover's documents are not in furtherance of the crime/fraud the Court identified in Docket Nos. 659 and 820. *Id*. That failure is dispositive. *Heraldez v. Bayview Loan Servicing, LLC*, No. CV 16-1978-R, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), *aff'd*, 719 F. App'x 663 (9th Cir. 2018) ("Failure to oppose constitutes a waiver or abandonment of the issue").

Instead of responding on the merits, Defendants argue for an unreasonable and erroneously narrow interpretation of Judge Selna's Order [Dkt. 902]. Dkt. 916-1 at 24-28. They argue discovery should be denied for documents that relate in any capacity to the *Vogue* matter. *Id*. That argument conflicts with Judge Selna's order granting NIC leave to file a Supplemental Step Two Crime-Fraud Motion. The Defendants ask the Special Master to hold that this discovery is not proportional under Rule 26(b)(1) even though the Court granted NIC the right to file its motion because such discovery **was proportional** under Rule 26(b)(1). *See* Dkt. 902 at 15 ("The Court finds the request proportional to the needs of this case"). Thus, as explained below, the Special Master should grant NIC's motion in its entirety and compel production of all Schoonover texts identified on Appendix 1[1] [Dkt. 854-2] under the crime-fraud exception.

---

[1] In objections to the Special Master's Order at Docket No. 876, NIC chose not to reassert its request for the documents in subsection 2 of Appendix 1 (the NTG bates numbered documents). *See* Dkt. 854-2 at 4. Those four messages are thus not at issue.

### A. Defendants Waived Arguments in Opposition to the Crime-Fraud Exception

NIC's motion argued that the Special Master should apply the crime-fraud exception to Schoonover texts identified on Appendix 1 [Dkt. 854-2] because they were created in furtherance of the fraudulent scheme the Court referenced in Docket Nos. 659 and 820. Dkt. 916 at 13-20. Defendants did not address that issue in their opposition. *Id*. at 20-28. They did not address the application of the crime-fraud exception to the documents. *Id*.

The Court may grant a moving party's motion when the non-movant fails to respond. *Heraldez*, No. CV 16-1978-R, 2016 WL 10834101, at *2 ("Failure to oppose constitutes a waiver or abandonment of the issue"); *see also Asia Econ. Inst. v. Xcentric Ventures, LLC*, No. CV 10-1360 SVW PJWX, 2010 WL 4977054, at *26 (C.D. Cal. July 19, 2010) (Failure to oppose operates as a waiver pursuant to C.D. Cal. L.R. 7-12). Defendants' waiver is dispositive, warranting application of the crime-fraud exception to the documents.

### B. The Court Expressly Permitted the Special Master to Compel Production if the Documents Fall Within the Crime-Fraud Exception

NIC moved for leave to file a Supplemental Step-Two Crime-Fraud Motion to Compel a small number of texts exchanged between Sam Schoonover and Andrew Baslow. *See* Dkt. 854-1 at 23-29. The Defendants' primary argument against that request was that the texts did not relate to the SAC case, and NIC's motion was therefore not proportional under Rule 26(b). *Id*. at 54-56. The Court rejected Defendants' argument:

> The Court finds the request proportional to the needs of this case given: (1) the suggestive nature of the text messages between Schoonover and Baslow that immediately follow the text messages at issue here; (2) that the text messages immediately following the text messages at issue here were vaguely labeled in the privilege log and were ultimately found to have fallen under the crime-fraud exception; and (3) the fact that the burden on this Court would be minimal should the special master grant

a step-two crime fraud motion since NIC only seeks in camera review of 16 pages of text messages.

*See* Dkt. 902 at 15. The Court's Order at Docket No 902 expressly permitted NIC to seek these additional texts under the crime-fraud exception, and held that the "minimal" burden of *in camera* review associated with that procedure was proportional to the needs of this case. *Id.*

The Court's Order makes clear that the Special Master need not evaluate whether this material is within the scope of discovery (i.e., proportional), because Judge Selna already evaluated that issue. The Court expressly found that *in camera* review under the crime-fraud procedure was appropriate under the Rule 26(b)(1) factors. Had the Court agreed with Defendant's position under Rule 26(b), it would have denied NIC's motion for leave to file the crime-fraud motion.

### C. Defendants' Arguments Conflict with the Court's Orders and Would Lead to an Illogical Outcome

Defendants argue that the Special Master should not follow the District Court's mandate and, instead, reevaluate issues already adjudicated by the Court. They argue that the Special Master should evaluate only whether the texts relate to the Vogue matter (in any capacity) and, if they do, cease further action. Nothing in the Court's Order [Dkt. 902] or its prior decisions supports that limitation, and the Special Master should reject it.

If adopted, the Defendants' position defeats the District Court's Order. Whether discovery is within the scope is decided by the District Court under Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1). The Court's initial limitation on Vogue-related discovery was based on a proportionality analysis. *See* Dkt. 902 at 14 (quoting prior order stating that "discovery [into Vogue] is not proportional"). But this discovery motion concerns a narrow subset of content—not discovery into Vogue generally. On that more specific issue (i.e., whether a crime-fraud motion for these *specific* documents was proportional), the Court found that *in camera*

review for the purpose of applying the crime-fraud exception was "proportional to the needs of the case." See Dkt. 902 at 15. The Court identified three specific reasons why the discovery is proportional. *Id.* (explaining the value of the communications, their small number, and the inaccuracy of subject matter descriptions on Defendants' privilege logs). Yet the Defendants now contend that the more general prohibition from Dkt. No. 414 should govern despite the Court's specific Order. The Order in Dkt. 902 controls, and the Special Master should reject Defendants' argument to the contrary.

The Court previously held that where a document relates to a non-SAC case, *but also relates to the NTG scheme as a whole*, the document is within the scope and subject to the crime-fraud exception. See Dkt. 659 at 25. The Defendants' argument conflicts directly with that prior Order (which rejected a nearly identical argument from Defendants). *Id.* Defendants argue that if a text relates to *Vogue* in any way, then it should not be disclosed. But the Court's prior order explained that where texts relate to the scheme in general, or to allegations in the Complaint (e.g., whether Schoonover conspired with NTG), then whether the communication also relates to a non-SAC case is immaterial. *Id.* The Court explained that these text messages are likely highly probative and have unique evidentiary value, which, at this juncture, makes *in camera* review proportional. See Dkt. 902 at 15. "Relevance" is different from "proportionality." The proportionality issue concerns only whether the Court should entertain the discovery. That issue has been resolved in NIC's favor. If the *in camera* review now reveals that the documents are "relevant" to NIC's RICO claims (and they evidently are), the files must be produced.

In sum, these texts are highly probative crime-fraud material that is relevant to NIC's primary RICO claims and NIC's conspiracy claims against Schoonover. Defendants have not contested that the files fall within the crime-fraud exception. Defendants had at least two opportunities to argue against proportionality—once

before the Special Master and then again on objections before Judge Selna. The Special Master at first denied NIC's exact request citing the prior restriction on *Vogue*-related discovery. *See* Order, Dkt. 876 at 29-30 (holding denied "NIC's request for permission to seek judicial review *in camera* of Schoonover's ten communications that related exclusively to the *Vogue* litigation"). The District Court reversed that exact holding. *See* Dkt. 902 at 15 (sustaining NIC's objections and holding the discovery proportional). Defendants nevertheless ask the Special Master to enter an order consistent with the Dkt. 876 Order overturned by the District Court. The Special Master should decline that invitation and follow the District Court.

### D. Conclusion

The Special Master should compel production of all documents identified on Appendix [854-2] under the crime-fraud exception. The documents relate to the racketeering scheme as a whole and Schoonover's agreement to participate in a RICO conspiracy. Those files are within the scope of discovery and subject to the crime-fraud exception.

Date: April 21, 2020
Respectfully Submitted,

EMORD & ASSOCIATES, PC

/s/ Peter A. Arhangelsky
Peter A. Arhangelsky (CA 291325)
Joshua S. Furman (pro hac vice)
*Attorneys for Plaintiff Natural-Immunogenics*

# CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2020 the foregoing, **PLAINTIFF'S L.R. 37-2.3 SUPPLEMENTAL BRIEF RE: PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL DOCUMENTS UNDER THE CRIME-FRAUD EXCEPTION** was electronically filed using the Court's CM/ECF system and was sent by that system to the following:

Brendan M. Ford, Esq.
bford@FordDiulio.com
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
*Attorney for Andrew Nilon, Giovanni Sandoval,*
*Sam Schoonover, Matthew Dronkers, Taylor Demulder, Sam Pfleg,*


David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
*Attorney for Newport Trial Group, Andrew Baslow,*
*Scott Ferrell, Ryan Ferrell, David Reid, and Victoria Knowles*

///

///

///

///

1  Nicole Whyte
   nwhyte@bremerwhyte.com
2  Benjamin Price
3  bprice@bremerwhyte.com
   Kyle A. Riddles
4  kriddles@bremerwhyte.com
5  Bremer Whyte Brown & O'Meara, LLP
   20320 S.W. Birch Street
6  Second Floor
7  Newport Beach, CA 92660
   Tel: (949) 211-1000
8  *Attorneys for Ryan Ferrell, Victoria Knowles, Andrew Baslow, David Reid*

                                        */s/ Peter A. Arhangelsky*
                                        Peter A. Arhangelsky, Esq.

PLAINTIFF'S L.R. 37-2.3 SUPPLEMENTAL BRIEF RE: PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL DOCUMENTS UNDER THE CRIME-FRAUD EXCEPTION
7