Brendan M. Ford (SBN 224333)
bford@FordDiulio.com
Kristopher P. Diulio (SBN 229399)
kdiulio@FordDiulio.com
Olivia S. Cannon (SBN 315553)
ocannon@FordDiulio.com
**FORD & DIULIO PC**
650 Town Center Drive, Suite 760
Costa Mesa, California 92626
Telephone: (714) 450-6830
Facsimile: (844) 437-7201

Attorneys for Defendants
ANDREW NILON, SAM PFLEG,
MATTHEW DRONKERS, TAYLOR
DEMULDER, SAM SCHOONOVER, and
GIOVANNI SANDOVAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>        Defendants.<br><br><br>AND RELATED COUNTERCLAIMS | Case No. 8:15-cv-02034-JVS-JCG<br><br>**DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S ORDER IN DOCKET NO. 945 (ORDER DENYING APPLICATION TO REDACT AND FILE DOCUMENTS UNDER SEAL)**<br><br>**[HEARING REQUESTED]**<br><br>Complaint Filed: December 7, 2015<br>Trial Date:        November 3, 2020 |

## I.     **INTRODUCTION**

Defendants Sam Schoonover ("Schoonover") and Newport Trial Group ("NTG") (collectively "Defendants") submit the following objections to the Special Master's Order (Dkt. 945) denying the application to redact the Rule 37-1 Joint Stipulation on Plaintiff Natural Immunogenics Corp.'s ("NIC") supplemental crime-fraud motion and to file documents therein under seal. Specifically, Defendants request that the Court:

a) Sustain their objections to the Special Master's Order denying the application to redact and seal, and that the Court find that the "Protected Material" in portions of NIC's latest discovery motion (*see* Dkt. 916-1 [Under Seal Motion]), along with Exhibit 8 (Dkt. 916-2), Exhibit 12 (Dkt. 916-3) and Exhibit 14 (Dkt. 916-4) thereto), should be redacted and filed under seal; and

b) Sustain their objections to the Special Master's Order denying Defendants' request for reasonable expenses, and the Court find that Defendants should be awarded reasonable expenses for having to oppose NIC's challenges to the application to seal and redact, as well as for preparing these objections.

On March 5, 2020, this Court issued an Order allowing NIC to file a supplemental motion to compel further discovery based on the crime-fraud exception to the attorney-client privilege. (*See* Dkt. 902.) NIC then drafted and circulated its portion of the Rule 37-1 Joint Stipulation on that discovery motion. NIC's portion of the Joint Stipulation included specific references to exhibits designated as "CONFIDENTIAL" under the Protective Order (Dkt. 87) in this case. (*See* Dkts. 915-916, along with Exhibit 8 (Dkt. 916-2), Exhibit 12 (Dkt. 916-3) and Exhibit 14 (Dkt. 916-4).) Hence, NIC as the moving party, but acting on behalf of Defendants, submitted an application to redact and seal portions of the Rule 37-1 Joint Stipulation and to file Exhibit 8, 12 and 14 to the Joint Stipulation under seal under Local Rule 79-5.2.2(b). (Dkt. 916.) Thereafter, the parties filed a joint brief with their respective arguments on whether the

Rule 37-1 Joint Stipulation and exhibits should be redacted and sealed (Dkt. 935), along with declarations from Brendan M. Ford (Dkt. 935-1) and David J. Darnell (Dkt. 935-2). On April 16, 2020, the Special Master issued an Order denying the application to redact and seal and denying Defendants' request for reasonable expenses. (Dkt. 945).

The Special Master's recent Order is erroneous for two reasons.

<u>First</u>, because the Order is contrary to multiple prior Orders from this Court approving both (a) the designation of privileged documents as "CONFIDENTIAL" (notwithstanding the Court compelling production based on an exception to privilege), and (b) the redaction and filing of said documents under seal before this Court. (*See* Dkts. 396, 587 and 926).

<u>Second</u>, because Defendants not only met the "good cause" standard to redact and seal the documents at issue (which is all that is required on NIC's non-dispositive discovery motion), but also provided a compelling reason (even though that is not the required standard for Defendants here) to do so and protect these materials from public view. Given Defendants' continuing assertion of privilege, public disclosure on the Court's docket would effectively destroy not only confidentiality, but also eviscerate Defendants' rights to seek further review of—and relief from—the Order on appeal.

Accordingly, Defendants respectfully request that this Court review the Special Master's ruling under the appropriate standard and sustain their objections as described below.

## II.   **ARGUMENT**

Under Federal Rule of Civil Procedure 53(f)(3) and (4), the Court is required to review all objections to the Special Master's findings of fact and conclusions of law *de novo*. *See* FED. R. CIV. PRO. 53(f)(3) and (4). To the extent the Court does not intend to sustain Defendants' objections outright, Defendants hereby request a hearing. *See* FED. R. CIV. PRO. 53(f)(1).

///

///

**A.** **This Court Has Repeatedly Found that Privileged Documents Subject to Compelled Production Shall Maintain Their "Protected Status" by Being Designated as "CONFIDENTIAL" and Through Filing with Redactions and Under Seal.**

There is no dispute that Exhibits 8, 12, and 14 (Dkts. 916-1, 916-2, 916-3 and 916-4) in NIC's latest discovery motion were previously designated as "CONFIDENTIAL" under the terms of the Protective Order (Dkt. 87). However, the Special Master concluded that each of these three exhibits "are documents that the Court specifically found come within the crime-fraud exception to the attorney-client privilege and work product doctrine, after conducting *in camera* review. (Dkt. No. 659)." According to the Special Master, this means the Exhibits are **not** privileged – and should never have been designated 'Confidential' under the Protective Order." (Dkt. 945 at 5.)

Respectfully, this conclusion by the Special Master is factually erroneous and legally improper as it seeks to hastily extinguish Defendants' important rights on appeal, all of which are expressly reserved.

**1.** **Documents Subject to Compelled Production Are Still Protected and Should Maintain their "Protected Status" in Public Filings before this Court**

The fact that a document has been subject to compelled production based on an exception to the attorney-client privilege does not mean the document was never privileged to begin with. It also does not mean that any and all claims of privilege— including rights to seek further review and relief on appeal—are now extinguished or mooted. Nor does it mean that such documents never should have been designated "CONFIDENTIAL" in the first place. Instead, because there are important rights that must be protected on appeal, the parties and the Court are able to avail themselves of the Protective Order and other related procedures, including redaction and filing under seal. Consistent with these principles, this Court has repeatedly ruled that privileged

documents subject to compelled production shall maintain their "protected status" and shall appropriately be designated as "CONFIDENTIAL" under the Protective Order, and that said materials shall also properly be redacted and filed under seal before the Court. (*See e.g.* Dkts. 396, 587 and 926).

The first such ruling came in Docket 396, which was issued in response to the Court's Order from June 19, 2017 (Dkt. 348) where the Court requested that the parties submit "proposed orders governing the protected status of the documents to be disclosed under the Court's aforementioned [crime-fraud] orders." (Dkt. 396 at 2.) In order to preserve the "the protected status of the documents to be disclosed," the Court ordered that the privileged Continuity document "subject to disclosure under the Court's May 2, 2017 Order shall be designated 'Confidential' under the existing stipulated protective order governing discovery in this case." (Dkt. 396.) In other words, the Court found that the protected status of privileged documents should be maintained, notwithstanding an order compelling their production under the crime-fraud exception. (*Id.*)[1]

The second such ruling came in Docket 587, where the Special Master found "good cause" and ordered that the privileged "Continuity Products Email" and language in NIC's brief quoting from that document shall be redacted and filed under seal. There, the Special Master found that "the proper standard to apply to Plaintiff's motion is the 'good cause' standard in Rule 26(c), rather than the compelling reasons standard, noting that the eleven documents and redactions in the proposed Joint Stipulation relate solely to a discovery dispute which, at this time, does not even tangentially relate to the merits of the pending RICO action." (Dkt. 587 at 3.) Hence, in such a non-dispositive

---

[1] *See also* Dkt. 348-1 at 15 (where the Court expressly held that a crime-fraud ruling is not a determination of "dispositive merits issues," that "the Court has only determined that (1) NIC proffered sufficient evidence to receive an in camera review and (2) that evidence, combined with the Court's in camera review, shows that it is more likely than not that the Document falls under the crime-fraud exception to the attorney-client privilege," that "any attempt by NIC to extend this factual determination to other areas of the litigation will likely require a further evidentiary showing," and that "this order has not prematurely decided the NTG Defendants' case.")

discovery motion (like NIC's latest motion here), there was good cause to seal and redact, and not destroy confidentiality by making those documents publicly available on the Court's docket. (*Id.*)

The third such ruling came most recently in Docket 926. There, the Court found that there was good cause to redact and seal references by NIC's counsel to the content of privileged documents that were disclosed before the reporter at a hearing before the Court on March 2, 2020. (Dkt. 926.) Importantly, the very privileged material that the Court found good cause to redact and seal in Docket 926 was the content of a text message from Schoonover, which itself is one of the Schoonover text messages that comprise Exhibit 8 (Dkt 916-2) in NIC's latest discovery motion (Dkts. 915, 916 and 916-2). In Docket 926, this Court ordered that references to the Schoonover text message in the transcript of proceeding from March 2, 2020, "shall be redacted to preserve and protect the confidentiality of the documents described, where were designated as 'CONFIDENTIAL' under the Protective Order in this case." (Dkt. 926.) The Court's exact reasoning in Docket 926 applies to Exhibits 8, 12 and 14, and all references or descriptions of the content of those exhibits in NIC's motion (collectively, the "Protected Material"). The Protected Material should also be redacted and filed under seal because the documents were designated as "CONFIDENTIAL" under the Protective Order in this case.

Obviously, if documents that were compelled to be produced automatically meant that the documents are not privileged and should not have been marked "CONFIDENTIAL" (as stated by the Special Master in Docket 945), then there would have been no reason for the Court to have previously ordered other compelled documents to be appropriately marked "CONFIDENTIAL" under the terms of the Protective Order. (*See* Dkt. 396.) Based on the prior Orders, this Court has recognized that while a document may be compelled to be produced, it should continue maintain its protected status as "CONFIDENTIAL" under the Protective Order. And, under the terms of the Protective Order, the Court has found that for any document designated as

**DEFENDANTS' OBJECTIONS TO DOCKET NO. 945**

"CONFIDENTIAL" by the parties "there is good cause why it should not be part of the public record of this case." (Dkt. 87 at 3, §1(B).)

Here, it is important that the materials in NIC's discovery motion are all subject to continuing claims of privilege (*see* Dkts. 935-1 at 4, ¶8(a) and 935-2 at 4, ¶¶8(a)-(b) [Declarations from Defendants' counsel stating these documents and all references to their conduct are "subject to continuing claims of privilege pending appeal after a final judgment or appealable order in this case."]), notwithstanding the Court's compelled production orders. This is especially important for appellate purposes because the propriety of those orders can only be reviewed on appeal after a final judgment or appealable order. Indeed, as noted by the United States Supreme Court in *U.S. v. Jicarilla Apache Nation* 564 U.S. 162 (2011), where documents were compelled to be produced by a lower court, the documents were produced "under a protective order that prevents disclosure to third parties until the case is resolved by the Court." *Id*. at 169, n. 2. The Supreme Court went on to hold that the "Government's compliance with the production order does not affect our review. Our decision may still provide effective relief by preventing further disclosure and by excluding the evidence from trial." *Id*.

In this case, it is undisputed that the Protected Materials, including those materials subject to compelled production by the Court, have been designated as "CONFIDENTIAL" in order to preserve the protected status of those documents on appeal. And there is no question that both NIC and the Court have full access to all documents referenced in NIC's motion. As such, the only question is whether such information should also be published to the Court's docket, and available to the general public. Because (a) NIC filed the Protected Material as part of a non-dispositive discovery motion, (b) publicly docketing the Protected Material would destroy confidentiality, and (c) publicly docketing the Protected Material would eviscerate Defendants' rights to seek further review and relief on appeal, Defendants' objections should be sustained.

2.      **NIC, the Party Seeking Disclosure of Documents Previously Marked "CONFIDENTIAL" Under the Protective Order, Has the Burden Of Showing Compelling Reasons to Disclose Documents, But Has Not Met its Burden.**

The Protected Material at issue was previously marked "CONFIDENTIAL" under the Protective Order. (Dkt. 87.) In issuing the Protective Order, the Court expressly contemplated that for any document designated as "CONFIDENTIAL" by the parties, "there is good cause why it should not be part of the public record of this case." (Dkt. 87 at 3, §1(B).) Thus, the plain language of the Protective Order supports a finding that there is good cause to redact, seal and keep this Protected Material from becoming publicly disclosed. Further, in the context of a non-dispositive discovery motion, NIC has the burden to present compelling reasons why these documents previously sealed by the Court in its Protective Order should now be made public.

In *Phillips ex rel. Estates of Byrd v. General Motors Corp. ("Phillips")*, the Ninth Circuit held that "when a party attaches a sealed discovery document to a non-dispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips* 307 F.3d 1206, 1213 (9th Cir. 2002). In so holding, the Ninth Circuit reasoned that when a court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id*. The Ninth Circuit remanded the matter to determine whether the party seeking disclosure had presented sufficient compelling reasons to lift the protective order in place and to make the material sought public. *Id*. at p. 1214.

Subsequent Ninth Circuit authority supports the holding in *Phillips*. For example, in *Foltz v. State Farm Mut. Auto. Ins. Co.* (*"Foltz"*), the Ninth Circuit cited its prior holding in *Phillips* with approval in discussing the different standards for sealing

documents in dispositive versus non-dispositive motions. *Foltz,* 331 F.3d 1122 (9th Cir. 2003). There, the Ninth Circuit again agreed that "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted." *Foltz* at 1135. The Ninth Circuit in *Foltz* also went on to state that in *Phillips*, "[w]e reasoned that the presumption of access was rebutted because when a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* Thus, the Ninth Circuit found that applying "the presumption of access in such a circumstance would undermine a district court's power to fashion effective protective orders. In short, 'good cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions. As we noted previously, to have been sealed at all, the discovery material in this case should have met the "good cause" standard of Rule 26(c)." *Id.*

Similarly, in *Kamakana v. City and County of Honolulu ("Kamakana")*, the Ninth Circuit cited with approval to both *Phillips* and *Foltz* in holding that the Ninth Circuit has "'carved out an exception to the presumption of access to judicial records… for a '*sealed discovery document* [attached] to a *non-dispositive* motion,' such that the usual presumption of the public's right of access is rebutted. There are, as we explained in *Foltz*, good reasons to distinguish between dispositive and non-dispositive motions." *Kamakana* 447 F.3d 1172, 1179 (9th Cir. 2006) [citations omitted]. Accordingly, the Ninth Circuit in *Kamakana* found that "[i]n sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons" support secrecy. A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* at 1180 (citations omitted).

In her Order, the Special Master cited to *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (*"Ctr. for Auto Safety"*) for the proposition that there is not a bright line rule between dispositive and non-dispositive motions, and that "[m]ost litigation in a case is not literally 'dispositive,' but nevertheless involves important issues and information to which our case law demands the public should have access." (Dkt. 945 at 5, citing *Ctr. for Auto Safety*, 809 F.3d at 1097.) The Special Master then went on to cite *Ctr. for Auto Safety* for the proposition that, "[t]he focus in all of our cases is on whether the motion at issue is more than tangentially related to the underlying cause of action…. [P]lenty of technically nondispositive motions … are strongly correlative to the merits of a case." *Id*. But here, the Ninth Circuit's observations in *Ctr. for Auto Safety* do not convert NIC's latest discovery motion (even one based on the crime-fraud exception) into a dispositive motion (which it is not[2]) that would require a different analysis than that provided under *Phillips*, *Foltz*, and *Kamakana* whereby "the usual presumption of the public's right of access is rebutted." *Kamakana*, 447 F.3d at 1179. A closer review of the facts and issues in *Ctr. for Auto Safety* further confirms this.

In *Ctr. for Auto Safety*, the Ninth Circuit held that when a third party intervened in an action to unseal documents attached to a motion for preliminary injunction, such a motion was not literally dispositive, but was "more than tangentially related to the underlying cause of action," and therefore required a higher standard for initially sealing the documents. *Ctr. for Auto Safety*, 809 F.3d at 1099. Importantly, however, the Ninth Circuit noted that what is "particularly relevant" is that "a motion for preliminary injunction frequently requires the court to address the merits of a case, which often includes the presentation of substantial evidence." *Id*. Thus, the Ninth Circuit ruled that because preliminary injunctions have been utilized to "test the boundaries of equal protection; police the separation of powers in times of domestic

---

[2] *See* Dkt. 348-1 at 15 (where this Court held that a crime-fraud ruling is not a determination of "dispositive merits issues")

and global instability; protect one of our most valuable rights, the right to retain United States citizenship; and even determine life or death," that "these impactful motions should not be categorically shielded from the public right of access." *Id.* at 1011. In reaching its holding in *Ctr. for Auto Safety*, the Ninth Circuit also cited with approval cases from other circuits, including a case from the Second Circuit for the proposition that "[d]ocuments submitted to the court exist on a 'continuum,' spanning those that play a role in 'determining litigants' substantive rights,' which are afforded 'strong weight,' to those that play only a 'negligible role in performance of Article III duties ... such as those passed between the parties in discovery,' which lie 'beyond the presumption's reach.' *Id.* at 1099-1100 [citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995)].

Here, NIC's motion is a non-dispositive discovery motion that is in no way comparable to a dispositive motion for summary judgment, or a preliminary injunction that is "more than tangentially related to the litigation." *Ctr. for Auto Safety*, 809 F.3d at 1099. Instead, if documents submitted to the court indeed exist on a "continuum," discovery motions are at the far end of that continuum, and that where, as here, the Court has already found good cause to keep the documents "CONFIDENTIAL" under the terms of the Protective Order, this showing "will suffice to keep sealed records attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180. The burden is therefore on NIC, as "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips* 307 F.3d at 1213.

All of NIC's crime-fraud motions were brought under Federal Rule of Evidence 104, and asked the Court to decide a "preliminary question" about the existence of a privilege. In making these determinations, the Court is not bound by the rules of evidence—and has acknowledged as much. (*See* Dkt. 659 at 8 [referencing "this rule" in Fed. R. Evid. 104 and finding: "In seeking to vitiate the attorney-client privilege pursuant to the crime-fraud exception, a party may use 'any relevant evidence, lawfully

obtained, that has not been adjudicated to be privileged.' <u>United States v. Zolin</u>, 491 U.S. 554, 575 (1989). Thus, the Court overrules the NTG Defendants' objections because **[**the Court] does not have to disregard otherwise inadmissible evidence in determining the scope of the privilege.")

Because the Court is only making a preliminary discovery determination, and its findings are not even subject to the rules of evidence (which was a critical factor in *Ctr. for Auto Safety*, 809 F.3d at 1099 [referencing requirement of "substantial evidence"]), the Court's crime-fraud rulings are not dispositive on any factual or ultimate issue to be decided by the jury at trial. Thus, while NIC may now self-servingly try to give the crime-fraud rulings more weight than they are entitled, this Court has repeatedly held that its crime-fraud findings are only for purposes of discovery, and are neither dispositive nor on the merits. *See* Dkt. 348-1 at 15 (expressly holding that a crime-fraud ruling is not a determination of "dispositive merits issues," that "the Court has only determined that (1) NIC proffered sufficient evidence to receive an in camera review and (2) that evidence, combined with the Court's in camera review, shows that it is more likely than not that the Document falls under the crime-fraud exception to the attorney-client privilege," that "any attempt by NIC to extend this factual determination to other areas of the litigation will likely require a further evidentiary showing," and that "this order has not prematurely decided the NTG Defendants' case.")

Similarly, and more recently, the Court again confirmed this point on August 2, 2019, as follows:

> [MR. DARNELL:]  … We don't want to try this on a discovery motion based upon declarations and affidavits from counsel with all due respect. We want to try this case based on the rules of evidence before the jury. Again, these are Rule 104 preliminary determinations as to the existence of privilege. So for counsel to stand up here and initiate some kind of draconian findings by the Court as if that's the end all, I think that is inappropriate. I respectfully disagree.

That's what we have trials for, Your Honor, and that's what we look
forward to having.

…

THE COURT: Well, obviously the fact that the Court orders production of
the documents just sets the bounds of documentary evidence, but it doesn't
carry any necessary foregone conclusion in terms of what the jury is going
to do.

(*See* Transcript of August 2, 2019 hearing at 32:15-24 and 34:5-9.)

Because of this, and because the Court has already found "good cause" exists to
protect this information (by already approving the Protective Order for privileged
documents subject to compelled production and by also finding good cause for the
redactions and sealing of such records), the onus here is on the party seeking to disclose
the Protected Material (NIC) to present sufficiently compelling reasons why those
documents need to be publicly disclosed.  *See Phillips* 307 F.3d at 1213.

### 3. NIC Cannot Meet its Burden of Showing Compelling Reasons to Make the Protected Materials Publicly Available When the Court Has Already Found Good Cause to Protect, Seal and Redact Other Identical "CONFIDENTIAL" Information.

The Court has already ordered that for any Protected Material marked
"CONFIDENTIAL", "there is good cause why it should not be part of the public record
of this case." (Dkt. 87, p. 3; *see also* Dkts. 386, 587 and 926.) Further, and in the
context of NIC's latest non-dispositive discovery motion, the burden is on NIC to
present compelling reasons why protections under the Protective Order should be put
aside and why the Protected Material must now be made publicly available. NIC is
unable to meet its burden. The Special Master's order was therefore in error, and the
Protected Material should be redacted and sealed.

At the same time, there is good cause for each of the three exhibits at issue in the
Motion, and each of the references to the content of those exhibits, to be redacted and

sealed. As detailed in the declarations of defense counsel submitted to the Special Master (*see* Dkts. 935-1 and 935-2), each of the three exhibits that were marked "CONFIDENTIAL" are privileged documents. Specifically, Exhibit 8 is a series of text messages between defendant Schoonover and a representative of his attorneys, which are therefore privileged. (Dkt. 935-1 at 3.) Exhibit 12 is an email and attachment exchanged between Ferrell, an attorney, and his consultant, which is likewise privileged. (Dkt. 935-2 at 3.) And like Exhibit 12, Exhibit 14 is a privileged internal email exchange at NTG between its attorneys and consultants. (*Id.*)

While such documents were subject to orders compelling their production in this case, they were still marked "CONFIDENTIAL," and they are still subject to continuing claims of privilege pending appeal—an appeal which can only occur after a final judgment or appealable order in this case. At the same time, any public disclosure now through the public docketing of these materials would destroy not only confidentiality, but also seriously threaten Defendants' rights to seek further review and relief on appeal. For this additional reason, there is good cause to redact and seal, and no compelling reason not to do so. Defendants' objections should be sustained.

## B.  <u>The Protected Material Should be Redacted and Sealed to Preserve the Status Quo Pending a Final Judgment or Appealable Order</u>

Finally, it is imperative that the Protected Material in NIC's discovery motion continue to be protected through redaction and under seal filings before this Court, particularly since the parties will not have a chance to address the merits of those production orders and related rulings by this Court until after a final judgment or appealable order. Such a ruling would also be consistent with Supreme Court precedent holding that when documents are subject to compelled production, they should be produced (as has been done in the case) "under a protective order that prevents disclosure to third parties until the case is resolved by the Court." *U.S. v. Jicarilla Apache Nation* 564 U.S. 162, 169, n. 2 (2011) (further holding that "Government's compliance with the production order does not affect our review. Our decision may still

provide effective relief by preventing further disclosure and by excluding the evidence from trial.")

Accordingly, and consistent with the other prior Orders issued by the Court (*see* Dkts. 396, 587 and 926), the Court should find – whether based on good cause, compelling reasons, or both – that the Protected Material in NIC's discovery motion should be redacted and filed under seal in order to preserve (and not destroy) Defendants' rights on appeal.

## C.   **The Special Master Erred In Not Awarding Defendants Reasonable Expenses**

The Special Master also erred in not awarding Defendants their reasonable fees and costs in opposing NIC's challenges to the application to redact and seal the narrowly tailored portions of NIC's supplemental crime-fraud motion. Because Defendants should have prevailed on these requests before the Special Master given the Court's prior Orders and the applicable standards and authorities, Defendants request that they be awarded their fees and costs in briefing those issues before the Special Master, as well as in connection with these objections.

## III.   **CONCLUSION**

The Special Master's Order denying the application to redact and seal (Dkt. 945) is contrary to multiple prior Orders from this Court finding that privileged documents subject to compelled production shall maintain their "protected status." Further, the Special Master's Order would eviscerate Defendants' important appellate rights. For these reasons, Defendants respectfully submit that there is both good cause and a compelling reason to Order the redaction and filing of these protected materials under seal.

Accordingly, Defendants respectfully request that the Court:

a) Sustain their objections to the Special Master's Order denying the application to redact and seal (Dkt. 945), and that the Court find that the "Protected Material" in portions of NIC's latest discovery motion

- 14 -

DEFENDANTS' OBJECTIONS TO DOCKET NO. 945

(*see* Dkt. 916-1 [Under Seal Motion]), along with Exhibit 8 (Dkt. 916-2), Exhibit 12 (Dkt. 916-3) and Exhibit 14 (Dkt. 916-4) thereto, should be redacted and filed under seal; and

b)  Sustain their objections to the Special Master's Order denying Defendants' request for reasonable expenses, and the Court find that Defendants should be awarded reasonable expenses for having to oppose NIC's challenges to the application to seal and redact, as well as for preparing these objections.

Dated:  April 23, 2020          **FORD & DIULIO PC**


By: */s/ Brendan M. Ford*
Brendan M. Ford
Kristopher P. Diulio
Olivia S. Cannon

Attorneys for Defendant SAM SCHOONOVER


Dated:  April 23, 2020          **CALLAHAN & BLAINE APLC**


By: */s/ David J. Darnell*
David J. Darnell

Attorneys for Defendants/Counterclaimants NEWPORT TRIAL GROUP and SCOTT J. FERRELL

**DEFENDANTS' OBJECTIONS TO DOCKET NO. 945**

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2020, I electronically filed the foregoing **DEFENDANTS' OBJECTIONS TO THE SPECIAL MASTER'S ORDER IN DOCKET NO. 945 (ORDER DENYING APPLICATION TO REDACT AND FILE DOCUMENTS UNDER SEAL)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

_/s/ Olivia S. Cannon_
Olivia S. Cannon