Nicole Whyte, State Bar No. 156503
nwhyte@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerwhyte.com
Kyle A. Riddles, State Bar No. 309854
kriddles@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Attorneys for Defendants,
Ryan Ferrell; Victoria Knowles; Dave Reid; and
Andrew Lee Baslow

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., a Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | Case No. 8:15-cv-02034-JVS-JCG<br><br>Judge: Hon. James v. Selna<br><br>**DEFENDANTS RYAN FERRELL, VICTORIA KNOWLES, DAVID REID, AND ANDREW LEE BASLOW'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Complaint Filed: December 7, 2015<br>Trial Date: November 3, 2020 |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT

1601.116  4843-5900-2299.1

# **TABLE OF CONTENTS**

**Page**

1.  INTRODUCTION ................................................................................................4
2.  ARGUMENT .......................................................................................................5
    2.1.  The Strataluz Allegations Must be Stricken Because the Allegations Are Immaterial and Impertinent .........................................5
    2.2.  The Allegations Must Be Stricken from the TAC Because They are Scandalous and Will Unduly Prejudice Defendants Not Part of the Strataluz Scheme Alleged in the TAC ....................................................................................................7
    2.3.  The Strataluz Allegations only Serve to Further Complicate the Case ...................................................................................................8
3.  CONCLUSION ....................................................................................................9

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

2
DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT
1601.116  4843-5900-2299.1

# TABLE OF AUTHORITIES

**Cases**                                                                                       **Page**

*Sidney-Vinstein v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983) .................................................................................. 5

Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993, rev'd on other grounds,
510 U.S. 517 (1994) ................................................................................................. 5

*Horowitz v. Sulla*,
  2014 U.S. Dist. LEXIS 33913, 2014 WL 1048798, at 10 (D. Haw. Mar. 14, 2014) ........................................................................................................................ 7

*United States v. 729,773 Acres of Land*,
  531 F. Supp. 967 (D. Haw. 1982) ............................................................................. 7

*Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*,
  217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) .......................................................... 7

*California ex rel.* State Lands Com. *v. United States*,
  512 F. Supp. 36 (N.D. Cal. 1981.) ............................................................................ 8

e. g., *Narragansett Tribe of Indians v. S.R.I. Land Dev. Corp.*,
  418 F. Supp. 798, 801-802 (D.R.I. 1976) ................................................................. 8

**Statutes**

18 U.S.C. § 1962 (2018) ............................................................................................. 6

**Rules**

Fed. R. Civ. Pro 12 ..................................................................................................... 4

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3

DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT

1601.116  4843-5900-2299.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

A Motion to Strike is entirely proper under Rule 12(f) where, as here, allegations in a Complaint are immaterial, impertinent, or scandalous. Fed. R. Civ. Pro 12(f). Contrary to Plaintiff's assertions in its Opposition, Defendants Victoria Knowles, David Reid, and Andrew Baslow ("Defendants") are not attempting to convert their Motion to Strike into a Motion to Dismiss under 12(b)(6). Instead, Defendants properly move this Court to strike those allegations in Plaintiff's Third Amended Complaint ("TAC") that are improperly plead.

This litigation has been ongoing for over four years, throughout which NIC had focused on two schemes as part of defendants RICO "enterprise". These two schemes were allegedly part of a "hub-and spoke structure", in which NTG, its attorneys, employees, and agents bribed sham plaintiffs to bring class action lawsuits against entities in order to extract settlements. (*See* Dkt. 92.) Now, however, Plaintiff filed its TAC which contains new allegations consisting of several more predicate acts. These predicate acts are entirely separate and distinct from the eight predicate acts making up the "hub-and-spoke" RICO enterprise involving "sham plaintiffs." There is no relationship between the allegations involving Strataluz and the wiretapping and false advertising schemes which served as the springboard for Plaintiff's RICO counts.

The subject allegations in the TAC must be stricken from the TAC because they are spurious issues that bare no relationship to the eight other predicate cases making up the alleged "hub-and-spoke" RICO enterprise under the sham plaintiff theory. These allegations pertaining to the Lanham Act involve no use of sham plaintiffs, and they only pertain to three defendants, NTG, Scott Ferrell, and David Reid. These three defendants allegedly created and utilized a business, Strataluz, to allegedly "defraud through the threat and filing of knowingly frivolous lawsuits under the Lanham Act." *Id.* ¶ 359. This alleged scheme bears no relationship to the

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

4
DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT
1601.116 4843-5900-2299.1

hub-and-spoke structure of the other eight predicate acts. The Strataluz allegations are also scandalous in that they are extremely prejudicial to those defendants who have not affiliation with Strataluz. The Strataluz allegations will undoubtedly expand the scope of litigation in this case, while having no impact on the amount of liability in controversy. Thus, paragraphs 21-22, 25, 40-45, 359-377 and 435, must be stricken from the TAC because they are immaterial, impertinent, and scandalous.

2. **ARGUMENT**

    2.1. <u>**The Strataluz Allegations Must be Stricken Because the Allegations Are Immaterial and Impertinent**</u>

In its Opposition Plaintiff asserts that defendants have made these same arguments before the Court in their Opposition to Plaintiff's Motion for Leave to file its Third Amended Complaint. (*See* Dkt. 968.) Plaintiff's Opposition cites from Court's ruling on their Motion to Leave in support of this argument. *Id*. Plaintiff's argument is misguided. Analysis of a Motion to Strike under Rule 12(f) differs than an analysis related to a Rule 15 Motion.

While motions to strike may generally be disfavored, "the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial, striking a motion to reconsider fails to comply with the policies underlying Fed. R. Civ. P. 12(f)." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Although Plaintiff may have been permitted leave to file the TAC under the liberality provided in a Rule 15 analysis, the Court has not yet determined whether the content of the allegations themselves contain spurious, immaterial, or scandalous issues.

Allegations in a pleading are deemed immaterial under a Rule 12 analysis where that material "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993, rev'd on other grounds, 510 U.S. 517 (1994).) A Court may also strike content from a pleading that is impertinent. Fed. R. Civ. Pro. 12 (f). "Impertinent

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

5
DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT
1601.116  4843-5900-2299.1

matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.

Striking the Strataluz allegations from the TAC pursuant to Rule 12(f) is entirely proper because they bear no relation to the underlying claims which make up the RICO enterprise. RICO is established "through a pattern of racketeering activity," § 1962(b); who, being employed by or associated with such an enterprise, conducts or participates in the conduct of its affairs "through a pattern of racketeering activity," § 1962(c); or, who conspires to violate first three subsections of § 1962, § 1962(d). 18 U.S.C. § 1962 (2018) (1982 ed., Supp. V.) The allegations pertaining to Strataluz's "Lanham Act scheme" are immaterial to Plaintiff's RICO Counts because they present an entirely new enterprise which bears no relation to the wiretapping and CLRA schemes. Since it is an entirely new enterprise it cannot meet the relatedness and continuity requirements of RICO.

The allegations are simply immaterial to the RICO "enterprise" as defined at paragraph 438 of the TAC. Specifically, Plaintiff describes the RICO enterprise as a "plaintiff for hire" scheme consisting of a "hub-and-spoke" structure involving the alleged wiretapping and CLRA schemes, with no description of any RICO "enterprise". (*see* Dkt. 911, ¶ 438.) The Strataluz allegations do not consist of the same "hub-and-spoke" enterprise which is the springboard for NIC's RICO counts against all defendants. It is an entirely new scheme that is unrelated to the "plaintiff for hire" scheme making up the RICO "enterprise." There is no similarity between these alleged schemes other than three defendants who were alleged to be part of the wiretapping and CLRA schemes are now alleged to have participated in Strataluz. Allegations that some of the same actors participated in a scheme is not enough to further a RICO enterprise as there is simply no continuity and relatedness to the enterprise as defined in the TAC.

///

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6
DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT

1601.116  4843-5900-2299.1

The Strataluz allegations are also immaterial as they advance no legitimate purpose of the litigation but to cause delay, confusion, and undue prejudice against all defendants. These allegations are similarly impertinent because they improperly advance an entirely new scheme, unrelated to the wiretapping and CLRA schemes, thereby creating a serious risk of prejudice and confusion of the issues.  Therefore, paragraphs 21-22, 25, 40-45, 359-377 and 435, must be stricken from the TAC.

### 2.2. The Allegations Must Be Stricken from the TAC Because They are Scandalous and Will Unduly Prejudice Defendants Not Part of the Strataluz Scheme Alleged in the TAC

While Rule 12(f) Motions are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations."  5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382.  The purpose of granting motions to strike is to "avoid . . . prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety." *Id*.  *See also Horowitz v. Sulla*, 2014 U.S. Dist. LEXIS 33913, 2014 WL 1048798, at 10 (D. Haw. Mar. 14, 2014); *United States v. 729,773 Acres of Land*, 531 F. Supp. 967, 971 (D. Haw. 1982); *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief.") (quoting *Secs. & Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)).

Here, the allegations in paragraphs 21-22, 25, 40-45, 359-377 and 435 are prejudicial in that the allegations put *all* defendants in a derogatory light by association.  Plaintiff attempts to tie in all defendants to the alleged Lanham Act scheme by alleging it was part of the overall RICO enterprise, when, in fact, it had no association with the other predicate acts which have been the subject of litigation in

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

7
DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT

1601.116  4843-5900-2299.1

this case for over four years. This is extremely prejudicial and scandalous because only three defendants are alleged to have participated in this entirely separate and distinct scheme. Yet, all defendants including Victoria Knowles, Ryan Ferrell, and Andrew Baslow will be implicated by association if Plaintiff is allowed to tie these allegations into the RICO enterprise. The only relation between the wiretapping and false adverting schemes which make up the RICO "enterprise" and the Strataluz allegations is that NTG, Scott Ferrell, and David Reid were alleged to have been participants. (see Dkt. 892-4 ¶¶ 359-377). There is no other common scheme between the Strataluz Lanham Act litigation and the wiretapping and false advertising schemes.

While Strataluz may have had common ownership with NTG, it was entirely separate and the alleged scheme was close-ended and limited to a period of mere months. Yet, the Strataluz allegations are unrelated and cannot be part of the overall hub-and-spoke nature of the wiretapping and false advertising enterprise. Strataluz was created to operate as a product wholesaler. It was not a law firm using its attorneys and investigators to hire "sham plaintiffs". To allow all defendants to be tied into this entirely separate, dusting, and closed-off scheme is extremely derogatory and prejudicial. Therefore, paragraphs 21-22, 25, 40-45, 359-377 and 435 should be stricken from the TAC.

### 2.3. The Strataluz Allegations only Serve to Further Complicate the Case

Contents of a pleading may also be stricken "where the motion may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California ex rel. State Lands Com. v. United States*, 512 F. Supp. 36 (N.D. Cal. 1981.); See, e. g., *Narragansett Tribe of Indians v. S.R.I. Land Dev. Corp.*, 418 F. Supp. 798, 801-802 (D.R.I. 1976).

///

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

8
DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT
1601.116 4843-5900-2299.1

Discovery will necessarily need to occur in order for Defendants to assert a proper defense at the time of trial. Yet, trial is currently scheduled to take place on November 2020. Litigation has been ongoing for over four years now and these new allegations will complicate matters further. The Court has ruled that discovery that has already taken place to date is "not proportional to the needs of the case." (Dkt 414 at 7.) There is no doubt Defendants will endure more expense in litigating and preparing further defenses in this matter if the Strataluz allegations pertaining to the Lanham Act scheme are not stricken from the TAC. The Court is well aware that further discovery will undoubtedly lead to more motion practice before the Court.

The Strataluz allegations do not even expand liability in this case. Liability in this case is based on the fixed damages caused by the RICO enterprise. The extent of litigation in this case is already disproportionate to the amount in controversy and if the subject allegations remain in the TAC they will only serve to further cause the scope of the case to expand and delay trial. Further complicating the case by introducing an entirely new scheme as part of the RICO claims this late in litigation is unnecessary and serves no legitimate purpose but to overly complicate an already complicated and heavily litigated case. For this reason, the Strataluz allegations should be stricken.

## 3.     CONCLUSION

For the forgoing reasons, Defendants respectfully request the Court grant its Motion to Strike allocations contained in paragraphs 21-22, 25, 40-45, 359-377 and 435 of the TAC.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

9

DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT

1601.116  4843-5900-2299.1

| | | |
|---|---|---|
| 1 | Dated: May 4, 2020 | BREMER WHYTE BROWN & O'MEARA LLP |
| 2 | | |
| 3 | | |
| 4 | | By: _____<br>Kyle A. Riddles |
| 5 | | Nicole Whyte<br>Benjamin Price |
| 6 | | Attorneys for Defendants<br>Ryan Ferrell; Victoria Knowles;<br>Dave Reid; and Andrew Lee Baslow |
| 7 | | |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

10

DEFENDANTS' REPLY INSUPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S THIRD AMENDED COMPLAINT

1601.116 4843-5900-2299.1

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660.

On May 4, 2020, I served the within document(s) described as:

**DEFENDANTS' REPLY IN SUPPPORT OF MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFFS' THIRD AMENDED COMPLAINT**

on the interested parties in this action as stated on the attached mailing list.

[X] (BY CM/ECF) I hereby certify that I have caused the foregoing to be served upon counsel of record and all interested parties through the Court's electronic service system.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 4, 2020, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Laurinda L. Palacio | /s/ Laurinda L. Palacio |
|---|---|
| (Type or print name) | (Signature) |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1

1601.116 4828-1753-6181.1

**Natural-Immunogenics Corp. v. Newport Trial Group, et al**

**Case No. 8:15-cv-02034-JVS-JCG**

**BWB&O CLIENT:** Ryan Ferrell; Victoria Knowles; Dave Reid; and Andrew Lee Baslow

**BWB&O FILE NO.:** 1601.116

**SERVICE LIST**

**Peter A Arhangelsky**
parhangelsky@emord.com,eawerbuch@emord.com,jemord@emord.com,jfurman@emord.com,jfernandes@emord.com

**Eric J Awerbuch**
eawerbuch@emord.com

**Daniel J Callahan**
daniel@callahan-law.com

**Rosalyn Chapman (Ret.)**
rchapman@jamsadr.com

**Rosalyn Chapman (Ret.)**
rchapman@jamsadr.com

**David J Darnell**
ddarnell@callahan-law.com,mkingsbury@callahan-law.com,dhalbert@callahan-law.com

**Kristopher Price Diulio**
kdiulio@forddiulio.com,jedwards@forddiulio.com

**Jonathan W Emord**
jemord@emord.com

**Saleem K Erakat**
serakat@callahan-law.com,mmartinez@callahan-law.com

**Brendan M Ford**
bford@forddiulio.com,kakiona@forddiulio.com

**Joshua S Furman**
jfurman@emord.com

**Leah M Kaufman**
leah@leahmkaufman.com

**James M Sabovich**
jsabovich@callahan-law.com,srobinson@callahan-law.com,dconrad@callahan-law.com

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

1601.116  4828-1753-6181.1

1 **Tyler E Sanchez**
tsanchez@forddiulio.com
2 **Stephanie A Sperber**
ssperber@callahan-law.com,dconrad@callahan-law.com
3
**Edward Susolik**
4 es@callahan-law.com

5 **T Scott Vick**
scott@vicklawgroup.com,catherine@vicklawgroup.com,april@vicklawgroup.com
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3

1601.116 4828-1753-6181.1