# Exhibit 1

| | |
|---|---|
| **From:** | David Darnell |
| **To:** | Joshua Furman |
| **Cc:** | Peter Arhangelsky; Jonathan Emord; Jennifer Fernandes; James M. Sabovich; Brendan Ford; Kristopher Diulio; Kyle A. Riddles |
| **Subject:** | RE: Subpoenas to NIC"s Counsel |
| **Date:** | Thursday, February 27, 2020 2:12:57 PM |
| **Attachments:** | image001.png |

Josh,

We can agree to accept a consolidated response to the four subpoenas, which will be subject to a reservation of rights by all parties/sides. We should also clarify that while we are willing to accept a consolidated response, that response should say if any of NIC's counsel (the Emord firm, Mr. Furman, Mr. Arhangelsky and/or Ms. Fernandes) have a specific or unique objection or response that is different from the others. I think this is implied and perhaps even understood but I am noting it here so there is no misunderstanding.

Please confirm that this is acceptable.

Thanks,

David J. Darnell, Esq.
CALLAHAN & BLAINE, APLC
3 Hutton Centre, Ninth Floor
Santa Ana, CA 92707
Tel.: (714) 241-4444
Fax: (714) 241-4445
E-Mail: ddarnell@callahan-law.com
Website: www.callahan-law.com
Link to Bio

*Privacy Notice*: This message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State law. If the reader of this message is not the intended recipient, or the employee or agent responsible for the delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or return email and delete the original email and any copies thereof.

 Please consider the environment before printing this e-mail.

**From:** David Darnell
**Sent:** Tuesday, February 25, 2020 4:20 PM
**To:** 'Joshua Furman'
**Cc:** Peter Arhangelsky; Jonathan Emord; Jennifer Fernandes; James M. Sabovich; Brendan Ford; Kristopher Diulio; Kyle A. Riddles
**Subject:** RE: Subpoenas to NIC's Counsel

Josh,

The extension is fine for the subpoenas to NIC's counsel. I will get back to you on the consolidated response proposal and any issues we should clarify on that and other terms, but since you already have an extension, we should be able to deal with that in the next day or two.

Regards,

David J. Darnell, Esq.
CALLAHAN & BLAINE, APLC
3 Hutton Centre, Ninth Floor
Santa Ana, CA 92707
Tel.: (714) 241-4444
Fax: (714) 241-4445
E-Mail: ddarnell@callahan-law.com
Website: www.callahan-law.com
Link to Bio

*Privacy Notice*: This message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State law. If the reader of this message is not the intended recipient, or the employee or agent responsible for the delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or return email and delete the original email and any copies thereof.

 Please consider the environment before printing this e-mail.

**From:** Joshua Furman [mailto:jfurman@emord.com]
**Sent:** Tuesday, February 25, 2020 3:52 PM
**To:** David Darnell
**Cc:** Peter Arhangelsky; Jonathan Emord; Jennifer Fernandes; James M. Sabovich; Brendan Ford; Kristopher Diulio; Kyle A. Riddles
**Subject:** RE: Subpoenas to NIC's Counsel

David,

I write to follow-up on our call this afternoon regarding the four Rule 45 subpoenas that you issued to NIC's counsel. As an initial matter, the parties still disagree over the enforceability and viability of those subpoenas. Judge Selna's order did not authorize those subpoenas. However, in the interest of compromise and in an effort to reduce the likelihood of a dispute over these issues, we believe that a modified version of your proposed solution is workable.

You had suggested that we could consolidate the subpoena responses and NIC's Rule 34 responses into one document as a means of reducing the burden imposed by the four subpoenas. You offered to extend the deadline to respond to the subpoenas to the same date as the deadline to respond to the Rule 34 requests. We do not believe that consolidating Rule 45 responses with Rule 34 responses would be practical and that approach would likely be confusing. Instead, we will agree to provide a consolidated subpoena response for all four subpoenas and a separate Rule 34 response for NIC. The consolidated subpoena response would be due on the same date as the Rule 34 responses. Any disputes over NIC's production can be resolved in the ordinary course.

Through this agreement, NIC does not waive its right to object to the subpoenas as exceeding the scope of permissible discovery and violating the Court's order. Please let me know if you will agree that NIC can serve a consolidated subpoena response and that the consolidated response will be due on the same date as NIC's Response to Defendants' Rule 34 requests.

Thank you.

**Joshua S. Furman, Esq.** | **EMORD & ASSOCIATES, P.C.** | 2730 S. Val Vista Dr., Bld. 6, Ste 133 | Gilbert, AZ 85295 | Firm: (602) 388-8899 | Direct: (602) 388-8901 | Facsimile: (602) 393-4361 | www.emord.com



NOTICE: This is a confidential communication intended for the recipient listed above. The content of this communication is protected from disclosure by the attorney-client privilege and the work product doctrine. If you are not the intended recipient, you should treat this communication as strictly confidential and provide it to the person intended. Duplication or distribution of this communication is prohibited by the sender. If this communication has been sent to you in error, please notify the sender and then immediately destroy the document.

**From:** David Darnell <ddarnell@callahan-law.com>
**Sent:** Monday, February 24, 2020 5:47 PM
**To:** Joshua Furman <jfurman@emord.com>
**Cc:** Peter Arhangelsky <PArhangelsky@emord.com>; Jonathan Emord <jemord@emord.com>; Jennifer Fernandes <jfernandes@emord.com>; James M. Sabovich <jsabovich@callahan-law.com>; Brendan Ford <bford@forddiulio.com>; Kristopher Diulio <kdiulio@forddiulio.com>; Kyle A. Riddles <kriddles@bremerwhyte.com>
**Subject:** RE: Subpoenas to NIC's Counsel

Josh,

Your response does not clarify the issues and concerns raised by our questions. If the same documents are subject to and reachable by the Rule 34 request to NIC (as you say in your email), then the "duplicative" subpoenas cannot be harassing and there would be no reason for NIC's counsel to refuse to stipulate that the same documents in their possession, custody and control will be addressed and included in the responses to the Rule 34 request to NIC.

I am available for a call tomorrow at 11 am. I am also available after 2 pm.

David J. Darnell, Esq.
CALLAHAN & BLAINE, APLC
3 Hutton Centre, Ninth Floor
Santa Ana, CA 92707
Tel.: (714) 241-4444
Fax: (714) 241-4445
E-Mail: ddarnell@callahan-law.com
Website: www.callahan-law.com
Link to Bio

*Privacy Notice*: This message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State law. If the reader of this message is not the intended recipient, or the employee or agent responsible for the delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or return email and delete the original email and any copies thereof.

 Please consider the environment before printing this e-mail.

**From:** Joshua Furman [mailto:jfurman@emord.com]
**Sent:** Monday, February 24, 2020 3:39 PM
**To:** David Darnell
**Cc:** Peter Arhangelsky; Jonathan Emord; Jennifer Fernandes; James M. Sabovich; Brendan Ford; Kristopher Diulio; Kyle A. Riddles
**Subject:** RE: Subpoenas to NIC's Counsel

David,

As we explained clearly in our email, the Court did not authorize Defendants to serve document subpoenas to NIC's counsel. The Court's order is unmistakable on that point. Your four subpoenas that are directed at NIC's counsel exceed the scope of permissible discovery, are unenforceable, and must be withdrawn. The Court authorized Defendants to serve one set Rule 34 requests to NIC and its counsel. Dkt. 891 at 18. Documents that are within NIC's counsel's possession by virtue of representation in this litigation are within NIC's possession, custody, and control and, absent other valid objections (we waive none here), would be reachable by a Rule 34 Request to NIC.

To your second question. You issued hundreds of document requests through four invalid and improper subpoenas. You served 273 document requests on NIC, opposing counsel's law firm, and individual staff members in that firm. There is substantial burden and expense associated with preparing individual responses and objections to those requests. Because the subpoenas are unauthorized and duplicative of the requests in the RFPs to NIC, there is absolutely no justification for that expense and burden. Thus, they appear to have been issued for the purpose of harassment. To be sure, our law firm is not a party in this litigation. You took literally no steps to avoid increasing burdens on non-parties as Rule 45(d) expressly requires.

As to your third question, we will not provide the requested stipulation, which is legally erroneous. There is no requirement for such a stipulation under the Federal Rules of Civil Procedure. NIC's responses, objections, and productions will comply fully with obligations under the federal rules, including the requirement that it produce documents within its possession, custody, or control. To the extent that NIC's counsel possesses non-privileged documents responsive to the requests, such documents will be produced subject of course to applicable objections.

Please let us know if you will be withdrawing the improper subpoenas. If, on the other hand, you would like the Court to review the abusive, harassing, and improperly issued subpoenas, we will proceed down that path. We are available tomorrow to discuss. Thank you.

**Joshua S. Furman, Esq.** | EMORD & ASSOCIATES, P.C. | 2730 S. Val Vista Dr., Bld. 6, Ste 133 | Gilbert, AZ 85295 | Firm: (602) 388-8899 | Direct: (602) 388-8901 | Facsimile: (602) 393-4361 | www.emord.com



NOTICE: This is a confidential communication intended for the recipient listed above. The content of

this communication is protected from disclosure by the attorney-client privilege and the work product doctrine. If you are not the intended recipient, you should treat this communication as strictly confidential and provide it to the person intended. Duplication or distribution of this communication is prohibited by the sender. If this communication has been sent to you in error, please notify the sender and then immediately destroy the document.

**From:** David Darnell <ddarnell@callahan-law.com>
**Sent:** Monday, February 24, 2020 3:56 PM
**To:** Joshua Furman <jfurman@emord.com>
**Cc:** Peter Arhangelsky <PArhangelsky@emord.com>; Jonathan Emord <jemord@emord.com>; Jennifer Fernandes <jfernandes@emord.com>; James M. Sabovich <jsabovich@callahan-law.com>; Brendan Ford <bford@forddiulio.com>; Kristopher Diulio <kdiulio@forddiulio.com>; Kyle A. Riddles <kriddles@bremerwhyte.com>
**Subject:** RE: Subpoenas to NIC's Counsel

Counsel,

We received your email and need more information in order to understand your position and the basis for your objections. Specifically, we seek clarification on the following:

> 1. Do you contend that any form of a discovery request to NIC's counsel is prohibited and/or unauthorized under the Court's Order in Docket 891? If so, please explain.
>
> 2. If the document requests in the subpoenas to NIC's counsel are "entirely duplicative" of the document requests to NIC (i.e., "the duplicative requests not only seek the same information, but they seek the same information from the same source"), how are the subpoenas to NIC's counsel needlessly harassing?
>
> 3. Will Emord & Associates, Joshua Furman, Jennifer Fernandes, and Peter Arhangelsky provide verifications and stipulate in writing that all documents in their possession, custody or control will be addressed and included in the responses to the document requests to NIC?

If you clarify these issues but still believe that a motion for a protective order and/or sanctions is necessary, please let us know when we can schedule a call to further discuss.

Regards,

David J. Darnell, Esq.
CALLAHAN & BLAINE, APLC
3 Hutton Centre, Ninth Floor
Santa Ana, CA 92707
Tel.: (714) 241-4444
Fax: (714) 241-4445
E-Mail: ddarnell@callahan-law.com
Website: www.callahan-law.com
Link to Bio

*Privacy Notice:* This message is intended only for the use of the individual to which it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable Federal or State law. If the

reader of this message is not the intended recipient, or the employee or agent responsible for the delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or return email and delete the original email and any copies thereof.

 Please consider the environment before printing this e-mail.

**From:** Joshua Furman [mailto:jfurman@emord.com]
**Sent:** Friday, February 21, 2020 3:41 PM
**To:** David Darnell
**Cc:** Peter Arhangelsky; Jonathan Emord; Jennifer Fernandes; James M. Sabovich; Brendan Ford; Kristopher Diulio; Kyle A. Riddles
**Subject:** Subpoenas to NIC's Counsel

Counsel,

We received the Defendants' document subpoenas to Jim Buc, MaryAnn Buc, Charlotte Carlberg, Joshua Furman, Jennifer Fernandes, Peter Arhangelsky, and Emord & Associates, and Requests for Production to NIC. We hereby demand that you withdraw the Rule 45 subpoenas to Joshua Furman, Peter Arhangelsky, Jennifer Fernandes, and Emord & Associates. Those subpoenas were not authorized by the Court's Order at Docket No. 891. Those subpoenas were designed to needlessly and maliciously harass opposing counsel. Moreover, those subpoenas seek entirely duplicative documents to those sought through the Defendants' Rule 34 Requests for Production to NIC.

The Court granted Ferrell leave to conduct limited discovery. The Court expressly identified the written discovery that Defendants were authorized to issue: "the Court … allows NTG to serve one set of document requests to NIC and its counsel, along with a records subpoena to each of the NIC witnesses." Dkt. 891 at 18. The Court therefore authorized only three subpoenas (one to each of the witnesses) and **one set of Rule 34 document requests to NIC and its counsel**. The Defendants have intentionally violated the Court's order by issuing four subpoenas to NIC's counsel and staff when such discovery was not authorized, and where that discovery comes well beyond the discovery cutoff in this case. The documents requested in those subpoenas are entirely duplicative of those requested in Ferrell's Rule 34 requests to NIC. Defendants defined "NIC" in the Rule 34 request to include NIC's counsel. As a result, the duplicative requests not only seek the same information, but they seek the same information from the same source. Thus, there does not appear to be any justification for the duplicative discovery other than for purposes of increasing an adversary's costs and burdens.

Defendants have issued grossly overbroad, burdensome, and improper discovery following the Court's order at Docket No. 891. You just issued 273 total requests to NIC and its counsel solely in relation to three declarations, where the sole purpose of supplemental discovery under the Court's Order (Dkt. 891 at 17-18) was to evaluate the *witneses'* credibility. That is an absurd number of requests under the circumstances. Those requests are not narrow or targeted, but are instead designs to be overbroad, burdensome, and include privileged information. A facial review of the requests issued demonstrates the improper purpose behind the Defendants' discovery practice. Rule 45 governs the subpoenas you served on opposing counsel. Even assuming those subpoenas were properly issued (they are not), the documents transparently violated Rule 45(d), in part, because they reflect no effort on your part to reduce the burdens on subpoenaed non-parties.

We demand that the Defendants withdraw the unauthorized and improper subpoenas issued to Emord & Associates, Joshua Furman, Jennifer Fernandes, and Peter Arhangelsky.  We would hope that basic professionalism renders this unnecessary.  But if you will not abide by the Court's instructions and the applicable rules governing discovery, we intend to seek a protective order and/or sanctions based on Defendants willful violation of the Court's order and clear intent to harass opposing counsel through the issuance of subpoenas that seek irrelevant personal information, and which entirely duplicate discovery sought from NIC.

Please confirm your withdrawal of those subpoenas by Tuesday, February 25 before we are required to incur more costs in addressing these issues.  Thank you.

**Joshua S. Furman, Esq. | EMORD & ASSOCIATES, P.C.** | 2730 S. Val Vista Dr., Bld. 6, Ste 133 | Gilbert, AZ 85295 | Firm: (602) 388-8899 | Direct: (602) 388-8901 | Facsimile: (602) 393-4361 | www.emord.com



NOTICE:  This is a confidential communication intended for the recipient listed above.  The content of this communication is protected from disclosure by the attorney-client privilege and the work product doctrine.  If you are not the intended recipient, you should treat this communication as strictly confidential and provide it to the person intended.  Duplication or distribution of this communication is prohibited by the sender.  If this communication has been sent to you in error, please notify the sender and then immediately destroy the document.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.