# Exhibit 10

Case 8:15-cv-02034-JVS-JCG   Document 981-11   Filed 05/11/20   Page 2 of 13   Page ID #:68335

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| Natural Immunogenics Corp. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:15-cv-02034-JVS-JCG |
| Newport Trial Group, et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Emord & Associates, P.C.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

### SEE EXHIBIT "A" ATTACHED

| Place: Callahan & Blaine, APLC<br>3 Hutton Centre Dr., 9th Floor, Santa Ana, CA 92707 | Date and Time:<br>03/02/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/12/2020

*CLERK OF COURT*

OR

_____           /s/ *(signature)*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Newport Trial Group and Scott J. Ferrell , who issues or requests this subpoena, are:
David J. Darnell, 3 Hutton Centre Dr., Ninth Floor, Santa Ana, CA 92707, ddarnell@callahan-law.com, (714) 241-4444

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:15-cv-02034-JVS-JCG

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"

# DOCUMENTS TO BE PRODUCED

1. "YOU," "YOUR" shall mean and refer to Emord & Associates, P.C. and any of its attorneys, agents, paralegals, employees, or other persons acting on its behalf.

2. "C. CARLBERG" shall mean and refer to Charlotte Carlberg.

3. "M. BUC" shall mean and refer to MaryAnn Buc.

4. "J. BUC" shall mean and refer to Jim Buc.

5. "TRYCIA" shall mean and refer to Trycia Carlberg.

6. "BROOKHART" shall mean and refer to Erika Brookhart.

7. "GEORGE" shall mean and refer to Jonathan George.

8. "FERNANDES" shall mean and refer to paralegal Jennifer Fernandes.

9. "DECLARANT(S)" shall mean and refer to C. CARLBERG, J. BUC, and/or M. BUC.

10. "FERRELL" shall mean and refer to SCOTT FERRELL.

11. "HERRERA" shall mean and refer to private investigator David Herrera.

12. "MARCELLO" shall mean and refer to private investigator John Marcello.

13. "PHONE RECORDS" shall mean and refer to the records for any mobile or hard line telephone used to conduct any COMMUNICATION subject to these document requests.

14. "INVESTIGATION" shall mean and refer to "NIC's investigation" as stated on page 1, lines 18-19 of NIC's September 19, 2019 Motion and Motion For Sanctions Re Defendant Scott J. Ferrell's False Declaration, filed as Dkt. 844-1.

15. "DOCUMENT" or "DOCUMENTS" shall mean and refer to "documents and other tangible thing" and shall include, without limitation, originals, and copies (carbon, photographic, microfilm or otherwise) of all

documents, correspondence, papers, agreements, proposals, contracts, billings, reports, exhibits, memoranda, notes, diaries, inter-office and/or intra-office corporate communications, email or other electronic communication, messages, telegrams, telex communications, letters, ledgers, photographs, pictures, drawings, sketches, analytical data, data sheets, video tapes, publications, catalog sheets or addenda, instructions, brochures, pamphlets, recordings (tape, disk, belt or any other type), invoices, work assignments, work records, worksheets, devices and any other writings, printed and/or typewritten matter, including drafts, or other physical objects in YOUR custody, care, possession, or control. The fact that information is contained in an electronic (as opposed to printed) form, such as on a hard drive or server, does not exclude the information from this definition.

Electronic DOCUMENTS must be produced with a .pdf, txt, or .jpeg load file suitable for uploading in Relativity format. DOCUMENTS such as email or other similar documents must include all attachments in their native format, without conversion to another electronic format. All available metadata fields must be produced for all DOCUMENTS produced (including all attachments), and all electronic data must be produced in its native format, unaltered, uncorrupted and without conversion to another electronic format. Prior to production, all original electronic DOCUMENTS produced in .pdf format must be subjected to an OCR (optical character reader) process to make them electronically searchable. Original electronic DOCUMENTS must not be converted at any time prior to production to .tiff, .jpg, .pdf or other "picture"-type format, but instead remain in their native format to constitute a valid production.

16. "COMMUNICATION" means the act or fact of communicating between or among any persons, including, but not limited to, in-person conversations, telephone conversations, emails, text messaging, letters, memoranda, notes, flyers, messages, summaries, photographs, audiotapes, videotapes, or other

- 2 -

Exhibit "A"

materials or memorials of communication, meetings or occasions of joint or mutual presence, as well as transfer of any document or writing from one person to another.

17. "EMORD" means and refers to Emord & Associates, P.C. and any of its attorneys, agents, paralegals, employees, or other persons acting on its behalf.

## DOCUMENTS AND ELECTRONIC DATA TO BE PRODUCED

In accordance with the foregoing definitions and instructions, please produce for inspection, testing, copying, and/or sampling all DOCUMENTS in YOUR possession, custody or control, or in the possession, custody or control of YOUR agents, attorneys, adjusters, employees, representatives, and other persons or entities acting on YOUR behalf responsive to the following Requests for Production:

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS regarding the residency of TRYCIA between November 2011 and March 2012.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS regarding the residency of TRYCIA between November 2011 and March 2012.

**REQUEST FOR PRODUCTION NO. 3:**

All PHONE RECORDS from August 9, 2019 to November 13, 2019.

**REQUEST FOR PRODUCTION NO. 4:**

All text messages between YOU and any DECLARANT.

**REQUEST FOR PRODUCTION NO. 5:**

All text messages YOU sent or received regarding the SANCTIONS DECLARATIONS.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and J. BUC.

**REQUEST FOR PRODUCTION NO. 7:**

All COMMUNICATIONS between YOU and M. BUC.

- 3 -

Exhibit "A"

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS between YOU and C. CARLBERG.

**REQUEST FOR PRODUCTION NO. 9:**

All COMMUNICATIONS between YOU and BROOKHART.

**REQUEST FOR PRODUCTION NO. 10:**

All COMMUNICATIONS between YOU and GEORGE.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS relating to YOUR review, or efforts to review, the Facebook page of TRYCIA.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to any investigation YOU performed regarding the residency of TRYCIA between November 2011 and March 2012.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS from or to YOU regarding Facebook posts showing TRYCIA.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS relating to any investigation YOU undertook upon being informed on by C. CARLBERG on August 10, 2019 at 4:23 pm that "I see pics of her at their [the Ferrells'] house during Nov, Dec, Feb, March."

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS related to the Declaration of Charlotte Carlberg, filed on September 19, 2019 as Dkt. 844-3.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS related to the Declaration of MaryAnn Buc, filed on September 19, 2019 as Docket 844-4.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS related to the Declaration of Jim Buc, filed on September

- 4 -

Exhibit "A"

19, 2019 as Docket 844-5.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS related to NIC's September 19, 2019 Motion and Motion For Sanctions Re Defendant Scott J. Ferrell's False Declaration, filed as Dkt. 844-1.

**REQUEST FOR PRODUCTION NO. 19:**

All COMMUNICATIONS related to the Declaration of Charlotte Carlberg, filed on September 19, 2019 as Dkt. 844-3.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS related to the Declaration of MaryAnn Buc, filed on September 19, 2019 as Docket 844-4.

**REQUEST FOR PRODUCTION NO. 21:**

All COMMUNICATIONS related to the Declaration of Jim Buc, filed on September 19, 2019 as Docket 844-5.

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS related to NIC's September 19, 2019 Motion and Motion For Sanctions Re Defendant Scott J. Ferrell's False Declaration, filed as Dkt. 844-1.

**REQUEST FOR PRODUCTION NO. 23:**

All COMMUNICATION between EMORD and any individual that EMORD interviewed in connection with its INVESTIGATION.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS identifying individuals that YOU interviewed in connection with the INVESTIGATION.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that the DECLARANTS provided to EMORD.

**REQUEST FOR PRODUCTION NO. 26:**

All COMMUNICATIONS between the DECLARANTS regarding TRYCIA.

**REQUEST FOR PRODUCTION NO. 27:**

All COMMUNICATIONS between the DECLARANTS regarding FERRELL.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS with or from any DECLARANT regarding contact by any agent of FERRELL.

**REQUEST FOR PRODUCTION NO. 29:**

All COMMUNICATIONS relating to HERRERA.

**REQUEST FOR PRODUCTION NO. 30:**

All COMMUNICATIONS relating to MARCELLO.

**REQUEST FOR PRODUCTION NO. 31:**

All COMMUNICATIONS by or with any DECLARANT discussing how any DECLARANT should respond if the DECLARANT was contacted by an agent of FERRELL.

**REQUEST FOR PRODUCTION NO. 32:**

All COMMUNICATIONS between YOU and any DECLARANT proposing the content of text messages from the DECLARANT to HERRERA.

**REQUEST FOR PRODUCTION NO. 33:**

All COMMUNICATIONS between YOU and any DECLARANT regarding allegations of witness tampering against FERRELL.

**REQUEST FOR PRODUCTION NO. 34:**

All COMMUNICATIONS between YOU and any DECLARANT regarding any strategy to keep agents of FERRELL from interviewing any DECLARANT.

**REQUEST FOR PRODUCTION NO. 35:**

All COMMUNICATIONS between YOU and any DECLARANT regarding the truthfulness of any statement in any declaration.

**REQUEST FOR PRODUCTION NO. 36:**

All COMMUNICATIONS related to NTG's Opposition To Motion For Sanctions And Request For OSC Regarding Sanctions, Perjury, And Subornation Of Perjury, filed on September 27, 2019 as Docket 846.

**REQUEST FOR PRODUCTION NO. 37:**

All COMMUNICATIONS related to NIC's Motion of Withdrawal of Plaintiff's Motion for Sanctions, filed on September 30, 2019 as Docket 847.

**REQUEST FOR PRODUCTION NO. 38:**

All COMMUNICATIONS related to NTG's Request For Order To Show Cause Regarding Sanctions, Perjury, And Subornation Of Perjury, filed on October 14, 2019 as Docket 855.

**REQUEST FOR PRODUCTION NO. 39:**

All COMMUNICATIONS related to NIC's Opposition To NTG's Request For Order To Show Cause Regarding Sanctions, Perjury, And Subornation Of Perjury, filed on October 28, 2019 as Docket 859.

**REQUEST FOR PRODUCTION NO. 40:**

All COMMUNICATIONS related to the Declaration of Jennifer Fernandes, filed on October 28, 2019 at Docket 859-1.

**REQUEST FOR PRODUCTION NO. 41:**

All COMMUNICATIONS related to the Declaration of Peter Arhangelsky, filed on October 28, 2019 as Docket 859-2.

**REQUEST FOR PRODUCTION NO. 42:**

All COMMUNICATIONS related to the Declaration of Joshua Furman, filed on October 28, 2019 at Docket 859-3.

**REQUEST FOR PRODUCTION NO. 43:**

All COMMUNICATIONS related to NTG's Reply in Support of Request for Order to Show Cause Regarding Sanctions, Perjury, and Subornation of Perjury,

filed on November 11, 2019 as Docket 865.

**REQUEST FOR PRODUCTION NO. 44:**

All COMMUNICATIONS related to Plaintiff NIC's Surreply In Opposition To Defendant NTG's Request For Order To Show Cause Regarding Sanctions, Perjury, And Subornation Of Perjury, filed on November 12, 2019 as Docket 871.

**REQUEST FOR PRODUCTION NO. 45:**

All COMMUNICATIONS related to the Declaration of Charlotte Carlberg, filed on November 12, 2019 as Docket 871-1.

**REQUEST FOR PRODUCTION NO. 46:**

All COMMUNICATIONS related to the Declaration of MaryAnn Buc, filed on November 12, 2019 as Docket 871-2.

**REQUEST FOR PRODUCTION NO. 47:**

All COMMUNICATIONS related to the Declaration of Jim Buc, filed on November 12, 2019 as Docket 871-3.

**REQUEST FOR PRODUCTION NO. 48:**

All COMMUNICATIONS related to the Declaration of Jennifer Fernandes, filed on November 12, 2019 as Docket 871-4.

**REQUEST FOR PRODUCTION NO. 49:**

All COMMUNICATIONS related to Plaintiff's Notice of Motion And Motion For Sanctions Re Witness Tampering, filed on October 15, 2019 as Docket 857-1.

**REQUEST FOR PRODUCTION NO. 50:**

All COMMUNICATIONS related to the Declaration of Jennifer Fernandes, filed on October 15, 2019 as Docket 857-4.

**REQUEST FOR PRODUCTION NO. 51:**

All COMMUNICATIONS related to the Declaration of MaryAnn Buc, filed on October 15, 2019 as Docket 857-3.

- 8 -

Exhibit "A"

**REQUEST FOR PRODUCTION NO. 52:**

All COMMUNICATIONS related to the Declaration of Joshua Furman, filed on October 15, 2019 as Docket 857-2.

**REQUEST FOR PRODUCTION NO. 53:**

All COMMUNICATIONS related to the Motion For Leave To Conduct Discovery Regarding False Declarations Filed By NIC, filed on October 14, 2019 as Docket 856.

**REQUEST FOR PRODUCTION NO. 54:**

All COMMUNICATIONS related to the Plaintiff's Opposition To Defendants' Motion For Leave Filed As Docket No. 856, filed on October 28, 2019 as Docket 863.