Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr., Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., | Case No. 8:15-cv-02034-JVS (JCG) |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | Hearing Date:  July 6, 2020<br>Time:  1:30 PM<br>Judge:  Hon. James V. Selna |
| NEWPORT TRIAL GROUP, et al., | |
| Defendants. | Complaint Filed:  Dec. 7, 2015<br>Fact Discovery Cut-off:  Nov. 6, 2017<br>Expert Discovery Cut-off:  Nov. 13, 2017<br>Pretrial Conf. Date:  Oct. 19, 2020<br>Trial Date:  Nov. 3, 2020 |

i

All parties, by and through counsel of record, hereby submit the following status report in advance of the scheduled Status Conference set for July 6, 2020 at 1:30pm.  The Parties have discussed the viability of the present trial date and NIC believes the current trial calendar is no longer workable.  <u>NIC requests that the Court continue the present trial date to February 2021 or as soon thereafter as the Court is available.</u>  <u>The Defendants do not oppose NIC's request to continue the trial date to February 2021 provided the Court is available and will set a new trial in February 2021.</u>

As of this submission, the Court has posted "Emergency Procedures," and has vacated all hearings along with scheduling conferences.  The Parties request that the Court nonetheless schedule the July 6, 2020 status conference for telephonic appearance.

As to the remaining issues that the Parties wish the Court to address and consider, the Parties have differing views and therefore submit separate statements hereinbelow.

## I.   PLAINTIFF NIC'S AND COUNTER-DEFENDANTS' POSITION

### A.   Introduction

In December 2019, this Court set a trial date of November 3, 2020.  In early March 2020, this Court also granted NIC the right to complete discovery.  That discovery included eleven (11)[1] depositions along with motions practice.  NIC has experienced material delays and complications in prosecuting its case, including, but not limited to, the global COVID-19 pandemic, and the filing of Defendants' Counterclaims which added seven (7) new parties in April 2020 [Dkt. 978-1].  NIC needs this Court's guidance in completing outstanding discovery and moving this

---

[1] The six depositions permitted by the Court on NIC's motion for leave and the five remaining depositions of the NTG Defendants.

case to trial in a timely fashion.  NIC has well-supported concerns that the November 3, 2020 trial date is no longer reasonable under the circumstances.[2] While all parties (particularly NIC) wish to try this case expeditiously, for the reasons explained below, a short extension of that date into early 2021 is likely necessary under these exceptional circumstances.

### B.   Pending and Upcoming Events

NIC filed its Motion for Leave to Take Additional Discovery on October 14, 2019.  Dkt. 854.  NIC's motion sought leave to take "post-privilege" discovery, which included taking recalled depositions and filing a supplemental crime-fraud motion.  The Special Master largely denied NIC's motion.  *See* Order, Dkt. 876 (Nov. 26, 2019).  NIC filed objections [Dkt. 881] and, while those objections were pending, this Court set a jury trial date of November 3, 2020.  *See* Dkt. 883.  Since this Court issued its scheduling order in December, the following events have occurred or must still occur prior to trial:

### 1.   Dkt. 891 (February 7, 2020), Order Granting NTG's Motion for Leave to Take Discovery; and Discovery Flowing Therefrom

The Court granted NTG's request to take discovery regarding three witnesses: Charlotte Carlberg, Jim Buc, and MaryAnn Buc.  The Court granted NTG the opportunity "to serve one set of document requests to NIC and its counsel, along with a records subpoena to each of the NIC witnesses."  *See* Dkt. 891 at 18.  In response to that Order, on March 2, 2020, NTG issued nearly 500 requests for documents spread among the following:

- One set of Rule 34 requests for production on NIC and its counsel containing 53 document requests;

---

[2] The Defendants agree that the trial date should be continued.

- Three Rule 45 subpoenas to the non-party witnesses Jim Buc, MaryAnn Buc, and Charlotte Carlberg, collectively containing 201 of document requests; and

- Four redundant Rule 45 subpoenas served on NIC's litigation counsel (Emord & Associates, PC) and members of that firm, which collectively contained 216 document requests.

Those requests targeted privileged information, including production of opposing counsel's litigation files and phone records.  The responding parties produced a substantial number of documents, but withheld others on privilege grounds.

On May 11, 2020, NTG filed a Motion to Compel through Local Rule 37-1. *See* Dkt. 981.  NTG moves to compel privileged information withheld by NIC, its counsel, and the three declarants (the Bucs and Charlotte Carlberg).  *Id.*  The dispute over NTG's discovery requests spanned approximately 1,000 pages of briefing inclusive of exhibits, and included a Joint Stipulation nearly 100 pages in length.  *See generally* Dkt. 981.  As of this report, the Special Master has not yet ruled on that submission.  If objections to that order are filed, a final resolution of those discovery issues is unlikely until at least mid-August 2020.

## 2. Dkt. 902 (March 5, 2020), Order Granting NIC's Motion to Take Additional Discovery; and Discovery Flowing Therefrom

On March 5, 2020, this Court granted NIC the right to pursue "post-privilege" discovery.  *See* Dkt. 902.  The Court largely sustained NIC's Objections to the Special Master's November 26, 2019 Order [Dkt. 876].  The Court granted NIC the ability to pursue the following discovery:

- Take recalled depositions of Defendants Schoonover, Nilon, Demulder, and Baslow;

- Take depositions of non-parties Wynn Ferrell and Daniel Bobba;

- File a supplemental crime-fraud motion seeking production of text messages.

*See* Dkt. 902 at 16.  The Court has also acknowledged NIC's right to take depositions of the NTG defendants.  In total, NIC must complete eleven (11) depositions, the majority of which are short depositions limited to just several hours in duration per Court order.  *See* Dkt. 902 at 10, 16.

NIC filed its supplemental crime-fraud filing on April 7, 2020.  *See* Dkts. 915, 916-1.  Following *in camera* review, the Special Master granted that motion in its entirety.  *See* Dkt. 984.  Defendant Schoonover filed Objections.  Dkts. 963, 997.  A hearing on those objections is presently scheduled for July 6, 2020.

### 3.  COVID-19 Disruption of Deposition Practice

After this Court authorized additional discovery in early March, NIC moved diligently to complete that discovery, but was derailed by the COVID-19 crisis and other developments in this case.

On March 3rd, NIC contacted opposing counsel to schedule depositions in late-March and early April.  Non-NTG counsel responded on March 12, 2020, and provided deposition dates for April 2020.  Separately, Mr. Bobba's counsel[3] provided deposition dates for his client, and NIC set non-party Bobba's deposition for March 30, 2020.  NIC was also in contact with Wynn Ferrell's counsel to schedule his deposition in April 2020.

On March 16, 2020, the COVID-19 crisis resulted in widespread "shelter-in-place" orders that shuttered travel, closed businesses, closed courthouses, and left the possibility of in-person depositions impossible.  The parties apparently agree that in-person depositions are necessary for certain witnesses in this case.  For

---

[3] Mr. Bobba is represented by attorney Alan Lagod, in San Jose, CA.

instance, Defendants have taken the position that an in-person deposition is required for non-party witness Daniel Bobba.

On March 17, 2020, NIC counsel vacated current deposition dates given the COVID-19 restrictions.  At the time, NIC operated with the reasonable belief that COVID-19 shelter orders would begin to lift in early May 2020.[4]  As it became clear that COVID-19 restrictions would last into the summer, NIC contacted counsel on May 15, 2020 to schedule depositions, including remote depositions by video.  NIC sought availability for witnesses between May 25 through July 2, 2020.  Defendants did not immediately provide dates.  NIC sent subsequent emails seeking deposition dates on May 26 and June 2.  On June 4, Defendants provided dates for deposition of Defendants Nilon, Schoonover, and Knowles.  On June 8, 2020, Defendants provided dates of availability for Defendants Reid and Baslow.

Separately, on June 3, 2020, counsel for non-party Wynn Ferrell requested deposition dates in July for her client, citing concerns with COVID-19.  On June 8, 2020, counsel for non-party Daniel Bobba provided depositions dates for his client in late June 2020 and has since pledged to provide additional dates for July 2020.

NIC counsel harbors substantial concerns that COVID-19 restrictions will impact deposition practice in the short term.  NIC counsel (based in Arizona) also has well-grounded concerns with the amount of out-of-state travel required to complete depositions while COVID-19 concerns remain.  Notably, Arizona is one of the states with the highest COVID-19 case-rate in the country and at least three states have already placed travel restrictions on travelers from Arizona.[5]

---

[4] For example, the Clerk of the Court's Order on March 21, 2020 indicated that the suspension of in-person proceedings would be effective through May 1, 2020.  *See* COVID-19 Notice, *available at*, https://www.cacd.uscourts.gov/sites/default/files/documents/Notice%20-%20COVID-19.pdf.

[5] https://www.cnbc.com/2020/06/23/arizona-reports-record-single-day-increase-in-coronavirus-cases-ahead-of-trumps-visit.html;

NIC has proposed the use of video depositions.  However, for certain witnesses, the video format imparts a substantial prejudice on NIC.  For others, like Mr. Bobba, Defendants have objected to the video format.

NIC also has concern that a deposition conducted without a court reporter present in the same deposition room as the witness will not comply with Rule 28(a) of the Federal Rules of Civil Procedure.  The law on that issue is unclear.[6]  NIC has asked Defendants' counsel to waive objections under Rule 28(a) given the unprecedented national emergency.  Defendants have thus far refused to waive such objections.  While this issue could be mooted as COVID-19 restrictions lapse, the risk remains that future proceedings would be imperiled if those restrictions are renewed.  Both California and Arizona appear likely to increase restrictions this summer as case rates have been increasing.  Notably, as recently as June 11, 2020, Arizona's governor has enacted emergency protocols to increase hospital bed capacity throughout Arizona as the COVID-19 case rates have increased exponentially in June.

At present, the concerns with COVID-19, the video deposition format, and other delays in litigation (discussed below) have forced NIC to set depositions beginning in early-July.  NIC has now scheduled the depositions of Andrew

---

https://www.azcentral.com/story/travel/2020/06/19/arizona-travel-restrictions-states-limited-travel-due-covid-19/3213576001/

[6] *See Aquino v. Auto. Serv. Indus. Ass'n*, 93 F. Supp. 2d 922, 923–24 (N.D. Ill. 2000) (reading Fed. R. Civ. P. 28(a) and 30(c) to require "the notary or court reporter to be in the presence of the deponent during the telephonic deposition, rather than in the presence of the attorneys conducting the examination."); *Loucas G. Matsas Salvage & Towage Mar. Co. v. M/T COLD SPRING I*, No. CIV.A. 96-0621, 1997 WL 102491, at *1 (E.D. La. Mar. 5, 1997), *aff'd sub nom. Loucas G. Matsas Salvage & Towage Mar. Co. v. M/V Cold Spring I*, No. CIV. A. 96-621, 1997 WL 201647 (E.D. La. Apr. 23, 1997); *Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 77, n.2 (E.D. Pa. 2005) ("[T]he deposition officer, or practically speaking, the court reporter who administers the oath, should be located with the deponent.").

Baslow, Victoria Knowles, David Reid, Sam Schoonover, Andrew Nilon, and Taylor Demulder to begin July 10 and complete by the end of July.  All depositions could feasibly be completed by the end of August 2020, provided the COVID-19 restrictions ease in July.  However, recent national trends of increasing case-rates indicate a substantial risk that COVID-19 Orders become more restrictive, not less.

The uncertainties that we all face under these exceptional times impose a substantial impediment to scheduling and discovery.  NIC counsel wishes to honor the requests of employees and witnesses who have medical concerns and wish to avoid risky travel.  NIC therefore seeks the Court's guidance in determining how to proceed.  That would include an understanding of whether this Court expects the parties to complete depositions through remote means.  If so, NIC requests that the Court issue an Order waiving the strictures of Rule 28(a)(1)(A) while COVID-19 concerns remain.  Nonetheless, both this Court and the Special Master earlier ruled that video depositions impart a substantial prejudice, particularly for document-intensive depositions of certain adverse witnesses, and for those depositions where the examination is likely to raise disputes over privilege objections.  Dkt. 433 at 13-14 (portion of order upheld on objections at Dkt. 442).  This Court thus compelled the in-person attendance at deposition of NIC's principals.  *See* Dkt. 442.  The Special Master earlier rejected NIC's request to appear by video, citing the inherent prejudice and difficulties.  Dkt. 433 at 13-14.  Thus, while NIC plans to move forward with video depositions on a case-by-case basis, it also objects to that format for *all* witnesses, including, e.g., principal parties like the NTG Defendants.

### 4. Dkt. 910 (March 24, 2020), Order Granting NIC's Motion for Leave to File Third Amended Complaint; and Ensuing Motion Practice

On March 24th, This Court granted NIC leave to file a Third Amended Complaint ("TAC"). *See* Dkt. 910 (Order). NIC filed that Complaint the same day. *See* Dkt. 911. Defendants moved to dismiss and strike allegations in the TAC. *See* Dkts. 913, 914. The Court granted Defendants' motion to dismiss on May 20, 2020, but provided NIC thirty days to amend. *See* Dkt. 987. NIC has filed its Fourth Amended Complaint. Defendants have not waived their right to file future motions on NIC's Fourth Amended Complaint. Moreover, NTG has indicated that it will allege new affirmative defenses in response to NIC's Fourth Amended Complaint.

If Defendants renew their motions to dismiss the Fourth Amended Complaint, an Answer would not come due on those claims until late August. To the extent NTG raises new affirmative defenses (and if those defenses are not dismissed), NIC would require additional discovery into those new defenses.

### 5. Dkt. 918 (April 7, 2020), Counterclaims filed by Defendants Scott Ferrell and NTG

On April 7, over four years into litigation, Defendants Scott Ferrell and NTG filed Counterclaims alleging RICO claims against NIC and seven newly added parties. Those new parties include two of NIC's principals, NIC's litigation counsel, and three witnesses (Charlotte Carlberg, Jim Buc, and MaryAnn Buc). NTG did not seek leave before filing counterclaims that broadly expand this case.

The Counter-Defendants have filed motions to dismiss all Counterclaims. Those motions include: (1) a Rule 12(b)(6) motion to dismiss [Dkt. 988]; (2) a motion to strike under Rules 12(f) and 16(f) [Dkt. 990]; and (3) a motion for sanctions under Fed. R. Civ. P. 11 [Dkt. 1000]. All three motions are scheduled for hearing on July 6, 2020. *See* Dkt. 999 (Scheduling Order).

The Counterclaims have already imposed delays on these proceedings.  As named Counterclaim-Defendants, NIC and its attorneys have been forced to retain independent counsel.  NIC has had to bring that counsel (Amin Talati Wasserman, LLP) into this complex case—a matter which now exceeds 1,000 docket entries.  The Court should dismiss the legally and factually frivolous counterclaims for the reasons stated in Dkt. Nos. 988, 990, and 1000.  However, if this Court does not dismiss the Counterclaims in July, the Court must afford due process and plenary discovery for all newly named parties, which includes a full discovery calendar.  A trial on those issues could not feasibly occur in 2020.

The newly added parties will be entitled to a complete period of discovery.  Moreover, by suing opposing counsel, the counterclaims may require a change in counsel on the eve of trial.  At a minimum, those counterclaims will impart substantial difficulties and delays.

NTG has filed a motion for leave to take discovery into those counterclaims.  *See* Dkt. 1013.  The nature of those claims indicates that such discovery will center on privilege issues and disputes.  As this Court is well aware from NIC's original RICO claims, these privilege disputes require considerable time and resources to resolve.  Moreover, NTG's affirmative counterclaims likely waive privileges that NTG asserted earlier in this case, meaning that NIC must have the opportunity to seek documents subject to the waiver.  Finally, the counterclaims give rise to affirmative defenses and potential counterclaims-in-reply, particularly from newly added parties, who must be afforded a full opportunity at discovery into those positions.  It is therefore not an overstatement to suggest that, if NTG's Counterclaims are not dismissed, this lawsuit will be set back by years.

### 6.  Potential Dispute Over NTG Rule 30(b)(6) Deposition

This Court has consistently recognized that NIC has a right to take "post-privilege" depositions of the NTG defendants.  *See* Dkt. 447 at 3-4.  The Court has

repeatedly held that NIC was reasonable in waiting for privileged documents before setting those depositions. *Id*. at 4 ("it was reasonable of NIC to delay depositions until final rulings on this case's numerous privilege issues."). NIC served a list of topics for examination of NTG's Rule 30(b)(6) corporate designee on February 1, 2020. On March 24, 2020, NTG objected to every topic, and objected to the deposition wholesale. As an accommodation, NIC served an amended list of topics for examination on May 15, 2020. NTG has again served substantial objections to NIC's listed topics. Judicial intervention is likely necessary to resolve this dispute, but the parties will meet and confer in an effort to eliminate or narrow those disputes. This dispute indicates that a Rule 30(b)(6) deposition of the NTG corporate defendant may be impractical before August.

### 7. Still Pending Objections Related to Strataluz Documents

This Court has yet to rule on outstanding issues regarding Strataluz files. In Dkt. 820, this Court precluded the Defendants from asserting the attorney-client privilege over Strataluz-related documents. *See* Dkt. 820 at 32. The Court also held that Defendants cannot assert work product over documents prepared by individuals other than Reid and Ferrell, or over documents prepared by Reid and Ferrell in their capacities as Strataluz owners, officers, or agents. *Id.* at 25, 27, 30. The Court ordered NIC to submit of list of documents subject to the Dkt. 820 Order along with a privilege log describing those files. NIC submitted that list in Dkt. 823 on August 12, 2019.

The NTG Defendants responded with a supplemental privilege log on August 19, 2019. *See* Dkt. 830. NIC filed a response to that supplemental privilege log. Dkt. 835. NTG also filed a response to NIC's listing of documents. Dkt. 836. NTG then filed "objections" to NIC's submissions. Dkt. 837. NIC replied. Dkt. 838. NTG Defendants later submitted another "reply." Dkt. 842.

The Court has not yet resolved that dispute, which concerns production of hundreds of Strataluz documents to NIC.  Per this Court's Order in Dkt. 820, NIC is entitled to receive a substantial number of Strataluz-related documents that are not privileged.  NIC requests that the Court order production of files listed in its Appendices A, B, and C to Dkt. 823.  *See* Dkt. 823-2 (Appendix A); Dkt. 823-3 (Appendix B); Dkt. 823-4 (Appendix C).  To the extent *in camera* review is required to determine the roles or capacities in which Defendants prepared those files, that review should now proceed.  Until these issues are resolved, the Court's Orders in Dkt. 820 have not been fully addressed, and NIC has yet to receive all of the key documentation it should have received.

### 8. Court-Ordered Mediation

The Court has ordered the parties to complete another round of mediation with Philips ADR by October 2020.  The parties had discussed scheduling with the mediator prior to the COVID-19 stoppage.  NIC remains committed to mediation before October.  NIC maintains, however, that this third mediation is premature until the Court rules on several pending issues, including Counter-Defendants' motions to dismiss counterclaims.

### C.   Scheduling Concerns

In context with the above pending events, and the difficulties created through the COVID-19 crisis, NIC has significant concerns with the pending November trial date and the parties' ability to complete necessary events with sufficient time before for trial.  These concerns have arisen despite NIC's diligence in seeking to schedule depositions and advance this case through the papers.  NIC suffered delays of three months resulting from COVID-19 precautions, significant litigation delays, and the uncertainties inherent to litigation practice at this time.  All parties apparently agree that the current trial calendar is no longer workable.

NIC therefore requests that the Court issue a modest continuance of the trial date into February 2021 (or as soon as practicable thereafter).

### D. Request for Order Excusing Compliance with Rule 28(a); Extending Trial Date; and Acting on Strataluz-Related Documents

In context with the above-listed scheduling concerns, NIC requests that the Court consider the following action as part of its evaluation of this case at the status conference:

1. Enter an Order excusing parties with the formalities of Fed. R. Civ. P. 28(a)(1)(A) only to the extent that rule is interpreted to require that a court reporter be present in the same room as the deponent during a video deposition.

2. Enter an Order extending the trial date in this matter by four months to a time in February 2021 (or as soon as practicable thereafter). The four-month extension is commensurate with the time lost as a result of COVID-19 and other delays in this case. That extension would also ensure that the parties can complete discovery on issues germane to NIC's RICO claims.

3. Issue an Order on Strataluz-related documents pending before the Court under Dkt. 823. *See also* Dkts. 830, 835, 836, 837, 838, 842.

## II. DEFENDANTS'/COUNTERCLAIMANTS' POSITION

Defendants and Counterclaimants Newport Trial Group ("NTG") and Scott Ferrell ("Ferrell"), along with Defendants Dave Reid, Ryan Ferrell, Victoria Knowles, Andrew Baslow, Andrew Nilon, Sam Schoonover, Sam Pfleg, Giovanni Sandoval, Taylor Demulder, and Matthew Dronkers, respectfully submit the

following status report:[7]

### a.    Status of the Pleadings

NIC initiated this litigation by filing its original Complaint on December 7, 2015.  (Dkt. 1.)  On January 25, 2016, NIC filed a First Amended Complaint. (Dkt. 29.)  And on May 10, 2016, NIC filed its Second Amended Complaint, which asserted claims based on allegations that Defendants perpetrated two litigation schemes: (1) the false-advertising or CLRA scheme; and (2) the unauthorized recording or wiretapping scheme.  (Dkt. 92.)

NIC's Second Amended Complaint was the operative pleading in this case for close to four years.  But on February 14, 2020, with a looming trial date of November 3, 2020,[8] NIC moved for leave to file a Third Amended Complaint that alleged new predicate acts, new theories and a new litigation scheme: the "Lanham Act scheme."  (Dkt. 892.)  Critically, prior to NIC filing its motion for leave and in opposing that motion, NIC was informed that its amended pleading would require the filing of a compulsory counterclaim based on the false declarations that NIC

---

[7] Prior to preparing this statement, Defendants and Counterclaimants suggested that the parties prepare a "joint report re status" that jointly presented the Court with a neutral statement on the procedural status of the case.  NIC and Counter-Defendants refused and insisted that the parties prepare and simultaneously exchange separate statements that would then be combined and filed in one document.  As a result, the portion from Defendants and Counterclaimants herein was prepared without knowing what is set forth in the statement(s) from NIC and Counter-Defendants (for which all rights are reserved), and thus may be duplicative in some respects.

[8] The Court set the trial date of November 3, 2020 at the Status Conference on December 16, 2019, and a related Scheduling Order was issued that same day. (Dkt. 883.)  As such, the Scheduling Order in Docket 883 was issued at a time when the pleadings were all set and at issue on NIC's Second Amended Complaint (Dkt. 92, filed May 10, 2016) and the Defendants' Answers thereto (Dkts. 173 and 174 [Amended Answers], filed September 16, 2016), and ***before*** NIC filed an amended pleading.

had prepared and filed in late 2019.  (*See* Dkt. 892-6 at 3 ["If NIC does file an
amended complaint, NTG and Scott Ferrell will be filing counterclaims against
NIC, its counsel, and other necessary parties based on the three perjured
declarations that were recently filed with the Court."]; *see also* Dkt. 895 at 28 [if
"NTG is forced to file a response to a new, amended Complaint, prudence and the
compulsory counter-claim rule require that NTG raise its counter-claims against
NIC and those who have acted in concert with it."].)

Despite knowing this, NIC pressed forward with its motion for leave, which
the Court granted on March 24, 2020.  (Dkt. 910.)  NIC then filed its Third
Amended Complaint that same day.  (Dkt. 911.)  NIC's Third Amended Complaint
thus prompted Counterclaimants NTG and Ferrell to file their Counterclaim on
April 7, 2020 (Dkt. 918), followed by the currently operative First Amended
Counterclaim filed on May 7, 2020 (Dkt. 980).

In response to the First Amended Counterclaim, the Counter-Defendants
filed a motion to dismiss (Dkt. 990), a motion to strike and for sanctions (Dkt. 991)
and a Rule 11 motion for sanctions (Dkt. 1000).  NTG and Ferrell have opposed
these motions (Dkts. 1002, 1003 and 1005), which are all set to be heard on July 6,
2020.

In addition, the pleadings are still not yet set on NIC's amended complaint.
On May 20, 2020, the Court granted NTG and Ferrell's motion to dismiss NIC's
Third Amended Complaint and granted NIC thirty days to amend its complaint.
(Dkt. 987.)  Accordingly, NIC filed its Fourth Amended Complaint on June 18,
2020 (Dkt. 1007), and Defendants currently have until July 2, 2020 to file their
response(s) to that amended complaint.

**b.     Status of Discovery**

On February 7, 2020, the Court granted NTG's motion for leave to seek
discovery from NIC and its counsel, along with the three witnesses (Charlotte

Carlberg, MaryAnn Buc and Jim Buc) from whom NIC prepared and filed false declarations before this Court.  (Dkt. 891 at 18.)  Shortly thereafter, NTG propounded discovery to NIC, NIC's counsel and each of the NIC witnesses, which prompted certain objections and the refusal to produce documents, including documents reflecting early communications with those witnesses.[9]  Those issues are currently pending before the Special Master on a Joint Stipulation regarding NTG's motion to compel, which was filed on May 11, 2020.  (Dkt. 981.)  Once the Special Master issues a tentative ruling on NTG's motion to compel, oral argument will be scheduled and an order from the Special Master will likely be issued shortly thereafter.

On March 5, 2020, the Court issued an Order on NIC's objections to the Special Master's Order denying NIC leave to take additional discovery (Dkt. 876). (Dkt. 902.)  Specifically, the Court:

   a) Granted NIC leave to take the recalled deposition of Andrew Baslow for no more than four hours on limited matters described in that Order;

   b) Granted NIC leave to take the recalled deposition of the Tester Plaintiffs (Andrew Nilon for the Chromadex case, Taylor Demulder,

---

[9] Those witnesses were not represented by NIC's counsel at the time of those communications, but NIC and the Emord Firm have nevertheless claimed that they are "privileged."  NIC and its counsel also produced some of these communications in discovery, some of which were specifically referenced in the Counterclaim.  Upon reviewing the Counterclaim, NIC and the Emord Firm belatedly claimed those communications were privileged and were inadvertently produced.  Accordingly, the references to those communications in the Counterclaim and the First Amended Counterclaim have been conditionally redacted and filed under seal until those issues can be addressed by the Special Master and/or the Court.  (*See, e.g.,* Dkt. 980.)

and Sam Schoonover) for no more than four hours on limited matters described in that Order;

 c) Denied NIC leave to take the recalled deposition of Sam Pfleg;

 d) Granted NIC leave to depose Dan Bobba for no more than four hours on limited matters described in that Order;

 e) Granted NIC leave to depose Wynn Ferrell for no more than four hours on limited matters described in that Order;

 f) Denied NIC leave to depose Kirtland & Packard's 30(b)(6) Designee; and

 g) Granted NIC leave to file a supplemental crime-fraud motion for the additional Schoonover text messages.  (Dkt. 902.)

NIC has not yet taken any of these depositions, but NIC did file its supplemental crime-fraud motion for the additional Schoonover text messages, which resulted in multiple orders from the Special Master and objections thereto, for which the Court has scheduled hearings for July 6, 2020 on:

 a) Defendants' objections at Docket 963 to the Special Master's Order at Docket 945 denying application to redact and seal the "Confidential" Schoonover text messages; and

 b) Defendants' objections at Dockets 997 and 998 to the Special Master's Order at Docket 984 granting NIC's supplemental crime-fraud motion for the additional Schoonover text messages.

In addition, Defendants and Counterclaimants have filed a motion for leave to conduct limited discovery regarding the new allegations in NIC's Fourth Amended Complaint and in Counterclaimants' First Amended Counterclaim, and to designate one additional expert regarding business and marketing practices and standards as they relate to the new allegations involving Strataluz.  (Dkt. 1013.)

The motion for leave is scheduled to be heard by the Court on July 27, 2020.  (*Id.; see also* Dkt. 1011.)[10]

### c.    The Court's Order re: Further Mediation

At the last Status Conference on December 16, 2019, the Court ordered the parties to attend a further mediation session to be completed on or before May 1, 2020.  (Transcript of December 16, 2019 hearing at 24:22-25:25.)  At a hearing on March 2, 2020, the Court extended the deadline for this further mediation session from May 1, 2020 to October 1, 2020.  (Transcript of March 2, 2020 hearing at 17:3-7.)

In late February 2020, counsel for NTG contacted both Judge Feess (Ret.) and Judge Guilford (Ret.) about available dates for scheduling mediation in June and July 2020, and their available dates were then circulated to all counsel.  NIC's counsel did not respond to those available dates and a further mediation session in this case has not yet been scheduled.

### d.    Defendants' and Counterclaimants' Conclusion

The costs of litigating this case have far exceeded the amount in controversy.[11]  The litigation costs in this matter have also far exceeded any benefit that could come from a jury trial, which will force NIC to actually prove the spurious allegations it has been making for years.  NIC knows this, which is why it has repeatedly sought to delay or avoid a trial on the merits.

Regardless, Defendants and Counterclaimants are entitled to a trial on the merits and thus intend to cooperate and complete all necessary depositions and

---

[10] The parties are also awaiting the Court's issuance of a final order regarding which Strataluz documents are subject to production based on the Court's Order in Docket 820 and the subsequent filings that the Court requested pursuant to that Order.  (*See, e.g.,* Dkts. 820, 823, 830, 835, 836-838 and 842.)

[11] As the Court will recall, NIC has stipulated that its compensatory damages are capped at $234,966.52.  (Dkt. 612-3 at 3; *see also* Dkt. 237.)

discovery as expeditiously as possible.  Whether NIC and Counter-Defendants do the same, however, remains to be seen.  Defendants and Counterclaimants also believe that if the parties cooperate, all discovery (including discovery on NIC's amended complaint and the counterclaims) and all pre-trial motions can be completed for a trial on November 3, 2020.  Defendants and Counterclaimants are also prepared to move forward with expedited hearings before the Special Master and the Court and the expedited scheduling of depositions if necessary to meet the current trial date.

Defendants and Counterclaimants also recognize that there is some uncertainty given COVID-19 and that there may be other issues with the Court's own schedule and calendar that could affect the trial date.  Accordingly, Defendants and Counterclaimants have advised NIC's counsel that they do not oppose NIC's request for a three month continuance of the current trial date provided that the Court is available and will set a new trial date in February 2021.  Defendants and Counterclaimants look forward to discussing these and other related issues at the status conference before the Court.  In addition, if an in-person hearing is not possible, Defendants and Counterclaimants request that the Court allow counsel to appear telephonically for the status conference, as well as for the other motions and objections that are scheduled for that same day.

RESPECTFULLY SUBMITTED:

FOR PLAINTIFF NATURAL
IMMUNOGENICS CORP.

*/s/ Peter A. Arhangelsky*
Peter A. Arhangelsky (CA 291325)
parhangelsky@emord.com
EMORD & ASSOCIATES, P.C.
2730 S. Val Vista Dr.
Bldg 6, Ste. 133
Gilbert, AZ 85295
Ph:  (602) 388-8899
Fx:  (602) 393-4361

*Attorneys for Plaintiff Natural-*
*Immunogenics*

FOR THE NON-NTG
DEFENDANTS

*/s/*
Brendan M. Ford (CA 224333)
bford@forddiulio.com
FORD & DIULIO PC
650 Town Center Drive, Suite 760
Costa Mesa, CA 92626
Ph:  (714) 384-5540
Fx:  (844) 437-7201

*Attorney for Defendants Andrew*
*Nilon, Sam Schoonover, Sam Pfleg,*
*Giovanni Sandoval, Taylor*
*Demulder, and Matthew Dronkers*

FOR ALL COUNTER-
DEFENDANTS.

*/s/*
Sanjay Karnik (pro hac vice)
sanjay@amintalati.com
AMIN TALATI WASSERMAN
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
Ph:  (312) 466-1033
Fx:  (312) 884-7352

*Attorneys for All Counterclaim*
*Defendants*

FOR NEWPORT TRIAL GROUP AND
SCOTT FERRELL

*/s/*
David Darnell (CA 210166)
ddarnell@callahan-law.com
CALLAHAN & BLAINE
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Ph: (714) 241-4444
Fx: (714) 241-4445

*Attorneys for Defendants and*
*Counterclaimants Newport Trial Group*
*PC and Scott Ferrell*

FOR THE ATTORNEY DEFENDANTS

*/s/*
Kyle Riddles (CA 309854
kriddles@bremerwhyte.com
BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Ph: (949) 221-1000
Fx: (949) 221-1001

*Attorney for Ryan Ferrell, Victoria C.*
*Knowles, David Reid, and Andrew Lee*
*Baslow*

Attestation pursuant to L.R. 5-4.3.4(a)(2)(i) regarding signatures: I, Peter A. Arhangelsky, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  June 29, 2020

                                    EMORD & ASSOCIATES, PC

               By:    */s/ Peter A. Arhangelsky*
                       Peter A. Arhangelsky, Esq. (SBN 291325)
                       Joshua S. Furman (pro hac vice)
                       *Attorneys for Plaintiff Natural Immunogenics Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2020 the foregoing, **JOINT STATUS REPORT** was electronically filed using the Court's CM/ECF system and was sent by that system to the following:

Brendan M. Ford, Esq.
bford@FordDiulio, PC
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
*Attorney for Andrew Nilon, Giovanni Sandoval,*
*Sam Schoonover, Matthew Dronkers, Taylor Demulder, and Sam Pfleg,*

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
*Attorney for Newport Trial Group and Scott Ferrell*

Nicole Whyte
nwhyte@bremerwhyte.com
Benjamin Price
bprice@bremerwhyte.com
Kyle A. Riddles
kriddles@bremerwhyte.com
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
*Attorneys for Ryan Ferrell, Victoria Knowles, Andrew Baslow, David Reid*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Sanjay Karnik (pro hac vice)
sanjay@amintalati.com
AMIN TALATI WASSERMAN, LLP
100 S. Wacker Drive
Suite 2000
Chicago, IL 60606
Ph:  (312) 466-1033
Fx:  (312) 884-7352
*Attorneys for All Counterclaim Defendants*

                       */s/ Peter A. Arhangelsky*
                       Peter A. Arhangelsky, Esq.