UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | 7/23/2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

Present: The Honorable     **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS]** Minute Order Regarding Objections

Before the Court are Defendant Sam Schoonover's objections to the Special Master's order at ECF No. 984.  Obj., ECF No. 997.  Defendants Newport Trial Group ("NTG") and Scott J. Ferrell ("Ferrell") join in Schoonover's objections.[1]  ECF No. 998.

Also before the Court is Schoonover's and NTG's objections to the Special Master's order at ECF No. 945.  ECF No. 963.

Plaintiff Natural-Immunogenics Corp. ("NIC") filed a consolidated opposition to the objections.  Opp'n, ECF No. 1001.  Defendants filed a consolidated reply.  Reply, ECF No. 1006.

For the following reasons, the Court **sustains in part and overrules in part** Defendants' objections at ECF No. 984 and **overrules** Defendants' objections at ECF No. 963.  The Court further finds that oral argument would not be helpful on this matter and **VACATES** the July 27, 2020 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

### I. BACKGROUND

The background of this case is well known to the parties and the Court.  This Order recites background only as relevant to the objections currently before the Court.

---

[1] Defendants Schoonover, NTG, and Ferrell are collectively referred to as "Defendants" throughout this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-2034 JVS (JCGx)                              Date   7/23/2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al

### A. The Order Granting NIC's Supplemental Motion to Compel Schoonover to Produce Documents under the Crime-Fraud Exception (ECF No. 984) (the "Crime-Fraud Order")

On March 5, 2020 this Court considered NIC's objections as to its request to file a supplemental crime-fraud motion for sixteen pages of text messages. ECF No. 902. The Court sustained NIC's objection finding that the request was proportional to the needs of the case. Id., 13-15. Having reviewed the text messages in camera the Special Master found that Schoonover had "misleadingly identified Bates nos. SCHOONOVER00066-SCHOONOVER00069 and SCHOONOVER00073 as communications regarding Vogue." ECF No. 984, 6. The Special Master concluded that SCHOONOVER00076-SCHOONOVER00081 had been properly identified as communications "regarding Vouge Settlement Agreement." Id. Nonetheless, the Special Master ordered that all Bates Nos. SCHOONOVER00066-SCHOONOVER00081 be produced to NIC finding that while the documents contained communications regarding Vogue, such documents were not precluded by this Court's prior order and because the documents came "within the crime-fraud exception to the attorney-client privilege in that it is more likely than not in furtherance of NTG's and other Defendants' scheme to manufacture litigation without a factual or legal basis to defraud corporations and, accordingly, supports NIC's RICO claims." Id. at 6-7.

### B. The Order Denying Application to Redact Rule 37-1 Joint Stipulation and To File Documents Under Seal (ECF No. 945)

On April 16, 2020, the Special Master denied Defendants' application to redact portions of a Rule 37-1 Joint Stipulation and to file Exhibits 8, 12, and 14 to the Joint Stipulation under seal on the grounds that the documents come within the crime-fraud exception to the attorney-client privilege and work product doctrine and therefore are not privileged and should not have been designated "confidential" under the Protective Order. ECF No. 945, 5. The Special Master also concluded that the law of the case doctrine does not apply solely because the "Court has consistently continued to seal documents under the Protective Order." Id. at 6. Additionally, the Special Master noted that although the step two crime fraud motion was a discovery motion, it is central to the issues pending in the case and the public should be able to access the exhibits. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-2034 JVS (JCGx)　　　　Date  7/23/2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

## II. Legal Standard

The Court reviews all objections to the Special Master's findings of fact or conclusions of law de novo. Fed. R. Civ. P. 53(f). A ruling on a procedural matter is reviewed for abuse of discretion. Id. at 53(f)(5).

## III. Discussion

### A. The Order Granting NIC's Supplemental Motion to Compel Schoonover to Produce Documents under the Crime-Fraud Exception (ECF No. 984) (the "Crime-Fraud Order")

Schoonover objects to the Special Master's order arguing that discovery pertaining to Vogue International is off-limits pursuant to this Court's prior orders and that NIC's motion seeks to go beyond the limitations set forth by the Court. Obj., 4-6. Schoonover argues that the documents at SCHOONOVER00076-81 which the Special Master identified as relating to Vogue International, cannot be subject to discovery. Obj., 6. Additionally, Schoonover argues that the Special Master erred when stating that "even if the identifications were correct, the documents are intertwined with the scheme devised by NTG and other Defendants to manufacture litigation without a factual or legal basis to defraud corporations" because the only inquiry at issue is whether the documents relate to the only case involving Schoonover, Himalaya Drug. Id. 7. Schoonover also disputes that the documents identified at SCHOONOVER00066-69 and SCHOONOVER00073 are not related to Vogue. Id.

While this Court has expressly prohibited discovery **directed** at the Vouge International lawsuit (ECF Nos. 902 at 14, 414 at 6-7), it has not forbidden any discovery pertaining to Schnoonover that is unrelated to the Himalaya Drug case as Schoonover suggests. In fact, this Court's prior order allowed discovery of communications that while not "directly pertain[ing] to the Himalaya Drug case, [were] inextricably intertwined with communications that directly pertaining to the scheme as a whole." ECF No. 659 at 25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | 7/23/2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

SCHOONOVER00069-74,[2] and SCHOONOVER00080, do not relate solely to Vouge International. The remaining documents do appear to relate to Vouge International. However, the Special Magistrate correctly identified that these text messages are inextricably intertwined with communications that directly pertain to the scheme as a whole. Specifically, the text messages identified as SCHOONOVER00066-SCHOONOVER00074 and SCHOONOVER00080 pertain to allegations central to NIC's case - that individuals were recruited for law suits. The remainder of the documents identified as SCHOONOVER00075-79, and SCHOONOVER00081 pertain to settlement discussions in the Vogue International matter, are unrelated to this action, and do not fall within the crime-fraud exception.

Accordingly, the Court **sustains in part and overrules in part** Defendants' objections. The Court finds that SCHOONOVER00066-74, and SCHOONOVER00080 should be produced to NIC.

**B.     The Order Denying Application to Redact Rule 37-1 Joint Stipulation and To File Documents Under Seal (ECF No. 945)**

Because this motion relates to a procedural issue, the Court reviews the Special Master's decision for abuse of discretion. Fed.R.Civ.P. 56(f)(5).

Generally, there is a "strong presumption in favor of access to court records." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal citation and quotations omitted). However, there are two standards that govern motions to seal documents. For records attached to a dispositive motion, "those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). For records attached to non-dispositive motions, a less onerous showing of "good cause" under Federal Rule of Civil Procedure 26(c) will suffice. Id. "A 'good cause' showing will suffice to seal documents produced in discovery." Id. Determining whether a motion is dispositive is not a mechanical process. See Auto Safety, 809 F.3d at 1098. Instead, the Court must look to

---

[2] A portion of SCHOONOVER00069 and a portion of SCHOONOVER00072-74, and SCHOONOVER00080 do appear to relate to the Vogue International case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | 7/23/2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

determine "whether the motion at issue is more than tangentially related to the underlying cause of action." Id. at 1099. "[P]lenty of technically nondispositive motions . . . are strongly correlative to the merits of a case." Id.

Defendants object to the Special Master's order denying the application to redact the Rule 37-1 Joint Stipulation on NIC's supplemental crime-fraud motion and to file documents therein under seal. Obj., 1. Defendants ask the court to sustain their objections and find that the "Protected Material" in NIC's discovery motion (ECF No. 916-1), Exhibit 8 (ECF No. 916-2), Exhibit 12 (ECF No. 916-3) and Exhibit 14 (ECF. No. 916-4) thereto), should be redacted and filed under seal; and that the Court find that Defendants should be awarded reasonable expenses related to opposing NIC's challenges to the application to seal and redact. Id.

Defendants argue that Exhibits 8, 12, and 14 were previously designated as "CONFIDENTIAL" under the terms of the Protective Order (ECF No. 87) and that even if the documents come within the crime-fraud exception to the attorney-client privilege and work product doctrine" and are therefore subject to compelled production, they are still protected and should maintain their protected status in public filings. Obj., 3. Defendants argue that this Court has consistently ruled that documents subject to compelled production shall maintain their protected status and should be redacted and filed under seal. Id. at 4 (referring to ECF No. 396, 587, and 926). Defendants further propose that if the Special Master's order is upheld, it would eviscerate their appellate rights. Obj., 6. Defendants also argue that since the Court already found that "good cause" exists to protect this information by approving the protective order, the burden is on NIC to present a compelling reason why the documents should be publicly disclosed. Obj., 12.

NIC responds that the Special Master did not err because the exhibits in controversy were filed in support of NIC's Supplemental Step-Two Crime Fraud Motions which concerned issues "strongly correlated with the merits of this case" and therefore requires a showing of a "compelling need" in order for the records to remain sealed. Opp'n, 9. NIC contends that no compelling need exists here because the documents have been designated as not privileged as a result of the crime-fraud exception. Id. at 12-13. NIC argues that the law of the case doctrine is inapplicable here both because sealing a record is a fact and circumstance specific matter and because the Court's prior orders referred to by Defendants were on unopposed applications where the Court did not issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-2034 JVS (JCGx) | Date | 7/23/2020 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al |
|---|---|

substantive rulings. Id. at 13-14. NIC argues that the Court's only substantive ruling on a similar matter (ECF No. 809) ordered public disclosure. Opp'n, 13-14.

 Here, the crime-fraud exception motion is more than tangentially related to the merits of the case because it pertains to NIC's central allegations of manufactured sham litigation and does not fit into the exception created for discovery-related materials unrelated to the merits. Therefore, Defendants are required to set forth a compelling reason for which the documents should not be publically disclosed. While Defendants argue that the Court has already found "good cause" by establishing the protective order, "the fact that some parties have designated certain documents as confidential pursuant to a protective order is not a sufficient showing of compelling reasons for sealing such documents." Prime Healthcare Centinela, LLC v. Kimberly-Clark Corp., No. CV148390DMGPLAX, 2016 WL 7177531, at *2 (C.D. Cal. Mar. 24, 2016). The documents as they stand are no longer privileged as a result of the application of the crime-fraud exception. As for Defendants' arguments that if the documents are not sealed their appellate rights are eviscerated, "[e]ffective appellate review of disclosure orders adverse to the attorney-client privilege can be had by means other than collateral order appeal, including postjudgment review. Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 101 (2009). Additionally, the Court does not find that the law of the case doctrine applies here because the orders referred to by Defendants (ECF No. 396, 587, and 926) are inapplicable to the documents at issue here and the Court's prior order at ECF 809 supports public disclosure. Given all of the foregoing, there is no compelling reason for which the public should be denied access to these documents. The Special Master did not commit an abuse of discretion and instead properly determined that the step two motion (despite being a discovery motion) related to the merits of NIC's causes of action, noted that the exhibits were not privileged, and considered the strong presumption in favor of public access to the documents.

 Accordingly, Defendants' objections are **overruled**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | 7/23/2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

## IV.  CONCLUSION

For the foregoing reasons, the Court **sustains in part and overrules in part** Defendants' objections at ECF No. 984 and **overrules** Defendants' objections at ECF No. 963.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |