**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
David J. Darnell (SBN 210166)
Ddarnell@callahan-law.com
James M. Sabovich (SBN 218488)
jsabovich@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants and Counterclaimants
NEWPORT TRIAL GROUP and SCOTT J. FERRELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | CASE NO. 8:15-cv-02034-JVS-JCG<br>JAMS NO. 1220055347<br><br>**REQUEST FOR ORAL ARGUMENT REGARDING TENTATIVE RULING ON MOTION TO STRIKE, MOTION TO DISMISS AND MOTION FOR SANCTIONS**<br><br>Special Master: Hon. Rosalyn Chapman<br>Judge:  Hon. James V. Selna<br><br>Complaint Filed:  December 7, 2015<br>Trial Date:  March 23, 2021 |

Counterclaimants Newport Trial Group and Scott Ferrell hereby request oral argument (at least telephonically) so that the Court can consider and correct important issues in the tentative ruling to grant Counter-Defendants' Motion to Strike (Dkt. 998) and Motion for Sanctions (Dkt. 1000), which include:

**No controlling precedent holds that a defendant must obtain leave to file a counterclaim following an amended complaint.  In fact, two of the three approaches here expressly state otherwise:** *See Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *5 (N.D. Cal. Sept. 6, 2012) (noting "no federal appellate court has addressed this issue" and that "[d]istrict courts across the country have taken several different approaches, which can generally be classified as permissive, moderate or narrow.")  And in California, district courts have followed either the permissive approach or the moderate approach, but never the narrow approach.  As a result, the finding that leave was required here under these circumstances is a significant departure from existing law.

**The Counterclaim satisfies the permissive approach:**  There can be no dispute that NTG satisfied the permissive approach. *See City of W. Sacramento, California v. R & L Bus. Mgmt.*, No. 2:18-CV-900 WBS EFB, 2019 WL 2249630, at *1–2 (E.D. Cal. May 23, 2019) (applying the permissive approach, which allows a counterclaim to be filed without leave whenever the plaintiff amended the complaint); *see also* Dkt. 1002 at 16 ("the Counterclaim also satisfies the permissive approach.").  The tentative does not address the permissive approach at all.

**The Counterclaim also satisfies the moderate approach:**  Under the moderate approach, if a plaintiff "changed the theory or scope of the litigation" through amendment, then the defendant is "also permitted to add counterclaims that similarly changed the theory or scope of the case." *Adobe* at *6.  Hence, the moderate approach will only compare "the breadth of the changes" in two pleadings, rather than substance of the changes. *See Coppola v. Smith*, No. 1:11-CV-1257 AWI BAM, 2015 WL 2127965, at *2 (E.D. Cal. May 6, 2015) (quoting *Virginia*

*Inn. Scis., Inc. v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622, 633 (E.D. Va. 2014) (the "breadth requirement is one of proportionality and it does not require the changes to the response to be directly tied to the changes in the amended complaint.").

The tentative here, however, repeats Counter-Defendants' misstatement that under the moderate approach, "newly alleged counterclaims are allowed as of right only to the extent they directly relate to changes in the amended complaint." (Tentative at 8-9.)[1] The tentative then applies this misstated standard to find the Counterclaim improper because "[t]he Amended Counterclaim does not focus at all on the changes to the TAC." (Tentative at 9.) This is erroneous as the moderate approach does not consider whether the substance of the allegations in the two pleadings "directly relate." Instead, the moderate approach will focus only on the breadth and scope of the changes and whether they are proportional to one another. *See Coppola* (quoting *Virginia Inn.*), *supra*.

And in this case, it cannot be disputed that NIC's amended complaint changed the theory or scope of its case by adding the new Lanham Act scheme based on at least five new predicate matters. (Dkt. 911, ¶ 365.) The opening or threshold issue is thus whether NIC's amended pleading changed the breadth or scope of its claims <u>***at all***</u>. The tentative here largely relies the Court's prior statement on NIC's motion for leave to amend (which focused on prejudice to the defendants) that the "new allegations would not greatly change the parties' positions" because they had been the subject of discovery disputes, so NTG should not be "surprised" by them. (Tentative at 10, citing to Dkt. 910 at 6). However, the Court's finding that Defendants would not be prejudiced by the amendment because prior discovery had been conducted is a completely different issue. Moreover, in making that prior finding, the Court did not analyze the breadth or scope of the changes in NIC's

---

[1] This is not the moderate approach. The requirement that allegations in a counterclaim have a direct relation to the new allegations in the amended complaint is actually the narrow approach. (See Dkt. 1002 at 15-16).

amended complaint. Nor did it consider whether the Counterclaim raises issues that are proportional to those changes. Both are required under the moderate approach.

**The Counterclaim is proportional to the breadth of NIC's changes to the TAC:** Critically, NIC's amended complaint added a new "Lanham Act scheme" that was allegedly perpetrated by a corporate plaintiff (instead of just individual consumer plaintiffs) in an entirely new area of law (the Lanham Act as opposed to just the false advertising and wiretapping statutes that were previously alleged). On top of this, the new Lanham Act scheme in NIC's amended pleading is based on five new predicate matters, each of which must be shown to be baseless. (Dkt. 911, ¶¶ 359-377.) In this regard, the breadth of NIC's five new predicate matters is proportional to those in the Counterclaim, which asserts a single RICO claim based on four categories of misconduct: (1) the false declarations filed in September 2019, (2) the blackmail of Nilon and related acts, (3) Clark Baker's extortion of NTG's other clients, and (4) Negrete's false declaration regarding the Nilon deposition. (*See* Dkt. 980 at 15 [§VI(A)], 36 [§VI(B)], 50 [§VI(C)] and 53 [§VI(D)].)

**At a minimum, NTG had a good-faith basis for believing the Counterclaim to be compulsory:** Rule 13's "transaction or occurrence" standard for compulsory counterclaims is construed broadly under controlling Ninth Circuit and Supreme Court precedent. *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987) (citing *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926)). Despite this, the tentative adopts an extremely narrow test for the "logically related" standard for a compulsory counterclaim based on whether the allegations in the "Counterclaim allegedly corresponds to allegations in the TAC." (Tentative at 8.) But the logical relation standard does not turn on whether the allegations in the two pleadings are identical or responsive to one another. Instead, it depends more broadly on whether the claims, defenses, theories or issues in the two pleadings are logically related. And here, the logical relationship is also based on the fact that ***both pleadings present RICO claims based on the filing of***

Case 8:15-cv-02034-JVS-JCG   Document 1025   Filed 07/28/20   Page 5 of 7   Page ID
#:70506

*allegedly false claims and declarations before the courts*.

**The Counterclaim was compulsory because it arose before NTG filed its final answer:**  The tentative suggests that conduct pertaining to the false declarations in late 2019 cannot be compulsory because it occurred after NTG filed its first answer.  (Tentative at 10.)  But a case from this same district court looked to the parties' "last" pleadings in deciding whether a counterclaim was compulsory.  *See MGA Entm't, Inc. v. Mattel, Inc.*, No. CV 11-01063 DOC RNBX, 2011 WL 5007955, at *10 (C.D. Cal. Oct. 20, 2011).  Here, NIC's "last pleading" was the TAC, which required NTG to file a new answer.  Thus, NTG had to assert all compulsory counterclaims that arose prior to its new answer.

**There has been no showing counsel failed to conduct a reasonable investigation:**  This is "required by the Ninth Circuit's decision in *Christian*, 286 F.3d at 1127" before sanctions can be imposed.  *Elettronica GmbH v. Radio Frequency Simulation Sys., Inc.*, No. SACV1601523AGKESX, 2017 WL 6888258, at *1 (C.D. Cal. Aug. 21, 2017).  Nor is there any grounds to find that "the most cursory legal inquiry would have revealed [the deficiencies]," as this typically arises with straightforward issues and the omission of an obvious and required element (*Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005)), not complex legal issues where controlling authority is largely absent.  *Blackwell v. United Drywall Supply, Inc.*, No. 1:07-CV-2351-ODE, 2009 WL 10672531, at *3 (N.D. Ga. Aug. 27, 2009) ("in the absence of any controlling precedent to the contrary, [] Rule 11 does not permit sanctions against Plaintiffs' counsel for pursuing this course of action.")

**The Counterclaim is not time barred:**  First, the statute tolled when NIC filed its complaint.  (Dkt. 1021 at 17-18; *Orange Cty. Health Care Agency v. Dodge*, 793 F. Supp. 2d 1121, 1129 (C.D. Cal. 2011) ("[T]he weight of authority [is] that the filing of a complaint tolls the statute of limitations for compulsory counterclaims.").)  Second, the tentative erroneously states NTG alleged only attorneys' fees damages; in reality, NTG alleged damages based on adverse findings

- 4 -

Request for Oral Argument

in a court order that was procured through fraud. (Dkt. 980, ¶¶ 143, 217.)  Third, there is no "rule" that legal fees for responding to separate, independent schemes are a single injury for statute of limitations purposes. (Dkt. 1003 at 17, fn. 5.)

**The Sham Litigation Exception Applies:**  First, the tentative does not address the fact that the Counterclaim is based in part on out-of-court illegal conduct, including promising benefits to a witness in exchange for testimony (*see* Dkt. 980, at ¶¶ 3(b), 79, 170), which need not satisfy the fraud exception. *Evans Hotels, LLC v. Unite Here Local 30*, 433 F. Supp. 3d 1130, 1152 (S.D. Cal. 2020) ("Courts treat illegal acts, such as fraud and bribery, 'as analogous to the sham petitioning activity.'").  Second, judicial "reliance" is not a required element of the third exception to *Noerr-Pennington*.  An absolute judicial reliance requirement is inconsistent with the Ninth Circuit's holding in *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1262 (9th Cir. 1982).  Moreover, in evaluating whether NIC could invoke that exception, this Court held that the fact that "misrepresentations all came to light during the course of litigation" did not preclude a finding that misrepresentations deprived the litigation of its legitimacy. (Dkt. 88-1 at 13.)  Indeed, the tentative now seeks to rely on *Williams v. Jones & Jones Mgmt. Grp., Inc.* for its reliance requirement even though it previously distinguished that case. (Dkt. 88 at 14.)  Third, the reference to misrepresentations that "deprive the litigation of its legitimacy" is a materiality requirement, not a requirement that the misrepresentation be successful. *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 124 (3d Cir. 1999).

**Conclusion:**  Oral argument (even if telephonic) would allow the parties to further explain these points and assist the Court in considering and addressing these issues.  Oral argument would also show there are no controlling authorities on when leave is required to file a Counterclaim after an amended complaint, or what is a misrepresentation that "deprives the litigation of its legitimacy…"  Accordingly, the imposition of Rule 11 sanctions based on those findings should be modified.

Dated: July 28, 2020

**CALLAHAN & BLAINE, APLC**

By: */s/ David D. Darnell*
Edward Susolik
David J. Darnell
James M. Sabovich
Attorneys for Defendants and Counterclaimants NEWPORT TRIAL GROUP and SCOTT J. FERRELL