Sanjay S. Karnik, Esq. (*pro hac vice*)
Illinois Bar No. 6300156
sanjay@amintalati.com
J. Kathleen Bond, Esq. (*pro hac vice*)
katie@amintalati.com
Jennifer M. Adams (Ca. Bar No. 319347)
jennifer@amintalati.com
AMIN TALATI WASSERMAN LLP
100 S. Wacker Dr., Ste. 2000
Chicago, IL 60606
Phone: (312) 312-3327
Fax: (312) 884-7352
*Attorneys for Counter-Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS, a Florida corporation,<br><br>Plaintiff,<br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants.<br>------------------------------------------<br>NEWPORT TRIAL GROUP, a professional corporation; and SCOTT J. FERRELL, an individual,<br><br>Counterclaimants,<br><br>v.<br><br>NATURAL IMMUNOGENICS CORP., et al.<br><br>Counter-Defendants. | Case No.: 8:15-cv-02034-JVS-JCG<br><br>**COUNTER-DEFENDANTS' OPPOSITION TO REQUEST FOR ORAL ARGUMENT [DKT. 1025]**<br><br>Hearing Date: n/a<br>Judge: Hon. James V. Selna |

1  Counter-Defendants hereby object to and oppose the Counterclaimants' improper brief, styled a "Request for Oral Argument." *See* Dkt. 1025. Counterclaimants improperly submitted an additional, unauthorized merits brief that does not justify or explain why oral argument would be "necessary"—which is the standard set by the Court in its Tentative Order. The Counterclaimants' latest brief simply reargues the same law and points raised in their seventy-five (75) pages of briefing already submitted on these issues. *See* Dkt. Nos. 1002, 1003, 1005. Moreover, even if Counterclaimants' brief did raise new positions, those arguments would be improper at this stage having not been presented at any point in the underlying briefing. Those points are waived. *See, e.g., Downey Surgical Clinic, Inc. v. Ingenix, Inc.*, No. CV 09-5457, 2013 WL 12114070, at *7 (C.D. Cal. Dec. 11, 2013) (citing case law for the proposition that parties waive issues by failing to present them in their opening briefs).

This Court's Tentative Order correctly applied the law and addressed the same issues now briefed in Counterclaimants' request for oral argument. The Court rejected each of Counterclaimants' positions, and properly concluded that the counterclaims were baseless for a variety of dispositive reasons. Counterclaimants' arguments in Docket 1025 do not undermine this Court's Tentative Order, and merely argue that the Court erred in its legal analysis of the same authorities.

In sum, the Counterclaimants have failed their *prima facie* burden to explain why oral argument is warranted, and failed to raise valid bases for this Court to alter its well-reasoned Tentative Order. This Court properly concluded that the Counterclaims are sanctionable under Rule 11 because they were legally barred under the Court's Scheduling Order, the RICO statute of limitations, and the *Noerr-Pennington* doctrine. Counterclaimants gave no explanation for their extreme delay in advancing those claims or their unreasonable failure to appreciate

the legal bars to preclude assertion of their counterclaims in the first instance.[1]  As the Court found, the factual allegations asserted against NIC's counsel were frivolous, and represented Counterclaimants' attempt to relitigate issues already the subject of this Court's prior orders in the case.  The *Noerr-Pennington* doctrine barred relief based on the protected litigation activities, and Counterclaimants had no non-frivolous argument to invoke an exception to *Noerr*.  This Court determined not to reach the many other reasons in Counter-Defendants' Rule 12(b)(6) motion to dismiss explaining, again, that the Counterclaims were plainly against the aforementioned legal bars and factually groundless.  *See* Dkt. Nos. 990, 1008.

Those baseless counterclaims have imposed a substantial expense on Counter-Defendants, and the Court found them to have wasted its resources.  If, however, this Court is inclined to consider modifications to the Tentative Order, or alter content based on Counterclaimants' submission in Docket 1025, the Counter-Defendants request a reciprocal opportunity to file an additional merits brief as Counterclaimants have done in Docket 1025.  Counter-Defendants are ready to explain precisely why the Counterclaimants' arguments are against the weight of the precedent and have no effect on the well-reasoned legal opinion issued by this Court.

---

[1] Counterclaimants filed their counterclaims as a standalone filing, unconnected to an Answer, bringing new claims against seven new parties.  *See* Dkts. 918, 951.

DATED: July 29, 2020

           Respectfully submitted,

           AMIN TALATI WASSERMAN

      By: **/s/ Sanjay S. Karnik**
         J. Kathleen Bond (*pro hac vice*)
         Sanjay S. Karnik (*pro hac vice*)
         *Counsel to Counterclaim-Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2020 the foregoing, **COUNTER-DEFENDANTS' OPPOSITION TO REQUEST FOR ORAL ARGUMENT [DKT. 1025]** was electronically filed using the Court's CM/ECF system and was sent by that system to the following:

Brendan M. Ford, Esq.
bford@FordDiulio, P.C.
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
*Attorney for Andrew Nilon, Giovanni Sandoval, Sam Schoonover, Matthew Dronkers, Taylor Demulder, Sam Pfleg,*

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
*Attorney for Newport Trial Group and Scott Ferrell*

Nicole Whyte
nwhyte@bremerwhyte.com
Benjamin Price
bprice@bremerwhyte.com
Kyle A. Riddles
kriddles@bremerwhyte.com
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
*Attorneys for Ryan Ferrell. Andre Baslow, David Reid, and Victoria Knowles*

Jonathan Emord, Esq.
jemord@emord.com
Peter Arhangelsky, Esq.
parhangelsky@emord.com
Joshua Furman, Esq.
jfurman@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Drive, Bldg. 6, Suite 133
Gilbert, AZ 85295
*Attorneys for Natural Immunogenics Corp.*

**/s/ Sanjay S. Karnik**
Sanjay S. Karnik, Esq.