UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS(JCGx) | Date | 8/7/2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS]** Minute Order Regarding Motion for Leave to Conduct Discovery

    Defendants Newport Trial Group and Scott J. Ferrell ("Ferrell") (collectively "NTG" or "Defendants") move for leave to conduct discovery concerning their counterclaim and designate an additional expert regarding new allegations in the Fourth Amended Complaint ("FAC").  ECF No. 1013-1.  Natural-Immunogenics Corp. ("NIC"), Benjamin Quinto, Theo Quinto, Emord & Associates P.C., Peter Arhangelsky, Charlotte Carlberg, Jim Buc, and Maryann Buc oppose Defendants' Motion for Leave to Conduct Discovery concerning the new counterclaims.  ECF No. 1018.  NIC filed a separate brief opposing NTG's motion for leave to conduct discovery and to designate an additional expert regarding the new allegations in the FAC.  Opp'n, ECF No. 1019.  NTG filed a consolidated reply.  ECF No. 1021.

    For the following reasons, the Court **DENIES** the motion.  The Court further finds that oral argument would not be helpful on this matter and vacates the August 10, 2020 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

### I. BACKGROUND

    The background of this case is well known to the parties and the Court.  This Order recites background only as relevant to the motion.

    **A.**    **Overview**

    This case concerns litigation between NIC and NTG, its attorneys, and its clients. In brief, NIC alleges that NTG routinely fabricated class-action litigation to extort money

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS(JCGx) | Date | 8/7/2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

from defendants nationwide. FAC, ¶ 2, ECF No. 1007. NIC's FAC alleges that the NTG Defendants perpetrated three litigation schemes: (1) the false-advertising scheme; (2) the unauthorized recording, or "wiretapping" scheme; and (3) the Lanham Act scheme. See generally, id.

Under the Lanham Act scheme NTG, Ferrell, and David Reid ("Reid") created a sham "plaintiff" by forming a limited liability company called Strataluz LLC ("Strataluz") and concealing their ownership in the entity. Id. at ¶ 42. NTG, Ferrell, and Reid utilized Strataluz as a plaintiff to threaten companies that sold dietary supplements with lawsuits under a Lanham Act false advertising theory falsely claiming that they had competitor standing and actual damages. Id. at ¶ 43. In May and June 2015, NTG, Ferrell, and Reid falsely threatened companies that sold male enhancement supplements with Lanham Act litigation based on false allegations that Strataluz manufactured, sold, and distributed a patented male enhancement product called ProMaxal. Id. at ¶ 44. In fact, ProMaxal did not exist, had never been manufactured, and was never sold. Id. NTG, Ferrell, and Reid attempted to extort "hundreds of thousands of dollars from unsuspecting companies in exchange for dismissal and the offer of a worthless license that Defendants claimed had significant value" by threatening such frivolous litigation. Id. at ¶ 45.

### B. Procedural History

Discovery cut-off in this case expired on December 31, 2017 after this Court extended the deadline. ECF No. 500. On December 16, 2019, this Court issued a Scheduling Order setting trial for November 3, 2020. ECF No. 883. NIC filed a timely motion for leave to file its Third Amended Complaint ("TAC") on February 14, 2020. ECF No. 892. The proposed TAC added predicate acts under RICO concerning allegations that Ferrell and Reid used their Strataluz business to file lawsuits against competitors based on false allegations. See Redline version of TAC, ECF No. 892-4. The Court granted the motion reasoning that the proposed amendments would not "greatly change the parties' positions." ECF No. 910, 6. NTG moved to dismiss or strike the TAC on April, 7, 2020. ECF No. 913. On May 20, 2020, the Court granted the motion to dismiss with leave to amend. ECF No. 987. On June 18, 2020, the FAC was filed. ECF No. 1007.

Without seeking leave from the Court, NTG filed Counterclaims adding seven new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-2034 JVS(JCGx)   Date  8/7/2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

parties on April 7, 2020.  ECF No. 918.  On May 7, 2020, without seeking leave from the Court, NTG filed an Amended Counterclaim alleging a violation of the RICO Act and conspiracy to violate the RICO Act.  ECF No. 978-1.  The Court recently dismissed Defendants' Counterclaim.  ECF No. 1028.

## II. Legal Standard

"A district court has wide latitude in controlling discovery."  Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008) (internal quotation marks and citation omitted).  Pursuant to Federal Rule of Civil Procedure 16(b), a district court must issue a scheduling order that limits the time to, among other things, complete discovery.  Fed. R. Civ. P. 16(b)(1), (3).  A party must show "good cause" for relief from a scheduling order.  Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).  The good cause standard "primarily considers the diligence of the party seeking the amendment."  Johnson, 975 F.2d at 609.  The court may grant relief from a scheduling deadline if the deadline could not "reasonably be met despite the diligence of the party seeking the extension."  Id.  While a court may consider prejudice to the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.

## III. Discussion

As a threshold matter, the Court recently struck Defendants' Counterclaim.  ECF No. 1028.  Therefore, the motion to conduct discovery concerning the Counterclaim is denied as **MOOT**.

Defendants ask the Court for leave to conduct discovery concerning the new allegations in the FAC.  See generally, Mot.  The Court looks to NTG's reasons for seeking modification of the scheduling order and discovery cut off in determining whether to grant such a request.  See Johnson, 975 F.2d at 609.  In evaluating whether good cause exists to grant leave to take discovery, the Court considers "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-2034 JVS(JCGx) | Date | 8/7/2020 |
|---|---|---|---|
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

     The Court finds that there is no good cause here to grant leave to take additional discovery. Trial in this action was scheduled for November 3, 2020. While this date is uncertain as a result of the Court's limitations resulting from the pandemic, this action will take precedence on the Court's calendar when trials resume given that this action was filed in 2015. This request is also opposed by NIC. Thus, both of these factors weigh against a finding of good cause.

     NTG argues that NIC would not be prejudiced because their request for discovery is "modest and reciprocal" since it proposes that each side be allowed 25 requests for admissions and special interrogatories and 50 requests for productions limited to new allegations in the FAC and the now dismissed counterclaim, and a single new expert, whose subject matter will be limited to "business or corporate practices and standards, as well as marketing practices, in the health supplement industry." Mot., 14. But NIC would be prejudiced here because opening discovery would further delay resolution of this action and potentially lead to further discovery disputes which in this action have been extraordinary in number.

     NTG argues that it has been diligent because it was not responsible for seeking discovery earlier into the Strataluz allegations since they were previously not pled in the complaint. Mot., 10-14. However, while the FAC updated allegations resulting from evidence obtained in discovery, the Strataluz allegations have been before this Court and discussed in motions and orders for years. See ECF No. 201 at 9 (NIC's RICO statement naming Strataluz), ECF No. 299 at 15-21, ECF No. 414 at 5. By NIC's count Strataluz has been addressed in 180 separate docket entries in this case beginning in November 2016. Opp'n, 5. In fact, discovery was opened into Strataluz for a five month period in 2017 after NIC requested such discovery. See ECF No. 414; see also ECF No. 652. Further, while NTG again alleges that NIC had made the claim that they would not amend their complaint to add Strataluz allegations, the Court has already considered and rejected this argument. See ECF No. 1013 at 9. It rejects it again here. That NTG did not conduct discovery despite knowing that NIC intended to use this evidence at trial shows a lack of diligence. See e.g., ECF No. 652 at 10 ("[T]he Court will not require NIC to establish admissibility at this time . . . It is sufficient that NIC contends that the Strataluz discovery is important to show evidence of other bad acts because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS(JCGx) | Date | 8/7/2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

ProMAXAL cases may support NIC's RICO theory that NTG attorneys initiated fraudulent lawsuits on behalf of shill plaintiffs and even went so far as to create their own plaintiff."). NIC and the Court has been aware of these allegations since no later than 2017 and prior to the close of discovery. Therefore, NTG has not established its diligence and this factor weighs against a finding of good cause.

NTG argues that granting leave is unlikely to result in an additional need for discovery because it is limited in scope and quantity and the time frame it proposes to conduct such discovery is only 60 days. Mot., 15. NTG also argues that discovery is "virtually certain to result in relevant evidence and is proportional to the needs of this case." Id. This is because they contend that their request is limited to new allegations in the FAC and because such allegations are "now an integral part of NIC's RICO allegations." Id. at 16. But NTG has failed to make clear what it hopes to gain from its discovery requests given that Strataluz was an entity formed by Reid and Ferrell and represented by NTG. See FAC, ¶¶ 360-62. NIC was not a party to the Strataluz lawsuits. Thus, NIC's knowledge would logically be limited while NTG is the one in possession of information concerning whether the allegations are true or not. See e.g., ECF No. 830-1 ("NTG's Supplemental Privilege Log (8/19/2019) for S. Ferrell and D. Reid Communications re: Strataluz per Dkt. 820").

Further, NTG's arguments that it is not prepared to "defend against potential liability for a Lanham Act violation" (see Reply, 4), is misleading given that there are no Lanham Act violations that have been brought against it. NTG contends that an expert would assist the jury with distinguishing between "traditional business practices" and illegal activity while arguing that the relevancy bar for experts is low. Reply, 4; Mot., 17-20. But, the FAC alleges malicious prosecution, violations of the RICO Act and unfair competition. The FAC does not allege that NTG violated the Lanham Act. In essence, the FAC alleges that NTG concocted a new entity in order to drum up false Lanham Act claims to extort settlements. FAC, ¶¶ 40-45, 359-77. The substance of the Strataluz allegations is the following:

> Defendants NTG, Scott Ferrell, and David Reid began
> threatening suit against companies that sold male enhancement
> products based on false allegations that their "client," Strataluz,
> manufactured, sold, and distributed a patented and effective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS(JCGx) | Date | 8/7/2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

    male enhancement product called ProMaxal. They falsely claimed that ProMaxal's efficacy was backed by clinical research that Strataluz had funded. They falsely claimed that Strataluz suffered damages based on false statements known to be false by NTG, Scott Ferrell, and David Reid. The ProMaxal product did not exist, had never been manufactured, and was never sold. Material statements made about that product were false.

Id. An expert on the Lanham Act would not be particularly helpful and would likely distract from the actual claims in the FAC which concern whether NTG, Ferrell and Reid created a plaintiff in order to drum up false litigation based on a product that did not exist.

  Throughout its motion NTG cites to Youngevity Int'l, Corp. v. Smith, No. 16-CV-704 BTM (JLB), 2017 WL 6730078 (S.D. Cal. Dec. 29, 2017), in support for its position noting that counsel for NIC represented the Defendants asking for leave in that case. That is neither here nor there. Furthermore, the timing and circumstances in Youngevity does not parallel the situation here. First, the amended complaint there added two new defendants. The FAC here did not add new defendants. Additionally, Youngevity concerned an action filed in 2016 and a request to reopen discovery within the same year after it had closed. This action has been litigated since 2015 – five long years – and currently numbers in excess of 1025 docket entries to say nothing of the amount of time spent by the Special Master and this Court sorting and resolving discovery disputes. Discovery cut-off in this case was also set for December 2017 – two years ago.

  This Court has wide latitude in controlling discovery, but it also has an obligation to ensure that discovery is proportional and that the Court's docket and resources are managed conscientiously. See Lane, 523 F.3d at 1134; Fed. R. Civ. P. 26(b)(1). The days of proportional discovery requests here have long expired. NTG's discovery request is not proportional given the amount of discovery that has already taken place in this action, the fact that Strataluz was an NTG owned entity and therefore NTG and Ferrell are in possession of the documents the allegations are based on, NTG has third party discovery responses relating to Strataluz, and that discovery was already opened into Strataluz and NTG chose not to take advantage of that window. Furthermore, given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-2034 JVS(JCGx) | Date | 8/7/2020 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al |
|---|---|

history of misconduct and excessive discovery in this action, there is a high probability that granting any further discovery here will result in more of the same.

The majority of the factors do not support a finding of good cause and this Court therefore **DENIES** NTG's motion. It is time for this action to move speedily to a final resolution.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion. The Court further finds that oral argument would not be helpful on this matter and vacates the August 10, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |