Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Drive, Bldg 6, Ste 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS, a Florida corporation,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>　　　　　　　Defendants. | Case No.: 8:15-cv-02034-JVS (JCG)<br><br>**JOINT PRE-TRIAL PLAN PURSUANT TO COURT ORDER**<br><br>Judge:  James V. Selna<br><br>Fact Discovery Cut-off:　Dec. 31, 2017<br>Expert Discovery Cut-off: Dec. 31, 2017<br>Pretrial Conf. Date:　　　Feb. 22, 2021<br>Trial Date:　　　　　　　Mar. 23, 2021 |

## I. INTRODUCTION

On July 24, 2020 the Court held a telephonic status conference. Dkt. 1027. The Court continued the trial date in this case until March 23, 2021. *Id.* The Court further ordered the parties to submit a joint statement to the Court identifying precisely what discovery and motions each party believed were required to bring this case to trial. *See id.* (requiring submission within ten (10) days). The Parties hereby submit their respective statements.

## II. PLAINTIFF'S PORTION

On March 5, 2020, the Court granted NIC leave to conduct discovery flowing from the Court's various privilege piercing orders. Dkt. 902. The Court has also recognized that NIC would be permitted to take depositions of the NTG Defendants. Dkt. 902 at 16. NIC must complete that discovery to support motions for summary judgment. NIC summarizes below the outstanding discovery and other motions practice required to bring this case to trial.

### A. Post-Privilege Discovery

**1. Completed Depositions and Discovery:**

    a) Defendant Taylor Demulder: Completed July 10, 2020;

    b) Non-Party Daniel Bobba: Completed July 22, 2020;

    c) Defendant Victoria Knowles: Completed July 31, 2020;

    d) NIC's Supplemental Motion to Compel Crime-Fraud Documents: Resolved pursuant to Court Order [Dkt. 1022 (Aug. 3, 2020)].

**2. Remaining Depositions**

    a) Defendant Andrew Baslow: Scheduled for August 26, 2020

    b) Defendant Sam Schoonover: Scheduled for August 27, 2020

c) Non-Party Wynn Ferrell

d) Defendant Andrew Nilon

e) Defendant Ryan Ferrell

f) Defendant David Reid.  NIC cannot take this deposition until NIC receives documents related to Strataluz LLC pursuant to **Dockets 820 and 823**.

g) Defendant Scott Ferrell.  NIC cannot take this deposition until NIC receives documents related to Strataluz LLC pursuant to **Dockets 820 and 823**.

h) Defendant Newport Trial Group 30(b)(6).  NIC cannot take this deposition until NIC receives documents related to Strataluz LLC pursuant to **Dockets 820 and 823**.  Moreover, this deposition cannot be completed within the presumptive 7-hour limit and requires an extension of time up to 7-hours (for a total deposition time of 14 hours).  As the primary defendant in this lawsuit, NTG was involved in all alleged predicate acts, and possesses knowledge regarding all allegations, claims, and defenses at issue in this case.  This lawsuit is complex and involves multiple defendants, dozens of RICO predicate acts, and thousands of documents.  Defendants have not agreed to extend the presumptive limit and the parties will likely require motions practice to resolve this dispute.

3. **Discovery Motions**

a) Motion to Extend/Compel NTG Rule 30(b)(6) Deposition.  As noted, *supra*, unless the parties can reach an agreement, NIC may be required to move for relief regarding the NTG Rule 30(b)(6) deposition.  That motion would include a request to extend the deposition by an additional seven hours.  NIC may also compel

testimony regarding certain deposition topics.

b) Motion for Supplemental Written Discovery.  Based on testimony received at deposition (and potentially forthcoming testimony in upcoming depositions), NIC may seek leave of Court to serve a narrow set of written discovery requests to follow-up on information first disclosed during depositions.  Those requests, if granted, would be limited in scope and volume, and would be tailored to new information first disclosed at deposition.  NIC will seek leave to serve a narrow set of Requests for Admission under Rule 36(a)(1)(B) concerning the genuineness or authenticity of certain documents produced in discovery.

c) Motions to Compel under Rule 37.  NIC reserves its ability to pursue motions to compel based on responses/objections given at depositions.  However, no such motion is forthcoming at this time.

## B. Motions for Summary Judgment

Based on the documentary and testimonial evidence collected to date, this case is likely to be resolved on summary judgment against the Defendants in whole, or in significant part.  As such, the Court and parties will benefit greatly from effective and complete summary judgment briefing.  NIC therefore must complete fact discovery with sufficient time to prepare comprehensive dispositive motions before trial.  Given the volume of the record in this case and the number of predicate acts at issue in the RICO count, summary judgment preparation will likely require at least 60 days and may require a page-limit extension by the Court.

### C. Motions to Exclude Experts and Motions in Limine

NIC anticipates filing motions to exclude the Defendants' expert witnesses on various grounds. To date, NIC has moved to exclude two of Defendants' five expert witnesses and the Court has granted, in part, each of those motions. The remaining experts are subject to complete or partial exclusion. Moreover, NIC anticipates bringing motions *in limine* to prevent irrelevant or unreasonably prejudicial testimony or argument from being presented to the jury. To bring this case to trial, NIC must resolve those issues on full briefing.

## III. DEFENDANTS' PORTION

Defendants submit the following statement with Defendants' time table for the discovery and pretrial matters that Defendants need to complete prior to the pretrial conference on February 22, 2021:[1]

### A. Defendants' Discovery to be Completed:

Based on the current state of the claims and the pleadings, the only discovery that Defendants need to complete relates to (1) NTG's Motion to Compel (Dkt. 981) and (2) NTG and Ferrell's' Motion for Leave to conduct discovery and to designate an additional expert regarding NIC's new allegations about the "Lanham Act scheme" (Dkt. 1013).

**1. NTG's Motion to Compel (Dkt. 981)**

This Motion to Compel was filed on May 11, 2020 before the Special Master (Judge Chapman) and is still pending. On August 6, 2020, the Court accepted Judge Chapman's resignation as Special Master. (Dkt. 1029.) As a

---

[1] Plaintiff did not provide Defendants with Plaintiff's statement about discovery and pretrial matters prior to preparing this combined statement. Accordingly, Defendants respectfully reserve all rights, especially if some or all of Plaintiff's discovery or other proposals violate a prior order from this Court and/or are unnecessary or not proportional to the needs of this case.

result, this Motion to Compel will need to be reviewed by the new Special Master to be appointed by the Court. Defendants anticipate that the new Special Master may need approximately 30-45 days following said appointment to rule on NTG's Motion to Compel.

This Motion to Compel seeks the production of documents through discovery that was previously authorized by this Court's Order in Docket No. 891, which allowed "NTG to serve one set of document requests to NIC and its counsel, along with a records subpoena to each of the NIC witnesses[,]" relating to the three false declarations that NIC filed before this Court. (Dkt. 891 at 18.) This discovery is important because it refutes NIC's claim that NTG and Ferrell developed a scheme to defraud NIC in December of 2011, that "NTG did not write [the demand letter to NIC] on behalf of any California consumer and did not represent a valid class representative at the time," that Trycia Carlberg was not a client of NTG at the time, and that Trycia Carlberg never used Sovereign Silver and never relied upon NIC's false claims about Sovereign Silver. (*See* Dkt. 1007 [NIC's Fourth Amended Complaint] at ¶¶55-62.) This discovery is also relevant to understanding the role of NIC and its counsel in filing false declarations before this Court. This discovery is thus highly probative of material allegations by NIC in this case, as well as Defendants' defense to those claims.

If NTG's Motion to Compel is granted, the further responses and documents will likely be ordered for production within 10 days of the issuance of a final order.

**2. NTG and Ferrell's Motion for Leave (Dkt. 1013):**

This Motion for Leave was filed on June 25, 2020 and is scheduled for a hearing date of August 10, 2020. This motion seeks leave for Defendants to conduct additional discovery based on the new allegations and new issues raised in NIC's amended pleading, which is now the Fourth Amended Complaint (Dkt. 1007).[2] More specifically, as it relates to the new allegations in NIC's Fourth

---

[2] This motion also sought leave to conduct discovery on issues relating to

Amended Complaint, Defendants seek leave to:

    (1) Designate one additional expert regarding business or corporate practices and standards, as well as marketing practices, in the health supplement industry as it relates to NIC's new "Lanham Act scheme." This request also acknowledges that NIC should be permitted to offer a rebuttal expert report within 30 days, and that each side should be permitted one deposition of the opposing side's expert on those issues.

    (2) Propound no more than 25 requests for admissions, 25 interrogatories and 50 requests for the production of documents regarding the new allegations in NIC's Fourth Amended Complaint.

Defendants believe this discovery can be completed within 60 days of the Court ruling on the Motion for Leave.

### B. **Defendants Request a Scheduling Order for Pretrial Matters to be Completed:**

Defendants request that the Court issue a Scheduling Order that sets specific dates for the exchange and filing of pretrial documents in this case in accordance with this Court's preference for deadlines based on the pretrial conference date and trial date.

---

NTG and Ferrell's Amended Counterclaim (978-1), but this Court just recently struck the Counterclaim (Dkt. 1028) so the request for Counterclaim discovery is now moot.

RESPECTFULLY SUBMITTED:

DATED:   August 7, 2020

| FOR PLAINTIFF NATURAL IMMUNOGENICS CORP. | FOR NTG DEFENDANTS |
|---|---|
| */s/ Peter A. Arhangelsky*<br>Peter A. Arhangelsky (CA 291325)<br>parhangelsky@emord.com<br>EMORD & ASSOCIATES, P.C.<br>2730 S. Val Vista Dr.<br>Bldg 6, Ste. 133<br>Gilbert, AZ 85295<br>Ph:  (602) 388-8899<br>Fx:  (602) 393-4361<br><br>*Attorneys for Plaintiff Natural-Immunogenics* | */s/ David Darnell*<br>David Darnell (CA 210166)<br>ddarnell@callahan-law.com<br>CALLAHAN & BLAINE<br>3 Hutton Centre Drive, Ninth Floor<br>Santa Ana, CA 92707<br>Ph: (714) 241-4444<br>Fx: (714) 241-4445<br><br>*Attorneys for Defendants Newport Trial Group PC, Scott Ferrell, Ryan Ferrell, Victoria Knowles, David Reid and Andrew Baslow* |
| FOR THE NON-NTG DEFENDANTS | FOR THE ATTORNEY DEFENDANTS |
| */s/Brendan Ford*<br>Brendan M. Ford (CA 224333)<br>bford@forddiulio.com<br>FORD & DIULIO PC<br>650 Town Center Drive, Suite 760<br>Costa Mesa, CA 92626<br>Ph: (714) 384-5540<br>Fx: (844) 437-7201<br><br>*Attorney for Defendants Andrew Nilon, Sam Schoonover, Sam Pfleg, Giovanni Sandoval, Taylor Demulder, and Matthew Dronkers* | */s/Kyle Riddles*<br>Kyle Riddles (CA 309854)<br>kriddles@bremerwhyte.com<br>BREMER WHYTE BROWN & O'MEARA LLP<br>20320 S.W. Birch Street<br>Second Floor<br>Newport Beach, CA 92660<br>Ph: (949) 221-1000<br>Fx: (949) 221-1001<br><br>*Attorney for Ryan Ferrell, Victoria C. Knowles, David Reid, and Andrew Lee Baslow* |

Attestation pursuant to L.R. 5-4.3.4(a)(2)(i) regarding signatures:  I, Peter A. Arhangelsky, attest that all other signatures listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  August 7, 2020               EMORD & ASSOCIATES, P.C.

                                  By:   /s/ *Peter A. Arhangelsky*
                                        Peter Arhangelsky

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020 the foregoing, **JOINT PRETRIAL PLAN PURSUANT TO DKT. 1027** was electronically filed using the Court's CM/ECF system and was sent by that system to the following:

Brendan M. Ford, Esq.
bford@FordDiulio, PC
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
Attorney for Andrew Nilon, Giovanni Sandoval,
Sam Schoonover, Matthew Dronkers, Taylor Demulder, and Sam Pfleg,

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
Attorney for Newport Trial Group and Scott Ferrell

Nicole Whyte
nwhyte@bremerwhyte.com
Benjamin Price
bprice@bremerwhyte.com
Kyle A. Riddles
kriddles@bremerwhyte.com
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
Attorneys for Ryan Ferrell, Victoria Knowles, Andrew Baslow, David Reid

Sanjay Karnik (pro hac vice)
sanjay@amintalati.com
AMIN TALATI WASSERMAN, LLP
100 S. Wacker Drive
Suite 2000
Chicago, IL 60606
Ph:  (312) 466-1033
Fx:  (312) 884-7352
Attorneys for All Counterclaim Defendants

       */s/ Peter A. Arhangelsky*
       Peter A. Arhangelsky, Esq.