# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034JVS(JCGx) | Date | Oct. 28, 2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al | | |

Present: The Honorable     **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **[IN CHAMBERS] Order Regarding Natural-Immunogenics Corp.'s Motion for Judgment under F.R.C.P. 12(c)**

Natural-Immunogenics Corporation ("NIC") moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on Defendants' unclean hands affirmative defense. Dkt. No. 1040. Newport Trial Group ("NTG") and Scott J. Ferrell opposed the motion. Dkt. No. 1047. Defendants Ryan Ferrell, Victoria Knowles, Dave Reid, and Andrew Lee Baslow then joined in NTG and Ferrell's Opposition. Dkt. No. 1048. Defendants Taylor Demulder, Matthew Dronkers, Andrew Nilon, Sam Pfleg, Giovanni Sandoval, and Sam Schoonover later joined in Opposition as well. Dkt. No. 1052. NIC then replied. Dkt. No. 1055.

For the following reasons, the Court **GRANTS** the motion and dismisses NTG's and the other Defendants' unclean hands affirmative defense. The Court finds that unclean hands affirmative defenses are not permitted in response to RICO claims and that Noerr-Pennington protects the activity that is the subject of NTG's unclean hands affirmative defense. The Court also **DENIES** NIC's request for sanctions.

On October 27, 2020, after the Court posted its Tentative Order, NTG request an oral argument regarding whether Ninth Circuit law changes the Court's Noerr-Pennington analysis. For the reasons discussed below, the Court denies NTG's request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034JVS(JCGx)          Date   Oct. 28, 2020

Title      Natural-Immunogenics Corp. v. Newport Trial Group et al

## I. BACKGROUND

### 1.    Factual Background

The background of the instant dispute is well known to the Parties.  See Dkt. Nos. 891 and 1028.  NIC initially filed suit on December 7, 2015, and filed a Second Amended Complaint almost six months later on May 10, 2016.  Dkt. No. 92.  The Fourth Amended Complaint is the operative pleading.  Dkt. No. 1007.

In part, NIC alleged that NTG bribed clients to make intentionally false representations, use these representations to pursue litigation, and then settle the dispute before reaching the courtroom.  Dkt. No. 92. at ¶¶ 27, 29, 31-33, and 3.

NTG answered the Complaint.  Dkt. Nos. 1016, 1017, and 1020.  In their answer, NTG and other Defendants asserted an affirmative defense of unclean hands based on NIC's alleged filing of false claims and false declarations in the instant litigation in late 2019, as well as others (estoppel, failure to mitigate damages, the Noerr-Pennington doctrine, and the First Amendment right to petition).  Id.  Specifically, their First Affirmative Defense was the following: "Plaintiff's claims may be barred or limited in whole or in part by the equitable doctrine of unclean hands because Plaintiff has made false claims and solicited and filed false declarations before this Court."  Answer ¶ 473, Dkt. No. 1017.

NTG's assertion of an unclear hands defense is based on purportedly false claims and false declarations filed in connection with an earlier motion for sanctions.  Dkt. No. 844.  In September 2019, NIC filed a motions for sanction against Scott Ferrell ("Ferrell"), another defendant in the instant litigation, on the basis that he submitted a false declaration.  Id.  That assertion was related to the attorney-client relationship Ferrell maintained with Trycia Carlberg, a plaintiff in the underlying cases.  Dkt. No. 1047 at 5.

Specifically at issue was whether Carlberg was ever in the Ferrells' home during the 2011 Christmas Holiday.  Dkt. No. 846 at 6.  Whether Carlberg was with the Ferrells factored into the role Ferrell played in Carlberg's filing suit against NIC.  In that motion, NIC alleged that Carlberg was not present at that time.  Dkt. 844-1 at 20 ("Ferrell's sworn narrative hinges on the false statement that Trycia was present in his house during the Christmas holiday in 2011."); 13 ("Trycia never resided or lived at the Ferrells' home in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034JVS(JCGx)                     Date   Oct. 28, 2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group et al

December 2011 – a fact which undermines every material position in Ferrell's declaration."). There are other examples within the same motion as well.

NIC attached three declarations from witnesses to its motion. Dkt Nos. 844-3, 844-4, and 844-5. The declarations contain similar statements. For example, MaryAnn Buc declared "I know through my conversations with Trycia that she was not in the presence of Scott Ferrell or his wife at any point over the Christmas holiday in 2011. I spoke with Trycia daily in December 2011 and she was at no time with the Ferrell's." Dkt. No. 844-4 at ¶ 14. Charlotte Carlberg averred to the same – "Trycia was with her immediate family through the Christmas holiday in 2011, including on December 24 and 25, 2011. At no point was Trycia in the presence of Scott Ferrell or his wife." Dkt. No. 844-3 at ¶ 7. Jim Buc confirmed his wife's testimony. Dkt. No. 844-5 at ¶ 8.

In its Opposition, NTG argued that the three declarations were factually inaccurate. Dkt. No. 846 at 13-27. It later also filed a motion seeking sanctions against NIC, the three witnesses, and NIC's counsel. Dkt. No. 855. In opposition to that motion, NIC attached communications between counsel and the three witnesses. Dkt. No. 859-4, Dkt. Nos. 859-6-859-26. Part of those communications included statements between NIC, its counsel, and the witnesses confirming that the dates in those declarations were wrong. See e.g. Dkt. No. 859-8 at 2.

In the Court's Order on NTG's Motion for Sanctions, the Court found the following: "NTG has provided evidence, as detailed in the background section of this order, that refutes the NIC Witnesses' declarations by suggesting that Trycia Carlberg lived with the Ferrell's and that Ferrell at some point represented her in a class action lawsuit. ... For example, NTG provides a handwritten card from Trycia Carlberg thanking the Ferrells for allowing her to live in their home and an executed retainer agreement...However, the evidence presented does not show that NIC or its counsel tampered with witness testimony or was aware of the falsehoods contained in the declarations." Dkt. No. 891 at 18.

NTG later filed counterclaims against new parties, NIC, its counsel, NIC corporate officers and other non-party witnesses. Dkt. Nos. 918, 951. These Counterclaims were then subject to a Rule 11 sanctions order, discussed by the Court below. Dkt. No. 1028. Subsequent to that Order, on August 7, 2020, NIC inquired as to whether NTG would withdraw the aforementioned unclean hands defense asserted in its latest Answer. PAA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034JVS(JCGx) | Date | Oct. 28, 2020 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al |
|---|---|

Decl. At ¶ 2, Dkt. No. 1040.  NTG refused.  Ex. 1 at 2-3, Dkt. No. 1040.

**2.      Procedural Background**

Two key procedural points factor into the Court's analysis.

First, on February 7, 2020, the Court granted NTG's motion for leave to conduct discovery upon NIC, its counsel, and the aforementioned witnesses, regarding the purportedly false declarations.  Dkt. No. 891 at 17-18.  The discovery is related to NTG's first affirmative defense.

Second, this Court has earlier examined whether NTG acted with unclean hands, albeit in the context of Rule 11 Sanctions.  Dkt. No. 1028.  In part, in that motion, NIC moved for sanctions against NTG, Ferrell, and their counsel for filing frivolous counterclaims barred by the <u>Noerr-Pennington</u> doctrine. Dkt No. 1028 at 12.  In assessing whether Rule 11 sanctions were appropriate, the Court found that the <u>Noerr-Pennington</u> sham litigation exceptions did not apply.  Specifically, the Court found that the third sham litigation exception – that the party made an intentional misrepresentation to the court – did not apply.  <u>Id.</u> at 15.  The Court found that because "the allegedly false declarations that are at the center of the 2019 conduct were promptly withdrawn by NIC when contrary evidence came to light, the Court never relied on the declarations and they never "deprived the litigation of its legitimacy."  The declarations cannot be said to have "infected the core" of NIC's claims."  <u>Id.</u> (citations omitted).

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A court should grant a  motion for judgment on the pleadings if, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." <u>McSherry v. City of Long Beach,</u> 423 F.3d 1015, 1021 (9th Cir. 2005).  The same standard as a Rule 12(b)(6) motion governs a Rule 12(c) motion.  <u>Chavez v. United States,</u> 683 F.3d 1102, 1108 (9th Cir. 2012); <u>United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,</u> 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034 JVS(JCGx)                    Date   Oct. 28, 2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group et al

In resolving a 12(b)(6) motion, a court uses a two-pronged approach. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nor must a court "accept as true a legal conclusion couched as a factual allegation." Id. at 678–80 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

For purposes of a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989) (citing Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)); Austud v. United States, 386 F.2d 147, 149 (9th Cir. 1967). Judgment on the pleadings is proper when the moving party "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, 896 F.2d at 1550; Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 978–79 (9th Cir. 1999). Thus, the defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery. Cf. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) (affirming the grant of a defendant's Rule 12(c) motion where the complaint raised only an issue of law, not fact). Likewise, the plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense, which, if proved, would defeat the plaintiff's recovery. Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034JVS(JCGx)                    Date   Oct. 28, 2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group et al

## III. DISCUSSION

**1.    Whether the Motion is Procedurally Proper**

In its Opposition, NTG argues that the motion is procedurally improper because the motion is based on disputed facts, and when there are material disputes over the unclean hands defense (as well as the sham litigation exception), those issues must be decided by the jury.  Opp'n at 10, Dkt. No. 1047.

Regarding its first claim, NTG asserts that because its discovery motion is still pending, once that discovery is completed "there will be evidence showing that NIC and its counsel not only knew that the declarations supporting the Sanctions Motion were false, but they also made specific promises get the witnesses to sign these false declarations."  Id.  Regarding its second claim, NTG asserts that factual disputes exist as to whether its unclean hands defense satisfies the sham litigation exception to Noerr-Pennington.  Id. at 11.  NTG contends "it does because NIC's false claims and false declarations were so knowingly and intentionally false that they "deprive the litigation of its legitimacy" and cites to Rock River Commc'ns, Inc. v. Universal Music Grp., Inc., 745 F.3d 343, 353 (9th Cir. 2014) for the proposition that a "dispute over whether the misrepresentations are material and significant enough to satisfy the sham litigation exception cannot be decided by the Court or on a motion for judgment on the pleadings."  Id.

In its Reply, NIC claims that it is not asking the Court to resolve any questions of fact in its favor.  Reply at 5, Dkt. No. 1055.  It also claims that the Court may take judicial notice of its early order sanctioning NTG for its conduct which relates to NTG's instant behavior.  Id.  NIC also responds with a series of cases for the proposition that a court may determine at the motion to dismiss stage whether the underlying litigation falls within an exception to Noerr-Pennington.  Atico Int'l USA, Inc. v. LUV N' Care, Ltd., No. 09-60397, 2009 WL 2589148, at *4 n. 6 (S.D. Fla. Aug. 19, 2009) (citing Or. Nat. Res. Council v. Mohla, 944 F.2d 531, 533 (9th Cir. 1991)); Razorback Ready Mix Concrete Co., Inc. v. Weaver, 761 F.2d 484, 487 (8th Cir. 1985); Havoco of Am., Ltd. v. Hollobow, 702 F.2d 643, 649 (7th Cir. 1983); Suburban Restoration Co. v. ACMAT Corp., 700 F.2d 98, 102 (2d Cir. 1983)).  It adds that just because the sham litigation exception to Noerr-Pennington includes a materiality element does not require a subjective analysis, and cites to a Supreme Court law for the proposition.  Reply at 5-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034JVS(JCGx) | Date | Oct. 28, 2020 |

| | |
|---|---|
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al |

(citing Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60, 113 S. Ct. 1920, 1928, 123 L. Ed. 2d 611 (1993)).

"All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party."  Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (citing McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings."  Id.

The Court first assesses whether the instant motion requires rendering a decision on disputed facts.

The Court doubts whether ruling on the instant motion requires resolving a factual dispute.  NTG claims that "NIC disputes the factual basis for Defendants' unclean hands defense," but does not actually cite or refer to any facts that NIC actually disputes. Opp'n at 10-11.  Nor does the Court find a factual dispute underlying the instant motion. Compare Mot. at 4-7 with Reply at 3-9.  Moreover, NTG's reliance on McSherry is misplaced.  In McSherry, a disputed issue of fact was raised on a fact relied upon by the Court.  McSherry, 423 F.3d at 1021.  That is not the case here.  NTG cannot claim that a material dispute of fact exists and then fail to demonstrate what those facts are.  William Villa v. Heller, 885 F. Supp. 2d 1042, 1051 (S.D. Cal. 2012).

Rather, it appears to the Court that NTG and NIC dispute whether NIC intended to mislead the Court when it filed the three declarations.  While that is subject to dispute, and additional evidence may be uncovered as a result of NTG's pending discovery motions before the special master, the Court again doubts what effect that would have on NTG's unclean hands defense, especially given that the Court earlier ruled that because NIC withdrew its motion that contained the three factually incorrect declarations, their actions were not subject to an exception to Noerr-Pennington.  Dkt. No. 1028 at 15 ("Because the allegedly false declarations that are at the center of the 2019 conduct were promptly withdrawn by NIC when contrary evidence came to light, the Court never relied on the declarations and they never "deprived the litigation of its legitimacy.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-02034JVS(JCGx)                        Date  Oct. 28, 2020

Title      Natural-Immunogenics Corp. v. Newport Trial Group et al

Therefore, the Court does not find that ruling on the instant motion would require it to rule on disputed issues of fact.

The Court next assesses whether assessing the sham exception to Noerr-Pennington requires the Court to consider the subjective intent of NIC, something which NTG argues is the province of a jury.  Opp'n at 11 ("Respectfully, controlling Ninth Circuit precedent holds that this dispute over whether the misrepresentations are material and significant enough to satisfy the sham litigation exception cannot be decided by the Court or on a motion for judgment on the pleadings.").

Before a court may consider the subjective intent of a party in representing facts or law before the court, the Court must first consider whether the speech is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits."  See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60 (1993).  "Furthermore, proof of a lawsuit's objective baselessness is the "threshold prerequisite": a court may not even consider the defendant's allegedly illegal objective unless it first determines that his lawsuit was objectively baseless."  Id. at 55, 60-51.

The Court agrees with NIC.  Here, NTG is trying to put the cart before the horse.  By focusing the Court's attention on additional discovery that could reveal an intent to deprive the litigation of its legitimacy, NTG is requesting that the Court consider NIC's subjective intent before it even considers whether the filings were objectively baseless or had any effect on the proceedings at the time.   The instant chronology of events does not require the Court to consider whether NIC's actions were intentionally misleading or false because NIC withdrew the filings before the Court could act on those papers.  Dkt. No. 847.  Here, the lawsuit or a filing is not objectively baseless because the Court never acted on it or relied on the briefing materials.

Therefore, the Court finds NIC's motion to be procedurally proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034JVS(JCGx) | Date | Oct. 28, 2020 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al |
|---|---|

**2.      Whether An Unclean Hands Defense Is Appropriate for Misconduct During the Pendency of Litigation**

To maintain an affirmative defense of unclean hands, in addition to other elements, a defendant must show  "that the conduct relates to the subject matter of [the plaintiff's] claims."  POM Wonderful LLC v. Coca Cola Co., 166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016) (citing Fuddruckers, Inc. V. Doc's B.R. Others, Inc., 826 F.2d 837, 847 (9th Cir. 1987).  "Precise similarity" between the inequitable conduct and plaintiff's claims is not required.  Id.  Therefore and "[s]tated more clearly, the defense should only be applied 'where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation.'"  Id. (citing U–Haul Int'l, Inc. v. Jartran, Inc., 522 F.Supp. 1238, 1254 (D.Ariz.1981), aff'd, 681 F.2d 1159 (9th Cir.1982)).  An unclean hands defense can arise if a plaintiff "dirtied them in acquiring the right he now asserts" or if "the manner of dirtying renders inequitable the assertion of such rights against the defendants."  Pom Wonderful, 166 F. Supp. 3d at 1092 (citing Pom Wonderful LLC v. Welch Foods, Inc., 737 F. Supp. 2d 1105, 110 (C.D. Cal. 2010).

NIC argues that conduct occurring during the pendency of a litigation cannot give rise to an unclean hands defense, subject to one exception when there is a direct nexus between the misconduct and the right which is the basis of the suit.  Dkt. No. 1040-1 at 9.  To support its claims, it cites a series of out-of-circuit cases.  See e.g., Stoller v. Berkshire Hathaway, Inc., No. 18-CV-47, 2019 WL 141401, at *3 (N.D. Ill. Jan. 9, 2019), appeal dismissed, No. 19-1209, 2019 WL 3564552 (7th Cir. Mar. 4, 2019), and appeal dismissed, No. 19-1059, 2019 WL 3569772 (7th Cir. Mar. 4, 2019); S.E.C. v. Elecs. Warehouse, Inc., 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd sub nom. S.E.C. v. Calvo, 891 F.2d 457 (2d Cir. 1989).

In its Opposition, NTG argues that its unclean hands defense falls under the aforementioned exception – "[t]he core issues in the unclean hands defense and NIC's operative complaint are one and the same.  The subject matter is literally identical – both allege the other threatened and filed false claims in litigation."  Opp'n at 19, Dkt. No. 1047.  It also cites to a number of in-district cases to rebut NIC's assertion that the law does not provide for an unclean hands defense resulting from action occurring during the pendency of the litigation.  Id.; see also Hall v. Wright, 240 F.2d 787 (9th Cir. 1957); In re Halvorson, 581 B.R. 610, 636 (Bakr. C.D. Cal. 2018), vacated on other grounds by No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034JVS(JCGx) | Date | Oct. 28, 2020 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al |
|---|---|

8:15-AP-01454 MW, 2018 WL 6728484.  NTG also claims that NIC relies upon inapplicable case law, specifically, case law involving a factual basis in which the unclean hands defense bears no relationship with the conduct and issues giving rise to plaintiff's claim against the defendant.  Opp'n at 20.

The Court agrees with NTG that the instant conduct falls under the aforementioned exception.

First, the Court acknowledges that NIC briefs whether unclean hands can be an affirmative defense to discovery misconduct.  Mot. at 10-11.  While that may be instructive, the instant misconduct alleged by NTG as part of its unclean hands defense is not discovery conduct, but rather goes to possibly intentional misrepresentations in briefing materials NIC submitted (and then withdrew) before the Court.  Thus, the Court need not consider whether unclean hands can be an affirmative defense to discovery misconduct.

Second, the Court must assess whether the type of conduct NTG alleges as the basis for its unclean hands defense can even constitute a basis for that defense, i.e., whether because the conduct occurred during the pendency of the litigation, it is barred.

The Court finds that the factual basis giving rise to NTG's affirmative defense of unclean hands is not barred merely because it took place during the pendency of the litigation.

As described above, conduct occurring after the litigation has commenced can constitute the basis of an unclean hands affirmative defense if it has some 'immediate or necessary relation' to the equity sought in the litigation.  To the Court, it would appear inequitable to allow NIC to proceed on its claims against NTG, in part and at a high level of generality that NTG recruited individuals to bring lawsuits against NIC and force NIC to settle, and then also prohibit NTG from raising an unclean hands defense against NIC when NIC misrepresented the story of one of NTG's purported assistants.

Therefore, while the exact type of conduct giving rise to NTG's claim of unclean hands is not the same giving rise to NIC's claims against NTG, nor do they bear any resemblance in time or place, the Court does not find NTG's unclean hands defense to be barred because the conduct took place during the pendency of the litigation. "[E]quity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034JVS(JCGx) | Date | Oct. 28, 2020 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al |
|---|---|

requires that those seeking its protection shall have acted fairly and without fraud or deceit as to the controversy in issue." In re Art & Architecture Books of 21st Century, No. 2:13-BK-14135-RK, 2019 WL 9243053, at *6 (Bankr. C.D. Cal. Dec. 6, 2019) (citing Johnson v. Yellow Cab Transit Co., 321 U.S. 383, 387 (1944) and Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245 (1933)).

3.     **Whether Unclean Hands is a Permissible Defense in a civil Racketeer Influenced and Corrupt Practices Act ("RICO") claim**

NIC also argues that unclean hands is an impermissible affirmative defense for a civil RICO claim. Dkt. No. 1040-1 at 18. It cites a series of cases to support that proposition. See, e.g., Bieter Co. v. Blomquist, 848 F.Supp. 1446 (D. Minn. 1994); Smithfield Foods, Inc. v. United Food & Commercial Workers Int'l Union, 593 F. Supp. 2d 840, 847 (E.D. Va. 2008); In Re National Mortg. Equity Corp. Mortg. Pool Certificates, 636 F. Supp. 1138, 1156 (C.D. Cal. 1986); Local 851 v. Kuehne & Nagel Air Freight Inc., No. 97 CV 0378, 1998 WL 178873 (E.D.N.Y. Mar. 7, 1998); Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp., No. 97- 2866-CIVT- 17B, 1999 WL 781812 (M.D. Fla. Sept. 16, 1999); cf. Roma Const. Co. v. aRusso, 96 F.3d 566, 581 (1st Cir. 1996) (Lynch, J., concurring). It also adds that antitrust precedent – which it argues is persuasive in the context of RICO claims – supports the same proposition. Dkt. No. 1040-1.

In Opposition, NTG argues that unclean hands affirmative defenses do apply in RICO cases, and that NIC is simply rehashing an earlier argument. Opp'n at 23, Dkt. No. 1047. NTG responds that the Court should not bar the defense because "(1) NIC would not have standing to bring RICO claims but for its malicious prosecution claim (to which unclean hands clearly applies); and (2) the improper conduct NIC alleges in support of its RICO claims is the exact same improper conduct NIC engaged in that led to Defendants' recent assertion of the unclean hands defense." Id. at 23-24. NTG also examines a series of cases which it argues support the proposition that unclean hands is a permissible defense in RICO claims. Boca Raton Cmty. Hosp. v. Tenet Healthcare Corp., 238 F.R.D. 679, 693-694 (S.D. Fla. 2006); Hernandez v. Balakian, No. CVF06-1383OWW/DLB, 2007 WL 1649911 (E.D. Cal. June 1, 2007); Rezner v. Bayerische Hypo-Und Vereinsbank AG, No. C 06-02064 JW, 2009 WL 8652919, at *17 (N.D. Cal. May 1, 2009), aff'd in part, vacated in part, rev'd in part, 630 F.3d 866 (9th Cir. 2010).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034JVS(JCGx) | Date | Oct. 28, 2020 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al |
|---|---|

The Court recognizes the lack of guidance from the Ninth Circuit or clarity of the issue from other circuits.  Indeed, even on appeal, the Ninth Circuit in Rezner did not even discuss the applicability of an unclean hands defense.  Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873 (9th Cir. 2010).  The Court also recognizes that the stage of the litigation may factor into the applicability of an unclean hands affirmative defense to a RICO claim.  See Hernandez, 2007 WL 1649911 at *6.

Given the lack of clarity on the issue, the Court analogizes to antitrust law, as other courts have done when searching for guidance for questions related to the RICO statute. In re National Mortgage Equity Corp. Mortgage Pool Cert. Sec. Litig., 636 F.Supp. 1138, 1156) (C.D.Cal.1986).  The Supreme Court has found in other cases that Congress did not intend to incorporate various equitable defenses into the antitrust laws.  More generally, the Court also recognizes that the Supreme Court has held that the affirmative defense of unclean hands has "been rejected" "where Congress [has] authorize[d] broad equitable relief to serve important national purposes."  McKennon v. Nashville Banner Publ. Co., 513 U.S. 352, 357 (1995) (addressing unclean hands in the context of an AEDA claim).  RICO is such a statute.  See, e.g., Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991) (RICO was "designed to advance important public policies").

Therefore, the Court is inclined to follow the guidance from other circuits, both in holdings and analogies drawn, on the inapplicability of unclean hands defenses for situations where Congress has authorized broad equitable relief.  Because "the Supreme Court continues to look to antitrust cases when interpreting RICO, it is unlikely the Supreme Court will approve the broad common-law barriers to relief proposed by the defendants.  Consequently, the affirmative defenses listed above will be stricken." Hernandez, 2007 WL 1649911 *5.

Therefore, the Court finds that unclean hands is not a permissible affirmative defense to a RICO claim.  While this alone is sufficient to warrant dismissing NTG's clean hands affirmative defense, the Court considers the other arguments raised by NIC and NTG.

**4**.    **The Controlling Effect of the Court's Earlier Order**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034JVS(JCGx) | Date | Oct. 28, 2020 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al |
|---|---|

In its Opposition, NTG argues that the Court has neither adjudicated nor exonerated NIC and its Counsel. Dkt. No. 1047 at 13. Specifically, NTG argues that because the earlier Order (Dkt. No. 891) on NTG's request for sanctions was issued before discovery could be conducted, NTG argues that there has not been a full and fair opportunity to litigate those issues. Id. NTG also argues that the Court did not properly consider certain evidence that the Court described as having been remedied by NIC, but that according to NTG was not. Id. at 13-14. NTG claims that serious questions and concerns regarding the veracity of this evidence remain, and that the Court's earlier comments "should not be taken out of context to bar subsequent motions or pleadings based on evidence." Id. at 14-15.

NTG also asserts that the earlier Rule 11 Order does not control the outcome of the instant motion for judgment on the pleadings. Id.

NTG first claims that the Court's earlier Order "was largely focused on the scope or breadth of the Counterclaim and whether leave from the Court and the Scheduling Order was required before that Counterclaim was filed." Dkt. No. 1047 at 15 (referencing Dkt. No. 1028). It then raises a number of points regarding how the instant unclean hands defense is narrower than the issue decided by the Court's earlier Order. Dkt. No. 1047 at 15-16.

NTG next claims that the Court's earlier Order was not on the merits for the purposes of res judicata or collateral estoppel. Id. at 17 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990)). Because Rule 11 motions "do not typically provide for a full and fair trial on the merits," "NTG and Ferrell did not have the benefit of completing discovery concerning the false claims and false declarations from NIC's witnesses." Id. at 17-18 (citing Amwest Mortg. Corp. v. Grady, 925 F.2d 1162, 1165 (9th Cir.1991)). As a result, NTG contends that "[t]his demonstrates a further inequity with NIC's current position. Clearly, there is a factual dispute over whether the false claims and false declarations are so significant as to deprive NIC's case of their legitimacy. At the same time, there is a pending dispute over discovery that NIC has withheld. Id. at 18.

In its Reply, which only partially responds to NTG's contentions here, NIC asserts that this argument is frivolous because "the question is whether the Noerr-Pennington doctrine applies on the face of the pleadings" which it asserts NTG has had multiple

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034JVS(JCGx)                    Date   Oct. 28, 2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group et al

opportunities to address.  Reply at 14, Dkt. No. 1055.  NIC reasserts that the law of the
case applies, and therefore, the Court's earlier Order in Dkt. No. 1028 and its underlying
reasoning should apply to the instant issue.  Id. at 14.

        The Court finds NTG's position unconvincing and its reliance on Amwest
misplaced.

        Amwest involved a situation where a party in a federal case brought a Rule 11
sanctions motion which was denied.  Amwest, 925 F.2d at 1163.  It later filed suit in state
court, alleging malicious prosecution.  Id.  Then, in the federal case, the original plaintiff
sought a permanent injunction staying the state court proceedings on the grounds that a
similar issue had already been adjudicated in the federal proceedings.  Id.  The court
found that the Rule 11 Order did not bar the state suit.  Id.  In arriving at that decision, the
court first noted that the elements were different between the state proceeding (which
required that the inquiry be based in "probable cause") versus the federal one (which
required that the inquiry be "well grounded in fact.")  Id. at 1164.  Moreover, the court
noted that because the district court was not the Court that actually decided the
underlying state action claim, it was not the best positioned to determine the res judicata
or collateral estoppel effect.  Id.  at 1165.  The court also found that the district court even
discussed the limited nature of its decisions – "[m]otions for sanctions come in here a
dime a dozen, and very often they're denied for a number of reasons other than the actual
merits.  Unless it is a clear-cut case of egregious behavior, I generally do not impose
sanctions."  Id. at 1165.  Therefore, while the Court also noted that Rule 11 motions do
not afford parties an opportunity to fully and fairly litigate the underlying sanctionable
conduct, it was under this backdrop that it did so.

        Here, this Court issued the earlier Order (Dkt. No. 1028).  The earlier Order and
the instant motion regarding NTG's affirmative defense relate to the same legal issue.
NIC has also briefed the Court numerous times on the same.  See e.g., Dkt. Nos. 1003,
1005, and 1025.  The Court has also contemplated this issue before.  See Dkt. 1017 at ¶
473; Dkt. No.  980 at ¶¶ 48-94; Dkt. No. 1028.   Therefore, the Court rejects NTG's
argument that its earlier order has no controlling effect here.

**5.      Whether NTG's Unclean Hands Defense Targets Protected Activities Subject
        to Noerr-Pennington**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034JVS(JCGx)                    Date   Oct. 28, 2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group et al

While the Court rejected NTG's assertion that its earlier Order has no controlling
effect on the instant motion, the Court must nonetheless next assess whether NTG's
Unclean Hands defense targets protected activities subject to Noerr-Pennington.

The law of the case "precludes a court 'from reconsidering an issue previously
decided by the same court, or a higher court in the identical case.'" Manufactured Home
Communities, Inc. v. Cty. of San Diego, 655 F.3d 1171, 1181 (9th Cir. 2011) (quoting
United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000)).  It is a
judicially-created concept that promotes efficiency and consistency.  Id.

Although it applies to pretrial motions, the doctrine is "not an inexorable
command."  Id. at 949 (quoting Hanna Boys Ctr. v. Miller, 853 F.2d 682, 686 (9th Cir.
1988)).  The doctrine applies to issues "decided explicitly or by necessary implication" in
the previous decision.  United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir.
2000) (quoting Liberty Mutual Ins. Co. v. E.E.O.C., 691 F.2d 438, 441 (9th Cir. 1982)).[1]

Therefore, to determine whether it applies here, the Court must determine whether
its prior decision on the Rules 11 motion decided the issues now raised in the NIC's
motion for judgment on the pleadings.

Immunity under the Noerr-Pennington doctrine includes communications made to
the court during the course of a lawsuit.  Such communications include "[a] complaint, an
answer, a counterclaim and other assorted documents and pleadings, in which plaintiffs
or defendants make representations and present arguments to support their request that
the court do or not do something."  Sosa v. DIRECTV, Inc., 437F.3d 923, 933(9th Cir.
2006).

Noerr-Pennington immunity does not apply to conduct that, although "ostensibly
directed toward influencing governmental action, is a mere sham to cover what is actually
nothing more than an attempt to interfere" with the defendant's business practices.
Sosa,437 F.3d at 938.  As a result, "'[s]ham' petitions don't fall within the protection of

---

[1]The Court recognizes that NIC maintains that the law of the case doctrine applies because the
Court has addressed the exact same legal question in its earlier Rule 11 Order.  Reply at 10, Dkt. No.
1055.  While the Court acknowledges NIC's argument, it nonetheless examines the application of
Noerr-Pennington given the possibility of new arguments made.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034JVS(JCGx)                    Date   Oct. 28, 2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group et al

the doctrine." Freeman v. Lasky, Haas & Cohler, 410 F.3d 1180, 1183-84 (9th Cir.
2005).

     The Ninth Circuit has identified three circumstances when the so-called sham
litigation exception applies: "(1) the lawsuit is objectively baseless and the
defendant's motive in bringing it is unlawful; (2) the conduct involves a series of lawsuits
brought pursuant to a policy of starting legal proceedings without regard to the merits and
for an unlawful purpose; or (3) if the allegedly unlawful conduct consists of making
intentional misrepresentations to the court, litigation can be deemed a sham if a party's
knowing fraud upon, or its intentional misrepresentations to, the court deprive the
litigation of its legitimacy." Sosa, 437 F.3d at 936 (internal quotation marks omitted)

     The third sham litigation exception applies if unlawful conduct "consists of making
intentional misrepresentations to the court." Sosa, 437 F.3d at 938.  In such
cases,"litigation can be deemed a sham if a party's knowing fraud upon, or its intentional
misrepresentations to, the court deprive the litigation of its legitimacy."  Id. (emphasis
added and internal citations and quotations omitted).  While the Ninth Circuit has not
defined what is a misrepresentation that "deprives the litigation of its legitimacy" a court
in this District has noted that it is "apparent that any misrepresentation exception to the
doctrine should be limited to misrepresentations respecting the substance of the claim that
show that the party's litigation position had no objective basis." Thomas v. Hous. Auth.
of Cty. of Los Angeles, No. CV046970MMM(RCX), 2006 WL 5670938, at *9 (C.D. Cal.
Feb. 28, 2006).

     NIC claims in its motion that the conduct described by NTG and that forms the
basis of its affirmative defense of unclean hands is conduct protected by the First
Amendment.  Dkt. No. 1040-1 at 12.   NIC claims that the Court has already decided this
issue in its earlier order dismissing NTG's original unclean hands defense (Dkt. No. 784),
and that the earlier decision is the law of the case and should be applied to the current
affirmative defense.  Id.  Specifically, in its earlier Order, the Court found that the First
Amendment applied to the unclean hands defense.  Dkt. No. 784 at 12-14; United States
v. Alvarez, 567 U.S. 708,717 (2012).  NIC then cites a series of cases in support of
applying the Noerr-Pennington doctrine, which immunizes parties when engaging in First
Amendment-protected petitioning activities, to the instant case and argues that "[a]n
unclean hands defense that targets protected litigation activity would require the Court to
act against a litigant for exercising a constitutionally protected right to petition." Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034JVS(JCGx)                         Date   Oct. 28, 2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group et al

No. 1040-1 at 13-14.  Next, because the Court has ruled that NIC's conduct in 2019 was protected by Noerr-Pennington and the instant affirmative defense relates to the same conduct, NIC argues that the court should apply the law of the case.  Id. at 14-15.  NIC then contends that even if the Court decided not to apply the law of the case, none of the relevant Noerr-Pennington exceptions would apply.  Id. at 15.

NIC also claims that the sham exception under Noerr-Pennington, which consists of making intentional misrepresentations to the court, does not apply here because the instant conduct involved First Amendment-protected activities, NIC withdrew the relevant papers before the Court acted and therefore the Court could not have relied on its falsehoods and the issue came to light already and has been fully litigated before this Court as a result of the Court's imposition of Rule 11 sanctions.

In its Opposition, NTG asserts that Noerr-Pennington does not protect false claims and false declarations.  It claims that because judicial reliance is not a required element of the third sham litigation exception to the Rule and that a party cannot undo the materiality of a false statement to a court by withdrawing the assertion, Noerr-Pennington should not apply.  Dkt. No. 1047 at 22-23 (citing Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1253–54 (9th Cir. 1982); Alexander v. Caraustar Indus., Inc., 930 F. Supp. 2d 947, 957 (N.D. Ill. 2013).  NTG also rehashes its claims that there are significant factual disputes as to materiality and that because discovery has not yet been completed, the Court must permit the jury to consider materiality and allow the Special Master to address the pending motion for discovery to be completed.  Id. at 22-23.

In its Reply, NIC reasserts that the law of the case doctrine applies, that NTG has waived argument whether the Noerr-Pennington doctrine applies to NIC's conduct in 2019 and whether it applies to affirmative defenses, and finally, that NTG has no non-frivolous argument to invoke an exception to Noerr-Pennington.  Reply at 10-14, Dkt. No. 1055.  First, NIC contends that NTG's unclean hands defense depends on the same conduct addressed by the Court in its earlier Order.  Id. at 11.  Second, it argues that because NTG did not oppose NIC's position on the applicability of the law of the case doctrine (instead choosing to discuss whether collateral estoppel or res judicata would apply), that NTG has waived its opposition to that issue.  Id. at 11-12.  It also argues that this argument is irrelevant because these issues are independent of, and irrelevant to, whether the law of the case doctrine applies.  Id. at 12.  It also argues that NTG failed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-02034JVS(JCGx) | Date | Oct. 28, 2020 |

| | |
|---|---|
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al |

address whether Noerr-Pennington applies to affirmative defenses, even thought NTG did address whether the aforementioned activity falls within an exception to Noerr-Pennington. Id. at 14. Finally, NIC asserts that even if the Court were to revisit the issue, NTG would still have no non-frivolous argument because the Court found earlier that the alleged misconduct did not deprive it of its legitimacy. Id. at 16.

First, the Court addresses an issue NTG discussed in its request for an oral argument, Dkt. No. 1061. NTG and NIC dispute whether reliance is a necessary element of Noerr-Pennington. Dkt. No. 1061. NTG argues that Clipper Exxpress v. Rocky Mountain Motor Mountain Tariff Bureau, Inc. stands for the proposition that within the Circuit, the body of case law does not "require that the body on whom the fraudulent misstatements are pressed ultimately believe those statements." 690 F.2d 1240, 1261-1263 (9th Cir. 1982). NTG's own reliance on Clipper Exxpress is misplaced. In Clipper Exxpress, the defendant argued that no action of fraud predicated on its sham representations was possible because the relevant adjudicatory body rejected its arguments. Id. The Clipper Exxpress court found otherwise: "Adjudicatory procedures will not always ferret out misrepresentations. Administrative bodies and courts, however, rely on the information presented by the parties before them. They seldom, if ever, have the time or resources to conduct independent investigations." Clipper Exxpress, 690 F.2d at 1262 (emphasis added). While the Clipper Exxpress court rejected the notion that the adjudicatory body believe the representations made, it clearly considered – and did not reject – the notion of reliance. Moreover, it considered that information before a court – whether believed or not – would constitute some basis of a court's decision or view on a case. That is impossible where a party withdraws its briefing.

Second, the law of the case doctrine forecloses NTG's affirmative defense because even if NTG could produce new evidence, the Court earlier found that by withdrawing the declarations, NIC did not deprive the Court of its legitimacy:

> Because the allegedly false declarations that are at the center of the 2019 conduct were promptly withdrawn by NIC when contrary evidence came to light, the Court never relied on the declarations and they never "deprived the litigation of its legitimacy." The declarations cannot be said to have "infected the core" of NIC's claims. See id.; see also Williams v. Jones & Jones Mgmt. Grp., Inc., No. CV 14-2179-MMMJEM, 2015 WL 349443, at *10 (C.D. Cal. Jan. 23,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-02034JVS(JCGx)                    Date   Oct. 28, 2020

Title       Natural-Immunogenics Corp. v. Newport Trial Group et al

> 2015) (finding that conduct that"accessible to all involved" in the
> litigation could not have deprived the litigation of its legitimacy).
> Furthermore, in order to overcome Noerr-Pennington protection NTG
> cannot simply "rehash arguments already addressed by the [Court] . . .
> to 'recast disputed issues from the underlying litigation as
> 'misrepresentations' by the other party.'" See Swallow v. Torngren,
> No. 17-CV-05261-BLF, 2018 WL 2197614, at *10 (N.D. Cal. May14,
> 2018), aff'd, 789 F. App'x 610 (9th Cir. 2020).

Dkt. No. 1028 at 15.  The overlap between the earlier counterclaims and the instant
affirmative defense is especially evident because NTG raises the same arguments that the
Court previously rejected, all the while attempting to refocus the Court's attention on the
need to conduct additional discovery and the possibility that upon the completion of that
discovery, a jury would find NIC's conduct in 2019 to be material and subject to the third
sham litigation exception of Noerr-Pennington.

But the Court specifically rejected NTG's arguments, which are now resurrected in
NTG's Answer to the operative Complaint.  NTG asserts that the "unclean hands defense
is clearly based on the false claims and false declarations that were filed in late 2019 by
NIC and the three witnesses."  Opp'n at 15.  Yet, the Court found that these claims and
declarations were protected by Noerr-Pennington.  That these issues may be based on the
same subject matter and be proportional to new questions raised in NIC's Fourth
Amended Complaint does not protect them from the Court's earlier decision.

6.    **Whether Sanctions Are Appropriate**

District courts have inherent power to manage their own affairs.  Chambers v.
NASCO, Inc., 501 U.S. 32, 43 (1991).  This includes the power to order appropriate
sanctions as discipline.  Id.  To impose sanctions under the court's inherent powers, the
court must find "bad faith or conduct tantamount to bad faith."  Fink v. Gomez, 239 F.3d
989, 994 (9th Cir. 2001).  Additionally, under 28 U.S.C. § 1927, a court may order
sanctions against an attorney for reasonable attorneys' fees and costs when the attorney
"multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. §
1927. The court must find recklessness or bad faith to impose sanctions under § 1927.
United States v. Associated Convalescent Enter., Inc., 766 F.2d 1342, 1346 (9th Cir.
1985).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-02034 JVS(JCGx) | Date | Oct. 28, 2020 |
|---|---|---|---|

| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al |
|---|---|

Rule 11 allows courts to impose sanctions against parties for papers that are frivolous, unreasonable, baseless, or that are otherwise filed for an improper purpose. Fed. R. Civ. P. 11(c)(1); Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir.1997). The cases warranting imposition of sanctions for frivolous actions are "rare and exceptional." Operating Eng'rs Pension Trust v. A–C Co., 859 F.2d 1336, 1344 (9th Cir.1988). Sanctions imposed under Rule 11 shall be limited to what is sufficient to deter "repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Rule 11 sanctions may include an award for "reasonable attorney's fees and other expenses directly resulting from the violation." Id. This Court has substantial discretion regarding the application of Rule 11 sanctions. Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

Exercising its discretion, the Court does not find bad faith here and declines to sanction NTG for maintaining an affirmative defense of unclean hands.

Parties are required to respond to a Complaint and state in their Answer all possible affirmative defenses or risk losing those defenses. While the Court finds the instant affirmative defense to be barred for the aforementioned reasons, it cannot punish NTG for, as part of its Federal Rules of Civil Procedure obligations, answering NIC's Complaint with a defense it believed it had. Moreover, the Court declines to sanction NTG given the likelihood of any sanction order issued by the Court to cause additional litigation unrelated to the actual and add to an already lengthy docket list.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and dismisses NTG's and the other Defendants' unclean hands affirmative defense. The Court finds that unclean hands affirmative defenses are not permitted in response to RICO claims and that Noerr-Pennington protects the activity that is the subject of NTG's unclean hands affirmative defense. The Court also **DENIES** NIC's request for sanctions.

**IT IS SO ORDERED.**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-02034JVS(JCGx)                    Date    Oct. 28, 2020

Title    Natural-Immunogenics Corp. v. Newport Trial Group et al

                                                        :        0

                                        Initials of Preparer        lmb