**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
David J. Darnell (SBN 210166)
Ddarnell@callahan-law.com
James M. Sabovich (SBN 218488)
jsabovich@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants NEWPORT TRIAL GROUP and SCOTT J. FERRELL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO.  8:15-cv-02034-JVS-JCG<br>JAMS NO.  1220055347<br><br>**DEFENDANTS' RESPONSE TO SPECIAL MASTER'S OCTOBER 30, 2020 REQUEST FOR CLARIFICATION**<br><br>Judge: Hon. James V. Selna<br>Special Master: Hon. Andrew J. Guilford (Ret.)<br><br>Complaint Filed:  December 7, 2015<br>Trial Date:  March 23, 2021 |

DEFENDANTS' RESPONSE TO SPECIAL MASTER'S OCTOBER 30, 2020 REQUEST FOR CLARIFICATION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the request of the Special Master on October 30, 2020, Defendants Newport Trial Group, Scott Ferrell and David Reid ("Defendants") submit this statement to the Special Master to clarify their position regarding the list of documents identified by Plaintiff Natural Immunogenics Corp. ("NIC') at Docket 823-2.

NIC submitted Docket 823-2, which NIC describes as "all Strataluz documents withheld only on the basis of attorney-client privilege." (Dkt. 823-2 at 1.)  In this same filing, NIC also stated that these documents are "all subject to production pursuant to the Court's Order Dkt. No. 820."  Defendants disagree.

The Court's Order in Docket 820 stated that Strataluz could not assert the attorney-client privilege because it had been dissolved and therefore ordered NIC to produce "a list of documents which are now subject to production in light of this holding." (Dkt. 820 at 25.)  However, in this same Order, the Court went on to conduct two (2) different analyses as to whether Scott Ferrell and Dave Reid could assert the attorney-client privilege despite Strataluz's dissolution.  (*Id*. at 25-28.)  After doing so, the Court concluded that "NTG has shown that Strataluz's attorney-client privilege extends [to] Ferrell and Reid as [Strataluz's] managers or agents, and as its counsel." (*Id*. at 28.)

Accordingly, Defendants respectfully submit that the documents listed in Docket 823-2, which have not been subject to an order specifically compelling their production, are properly withheld on the basis of attorney-client privilege based on the Court's Order in Docket 820 confirming that Scott Ferrell and Dave Reid can assert attorney client privilege "as [Strataluz's] managers or agents, and as its counsel." (*Id*.)

- 1 -

DEFENDANTS' RESPONSE TO SPECIAL MASTER'S OCTOBER 30, 2020 REQUEST FOR CLARIFICATION

Dated: November 4, 2020        **CALLAHAN & BLAINE, APLC**

By: */s/ David J. Darnell*
Edward Susolik
David J. Darnell
James M. Sabovich
Attorneys for Defendants NEWPORT TRIAL GROUP and SCOTT J. FERRELL

Dated: November 4, 2020        **BREMER WHYTE BROWN & O'MEARA LLP**

By: */s/ Kyle A. Riddles*
Kyle A. Riddles
Attorney for Defendant DAVID REID

- 2 -

DEFENDANTS' RESPONSE TO SPECIAL MASTER'S OCTOBER 30, 2020 REQUEST FOR CLARIFICATION