TAULER SMITH LLP
Robert Tauler (SBN 241964)
rtauler@taulersmith.com
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Counsel for Defendants
VICTORIA C. KNOWLES and
DAVID REID

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | CASE NO. 8:15-cv-02034-JVS (JCGx)<br><br>Assigned to the Hon. James V. Selna Courtroom 10C<br><br>**REQUEST FOR HEARING RE: MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS IN FAVOR OF VICTORIA C. KNOWLES AND DAVID REID**<br><br>Hearing Date:    November 16, 2020<br>Time:          1:30 p.m.<br>Place:         None set<br><br>Hon. JAMES V. SELNA |

Defendants Knowles and Reid respectfully request an oral hearing to address the Court's posted Tentative Order regarding their Motion (Docket No. 1057) for partial judgment on the pleadings concerning the RICO claims against them in the Fourth Amended Complaint (Docket No. 1007).  The tentative decision not to dismiss the RICO claims in Counts Two and Three should be reconsidered, with the benefit of oral argument, and those claims should be dismissed without leave to amend.

\*        \*        \*

Three main groupings of issues warrant an oral hearing of the Motion.  First, the tentative RICO ruling ought to be reconsidered, because it would not be consistent with the requirement of Rule 9(b) of the Federal Rules of Civil Procedure that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  The Tentative Order (which is attached hereto as Exhibit A) does not mention Rule 9(b).  *See* Motion at 1; Reply (Docket No. 1063) at 2, 3, 8.  Instead, the Tentative Order only cites *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), which only applied the Rule 12(b)(6) analysis of plausibility for pleading non-fraud claims under Rule 8(a) – not fraud under Rule 9(b).  *See* Exhibit A at 3.

Applying Rule 9(b) is potentially significant here, because the Court also tentatively would find that NIC's "allegations of reliance" are "sufficient" to plead causation of NIC's claimed attorney's-fees damages, "especially given that a Rule 12(c) motion is analyzed under Rule 12(b)[.]"  *See* Exhibit A at 13.  Such a ruling on NIC's causation allegations would be erroneous – as to any of NIC's particular instances of claimed reliance by Judge Burns in the underlying *Nilon v. NIC* Action – because speculation over causation requires dismissal under Rule 12(b)(6) even when (unlike here) the allegations do not purport to allege fraud.  *See Rouse v. United States Dep't of State*, 567 F.3d 408, 417 (9th Cir. 2009).  Speculation (of the kind offered by NIC) is therefore doubly deficient under Rule 9(b) in a RICO case like this one.  *See Basco v. Toyota Motor Corp.*, 2010 U.S. Dist. LEXIS 147632, \*14 (C.D. Cal. Mar. 3, 2010)

("Rule 9(b) demands more than Plaintiffs provided in the FAC … to allege both but-for and proximate causation with particularity").  The Tentative Order would overlook *Rouse*, and consequently, it would not even discuss whether any of NIC's particular allegations of reliance are (or are not) anything more than speculative.  *See* Motion at pp. 6-8; Reply at pp. 7-10.

Partly for that reason, an oral hearing would benefit the Court, by focusing the analysis (as required) upon each of NIC's particular instances of claimed reliance by Judge Burns in the underlying *Nilon v. NIC* Action – all of which **are** entirely speculative, **except** for the allegations concerning the decision to allow Mr. Sandoval's substitution for Mr. Nilon as the class representative on August 22, 2014.  *See* Fourth Am. Compl., ¶¶ 81, 102-104, 106-107, 114 and 120.  Second, and separately, the Tentative Order overlooks that causation of damages in a RICO case requires **more** than just alleging reliance.  To be sure, "logically, a [RICO] plaintiff cannot even establish but-for causation if no one relied on the defendant's alleged misrepresentation."  *Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1259 (9th Cir. 2019).  However, as the Tentative Order would overlook, "to state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense 'not only was a "but for" cause of his injury, but was the proximate cause as well.' "  *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9, 130 S. Ct. 983, 175 L. Ed. 2d 943 (2010) (quoting *Holmes v. SIPC*, 503 U.S. 258, 268, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992)).

The decision by Judge Burns to allow Sandoval's substitution for Nilon as the class representative on August 22, 2014 in the underlying *Nilon v. NIC* Action could indeed have relied upon the alleged misstatements by Sandoval and Nilon; at the current pleading stage, such an inference is indeed plausible.  But despite this, no plausible basis exists to infer that any reliance by the judge in allowing the substitution actually (in fact) caused the attorney's fees that NIC claims it incurred as RICO damages after August 22, 2014.  As the Tentative Order would overlook, the Fourth Amended Complaint simply

alleges no facts plausibly suggesting that Judge Burns would have dismissed the *Nilon v. NIC* Action at that time, not even if the substitution motion had been denied. *See* Motion at pp. 8-9; Reply at pp. 9-10.  Consequently, NIC's post-substitution attorney's fees were not (in fact) caused by Judge Burns's decision to grant the substitution.  Furthermore, any such non-existent damages would also fail to support "proximate cause as well," which RICO also requires. *See Hemi*, 559 U.S. at 9.  As the Tentative Order would also overlook, judicially-noticeable rulings establish preclusively that NIC's own lack of diligence after Sandoval had substituted into the case precludes the allegation of proximate cause, under settled common-law principles that RICO incorporates. *See* Motion at pp. 9-11; Reply at pp. 3, 11.

Third, and finally, the Tentative Order would mistakenly allow NIC to pursue RICO claims against Knowles and Reid based upon two entire "schemes" that caused no alleged damages to NIC whatsoever – namely, "The Wiretapping Scheme" or the "CIPA Scheme" (as described in ¶¶ 31-39 of the Fourth Amended Complaint) and "The Lanham Act Scheme" (as described in ¶¶ 40-45).  The underlying *Nilon v. NIC* Action is simply not alleged to be a part of those two schemes.  An oral hearing would assist the Court in learning how (if at all) NIC claims to have suffered any injury to its own business or property "by reason of" these alleged RICO violations, as required by 18 U.S.C. § 1964(c) and (thus) by Article III as well. *See* Motion at p. 4; Reply at p. 6.  Since it does not, partial judgment on the pleadings and dismissal of the RICO claims based on these two schemes is warranted.

DATED: November 10, 2020                    TAULER SMITH LLP

                                            By:    /s/ *Robert Tauler*
                                                   Robert Tauler
                                                   Attorneys for Defendants
                                                   Victoria C. Knowles and David Reid

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2020, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

DATED: November 10, 2020                    TAULER SMITH LLP

                                By:    /s/ *Robert Tauler*
                                       Robert Tauler
                                       Attorneys for Defendants
                                       Victoria C. Knowles and David Reid

# EXHIBIT A

Natural-Immunogenics Corp. v. Newport Trial Group, et al
8:15-cv-02034-JVS-JCGx

**TENTATIVE Order Regarding Defendants Knowles and Reid's Motion for Partial Judgment on the Pleadings**

Defendants Victoria C. Knowles ("Knowles") and David Reid ("Reid") moved for partial judgment on the pleadings against Plaintiff Natural-Immunogenics Corporation's ("NIC") Racketeer Influenced and Corrupt Organizations Act ("RICO") and California Unfair Competition Law ("UCL") claims against them.  Dkt. No. 1057.  NIC opposed the motion.  Dkt. No. 1059.

Both Knowles and Reid and NIC filed requests for judicial notices attached to their briefing materials.  Dkt. Nos. 1058 and 1060.

For the following reasons, the Court **GRANTS** in part and **DENIES** in part the motion.  The Court **GRANTS** Knowles and Reid's request for judgment as a matter of law on NIC's California UCL claim, but **DENIES** their request for the same on NIC's RICO claim.  The Court also **GRANTS** both requests for judicial notice.

## I. Background

The background is well known to both parties.  This case concerns litigation between NIC and NTG, its attorneys, and its clients.  In March 2012, NTG brought a false advertising lawsuit against NIC, Nilon v. Natural-Immunogenics Corp., Case No. 3:12-cv-00930-LAB-BGS (S.D. Cal. 2012).  (Second Amended Complaint ("SAC"), Docket No. 92 ¶ 13.)  NIC alleges that this lawsuit was fabricated and fraudulent, and part of a larger scheme whereby NTG would routinely bring fabricated class action lawsuits against corporate defendants for the purpose of extorting settlements.  Id.  Specifically, NIC alleges that the NTG Defendants perpetrated two litigation schemes: (1) the false-advertising scheme and (2) the wiretapping scheme.[1]

---

[1]  NIC's SAC identifies four lawsuits filed in connection with the false advertising scheme: (1) Nilon v. Natural-Immunogenics Corp., Case No. 3:12-cv-00930-LAB-BGS; (2) Pfleg v. Nature's Way Products, Inc., Case No. 37-2012-0051979-CU-MT-NC (San Diego Cty.

1

NIC originally filed this action on December 7, 2015, alleging RICO injuries in the form of attorneys' fees and costs incurred in defending against NTG's claims in <u>Nilon</u>.  Dkt. No. 1.  On February 22, 2016, all defendants moved to dismiss the First Amended Complaint.  Dkt. Nos. 42 and 43.  NIC filed a Second Amended Complaint on May 10, 2016.  Dkt. No. 92.  NIC then was granted leave to file a Third Amended Complaint after the original deadline to amend the pleadings passed, which it did on March 24, 2020.  Dkt. No. 910.  All Defendants then moved to dismiss the third amended complaint.  Dkt. Nos. 913, 917.  The operative complaint, the fourth amended complaint, was then filed.  Dkt. 1007.

Each iteration of NIC's complaint has alleged the same injury.  <u>See</u> Dkt. No. 30 at ¶¶ 476–82; <u>see also</u> Dkt. No. 92 at ¶¶ 146–47, 332, 351, 387–91; Dkt. No. 911 at ¶¶ 14, 121, 165–66, 411, 447–51; Dkt. No. 1007 at ¶¶ 14, 121, 165–66, 411, 447–51.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A court should grant a  motion for judgment on the pleadings if, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."  <u>McSherry v. City of Long Beach</u>, 423 F.3d 1015, 1021 (9th Cir. 2005).

For purposes of a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing <u>Doleman v. Meiji</u>

---

Sup. Ct. 2012); (3) Dronkers v. Kiss My Face, LLC, Case No. 3:12-01151-JAH (S.D. Cal. 2012); and (4) Morales v. Magna, Inc., Case No. 3:10-cv-01601-EDL (N.D. Cal. 2010).  (Id. ¶¶ 49  147, 175  221, 265  281.)  NIC's SAC also identifies four lawsuits filed in connection with the wiretapping scheme: (1) <u>Nilon v. Chromadex, Inc.</u>, Case No. 56-2013-00436790-CU-MT-VTA (Ventura Cty. Sup. Ct. 2013); (2) <u>Demulder v. Carter-Reed Co., LLC</u>, Case No. 3:12-cv-0333-BTM (S.D. Cal. 2012); (3) <u>Schoonover v. Himalaya Drug Co.</u>, Case No. 12-cv-1782 (S.D. Cal. 2012); and (4) <u>Torres v. Nutrisystem</u>, Case No. 8:12-cv-01854-CJC-JPR (C.D. Cal. 2012).  (Id. ¶¶ 148  174, 222  264, 282  317.)

Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)); Austud v. United States, 386 F.2d 147, 149 (9th Cir. 1967).  Judgment on the pleadings is proper when the moving party "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios, 896 F.2d at 1550; Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 978–79 (9th Cir. 1999).  Thus, the defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery.  Cf. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) (affirming the grant of a defendant's Rule 12(c) motion where the complaint raised only an issue of law, not fact).  Likewise, the plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense, which, if proved, would defeat the plaintiff's recovery.  Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

The same standard as a Rule 12(b)(6) motion governs a Rule 12(c) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012); United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

In resolving a 12(b)(6) motion, a court uses a two-pronged approach.  First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Nor must a court "accept as true a legal conclusion couched as a factual allegation." Id. at 678–80 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief."  Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id.

# III. DISCUSSION

## A.    Parties Request for Judicial Notice

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b).

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002).

There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment.  Lee, 250 F.3d at 688.  First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records."  Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b).  Second, the Court"may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  Bias v. Monynihan, 508 F.3d 1212, 1225 (9th Cir.  2007) (internal citations and quotation marks omitted).

Knowles and Reid request that the Court take judicial notice of the following documents:
- • Defendant Natural-Immunogenics Corp.'s Answer to Class Action complaint, filed in Andrew Nilon v. Natural-Immunogenics Corp. (USDC Southern District of California, Case No.: 3:12-cv-00930) (herein, Nilon) on July 26, 2012.
- • Order Denying Motion for Class Certification Without Prejudice, filed in Nilon on September 30, 2013.
- • Order on NIC's Motion to Dismiss and Nilon's Motion for Class Certification, filed in Nilon on April 15, 2014.

- Order Granting in Part and Denying in Part Defendant's Motion to Compel, filed in <u>Nilon</u> on July 31, 2014.
- Order on Plaintiff's Motion to Substitute Class Representative, filed in <u>Nilon</u> on August 22, 2014.
- Notice of Hearing and Defendant's Motion for Rule 11 and Other Monetary Sanctions, filed in <u>Nilon</u> on June 24, 2015.
- Memorandum of Points and Authorities in Support of Defendant's Motion for Rule 11 and Other Monetary Sanctions, filed in <u>Nilon</u> on June 24, 2015.
- Order Denying Defendant's Motion for Sanctions, filed in <u>Nilon</u> on October 28, 2015.

Dkt. No. 1058 at 1-2.

NIC requests that the Court take judicial notice of the following documents
- Appellants' Opening Brief filed on May 31, 2007, in <u>Thomas v. Baca</u>, Case No. 07-55489 (9th Cir. 2007) ("Thomas").
- Appellees' Answering Brief, filed in <u>Thomas</u> on August 6, 2007
- Appellants' Reply Brief, filed in <u>Thomas</u> on October 12, 2007

Dkt. No. 1060 at 2.

The Court takes judicial notice of the documents in the Request for Judicial Notices ("RJN") pursuant to Fed. R. Evid. 201. All of the documents in the RJNs contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." <u>Fed. R. Evid</u>. 201(b)(2).

## B.   Whether the Motion is Untimely

In its Opposition, NIC argues that Knowles and Reid have filed an untimely motion.  Dkt. No. 1059 at 3.  Citing to a series of cases, they argue that the motion was not made early enough not to delay trial, that there is no justification for delay, and that the arguments raised in their motion have been argued before.  <u>Id.</u> at 3-5 (<u>citing Sec. & Exch. Comm'n v. Hemp, Inc.</u>, No. 2:16-CV-01413, 2018 WL 1220566, at *2 (D. Nev. Mar. 8, 2018); <u>Northrop Grumman Corp. v. Factory Mut. Ins. Co.</u>, No. 05-CV-08444, 2006 WL 8422003, at *1 (C.D. Cal. Aug. 9, 2006); <u>Sweden v. Melius</u>, No. CV1404492, 2015 WL 7573622, at *7 (C.D. Cal. Nov. 25, 2015); <u>Slaight v. Tata Consultancy Servs., Ltd.</u>, No. 15-CV-01696, 2018 WL

3820598, at *3 (N.D. Cal. Aug. 10, 2018); Jones v. Town of Quartzsite, No. CV-12-2629, 2014 WL 12617038, at *2 (D. Ariz. Feb. 24, 2014)).

In their Reply, Knowles and Reid argue that their motion is timely. Reply at 13, Dkt. No. 1063. They argue that there is no possibility that their motion could delay trial because NIC does not request leave to amend its Complaint as a result of their motion. Id. at 13. Thus, Knowles and Reid conclude that the Opposition is mistaken in contending that the motion is untimely merely because it was filed fourth months before the scheduled pretrial conference. Id.

NIC filed its Fourth Amended Complaint on June 18, 2020. Dkt. No. 1007. Defendants answered the Complaint in early July, 2020. Dkt. Nos. 1016, 1017, and 1020.

The Court cannot conclude that the motion is untimely, especially given the counterclaims, amended counterclaims, and amended complaints that have been filed over the almost five years that have passed since the original complaint.

## B.    Judgment as a Matter of Law on NIC's RICO Claims

In its motion, Knowles and Reid argue that they are entitled to judgment as a matter of law as to NIC's RICO claims because NIC's damages are non-recoverable attorney's fees, NIC's own allegations negate any possibility of a RICO injury resulting from the predicate offenses, and finally, that the RICO statute does not authorize private equitable relief. Dkt. No. 1057 at 3-11. The Court considers each of these arguments individually.

## I.    *Applicability of Attorney's Fees in RICO Suits*

Knowles and Reid argue that NIC cannot allege that they caused any injury to it because the Ninth Circuit does not recognize the incurment of legal fees as an injury cognizable under RICO. Id. at 4-5 (citing Thomas v. Baca, 308 Fed. App'x 87 (9th Cir. 2009). They argue that though the Court earlier considered the applicability of Thomas, noting that it did not foreclose the possibility of recovery of attorney's fees as RICO damages, see Dkt. No. 88-1 at 18-19, "[t]oday though, the weight of persuasive authority in this District and elsewhere holds that indeed, legal fees are *not* an injury cognizable under RICO." Id. at 5 (citing Herzer v.

6

Redstone, No. 17-CV-7545 PSG (KSX), 2018 WL 5094933 (C.D. Cal. July 10,
2018)).

NIC claims that attorney's fees incurred in defending sham lawsuits are
cognizable injuries under RICO.  Dkt. No. 1059 at 6.

First, NIC claims that because the Court has previously held that legal fees
represent a cognizable injury, that is the law of the case and should govern here,
and that Knowles and Reid have failed to demonstrate a basis to depart from the
law of the case.  Id. at 6-7 (citing Dkt. No. 88-1 at 18-19).

Second, because NIC's attorney's fees were in response to a demand letter
which "threatened and pursued sham claims advanced through false
representations and material omissions of fact," NIC contends that these fees
constitute an injury directly connected to NTG's racketeering activity.  Id. at 8
(citing In re Outlaw Lab., LP Litig., No. 18-cv-840, 2020 WL 1953585, at *8
(S.D. Cal. Apr. 23, 2020), recons. denied, No. 18-CV-840, 2020 WL 3469387
(S.D. Cal. June 25, 2020); Canyon Cty. v. Syngenta Seeds, Inc., 519 F.3d 969, 975
(9th Cir. 2008); Burger v. Kuimelis, 325 F. Supp. 2d 1026, 1035 (N.D. Cal. 2004);
Harmoni Int'l Spice, Inc. v. Wenxuan Bai, No. CV1600614, 2016 WL 9275400, at
*1 (C.D. Cal. Nov. 14, 2016), rev'd and remanded sub nom. Harmoni Int'l Spice,
Inc. v. Hume, 914 F.3d 648 (9th Cir. 2019)).  NIC also analogizes the instant case
to In re Outlaw Lab., in which defendants allegedly operated a RICO scheme
similar to the one here involving sham demand letters and threats of litigation and
where defendants brought similar counterclaims.  In re Outlaw Lab., 2020 WL
1953585, at *9-10.

Third, NIC argues that "the precedent draws a clear distinction between fees
incurred in prosecuting a RICO claim in contrast with fees incurred in defending
the prior under litigation," and that the defense of those suits is cognizable, but the
prosecution of them is not.  Id. (citing In re Outlaw Lab., 2020 WL 1953584, at
*9; Lauter, v. Anoufrieva, 642 F. Supp.2d 1060, 1084-85 (C.D. Cal. 2009);
Burger, 325 F. Supp. 2d 1026, 1035 (N.D. Cal. 2004).

In their Reply, Knowles and Reid assert that reconsideration of the Court's
prior holding that attorneys' fees are recoverable under RICO (see Dkt. No. 88-1
at 18) is warranted, again reminding the Court of the developments in case law

across the District and Circuit.  Reply at 4, Dkt. No. 1063.  They also argue that the distinction discussed by NIC – i.e., between recoverable attorneys' fees and non-recoverable ones depending on the posture of the litigation, is inapposite, noting that there is no such distinction, but rather a disagreement across Courts.  Id.  They contend that the cases cited by NIC are irrelevant given that Knowles and Reid did not force NIC to incur any expenses – "not legal fees, nor anything else." Id. at 5.  Accordingly, Knowles and Reid also attempt to distinguish In re Outlaw Lab., arguing that the fact that NIC "paid no settlement makes this RICO case different from" it.  Id. at 6.

Because Knowles and Reid identify a number of cases where courts refused to find incurring legal fees as an injury under RICO, the Court rejects NIC's argument regarding the law of the case doctrine as it applies here, and instead analyzes the current legal framework.  Nonetheless, the Court agrees with NIC that attorneys' fees are recoverable in RICO claims.

First, while "[w]hether incurring legal fees constitutes an injury to a plaintiff's 'business or property' is a question as yet unanswered by the Ninth Circuit," the Court is hesitant to award too much weight to cases that have declined to recognize attorneys' fees as cognizable injuries under RICO.  See Dunmore v. Dunmore, No. 2:11-CV-2867-MCE, 2013 WL 5569979, at *6 (E.D. Cal. Oct. 9, 2013), report and recommendation adopted, No. 2:11-CV-2867-MCE, 2014 WL 466257 (E.D. Cal. Feb. 5, 2014).

As the Court expressed in its earlier Order regarding Baca, "the Court declines to read too much into the Ninth Circuit's unpublished opinion declining to recognize legal fees as a cognizable RICO injury, because it also did not affirmatively foreclose that possibility." Dkt. No. 81 at 18.  Whereas other courts have relied on Baca despite its lack of precedential value as an unpublished memorandum opinion, the Court declines to do so here.  Cf., Ogden v. Wells Fargo Bank, N.A., No. CV 14–3579 DMG (SH), 2015 WL 13413390, at *2 (C.D. Cal Feb. 20, 2015).

Moreover, other Ninth Circuit cases declining to recognize attorneys' fees as a cognizable injury under RICO are easily distinguishable.  For example, Holloway v. Clakamas River Water, the court found that legal fees are not injuries under RICO in light of Baca and because the plaintiff did not "establish that

racketeering activity was the proximate cause of her injury."  Holloway v. Clackamas River Water, No. 3:13-CV-01787-AC, 2014 WL 6998069, at *9 (D. Or. Sept. 9, 2014), report and recommendation adopted, No. 3:13-CV-01787-AC, 2014 WL 6998084 (D. Or. Dec. 9, 2014).

Second, the Court is persuaded by In re Outlaw Lab.'s discussion of Bankers Trust and Handeen as they relate to the instant question.  In re Outlaw Lab., 2020 WL 1953584, at *9 (discussing Bankers Trust, 859 F.2d at 1099, 1105 and Handeen, 112 F.3d at 1354 (8th Cir. 1997)).

> In Bankers Trust, the Second Circuit held that plaintiff's past legal fees could confer standing as to a RICO violation because those fees were incurred in fighting "frivolous lawsuits" initiated by the defendants, i.e., the very wrongful conduct that comprised the RICO claim.  See Bankers Tr. Co. v. Rhoades ("Bankers Trust"), 859 F.2d 1096, 1099, 1105 (2d Cir. 1988); accord Stochastic Decisions, Inc. v. DiDomenico, 995 F.2d 1158, 1167 (2d Cir. 1993) ("legal fees may constitute RICO damages when they are proximately caused by a RICO violation").  As Bankers Trust observed, the RICO statute "contains no special limitation on standing; all that is required is that plaintiff suffer injury in fact ... [i.e.,] that the plaintiff be 'injured in his business or property by the conduct constituting the violation,' ... and that the injury be caused by defendants' RICO violation."  Bankers Trust, 859 F.2d at 1100 (quoting Sedima v. Imrex Co., 473 U.S. 479, 495 (1985)).  Likewise, in Handeen, the Eighth Circuit determined that "attorneys' fees [ ] incurred in objecting to the [the scheme's] supposedly fraudulent claims" were concrete injuries within the meaning of RICO.  Handeen v. Lemaire, 112 F.3d 1339, 1354 (8th Cir. 1997). The Handeen court relied on the fact that those fees were "proximately caused by a predicate act of racketeering." Id.

In re Outlaw Lab., 2020 WL 1953584, at *9.

Much like in Handeen and In re Outlaw Lab., the attorneys' fees were incurred in the process of responding to and litigating the underlying Nilon suit.  See Dkt. No. 1007 at ¶¶ 55-159.  These fees are not a result of prosecuting a RICO claim, but rather, were incurred as a "result of a predicate act of racketeering," in this case, NTG's fraudulent conduct of allegedly recruiting individuals to commence lawsuits against NIC.  In re Outlaw Lab., 2020 WL 1953584, at *9,

Dkt. No. 1059 at 8.

Therefore, considering the instant facts giving rise to NIC's claims against Knowles and Reid and the lack of guidance from other courts,[2] the Court finds that attorneys' fees of this sort constitute a cognizable injury under RICO.

*ii.    Whether NIC's Allegations Negate the Possibility of a RICO Injury*

The Court next assesses whether NIC sufficiently pleaded a RICO claim against Knowles and Reid.

Knowles and Reid advance two arguments: first that it was NIC's own lack of diligence that caused its harm, and second, that NIC's claim fails as a matter of law.  Dkt. No. 1057 at 6.  Knowles and Reid also contend that NIC cannot plead proximate causation as a matter of law "without alleging facts sufficient to show that 'someone' – though, not necessarily the plaintiff itself – actually 'relied on the defendant's misrepresentations."  Id. (citing Bridge v. Phoenix Bond & Indemn. Co., 552 U.S. 639, 658 (2008).  Because "[n]obody actually relied upon the demand letter," demonstrated by NIC filing an answer that denied the allegations in the underlying Nilon suit, NIC cannot establish that their injuries were proximately caused by Knowles and Reid's actions.  Id. (citing Dkt. No. 1007 at ¶¶ 63-74).

In response, NIC argues that reliance is not an element of a RICO claim and therefore it was not required to plead it in its fourth amended complaint.  Dkt. No. 1059 at 15-16.  NIC further contends that if it is an element of a RICO claim, that

---

[2]Some courts interpreting RICO's statutory language have found attorneys' fees and legal expenses not to constitute an injury sufficient to confer standing under RICO.  See Evans v. City of Chicago, 434 F.3d 916, 931 32 (7th Cir.2006); overruled on other grounds by Hill v. Tangherlini, 724 F.3d 965 (7th Cir.2013); Engel v. Buchan, 778 F. Supp. 2d 846, 845 (N.D. Ill.2011); Kelley v. Watts, 2007 WL 3232080, at *2, 3 (E.D.Ark.2007); Kashelkar v. Rubin & Rothman, 97 F. Supp. 2d 383, 391 (S.D.N.Y.2000); Hotel, Motel, Restaurant & Hi Rise Employees & Bartenders v. Pier 66 Co., 599 F.Supp. 761, 765 (S.D. Fla.1984).  Other courts have found the opposite.  See Handeen v. Lemaire, 112 F.3d 1339, 1354 (8th Cir. 1997); Kilper v. City of Arnold, Mo., 2009 WL 2208404, at *12 (E.D. Mo.2009); Walter v. Palisades Collection, LLC, 480 F.Supp.2d 797 (E.D. Pa. 2007); Burger, 325 F.Supp.2d at 1035; Lauter, 642 F.Supp.2d at 1085 n. 33 (citing Burger, 325 F.Supp.2d at 1035, and Handeen, 112 F.3d at 1354).

its Complaint contains allegations of reliance.  Id.

NIC argues that it is the law of the case that reliance is not an element of a RICO claim.  Id. at 15-16 (citing Dkt. No. 157 at 13-14).  Citing to Bridge, 553 U.S. at 659, NIC claims that "evidence of reliance – while potentially relevant to establishing proximate causation at trial – is not a required element of a RICO claim and therefore does not permit judgment on the pleadings for its (alleged) absence from the Complaint."  Id. at 16.  According to NIC, other courts have "uniformly agreed that reliance is not an element of a RICO claim."  Id. at 17 (citing In re Neurontin Mktg. & Sales Practices Litig., 712 F.3d 21, 37 (1st Cir. 2013); In re Avandia Mktg., Sales Practices & Prod. Liab. Litig., 804 F.3d 633, 645 (3d Cir. 2015); Biggs v. Eaglewood Mortg., LLC, 353 F. App'x 864, 866 (4th Cir. 2009) (unpublished); St. Germain v. Howard, 556 F.3d 261, 263 (5th Cir. 2009).  NIC claims that because reliance is not an element of a RICO claim, it is not required to plead it in the fourth amended complaint (and that if it is, it did adequately plead it).  Id. at 17-18 (citing Johnson v. KB Home, 720 F. Supp. 2d 1109, 1119 (D. Ariz. 2010); Queen's Med. Ctr. V. Kaiser Found. Health Plan, Inc., 948 F. Supp. 2d 1131, 1162 (D. Haw. 2013); Hoffman v. Zenith Ins. Co., No. SACV10355, 2010 WL 11558157, at *4 (C.D. Cal. Aug. 31, 2010).

In their Reply, Knowles and Reid reassert that while reliance may not be an element of a civil RICO claim, causation-in-fact and proximate cause are elements, and therefore, NIC needed to have pled these elements with particularity.  Reply at 3.  They argue that NIC's Opposition "is mistaken in contending that NIC can avoid the need to plead reasonable reliance (by someone, at least)."  Id. at 7.  Knowles and Reid then discuss NIC's failure to plead reliance by anyone, noting.  Id.  The Reply then discusses each paragraph of the fourth amended complaint cited by NIC as part its attempt to demonstrate elements of reliance.  Lastly, they assert that when a complaint yields speculation over causation, which they argue is prevalent in NIC's allegations of reliance, dismissal is warranted.  Id. at 9 (citing Rouse v. United States Dep't of State, 567 F.3d 408, 417 (9th Cir. 2009).

At the center of the instant dispute is the effect that Bridge has had within the District and Circuit on the necessary elements a party must prove to establish liability under RICO.  It is clear to the Court that reliance is not an element to sustain a cause of action under RICO.  Bridge, 553 U.S. at 648 ("Nothing on the

face of the relevant statutory provisions imposes such a requirement. Using the mail to execute or attempt to execute a scheme to defraud is indictable as mail fraud, and hence a predicate act of racketeering under RICO, even if no one relied on any misrepresentation.").[3]

However, Bridge also established that while a plaintiff need not show "first-party" reliance on a defendant's fraudulent acts to prevail, "none of this is to say that a RICO plaintiff who alleges injury 'by reason of' a pattern of mail fraud can prevail without showing that someone relied on the defendant's misrepresentations."  Bridge, 553 U.S. at 658, 659 ("Accordingly, it may well be that a RICO plaintiff alleging injury by reason of a pattern of mail fraud must establish at least third-party reliance in order to prove causation. 'But the fact that proof of reliance is often used to prove an element of the plaintiff's cause of action, such as the element of causation, does not transform reliance itself into an element of the cause of action.'") (citing Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 478 (2006).

Courts within the District have subsequently interpreted Bridge to mean that reliance is a "mile post on the road to causation."  Negrete v. Allianz Life Ins. Co. of N. Am., 287 F.R.D. 590, 606 (C.D. Cal. 2012); In re WellPoint, Inc. Out-of-Network UCR Rates Litig., 903 F. Supp. 2d 880, 915 (C.D. Cal. 2012) (citing Negrete, 287 F.R.D. at 606).  Therefore, the Court finds that while NIC is not required to plead reliance as an element of its RICO claim, it must, as part of alleging proximate cause, provide evidence that someone relied on Knowles and Reid's misrepresentations.

Knowles and Reid claim that there was also no reliance by the court in the underlying Nilon suit, and that at best, any attempt by NIC to show reliance is mere speculation.  Dkt. No. 1057 at 8-10.  For example, they argue that when the court in Nilon allowed leave to amend the pleadings in that case, there is no basis to conclude that had he been aware of the misrepresentations, he would have done

---

[3]The Court recognizes that some courts within the District have contemplated the applicability of Bridge versus Anza when considering the predicate acts for a RICO claim. However, because the predicate acts here are mail fraud (18 U.S.C. §§ 1341, 1349), wire fraud (18 U.S.C. §§ 1343, 1349), extortion (18 U.S.C. § 1951), obstruction of justice (18 U.S.C. § 1503, 1512©)), bribery of a witness (18 U.S.C. § 201), and witness tampering (18 U.S.C. § 1512(b)), the Court finds that Bridge applies.  .

otherwise.  Id. at 7.  The other instance – in which the court granted Nilon's request to withdraw and substituted Sandoval as the class representative – is insufficient to establish causation between Knowles or Reid and the injury NIC alleges, even if this instance is a clearer instance of a misrepresentation.  Id. at 8. They also claim that NIC's argument that it relied on NTG's obeying rules, statutes, etc., "is not mail fraud or wire fraud" because those require an affirmative, material misrepresentation.  Reply at 8 (citing United States v. Green, 592 F.3d 1057, 1064 (9th Cir. 2010).

In response, NIC argues that it did plead allegations of reliance, even though it was not required to.  Dkt. No. 1059 at 19.  To support that claim, it cites numerous points that the Nilon court relied on specific misrepresentations by Knowles and Reid.  Id. at 18-19 (citing paragraphs 121, 131, and 448-449 of the fourth amended complaint). These include allegations of reliance by the court in Nilon ("NIC relied to its detriment on the representations made by the NTG Defendants, Nilon, and Sandoval") and by NIC itself ("Plaintiff NIC reasonably relied on NTG—licensed attorneys—to obey and properly assert statutes, court orders, court rules, rules of evidence, written agreements, representations to the court by officers of the court, ethical rules, and representations made under oath to the court by NTG's attorneys, agents, and clients.").  Dkt. No. 1007 at ¶¶ 448-449.

The Court finds these allegations of reliance sufficient, especially given that a Rule 12(c) motion is analyzed under Rule 12(b) , and therefore, that NIC's allegations do not negate the possibility of a RICO injury.  Here, NIC alleges in its complaint more than mere conclusory statements regarding who, how, and why they relied on Knowles, Reid, and NTG's misrepresentations.  Cf. In re Wellpoint, 903 F. Supp. 2d at 915 ("With respect to RICO reliance, the CTAC contains only the lone conclusory allegation that "to the extent that a showing of reliance is required, Provider Plaintiffs and the Provider Class reasonably relied on the fraudulent scheme...") (finding that the operative complaint contained only one conclusory allegation of reliance for a RICO conspiracy and was therefore insufficient to withstand a motion to dismiss).

### iii.    Whether RICO authorizes Private Equitable Relief

Knowles and Reid next argue that the RICO statute does not authorize private equitable relief.  They cite to the Court's earlier Order granting partial

summary judgment, in which the Court found that NIC did not have standing to seek injunctive relief.  Dkt. No. 1057 at 11 (citing Dkt. No. 552 at 8).  Knowles and Reid also cite to Religious Tech. Ctr. v. Wollersheim for the same proposition.  Id. (citing Religious Tech. Ctr. V. Wollersheim, 796 F.2d 1076, 1088 (9th Cir. 1986).  According to Knowles and Reid, "[f]or this reason alone, judgment on the pleadings is warranted regarding the requested equitable remedies that are unavailable under RICO." Id.

In response, NIC contends that it does not seek injunctive relief through its RICO claim.  Dkt. No. 1059 at 23.  It also notes that the it informed Knowles and Reid of this issue, and that the Court need not address the same because it has already dismissed NIC's request injunctive relief from the case.  Id.  (citing Dkt. No. 552).

In their Reply, Knowles and Reid reassert that NIC does not have standing under Article to pursue an injunction, and even if they did, the RICO statute would not allow for equitable relief here.  Reply at 11.

The Court agrees with NIC.  Injunctive relief appears as part of Count Four, for violations of California Business and Professions Code Section 17200.  Dkt. No. 1007 ¶¶ 467, 472.  Because NIC does not request injunctive relief as a part of its relief requested for violations of the RICO statute, the Court finds that judgment on the pleadings is unwarranted here.

Therefore, having found that attorneys' fees are recoverable under RICO, that under Bridge, reliance is not an element of a RICO claim but that evidence of reliance is, and was sufficiently pleaded in the complaint, and finally, that NIC does not request injunctive relief as a form of relief under its RICO cause of actions, the Court **DENIES** Knowles and Reid's request for judgment on the pleadings on NIC's RICO claim.

## C.   Judgment as a Matter of Law on NIC's California UCL Claim

Knowles and Reid argue that because private parties can only seek equitable relief and restitution, not damages, under the UCL, and because NIC's counsel has stated they do not opposed dismissal of their UCL claim, they are entitled to judgment as a matter of law.  Dkt. No. 1057 at 12.  They also note that nothing in

the operative complaint alleges that Knowles or Reid have obtained any property that was ever taken from them, and therefore, no restitution is available. To support their claim and in addition to referencing the Court's earlier Order, Knowles and Reid also cite to the statute and various case law for the proposition. Id. (citing Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1150 (2003) and Cal. Bus. & Prof. Code. §§ 17203, 17204).

In response, NIC notes that it does not oppose request, but clarifies that "[a]t the outset, NIC never sought disgorgement or restitution under the UCL claim" because it never paid any money to NTG. Dkt. No. 1059 at 23. NIC adds that it had interpreted the Court's earlier Order dismissing NIC's only form of relief available under the UCL as a dismissal of the UCL claim, but nonetheless listed the UCL claim in its fourth amended complaint "only as a vestige of the earlier pleading." Id.

In its Reply, Knowles and Reid first take issue with NIC's contention that they did not provide NIC's position in the brief, and second, assert that these accusations are not only without merit, but also tactical. Reply at 12.

The Court notes that there is disagreement between Knowles and Reid and NIC over what they discussed during their meet and confer, but nonetheless finds that the parties are in accord on this issue. Knowles, Reid, and NIC agree that restitution is impossible here because Knowles and Reid never took anything from NIC. They also agree regarding the effect of the Court's earlier Order (Dkt. No. 552) on NIC's California UCL claim, even if NIC believes it was wrongly decided. Lastly, NIC agreed during its meet and confer that the claim should be dropped.

Given the significant agreement between both parties on matters of substance related to the UCL claim, the Court **GRANTS** Knowles and Reid's request for judgment as a matter of law on their UCL claim. Where – as here – there is agreement between the parties, the Court again urges decorum and requests that parties refrain from ad hominem or otherwise baseless attacks against counsel.

## IV.  CONCLUSION

15

For the foregoing reasons, the Court the Court **GRANTS** in part and **DENIES** in part the motion.  The Court **GRANTS** Knowles and Reid's request for judgment as a matter of law on NIC's California UCL claim, but **DENIES** their request for the same on NIC's RICO claim.  The Court also **GRANTS** both requests for judicial notice.
.

**IT IS SO ORDERED.**

**Effective immediately all oral arguments are VACATED.  The Court will continue to post tentatives in the afternoon of the Court day prior to the scheduled hearing (e.g., Friday afternoon for Monday hearings).  Any party may file a request for hearing of no more than five pages no later than 5:00 p.m. the day following the scheduled hearing (e.g., Tuesday 5:00 p.m. for a Monday hearing) stating why oral argument is necessary.  If no request is submitted, the matter will be deemed submitted on the papers and the tentative will become the order of the Court.  If the request is granted, the Court will advise the parties when and how the hearing will be conducted. The Court asks for the parties' understanding and patience in these difficult times.**