Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr., Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

NATURAL-IMMUNOGENICS CORP.,

                    Plaintiff,

        v.

NEWPORT TRIAL GROUP, et al.,

                    Defendants.

Case No. 8:15-cv-02034-JVS (JCG)

JAMs Ref. No:  1220055347

**PLAINTIFF NIC'S LR 37-2 SUPPLEMENTAL BRIEF IN SUPPORT OF NIC'S MOTION TO COMPEL DEPOSITION OF NTG'S 30(b)(6) DESIGNEE**

Judge:               Hon. James V. Selna
Special Master:  Hon. Andrew Guilford
                        (Ret.)

Plaintiff Natural-Immunogenics Corp. ("NIC") hereby submits its L.R. 37-2 Supplemental Brief in Support of NIC's Motion to Compel the Deposition of Defendant Newport Trial Group's 30(b)(6) Designee.  *See* Dkt. 1064.  Defendants have failed to justify avoidance of the NTG 30(b)(6) deposition, or limitation on the noticed topics.  Defendants concede that, were NIC to take the deposition, it will require more than the presumptive 7-hour limit.  The Court should grant NIC's Motion to Compel and For Leave to Extend the Presumptive Time-Limit to 14 hours.

## A. Rule 16 Is Irrelevant

### 1. The District Court Has Already Granted NIC Leave under Rule 16

At the initial Rule 16 Conference, Judge Selna expressly stated NIC had the right to depose *every defendant* and seven non-parties.  Dkt. 1064-9 at 6 (Tr. 5:20-25).  In his Order at Docket No. 447, Judge Selna ruled that, if NIC had not deposed certain Defendants before the discovery cut-off (because of still-pending privilege disputes), the Court would allow those depositions once NIC received privilege rulings (even if after the cut-off).  Dkt. 447 at 3-4.  On January 22, 2018, Defendants' counsel confirmed on the record that NIC could take depositions of the NTG Defendants *without leave* following the resolution of privilege issues.  Dkt. 1064-8 at 64 (Tr. 63:5-7).  NIC was thus not required to seek leave to take the NTG 30(b)(6) deposition because the Court already granted NIC permission to take the deposition.

As an initial matter, Defendants fail to explain why NTG ought be treated differently than the other "NTG Defendants" in post-privilege discovery.  They offer no tenable distinction between NTG and the others: Scott Ferrell, Ryan Ferrell, David Reid, or Victoria Knowles.  The Court expressly authorized NIC to take the depositions of every defendant.  Dkt. 1064-9 at 6 (Tr. 5:20-25).  The Court held it reasonable for NIC to delay defendant depositions until after it received

critical documents subject to privilege disputes.  Dkt. 447 at 3-4.  Defendants do not explain why the Court's perspective on this issue only applies to the individual defendants, not the corporate defendant.  Defendants permitted without objection the depositions of individual NTG defendants in 2020 following the Court's privilege orders, including Knowles and R. Ferrell.  Defendants instead depend on a false narrative, an assumed exclusion of the corporate defendant from discovery in prior proceedings.  That assumption is false, and there is no record support for it.  To the contrary, the two Orders on this issue support NIC's instant motion.  *See* Dkt. 1064-9 at 6 (Tr. 5:20-25); *see also* Dkt. 447 at 3-4 (permitting deposing the remaining defendants following issuance of the privilege orders).

NTG's motivation for avoiding the 30(b)(6) deposition is obvious.  The corporate defendant must prepare, and its testimony is binding, meaning the testimony is potentially critical in this case.  NTG takes the unreasonable position that NIC waived its right to depose the most central Defendant in this case because NIC did not file an unnecessary Rule 16 motion to take the deposition.  Defendants' counsel represented to the Court that NIC could depose the "NTG Defendants."  Dkt. 1064-8 at 64 (Tr. 63:5-7).  They now argue she did not mean what she said.  Dkt. 1064 at 41-43.  Counsel made appearances at that hearing and declared on whose behalf they appeared:

> MR. SUSOLIK: Good afternoon, Your Honor.  Edward Susolik on behalf of the NTG defendants.
>
> MS. SPERBER: Good afternoon, Your Honor.  Stephanie Sperber on behalf of the NTG defendants.
>
> MR. DARNELL: Good afternoon, Your Honor.  David Darnell on behalf of the NTG defendants.

*See* Dkt. 1064-8 at 4 (Tr. 3:5-12).  Those three attorneys represented Defendants NTG, Scott Ferrell, Ryan Ferrell, David Reid, and Victoria Knowles, the very same described as the "NTG Defendants" in every single brief filed before the Court for the preceding 3 years.  Dkt. 1064 at 11, n. 3 (collecting docket cites).  They consistently defined "NTG Defendants" to include all of their clients.  NTG's argument that Stephanie Sperber did not mean to include Defendant NTG when she referred to "NTG Defendants" at hearing lacks credibility.  NTG stated on the record that the Court's prior orders permitted NIC to depose NTG following the privilege orders.  That position consists with the Court's intent to allow NIC post-privilege depositions of all NTG Defendants.

### 2.  Defendants' Arguments Regarding Delay Should be Rejected

Because NIC was given leave in open Court to take the remaining NTG Defendants' depositions after receiving privilege orders, the Rule 16 factors do not apply.  Delay is only relevant to a Rule 16 motion, inapplicable here, and not to a motion to compel.[1]  Having been given leave by the court, whether NIC diligently pursued relief under Rule 16 is irrelevant.

In any event, NIC did not unreasonably delay.  NIC prioritized depositions based on the availability of documents because document productions have been extraordinarily delayed in this case.  *See* Dkt. 447 at 3-4 (Judge Selna stated that delay of depositions until receipt of documents is reasonable).  The only defendants not yet deposed are NTG, Scott Ferrell, and David Reid.  That is because NIC has still not received all documents on key issues in this case,

---

[1] A Rule 16 motion for leave to take discovery considers the diligence of the moving party.  *Patton v. Dollar Tree Stores, Inc.*, 2017 WL 8233882, at *1 (C.D. Cal. Mar. 28, 2017), *aff'd sub nom. Guillen v. Dollar Tree Stores, Inc.*, 769 F. App'x 461 (9th Cir. 2019).  By contrast, the standard on a motion to compel does not consider delay or diligence.  *See* Fed. R. Civ. P. 37(a)(3); *see also* Fed. R. Civ. P. 26(b)(2)(C).

including NTG's use of "Strataluz LLC" to file sham lawsuits—an issue that largely involves those three defendants. The Special Master is set to hear Strataluz-related issues on November 19, 2020. The extraordinary delay in NIC receipt of relevant documents has been a substantial factor preventing those depositions.

In an effort to resolve the issue in time for trial, NIC served its original 30(b)(6) notice in February 2020. Dkt. 1064-1 at ¶ 2. The parties extensively met and conferred on the topics after NTG outright refused to make a single witness available. *Id.* at ¶ 3-6. NIC prepared an Amended Notice. *Id.* at ¶ 7, *see also* Dkt. 1064-8. Meanwhile, in March 2020, the Covid-19 pandemic struck bringing uncertainty to the in-person depositions scheduled, requiring additional conferrals. Then, in August 2020, Special Master Rosalyn Chapman resigned, and the parties were without a discovery judge for nearly three months. Although the meet and confer process failed, NIC could not advance this motion without a discovery judge. Thus, while NIC has not delayed at all because it has yet to receive all documents under the Court's privilege orders, the alleged delay suggested by Defendants is fictive. There was no unreasonable delay.

## B. NIC's Topics Are Not Overbroad, Excessively Burdensome, or Disproportionate to the Needs of this Case

This RICO case involves 13 defendants, 9 predicate suits, more than 70 predicate acts, and conduct over 6 years. *See generally* Dkt. 1007. NTG is the hub of the RICO enterprise, directly involved in fifty (50) of the predicate acts alleged. *Id.* at ¶¶ 427-35. There is substantial ground to cover at a 30(b)(6) deposition of NTG. But simply because a witness possesses information covering many topics does not render pursuit of that relevant information overly burdensome. To keep the scope of this deposition reasonable, NIC included subject matter limits throughout the noticed topics. *See generally* Dkt. 1064-4 (limiting topics to "SAC

1    Cases" which are expressly within the scope of discovery).  NIC also modified its

2    Amended Topics, making examination areas tailored and specific.  *Id.* (limiting

3    topics to communications on very specific issues in the case like "settlement

4    discussions" or client retention).

5         Defendants argue NIC's Amended Notice is not proportional to case needs.

6    They rely on the Court's order regarding voluminous *in camera* review of more

7    than one thousand documents.  Dkt. 1064 at 51-54.  But that order's evaluation of

8    burden concerned specific added burdens on the Court, not on the parties.  In that

9    instance, the Court evaluated whether the burden of a voluminous *in camera*

10   review was appropriate given limited Court resources and the amount of litigation

11   the Court had yet to resolve.  *See* Dkt. 788 at 12 ("the circumstances of this case

12   have changed vis-à-vis the disproportionate amount of judicial resources that this

13   case has and will continue to consume.").  The Court has since ordered discovery

14   into many other areas, including an order compelling *in camera* review of another

15   several hundred files.  *See* Dkt. Nos. 902 and 1049.  The instant motion does not

16   involve an added burden on the Court.  The discovery is tailored and reasonable

17   because it applies only to the acquisition of highly relevant evidence possessed by

18   the corporate defendant at the heart of a complex RICO enterprise.  The topics

19   noticed in NIC's Amended Notice are proportional to case needs and do not

20   impose a burden beyond what is expected of a party in NTG's position.

21

22

23

24

25

26

27

28

1  DATED:  November 17, 2020

2

3                                              Respectfully submitted,

4                                              EMORD & ASSOCIATES, PC.

5

6                                              By:     */s/ Peter A. Arhangelsky*

7                                              Peter A. Arhangelsky, Esq. (SBN 291325)
                                               Joshua S. Furman, Esq. (pro hac vice)
8                                              *Attorney for Plaintiff Natural Immunogenics*
                                               *Corp.*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

PLAINTIFF NIC'S LR 37-2 SUPPLEMENTAL BRIEF IN SUPPORT OF NIC'S MOTION TO COMPEL
DEPOSITION OF NTG'S 30(b)(6) DESIGNEE

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2020, the foregoing, **PLAINTIFF NIC'S LR 37-2 SUPPLEMENTAL BRIEF IN SUPPORT OF NIC'S MOTION TO COMPEL DEPOSITION OF NTG'S 30(b)(6) DESIGNEE** was electronically filed via email to the Special Master and sent via email to the following:

Brendan M. Ford, Esq.
bford@FordDiulio, PC
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
Attorney for Andrew Nilon, Giovanni Sandoval,
Sam Schoonover, Matthew Dronkers, Taylor Demulder, and Sam Pfleg,

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
Attorney for Newport Trial Group and Scott Ferrell

Nicole Whyte
nwhyte@bremerwhyte.com
Benjamin Price
bprice@bremerwhyte.com
Kyle A. Riddles
kriddles@bremerwhyte.com
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
Attorneys for Ryan Ferrell, Victoria Knowles, David Reid, and Andrew Baslow

Robert Tauler, Esq.
rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Tel: (310) 590-3927
Attorney for David Reid and Victoria Knowles


    */s/ Peter A. Arhangelsky*
    Peter A. Arhangelsky, Esq.