TAULER SMITH LLP
Robert Tauler (SBN 241964)
rtauler@taulersmith.com
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Counsel for Defendants
VICTORIA C. KNOWLES and
DAVID REID

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | CASE NO. 8:15-cv-02034-JVS (JCGx)<br><br>Assigned to the Hon. James V. Selna Courtroom 10C<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS IN FAVOR OF VICTORIA C. KNOWLES AND DAVID REID [1057]**<br><br>Hearing Date:   November 16, 2020<br>Time:            1:30 p.m.<br>Place:           Vacated<br><br>Hon. JAMES V. SELNA |

As ordered (*see* Dkt. No. 1072), Defendants Knowles and Reid respectfully submit this briefing to address the effect of Fed. R. Civ. P. 9(b) and *Rouse v. United States Dep't of State*, 567 F.3d 408 (9th Cir. 2009), on the Court's Tentative Order.  A copy of the Tentative Order is attached as Exhibit A to the Request by Knowles and Reid for an oral hearing (Dkt. No. 1070).  The Motion for judgment on the pleadings (Dkt. No. 1057) cites Rule 9(b) on p. 1 of the Memorandum of Points and Authorities, and it cites *Rouse* on p. 9.  The Reply (Dkt. No. 1063) cites them on pp. 2, 8, 9 and 10.

\*     \*     \*

The *Rouse* case did not involve Rule 9(b) or RICO fraud claims.  Thus, *Rouse* simply illustrates that speculation over causation requires dismissal under Rule 12(b)(6) – and therefore, it also requires dismissal under the functionally identical standard of Rule 12(c) – even when (unlike here) the allegations do not purport to allege fraud.  *See* 567 F.3d at 417; *see also, e.g. Linderoth v. Capistrano Unified Sch. Dist.*, 2017 U.S. Dist. LEXIS 230368, \*15-16 (C.D. Cal. Jan. 30, 2017) (speculative labor law injuries).  The same principle applies with even greater force in civil RICO cases like this one, because of Rule 9(b)'s requirement of particularity in pleading the circumstances of an alleged fraud.  "[A] speculative injury … is not compensable under RICO." *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1311 (9th Cir. 1992) (affirming dismissal under Rule 12(b)(6)); *see also Basco v. Toyota Motor Corp.*, 2010 U.S. Dist. LEXIS 147632, \*14 (C.D. Cal. Mar. 3, 2010) ("Rule 9(b) demands more than Plaintiffs provided in the FAC … to allege both but-for and proximate causation with particularity").  Likewise, "[t]o state a claim for RICO conspiracy where the predicate acts sound in fraud, the [Plaintiffs] must … allege with particularity … an injury caused by an unlawful overt act performed in furtherance of the agreement." *Lui Ciro, Inc. v. Ciro, Inc.*, 895 F. Supp. 1365, 1383-1384 (D. Haw. 1995) (citing *Alfus v. Pyramid Technology Corp.*, 745 F. Supp. 1511, 1520-21 (N.D. Cal. 1990)).

As shown by Knowles and Reid in their Motion, Plaintiff NIC does not (and, it cannot) plead plausibly and with particularity that NIC suffered any injury to business or

1

property "by reason of" the acts of alleged RICO misconduct. *See* 18 U.S.C. § 1964(c). "When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461, 126 S. Ct. 1991, 164 L. Ed. 2d 720 (2006); *see also UFCW Cent. Pa. v. Amgen, Inc.*, 400 Fed. Appx. 255, 257 (9th Cir. Oct. 21, 2010) (affirming dismissal of RICO claims under Rule 9(b), where "the complaint failed to plead a cognizable theory of proximate causation that links [Defendant]'s alleged misconduct to [Plaintiffs]' alleged injury"). Here, the only claimed injury to NIC's business or property is the attorney's fees that NIC incurred in the underlying *Nilon v. NIC* Action. *See* Fourth Am. Compl. (Dkt. No. 1007), ¶¶ 447-51. Yet, most of NIC's voluminous allegations of misconduct contain nothing that even attempts to show reliance or any resulting causal connection with any of those attorney's fees. For instance, the "Wiretapping Scheme" (also called the "CIPA Scheme") as described in ¶¶ 31-39 caused none of those attorney's fees, and indeed, it had no effect upon NIC whatsoever; to the contrary, NIC does not (and evidently, it cannot) allege that any frivolous lawsuit accusing NIC of violating the California Invasion of Privacy Act was ever threatened or filed against it. Likewise, the "Lanham Act Scheme" described in ¶¶ 40-45 (involving Strataluz, LLC) also caused no injury whatsoever to NIC; to the contrary, NIC does not (and evidently, it cannot) allege that NIC ever paid money to settle any frivolously threatened lawsuits for false advertising in the sale of "male enhancement products" or anything else. Therefore, the Tentative Order would be mistaken in overlooking that none of these particular acts of alleged misconduct led directly to any of NIC's claimed injuries.

Instead, only the "CLRA Scheme" described in ¶¶ 26-30 implicates the underlying *Nilon v. NIC* Action – where the underlying allegations accused NIC of violating the California Consumer Legal Remedies Act (the "CLRA") by making its (still) unsupported claims concerning the purported health benefits of colloidal silver. The Tentative Order describes (on p. 13) citations by NIC to "numerous points that the <u>Nilon</u>

2

SUPPLEMENTAL BRIEF

court relied on specific misrepresentations by Knowles and Reid" in that action – namely, ¶¶ 121, 131, and 448-449.  In fact, ¶¶ 121 and 131 both concern only a single act by the court in *Nilon v. NIC*, namely, the decision on August 22, 2014 to allow Mr. Sandoval's substitution for Mr. Nilon as the class representative, which (as alleged in ¶ 121) supposedly "… allowed the Underlying Action to continue for another nine months, which increased litigation costs for NIC …."  But the Fourth Amended Complaint simply alleges no facts plausibly suggesting that the court would have dismissed the *Nilon v. NIC* Action at the time of that decision on August 22, 2014 – thereby saving NIC its future attorney's fees in the case – *not even if* the substitution motion had been denied. *See* Motion at pp. 8-9; Reply at pp. 9-10.  Consequently (and obviously), NIC's attorney's fees after August 22, 2014 were not caused by the court's decision to grant the substitution.  So, there is simply no "but-for" causation connecting those subsequent fees with the alleged misrepresentations that led to the court's decision on substitution.[1]  And on top of all this, any such non-existent damages would also fail to support "proximate cause as well," which RICO also requires.  *See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9, 130 S. Ct. 983, 175 L. Ed. 2d 943 (2010) (quoting *Holmes v. SIPC*, 503 U.S. 258, 268, 112 S. Ct. 1311, 117 L. Ed. 2d 532 (1992)).  This is so, because a preclusive ruling establishes that "[a] review of the entire record demonstrates that this case has been prolonged due to the actions of *both* Defendant's counsel and Plaintiff's counsel." *See* Order Denying Defendant's Motion for Sanctions (Dkt. No. 1058-8) at 10 (emphasis in original).  Under the controlling common-law principles, contributory negligence precludes NIC establishing proximate cause.  *See* Motion at pp. 9-11; Reply at pp. 3, 11.

The Tentative Order would mistakenly overlook all of these defects in the allegations in ¶¶ 121 and 131 of causal injury flowing from the substitution decision of

---

[1] Essentially the same point also applies to the decisions on September 30, 2013 (allowing leave to amend the complaint) and on April 15, 2014 (certifying the class).  *See* Fourth Am. Compl., ¶¶ 81 & 86.  As shown in the Motion (at pp. 7-8), judicially-noticeable materials demonstrate conclusively that the court made those decisions *not* relying upon the alleged misrepresentations that NIC complains of.

3

SUPPLEMENTAL BRIEF

August 22, 2014.  Furthermore – and contrary to the citation by NIC and the recitation on p. 13 of the Tentative Order – the allegations of causation in ¶¶ 448 and 449 are also insufficient.  Paragraph 448 merely alleges, in conclusory fashion, that "NIC relied to its detriment on the representations made by the NTG Defendants, Nilon, and Sandoval." *But see In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F. Supp. 2d 880, 915-16 (C.D. Cal. 2012) (holding a similar RICO allegation insufficient to withstand a motion to dismiss; cited in the Tentative Order at pp. 12-13).  Paragraph 449 purports to elaborate, by alleging that:

> Plaintiff NIC reasonably relied on NTG—licensed attorneys—to obey and properly assert statutes, court orders, court rules, rules of evidence, written agreements, representations to the court by officers of the court, ethical rules, and representations made under oath to the court by NTG's attorneys, agents, and clients.  *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 359 (9th Cir. 2005).

This verbiage simply contains no plausible allegation of any actual reliance by NIC, as required to show "but-for" causation of any injury.  *See Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharms. Co. Ltd.*, 943 F.3d 1243, 1259 (9th Cir. 2019).  Nothing in the *Living Designs* opinion suggests anything to undermine *Painters*. (Indeed, the citation in ¶ 449 to *Living Designs* is entirely irrelevant and extraneous.) Despite the ¶¶ 448-449 verbiage, NIC had its own counsel in the case, and NIC relied solely upon them, not upon Newport Trial Group (or "NTG").  Nobody actually relied upon the NTG demand letter of December 27, 2011, since NIC does not allege that it acceded to any of the letter's demands.  *See* Fourth Am. Compl., ¶¶ 58-62.  Nobody actually relied upon the allegations of the *Nilon v. NIC* complaint filed by NTG in state court on March 2, 2012.  *See id.*, ¶¶ 63-74.  Instead, NIC's counsel filed an answer that flatly denied the allegations.  *See* Dkt. No. 1058-1.  Nobody actually relied upon Nilon's excuses for missing his deposition dates in May 2013, February 2014 or May 2014 – since there is no allegation that NIC or its counsel even believed those excuses to be

4

SUPPLEMENTAL BRIEF

true.  *See* Fourth Am. Compl., ¶¶ 88-100.  And apart from those particular instances, NIC does not plead any other misrepresentations that it could have relied upon.  Rule 9(b) requires pleading all such misrepresentations with particularity.

*     *     *

The RICO claims against Knowles and Reid in Counts Two and Three of the Fourth Amended Complaint (Dkt. No. 1007) should be dismissed with prejudice and without leave to amend, pursuant to Rules 8(a), 9(b) and 12(c).


DATED: November 19, 2020                    TAULER SMITH LLP

                                    By:    /s/ *Robert Tauler*
                                           Robert Tauler
                                           Attorneys for Defendants
                                           Victoria C. Knowles and David Reid

SUPPLEMENTAL BRIEF

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2020, copies of the foregoing document were served by the Court's CM/ECF system to all counsel of record in this action.

DATED: November 19, 2020                    TAULER SMITH LLP

                                 By:   /s/ *Robert Tauler*
                                       Robert Tauler
                                       Attorneys for Defendants
                                       Victoria C. Knowles and David Reid