Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr., Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | Case No. 8:15-cv-02034-JVS (JCG) <br><br> **PLAINTIFF NIC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS REID AND KNOWLES MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> **FILED PURSUANT TO COURT ORDER AT DOCKET 1072** <br><br> Judge:　　　　Hon. James V. Selna <br> Special Master:　Hon. Andrew Guilford (Ret.) |

Plaintiff Natural-Immunogenics Corp. ("NIC") hereby submits the supplemental brief requested by the Court in Docket No. 1072 concerning Defendants' Motion for Judgment on the Pleadings (Dkt. 1057).

**A. Defendants Have Waived Argument under Rule 9(b)**

Arguments under Rule 9(b) are waived unless made before the defendant files its answer. *Burdick v. Union Sec. Ins. Co.*, No. CV 07-4028 ABC (JCX), 2009 WL 4798873, at *15 (C.D. Cal. Dec. 9, 2009); *Prakash v. Pulsent Corp. Employee Long Term Disability Plan*, No. C-06-7592 SC, 2008 WL 3905445, at *2 (N.D. Cal. Aug. 20, 2008); *Todaro v. Orbit Int'l Travel, Ltd.*, 755 F. Supp. 1229, 1234 (S.D.N.Y. 1991); *In re Universal Factoring Co., Inc.*, 279 B.R. 297, 301 (Bankr. N.D. Okla. 2002) ("A defendant's failure to raise its Rule 9(b) argument with or before its answer operates as a waiver of that argument."). "The purpose of Rule 9(b) is to assure that defendants are apprised of the allegations against them in sufficient detail to frame an adequate responsive pleading." *Prakash*, No. C-06-7592 SC, 2008 WL 3905445, at *2 (citing *Todaro*, 755 F. Supp. at 1234). Once a defendant has answered and extensively litigated the claim, any argument that it was not given sufficient notice to adequately defend or answer the claim is unwarranted and waived. *Id*.

Here, the Court already found in its tentative order that NIC's injury and its alleged cause of injury have been the same in each of its four iterations of the complaint. *See* Tentative at 2. NIC's allegations on those issues certainly have not changed since NIC filed a Second Amended Complaint (Dkt. 92) in 2016. NIC's recent amendment did not materially alter allegations regarding the *Nilon v. NIC* matter (the matter from which NIC's injury springs). *See generally* Dkt. 1007. NIC also filed a RICO case statement which described allegations surrounding proximate causation. Dkt. 201 at 34. Discovery has proceeded for years without Defendants uttering a word that they needed more specificity to prepare a defense. Defendants already answered each of NIC's Complaints (including NIC's Fourth

Amended Complaint) without raising a Rule 9(b) affirmative defense or filing a motion to dismiss on 9(b) grounds regarding causation.  Dkt. 1016 at 74-76. Discovery is in the final phase and the parties are nearing the final pretrial phases. There is simply no justification for Defendants' quite untimely Rule 9(b) argument and, under the precedent, Defendants have waived that argument.[1]

## B. Rule 9(b) Does not Apply to RICO Elements of Causation or Proximate Causation

Defendants argue that NIC has not pled proximate causation vis-à-vis "reliance" with sufficient particularity to satisfy Rule 9(b).  That argument rests on an erroneous assumption of law:  that Rule 9(b) applies to the elements of causation or proximate causation.  It does not.

The Ninth Circuit has held that the only elements of a RICO claim subject to Rule 9(b) are the facts of the specific fraud underpinning predicate acts based on fraudulent conduct.  *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007) (In a RICO case, "the only aspects of wire fraud that require particularized allegations are the factual circumstances of the fraud itself."); *see also Qureshi v. Countrywide Home Loans, Inc.*, No. C09-4198, 2010 WL 841669, at *10 (N.D. Cal. Mar. 10, 2010) ("The heightened pleading standards of Rule 9(b) apply to fraud elements of RICO claim."); *Salvador v. PNC Bank, N.A.*, No. C 14-2219, 2014 WL 12709677, at *1 (N.D. Cal. July 11, 2014) (same).  Causation and proximate causation are general RICO elements to which Rule 9(b)'s requirements do not apply:

> To state a claim for violation of section 1962(c), the plaintiff must allege that the defendant engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) **causing injury to plaintiff's business or property.**"

---

[1] Although the Court found that Defendants had not waived the right to advance a Rule 12(c) Motion, the issue of whether they have waived argument under Rule 9(b) is distinct and subject to a different legal evaluation.  The Court should find Defendants' have waived the right to make an argument about insufficient notice at this late stage.

*See* Dkt. 157 at 6 (quoting *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005)) (emphasis added).  The elements for wire fraud and mail fraud predicate acts—which are the only aspects subject to Rule 9(b)— are sub-elements that may establish the "pattern of racketeering activity" through the existence of sufficient predicate acts.  *Id.* at 7 (citing *Sedima, S.P.R.L v. Imrex Co, Inc.*, 473 U.S. 479, 495 (1985)).  The predicate acts of wire fraud and mail fraud do not include elements for reliance, causation, or proximate causation.  *Id.* at 12-14 (listing the three elements of wire fraud and mail fraud and rejecting Defendants' argument that reliance is required).

Courts in other jurisdictions have similarly rejected the notion that Rule 9(b) applies to the general RICO elements.  *See e.g., Menzies v. Seyfarth Shaw LLP*, 197 F. Supp. 3d 1076, 1083 (N.D. Ill. 2016) (applying Rule 8 standard to all non-fraud elements of RICO claim and only applying 9(b) to the mail and wire fraud predicates themselves); *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 476 (D. Md. 2009).

In recognition of Rule 9(b)'s limitation to fraud elements only, this Court earlier did not apply Rule 9(b) to general RICO elements and instead properly focused only on Rule 9(b)'s application to the specific elements of wire fraud, mail fraud, and extortion.  *See* Dkt. 157 at 12-16.  Thus, it is already the law of this case that Rule 9(b) has no application to the general RICO elements of proximate causation and causation.

Finally, as this Court correctly found in its tentative order, reliance is *not an element of NIC's RICO claim.  See* Tentative at 11.  There is no precedent suggesting that a party must allege facts sufficient to meet Rule 9(b)'s particularity requirement as to that which is not a RICO element.  Such a rule would make no sense.

Thus, Defendants' references to Rule 9(b) are simply a red herring.  Rule 9(b) does not apply to the issues raised by Defendants.

## C. *Rouse v. US Dep't of State* Does Not Impact the Court's Tentative Order

The Court invited the parties to brief whether *Rouse v. United States Dep't of State*, 567 F.3d 408 (9th Cir. 2009) has an impact on the Court's tentative order. The decision does not impact the Court's tentative order.

In *Rouse*, the Ninth Circuit held that a plaintiff's allegation of proximate causation was speculative because that plaintiff alleged a chain of events that was too far removed from the defendants' conduct. 567 F.3d at 417-18. In that case, a number of intervening causes occurred within that chain of events which rendered the proximate causation too speculative. *Id*.

Here, there is no speculation about NIC's or the Court's reliance, and there was no intervening actor. NTG, through its attorneys (including Reid and Knowles) filed false legal claims that made knowingly false allegations. Dkt. 1007 at ¶¶ 63-86. NIC moved to dismiss those claims twice and ultimately lost because the Court was legally required to assume the truth of every allegation in Defendants' complaint. *See Nilon v. NIC*, Case No. 3:12-0930 (S.D. Cal. 2012), Dkt. Nos. 9 (discussing and assuming the truth of, Nilon's allegations regarding his alleged purchase of Sovereign Silver) and 41 (discussing in detail, and assuming the truth of, Nilon's allegations regarding his product experience). Rule 12(b)(6) requires a court and defendant to rely on factual averments in the complaint. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). That legal standard presumes the truth of every material allegation. *Id*. NIC has alleged that these misrepresentations and omissions were material and made by Knowles and Reid. Dkt. 1007 at ¶¶ 67-68, 73, 81, 85, 86, 87. Thus, there is no speculation regarding whether NIC and the Court relied on NTG's representations and omissions because reliance was required as a matter of law and the misrepresentations and omissions were directly presented to NIC and the court. *Cahill*, 80 F.3d at 337–38; *see also Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) (Reliance on an omission is presumed where the omission is material). There is also no intervening act or actor involved in this instance.

Defendants made the specific representations to the Court and NIC directly.  NIC was directly affected and influence by those misrepresentations, which governed how NIC was able to defend itself against NTG's fraudulent lawsuit.  *Rouse* is simply inapplicable to the facts here.

### D. NIC's Allegations Satisfy Rule 9(b) but Even if the Court Disagrees, Leave to Amend Should Be Granted

NIC has already alleged that both NIC and the court relied on Defendants' misrepresentations and omissions.  NIC made those allegations with specificity. *See* Dkt. 1007 at ¶¶ 67, 68, 81, 86, 87, 448, 449.  To the extent the Court now, for the first time, were to rule that NIC's "reliance" allegations were not specific enough, the appropriate remedy is to permit amendment.  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir.2003) ("dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice," and " '[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect.'").  The Court earlier ruled that NIC satisfied Rule 9(b) (*see* Dkt. 157) and thus, this would be the first opportunity NIC has been given to amend based on an alleged failure to plead with particularity.  NIC can easily allege specific instances of reliance as to a number of predicate acts in the *Nilon v. NIC* matter.  Here, both the Southern District and NIC withheld certain actions or proceeded differently because they lacked knowledge of the true facts, to wit, that NTG was using hired plaintiffs to pursue sham claims in the absence of legitimate consumer injuries.  It seems obvious that NTG's *Nilon* lawsuit filed against NIC in 2012 would not have proceeded very far had NTG been candid with the Court regarding its litigation racket.  That lawsuit would have quickly ended had NTG disclosed that its manufactured claims were in direct violation of California law.

DATED:  November 19, 2020

Respectfully submitted,

EMORD & ASSOCIATES, PC.


By:     /s/ Peter A. Arhangelsky

Peter A. Arhangelsky, Esq. (SBN 291325)
Joshua S. Furman, Esq. (pro hac vice)
*Attorney for Plaintiff Natural Immunogenics Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2020, the foregoing, **PLAINTIFF NIC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS REID AND KNOWLES MOTION FOR JUDGMENT ON THE PLEADINGS** was electronically filed via email to the Special Master and sent via email to the following:

Brendan M. Ford, Esq.
bford@FordDiulio, PC
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
Attorney for Andrew Nilon, Giovanni Sandoval,
Sam Schoonover, Matthew Dronkers, Taylor Demulder, and Sam Pfleg,

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
Attorney for Newport Trial Group and Scott Ferrell

Nicole Whyte
nwhyte@bremerwhyte.com
Benjamin Price
bprice@bremerwhyte.com
Kyle A. Riddles
kriddles@bremerwhyte.com
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
Attorneys for Ryan Ferrell, Victoria Knowles, David Reid, and Andrew Baslow

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert Tauler, Esq.
rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Tel: (310) 590-3927
Attorney for David Reid and Victoria Knowles

                    */s/ Peter A. Arhangelsky*
                    Peter A. Arhangelsky, Esq.