UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx                     Date  Nov. 23, 2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl/Rolls Royce Paschal | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Defendants Knowles and Reid's Motion for Partial Judgment on the Pleadings**

Defendants Victoria C. Knowles ("Knowles") and David Reid ("Reid") moved for partial judgment on the pleadings against Plaintiff Natural-Immunogenics Corporation's ("NIC") Racketeer Influenced and Corrupt Organizations Act ("RICO") and California Unfair Competition Law ("UCL") claims against them. Dkt. No. 1057. NIC opposed the motion. Dkt. No. 1059.

Both Knowles and Reid and NIC filed requests for judicial notices attached to their briefing materials. Dkt. Nos. 1058 and 1060.

Reid and Knowles requested a hearing claiming that the Court's analysis did not discuss Federal Rule of Civil Procedure 9(b). Dkt. No. 1070. The Court requested each party to file briefing on the issue. Dkt. No. 1071. Knowles and Reid and NIC both timely filed. Dkt. Nos. 1076 and 1077. As discussed below, the Court finds that no oral hearing is necessary.

For the following reasons, the Court **GRANTS** in part and **DENIES** in part the motion. The Court **GRANTS** Knowles and Reid's request for judgment as a matter of law on NIC's California UCL claim, but **DENIES** their request for the same on NIC's RICO claim. The Court also **GRANTS** both requests for judicial notice.

**I. BACKGROUND**

The background is well known to both parties. This case concerns litigation between NIC and NTG, its attorneys, and its clients. In March 2012, NTG brought a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx                    Date  Nov. 23, 2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

false advertising lawsuit against NIC, Nilon v. Natural-Immunogenics Corp., Case No. 3:12-cv-00930-LAB-BGS (S.D. Cal. 2012).  (Second Amended Complaint ("SAC"), Docket No. 92 ¶ 13.)  NIC alleges that this lawsuit was fabricated and fraudulent, and part of a larger scheme whereby NTG would routinely bring fabricated class action lawsuits against corporate defendants for the purpose of extorting settlements.  Id.  Specifically, NIC alleges that the NTG Defendants perpetrated two litigation schemes: (1) the false-advertising scheme and (2) the wiretapping scheme.[1]

  NIC originally filed this action on December 7, 2015, alleging RICO injuries in the form of attorneys' fees and costs incurred in defending against NTG's claims in Nilon.  Dkt. No. 1.  On February 22, 2016, all defendants moved to dismiss the First Amended Complaint.  Dkt. Nos. 42 and 43.  NIC filed a Second Amended Complaint on May 10, 2016.  Dkt. No. 92.  NIC then was granted leave to file a Third Amended Complaint after the original deadline to amend the pleadings passed, which it did on March 24, 2020.  Dkt. No. 910.  All Defendants then moved to dismiss the third amended complaint.  Dkt. Nos. 913, 917.  The operative complaint, the fourth amended complaint, was then filed. Dkt. 1007.

  Each iteration of NIC's complaint has alleged the same injury.  See Dkt. No. 30 at ¶¶ 476–82; see also Dkt. No. 92 at ¶¶ 146–47, 332, 351, 387–91; Dkt. No. 911 at ¶¶ 14, 121, 165–66, 411, 447–51; Dkt. No. 1007 at ¶¶ 14, 121, 165–66, 411, 447–51.

## II. Legal Standard

  Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A

---

[1] NIC's SAC identifies four lawsuits filed in connection with the false advertising scheme: (1) Nilon v. Natural-Immunogenics Corp., Case No. 3:12-cv-00930-LAB-BGS; (2) Pfleg v. Nature's Way Products, Inc., Case No. 37-2012-0051979-CU-MT-NC (San Diego Cty. Sup. Ct. 2012); (3) Dronkers v. Kiss My Face, LLC, Case No. 3:12-01151-JAH (S.D. Cal. 2012); and (4) Morales v. Magna, Inc., Case No. 3:10-cv-01601-EDL (N.D. Cal. 2010).  (Id. ¶¶ 49–147, 175–221, 265–281.)   NIC's SAC also identifies four lawsuits filed in connection with the wiretapping scheme: (1) Nilon v. Chromadex, Inc., Case No. 56-2013-00436790-CU-MT-VTA (Ventura Cty. Sup. Ct. 2013); (2) Demulder v. Carter-Reed Co., LLC, Case No. 3:12-cv-0333-BTM (S.D. Cal. 2012); (3) Schoonover v. Himalaya Drug Co., Case No. 12-cv-1782 (S.D. Cal. 2012); and (4) Torres v. Nutrisystem, Case No. 8:12-cv-01854-CJC-JPR (C.D. Cal. 2012).  (Id. ¶¶ 148–174, 222–264, 282–317.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:15-cv-02034-JVS-JCGx          Date  Nov. 23, 2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

court should grant a motion for judgment on the pleadings if, "taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." McSherry v. City of Long Beach, 423 F.3d 1015, 1021 (9th Cir. 2005).

For purposes of a Rule 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989) (citing Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)); Austud v. United States, 386 F.2d 147, 149 (9th Cir. 1967). Judgment on the pleadings is proper when the moving party "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, 896 F.2d at 1550; Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 978–79 (9th Cir. 1999). Thus, the defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery. Cf. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) (affirming the grant of a defendant's Rule 12(c) motion where the complaint raised only an issue of law, not fact). Likewise, the plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense, which, if proved, would defeat the plaintiff's recovery. Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

The same standard as a Rule 12(b)(6) motion governs a Rule 12(c) motion. Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012); United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

In resolving a 12(b)(6) motion, a court uses a two-pronged approach. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nor must a court "accept as true a legal conclusion couched as a factual allegation." Id. at 678–80 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx                    Date  Nov. 23, 2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

### III.  DISCUSSION

**A.    Parties Request for Judicial Notice**

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b).

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002).

There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688.  First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b).  Second, the Court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Monynihan, 508 F.3d 1212, 1225 (9th Cir.  2007) (internal citations and quotation marks omitted).

Knowles and Reid request that the Court take judicial notice of the following documents:
- Defendant Natural-Immunogenics Corp.'s Answer to Class Action complaint, filed in Andrew Nilon v. Natural-Immunogenics Corp. (USDC Southern District of California, Case No.: 3:12-cv-00930) (herein, Nilon) on July 26, 2012.
- Order Denying Motion for Class Certification Without Prejudice, filed in Nilon on September 30, 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx         Date  Nov. 23, 2020

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al

- Order on NIC's Motion to Dismiss and Nilon's Motion for Class Certification, filed in Nilon on April 15, 2014.
- Order Granting in Part and Denying in Part Defendant's Motion to Compel, filed in Nilon on July 31, 2014.
- Order on Plaintiff's Motion to Substitute Class Representative, filed in Nilon on August 22, 2014.
- Notice of Hearing and Defendant's Motion for Rule 11 and Other Monetary Sanctions, filed in Nilon on June 24, 2015.
- Memorandum of Points and Authorities in Support of Defendant's Motion for Rule 11 and Other Monetary Sanctions, filed in Nilon on June 24, 2015.
- Order Denying Defendant's Motion for Sanctions, filed in Nilon on October 28, 2015.

Dkt. No. 1058 at 1-2.

NIC requests that the Court take judicial notice of the following documents
- Appellants' Opening Brief filed on May 31, 2007, in Thomas v. Baca, Case No. 07-55489 (9th Cir. 2007) ("Thomas").
- Appellees' Answering Brief, filed in Thomas on August 6, 2007
- Appellants' Reply Brief, filed in Thomas on October 12, 2007

Dkt. No. 1060 at 2.

The Court takes judicial notice of the documents in the Request for Judicial Notices ("RJN") pursuant to Fed. R. Evid. 201. All of the documents in the RJNs contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**B.    Whether the Motion is Untimely**

In its Opposition, NIC argues that Knowles and Reid have filed an untimely motion. Dkt. No. 1059 at 3. Citing to a series of cases, they argue that the motion was not made early enough not to delay trial, that there is no justification for delay, and that the arguments raised in their motion have been argued before. Id. at 3-5 (citing Sec. & Exch. Comm'n v. Hemp, Inc., No. 2:16-CV-01413, 2018 WL 1220566, at *2 (D. Nev. Mar. 8, 2018); Northrop Grumman Corp. v. Factory Mut. Ins. Co., No. 05-CV-08444, 2006 WL 8422003, at *1 (C.D. Cal. Aug. 9, 2006); Sweden v. Melius, No. CV1404492, 2015 WL 7573622, at *7 (C.D. Cal. Nov. 25, 2015); Slaight v. Tata Consultancy Servs.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:15-cv-02034-JVS-JCGx | Date | Nov. 23, 2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

Ltd., No. 15-CV-01696, 2018 WL 3820598, at *3 (N.D. Cal. Aug. 10, 2018); Jones v. Town of Quartzsite, No. CV-12-2629, 2014 WL 12617038, at *2 (D. Ariz. Feb. 24, 2014)).

In their Reply, Knowles and Reid argue that their motion is timely. Reply at 13, Dkt. No. 1063. They argue that there is no possibility that their motion could delay trial because NIC does not request leave to amend its Complaint as a result of their motion. Id. at 13. Thus, Knowles and Reid conclude that the Opposition is mistaken in contending that the motion is untimely merely because it was filed fourth months before the scheduled pretrial conference. Id.

NIC filed its Fourth Amended Complaint on June 18, 2020. Dkt. No. 1007. Defendants answered the Complaint in early July, 2020. Dkt. Nos. 1016, 1017, and 1020.

The Court cannot conclude that the motion is untimely, especially given the counterclaims, amended counterclaims, and amended complaints that have been filed over the almost five years that have passed since the original complaint.

**B.    Judgment as a Matter of Law on NIC's RICO Claims**

In its motion, Knowles and Reid argue that they are entitled to judgment as a matter of law as to NIC's RICO claims because NIC's damages are non-recoverable attorney's fees, NIC's own allegations negate any possibility of a RICO injury resulting from the predicate offenses, and finally, that the RICO statute does not authorize private equitable relief. Dkt. No. 1057 at 3-11. The Court considers each of these arguments individually.

*I.    Applicability of Attorney's Fees in RICO Suits*

Knowles and Reid argue that NIC cannot allege that they caused any injury to it because the Ninth Circuit does not recognize the incurment of legal fees as an injury cognizable under RICO. Id. at 4-5 (citing Thomas v. Baca, 308 Fed. App'x 87 (9th Cir. 2009). They argue that though the Court earlier considered the applicability of Thomas, noting that it did not foreclose the possibility of recovery of attorney's fees as RICO damages, see Dkt. No. 88-1 at 18-19, "[t]oday though, the weight of persuasive authority

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx          Date  Nov. 23, 2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

in this District and elsewhere holds that indeed, legal fees are *not* an injury cognizable under RICO." Id. at 5 (citing Herzer v. Redstone, No. 17-CV-7545 PSG (KSX), 2018 WL 5094933 (C.D. Cal. July 10, 2018)).

NIC claims that attorney's fees incurred in defending sham lawsuits are cognizable injuries under RICO. Dkt. No. 1059 at 6.

First, NIC claims that because the Court has previously held that legal fees represent a cognizable injury, that is the law of the case and should govern here, and that Knowles and Reid have failed to demonstrate a basis to depart from the law of the case. Id. at 6-7 (citing Dkt. No. 88-1 at 18-19).

Second, because NIC's attorney's fees were in response to a demand letter which "threatened and pursued sham claims advanced through false representations and material omissions of fact," NIC contends that these fees constitute an injury directly connected to NTG's racketeering activity. Id. at 8 (citing In re Outlaw Lab., LP Litig., No. 18-cv-840, 2020 WL 1953585, at *8 (S.D. Cal. Apr. 23, 2020), recons. denied, No. 18-CV-840, 2020 WL 3469387 (S.D. Cal. June 25, 2020); Canyon Cty. v. Syngenta Seeds, Inc., 519 F.3d 969, 975 (9th Cir. 2008); Burger v. Kuimelis, 325 F. Supp. 2d 1026, 1035 (N.D. Cal. 2004); Harmoni Int'l Spice, Inc. v. Wenxuan Bai, No. CV1600614, 2016 WL 9275400, at *1 (C.D. Cal. Nov. 14, 2016), rev'd and remanded sub nom. Harmoni Int'l Spice, Inc. v. Hume, 914 F.3d 648 (9th Cir. 2019)). NIC also analogizes the instant case to In re Outlaw Lab., in which defendants allegedly operated a RICO scheme similar to the one here involving sham demand letters and threats of litigation and where defendants brought similar counterclaims. In re Outlaw Lab., 2020 WL 1953585, at *9-10.

Third, NIC argues that "the precedent draws a clear distinction between fees incurred in *prosecuting* a RICO claim in contrast with fees incurred in *defending* the prior under litigation," and that the defense of those suits is cognizable, but the prosecution of them is not. Id. (citing In re Outlaw Lab., 2020 WL 1953584, at *9; Lauter, v. Anoufrieva, 642 F. Supp.2d 1060, 1084-85 (C.D. Cal. 2009); Burger, 325 F. Supp. 2d 1026, 1035 (N.D. Cal. 2004).

In their Reply, Knowles and Reid assert that reconsideration of the Court's prior holding that attorneys' fees are recoverable under RICO (see Dkt. No. 88-1 at 18) is warranted, again reminding the Court of the developments in case law across the District

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:15-cv-02034-JVS-JCGx     Date Nov. 23, 2020

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al

and Circuit. Reply at 4, Dkt. No. 1063. They also argue that the distinction discussed by NIC – i.e., between recoverable attorneys' fees and non-recoverable ones depending on the posture of the litigation, is inapposite, noting that there is no such distinction, but rather a disagreement across Courts. Id. They contend that the cases cited by NIC are irrelevant given that Knowles and Reid did not force NIC to incur any expenses – "not legal fees, nor anything else." Id. at 5. Accordingly, Knowles and Reid also attempt to distinguish In re Outlaw Lab., arguing that the fact that NIC "paid no settlement makes this RICO case different from" it. Id. at 6.

Because Knowles and Reid identify a number of cases where courts refused to find incurring legal fees as an injury under RICO, the Court rejects NIC's argument regarding the law of the case doctrine as it applies here, and instead analyzes the current legal framework. Nonetheless, the Court agrees with NIC that attorneys' fees are recoverable in RICO claims.

First, while "[w]hether incurring legal fees constitutes an injury to a plaintiff's 'business or property' is a question as yet unanswered by the Ninth Circuit," the Court is hesitant to award too much weight to cases that have declined to recognize attorneys' fees as cognizable injuries under RICO. See Dunmore v. Dunmore, No. 2:11-CV-2867-MCE, 2013 WL 5569979, at *6 (E.D. Cal. Oct. 9, 2013), report and recommendation adopted, No. 2:11-CV-2867-MCE, 2014 WL 466257 (E.D. Cal. Feb. 5, 2014).

As the Court expressed in its earlier Order regarding Baca, "the Court declines to read too much into the Ninth Circuit's unpublished opinion declining to recognize legal fees as a cognizable RICO injury, because it also did not affirmatively foreclose that possibility." Dkt. No. 81 at 18. Whereas other courts have relied on Baca despite its lack of precedential value as an unpublished memorandum opinion, the Court declines to do so here. Cf., Ogden v. Wells Fargo Bank, N.A., No. CV 14–3579 DMG (SH), 2015 WL 13413390, at *2 (C.D. Cal Feb. 20, 2015).

Moreover, other Ninth Circuit cases declining to recognize attorneys' fees as a cognizable injury under RICO are easily distinguishable. For example, Holloway v. Clakamas River Water, the court found that legal fees are not injuries under RICO in light of Baca and because the plaintiff did not "establish that racketeering activity was the proximate cause of her injury." Holloway v. Clackamas River Water, No. 3:13-CV-01787-AC, 2014 WL 6998069, at *9 (D. Or. Sept. 9, 2014), report and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:15-cv-02034-JVS-JCGx | Date | Nov. 23, 2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

recommendation adopted, No. 3:13-CV-01787-AC, 2014 WL 6998084 (D. Or. Dec. 9, 2014).

     Second, the Court is persuaded by In re Outlaw Lab.'s discussion of Bankers Trust and Handeen as they relate to the instant question. In re Outlaw Lab., 2020 WL 1953584, at *9 (discussing Bankers Trust, 859 F.2d at 1099, 1105 and Handeen, 112 F.3d at 1354 (8th Cir. 1997)).

> In Bankers Trust, the Second Circuit held that plaintiff's past legal fees could confer standing as to a RICO violation because those fees were incurred in fighting "frivolous lawsuits" initiated by the defendants, i.e., the very wrongful conduct that comprised the RICO claim. See Bankers Tr. Co. v. Rhoades ("Bankers Trust"), 859 F.2d 1096, 1099, 1105 (2d Cir. 1988); accord Stochastic Decisions, Inc. v. DiDomenico, 995 F.2d 1158, 1167 (2d Cir. 1993) ("legal fees may constitute RICO damages when they are proximately caused by a RICO violation"). As Bankers Trust observed, the RICO statute "contains no special limitation on standing; all that is required is that plaintiff suffer injury in fact ... [i.e.,] that the plaintiff be 'injured in his business or property by the conduct constituting the violation,' ... and that the injury be caused by defendants' RICO violation." Bankers Trust, 859 F.2d at 1100 (quoting Sedima v. Imrex Co., 473 U.S. 479, 495 (1985)). Likewise, in Handeen, the Eighth Circuit determined that "attorneys' fees [ ] incurred in objecting to the [the scheme's] supposedly fraudulent claims" were concrete injuries within the meaning of RICO. Handeen v. Lemaire, 112 F.3d 1339, 1354 (8th Cir. 1997). The Handeen court relied on the fact that those fees were "proximately caused by a predicate act of racketeering." Id.

In re Outlaw Lab., 2020 WL 1953584, at *9.

     Much like in Handeen and In re Outlaw Lab., the attorneys' fees were incurred in the process of responding to and litigating the underlying Nilon suit. See Dkt. No. 1007 at ¶¶ 55-159. These fees are not a result of prosecuting a RICO claim, but rather, were incurred as a "result of a predicate act of racketeering," in this case, NTG's fraudulent conduct of allegedly recruiting individuals to commence lawsuits against NIC. In re Outlaw Lab., 2020 WL 1953584, at *9, Dkt. No. 1059 at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:15-cv-02034-JVS-JCGx                              Date    Nov. 23, 2020

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al

Therefore, considering the instant facts giving rise to NIC's claims against Knowles and Reid and the lack of guidance from other courts,[2] the Court finds that attorneys' fees of this sort constitute a cognizable injury under RICO.

*ii.    Whether NIC's Allegations Negate the Possibility of a RICO Injury*

The Court next assesses whether NIC sufficiently pleaded a RICO claim against Knowles and Reid.

Knowles and Reid advance two arguments: first that it was NIC's own lack of diligence that caused its harm, and second, that NIC's claim fails as a matter of law. Dkt. No. 1057 at 6. Knowles and Reid also contend that NIC cannot plead proximate causation as a matter of law "without alleging facts sufficient to show that 'someone' – though, not necessarily the plaintiff itself – actually 'relied on the defendant's misrepresentations." Id. (citing Bridge v. Phoenix Bond & Indemn. Co., 552 U.S. 639, 658 (2008). Because "[n]obody actually relied upon the demand letter," demonstrated by NIC filing an answer that denied the allegations in the underlying Nilon suit, NIC cannot establish that their injuries were proximately caused by Knowles and Reid's actions. Id. (citing Dkt. No. 1007 at ¶¶ 63-74).

In response, NIC argues that reliance is not an element of a RICO claim and therefore it was not required to plead it in its fourth amended complaint. Dkt. No. 1059 at 15-16. NIC further contends that if it is an element of a RICO claim, that its Complaint contains allegations of reliance. Id.

---

[2]Some courts interpreting RICO's statutory language have found attorneys' fees and legal expenses not to constitute an injury sufficient to confer standing under RICO. See Evans v. City of Chicago, 434 F.3d 916, 931–32 (7th Cir.2006); overruled on other grounds by Hill v. Tangherlini, 724 F.3d 965 (7th Cir.2013); Engel v. Buchan, 778 F. Supp. 2d 846, 845 (N.D. Ill.2011); Kelley v. Watts, 2007 WL 3232080, at *2, 3 (E.D.Ark.2007); Kashelkar v. Rubin & Rothman, 97 F. Supp. 2d 383, 391 (S.D.N.Y.2000); Hotel, Motel, Restaurant & Hi–Rise Employees & Bartenders v. Pier 66 Co., 599 F.Supp. 761, 765 (S.D. Fla.1984). Other courts have found the opposite. See Handeen v. Lemaire, 112 F.3d 1339, 1354 (8th Cir. 1997); Kilper v. City of Arnold, Mo., 2009 WL 2208404, at *12 (E.D. Mo.2009); Walter v. Palisades Collection, LLC, 480 F.Supp.2d 797 (E.D. Pa. 2007); Burger, 325 F.Supp.2d at 1035; Lauter, 642 F.Supp.2d at 1085 n. 33 (citing Burger, 325 F.Supp.2d at 1035, and Handeen, 112 F.3d at 1354).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx                Date  Nov. 23, 2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

NIC argues that it is the law of the case that reliance is not an element of a RICO claim. Id. at 15-16 (citing Dkt. No. 157 at 13-14). Citing to Bridge, 553 U.S. at 659, NIC claims that "evidence of reliance – while potentially relevant to establishing proximate causation at trial – is not a required element of a RICO claim and therefore does not permit judgment on the pleadings for its (alleged) absence from the Complaint." Id. at 16. According to NIC, other courts have "uniformly agreed that reliance is not an element of a RICO claim." Id. at 17 (citing In re Neurontin Mktg. & Sales Practices Litig., 712 F.3d 21, 37 (1st Cir. 2013); In re Avandia Mktg., Sales Practices & Prod. Liab. Litig., 804 F.3d 633, 645 (3d Cir. 2015); Biggs v. Eaglewood Mortg., LLC, 353 F. App'x 864, 866 (4th Cir. 2009) (unpublished); St. Germain v. Howard, 556 F.3d 261, 263 (5th Cir. 2009). NIC claims that because reliance is not an element of a RICO claim, it is not required to plead it in the fourth amended complaint (and that if it is, it did adequately plead it). Id. at 17-18 (citing Johnson v. KB Home, 720 F. Supp. 2d 1109, 1119 (D. Ariz. 2010); Queen's Med. Ctr. V. Kaiser Found. Health Plan, Inc., 948 F. Supp. 2d 1131, 1162 (D. Haw. 2013); Hoffman v. Zenith Ins. Co., No. SACV10355, 2010 WL 11558157, at *4 (C.D. Cal. Aug. 31, 2010).

In their Reply, Knowles and Reid reassert that while reliance may not be an element of a civil RICO claim, causation-in-fact and proximate cause are elements, and therefore, NIC needed to have pled these elements with particularity. Reply at 3. They argue that NIC's Opposition "is mistaken in contending that NIC can avoid the need to plead reasonable reliance (by someone, at least)." Id. at 7. Knowles and Reid then discuss NIC's failure to plead reliance by anyone, noting. Id. The Reply then discusses each paragraph of the fourth amended complaint cited by NIC as part its attempt to demonstrate elements of reliance. Lastly, they assert that when a complaint yields speculation over causation, which they argue is prevalent in NIC's allegations of reliance, dismissal is warranted. Id. at 9 (citing Rouse v. United States Dep't of State, 567 F.3d 408, 417 (9th Cir. 2009).

At the center of the instant dispute is the effect that Bridge has had within the District and Circuit on the necessary elements a party must prove to establish liability under RICO. It is clear to the Court that reliance is not an element to sustain a cause of action under RICO. Bridge, 553 U.S. at 648 ("Nothing on the face of the relevant statutory provisions imposes such a requirement. Using the mail to execute or attempt to execute a scheme to defraud is indictable as mail fraud, and hence a predicate act of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:15-cv-02034-JVS-JCGx   Date Nov. 23, 2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al

racketeering under RICO, even if no one relied on any misrepresentation.").[3]

However, Bridge also established that while a plaintiff need not show "first-party" reliance on a defendant's fraudulent acts to prevail, "none of this is to say that a RICO plaintiff who alleges injury 'by reason of' a pattern of mail fraud can prevail without showing that someone relied on the defendant's misrepresentations." Bridge, 553 U.S. at 658, 659 ("Accordingly, it may well be that a RICO plaintiff alleging injury by reason of a pattern of mail fraud must establish at least third-party reliance in order to prove causation. 'But the fact that proof of reliance is often used to prove an element of the plaintiff's cause of action, such as the element of causation, does not transform reliance itself into an element of the cause of action.'") (citing Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 478 (2006).

Courts within the District have subsequently interpreted Bridge to mean that reliance is a "mile post on the road to causation." Negrete v. Allianz Life Ins. Co. of N. Am., 287 F.R.D. 590, 606 (C.D. Cal. 2012); In re WellPoint, Inc. Out-of-Network UCR Rates Litig., 903 F. Supp. 2d 880, 915 (C.D. Cal. 2012) (citing Negrete, 287 F.R.D. at 606). Therefore, the Court finds that while NIC is not required to plead reliance as an element of its RICO claim, it must, as part of alleging proximate cause, provide evidence that someone relied on Knowles and Reid's misrepresentations.

Knowles and Reid claim that there was also no reliance by the court in the underlying Nilon suit, and that at best, any attempt by NIC to show reliance is mere speculation. Dkt. No. 1057 at 8-10. For example, they argue that when the court in Nilon allowed leave to amend the pleadings in that case, there is no basis to conclude that had he been aware of the misrepresentations, he would have done otherwise. Id. at 7. The other instance – in which the court granted Nilon's request to withdraw and substituted Sandoval as the class representative – is insufficient to establish causation between Knowles or Reid and the injury NIC alleges, even if this instance is a clearer instance of a misrepresentation. Id. at 8. They also claim that NIC's argument that it

---

[3]The Court recognizes that some courts within the District have contemplated the applicability of Bridge versus Anza when considering the predicate acts for a RICO claim. However, because the predicate acts here are mail fraud (18 U.S.C. §§ 1341, 1349), wire fraud (18 U.S.C. §§ 1343, 1349), extortion (18 U.S.C. § 1951), obstruction of justice (18 U.S.C. § 1503, 1512©)), bribery of a witness (18 U.S.C. § 201), and witness tampering (18 U.S.C. § 1512(b)), the Court finds that Bridge applies. .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:15-cv-02034-JVS-JCGx  Date Nov. 23, 2020

Title Natural-Immunogenics Corp. v. Newport Trial Group, et al

relied on NTG's obeying rules, statutes, etc., "is not mail fraud or wire fraud" because those require an affirmative, material misrepresentation. Reply at 8 (citing United States v. Green, 592 F.3d 1057, 1064 (9th Cir. 2010).

In response, NIC argues that it did plead allegations of reliance, even though it was not required to. Dkt. No. 1059 at 19. To support that claim, it cites numerous points that the Nilon court relied on specific misrepresentations by Knowles and Reid. Id. at 18-19 (citing paragraphs 121, 131, and 448-449 of the fourth amended complaint). These include allegations of reliance by the court in Nilon ("NIC relied to its detriment on the representations made by the NTG Defendants, Nilon, and Sandoval") and by NIC itself ("Plaintiff NIC reasonably relied on NTG—licensed attorneys—to obey and properly assert statutes, court orders, court rules, rules of evidence, written agreements, representations to the court by officers of the court, ethical rules, and representations made under oath to the court by NTG's attorneys, agents, and clients."). Dkt. No. 1007 at ¶¶ 448-449.

The Court finds these allegations of reliance and causation sufficient, especially given that a Rule 12(c) motion is analyzed under Rule 12(b), and therefore, that NIC's allegations do not negate the possibility of a RICO injury. Moreover, the Court finds these allegations sufficient under Rule 9(b).

Both parties disputed whether Federal Rule of Civil Procedure 9(b) required that NIC plead its RICO claims with specificity. Dkt. Nos. 1076 and 1077. Rule 9(b) requires that "the circumstances constituting fraud...be stated with particularity." Fed. R. Civ. P. 9(b). But this requirement does not extend to the entire RICO claim – rather, only the predicate acts of mail or wire fraud must be pled under 9(b). See Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (dismissing RICO claims because predicate acts of mail and wire fraud were not plead with specificity required by Rule 9(b)). Therefore, Courts may dismiss RICO claims either under Rules 8(a) or 9(b), depending on which aspect of the allegation fails. Eclectic Props. East, LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014) (affirming dismissal of RICO claim under Federal Rule 8(a) and 9(b) for failure to support a plausible inference that defendants had the required specific intent to defraud).

Ninth Circuit precedent is clearly contrary to Reid and Knowles' assertions that the entire claim must be pled with particularity. Here, NIC alleges in its complaint more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx    Date  Nov. 23, 2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

mere conclusory statements regarding who, how, and why they relied on Knowles, Reid, and NTG's misrepresentations. Cf. In re Wellpoint, 903 F. Supp. 2d at 915 ("With respect to RICO reliance, the CTAC contains only the lone conclusory allegation that "to the extent that a showing of reliance is required, Provider Plaintiffs and the Provider Class reasonably relied on the fraudulent scheme...") (finding that the operative complaint contained only one conclusory allegation of reliance for a RICO conspiracy and was therefore insufficient to withstand a motion to dismiss).

Further, to the extent that these injuries are too speculative, the Court questions Reid and Knowles' reliance on Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303 (9th Cir. 1992). Reed and Knowles cite Imagineering for the proposition that speculation over causation results in non-compensable injuries under RICO. Dkt. No. 1076 at 1. But, in Newcal Indus., Inc. v. Ikon Office Sol., 513 F.3d 1038, 1055 (9th Cir. 2008), the Ninth Circuit recognized that the Imagineering court's decision was predicated on no longer valid law: "In Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005) (en banc), we held that an injury is compensable under RICO if the injury constitutes "harm to a specific business or property interest" and if the alleged business or property interest is cognizable under state law." Newcal, 513 F.3d at 1055. Moreover, the applicable analysis in determining whether the proximate cause analysis is met indicates that NIC's allegations of causation are not too attenuated.[4]

Reid and Knowles' claims that the injuries are too speculative to be proximately caused by their conduct likewise fail. Regarding speculative injuries and proximate cause, the key distinction in Anza, Bridge, and Hemi Group, LLC v. City of New York, 559 U.S. 1 (2010) was whether another party suffered more direct injuries than the plaintiff. Painters & Allied Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd., 943 F.3d 1243, 1250 (9th Cir. 2019), cert. denied, 207 L. Ed. 2d 171 (June 8, 2020), and cert. denied, 207 L. Ed. 2d 171 (June 8, 2020). Given that proximate cause is

---

[4]Three non-exhaustive factors to be considered in determining whether the RICO proximate causation requirement has been met include "(1) whether there are more direct victims of the alleged wrongful conduct who can be counted on to vindicate the law as private attorneys general; (2) whether it will be difficult to ascertain the amount of the plaintiff's damages attributable to defendant's wrongful conduct; and (3) whether the courts will have to adopt complicated rules apportioning damages to obviate the risk of multiple recoveries." Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1148 (9th Cir. 2008) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:15-cv-02034-JVS-JCGx | Date | Nov. 23, 2020 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

"a flexible concept that does not lend itself to a black-letter rule that will dictate the result in every case", Bridge, 553 U.S. at 648, the Court struggles to see how Reid's and Knowles' actions in the underlying Nilon case did not lead to NIC's RICO damages.

For example, regarding the false statements in the underlying Nilon action, the Fourth Amended Complaint alleges the following:
> Judge Burns' August 22, 2014 order relying on false statements of fact allowed the Underlying Action to continue for another nine months, which increased litigation costs for NIC, sapped NIC's resources, and maintained pressure on NIC to settle in furtherance of NTG's scheme to defraud NIC. Based on Judge Burns' August 22, 2014 ruling (which relied on the false Sandoval documents), the matter proceeded into expert discovery, wherein NIC was obligated to incur substantially more legal fees and costs.

Dkt. No. 1007 ¶ 131. Regardless of whether the court would have instead dismissed the case based on the knowledge of Sandoval's misrepresentations, it is clear that the extension of a case with no merit cost NIC significant attorneys' fees. Dismissal of the case itself is not required – prolonging of a case by one day meant that NIC incurred additional legal fees.

In another instance of NIC's alleged reliance, Knowles and Reid believe that in order for NIC to demonstrate some causal link between the alleged scheme and NIC's response, it had to rely on the substantive assertions in the demand letters. Dkt. No. 1076 at 4-5. Because NIC flatly denied the claims in those letters, Knowles and Reid claim that NIC could not have relied on them. Id. But it does not follow that to demonstrate causation between the attorneys' fees and these letters, NIC had to accede to the demands in the letter.

Whether the injuries are directly related to the underlying conduct depends on whether they were a foreseeable and natural consequence of the same conduct. Bridge, 553 U.S. at 658. It is clear to the Court that as a result of Reid's and Knowles' actions, NIC was forced to expend attorneys' fees to defend itself. Further, unlike Hemi Group and Anza, NIC is the party that suffered the most direct damages. Thus, the Court finds that the allegations of NIC's injuries are not speculative, and that NIC plausibly alleges its RICO claims against them.

*iii.* *Whether RICO authorizes Private Equitable Relief*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx                    Date  Nov. 23, 2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

    Knowles and Reid next argue that the RICO statute does not authorize private equitable relief.  They cite to the Court's earlier Order granting partial summary judgment, in which the Court found that NIC did not have standing to seek injunctive relief.  Dkt. No. 1057 at 11 (citing Dkt. No. 552 at 8).  Knowles and Reid also cite to Religious Tech. Ctr. v. Wollersheim for the same proposition.  Id. (citing Religious Tech. Ctr. V. Wollersheim, 796 F.2d 1076, 1088 (9th Cir. 1986).  According to Knowles and Reid, "[f]or this reason alone, judgment on the pleadings is warranted regarding the requested equitable remedies that are unavailable under RICO."  Id.

    In response, NIC contends that it does not seek injunctive relief through its RICO claim.  Dkt. No. 1059 at 23.  It also notes that the it informed Knowles and Reid of this issue, and that the Court need not address the same because it has already dismissed NIC's request injunctive relief from the case.  Id.  (citing Dkt. No. 552).

    In their Reply, Knowles and Reid reassert that NIC does not have standing under Article to pursue an injunction, and even if they did, the RICO statute would not allow for equitable relief here.  Reply at 11.

    The Court agrees with NIC.  Injunctive relief appears as part of Count Four, for violations of California Business and Professions Code Section 17200.  Dkt. No. 1007 ¶¶ 467, 472.  Because NIC does not request injunctive relief as a part of its relief requested for violations of the RICO statute, the Court finds that judgment on the pleadings is unwarranted here.

    Therefore, having found that attorneys' fees are recoverable under RICO, that under Bridge, reliance is not an element of a RICO claim but that evidence of reliance is, and was sufficiently pleaded in the complaint, and finally, that NIC does not request injunctive relief as a form of relief under its RICO cause of actions, the Court **DENIES** Knowles and Reid's request for judgment on the pleadings on NIC's RICO claim.

**C.     Judgment as a Matter of Law on NIC's California UCL Claim**

    Knowles and Reid argue that because private parties can only seek equitable relief and restitution, not damages, under the UCL, and because NIC's counsel has stated they do not opposed dismissal of their UCL claim, they are entitled to judgment as a matter of law.  Dkt. No. 1057 at 12.  They also note that nothing in the operative complaint alleges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:15-cv-02034-JVS-JCGx         Date   Nov. 23, 2020

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al

that Knowles or Reid have obtained any property that was ever taken from them, and therefore, no restitution is available. To support their claim and in addition to referencing the Court's earlier Order, Knowles and Reid also cite to the statute and various case law for the proposition. Id. (citing Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1150 (2003) and Cal. Bus. & Prof. Code. §§ 17203, 17204).

In response, NIC notes that it does not oppose request, but clarifies that "[a]t the outset, NIC never sought disgorgement or restitution under the UCL claim" because it never paid any money to NTG. Dkt. No. 1059 at 23. NIC adds that it had interpreted the Court's earlier Order dismissing NIC's only form of relief available under the UCL as a dismissal of the UCL claim, but nonetheless listed the UCL claim in its fourth amended complaint "only as a vestige of the earlier pleading." Id.

In its Reply, Knowles and Reid first take issue with NIC's contention that they did not provide NIC's position in the brief, and second, assert that these accusations are not only without merit, but also tactical. Reply at 12.

The Court notes that there is disagreement between Knowles and Reid and NIC over what they discussed during their meet and confer, but nonetheless finds that the parties are in accord on this issue. Knowles, Reid, and NIC agree that restitution is impossible here because Knowles and Reid never took anything from NIC. They also agree regarding the effect of the Court's earlier Order (Dkt. No. 552) on NIC's California UCL claim, even if NIC believes it was wrongly decided. Lastly, NIC agreed during its meet and confer that the claim should be dropped.

Given the significant agreement between both parties on matters of substance related to the UCL claim, the Court **GRANTS** Knowles and Reid's request for judgment as a matter of law on their UCL claim. Where – as here – there is agreement between the parties, the Court again urges decorum and requests that parties refrain from ad hominem or otherwise baseless attacks against counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court the Court **GRANTS** in part and **DENIES** in part the motion. The Court **GRANTS** Knowles and Reid's request for judgment as a matter of law on NIC's California UCL claim, but **DENIES** their request for the same on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx                Date  Nov. 23, 2020

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

NIC's RICO claim.  The Court also **GRANTS** both requests for judicial notice.
.

      **IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb/rrp | |