**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
David J. Darnell (SBN 210166)
Ddarnell@callahan-law.com
James M. Sabovich (SBN 218488)
jsabovich@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants NEWPORT TRIAL GROUP and SCOTT J. FERRELL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants.<br><br>AND ALL RELATED ACTIONS | CASE NO. 8:15-cv-02034-JVS-JCG<br>JW CASE NO. A270221<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO NIC'S MOTION TO COMPEL DEPOSITION OF NTG'S 30(b)(6) DESIGNEE**<br><br>Judge: Hon. James V. Selna<br>Special Master: Hon. Andrew J. Guilford (Ret.)<br><br>Complaint Filed: December 7, 2015<br>Trial Date: March 23, 2021 |

Pursuant to the Special Master's November 23, 2020 email to submit supplemental briefs by December 16, 2020, Defendants Newport Trial Group ("NTG") and Scott Ferrell submit this supplemental brief in opposition to NIC's Motion to Compel the Deposition of NTG's 30(b)(6) Designee, which was filed as Docket No. 1064.

Specifically, NTG responds to the supplemental brief NIC submitted on November 17, 2020. (Dkt. 1074.) In that supplemental brief, NIC continues to make misrepresentations regarding the procedural posture of this case in an effort to bolster its position that it was not required to comply with FRCP 16. More specifically, NIC misrepresents the fact that (1) "the Court already granted NIC permission to take the deposition" of NTG's 30(b)(6) designee notwithstanding the close of discovery in December 2017; and (2) NTG's counsel admitted on January 22, 2018 "that the Court's prior orders permitted NIC to depose [NTG's 30(b)(6) designee] following the privilege orders." (*See* Dkt. 1074 at 2:10-21; 4:5-9.) As detailed below, these claims by NIC are incorrect.

Importantly, the statement by NTG's counsel on January 22, 2018 was in the context of a request that the Court confirm the only discovery to be allowed was "the status quo based on prior orders." (Dkt. 1064-8 (Jan. 22, 2018 Hearing Tr. at 63:5-18).) This clarification was requested because discovery had just closed on December 31, 2017 and one of the motions being heard on January 22, 2018 was NIC's Motion for Leave to Conduct Additional Discovery. To be clear, the only thing that could have been meant by counsel's reference to "NTG Defendants' depositions" was Scott Ferrell, Ryan Ferrell, David Reid and Victoria Knowles. This is demonstrated by several admissions NIC made regarding outstanding depositions prior to the January 22, 2018 hearing, as well as several statements by the Court and the parties following that hearing.

First, on July 31, 2017, NIC filed a motion where it confirmed that the only

- 1 -

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO NIC'S MOTION TO COMPEL NTG'S 30(b)(6) DESIGNEE

NTG Defendants whose depositions it was seeking to reserve for after the Court's crime-fraud rulings were Scott Ferrell, Ryan Ferrell, David Reid and Victoria Knowles. (Dkt. 415-1 at 16:22-17:2.) In that motion, NIC was explicit in its description when it stated:

> **NTG Defendant depositions will proceed after an Order on NIC's Motion to Compel (Dkt. 291).** ***The NTG Defendants S. Ferrell, R. Ferrell, Reid, and Knowles*** must be deposed following the Court's rulings on NIC's motion to compel documents withheld by those individuals. . . .

(*Id.* (emphasis in bold in original; emphasis in bold italics added).)[1]

Second, on August 14, 2017, NIC re-affirmed that the only NTG Defendant depositions it was waiting to take were Scott Ferrell, Ryan Ferrell, David Reid and Victoria Knowles. Again, in a written submission to the Court, NIC explained that "other discovery that the Court and NIC contemplated as mandatory, ***like the depositions of the <u>attorney defendants</u>***, has not yet taken place . . . [and] cannot proceed until the privilege issues addressed in NIC's crime-fraud motion are resolved . . ." (Dkt. 436 at 7:15-18 (emphasis added).)

Third, on January 5, 2018, following the close of discovery and just before the January 22, 2018 hearing, the parties submitted a Joint Status Report to the Court. (Dkt. 560.) That report made clear that the only NTG Defendant depositions that would be allowed following the close of discovery were the attorney defendants:

> To the extent NIC asks that it be allowed to take the depositions of Scott Ferrell, Ryan Ferrell, David Reid and Victoria Knowles following a final ruling on the Objections to the Special Master's

---

[1] The reference to Docket No. 291 is a reference to NIC's Omnibus Motion to Compel Privileged Documents.

| | |
|---|---|
| 1 | Crime-Fraud Order (Dkt. 458), the parties have always |
| 2 | understood that those specific depositions would be allowed |
| 3 | following a final ruling on the Crime-Fraud Order. |

(*Id.* at 7:7-12.)

Finally, this understanding is re-affirmed by statements made by the Court and the parties several months later. For example, on August 2, 2019, the Court and the parties acknowledged that it was only the four individuals from the NTG Defendants whose depositions remained:

> THE COURT: . . . I would like also an inventory from each side as to what discovery in addition you think you need. ***I think the depositions of the principals are still outstanding.*** That's the biggest item I think.
>
> MR. ARHANGELSKY: ***Yes.***
>
> MR. DARNELL: ***Only four of the principals***, but yes.
>
> MR. ARHANGELSKY: ***Right***. …

(Dkt. 1064-16 (Aug. 2, 2019 Hearing Tr. at 8:24-9:10) (emphasis added).)

Consistent with this, on August 26, 2019, the Court asked NIC when it would present "issues to the special master regarding additional discovery and [] ***take the depositions of the [NTG] principals?***" (Dkt. 1064-17 (Aug. 26, 2019 Hearing Tr. at 10:18-20) (emphasis added).) Moreover, on December 16, 2019, the Court again referenced the fact that the remaining depositions of the NTG Defendants were limited to individuals:

> THE COURT: Let's discuss the additional discovery that the Court is now going to allow with the fraud exception issues resolved. ***I would allow NIC to take the depositions of the [NTG] principals that they have not previously taken.*** I would allow NIC to take an additional deposition limited to two hours

- 3 -

DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO NIC'S MOTION TO COMPEL NTG'S 30(b)(6) DESIGNEE

of the folks who have already been deposed: Nilon, Schoonover, Demulder, Pfleg, and Baslow. . . . I would also allow leave to depose Daniel Bobba of Kirkland as the 30(b)(6) designee and also to depose Wynn Ferrell.

. . .

*I think that resolves the discovery issues at least as to the scope of discovery.*

(Dkt. 1064-18 (Dec. 16, 2019 Hearing Tr. at 21:12-22:2) (emphasis added).) And more recently, during a hearing on March 2, 2020, the Court asked NIC's counsel: "When are you going to notice up *the four principal depositions* that you haven't taken?" (Dkt. 964 (March 2, 2020 Hearing Tr. at 15:23-24) (emphasis added).)

All of these statements by the Court and the parties should leave no doubt that NIC's belated attempt to seek the deposition of a 30(b)(6) designee from NTG is improper because NIC has failed to comply with the requirements of FRCP 16.

For the foregoing reasons and those additional reasons discussed in Defendants' portion of the Joint Stipulation re: NIC's Motion to Compel (Dkt. 1064 at 29-61), Defendants respectfully request that NIC's motion be denied and that Defendants be awarded their reasonable attorneys' fees and costs for being forced to defend against this motion.

Dated: December 16, 2020      **CALLAHAN & BLAINE, APLC**

By: */s/ David J. Darnell*
Edward Susolik
David J. Darnell
James M. Sabovich
Attorneys for Defendants NEWPORT TRIAL GROUP and SCOTT J. FERRELL

- 4 -
DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO NIC'S MOTION TO COMPEL NTG'S 30(b)(6) DESIGNEE