Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr., Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., | Case No. 8:15-cv-02034-JVS (JCG) <br> JAMs Ref. No: 1220055347 |
| Plaintiff, <br> v. <br> PACIFIC TRIAL ATTORNEYS, et al., <br> Defendants. | **PLAINTIFF NIC'S LR 37-2 SUPPLEMENTAL BRIEF IN SUPPORT OF NIC'S MOTION TO STRIKE/EXCLUDE UNTIMELY DISCLOSED WITNESSES (DKT. 1073)** <br><br> Judge: Hon. James V. Selna <br> Special Master: Hon. Andrew Guilford (Ret.) |

Plaintiff NIC submits this L.R. 37-2 Supplemental Brief in Support of its Motion to Strike/Exclude Untimely Disclosed Witnesses. *See* Dkt. 1073. Defendants Ferrell and NTG (collectively "NTG") failed to meet their Rule 37(c)(1) burden to show that untimely witness disclosures were substantially justified or harmless. The Court should strike the late disclosures and exclude evidence proffered through those untimely disclosed witnesses.

NTG's August 2020 disclosures were not a "modest" supplement, as NTG contends. *See* Dkt. 1073 at 43. NTG more than doubled its non-party witnesses, increasing that number from the eight in prior Rule 26(a)(1) disclosures to now nineteen. *Compare* Dkt. 1073-2 *with* Dkt. 1073-3. NTG added ten witnesses nearly three years after the discovery cut-off. *Id*. NTG does not dispute that it knew of witnesses Janovick, Winzen, Erin Ferrell, and Reidenbaugh years before the December 2017 discovery cutoff. NTG does not dispute that it failed to disclose them until August 2020. *See* Dkt. 1073 at 43-65. NTG argues instead that it was under no obligation to disclose because NIC also knew of them. *See* Dkt. 1073 at 54. NTG then argues that its untimely disclosures were proper because the relevance of witness testimony first became apparent in September 2019. As explained below, those positions lack merit.

**1. <u>NIC had no indication that NTG intended to rely on the untimely disclosed witnesses.</u>** It is no excuse for non-compliance with Rule 26 disclosures that the opposing party generally knew of the existence of people untimely disclosed. Courts have rejected the argument:

> The mere fact that [plaintiff] knew of the existence of the witnesses is not dispositive . . . The harm to a litigant in an opposing party's failure to disclose a potential witness is not that the litigant is unaware of the individual's existence, but that the litigant does not know the opposing party views the individual as a potential witness in the case.

*See Ginger Root Office Assocs., LLC v. Advanced Packaging & Prod. Co.*, No. 07-CV-05568, 2009 WL 10673918, at *2 (C.D. Cal. Feb. 18, 2009) ("[T]he harm …

in PJH's failure to disclose these individuals is that Ginger Root did not know PJH viewed them as potential witnesses" and "[a]t this late stage in the proceedings, Ginger Root does not have the opportunity to propound discovery to PJH to determine its view of the witnesses' relevance or what testimony it may seek to elicit from them.").[1]  NTG offers no proof to support the erroneous conclusion that NIC had reason to believe any of these individuals would be called as witnesses; indeed, the grounds for calling these witnesses is still not apparent to NIC.

"Parties, aware of the 'self-executing' and 'automatic' nature of Rule 37(c)(1) sanctions, have a right to expect that only disclosed witnesses will be used to support the disclosing party's claims and defenses." *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1010 (E.D. Cal. 2013); *Guzman v. Bridgepoint Educ., Inc.*, 305 F.R.D. 594, 604 (S.D. Cal. 2015) (same).  Here, NIC "should be able to rely on Rule 26 disclosures and not be required to second guess whether a disclosing party has purposefully omitted a potential witness or done so accidentally." *Rhodes*, 949 F.Supp. 2d at 1010.

**2. Whether NTG plans to call impeachment witnesses is irrelevant.**
NTG cannot avoid its Rule 26 obligations by styling individuals as "impeachment" witnesses *post hoc*.  *See Norwood v. Children & Youth Servs. Inc.*, No. CV107944, 2013 WL 12133879, at *5 (C.D. Cal. Dec. 3, 2013) ("If a [party] could wait for his adversary to deny the truth of [his adversary's] allegations before disclosing other witnesses who can provide testimony supporting the allegations, the substantial

---

[1] *See also D.L. v. Unified School District #497*, 270 F.Supp.2d 1217, 1241 (D. Kan. 2002) ("[p]laintiffs' assertion that defendants had knowledge . . . of the witnesses is simply insufficient to put defendants on notice that these individuals would be potential witnesses . . ."); *Zadoian v. Target Corp.*, No. CV 19-326, 2020 WL 3203145, at *1 (C.D. Cal. Apr. 14, 2020) ("The Court sees no possible reason Plaintiff could not have disclosed her family members, friend, and co-workers prior to the discovery deadline" and "failure to disclose . . .prejudiced Defendant because it could not take the[ir] depositions . . . or . . . seek relevant discovery"); *Nunes v. Cty. of Stanislaus*, No. 17-CV-00633, 2020 WL 1324808, at *4 (E.D. Cal. Mar. 20, 2020) ("Allowing Plaintiffs to supplement their disclosures to identify eleven new witnesses at this time would require the Court to reopen discovery").

justification exception would swallow the rule"). In disclosing these witnesses, NTG represents that their testimony is not "solely for impeachment." *See* Fed. R. Civ. P. 26(a)(1)(i). NTG's disclosures list testimony in substantive areas beyond mere impeachment. *See* Dkt. 1073-3 at 4-6. NTG has refused to withdraw the disclosures, establishing *prima facie* that NTG offers them beyond impeachment.

**3. Whether the relevance of witness testimony first arose in 2019 is immaterial.** NTG is incorrect that the relevance of this witness testimony first arose in September 2019. Whether Trycia Carlberg was an NTG client in 2011, whether she used Sovereign Silver, and whether she lived with the Ferrells are issues relevant to NTG's defense on the merits and concern allegations in NIC's original Complaint. *See* Dkt. 1 at ¶¶54-55; Dkt. 92 at ¶¶52-54. But even assuming NTG's position correct—that testimony first became relevant in September 2019 when NIC filed allegedly false declarations—NTG still waited almost **one full year** to supplement its disclosures in August 2020. That delay is itself extreme, unexplained, and prejudicial, warranting exclusionary sanctions under Rule 37(c)(1). *See Ollier*, 267 F.R.D. at 344 (finding disclosures untimely when witnesses became known to defendants "months prior to actual disclosure"). The parties had substantial interaction with Judge Selna on discovery matters and scheduling in late 2019 and in 2020. *See* Dkt. Nos. 880, 1014, 1027, 1031. Although NTG could have disclosed earlier, it waited until NIC had no ability to request discovery before trial. Indeed, NTG's briefing argues discovery is unavailable to NIC. *See* Dkt. 1073 at 64-68.

**4. NTG's failure to disclose Janovick and Winzen is unexplained and prejudicial.** NTG concedes Baker's alleged misconduct has been litigated from the outset, and that NTG knew of Janovick and Winzen. NTG argues NIC also knew of those witnesses because Janovick was originally a defendant and NIC's investigator contacted Winzen in 2015. *See* Dkt. 1073 at 63. NTG's argument misleads. Although Janovick was originally listed on NIC's disclosures, and NIC

PLAINTIFF'S LR 37-2 SUPP. BR. IN SUPPORT OF MOT. TO STRIKE/EXCLUDE UNTIMELY WITNESSES [DKT. 1073]
3

initially sought discovery regarding Winzen's lawsuits, those issues were subsequently excluded from this case in early 2016 when NIC amended its complaint and Judge Selna significantly limited discovery. *See* Dkt. 155. The Court limited NIC to seven (7) non-party depositions, and narrowed discovery to suits identified in NIC's Second Amended Complaint ("SAC"). *Id*. Based on those limits, NTG precluded NIC from discovery into witnesses like Janovick. *See* Dkt. 240 at 115-16 (NTG Resp. to RFP 71 objecting to discovery on Janovick because it "exceed[ed] the scope of permissible discovery as ordered by the Court"); *id*. at 116 ("Defendant will not respond to or produce documents responsive to … Isabella Janovick"). So, NTG precluded NIC from discovery germane to these individuals on grounds that they were outside the scope of this case, yet now tries to slip them into the lawsuit months before trial when NIC cannot take discovery.

Even had NIC sought discovery from Janovick and Winzen, Judge Selna would have denied those efforts consistent with his rulings on similar requests, because of the discovery limitation. *See* Dkt. 198 at 3-4; Dkt. 414 at 6-7. But had NTG timely included these witnesses in its disclosures, NTG could not have precluded the discovery. NTG's decision now to list the witnesses on the eve of trial is gamesmanship, depriving NIC of its ability to take relevant discovery.

**5. NTG has not shown that untimely disclosures of Erin Ferrell and Derrick Reidenbaugh were substantially justified or harmless.** NTG offers these witnesses to prove Carlberg a client in 2011, a point relevant to NTG's substantive defense. As noted *supra*, this is not a "new" issue first arising in 2019. Although NTG argues the witnesses are offered in rebuttal, the Court in *Norwood* rejected that argument because merely labeling individuals as "rebuttal witnesses" will not justify late disclosure. *See Norwood*, 2013 WL 12133879, at *5. But as noted *supra*, even if NTG's position that these issues arose in September 2019 is credited, the untimely disclosures are still prejudicial because NTG waited *a full*

*year* to disclose (and did so now long after the discovery cut-off).  NTG has no explanation for that delay.

NTG argues NIC should not be surprised by disclosure of E. Ferrell and Reidenbaugh.  *See* Dkt. 1073 at 60.  But NIC never "injected" E. Ferrell or Reidenbaugh into this case by filing a motion for sanctions concerning Scott Ferrell's declaration.  *See* Dkt. 844.  NTG's use of Scott Ferrell's wife to sponsor exhibits in a non-discovery opposition brief (a brief mooted by the Court)[2] does not suggest she would be a trial witness for purposes other than impeachment.  *See generally* Dkt. 846.  NIC was reasonable to conclude that NTG's omission of E. Ferrell from Rule 26 disclosures was strategic—i.e., that Scott Ferrell preferred not to involve his wife as a witness in defense of his federal RICO suit.  If NTG intended to use his wife as a defense witness, it had to disclose her prior to the 2017 discovery cutoff so NIC could take appropriate discovery.

Concerning Reidenbaugh, NTG has no argument that NIC knew of him.  NTG argues it "specifically identified . . . Reidenbaugh in briefing…"  Dkt. 1073 at 60.  That is misleading.  NTG attached one message between Reidenbaugh and E. Ferrell buried within 100+ pages of exhibit files as part of the mooted September 2019 submission.  *See* Dkt. 846-3 at 42.  Mere attachment of that content in no way suggests Reidenbaugh would be testifying for NTG, or that he possessed information relevant to Carlberg's use of Sovereign Silver.  *See* Dkt. 1073-3 at 4-5.  NTG bears the burden to prove its failure to disclose substantially justified or harmless.  *See, e.g., Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).  It has not met that burden by referencing a passing single reference in voluminous filings as its exclusive basis for a presumed conferral of knowledge of Rule 26(a)(1) witnesses.

---

[2] The Court deemed that proceeding moot on October 7, 2019.  *See* Dkt. 847 (NIC withdrawal); Dkt. 852 (holding "[t]he matter is moot, and the court plans to take no further action").

DATED: December 16, 2020

Respectfully submitted,

EMORD & ASSOCIATES, PC.

By: _/s/ Peter A. Arhangelsky_
Peter A. Arhangelsky, Esq. (SBN 291325)
Joshua S. Furman, Esq. (pro hac vice)
*Attorney for Plaintiff Natural Immunogenics Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2020, the foregoing, **PLAINTIFF NIC'S LR 37-2 SUPPLEMENTAL BRIEF IN SUPPORT OF NIC'S MOTION TO STRIKE/EXCLUDE UNTIMELY DISCLOSED WITNESSES** was electronically filed via email to the Special Master and sent via email to the following:

Brendan M. Ford
bford@forddiulio.com
Kristopher P. Diulio
kdiulio@forddiulio.com
Ford & Diulio PC
650 Town Center Drive, Suite 760
Costa Mesa, California 92626
Tel: (714) 450-6830
*Attorney Defendants Andrew Nilon, Giovanni Sandoval, Sam Schoonover, Matthew Dronkers, Taylor Demulder, Sam Pfleg*

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA  92707
Tel:  (714) 241-4444
*Attorney for Newport Trial Group, Andrew Baslow, Scott Ferrell, Ryan Ferrell, Victoria Knowles*

Nicole Whyte
nwhyte@bremerwhyte.com
Benjamin Price
bprice@bremerwhyte.com
Kyle A. Riddles
kriddles@bremerwhyte.com
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
*Attorneys for Ryan Ferrell. Andre Baslow, David Reid, and Victoria Knowles*

///

///

///

///

Robert Tauler, Esq.
rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Tel: (310) 590-3927
*Attorney for David Reid and Victoria Knowles*

                                    */s/ Peter A. Arhangelsky*
                                    Peter A. Arhangelsky, Esq.