# EXHIBIT 6

NEWPORT TRIAL GROUP
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
Roger E. Borg, Bar No. 117765
Michael E. Velarde, Bar No. 266272
Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MORALES, individually, and on behalf of all others similarly situated, | Case No. CV10 1601 EDL |
| Plaintiff, | **DECLARATION OF WYNN FERRELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS** |
| vs. | |
| MAGNA, INC.; STEVE MOIDEL; NEP PRODUCTS, INC.; ARAGON PRODUCTS; ALLNUTRI.COM; VITASPRINGS.COM; 1BODY4U.COM; BUYVIVAXA.NET; MAGNARXPILLS.COM; and DOES 1-250, Inclusive, | DATE: October 12, 2010<br>TIME: 9:00 a.m.<br>CRTRM: E |
| Defendants. | [Filed Concurrently with Plaintiffs' Memorandum in Opposition and Declaration of Scott J. Ferrell] |

I, Wynn Ferrell, hereby declare as follows:

- 1 -
DECLARATION OF WYNN FERRELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS

1. I am an investigator for the Newport Trial Group, counsel for plaintiffs and the class in this case. I have personal knowledge of the following matters and, if called to testify concerning them, could do so competently.

2. Part of my job duties with Newport Trial Group and its principal, Scott Ferrell ("NTG" or "firm") (who is also my son) includes communicating with witnesses and potential parties regarding cases considered or handled by the firm. One of the matters I worked on for NTG related to the Magna-Rx+ product that was and is sold by Magna, Inc. and various other companies.

3. I recall initiating and receiving various communications from users of the Magna-Rx+ product starting in approximately November 2009. According to my general practice, I usually (though not always) try to ask such persons various initial questions regarding their use and satisfaction regarding such a product, including when, where, how (credit or cash), and why they purchased the product, what they relied on, and their level of satisfaction regarding the product and the reasons therefore. I also try to obtain reliable contact information for each person.

4. In or about November 2009, I performed this initial intake process for Kevin Vaughn. It is my understanding that he subsequently served as a class representative in a lawsuit regarding the Magna-Rx+ product.

5. In or about March-April 2010, I performed an initial intake process for Felipe Morales. During the intake process I obtained his contact information, including

- 2 -
DECLARATION OF WYNN FERRELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTDS' MOTION FOR SANCTIONS

his home address, telephone numbers, and email address. He is a relatively young man who was living with his parents in Riverside at the time. It is my understanding that he subsequently served as a class representative in a lawsuit regarding the Magna-Rx+ product. However, as of approximately late May/early June 2010, after my initial contacts with him, I was unable to make contact with him despite my efforts to reach him via telephone calls to him, two of his friends, and one personal visit to his home. To date, I have not received any response from him.

6. I recall having at least one conversation with Scott Ferrell in which I told him that Mr. Morales had informed me that he had first purchased the Magna-Rx+ product in or near the San Francisco area in February 2010 but did not retain his receipt. I don't recall exactly when this conversation(s) occurred.

7. As of June 22, 2010 (which I understand was the date of a hearing in the Morales matter), I had been contacted by various other persons regarding the Magna-Rx+ product, including Dan Bobba and Chris Rhodes. Soon thereafter, I performed the intake process for them and they agreed to act as class representatives in the Morales matter.

8. However, as of mid-August 2010, I was lost contact with Chris Rhodes despite my repeated efforts to contact him by telephone and contacts with his friends. To date, he has not returned any of my efforts to communicate with him and no one I have spoken to about him has seen or heard from him.

- 3 -
DECLARATION OF WYNN FERRELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTDS' MOTION FOR SANCTIONS

9. As of approximately August 23, 2010, I learned some personal information regarding plaintiff Dan Bobba which I conveyed to Scott Ferrell. He indicated it may affect Mr. Bobba's suitability as a class representative.

10. On about September 3, 2010, Scott Ferrell contacted me and asked me some questions regarding my communications with Dan Bobba. He told me Defendants had filed a motion that included several internet postings in which Bobba supposedly claimed that one or more unnamed representatives of a law firm told him to by the Magna-Rx+ product, promised him $2,000 to $10,000, and that other supposed statements were made to him. I assured Scott Ferrell that I never made such statements to Mr. Bobba and his postings were false. Scott Ferrell asked that I contact Mr. Bobba and find out the truth regarding his alleged postings.

11. On September 4, 2010, I traveled by plane to San Jose, California and drove to meet with Mr. Bobba along with another one of my sons who is also an attorney, Ryan Ferrell. We interviewed Mr. Bobba regarding the substance of my initial communications with him, his postings, and related subjects. Based on what Mr. Bobba told us, we prepared a declaration for him to review and sign if he approved of its contents. On September 5, 2010, we again met with Mr. Bobba and presented the draft declaration to him and he signed it. A true and correct copy of Mr. Bobba's September 5, 2010 declaration is attached hereto as Exhibit A.

- 4 -
DECLARATION OF WYNN FERRELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTDS' MOTION FOR SANCTIONS

12. All of the statements in Mr. Bobba's September 5, 2010 declaration regarding his contacts and communications with me are true and correct to the best of my recollection.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on September 21, 2010 in Mesa, Arizona, ~~California~~.

_____
Wynn Ferrell

- 5 -
DECLARATION OF WYNN FERRELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTDS' MOTION FOR SANCTIONS