```
 1  Nicole Whyte, State Bar No. 156503
    nwhyte@bremerwhyte.com
 2  Benjamin Price, State Bar No. 267400
    bprice@bremerwhyte.com
 3  Kyle A. Riddles, State Bar No. 309854
    kriddles@bremerwhyte.com
 4  BREMER WHYTE BROWN & O'MEARA LLP
    20320 S.W. Birch Street
 5  Second Floor
    Newport Beach, California 92660
 6  Telephone:  (949) 221-1000
    Facsimile:  (949) 221-1001
 7
    Attorneys for Defendants,
 8  Ryan Ferrell; Victoria Knowles; Dave Reid; and
    Andrew Lee Baslow
 9
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., a Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | Case No. 8:15-cv-02034-JVS-JCG<br><br>Judge: Hon. James V. Selna<br><br>**DEFENDANT VICTORIA KNOWLES' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CLAIM FOR RELIEF**<br><br>Date: June 14, 2021<br>Time: 1:30 p.m.<br><br>Complaint Filed:  December 7, 2015<br>Trial Date:           November 1, 2021 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 14, 2021, at 1:30 p.m., Defendant Victoria Knowles will and hereby does move this Court for summary judgment on Plaintiff Natural Immunogenics Corp.'s first claim for relief alleging malicious prosecution on the grounds there is no genuine dispute of material fact that would allow a reasonable jury to find in Plaintiff's favor, and that Ms. Knowles is therefore

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1

VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116  4818-7669-2965.6

entitled to judgment as a matter of law on Plaintiff's first claim for relief pursuant to *Federal Rule of Civil Procedure* 56.

Ms. Knowles makes this motion on the grounds that there is no genuine dispute of material fact that Ms. Knowles acted with "malice" at the time of the filing of the underlying lawsuit of Nilon v. NIC. Therefore, Plaintiff's first claim for malicious prosecution against Ms. Knowles fails as a matter of law.

Ms. Knowles bases this motion on this Notice of Motion, the attached Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law, the accompanying Declarations of Victoria Knowles, Kyle A. Riddles and Robert Tauler, the pleadings, papers, and other matters on file in this action, such oral arguments as the Court may permit, and other matters properly before the Court.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 19, 2021.

Dated: April 26, 2021

BREMER WHYTE BROWN & O'MEARA LLP

By: _____
Nicole Whyte
Benjamin Price
Kyle A. Riddles
Benjamin Price
Attorneys for Defendants
Ryan Ferrell; Victoria Knowles;
Dave Reid; and Andrew Lee Baslow

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116  4818-7669-2965.6

# **TABLE OF CONTENTS**

**Page**

1. INTRODUCTION .................................................................................... 6
2. STATEMENT OF FACTS ....................................................................... 7
3. ARGUMENT ........................................................................................... 9
   3.1. Legal Standards ............................................................................ 9
   3.2. Knowles Had No Involvement in the Conduct Giving Rise to NIC's Claims for Malicious Prosecution of the Nilon Action .................................................................................... 10
   3.3. NIC Cannot Establish that Ms. Knowles Had the Requisite Subjective Intent of Malice .................................................................. 12
       3.3.1. Malice Cannot Be Inferred From Lack of Probable Cause 13
       3.3.2. Summary Judgment is Appropriate Because a Reasonable Fact Finder Could Not Infer Malice from Ms. Knowles Limited Role in the Nilon Action ..................... 14
4. CONCLUSION ...................................................................................... 15

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116  4818-7669-2965.6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ........................................ 9

*Area 55, LLC v. Nicholas & Tomasevic, LLP* (2021) 61 Cal. App. 5th 136 ................................................................................................................ 9

*Baker v. Gawthorne*, 82 Cal. App. 2d 496, 186 P.2d 981 (1947) ............................ 14

*Cellotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ............................................ 9

*Chavez v. Dhaliwal* (Cal. Ct. App., Oct. 30, 2020, No. A157516) 2020 WL 6373508, at *8–9 ....................................................................................... 11

*Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 498 (1998) ...................... 13

*Estate of Tucker ex rel. Tucker v. Interscope Records., Inc.*, 515 F.3d 1019, 1036 (9th Cir. 2008) ............................................................... 12, 13, 14

Federal Rule of Civil Procedure 56(a) ........................................................................ 9

*Gressett v. Contra Costa County* (N.D. Cal., May 17, 2013, No. C-12-3798 EMC) 2013 WL 2156278, at *27 ........................................................ 11

*Grindle v. Lorbeer*, 196 Cal.App.3d 1461, 1463 (1987) .......................................... 14

*Jacques Interiors v. Petrak* (1987) 188 Cal.App.3d 1363, 1371–1372 .................... 11

*Nilon v. NIC* ................................................................................................................ 7

*Richter v. Neilson*, 11 Cal. App. 2d 503, 507, 54 P.2d 54, 56 (1936) ...................... 12

*Ritchie v. Sempra Energy*, 703 F. App'x 501 (9th Cir. 2017) ................................. 14

*Ritchie v. Sempra Energy*, No. 3:10-CV-1513-CAB-KSC, 2015 U.S. Dist. LEXIS 189423 at *23 (S.D. Cal. Sept. 4, 2015) .................................. 14

*Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 254 Cal. Rptr. 336, 765 P.2d 498, 503 (1989) ............................................................... 11, 12

*Zeavin*, 186 Cal. Rptr.545, 548 (1982) .................................................................... 12

# TABLE OF AUTHORITIES (cont.)

**Page(s)**

**Statutes**

Business & Professions code §§ 17200 *et seq.* ............................................................ 8

**Rules**

Federal Rule of Civil Procedure 56 ............................................................................. 9

*Federal Rule of Civil Procedure* 56(e) ....................................................................... 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff's sole remaining claim against Defendant Victoria Knowles ("Ms. Knowles") is a claim for malicious prosecution, based exclusively on NTG's alleged use of "fraudulent plaintiffs" for purposes of litigating the Nilon Action. However, Ms. Knowles never had any interaction with any of the plaintiffs in the Nilon Action at any time. Ms. Knowles' only involvement in the Nilon Action consisted of conducting legal research and drafting documents under the direction and supervision of senior attorneys at NTG, and no evidence exists that Ms. Knowles had any involvement with the plaintiffs in the Nilon Action.

Thus, when deposed, no one affiliated with Plaintiff was able to articulate Ms. Knowles' role in the Nilon Action, let alone any conduct that would give rise to malicious prosecution. Opposing counsel in the Nilon Action even stated at his deposition that "Victoria didn't have knowledge of what was going on in the case."

As demonstrated below, there is no legally actionable connection between Ms. Knowles' legal work and the alleged procurement of the plaintiffs in the Nilon Action – which is the only basis for Plaintiff's claim. Accordingly, Ms. Knowles cannot be liable for malicious prosecution of the Nilon Action as a matter of law.

Similarly, Ms. Knowles should be dismissed from the first claim for malicious prosecution because Plaintiff Natural Immunogenics Corp.'s ("NIC") has not established a sufficient evidentiary basis for a reasonable juror to conclude that Ms. Knowles acted with malice. Since Ms. Knowles had no interaction with any of the plaintiffs in the Nilon Action, did not sign any pleadings, did not attend any hearings, or have any other active role in the Nilon Action, there is no evidentiary basis for a reasonable juror to conclude she acted with malice.

/ / /

/ / /

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

6
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM
1601.116 4818-7669-2965.6

The following facts are undisputed:

- Ms. Knowles had no contact with any of the plaintiffs in the Nilon Action.
- Ms. Knowles only worked on legal research and drafting in the Nilon Action - tasks assigned by her superiors during her first years as an attorney;
- Ms. Knowles made no appearance in the Nilon Action, did not make any written statements to opposing counsel or the Court in the Nilon Action, and did not sign any document (not even a meet and confer letter) as part of the Nilon Action;

NIC cannot prevail on its malicious prosecution claim, and the malicious prosecution claim should be adjudicated in favor of Ms. Knowles.

## 2. STATEMENT OF FACTS

NIC's malicious prosecution claim relies on NTG's alleged use of unqualified plaintiffs in *Nilon v. NIC* ("the Nilon Action"). SOF ¶ 1. Ms. Knowles was admitted to the California State Bar on June 1, 2011. SOF ¶ 2. Ms. Knowles began working as an Associate Attorney for NTG in that same Summer. SOF ¶ 3. Ms. Knowles was an Associate Attorney for NTG at all times during the entirety of her work on the Nilon Action. SOF ¶ 4. Ms. Knowles was not involved in any communication with either the original plaintiff, Andrew Nilon, or the "substitute" plaintiff, Sandoval. SOF ¶ 5. Ms. Knowles' knowledge was limited to what was in the case file, including information provided by other attorneys and employees of NTG. SOF ¶ 6. On or about December 25, 2011, Scott Ferrell requested Ms. Knowles prepare a demand letter to NIC based on the Consumer Legal Remedies Act ("CLRA") on the basis the claims on its "Sovereign Silver" product were false and misleading. SOF ¶ 6. Ms. Knowles prepared a draft CLRA letter for Scott Ferrell's review and approval, using facts provided to her by other attorneys and employees of NTG. SOF ¶ 8. She did not sign the CLRA letter that was sent to NIC on or about December 27, 2011. SOF ¶ 9.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

7
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116 4818-7669-2965.6

On or about January 21, 2012, Scott Ferrell directed Ms. Knowles to draft a Complaint related to NIC's Sovereign Silver product. SOF ¶ 10. Ms. Knowles prepared a draft Class Action Complaint for her boss, using facts in the case file, which was to be reviewed and signed off by Scott Ferrell prior to filing. SOF ¶ 11. Ms. Knowles did not sign the final version of the Class Action Complaint, or any other document in the Nilon case. SOF ¶ 12.

On March 5, 2012, NTG filed a Class Action Complaint on behalf of Andrew Nilon against NIC. SOF ¶ 13. The Class Action Compliant asserted claims for Violation of the Consumer Legal Remedies Act, California's False Advertising Law ("FAL"), and Business & Professions code §§ 17200 *et seq.* ("UCL"). SOF ¶ 14. The factual basis for the Class Action Complaint was that NIC manufactured and sold a colloidal silver dietary supplement called "Sovereign Silver," that NIC falsely and misleadingly claimed provided "immune support" to those who ingested it. SOF ¶ 15.

Plaintiff does not assert that any of the legal research and related drafting that went into the Class Action pleadings – the only thing Knowles worked on – are in any way ill-founded. SOF 6, 11, 12. Ms. Knowles has never spoken to, met, or had direct contact with Andrew Nilon or Giovanni Sandoval. SOF ¶ 19. Ms. Knowles never interacted with NIC's principals. SOF ¶ 19. As such, Ms. Knowles harbored no ill will or malice towards NIC at any point during her involvement in the Nilon Action. SOF ¶ 16. Indeed, the claims had merit pursuant to the CLRA, FAL, and UCL, based on the facts available to Ms. Knowles. SOF ¶ 17. Indeed, Ms. Knowles' knowledge of the facts of the case was limited to information contained in the file or provided by Scott Ferrell and other senior attorneys within NTG. SOF ¶ 18. Ms. Knowles completed assignments on a task-by-task basis as provided to her by Scott Ferrell and other attorneys at NTG during all relevant times of the Nilon Action. SOF ¶ 20.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

8

VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116  4818-7669-2965.6

## 3. ARGUMENT

### 3.1. Legal Standards

Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment [in whole or in part] … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Cellotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A defendant who moves for summary judgment bears the initial burden of proving the absence of any triable issue of fact but need not produce evidence negating elements of a claim for which the plaintiff bears the burden of proof at trial. *Id*. at 323-25. Summary judgment is proper when the moving party establishes that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

To successfully oppose the entry of summary judgment, the opposing party must establish material "facts that might affect the outcome of the suit under the governing law. Factual disputes that are irrelevant or unnecessary will not be counted." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of judgment."). Pursuant to *Federal Rule of Civil Procedure* 56(e), a non-moving plaintiff cannot "rest upon the mere allegations or denials of the adverse party's pleading" but must instead produce evidence that "set[s] forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(a) (internal quotation marks omitted).

To establish a cause of action for the malicious prosecution of a prior civil proceeding, a plaintiff must plead and prove that the prior action: (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor (2) was brought without probable cause; and (3)

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

9

VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116 4818-7669-2965.6

"was initiated with malice. *Area 55, LLC v. Nicholas & Tomasevic, LLP* (2021) 61 Cal. App. 5th 136. (internal quotations omitted).

### 3.2. Knowles Had No Involvement in the Conduct Giving Rise to NIC's Claims for Malicious Prosecution of the Nilon Action.

Summary judgment should be entered for Ms. Knowles on Plaintiff's claim for malicious prosecution against her because the claim is solely based on NTG's alleged use of improper plaintiffs, and it is undisputed that Ms. Knowles has never spoken to, met, or had direct contact with the two plaintiffs in the Nilon Action, namely, Andrew Nilon and Giovanni Sandoval.

Plaintiff's malicious prosecution claim is based exclusively on NTG's alleged use of "fraudulent plaintiffs who alleged fictive injuries." (Dkt. 1009 at Page ID #:69889 *citing* Dkt. 911 (TAC).) SOF 1, Tauler Dec., Ex. C at 31:7-17 (stating as only factual basis a "statement from Nilon admitting to the fact he was paid to pursue the litigation); see also, Tauler Dec., Ex. B at 56:7-58:21) (malicious prosecution claim is "based upon what Nilon said.").

It is undisputed that Ms. Knowles had no role in procuring either plaintiff in the Nilon Action. SOF ¶ 5. Knowles has never met, spoken to, or otherwise interacted with either Nilon or Sandoval. SOF ¶ 19. Neither Nilon nor Sandoval knew who she was at their deposition. *Id.*

Opposing counsel in the Nilon Case from 2013 until February 2015, Carlos Negrete, also confirmed at his depo that "Victoria didn't have knowledge of what was going on in the case." SOF ¶¶ 22. Benjamin Quinto, the 30(b)(6) witness on the topic of Ms. Knowles involvement in the Nilon Action, stated that Ms. Knowles' only involvement was that "she was part of the firm that pursued a malicious prosecution" and did not know of any involvement other than Ms. Knowles' name appearing on the caption. SOF 1, Tauler Dec. Ex. B. Theo Quinto, the other principal of NIC had no information at all to impart about Ms. Knowles. (Tauler Dec. Ex. B. - Deposition of at Theo Quinto 56:7-58:21) (malicious prosecution claim

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

10
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116 4818-7669-2965.6

is "based upon what Nilon said."). Indeed, not even the motion for sanctions filed in the Nilon Action by the Emord Firm on June 24, 2015 (seven months after a private investigator was engaged and over a month after the case was dismissed on May 20, 2015) makes any mention of Ms. Knowles whatsoever.

Contrary to what Plaintiff believes, simply being "part of the firm" is not enough to be liable for malicious prosecution. The underlying matter must have been either commenced or continued "at the direction of" the party being sued. *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871–872; *Gressett v. Contra Costa County* (N.D. Cal., May 17, 2013, No. C-12-3798 EMC) 2013 WL 2156278, at *27 (t]he test is whether a defendant in such an action was actively instrumental or was the proximate cause of maliciously putting the law in motion."); *Jacques Interiors v. Petrak* (1987) 188 Cal.App.3d 1363, 1371–1372 (liability imposed when a defendant "instigates or procures the [action]"). Here, it is undisputed that Ms. Knowles did nothing other than research and draft documents for senior attorneys at her law firm – the typical role of a junior associate who recently graduated law school in a law firm of any size. As such, Ms. Knowles cannot be said to have directed, instigated, procured or been the proximate cause of either the commencement or continuation of the Nilon Action, and no evidence of any such involvement exists.

Recent cases dealing with similar facts have reached the same result. For example, in *Chavez v. Dhaliwal* (Cal. Ct. App., Oct. 30, 2020, No. A157516) 2020 WL 6373508, at *8–9 (unpublished), a scorned former client sued her former lawyer(?) and her co-counsel. The Court dismissed the case on an anti-SLAPP motion and the Court of Appeal of California affirmed, holding that since "the only evidence regarding [co-counsel's] participation in the [underlying complaint] is her name listed under attorney Dhaliwal on the caption page, and her signature "for" attorney Dhaliwal. The evidence shows that, whatever her participation, co-counsel acted on behalf of, if not at the direction of, attorney Dhaliwal." *Id.* at 9. Here, Ms.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

11
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116  4818-7669-2965.6

Knowles did not even go so far as to sign any pleading. Ms. Knowles had no involvement with any of the named plaintiffs, which, again, is the only basis of Plaintiff's claim of malicious prosecution. The Court should grant summary judgment on behalf of Ms. Knowles on this basis.

### 3.3. NIC Cannot Establish that Ms. Knowles Had the Requisite Subjective Intent of Malice

Plaintiff cannot present any evidence showing (1) the parts of the file that Ms. Knowles worked on did not have legal support; (2) the Nilon Action began primarily because of hostility or ill will on the part of Ms. Knowles; (3) the Nilon Action was initiated by Ms. Knowles solely for the purpose of depriving NIC of a beneficial use of its property; (4) the Nilon Action was initiated for the purpose of forcing a settlement which had no relation to the merits of the claim. *See Estate of Tucker*, 515 F.3d at 1030.

The 'malice' element of the malicious prosecution tort relates to the subjective intent or purpose with which the defendant acted in initiating the prior action…" *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 254 Cal. Rptr. 336, 765 P.2d 498, 503 (1989). The finding of malice is "vastly different from mere negligence" and the evidence must show bad faith. *Richter v. Neilson*, 11 Cal. App. 2d 503, 507, 54 P.2d 54, 56 (1936). "[T]he malice requisite to a cause of action for malicious prosecution is not the same thing as the failure to act as a reasonable person would under the circumstances." *Id*.

In establishing that an attorney "acted with malice in pursuing the underlying litigation," a malicious prosecution plaintiff "must do more" than assume that jointly named parties share knowledge without any evidence. *Estate of Tucker ex rel. Tucker v. Interscope Records., Inc.*, 515 F.3d 1019, 1036 (9th Cir. 2008); *see Zeavin*, 186 Cal. Rptr.545, 548 (1982) (rejecting the "argument of joint liability of attorney and client for the conduct of each other where both are joined as defendants in a malicious prosecution action.").

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

12
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM
1601.116 4818-7669-2965.6

To summarize the facts discussed previously, all evidence that has been presented shows that Ms. Knowles was a first year associate at NTG when the Nilon Action was filed, and took on tasks as assigned to her on the Nilon Action using information provided to her by others, all while never signing the demand letter or complaint or participating in the strategic decision to file the lawsuit. SOF ¶¶ 5-12, 18-20.) NIC has no evidence Ms. Knowles had any of the requisite subject intent to constitute malice. *See Estate of Tucker*, 515 F.3d at 1030.

### 3.3.1. Malice Cannot Be Inferred From Lack of Probable Cause

Not only is there no evidence that Ms. Knowles' had the requisite improper purpose in her work on the Nilon Action, but NIC cannot infer such improper purpose by arguing that NTG lacked probable cause in bringing the Nilon Action. "[T]he conclusion that probable cause is absent logically tells the trier of fact nothing about the defendant's subjective state of mind." *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 498 (1998). In *Downey Venture* the court expressly rejected the notion that malice can be inferred from a lack of probable cause. Instead, the "evidence must include proof of either actual hostility or ill will on the part of the defendant or a subjective intent to deliberately misuse the legal system for personal gain or satisfaction at the expense of the wrongfully sued defendant." *Id*. at 498–499.

Thus, in the present case, even if NIC establishes that NTG had no probable cause to pursue the claim against NIC on behalf of Nilon, that says nothing about *Ms. Knowles'* state of mind. That is not to say that other attorneys at NTG did not sufficiently vet the clients, nor is it to say that Ms. Knowles failed to investigate the claims. She merely acted as many new litigators do in the first years at a law firm and drafted the Nilon Action complaint at the direction of her supervising partner based upon the information provided to her. Thus, based on the record there can be no reasonable inference that Ms. Knowles acted with malice at any time during her involvement in the Nilon Action.

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

13
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116 4818-7669-2965.6

### 3.3.2. Summary Judgment is Appropriate Because a Reasonable Fact Finder Could Not Infer Malice from Ms. Knowles Limited Role in the Nilon Action

NIC has no evidence demonstrating Ms. Knowles harbored any ill will or malicious intent during her limited role in the Nilon Action. "Although malice is usually a question of fact for the jury, '[s]ummary judgment on the basis of lack of malice is nonetheless appropriate when there is no evidence from which a reasonable fact finder could conclude that the defendant pursued the underlying action with malice.'" *Ritchie v. Sempra Energy*, No. 3:10-CV-1513-CAB-KSC, 2015 U.S. Dist. LEXIS 189423 at *23 (S.D. Cal. Sept. 4, 2015), aff'd sub nom. *Ritchie v. Sempra Energy*, 703 F. App'x 501 (9th Cir. 2017), *quoting Estate of Tucker ex rel. Tucker v. Interscope Records., Inc.*, 515 F.3d 1019, 1036 (9th Cir. 2008).

In *Grindle v. Lorbeer*, 196 Cal.App.3d 1461 (1987) the court addressed the issue of whether careless prefiling research constitutes sufficient unreasonable conduct to permit an inference of actual malice. *Grindle v. Lorbeer*, 196 Cal.App.3d 1461, 1463 (1987). The court determined it did not. The court found the defendant attorney's review of the investigative file, a memo prepared by a law clerk summarizing facts of the case and his general knowledge "far surpasses the efforts found so minimal the court could infer malice in [*Baker v. Gawthorne*, 82 Cal. App. 2d 496, 186 P.2d 981 (1947)]." In other words, malice cannot be reasonably inferred even when an attorney conducts minimal research herself and relies upon the investigative file, another's summary of the case facts, and the attorney's own general knowledge. The court ultimately held that "[n]egligence does not equate to malice. Nor does the negligent filing of a case necessarily constitute malicious prosecution." *Id*. at 1468. Instead, there must be more to find the element of malice.

Ms. Knowles' role in the case was similarly limited. Ms. Knowles was provided with certain information in the case file and from senior attorneys at the firm and drafted documents based on this information alone. (SOF ¶¶ 6, 7.) NIC has

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

14
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

1601.116 4818-7669-2965.6

failed to provide a modicum of evidence to establish Ms. Knowles did not believe the claim was valid or the claim was brought for an improper purpose. At all times she believed the claims had merit pursuant to the CLRA, FAL, and UCL. (SOF ¶ 17.) She was not involved in *any* strategic decision and harbored no malice towards NIC at any point of her involvement during the action. (SOF ¶¶ 16.)

Ms. Knowles' reliance on the case file materials and representations from other individuals at NTG was in no way reckless or negligent, and it certainly was not malicious. However, even if she did act carelessly or even recklessly, that does not lead to a reasonable inference that she acted with malice. Ms. Knowles' involvement was simply a function of the lawsuit rather than a campaign against NIC for an improper purpose. There is no evidence to support she had reason to believe the claims in her draft CLRA letter and/or draft Complaint were inaccurate, false, or intended to initiate a lawsuit for an improper purpose. Therefore, there is no fact from which a reasonable fact finder could infer Ms. Knowles' subjective state of mind to establish the required element of malice for the purposes of NIC's malicious prosecution claim.

### 4. CONCLUSION

NIC's malicious prosecution claim fails because NIC cannot demonstrate that Ms. Knowles acted with "malice," a required element. Therefore, the Court should enter summary judgment in favor of Ms. Knowles.

Dated: April 26, 2021

BREMER WHYTE BROWN & O'MEARA LLP

By: /s/ [signature]

Nicole Whyte
Benjamin Price
Kyle A. Riddles
Benjamin Price
Attorneys for Defendants
Ryan Ferrell; Victoria Knowles; Dave Reid; and Andrew Lee Baslow

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

15
VICTORIA KNOWLES NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM
1601.116 4818-7669-2965.6

# **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660.

On April 26, 2021, I served the within document(s) described as:

**DEFENDANT VICTORIA KNOWLES' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CLAIM FOR RELIEF**

on the interested parties in this action as stated on the attached mailing list.

[X] (BY CM/ECF) I hereby certify that I have caused the foregoing to be served upon counsel of record and all interested parties through the Court's electronic service system.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 26, 2021, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Laurinda L. Palacio | /s/ Laurinda L. Palacio |
|---|---|
| (Type or print name) | (Signature) |

1601.116  4828-1753-6181.1

<u>**Natural-Immunogenics Corp. v. Newport Trial Group, et al**</u>

**Case No. 8:15-cv-02034-JVS-JCG**

**BWB&O CLIENT:** Ryan Ferrell; Victoria Knowles; Dave Reid; and Andrew Lee Baslow

**BWB&O FILE NO.:** 1601.116

<u>**SERVICE LIST**</u>

**James M Sabovich**
jsabovich@callahan-law.com
mkingsbury@callahan-law.com

**Peter A Arhangelsky**
parhangelsky@emord.com

**Joshua S Furman**
jfurman@emord.com

**Kristopher Price Diulio**
kdiulio@forddiulio.com

**Brendan M Ford**
bford@forddiulio.com

**Leah M Kaufman**
leah@leahmkaufman.com

**Rosalyn Chapman (Ret.)**
rchapman@jamsadr.com

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

1601.116 4828-1753-6181.1