Nicole Whyte, State Bar No. 156503
Certified Family Law Specialist
The State Bar of California Board of Legal Specialization
nwhyte@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerwhyte.com
Kyle A. Riddles, State Bar No. 309854
kriddles@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone:  (949) 221-1000
Facsimile:  (949) 221-1001

Attorneys for Defendants,
Ryan Ferrell; Victoria Knowles; Dave Reid; and
Andrew Lee Baslow

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., a Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | Case No. 8:15-cv-02034-JVS-JCG<br><br>Judge:  Hon. James V. Selna<br><br>**DEFENDANT VICTORIA KNOWLES' SEPARATE STATEMETN OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF, NIC'S, MALICIOUS PROSECUTION CLAIM**<br><br>Complaint Filed:  December 7, 2015<br>Trial Date:        November 1, 2021 |

Pursuant to Local Rule 56-1, Defendant, Victoria Knowles, hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of her Motion for Summary Judgment.

/ / /

/ / /

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1601.116 4847-9788-4134.5

## SUPPORTING STATEMENT OF UNCONTROVERTED FACTS

| Moving Party's Uncontroverted Facts | Moving Party's Supporting Evidence |
|---|---|
| 1. NIC's malicious prosecution claim is based exclusively on NTG's alleged use of "fraudulent plaintiffs who alleged fictive injuries.". | NIC's Fourth Amended Complaint ["FAC"] ¶ 380 (Dkt. 1007). Dkt. 1009 at Page ID #:69889 citing Dkt. 911 (TAC)). Tauler Dec., Ex. C (PMQ Volume I at 31:7-17 (stating as only factual basis a "statement from Nilon admitting to the fact he was paid to pursue the litigation); see also, Tauler Dec., Ex B (Deposition of at Theo Quinto 56:7-58:21)(malicious prosecution claim is "based upon what Nilon said."). |
| 2. Ms. Knowles was admitted to the California State Bar on June 1, 2011 and began working at NTG in the summer of 2011. | Knowles Dec ¶¶ 1-2; FAC ¶ 5 (Dkt. 1007). |
| 3. Ms. Knowles worked as an Associate Attorney for NTG at all times when the Nilon Action was pending and as such was not authorized to bind the firm, initiate cases, or decide to continue the pursuit of any case. | Knowles Dec. ¶¶ 2, 3; FAC ¶¶ 5, 22 (Dkt. 1007). |

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1601.116  4847-9788-4134.5

| Moving Party's Uncontroverted Facts | Moving Party's Supporting Evidence |
|---|---|
| 4.  Victoria Knowles first learned about NIC when she was assigned the task of drafting a demand letter in December of 2011. | Knowles Dec. ¶ 3; FAC ¶¶ 5, 13, 380 (Dkt. 1007). |
| 5.  Ms. Knowles was not involved in the retention of Andrew Nilon or Giovanni Sandoval for the purposes of the Nilon v. NIC action. | Knowles Dec. ¶¶ 4, 9; Riddles Dec., Ex. B. p. 148 ¶¶ 1 – 10. |
| 6. Ms. Knowles' knowledge was limited to what was in the case file and information provided by senior attorneys in NTG. | Knowles Dec. ¶¶ 5 – 8; Riddles Dec., Ex. B. p. 148 ¶¶ 1 – 19. |
| 7. On or about December 25, 2011, Scott Ferrell requested Ms. Knowles prepare a demand letter to NIC. | Knowles Dec. ¶ 3; Riddles Dec., Ex. B, p. 205, ¶¶ 3 – 22; Riddles Dec., Ex. D; Knowles Dec. ¶ 6. |
| 8. Ms. Knowles prepared a draft CLRA letter for Scott Ferrell's review and approval. | Knowles Dec. ¶ 6; Riddles Dec., Ex. B, p. 205, ¶¶ 2 – 3; Riddles Dec., Ex. E; Knowles Dec. ¶ 6. |
| 9. Ms. Knowles did not sign the CLRA letter dated December 27, 2011 that was sent to NIC. | Knowles Dec. ¶ 6; Riddles Dec. Ex. F. |
| 10.  On or about January 21, 2012, Scott Ferrell directed Ms. Knowles to draft a Complaint related to NIC's Sovereign Silver product. | Knowles Depo. p. 205, ¶¶ 7-25, p. 206 ¶¶ 1 – 3; Riddles Dec., Ex. H; Knowles Dec. ¶ 7. |

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1601.116  4847-9788-4134.5

| Moving Party's Uncontroverted Facts | Moving Party's Supporting Evidence |
|---|---|
| 11. Ms. Knowles prepared a draft Class Action Complaint which was to be reviewed and signed off by Scott Ferrell prior to filing. | Riddles Dec., Ex. A, Ex. B, p. 138 ¶¶ 1 – 3, 139, ¶¶ 19 – 25; Knowles Dec. ¶ 7; NIC's FAC at ¶¶ 59, 63 (Dkt. 1007). |
| 12. Ms. Knowles did not sign the final version of the Class Action Complaint. | Riddles Dec., Ex. A; Knowles Dec. ¶ 7. NIC's FAC at ¶¶ 59, 63 (Dkt. 1007). |
| 13. On March 5, 2012, NTG filed a Class Action Complaint on behalf of Andrew Nilon against NIC. | NIC's FAC at ¶¶ 63, 380 (Dkt. 1007). |
| 14.  The Class Action Compliant asserted claims for Violation of the Consumer Legal Remedies Act, California's False Advertising Law, and Business & Professions code §§ 17200 et seq. | Riddles Dec., Ex. A at pp. 6, 8, and 9. |
| 15. The factual basis for the Class Action Complaint was that NIC manufactured and sold a colloidal silver dietary supplement "Sovereign Silver" for which NIC's claimed "immune support," was false and misleading. | Riddles Dec., at ¶¶ 1 – 2. |
| 16. Ms. Knowles' harbored no malice towards NIC at any point during her involvement in the Nilon v. NIC lawsuit. | Knowles Dec. ¶¶ 9-11. |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1601.116  4847-9788-4134.5

| Moving Party's Uncontroverted Facts | Moving Party's Supporting Evidence |
|---|---|
| 17. At all times Ms. Knowles believed the claims had merit pursuant to the CLRA. | Knowles Dec. ¶ 10. |
| 18. Ms. Knowles knowledge of the facts of the case was limited to what information was provided by Scott Ferrell and other employees within NTG in conjunction with information in the case file. | Knowles Dec. ¶¶ 5,7. |
| 19. Ms. Knowles has never spoken to, met, or had contact with Andrew Nilon or Giovanni Sandoval during the Nilon Action, or anytime thereafter. | Knowles Dec. ¶ 4; Knowles Depo. p. 204, ¶¶ 21 – 22; p. 220 ¶¶ 17 – 18; Riddles Dec., Ex F (NTG Response to Interrogatory No. 5); Tauler Dec. Ex D (June 7, 2017 Nilon depo at 66:24-67:7) |
| 20. Ms. Knowles completed assignments on a task-by-task basis as provided to her by Scott Ferrell and other attorneys and NTG when working on the Nilon v. NIC action during all relevant times. | Knowles Dec. ¶ 5; NIC's FAC at ¶ 380. Riddles Dec. Ex. B, p. 46, ¶¶ 1 – 9. |

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

5
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1601.116  4847-9788-4134.5

| Moving Party's Uncontroverted Facts | Moving Party's Supporting Evidence |
|---|---|
| 21.  Knowles was not involved in any strategic decisions made in the Nilon Action, had no involvement with the decision to add Giovanni Sandoval as a class representative in June or July of 2014, never spoke to either Scott Ferrell or Ryan Ferrell about Mr. Sandoval and did not draft any of the filings regarding Mr. Sandoval's inclusion as a class representative. | Knowles Dec. ¶ 9 |
| 22. Opposing counsel in the Nilon Case from 2013 until February 2015, Carlos Negrete, also confirmed at his depo that "Victoria didn't have knowledge of what was going on in the case." | Tauler Dec., Ex. A |
| 23.  The motion for sanctions filed in the Nilon Action by the Emord Firm on June 24, 2015 (seven months after a private investigator was engaged and over a month after the case was dismissed on May 20, 2015) makes no mention of Victoria Knowles. | Tauler Dec., Ex E (November 26, 2014 engagement of private investigator Clark Baker); Tauler Dec., Ex. F (June 24, 2015 Emord Sanctions Motion) |

/ / /

/ / /

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1601.116  4847-9788-4134.5

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

## **CONCLUSIONS OF LAW**

1.      Federal Rule of Civil Procedure "mandates the entry of summary judgment [in whole or in part] … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Cellotex Copr. v. Catrett*, 477 U.S. 317, 322-23 (1986).

2.       Summary judgment is appropriate if "there is no genuine dispute as to any material fact." Fed. R. Civ. Proc. 56(a).

3.      To successfully oppose the entry of summary judgment, the opposing party must establish material "facts that might affect the outcome of the suit under the governing law.  Factual disputes that are irrelevant or unnecessary will not be counted."  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

4.       Pursuant to Federal Rule of Civil Procedure 56(e), a non-moving plaintiff cannot "rest upon the mere allegations or denials of the adverse party's pleading" but must instead produce evidence that "set[s] forth specific facts showing that there is a genuine issue for trial."  *Id*. (internal quotation marks omitted).

5.      The underlying matter must have been either commenced or continued "at the direction of" the party being sued.  *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871–872; *Gressett v. Contra Costa County* (N.D. Cal., May 17, 2013, No. C-12-3798 EMC) 2013 WL 2156278, at *27 (t]he test is whether a defendant in such an action was actively instrumental or was the proximate cause of maliciously putting the law in motion."); *Jacques Interiors v. Petrak* (1987) 188 Cal.App.3d 1363, 1371–1372 (liability imposed when a defendant "instigates or procures the [action]").

6.      To establish a cause of action for malicious prosecution, a plaintiff must prove that the underlying action was: (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1601.116  4847-9788-4134.5

1   brought without probable cause; and (3) was initiated with malice. *Zamos v. Stroud*,

2   32 Cal. 4th 958, 12 Cal. Rptr. 3d 54, 87 P.3d 802, 807 (Cal. 2004).

3       7.    A plaintiff must also prove "resulting damage by way of attorneys' fees

4   incurred in defense, mental distress, and/or injury to reputation or social standing."

5   *Harbor Ins. Co. v. Cent. Nat'l Ins. Co.*, 165 Cal. App. 3d 1029, 211 Cal.Rptr. 902,

6   907 (Ct. App. 1985).

7       8.    It is a required element in a malicious prosecution action that an

8   attorney "acted with malice in pursuing the underlying litigation," a malicious

9   prosecution plaintiff "must do more" than rely on others' purpose. *Est. of Tucker ex*

10   *rel. Tucker v. Interscope Recs., Inc.*, 515 F.3d 1019, 1036 (9th Cir. 2008); see

11   *Zeavin*, 186 Cal.Rptr. at 548 (rejecting the "argument of joint liability of attorney and

12   client for the conduct of each other where both are joined as defendants in a

13   malicious prosecution action" and noting that "the client is not the agent of his

14   attorney"); see also *Morrison v. Rudolph*, 103 Cal.App.4th 506, 126 Cal.Rptr.2d 747,

15   752 (2002) "'Usually, the client imparts information upon which the attorney relies

16   in determining whether probable cause exists for initiating a proceeding. The rule is

17   that the attorney may rely on those statements as a basis for exercising judgment and

18   providing advice, unless the client's representations are known to be false.'" (quoting

19   Mallen & Smith, Legal Malpractice (5th ed.2000) § 6.19, p. 620) disapproved of on

20   other grounds by *Zamos*, 12 Cal.Rptr.3d 54, 87 P.3d at 802.).

21       9.    "The 'malice' element of the malicious prosecution tort relates to the

22   subjective intent or purpose with which the defendant acted in initiating the prior

23   action…" *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal. 3d 863, 254 Cal. Rptr. 336,

24   765 P.2d 498, 503 (Cal. 1989). "[W]here malice must be shown, only 'other,

25   additional evidence' apart from a lack of probable cause, is sufficient." *Swat-Fame,*

26   *Inc. v. Goldstein*, 101 Cal. App. 4th 613, 634 (Cal. Ct. App. 2002).  In other words,

27   "a lack of probable cause, standing alone, does not support an inference of malice."

28   *Swat-Fame*, 101 Cal. App. 4th at 634); see also *Downey Venture v. LMI Ins. Co.*, 66

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

8

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

Cal. App. 4th 478, 498 (Cal. Ct. App. 1998) ("[B]y itself, the conclusion that probable cause is absent logically tells the trier of fact nothing about the defendant's subjective state of mind."). "[T]he malice requisite to a cause of action for malicious prosecution is not the same thing as the failure to act as a reasonable person would under the circumstances." *Richter v. Neilson*, 11 Cal. App. 2d 503, 507, 54 P.2d 54, 56 (1936).

10.   To prevail on a malicious prosecution claim NIC must prove "'the prior action … was commenced by or at the direction of the defendant [in the malicious prosecution action].' [Citation.]". *Zamos*, *supra*, 32 Cal. 4th at p. 958, quoting *Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782 [226 Cal. Rptr. 90, 718 P.2d 77].) The case of *Sheldon Appel'*s has set the objective probable cause standard, and such an inference of malicious intent is no longer viable inference where there is a lack probable cause. *See e.g., Downey Venture v. LMI lns. Co.*, 66 Cal.App.4th 478 (1998)S; *Sangster v. Paetkau, 68 Cal.App.4th 151(1998)*; *Leonardini v. Shell Oil*, 216 Cal.App.3d 547 (1989.)

11.   "Although malice is usually a question of fact for the jury, '[s]ummary judgment on the basis of lack of malice is nonetheless appropriate when there is no evidence from which a reasonable fact finder could conclude that the defendant pursued the underlying action with malice.'" *Ritchie v. Sempra Energy*, No. 3:10-CV-1513-CAB-KSC, 2015 U.S. Dist. Lexis 189423 at *23 (S.D. Cal. Sept. 4, 2015), aff'd sub nom. *Ritchie v. Sempra Energy*, 703 F. App'x 501 (9th Cir. 2017), *quoting Est. of Tucker ex rel. Tucker v. Interscope Recs., Inc.*, 515 F.3d 1019, 1036 (9th Cir. 2008).

12.   A cause of action for malicious prosecution may be maintained unless the plaintiff establishes that the defendant in instituting the underlying action was actuated in his conduct by some improper or sinister motive. Emphasizing the importance of the malice element in a malicious prosecution action, the court in *Griswold v. Griswold*, 143 Cal. 617 [77 P. 672], stated, "As said by Chief Justice

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

1601.116 4847-9788-4134.5

1  Redfield in *Barron v. Mason,* 31 Vt. 189, 197: 'For it is found in almost every book

2  upon the subject, that if defendant, however causelessly, did really act in good faith

3  and without malice in preferring the charge, he cannot be made liable for a malicious

4  prosecution.'" *Richter v. Neilson*, 11 Cal. App. 2d 503, 507 (1936).

5  Dated: April 26, 2021                    BREMER WHYTE BROWN & O'MEARA
                                            LLP
6

7
                                   By: _____
8                                           Kyle A. Riddles
                                            Nicole Whyte
9                                           Benjamin Price
                                            Attorneys for Defendants
10                                          Ryan Ferrell; Victoria Knowles;
                                            Dave Reid; and Andrew Lee Baslow
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

10
STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
1601.116 4847-9788-4134.5

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660.

On April 26, 2021, I served the within document(s) described as:

**DEFENDANT VICTORIA KNOWLES' SEPARATE STATEMETN OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF, NIC'S, MALICIOUS PROSECUTION CLAIM**

on the interested parties in this action as stated on the attached mailing list.

☒   (BY CM/ECF) I hereby certify that I have caused the foregoing to be served upon counsel of record and all interested parties through the Court's electronic service system.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 26, 2021, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Laurinda L. Palacio | /s/ Laurinda L. Palacio |
| (Type or print name) | (Signature) |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1

1601.116  4828-1753-6181.1

1  | **<u>Natural-Immunogenics Corp. v. Newport Trial Group, et al</u>**

2  | **Case No. 8:15-cv-02034-JVS-JCG**

3  | **BWB&O CLIENT:       Ryan Ferrell; Victoria Knowles; Dave Reid; and Andrew Lee Baslow**

4

5  | **BWB&O FILE NO.:       1601.116**

6  | **<u>SERVICE LIST</u>**

7  | **James M Sabovich**
8  | jsabovich@callahan-law.com
   | mkingsbury@callahan-law.com

9  | **Peter A Arhangelsky**
   | parhangelsky@emord.com
10

11 | **Joshua S Furman**
   | jfurman@emord.com

12 | **Kristopher Price Diulio**
   | kdiulio@forddiulio.com
13

14 | **Brendan M Ford**
   | bford@forddiulio.com

15 | **Leah M Kaufman**
   | leah@leahmkaufman.com
16

17 | **Rosalyn Chapman (Ret.)**
   | rchapman@jamsadr.com

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

2

1601.116  4828-1753-6181.1