# EXHIBIT 4

Atkinson-Baker, a Veritext Company
www.depo.com

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              FOR THE CENTRAL DISTRICT OF CALIFORNIA

 3

 4
                                      )
 5    NATURAL-IMMUNOGENICS CORP.,     )
                                      )
 6          Plaintiff,                )
                                      ) Case No.
 7          vs.                       ) 8:15-cv-02034-JVS (JCG)
                                      )
 8    NEWPORT TRIAL GROUP, et al.,    ) (JW Ref. No.:  A270221)
                                      )
 9          Defendants.               )
                                      )
10                                    )

11

12               C O N F I D E N T I A L

13

14           DEPOSITION OF DAVID WENDELL REID

15                  Santa Ana, California

16             Wednesday, March 31, 2021

17

18

19

20

21   Reported by:
     RAQUEL L. BROWN
22   CSR No. 10026, RPR

23   Job No. CA 4524733

24

25   PAGES 1 - 209
```

Atkinson-Baker, a Veritext Company
www.depo.com

```
 1            IN THE UNITED STATES DISTRICT COURT

 2           FOR THE CENTRAL DISTRICT OF CALIFORNIA

 3

 4
                                       )
 5    NATURAL-IMMUNOGENICS CORP.,      )
                                       )
 6           Plaintiff,                )
                                       ) Case No.
 7           vs.                       ) 8:15-cv-02034-JVS (JCG)
                                       )
 8    NEWPORT TRIAL GROUP, et al.,     ) (JW Ref. No.:  A270221)
                                       )
 9           Defendants.               )
                                       )
10                                     )

11

12

13

14           Deposition of DAVID WENDELL REID,

15    taken on behalf of Plaintiff at 2700 North Main Street,

16    Suite 420, Santa Ana, California 92705, beginning at

17    9:05 a.m. and ending at 5:42 p.m. on Wednesday, March 31,

18    2021, before RAQUEL L. BROWN, Certified Shorthand Reporter

19    No. 10026, Registered Professional Reporter.

20

21

22

23

24

25
```

Atkinson-Baker, a Veritext Company
www.depo.com

```
 1   APPEARANCES:
 2
 3   For Plaintiff Natural Immunogenics Corp.:
 4        EMORD & ASSOCIATES, P.C.
 5        BY:  PETER A. ARHANGELSKY, Attorney at Law
 6        BY:  JOSHUA S. FURMAN, Attorney at Law
 7        2730 South Val Vista Drive, Building 6, Suite 133
 8        Gilbert, Arizona 85295
 9        (602) 388-8899
10        parhangelsky@emord.com
11        jfurman@emord.com
12        (APPEARING REMOTELY)
13
14
15   For Defendants Ryan Ferrell, Andrew Baslow, David Reid,
16   and Victoria Knowles:
17        BREMER WHYTE BROWN & O'MEARA, LLP
18        BY:  KYLE A. RIDDLES, Attorney at Law
19        20320 S.W. Birch Street, Second Floor
20        Newport Beach, California 92660
21        (949) 211-1000
22        kriddles@bremerwhyte.com
23
24
25
```

Atkinson-Baker, a Veritext Company
www.depo.com

```
 1   (APPEARANCES CONTINUED)
 2
 3   For Defendants/Counter-Claimants Newport Trial Group and
 4   Scott Ferrell:
 5        CALLAHAN & BLAINE
 6        BY:  DAVID J. DARNELL, Attorney at Law
 7        3 Hutton Centre Drive, Ninth Floor
 8        Santa Ana, California 92707
 9        (714) 241-4444
10        ddarnell@callahan-law.com
11
12
13   For Defendants Andrew Nilon, Giovanni Sandoval,
14   Sam Schoonover, Matthew Dronkers, Taylor Demulder, and
15   Sam Pfleg:
16        FORD & DIULIO, PC
17        BY:  BRENDAN M. FORD, Attorney at Law
18        650 Town Center Drive, Suite 760
19        Costa Mesa, California 92625
20        (714) 384-5540
21        bford@forddiulio.com
22        (APPEARING REMOTELY)
23
24   Also Present:
25   MICHAEL KELLEY, Videographer
```

Atkinson-Baker, a Veritext Company
www.depo.com

| | | |
|---|---|---|
| 1 | Q    So Mr. Schoonover called Himalaya Drug Company | |
| 2 | because Andrew Baslow gave him the phone number to do so, | |
| 3 | right? | |
| 4 |     MR. RIDDLES:  Objection, calls for speculation. | |
| 5 |     THE WITNESS:  I don't know. | 02:12:31 |
| 6 | BY MR. FURMAN: | |
| 7 |     Q    That's what the email says, right? | |
| 8 |     A    I mean, I see that that is written in the email. | |
| 9 | I don't have an independent testimony one way or the other | |
| 10 | on whether that happened or whether that occurred. | 02:12:49 |
| 11 |     Q    And so when you said this is one of our earlier | |
| 12 | ones so he didn't disclose any confidential information, | |
| 13 | you meant that because we direct them on how to make these | |
| 14 | calls as testers in our earliest cases, I guess we didn't | |
| 15 | tell them to have confidential information disclosed, | 02:13:22 |
| 16 | right? | |
| 17 |     A    No. | |
| 18 |     Q    What part of that is incorrect? | |
| 19 |     A    Well, you asked me about three questions, but I | |
| 20 | would answer no to all of them. | 02:13:38 |
| 21 |     Q    Okay.  Isn't it true that you and Mr. Ferrell | |
| 22 | believed that the more confidential or private a | |
| 23 | conversation was that was recorded in a wiretapping case, | |
| 24 | the more money could be got out of the settlement? | |
| 25 |     MR. RIDDLES:  Objection, vague. | 02:14:04 |

| | | |
|---|---|---|
| 1 | THE WITNESS: I don't know what -- first of all, I | |
| 2 | don't know what Mr. Ferrell believed or did not believe. | |
| 3 | Um, and I don't -- I don't agree that whether someone | |
| 4 | disclosing something private or confidential would impact | |
| 5 | the monetary value of any potential case or claims against | 02:14:23 |
| 6 | a company.  There's myriad factors that draw into any | |
| 7 | potential case, claims, damages, and resolutions on any | |
| 8 | CIPA action, including call volume, amount of calls that | |
| 9 | were recorded, the period of time in which it was | |
| 10 | recorded.  So -- so, no.  It -- I think your statement is | 02:14:52 |
| 11 | inaccurate. | |
| 12 | BY MR. FURMAN: | |
| 13 |    Q    So your testimony is whether or not private or | |
| 14 | confidential information was disclosed doesn't affect the | |
| 15 | settlement value at all? | 02:15:07 |
| 16 |    MR. DARNELL:  Objection, misstates prior testimony. | |
| 17 |    THE WITNESS:  That is -- that is not my testimony. | |
| 18 | But you wanted to simplify it into being just that and you | |
| 19 | asked me what Mr. Ferrell thought or considered.  I can't | |
| 20 | testify as to what Mr. Ferrell thought or considered, but | 02:15:24 |
| 21 | I can tell you that whether a confidential disclosure is | |
| 22 | made during a recorded call is one of many potential | |
| 23 | factors that could influence the scope of the claim, the | |
| 24 | potential liability to the defendant, statutory | |
| 25 | violations, um, and a potential liability for the company. | 02:15:49 |

Atkinson-Baker, a Veritext Company
www.depo.com

| | | |
|---|---|---|
| 1 | BY MR. FURMAN: | |
| 2 |     Q    Okay.  So the level of the private details that | |
| 3 | are given or the personal nature of them does then impact | |
| 4 | the amount that you believe you can settle an individual | |
| 5 | claim in a wiretapping case for; is that right? | 02:16:10 |
| 6 |     A    I disagree. | |
| 7 |     Q    It doesn't impact it? | |
| 8 |     A    It -- it is not the -- it is not the only | |
| 9 | impacting factor and your -- your comment or question, I | |
| 10 | think, indicates that you don't quite understand how | 02:16:34 |
| 11 | nuanced 632 or 632.7 can be because you asked under | |
| 12 | wiretap statute.  But if you'd like to talk about that, I | |
| 13 | mean, 632.7 has no requirement of a confidential | |
| 14 | disclosure, so, in fact, you know -- that's why I say it's | |
| 15 | myriad factors and there's a lot more than your | 02:16:58 |
| 16 | oversimplification here.  So -- | |
| 17 |     Q    I'm not asking if it's the only factor.  I'm | |
| 18 | asking if it is a factor and it sounds like you're saying | |
| 19 | it is. | |
| 20 |     A    I'm saying it potentially could, but I'm | 02:17:11 |
| 21 | clarifying to you, sir, that under 632.7 zero expectation | |
| 22 | of privacy or confidential communication is required in | |
| 23 | order to violate that section of the code.  So it can be a | |
| 24 | factor.  It is not necessarily a factor.  It depends on a | |
| 25 | number of things including many of which I, you know, | 02:17:35 |

Atkinson-Baker, a Veritext Company
www.depo.com

| | | |
|---|---|---|
| 1 | disclosed to you, possibly others. | |
| 2 |    Q    In the Himalaya Drug Company case the fact that | |
| 3 | Sam Schoonover did not disclose private information was a | |
| 4 | factor in your valuation of the settlement, right? | |
| 5 |    A    As I -- as I sit here today in 2012, there were | 02:17:56 |
| 6 | various factors that were considered and discussed, but | |
| 7 | again under 632.7, and I'd have to review the pleadings | |
| 8 | and look at that, a confidential disclosure is not | |
| 9 | required nor is necessary to have a -- an entity, a | |
| 10 | defendant violate the statute.  And so in that way it | 02:18:26 |
| 11 | would have zero effect on -- on the valuation or the -- | |
| 12 | the success of that claim. | |
| 13 |    Q    I placed Exhibit 608 back in front of you.  This | |
| 14 | is an email that you sent to Scott Ferrell regarding the | |
| 15 | update on the Himalaya Drug settlement. | 02:18:50 |
| 16 |    A    Yes.  I have that in front of me. | |
| 17 |    Q    What was that? | |
| 18 |    A    I said, yes, I have that in front of me. | |
| 19 |    Q    Okay.  And in the second paragraph you describe | |
| 20 | how Harris's call was not recorded and Schoonover's | 02:19:08 |
| 21 | transcript indicated no confidential information and he | |
| 22 | just asked what their most successful product is and then | |
| 23 | nothing else is disclosed and the conversation ends.  Do | |
| 24 | you see that? | |
| 25 |    A    I could see that. | 02:19:23 |

CONFIDENTIAL

```
 4            I, the undersigned, a Certified Shorthand
 5   Reporter of the State of California, do hereby certify:
 6            That the foregoing proceedings were taken before
 7   me at the time and place herein set forth; that any
 8   witnesses in the foregoing proceedings, prior to
 9   testifying, were placed under oath; that a verbatim record
10   of the proceedings was made by me using machine shorthand
11   which was thereafter transcribed under my direction;
12   further, that the foregoing is an accurate transcription
13   thereof.
14            I further certify that I am neither financially
15   interested in the action nor a relative or employee of any
16   attorney or any of the parties.
17            IN WITNESS WHEREOF, I have this date subscribed
18   my name.

20   Dated:  4/8/21


     [signature]

     RAQUEL L. BROWN
24   CSR No. 10026, RPR.


     Signature requested
```

Page 209