**FILED PUBLICLY PURSUANT TO COURT ORDER AT DOCKET NO. 1116**

# EXHIBIT 38

1  **CALLAHAN & BLAINE, APLC**
   Edward Susolik, Esq. (SBN 151081)
2  ES@callahan-law.com
   Michael S. LeBoff, Esq. (SBN 204612)
3  Mleboff@callahan-law.com
   3 Hutton Centre Drive, Ninth Floor
4  Santa Ana, California 92707
   Telephone: (714) 241-4444
5  Facsimile: (714) 241-4445

6  Attorneys for NEWPORT TRIAL GROUP; SCOTT J.
   FERRELL; RYAN M. FERRELL; VICTORIA C.
7  KNOWLES; DAVID REID and ANDREW LEE
   BASLOW

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10

11 NATURAL IMMUNOGENICS            **CASE NO. 8:15-cv-02034-JVS-JCG**
   CORP.,
12                                 **DEFENDANT NEWPORT TRIAL
                Plaintiff,          GROUP'S RESPONSES TO
13                                  PLAINTIFF NATURAL
        v.                          IMMUNOGENIC CORP.'S
14                                  INTERROGATORIES [SET ONE]**
   NEWPORT TRIAL GROUP, et al.,
15                                 Judge:    Hon. James Selna
                Defendants.        Dept.:    10C
16
                                   Complaint Filed: December 7, 2015
17                                 Trial Date: December 5, 2017

18

19 PROPOUNDING PARTY:       PLAINTIFF, NATURAL IMMUNOGENICS

20                          CORP

21 RESPONDING PARTY:        DEFENDANT, NEWPORT TRIAL GROUP

22 SET NUMBER:              One (1)

23     Defendant NEWPORT TRIAL GROUP ("Defendant" or "Responding

24 Party"), hereby responds as follows to the First Set of Interrogatories propounded by

25 Plaintiff NATURAL IMMUNOGENICS CORP. ("Plaintiff" or "Propounding

26 Party"):

27

28

EXHIBIT 555
Ryan Ferrell
10/29/2020
Reported by Summer Greene, RMR, CRR

---

                   NTG's Resp to NIC's ROGS Set 1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

## PRELIMINARY STATEMENT

It should be noted that Defendant has not yet fully completed its investigation of the facts relating to this lawsuit. Therefore, the statements made herein are based upon such information and documents as are presently available, and specifically known to Defendant and disclose only those facts and documents, which presently are available to Defendant. It is anticipated that future independent investigation and legal research and analysis will make known the existence of additional facts and documents and will add further significance to the known facts and documents, all of which may lead to substantial additions to, and changes and variations of, the facts and documents set forth herein.

The following responses are given without prejudice to the right to produce evidence of any fact, which may later be recalled or discovered. Defendant accordingly reserves its right to change any responses as additional facts are ascertained, documents are discovered, analyses are made, legal research is completed and the issues are framed. The statements set forth below and documents produced are made in a good faith effort to supply as much relevant factual information and identify documents as possible, but in no way are prejudicial to Defendant's rights and interests, particularly in relation to future investigation, research, and analysis.

Based on the foregoing, the information set forth below is provided without representation, express or implied, as to the existence or nonexistence of other possibly responsive information.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify every individual who served as a Tester plaintiff for you in a case involving claims under California Penal Code sections 632.7, and/or 637.2, and/or 632, and for each individual identified, what payments were made to them (i.e., from whom, date of payment, amount of payment), if any, and what form of

- 2 -

1   payment was made to each.  If no monetary payment was made but a thing of value

2   given, please identify the thing of value, the date it was conveyed, and from whom it

3   was conveyed.

4   **RESPONSE TO INTERROGATORY NO. 1:**

5          Defendant objects on the grounds that the interrogatory is overly broad,

6   compound, and seeks confidential and privileged information that is not relevant to

7   any issue in this case, nor reasonably calculated to lead to the discovery of

8   admissible evidence.  Defendant further objects on the ground that the request is not

9   proportional to the needs of the case.  Defendant further objects on the ground that

10  the request goes beyond the permissible scope of discovery established at the

11  Scheduling Conference, particularly, the following:

12          THE COURT: Okay. One thing I'm concerned about is the

13          potential number of other lawsuits that you are going to

14          want to inquire into.

15          MR. ARHANGELSKY: Let me address that. Our

16          Amended Complaint is due tomorrow, and we intend to

17          substantially narrow the scope of our RICO allegations. I

18          believe in its current format our Amended Complaint will

19          inquire into about seven to eight specific cases. We are

20          reducing the number of RICO defendants.

21          The discovery taken with respect to those cases within

22          those cases is also narrow. We are not relitigating these

23          cases. We are looking only at recruitment, acquisition,

24          those types of aspects of the relationship early before the

25          cases are often even filed. So with that, we think our

26          Amended Complaint will be far more circumscribed

27          certainly imposing no greater burdens than many other

28          civil cases.

- 3 -

NTG's Resp to NIC's ROGS Set 1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  THE COURT: Well, that sounds like a reasonable

2  limitation, seven or eight cases to explore at least initially.

3  (May 9, 2016 Transcript at 7:10-8:4).  Defendant further objects on the ground that

4  the request infringes on third-parties constitutional right to privacy, seeks

5  disclosures of confidential settlement agreements, terms and related

6  communications.

7

8  **INTERROGATORY NO. 2:**

9  Identify every individual who served as a Tester plaintiff for you in a case

10  involving California Business and Professions Code sections 17500 (FAL), and/or

11  17200 (UCL), and/or California Civil Code section 1750 (CLRA) claims, and for

12  each individual identified, what payment(s) were made to them (i.e., from whom,

13  date of payment, amount of payment), if any, and what form of payment was made

14  to each.  If no monetary payment was made but a thing of value given, please

15  identify the thing of value, the date it was conveyed, and from whom it was

16  conveyed.

17  **RESPONSE TO INTERROGATORY NO. 2:**

18  Defendant objects on the grounds that the interrogatory is overly broad,

19  compound, and seeks confidential and privileged information that is not relevant to

20  any issue in this case, nor reasonably calculated to lead to the discovery of

21  admissible evidence.  Defendant further objects on the ground that the request is not

22  proportional to the needs of the case.  Defendant further objects on the ground that

23  the request goes beyond the permissible scope of discovery established at the

24  Scheduling Conference, particularly, the following:

25  THE COURT: Okay. One thing I'm concerned about is the

26  potential number of other lawsuits that you are going to

27  want to inquire into.

28

- 4 -

NTG's Resp to NIC's ROGS Set 1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   MR. ARHANGELSKY: Let me address that. Our

2   Amended Complaint is due tomorrow, and we intend to

3   substantially narrow the scope of our RICO allegations. I

4   believe in its current format our Amended Complaint will

5   inquire into about seven to eight specific cases. We are

6   reducing the number of RICO defendants.

7   The discovery taken with respect to those cases within

8   those cases is also narrow. We are not relitigating these

9   cases. We are looking only at recruitment, acquisition,

10   those types of aspects of the relationship early before the

11   cases are often even filed. So with that, we think our

12   Amended Complaint will be far more circumscribed

13   certainly imposing no greater burdens than many other

14   civil cases.

15   THE COURT: Well, that sounds like a reasonable

16   limitation, seven or eight cases to explore at least initially.

17   (May 9, 2016 Transcript at 7:10-8:4).  Defendant further objects on the ground that

18   the request infringes on third-parties constitutional right to privacy, seeks

19   disclosures of confidential settlement agreements, terms and related

20   communications.

21

22   **INTERROGATORY NO. 3:**

23   Identify every phone number used by NTG (including facsimile lines, direct

24   lines to attorneys, paralegals, administrators, investigators, or any other employee or

25   agent, or cellular lines) to communicate with NTG clients, potential clients, or

26   opposing parties (including their attorney(s)), since January 1, 2010.

27

28

- 5 -

NTG's Resp to NIC's ROGS Set 1

1 | **RESPONSE TO INTERROGATORY NO. 3:**

2     Defendant objects on the grounds that the interrogatory is overly broad,

3 compound, and seeks confidential and privileged information that is not relevant to

4 any issue in this case, nor reasonably calculated to lead to the discovery of

5 admissible evidence.  Defendant further objects on the ground that the request is not

6 proportional to the needs of the case.  Furthermore, to the extent the request seeks

7 information that relates to cases or clients not at issued in the Second Amended

8 Complaint, the request goes beyond the permissible scope of discovery established

9 at the Scheduling Conference, particularly, the following:

10     THE COURT: Okay. One thing I'm concerned about is the

11     potential number of other lawsuits that you are going to

12     want to inquire into.

13     MR. ARHANGELSKY: Let me address that. Our

14     Amended Complaint is due tomorrow, and we intend to

15     substantially narrow the scope of our RICO allegations. I

16     believe in its current format our Amended Complaint will

17     inquire into about seven to eight specific cases. We are

18     reducing the number of RICO defendants.

19     The discovery taken with respect to those cases within

20     those cases is also narrow. We are not relitigating these

21     cases. We are looking only at recruitment, acquisition,

22     those types of aspects of the relationship early before the

23     cases are often even filed. So with that, we think our

24     Amended Complaint will be far more circumscribed

25     certainly imposing no greater burdens than many other

26     civil cases.

27     THE COURT: Well, that sounds like a reasonable

28     limitation, seven or eight cases to explore at least initially.

- 6 -

NTG's Resp to NIC's ROGS Set 1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   (May 9, 2016 Transcript at 7:10-8:4).  Defendant further objects on the ground that

2   the request infringes on third-parties constitutional right to privacy.

3

4   **INTERROGATORY NO. 4:**

5       Identify every email address and the account information for same (i.e.,

6   account holder, service provider, dates of service) associated with NTG, its

7   attorneys, paralegals, administrators, investigators, or any other employee or agent,

8   that has been used since January 1, 2010.

9   **RESPONSE TO INTERROGATORY NO. 4:**

10      Defendant objects on the grounds that the interrogatory is overly broad,

11  compound, and seeks confidential and privileged information that is not relevant to

12  any issue in this case, nor reasonably calculated to lead to the discovery of

13  admissible evidence.  Defendant further objects on the ground that the request is not

14  proportional to the needs of the case.  Furthermore, to the extent the request seeks

15  information that relates to cases or clients not at issued in the Second Amended

16  Complaint, the request goes beyond the permissible scope of discovery established

17  at the Scheduling Conference, particularly, the following:

18      THE COURT: Okay. One thing I'm concerned about is the

19      potential number of other lawsuits that you are going to

20      want to inquire into.

21      MR. ARHANGELSKY: Let me address that. Our

22      Amended Complaint is due tomorrow, and we intend to

23      substantially narrow the scope of our RICO allegations. I

24      believe in its current format our Amended Complaint will

25      inquire into about seven to eight specific cases. We are

26      reducing the number of RICO defendants.

27      The discovery taken with respect to those cases within

28      those cases is also narrow. We are not relitigating these

- 7 -

NTG's Resp to NIC's ROGS Set 1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   cases. We are looking only at recruitment, acquisition,

2   those types of aspects of the relationship early before the

3   cases are often even filed. So with that, we think our

4   Amended Complaint will be far more circumscribed

5   certainly imposing no greater burdens than many other

6   civil cases.

7   THE COURT: Well, that sounds like a reasonable

8   limitation, seven or eight cases to explore at least initially.

9   (May 9, 2016 Transcript at 7:10-8:4). Defendant further objects on the ground that

10   the request infringes on third-parties constitutional right to privacy.

11

12   **INTERROGATORY NO. 5:**

13   Identify each instance of an NTG attorney communicating with Andrew

14   Nilon prior to the filing of the original state court complaint in the Nilon v. Natural-

15   Immunogenics action, and identify the date, time and medium (e.g., telephone,

16   email, text message) of each communication responsive to this Interrogatory.

17   **RESPONSE TO INTERROGATORY NO. 5:**

18   Defendant responds as follows: Defendant does not believe that any NTG

19   attorney communicated directly with Mr. Nilon prior to filing the original state court

20   complaint in the Nilon v. Natural-Immunogenics act. Defendant believes Andrew

21   Baslow, who is not an attorney, communicated on behalf of Defendant with Mr.

22   Nilon prior to the filing the state court lawsuit in the underlying matter.

23

24   **INTERROGATORY NO. 6:**

25   Identify all cases in which any lawyer employed by NTG or associated as co-

26   counsel to NTG has been reprimanded, admonished, sanctioned, held in contempt,

27   or convicted of a crime by any bar, any court, or any administrative agency and

28   describe the circumstances of any such instances.

- 8 -

NTG's Resp to NIC's ROGS Set 1

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects on the grounds that the interrogatory is overly broad, compound, and seeks confidential and privileged information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the ground that the request is not proportional to the needs of the case. Furthermore, to the extent the request seeks information that relates to cases or clients not at issue in the Second Amended Complaint, the request goes beyond the permissible scope of discovery established at the Scheduling Conference, particularly, the following:

THE COURT: Okay. One thing I'm concerned about is the potential number of other lawsuits that you are going to want to inquire into.

MR. ARHANGELSKY: Let me address that. Our Amended Complaint is due tomorrow, and we intend to substantially narrow the scope of our RICO allegations. I believe in its current format our Amended Complaint will inquire into about seven to eight specific cases. We are reducing the number of RICO defendants.

The discovery taken with respect to those cases within those cases is also narrow. We are not relitigating these cases. We are looking only at recruitment, acquisition, those types of aspects of the relationship early before the cases are often even filed. So with that, we think our Amended Complaint will be far more circumscribed certainly imposing no greater burdens than many other civil cases.

THE COURT: Well, that sounds like a reasonable limitation, seven or eight cases to explore at least initially.

- 9 -

NTG's Resp to NIC's ROGS Set 1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1 (May 9, 2016 Transcript at 7:10-8:4).  Defendant further objects to the extent the

2 interrogatory could be interpreted to apply to any sanctions, reprimands,

3 admonishments, contempt findings or conviction by any NTG attorney prior to or

4 after their employment with NTG, or any NTG co-counsel in any matter in which

5 they were not co-counsel to NTG.  Defendant further objects to the extent the

6 request requires Defendant obtain information from individuals no longer affiliated

7 with NTG.  Defendant further objects on the ground that the term "admonished" is

8 vague and ambiguous, and therefore, will exclude admonishments from any

9 response.  Defendant further objects on the ground that the term "reprimanded" is

10 vague and ambiguous, and therefore, will limit its response only to formal

11 reprimands.  Defendant further objects to the extent it requires the responding party

12 to review every docket of every case NTG has been involved with over the past 7.5

13 years, and NTG declines to undertake that unreasonable burden.  Subject to and

14 without waiving the above, Defendant responds as follows:  Except as noted below,

15 NTG does not believe that any attorney was sanctioned, reprimanded, held in

16 contempt, or convicted of a crime in any of the eight matters identified in the

17 Second Amended Complaint; however, to the extent any order could be construed as

18 a sanction or reprimand, the order would be available from the Court and is equally

19 available to Plaintiff..  Defendant David Reid was formally reprimanded in the

20 present matter.  Plaintiff is aware of the circumstances of such reprimand so there is

21 no need to restate the circumstances in this response.  On or about August 11, 2014,

22 Defendants Ryan Ferrell and Scott Ferrell were sanctioned $5,053.90 in the

23 underlying case because Mr. Nilon failed to attend a deposition in May 2014.  To

24 the best of Defendant's present recollection, no NTG lawyer has been held in

25 contempt in any matter during the relevant time period.  To the best of Defendant's

26 present recollection, no NTG lawyer has been disciplined by any state bar or other

27 administrative agency during the relevant time period.  To the best of Defendant's

28

- 10 -

NTG's Resp to NIC's ROGS Set 1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   present recollection, no NTG lawyer has been convicted of a crime relating to the

2   practice of law during the relevant time period.

3

4   **INTERROGATORY NO. 7:**

5        Identify the date, time, location and participants for all in-person

6   communications between You and the following individuals:

7        • Andrew Nilon;

8        • Giovanni Sandoval;

9        • Sam Schoonover;

10       • Taylor Demulder;

11       • Sam Pfleg;

12       • Matthew Dronkers;

13       • Raquel Torres; and

14       • Dan Bobba.

15  **RESPONSE TO INTERROGATORY NO. 7:**

16       Defendant objects on the grounds that the interrogatory is overly broad,

17  compound, and seeks confidential and privileged information that is not relevant to

18  any issue in this case, nor reasonably calculated to lead to the discovery of

19  admissible evidence.  Defendant further objects on the ground that the request is not

20  proportional to the needs of the case.  Furthermore, because this interrogatory

21  contains eight distinct subparts, Defendant will consider this interrogatory to be

22  eight separate interrogatories to count against the total number of interrogatories

23  Plaintiff is permitted to propound in this case. See Fed.R.Civ.Proc. 33 1993

24  Advisory Committee Notes ("Parties cannot evade this presumptive limitation

25  through the device of joining as 'subparts' questions that seek information about

26  discrete separate subjects."); Kendall v. GES Exposition Servs., 174 F.R.D. 684,

27  685-686 (D. Nev. 1997) ("[D]iscrete or separate questions should be counted as

28  separate interrogatories, notwithstanding they are joined by a conjunctive word and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 11 -

1   may be related."). Defendant further objects to the extent the request requires

2   Defendant to identify every possible in person meeting over a seven year period, and

3   Defendants do not maintain records that would record the existence of each in

4   person meeting. Defendant's response is limited to information in its present

5   recollection as well as its review of readily available information. Defendant further

6   objects on the ground the term "in person" meeting is vague and ambiguous.

7   Defendant understands that term to refer only to live, face-to-face meetings, and is

8   excluding from its response, any written or telephonic communications. Subject to

9   and without waiving the above, Defendant responds as follows:

10       **Andrew Nilon:** Andrew Baslow met with Mr. Nilon in person at a Starbucks

11   in Newport Beach on or about March 2, 2012. Responding party cannot recall any

12   additional "in-person" meetings with Mr. Nilon; however, discovery and

13   investigation are ongoing.

14       **Giovanni Sandoval:** Ryan Ferrell recalls several in person meetings with

15   Mr. Sandoval, but cannot recall the specific dates and times of those meetings.

16   Defendant recalls meeting with Mr. Sandoval in January 2014. Defendant also met

17   with Mr. Sandoval in April/May 2014. Defendant recalls meeting with Mr.

18   Sandoval in the Fall of 2014. Defendant recalls meeting with Mr. Sandoval in the

19   Winter of 2015. Defendant cannot recall the exact location of each of the above-

20   described meetings, but believes that each took place at a mall in or near El Cajon,

21   California. Finally, Defendant recalls meeting with Mr. Sandoval on April 19,

22   2015. That meeting took place at a hotel in Irvine, California. Defendant also

23   attended the deposition of Mr. Sandoval on April 20, 2015. In total, Defendant

24   believes that he had six to eight meetings with Mr. Sandoval in connection with the

25   prior lawsuit, although it is possible that there were additional meetings that

26   Defendant cannot presently recall. Defendants also recalls meeting with Mr.

27   Sandoval two or three times in and around December 2015. Those meetings took

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 12 -

NTG's Resp to NIC's ROGS Set 1

1   place in or around Phoenix, Arizona.  Defendant also recalls meeting with Mr.

2   Sandoval on or about February 17, 2016 in Yuma, Arizona.

3      **Sam Schoonover:**  Andrew Baslow met Mr. Schoonover at a party on March

4   17, 2012 in Yorba Linda.  The two did not discuss Newport Trial Group or anything

5   related to any cases or disputes.  Responding party cannot recall any additional "in-

6   person" meetings with Mr. Schoonover; however, discovery and investigation are

7   ongoing.

8      **Taylor Demulder:**  Andrew Baslow met with Mr. Demulder in Las Vegas.

9   Defendant believes that meeting was on or about January 10, 2014.  David Reid met

10  Taylor Demulder on May 25, 2016 in connection with Mr. Demulder's deposition in

11  the lawsuit that Carter-Reed filed against Mr. Demulder.  The deposition lasted

12  approximately 2½ hours and Mr. Reid met with Mr. Demulder privately for

13  approximately thirty minutes after the conclusion of the deposition.  Responding

14  party cannot recall any additional "in-person" meetings with Mr. Demulder;

15  however, discovery and investigation are ongoing.

16     **Sam Pfleg:**  Defendant does not recall any "in-person" meetings with Mr.

17  Pfleg; however, discovery and investigation are ongoing.

18     **Matthew Dronkers:**  Defendant does not recall any "in-person" meetings

19  with Mr. Dronkers; however, discovery and investigation are ongoing.

20     **Raquel Torres:**  Scott Ferrell had a brief in-person meeting with Ms. Torres

21  prior to her deposition on February 20, 2013.  James Hardin, who is no longer

22  affiliated with NTG, attended the deposition of Ms. Torres on February 22, 2013

23  and would have met with Ms. Torres prior to the deposition.  Defendant does not

24  recall any other "in-person" meetings with Ms. Torres; however, discovery and

25  investigation are ongoing.

26     **Dan Bobba:**  Ryan Ferrell met with Mr. Bobba on or about September 5,

27  2010 in San Jose, California.  Wynn Ferrell was also present at that meeting on

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 13 -

NTG's Resp to NIC's ROGS Set 1

1  behalf of Newport Trial Group.  Defendant does not recall any other "in-person"

2  meetings with Mr. Bobba; however, discovery and investigation are ongoing.

3

4  **INTERROGATORY NO. 8:**

5      For each case listed, identify every attorney who performed work on the case

6  or entered a time entry in the case:

7  - Nilon v. Natural-Immunogenics Corp., No. 3:12-cv-930-LAB;

8  - Nilon v. Chromadex, No. 56-2013-00436790-CU-MT-VTA (Sup. Ct.

9     Ventura Cnty. 2013);

10 - Schoonover v. Himalaya Drug Co., No. 12-cv-1782 (S.D. Cal. July 19,

11    2012);

12 - Dronkers v. Kiss My Face, LLC, No. 3:12-01151-JAH (S.D. Cal. May

13    11, 2012);

14 - Sam Pfleg v. Nature's Way Products, Inc., No. 37-2012-0051979-CU-

15    MT-NC (Sup. Ct. San Diego Cnty. 2012);

16 - Torres v. Nutrisystem Inc., et al., No. 12-cv-1854 (C.D. Cal. 2013);

17    and,

18 - Morales, et al. v. Magna, Inc., et al., No. 3:10-cv-1601-EDL (N.D. Cal.

19    filed Apr. 14, 2010).

20 **RESPONSE TO INTERROGATORY NO. 8:**

21     Defendant objects on the grounds that the interrogatory is overly broad,

22 compound, and seeks confidential and privileged information that is not relevant to

23 any issue in this case, nor reasonably calculated to lead to the discovery of

24 admissible evidence.  Defendant further objects on the ground that the request is not

25 proportional to the needs of the case.  Furthermore, because this interrogatory

26 contains seven distinct subparts, Defendant will consider this interrogatory to be

27 seven separate interrogatories to count against the total number of interrogatories

28 Plaintiff is permitted to propound in this case. See Fed.R.Civ.Proc. 33 1993

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 14 -

NTG's Resp to NIC's ROGS Set 1

1  Advisory Committee Notes ("Parties cannot evade this presumptive limitation

2  through the device of joining as 'subparts' questions that seek information about

3  discrete separate subjects."); Kendall v. GES Exposition Servs., 174 F.R.D. 684,

4  685-686 (D. Nev. 1997) ("[D]iscrete or separate questions should be counted as

5  separate interrogatories, notwithstanding they are joined by a conjunctive word and

6  may be related.").  Defendant did not track time for the seven matters identified

7  above, and objects to the extent it requires Defendant to do an exhaustive review of

8  the entire case file to determine all attorneys who performed work on the case.

9  Defendant's response is based on its present recollection as well as its review of

10  files readily ascertainable.  Defendant further objects to the term "performed work

11  on the case," as vague and ambiguous.  Defendant further objects to the extent the

12  request requires Defendant to identify attorneys at other law firms who may have

13  also performed work on each of the cases referenced below, and therefore, limits its

14  response to NTG Defendants.  Subject to and without waiving the above, Defendant

15  responds as follows:

16      **Nilon v. Natural-Immunogenics Corp., No. 3:12-cv-930-LAB:**  Scott

17  Ferrell, Ryan Ferrell, Victoria Knowles, Steven Telles, David Reid and Richard

18  Hikida.

19      **Nilon v. Chromadex, No. 56-2013-00436790-CU-MT-VTA (Sup. Ct.**

20  **Ventura Cnty. 2013):**  Scott Ferrell, David Reid and Victoria Knowles.

21      **Schoonover v. Himalaya Drug Co., No. 12-cv-1782 (S.D. Cal. July 19,**

22  **2012):**  Scott Ferrell, Victoria Knowles, David Reid

23      **Dronkers v. Kiss My Face, LLC, No. 3:12-01151-JAH (S.D. Cal. May 11,**

24  **2012):**  Scott Ferrell and Victoria Knowles.

25      **Sam Pfleg v. Nature's Way Products, Inc., No. 37-2012-0051979-CU-MT-**

26  **NC (Sup. Ct. San Diego Cnty. 2012):**  Scott Ferrell, Ryan Ferrell, Victoria

27  Knowles and Steven Telles.

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 15 -

NTG's Resp to NIC's ROGS Set 1

1   **Torres v. Nutrisystem Inc., et al., No. 12-cv-1854 (C.D. Cal. 2013):**   Scott

2   Ferrell, Ryan Ferrell, Victoria Knowles, Steven Telles, David Reid, Richard Hikida,

3   and James Hardin.

4   **Morales, et al. v. Magna, Inc., et al., No. 3:10-cv-1601-EDL (N.D. Cal.**

5   **filed Apr. 14, 2010):**   Scott Ferrell, Roger Borg, Michael Velarde and Ryan Ferrell.

6

7   **INTERROGATORY NO. 9:**

8   For each case listed, identify the amount of revenue that you received (if any)

9   in connection with any settlement or judgment obtained, and the amount paid (if

10   any) to any plaintiff associated with the listed case(s):

11   - Nilon v. Natural-Immunogenics Corp., No. 3:12-cv-930-LAB;

12   - Nilon v. Chromadex, No. 56-2013-00436790-CU-MT-VTA (Sup. Ct.

13     Ventura Cnty. 2013);

14   - Schoonover v. Himalaya Drug Co., No. 12-cv-1782 (S.D. Cal. July 19,

15     2012);

16   - Dronkers v. Kiss My Face, LLC, No. 3:12-01151-JAH (S.D. Cal. May

17     11, 2012);

18   - Sam Pfleg v. Nature's Way Products, Inc., No. 37-2012-0051979-CU-

19     MT-NC (Sup. Ct. San Diego Cnty. 2012);

20   - Torres v. Nutrisystem Inc., et al., No. 12-cv-1854 (C.D. Cal. 2013);

21     and,

22   - Morales, et al. v. Magna, Inc., et al., No. 3:10-cv-1601-EDL (N.D. Cal.

23     filed Apr. 14, 2010).

24   **RESPONSE TO INTERROGATORY NO. 9**

25   Defendant objects on the grounds that the interrogatory is overly broad,

26   compound, and seeks confidential and privileged information that is not relevant to

27   any issue in this case, nor reasonably calculated to lead to the discovery of

28   admissible evidence.  Furthermore, because this interrogatory contains seven

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 16 -

NTG's Resp to NIC's ROGS Set 1

1   distinct subparts, Defendant will consider this interrogatory to be eight separate

2   interrogatories to count against the total number of interrogatories Plaintiff is

3   permitted to propound in this case. <u>See</u> Fed.R.Civ.Proc. 33 1993 Advisory

4   Committee Notes ("Parties cannot evade this presumptive limitation through the

5   device of joining as 'subparts' questions that seek information about discrete

6   separate subjects."); <u>Kendall v. GES Exposition Servs.</u>, 174 F.R.D. 684, 685-686

7   (D. Nev. 1997) ("[D]iscrete or separate questions should be counted as separate

8   interrogatories, notwithstanding they are joined by a conjunctive word and may be

9   related."). Defendant further objects to the extent requested information is subject

10  to a confidentiality provision. Subject to and without waiving the above, Defendant

11  responds as follows:

12  **Nilon v. Natural-Immunogenics Corp., No. 3:12-cv-930-LAB:** Defendant

13  did not receive any revenue in connection with this matter. Defendant's clients,

14  Andrew Nilon and Giovanni Sandoval, were not paid any money in connection with

15  this matter.

16

17  **RESPONSE CONTINUED ON NEXT PAGE**

18

19

20

21

22

23

24

25

26

27

28

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 17 -

NTG's Resp to NIC's ROGS Set 1

DECLARATION OF JOSHUA S. FURMAN                    EXHIBIT 38

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER**

**Nilon v. Chromadex, No. 56-2013-00436790-CU-MT-VTA (Sup. Ct. Ventura Cnty. 2013):** Mr. Nilon was not paid any money in connection with the lawsuit which was dismissed without prejudice prior to any settlement being reached. Mr. Nilon settled his dispute with Chromadex for $8,500. Mr. Nilon received $1,000 and the remainder was paid to Newport Trial Group.

**Schoonover v. Himalaya Drug Co., No. 12-cv-1782 (S.D. Cal. July 19, 2012):** This matter settled for $17,500. Mr. Schoonover and a second plaintiff, Randall Harris, received $2,000 each. The remaining $13,500 was paid to Newport Trial Group.

**Dronkers v. Kiss My Face, LLC, No. 3:12-01151-JAH (S.D. Cal. May 11, 2012):** Newport Trial Group received $5,138.05 as part of the settlement of this matter. Responding party believes that Mr. Dronker's portion of the settlement payment was sent to him by co-counsel, Kirtland & Packard. Defendant believes that Mr. Dronkers received $1,500.

**Sam Pfleg v. Nature's Way Products, Inc., No. 37-2012-0051979-CU-MT-NC (Sup. Ct. San Diego Cnty. 2012):** Mr. Pfleg settled his dispute with Nature's Way for $62,000. Mr. Pfleg received $2,000, and the remainder was paid to Newport Trial Group.

**Torres v. Nutrisystem Inc., et al., No. 12-cv-1854 (C.D. Cal. 2013):** Ms. Torres settled her dispute with Nutrisystem for $5,000. MS. Torres received $2,000 and the remainder was paid to Newport Trial Group.

**Morales, et al. v. Magna, Inc., et al., No. 3:10-cv-1601-EDL (N.D. Cal. filed Apr. 14, 2010):** Because this case was resolved nearly six years ago, Defendant has been unable to locate its entire file on this matter. Nevertheless, Defendant believes that it received $1,000 as part of a settlement of the case, and the entirety of that amount may have been paid to Mr. Bobba.

- 18 -

NTG's Resp to NIC's ROGS Set 1

1  
2  Dated: July 7, 2016                    **CALLAHAN & BLAINE, APLC**

3                                         By:   */s/ Michael LeBoff*
                                              Edward Susolik
4                                             Michael S. LeBoff
                                              Attorneys for NEWPORT TRIAL
5                                             GROUP; SCOTT J. FERRELL; RYAN
                                              M. FERRELL; VICTORIA C.
6                                             KNOWLES; DAVID REID and
                                              ANDREW LEE BASLOW
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -

NTG's Resp to NIC's ROGS Set 1

DECLARATION OF JOSHUA S. FURMAN                    EXHIBIT 38

1      <u>**VERIFICATION**</u>

2          I, Scott Ferrell, am a partner at Newport Trial Group, and am authorized to

3    sign this declaration on its behalf.  I have reviewed the foregoing responses to

4    Defendant Newport Trial Group's Responses To Plaintiff Natural Immunogenic

5    Corp.'s  Interrogatories [Set One].  I declare under penalty of perjury of the laws of

6    the United States of America, that, while I do not have personal knowledge of all

7    facts stated in response to these interrogatories, to the best of my knowledge, the

8    responses to the interrogatories are accurate.  Executed this __ day of July 2016 at

9    Newport Beach, California.

10

11

12                                         Scott Ferrell

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 19 -

NTG's Resp to NIC's ROGS Set 1

1

PROOF OF SERVICE

(CODE CIV. PROC. § 1013A(3))

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is **3 Hutton Centre Drive, Ninth Floor, Santa Ana, California 92707.**

4

5

On July 7, 2016, I served the following document(s) described as **DEFENDANT NEWPORT TRIAL GROUP'S RESPONSES TO PLAINTIFF NATURAL IMMUNOGENIC CORP.'S INTERROGATORIES [SET ONE]**

6

7

on the interested parties in this action by placing: ☐ the original ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

8

9

Please see attached "Service List".

10

☒   **BY MAIL:** I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

11

12

13

14

☐   **BY PERSONAL SERVICE:** I caused such envelope to be hand delivered by Nationwide Legal to the addressees below.

15

16

☐   **BY FEDERAL EXPRESS:** I deposited such envelopes at Santa Ana, California for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by Federal Express. They are deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business.

17

18

19

☐   **BY FAX TRANSMISSION:** I transmitted the foregoing document by facsimile to the party(s) identified above by using the facsimile number(s) indicated. Said transmission(s) were verified as complete and without error.

20

21

☐   **BY EMAIL:** I transmitted the foregoing documents by electronic mail to the party(s) identified on the attached service list by using the electronic mail as indicated. Said electronic mail was verified as complete and without error.

22

23

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

24

25

26

Executed on July 7, 2016, at Santa Ana, California.

27

28

MARIA MARTINEZ

- 21 -

NTG's Resp to NIC's ROGS Set 1

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM



SERVICE LIST

Natural Immunogenics v. Newport Trial Group
Case No.: 8:15-cv-02034-JVS (JCG)

Peter A. Arhangelsky                                    *Attorneys for Plaintiff*
Eric J. Awerbuch
Joshua S. Furman
**EMORD & ASSOCIATES, P.C.**
3210 S. Gilbert Road, Suite 4
Chandler, AZ 85286
Phone: (602) 388-8899
Fax: (602) 393-4361
parhangelsky@emord.com
eawerbuch@emord.com
jfurman@emord.com

Leah M Kaufman                                          *Attorneys for Plaintiff*
**LMK STRATEGIES AND
RESEARCH**
1001 North Ross Street
Santa Ana, CA 92701
949-939-1351
leah@leahmkaufman.com

Gillian L. Wade                                         *Attorneys for Defendants*
Marc Cataneda                                           *Andrew Nilon, Giovanni Sandoval, Sam*
Mayo L. Makarczyk                                       *Schoonover, Matthew Dronkers, Taylor*
Sara D. Avila                                           *Demulder, Sam Pfleg,*
**MILSTEIN ADELMAN JACKSON
FAIRCHILD AND WADE LLP**
10250 Constellation Boulevard
Suite 1400
Los Angeles, CA 90067
Tel: (310) 396-9600
Fax: (310) 396-9635
gwade@majfw.com
mcastaneda@majfw.com
savila@majfw.com
mmakarczyk@majfw.com

- 22 -

NTG's Resp to NIC's ROGS Set 1

DECLARATION OF JOSHUA S. FURMAN                          EXHIBIT 38