**FILED PUBLICLY PURSUANT TO COURT ORDER AT DOCKET NO. 1116**

# EXHIBIT 114

DECLARATION OF JOSHUA S. FURMAN — EXHIBIT 114

Brendan M. Ford (SBN 224333)
bford@FordDiulio.com
Kristopher P. Diulio (SBN 229399)
kdiulio@FordDiulio.com
Tyler E. Sanchez (SBN 299131)
tsanchez@FordDiulio.com
Eric V. Ta (SBN 311600)
eta@FordDiulio.com
**FORD & DIULIO PC**
695 Town Center Drive, Suite 700
Costa Mesa, California 92626
Telephone: (714) 384-5540
Facsimile: (844) 437-7201

*Attorneys for Andrew Nilon, Giovanni Sandoval, Sam Schoonover, Matthew Dronkers, Taylor Demulder and Sam Pfleg*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants | Case No. 8:15-cv-02034-JVS-JCG<br><br>**DEFENDANT SAM PFLEG'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:   PLAINTIFF NATURAL IMMUNOGENICS CORP.

RESPONDING PARTY:    DEFENDANT SAM PFLEG

SET NUMBER:          ONE (1)

1

**DEFENDANT SAM PFLEG'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

## PRELIMINARY STATEMENT

Respondent DEFENDANT SAM PFLEG ("Defendant/ Pfleg"), by and through his counsel of record, respectfully submits these responses and objections to NATURAL-IMMUNOGENICS CORP.'s ("Plaintiff/ NIC") First Set of Interrogatories, dated July 11, 2016 ("Requests" or "Interrogatories"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), as follows:

## GENERAL OBJECTIONS

1. Defendant has responded to these Interrogatories to the best of his present ability. However, discovery, investigation, and trial preparation in this matter have not been completed, and will continue as long as permitted by statute or stipulation. Although Defendant has conducted a diligent search and reasonable inquiry to respond to these Interrogatories, as more expressly detailed below, Defendant anticipates that, in the course of further investigation and discovery, additional information may be obtained and/ or discovered that might affect the responses provided herein. Even so, the following responses to Natural-Immunogenics Corp.'s Interrogatories are without prejudice to, and with the express reservation of, Defendant's right to introduce documents or information discovered or deemed responsive up to and through the date of trial. Defendant undertakes no duty to supplement these responses, except as expressly set forth below or as required by the Federal Rules of Civil Procedure.

2. Defendant's response to any Interrogatory is not an admission or acknowledgment that such Interrogatory calls for information that is relevant to the subject matter of this action, and is without prejudice to Defendant. Defendant reserves right to contend at trial or in any other proceeding that such response is inadmissible, irrelevant, or not the proper basis for discovery.

3. Defendant objects to the Instructions, Definitions, and Interrogatories to the extent that they contain inaccurate, incomplete, or misleading descriptions of the facts, persons, or events underlying this proceeding. The disclosure of

information in response to the Interrogatories shall not constitute Defendant's agreement with, or acquiescence to, any such description.

4. Defendant objects to the Interrogatories to the extent that they call for the disclosure of privileged information or communications, including, without limitation, information that was prepared, generated, or received for or in anticipation of litigation, information that constitutes attorney work product, or any other applicable privilege (including the common interest privilege), rule of privacy or confidentiality, immunity, protection, or restriction that makes such information non-discoverable. To the extent that any privileged information is provided inadvertently, Defendant reserves: (i) its privileges with respect to such information; (ii) its right to object to the use of such information; and (iii) the right to object to the admissibility of such information.

5. Defendant objects to the Interrogatories to the extent that they seek information in the possession, custody, or control of persons or entities other than Defendant.

6. Defendant objects to the Interrogatories to the extent that they seek cumulative or duplicative information.

7. Defendant objects to the Interrogatories to the extent they seek information that is publicly available (including but not limited to the lawsuit captioned as *Sam Pfleg v. Nature's Way Products, Inc*., No. 37-2012-00519790-CU-MT-NC (Cal. Super. Ct. San Diego Cnty. 2012) (defined in the Interrogatories as "your lawsuit" and referred to herein as "Pfleg v. Nature's Way")) or has already been furnished to Natural-Immunogenics Corp. in the present case.[1]

---

[1] The terms "the present case" and "the instant case" as used herein and throughout Defendant's responses shall refer to the above-captioned case, *Natural-Immunogenics Corp. v. Newport Trial Group, PC, et al*., Case No. 8:15-cv-02034 (C.D. Cal.).

3
**DEFENDANT SAM PFLEG'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

DECLARATION OF JOSHUA S. FURMAN                    EXHIBIT 114

8. Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, unduly burdensome, oppressive, not susceptible to a reasoned interpretation, not reasonably particular or do not otherwise comply with the FRCP the Local Rules, and/or any other applicable statutes or rules.

9. Defendant objects to the Interrogatories to the extent that they are not limited to a reasonable period of time or the time period at issue in the present case.

10. Defendant objects to the Interrogatories to the extent that they call for the disclosure of information already in the Plaintiff's possession, custody, or control, or equally available to the Plaintiff.

11. Defendant objects to the Interrogatories to the extent that they seek to impose obligations beyond those set forth in the FRCP, the Local Rules, and/or any other applicable rules.

12. Defendant objects to the Interrogatories on the grounds that Defendant's investigation into the facts relevant to this matter is ongoing and that fact discovery has not been completed.

13. Defendant reserves the right to rely, at the time of trial or in any other related proceeding, upon evidence in addition to that provided in the responses to the Interrogatories regardless of whether, *inter alia,* any evidence is newly discovered or is currently in existence. To the best of Defendant's knowledge, the responses contained herein are true and correct at this particular time, but are subject to correction and modification as new facts may be discovered. To the extent that Defendant does discover additional information that would make any of the responses herein incorrect, Defendant will supplement or amend those responses pursuant to Rule 26(e) of the FRCP.

14. Defendant objects to the Interrogatories to the extent that they seek information that is neither relevant to any claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence, including

1  but not limited to the extent to which the Interrogatories seek information
2  concerning subscriber accounts other than Defendants account. Defendant further
3  objects to the extent an Interrogatory seeks information not relevant to any party's
4  claim or defense, nor "proportional to the needs of the case, considering the
5  resources, the importance of the discovery in resolving the issues, and whether the
6  burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.
7  Civ. P. 26(b)(1). Defendant's response is without prejudice to its right to contend
8  at trial or in any other subsequent proceeding that such response is inadmissible,
9  irrelevant, and/or not the proper basis for discovery.

10      15.    Defendant objects to the Definitions stated in Plaintiff's requests-
11  including without limitation the stated Definitions for "identify," "document,"
12  "communication," "Social Media Account," "social media," and "concerning" as
13  vague and ambiguous, overbroad, unduly burdensome, and/or are defined in a
14  manner inconsistent with Rule 26 of the FRCP.

15      16.    All objections as to the relevance or admissibility of any information
16  provided in these responses are expressly reserved by Defendant.

17      17.    An objection to an Interrogatory shall not be construed to indicate that
18  information responsive to that Interrogatory actually exists. Similarly, an
19  undertaking to respond to an Interrogatory shall not be construed to indicate that
20  any such information exists.

21      18.    Nothing contained in any response herein shall be deemed to be an
22  admission, concession or waiver by Defendant as to the validity of any claim
23  asserted by any party in this proceeding.

24      19.    The foregoing General Objections shall be considered made, to the
25  extent applicable, in response to each of the Interrogatories as if the General
26  Objections were fully set forth in each specific response, even if such response also
27  sets forth specific objections.

28

# INTERROGATORIES AND RESPONSES THERETO

**INTERROGATORY NO. 9:**

Identify all interactions and communications you have had with the Newport Trial Group's attorneys, employees, agents, or investigators (including Andrew Baslow) since January 1, 2010; and indicate the date and time (or approximate date and time) of those interactions, how those interactions occurred (e.g., phone call, text message, email, personal meeting), all persons who participated, and the subject of those interactions and communications, and whether you retain any email, text message, or physical copy or recording of those interactions.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Interrogatory is compound and complex. Defendant further objects on grounds the definition of the term "communications" is woefully overbroad, vague and ambiguous. Defendant further objects on grounds this Interrogatory is overbroad to the extent it seeks information outside the scope of permissible discovery, which is limited to specific prior suits alleged in the Second Amended Complaint. *See* ECF No. 151-1 at 7:10–8:4 (transcript for May 9, 2016 Scheduling Conference) and ECF No. 155 (Court's Order Clarifying Discovery). Pfleg v. Nature's Way is the only lawsuit filed by Defendant that is identified in the Second Amended Complaint. Defendant will thus construe this Interrogatory to only seek information within the scope of permissible discovery as ordered by the Court. Defendant further objects to the extent this Interrogatory seeks privileged attorney-client communications and information protected by the attorney work product doctrine. Defendant further objects on grounds this Interrogatory and seeks information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on grounds this Interrogatory seeks

information not relevant to any party's claim or defense, nor "proportional to the needs of the case, considering the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Defendant further objects on grounds this Interrogatory is overbroad as to time and should be limited to 2012 because the Second Amended Complaint alleges that Defendant's purported conduct commenced in "early 2012" (see, e.g., ECF No. 92 at ¶ 175), that the Pfleg v. Nature's Way case was filed in March 16, 2012 (see ECF No. 92 at ¶ 186) and that "[i]n July 2012, Nature's Way entered into a confidential settlement agreement" with NTG and Pfleg (see ECF No. 92 at ¶ 199). Defendant further objects to the extent the interrogatory seeks specific information that Defendant does not recall and does not maintain records that would allow him to provide the specific information requested, and to the extent Defendant responds below, the information provided is based on Defendant's present recollection.

Subject to and without waiving these objections, and without waiving Defendant's right to amend or supplement his answers, Defendant responds as follows:

Defendant presently recalls having a number of phone calls with Andrew Baslow regarding the Pfleg v. Nature's Way action, but Defendant does not recall the specific dates of phone calls. Defendant may have communicated by text with Mr. Baslow. The content of those phone calls and/or text messages concerned legal advice, legal services and/or legal proceedings.

Defendant has used email to communicate with Andrew Baslow regarding the Pfleg v. Nature's Way action. The content of those emails concerned legal advice, legal services and/or legal proceedings. The specific dates of the emails are identified in the Privilege Log, Exhibit A to Defendant Sam Pfleg's Responses and Objections to Plaintiff's First Set of Requests for Production.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9**

Defendant incorporates his General Objections as though specifically stated herein. Defendant further objects on grounds this Interrogatory is compound and complex. Defendant further objects on grounds the definition of the term "communications" is woefully overbroad, vague and ambiguous. Defendant further objects to the extent this Interrogatory seeks privileged attorney-client communications and information protected by the attorney work product doctrine. Defendant further objects on grounds this Interrogatory and seeks information that is not relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on grounds this Interrogatory seeks information not relevant to any party's claim or defense, nor "proportional to the needs of the case, considering the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Defendant further objects on grounds this Interrogatory is overbroad as to time and should be limited to 2012 because the Second Amended Complaint alleges that Defendant's purported conduct commenced in "early 2012" (see, e.g., ECF No. 92 at ¶ 175), that the Pfleg v. Nature's Way case was filed in March 16, 2012 (see ECF No. 92 at ¶ 186) and that "[i]n July 2012, Nature's Way entered into a confidential settlement agreement" with NTG and Pfleg (see ECF No. 92 at ¶ 199). Defendant further objects to the extent the interrogatory seeks specific information that Defendant does not recall and does not maintain records that would allow him to provide the specific information requested, and to the extent Defendant responds below, the information provided is based on Defendant's present recollection.

Subject to and without waiving these objections, and without waiving Defendant's right to amend or supplement his answers, Defendant responds as follows:

Defendant presently recalls having a number of phone calls with Andrew Baslow regarding the Pfleg v. Nature's Way action, but Defendant does not recall the specific dates of phone calls. Defendant may have communicated by text with Mr. Baslow. The content of those phone calls and/or text messages concerned legal advice, legal services and/or legal proceedings.

Defendant has used email to communicate with Andrew Baslow regarding the Pfleg v. Nature's Way action, the Boericke & Tafel Arnica Montana matter, the MHP Nutrition matter, the Hugo Boss matter, and the MoneyGram matter. The content of those emails concerned legal advice, legal services and/or legal proceedings. The specific dates of the emails are identified in a Privilege Log.

Defendant has used email to communicate with Carla Wise regarding the Humira matter. The content of those emails concerned legal advice, legal services and/or legal proceedings. The specific dates of the emails are identified in a Privilege Log.

Defendant has used email to communicate with Mandy Jung regarding the current matter. The content of those emails concerned legal advice, legal services and/or legal proceedings. The specific dates of the emails are identified in a Privilege Log.

Dated: May 23, 2017

**FORD & DIULIO PC**

By: */s/ Eric V. Ta*
    Brendan M. Ford
    Kristopher P. Diulio
    Tyler E. Sanchez
    Eric V. Ta

Attorneys for Plaintiffs Andrew Nilon, Giovanni Sandoval, Sam Schoonover, Matthew Dronkers, Taylor Demulder and Sam Pfleg

## **VERIFICATION**

I, Sam Pfleg, declare as follows:

I have read the foregoing document titled **DEFENDANT SAM PFLEG'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** and know its contents. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this May 23, 2017, at Chicago, Illinois.

*Samuel Pfleg*
Sam Pfleg

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California, I am over the age of 18 and not a party to the within action; my business address is: 695 Town Center Drive, Suite 700, Costa Mesa, California 92626.

On May 23, 2017, I served the foregoing document described as: **DEFENDANT SAM PFLEG'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** on all interested parties in this action by placing true copies thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with the United State Postal Service on the same day in the ordinary course of business. I am aware that on motion of parties served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. [*CCP* §1013a]

☐ **BY MAIL:** I caused such envelopes with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressees as listed on the service list.

☐ **BY OVERNIGHT MAIL:** I arranged for such envelope to be delivered via Federal Express-Priority Overnight to the addressees as listed on the service list.

☐ **BY FACSIMILE:** In addition to regular mail, I sent this document via facsimile to the numbers as listed on the following service list and pursuant to *CCP* §1013(e). Such transmissions were complete with no errors reported.

☒ **BY ELECTRONIC SERVICE:** Pursuant to *CCP* §1010.6(c)(2) and *California Rules of Court*, Rule 2.250, I also caused such documents to be served electronically at the e-mail addresses stated on the attached service list. Such e-mail transmissions were complete with no errors reported.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s), and all copies made from same, were printed on recycled paper.

Executed on May 23, 2017, at Costa Mesa, California.

*/s/ Eric Ta*
Eric Ta

11

**DEFENDANT SAM PFLEG'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

# SERVICE LIST

NATURAL IMMUNOGENICS CORP. v NEWPORT TRIAL GROUP, et al.

Case No.: 8:15-cv-02034-JVS-JCG

Peter A Arhangelsky Eric J Awerbuch Joshua S Furman
**Emord and Associates PC**
3210 South Gilbert Road Suite 4
Chandler, AZ 85286
602-388-8899
Fax: 602-393-4361
Email: parhangelsky@emord.com
Email: eawerbuch@emord.com
Email: jfurman@emord.com

*Attorneys for Plaintiff Natural-Immunogenics Corp.*

Daniel J Callahan Edward Susolik Michael S LeBoff
Callahan and Blaine APLC
3 Hutton Centre Drive 9th Floor
Santa Ana, CA 92707
714-241-4444
Fax: 714-241-4445
Email: daniel@callahan-law.com
Email: esusolik@callahan-law.com
Email: mleboff@callahan-law.com

*Attorneys for Defendants Newport Trial Group, Scott J. Ferrell, Ryan M. Ferrell, Victoria C. Knowles; David Reid and Andrew Lee Baslow*