**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
David J. Darnell (SBN 210166)
Ddarnell@callahan-law.com
James M. Sabovich (SBN 218488)
jsabovich@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants NEWPORT TRIAL GROUP and SCOTT J. FERRELL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | CASE NO. 8:15-cv-02034-JVS-JCG<br>JW Reference No.: A270221<br><br>**DECLARATION OF SCOTT FERRELL IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY ADJUDICATION ON COUNT II**<br><br>Special Master: Hon. Andrew Guilford<br>Judge: Hon. James V. Selna<br><br>Hearing Date:<br>Hearing Time: 1:30 p.m.<br>Courtroom: 10C<br><br>Complaint Filed: December 7, 2015<br>Trial Date: November 1, 2021 |

## DECLARATION OF SCOTT J. FERRELL

I, Scott J. Ferrell, declare:

1. I am an attorney licensed to practice in the States of California and Texas, as well as all federal courts in California and Texas, including the Central District of California. I am the founding member of Defendant Newport Trial Group, now known as Pacific Trial Attorneys ("NTG"), and a practicing attorney with the firm. I make this declaration in support of Defendants' Opposition to NIC's Motion for Partial Summary Adjudication on Count II ("Motion"). I have personal knowledge of the facts set forth below. If called as a witness, I could and would competently testify to the matters stated below.

2. NTG has always been a consumer protection firm that pursues, *inter alia*, actions against business entities that violate laws designed to protect consumers and the public. It is not, as NIC contends, a "CLRA shop" bringing "volume litigation"; indeed, the firm and I have been recognized for accomplishing many groundbreaking "legal firsts" on behalf of our clients and for the benefit of the general public. As just two recent examples: (1) I was the first attorney in the United States to persuade a court to "find that a Defendant had violated the Americans with Disabilities Act due to a website that is not accessible to individuals with vision-related disabilities." *See A First: California Court Rules Retailer's Inaccessible Website Violates ADA, By Seyfarth Shaw LLP* (found at https://www.adatitleiii.com/2016/03/a-first-california-court-rules-retailers-inaccessible-website-violates-ada/); and (2) I was the first (and to date the only) attorney in the United States to serve as lead trial counsel in a class action that obtained judgment ordering restitution to a class of consumers who had purchased a worthless homeopathic medical product. *See Plaintiffs Proved Allegations That Snore Cure Is Worthless, Court of Appeal Holds* (found at http://www.metnews.com/articles/2017/snore100517.htm) (citing to Rosendez v. Green Pharms., No. D071073, 2017 WL 4400011, at *12 (Cal. Ct. App. Oct. 4,

2017).

3. In addition to the preceding, I have handled a broad range of cases on both the plaintiff and defense side, including on issues of racial discrimination and harassment, employment discrimination, ADA cases, real estate disputes, and breach of contract actions. Every year since 2005, I have been selected by Super Lawyer Magazine as a Super Lawyer. I was voted a "Top 20 Under 40" Lawyer in California by the California Daily Journal, and then selected to be on the cover of the Daily Journal. I have also been voted a Top 100 California Super Lawyer and a Top 50 Orange County Super Lawyer, which is an award based on input from both the bench and the bar. In 2006, I was lead trial counsel in a case that led to a jury verdict of over $47 million in favor of my client. This is just a small sampling of the successes that NTG and I have achieved on behalf of our clients.

4. The Motion at issue asserts twelve "specific predicate acts of mail and wire fraud that NIC submits are proven by facts not in dispute." These consist of:

- four (4) phone calls made to a company potentially violating CIPA, either by Baslow or by a person who later filed suit against the company;
- two (2) emails between a CIPA tester and Baslow related to the call the tester made to the company potentially violating CIPA;
- one (1) wire payment pursuant to the settlement of the Himalaya lawsuit for its CIPA violations; and
- five (5) demand letters sent by NTG, one on behalf of Sam Pfleg and the other four on behalf of Strataluz.

5. I unequivocally dispute that any of the preceding acts involved any wrongdoing or misconduct by NTG or me. I have never intended to deceive, cheat, or mislead any defendant or potential defendant in connection with the twelve predicate acts listed by NIC. At all times I held and still hold a genuine belief that the claims asserted had merit. To be clear, I categorically deny NIC's allegations of

scienter on the part of NTG and on behalf of myself. At all times relevant to NIC's Motion, I held a genuine belief that each of the underlying claims on which NIC's 12 predicate matters are predicated had merit.

6. As a general matter, I was not aware of all work that David Reid, Victoria Knowles, Ryan Ferrell, Andrew Baslow and Wynn Ferrell performed on a day-to day basis and did not oversee or instruct these people on the details of how to perform tasks or interact with clients and NTG staff. Rather, I instructed them that I abide by the highest ethical standards and expect them to do likewise in all of their work, and then provided them with autonomy regarding their work. NTG's attorneys and employees are trusted and expected to use their independent judgment when handling clients, cases, dealing with the courts, and dealing with opposing counsel.

7. At all times relevant to NIC's Motion, I genuinely believed (and continue to believe) that the use of "tester" plaintiffs in wiretap cases, including those brought under the California Invasion of Privacy Act, California Penal Code § 631, *et seq.*, was proper, innovative, and lawful. Indeed, the respected 7th Circuit Court of Appeal stated in the published case of *Murray v. GMAC Mortgage* that "testers" who put themselves "in the way of injury" for the purpose of exposing illegal conduct are "usually praised rather than vilified." In support of that conclusion, the Court of Appeal cited to the United States Supreme Court case of *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374-75 (1982).

8. At all times relevant to NIC's Motion, I believed, and continue to believe, that a confirmatory purchase of a product by a potential plaintiff who previously purchased a product (but no longer had the receipt) was not only proper and lawful, but was also a "best practice" in litigation based upon my experience.

9. I understand that NIC is claiming that I knew that Sam Pfleg had not purchased Arnica Montana 30C by no later than March 15, 2012, apparently because I was provided a copy of a receipt before sending the demand letter to

Nature's Way. I have reviewed NIC's Exhibit 65 that was cited in support of this fact. This email was sent to Christine Loeza, a secretary who had responsibility for saving the receipt to our files. While I was copied on this email, I did not examine the details of the receipt at that time. The next day, I signed off on a demand letter to Nature's Way that I now realize had typographical errors in it (including referring to our client, Sam Pfleg, as a female and referencing the Arnica Montana 30C product). These errors occurred because it was a rushed revision of the January 2, 2012 demand letter that had previously been sent to Nature's Way on behalf of Theresa Martinez, and the letter was not properly "proofed" before it was sent. However, the Complaint NTG filed in *Pfleg v. Nature's Way* corrected the errors and did not reference the Arnica Montana 30C product. I certainly intended no wrongdoing in that matter.

10. To be very clear: (1) I have never sent or authorized to be sent a demand letter in any matter unless I believed at the time that all of the allegations in the letter were correct and that the claim had merit; and (2) I have never filed or authorized to be filed any Complaint unless I believed at the time that the factual allegations contained in it were true and that the legal allegations were meritorious; and (3) I have not ever sent or authorized to be sent any demand letter or filed or authorized to be filed any Complaint that I knew or had reason to believe to be false.

11. I understand that NIC is also claiming that I never disclosed my indirect ownership interest in Strataluz to any opposing party or opposing counsel. This is false. In connection with both of the two settlements in which Strataluz received any monetary settlement, I advised my opposing counsel that I had an interest in the company.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of May, 2021 at Newport Beach, California.

_____
Scott J. Ferrell