Hon. Andrew J. Guilford, Ret.
Judicate West
1851 East First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340

Special Master

FILED
CLERK, U.S. DISTRICT COURT
5/25/21
CENTRAL DISTRICT OF CALIFORNIA
BY: LB  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., <br><br> Plaintiff, <br><br> vs. <br><br> NEWPORT TRIAL GROUP, SCOTT J. FERRELL, RYAN M. FERRELL, VICTORIA C. KNOWLES, DAVID REID, ANDREW LEE BASLOW, ANDREW NILON, SAM PFLEG, MATTHEW DRONKERS, TAYLOR DEMULDER, SAM SCHOONOVER, GIOVANNI SANDOVAL, and DOES 1 through 10, inclusive <br><br> Defendants. | Case No. 8:15-cv-02034 JVS (JCGx) <br><br> (JW Reference No.: A270221) <br><br> SPECIAL MASTER'S ORDER REGARDING NIC'S MOTION TO COMPEL DOCUMENTS CONCERNING DAN BOBBA (DKT. NO. 1102) |

Plaintiff Natural-Immunogenics Corp. ("NIC") moves to compel *in camera* review and production of about 150 documents on the privilege log of Defendant Newport Trial Group ("NTG") under the crime-fraud exception. (Dkt. No. 1102.) The documents sought relate to Daniel Bobba, who was a named plaintiff in *Morales, et al. v. Magna-RX, Inc.*, 10-cv-1601-EDL (N.D. Cal. 2010). *Morales* was a class action lawsuit alleging false advertising for a product called "Magna-RX," where NTG represented Bobba and the other named plaintiffs. *Morales* is now one of the predicate cases for NIC's RICO claims against NTG. (*See generally*, SAC.) The Special Master timely received the parties' supplemental briefs regarding the motion (Dkt. Nos. 1103, 1121), and held a hearing via Zoom on May 12, 2021.

The Special Master recommends denying NIC's motion because proportionality is lacking, and thus presents this brief report without expending unnecessary resources to address all the numerous additional issues presented by the parties. NIC will be able to sufficiently present its case without the requested documents, and at this late date in litigation, it's time for the parties to focus on the substantial existing evidence in presenting their respective theories at trial. Proportionality ultimately prevents overturning every stone in search of more evidence. And indeed, in this case especially, every time more evidence is provided, more evidence is sought. Enough is enough.

In March 2017, Defendants served a privilege log that included the Bobba documents NIC now seeks. In April 2017, NIC moved to compel production of many privilege-logged documents under the crime-fraud exception, *including about two dozen of the same Bobba documents listed in its current motion*. (*See* Dkt. No. 1102 at 27 (citing Dkt. Nos. 669, 573, 458).) After over two years of proceedings punctuated by multiple *in camera* reviews and numerous rulings, in October 2019 NIC sought leave to take post-cutoff depositions of Bobba and another non-party, Wynn Ferrell (Plaintiff Ryan Ferrell's father). The Court permitted 4-hour depositions of each, and NIC took Bobba's deposition in late July 2020. (*Id.* at 28.) Depositions of Wynn Ferrell and Ryan Ferrell took place in late August and late October. The parties met and conferred regarding NIC's current motion in December 2020 and January 2021, and the parties filed their C.D. Cal. L.R. 37 Joint Stipulation regarding the motion in late March 2021.

This case has been pending since 2015, and trial in this matter is currently set just a few months from now, in November 2021, over half a decade since the case was filed.

NIC asserts that the relevance of the currently-sought Bobba documents only came to light after Bobba and the Ferrells presented conflicting deposition testimony in 2020. As NTG notes, however, NIC offered similar arguments in 2017 that Bobba made materially false statements in the *Morales* complaint, and that Scott Ferrell and Ryan Ferrell drafted a declaration for Bobba in the *Morales* case that "sought to have Mr. Bobba exculpate NTG for potential ethical violations." (Dkt. No. 263-1 at 67–68.) It's unclear to the Special Master why the documents sought now could not also have been raised in NIC's April 2017 motion. Even setting the April 2017 motion aside, the Special Master isn't persuaded by NIC's suggestion that the Ferrells' August and October 2020 depositions were relevant or necessary to NIC's current decision to pursue this motion for the Bobba documents. It's thus further unclear why NIC waited until so long after Bobba's deposition, or at the very least after Wynn Ferrell's, to file the current 49-page joint stipulation regarding this motion. Shifting theories as to the best argument for producing the documents and when those arguments were apparent are unconvincing. And in all events, the existence of these types of documents could long have been anticipated.

In these circumstances, proportionality is not served by NIC's eleventh-hour request for even more discovery relating to Bobba. Indeed, in this case, "[t]he days of proportional discovery requests here have long expired." (Dkt. No. 1030 at 6–7.) Although NIC states that the discovery sought is small and won't lead to any further requests for discovery, that assertion is unpersuasive in this hotly-litigated case. Further, there are the additional hours of the Special Master's time that would be required in reviewing 145 additional documents *in camera* before deciding whether any should be produced. Six years after this case was originally filed, it's time for the parties to focus on moving it towards completion. If parties were permitted to scour the earth for each and every piece of evidence that might possibly support an aspect of their claims, lawsuits would continue forever, much like this lawsuit has continued. Here. with the procedural background described, the fact that NIC already has documents and evidence related to this

issue, and the fact that the dispute relates to only one of NIC's eight predicate RICO cases for a matter with compensatory damages estimated at far below $1 million, proportionality is not met.

The Special Master thus DENIES NIC's motion.

THUS, IT IS ORDERED.

Dated: May 25, 2021

*signature*
Hon. Andrew J. Guilford, Ret.
Special Master