Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr., Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., <br><br> Plaintiff, <br><br> v. <br><br> NEWPORT TRIAL GROUP, et al., <br><br> Defendants. | Case No. 8:15-cv-02034-JVS (JCG) <br><br> **PLAINTIFF NIC'S RESPONSE TO DEFENDANT KNOWLES' REQUEST FOR HEARING RE: MOTION FOR SUMMARY JUDGMENT IN FAVOR OF VICTORIA KNOWLES** <br><br> Judge:     Hon. James V. Selna |

Plaintiff NIC responds to Defendant Knowles' request for oral argument regarding the Court's Tentative Order denying her motion for summary judgment. *See* Dkt. 1161 (Knowles' Request). The Court should deny Knowles' request and issue the tentative order as final.

Knowles' request is an improper, additional merits brief wherein Knowles rehashes all of the arguments she already presented, which were each rejected by the Court in the Tentative Order. As the moving party, Knowles had the opportunity to file two briefs in support of her motion while NIC had just one. Knowles submits yet another brief arguing the same positions for a third time. While the Court should not give credence to the meritless positions advanced (as explained *infra*), if the Court does intend to modify the Tentative Order in a material way, NIC would in turn request an opportunity to address Knowles' arguments at hearing.

Knowles renews argument that ignores binding precedent and misstates the tentative order. First, Knowles claims NIC and the Court fail to address her argument that her conduct was not the "proximate cause" of "NIC's malicious prosecution claim against her." Dkt. 1161 at 2. But Knowles' underlying motion mentioned the phrase "proximate cause" just twice and only in a rule statement regarding whether she must have "directed, instigated, procured **or** been the proximate cause of either the commencement or continuation of the [suit]." Dkt. 1106 at 11 (emphasis added). Knowles never made a classic proximate causation argument, and such a position would be nonsensical given the fact that NIC's claimed injuries include the obvious and foreseeable attorney fees incurred defending against the *Nilon* action in which Knowles was counsel. Rather, Knowles simply argued that her level of involvement was insufficient to impart liability. That argument was addressed and rejected by the Court.

Second, Knowles rehashes her argument that she did not "commence" the *Nilon* Action. Dkt. 1161 at 2. She complains that this Court did not provide

PLAINTIFF NIC'S RESPONSE TO DEFENDANT KNOWLES' REQUEST FOR HEARING RE: MOTION FOR SUMMARY JUDGMENT IN FAVOR OF VITORIA KNOWLES

1

sufficient analysis when it determined that her preparation of the demand letter, complaint, briefs, and interaction with opposing counsel was sufficient involvement under the law. *Id*. But the Court did explain its reasoning which is supported by the precedent cited in the Tentative Order and cases cited by NIC in its opposition. Tentative Order at 6-7. The law is clear that Knowles' preparation of briefs, demand letters, pleadings, and communication with opposing counsel constitutes a level of involvement sufficient under the law. *See Williams v. Hartford Ins. Co.*, 147 Cal. App. 3d 893, 898 (Ct. App. 1983). The Court need not hold oral argument to hear Knowles present this meritless position a fourth time.

Third, Knowles again argues that her lack of communication with plaintiffs in the *Nilon* Action means she did not commence the *Nilon* Action. That argument lacks merit and conflicts with law stating that one who "procures **or** is actively instrumental in putting the litigation in motion **or** participates after the institution of the action" may be held liable. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1131, n.11 (1990) (emphasis added). Thus, one need not be the person who directly procures the plaintiff or stages the case to be liable. *Id*. As the Court properly determined, Knowles' active participation in the case after it was filed and her active steps in preparing it for filing (i.e., drafting the demand letter and complaint) render her liable under the law. Knowles improperly interprets a disjunctive rule statement instead as a conjunctive to argue that the law applies far more narrowly. The Court should not permit oral argument to allow Knowles to rehash this failed point.

Fourth, Knowles complains that the Court's reliance on evidence attached to NIC's Motion for Partial Summary Adjudication somehow denied her the ability to respond. Dkt. 1161 at 3. That is incorrect. NIC's Opposition cited that evidence and Knowles had the opportunity to draft a 25-page reply wherein she had an opportunity to respond had she chosen to do so.

PLAINTIFF NIC'S RESPONSE TO DEFENDANT KNOWLES' REQUEST FOR HEARING RE: MOTION FOR SUMMARY JUDGMENT IN FAVOR OF VITORIA KNOWLES

2

1  Finally, Knowles requests a hearing so that the Court can "provide clarity with respect to its conclusion that a triable issue of fact exists as to whether Ms. Knowles 'commenced' the *Nilon* Action without probable cause."  But the Court's order is clear, and Knowles is not entitled to a hearing simply to probe the Court for further explanation.  Moreover, Knowles' argument is disingenuous and attempts to impart ambiguity and conflict to the Court's order where none exists.  The Court did not address the element of "probable cause" because Knowles did not move for summary judgment on that element.  Knowles focused her motion on "commencement" of the proceedings, and the Court properly addressed that issue.

The Court's tentative order is well-reasoned, supported by precedent and fact, and not internally inconsistent.  Knowles' arguments to the contrary are meritless and her submission simply rehashes previously rejected positions.  The Court should therefore reject her request for oral argument and issue the tentative order as final.

DATED:  June 24, 2021

                Respectfully submitted,

                EMORD & ASSOCIATES, PC.


                By:   */s/ Peter A. Arhangelsky*
                Peter A. Arhangelsky, Esq. (SBN 291325)
                Joshua S. Furman, Esq. (pro hac vice)
                *Attorneys for Plaintiff Natural Immunogenics Corp.*

PLAINTIFF NIC'S RESPONSE TO DEFENDANT KNOWLES' REQUEST FOR HEARING RE: MOTION FOR SUMMARY JUDGMENT IN FAVOR OF VITORIA KNOWLES

3

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, the foregoing, **PLAINTIFF NIC'S RESPONSE TO DEFENDANT KNOWLES' REQUEST FOR HEARING RE: MOTION FOR SUMMARY JUDGMENT IN FAVOR OF VITORIA KNOWLES** was electronically filed via the CM/ECF system and sent by that system to the following:

Brendan M. Ford [*bford@forddiulio.com*]
Kristopher P. Diulio [*kdiulio@forddiulio.com*]
Ford & Diulio PC
650 Town Center Drive, Suite 760
Costa Mesa, California 92626
Tel: (714) 450-6830
*Attorney Defendants Andrew Nilon, Giovanni Sandoval,*
*Sam Schoonover, Matthew Dronkers, Taylor Demulder, Sam Pfleg*

David J. Darnell, Esq. [*ddarnell@callahan-law.com*]
Edward Susolik, Esq. [*es@callahan-law.com*]
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA  92707
Tel:  (714) 241-4444
*Attorneys for Newport Trial Group and Scott Ferrell*

Nicole Whyte [*nwhyte@bremerwhyte.com*]
Benjamin Price [*bprice@bremerwhyte.com*]
Kyle A. Riddles [*kriddles@bremerwhyte.com*]
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
*Attorneys for Defendants Ryan Ferrell, Andrew Baslow, David Reid, and Victoria Knowles*

Robert Tauler [rtauler@taulersmith.com]
Tauler Smith LLP
626 Wilshire Blvd, Suite 510
Los Angeles, CA 90017
Tel: (310) 590-3927
*Attorney for Victoria Knowles and David Reid*

                         */s/ Peter A. Arhangelsky*
                         Peter A. Arhangelsky, Esq.