UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:15-cv-02034-JVS-JCGx | Date | June 25, 2021 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Defendant's Motion for Summary Judgment**

Defendant Victoria Knowles moved for summary judgment on Plaintiff Natural-Immunogenics Corp ("NIC") first claim for relief. Dkt. No. 1106. NIC opposed the motion, Dkt. No. 1131, and filed a request for judicial notice, Dkt. No. 1132. Knowles then replied. Dkt. No. 1149.

Knowles requested a hearing after the Court posted its Tentative Order. For the reasons described herein, the Court finds that no hearing is necessary. L.R. 7-15.

For the following reasons, the Court **DENIES** the motion.

**I. BACKGROUND**

**1.     The Malicious Prosecution Claim**

The Court summarizes portions of the malicious prosecution claim below. While the malicious prosecution cause of action incorporates the entirety of the factual basis of the complaint by reference, Dkt. No. 1107 ("FAC") at ¶ 378, the cause of action expressly refers to the Nilon State Complaint, id. ¶ 380. The cause of action again refers to the Nilon Action as lacking probable cause because "Nilon never purchased Sovereign Silver in reliance on any representations made by NIC. . . suffered no injury. . . and purchased the Sovereign Silver product at the direction of NTG's investigator, who operated with full authority from attorneys Scott Ferrell, Ryan Ferrell, Victoria Knowles, and/or David Reid." Id. ¶ 385. The cause of action refers to the same factual basis when alleging malice, too. Id. ¶ 388. No other underlying action is mentioned in the first cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:15-cv-02034-JVS-JCGx | Date | June 25, 2021 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

of action, except for the incorporation by reference as discussed above. See id. ¶¶ 378-394. While the factual basis is set forth in greater depth earlier in the complaint, id. ¶¶ 55-166, it again solely relates to the underlying Nilon action.

**2.    Factual Background**

When resolving a motion for summary judgment, courts may only consider admissible evidence. Fed. R. Civ. P. 56. On a motion for summary judgment, a party may object that the material used to "dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). A court must rule on material evidentiary objections. Norse v. City of Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010). The Court only considered admissible evidence in resolving Knowles' motion for summary judgment. When the order cites evidence to which the parties have objected, the objection is impliedly overruled. Additionally, the Court declines to rule on objections to evidence upon which it did not rely.

Knowles was admitted to the California State Bar on June 1, 2011, and began working at NTG shortly thereafter. Dkt. No. 1106-4 ¶ 2 ("SUF"). NTG maintained case charts to track lawsuits from the earlier stages, what they called the "seasoning stage" through settlement. Dkt. No. 1109-22. "Seasoning" referred to whether a prospective client had purchased a product, contacted NTG, and executed the retainer agreement with the firm. Dkt. No. 1112-1. Some of NTG's case charts included witness information before they were an actual client of the case. Dkt. No. 1108-19. Some of these witnesses were reused across multiple cases. Dkt. No. 1108-23 at 3-9. In certain instances (but not directly involving Nilon), NTG requested that potential plaintiffs alter their statements, including eliminating any reference to NTG's efforts in initiating the suit. Dkt. No. 1108-23 at 4-5.

At the time when the Nilon Action was filed, Knowles was an Associate Attorney. Id. ¶ 3. She was made partner at the firm while the underlying litigation was still pending.

As to Knowles' general workload, her responsibilities CLRA letters, complaints, discovery, and answering discovery. Dkt. No. 1134-14 at 46:6-8. CLRA cases included sixty percent of her workload. Id. at 46:14-16. She would draft 1-10 CLRA demand letters a week. Id. at 75:7-10. Knowles drafted numerous CLRA complaints, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx  Date  June 25, 2021

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

Nilon, Dronkers v. Kiss my Face LLC, Pfleg v. Nature's Way Products LLC, Schoonover v. Himalaya Drug Co., and Torres v. Nutrisystem. Id. at 112–13; 137-38, 140.

In at least one instance, Knowles was included on an e-mail that contemplated recruiting a new plaintiff for an unfiled action. Dkt. No. 1108-17. In another instance, Knowles wrote a declaration on behalf of a client (and at Scott Ferrell's direction, incorporating his language) to debunk the litigation opponent's "attorney driven case" argument, and then forwarded it onto Baslow. Dkt. No. 1134-4. In the aforementioned case, the declaration was false. Dkt. Nos. 1109-34; 1131-7; 1131-9. While Knowles did not necessarily recruit plaintiffs, she was not "surprised" by those efforts to do so. Dkt. No. 1134-14 at 126:18-20. NTG recruited other plaintiffs as well. Dkt. No. 1108-22; 1108-37.

As to the Nilon Action in particular, Knowles was not involved in the retention of Andrew Nilon or Giovanni Sandoval, the named plaintiffs, for the purposes of maintaining the suit. Id. ¶ 5. Prior to and during the pendency of the Nilon action, Knowles had never met or had contact with Nilon or Sandoval. Id. ¶ 19. Knowles was also "not involved in any strategic decisions made in the Nilon Action. . .." Id. ¶ 21.

On or about December 25, 2011, Scott Ferrell requested that Knowles prepare a demand letter to NIC. Id. ¶ 7. At the time, Ferrell did not disclose the client or any other details related to the claim. Dkt. No. 1134-8. He also requested that his assistant update the case chart. Id. Knowles prepared the draft CLRA demand letter and sent it to Scott Ferrell for approval, but she did not sign the final version of the letter that was ultimately sent to NIC. SUF ¶¶ 8-9. Shortly thereafter, on January 21, 2012, Ferrell directed her to draft a complaint related to NIC's Sovereign Silver product. Id. ¶ 10. Knowles requested client information once the cases were "properly seasoned." Dkt. No. 1110-4. At the time of the request to draft the complaint, NTG did not have a client for the case yet. Id. The complaint was to be reviewed and signed off by Ferrell prior to filing. SUF ¶ 11.

After Baslow called Nilon, Dkt. No. 1108-21; 1131-21, on March 5, 2012, NTG filed the complaint on his behalf against NIC. Id. ¶ 13. Knowles included her name in the caption of the complaint. Dkt. No. 1117-10.[1] She also communicated directly with

---

[1] The Court acknowledges Knowles' argument in her request for hearing that the refernece here "mistakenly allows NIC to pursue claims against Knowles for malicious prosecution based on evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:15-cv-02034-JVS-JCGx    Date June 25, 2021

Title    Natural-Immunogenics Corp. v. Newport Trial Group, et al

NIC's counsel during the case, Dkt. No. 1134-14 at 219:19-220:7, and was copied on correspondence as well, Dkt. No. 1134-12.

The name plaintiff in that action confirmed that his case was contrived: "[i]n May 2013, I learned that NTG had used my name to file a false claim against ChromaDex – a company whose products I never purchased or used. When I discovered this, I contacted Baslow and told him to remove my name from the lawsuit. I learned that the lawsuit had been withdrawn the next day." Dkt. No. 1113-18. However, Knowles' knowledge as to the Nilon Action was limited as to what was in the case file and information provided by senior attorneys at the firm. Id. ¶ 6.

## II. Legal Standard

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary adjudication, or partial summary judgment "upon all or any part of [a] claim," is appropriate where there is no genuine dispute as to any material fact regarding that portion of the claim. Fed. R. Civ. P. 56(a); see also Lies v. Farrell Lines, Inc., 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks omitted).

Material facts are those necessary to the proof or defense of a claim, and are determined by referring to substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.[2]

---

contained in a motion she did not have the opportunity to address." Dkt. No. 1161 at 3. Knowles is mistaken. The Federal Rules permit a court to consider other materials in the record. See Fed. R. Civ. P. 56(c)(3).

[2] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx             Date  June 25, 2021

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

The moving party has the initial burden of establishing the absence of a material fact for trial. Anderson, 477 U.S. at 256. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . ., the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). Furthermore, "Rule 56[(a)]³ mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Therefore, if the nonmovant does not make a sufficient showing to establish the elements of its claims, the Court must grant the motion.

### III. Discussion

Under California law, a malicious prosecution claim requires proof that the underlying litigation: "(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." Zamos v. Stroud, 32 Cal. 4th 958 (2004) (internal quotation marks, citations, and alterations omitted). In addition, the plaintiff must demonstrate "resulting damage by way of attorneys' fees incurred in defense, mental distress, and/or injury to reputation or social standing." Harbor Ins. Co. v. Cent. Nat'l Ins. Co., 165 Cal. App. 3d 1029 (1985).

In her request for a hearing, Knowles notes that the applicable standard is not whether she commenced or brought the Nilon Action but rather whether she "was actively instrumental or was the proximate cause." Dkt. No. 1161 at 4 (citing Gressett v. Contra Costa County, No. C-12-3798-EMC, 2013 WL 2156278, at *27 (N.D. Cal., May 17 2013). The Court is not bound by a decision by a Northern District of California judge. Moreover, that does not appear to capture the full extent of the law. "Liability for malicious prosecution is not limited to one who initiates an action. A person who did not file a complaint may be liable for malicious prosecution if he or she 'instigated' the suit or 'participated in it at a later time.'" Nunez v. Pennisi, 241 Cal. App. 4th 861, 873

---

opposition to the motion." L.R. 56-3.

³ Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:15-cv-02034-JVS-JCGx | Date | June 25, 2021 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

(2015); see also Franklin Mint Co. v. Manatt, Phelps & Phillips, LLP, 184 Cal. App. 4th 313, 346 (2010) ("Lawyer are charged with the responsibility of acquiring a reasonable understanding of the law governing the claim to be alleged."); see also Judicial Council of California, California Civil Jury Instructions § 1501 (noting that liability attaches when the defendant was "actively involved in bring [or continuing] the lawsuit").

At the outset, the Court acknowledges Knowles' argument that allegations involving cases outside of the Nilon Action are highly prejudicial to her and otherwise irrelevant to the malicious prosecution action. See Dkt. No. 1149 at 3-4. The Court will construe the malicious prosecution cause of action in line with the factual allegations giving rise to that claim.

**1.      The Underlying Action Was Commenced By The Defendant**

Knowles argues that she had no role in commencing the underlying action. Dkt. No. 1106 at 10. To support that claim, she notes how she never had any contact with the two plaintiffs in the underlying action, that they did not know who she was at their deposition, and that she was merely a part of the firm that commenced the litigation against NIC. Id. at 10-11. "[O]ther than research and draft documents for senior attorneys at her law firm. . . [she] cannot be said to have directed, instigated, procured, or been the proximate cause of either the commencement or continuation of the Nilon Action . . .." Id. at 11. Further, even though Knowles communicated with NIC's original counsel in the underlying matter, he stated that she "didn't have knowledge of what was going on in the case." Id. at 10-11. Lastly, even if she did draft the originating documents, she did not have controlling decision-making given her junior status. Id. at 11-12. Knowles adds in her reply that any basis for liability – whether it comes from her role in correspondence related to the suit – does not rise to the requisite level. Dkt. No. 1149 at 4-7.

In response, NIC asserts that she initiated and maintained the Nilon Action given that she drafted the demand letter required to file the claim, the complaint, and included herself as a caption for the complaint as well. Dkt. No. 1131 at 12. This conduct, according to NIC, "rises to the level of involvement that imparts liability," especially given that she interacted with opposing counsel on numerous occasions (CSUF ¶ 96) and was on the caption of every single filing (CSUF ¶ 94). As to the statement by NIC's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:15-cv-02034-JVS-JCGx   Date   June 25, 2021

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al

original counsel, NIC responds that the testimony cited was incomplete and that he in fact stated that she may have had litigation knowledge concerning the action.

The Court agrees with NIC. The undisputed facts clearly demonstrate a triable issue of fact as to her role in commencing the underlying action. That Knowles did not personally sign the complaint or the letter does not exculpate her from not having initiated the action. "One may be civilly liable for malicious prosecution without personally signing the complaint initiating the . . . proceeding." Jacques Interiors v. Petrak, 188 Cal. App. 3d 1363, 1371 (1987); See also Blancett v. Burr, 100 Cal. App. 61, 62 (1929) ("It is enough if [the defendant] was instrumental in setting the law in motion and caused the [action] to proceed."). Therefore, that all Knowles did was "research and draft documents" while also communicating with opposing counsel is sufficient to demonstrate that Knowles commenced the action.

Further, in response to Knowles' argument raised in her request for a hearing, the cause of action for malicious prosecution against Knowles incorporates by reference the entire complaint, and Plaintiffs are entitled at trial to prove additional facts beyond those alleged in the complaint relevant to the malicious prosecution claim. Knowles drafted the relevant demand letter to NIC as well as the complaint. She was also on the caption page of the Nilon complaint. Therefore, the undisputed facts clearly demonstrate a triable issue of fact as to her role in commencing the underlying action.

## 2.   Malice

"The 'malice' element of the malicious prosecution tort relates to the subjective intent or purpose with which the defendant acted in initiating the prior action ...." Sheldon Appel Co. v. Albert & Oliker, 47 Cal. 3d 863 (1989). In Sierra Club Found. v. Graham, 72 Cal. App.4th 1135 (1999), the California Court of Appeal explained:

> [M]alice is present when proceedings are instituted primarily for an improper purpose. Suits with the hallmark of an improper purpose are those in which: (1) the person initiating them does not believe that his claim may be held valid; (2) the proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property; (4) the proceedings are initiated for the purpose of forcing a settlement which has no relation to the merits of the claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:15-cv-02034-JVS-JCGx                                   Date   June 25, 2021

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al

Id. at 1157. Malice is usually a question of fact for the jury to determine. Summary judgment on the basis of lack of malice is nonetheless appropriate when there is no evidence from which a reasonable fact finder could conclude that the defendant pursued the underlying action with malice. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 899 (9th Cir.1987) (affirming summary judgment dismissal of malicious prosecution claim under California law when plaintiff could "point to no evidence from which a fact-finder could reasonably infer that the investigators or the employer lacked probable cause or that they acted with malice").

Knowles argues that NIC cannot establish that she had the requisite subjective intent of malice. Dkt. No. 1106 at 12. This is in part because she "merely acted as many new litigators do in the first years at a law firm and draft the Nilon Action complaint at the direction of her supervising partner based on the information provided to her." Id. at 13. Therefore, her limited role does not support a finding of malice. Id. at 14 (analogizing to Grindle v. Lorbeer, 196 Cal. App. 3d 1461 (1987)). Moreover, because at no point did Knowles not believe the claim was valid or that it was brought for an improper purpose, summary judgment in her favor is appropriate. Id. at 15. She adds in her reply that no evidence exists from which one could infer that she acted with malice, given that it was her "general practice to research the science" behind the products, and that numerous publications considered the inefficacy of NIC's product. Dkt. No. 1149 at 8-9.

In response, NIC asserts there is ample evidence that she acted with malice. Dkt. No. 1131 at 15. First, NIC cites Knowles' lack of action to investigate the merits of Nilon's claim before drafting the complaint as relevant in assessing whether she acted with malice. Id. at 15-16, see also id. at 22. Second, because NTG and Knowles pursued fraudulent claims in a number of other cases, her conduct in those contemporaneous lawsuits is relevant to show her understanding and knowledge of the firm's practices here. Id. at 16-17. Therefore, Knowles' knowledge that NTG routinely manufactured cases supports a finding of malice, especially given that she was deeply involved in the firm's false advertising lawsuits, drafting dozens of demand letters and complaints each month. Id. at 18. That Knowles was privy to NTG's seasoning charts and was copied on certain e-mails demonstrating that NTG searched for clients before filing suit demonstrates that she was aware of the "routine and systematic manufacture of lawsuits," of which Nilon was likely one too. Id. at 17-19. That Knowles contrived language obscuring the nature of NTG's recruitment of potential plaintiffs in these other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx     Date  June 25, 2021

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

proceedings further supports a finding of malice, especially given the proximity in time of those proceedings to the Nilon Action. Id. at 21.

The Court finds that a triable issue of material fact exists as to whether Knowles acted with malice. Specifically, factual questions remain as to whether Knowles had subjective knowledge – both at the time of creating the initiating documents for and prosecuting the Nilon Action – that she was doing so for an improper purpose.

First, the Court finds a triable issue of fact exists as to claim that she did not act with malice because of her minimal role in the Nilon Action and that she was a first year associate. The record reflects that Knowles' role in the Nilon action was not so limited as she suggests in her motion. Cf. Dkt. No. 1106 at 14. Drafting an initial demand letter and complaint – regardless of who signs these documents – cannot be minimal. That only an attorney that signs the pleadings may be liable for Rule 11 sanctions does not somehow exculpate her as well (at least for the purposes of the instant motion). Cf. Dkt. No. 1149 at 10. Moreover, Knowles' logic that, merely because she was a young associate at the time, she bears no responsibility for her actions in the Nilon Action, is erroneous. That logic runs directly counter to the California Rules of Professional Conduct. "A lawyer shall comply with these rules and the State Bar Act notwithstanding that the lawyer acts at the direction of another lawyer or other person." Cal. R. Prof. Cond. 5.3(a). These rules apply regardless of whether a lawyer just received their bar card.

Second, as to whether a reasonable fact finder could infer malice from her role, the Court again finds a triable issue of fact. Knowles assertions that she was merely following orders are contradicted by the voluminous evidence that she was aware of how NTG fabricated cases generally, that it specifically searched for a potential plaintiff in the Nilon Action, and that Knowles did little to investigate the factual basis of the action. See Baker v. Gawthorne, 82 Cal. App. 2d 496, 501 (1947) (failure to investigate can support a finding of malice). Her reliance on Grindle v. Lorbeer, 196 Cal. App. 3d 1461 (1987), is similarly misplaced. At least in Grindle, the party had conducted 'adequate' research into the claim. Id. at 1466. A triable issue of fact exists as to whether Knowles did any research into the claim.

**3.    No Probable Cause**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:15-cv-02034-JVS-JCGx | Date | June 25, 2021 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

Probable cause is a question of law that turns on whether the underlying claim was "legally tenable, as determined on an objective basis." Padres L.P. v. Henderson, 114 Cal. App. 4th 495 (2004). "A prior action was not initiated without probable cause merely because it was ultimately found to lack merit; it was initiated without probable cause only if 'all reasonable lawyers' would 'agree' that the suit, at the time of filing, was 'totally and completely without merit.'" Gruber v. Gruber, 48 Cal. App. 5th 529, 537–38 (2020), review denied (July 22, 2020) (citation omitted).

Knowles seemingly does not contest the existence of probable cause. Rather, she only asserts that "NIC cannot infer [] [an] improper purpose by arguing that NTG lacked probable cause in bringing the Nilon Action." Dkt. No. 1106 at 12-13 (citing Downey Venture v. LMI Ins. Co., 66 Cal. App. 4th 478, 498 (1998)). NIC does not respond to this argument either (except to cite certain cases from the proposition that it may be so inferred). Dkt. No. 1131 at 20. As such, the Court does not consider whether Knowles brought the Nilon Action without probable cause.

In her request for a hearing, Knowles notes that an internal inconsistency exists because the Court notes above that the malicious prosecution claim is based on the Nilon Action lacking probable cause but also states here that the Court does not consider whether she brought the Action without probable cause. However, as the moving party that does not bear the ultimate burden of persuasion at trial, Knowles had the initial burden of production and the ultimate burden of persuasion on the motion. Knowles did not meet that initial burden of production by failing to present any legal argument or evidence concerning the lack of probable cause. Thus, the burden did not shift to NIC, and the Court did not address the issue further. See generally Fed. R. Civ. P. 56; see also Fed. R. Civ. P. 56(e)(2); see also Anderson, 477 U.S. at 256.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | 8:15-cv-02034-JVS-JCGx |
| Date | June 25, 2021 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al |

  : 0

Initials of Preparer   lmb