UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:15-cv-02034-JVS-JCGx | Date | Aug. 11, 2021 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group, et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**    **[IN CHAMBERS] Order Regarding Plaintiff's Objections to Order of the Special Master**

Plaintiff Natural-Immunogenics Corporation ("NIC") objected to the Special Master's order denying its motion to compel an *in camera* review of certain documents (Dkt. No. 1146). Dkt. No. 1154. Defendant Newport Trial Group ("NTG") responded to the objection. Dkt. No. 1168. NIC then filed its reply. Dkt. No. 1169.

For the following reasons, the Court **OVERRULES** the objection.

## I. BACKGROUND

The Court briefly reviews the Special Master's order denying NIC's motion to compel an *in camera* review of 150 documents on NTG's privilege log under the crime-fraud exception. See Dkt. No. 1146 at 2.

The documents concern Daniel Bobba ("Bobba"), who was a named plaintiff in Morales, et al. v. Magna-RX, Inc., 10-cv-1601-EDL (N.D. Cal. 2010). The Morales case is one of the predicate cases for NIC's RICO claim against NTG. NTG served a privilege log including some of the Bobba documents in March 2017, and NIC then moved to compel production of the same. Dkt. No. 1146 at 2. After two years of proceedings, motions, and many *in camera* reviews, NIC then deposed Bobba, as well Wynn and Ryan Ferrell. Id. at 2-3.

In the instant motion, NIC argued that the relevance of those earlier documents only came to light after the aforementioned deposition. Id. at 3. However, the Special Master observed and agreed with NTG's argument that these documents could have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:15-cv-02034-JVS-JCGx                                Date   Aug. 11, 2021

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al

sought earlier, before Bobba's deposition, and as a result, that he was unclear why NIC waited so long after the Bobba deposition to request them via its motion to compel. Id. at 3. Therefore, the motion was untimely. Id. at 3. Moreover, the Special Master found that the discovery request was not proportional to the needs of the case, either, especially given the procedural posture of the case, and that the request would likely result in additional discovery. Id. at 3-4.

## II. Legal Standard

The Court reviews all objections to the Special Master's findings of fact or conclusions of law de novo. Fed. R. Civ. P. 53(f).

## III. Discussion

The amendments to the Federal Rules of Civil Procedure effective December 1, 2015 emphasize that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). A court "must limit the frequency or extent of discovery otherwise allowed" if "(I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)©).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx                                Date  Aug. 11, 2021

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

    The Court addresses NIC's arguments concerning the timeliness and proportionality of its discovery request below.

**1.      Timeliness**

    NIC argues that its motion to compel was timely given that it filed its motion within the revised scheduling order, promptly pursued production (via the motion to compel) after the Bobba deposition and others in which those deposed "dropped" certain privilege concerns, and because the motion would not prejudice NTG by further delaying the proceedings.  Dkt. No. 1154 at 13-14.  It reasserts this argument in its reply, noting that the waiver occurred during those depositions and that it could only pursue the instant motion after that waiver.  Dkt. No. 1169 at 6-7.  In response, NTG argues that the Special Master was correct in finding that the motion was untimely.  Dkt. No. 1168 at 11.  In support of its argument, NTG notes that the documents at issue were originally listed in its privilege log on March 7, 2017, and therefore NIC delayed in bringing the motion for over three years.  Id. at 12-13.  Further, whether these documents are subject to production has already been litigated.  Id. at 13-14.  Therefore, if the Court were to grant the instant motion, NTG argues it would also be severely prejudiced as a result, requiring it to litigate documents that were originally listed in a privilege log produced over three years ago.  Id. at 14.

    The Court finds that the motion is untimely.

    First, while the motion itself is timely, the discovery deadline has passed.  The Court's revised scheduling order did not provide a new discovery deadline, and the previous discovery deadline of October 2017 had long since passed.  Dkt. Nos. 91, 1089.  Although neither the Federal nor Local Rules sets a deadline to file motions to compel, "broad discretion is vested in the trial court to permit or deny discovery."  Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (cleaned up).  So "[p]arties may not unduly delay in filing motions to compel no matter their merit."  KST Data, Inc. v. DXC Tech. Co., 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018).  To be sure, the Court could entertain a motion to compel even after the deadline for discovery motions has passed.  See Jorgensen v. Cassiday, 320 F.3d 906, 913 (9th Cir. 2003). But the protracted litigation history of this case is a prime example why motions to compel filed after the close of discovery are usually denied.  See Aardwolf Indus., LLC v. Abaco Machines USA, Inc., 2017 WL 10339007, at *2 (C.D. Cal. Aug. 9, 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx  Date  Aug. 11, 2021

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

    Second, the Court disagrees with NIC's statement that "the question is whether NTG witnesses' conduct at the depositions effected a waiver that now entitles NIC to relief." See Dkt. No. 1154 at 13. NIC had initiated its request for these documents in early 2017 and had litigated this issue consistently since then. Despite NIC's concerns regarding whether any privilege did in fact exist over these documents, it could have sought to vitiate that privilege rather than waiting over four years to do so now, even if the Bobba depositions and others provided revelatory information. The Court is also not convinced that NIC's lack of timeliness can be excused because any privilege was waived as a result of those recent depositions. The attorney-client privilege "can be waived by the client, either explicitly or by implication." Lorenz v. Valley Forge Ins. Co., 815 F.2d 1095, 1098 (7th Cir. 1987); Bittaker v. Woodford, 331 F.3d 715, 719 (9th Cir. 2003). The privilege is impliedly waived when a party, through some affirmative act, puts the privileged information at issue and allowing the privilege to persist would prejudice the opposing party. Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1326 (9th Cir. 1995). Without getting to the substance of the depositions, however, the Court agrees that neither Wynn nor Ryan Ferrell could waive NTG's privilege given that they are not company representatives or current employees. See Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348 (1985); United States v. Chen, 99 F.3d 1495, 1502 (9th Cir. 1996); United States v. Lonich, No. 14-cr-00139 (SI), 2016 WL 1733633, at *5 (N.D. Cal. May 2, 2016) ("The power to waive the privilege, however, belongs not to the employees but 'rests with the corporation's management and is normally exercised by its officers and directors.'").

    Therefore, the Court finds that the motion was untimely.

**2.  Proportionality**

    NIC argues that the discovery request is also proportional to the overall proceedings. Dkt. No. 1154 at 21. It argues that the discovery requests are important to its RICO claim (which, on its own, is an important issue) because they are directly probative of the Morales predicate and critical to resolve a credibility dispute. Id. at 22. It adds that the documents are also necessary under the fairness doctrine, given that otherwise NTG would be able to use the attorney-client privilege both as a sword and shield. Id. at 23. Finally, because NTG has easy access to the documents (while NIC does not) and the amount in controversy is high, the discovery request is proportional to the suit. Id. at 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:15-cv-02034-JVS-JCGx                            Date   Aug. 11, 2021

Title   Natural-Immunogenics Corp. v. Newport Trial Group, et al

     NTG responds that the Special Master correctly found that the discovery request is not proportional to the case. Dkt. No. 1168 at 8. In support of its argument, it notes that the Court has already found numerous times that the ongoing discovery requests are no longer proportional to the case, that "discovery has already been extensive, burdensome, and litigious," that NIC has already received extensive discovery on Bobba ("including privileged documents that discredit Bobba's testimony"), and finally that the burden to NTG outweighs any benefit to NIC. Id. at 8-10.

     NIC clarifies its argument in its reply. Dkt. No. 1169. It adds that it has received only approximately .8% of the total documents related to the Bobba lawsuit and reasserts that because of this limited production, NTG and its witnesses have been able to "testify liberally knowing that NIC could not test the veracity of their statements or impeach through underlying testimony." Id. at 2-3. It adds that the small batch of documents (only approximately 140 documents) is highly relevant such that the request is proportional to the needs of the case at this juncture and not overly burdensome for NTG to produce. Id. at 4-5. NIC also requests the Court to exclude NTG's witness testimony should the Court deny its motion. Id. at 5.

     Then and now, "the Court finds that the amount in controversy is not so high as to validate unending discovery, nor is it so high as to justify the substantial burden placed on the parties and the Court by the discovery at issue in this motion." Dkt. No. 788 at 13. "Considerations of proportionality can include reviewing whether discovery production has reached a point of diminishing returns." Abbott v. Wyo. Cty. Sheriff's Office, No. 15-CV-531W, 2017 WL 2115381, at *2 (W.D.N.Y. May 16, 2017) (citation omitted). The Court noted that discovery reached the point of diminishing returns when it entered its orders at Docket Nos. 788 and 1030. Discovery is now far past that point, as is evidenced by the fact that NIC even filed a motion for partial summary adjudication on its RICO claim prior to filing its request for review here. Indeed, the Court questions why – if these documents were so integral to the RICO claim – NIC did not seek to continue the hearing on its motion for partial summary adjudication or otherwise alert the Court to this issue, even if doing so would require amending the scheduling order.

     Therefore, the Court finds that the instant discovery request is not proportional to the amount at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:15-cv-02034-JVS-JCGx  Date  Aug. 11, 2021

Title  Natural-Immunogenics Corp. v. Newport Trial Group, et al

## IV.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the objection.

**IT IS SO ORDERED.**

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |