1  Nicole Whyte, State Bar No. 156503
   nwhyte@bremerwhyte.com
2  Benjamin Price, State Bar No. 267400
   bprice@bremerwhyte.com
3  Kyle A. Riddles, State Bar No. 309854
   kriddles@bremerwhyte.com
4  BREMER WHYTE BROWN & O'MEARA LLP
   20320 S.W. Birch Street
5  Second Floor
   Newport Beach, California 92660
6  Telephone:  (949) 221-1000
   Facsimile:  (949) 221-1001
7
   Attorneys for Defendants,
8  Ryan Ferrell; Victoria Knowles; David Reid; and
   Andrew Lee Baslow
9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                    **SOUTHERN DIVISION**

13  NATURAL-IMMUNOGENICS CORP.,  )   Case No. 8:15-cv-02034-JVS-JCG
    a Florida Corporation,              )
14                                        )   Judge:  Hon. James V. Selna
                      Plaintiff,          )   Dept:   C15
15                                        )
         vs.                              )   **DEFENDANT DAVID REID'S**
16                                        )   **MOTION IN LIMINE TO**
    NEWPORT TRIAL GROUP, et al.,          )   **EXCLUDE REFERENCE TO OR**
17                                        )   **THE INTRODUCTION OF**
                      Defendants.         )   **EVIDENCE OF REPRIMAND OF**
18  _____   )   **DAVE REID: MEMORANDUM**
                                              **OF POINTS AND AUTHORITIES**
19                                            **AND DECLARATION OF KYLE**
                                              **A. RIDDLES IN SUPPORT**
20                                            **THEREOF**

21                                            DEFENDANTS' MOTION IN
                                              LIMINE 1 OF 2
22
                                              Date:  September 27, 2021
23                                            Time: 11:00 a.m.
                                              Dept: Courtroom 10C
24
                                              Complaint Filed:  December 7, 2015
25                                            Trial Date:      November 1, 2021

26        Defendant David Reid, through his counsel of record, will and hereby does

27  move this Court in limine before trial for an order to exclude reference or mention of

28  any evidence related to this Court's formal reprimand of Mr. Reid at Docket No. 130.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

MOTION IN LIMINE 1 of 2

1601.116 4830-9574-1942.4

1    Mr. Reid further moves this Court to order Plaintiff to instruct all witnesses:

2    1.    Not to mention, refer to, or attempt to convey to the trier of fact in any

3    manner, either directly or indirectly, any reference to evidence related to this Court's

4    Order at Docket 130.

5    2.    Not to mention, refer to, or attempt to convey to the trier of fact in any

6    manner, either directly or indirectly, the underlying Declaration made by Mr. Reid

7    for which he was reprimanded. Dkt. 41.

8    3.    Not to mention, refer to, or attempt to convey to the trier of fact in any

9    manner, either directly or indirectly, any amended Declarations filed by Defendant in

10    this matter intended, including Mr. Reid's Declaration at Docket 134.

11    4.    Not to make any reference to the fact that this Motion has been filed.

12    5.    To admonish and instruct Plaintiff's witnesses to strictly adhere to the

13    instructions set forth herein above.

14    This Motion is made pursuant to Federal Rules of Evidence, Rules 401, 403,

15    and 404, all papers, pleadings and documents in the Court file in this matter, and

16    upon such other and further oral and documentary evidence as may be presented at

17    the trial of this case or at a time set by the trial Court for the hearing of this matter.

18    Dated:  August 16, 2021                    BREMER WHYTE BROWN & O'MEARA
                                                 LLP
19

20

21                                              By:  /s/ Kyle A. Riddles
                                                    Nicole Whyte
22                                                  Benjamin Price
                                                    Kyle Riddles
23                                                  Attorneys for Defendants
                                                    Ryan Ferrell; Victoria Knowles;
24                                                  David Reid; and Andrew Lee
                                                    Baslow
25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

2

MOTION IN LIMINE 1 of 2

1601.116  4830-9574-1942.4

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

This case relates to underlying litigation in which Newport Trial Group ("NTG") pursued class action lawsuits on behalf of clients.  NIC is a Florida corporation which manufactures, advertises, and sells colloidal silver produces under the brand name "Sovereign Silver."  This product is advertised as a supplement which provides "immune support."  NTG sued NIC on behalf of Andrew Nilon and other plaintiffs concerning NIC's Sovereign Silver product, and NIC admits that the only harm it is currently claiming in this action is the litigation that arose from *Nilon v. Natural-Immunogenics Corp.,* No. 3:12-cv-00930-LAB-BGS (S.D. Cal. 2012) ("the Nilon Action").  Dkt. 1007 at ¶ 13.  That suit involved a claim that "colloidal silver is snake oil", and that NTG alleged NIC's advertising was false and misleading.  *Id*. ¶ 470. N

NIC has brought this suit alleging four causes of action against defendants: (1) Malicious Prosecution; (2) Violation of the RICO Act (18 U.S.C. §§ 1961, 1962(c), 1964(c)); (3) Violation of the RICO Act (18 U.S.C. §§ 1961, 1962(c), 1964(c)); and (4) Unfair Competition (Cal. B&P Code §§ 17200, et seq.; Cal. B&P Code §§ 7520, et seq.).  Dkt. 1007. The Malicious Prosecution claim has since been dismissed, ***with prejudice***, as to David Reid Dkt 1124.  Further, the Unfair Competition claim has been dismissed as to all defendants.  Dkt. 552. Thus, the only remaining claims against Mr. Reid are the second and third counts for RICO violations.

On February 18, 2016, Mr. Reid filed a declaration in which he stated, "I had no involvement in the *Nilon* Action…" Dkt. 41 at p. 9 ¶ 2.  This Declaration was filed in connection with the NTG Defendants' anti-SLAPP Motion.  Dkt. 39.  This Motion was solely made in connection with NTG's Malicious Prosecution Claim (which has since been dismissed, ***with prejudice***, as to Mr. Reid).  This Court subsequently issued a formal reprimand of Mr. Reid as it found Mr. Reid had some

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3

MOTION IN LIMINE 1 of 2

1601.116  4830-9574-1942.4

involvement with the Nilon Action and this would have negated an essential element of NIC's Malicious Prosecution Claim.  See *Id*.  Mr. Reid subsequently filed an Amended Declaration clarifying that "[Mr. Reid] had virtually no involvement in the Nilon Action." Dkt 134 at p. 2 ¶ 2.

Plaintiffs are likely to attempt to use this Court's reprimand of Mr. Reid as evidence at trial, as they have already used it as evidence in support of other motions. See, e.g., Dkt. 680 at 9:1-4, 11:1-2 & n.4.

Any evidence or reference to Mr. Reid's declaration or reprimand for filing a false declaration in the instant action has no bearing on the two remaining RICO causes of action against him.  The introduction of such evidence would constitute a waste of time, confuse the issues, and mislead the jury.  Evidence relating to the formal reprimand is entirely prejudicial and should be excluded pursuant to Federal Rules of Evidence, Rules 401, Rule 403, and Rule 404. Therefore, this Court should exclude reference or mention of any evidence related to this Court's formal reprimand of Mr. Reid at Docket No. 130.

## 2.    ARGUMENT

### 2.1.    The Evidence Relating to Mr. Reid's Declaration and Formal Reprimand Is Not Relevant

Federal Rules of Evidence, Rule 401 provides in full:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable
>
> than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.
>
> Fed. R. Evid. 401.

"Relevancy simply requires that the evidence logically advance a material aspect of the party's case." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (internal quotations omitted).  In order to introduce evidence relating

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

4

MOTION IN LIMINE 1 of 2

1601.116 4830-9574-1942.4

to Mr. Reid's Declaration and this Court's reprimand, Plaintiff would first have to establish the evidence is relevant pursuant to Rule 401.

Mr. Reid's Declaration for which he was reprimanded has no bearing on the issues in Plaintiff's case against him. Mr. Reid's Declaration was made for the purposes of an anti-SLAPP Motion as to Plaintiff's Malicious Prosecution Claim in the instant case and that issue has since been resolved. In particular, Plaintiff has dismissed the Malicious Prosecution claim, ***with prejudice***, against Mr. Reid because he had virtually no involvement in the Nilon Action, which was the sole basis for Plaintiff's Malicious Prosecution action against him. Dkt. 1124. Thus, the Declaration no longer has any relevance to a claim against him in this case. Therefore, the Declaration and reprimand are irrelevant to the claims and should be excluded on that basis alone.

## 2.2.   The Evidence Relating to the Declaration and Reprimand Is Prejudicial, Confuses the Issues, and Will Cause Undue Delay, and Waste Time

Even if evidence relating to Mr. Reid's Declaration and the Court's reprimand were relevant, any relevance it does have is dramatically outweighed by the unfair prejudice it presents, the confusion of the issues, the misleading of the jury, and the waste of time. Federal Rules of Evidence, Rule 403 provides in full:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). "Unfair prejudice can

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1601.116 4830-9574-1942.4

1  result from evidence that makes it more likely for a juror 'to defer to findings and

2  determinations relevant to credibility made by an authoritative, professional

3  factfinder rather than determine those issues for themselves.'" *United States v. Sine*,

4  493 F.3d 1021 (9th Cir. 1992).

5      This case already has a significant amount of issues, and introducing the

6  Declaration, which was submitted for the purpose of an anti-SLAPP motion against a

7  claim that has since been dismissed, ***with prejudice***, will only serve to confuse a jury.

8      The evidence does not establish or relate to any of the elements of RICO as to

9  Mr. Reid, which is the remaining claim against him.  Plaintiff presumably agreed that

10 Mr. Reid's involvement in the Nilon Action was so minimal that it could not prevail

11 on this element since Plaintiff dismissed the Malicious Prosecution claim, ***with***

12 ***prejudice***, as to Mr. Reid.  Thus, the evidence would only be introduced in an

13 attempt to tarnish Mr. Reid's name and unduly prejudice him.

14     Finally, introduction of the Declaration and reprimand would waste the

15 Court's time in this case as there are many different defendants, eight underlying

16 cases, and evidence that actually has relevance to the underlying cases in the alleged

17 RICO counts that would better serve the jury in ultimately deciding this case.

18 Simply put, evidence relating to Mr. Reid's Declaration and any reprimand is

19 irrelevant, and even if found somehow relevant, is substantially outweighed by its

20 prejudicial effect, and resulting waste of the Court's time.  The evidence should be

21 excluded.

22     **2.3.    The Reprimand was Based Upon a Preliminary Finding and**

23          **as Such Should Not Be Admissible**

24     Decisions made by the Court' inherent powers is akin to a Rule 104

25 "Preliminary Question" standard, rather than a preponderance standard.  *See United*

26 *States v. Herrera*, 407 F.Supp. 766 (N.D.Ill. 1975) ("The preliminary question need

27 not be resolved beyond a reasonable doubt or by a preponderance of the evidence.

28 Substantial evidence in support of the existence of the preliminary fact suffices.  In a

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6

MOTION IN LIMINE 1 of 2

1601.116  4830-9574-1942.4

1  jury trial, the preliminary finding should not be communicated to the jury."); *United*
2  *States v. Vinson*, 606 F.2d 149, 153 (6th Cir. 1979) ("The judge should not describe
3  to the jury the government's burden of proof on the preliminary question.  Such an
4  instruction can serve only to alert the jury that the judge has determined that a
5  conspiracy involving the defendant has been proven by a preponderance of the
6  evidence.  This may adversely affect the defendant's right to trial by jury.  The
7  judge's opinion is likely to influence strongly the opinion of individual jurors when
8  they come to consider their verdict and judge the credibility of witnesses."); *United*
9  *States v. Richardson*, 2006 U.S. Dist. LEXIS 61193, *47 (S.D. Oh. Aug. 29, 2006).)

10      The Court exercised "its inherent powers to determine whether Mr. Reid
11  engaged in sanctionable misconduct.  Dkt. 130 at p. 2.  The Court in no way
12  indicated that the decision was based upon a preponderance standard or any standard
13  from which a jury should make its ultimate determination of fact.  Permitting
14  evidence that was determined under the Court's powers on a lesser burden of proof
15  than required for the jury would be inappropriate and prejudicial.  This is not an
16  ultimate determination of guilt, yet if permitted Plaintiff will surely attempt to
17  present it to the jury as such.  Therefore, since the Mr. Reid's reprimand was based
18  upon this Court's inherent powers, rather than a higher standard such as
19  preponderance or by clear and convincing evidence, the reprimand should be
20  excluded from introduction into evidence.

21      **2.4.**   **Use of Mr. Reid's Declaration and/or Subsequent Reprimand**
22          **is Inadmissible Character Evidence**

23      Federal Rules of Evidence, Rule 404(a)(1) provides: "[e]vidence of a person's
24  character or a trait of character is not admissible for the purpose of proving action in
25  conformity therewith on a particular occasion …" Fed. R. Evid. 404(a)(1).  Rule
26  404(b) prohibits "[e]vidence of any other crime, wrong, or act is not admissible to
27  prove a person's character in order to show that on a particular occasion the person
28  acted in accordance with the character. Fed. R. Evid. 404(b)(1).  Although Rule

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

7
MOTION IN LIMINE 1 of 2

1601.116 4830-9574-1942.4

1  404(b) allows the admission of evidence for other purposes, such as intent, those

2  purposes do not exist here.

3      The fact the Mr. Reid was reprimanded in this case has no bearing on his

4  intent in the underlying cases.  Further, the declaration he was reprimanded for

5  related to the Nilon Action and Plaintiff's alleged Malicious Prosecution claims,

6  which were dismissed, ***with prejudice***, as to Mr. Reid.  It does not relate to the other

7  underlying cases in the alleged RICO claims and has no probative value to his intent

8  in the Nilon Action, let alone the other seven underlying cases or any of the other

9  facts making up the alleged RICO claim.  Thus, the evidence should be excluded as

10  improper character evidence.

11  **3.    CONCLUSION**

12      For the foregoing reasons, Defendant David Reid respectfully requests this

13  Court issue an order precluding Plaintiff and witnesses from making any reference or

14  mention of any evidence related to this Court's formal reprimand of Mr. Reid at

15  Docket No. 130.

16  Dated:  August 16, 2021                    BREMER WHYTE BROWN & O'MEARA LLP

17

18                                                 By:  */s/ Kyle A. Riddles*

19                                                        Nicole Whyte
                                                          Benjamin Price
20                                                        Kyle Riddles
                                                          Attorneys for Defendants
21                                                        Ryan Ferrell; Victoria Knowles;
                                                          David Reid; and Andrew Lee
22                                                        Baslow

23

24

25

26

27

28

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

8
MOTION IN LIMINE 1 of 2

1601.116  4830-9574-1942.4

1

## <u>DECLARATION OF KYLE A. RIDDLES</u>

2      I, Kyle A. Riddles, hereby declare as follows:

3      1.      I am a member of the State Bar of California admitted to practice before

4 this Court, and am an associate with Bremer, Whyte, Brown & O'Meara, LLP,

5 counsel for Defendant David Reid ("Defendant").  I have personal knowledge of the

6 matters below and could and would testify competently to them if asked.

7      2.      I make this declaration in support of Defendant's Motion in Limine No.

8 1.

9      3.      On August 9, 2017, I had a phone call with Plaintiff's counsel and

10 counsel for Defendants NTG and Scott Ferrell pursuant to Local Rule 7-3 which I

11 explained my intention to file this Motion and the basis thereof.

12      I declare under penalty of perjury under the laws of the State of California that

13 the foregoing is true and correct.

14      Executed this 16th day of August 2021, at Newport Beach, California.

15

16                                                              */s/ Kyle A. Riddles*

17                                                              Kyle A. Riddles

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

MOTION IN LIMINE 1 of 2

1601.116  4830-9574-1942.4

1

**CERTIFICATE OF SERVICE**

2

3       I am employed in the County of Orange, State of California.  I am over the age
4   of 18 and not a party to the within action.  My business address is 20320 S.W. Birch
    Street, Second Floor, Newport Beach, California 92660.

5       On August 16, 2021, I served the within document(s) described as:

6

7   **DEFENDANT DAVID REID'S MOTION IN LIMINE TO**
    **EXCLUDE REFERENCE TO OR THE INTRODUCTION OF**
8   **EVIDENCE OF REPRIMAND OF DAVE REID:**
    **MEMORANDUM OF POINTS AND AUTHORITIES AND**
9   **DECLARATION OF KYLE A. RIDDLES IN SUPPORT**
    **THEREOF**
10

11      on the interested parties in this action as stated on the attached mailing list.

12  ☒   (BY CM/ECF) I hereby certify that I have caused the foregoing to be served
        upon counsel of record and all interested parties through the Court's electronic
13      service system.

14      I certify that I am employed in the office of a member of the bar of this Court
    at whose direction the service was made.
15

        Executed on August 16, 2021, at Newport Beach, California.
16
        I declare under penalty of perjury that the foregoing is true and correct.
17

18   _____               _____
        Laurinda L. Palacio                     /s/ Laurinda L. Palacio
19      (Type or print name)                      (Signature)

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1

1601.116  4828-1753-6181.1

1  <u>**Natural-Immunogenics Corp. v. Newport Trial Group, et al**</u>

2  **Case No. 8:15-cv-02034-JVS-JCG**

3  **BWB&O CLIENT:**     Ryan Ferrell; Victoria Knowles; Dave Reid; and
   Andrew Lee Baslow

4

5  **BWB&O FILE NO.:**    **1601.116**

6  <u>**SERVICE LIST**</u>

7  **James M Sabovich**
   jsabovich@callahan-law.com
8  mkingsbury@callahan-law.com

9  **Peter A Arhangelsky**
   parhangelsky@emord.com
10
   **Joshua S Furman**
11  jfurman@emord.com

12  **Kristopher Price Diulio**
    kdiulio@forddiulio.com
13
    **Brendan M Ford**
14  bford@forddiulio.com

15  **Leah M Kaufman**
    leah@leahmkaufman.com
16
    **Rosalyn Chapman (Ret.)**
17  rchapman@jamsadr.com

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

1601.116 4828-1753-6181.1