**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
David J. Darnell (SBN 210166)
Ddarnell@callahan-law.com
James M. Sabovich (SBN 218488)
jsabovich@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants NEWPORT TRIAL GROUP
and SCOTT J. FERRELL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

<table>
<tr><td>NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants.</td><td>CASE NO.   8:15-cv-02034-JVS-JCG<br>JAMS Case No.: 1220055347<br><br><br>**DEFENDANTS NEWPORT TRIAL GROUP'S AND SCOTT J. FERRELL'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO CASES NOT SPECIFICALLY REFERENCED IN THE FOURTH AMENDED COMPLAINT**<br><br><br>Pretrial Conf.:   September 27, 2021<br>Time:          11:00 am<br>Courtroom:    10C<br><br>Special Master: Hon. Andrew Guilford<br>Judge:          Hon. James V. Selna<br><br>Complaint Filed:   December 7, 2015<br>Trial Date:    November 1, 2021</td></tr>
</table>

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

MOTION IN LIMINE NO. 2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 27, 2021, at 11:00 a.m. in Courtroom 10C of the above-captioned District Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants Newport Trial Group and Scott J. Ferrell will, and hereby do, move the Court for an order *in limine* to preclude evidence, testimony, or argument regarding cases not specifically referenced in the Fourth Amended Complaint.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the docket in this matter, any argument presented to the Court at any hearing on this Motion, and such other pleadings and papers as the Court may consider in its discretion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 9, 2021.

Dated:  August 16, 2021                    **CALLAHAN & BLAINE, APLC**

By: */s/ James M. Sabovich*
Edward Susolik
David J. Darnell
James M. Sabovich
Attorneys for Defendants
NEWPORT TRIAL GROUP and
SCOTT J. FERRELL

MOTION IN LIMINE NO. 2

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## I.   INTRODUCTION

In this Motion *in Limine*, Defendants Newport Trial Group and Scott J. Ferrell seek to exclude reference to cases not specifically referenced in the Fourth Amended Complaint under Rules 402, 403, and 404 of the Federal Rules of Evidence.  These arguments or references are irrelevant to the issues the jury must consider, and allowing them to be presented to the jury would be a highly improper invasion on the province of the jury and unduly prejudicial to Defendants, and would violate the rule against propensity evidence.

## II.   FACTUAL AND PROCEDURAL HISTORY RELEVANT TO THIS MOTION IN LIMINE

NIC initiated this litigation on December 7, 2015, followed by the filing of its Second Amended Complaint ("SAC") on May 10, 2016.  Dkts. 1, 92.  On May 10, 2016, NIC filed its Second Amended Complaint, which asserted claims for (1) Malicious Prosecution; (2) Violation of the RICO Act; and (3) Violation of the RICO Act based on allegations that Defendants perpetrated two litigation schemes: (a) the CLRA or false-advertising scheme; and (b) the CIPA[1] or wiretapping scheme, each of which were based on four predicate cases.  Dkt. 92.  For the "false advertising scheme," NIC includes *Nilon v. NIC* and identifies three additional lawsuits as part of the false advertising scheme:  *Pfleg v. Nature's Way Products, Inc.*; *Dronkers v. Kiss My Face, LLC*; and *Morales v. Magna, Inc*.  And for the "wiretapping scheme," NIC identifies four separate lawsuits:  *Demulder v. Carter-Reed Co., LLC*; *Schoonover v. Himalaya Drug Co.*; *Torres v. Nutrisystem*; and *Nilon v. Chromadex*.

NIC alleged that in both the false advertising scheme and the wiretapping scheme, NTG and its attorneys used "plaintiffs-for-hire" by bribing its clients to "stage" injuries and then filed, or threatened to file, lawsuits claiming false

---

[1]   CIPA refers to the California Invasion of Privacy Act.

- 1 -

MOTION IN LIMINE NO. 2

advertising or wiretapping violations.  Dkt. 92, ¶¶ 26, 28, 31, 34.  On February 14, 2020, with a looming trial date set to commence in less than nine months' time on November 3, 2020, NIC moved for leave to file an expanded Third Amended Complaint ("TAC"), adding new predicate acts and new theories based on a new or different alleged scheme (i.e., the "Lanham Act scheme").  Dkt. 892; *see also* Dkt. 911.

NIC pressed forward with its motion for leave and thereafter filed its TAC on March 24, 2020.  Dkt. 911.  The TAC added a third alleged "scheme," one which NIC separately defined as the "Lanham Act scheme."  Dkt. 911, ¶ 25, 40-45.  Importantly, NIC's new "Lanham Act scheme" alleged something new and different from the false advertising and wiretapping "schemes" alleged in its SAC.  Dkt. 911, ¶¶ 25, 40-45, 359-377.  Ultimately, NIC filed a Fourth Amended Complaint ("FAC"), that includes the original eight predicate matters, as well as five Strataluz demand letters (only one of which resulted in a lawsuit.)  Dkt. 1007, ¶¶ 372-77.  Specifically, NIC cites demand letters to (1) Natural Products Solutions, LLC; (2) Nutrex Research, Inc.; (3) TwinLab Corp.; (4) Pristine Bay; and (5) truDerma, LLC.  *Id.*, ¶ 362.  The one lawsuit alleged regarding Strataluz is *Strataluz, LLC v. TruDerma, LLC*, No. 15-cv-1248-JM-RBB (S.D. Cal. June 3, 2015).  *Id.*, ¶ 374.

As the Court has already found on multiple occasions, this case is complex with a history of "excessive discovery."  Dkt. 1030 at 7.  Last year, this Court observed, "[t]his action has been litigated since 2015 – five long years – and currently numbers in excess of 1025 docket entries to say nothing of the amount of time spent by the Special Master and this Court sorting and resolving discovery disputes."  Dkt. 1030 at 6.  The docket has grown substantially since then and is now approaching 1200.  This Courts' last order is Docket No. 1170, which is itself remarkable in a case with low six figures at issue.  Ironically, it rejected another effort by NIC to obtain more discovery years after the deadline.  Dkt. 1170 at 5 ("The Court noted that discovery reached the point of diminishing returns when it

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 2 -

entered its orders at Docket Nos. 788 and 1030.  Discovery is now far past that point, as is evidenced by the fact that NIC even filed a motion for partial summary adjudication on its RICO claim prior to filing its request for review here.").)

While identification of witnesses and exhibits is still in process, NIC has already identified over 50 witnesses and nearly 1,000 exhibits.  Declaration of David Darnell, ¶¶ 6-9.  It is clear from these that NIC will attempt to reference cases beyond those in the FAC.

## III.   STANDARD FOR MOTION IN LIMINE

District courts have discretion to determine evidentiary issues presented in motions *in limine* in advance of trial.  *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-254, 2016 WL 4410008, at *1 (S.D.N.Y. Aug. 18, 2016).  The admissibility of arguments and evidence regarding types of damages is properly addressed via motions *in limine*.  *Int'l Bus. Machines Corp. v. BGC Partners, Inc.*, No. 10-cv-128, 2013 WL 1775437, at *3 n.5 (S.D.N.Y. Apr. 25, 2013).

Evidence must be relevant in order to be admitted.  *See* Fed. R. Evid. 402.  Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Even if relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time."  Fed. R. Evid. 403.  Moreover, character or propensity evidence is prohibited under Rule 404.

## IV.   LEGAL ARGUMENT

Here, reference to lawsuits or cases beyond the predicate matters in the FAC is irrelevant, unduly prejudicial, and would constitute improper character evidence.  "[E]vidence should be excluded pursuant to Federal Rule of Evidence 401 if it is irrelevant, or under Federal Rule of Evidence 403 where the Court finds that the evidence's probative value is substantially outweighed by a danger of prejudice.  See

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

Fed. R. Evid. 401, 403." *W. Sugar Coop. v. Archer-Daniels-Midland Co.*, No. 211CV3473CBMPJWX, 2015 WL 13759740, at *1 (C.D. Cal. Oct. 26, 2015).

Relatedly, Rule 404 excludes propensity or character evidence. Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). For example, in *Barrett v. Negrete*, 2010 U.S. Dist. LEXIS 52258, *15 (S.D. 2010), a district court held that Rule 404(b) barred admitting its issuance of sanctions against NIC's prior counsel, Carlos Negrete, as evidence to support a malicious prosecution claim against Carlos Negrete. *See also*, *Rengo v. Cobane*, 2013 U.S. Dist. LEXIS 91613, *2 (W.D. Wash. 2013) (excluding evidence of other lawsuit as "propensity evidence" in malicious prosecution action); *Williams v. City of Chi.*, 2015 U.S. Dist. LEXIS 11247, *13 (N.D. Ill. 2015) (verdict against defendant for malicious prosecution in other litigation excluded under Rule 404(b).

Allowing NIC to present claims of alleged misconduct in other actual or contemplated lawsuits presents a classic problem of prejudicial propensity evidence. There are already eight predicate matters, plus the additional ones regarding Strataluz added by the FAC. It will already be difficult for a finder of fact to keep all these matters separate. Allowing NIC to add allegations of misconduct in other lawsuits – which have not been pled and thus for which Defendants have not been able to take discovery or offer expert testimony – only promotes the idea that Defendants are generally "bad" in terms of litigation. As the Ninth Circuit has noted based on the advisory notes, such "[c]haracter evidence is of slight probative value and may be very prejudicial" because it "tends to distract the trier of fact from the main question of what actually happened on the particular occasion" and because "[i]t subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened." *United States v. Curtin,* 489 F.3d 935, 944 (9th Cir.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

MOTION IN LIMINE NO. 2

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

2007).  Moreover, evidence of other cases is more likely to be prejudicial when the other cases involve the same cause of action.  *See e.g.*, *Nibbs v. Goulart*, 822 F. Supp. 2d 339, 343 (S.D.N.Y 2011) (where "the prior conviction is for the same offense as that at issue, '[t]he potential for prejudice ... is greatly enhanced.'").  The fact is that NTG is a consumer protection law firm, so it is not difficult to point to other false advertising, wiretap, or similar cases brought by NTG.  NIC could, for example, attempt to put on evidence that the NTG Defendants brought other false advertising cases like Nilon v. NIC (or others alleged).  A jury, potentially confused by the large number of actions, may well impose liability based on similar seeming cases even though doing so would be legal error.  This raises a grave risk that a jury will subscribe to a "where there is smoke there is fire" analysis and conclude that because the NTG Defendants have been accused of bringing seven other cases without probable cause, the Nilon v. NIC case must have been brought without probable cause too.  *See e.g.*, *United States v. Bevelle*, 437 Fed. Appx. 399, 405 (6th Cir. 2011) ("Informing the jury that a defendant currently on trial for conspiring to distribute drugs was involved in a previous, unrelated DEA investigation would presumptively prejudice the defendant.  Indeed, the prejudicial inference is so commonplace that it is enshrined in the adage, 'where there is smoke, there is fire.'").

The potential for prejudice and even error are especially problematic here because of the nature of the other potentially alleged bad acts.  As this Court has previously found, "[t]he Noerr-Pennington doctrine provides absolute immunity for statutory liability for conduct when petitioning the government for redress."  Dkt. 652 (citing *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006)).  In addition to litigation filings, "[c]onduct incidental to a lawsuit, including a pre-suit demand letter, [also] falls within the protection of the Noerr-Pennington doctrine." *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008).  Other conduct related to the litigation, such as "discovery communications" and other

- 5 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

communications in "preparation" for the litigation have been recognized as incidental to litigation.[2] *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 646 (9th Cir. 2009). Indeed, under controlling Supreme Court and Ninth Circuit precedent, "a court may not even consider the defendant's allegedly illegal objective in those cases unless it first determines that his lawsuit was objectively baseless." *White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000).

NIC will likely argue that other cases could be introduced in its malicious prosecution action under Rule 404(b) anyway. NIC has never cited, and the NTG Defendants are not aware of, any case allowing a plaintiff to introduce evidence of other unpled lawsuits allegedly defendant filed without probable to prove that the defendant had a "pattern" of bringing frivolous lawsuits. NIC has previously cited *Hickey v. Myers*, 2013 U.S. Dist. LEXIS 77419, *10-11. (N.D.N.Y. 2013). But that case states, "[i]t is well settled that it is improper for a court to admit evidence of prior lawsuits for the purpose of demonstrating that a plaintiff is a 'chronic litigant.'" *Id.* Cases like *Hickey* allow prior litigation to be introduced for specific legitimate purposes, such as to show alternative causes of an injury, notice that a product was defective, or the like. *Id.* at *11-12. There are no such issues here.

Accordingly, the Court should enter an order prohibiting reference to cases not specifically referenced in the Fourth Amended Complaint under Rules 402, 403, and 404 of the Federal Rules of Evidence.

## V.   CONCLUSION

For the foregoing reasons, the Court should enter an order prohibiting reference to cases not specifically referenced in the Fourth Amended Complaint

---

[2] This Court previously applied *Noerr-Pennington* immunity to allegations of out-of-court fraud, including solicitation of false testimony and bribery to obtain favorable but false testimony. Dkt. 1028 at 13-15; Dkt. 980, ¶¶ 55-56, 66-69, 71, 79-80. Accordingly, it is the law of the case that *Noerr-Pennington* applies to litigation related out of court conduct. *See United Steel Workers of Am. v. Retirement Income Plan for Hourly-Rated Employees of ASARCO, Inc.*, 512 F.3d 555, 564 (9th Cir. 2008).

- 6 -

under Rules 402, 403, and 404 of the Federal Rules of Evidence.


Dated:  August 16, 2021                      **CALLAHAN & BLAINE, APLC**


By: */s/ James M. Sabovich*
      Edward Susolik
      David J. Darnell
      James M. Sabovich
      Attorneys for Defendants
      NEWPORT TRIAL GROUP and
      SCOTT J. FERRELL

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 7 -