Nicole Whyte, State Bar No. 156503
nwhyte@bremerwhyte.com
Benjamin Price, State Bar No. 267400
bprice@bremerwhyte.com
Kyle A. Riddles, State Bar No. 309854
kriddles@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Attorneys for Defendants,
Ryan Ferrell; Victoria Knowles; David Reid; and
Andrew Lee Baslow

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., a Florida Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | Case No. 8:15-cv-02034-JVS-JCG<br><br>Judge: Hon. James V. Selna<br><br>**DEFENDANT DAVID REID'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REFERENCE TO OR THE INTRODUCTION OF EVIDENCE OF THIS COURT'S REPRIMAND OF DAVID REID**<br><br>Complaint Filed: December 7, 2015<br>Trial Date: November 1, 2021 |

Defendant, David Reid, through his counsel of record, hereby submits his Reply in Support of his Motion in Limine to exclude any reference or mention of any evidence related to this Court's formal reprimand of Mr. Reid at Docket No. 130.

/ / /

/ / /

/ / /

/ / /

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

DAVID REID'S REPLY IN SUPPORT OF MOTION IN LIMINE

1601.116 4825-2657-1259.3

This Reply is based upon the papers and pleadings on file, the attached Memorandum of Points and Authorities and any oral arguments this Court may wish to entertain.

Dated: September 22, 2021

BREMER WHYTE BROWN & O'MEARA LLP

By: _____
Nicole Whyte
Benjamin Price
Kyle Riddles
Attorneys for Defendants
Ryan Ferrell; Victoria Knowles; David Reid; and Andrew Lee Baslow

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2
DAVID REID'S REPLY IN SUPPORT OF MOTION IN LIMINE
1601.116  4825-2657-1259.3

# MEMORANDUM OF POINTS AND AUTHORTIES

## 1. ARGUMENT

This Court's reprimand of Defendant David Reid ("Reprimand") is impermissible character evidence and irrelevant to the actual claims being litigated in the instant action. Even if the Court determines that the Reprimand has probative value, it must be excluded because the highly prejudicial nature of the Reprimand substantially outweighs any probative value it offers in this case. Moreover, Mr. Reid's statement had been corrected in a revised declaration. Dkt 134 at p. 2 ¶ 2.

### 1.1. The Reprimand of Mr. Reid is Not Relevant to the Claims Remaining Against Him in this Case

Rule 401 provides that evidence is relevant only if it "has a tendency to make a fact more or less probable than it would be without the evidence" and second, "the fact is of consequence in determining the action." Fed. R. Evid. 401.

NIC dismissed its malicious prosecution claim against Mr. Reid *with prejudice*. Dkt. 1124. Mr. Reid was dismissed because NIC could not make a case that he had sufficient involvement in the underlying Nilon Action to pursue the malicious prosecution claim against him in good faith. Thus, in order for the Reprimand to be relevant, it must be relevant to the RICO claims.

NIC's position that Mr. Reid's Reprimand is relevant to this case is illogical. The Reprimand is solely related to Mr. Reid's involvement in the Nilon Action, the only case involved in the Malicious Prosecution claim. NIC asserts that Mr. Reid's testimony "tends to show that Reid had knowledge of events in the Nilon lawsuit", yet NIC dismissed Mr. Reid from the Malicious Prosecution action, *with prejudice*. NIC cannot argue in good faith that the Reprimand is relevant because of the Nilon Action when it dismissed its Malicious Prosecution case against Mr. Reid precisely because there was insufficient evidence of his involvement with the Nilon Action.

/ / /

/ / /

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3
DAVID REID'S REPLY IN SUPPORT OF MOTION IN LIMINE
1601.116 4825-2657-1259.3

The Reprimand does not make any fact of consequence more probable in the RICO causes of action against him. The Reprimand of Mr. Reid does not tend to make it more likely he engaged in a racketeering operation. An allegedly reckless statement about involvement (or lack thereof) in the underlying Nilon Action does not make it more or less probable that he engaged in a pattern of racketeering activity under RICO. A statement in a declaration made in the overlying case does not make a fact more or less probable in underlying cases. Therefore, it is not a fact of consequence and has no relevance to the RICO causes of action against Mr. Reid.

### 1.2. The Prejudice Against Mr. Reid Substantially Outweighs any Probative Value

Presenting this Court's Reprimand of Mr. Reid before a jury is highly prejudicial. NIC's Opposition fails to dispute this argument made in Mr. Reid's moving papers. "[T]he Local Rules permit the Court [to] deem failure to oppose as consent to the granting of the motion." *Oakley, Inc. v. Nike, Inc.*, 988 F. Supp. 2d 1130, 1138 (C.D. Cal. 2013) (Selna, J.) (granting motion to judgment on the pleadings on the plaintiff's unfair competition and declaratory relief claims for failure to oppose). NIC failed to assert any argument against Mr. Reid's assertion that any evidence related to this Court's Reprimand would be highly prejudicial. Therefore, the argument should be deemed waived and the Court should grant the Motion.

### 1.3. Evidence Related to the Reprimand of Mr. Reid Should Not Be Admissible For Any Reason, Including Impeachment

"Rule 404(a) provides that "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion..." *United States v. Geston*, 299 F.3d 1130, 1137-38 (9th Cir. 2002). "Because evidence of other crimes, wrongs, or acts carries with it the inherent potential to see the defendant simply as a bad person and then to convict because of who he is rather than what he did, a trial court must take appropriate care

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1601.116 4825-2657-1259.3

4
DAVID REID'S REPLY IN SUPPORT OF MOTION IN LIMINE

to see that this does not happen." *United States v. Curtin*, 489 F.3d 935, 957 (9th Cir. 2007). NIC seeks to use the Reprimand to prove that Mr. Reid has a propensity to act in accordance with a particular character trait. Absent any exception (which NIC does not have) evidence related to the Reprimand must be excluded under the Rules of Evidence.

Under Rule 404(b), a court barred evidence related to sanctions against NIC's prior counsel, Carlos Negrete, as evidence to support a malicious prosecution claim against him. *See Barrett v. Negrete*, 2010 U.S. Dist. LEXIS 52258, *15 (S.D. 2010). *See also*, *Rengo v. Cobane*, 2013 U.S. Dist. LEXIS 91613, *2 (W.D. Wash. 2013) (excluding evidence of other lawsuit as "propensity evidence" in malicious prosecution action); *Williams v. City of Chi.*, 2015 U.S. Dist. LEXIS 11247, *13 (N.D. Ill. 2015) (verdict against defendant for malicious prosecution in other litigation excluded under Rule 404(b)).

NIC argues that the Reprimand is admissible under Rule 608(b). However, the very case that NIC cites to support its assertion held that "Impeachment by contradiction is properly considered under Rule 607, **not Rule 608(b)**". *United States v. Castillo*, 181 F.3d 1129, 1132–33 (9th Cir. 1999) (emphasis added); *See Morgan v. Covington Twp.*, 648 F.3d 172, 179 (3d Cir. 2011) (affirming that impeachment by contradiction is not covered by Rule 608). Rule 608(b) excludes extrinsic evidence that goes to a witness's general credibility, whereas impeachment by contradiction "permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence." *United States v. Lopez*, 979 F.2d 1024, 1033-34 (5th Cir. 1992) (noting that Rule 608 does not apply to impeachment by contradiction).

Instead, "Rule 607 appears to allow the continuation of the federal practice in admitting extrinsic evidence to impeach specific errors or falsehoods in a witnesses' direct testimony, subject to Rule 403 considerations." *Id*. (citing *United States v. Benedetto*, 571 F.2d 1246, 1250 n.7 (2d Cir. 1978). The only way contradictory

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

5
DAVID REID'S REPLY IN SUPPORT OF MOTION IN LIMINE
1601.116 4825-2657-1259.3

evidence could be admitted for impeachment purposes here is if Mr. Reid testifies during ***direct*** examination and NIC had evidence that would contradict his direct testimony. "[E]xtrinsic evidence may not be admitted to impeach testimony invited by questions posed during cross-examination." *Id.* at 1133.

Any extrinsic evidence to be used for impeachment purposes is limited by Rule 403 considerations. *See Id.*; Fed. R 403. As discussed above, the probative value of evidence related to the Court's Reprimand is substantially outweighed by a danger of unfair prejudice, confusing of issues, misleading the jury, and undue delay to a trial that will likely have thousands of exhibits and over 50 witnesses. Thus, the Reprimand should be excluded for any purpose.

## 2. CONCLUSION

For the foregoing reasons, any evidence related to this Court's Reprimand should be excluded as such evidence is not admissible for any purpose.

Dated: September 22, 2021    BREMER WHYTE BROWN & O'MEARA LLP

By: _____
Nicole Whyte
Benjamin Price
Kyle Riddles
Attorneys for Defendants
Ryan Ferrell; Victoria Knowles;
David Reid; and Andrew Lee Baslow

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

6
DAVID REID'S REPLY IN SUPPORT OF MOTION IN LIMINE
1601.116 4825-2657-1259.3

# **CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660.

On September 22, 2021, I served the within document(s) described as:

**DEFENDANT DAVID REID'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REFERENCE TO OR THE INTRODUCTION OF EVIDENCE OF THIS COURT'S REPRIMAND OF DAVID REID**

on the interested parties in this action as stated on the attached mailing list.

[X] (BY CM/ECF) I hereby certify that I have caused the foregoing to be served upon counsel of record and all interested parties through the Court's electronic service system.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 22, 2021, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Laurinda L. Palacio | /s/ Laurinda L. Palacio |
|---|---|
| (Type or print name) | (Signature) |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1

1601.116 4828-1753-6181.1

<u>**Natural-Immunogenics Corp. v. Newport Trial Group, et al**</u>

**Case No. 8:15-cv-02034-JVS-JCG**

**BWB&O CLIENT:** Ryan Ferrell; Victoria Knowles; Dave Reid; and Andrew Lee Baslow

**BWB&O FILE NO.:** 1601.116

<u>**SERVICE LIST**</u>

**James M Sabovich**
jsabovich@callahan-law.com
mkingsbury@callahan-law.com

**Peter A Arhangelsky**
parhangelsky@emord.com

**Joshua S Furman**
jfurman@emord.com

**Kristopher Price Diulio**
kdiulio@forddiulio.com

**Brendan M Ford**
bford@forddiulio.com

**Leah M Kaufman**
leah@leahmkaufman.com

**Rosalyn Chapman (Ret.)**
rchapman@jamsadr.com

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

1601.116  4828-1753-6181.1