Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Jonathan W. Emord, Esq. (pro hac vice)
jemord@emord.com
Joshua S. Furman, Esq. (pro hac vice)
jfurman@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Drive, Bldg 6, Ste 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff Natural Immunogenics Corp.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS, a Florida corporation,<br><br>Plaintiff,<br>v.<br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | Case No.: 8:15-cv-02034-JVS-JCG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION *IN LIMINE* TO EXCLUDE NIC'S TRIAL COUNSEL AS JURY TRIAL WITNESSES**<br><br>Judge: Hon. James V. Selna |

Plaintiff Natural Immunogenics Corp. ("NIC"), through counsel and pursuant to Local Rule 7-19, respectfully applies *ex parte* for leave to file an additional motion *in limine* to exclude NIC's counsel as jury trial witnesses. The Defendants oppose NIC's *ex parte* application. Defendants recently filed a supplemental trial witness list that raises the specter of a late disqualification (or mandatory withdrawal) of NIC's counsel more than six years into a complex RICO case. NIC has compelling and meritorious bases to exclude its counsel as trial witnesses. This issue must be addressed by the Court well in advance of trial to avoid obvious prejudice and delay if NIC's existing counsel cannot continue through trial. Thus, good cause exists for the Court to allow NIC to file one additional motion *in limine* to address this critical issue sooner rather than later.

### A. FACTUAL BACKGROUND

Defendants served deposition subpoenas on NIC's counsel, Peter Arhangelsky and Joshua Furman, in March 2017. *See* Dkt. 298 at 6. NIC moved to quash or for a protective order. The Special Master granted the motion, in part. *Id.* The Special Master expressly limited the depositions to the following topics:

1. Explaining the facts surrounding the attorney fees and costs billed in the *Nilon* Action; and

2. The facts surrounding the timing of Sandoval's deposition.

*Id.* at 16-17. Moreover, the Special Master expressly prohibited Defendants from inquiring into issues of legal strategy; "Negrete's conduct in the *Nilon* action;" Clark Baker's pre-litigation conduct in advance of this suit and his creation of the E-Fam Website; and Joshua Furman's declaration filed in support of the Omnibus

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE MOTION IN LIMINE TO EXCLUDE NIC'S TRIAL COUNSEL AS JURY TRIAL WITNESSES

1

Motion to Compel. *See id.* at 16-20. The Special Master held that NIC's counsel were not necessary witnesses related to all of the restricted topics. *Id.*[1]

On September 15, 2021, the Court ordered the parties to file supplemental trial witness lists containing descriptions of anticipated testimony for each witness. Dkt. 1231. Defendants filed a supplemental trial witness list revealing that they intend to call NIC's current litigation counsel as trial witnesses on topics that stray far beyond the limited scope permitted in Docket No. 298, and which delve into issues expressly prohibited therein. Dkt. 1249 at 10-12.

NIC's counsel are bound by the Arizona Rules of Professional conduct which permit counsel to serve as an advocate and witness where testimony provided relates to the "value of services rendered." Ariz. R. Prof. Conduct 3.7(a). The Special Master's order in Docket No. 298 limited NIC's counsel to that type of information and thus avoided any conflict with the Rules.[2] However, the proposed testimony listed in Defendants' supplemental witness list strays beyond that subject matter and, if allowed in full, would implicate potential disqualification (or withdrawal).

Thus, on October 18, 2021, NIC's counsel held a telephonic meet and confer with counsel for all Defendants to discuss NIC's intent to file an *ex parte* motion for leave to file a motion *in limine* seeking to exclude NIC's counsel as jury trial witnesses. *See* Decl. of Peter Arhangelsky at ¶ 1. The parties were unable to reach agreement and the Defendants expressed their intent to oppose NIC's *ex parte* application. *Id.* at ¶ 2.

---

[1] As NIC will explain in its motion *in limine*, NIC's counsel are not necessary trial witnesses on any topics for trial.

[2] Although the Special Master permitted questions related to the timing of Sandoval's deposition, NIC's current counsel is not a necessary witness at trial on those topics and, in fact, largely lack personal knowledge of the relevant facts because the alleged "delay" in taking that deposition did not occur while NIC's current counsel were involved in the underlying *Nilon* lawsuit.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE MOTION IN LIMINE TO EXCLUDE NIC'S TRIAL COUNSEL AS JURY TRIAL WITNESSES

2

Pursuant to LR 7-19, the contact information for Defendant Ferrell's counsel is as follows:

> David J. Darnell, Esq.
> ddarnell@callahan-law.com
> **Callahan & Blaine**
> 3 Hutton Centre Drive, Ninth Floor
> Santa Ana, CA 92707
> Tel: (714) 241-4444
>
> Kyle A. Riddles, Esq.
> kriddles@bremerwhyte.com
> **Bremer Whyte Brown & O'Meara**
> 20320 S.W. Birch Street, Second Floor
> Newport Beach, CA 92660
> Tel: (949) 221-1000
>
> Brendan Ford, Esq.
> bford@FordDiulio.com
> **Ford & Diulio, PC**
> 650 Town Center Drive, Suite 760
> Costa Mesa, CA 92626
> Tel: (714) 450-6830

**B. Good Cause Exists to Permit the Additional Motion *in Limine***

Through their Dkt. 1246 filing, Defendants have demonstrated a clear intent to call NIC's trial counsel at trial and inquire into substantive, merits-based topics. *See* Dkt. 1246 at 10-12. NIC's counsel are not necessary witnesses on the topics listed and, under applicable precedent, should not be required to testify (particularly before a jury). Moreover, if the Court disagrees and rules that NIC's counsel must testify on substantive, merits-based topics beyond facts surrounding Emord's billing and fees, NIC's counsel may be required to withdraw from acting trial counsel. That outcome would be extraordinary, require NIC to obtain new

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE MOTION IN LIMINE TO EXCLUDE NIC'S TRIAL COUNSEL AS JURY TRIAL WITNESSES

3

counsel, and otherwise make significant changes to trial strategy in advance of trial.

NIC is entitled to seek exclusion or limits on testimony through witness objections. NIC therefore has the right to raise these objections in the pretrial process and/or at the jury trial. Thus, the issue of whether NIC's counsel may be compelled to testify at trial must be addressed before trial proceeding begins. The Court and the Parties will nonetheless benefit from resolution of this issue sooner rather than later. The closer the parties draw toward trial, the greater the potential for extreme prejudice, increased costs, and trial delays if NIC is required to make changes to its trial counsel.

Defendants' revised witness list in Dkt. 1246 now raises the specter for potential disqualification. NIC cannot wait until a time so close to the trial date to raise these concerns. Prior to the Defendant's Dkt. 1246 filing, NIC had no basis to conclude that Defendants intended to elicit testimony from NIC's trial counsel that substantially exceeded the topics permitted by the Special Master and the professional rules. Critically, the Arizona Rules of Professional conduct permit trial counsel to testify regarding the value of services rendered and so, NIC's counsel did not anticipate a disqualification issue in this case once the Defendants were limited by the Special Master's order.

Thus, good cause exists for the Court to grant NIC's *ex parte* application for leave to file an additional motion *in limine*.

### C. Conclusion

For the reasons outlined *supra*, NIC has good cause to file an additional motion *in limine* to exclude NIC's trial counsel as jury trial witnesses.

DATED: October 20, 2021

Respectfully submitted,

EMORD & ASSOCIATES, PC

By:   */s/ Peter A. Arhangelsky*
Peter A. Arhangelsky, Esq. (SBN 291325)
Joshua S. Furman, Esq. (pro hac vice)
*Counsel for Plaintiff Natural Immunogenics Corp.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE MOTION IN LIMINE TO EXCLUDE NIC'S TRIAL COUNSEL AS JURY TRIAL WITNESSES

5