Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Eric J. Awerbuch (pro hac vice)
eawerbuch@emord.com
EMORD & ASSOCIATES, P.C.
2730 S. Val Vista Drive, Bldg. 6, Suite 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff Natural Immunogenics Corp.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

NATURAL-IMMUNOGENICS CORP.,

                Plaintiff,

    v.

NEWPORT TRIAL GROUP, et al.,

                Defendants.

Case No. 8:15-cv-02034-JVS (JCG)

**PLAINTIFF'S APPLICATION RE: UNDER SEAL FILING PURSUANT TO LR 79-5.2.2**

Hearing Date:  June 6, 2022

Judge:  Hon. James V. Selna

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

PLEASE TAKE NOTICE that Plaintiff Natural Immunogenics Corp. ("NIC"), pursuant to Local Rule 79-5.2.2(a) and (b), hereby submits this application to file under seal NIC's Motion to Enforce Settlement Agreement and supporting exhibits.  In support, NIC states as follows.

The parties participated in mediation before Judge Guilford on December 6, 2021.  That mediation resulted in settlement.  The parties memorialized their confidential settlement terms in a binding and enforceable "Term Sheet."  On December 8, 2021, the Parties notified this court that a settlement was reached through a Notice of Settlement in Principle and Stipulation to Stay Deadlines.  *See* Dkt. 1265.

The parties tried to incorporate the agreed terms into a formal agreement in the ensuing months, but reached an impasse.  NIC now files a motion to enforce the Term Sheet.  That motion requires the Court to receive evidence germane to the Parties' confidential agreement, and the parties will advance argument that discloses confidential settlement terms.  Public disclosure of the Parties' confidential settlement terms will irreparably impair the Parties' bargained for contractual rights.  NIC therefore respectfully requests that the Court preserve the confidentiality of settlement terms in this case, and permit the filing of that material "under seal."

The Ninth Circuit distinguishes between dispositive and non-dispositive motions in context with sealed filings, and the public has less of a need for access to court records attached to non-dispositive motions because those documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. May 17, 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. June 18, 2003)).  A motion to determine or enforce settlement is only tangentially related to the merits of the underlying cause of action, and is therefore a non-dispositive motion.  *See Prosurance Group Inc. v. Liberty Mutual Group,*

*Inc.*, No. 10-cv-02600, 2011 WL 704456, *1 (N.D. Cal. Feb. 18, 2011). The standard to seal material attached to non-dispositive motion is "good cause," which must be particularized. *Id.* at *1 (citing *Kamakana*, 447 F.3d at 1179). The Local Rules require that all requests to file under seal be narrowly tailored to the extent necessary to protect only the confidential information. *See* L.R. 79-5.2.2(a), (b) (requiring that parties confer in "to eliminate or minimize the need for filing under seal by means of redaction"). "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

Courts in the Ninth Circuit have acknowledged the need to protect confidential settlement terms, and have maintained such information under seal. *See, e.g., deBarros v. Walmart Stores, Inc.*, 857 F. Supp. 2d 1109, 1113 (D. Or. 2012); *Prosurance*, 2011 WL 704456, at *1 (finding that, "to the extent that the documents discuss or disclose the terms of the [confidential] Agreement, good cause exists to permit filing under seal."). This Court has also kept such agreements confidential in this case. *See* Dkt. 61 (Order permitting under seal filing of confidential settlement agreement).

NIC files with this Application redacted, public versions of its motion papers in compliance with Local Rule 79-5.2.2 and applicable precedent. *See Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 WL 704456, at *2 (directing parties to submit redacted versions of documents that can be filed in the public record). To avoid undue disclosures at this stage, and based on the parties' meet and confer efforts, NIC has redacted all content that might directly or indirectly reveal the nature of settlement terms or discussions. That point notwithstanding, NIC cannot represent to this Court in good conscience that all information must be sealed under Ninth Circuit precedent. That includes argument and facts relevant to the

disputed "confidentiality" clause and in NTG's proposed draft formal agreements, and NTG's misconduct as part of that process.  NIC respectfully requests that this Court evaluate the scope to which such information should be held under seal.

Consistent with the Local Rules, NIC contemporaneously files <u>under seal</u> the Declaration of Peter Arhangelsky along with *unredacted* versions of NIC's moving papers and supporting exhibits showing the proposed redactions in gray highlights. NIC has notified the Defendants of its intent to file this application to which no objection was registered as to the proposed submission.

For the foregoing reasons, NIC requests that this Court allow the "under seal" submission of the following documents in association with NIC's motion to enforce settlement:

1.  The confidential **Motion to Enforce Settlement Term Sheet** (a public redacted version accompanies this filing on the public docket);

2.  The confidential **Memorandum in Support of Motion to Enforce Settlement Term Sheet** (a public redacted version accompanies this filing on the public docket);

3.  The confidential **Declaration of Peter Arhangelsky** in support of NIC's motion to enforce the settlement Term Sheet, which includes discussion of confidential settlement terms (a public redacted version accompanies this filing on the public docket);

4.  **Exhibit A** to NIC's Motion:  the confidential "Term Sheet" signed by defendants at mediation on December 6, 2021 (to be filed under seal in its entirety).

5.  **Exhibit B** to NIC's Motion:  a confidential draft long-form agreement sent by NTG counsel on January 14, 2022 (to be filed under seal in its entirety).

6.  **Exhibit C** to NIC's Motion:  a confidential draft long-form agreement sent by NTG's counsel to NIC on April 6, 2022 (to be filed under seal in its entirety).

A proposed order accompanies this Application.

DATED:  May 9, 2022.

Respectfully submitted,

EMORD & ASSOCIATES, P.C.

*/s/ Peter A. Arhangelsky*
Peter A. Arhangelsky (CA 291325)
parhangelsky@emord.com
*Attorney for Plaintiff Natural-Immunogenics*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, the foregoing, **PLAINTIFF'S APPLICATION RE: UNDER SEAL FILING PURSUANT TO LR 79-5.2.2** was electronically filed using the Court's CM/ECF system and was sent via email to the following:

Brendan M. Ford
Kristopher P. Diulio
Ford & Diulio PC
650 Town Center Drive, Suite 760
Costa Mesa, California 92626
Tel: (714) 450-6830
*Attorney Defendants Andrew Nilon, Giovanni Sandoval,*
*Sam Schoonover, Matthew Dronkers, Taylor Demulder, Sam Pfleg*

David J. Darnell, Esq.
Edward Susolik, Esq.
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA  92707
Tel:  (714) 241-4444
*Attorneys for Newport Trial Group and Scott Ferrell*

Nicole Whyte [*nwhyte@bremerwhyte.com*]
Benjamin Price [*bprice@bremerwhyte.com*]
Kyle A. Riddles [*kriddles@bremerwhyte.com*]
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
*Attorneys for Defendants Ryan Ferrell, Andrew Baslow, David Reid, and*
*Victoria Knowles*

/ / /

/ / /

/ / /

PLAINTIFF'S APPLICATION RE: UNDER SEAL FILING PURSUANT TO LR 79-5.2.2

5

Robert Tauler, Esq.
rtauler@taulersmith.com
Tauler Smith, LLP
626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Tel: (310) 590-3927
*Attorney for David Reid and Victoria Knowles*

                                        */s/ Peter A. Arhangelsky*
                                    Peter A. Arhangelsky, Esq.