**CALLAHAN & BLAINE, APLC**
Edward Susolik (SBN 151081)
Esusolik@callahan-law.com
David J. Darnell (SBN 210166)
Ddarnell@callahan-law.com
James M. Sabovich (SBN 218488)
JSabovich@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Defendants NEWPORT TRIAL GROUP, and SCOTT J. FERRELL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| NATURAL IMMUNOGENICS CORP., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>NEWPORT TRIAL GROUP, et al.,<br><br>Defendants. | CASE NO.   8:15-cv-02034-JVS-JCG<br>JAMS NO.   1220055347<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT (DKT. 1270)**<br><br><u>**REDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL**</u><br><br>[Declarations of David Darnell and Daniel White Filed Concurrently Herewith]<br><br>Date:          June 27, 2022<br>Time:          1:30 p.m.<br>Courtroom:   10C<br><br>Special Master: Hon. Andrew Guilford<br>Judge:          Hon. James V. Selna<br><br>Complaint Filed:   December 7, 2015<br>Trial Date:          N/A |

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION .................................................................................................1

II.     BACKGROUND ..................................................................................................3

III.    ANALYSIS ...........................................................................................................7

     A.      NIC's Substantive Positions Are Without Merit....................................8

          1.      ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ .................................22

IV.     CONCLUSION ....................................................................................................23

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

OPPOSITION TO MOTION TO ENFORCE

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Adams v. Johns-Manville Corp.*,
  876 F.2d 702 (9th Cir. 1989)..........................................................................21

*Am. Alternative Ins. Corp. v. Superior Ct.*,
  135 Cal. App. 4th 1239 (2006)........................................................................14

*Bustamante v. Intuit, Inc.*,
  141 Cal. App. 4th 199 (2006)............................................................................9

*Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc.*,
  214 F.3d 1030 (9th Cir. 2000)...........................................................................9

*Callie v. Near*,
  829 F.2d 888 (9th Cir. 1987).............................................................................20

*City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*,
  201 F. Supp. 2d 1035 (N.D. Cal. 2001)..............................................................9

*Copeland v. Baskin Robbins U.S.A.*,
  96 Cal. App. 4th 1251 (2002).......................................................................9, 10

*In re Crystal Props., Ltd., L.P.*,
  268 F.3d 743 (9th Cir. 2001).............................................................................14

*Donald J. v. Evna M.*
  (1978) 81 Cal. App. 3d 929................................................................................21

*Facebook Inc. v. Pacific Northwest Software, Inc.*,
  640 F.3d (9th Cir. 2011)...............................................................................15, 16

*Fair Housing of Marin v. Combs*,
  285 F.3d 899 (9th Cir. 2002).............................................................................23

*Gilbert v. Nat'l Corp. for Hous. Partnerships*,
  71 Cal. App. 4th 1240, 84 Cal. Rptr. 2d 204 (1999).........................................19

*Hess v. Ford Motor Co.*,
  27 Cal. 4th 516, 41 P.3d 46 (2002)....................................................................14

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

OPPOSITION TO MOTION TO ENFORCE

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

*Hinckley v. Bechtel Corp.*,
41 Cal. App. 3d 206 (1974)..................................................................................14

*Huynh v. City of Worcester*,
No. CIV.A. 08-40240-TSH, 2010 WL 3245430 (D. Mass. Aug. 17,
2010) ....................................................................................................................18

*Int'l Bhd. of Teamsters v. NASA Servs., Inc.*,
957 F.3d 1038 (9th Cir. 2020)..............................................................................14

*Johnson v. U.S. Bank Nat'l Ass'n*,
No. 11-CV-538-WMC, 2012 WL 12995323 (W.D. Wis. Dec. 17,
2012) ....................................................................................................................11

*Kimmel & Silverman, P.C. v. Porro*,
969 F. Supp. 2d 46 (D. Mass. 2013)...............................................................17, 18

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994).............................................................................................20

*Levi Strauss & Co. v. Aetna Casualty & Surety Co.*,
184 Cal. App. 3d 1479, 237 Cal. Rptr. 473 (1986) .............................................14

*M.G. v. O.G.*,
No. B254358, 2016 WL 4199178 (Cal. Ct. App. Aug. 9, 2016).......................19

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
514 U.S. 52, 115 S. Ct. 1212, 131 L. Ed. 2d 76 (1995) ..............................14, 15

*Naidong Chen v. Fleetcor Techs., Inc.*,
No. 16-CV-00135-LHK, 2017 WL 1092342 (N.D. Cal. Mar. 23,
2017) ....................................................................................................................10

*Pappas v. Chang*,
75 Cal. App. 5th 975 (2022)................................................................................19

*QC Labs v. Green Leaf Lab, LLC*,
No. SACV1801451JVSJDEX, 2020 WL 6064966 (C.D. Cal. July 9,
2020) ....................................................................................................................20

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- iii -

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

*Rainier Credit Co. v. Western Alliance Corp.*,
171 Cal. App. 3d 255 (1985)........................................................................21

*Souza v. 65 St. Marks Bistro*,
No. 15-CV-327 (JLC), 2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015) ...............18

*Steller v. Sears, Roebuck and Co.*
189 Cal. App. 4th 175 (2010)........................................................................10

*Tradewinds Airlines, Inc. v. Soros*,
No. 08 CIV. 5901 JFK, 2009 WL 1321695 (S.D.N.Y. May 12,
2009) ...........................................................................................................17

*U.S. E.E.O.C. v. Rush Prudential Health Plans*,
No. 97 C 3823, 1998 WL 156718 (N.D. Ill. Mar. 31, 1998)...........................10

*Zambrano v. City of Tustin*,
885 F.2d 1473 (9th Cir. 1989)......................................................................22

**Statutes**

California Civil Code § 664.6 ........................................................................21

California Civil Code § 1636 ........................................................................10

California Rule of Professional Conduct 5.6 ................................................*passim*

**Other Authorities**

ABA Formal Opinion No. 00-417........................................................ 2, 3, 11, 18

LA Bar Opinion No. 512...........................................................................8, 9, 22

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

OPPOSITION TO MOTION TO ENFORCE

Defendants Newport Trial Group ("NTG") and Scott Ferrell ("Ferrell'), collectively "Defendants," respectfully submit their Opposition to the Motion to Enforce Settlement Agreement (Dkt. 1270) filed by Natural Immunogenics Corp. ("NIC").

## I.    INTRODUCTION

"This case has been litigated grossly out of proportion to the amount reasonably at issue." Dkt. 1263 at 1.



CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 1 -

OPPOSITION TO MOTION TO ENFORCE



NIC's claim that this must be done for ethical reasons is without merit.

NIC states, "[a] proposed settlement provision, agreed to by the client, that prohibits the lawyer from disclosing information relating to the representation is no more than what is required by the Model Rules absent client consent, and does not necessarily limit the lawyer's future practice . . . ." ABA Formal Opinion No. 00-417. The rule is quite literally the opposite of what NIC claims.

- 2 -

OPPOSITION TO MOTION TO ENFORCE

Professional Conduct 5.6 . . . .") *with* ABA Formal Opinion No. 00-417 ("it generally is accepted that offering or agreeing to a bar on the lawyer's disclosure of particular information is not a violation of the Rule 5.6(b) proscription."). ▮

▮

Finally, there is no cause for sanctions. ▮

For all of these reasons and as discussed further below, NIC's Motion should be denied. ▮

▮.

## II. **BACKGROUND**

Pursuant to this Court's directions, the parties attended a mediation before Judge Guilford (Ret.) on December 6, 2021. In advance of that mediation, on November 29, 2021, this Court issued an "order regarding mediation" to provide guidance to the parties. In so doing, the Court explained:

> This case has been litigated grossly out of proportion to the amount reasonably at issue. The number of docket entries, now approaching 1300, is stark testament to that fact. In its rulings, the Court has repeatedly invoked the rule of proportionality. The goal of Rule 1 of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

OPPOSITION TO MOTION TO ENFORCE

the Federal Rules of Civil Procedure for a 'just, speedy, and inexpensive determination' was long ago put beyond reach.  The Court makes these observations notwithstanding the fact that there may be legitimate nonmonetary reasons for pursuing litigation. Dkt. 1263 at 1.



CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 4 -

OPPOSITION TO MOTION TO ENFORCE

*Id.* at 2-3 (emphasis added). [1]

OPPOSITION TO MOTION TO ENFORCE

As the history of this litigation has borne out, NIC and its counsel seem to have a near zealous fixation with demeaning and harassing Ferrell.

---

[2] *See Infra*, Part.II.A.2.

OPPOSITION TO MOTION TO ENFORCE



III.    **ANALYSIS**

OPPOSITION TO MOTION TO ENFORCE



Moreover, as the Los Angeles County Bar observed, attorney arguments regarding the impropriety of "a confidentiality clause . . . may simply mask the attorney's self-interest in advertising his success." Los Angeles County Bar, formal Opinion No. 512, dated February 23, 2004.[3] That appears to be exact what is occurring here.

**A.**

**1.**

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

---

[3] Publicly available at https://www.lacba.org/docs/default-source/ethics-opinions/archived-ethics-opinions/eth512.pdf (last visited May 23, 2022)

- 8 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

"It is a fundamental principle of California contracts law that no contract is formed where essential elements are reserved for future agreements." *City Solutions, Inc. v. Clear Channel Commc'ns, Inc.*, 201 F. Supp. 2d 1035, 1040–41 (N.D. Cal. 2001); *see also Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1255–56 (2002) ("It is still the general rule that where any of the essential elements of a promise are reserved for the future agreement of both parties, no legal obligation arises (until such future agreement is made)."). "Preliminary negotiations or [agreements] for future negotiations are not the functional equivalent of a valid, subsisting agreement. 'A manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent.'" *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213–14 (2006) (citations omitted).

However, even though a court will not enforce a contract provision if essential elements of that term are subject to future negotiations, courts will enforce "[a] contract to negotiate the terms of an agreement." *Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1257 (2002). As the Ninth Circuit explained, "[u]nlike an agreement to agree, an agreement to use best efforts to achieve a common objective is a closed, discrete, and actionable proposition." *Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc.*, 214 F.3d 1030, 1035 (9th Cir. 2000). Under a "contract to negotiate," "[a] party will be liable only if a failure to reach ultimate agreement resulted from a breach of that party's obligation to

- 9 -

negotiate or to negotiate in good faith." *Copeland*, 96 Cal. App. 4th at 1257. "Failure to agree is not, itself, a breach of the contract to negotiate." *Id.* "[D]amages for breach of a contract to negotiate an agreement are measured by the injury the plaintiff suffered in relying on the defendant to negotiate in good faith." *Id.* at 1262–63; *see also Naidong Chen v. Fleetcor Techs., Inc.*, No. 16-CV-00135-LHK, 2017 WL 1092342, at *7 (N.D. Cal. Mar. 23, 2017) ("the Court finds that the Stock Option Provision in the offer letters obligates Defendant to work together with Plaintiffs to establish performance criteria . . . [t]hat is not an unenforceable 'agreement to agree,' but an agreement to negotiate performance criteria.").

█████████████████████████████████████████████████████

████████████████████████████████ California Civil Code section 1636 provides, "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." The intent of parties is determined based on objective manifestations of agreement and expressions of intent. *Steller v. Sears, Roebuck and Co.* 189 Cal. App. 4th 175, 184–185 (2010). ██████████████████

██████████████████████████████████████████████████

- 10 -



*Johnson v. U.S. Bank Nat'l Ass'n*, No. 11-CV-538-WMC, 2012 WL 12995323, at *5 (W.D. Wis. Dec. 17, 2012) ("Inserting a confidentiality clause into a settlement agreement is a common practice . . . ."). NIC's counsel is experienced and must know that.

ABA Formal No. 00-417 ("it generally is accepted that offering or agreeing to a bar on the lawyer's disclosure of particular information is not a violation of the Rule 5.6(b) proscription.").

**2.**

. There is no support for such a position and it is flatly contrary to California contract law.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 11 -

To be clear, NIC's Motion seeks a new settlement agreement that Defendants never agreed to and which is flatly contrary to the express language of the term sheet. Specifically, NIC's Motion seeks to modify the term sheet in the following manner:



OPPOSITION TO MOTION TO ENFORCE

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM



CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

OPPOSITION TO MOTION TO ENFORCE

There is no authority that would allow the Court to alter the parties' agreement in the manner suggested by NIC.  At most, "the court may only reform the writing to conform with the mutual understanding of the parties at the time they entered into it, if such an understanding exists."  *Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 524, 41 P.3d 46, 52 (2002).  Under California law, a Court has "no power to make new contracts for the parties . . . ."  *Id. quoting Bailard v. Marden*, 36 Cal. 2d 703, 708 (1951); *Levi Strauss & Co. v. Aetna Casualty & Surety Co.*, 184 Cal. App. 3d 1479, 1486, 237 Cal. Rptr. 473 (1986) ("The court ... cannot insert in the contract language which one of the parties now wishes were there.").  Similarly, "[i]t is widely recognized that the courts are not at liberty to revise an agreement under the guise of construing it.  Neither abstract justice nor the rule of liberal interpretation justifies the creation of a contract for the parties which they did not make themselves."  *Hinckley v. Bechtel Corp.*, 41 Cal. App. 3d 206, 210 (1974).

NIC's proposal that this Court ignore and/or effectively strike parts of the term sheet is directly contrary to California law.  The "language in a contract must be interpreted as a whole," *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1044 (9th Cir. 2020); *Am. Alternative Ins. Corp. v. Superior Ct.*, 135 Cal. App. 4th 1239, 1245 (2006) ("We consider the contract as a whole and interpret the language in context, rather than interpret a provision in isolation.").  As the Ninth Circuit has explained, "a court must give effect to every word or term employed by the parties and reject none as meaningless or surplusage."  *In re Crystal Props., Ltd., L.P.*, 268 F.3d 743, 748 (9th Cir. 2001).  The Court "must interpret the contract in a manner that gives full meaning and effect to all of the contract's provisions and avoid a construction of the contract that focuses only on a single provision."  *Id.*; *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 63, 115 S. Ct. 1212, 1219, 131 L. Ed. 2d 76 (1995) (the "cardinal principle of contract construction" is "that a document should be read to give effect to all its provisions and to render them consistent with each other.").

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 14 -

OPPOSITION TO MOTION TO ENFORCE

It would be difficult to find a clearer violation of this "cardinal principle" than NIC's positions on



NIC's citation to *Facebook Inc. v. Pacific Northwest Software, Inc.*, 640 F.3d at 1037-38 (9th Cir. 2011) is unhelpful. There, the parties signed a short "Term Sheet & Settlement Agreement," but one party contended it "was unenforceable because it lacked material terms and had been procured by fraud." *Id.* at 1037. If anything, *Facebook* cuts against NIC. In that case, the "Settlement Agreement envisioned that Facebook would acquire all of ConnectU's shares in exchange for cash and a

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 15 -

percentage of Facebook's common stock" and "obligate[d] Facebook to draw up documents 'consistent with a stock and cash for stock acquisition.'"  *Id.* at 1037-38. Thus, by directing the party to execute documents that it had agreed Facebook would prepare, the court was simply effectuating the settlement agreement.



CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 16 -

OPPOSITION TO MOTION TO ENFORCE



CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

NIC is unable to cite any court from any jurisdiction adopting its extreme position.  In fact, many cases reject it.  In *Tradewinds Airlines, Inc. v. Soros*, No. 08 CIV. 5901 JFK, 2009 WL 1321695, at \*2 (S.D.N.Y. May 12, 2009), for example, the district court did not find problematic a settlement agreement containing a confidentiality clause covering "the claims for relief sought against [defendants] and the bases or asserted bases therefore . . ." *Id.* The district court characterized it as "a standard confidentiality provision" and refused to read it "as an implied restriction on counsel's ability to represent other clients, especially as such a restrictive covenant would itself violate ethical rules." *Id.* at \*9.

Moreover, in *Kimmel & Silverman, P.C. v. Porro*, 969 F. Supp. 2d 46, 48 (D. Mass. 2013), there was an alleged breach of a confidentiality clause in a settlement

- 17 -

OPPOSITION TO MOTION TO ENFORCE

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

agreement that prohibited disclosure of "any information regarding the underlying facts leading up to or the existence or substance of this Agreement . . . ." *Id.* Even though this prohibition broadly covered all "underlying facts," the district court still rejected the argument that "enforcement of the Settlement Agreement against the defendants would improperly restrict a lawyer's right to practice, in violation of the Massachusetts Rules of Professional Conduct 5.6(b)." *Id.* at 51.

Similarly, in *Huynh v. City of Worcester*, No. CIV.A. 08-40240-TSH, 2010 WL 3245430, at *1 (D. Mass. Aug. 17, 2010), a section 1983 case settled with a release that contained "a confidentiality clause which barred the Plaintiff or his attorney from discussing the merits of the case, other than the fact that the case had settled." *Id.* Subsequently, the plaintiff attorney "commented on the individual Defendants' conduct, calling it 'egregious,' and saying it 'reflected bad judgment.'" The district court found a breach of the settlement provision without any indication that the confidentiality clause was improper. *Id.* at *3.

Lacking any applicable case law, NIC selectively cites various ethical opinions that do not support its extreme position. A far distillation of the rule from these opinions was stated in *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015), where the Court explained that "[e]ach of the ethics opinions recognizes, either explicitly or implicitly, that prohibitions on disclosure of confidential settlement information are permissible, but prohibitions on use of settlement information is inappropriate if the restriction would prevent an attorney from representing other clients in the future." *Id.*

The general prohibition on attorneys referring to restrictions on disclosures simply does not exist. NIC's lead ethical opinion, ABA Formal Opinion No. 00-417, states, "it generally is accepted that offering or agreeing to a bar on the lawyer's disclosure of particular information is not a violation of the Rule 5.6(b) proscription. For example, Rule 5.6(b) does not proscribe a lawyer from agreeing not to reveal information about the facts of the particular matter or the terms of its settlement."

- 18 -

Dkt. 1269-7 at 5. The ABA opinion goes on to explain, "[a] proposed settlement provision, agreed to by the client, that prohibits the lawyer from disclosing information relating to the representation is no more than what is required by the Model Rules absent client consent, and does not necessarily limit the lawyer's future practice in the manner accomplished by a restriction on the use of information relating to the opposing party in the matter." Accordingly, "Rule 5.6(b) would not proscribe offering or agreeing to a nondisclosure provision." *Id.*

This is hardly a surprising position given that confidentiality provisions covering the underlying claims are quite common. *Pappas v. Chang*, 75 Cal. App. 5th 975, 977 (2022) (the "release to include a provision for mutual confidentiality as to the facts of the underlying case, the terms and amount of this agreement."); *Gilbert v. Nat'l Corp. for Hous. Partnerships*, 71 Cal. App. 4th 1240, 1252, 84 Cal. Rptr. 2d 204, 211 (1999) ("Whatever the intent of appellant's attorney, the Confidentiality Clause clearly imposed significant limits on what, if anything, the four signatories could safely say about the facts underlying the Settlement Agreement."); *M.G. v. O.G.*, No. B254358, 2016 WL 4199178, at *2 (Cal. Ct. App. Aug. 9, 2016) ("a confidentiality clause contained in the Settlement Agreement, M.G. and O.G. 'agree[d] that any and all information and facts related to the asserted claims and events underlying this Agreement ... shall remain confidential as between the Parties.'").

**B.** **The Motion Is More Over-Litigation And Also Raises Problematic Jurisdictional And Procedural Issues**

As this Court noted shortly before the parties attended mediation, "[t]his case has been litigated grossly out of proportion to the amount reasonably at issue . . . [t]he number of docket entries, now approaching 1300, is stark testament to that fact." Dkt. 1263 at 1. The current Motion is more of the same. Cases settle every

- 19 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM



day and ███████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████

░░░░░░░███████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ This is a state law

contract issue where the parties to the contract lack diversity[4] and where there is no

clear Article III jurisdiction. The Supreme Court explained as such in *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). There, the U.S. Supreme Court

held that a district court lacks jurisdiction over a claim for breach of a settlement

agreement, even when part of the consideration in the settlement was dismissal of

the underlying suit. *Id.* at 378. The "Enforcement of the settlement agreement . . .

whether through award of damages or decree of specific performance, is more than

just a continuation or renewal of the dismissed suit, and hence requires its own basis

for jurisdiction." *Id.* at 378. Cases where the district court has enforced a settlement

agreement, such as this Court's order in *QC Labs v. Green Leaf Lab, LLC*, No.

SACV1801451JVSJDEX, 2020 WL 6064966, at *2 (C.D. Cal. July 9, 2020),

typically involve a stipulation or some other basis for the court's jurisdiction. *See*

*also Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) (noting court's inherent

authority to enforce settlement in action that has not yet been dismissed, but the

settlement at issue there expressly noted that "judgment may be filed with the Court

---

[4] NIC'██████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████░░░░░░░░░░

OPPOSITION TO MOTION TO ENFORCE

only upon Brad Near's failure to comply with the aforementioned payment schedule.") In other words, the parties expressly stipulated or agreed to the District Court's jurisdiction to enforce the settlement. ▅▅▅▅▅▅▅

Nor is the summary procedure of a simple "motion" appropriate. Under California law, "[a] motion is not an independent right or remedy; it is confined to incidental matters in the progress of a cause." *Donald J. v. Evna M.* (1978) 81 Cal. App. 3d 929, 934. It is "not consonant with regular procedure to raise in a motion wholly distinct and independent matters which generally should be the subject of a formal petition or complaint. [Citation.]" *Id.* Parties may stipulate to summary procedures for settlement agreement enforcement under California Civil Code section 664.6, ▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅ which raises obvious issues of disputed facts. It is clear that "where the parties dispute the existence or terms of the agreement, an evidentiary hearing is required." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 707–08 (9th Cir. 1989). Accordingly, it would be necessary to hold a full evidentiary hearing (assuming this Court had jurisdiction), on, among other things, ▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅ *Rainier Credit Co. v. Western Alliance Corp.*, 171 Cal. App. 3d 255, 261 (1985) ("Where a word or a phrase used in a contract can reasonably be understood in more than one way, the court must admit and consider extrinsic evidence to determine what the parties actually intended the word or phrase to mean. [Citation.].")

Respectfully, NIC needs to stop wasting everyone's time. ▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅ ▅▅▅▅▅▅▅

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 21 -

## C.    NIC's Request For Sanctions Is Inappropriate

NIC's request for sanctions borders on surreal.  NIC has not cited, and Defendants have not located, any case from any jurisdiction that has imposed sanctions for a position taken during settlement negotiation.  The proposition that a party can seek sanctions when the opposing side takes a settlement position it dislikes is absurd on its face and is emblematic of the over-litigation that has plagued this matter.

NIC's counsel might do well to remember who serves who in the attorney-client relation.  As the Los Angeles County Bar explained, "the lawyer's duty of undivided loyalty obligates the lawyer not to put his or her own personal interest in revealing the terms of a favorable settlement above the client's interest in maintaining the confidentiality of the settlement."  LA Bar Opinion No. 512.

OPPOSITION TO MOTION TO ENFORCE

████████. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1479 (9th Cir. 1989).  In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) *quoting United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988) (citations omitted).)  Here, there is not even an allegation that any rule of this Court was violated.  NIC's claims of an ethical violation are meritless and a transparent pretext. ████████████████████

Accordingly, NIC's request for sanctions should be denied.

## IV.   CONCLUSION

For the foregoing reasons, NIC's Motion should be denied. ████████

Dated:  May 23, 2022

**CALLAHAN & BLAINE, APLC**

By:  */s/ David J. Darnell*
Edward Susolik
David J. Darnell
James M. Sabovich
Attorneys for Defendants
NEWPORT TRIAL GROUP and
SCOTT J. FERRELL

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM