**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

Peter A. Arhangelsky, Esq. (SBN 291325)
parhangelsky@emord.com
Eric J. Awerbuch, Esq. (pro hac vice)
eawerbuch@emord.com
Emord & Associates, P.C.
2730 S. Val Vista Dr., Bldg. 6, Ste. 133
Gilbert, AZ 85295
Phone: (602) 388-8899
Fax: (602) 393-4361
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL-IMMUNOGENICS CORP., <br><br>                Plaintiff, <br><br>     v. <br><br> PACIFIC TRIAL ATTORNEYS, et al., <br><br>              Defendants. | Case No. 8:15-cv-02034-JVS (JCG) <br><br> **PLAINTIFF NATURAL IMMUNOGENICS CORP.'S REPLY IN SUPPORT OF MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT** <br><br><br> Hearing Date:    June 27, 2022 <br> Judge:           Hon. James V. Selna <br><br> **PUBLIC REDACTED VERSION FILED PURSUANT TO COURT ORDER IN DKT. 1283** |

* * * PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) * *

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ............................................................................1

II.   ARGUMENT....................................................................................3

A. Defendants Concede the Term Sheet Is Enforceable...................................3

B. NIC Negotiated in Good Faith for Nearly Six Months.............................5

C. The Term Sheet Is Clear and Unambiguous on Material Terms ................9

D. This Court Has Jurisdiction and Authority to Resolve NIC's Motion ......16

E. NIC's Request for Sanctions is Warranted .................................................18

1. NTG's Settlement Language Was Unethical...................................19

2. NTG's Improper Conduct Delayed Resolution of This Case..........22

III.   CONCLUSION................................................................................24

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abers v. Rounsavell*, 189 Cal. App. 4th 348 (2010) ........................................9, 17

*Abramson v. Juniper Networks, Inc.*, 115 Cal. App. 4th 638 (2004) .................16

*Adams v. John-Manville Corp.*, 876 F.2d 702 (9th Cir. 1989)...........................18

*Avemco Ins. Co. v. Davenport*, 140 F.3d 839 (9th Cir. 1998).............................9

*Ballard v. Equifax Check Servs., Inc.*, 158 F. Supp. 2d 1163 (E.D. Cal. 2001)................................................................................................................14

*Bustamonte v. Intuit, Inc.*, 141 Cal. App. 4th 199 (2006).....................................4

*Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc.*, 214 F.3d 1030 (9th Cir. 2000) ...................................................................................5

*Callen v. Pennsylvania R. Co.*, 332 U.S. 625 (1948) ............................................1

*Callie v. Near*, 829 F.2d 888 (9th Cir. 1987)................................................16, 17

*City Solutions, Inc. v. Clear Channel Communications, Inc.*, 201 F. Supp. 2d 1035 (N.D. Cal. 2001)............................................................4

*Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251 (2002) .................4, 5

*Crenshaw v. MONY Life Ins. Co.*, 318 F. Supp. 2d 1015 (S.D. Cal. 2004)................................................................................................................19

*Erickson v. Newmar Corp.*, 87 F.3d 298 (9th Cir. 1996) ...................................22

*Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034 (9th Cir. 2011)...........................................................................................................passim

*Gable v. National Broadcasting Co.*, 727 F.Supp. 2d 815 (C.D. Cal. 2010)................................................................................................................19

*Graylee v. Castro*, 52 Cal. App. 5th 1107 (2020) ..............................................14

*Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786, 2014 WL 12465441 (N.D. Cal. Mar. 21, 2014).....................................1, 10, 17

*Hitz v. First Interstate Bank*, 38 Cal. App. 4th 274 (1995) ................................14

*In re City Equities Anaheim, Ltd.*, 22 F.3d 954 (9th Cir. 1994) ..........................17

*Kokkomen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).....................17

*Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 105 F. Supp. 3d 1100 (E.D. Cal. 2015)..........................................................................................19

*Levi Strauss & Co. v. Aetna Casualty & Surety Co.*, 184 Cal. App. 3d 1479 (1986) ...........................................................................................12

*Los Angeles Unified Sch. Dist. v. Torres Constr. Corp.*, 57 Cal. App. 5th 480 (2020) ...........................................................................................4

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) .................24

*Muzzi v. Bel Air Mart*, 171 Cal. App. 4th 456 (2009) .........................................10

*Nat'l Union Fire Ins. Co. of Pittsburg v. Northfield Ins. Co.*, 108 F.3d 1386 (9th Cir. 1997) ...................................................................................9

*Nomadix, Inc. v. Guest-Tek Interactive Ent. Ltd.*, 857 F. App'x 947 (9th Cir. 2021) ...................................................................................................9

*Onewest Bank, FSB v. Farrar*, No. CIV NO 12-00, 2013 WL 6175321 (D. Haw. Nov. 19, 2013)..................................................................................22

*QC Labs v. Green Leaf Lab, LLC*, No. SACV1801451, 2020 WL 6064966 (C.D. Cal. July 9, 2020) ................................................................17

*Res. Recovery Corp. v. Inductance Energy Corp.*, No. CV-20-00764, 2021 WL 2334395 (D. Ariz. June 8, 2021).......................................................10

*Rutherford v. Ekta Hosp.*, No. EDCV2-4, 2021 WL 4571986 (C.D. Cal. July 23, 2021) ...................................................................................18

*SDR Cap. Mgmt., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 320 F. Supp. 2d 1043 (S.D. Cal. 2004) ......................................................................9

*Tangiers Investors, L.P. v. Myecheck, Inc.*, No. 10-CV-816, 2011 WL 4102150 (S.D. Cal. Sept. 13, 2011) ...............................................................18

*TNT Mktg., Inc. v. Agresti*, 796 F.2d 276 (9th Cir. 1986) .................................17

*Valadez v. Aguallo*, No. C 08-03100, 2009 WL 10680866 (N.D. Cal. Dec. 10, 2009), *aff'd,* 433 F. App'x 536 (9th Cir. 2011) .................................16

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

*Wang, Hartman, Gibbs & Cauley, PLC v. Witten*, No. 10-cv-1499-JVS, 2011 WL 13227851 (C.D. Cal. Feb. 24, 2011) ........................................10

*White v. Experian Info. Sols., Inc.*, No. SACV 05-1070, 2009 WL 4267843 (C.D. Cal. Nov. 23, 2009) ................................................19

**Rules**

California Rule of Professional Conduct 3.10(a) ................................................8

California Rule of Professional Conduct 5.6(a) ......................................... passim

California Rule of Professional Conduct 5.6(b) ........................................... 8, 22

**Treatises**

Restatement (Second) of Contracts § 178 ........................................16

## I.   <u>INTRODUCTION</u>

Plaintiff Natural Immunogenics Corp. ("NIC") hereby replies in support of NIC's Motion to Enforce Settlement Agreement. *See* Dkt. 1270.   Defendants' Opposition (Dkt. 1279-1) misconstrues NIC's motion, the relief sought, and the procedural history.   NIC is not asking this Court to alter the Term Sheet or the parties' agreement.   NIC is not suing for breach of an agreement to negotiate.   NIC is simply asking the Court to enforce through its inherent powers the binding agreement that the parties reached at mediation.

Significantly, Defendants (referred to as "Defendants" or "NTG") agree that the Term Sheet is a binding and enforceable settlement agreement. *See* Dkt. 1279-1 at 9 ("Defendants do not dispute that this case is effectively settled.   Nor do Defendants dispute that the term sheet is an enforceable agreement.").   Because Defendants do not dispute that the agreement is "enforceable," this Court should grant NIC's motion to enforce the settlement agreement under principles of contract interpretation.   The Term Sheet is unambiguous on all material points.   Defendants had the burden to show the Term Sheet unenforceable as written. *See Guzik Tech. Enterprises, Inc. v. W. Digital Corp.*, No. 5:11-CV-03786, 2014 WL 12465441, at *2 (N.D. Cal. Mar. 21, 2014) (quoting *Callen v. Pennsylvania R. Co.*, 332 U.S. 625, 630 (1948) ("One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity")).   NTG failed to meet that burden.

NIC filed its Motion out of necessity because Defendants made demands beyond the agreed-to terms of the Settlement Agreement as conditions precedent to their executing a final agreement. ███████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

NIC and its counsel negotiated in good faith.  The parties ultimately reached agreement on material terms, save only reduction of the Term Sheet terms,

NIC asks the Court to hold that NTG's proposed

NTG's inability to defend its conduct—while also doubling down on its demands—is a clear indication why the parties were unable to execute a final confirmatory agreement despite NIC's good faith efforts.  That confirmation should have been simple and executory.  Instead, it became a vehicle for NTG to make new demands beyond the scope of the Term Sheet and in violation of the ethics rules.

Sanctions are warranted, in part, because had NTG itself conferred in good faith within the scope of the Term Sheet, this case would have been closed months

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

ago.   As NIC explains below in Reply: ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ (3) NIC is not seeking to rewrite any aspect of the Term Sheet; (4) NIC has acted in good faith throughout negotiations (contrary to NTG); (5) this Court has jurisdiction and authority to resolve NIC's motion; and (6) NIC's request for sanctions in response to NTG's unethical conduct is warranted.

## II.   ARGUMENT

NIC asks the Court, consistent with controlling precedent, to enforce the plain and unambiguous language of the Term Sheet to which the parties agreed.   To the extent other terms do not appear in the Term Sheet, they are not material to settlement under *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037-38 (9th Cir. 2011).   The Court can enforce the Term Sheet because the material terms contained within it are sufficiently definite.   NTG offers no contest on that essential point, admitting that the Term Sheet is binding and enforceable.

The Term Sheet is an agreement signed by the parties before the Court-appointed mediator, memorializing every material term necessary to resolve the case before the Court. ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████ NTG nonetheless admits that the Term Sheet is binding and enforceable.   The Court should therefore enforce the Term Sheet and bring this case to a close on the material terms agreed-to therein.

### A.   Defendants Concede the Term Sheet Is Enforceable

All parties agree the Term Sheet is enforceable ████████████████████

* * * PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) * *

Defendants do not contest that this Court may enforce the Term Sheet as a binding settlement agreement.  *See* Dkt. 1279-1 at 6 ("The parties mediated and settled this matter"); *id.* at 9 ("The parties memorialized the agreement in principle with an executed binding 'Term Sheet'"); *id.* at 13 ("Defendants do not dispute that this case is effectively settled.  Nor do Defendants dispute that the term sheet is an enforceable agreement."); *id.* at 21 ("The issue is not enforceability…").  Given that all parties agree the Term Sheet is an enforceable settlement agreement, the Court's role is to adjudicate the meaning of that contract.  *See* Dkt. 1270-4.

NTG argues that, under California law, there is no contract where the parties still need to negotiate "essential elements" of a contemplated contract.  Dkt. 1279-1 at 14.  But the cases NTG cites involve situations where the parties disputed the existence of a binding contract and where elements essential to a contract had not been negotiated.  *See City Solutions, Inc. v. Clear Channel Communications, Inc.*, 201 F. Supp. 2d 1035, 1040–41 (N.D. Cal. 2001) ("Here, important aspects of the parties' business relationship were still up in the air even after the May 26 meeting."); *Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1255–56 (2002) (the parties agreed that "a variety of complex terms" remained to be negotiated before the contract could be completed, including price, flavors of ice cream, quality control standards for ice cream, and the responsibility for waste); *see also Los Angeles Unified Sch. Dist. v. Torres Constr. Corp.*, 57 Cal. App. 5th 480, 494–95 (2020) (explaining that, in *Copeland*, "Both parties agreed on appeal that no ice cream purchase contract had been formed"); *Bustamonte v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213–14 (2006) (no meeting of the minds because the alleged contract's terms

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

were too uncertain).  By contrast, here NTG concedes the Term Sheet is "binding and enforceable" (*see* Dkt. 1279-1 at 21), and that this case is settled under that Term Sheet (*see id.* at 6, 13, 21).  With the aid of the Court-appointed Mediator, all terms essential to settlement were negotiated and agreements thereon precisely reflected in the Term Sheet itself, which explains why the parties themselves agreed that the terms specified were "binding and enforceable."  Thus, unlike the cases relied upon by NTG, here the Parties have agreed in their respective briefs, and the Term Sheet itself reflects, that the Term Sheet is a binding and enforceable contract.

But the cases cited by NTG do not support that demand.  *See* Dkt. 1279-1 at 14–15.  Those decisions do not involve Court action on motions to enforce settlements but, rather, decisions holding that one party may sue another for breaching an agreement to negotiate.  *See, e.g.*, *Copeland*, 96 Cal. App. 4th at 1257 (there is a cause of action for breach of contract to negotiate); *Cable & Computer Tech. Inc. v. Lockheed Sanders, Inc.*, 214 F.3d 1030, 1035 (9th Cir. 2000) (same).  Here, neither party sues for breach of an agreement to negotiate.  Rather, NIC is asking the Court to enforce the plain terms of the Term Sheet, which NTG concedes is enforceable and binding.

**B.   NIC Negotiated in Good Faith for Nearly Six Months**

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

---

[2] The Court should ignore NTG's ad hominem arguments, with one exception. NTG bemoans the length of this case, casting aspersion on NIC for that prolongation while refusing to admit its documented acts of obstruction.  The decisions in this case reveal a pattern of sanctionable and frivolous withholding of evidence and misconduct by NTG that extended the suit for years, resulting in sanctions orders against NTG and a Rule 11 order against NTG and its counsel. *See* Dkt. 659 at 8; Dkt. 130; Dkt. 241 at 17-18; Dkt. 525; Dkt. 799; Dkt. 1028; Dkt. 1054; *NIC v. NTG et al.*, No. 2:19- mc-00011 (C.D. Cal.), Dkt. 84.  NTG argues disingenuously when it simultaneously contends the case must end, but also insists in the Term Sheet on

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23      In early March, NIC agreed to yet another session with Judge Guilford in his

24 capacity as a mediator. Dkt. 1270-3 at ¶11. That session occurred on March 24,

25 2022, but it did not resolve this instant dispute. *Id*. at ¶13.

26

27

28

\* \* \* **PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283)** \* \*



California Rule of Professional Conduct 3.10(a) precludes counsel from threatening to present an ethical charge to obtain an advantage in a civil dispute.  *See* Cal. RPC 5.6(a), (b).  Given the contentiousness of this case, and NTG's pattern of levying baseless charges against NIC counsel, NIC identified the illegal nature of the NTG secrecy clause, explained the bases for why that clause imposed an undue burden on counsel's right to practice, but avoided any language that could be misconstrued by NTG as a threat of disciplinary charges.[3]  NTG and its counsel are attorneys licensed in California and are charged with abiding by the applicable Rules of Professional Conduct.

---

[3] NTG earlier sought sanctions against NIC counsel for raising ethical concerns with NTG's practice in conjunction with settlement discussions.  *See* Dkt. 365 at 15-16 (denying sanctions).

1 ████████████████████████████████████████████

2 ████████████████████████████████████████████

3 ████████████████████████████████████████████

4 ███████████████████████████████████ The record

5 thus confirms that NIC and its counsel worked diligently and cooperatively to reduce

6 the agreed-to terms in the Term Sheet into a formal agreement. The parties in fact

7 reached consensus on all material terms of the contract. ██████████████

8 ████████████████████████████████████████████

9 ███████ Because the content demanded by NTG for that clause is both beyond

10 the agreed-to terms and in violation of the California ethics laws, it cannot be

11 included and, were it included, would not be legally enforceable.

12 **C.    The Term Sheet Is Clear and Unambiguous on Material Terms**

13        "Under California law, it is well settled that the interpretation of a contract is

14 a question of law for the trial court's determination." *SDR Cap. Mgmt., Inc. v. Am.*

15 *Int'l Specialty Lines Ins. Co.*, 320 F. Supp. 2d 1043, 1046 (S.D. Cal. 2004) (collecting

16 cases).   Moreover, "[t]he determination as to whether a contract is or is not

17 ambiguous is a question of law for the court." *Id.*  "This determination requires

18 [courts] to apply traditional rules of contract interpretation, including that the 'clear

19 and explicit meaning' of the contract 'controls judicial interpretation.'"  *Nomadix,*

20 *Inc. v. Guest-Tek Interactive Ent. Ltd.*, 857 F. App'x 947, 948 (9th Cir. 2021). "Thus,

21 if the meaning a layperson would ascribe to contract language is not ambiguous,

22 [courts] apply that meaning." *Id.*; *see also Avemco Ins. Co. v. Davenport*, 140 F.3d

23 839, 842 (9th Cir. 1998) (same); *Nat'l Union Fire Ins. Co. of Pittsburg v. Northfield*

24 *Ins. Co.*, 108 F.3d 1386 (9th Cir. 1997) ("If the meaning a layperson would ascribe

25 … is not ambiguous, there is no place for interpretation" and the court "should not

26 strain to find ambiguity where none exists").  An ambiguity in contract does not exist

27 merely because the parties disagree about the meaning of a contract.  *See Abers v.*

28 *Rounsavell*, 189 Cal. App. 4th 348, 356 (2010).   "Nor does [d]isagreement

* * * **PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283)** * *

concerning the meaning of a phrase, or the fact that a word or phrase isolated from its context is susceptible of more than one meaning." *Muzzi v. Bel Air Mart*, 171 Cal. App. 4th 456, 463 (2009) (internal quotations omitted).

NTG does not dispute that, under Ninth Circuit precedent, the Court may enforce a settlement Term Sheet even if certain terms are absent, provided that the absent terms reflect only the *value* of the bargain. *See Facebook*, 640 F.3d at 1037; *Guzik*, 2014 WL 12465441, at *2. District Courts have enforced term sheets in similar circumstances despite the absence of additional terms or details. *See, e.g., Facebook*, 640 F.3d at 1037-38; *Wang, Hartman, Gibbs & Cauley, PLC v. Witten*, No. 10-cv-1499-JVS, 2011 WL 13227851, at *3–4 (C.D. Cal. Feb. 24, 2011) ("Merely because [a settlement] agreement could contain additional terms or more detail does not render the agreement uncertain or incomplete"); *Res. Recovery Corp. v. Inductance Energy Corp.*, No. CV-20-00764, 2021 WL 2334395, at *2 (D. Ariz. June 8, 2021) ("[T]he Court finds as a matter of law that the payor in this case was not an essential term because the Court can fashion a remedy even absent that term").

In *Facebook*, the Ninth Circuit rejected arguments nearly identical to those made by NTG (i.e., that a settlement term sheet could not be enforced because the agreement was missing a "material" term of value to NTG). *See Facebook*, 640 F.3d at 1037. The Court explained:

> [A] term may be "material" in one of two ways: It may be a necessary term, without which there can be no contract; or, it may be an important term that affects the value of the bargain. Obviously, omission of the former would render the contract a nullity. But a contract that omits terms of the latter type is enforceable under California law, so long as the terms it does include are sufficiently definite for a court to determine whether a breach has occurred, order specific performance or award damages.

*Id.* at 1037–38. "This is not a very demanding test[.]" *Id.* at 1038.

"The Ninth Circuit has an expansive view of what it means to settle a case and California has a strong policy in favor of enforcing settlement agreements." *Guzik*,

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

2014 WL 12465441, at \*5 (collecting authorities).  "The fact that the parties were to later draft other agreements 'reasonably necessary to effect' the terms of the term sheet, does not make any less binding those terms that *are* agreed to in the signed term sheet."  *Id.* (emphasis original) (holding that, "Even if the parties still had to work out the details of purchase order scope, those details were not so essential as to invalidate the main terms that the parties did work out.").

Here, the parties reached an agreement on all material contract terms, those necessary for a "binding and enforceable" settlement.  The parties left certain details to be papered later, but the details, at best, affected the value of the bargain, not the bargain itself (thus even NTG accepts the Term Sheet as a binding and enforceable agreement).  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.  The fact that the parties left certain non-essential details for later discussion only emphasizes that those details were immaterial to formation of a "binding and enforceable" settlement, as explained by the Ninth Circuit in *Facebook*.  *See Facebook*, 640 F.3d at 1037-38.

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

* * * PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) * *



* * * PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) * *



**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***



* * * PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) * *

**D.   This Court Has Jurisdiction and Authority to Resolve NIC's Motion**

NTG argues that "it is not even clear that this Court has jurisdiction" over NIC's Motion.   Dkt. 1279-1 at 25.   That argument fails, as the Ninth Circuit recognized, because district courts have inherent equitable power to enforce settlement agreements in actions not yet dismissed. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987).   It is settled law that this Court has jurisdiction and inherent power to enforce a settlement agreement in litigation still pending before it. *See,*

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

*e.g., Guzik*, 2014 WL 12465441, at \*2 ("There is no question that 'the district court has inherent power to enforce the agreement in settlement of litigation before it.'") (quoting *TNT Mktg.*); *see also TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) ("The district court had inherent power to enforce the agreement in settlement of litigation before it"); *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) ("[I]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it"). NTG failed to cite applicable cases supporting its argument or address the contrary controlling authority.

The *Kokkonen* and *QC Labs* decisions relied upon by NTG are inapplicable because, unlike here, those courts already dismissed the lawsuits prior to determining whether to enforce settlements in those dismissed cases. *See Kokkomen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (deciding whether the Court had jurisdiction to enforce a settlement agreement after the Court had dismissed the case with prejudice pursuant to the parties' Rule 41(a)(1)(ii) stipulation); *QC Labs v. Green Leaf Lab, LLC*, No. SACV1801451, 2020 WL 6064966, at \*2 (C.D. Cal. July 9, 2020) (court enforced settlement agreement after dismissing case without prejudice because the parties stipulated to reopen the case before the same court that dismissed the case without prejudice). This Court has not dismissed the case and therefore maintains its inherent authority to enforce the Term Sheet. *Callie*, 829 F.2d at 890.

Finally, NTG argues that the Court cannot enforce the Term Sheet through summary proceedings. *See* Dkt. 1279-1 at 26. However, California law allows a trial court to summarily enforce the plain terms of a contract when those terms are not ambiguous and not reasonably susceptible to more than one meaning. *See Abers*, 189 Cal. App. 4th at 356 ("To avoid future disputes and to provide predictability and stability to transactions, courts attempt to interpret the parties' intentions from the writing alone, if possible."). Indeed, as the Ninth Circuit recognized in *Adams*, upon

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

which NTG relies (Dkt. 1279-1 at 26), "[o]rdinarily, a district court is empowered to enforce a settlement agreement through summary proceedings." *Adams v. John-Manville Corp.*, 876 F.2d 702, 708 (9th Cir. 1989).  A district court is only required to hold an evidentiary hearing where the parties dispute "material facts concerning the existence of terms of the agreement…" *Rutherford v. Ekta Hosp.*, No. EDCV2-4, 2021 WL 4571986, at *1 (C.D. Cal. July 23, 2021).

Here, the Parties agree the Term Sheet is binding and enforceable, and NTG failed to raise any material dispute of fact regarding the meaning of language in the Term Sheet itself. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ NTG has therefore given no basis to conclude that an evidentiary hearing is warranted.  Thus, consistent with California law permitting a Court to interpret and enforce unambiguous contracts, the Court can enforce the Term Sheet without an evidentiary hearing.  *See Tangiers Investors, L.P. v. Myecheck, Inc.*, No. 10-CV-816, 2011 WL 4102150, at *2 (S.D. Cal. Sept. 13, 2011) ("The existence of the agreement and the material terms of the agreement are not in dispute, as the terms are included within the written and signed agreements. Therefore, there is no need for an evidentiary hearing on whether an agreement existed, or what its terms were.").  To be sure, NTG has not requested an evidentiary hearing in its opposition.

### E.   NIC's Request for Sanctions is Warranted

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

1

2

3

4

5

6  Sanctions are warranted under these

7  circumstances, and the most appropriate sanction is an award of NIC's attorney fees

8  and costs incurred in having to bring this motion.

9

10      **1. NTG's Settlement Language Was Unethical**

"When faced with ethical disputes, courts may … look to ethics opinions from

11  California and other jurisdictions." *Lennar Mare Island, LLC v. Steadfast Ins. Co.*,

12  105 F. Supp. 3d 1100, 1107 (E.D. Cal. 2015).  Ethics opinions issued by local bar

13  associations are persuasive authority used by the State Bar of California and the

14  Courts in resolving ethics concerns.  *See, e.g.*, *Crenshaw v. MONY Life Ins. Co.*, 318

15  F. Supp. 2d 1015, 1021 (S.D. Cal. 2004) (applying ethics opinions from the S.D. Bar

16  Association); *White v. Experian Info. Sols., Inc.*, No. SACV 05-1070, 2009 WL

17  4267843, at \*6 (C.D. Cal. Nov. 23, 2009) (evaluating and applying ethics opinions

18  issued by the Bar Association of San Francisco).[6]

19

20

21  The

22  NTG Defendants do not cite or address that controlling opinion.[7]

23

24      [6] Counsel for NIC has consulted with the California State Bar's confidential

25  research service, which confirmed that ethics opinions from local associations,
including the San Francisco Bar Association, are persuasive authority relied upon

26  by the State Bar in evaluating attorney conduct.  The State Bar's Ethics Hotline is
available to state and federal judges, and includes dedicated options for assistance

27  to the judiciary at 1-800-238-4427.

28      [7] NTG attached an "opinion" by its expert, Daniel White.  Dkt. 1279-7. That
opinion is improper and objectionable as it purports to opine on legal issues.  *See*
*Gable v. National Broadcasting Co.*, 727 F.Supp. 2d 815, 835-36 (C.D. Cal. 2010)

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

("It is well established that, an expert may not state his or her opinion as to legal standards, nor may he or she state legal conclusions drawn by applying the law to the facts."). White's "opinion" is just another, unauthorized legal brief from the defendants' agent. But that opinion is also incompetent.

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

1

2

3

4

5

6

7

8

9

10

11

12

13 ████████████████ One Defendant has already been disbarred by the State Bar of

14 Arizona.  *See* Dkt. 1108-9. ████████████████████

15

16

17

18

19

20

**2.  NTG's Improper Conduct Delayed Resolution of This Case**

21          "District judges have an arsenal of sanctions they can impose for unethical

22   behavior.   These  sanctions  include  monetary  sanctions,  contempt,  and  the

23   disqualification of counsel." *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir.

24   1996) (holding that District Courts have a responsibility to examine claims of

25   unethical behavior); *Onewest Bank, FSB v. Farrar*, No. CIV NO 12-00, 2013 WL

26   6175321, at \*11 (D. Haw. Nov. 19, 2013) (imposing sanctions for conduct during

27   settlement negotiations because a party "purposefully delayed resolution of this

28   matter through his frivolous, untimely and improper actions throughout the Parties'

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

drafting of the Settlement Agreement").  A claim of "unethical conduct by defense counsel requires [the court] to decide: 1) whether [counsel's conduct] was unethical; and 2) if so, what sanction is appropriate[.]"  *Id.* at 301.

**\* \* \* PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) \* \***

1

2

3

4

5

6

**III.    <u>CONCLUSION</u>**

7

8

9

10

11

12

13

14

15    The Court should award NIC its reasonable costs

16 and fees incurred with this motion to enforce as an appropriate sanction against

17 NTG's unethical demands in settlement.

18

19 DATED:  June 6, 2022.

20

21

22    Respectfully submitted,

23    NATURAL IMMUNOGENICS CORP.

24    By:    <u>/s/ Peter A. Arhangelsky</u>

25    Peter A. Arhangelsky, Esq. (SBN 291325)
     Eric J. Awerbuch, Esq. (pro hac vice)

26    Attorneys for Plaintiff
     *Natural Immunogenics Corp.*

27

28

* * * PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283) * *

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 9, 2022 the foregoing, **PLAINTIFF NATURAL IMMUNOGENICS CORP.'S REPLY IN SUPPORT OF MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT** was electronically filed using the Court's CM/ECF system and was sent by that system to the following:

Brendan M. Ford, Esq.
bford@FordDiulio, PC
650 Town Center Dr, Ste 760
Costa Mesa, CA 92625
Tel: (714) 384-5540
Attorney for Andrew Nilon, Giovanni Sandoval,
Sam Schoonover, Matthew Dronkers, Taylor Demulder, and Sam Pfleg,

David J. Darnell, Esq.
ddarnell@callahan-law.com
Edward Susolik, Esq.
es@callahan-law.com
Callahan & Blaine
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
Attorney for Newport Trial Group and Scott Ferrell

Nicole Whyte
nwhyte@bremerwhyte.com
Kyle A. Riddles
kriddles@bremerwhyte.com
Bremer Whyte Brown & O'Meara, LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, CA 92660
Tel: (949) 211-1000
Attorneys for Ryan Ferrell, Victoria Knowles, David Reid, and Andrew Baslow

Robert Tauler, Esq.
rtauler@taulersmith.com
Tauler Smith, LLP

* * * **PUBLIC REDACTED VERSION PER COURT ORDER (DKT. 1283)** * *

626 Wilshire Blvd., Suite 510
Los Angeles, CA 90017
Tel: (310) 590-3927
Attorney for David Reid and Victoria Knowles

  _/s/ Peter A. Arhangelsky_
Peter A. Arhangelsky, Esq.