UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | June 30, 2022 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:  [IN CHAMBERS] Order Regarding Motion to Enforce Settlement Agreement**

   Plaintiff Natural Immunogenics Corp. ("NIC") filed a motion to enforce the signed settlement Term Sheet executed by the parties in this matter. Dkt. 1269; see Mot., Dkt. 1270-2. Defendants Newport Trial Group ("NTG") and Scott Ferrell ("Ferrell") (collectively, "Defendants") opposed the motion. Opp'n, Dkt. 1279-1. NIC responded. Reply, Dkt. 1285-1.

   For the following reasons, the Court **GRANTS** the motion to enforce the settlement agreement. The Court holds that the Term Sheet is a binding and enforceable agreement. The confidentiality provision covers all settlement terms. Any remaining terms that are not present or articulated in the Term Sheet are not necessary for a binding agreement. The Court orders ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15.

   The Court asks the parties to meet and confer and notify the Court which parts of this order should be redacted within seven days.

I. **Background**

   Because the parties and the Court are intimately familiar with the lengthy history of this case, the Court does not recite it in full here. Relevant to this motion, on December 6, 2021, the parties engaged in their fifth mediation in this action. Arhangelsky Decl., Dkt. 1270-3, ¶¶ 2–3. The parties agreed to a binding term sheet ("Term Sheet") at that mediation, which was signed that same day. See Term Sheet,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

Case No.  SACV 15-2034 JVS (JCGx)     Date  June 30, 2022

Title  Natural-Immunogenics Corp. v. Newport Trial Group et al.

Arhangelsky Decl., Ex. A, Dkt. 1270-4.

The Term Sheet states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Term Sheet at 1. Relevant to this dispute, the provision addressing confidentiality and liquidated damages in the Term Sheet reads as follows:



Term Sheet ¶ 3.

Defendants' counsel subsequently provided a draft Settlement Agreement and Release to NIC's counsel on January 14, 2022. Arhangelsky Decl. ¶ 6, Ex. B, Dkt. 1270-5. Defendants' January 14 proposal included a confidentiality provision stating that, with some limited exceptions, "the Parties agree that the terms and conditions of this Agreement and the underlying negotiations leading up to the Agreement, as well as the facts, events, actions, omissions, evidence and information developed in connection with or related to the pleadings, orders, allegations, discovery, and motions filed in the Action and the Underlying Action, shall remain strictly confidential among the Parties and shall not be disclosed or further commented on to any other person or entity[.]" Dkt. 1270-5 ¶ 11. During the subsequent negotiations between the parties, NIC agreed to deem the entire settlement agreement and all of its terms subject to confidentiality. Arhangelsky Decl. ¶¶ 9–14.

On April 6, 2022, Defendants' counsel circulated another draft Settlement Agreement and Release. Arhangelsky Decl. ¶ 15, Ex. C, Dkt. 1270-6. The April 6 proposal included a confidentiality provision stating that, with some limited exceptions, "the Parties agree that: (1) the terms and conditions of this Agreement; (2) the underlying negotiations leading up to this Agreement; (3) the facts, events, allegations, evidence and information contained in any pleading or motion in the Underlying Action and/or the Action; (4) the discovery, documents and contents thereof, testimony and contents thereof, and all other evidence developed or produced and record created in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

Case No. SACV 15-2034 JVS (JCGx)     Date June 30, 2022

Title    Natural-Immunogenics Corp. v. Newport Trial Group et al.

Underlying Action and the Action; and (5) any and all Court Orders and Recommendations in the Underlying Action and the Action, the terms and conditions of this Agreement and the underlying negotiations leading up to this Agreement shall remain strictly confidential among the Parties and shall not be disclosed or further commented on to any other person or entity[.]" Dkt. 1270-6 ¶ 11. It further provided that "[t]he Parties and their attorneys are permitted to reference any facts or factual allegations, pleadings or Orders from the Action or Underlying Action in any future civil lawsuit brought by or against any of the Parties, but only where such disclosure is reasonably necessary to further the interests of that Party in said lawsuit and provided that such disclosure does not reveal the terms or conditions of settlement otherwise protected by this Paragraph 11." Dkt. 1270-6 ¶ 11(c).

## II. Legal Standard

To be enforceable, a settlement agreement must meet two requirements. First, it must be a "complete agreement." Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994). This means that the parties have agreed on all material terms. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Second, the parties "must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." See Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144–45 (9th Cir. 1977).

"A settlement agreement is treated as any other contract for purposes of interpretation." United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). Accordingly, general principles of contract law apply in determining whether a settlement agreement is enforceable. Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989). In California, there is a strong public policy in favor of enforcing settlement agreements. Caramo v. Vacation Interval Realty Inc., 2014 WL 12576802, at *2 (C.D. Cal. Aug. 19, 2014) (citing Osumi v. Sutton, 151 Cal. App. 4th 1355, 1357 (2007). For a contract to be enforceable under California law, there must be: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient consideration. Id. (citing Cal. Civ. Code § 1550). "In the absence of fraud, mistake, or another vitiating factor, a signature on a written contract is an objective manifestation of assent to the terms set forth there." Rodriguez v. Oto, 212 Cal. App. 4th 1020, 1027 (2013).

## III. Discussion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | June 30, 2022 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al. | | |

### A. Enforceability and Jurisdiction

The Term Sheet is a complete agreement that binds both parties. California law permits parties to bind themselves to a contract, even when it is "subject to the approval of a formal contract." First Nat. Mortg. Co. v. Fed. Realty Inv. Tr., 631 F.3d 1058, 1065 (9th Cir. 2011); see, e.g., Guzik Tech. Enters., Inc. v. Western Digital Corp., 2014 WL 12465441, at *5 (N.D. Cal. Mar. 21, 2014) (holding that parties "meant to bind themselves and each other to a deal, 'even if some material aspects of the deal would be prepared later'"); Vector Media S., LLC v. Starline Tours of Hollywood, Inc., No. CV 20-6738, 2021 WL 4916765, at *3 (C.D. Cal. Feb. 17, 2021) ("That the parties agreed that they would subsequently iron out the particular specifics of the contract does not render the entire contract unenforceable.") (internal quotation and alteration omitted). The Term Sheet itself indicates that ███████████████████████████████████ See Term Sheet at 1, 2. It contains the essential elements of the agreement, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ Id. at 1. The Term Sheet's provision that ████████████████████████████████████████████████████ does not change the fact that the agreement is binding. Moreover, both parties agree that the Term Sheet is binding and enforceable, but simply disagree about its meaning. See Mot. at 7 ("The parties' Term Sheet is enforceable without need to memorialize its provisions in a formal settlement agreement."); Opp'n at 16 ("The term sheet states it 'shall be binding and enforceable,'. . . and Defendants have never contended otherwise.").

Despite that, Defendants argue that "it is not even clear that this Court has jurisdiction" over NIC's motion to enforce. Opp'n at 19–21. However, it is "well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994) (quoting Autera v. Robinson, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). The Court has not dismissed the case and thus maintains its inherent authority to enforce a complete settlement agreement. See Callie, 829 F.2d at 890.

The cases cited by Defendants are inapposite. In Kokkomen v. Guardian Life Ins.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | June 30, 2022 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al. | | |

Co. of Am., the Supreme Court held that when cases are dismissed pursuant to Rule 41(a), "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction," such as a stipulation by the parties. 511 U.S. 375, 382 (1994). Consistent with that principle, in QC Labs v. Green Leaf Lab, LLC, this Court enforced a settlement agreement when the case was previously dismissed without prejudice but the parties stipulated to reopen the case. No. SACV 18-1451 JVS (JDEx), 2020 WL 6064966, at *2 (C.D. Cal. July 9, 2020). In both Kokkomen and QC Labs, the parties' stipulation was relevant to the court's jurisdiction because the case had previously been dismissed. Neither case cited by Defendants calls into question the settled proposition that the Court retains jurisdiction to enforce a settlement agreement in a currently pending matter, like this action. See Villegas v. United States, 963 F. Supp. 2d 1145, 1158 (E.D. Wash. 2013); Harper v. Nev. Prop. 1, LLC, 552 F. Supp. 3d 1033, 1043 (D. Nev. 2021).

Defendants also contend that summarily adjudicating the meaning of the Term Sheet through a motion would be inappropriate without a full evidentiary hearing. Opp'n at 21. But "[o]rdinarily, a district court is empowered to enforce a settlement agreement through summary proceedings." Adams v. John-Manville Corp., 876 F.2d 702, 708 (9th Cir. 1989). An evidentiary hearing is not required unless "the material facts concerning the existence or terms of an agreement to settle are in dispute." Callie, 829 F.2d at 890; see Rutherford v. Ekta Hosp., No. EDCV-20-408 JGB (SHKx), 2021 WL 4571986, at *1 (C.D. Cal. July 23, 2021). This case is not an exception to the rule that courts may ordinarily enforce a settlement agreement without an evidentiary hearing. Defendants do not dispute the existence of the agreement, nor do they present any evidence to call into question the meaning of its terms. There is no need for an evidentiary hearing regarding this motion. See Doi v. Halekulani Corp., 276 F.3d 1131, 1139 (9th Cir. 2002) (holding that "there was no need for an evidentiary hearing on whether an agreement existed, or what its terms were" where parties placed the material terms of the settlement agreement on the record).

Thus, the Court holds that the Term Sheet is a binding, enforceable agreement between the parties and it is within its jurisdiction to rule on NIC's motion.

  B.  *Scope of Confidentiality*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

Case No. SACV 15-2034 JVS (JCGx)      Date June 30, 2022

Title    Natural-Immunogenics Corp. v. Newport Trial Group et al.

    At this stage, the main dispute between the parties is the scope of the confidentiality provision. "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir.1992) (quotation omitted). Under California law, "[t]he goal of contractual interpretation is to determine and give effect to the mutual intention of the parties." Safeco Ins. Co. of Am. v. Robert S., 26 Cal. 4th 758, 763 (2001) (citing Cal. Civil Code § 1636). The Court's "initial inquiry is confined to the writing alone." Mountain Air Enters., LLC v. Sundowner Towers, LLC, 3 Cal. 5th 744, 752 (2017). "The clear and explicit meaning of these provisions, interpreted in their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage controls judicial interpretation." Id. (internal quotations and citations omitted). "[I]f the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning." Santisas v. Goodin, 17 Cal. 4th 599, 608 (1998). However, "[i]f the contract is capable of more than one reasonable interpretation, it is ambiguous, and it is the court's task to determine the ultimate construction to be placed on the ambiguous language by applying the standard rules of interpretation in order to give effect to the mutual intention of the parties." People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., 107 Cal. App. 4th 516, 524–25 (2003).

    The confidentiality provision of the Term Sheet reads as follows:



Term Sheet ¶ 3. The Court begins by considering the plain language of the contract. See Cal. Civ. Code § 1638. The Term Sheet establishes that the parties reached agreement on two elements: first, that there ████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████

    In NIC's view "settlement terms" refers to the terms of the settlement agreement itself. It cites to a dictionary defining "settlement terms" as "the details of an agreement that ends an argument." Mot. at 15 (citing Cambridge Dictionary (Cambridge University

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | June 30, 2022 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al. | | |

Press 2022)). In subsequent negotiations since the Term Sheet was signed, NIC has agreed that the confidentiality provision shall cover all of the "settlement terms" within the settlement agreement.

Defendants do not contest NIC's definition of "settlement terms." Instead, they take the position that the Term Sheet represents an agreement to negotiate the confidentiality provision in good faith and that NIC has failed to follow through on that binding promise. They contend that there was an agreement to "negotiate the scope of confidentiality," but not as to "the specific language" of the provision. Opp'n at 8–11. But Defendants' proposals and opposition to this motion ignore the fact that the Term Sheet represents an agreement to negotiate over the scope of ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬ Term Sheet ¶ 3. The language proposed by Defendants goes well beyond settlement terms, and encompasses, among other things, "the facts, events, allegations, evidence and information contained in any pleading or motion in the Underlying Action and/or the Action." Dkt. 1270-6 ¶ 11.

Defendants' position that the scope of negotiations should be broader is not persuasive. "The terms of a contract are determined by objective rather than by subjective criteria. The question is what the parties' objective manifestations of agreement or objective expressions of intent would lead a reasonable person to believe." Steller v. Sears, Roebuck & Co., 189 Cal. App. 4th 175, 184–85 (2010). The plain language of the Term Sheet suggests that the parties would negotiate over which settlement terms would ultimately be held confidential. After further discussion, the parties could have agreed that the scope of the confidentiality provision would be quite narrow and only cover a few specific terms. Alternatively, they could have decided that it should be quite broad and cover the entirety of the settlement agreement. However, in subsequent negotiations since the Term Sheet was signed, NIC has agreed that the "settlement terms" covered by the confidentiality term shall include the entirety of the settlement agreement. Despite this being the broadest scope contemplated by the Term Sheet, Defendants continue to insist that the confidentiality provision should be dramatically expanded.

The reading of the Term Sheet proposed by NIC does not render the contemplated ▬▬▬▬▬▬▬▬▬▬ a nullity. In general, "[f]ailure to agree is not, itself, a breach of the contract to negotiate." Copeland v. Baskin Robbins U.S.A., 96 Cal. App. 4th 1251, 1257 (2002). The objective manifestations of intent from the parties show that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | June 30, 2022 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al. | | |

contemplated scope of negotiations was far more limited than Defendants' proposals. See Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful."). The Term Sheet represents an agreement to negotiate over the scope of ▮▮▮▮▮ Term Sheet ¶ 3. The objective language of the Term Sheet does not suggest that the parties contemplated that "the facts, events, allegations, evidence and information contained in any pleading or motion in the Underlying Action and/or the Action" would potentially fall within the scope of the confidentiality provision. Dkt. 1270-6 ¶ 11. Contrary to Defendants' assertion, they are the party taking a negotiating position that is inconsistent with the Term Sheet.

C. *Other Settlement Terms*

Defendants suggestion that granting NIC's motion would necessarily modify other provisions of the Term Sheet is without merit. Opp'n at 12–13. The scope of confidentiality was negotiated by the parties. NIC already agreed to the broadest scope of the confidentiality provision contemplated by the Term Sheet, given that its language limits the negotiations to "settlement terms." Granting NIC's motion on that point does not require entry of an order that would conflict with the Term Sheet's binding agreement regarding ▮▮▮▮▮

The same is true ▮▮▮▮▮ The Term Sheet states ▮▮▮▮▮ Defendants appear to contend that granting NIC's motion would rewrite the parties' prior agreement regarding ▮▮▮▮▮ See Opp'n at 12, 15–16. However, the Court agrees with NIC that the failure to agree on ▮▮▮▮▮ does not prohibit enforcement of the Term Sheet.

"[A] term may be "material" in one of two ways: It may be a necessary term, without which there can be no contract; or, it may be an important term that affects the value of the bargain. Obviously, omission of the former would render the contract a nullity. But a contract that omits terms of the latter type is enforceable under California law, so long as the terms it does include are sufficiently definite for a court to determine whether a breach has occurred, order specific performance or award damages."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | June 30, 2022 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al. | | |

Facebook, Inc. v. Pac. Nw. Software, Inc., 640 F.3d 1034, 1037–38 (9th Cir. 2011) (internal citations omitted). The absence of ▇▇▇ does not change the fact that the terms of the settlement agreement are "sufficiently definite." The Ninth Circuit has made clear that, ▇▇▇ a court could "determine whether a breach has occurred, order specific performance or award damages." Facebook, 640 F.3d at 1038. That is true here. If either party were to bring an action for breach of the Term Sheet, a court would be able to order specific performance or award damages ▇▇▇.

The Court also notes that Defendants' argument that granting the motion to enforce would rewrite this term is illogical. As Defendants themselves argue elsewhere in their opposition, the Term Sheet includes an agreement to negotiate ▇▇▇ Defendants do not contend that NIC failed to engage in good faith negotiations regarding ▇▇▇ Based on the filings before the Court, it in fact appears that NIC did negotiate the terms of the ▇▇▇ in good faith. See, e.g., Dkt. 1279-6, Ex. D, at 3 (describing NIC's counterproposal for ▇▇▇ ▇▇▇). If the Court were to adopt Defendants' position, it would open the door for a party to avoid enforcement of a settlement agreement simply by staking out an unreasonable position on a term that is not necessary to enforcement of the contract.

    D.    *Policy Arguments*

In addition to arguing for enforceability based on the terms of the contract, NIC contends that the confidentiality provision proposed by Defendants is contrary to public policy. Mot. at 15–20. "California courts . . . are loathe to enforce contract provisions offensive to public policy." Potvin v. Met. Life Ins. Co., 22 Cal. 4th 1060, 1073 (2000). NIC cites to several ethical opinions from bar associations in support of its contention that Defendants' proposals are against public policy. See, e.g., Bar Association of San Francisco, Ethics Opinion 2012-1, Dkt. 1269-6, Ex. D, at 2 (concluding that California Rules of Professional Conduct prohibit settlement term that would restrict attorneys from referencing "public information regarding the fact they have worked on a particular type of case against a specific defendant"); Mot. at 16 (collecting ethical opinions).

The selected opinions are not binding and consider somewhat different language

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | June 30, 2022 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al. | | |

from Defendants' proposals. However, the Court notes that the confidentiality provision sought by Defendants is remarkably broad. It would prohibit NIC from referencing thousands of documents that are publicly available in this case. Even if Defendants are correct that the proposed provision would not run afoul of the ethics opinions cited by NIC, the Court would be inclined to find that the requested provision is contrary to public policy due to its sheer breadth.

While the requirements to seal a filing on the court's docket present a different circumstance, the underlying considerations are similar. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). The Ninth Circuit recognizes a "strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). Defendants' proposals would cut against the strong preference for public access, which would weigh towards the Court finding that Defendants' proposals are contrary to public policy. But because the plain language of the Term Sheet clearly supports NIC's interpretation, the Court need not rule on this issue.

    *E.*    *Sanctions*

Finally, NIC seeks sanctions for its costs incurred in pursuit of this motion. Mot. at 20–22. There are three bases on which a Court may levy sanctions: "(1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001). Here, NIC only invokes the final two bases for sanctions.

28 U.S.C. § 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[R]ecklessness suffices for [sanctions under] § 1927, but bad faith is required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | June 30, 2022 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al. | | |

for sanctions under the court's inherent power." Fink, 239 F.3d at 993. Notably, 28 U.S.C. § 1927 does not permit the imposition of sanctions against law firms; only individual attorneys may be sanctioned. Kaass Law v. Wells Fargo Bank, N.A., 799 F.3d 1290, 1295 (9th Cir. 2015).

The Court may impose sanctions under its inherent authority for "willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Fink, 239 F.3d at 991 (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)) (cleaned up). "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. at 994. "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (citation omitted).

Despite the fact that NIC's motion to enforce the settlement agreement was successful, the Court cannot find that Defendants' conduct warrants sanctions. The Term Sheet did not provide guidance as to the scope of the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendants had at least a colorable argument as to that point. The Court is not persuaded that Defendants' conduct rises to the level of recklessness or bad faith that would support the imposition of sanctions. Accordingly, NIC's request for sanctions is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to enforce the settlement agreement. The Court holds that the Term Sheet is a binding and enforceable agreement. The confidentiality provision covers all settlement terms. Any remaining terms that are not present or articulated in the Term Sheet are not necessary for a binding agreement. The Court orders ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15.

The Court asks the parties to meet and confer and notify the Court which parts of this order should be redacted within seven days.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**REDACTED CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-2034 JVS (JCGx) | Date | June 30, 2022 |
| Title | Natural-Immunogenics Corp. v. Newport Trial Group et al. | | |

**IT IS SO ORDERED.**

                                                                                  :     0

Initials of Preparer     lmb